

**Haddon, Morgan and Foreman,** P.C
**Jeffrey Pagliuca**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364  FX  303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

July 21, 2020

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *United States v. Ghislaine Maxwell*, Case No. 20 Cr. 330 (AJN), Local Criminal Rule 23.1

Dear Judge Nathan,

On behalf of our client, Ghislaine Maxwell, we write to request that the Court enter an order prohibiting the Government, its agents and counsel for witnesses from making extrajudicial statements concerning this case. Although Ms. Maxwell is presumed innocent, the Government, its agents, witnesses and their lawyers have made, and continue to make, statements prejudicial to a fair trial. The Sixth Amendment to the United States Constitution guarantees an accused the right to an impartial jury. This fundamental guarantee is part of a criminal defendant's basic right to a fair trial, which requires that a defendant must be judged by a jury of her peers based on evidence presented at trial, not in the media. The Court, to safeguard the due process rights of the accused, has "an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity." *Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979).  This District has given effect to this Sixth Amendment right through Local Criminal Rule 23.1.  Accordingly, Ms. Maxwell requests that the Court exercise its express power under Local Criminal Rule 23.1(h) and enter an Order requiring compliance with that rule to prevent further unwarranted and prejudicial pretrial publicity by the Government, its agents, and lawyers for alleged witnesses.

**<u>Legal Standard</u>**

More than fifty years ago, warning of the danger of pretrial publicity to fair trials, the Supreme Court directed trial judges to take "such steps by rule and regulation that will protect their processes from prejudicial outside interferences.  *Neither prosecutors, counsel for defense, the accused, witnesses,* court staff nor enforcement officers coming under the jurisdiction of the court *should be permitted to frustrate its function.*" *Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966) (emphasis added).

The Honorable Alison J. Nathan
July 21, 2020
Page 2

In an effort to protect the trial process from "prejudicial outside interferences," this Court promulgated Local Criminal Rule 23.1(a) which provides, in relevant part, that:

> It is the duty of the lawyer or law firm, … and government agents and police officers, not to release or authorize the release of non-public information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which they are associated, if there is a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

To avoid any confusion this Court identified seven "subject matters" that "presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." *Id*. at (d). Accordingly, lawyers for parties and witnesses and their agents are prohibited from publicly disseminating information concerning:

> (1) The prior criminal record (including arrests, indictments or other charges of crime), or *the character or reputation of the accused*…;

> (2) The existence or contents of any confession, admission or statement given by the accused, or the refusal or failure of the accused to make any statement;

> (3) The performance of any examinations or tests or the accused's refusal or failure to submit to an examination or test;

> (4) The identity, testimony or *credibility of prospective witnesses*, except that the lawyer or law firm may announce the identity of the victim if the announcement is not otherwise prohibited by law;

> (5) The possibility of a plea of guilty to the offense charged or a lesser offense;

> (6) Information the lawyer or law firm knows is likely to be inadmissible at trial and would if disclosed create a substantial likelihood of prejudicing an impartial trial; and

> (7) *Any opinion as to the accused's guilt or innocence* or *as to the merits of the case* or *the evidence in the case*.

*Id*. at (d)(1-7) (emphasis added).

The Honorable Alison J. Nathan
July 21, 2020
Page 3

**<u>Recent Prejudicial Public Statements by the Government, its Agents and Counsel to
Prospective Witnesses</u>**

Recent public statements by the Government, its agents and counsel for prospective
witnesses have included presumptively prejudicial information.

On July 2, 2020 Ms. Maxwell was arrested without notice to her lawyers who had been in
active communication with the Government for one year.  Because plain vanilla surrenders lack
the fanfare and attendant media coverage afforded to secret, armed, raids at dawn, the
Government chose to invade Ms. Maxwell's New Hampshire residence, arrest her, and stage a
media presentation that included numerous statements that prejudice Ms. Maxwell's right to a
fair trial.

Immediately following Ms. Maxwell's arrest, Acting U.S. Attorney Audrey Strauss held
a press conference in which she commented on Ms. Maxwell's credibility and her ***incorrect***
opinions concerning "guilt or innocence or as to the merits of the case or the evidence in the
case" in violation of Local Rule 23.1(d)(1), (4) and (7):

Per the New York Law Journal:

> 'Maxwell lied because the truth, as alleged, was almost unspeakable,' Strauss said
> at a press conference announcing the charges. 'Maxwell enticed minor girls, got
> them to trust her and then delivered them into the trap that that she and Epstein
> had set for them. She pretended to be a woman they could trust, all the while she
> was setting them up to be sexually abused by Epstein and, in some cases, by
> Maxwell herself.'[1]

As reported in the Washington Post,

> Strauss, the acting U.S. attorney in Manhattan, said the socialite told that lie and
> others in deposition because the truth 'was almost unspeakable.'

