

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
+1 (212) 957-7600
mcohen@cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

July 27, 2020

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:  *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

On behalf of our client, Ghislaine Maxwell, we respectfully request that the Court enter a protective order in the form attached hereto as Exhibit A.

The government has indicated that it requires the entry of a protective order before producing any discovery material to Ms. Maxwell.  On July 9, 2020, the government provided defense counsel with an initial draft of a proposed protective order.  Since that time, the parties have conferred several times on conference calls and by email, and have been able to reach agreement on almost all of the provisions of the proposed protective order.

Two key disputes remain, however, which require the Court's guidance.  *First*, the defense believes that potential government witnesses and their counsel should be subject to the same restrictions as the defense concerning appropriate use of the discovery materials—namely, if these individuals are given access to discovery materials during trial preparation, they may not use those materials for any purpose other than preparing for trial in the criminal case, and may not post those materials on the Internet.  *Second*, the defense believes it should not be restricted from publicly disclosing or disseminating the identity of any alleged victims or potential witnesses referenced in the discovery materials who have already identified themselves by speaking on the public record.

As set forth below, we believe that the proposed protective order contains appropriate restrictions that are no broader than necessary to protect the privacy interests of individuals

The Honorable Alison J. Nathan
July 27, 2020
Page 2

referenced in the discovery and guard against prejudicial pretrial publicity, while still ensuring that Ms. Maxwell and defense counsel may adequately prepare and present a full defense at trial.

## Legal Standard

Where the government seeks to curtail the use of pretrial discovery, Rule 16(d)(l) of the Federal Rules of Criminal Procedure requires that it "show good cause for the issuance of a protective order." *United States v. Annabi*, No. 10 Cr. 7 (CM), 2010 WL 1253221, at *1 (S.D.N.Y. Mar. 24, 2010). To establish that good cause exists for proposed restrictions in a protective order, the government must show that disclosure will cause "a clearly defined and serious injury." *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). A finding of harm "must be based on a particular factual demonstration of potential harm, not on conclusory statements." *United States v. Gangi*, 1998 WL 226196, at *2 (S.D.N.Y. May 4, 1998) (citations and internal quotations omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Wecht*, 484 F.3d at 211.

Courts must be careful not to impose a protective order that is "broader than is necessary" to accomplish its goals. *United States v. Lindh*, 198 F. Supp. 2d 739, 742 (E.D. Va. 2002) (citation and internal quotation marks omitted). Thus, courts are instructed to "weigh the impact" of requested protections and their extent against a defendant's "due process right to prepare and present a full defense at trial." *Id.*

## Discussion

1.    Restrictions on Use of Discovery Materials

The government and the defense agree that the protective order should include a restriction prohibiting Ms. Maxwell and defense counsel from (i) using discovery materials "for any civil proceeding or any purpose" other than defending or preparing for this criminal action; or (ii) posting discovery materials on the Internet. *See* Ex. A ¶¶ 1(a), 5. The defense's proposed protective order would make those same restrictions applicable to potential government witnesses and their counsel so that they are on equal footing with the defense. *See* Ex. A ¶¶ 3, 5. The government has indicated that it cannot agree to such a restriction, despite acknowledging that it will very likely share discovery materials with those individuals during the course of trial preparation.

As the Court is aware, there is active ongoing civil litigation between Ms. Maxwell and many of the government's potential witnesses. Moreover, numerous potential witnesses and their counsel have already made public statements about this case to the media since Ms. Maxwell's arrest. There is a substantial concern that these individuals will seek to use discovery materials to support their civil cases and future public statements. It is therefore vital that the government's potential witnesses and their counsel be subject to the same restrictions as Ms.

The Honorable Alison J. Nathan
July 27, 2020
Page 3

Maxwell with respect to using the criminal discovery material solely for the purpose of this criminal case.

2. <u>Victim/Witness Identities</u>

Ms. Maxwell's proposed protective order prohibits Ms. Maxwell, defense counsel, and others on the defense team from disclosing or disseminating the identity of any alleged victim or potential witness referenced in the discovery materials, but does not prohibit defense counsel from publicly referencing individuals "who have spoken on the public record to the media or in public fora, or in litigation—criminal or otherwise—relating to Jeffrey Epstein or Ghislaine Maxwell." *Id.* ¶ 6.   This language, which is nearly identical in all material respects to the language in the protective order approved in the government's criminal prosecution of Mr. Epstein, *see United States v. Epstein*, 19-CR-00490-RMB (S.D.N.Y. July 25, 2019), ensures appropriate privacy protections for alleged victims and should be approved here.

