USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/30/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ghislaine Maxwell,

Defendant.

20-CR-330 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

      Both parties have asked for the Court to enter a protective order. While they agree on most of the language, two areas of dispute have emerged. First, Ms. Maxwell seeks language allowing her to publicly reference alleged victims or witnesses who have spoken on the public record to the media or in public fora, or in litigation relating to Ms. Maxwell or Jeffrey Epstein. Second, Ms. Maxwell seeks language restricting potential Government witnesses and their counsel from using discovery materials for any purpose other than preparing for the criminal trial in this action. The Government has proposed contrary language on both of these issues. For the following reasons, the Court adopts the Government's proposed protective order.

      Under Federal Rule of Criminal Procedure 16(d)(1), "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The good cause standard "requires courts to balance several interests, including whether dissemination of the discovery materials inflicts hazard to others . . . whether the imposition of the protective order would prejudice the defendant," and "the public's interest in the information." *United States v. Smith*, 985 F. Supp. 2d 506, 522 (S.D.N.Y. 2013). The party seeking to restrict disclosure bears the burden of showing good cause. *Cf. Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004).

First, the Court finds that the Government has met its burden of showing good cause with regard to restricting the ability of Ms. Maxwell to publicly reference alleged victims and witnesses other than those who have publicly identified themselves in this litigation. As a general matter, it is undisputed that there is a strong and specific interest in protecting the privacy of alleged victims and witnesses in this case that supports restricting the disclosure of their identities. Dkt. No. 29 at 3 (acknowledging that as a baseline the protective order should "prohibit[] Ms. Maxwell, defense counsel, and others on the defense team from disclosing or disseminating the identity of any alleged victim or potential witness referenced in the discovery materials"); *see also United States v. Corley*, No. 13-cr-48, 2016 U.S. Dist. LEXIS 194426, at *11 (S.D.N.Y. Jan. 15, 2016). The Defense argues this interest is significantly diminished for individuals who have spoken on the public record about Ms. Maxwell or Jeffrey Epstein, because they have voluntarily chosen to identify themselves. But not all accusations or public statements are equal. Deciding to participate in or contribute to a criminal investigation or prosecution is a far different matter than simply making a public statement "relating to" Ms. Maxwell or Jeffrey Epstein, particularly since such a statement might have occurred decades ago and have no relevance to the charges in this case. These individuals still maintain a significant privacy interest that must be safeguarded. The exception the Defense seeks is too broad and risks undermining the protections of the privacy of witnesses and alleged victims that is required by law. In contrast, the Government's proffered language would allow Ms. Maxwell to publicly reference individuals who have spoken by name on the record in this case. It also allows the Defense to "referenc[e] the identities of individuals they believe may be relevant . . . to Potential Defense Witnesses and their counsel during the course of the investigation and preparation of the defense case at trial." Dkt. No. 33-1, ¶ 5. This proposal adequately balances the interests at

stake. And as the Government's letter notes, *see* Dkt. No. 33 at 4, to the extent that the Defense needs an exception to the protective order for a specific investigative purpose, they can make applications to the Court on a case-by-case basis.

Second, restrictions on the ability of potential witnesses and their counsel to use discovery materials for purposes other than preparing for trial in this case are unwarranted. The request appears unprecedented despite the fact that there have been many high-profile criminal matters that had related civil litigation. The Government labors under many restrictions including Rule 6(e) of the Federal Rules of Criminal Procedure, the Privacy Act of 1974, and other policies of the Department of Justice and the U.S. Attorney's Office for the Southern District of New York, all of which the Court expects the Government to scrupulously follow. Furthermore, the Government indicates that it will likely only provide potential witnesses with materials that those witnesses already have in their possession. *See* Dkt. No. 33 at 6. And of course, those witnesses who do testify at trial would be subject to examination on the record as to what materials were provided or shown to them by the Government. Nothing in the Defense's papers explains how its unprecedented proposed restriction is somehow necessary to ensure a fair trial.

For the foregoing reasons, the Court adopts the Government's proposed protective order, which will be entered on the docket.

This resolves Dkt. No. 29.

SO ORDERED.

Dated: July 30, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge