

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 21, 2020

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter in opposition to the defendant's letter of August 17, 2020 (the "Defense Letter"), requesting that the Court enter an order permitting the defendant to file under seal in certain civil cases (the "Civil Cases") discovery materials produced by the Government in the instant criminal case, and to refer to, but not file, additional other discovery materials produced by the Government in the Civil Cases. Those applications should be denied.[1]

    As an initial matter, the Government has already produced, and will continue to produce, substantial volumes of materials in discovery consistent with its obligations. Those include materials the Government obtained via search warrant, grand jury subpoenas, or other investigative methods available only to the Government. Indeed, the Government has already produced more than 165,000 pages of discovery to the defense, including the materials relevant to the Defense Letter. Through her most recent application, the defendant seeks permission to use, in unrelated civil litigation, materials produced pursuant to the protective order in this case and designated "Confidential" thereunder. As detailed herein, the Government's designation is entirely appropriate given that the materials—court orders and applications—have been kept under seal by the issuing judges, and pertain to an ongoing criminal investigation.

---

[1] The Government has drafted this letter in a manner that avoids revealing the contents of sealed materials and grand jury information. Accordingly, the Government does not seek permission to seal or redact this submission. Because the Defense Letter repeatedly references, and attaches as exhibits, materials that are sealed and that would jeopardize an ongoing grand jury investigation if filed publicly, the Government intends to submit a separate letter, under seal, proposing redactions to the Defense Letter and requesting that the attachments to the Defense Letter be filed under seal.

Honorable Alison J. Nathan
August 21, 2020
Page 2

In particular, the Defense Letter seeks this Court's authorization to use materials relating to applications the Government made seeking the modification of certain protective orders in other judicial proceedings. By way of background, the Government sought such modifications to permit compliance with criminal grand jury subpoenas (the "Subpoenas"). Those Subpoenas were issued to a certain recipient (the "Recipient") after the Government opened a grand jury investigation into Jeffrey Epstein and his possible co-conspirators. For obvious reasons and in keeping with its standard practice, the Government did not notify the defendant or her counsel that it had issued the Subpoenas. In response to receiving the Subpoenas, the Recipient advised the Government that it believed that certain existing protective orders precluded full compliance. Accordingly, in or about February 2019, the Government applied *ex parte* and under seal to each relevant court to request modification of the respective protective orders to permit compliance with the Subpoenas. In or about April 2019, one court ("Court-1") granted the Government's application, and permitted that the Government share its order—and only that order, which itself prohibited further dissemination—to the Recipient.[2] Subsequently, the second court ("Court-2") denied the Government's application. Because the relevant grand jury investigation remains ongoing, both Court-1 and Court-2 have ordered that the filings regarding the Subpoenas remain under seal, except that both have expressly permitted the Government to produce those filings to the defendant as part of its discovery obligations in this criminal case. The Defense Letter now seeks to use those discovery materials in the Civil Cases.

At base, the defendant's application fundamentally misapprehends the nature and process of criminal proceedings, and it further reflects an inappropriate effort to blur the lines between the criminal discovery process and civil litigation. To be clear: the purpose of criminal discovery is to enable the defendant to defend herself in the criminal action, not to provide her with a trove of materials she can mine to her advantage in civil discovery. Her motion is nothing more than an effort to evade the directives of the protective order entered by this Court just three weeks ago. It should be denied for multiple reasons.

*First*, and as the defendant concedes, the protective order in this case expressly provides that any and all discovery material produced to the defendant by the Government, regardless of designation, "[s]hall be used by the Defendant or her Defense Counsel *solely* for purposes of the defense of this criminal action, and *not for any civil proceeding or any purpose other than the defense of this action*." Protective Order ¶¶ 1(a), 10(a), 14(a) (emphasis added) (Dkt. 36). Indeed, the defendant included that same provision, word-for-word, in her own proposed protective order. This was not a provision about which the defendant and the Government disagreed. *See* Defendant's Proposed Protective Order ¶ 1(a) (Dkt. 29-1). Yet less than a month later, the defendant is asking the Court to sanction her effort to utilize materials produced by the

---

[2] In the Defense Letter, the defendant argues that the Government "must have given a copy of the sealed order" to the Recipient, which defense counsel suggests is inconsistent with the Government's statement that it rarely provides discovery material to third parties. The defendant's suggestion is patently incorrect. The relevant order was signed in April 2019 and was issued for the purpose of being provided to the Recipient. Indeed the order contained an explicit provision that it could be transmitted to the Recipient. Accordingly, the order was conveyed to the Recipient well over a year before it became "discovery" in this criminal case.

