

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 21, 2020

**TO BE FILED PARTIALLY UNDER SEAL**

**BY ECF & ELECTRONIC MAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter to propose certain redactions to the defendant's letter of August 17, 2020 (the "Defense Letter") and to request that the exhibits attached to the Defense Letter be filed under seal during the pendency of an ongoing grand jury investigation. For the reasons set forth below, the Government respectfully requests that the Court permit the filing of the Defense Letter with the proposed redactions contained in Exhibit A hereto (which itself will be submitted to the Court under seal), and that the Court permit all of the exhibits to the Defense Letter to be filed under seal. The Government does not object to the public filing of the affidavit attached to the Defense Letter in unredacted form. Additionally, the Government will file a redacted version of this letter on the public docket, and separately will submit an unreduced version to the Court.

    As an initial matter, the proposed redactions, and the request that the exhibits be filed under seal, are consistent with the Government's designation of the underlying material as "Confidential" within the meaning of the Protective Order in this case. *See* Protective Order ¶ 15 (Dkt. 36). Moreover, as detailed more fully in the Government's companion submission, that designation is appropriate given the nature of the documents at issue, all of which pertain to the Government's pending grand jury investigation.[1] That alone strongly weighs in favor of permitting the redactions and sealed filings at issue: Federal Rule of Criminal Procedure 6(e)(6) provides, in relevant part,

---

[1] To the extent it would be useful to this Court for the Government to further elaborate on the nature of the ongoing grand jury investigation, the Government is prepared to file a supplemental letter specifically on that subject *ex parte* and under seal should the Court request such an explanation.

that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings *must be kept under seal* to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."

Relatedly, the exhibits at issue—all of which pertain to several *ex parte* applications made by the Government—have previously been ordered to kept under seal by the relevant judicial officers, who have made the requisite findings to warrant sealing. The requested redactions and sealing would thus be necessary to ensure compliance with those sealing orders and is justified based upon them.[2] *Cf. Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n.9 (1979) ("Since the 17th century, grand jury proceedings have been closed to the public; and records of such proceedings have been kept from the public eye. The rule of grand jury secrecy . . . is an integral part of our criminal justice system.").

Assuming without agreeing that these materials constitute "judicial documents" within the meaning of First Amendment right-of-access jurisprudence, such a determination would not be dispositive. The First Amendment presumptive right of access applies to civil and criminal proceedings and "protects the public against the government's arbitrary interference with access to important information." *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.* ("*NYCTA*"), 684 F.3d 286, 298 (2d Cir. 2012) (internal quotation marks omitted). The Circuit has applied two different approaches when deciding whether the First Amendment right applies to particular material. The "experience-and-logic" approach asks "both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks omitted). The second approach—employed when analyzing judicial documents related to judicial proceedings covered by the First Amendment right—asks whether the documents at issue "are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." *Id.* (internal quotation marks and alteration omitted).

Even when it applies, the First Amendment right creates only a presumptive right of access, and the "presumption is rebuttable upon demonstration that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) (quoting *Press-Enterprise Co. v. Superior Court of Cal., Riverside Cnty.*, 464 U.S. 501, 510(1984)) (internal citation omitted). "What offends the First Amendment is the attempt to [exclude the public] without sufficient justification," *NYCTA*, 684 F.3d at 296, not the simple act of exclusion itself. Thus, the presumptive right of access may be overcome by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.

---

[2] The only exceptions to those sealing orders are the permission contained in a certain order issued in April 2019, namely that the order itself may be provided to the recipient of a subpoena, and, pursuant to separate permissions the Government has obtained in connection with its discovery obligations, that the entirety of the relevant filings may be provided to the defendant as discovery in this criminal case.

Honorable Alison J. Nathan
August 21, 2020
Page 3

Here, even assuming the materials at issue constitute judicial documents, any presumption in favor of access is overcome because of the nature of the documents themselves, namely materials related to a grand jury investigation.

As described above, the grand jury investigation is active and ongoing, and resulted in new charges being brought just last month in this case. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

In sum, the Government respectfully submits that the exhibits to the Defense Letter, which consist entirely of filings that have been ordered sealed by other judicial officers, should similarly be filed under seal in this case while the grand jury investigation remains ongoing. For the same reasons, the Government proposes redacting any portions of the Defense Letter that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Accordingly, the Government respectfully requests that the Court permit the redactions to the Defense Letter proposed in Exhibit A hereto and that both the unredacted Defense Letter and the exhibits thereto remain under seal until further order of the Court. Additionally, because the instant letter discusses the Government's ongoing investigation and references ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the Government also respectfully requests that it be permitted to file a redacted version of this letter on the public docket and that the unredacted version of this letter as well as Exhibit A to this letter be filed under seal.

Honorable Alison J. Nathan
August 21, 2020
Page 4

      Finally, the Government respectfully proposes that the Court set a date approximately 180 days from now, or as soon thereafter as the Court believes would be appropriate, for the Government to update the Court on its position regarding sealing in connection with this matter.

                                      Respectfully submitted,

                                      AUDREY STRAUSS
                                      Acting United States Attorney

                       By: _____/s_____
                            Maurene Comey / Alison Moe / Lara Pomerantz
                            Assistant United States Attorneys
                            Southern District of New York
                            Tel: (212) 637-2324

Cc:    *All counsel of record*, by email