USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/25/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America,

–v–

Ghislaine Maxwell,

Defendant.

20-CR-330 (AJN)

MEMORANDUM OPINION AND ORDER

---

ALISON J. NATHAN, District Judge:

On August 10, 2020, the Defendant filed a letter motion related to two issues. Dkt. No. 38. First, the Defendant seeks an order directing the Government to disclose to defense counsel immediately the identities of the three alleged victims referenced in the indictment. Second, the Defendant seeks an order directing the Bureau of Prisons ("BOP") to release the Defendant into the general population and to provide her with increased access to the discovery materials. For the reasons that follow, Defendant's requests are DENIED without prejudice.

I. **The Disclosure of Alleged Victims' Identities**

The Defendant first seeks an order directing the Government to disclose to defense counsel immediately the identities of the three alleged victims referenced in the indictment. Dkt. No. 38 at 1. Her request is premature. Production of discovery, which may itself identify alleged victims and relevant witnesses to the defense, has just begun. Moreover, the parties have not yet engaged in discussions regarding an appropriate schedule for pretrial disclosures, including witness lists and § 3500 material. The Court is mindful of the factors pointed to by the Defendant—in particular the fact that charges in this matter relate to conduct that allegedly took place many years ago—and anticipates that such a schedule would require the disclosure of

alleged victims and witnesses substantially in advance of trial. But that alone does not justify such relief at this very early stage. Following the close of discovery, the parties should meet and confer on an appropriate schedule in light of all relevant factors. If the parties are unable to reach agreement as to a pretrial disclosure schedule, the Defendant may renew her request. The denial is therefore without prejudice.

## II.     The Defendant's Conditions of Confinement

In her August 10, 2020 letter motion, the Defendant also sought "an order directing [BOP] to release Ms. Maxwell into the general population and provide Ms. Maxwell with increased access to the discovery materials while she is detained so that she can meaningfully participate in the preparation of her defense." Dkt. No. 38 at 1. The Government responded that the BOP has modified the conditions of Ms. Maxwell's confinement so that she has access to discovery materials thirteen hours a day, seven days a week. Dkt. No. 41 at 5. The Defendant's reply credited the BOP's change in policy but nonetheless asked the Court to "confirm these changes in an order to the BOP" and "that the Court order the BOP to grant Ms. Maxwell the same privileges given to other detainees." Dkt. No. 42 at 4–5.

The Court denies this request. The BOP is providing the Defendant with conditions that allow her access to discovery materials so that she can meaningfully participate in the preparation of her defense. Further action by the Court as this juncture is therefore unnecessary. Should facts on the ground change such that the Defendant is not being provided sufficient access to her legal materials, defense counsel may seek intervention by the Court.

The Defendant also requests that the Court order BOP that Ms. Maxwell "be monitored in the same manner as other pretrial detainees and that the Court order the BOP to grant Ms.

Maxwell the same privileges given to other detainees." Dkt. No. 42 at 5. In a footnote, the defense clarifies that "[a]s long as Ms. Maxwell is monitored in the same manner, and receives the same privileges as other pretrial detainees, it is not necessary to move her to the general population." Dkt. No. 42 at 5 n.4.

The Court sees no basis for granting the Defendant's request for an order directed to BOP. First, the Government has assured the Court that "[a]s with all inmates, the defendant is able to speak to her counsel behind a closed door, in an area that is visible—but not audible—to MDC staff," thereby ensuring that Ms. Maxwell's ability to communicate with her counsel is in no way interfered. Dkt. No. 41 at 4 n.5. And as to the more general implementation of surveillance procedures, the Court credits BOP's duty to ensure the safety and security of the Defendant as justifying the measures BOP has adopted. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). Nor does the Defendant provide any basis for the Court to conclude that the level of surveillance is *punitive*. Dkt. No. 42 at 5. Though pretrial detainees "may not be punished prior to an adjudication of guilt in accordance with due process of law," *Wolfish*, 441 U.S. at 535, it does not follow that surveillance measures are punitive just because the Defendant deems them "onerous." Dkt. No. 42 at 4. The Defendant has provided the Court with no evidence, and no reason to believe, that the surveillance measures are motivated by improper purposes.

As a result, Defendant's request is denied. To ensure that Ms. Maxwell is able to continue to adequately participate in her defense, however, the Court hereby ORDERS the Government to provide written status updates every 90 days detailing any material changes to the

3

conditions of Ms. Maxwell's confinement, with particular emphasis on her access to legal materials and ability to communicate with defense counsel.

### III. Conclusion

For the reasons stated above, Defendant's requests contained in Dkt. No. 38 are DENIED without prejudice. Following the close of discovery, the parties shall meet and confer on an appropriate schedule for pre-trial disclosures, including the disclosure of § 3500 material, exhibit lists, and witness lists, taking into account all relevant factors. The Government is hereby ORDERED to submit written status updates every 90 days detailing any material changes to the conditions of Ms. Maxwell's confinement, with particular emphasis on her access to legal materials and ability to communicate with defense counsel.

SO ORDERED.

Dated: August 25, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge