UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ghislaine Maxwell,

Defendant.

20-CR-330 (AJN)

MEMORANDUM
OPINION AND ORDER

ALISON J. NATHAN, District Judge:

On August 17, 2020, Defendant Ghislaine Maxwell filed a sealed letter motion seeking an Order modifying the protective order in this case.[1] Specifically, she sought a Court order allowing her to file under seal in certain civil cases ("Civil Cases") materials ("Documents") that she received in discovery from the Government in this case. She also sought permission to

---

[1] This Order will not refer to any redacted or otherwise confidential information, and as a result it will not be sealed. The Court will adopt the redactions to Defendant's August 17, 2020 letter motion that the Government proposed on August 21, 2020, and it will enter that version into the public docket. The Court's decision to adopt the Government's proposed redactions is guided by the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *Id*. at 119-20. "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id*. at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995) ("*Amodeo II*")). The Government's proposed redactions satisfy this test. First, the Court finds that the defendant's letter motion is "relevant to the performance of the judicial function and useful in the judicial process," thereby qualifying as a "judicial document" for purposes of the first element of the *Lugosch* test. *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995). Second, the Court assumes that the common law presumption of access attaches, thereby satisfying the second element. But in balancing competing considerations against the presumption of access, the Court finds that the arguments the Government has put forth—including, most notably, the threat that public disclosure of the redacted sections would interfere with an ongoing grand jury investigation—favor the Government's proposed narrowly tailored redactions.

In light of this ruling, the parties are hereby ORDERED to meet and confer with respect to proposed redactions to the Defendant's reply letter, dated August 24, 2020 and the Defendant's August 24, 2020 letter addressing her proposed redactions to the Defendant's August 17, 2020 letter motion. The parties are further ORDERED to submit their proposed redactions no later than September 4, 2020; if the parties cannot agree on their proposed redactions, they shall submit a joint letter to the Court explaining the nature of their dispute.

1

reference, but not file, other discovery material that the Government produced in this case. For the reasons that follow, Defendant's requests are DENIED.

Under Federal Rule of Criminal Procedure 16(d)(1), a Court may enter a protective order only after it finds that good cause exists. Within this framework, the Federal Rules of Criminal Procedure leave it to the discretion of the Court to determine whether modification of an existing protective order is warranted.[2] To make that decision, the Court takes into account all relevant factors, including the parties' reliance on the protective order and whether the moving party has sufficiently substantiated a request to deviate from the *status quo* in the instant matter.

On July 30, 2020, this Court entered a protective order in this case, having determined that good cause existed. Dkt. No. 36. The parties agreed that a protective order was warranted. *See* Dkt. No. 35 at 1 ("The parties have met and conferred, resolving nearly all the issues relating to the proposed protective order."). The Defendant's Proposed Protective Order included a provision that stated that all discovery produced by the Government "[s]hall be used by the Defendant or her Defense Counsel solely for purposes of the defense of this criminal action, and not for any civil proceeding or any purpose other than the defense of this action." Dkt. No. 29, Ex. A ¶ 1(a). That language was included in the Court's July 30, 2020 protective order. *See* Dkt. No. 36 ¶¶ 1(a), 10(a), 14(a). Shortly thereafter, the Government began to produce discovery.

Upon receipt of some of the discovery, the Defendant filed the instant request, which seeks modification of the protective order in order to use documents produced in the criminal

---

[2] In the civil context, there is a "strong presumption against the modification of a protective order." *In re Teligent, Inc.,* 640 F.3d 53, 59 (2d Cir. 2011) (citation omitted). Courts in the Second Circuit have applied the standard for modification of protective orders in the civil context to the criminal context. *See, e.g.*, *United States v. Calderon*, No. 3:15-CR-25 (JCH), 2017 WL 6453344, at *2 (D. Conn. Dec. 1, 2017) (applying the civil standard for the modification of a protective order in a criminal case); *United States v. Kerik*, No. 07-CR-1027 (LAP), 2014 WL 12710346 at *1 (S.D.N.Y. July 23, 2014) (same). *See also United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015) (applying the standard for "good cause" in the civil context when evaluating whether to modify a protective order entered in a criminal case); *United States v. Wecht*, 484 F.3d 194, 211 (3rd Cir. 2007) (same).

case in other civil proceedings. She bases her request on the premise that disclosure of the Documents to the relevant judicial officers is allegedly necessary to ensure the fair adjudication of issues being litigated in those civil matters. But after fourteen single-spaced pages of heated rhetoric, the Defendant proffers no more than vague, speculative, and conclusory assertions as to why that is the case. She provides no coherent explanation of what argument she intends to make before those courts that requires the presentation of the materials received in discovery in this criminal matter under the existing terms of the protective order in this case. And she furnishes no substantive explanation regarding the relevance of the Documents to decisions to be made in those matters, let alone any explanation of why modifying the protective order in order to allow such disclosure is necessary to ensure the fair adjudication of those matters. In sum, the arguments the Defendant presents to the Court plainly fail to establish good cause. The Defendant's request is DENIED on this basis.

Indeed, good cause for the requested modification of the protective order is further lacking because, as far as this Court can discern, the *facts* she is interested in conveying to the judicial decisionmakers in the Civil Cases are already publicly available, including in the Government's docketed letter on this issue. *See* Dkt. No. 46. In the opening paragraph of her reply letter dated August 24, 2020, the Defendant states that she is essentially seeking to disclose under seal to certain judicial officers the following factual information:

1. Grand jury subpoenas were issued to an entity ("Recipient") after the Government opened a grand jury investigation into Jeffrey Epstein and his possible co-conspirators;

2. The Recipient concluded that it could not turn over materials responsive to the grand jury subpoena absent a modification of the civil protective orders in the civil cases;

3. In February 2019, the Government, *ex parte* and under seal, sought modification of those civil protective orders so as to permit compliance with the criminal grand jury subpoenas;

4. In April 2019, one court ("Court-1") permitted the modification and, subsequently, another court ("Court-2") did not;

5. That as a result of the modification of the civil protective order by Court-1, the Recipient turned over to the Government certain materials that had been covered by the protective order; and

6. That the Defendant learned of this information (sealed by other courts) as a result of Rule 16 discovery in this criminal matter.

With the exception of identifying the relevant judicial decision makers and specific civil matters, all of the information listed above is available in the public record, including in the letter filed on the public docket by the Government on this issue. *See* Dkt. No. 46. Although this Court remains in the dark as to why this information will be relevant to those courts, so that those courts can make their own determination, to the extent it would otherwise be prohibited by the protective order in this matter, the Court hereby permits the defendant to provide to the relevant courts under seal the above information, including the information identifying the relevant judicial decision makers and civil matters.

In addition, the Government has indicated that "there is no impediment to counsel making sealed applications to Court-1 and Court-2, respectively, to unseal the relevant materials." Dkt. No. 46 at 3 n.5. In her reply, the Defendant asserts that she is amenable to such a solution if the Court agrees with the Government that doing so would not contravene the protective order in this case. To the extent it would otherwise be prohibited by the protective

order in this matter, the Defendant may make unsealing applications to those Courts if she wishes.

    SO ORDERED.

Dated: September 2, 2020
       New York, New York

                                        ALISON J. NATHAN
                                       United States District Judge