

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/2/20
```

Haddon, Morgan and Foreman, P.C
Jeffrey Pagliuca

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

August 17, 2020

**VIA EMAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    Request to Modify Protective Order (UNDER SEAL)[1]
               *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

Defendant Ghislaine Maxwell, pursuant to paragraph 18 of this Court's Protective Order (Doc. # 36), requests that the Court enter an Order allowing her to refer to and file under seal in ████████████████████████████████████████████████ (the "Other Matters"), certain discovery materials produced by the government on August 5, 2020. She also seeks to refer to (but not file) discovery materials produced by the government on August 13, 2020, specifically ████████████████████████████████████████████████████████████████.[2]

Disclosure to the judicial officers in the Other Matters is necessary for fair determination of important issues ████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[1] Ms. Maxwell seeks leave to file this Letter Motion under seal because it relates and refers to discovery materials deemed Confidential under the terms of the Protective Order in this case.

[2] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

The Honorable Alison J. Nathan
August 17, 2020
Page 2

■■■.[3] The items to be referred to (and not filed) are confidential; accordingly, referring to them under seal in the Other Matters will not prejudice the government.

## Relevant Facts and Procedural History



---

[3] The Materials to be filed are attached, under seal, as exhibits ■■. Although marked by the government as "Confidential," the Materials are not "Confidential" as that term has been defined by the Second Circuit. They consist of ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ The Second Circuit has characterized these types of documents as "judicial documents" with a presumptive right of public access. *See Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). Ms. Maxwell objected to the government's Confidential designation, under paragraph 9 of the Protective Order, and requested that the government withdraw the designation. The Court does not need to decide the issue of whether the Material is confidential at this time given that Ms. Maxwell seeks only to provide the Material to judicial officers under seal as information necessary to fairly decide pending issues in those cases.

[4] ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

[5] ■■■■■■

The Honorable Alison J. Nathan
August 17, 2020
Page 3



### The Material

The government apparently contacted ▇▇ at some time before February 2019 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Based on some discussion with ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, the government served ▇▇▇ with a subpoena to produce ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Ms. Maxwell was not served with

The Honorable Alison J. Nathan
August 17, 2020
Page 4

any subpoena. ███████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████

In or about February 28, 2019 the government first applied to ██████████ for relief. ██
████████████████████████████████████████████████████
██████████████████████ During these *ex parte* proceedings, the government made numerous unchallenged factual assertions. To Ms. Maxwell's knowledge, no one disclosed the pendency of these applications to ████████████████████████████████████████.
Certainly, no one -- not the government, any court, or ████████████ -- disclosed to Ms. Maxwell ███████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████.

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████.

**The indictment** ████████████████████████████
On July 2, 2020, ████████████████████████████████████
████████████████████████████████████████████████, the government arrested Ms. Maxwell. On July 8, the government filed a superseding indictment alleging that Ms. Maxwell "assisted, facilitated, and contributed" to Epstein's abuse of minors. ████████████████████████ the indictment alleges that in 2016 Ms. Maxwell made "efforts to conceal her conduct" by "repeatedly provid[ing] false and perjurious statements" in deposition testimony. Superseding Indictment, Doc. # 17 at 29 ¶ 8.

████████████████████████████ ████████████████████████████
██████████. On the two applications referenced above ████████████████████
████████████████████████████ the two SDNY courts rendered a split decision. ████
████████████████████████████████████████████ granted the *ex*

---

[6] The first batch of discovery was provided by the government to NY counsel on August 5, 2020 in the late afternoon on a hard disk. Due to the time upload and securely transfer files, undersigned counsel for Ms. Maxwell (also counsel for her in the *Giuffre* case) only received these materials at 11:38 a.m. on Friday, August 7, 2020.

The Honorable Alison J. Nathan
August 17, 2020
Page 5

*parte* application. ▮▮▮▮▮▮▮▮▮▮ denied the application. ▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[7]

Counsel for Ms. Maxwell then learned, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The pressing issue that necessitates the filing of this request concerns ▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
These issues, in turn, impact her rights as the accused in this matter, constitutionally presumed innocent unless and until the government proves her guilt beyond all reasonable doubt.

