

HADDON
MORGAN
FOREMAN

Haddon, Morgan and Foreman, P.C.
Jeffrey Pagliuca

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364 FX 303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

August 24, 2020

**VIA EMAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    Reply in Support of Request to Modify Protective Order (Under Seal)[1]
              *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

Defendant Ghislaine Maxwell filed a simple request: that she be permitted to disclose *under seal* to ███████████████████████████████████ (the "Civil Litigation") the fact that her adversary ████████████████████████ already handed over ███, to the U.S. Attorney's Office pursuant to a subpoena ███████████ ██████████████████████████████

The government proposes to keep ██████████ in the dark about the fact and method of the disclosure. They claim the civil litigation is "unrelated," that issuance of the subpoena was "standard practice," and that disclosure will jeopardize an ongoing criminal investigation and "permit dissemination of a vast swath of materials."  Each of the government's arguments lack merit.

<u>The Civil Litigation</u>████████████:
First, the government claims the civil action is ████████Resp. at 1.  The assertion is frivolous. █████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████

---

    [1] Ms. Maxwell has filed a letter motion which seeks leave to file this reply under seal, while providing the unredacted version to the government and the Court. This reply describes and discusses sealed materials and materials subject to the Protective Order in this case.  Ms. Maxwell also simultaneously files under separate cover her proposed redactions to her Request to Modify Protective Order (Aug. 17, 2020), and this Reply, in accordance with the Court's Order of August 18, 2020 (Doc. 44).

The Honorable Alison J. Nathan
August 24, 2020
Page 2

████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████

████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████. The
government's *ad hominem* suggestion that Ms. Maxwell has "cherry-pick[ed] materials" to seek
an "advantage in their efforts to defend against accusations of abuse" or "delay court-ordered
disclosure of previously sealed materials" reveals a fundamental (or feigned) lack of
understanding ████████████████████████████████████. It also begs the question, to be fleshed out
at a later time, ███████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
██████████████████████████████████████

Ms. Maxwell simply seeks to alert the judicial officers in the related Civil Litigation to facts
about which her adversary is already aware.

Issuance of the Subpoenas Not "Standard Practice":

Second, the government tries to normalize, without citation to authority, its conduct as "standard
practice." Resp. at 2.  To the contrary, the controlling case in this Circuit, *Martindell v. Int'l
Telephone & Telegraph Corp.,* 594 F.2d 291, 293 (2d Cir. 1979), mandates a wholly different
procedure: the use of a non-*ex parte* subpoena with an opportunity for the aggrieved party to
move to quash. Similar cases in this district demonstrate the "non-standard" nature of the
government's conduct regarding these subpoenas. For example, Judge Koeltl observed when
considering whether to release a single deposition transcript to the government: "the Second
Circuit has made clear that the Government may not use its 'awesome' investigative powers to
seek modification of a protective order merely to compare the fruits of the plaintiff's discovery in
a civil action with the results of a prosecutorial investigation in a criminal action." *Botha v. Don
King Prods., Inc.,* No. 97 CIV. 7587 (JGK), 1998 WL 88745, at *3 (S.D.N.Y. Feb. 27, 1998)
(citing *Minpeco S.A. v. Conticommodity Servs., Inc.*, 832 F.2d 739, 743 (2d Cir. 1987) and
*Martindell,* 594 F.2d at 297). █████████████████████████████████████
█████████████████████████████████████████████████████████████

The Honorable Alison J. Nathan
August 24, 2020
Page 3

████████████████████████████████████████████████████ *see also Palmieri v. State of New York,* 779 F.2d 861 (2d Cir. 1987); *Abbott Laboratories v. Adelphia Supply USA*, Case 2015-cv-5826 (CBA) (MDG), 2016 WL 11613256 (S.D.N.Y. Nov. 22, 2016) ("In the Second Circuit, there is a presumption in favor of enforcing protective orders against grand jury subpoenas."); *United States v. Kerik,* 07 CR 1027, 2014 WL 12710346 (S.D.N.Y. July 23, 2014). It seems that a majority of courts in this district have rejected the claimed "standard practice" arguments made by the Government ████████████████. A notable difference is that the other applications were not conducted *ex parte.* ████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████ Ms. Maxwell is not asking this Court to decide that question today.

But Ms. Maxwell is seeking ██████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████████
██████

The Government Does Not Explain How Any "Secret" Investigation Will be Compromised.
Third, the government claims that the materials at issue are "Confidential" because the "full scope and details" of their very-public proclamations of an ongoing criminal investigation "have not been made public." Resp. at 3. This argument too is nonsensical: the sealed materials that Ms. Maxwell seeks to file, *under seal*, ████████████████████████ ████
██████████████████████████████████████████ ████████
██████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████████████
██████████ Certainly the subpoena recipient, otherwise known as counsel for the adverse party to the Civil Litigation, knows the two things that Ms. Maxwell seeks to file *under seal* in

The Honorable Alison J. Nathan
August 24, 2020
Page 4

that matter: ██████████████████████████████████████████████████
███████████████████████████████.[2]

The government does not explain, because they cannot, how it will harm an ongoing criminal investigation to reveal the sealed materials under seal to two arbiters: ████████████
████████████████████████████████████████ Clearly those judicial officers are fully capable of maintaining files under seal and confidences.  Nor is there any support for the argument that this limited request will "permit dissemination of a vast swath of materials." Resp. at 3.  The slippery slope contention is belied by the limited nature of Ms. Maxwell's request.  The sealed materials are a discrete set of judicial documents, not a "vast swath of materials," and Ms. Maxwell seeks to file them under seal for those Courts to use in their determinations.  Hyperbole aside, the request is appropriately limited.

