

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 6, 2020

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter to request that the Court grant the Government permission to delay disclosure to the defense of certain photographs of and documents regarding victims of sexual abuse by Jeffrey Epstein. These materials relate to abuse that post-dated the time period charged in the Indictment, and the Government does not intend to offer them at trial. Although the Government intends to produce these materials to the defendant in advance of trial, premature disclosure of these materials could jeopardize the Government's ongoing investigation and would reveal sensitive victim information months in advance of trial. For these reasons and as set forth below, the Government respectfully submits, pursuant to Federal Rule of Criminal Procedure 16(d)(1), that good cause exists to delay disclosure of these items to defense counsel until eight weeks prior to trial.[1] The Government has conferred with defense counsel, who have indicated that they object to this request and intend to submit a letter in opposition.

    As the Court is aware, the superseding indictment in this case (the "Indictment") charges the defendant in six counts. Count One of the Indictment charges Maxwell with conspiring with Epstein and others to entice minors to travel to engage in illegal sex acts, in violation of 18 U.S.C.

---

[1] Federal Rule of Criminal Procedure 16 provides for the production of discovery to a defendant, upon request, of certain materials, such as documents that are material to the preparation of the defense and documents the Government intends to use in its case-in-chief at trial. However, Rule 16(d)(1) also provides that:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte.

A finding of good cause "'must be based on a particular factual demonstration of potential harm, not on conclusory statements.'" *United States v. Gangi*, No. 97 Cr. 1215 (DC), 1998 WL 226196, at *2 (S.D.N.Y. May 4, 1998) (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 8 (1st Cir. 1986)).

§ 371.  Count Two of the Indictment charges Maxwell with enticing a minor to travel to engage in illegal sex acts, in violation of 18 U.S.C. § 2422 and 2.  Count Three of the Indictment charges Maxwell with conspiring with Epstein and others to transport minors to participate in illegal sex acts, in violation of 18 U.S.C. § 371.  Count Four of the Indictment charges Maxwell with transporting minors to participate in illegal sex acts, in violation of 18 U.S.C. § 2423 and 2.  Counts Five and Six charge Maxwell with perjury, in violation of 18 U.S.C. § 1623.  Counts One through Four focus on conduct between approximately 1994 and 1997.

The charges in the Indictment arose out of a broader investigation into Epstein's sexual abuse of minors, which covered time periods beyond that included in the Indictment.  During the course of that broader investigation, the Government has interviewed dozens of victims who were sexually abused by Epstein.  As part of that broader investigation, the Government has obtained a limited number of sensitive documents and photographs regarding certain victims who were sexually abused by Epstein after 1997 (the "Materials").  These Materials include, for example, school photographs of certain victims and records, such as bank and travel records, for certain victims.  The Government does not anticipate offering these Materials as evidence at trial in this case, and the Materials do not relate to individuals whom the Government currently anticipates calling as witnesses at trial.  Moreover, the Materials post-date the time period charged in the Indictment.

The Government has reviewed the Materials for any potentially exculpatory material, and has found none.  Nevertheless, because the Government is taking an expansive approach to disclosures in this case, the Government intends to produce these Materials to the defendant along with 3500 material for non-testifying witnesses sufficiently in advance of trial in order to enable the defendant to review and, if appropriate, make use of the Materials in her defense.  In particular, the Government intends to produce to the defendant, pursuant to a protective order, statements of all witnesses the Government has interviewed during its broader investigation, even if the Government does not intend to call those witnesses at trial.  Should the Court grant the instant application, the Government would produce the Materials, along with any witness statements pertaining to the victims identified in the Materials, at the same time as all other statements by non-testifying witnesses.  The Government is prepared to make that production as early as eight weeks in advance of trial.  Because the volume of the Materials is limited to approximately 40 photographs and approximately 40 pages of documents, defense counsel's review of the Materials is unlikely to be unduly time consuming, thus minimizing any potential prejudice to the defendant from the delayed production.

Delayed disclosure of the Materials is warranted because they include identifying information for victims who are not expected to testify in this case and who have provided information as part of the Government's ongoing investigation, the immediate disclosure of which would risk interfering with the Government's ongoing investigation.  *See United States v. Mannino*, 480 F. Supp. 1182, 1188 (S.D.N.Y. 1979) (permitting delayed production of documents whose immediate disclosure to the defense would interfere with ongoing investigation); *cf. United States v. Smith*, 985 F. Supp. 506, 531-32 (2d Cir. 2013) (risk of interference with ongoing investigation sufficient good cause for entry of Rule 16 protective order).  Immediate disclosure of these materials would have the effect of prematurely revealing to the defendant the identities of certain Epstein victims who are not referenced in the Indictment but who have spoken with the

Page 3

Government as part of its ongoing investigation, well in advance of any trial in this matter. Premature disclosure of these witnesses' identities and sensitive information about those witnesses risks jeopardizing the Government's ongoing investigation in at least two respects. First, disclosure would tend to reveal to the defendant the scope of and evidence gathered during the Government's ongoing investigation, the details of which are not currently public or known to the defendant. Second, an order requiring the immediate production of these Materials would risk deterring other victims from coming forward to be interviewed and from providing evidence to the Government. Victims who may be considering cooperating with the Government's investigation may decline to do so if they believe that the information they provide—even information outside the period charged in the Indictment—must be immediately disclosed to the defense in this case. Given the sensitivity of the Materials, the need to protect the Government's ongoing investigation, and the minimal (if any) relevance of the Materials to the offenses charged in the Indictment, the Government respectfully submits that good cause exists pursuant to Rule 16(d) to delay their disclosure.

Accordingly, the Government respectfully requests that the Court approve the Government's request to delay disclosure of these Materials.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: _____
Maurene Comey / Alison Moe / Lara Pomerantz
Assistant United States Attorneys
Southern District of New York
Tel: (212) 637-2324

Cc: All Counsel of Record (By ECF)