

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 20, 2020

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re: *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter in further support of its request to delay disclosure to the defense of certain photographs of and documents (the "Materials") regarding victims of sexual abuse by Jeffrey Epstein.  Contrary to the defense's assertions, the Materials are not exculpatory as to the charges contained in the Indictment.  But in any event, the Government is not suggesting that the defense should never receive these Materials.  The Government fully intends to provide the defense with these Materials, along with the statements of every witness it has interviewed as part of its broader investigation, eight weeks in advance of trial.  Because that investigation remains ongoing, however, and because the Materials are unrelated to the charges contained in the Indictment, production at this stage would be premature and would reveal the scope and focus of the Government's ongoing investigation.  Accordingly, the Government respectfully requests that it be permitted to produce the Materials eight weeks prior to trial.

    *First*, Maxwell's opposition misconstrues the Government's description of the Materials and conflates them with witness statements about the Materials.  To be clear, the Materials at issue here include documents regarding and photographs of victims of Jeffrey Epstein who were abused during time periods that post-date the Indictment.  These Materials *do not* include witness statements from those victims, which, as the Government noted in its opening papers, the Government will produce eight weeks in advance of trial.  The Materials in and of themselves thus do not, as the defendant incorrectly suggests, make clear one way or the other whether the defendant ever had any involvement in those victims' abuse.  Regardless, as detailed below, whether or not the defendant participated in any criminal activity that she is not charged with that postdates the time period in the Indictment is simply not relevant, much less exculpatory.

    *Second*, even accepting the defendant's mischaracterization, the Materials are not exculpatory as to Maxwell.  At base, the defense opposition stretches the concept of exculpatory material beyond recognition in a way that is wholly unsupported by the law of this Circuit.  Under the defense's view, if Jeffrey Epstein ever sexually abused any victim after 1997 without the defendant's involvement, that somehow exculpates her with respect to an Indictment charging her with participating in Epstein's abuse of minors between 1994 and 1997.  (Def. Ltr. 3-4).  The

defense's position is essentially that once the Government has accused a defendant of participating in a crime with a particular co-conspirator, any time that co-conspirator commits a similar crime without the defendant is somehow exculpatory. The defense cites no authority for such a broad interpretation of *Brady*, nor is the Government aware of any. To the contrary, the well-established law of this Circuit generally precludes a defendant from offering evidence that a defendant did *not* participate in criminal conduct on a particular occasion—or of her law-abiding conduct during uncharged periods or uncharged events—to rebut the Government's evidence with respect to the charged crimes or events. *See, e.g.*, *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish h[er] innocence . . . through proof of the absence of criminal acts on specific occasions."); *United States v. Chambers*, 800 F. App'x 43, 46 (2d Cir. 2020) ("A single occurrence of lawful conduct is 'simply irrelevant' to other occurrences of lawful conduct." (quoting *United States v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999)); *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) ("We reject Williams's assertion that the evidence of innocent travel was necessary to rebut the government's allegation that Williams had been involved in other cocaine importations from Jamaica. Although the government did argue that Williams had been involved in other importations, it did not allege that Williams had engaged in drug activity during these particular trips."); *United States v. Fiumano*, No. 14 Cr. 518 (JFK), 2016 WL 1629356, at *7 (S.D.N.Y. Apr. 25, 2016) ("The principle is rather elementary. A defendant charged with robbing a bank in Manhattan on April 22 cannot offer as evidence to disprove the charged crime that he did not rob the bank's branches in Brooklyn or the Bronx on April 22 or that he did not rob the Manhattan branch on April 20, 21, 23, and 24, because this evidence is irrelevant to the charge that he robbed the Manhattan bank on April 22."); *United States v. Gambino*, 838 F. Supp. 744, 748 (S.D.N.Y. 1993) ("Defendants also claim that the Southern District was in possession of exculpatory materials which it did not disclose, namely that Gravano had discussed drug deals with a number of 'captains' in the Gambino crime family, but had no such conversations with John Gambino. Even if the Southern District had knowledge that Gravano had conversations with other captains about specific instances of drug crimes, the fact that Gravano did not have such conversations with Gambino does not make such evidence exculpatory. . . . Since a defendant cannot introduce evidence of innocent behavior on other occasions to prove his innocence, such testimony would not be exculpatory within the requirements of *Brady*").[1]

---

[1] The implications of the defense's proposed expansion of *Brady* would be sweeping. There are any number of cases in which a defendant is charged with participating in a criminal conspiracy for a discrete period of time outside of which co-conspirators may have committed similar crimes without that defendant. Such a set of facts is common in, for example, racketeering conspiracies and narcotics conspiracies, in which defendants may conspire with each other for a certain period of time before and after which they commit similar crimes on their own or with others. The fact that a co-conspirator may continue to commit similar crimes after a defendant ceases participation in a charged conspiracy does not somehow exculpate the defendant who did not continue participating in those crimes. *See, e.g.*, *United States v. Flaharty*, 295 F.3d 182, 192-93 (2d Cir. 2002) (co-conspirators in narcotics case continued to commit crimes without defendant during defendant's incarceration); *United States v. Diaz*, 176 F.3d 52, 99 (2d Cir. 1999) (co-conspirators in racketeering case continued to commit crimes without defendant after defendant's incarceration).

