

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 6, 2020

**BY ECF**
The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter to request an extension of the deadline for the production of a subset of the electronic discovery in the above-referenced case from November 9, 2020 to November 23, 2020. This extension is necessary solely to allow adequate time for an outside vendor to finalize the preparation of documents extracted from electronic devices seized from Jeffrey Epstein for production. Over the past two days, the Government has conferred with defense counsel, who indicated this morning that they would only consent to the extension on four conditions, detailed below. Although the Government agrees to meet two of the defense conditions, it will not agree to the other two, which have no connection to the delay in discovery and no basis in law. Accordingly, the Government respectfully requests that the Court grant the extension to produce electronic discovery to November 23, 2020.

    To date, the Government has produced more than 350,000 pages of discovery to the defense over the course of five productions, and the Government expects to make a sixth production by the existing November 9, 2020 deadline, as detailed below. However, the Government's outside vendor has advised the Government that it requires additional time to prepare a seventh and final production of electronic discovery. By way of background, that final production comes from electronic devices that the Federal Bureau of Investigation ("FBI") seized from Jeffrey Epstein's residences in New York and the U.S. Virgin Islands in 2019. Specifically, in July of 2019, the FBI conducted multiple searches of Epstein's residence in New York, and in August of 2019, the FBI searched Epstein's residence in the Virgin Islands. During both searches, the FBI seized dozens of electronic devices. Pursuant to court-authorized warrants, the FBI then initiated the months-long process of gaining access to and extracting data from those devices.

    In or about January of 2020, the FBI provided some, but not all, of the data from those devices to the Government. At the request of Epstein's estate, a filter team conducted a review of that subset of data for potentially privileged materials. In or about February of 2020, the privilege team completed its review of a subset of data that the FBI had provided. In or about late February of 2020, the Government initiated a responsiveness review of that subset of data.

    On June 26, 2020, the Government obtained a new warrant expanding the scope of the

search of 62 of the electronic devices seized from Epstein.  After the issuance of that new warrant, the Government requested that the FBI re-produce the data from all 62 devices because the FBI's prior production had only included a subset of the seized data and had not identified which file came from which seized device.  On or about August 3, 2020, the FBI finished providing the Government all of the documents from the seized devices, this time organized by device.  Because this production included data that the filter team had not previously reviewed, the Government's filter team conducted a full privilege review on this entire set of data.

On October 7, 2020, the filter team completed its privilege review of that data and released to the case team the non-privileged documents for responsiveness review.  The Government completed its responsiveness review on October 21, 2020, having identified approximately 1.2 million documents as responsive to the either the original or the expanded warrant.  That same night, the Government requested that its outside vendor image, bates stamp, and download all of the responsive documents for production to the defense.  Although the Government believed at the time that it had left its outside vendor, which the Government has repeatedly informed of the November 9, 2020 discovery deadline in this case, sufficient time to complete the process of stamping and downloading these materials for production, unfortunately, despite the vendor's best efforts, it does not appear the vendor will be able to complete that process by November 9.

In particular, on November 4, 2020, the vendor informed the Government that although it has finished imaging the responsive documents, it does not expect to finish bates stamping the responsive documents and loading them onto an external hard drive until November 19, 2020.  The vendor will then send that drive to the Government.  Once the Government receives the drive, it will need a short amount of time to spot check the production and confirm it can be sent to the defense.  Given these estimates from the vendor, it will not be technologically possible to produce these responsive documents by the November 9, 2020 deadline.  Accordingly, on November 4, 2020, the Government contacted defense counsel to confer regarding an extension of the discovery deadline solely for this production.

After conferring, the parties have been unable to reach agreement on an extension.  This morning, the defense indicated that they would consent to an extension of the deadline for this production to November 23, 2020 on four conditions.  First, the defense asked that the motion deadlines in this case be extended by three weeks.  The Government agrees with that proposal and accordingly requests that defense motions be due on January 11, 2021, Government responses be due on February 12, 2021, and defense replies be due on February 19, 2021.  Second, the defense asked that the Government provide a laptop for the defendant to use to review her discovery inside the Metropolitan Detention Center ("MDC") by November 23, 2020.  The Government has already purchased a laptop for such a purpose, and the MDC has agreed to allow the defendant use that laptop for discovery review once the Government's IT department has disabled all wireless and communications capabilities on the laptop.  Accordingly, the Government agrees to meet this condition.  Third, the defense asked that the Government provide it with the names of the three Minor Victims listed in the Indictment by November 23, 2020, and fourth, the defense asked that the Government provide the defense with all Jencks Act material by November 23, 2020.

