**MANDATE**

N.Y.S.D. Case # 20-cr-0330(AJN)

20-3061
*United States v. Maxwell*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand twenty.

PRESENT: José A. Cabranes,
Rosemary S. Pooler,
Reena Raggi,
*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 09 2020

United States,

*Appellee,*                                                       20-3061-cr

v.

Ghislaine Maxwell,

*Defendant-Appellant.*

**FOR APPELLEE:** Lara Pomerantz, Assistant United States Attorney (Maurene Comey, Alison Moe, and Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Audrey Strauss, Acting United States Attorney, Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:** Adam Mueller (Ty Gee, *on the brief*), Haddon, Morgan and Foreman, P.C., Denver, CO.

1

MANDATE ISSUED ON 11/09/2020

Appeal from an order of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motion to consolidate is **DENIED** and the appeal is **DISMISSED** for want of jurisdiction.

Defendant-Appellant Ghislaine Maxwell seeks interlocutory relief from a September 2, 2020 denial of her motion to modify a protective order entered on July 30, 2020. In the alternative, she argues that this Court should issue a writ of mandamus directing the District Court to modify the protective order. She also moves to consolidate the instant appeal with the appeal pending in *Giuffre v. Maxwell*, No. 20-2413. Meanwhile, the Government moves this Court to dismiss the appeal for lack of jurisdiction and opposes Maxwell's motion to consolidate on the grounds that the issues presented on appeal are both factually and legally distinct. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court has jurisdiction over the "final decisions of the district courts." 28 U.S.C. § 1291. "Finality as a condition of review is an historic characteristic of federal appellate procedure." *Cobbledick v. United States*, 309 U.S. 323, 324 (1940). The "final judgment rule requires that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (internal quotation marks omitted). "This insistence on finality and prohibition of piecemeal review discourage undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases." *Di Bella v. United States*, 369 U.S. 121, 124 (1962) (citing *Cobbledick*, 309 U.S. at 324–26). The final judgment rule is therefore "at its strongest in the field of criminal law." *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982). In criminal cases, "finality generally is defined by a judgment of conviction and the imposition of a sentence." *Florida v. Thomas*, 532 U.S. 774, 777 (2001) (internal quotation marks omitted).

There is a "narrow" exception to the final judgment rule that permits appeals from "decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867–68 (1994) (internal quotation marks and citations omitted). The Supreme Court has described the "conditions for collateral order appeal as *stringent*" in general, *Digital Equip. Corp.*, 511 U.S. at 868 (emphasis added), and, with respect to criminal cases, it has "interpreted the collateral order exception with the *utmost strictness*." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (emphasis added) (internal quotation marks omitted). To fall within this limited category of appealable collateral orders, a decision must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively

unreviewable on appeal from a final judgment." *United States v. Punn*, 737 F.3d 1, 5 (2d Cir. 2013) (internal quotation marks omitted).

Thus far, the Supreme Court has identified just four circumstances in criminal cases that come within this exception: motions to dismiss invoking double jeopardy, motions to reduce bail, motions to dismiss under the Speech or Debate Clause, and the forced administration of antipsychotic medication. *See Sell v. United States*, 539 U.S. 166 (2003) (holding that an order permitting the forced administration of antipsychotic medication is immediately appealable), *see also Midland Asphalt*, 489 U.S. at 799 (listing the recognized exceptions). Maxwell does not appeal from an order falling within one of these categories. Instead, she appeals from a denial of her motion to modify a protective order, which we have held does not fall within the collateral order exception. *See Mohawk Indus. v. Carpenter*, 558 U.S. 100, 107–08 (2009) (holding that pretrial discovery orders are not immediately appealable absent a showing that "delaying review until the entry of a final judgment would imperil a substantial public interest or some particular value of a high order" (internal quotation marks omitted)); *S.E.C. v. Rajaratnam*, 622 F.3d 159, 168 (2d Cir. 2010) (holding that the Court lacks jurisdiction to review interlocutory "discovery orders allegedly adverse to a claim of privilege or privacy"); *United States v. Caparros*, 800 F.2d 23, 26 (2d Cir. 1986) (holding that the Court lacks jurisdiction to review interlocutory protective orders governing "the right of a criminal defendant to disclose information given to [her] in discovery"). We decline to exercise jurisdiction where we have none, and accordingly dismiss this appeal for lack of jurisdiction.

In the alternative, Maxwell asks that this Court issue a writ of mandamus directing the District Court to modify the protective order. This Court will issue the writ as an exception to the finality rule "only in exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." *In re City of New York*, 607 F.3d 923, 932 (2d Cir. 2010) (internal quotation marks omitted). "[M]ere error, even gross error in a particular case, as distinguished from a calculated and repeated disregard of governing rules, does not suffice to support issuance of the writ." *United States v. DiStefano*, 464 F.2d 845, 850 (2d Cir. 1972). Here, Maxwell failed to demonstrate that such exceptional circumstances exist and that the District Court usurped its power or abused its discretion. Accordingly, we decline to issue a writ modifying the protective order.

Finally, Maxwell also seeks to consolidate the instant appeal with the civil appeal pending in *Guiffre v. Maxwell*, No. 20-2413-cv. Because this Court lacks jurisdiction over Maxwell's appeal of the denial of her motion to modify her protective order, and because mandamus relief is not warranted, we deny as moot her motions to consolidate this appeal with the civil appeal. In any event, this Court has heard Maxwell's criminal appeal in tandem with her civil appeal. To secure the further relief of formal consolidation, Maxwell "bear[s] the burden of showing the commonality of factual and legal issues in different actions." *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993). Here, the parties, Judges, and legal issues presented in these appeals lack common identity. The criminal appeal concerns a denial of Maxwell's motion to modify a protective order while the civil

appeal concerns an unsealing order. Further, as the District Court correctly noted, Maxwell "provide[s] no coherent explanation" connecting the discovery materials at issue in the criminal case to the civil litigation.

## CONCLUSION

We have reviewed all of the arguments raised by Defendant-Appellant Maxwell on appeal and find them to be without merit. For the foregoing reasons, the appeal is **DISMISSED** and the motion to consolidate is **DENIED** as moot.

Any appeal in this criminal case shall be referred to another panel in the ordinary course.

                                                           FOR THE COURT:
                                                           Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit