# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-306-6666 • Cell
888-587-4737 • Fax

33 West 19th Street - 4th Floor
New York, New York 10011
bc@sternheimlaw.com

November 24, 2020

Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Ghislaine Maxwell*
20 Cr. 330 (AJN)

Dear Judge Nathan:

As counsel for Ghislaine Maxwell, I write in response to the government's letter, dated November 23, 2020 (*see* Dkt 74), reporting Ms. Maxwell's conditions of detention and confirming that she is currently in quarantine due to contact with a staff member, assigned to her isolation pod, who tested positive for COVID-19.

The government recites a variety of allowances given Ms. Maxwell, including being permitted out of her cell three times a week during quarantine for a maximum of 30 minutes, the total time allotted for showering, making personal calls, and using the CorrLinks email system to communicate with family and counsel. However, the letter presents an incomplete picture of Ms. Maxwell's conditions of confinement.

The government fails to mention a variety of issues brought to the attention of the MDC, including but not limited to the fact: that all email correspondence between Ms. Maxwell and counsel was deleted in advance of the 180-day period, when deletion is expected to occur; that after being administered two nasal swab tests, under threat of 21-day quarantine if she declined to be tested, Ms. Maxwell was ordered to remove her COVID-protection mask for an in-mouth inspection, further risking exposure to the virus; that Ms. Maxwell was initially quarantined without soap or a toothbrush; that medical and psychology staff, who checked on Ms. Maxwell daily pre-quarantine, have ceased doing so daily since quarantine and have neither informed her of results of the COVID tests nor provided information in response to her inquiry regarding what she should do if she becomes symptomatic.

The letter omits the fact that while staff are not supposed to enter Ms. Maxwell's isolation cell during quarantine, an unidentified man entered to take photographs and a guard entered to search. Further, while counsel assumed that an in-person legal visit scheduled for Saturday, November 21, would be canceled as a result of Ms. Maxwell's quarantine status, no notification was provided; and a request for a substituted legal call was not accommodated.

The government highlights what Ms. Maxwell is permitted but not what she is denied: equal treatment accorded other inmates in general population. Ms. Maxwell has spent the entirely of her pretrial detention in de facto solitary confinement under the most restrictive conditions where she is excessively and invasively searched and is monitored 24 hours per day. In addition to camera surveillance in her cell, a supplemental camera follows her movement when she is permitted to leave her isolation cell and is focused on Ms. Maxwell and counsel during in-person legal visits. And despite non-stop in-cell camera surveillance, Ms. Maxwell's sleep is disrupted every 15-minutes when she is awakened by a flashlight to ascertain whether she is breathing.

Ms. Maxwell is a non-violent, exemplary pretrial detainee with no criminal history, no history of violence, no history of mental health issues or suicidal ideation. She is overmanaged under conditions more restrictive than inmates housed in 10South, the most restrictive unit in the MCC; or individuals convicted of terrorism and capital murder and incarcerated at FCI Florence ADMAX, the most restrictive facility operated by the BOP. The MDC concedes that it is unable to place her in general population for her safety and the security of the institution but fails to explain why she is deprived of all other opportunities provided to general population inmates.

Stating that Ms. Maxwell "continues to have more time to review her discovery than any other inmate at the MDC, even while in quarantine" gives the unfair impression that she is being given a perquisite. However, given the voluminous discovery in this case, the most recent production alone being 1.2 million documents, the time accorded Ms. Maxwell remains inadequate for her to review and prepare the defense of her life.

Due to the failure of MDC's Warden and Legal Department to respond to recurring problems and complaints, counsel have reached out to the government. While we appreciate any assistance provided by government counsel, it has done little to redress the many concerns regarding the disparate treatment of Ms. Maxwell.

Rather than receive second-hand information from counsel, the defense requests that the Court summon Warden Heriberto Tellez to report directly to the Court and counsel on Ms. Maxwell's conditions of detention.

Your consideration is greatly appreciated.

Very truly yours,

*Bobbi C. Sternheim*
BOBBI C. STERNHEIM

cc: All Counsel