USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/3/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ghislaine Maxwell,

                Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On November 25, 2020, counsel for Defendant Ghislaine Maxwell filed a letter request seeking an *in camera* conference for the presentation of a renewed motion for release on bail and a request to seal the November 25, 2020 letter in its entirety. The Court required justification for the sealing request. On November 30, 2020, the defense counsel filed a second letter no longer fully pressing the unsupported request to file the letter entirely under seal and instead proposing redactions to both the November 25th and November 30th letters. The Government has indicated that it does not oppose the redactions. Dkt. No. 80.

After due consideration, the Court will adopt the Defendant's proposed redactions, which are consented to by the Government. The Court's decision is guided by the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *Id.* at 119–20. "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*")).

1

The proposed redactions satisfy this test. First, the Court finds that the Defendant's letter motions are "relevant to the performance of the judicial function and useful in the judicial process," thereby qualifying as a "judicial document" for purposes of the first element of the *Lugosch* test. *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995). And while the Court assumes that the common law presumption of access attaches, in balancing competing considerations against the presumption of access, the Court finds that the arguments the Defendant has put forth—including, most notably, the privacy interests of the individuals referenced in the letters—favor her proposed and tailored redactions. The Defendant is hereby ORDERED to docket the redacted versions of the two letters by December 4, 2020.

For the reasons outlined in the Government's letter dated December 2, 2020, Dkt. No. 80, the Court DENIES the Defendant's request for an *in camera* conference. In order to protect the privacy interests referenced in the Defendant's November 25, 2020 letter, the Court will permit the Defendant to make her submission in writing and to propose narrowly tailored redactions.

The parties are hereby ORDERED to meet and confer and to jointly prepare a briefing schedule for the Defendant's forthcoming renewed motion for release on bail.

SO ORDERED.

Dated: December 3, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge