

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
Christian R. Everdell
+1 (212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com

November 25, 2020

**TO BE FILED UNDER SEAL**

**VIA EMAIL (SUBMITTED PURSUANT TO SECTION 2(B)
OF JUDGE NATHAN'S INDIVIDUAL PRACTICES IN CRIMINAL CASES)**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:  *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

      On behalf of our client, Ghislaine Maxwell, we plan to file a Renewed Motion for Release on Bail (the "Motion") and respectfully request an *in camera* conference, with all counsel present, to address the appropriate procedures for the filing and consideration of the Motion. For the reasons explained below, we intend to request, pursuant to Fed. R. Crim. P. 49.1(d), that the Court permit the filing of portions of the Motion and certain supporting materials under seal and require that any responsive materials be filed under seal. We believe an *in camera* conference would be the most efficient form to address these issues and other confidentiality concerns related to the Motion. We intend to provide a full set of materials to the government, Pretrial Services, and the Court when the Motion is filed. We are merely requesting that sensitive contents of the submission be accorded confidentiality protections similar to those that the government routinely requires in protective orders, including the one in this case.

      In the four months since this Court denied Ms. Maxwell's request for bail and granted the government's motion for detention, Ms. Maxwell and her counsel have assembled substantial information that was not available to present at the initial hearing, as well as a comprehensive bail package co-signed by sureties who were unable to come forward at that time. Accordingly, Ms. Maxwell now seeks to renew her request for bail pursuant to 18 U.S.C. § 3142(f).

      Ms. Maxwell's renewed application will rely on sensitive and private information that, if made public, would be highly damaging to both Ms. Maxwell and third parties, including:

- Letters from Ms. Maxwell's family members and close friends, who have agreed to serve as sureties to support Ms. Maxwell's renewed bail application. The letters contain personal details that, if made public, would invite identification and

The Honorable Alison J. Nathan
November 25, 2020
Page 2

>  harassment of the sureties and other third parties, including minor children. They are legitimately afraid that if their identities become public, they will be subjected to the same relentless media scrutiny and threats that Ms. Maxwell has experienced for more than a year, like the following sample of social media posts:
>
>> "they need to get this bitch n string her up by her neck . . . f*cking monster . . . #GhislaineMaxwell."
>>
>> "I hope someone finds her and kills her. That would be justice. Obviously her lawyers know's where she is, someone should stick them up to batteries untill we find out where she is."
>>
>> "SHE'S HERE in #Massachusetts ?! The bitch #GhislaineMaxwell who #SexTrafficked young girls for #Epstein ?!?! Why the hell isn't she being brought in for questioning @ManchesterMAPD ?! WE DO NOT WANT HER HERE! #SleezyLeach She is CLOSE ENOUGH to me, I could grab her myself!"
>
> • A financial report, prepared by the accounting firm Macalvins Limited, that provides a summary of Ms. Maxwell's financial condition from 2015-2020 and discloses all of her assets, all assets held in trust, and assets held by other family members.
>
> • A discussion and analysis of certain materials produced by the government in discovery marked "Confidential" and their impact on the government's case against Ms. Maxwell, which must be filed under seal pursuant to the terms of the Protective Order in this case (Dkt. 36).

Fed. R. Crim. P. 49.1(d) provides that "a court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." While the Second Circuit has recognized a presumption of access under both common law and the First Amendment, it is appropriate to permit the filing of documents under seal if "countervailing factors" in the common law framework or "higher values" in the First Amendment framework so demand. *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 124 (2d Cir. 2006); *see also Unites States v. Wey*, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017) (Nathan, J.) (granting motion to seal evidentiary exhibits and finding that privacy interests "outweigh any public interest in disclosure, whether derived from the First Amendment or the common-law right of access").

Moreover, a lower presumption of public access applies to documents submitted in connection with powers that are "ancillary to the court's core role in adjudicating a case" than to "material introduced at trial, or in connection with dispositive motions." *Brown v. Maxwell,* 929 F.3d 41, 49-50 (2d Cir. 2019) (applying lower presumption to documents submitted in connection with discovery and evidentiary motions than to summary judgment filings). Thus, a lower presumption of public access attaches the parties' pretrial bail submissions than to exhibits introduced at trial or in connection with a motion to dismiss.

The Honorable Alison J. Nathan
November 25, 2020
Page 3

Here, that lower presumption is far outweighed by the significant privacy interests implicated by the materials at issue. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties … should weigh heavily in a court's balancing equation"). If Ms. Maxwell's sureties are publicly identified, they will be harassed simply for their association with and support of her. Indeed, some of Ms. Maxwell's closest friends and family have already suffered significant consequences. For example, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The sureties are legitimately scared that they and their children will suffer the same consequences, and may not be able to come forward at all, if the Court does not allow their letters and their identities to be sealed. *See id.* at 1051 ("[C]ourts have the power to insure that their records are not used to gratify private spite or promote public scandal[.]"). These individuals are entitled to the same privacy as Ms. Maxwell's accusers, no longer minors, who have been permitted to remain anonymous even though many have revealed their identities.

The presumption of public access is also outweighed by Ms. Maxwell's privacy interest in details regarding her financial condition, as well as the privacy interests of third parties that would be implicated if Ms. Maxwell's assets were publicly disclosed. *See id.* (personal financial records traditionally considered private, not public).

Similar privacy interests led the court to permit the redaction of bail submission materials in *United States v. Nejad ("Sadr")*, Case 1:18-cr-00224-AJN (S.D.N.Y.). Like this case, *Sadr* involved a defendant with meaningful assets and a bail package with numerous co-signers. At the initial bail hearing, Judge Carter ordered both defense counsel and the government to redact attachments to their submissions because they contained "sensitive private information with respect to a whole series of individuals." (*Id.*, Dkt. 21 at 25.) The privacy interests at stake here are significantly higher, given the documented threats against Ms. Maxwell and harassment of her family and friends.

For the reasons set forth above, we believe that portions of the Motion, and certain materials submitted in support thereof and in opposition thereto, should be filed under seal. We respectfully request an *in camera* conference to address these issues and other confidentiality concerns related to the Motion. We have consulted with the government, which consents to the redaction and sealed filing of (1) the names and identifying information of any proposed cosigners, (2) any discovery materials designated confidential under the Protective Order in this case, and (3) any information derived from confidential discovery materials in this case. The government does not consent to the *in camera* conference.

The Honorable Alison J. Nathan
November 25, 2020
Page 4

                                              Respectfully submitted,

                                              /s/ Christian R. Everdell (CJD)

                                              Mark S. Cohen
                                              Christian R. Everdell
                                              **COHEN & GRESSER LLP**
                                              800 Third Avenue, 21st Floor
                                              New York, New York 10022
                                              (212) 957-7600

cc:    All counsel of record (via email)