

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
Christian R. Everdell
+1 (212) 957-7600
mcohen@cohengresser.com
ceverdell@cohengresser.com

November 30, 2020

**TO BE FILED UNDER SEAL**

**VIA EMAIL (SUBMITTED PURSUANT TO SECTION 2(B)
OF JUDGE NATHAN'S INDIVIDUAL PRACTICES IN CRIMINAL CASES)**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:  *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

      On behalf of our client, Ghislaine Maxwell, we respectfully submit this letter in response to the Court's order, dated November 25, 2020, directing Ms. Maxwell to justify why her letter of the same date requesting an *in camera* conference to discuss confidentiality concerns related to her Renewed Motion for Release on Bail (the "Motion") should be sealed or redacted.

      We continue to believe that sealing the November 25, 2020 letter (the "November 25th Letter") in its entirety is warranted and appropriate under the governing case law.  However, in response to the Court's order, we ask the Court to file a redacted version of the November 25th Letter, attached hereto as Exhibit A, which redacts only the information necessary to protect third parties from threats and harassment.  In addition, because this letter must make reference to the same confidential information contained in the November 25th Letter in order to justify the proposed redactions, we further ask the Court to file a redacted version of this letter, attached as Exhibit B.  If the Court is not inclined to allow any of these redactions, we request leave to withdraw both letters and refile the November 25th Letter with the redacted sentences deleted.

      Every submission related to the Motion, including this letter, presents the defense with a Catch-22.  To support Ms. Maxwell's position regarding sealing and confidentiality, we are asked to provide the Court with specific information about the people supporting Ms. Maxwell's bail application and the need for sealing.  But until we know what confidentiality protections the Court is willing to put in place, we are obligated to protect these people from the potentially devastating consequences of being publicly identified by divulging as little information about them as possible.  We therefore continue to believe that an *in camera* conference, attended by all counsel, is the best way to address all of the confidentiality issues related to the Motion.

With regard to the November 25th Letter, Ms. Maxwell requests redaction of three sentences. The first sentence must be redacted because it contains information that will identify a proposed co-signer. The government, itself, concedes that such information should be redacted. (*See* November 25th Letter at 3). The reference in this sentence to  Even assuming, *arguendo*, that there is some minimal public interest in knowing the identity of a particular surety, it is vastly outweighed by the significant privacy concerns in this case. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) ("[t]he privacy interests of innocent third parties … should weigh heavily in a court's balancing equation…. [C]ourts have the power to insure that their records are not used to gratify private spite or promote public scandal[.]").[1]

Similarly, redaction of the second and third sentences, like the first, is necessary to protect the privacy and safety of people who have suffered, or legitimately fear they will suffer, terrible personal and professional consequences for having been linked to Ms. Maxwell. People close to Ms. Maxwell have been physically stalked by members of the tabloid press and have had paparazzi jump out of bushes and in front of their cars to snap pictures of them. And several have been the target of repeated physical threats. Many of the people who want to support Ms. Maxwell's renewed bail application are older and do not have the financial means to hire a personal security detail to protect themselves. Nor should they have to. They are all people of good character who are simply trying to support Ms. Maxwell's constitutional right to seek release on bail. They should be given appropriate protections so that they can step forward without having their lives upended or, worse, destroyed.[2]

The November 25th Letter, as submitted, intentionally avoided naming these individuals for this very reason. But removing or redacting their names, as the government proposes, is not enough. This case has generated so much media attention and public opprobrium that public

---

[1] [redacted]

[2] Given the sensitive subject matter of this case, the sureties have legitimate fears for their safety if they are publicly identified. Numerous social media posts have advocated killing Ms. Maxwell as a perverse form of "justice" for her alleged role in Epstein's sex trafficking crimes. As we have all been recently reminded with the tragic case of the death of Judge Esther Salas's son, there are people who are capable of committing horrible acts of violence—even against innocent third parties—by convincing themselves that their actions are justified.

The Honorable Alison J. Nathan
November 30, 2020
Page 3

disclosure of even the smallest personal detail about anyone connected to Ms. Maxwell—whether or not they are named or anonymized—will ignite a frenzy of media speculation seeking to identify them. To name just one example,  We have every reason to expect that the same will occur with anyone even obliquely mentioned in connection with the Motion.

Accordingly, the reference in the second sentence to  Similarly, the reference in the third sentence to

We do not make this request for redaction lightly. We are acutely mindful that courts are generally reluctant to seal anything in a court filing beyond what is required by statute or local court rules. We are therefore proposing targeted redactions, consistent with the case law in this Circuit, that are no more extensive than necessary to protect these third parties. *See Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 124 (2d Cir. 2006); *see also Unites States v. Wey*, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017) (Nathan, J.) (granting motion to seal evidentiary exhibits on privacy grounds). Ultimately, we seek the same privacy protections for these people that the government has sought and obtained for Ms. Maxwell's accusers and for other information covered by the Protective Order in this case.

By making this request for redaction, we are not trying to litigate this case in secret. We are merely seeking the ability to file a renewed bail application for Ms. Maxwell without further risking the safety and privacy of sureties needed to support that application. This is the first of several confidentiality issues that will arise in connection with the Motion, and the sureties will be looking at the Court's ruling as an indication of the level of confidentiality they can expect to be afforded. These individuals have requested that their privacy and safety be appropriately protected by the Court.

For the reasons set forth above, we respectfully request that the Court file the proposed redacted version of the November 25th Letter, attached as Exhibit A, and the proposed redacted version of this letter, attached as Exhibit B. In the alternative, we request leave to withdraw both letters and refile the November 25th Letter with the redacted sentences deleted.

The Honorable Alison J. Nathan
November 30, 2020
Page 4

                                                  Respectfully submitted,

                                                  */s/ Christian R. Everdell*  (CVD)

                                                  Mark S. Cohen
                                                  Christian R. Everdell
                                                  **COHEN & GRESSER LLP**
                                                  800 Third Avenue, 21st Floor
                                                  New York, New York 10022
                                                  (212) 957-7600

cc:   All counsel of record (via email)