```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/14/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ghislaine Maxwell,

                  Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      On December 8, 2020, Defendant Ghislaine Maxwell filed her renewed application for bail under seal with proposed redactions, in accordance with this Court's December 7, 2020 Order, *see* Dkt. No. 89. The Government did not file any opposition to the Defendant's proposed redactions.

      After due consideration, the Court will adopt the Defendant's proposed redactions. The Court's decision to adopt those redactions is guided by the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *Id*. at 119–20. "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id*. at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995) ("*Amodeo II*")).

      The proposed redactions satisfy this test. The Court finds that Defendant's letter motions are "relevant to the performance of the judicial function and useful in the judicial process," thereby qualifying as a "judicial document" for purposes of the first element of the *Lugosch* test.

*United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995).  And the Court also finds that the common law presumption of access attaches.  *Id.* at 146; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978).  Nevertheless, in balancing competing considerations against the presumption of access, the Court finds that the redactions are narrowly tailored to properly guard the privacy interests of the individuals referenced in the Defendant's submission and in the corresponding exhibits.

    The Defendant is hereby ORDERED to docket the redacted documents and corresponding exhibits.

    SO ORDERED.

Dated: December 14, 2020
       New York, New York

                                      ALISON J. NATHAN
                                      United States District Judge