USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/23/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America,

–v–

Ghislaine Maxwell,

Defendant.

---

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On December 18, 2020, the Defendant filed her reply to the Government's opposition to her renewed application for bail. In accordance with this Court's December 7, 2020 Order, *see* Dkt. No. 89, she filed these materials under seal and proposed narrowly tailored redactions on those materials. The Government did not file any opposition to the Defendant's proposed redactions.

The Court will adopt the Defendant's proposed redactions after applying the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *Id*. at 119–20. "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id*. at 120 (quoting *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1050 (2d Cir. 1995)).

The proposed redactions satisfy this test. The Court finds that the Defendant's submissions are "relevant to the performance of the judicial function and useful in the judicial process," thereby qualifying as a "judicial document" for purposes of the first element of the

1

*Lugosch* test. *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995). And the Court also finds that the common law presumption of access attaches. *Id.* at 146; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978). As with the redactions to her renewed motion for bail, the proposed redactions here are narrowly tailored to serve substantial interests, including, most importantly, third parties' personal privacy interests. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017). *See also* Dkt. No. 95.

The Defendant is hereby ORDERED to docket the redacted documents and corresponding exhibits by no later than December 23, 2020.

SO ORDERED.

Dated: December 23, 2020
      New York, New York                    _____
                                                        ALISON J. NATHAN
                                                        United States District Judge

2