UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ghislaine Maxwell,

Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On December 8, 2020, Defendant Ghislaine Maxwell filed a renewed motion for release on bail. Dkt No. 97. In an Opinion and Order concurrently filed under temporary seal, the Court DENIES the Defendant's motion.

In light of the fact that the Opinion includes potentially confidential information that should not be filed on the public docket, the Court will permit the parties 48 hours to propose any redactions to the Court's Opinion and Order and to justify those redactions by reference to the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110(2d Cir. 2006). After determining which, if any, portions of the Opinion and Order should be redacted, the Court will file the Opinion and Order on the public docket.

This Order provides the bottom line of the Court's resolution. On July 14, 2020, this Court conducted an extensive bail hearing and determined that pre-trial detention was warranted because the no conditions or set of conditions could reasonably assure the Defendant's appearance at future proceedings. Under 18 U.S.C. § 3142(f), a bail hearing may be reopened if the Court finds "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required." The Court concludes that

1

none of the new information that the Defendant presented in support of her application has a material bearing on the Court's determination that she poses a flight risk.

Furthermore, for substantially the same reasons as the Court determined that detention was warranted in the initial bail hearing, the Court again concludes that no conditions of release can reasonably assure the Defendant's appearance at future proceedings. In reaching that conclusion, the Court considers the nature and circumstances of the offenses charged, the weight of the evidence against the Defendant, the history and characteristics of the Defendant, and the nature and seriousness of the danger that the Defendant's release would pose. *See* 18 U.S.C. § 3142(g). The Government does not contend that the Defendant poses a danger to the community. Nonetheless the Court determines that the other three factors warrant detention under 18 U.S.C. § 3142(e). The Court also finds that the Defendant's proposed bail conditions would not reasonably assure her appearance at future proceedings.

As a result, the Court concludes that the Government has met its burden of persuasion that the Defendant poses a flight risk and that pre-trial detention continues to be warranted.

On or before December 30, 2020, the parties are ORDERED to submit a joint letter indicating whether they propose any redactions and the justification for any such proposal.

This resolves Dkt No. 97.

SO ORDERED.

Dated: December 28, 2020  
  New York, New York

_____  
ALISON J. NATHAN  
United States District Judge