UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
:
UNITED STATES OF AMERICA,                       :
                                                :
            v.                                  :    20 Cr. 330 (AJN)
                                                :
GHISLAINE MAXWELL,                              :
                                                :
                        Defendant.              :
                                                :
------------------------------------------------------- x

# MEMORANDUM OF GHISLAINE MAXWELL
# IN SUPPORT OF HER MOTION FOR A SEVERANCE OF AND SEPARATE TRIAL
# ON COUNTS FIVE AND SIX OF THE SUPERSEDING INDICTMENT

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Mark S. Cohen
Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New
York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

INTRODUCTION ........................................................................................................................... 1

OVERVIEW OF THE ALLEGATIONS ........................................................................................ 2

    A.    Counts One through Four (the "Mann Act Counts") ........................................................ 2

    B.    Counts Five and Six (the "Perjury Counts") ................................................................... 3

APPLICABLE LAW ....................................................................................................................... 3

    A.    Joinder of Offenses ........................................................................................................... 3

    B.    Severance of Offenses ..................................................................................................... 5

ANALYSIS ...................................................................................................................................... 6

    A.    The Perjury Counts Are Improperly Joined Under Rule 8(a) and Must Be Severed ....... 6

    B.    The Perjury Counts Should Be Severed Under Rule 14(a) Because Their Inclusion Will Substantially Prejudice Ms. Maxwell at Trial ................................................................. 9

CONCLUSION .............................................................................................................................. 13

Certificate of Service .................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Drew v. United States*, 331 F.2d 85 (D.C. Cir. 1964) ................................................................... 6

*United States v. Blakney*, 941 F.2d 114 (2d Cir. 1991) ................................................................ 4

*United States v. Botti*, No. 3:08-cr-00230 (CSH), 2009 WL 3157582 (S.D.N.Y. Sept. 25, 2009)
 .............................................................................................................................................. 4, 9

*United States v. Bradford*, 487 F. Supp. 1093 (D. Conn. 1980) ................................................... 5

*United States v. Brown*, No. 07-0296-1, 2008 WL 161146 (E.D. Pa. Jan. 16, 2008) ................ 4, 7

*United States v. Burke*, 789 F. Supp. 2d 395 (S.D.N.Y. 2011) ........................................... 5, 6, 12

*United States v. Chevalier*, 776 F. Supp. 853 (D. Vt. 1991) ........................................................ 6

*United States v. Halper*, 590 F.2d 422 (2d Cir. 1978) ......................................................... passim

*United States v. Jackson*, 562 F.2d 789 (D.C. Cir. 1977) ............................................................ 5

*United States v. Lewis*, 626 F.2d 940 (D.C. Cir. 1980) ................................................................ 6

*United States v. Martinez*, Nos. S2 92 Cr. 839 (SWK), 1993 WL 322768 (S.D.N.Y. Aug. 19,
    1993) ..................................................................................................................................... 4, 7

*United States v. Mitan*, No. CRIM.A 08-760-01, 2009 WL 2328870 (E.D. Pa. July 28, 2009)  5, 9

*United States v. Potamitis*, 739 F.2d 784 (2d Cir. 1984) ........................................................... 4, 8

*United States v. Ramos*, No. 06 Cr. 172 (LTS), 2009 WL 1619912
(S.D.N.Y. Jun. 5, 2009)  ...................................................................................................... 5, 6, 11

*United States v. Randazzo*, 80 F.3d 623 (1st Cir. 1996) ............................................................... 4

*United States v. Rivera*, 546 F.3d 245 (2d Cir. 2008) .................................................................. 4

*United States v. Sampson*, 385 F.3d 183 (2d Cir. 2004) .............................................................. 5

*United States v. Turoff*, 853 F.2d 1037 (2d Cir.1988) ....................................................... 3, 5, 10

*United States v. Walker*, 142 F.3d 103 (2d Cir. 1998) ................................................................. 5

*United States v. Werner*, 620 F.2d 922 (2d Cir. 1980) ....................................................... 3, 4, 10