> Acting U.S. Attorney Audrey Strauss called the sex abuse described in the
> Maxwell case 'the prequel' to the charges they lodged against Epstein….

> Maxwell played a critical role in helping Epstein to identify, befriend, and groom
> minor victims for abuse' … 'In some cases Maxwell participated in the abuse
> itself.'[2]

---

[1] https://www.law.com/newyorklawjournal/2020/07/02/ghislaine-maxwell-arrested-in-connection-with-jeffrey-epstein-sex-trafficking-ring/?slreturn=20200614124921

[2] https://www.washingtonpost.com/national-security/ghislaine-maxwell-arrested-jeffrey-epstein/2020/07/02/20c74502-bc69-11ea-8cf5-9c1b8d7f84c6_story.html

The Honorable Alison J. Nathan
July 21, 2020
Page 4

Although Ms. Strauss sprinkled her comments with the phrase "as alleged," she presented certain of her statements as fact.[3]  Regardless, after Ms. Strauss's remarks, FBI Special Agent William Sweeney went even further, calling Ms. Maxwell "one of the villains in this investigation" and compared her to a snake that "slithered away to a gorgeous property in New Hampshire."  Thus, Mr. Sweeney offers the Government's, again flatly wrong, opinions about character and guilt while, at the same time, invoking a semi-biblical reference involving a snake slithering away to a garden in New Hampshire. These types of comments, which serve no compelling law enforcement or investigatory purpose, are prohibited by the local rules of this District.

New York attorney David Boies and his partner Sigrid McCawley, who represent several witnesses in this matter, have also made public and presumptively prejudicial statements in recent days, notwithstanding the fact that such conduct is prohibited by Local Rule 23.1, which applies to lawyers practicing in this District, generally, and lawyers for witnesses, specifically. *See* Rule 23.1(a) and (b).

As reported by the Washington Post, Mr. Boies expressed his views on the prohibited subject of "the possibility of a plea of guilty to the offense charged or a lesser offense" in violation of sections (d)(5) and (7) of the Rule:

> Boies said he thinks Maxwell will be 'under tremendous pressure to cooperate' as she looks for ways to shave time off what may be a significant prison sentence. Maxwell could potentially help prosecutors shed light on Epstein's dealings with other wealthy and influential people who may have had encounters with underaged victims, he said, adding 'There were a lot of people with a lot of public stature who were involved with Epstein.'[4]

Ms. McCawley echoed Mr. Boies, saying that, "The pain [Maxwell] has caused will never go away but today is a step toward healing." *Id*.

Bradley Edwards, another attorney representing witnesses in this matter made similar presumptively prejudicial statements following Ms. Maxwell's arrest:[5]

> 'The reality of how this organization worked was that 99.9% of it was orchestrated for Jeffrey Epstein's personal sexual satisfaction.  So to the degree that um there was a main facilitator that started the whole thing, it was Ghislaine.

---

[3] A purported transcript of the press conference is contained on the internet at https://www.rev.com/blog/transcripts/announcement-transcript-of-charges-against-ghislaine-maxwell-in-new-york-jeffrey-epstein-associate-arrested.

[4] https://www.washingtonpost.com/national-security/ghislaine-maxwell-arrested-jeffrey-epstein/2020/07/02/20c74502-bc69-11ea-8cf5-9c1b8d7f84c6_story.html

[5] https://www.youtube.com/watch?v=mDKHdzix2kQ

The Honorable Alison J. Nathan
July 21, 2020
Page 5

So to cooperate in the way that that kind of rumors out there would mean that she's cooperating downwards. She'd be cooperating with people who are much less culpable than her. Will she name names to try to shave years off of what would be a lengthy prison sentence maybe, I think you should probably expect that if she's going to share information that's going to actually help her, it's probably gonna be about unrelated crimes that she may be aware about because with respect to this particular operation, in terms of living people, she's as high as it gets. … I think like most of my clients would really hope that she does cooperate, at least shares the information that she has. I mean I know that it would only be to help herself but the public deserves to know who was involved besides her and Jeffrey Epstein, and only she knows that.