In contrast to the more permissive language it agreed to with respect to Mr. Epstein, the government has taken the position that Ms. Maxwell's defense counsel should only be allowed to disclose the identity of alleged victims or potential witnesses who have spoken by name on the public record "in this case."  The government's proposal, however, advances no compelling privacy protections, and instead prevents the defense from making reference to individuals who have already voluntarily publicly disclosed their identities by, among other things, pursuing civil suits in their own name against Ms. Maxwell and/or Mr. Epstein; speaking by name in the public record in Mr. Epstein's criminal proceedings; participating in on-the-record media interviews; or posting comments under their own names on social media.   The government's proposed restriction is therefore "broader than necessary" to protect the privacy interests of these individuals who have already chosen to self-identify, and will hinder the defense's ability to conduct further factual investigation, prepare witnesses for trial, and advocate on Ms. Maxwell's behalf.

\*  \*  \*

The Honorable Alison J. Nathan
July 27, 2020
Page 4

       For the reasons set forth above, we respectfully submit that the Court should enter Ms. Maxwell's proposed protective order.

Respectfully submitted,


   /s/ Christian R. Everdell     
Mark S. Cohen
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York  10022
(212) 957-7600


cc:   All counsel of record (via ECF)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :         **[PROPOSED]**
                                           **PROTECTIVE ORDER**
            - v. -                 :
                                           20 Cr. 330 (AJN)
GHISLAINE MAXWELL,                 :

                  Defendant.       :

- - - - - - - - - - - - - - - - x

ALISON J. NATHAN, United States District Judge:

        WHEREAS the Government intends to produce to GHISLAINE
MAXWELL, the defendant, certain documents and materials that
(i) affect the privacy and confidentiality of individuals,
(ii) would impede, if prematurely disclosed, the Government's
ongoing investigation; (iii) would risk prejudicial pretrial
publicity if publicly disseminated, and (iv) is not authorized
to be disclosed to the public or disclosed beyond that which is
necessary for the defense of this action, and other materials
pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16")
and pursuant to any other disclosure obligations (collectively,
the "Discovery"), which contain sensitive, confidential, or
personal identifying information;

        WHEREAS, the Government seeks to protect sensitive,
confidential, or personal identifying information contained in
the materials it produces consistent with Rule 16 or other
disclosure obligations;

1

WHEREAS the defendant, through her counsel, consents to the entry of this Order;

IT HEREBY IS ORDERED:

1.    The Discovery disclosed to the defendant ("Defendant") and/or to the defendant's criminal defense attorneys ("Defense Counsel") during the course of proceedings in this action:

a)    Shall be used by the Defendant or her Defense Counsel solely for purposes of the defense of this criminal action, and not for any civil proceeding or any purpose other than the defense of this action;

b)    Shall not be copied or otherwise recorded or transmitted by the Defendant except to Defense Counsel, or except as necessary for the Defendant to take notes, which are not to be further transmitted to anyone other than Defense Counsel;

c)    Shall not be disclosed or distributed in any form by the Defendant or her counsel except as set forth in paragraph 1(d) below;

d)    May be disclosed only by Defense Counsel and only to the following persons ("Designated Persons"):

i.    investigative, secretarial, clerical, or paralegal personnel employed full-time, part-time, or as independent contractors by the defendant's counsel ("Defense Staff");

          ii.   any expert or potential expert, legal advisor, consultant, or any other individual retained or employed by the Defendant and Defense Counsel for the purpose of assisting in the defense of this case ("Defense Experts/Advisors");

          iii.   such other persons as hereafter may be authorized by Order of the Court ("Other Authorized Persons");

          e)   May be provided to prospective witnesses and their counsel (collectively, "Potential Defense Witnesses"), to the extent deemed necessary by defense counsel, for trial preparation.  To the extent Discovery materials are disclosed to Potential Defense Witnesses, they agree that any such materials will not be further copied, distributed, or otherwise transmitted to individuals other than the recipient Potential Defense Witnesses.