Honorable Alison J. Nathan
August 21, 2020
Page 3

Government in discovery in this criminal case, and to which the protective order unquestionably applies, to litigate her Civil Cases. There is no basis to modify the Protective Order here.

*Second*, there is good reason why both parties proposed, and the Court ordered, a protective order that prevents the defendant from using materials obtained through the process of criminal discovery in any of the many civil cases in which she is, or could become, a party. To allow the defendant to do so would permit the dissemination of a vast swath of materials, including those that are confidential due to witness privacy interests, personal identifying information of third parties, and relevance in ongoing grand jury investigations. Here, the Government was particularly concerned about the defendant's interests in blurring these lines because, among other reasons, her counsel in the criminal case are also her counsel in the Civil Cases. It would be grossly inappropriate for defense counsel to be permitted to sift through the criminal case discovery and cherry-pick materials they may believe could provide some advantage in their efforts to defend against accusations of abuse by victim plaintiffs, delay court-ordered disclosure of previously-sealed materials, or any other legal effort the defendant may be undertaking at any particular time. And yet that is what the defendant proposes.

*Third*, the specific documents at issue pertain to *ex parte* applications made as part of an ongoing grand jury investigation. Those documents were filed under seal and presently remain under seal because the relevant judicial officers have ordered that all filings regarding those matters, including the discovery materials referenced in the Defense Letter, remain sealed.[3] As the U.S. Attorney's Office for the Southern District of New York has stated publicly, the investigation into the conduct of the defendant in this case and other possible co-conspirators of Jeffrey Epstein remains active. The full scope and details of that investigation, however, have not been made public.[4] Accordingly, the materials the defendant seeks to file in the Civil Cases were produced under a "Confidential" designation. Any argument that such materials are not "confidential" would not only run contrary to the sealing orders entered by other courts, but also misapprehends the importance of maintaining the confidentiality of criminal investigations.[5] *See*,

---

[3] The only exceptions to those sealing orders are (1) as noted above, the permission from Court-1 to provide the April 2019 order alone to the Recipient, and, (2) pursuant to separate permissions the Government has obtained in connection with its discovery obligations, that the entirety of the record relating to the Subpoenas may be provided to the defendant as discovery in this case. The defendant's claim that the relevant materials were produced to the defendant in discovery without any application to the sealing courts, Def. Ltr. at 7, is incorrect.

[4] To the extent it would be useful to this Court for the Government to further elaborate on the nature of the ongoing grand jury investigation, the Government is prepared to file a supplemental letter specifically on that subject *ex parte* and under seal should the Court request such an explanation.

[5] Moreover, if counsel for the defendant in her Civil Cases believe that certain documents are improperly sealed, there is no impediment to counsel making sealed applications to Court-1 and Court-2, respectively, to unseal the relevant materials. Presumably they have not done so because

*e.g.*, *United States v. Smith*, 985 F. Supp. 2d 506, 531 (S.D.N.Y. 2013) ("As a general proposition, courts have repeatedly recognized that materials, including even judicial documents which are presumptively accessible, can be kept from the public if their dissemination might 'adversely affect law enforcement interests.'") (*citing United States v. Amodeo*, 71 F.3d 1044, 1050)); *see also United States v. Park*, 619 F. Supp. 2d 89, 94 (S.D.N.Y. 2009) (holding that the need to "maintain the secrecy of the Government's investigation" outweighed the public's right of access to certain sentencing documents).