**The Protective Order in this case**
The Protective Order in this case prohibits the use of the discovery materials or confidential-designated materials "for any civil proceeding or any purpose other than the defense of this action" absent mutual agreement in writing between the government and defense counsel or if "modified by further order of the Court." Doc. # 36 at ¶¶ 1(a), 10(a), 18. Ms. Maxwell agreed to that limitation after assurances by the government, consistent with their representation to this Court, that "the Government rarely *provides* any third party, including a witness, with any material they did not already possess," and therefore "concerns defense counsel raises about future use in civil litigation are not likely to occur." Letter of Alex Rossmiller at 6 (Doc. # 33) (July 28, 2020). This Court relied on that representation in its ruling that government witnesses should not be limited in their use of materials gained from the government in any related civil litigation. Memorandum Op'n & Order at 3 (July 30, 2020). Yet as described above, the government must have given a copy of the sealed order to ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Paragraph 18 of the Protective Order permits modification by the Court. Further, any concerns that the government may raise concerning their on-going grand jury investigation will be obviated by submission of these materials under seal in the other matters.

**The reasons this Court should grant the request**
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

[7] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The Honorable Alison J. Nathan
August 17, 2020
Page 6

There are at least three compelling reasons to modify the Protective Order. First, ███
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████

The partial secrecy surrounding the Material has also fundamentally undermined the fairness of the adversarial process. Although the grand jury subpoena and government investigation were known to ██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████

██████████████████████████████████████████████████████████████████
██████████████████████████████████ "The rule does not impose any obligation of secrecy on witnesses." Fed. R. Crim. P. 6, Advisory Committee Note to Subdivision 6(e)2. ████████
██████████████████████████████████████████████████████████████████
████████████████████████████████████████ Too many questions remain unanswered including exactly what was said between the government and ████, when was it said, and precisely what was turned over. ██████████████████████████████████████████
██████████████████████████████████ Without the ability to use the Material in the very limited fashion proposed Ms. Maxwell she is unfairly disadvantaged ████
████████ Moreover, instead of candidly revealing the fact of the subpoena ████████████
████████████████████████████████████████████████████████████████
████████████████████

Second, ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████
██████████████████████.

Further, and as this Court knows, ample Second Circuit authority supports staying a civil case pending the resolution of a related criminal case. *See SEC v. Blaszczak*, No. 17-CV-3919 (AJN), 2018 WL 301091, at *1 (S.D.N.Y. Jan. 3, 2018) (granting motion to stay civil case and holding that "[a] district court may stay civil proceedings when related criminal proceedings are imminent or pending, and it will sometimes be prudential to do so" (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012))). Among other things, the stay vindicates the Fifth Amendment and guards against witnesses learning information in the civil case and then "conforming" their testimony in the criminal case to what was disclosed in the civil case. This concern is all the more real when ████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ █████████████.

Ms. Maxwell further anticipates the very immediate need to disclose the Materials to ████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████.

Notably, the Material at issue is not accuser-related or sensitive in any regard. These *ex parte* pleadings, hearings, and rulings are already known to ████████████████. These materials, absent sealing, would enjoy a presumptive right of public access as judicial documents. Given that the Material has been ***disclosed in this case*** by the government under the terms of this Court's Order, and without any application to the sealing courts, the government has conceded that this Court has the authority to authorize use of the Material under the terms of this Court's Protective Order. And, the government has previously agreed that the appropriate forum to consider issues related to the civil Protective Order is in the civil litigation, positing the opinion "that neither it nor this Court is well-positioned to, or should, become the arbiter of what is appropriate or permissible in civil cases." Doc. # 33 at 7.  What Ms. Maxwell asks is that she be allowed to disclose, under seal, the Material so that ████████████████████████████████████ ████████████████████████████████████████████.

**The Protective Order in this case** ████████████████████████████████████ ██████████████

The Material, as part of the court files in the United States District Court for the Southern District of New York, ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████
████████████████).[8]

██████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████.

**Conclusion**

Ms. Maxwell requests that this Court modify the Protective Order to allow her to refer to and file under seal in ████████████████████████████████████████████████
████████████████████████████ he Material at issue in this letter motion.

Respectfully Submitted,

*[signature]*

Jeffrey S. Pagliuca

CC: Counsel of Record (via Email)

---

[8] ████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████