Further, the government's suggestion that "there is no impediment to counsel making sealed applications to Court-1 and Court-2, respectively, to unseal the relevant materials" is, at best, baffling.  Resp. at 3 n.5.  Such a "sealed application" in furtherance of her Civil Litigation would be "using" the materials for the civil case, exactly the conduct proscribed by the Protective Order here.  If the Court disagrees, Ms. Maxwell is more than happy to make such sealed applications to those judicial officers.  The government does not explain its thinking, nor did the government suggest this course of action during the conferral process.

<u>The Sealed Materials Are Important to</u> ███████████████████████████████
Fourth, the government decries the sealed materials' lack of relevance to ██████████████
█████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

---

[2] Ms. Maxwell strenuously opposes the government's suggestion that it "further elaborate on the nature of the ongoing grand jury investigation" in a supplemental *ex parte* and sealed pleading.  This Court is overseeing the criminal case pertaining to Ms. Maxwell and any *ex parte* pleading concerning this case to this judicial officer is inappropriate.  *See* Standard 3-3.3 Relationship with Courts, Defense Counsel and Others, "Criminal Justice Standards for the Prosecution Function," American Bar Ass'n (4th ed. 2017) ("A prosecutor should not engage in unauthorized *ex parte* discussions with, or submission of material to, a judge relating to a particular matter which is, or is likely to be, before the judge.").

The Honorable Alison J. Nathan
August 24, 2020
Page 5

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████

<u>Protective Orders May Be Modified As Circumstances Change</u>
Finally, the government suggests in a myriad of ways without directly arguing that this
Protective Order cannot be modified, that Ms. Maxwell somehow waived her ability to seek
modification by agreeing to a Protective Order before she knew what was contained in the
criminal discovery, or that there is no precedent for such a modification.  These suggestions are
disingenuous. Of course, the Government ignores that  the Protective Order itself provides that it
may be modified "by further order of the Court." *Id*, ¶ 18(b).

There is no precedence for this case.  That is true because the Second Circuit has outlined a
process for the government to seek civil materials subject to protective orders for use in grand
jury investigations, a process the government circumvented.  It also is true because typically, the
government is the party to intervene in civil cases and seek a stay where materials the
government has marked "Confidential" may be disclosed publicly or where the government
contends the rules of criminal discovery will be circumvented.  Finally, there is no other case that
defense counsel has located where ████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████

That Ms. Maxwell did not know what was in the sealed materials before she signed the
Protective Order, or proposed a draft, is self-evident.  That a Court can modify a protective order
at any time is likewise well-established. Fed. R. Crim. P. 16(d)(1) authorizes the Court to
regulate discovery through protective orders and modification of those orders. *See Smith Kline
Beecham Corp. v. Synthon Pharmaceuticals, Ltd.*, 210 F.R.D. 163, 166 (M.D.N.C. 2002)
("[c]ourts have the inherent power to modify protective orders, including protective orders
arising from a stipulation by the parties"); *see also United States v. Gurney,* 558 F.2d 1202, 1211
n.15 (5th Cir. 1977) (trial court's decisions as to which documents "will be placed in the public
domain, and which are entitled to privacy and confidentiality" are discretionary and "form an
integral part of trial management"); *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007), *as
amended* (July 2, 2007) ("it would have been proper for the District Court to unseal the records
pursuant to its general discretionary powers"); *Poliquin v. Garden Way, Inc.,* 989 F.2d 527, 532
& 535 (1st Cir. 1993).

"The standard of review for a request to vacate or modify a protective order depends on the
nature of the documents in question. There is a presumptive right of public access to judicial

The Honorable Alison J. Nathan
August 24, 2020
Page 6

documents, that is, documents that are 'relevant to the performance of the judicial function and useful in the judicial process.'" *Kerik*, 2014 WL 12710346, at *1 (S.D.N.Y. July 23, 2014), (*quoting United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

The Materials that Ms. Maxwell seeks to disclose (to judicial officers under seal) are, without question, judicial documents. ███████████████████████████████████████████████████████████████████████████████ And, at a minimum, Ms. Maxwell's opponent in the Civil Litigation knows both that the Government obtained an *ex parte* order to subpoena the information and what was produced. Accordingly, the argument that somehow grand jury secrecy will be compromised by disclosure, under seal to judicial officers reviewing the very material at issue, is absurd.  Ms. Maxwell has demonstrated good cause for her very limited request to present a discrete set of sealed materials under seal to ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The government has not articulated a cogent reason for that information to be kept from the other judicial officers.

Sincerely,

Jeffrey S. Pagliuca

CC: Counsel of Record (via ECF)