*Third*, the defense's claim that the Materials are "material to preparing [her] defense" under Rule 16, and thus subject to immediate disclosure, is premised on a reimagining of the charges against the defendant. (Def. Ltr. 1, 4). An item is "material to preparing the defense" under Rule 16 only insofar as "it could be used to counter the government's case or bolster a defense." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993). Thus, materials that are wholly irrelevant to the Government's case or the charges in the Indictment do not fall under Rule 16. That is the case here. Contrary to the defense's claim, the Government has not charged Maxwell with being Jeffrey Epstein's "madam" and "principal facilitator of his abuse." (Def. Ltr. 3). Instead, the defendant is charged with helping Epstein identify, groom, and sexually abuse multiple minor victims between 1994 and 1997. The Indictment does not allege that the defendant engaged in such conduct after 1997. As such, the Materials are simply not relevant to the charges in the Indictment, much less exculpatory to the defendant.

Maxwell's argument is equally flawed with respect to the perjury counts. (Def. Ltr. 3). The Indictment alleges that the Government's evidence on Counts One through Four based on her conduct from 1994 to 1997 is also evidence of the falsity of the answers provided in the deposition. Specifically, the portions of her deposition that the Government alleges in the Indictment are false are all contradicted by the allegations contained in paragraphs one through seven of the Indictment, which focus exclusively on the period 1994 through 1997. Indeed, paragraph eight of the Indictment notes that the defendant's statements during her deposition contradicted "some of the specific events and acts of abuse detailed" in paragraphs one through seven of the Indictment, which focus exclusively on the period from 1994 through 1997. (Indictment, Docket No. 17, at 10). Consistent with that position, Counts Five and Six both incorporate by reference paragraphs one through eight of the Indictment. (*See id.* at 15-16). Accordingly, evidence that the defendant did or did not participate in Epstein's abuse of minor victims at different times or on different occasions not charged in the Indictment would not undercut the Government's theory or exculpate the defendant on those counts.

*Finally*, and perhaps more importantly, the Government is not suggesting that these Materials should be kept from the defense indefinitely. Rather, the Government requests authorization to provide these Materials eight weeks prior to trial, along with its production of statements of other non-testifying witnesses. Even assuming *arguendo* that the Materials constitute *Brady* or Rule 16 evidence—which they do not for all of the reasons discussed above—the defendant cites no case law for the proposition that she is entitled to their production now, rather than eight weeks in advance of trial. The Second Circuit has held that "as a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). Instead, "the Government 'suppresses' evidence within the meaning of *Brady* only if it fails to disclose *Brady* and *Giglio* material in time for its effective use at trial or at a plea proceeding." *Id.* What constitutes sufficient time for "effective use at trial" depends on the "materiality of that evidence" and "the particular circumstances of the case." *Id*.

Here, the defendant has made no showing as to why eight weeks in advance of trial would not be enough time to make "effective use" of the Materials at trial or how she would otherwise be prejudiced by the Government's proposed disclosure timeline. *Coppa*, 267 F.3d at 146. Indeed, given that the Materials constitute approximately 40 pages of records and approximately 40

photographs of victims who were abused during periods of time that post-date the Indictment and who the Government does not anticipate calling to testify at trial—and as such, do not constitute *Brady* material, Rule 16 evidence, or impeachment material for any trial witnesses—the defendant is not entitled to their immediate production. This is particularly so when weighed against the risks of early production to the Government's ongoing investigation.

By contrast, the Government has met its burden under Rule 16(d)(1) by explaining why the requested delay is necessary and how the Government would be prejudiced by the immediate production of the Materials. In particular, the proposed delay will allow the Government to continue its investigation into conduct outside the period charged in the Indictment without revealing to the defendant the identities of the witnesses in that investigation. The premature revelation of this information would give the defendant the opportunity to interfere with the Government's investigation before it is complete. Such information could allow her to contact and intimidate witnesses, destroy evidence relevant to the investigation, or alert other targets of the investigation. Moreover, the requirement that any evidence of any victim's abuse by Jeffrey Epstein at any point in time must be immediately disclosed to the defense in this case, even when it has no bearing on the charges in the Indictment, risks deterring additional victims from coming forward to assist in the Government's investigation. Allowing the delayed production of these materials would permit the Government to complete its investigation without interference while still giving the defense everything it is asking for well in advance of trial.

Accordingly, the Government respectfully requests that the Court approve the Government's request to delay disclosure of these Materials.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: _____
Maurene Comey / Alison Moe / Lara Pomerantz
Assistant United States Attorneys
Southern District of New York
Tel: (212) 637-2324

Cc: All Counsel of Record (By ECF)