The Government cannot agree to the final two conditions set out by the defense, which have no connection to the two-week delay in completion of discovery and no basis in law.  The

first two conditions are reasonably related to the delayed production. The three-week extension of the defense's deadline to file motions will ensure the defense has adequate time to review discovery before finalizing its motions and is therefore rationally related to the two-week delay in this production. Similarly, the requested laptop will expedite and streamline the defendant's review of discovery by avoiding technological delays on the MDC computer system that may otherwise slow the defendant's discovery review.

By contrast, a two-week delay in the completion of discovery, caused by technical constraints on the part of an outside vendor, has no bearing on the defense's entitlement to a witness list or witness statements. This Court has already ruled that such a request is premature when the "parties have not yet engaged in discussions regarding an appropriate schedule for pretrial disclosures, including witness lists and § 3500 material." (Dkt. 49 at 1). The Court accordingly ordered that the parties "meet and confer on an appropriate schedule" "[f]ollowing the close of discovery." (*Id.* at 2). Consistent with that order, the Government is prepared to engage in good faith discussions with the defense about an appropriate schedule for disclosure of Jencks Act and *Giglio* material. The standard practice in this District is to produce such material shortly in advance of trial, a practice that has been widely held to be sufficient to satisfy the requirement that *Giglio* be produced "in sufficient time that the defendant will have a reasonable opportunity to act upon the information efficaciously." *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007). Immediate disclosure of such material is not warranted simply because the defendant prefers it. *See, e.g.*, *United States v. Wey*, 15 Cr. 611 (AJN), 2017 WL 237651, at *23 (S.D.N.Y. Jan. 18, 2017) (denying defendant's motion for immediate disclosure of *Giglio* material as defendant "fails to articulate any persuasive reason why immediate disclosure is required in this case, and the Court otherwise sees no basis to deviate so substantially from the typical practice"); *United States v. Thompson*, 13 Cr. 378 (AJN), 2013 WL 6246489, at *9 (S.D.N.Y. Dec. 3, 2013) (denying request for early production of Jencks Act material); *United States v. Davis*, No. 06 Cr. 911 (LBS), 2009 WL 637164, at *14 (S.D.N.Y. March 11, 2009) ("The Second Circuit has held that a request for immediate or early disclosure [of *Giglio* material] has no basis in the law."). Because the Government's two-week delay in completing discovery does not entitle the defense to such materials more than seven months in advance of trial, the Government respectfully requests that the Court extend the deadline for this production to November 23, 2020 solely on the first two conditions set out by the defense.

Other than these responsive documents from Epstein's electronic devices, the Government expects to complete its production of Rule 16 discovery to the defense by the November 9, 2020 deadline. In that vein, the Government is currently preparing its sixth discovery production to the defense, which will include, among other things, thousands of images and videos from Epstein's electronic devices identified as responsive to the expanded warrant, portions of iPads and an iPhone seized from Epstein identified as responsive to the expanded warrant, the four emails quoted in the Government's application for an expanded warrant, and documents from the FBI's Florida files. The Government expects to make that sixth production to the defense on November 9, 2020.

Moreover, while the Government appreciates that the volume of materials it proposes to produce after the deadline is large, the Government has no reason to believe these materials will be central to any motion the defendant may seek to make. In particular, as noted above, all of

these materials come from devices seized from Epstein's residences, and none of the devices is believed to have belonged to the defendant. Further, of the approximately 1.2 million documents to be produced, only a handful were specifically relied upon by the Government in the investigation that led to the charges in the current Indictment,[1] and the Government intends to produce those documents on November 9 with the rest of the sixth production. Additionally, as a result of the work being completed by the vendor, these materials will be produced to the defense in a manner that is readily sortable and searchable which should facilitate and expedite its review.

The Government therefore respectfully requests that the Court extend the deadline for production of documents being prepared by an outside vendor to November 23, 2020, and that the Court similarly extend the motions schedule in this case by three weeks as requested by the defense.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: _____
Maurene Comey / Alison Moe / Lara Pomerantz
Assistant United States Attorneys
Southern District of New York
Tel: (212) 637-2324

Cc: All Counsel of Record (By ECF)

---

[1] In particular, the application in support of the July 2020 warrant included quotations from four emails extracted from the devices, and, as noted, the Government will produce all four of those documents to the defense by November 9, 2020.