*United States v. Winchester*, 407 F. Supp. 261 (D. Del. 1975) .................................................... 5

**Statutes**

18 U.S.C. § 1623 ................................................................................................................................ 3

18 U.S.C. § 2422 ................................................................................................................................ 2

18 U.S.C. § 2423(a) ........................................................................................................................... 2

**Rules**

Fed. R. Crim. P. 8(a) ................................................................................................................. passim

Fed. R. Crim. P. 14(a) ............................................................................................................... passim

Rule of Professional Conduct 3.7 ..................................................................................................... 14

## INTRODUCTION

Ms. Maxwell, pursuant to Fed. R. Crim. P. 8(a) and 14, requests that the Court enter an order severing Counts Five and Six of the Superseding Indictment ("Indictment") from Counts One through Four because these Counts have been improperly joined and a joint trial would result in substantial prejudice to Ms. Maxwell.

Counts Five and Six of the Indictment allege that Ms. Maxwell made materially false statements at two civil depositions in 2016 that were part of a defamation action brought against her more than twenty years after the conduct alleged in Counts One through Four supposedly took place (1994-1997).  The plaintiff in the defamation action, Virginia Roberts Giuffre, made wild and false accusations that she had been sexually trafficked by Epstein and Ms. Maxwell to dozens of famous politicians, professors, foreign leaders, and others. When Ms. Maxwell denied these allegations as false, Giuffre sued for defamation. Discovery conducted in the defamation action established that Giuffre's stories, sold to tabloids for large sums of money, were in fact false. Those accused by Ms. Giuffre, Professor Alan Dershowitz, for example, denounced her as a "serial liar."  Regardless, Ms. Giuffre is not one of the three accusers identified in Counts One through Four of the Superseding Indictment and her claims relate to a different time period entirely.  Allowing Counts Five and Six to be tried along with Counts One through Four will significantly prejudice Ms. Maxwell because it will allow the government to introduce testimony of alleged sexual abuse that purportedly occurred outside of the time period alleged in Counts One through Four, despite the fact that Ms. Maxwell (unlike Jeffrey Epstein) was never criminally charged with that conduct.  As a result, the jury may convict Ms. Maxwell of Counts One through Four based on an improper inference of criminal propensity.

Furthermore, the Court and the jury and the Court will have to resolve numerous complex legal and factual issues in connection with the perjury charges that will lengthen and complicate

1

the trial, raise a substantial risk of juror confusion, and may operate to deprive Ms. Maxwell of her counsel of choice. Accordingly, the Court should sever Counts Five and Six.

## OVERVIEW OF THE ALLEGATIONS

### A. Counts One through Four (the "Mann Act Counts")

Counts One and Three of the Indictment allege that Ms. Maxwell conspired with Jeffrey Epstein and "others known and unknown" to violate two separate provisions of the Mann Act. Count One alleges that Ms. Maxwell conspired with Epstein to entice "one or more individuals" to travel in interstate and foreign commerce to engage in "sexual activity for which a person can be charged with a criminal offense" in violation of 18 U.S.C. § 2422. Indictment ¶¶ 9-10. Count Three alleges that Ms. Maxwell conspired with Epstein to transport "an individual" in interstate and foreign commerce to engage in "sexual activity for which a person can be charged with a criminal offense" in violation of 18 U.S.C. § 2423(a). *Id*. ¶¶ 15-16.

Counts One and Three each allege four identical overt acts in furtherance of the conspiracy involving three accusers.[1] *Id.* ¶¶ 11, 17. All of the overt acts allegedly occurred at unspecified times "between in or about 1994 and in or about 1997" in New York, Florida, New Mexico, and London, England. *Id*.

Counts Two and Four charge Ms. Maxwell with substantive violations of 18 U.S.C. §§ 2422 and 2423(a). *Id.* ¶¶ 13, 19. Counts Two and Four allege offenses as to Accuser-1 only, not Accusers-2 or -3. *Id*. Like Counts One and Three, Counts Two and Four are based on conduct that allegedly occurred at unspecified times between 1994 and 1997. *Id*. ¶¶ 13, 19.