The violations of Rule 23.1 did not stop after Ms. Maxwell's arrest and detention. Following the detention hearing on July 14, 2020, Mr. Boies, counsel for one of the accusers who spoke at the hearing, commented on the content of the hearing. As reported by Bloomberg, Mr. Boies offered his gratuitous critique of defense counsel, commented on the credibility of Ms. Maxwell and his client, and commented on what Mr. Boies considers "evidence" in this case, all in violation of subsections (1), (4), (6), and (7) of the Rule:

That's a dangerous tactic that might backfire at trial, said David Boies, who represents Farmer and several other women who say they were sexually abused by Epstein and Maxwell. … It's "a tone-deaf argument" that cost Maxwell her credibility, said Boies, who listened to the hearing remotely.

'To mount a 'blame the victim' defense, particularly in today's world and trying to blame these girls for what happened is so contrary to the evidence, is so contrary to people's normal sense of morality,' Boies said. 'I think that's just going to enrage a jury if she goes to trial -- which I would not do if I were representing her.'

Boies said he was confident Farmer would stand up to cross-examination if there's a trial. Farmer, who addressed the court by telephone, urged the judge not to grant Maxwell bail, calling her a 'sexual predator who groomed and abused me.' Maxwell 'lied under oath and tormented her survivors,' Farmer said. Boies said that Farmer was a 16-year-old who 'wanted to go to college' when she met Maxwell. 'Maxwell and Epstein tell Annie and her mother 'we're having a group of high school students to this ranch to help them get into college,' Boies said. 'But when Annie gets there, there are no high school students, all these claims are fraudulent and she's in this isolated place in New Mexico.'[6]

---

[6] https://www.bnnbloomberg.ca/ghislaine-maxwell-may-play-the-victim-card-in-trial-defense-1.1465631

The Honorable Alison J. Nathan
July 21, 2020
Page 6

  Mr. Boies and Ms. McCawley gave on-air interviews with ABC News following Ms. Maxwell's detention that contained repeated, presumptively prejudicial quotes, including:[7]

> Boies: Remember these girls were abused twice, once sexually years ago and then a second time when Epstein and Maxwell and all their enablers began these vicious attacks on their credibility. … No question about it.  Maxwell knows where a lot of the bodies are buried.  If I was somebody who had participated in their sex trafficking, um, I would not be sleeping easily tonight.

> Boies:  I think that [the accusers] want to see her go to trial.  On the other hand, the arrest and conviction that would come from a plea deal is an enormous step and I think they also recognize that Jeffrey Epstein and Maxwell did not act alone. There are lots of other people that need to be brought to justice.

> McCawley: I think that the prosecutors in the Southern District of New York have done an incredible job and they're being very meticulous, they want to make sure that the Indictments stick.  …They took a lot of time to be very careful and thoughtful and that gives me a lot of hope that she will remain in prison for the remainder of her life.  … This morning was a very joyful and tearful filled morning, it was a wonderful moment in my journey with these survivors, to be able to call them and tell them that the one person's who's been out in the public without being held accountable was finally in prison….She was really, Ghislaine was really the central figure, so she worked hand-in-hand with Jeffrey Epstein to be able to facilitate these crimes over the course of more than two decades; and she was the  main person who assisted him and allowed him to be able to perpetrate so many crimes against young females.

These comments violate subsections (6) and (7) of the Rule.

  It appears that given any opportunity lawyers associated with the prosecution of this case will offer any opinion that damages Ms. Maxwell's opportunity for a fair trial. Entry of an order prohibiting extrajudicial statements, therefore, is a necessary remedy to avoid further dissemination of prejudicial information.  The Court, under Local Criminal Rule 23.1(h) should enter an Order, punishable by contempt, that all lawyers associated with this case, and their agents, comply with the Rule and refrain from publicly commenting on the seven prohibited topics identified in subsection (d).

---

[7] https://abcnews.go.com/US/ghislaine-maxwell-epsteins-alleged-recruiter-private-battle-public/story?id=71705375

The Honorable Alison J. Nathan
July 21, 2020
Page 7

Respectfully Submitted,

Jeffrey S. Pagliuca

cc:
Alex Rossmiller
Allison Moe
Maurene Comey
U.S. Attorney's Office for the Southern District of New York

Mark Cohen
Christian Everdell
Cohen & Gresser LLP

Laura A. Menninger
Haddon, Morgan & Foreman, P.C.