          2.   The Defendant and Defense Counsel shall provide a copy of this Order to any Designated Persons to whom they disclose Discovery materials.  Prior to disclosure of Discovery materials to Designated Persons, any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing such copy to Defense Counsel.  All such acknowledgments shall be retained by Defense Counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated.  The Defendant and her counsel need

not obtain signatures from any member of the defense team (*i.e.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), all of whom are nonetheless bound by this Protective Order.

3.    To the extent that Discovery is disseminated by the Government to prospective witnesses and their counsel during the course of its investigation and preparation of the Government's case at trial ("Potential Government Witnesses"), the Discovery shall be used by such Potential Government Witnesses and their counsel solely for purposes of preparing for the trial of this criminal action, and shall not be used by such Potential Government Witnesses or their counsel for any civil proceeding or any purpose other than preparing for the trial of this criminal action.

4.    To the extent that Discovery is disseminated to Defense Experts/Advisors, Other Authorized Persons, or Potential Defense Witnesses, via means other than electronic mail, Defense Counsel shall encrypt and/or password protect the Discovery.

5.    The Government, the Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Defense Witnesses and their counsel, Potential Government Witnesses and their counsel, and Other Authorized Persons are prohibited from posting or causing to be posted any of the Discovery or information contained in the Discovery on the Internet,

including any social media website or other publicly available medium.

6.    The Government (other than in the discharge of their professional obligations in this matter), the Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Defense Witnesses and their counsel, and Other Authorized Persons are strictly prohibited from publicly disclosing or disseminating the identity of any victims or witnesses referenced in the Discovery. This Order does not prohibit Defense Counsel, Defense Staff, Defense Experts/Advisors, or Other Authorized Persons from disclosing the identity of victims or witnesses to Potential Defense Witnesses and their counsel during the course of the investigation and preparation of the defense case at trial.  Nor does this Order prohibit Defense Counsel from publicly referencing individuals who have spoken on the public record to the media or in public fora, or in litigation - criminal or otherwise - relating to Jeffrey Epstein or Ghislaine Maxwell.

7.    The Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Defense Witnesses, and Other Authorized Persons are prohibited from filing publicly as an attachment to a filing or excerpted within a filing the identity of any victims or witnesses referenced in the Discovery, who have not identified themselves publicly as such, unless authorized by the Government in writing or by Order of the

Court.  Any such filings much be filed under seal, unless authorized by the Government in writing or by Order of the Court.

8.   Copies of Discovery or other materials produced by the Government in this action bearing "confidential" stamps, or designated as "confidential" as described below, and/or electronic Discovery materials designated as "confidential" by the Government, including such materials marked as "confidential" either on the documents or materials themselves, or designated as "confidential" in a folder or document title, are deemed "Confidential Information."  The Government shall clearly mark all pages or electronic materials containing Confidential Information, or folder or document titles as necessary, with "confidential" designations.

9.   Confidential Information may contain personal identification information of victims, witnesses, or other specific individuals who are not parties to this action, and other confidential information; as well as information that identifies, or could lead to the identification of, witnesses in this matter.  The identity of an alleged victim or witness who has identified herself or himself publicly as such shall not be treated as Confidential Information.

10.   Defense Counsel may, at any time, notify the Government that Defense Counsel does not concur in the designation of documents or other materials as Confidential

Information.  If the Government does not agree to de-designate such documents or materials, Defense Counsel may thereafter move the Court for an Order de-designating such documents or materials.  The Government's designation of such documents and materials as Confidential Information will be controlling absent contrary order of the Court.

      11.  Confidential Information disclosed to the defendant, or Defense Counsel, respectively, during the course of proceedings in this action:

         a)  Shall be used by the Defendant or her Defense Counsel solely for purposes of the defense of this criminal action, and not for any civil proceeding or any purpose other than the defense of this action;

         b)  Shall be maintained in a safe and secure manner;

         c)  Shall be reviewed and possessed by the Defendant in hard copy solely in the presence of Defense Counsel;

         d)  Shall be possessed in electronic format only by Defense Counsel and by appropriate officials of the Bureau of Prisons ("BOP"), who shall provide the defendant with electronic access to the Discovery, including Confidential Information, consistent with the rules and regulations of the BOP, for the Defendant's review;

e)     Shall be reviewed by the Defendant solely in the presence of Defense Counsel or when provided access to Discovery materials in electronic format by BOP officials;

f)     May be disclosed only by Defense Counsel and only to Designated Persons;

g)     May be shown to, either in person, by videoconference, or via a read-only document review platform, but not disseminated to or provided copies of to, Potential Defense Witnesses, to the extent deemed necessary by Defense Counsel, for trial preparation, and after such individual(s) have read and signed this Order acknowledging that such individual(s) are bound by this Order.