*Fourth*, defense counsel cites not a single case to support the argument that a criminal defendant should be permitted to use criminal discovery materials in her civil cases. Nor is the Government aware of any. Though precedent on this issue appears to be somewhat sparse— perhaps because few defendants attempt such a maneuver—*see United States v. Calderon*, 15 Cr. 025, 2017 WL 6453344, at *3 (D. Conn. Dec. 1, 2017) (discussing the relative lack of specific guidance in the context of an application to modify protective orders in criminal cases), *see also United States v. Morales*, 807 F.3d 717, 721 (5th Cir. 2015) ("[m]otions to modify protective orders in criminal cases appear to be infrequent"), decisions that do exist have rejected the kind of blurring of the line between criminal and civil proceedings that the defendant attempts here. *See Calderon*, 2017 WL 6453344, at 5-6 (denying a defendant's application for modification of a criminal protective order so he could use certain discovery materials in a FOIA suit); *United States v. DeNunzio*, --- F. Supp. 3d ---, 2020 WL 1495880, at *2-3 (D. Mass. March 27, 2020) (denying a defendant's motion to modify two protective orders in his criminal case for the purpose of pursuing claims in a civil action, even following the completion of trial).

Absent any authority upon which to rely, the defendant, in urging a contrary conclusion, makes various assertions and accusations, none of which warrant a different outcome. In particular, there is no merit or particular relevance to the defendant's argument that the Government secretly obtained a volume of materials relevant to its criminal case without telling the defendant. That is how grand jury subpoenas and investigations frequently work. Defense counsel's overheated rhetoric notwithstanding, there is simply nothing nefarious about the Government obtaining materials through grand jury subpoena process, let alone anything about the manner in which the Government obtained these materials that warrants the relief requested.

Certainly to the extent the defendant asserts that her adversary in civil litigation has engaged in some sort of improper conduct—assertions the Government by no means intends to suggest agreement with—such arguments even if credited would not be a proper basis to circumvent the plain language of the protective order (or the existing sealing orders) in this case. In any event, of the materials at issue, the only document the defendant's civil adversary has access to is the lone April 2019 order, meaning any purported imbalance between the parties in the Civil Cases at this stage is significantly overstated. And to the extent the defendant may seek to make similar accusations against the Government or challenge the manner in which the Government obtained the materials at issue—a challenge that itself would not justify the relief presently

---

they recognize that the materials are appropriately sealed as relating to an ongoing grand jury investigation.

Honorable Alison J. Nathan
August 21, 2020
Page 5

requested—the defendant can make such arguments, and the Government can and will vigorously oppose them, at the appropriate stage in this case.

Finally, to the extent the defendant contends that the relief requested is somehow necessary to her ability to bring issues to the attention of other courts, the Defense Letter completely fails to explain what legal argument she wishes to make in her Civil Cases based on the discovery materials she has identified or what relevance those materials have to the litigation of the Civil Cases. The fact that the Government issued grand jury subpoenas and obtained court authorization for compliance with one of those subpoenas has no conceivable relevance to disputed issues in the Civil Cases. To the extent the defendant argues that the requested relief is necessary to ensure that courts adjudicating the Civil Cases are aware of the existence of the documents at issue, the defendant identifies no specific reason why these materials are relevant to the issues pending in those cases, other than to falsely accuse the Recipient and the Government of some sort of malfeasance.[6]

In sum, the defendant's arguments in favor of her application offer no explanation of the relevant legal theory the materials would support, not to mention a compelling reason for this Court to permit an end-run around the protective order and permit the use of criminal discovery to litigate a civil case. Accordingly, the application in the Defense Letter should be denied.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: _____/s/_____
Maurene Comey / Alison Moe / Lara Pomerantz
Assistant United States Attorneys
Southern District of New York
Tel: (212) 637-2324

Cc: *All counsel of record*, via ECF

---

[6] If anything, the Defense Letter suggests that the defendant intends to use criminal discovery materials to attack *the Government* in the Civil Cases, attacks of no discernable relevance in those cases and made in a forum in which the Government is not a party and would have no opportunity to respond.