---

[1] The indictment refers to the accusers as Minor Victim-1, Minor Victim-2, and Minor Victim-3. We will refer to them as Accuser-1, Accuser-2, and Accuser-3.

2

### B. Counts Five and Six (the "Perjury Counts")

Counts Five and Six of the Indictment allege that Ms. Maxwell committed perjury in violation of 18 U.S.C. § 1623 by testifying falsely at two separate civil depositions—one on April 22, 2016 (Count Five) and the other on July 22, 2016 (Count Six). *Id.* ¶¶ 21, 23.

## APPLICABLE LAW

### A. Joinder of Offenses

Rule 8(a) of the Federal Rules of Criminal Procedure provides, in relevant part,

> **(a) Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Rule 8(a) sets forth three different circumstances in which separate offenses may be properly joined in the same indictment; namely, when the offenses: (1) "are of the same or similar character," (2) "are based on the same act or transaction," or (3) "are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Although charging separate offenses in the same indictment and allowing them to be tried together "inevitably involves some danger of prejudice" to the defendant, Rule 8 permits joinder of offenses in circumstances where "gains in trial efficiency outweigh the recognized prejudice that accrues to the accused." *United States v. Turoff*, 853 F.2d 1037, 1042-43 (2d Cir.1988); *see also United States v. Werner*, 620 F.2d 922, 928 (2d Cir. 1980) (purpose of Rule 8 is to promote "trial convenience and economy of judicial and prosecutorial resources"); *United States v. Halper*, 590 F.2d 422, 430 (2d Cir. 1978) ("efficiency and economy" are the "customary justifications for joinder").

In conducting a Rule 8(a) analysis, "no one characteristic is always sufficient to establish 'similarity' of offenses ... and each case depends largely on its own facts." *United States v.*

3

*Blakney*, 941 F.2d 114, 116 (2d Cir. 1991) (quotations and citation omitted). "'Similar' charges include those that are 'somewhat alike,' or those 'having a general likeness' to each other." *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008) (quoting *Werner*, 620 F.2d at 926). Offenses are "connected" or part of a "common scheme or plan" if the counts "grow out of related transactions." *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996). By contrast, offenses are not "connected" and joinder is inappropriate when "[c]ommission of one of the offenses neither depended upon nor necessarily led to the commission of the other; proof of the one act neither constituted nor depended upon proof of the other." *Halper*, 590 F.2d at 429.

Similarly, offenses that are separated by time and location, and were allegedly committed under different circumstances, are not sufficiently connected to warrant joinder. *See United States v. Martinez*, Nos. S2 92 Cr. 839 (SWK), 1993 WL 322768, at *8-*9 (S.D.N.Y. Aug. 19, 1993) (granting severance of firearm possession and narcotics conspiracy counts where firearm was seized in different location over four months after narcotics conspiracy ended "under circumstances having no bearing on either the alleged narcotics conspiracy, or any of [defendant's] coconspirators"); *United States v. Brown*, No. 07-0296-1, 2008 WL 161146, at *5 (E.D. Pa. Jan. 16, 2008) (granting severance where a firearm possession count was unrelated "both physically *and* temporally" to the narcotics counts in the indictment (emphasis original)).

Although the Second Circuit has recognized that it is generally permissible to join "underlying substantive crimes with perjury counts" where the false declarations "concern the substantive offenses," *United States v. Potamitis*, 739 F.2d 784 (2d Cir. 1984), joinder is not appropriate when the perjury or false statement allegations do not relate to, or have only a speculative connection to, the other charges in the indictment. *See United States v. Botti*, No. 3:08-cr-00230 (CSH), 2009 WL 3157582, at *5 (S.D.N.Y. Sept. 25, 2009) (severing structuring

4

counts alleging false statements to IRS agent from separate corruption counts due to "speculative nature of the link" between the structuring and corruption offenses); *United States v. Mitan*, No. CRIM.A 08-760-01, 2009 WL 2328870, at *3 (E.D. Pa. July 28, 2009) (joinder improper where alleged perjury did not arise from same transaction or comprise part of common plan with fraud counts in indictment).