12.   Copies of Discovery or other materials produced by the Government in this action bearing "highly confidential" stamps or otherwise specifically designated as "highly confidential," and/or electronic Discovery materials designated as "highly confidential" by the Government, including such materials marked as "highly confidential" either on the documents or materials themselves, or designated as "highly confidential" in an index, folder title, or document title, are deemed "Highly Confidential Information."  To the extent any Highly Confidential Information is physically produced to the Defendant and Defense Counsel, rather than being made available to the Defendant and Defense Counsel for on-site review, the Government shall clearly mark all such pages or electronic

materials containing Highly Confidential Information with "highly confidential" stamps on the documents or materials themselves.

13.  Highly Confidential Information contains nude, partially-nude, or otherwise sexualized images, videos, or other depictions of individuals.

14.  Defense Counsel may, at any time, notify the Government that Defense Counsel does not concur in the designation of documents or other materials as Highly Confidential Information.  If the Government does not agree to de-designate such documents or materials, Defense Counsel may thereafter move the Court for an Order de-designating such documents or materials.  The Government's designation of such documents and materials as Highly Confidential Information will be controlling absent contrary order of the Court.

15.  Highly Confidential Information disclosed to Defense Counsel during the course of proceedings in this action:

a)  Shall be used by the Defendant or her Defense Counsel solely for purposes of the defense of this criminal action, and not for any civil proceeding or any purpose other than the defense of this action;

b)  Shall not be disseminated, transmitted, or otherwise copied and provided to Defense Counsel or the Defendant;

c)    Shall be reviewed by the Defendant solely in the presence of Defense Counsel;

d)    Shall not be possessed outside the presence of Defense Counsel, or maintained, by the Defendant;

e)    Shall be made available for inspection by Defense Counsel and the Defendant, under the protection of law enforcement officers or employees; and

f)    Shall not be copied or otherwise duplicated by Defense Counsel or the Defendant during such inspections.

16.   The Defendant, Defense Counsel, Defense Staff, Defense Experts/Advisors, Potential Defense Witnesses, and Other Authorized Persons are prohibited from filing publicly as an attachment to a filing or excerpted within a filing any Confidential Information or Highly Confidential Information referenced in the Discovery, unless authorized by the Government in writing or by Order of the Court.  Any such filings much be filed under seal, unless authorized by the Government in writing or by Order of the Court.

17.   The provisions of this Order shall not be construed as preventing disclosure of any information that is publicly available or obtained by the Defendant or her Defense Counsel from a source other than the Government.

18.   Except for Discovery that has been made part of the record of this case, Defense Counsel shall return to the Government or securely destroy or delete all Discovery,

including but not limited to Confidential Information, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; the expiration of the period for a petition pursuant to 28 U.S.C. § 2255; any period of time required by the federal or state ethics rules applicable to any attorney of record in this case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

19.   The foregoing provisions shall remain in effect unless and until either (a) the Government and Defense Counsel mutually agree in writing otherwise, or (b) this Order is modified by further order of the Court.

20.   The Government and Defense Counsel agree to meet and confer in advance of any hearings or trial to discuss and agree to any modifications necessary for the presentation of evidence at those proceedings.  In the absence of agreement, Defense Counsel may make an appropriate application to the Court for any such modifications.

SO ORDERED:


Dated:     New York, New York
           July ___, 2020


                         _____
                         HONORABLE ALISON J. NATHAN
                         United States District Judge



AGREED AND CONSENTED TO:

Dated:  July ___, 2020
New York, New York


                         AUDREY STRAUSS
                         Acting United States Attorney
                         Southern District of New York


              By:  _____
                   Alison Moe / Alex Rossmiller / Maurene Comey
                   Assistant United States Attorneys



Dated:  July ___, 2020
New York, New York


                   GHISLAINE MAXWELL


              By:  _____
                   Mark Cohen, Esq.
                   Christian Everdell, Esq.
                   Jeffrey Pagliuca, Esq.
                   Laura Menninger, Esq.
                   Counsel for Ghislaine Maxwell