If one or more counts are improperly joined in an indictment, the court must sever the misjoined counts. *United States v. Bradford*, 487 F. Supp. 1093, 1097 & n.5 (D. Conn. 1980) ("The remedy for the misjoinder is the severance of the misjoined count.") (citing *United States v. Jackson*, 562 F.2d 789, 797 n.10 (D.C. Cir. 1977)); *United States v. Winchester*, 407 F. Supp. 261 (D. Del. 1975) (a finding of misjoinder requires the court to sever the offenses as a matter of course "without regard to the merits of defendant's claims of prejudice" under Rule 14).

### B.  Severance of Offenses

Fed. R. Crim. P. 14 provides, in relevant part,

> **(a) Relief.** If the joinder of offenses … appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Rule 14(a) allows a district court to grant severance even if joinder is proper under Rule 8. *United States v. Burke*, 789 F. Supp. 2d 395, 398 (S.D.N.Y. 2011) (citing *Turoff*, 853 F.2d at 1043). To prevail on a motion to sever, a defendant must show that failure to sever will cause "substantial prejudice." *United States v. Ramos*, No. 06 Cr. 172 (LTS), 2009 WL 1619912, at *1 (S.D.N.Y. Jun. 5, 2009) (citing *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004)). The prejudice must be "sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998).

Prejudice sufficient to justify severance under Rule 14 may exist when: (1) the defendant might become embarrassed or confounded in presenting separate defenses, (2) the jury might use evidence of one of the crimes charged to infer a criminal disposition to commit the other crime or crimes charged, or (3) the jury might cumulate evidence of the various crimes charged to find guilt on a count, which if considered separately, it would not so find. *Halper*, 590 F.2d at 440 (citing *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964)); *United States v. Chevalier*, 776 F. Supp. 853, 857 (D. Vt. 1991) (citing *United States v. Lewis*, 626 F.2d 940, 945 (D.C. Cir. 1980)). The decision to sever is "committed to the sound discretion of the district court" and is "virtually unreviewable" on appeal. *Ramos*, 2009 WL 1619912, at *1; *Burke*, 789 F. Supp. 2d at 398.

## ANALYSIS

### A. The Perjury Counts Are Improperly Joined Under Rule 8(a) and Must Be Severed

The Perjury Counts (Counts Five and Six) were improperly joined and should be severed from the Mann Act Counts (Counts One through Four) as a matter of law. The Perjury Counts and the Mann Act Counts are entirely separate offenses that involve different time periods, different alleged victims, and different substantive charges. The Mann Act Counts are confined, purposefully, to a very narrow time period and allege that Ms. Maxwell enticed and transported minors to engage in illegal sexual activity from 1994 to 1997. Indictment ¶¶ 9, 13, 15, 19. The Perjury Counts allege that Ms. Maxwell purportedly made false statements in 2016 in a civil defamation action that concerned allegations of purported sexual abuse in a later time period (1999-2002) for which Ms. Maxwell has never been charged criminally. *Id.* ¶¶ 21, 23; Ex. A at 3-5. The plaintiff in the defamation action, Virginia Roberts Giuffre, is not one of the three accusers referred to in the Mann Act Counts. Similarly, the people we believe to be the three

6

accusers were not part of the subject matter of the defamation action, nor were they deposed as witnesses in that case. The Perjury Counts therefore are not "of the same or similar character," nor are they "based on the same act or transaction" as the Mann Act Counts and cannot be joined. Fed. R. Crim. P. 8(a); *see Halper*, 590 F.2d at 430 (temporally and factually distinct Medicaid fraud and tax evasion offenses were not based on same transaction, nor were they "of the same or similar character" simply because both involved attempts to submit false information to government agencies).

Furthermore, the perjury offenses purportedly occurred more than *twenty years* after the offenses alleged in the Mann Act Counts. There is no allegation that Ms. Maxwell continued conspiring with Epstein, or engaged in any misconduct at all, in the intervening time period. In fact, the government did not charge Ms. Maxwell in connection with the investigation that led to Epstein's Non-Prosecution Agreement in 2007, or in its 2019 indictment of Epstein, which charged Epstein with sex trafficking offenses from 2002-2005. Joinder is improper when the offenses are separated by such a significant time period and do not relate to each other. *See Martinez*, 1993 WL 322768, at \*8-\*9 (joinder of firearm possession and narcotics conspiracy counts improper under Rule 8(a) where firearm was seized in different location over four months after narcotics conspiracy ended "under circumstances having no bearing on either the alleged narcotics conspiracy, or any of [defendant's] coconspirators"); *Brown*, 2008 WL 161146, at \*5 (joinder improper under Rule 8(a) where a firearm possession count was unrelated "both physically *and* temporally" to narcotics counts in indictment (emphasis original)).

The Perjury Counts and the Mann Act Counts are also not "parts of a common scheme or plan." Fed. R. Crim. P. 8(a). As a general matter, perjury, false statements, and obstruction of justice offenses are sufficiently connected to and appropriately joined with underlying

7

substantive crimes when the false declarations "concern the substantive offenses." *Potamitis*, 739 F.2d at 791.  Such cases typically involve situations where the defendant was aware that he was being investigated and either lied to the grand jury or made false statements to law enforcement officers in an effort to thwart the existing investigation into the other offenses with which he was charged.  *See, e.g., id.* at 789-90 (joinder of perjury, false statements, and obstruction of justice counts proper where defendant made false statements to FBI agents and perjured himself in the grand jury); *see also id*. at 791 (collecting cases).

      Here, the circumstances are very different and joinder is not appropriate.  The government does not allege that Ms. Maxwell lied to the grand jury or the FBI to derail its investigation into the conduct underlying the Mann Act Counts.  Instead, it alleges that Ms. Maxwell made false statements in two depositions in an unrelated civil defamation action which occurred in April and July 2016. Moreover, although the government alleges that some of the questions posed at the depositions related to some of the alleged victims in this case (Indictment ¶¶ 2, 8), the questions were tangential to the defamation action, which was based on Ms. Maxwell's denial of a purported conspiracy with Epstein from 1999-2002 involving Ms. Giuffre. The alleged false statements underlying the Perjury Counts therefore do not "concern" the Mann Act Counts and cannot be joined as part of a "common scheme or plan." *Potamitis,* 739 F.2d at 791.

      The government makes only a half-hearted, and ineffective, attempt to allege a connection between the Perjury Counts and the Mann Act Counts sufficient to satisfy Rule 8(a). Paragraph 2 of the Indictment alleges:

> [I]n an effort to conceal her crimes, MAXWELL repeatedly lied when questioned about her conduct, including in relation to some of the minor victims described herein, when providing testimony under oath in 2016.

8

(Indictment ¶ 2; *accord id.* ¶ 8.)   As discussed in Ms. Maxwell's Memorandum in Support of her Motion to Dismiss Counts Five and Six, because the statements at issue are not perjurious, the questions asked were confusing, ambiguous, and improperly formed. None of the questions, or any answers, were material to any issue in the defamation action. There were no "crimes" concealed by Ms. Maxwell's answers which were both true and reflective of the poor questioning by the plaintiff's lawyers. The Government does not articulate how statements like: "I don't know what you are talking about," an admission that Ms. Maxwell "could not make a list" upon demand, her lack of knowledge about undefined "devices" or "toys" could possibly "conceal her crimes."  Accordingly, the government's purported connection between the Perjury Counts and the Mann Act Counts defies logic and is insufficient to permit joinder under Rule 8(a). *See Botti*, 2009 WL 3157582, at *5 (joinder improper due to "speculative nature of the link" between structuring counts alleging false statements to IRS agent and separate corruption counts); *Mitan*, 2009 WL 2328870, at *3 (joinder improper where alleged perjury arose from false statement in connection with defendant's bail application, not an attempt to "cover up" underlying scheme to defraud with which defendant was charged).

### B. The Perjury Counts Should Be Severed Under Rule 14(a) Because Their Inclusion Will Substantially Prejudice Ms. Maxwell at Trial

Even if the Court finds that joinder is proper under Rule 8, the Court should nevertheless exercise its discretion to sever Counts Five and Six under Rule 14(a) because of the substantial prejudice to Ms. Maxwell and these proceedings.  A joint trial of the Perjury Counts will require a full-blown re-litigation of the defamation action, which will result in a collateral matter taking over the trial.  Substantial amounts of evidence that would be inadmissible and irrelevant as to the Mann Act Counts will, necessarily, be presented in order to prove the Perjury Counts.  For example, there will need to be a collateral trial on whether Virginia Roberts Giuffre's statements

9

about an alleged conspiracy from 1999-2002 were in fact lies, even though the Mann Act Counts have nothing to do with Giuffre and are based on an entirely separate time period. The jury will also need to be instructed on the elements of civil defamation and the various defenses, and they will need to evaluate whether the alleged perjurious statements were material to the defamation action. At the time the defamation case was dismissed, more than 50 substantive motions were pending before the District Court. Resolution of the materiality question would necessarily involve adjudicating those motions. Accordingly, joining the Perjury Counts would substantially lengthen the trial and unnecessarily complicate the factual issues put before the jury; it would not serve the goals of trial efficiency and judicial economy, which joinder is supposed to promote. *See Turoff*, 853 F.2d at 1042-43; *Werner*, 620 F.2d at 928; *Halper*, 590 F.2d at 430.

A joint trial with the Perjury Counts would also substantially prejudice Ms. Maxwell because it would necessarily introduce allegations of purported sex abuse from 1999-2002 for which Ms. Maxwell has never been charged criminally and which is well outside of the time period alleged in the Mann Act Counts. The Palm Beach Police Department thoroughly investigated allegations of Epstein's sexual abuse in the early-mid 2000s and did not find any evidence against Ms. Maxwell. The documents produced in discovery show that none of the more than 30 alleged victims who were interviewed in that investigation testified that they met, talked to, or identified Ms. Maxwell as someone involved with Epstein's alleged scheme. Moreover, had the government credited Ms. Giuffre's allegations against Ms. Maxwell, it would no doubt have charged Ms. Maxwell in the 2019 indictment, which charged Epstein alone with sex trafficking offenses from 2002-2005. *It did not*. Allowing the government to introduce purported evidence of an uncharged and unsubstantiated conspiracy with Epstein through the vehicle of the Perjury Counts would be extremely prejudicial and create a substantial risk that the

jury would convict Ms. Maxwell on the Mann Act Counts based on a false inference of criminal propensity. Similarly, it would create a substantial risk that the jury will confuse the legal and factual issues pertinent to the Perjury Counts and convict Ms. Maxwell without independently considering those counts. *See Ramos*, 2009 WL 1619912, at *2 (severing "temporally distinct" drug counts involving a different controlled substance from other drug counts because of "the potential for jury confusion, or improper propensity inferences, with respect to the drug-related aspects of the original charges").

Furthermore, the government's decision to allege violations only in the narrow 1994-1997 time period was deliberate—it did so, in part, to try to avoid the impact of Epstein's 2007 Non-Prosecution Agreement ("NPA"). In its opposition to Ms. Maxwell's initial bail application, the government argued that the NPA did not protect Ms. Maxwell from prosecution principally because the Indictment did not charge conduct covered by the NPA, which the government argues "was limited by its terms to conduct spanning from 2001 to 2007, a time period that post-dates the conduct charged in the Indictment." (Dkt. 22 at 5-6).[2] The government now wants it both ways. It has confined the allegations in the Indictment to the earlier time frame to try to prevent a legal challenge that would result in the dismissal of the Mann Act Counts, but at the same time it seeks to introduce conduct from the later time period by joining the Perjury Counts. The government should not be permitted to do so.

In addition, joinder of the Perjury Counts would prejudice Ms. Maxwell because it could impact the ability of Ms. Maxwell's counsel of choice to participate in the criminal trial. The Perjury Counts will involve complicated legal issues about permissible deposition questions, whether the answers to the poorly formulated questions would have been allowed, the role of a

---

[2] The defense disputes that the coverage of the NPA is so limited. *See Motion to Dismiss Indictment for Breach of Non-Prosecution Agreement*.

11

lawyer in a deposition, and a legal opinion about what was "material" in the context of the civil proceeding. It is unclear how the Government intends to address these issues, however, a trial with the perjury counts will necessarily involve litigating a complicated defamation action within a criminal trial, making the trial of this case unnecessarily lengthy and confusing. By May, 2017, shortly before the civil defamation case was dismissed, the matter had generated over 900 docket entries. Approximately 50 substantive motions relating to the admissibility of expert testimony, deposition testimony, and the admissibility of evidence remained unresolved. Judge Sweet had yet to rule on evidentiary challenges to thousands of deposition questions and answers contained in dozens of bankers boxes wheeled into his courtroom on dollies. A trial involving the perjury counts may well involve revisiting all of these unresolved issues.

Inclusion of the Perjury Counts injects into this case the performance and credibility of Ms. Maxwell's lawyers and may require Ms. Maxwell's counsel of choice to testify. Presumably, this would result in disqualification of lawyers who have represented Ms. Maxwell for over five years from the entire trial, even though there is no reason why their testimony would be required in connection with the Mann Act Counts. *See*, Rule of Professional Conduct 3.7.

Severance is still appropriate even though the government alleges that some of the questions posed at the depositions related to some of the alleged victims in this case. Indictment ¶¶ 2, 8. Even if the government uses some minimal amount of overlapping evidence to prove both the Perjury Counts and the Mann Act Counts, the miniscule gain in efficiency of introducing proof is far outweighed be the much larger inefficiency of substantially lengthening and complicating the trial and by the risk of substantial prejudice to the defendant discussed above. *See Burke*, 789 F. Supp. 2d at 398 (severing witness tampering charges from RICO conspiracy charges in the interests of judicial economy, despite fact that government would have

to present "some overlapping proof" and "five limited overlapping witnesses" to prove both charges).

Finally, severance is appropriate because a joint trial including the Perjury Counts will necessarily introduce into the trial the issue of Ms. Maxwell's credibility, even if she decides to assert her Fifth Amendment right not to testify.  By alleging that Ms. Maxwell lied about sexual and other salacious topics, the Government is explicitly putting its very big thumb on the credibility scale. The Government will attempt to argue to the jury that Ms. Maxwell lied about the allegations in the Perjury Counts and that Ms. Maxwell is a liar in general.  This is a tool not normally afforded to the accuser in a criminal case.  It will be difficult, if not impossible, for Ms. Maxwell to lodge appropriate objections and the Court to make appropriate rulings and provide limiting instructions on the evidence. There is a substantial risk that the jury will convict Ms. Maxwell on Counts One-Four because her credibility was attacked in connection with the Perjury Counts.   In short, a joint trial on Counts One through Six guarantees a mess.  The Court should therefore sever the Perjury Counts under Rule 14(a).

## CONCLUSION

For the reasons set forth above, the Court should sever the Perjury Counts (Counts Five and Six) from the Mann Act Counts (Counts One through Four) and order that they be tried separately, pursuant to Rules 8(a) and 14 of the Federal Rules of Criminal Procedure.

Dated: January 25, 2021


Respectfully submitted,

*s/ Jeffrey S. Pagliuca*

Jeffrey S. Pagliuca (*pro hac vice*)
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Mark S. Cohen
Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

14

## Certificate of Service

I hereby certify that on January 25, 2021, I electronically filed the foregoing *Memorandum of Ghislaine Maxwell in Support of Her Motion for a Severance of and Separate Trial on Counts Five and Six of the Superseding Indictment* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alison Moe
Maurene Comey
Andrew Rohrbach
Lara Pomerantz
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Alison.moe@usdoj.gov
Maurene.comey@usdoj.gov
Andrew.Rohrbach@usdoj.gov
Lara.Pomerantz@usdoj.gov

*s/ Nicole Simmons*