UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                         :

UNITED STATES OF AMERICA,         :

                                                :       20 Cr. 330 (AJN)
         v.                                           :

GHISLAINE MAXWELL,                 :

                       Defendant.                          :

                                                :
------------------------------------------------------- x

## MEMORANDUM OF GHISLAINE MAXWELL
## IN SUPPORT OF HER MOTION TO DISMISS EITHER COUNT ONE OR COUNT
## THREE OF THE SUPERSEDING INDICTMENT AS MULTIPLICITOUS

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Mark S. Cohen
Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New
York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................i

TABLE OF AUTHORITIES ........................................................................................................ii

INTRODUCTION ........................................................................................................................ 1

APPLICABLE LAW .................................................................................................................... 1

APPLICATION OF THE MULTIFACTOR TEST ...................................................................... 3

I.    The overlap of participants. ............................................................................................... 3

II.   The overlap of time. .......................................................................................................... 3

III.  Similarity of operation. ..................................................................................................... 3

IV.  The existence of common overt acts. ............................................................................... 4

V.   The geographic scope of the alleged conspiracies or location where overt acts occurred. ..... 4

VI.  Common objectives. ......................................................................................................... 4

VII. The degree of interdependence between alleged distinct conspiracies. ............................ 4

CONCLUSION ............................................................................................................................. 4

Certificate of Service .................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Blockburger v. United States*, 284 U.S. 299 (1932) ................................................................. 2

*United States v. Colton*, 231 F.3d 890 (4th Cir. 2000) ............................................................. 1

*United States v. Cooper*, 886 F3d. 146 (D.C. Cir. 2018) .......................................................... 3

*United States v. Diallo*, 507 Fed. App'x 89 (2d Cir. 2013) ...................................................... 2

*United States v. Estrada*, 320 F.3d 173 (2d Cir. 2003) ........................................................ 1, 2

*United States v. Jones*, 482 F.3d 60 (2d Cir. 2006) .................................................................. 1

*United States v. Korfant*, 771 F.2d 660 (2d Cir.1985) ............................................................. 2

*United States v. Macchia*, 35 F.3d 662 (2d Cir. 1994) ......................................................... 2, 4

*United States v. Swaim*, 757 F.2d 1530 (5th Cir. 1985) ........................................................... 1

**Statutes**

18 U.S.C. § 371 ...................................................................................................................... 1, 2

18 U.S.C.§ 2422 ........................................................................................................................ 1

**Other Authorities**

New York Penal Law, Section 130.55 ...................................................................................... 3

**Rules**

Fed. R. Crim. P. 12(b)(3)(B)(ii) ................................................................................................ 1

**Constitutional Provisions**

U.S. CONST. amend. V ......................................................................................................... 1, 4

Ms. Maxwell, pursuant to the Fifth Amendment to the United States Constitution and Fed. R. Crim. P. 12(b)(3)(B)(ii), requests that the Court dismiss either Count One or Count Three of the Superseding Indictment as multiplicitous because these Counts, as alleged, charge the same offense twice and therefore violate the Double Jeopardy Clause of the Fifth Amendment.

## INTRODUCTION

Count One of the Superseding Indictment ("Indictment") charges Ms. Maxwell with conspiracy to commit a crime against the United States in violation of 18 U.S.C. § 371. Indictment ¶¶ 9-11.  Count Three of the Superseding Indictment again charges Ms. Maxwell with the same crime: conspiracy to commit a crime against the United States in violation of 18 U.S.C. § 371.  *Id*. ¶¶ 14-17.  The only difference between the two counts is the purported crime underlying the § 371 conspiracy charged.  In Count One, it is a violation of 18 U.S.C. § 2422 (enticing minors to travel to engage in illegal sexual activity).  *Id*. ¶¶ 9-10.  In Count Three, it is a violation of 18 U.S.C. § 2423(a) (transporting minors with intent to engage in illegal sexual activity).  *Id*. ¶¶ 15-16.  This minor variance is insufficient to avoid the Fifth Amendment's double jeopardy bar.

## APPLICABLE LAW

"An indictment is multiplicitous when a single offense is alleged in more than one count."  *United States v. Jones*, 482 F.3d 60, 72 (2d Cir. 2006) (internal quotation marks and citation omitted).  For a claim of multiplicity to succeed, the charged offenses must be "the same in fact and in law."  *Id*. (quoting *United States v. Estrada*, 320 F.3d 173, 180 (2d Cir. 2003).  "[T]he principle danger created by multiplicity is that a defendant will receive multiple punishments for a single offense."  *United States v. Colton*, 231 F.3d 890, 910 (4th Cir. 2000).  "The second danger [of multiplicity] is the adverse psychological effect on the jury prejudicing

1

the defendant from the repetition of detail of a single course of conduct." *United States v. Swaim*, 757 F.2d 1530, 1534 (5th Cir. 1985).

Generally, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test . . . to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). However, where an accused is charged with two or more conspiracies in violation of the same statutory provision—in this case, the general conspiracy statute, 18 U.S.C. § 371—the Second Circuit has adopted a multifactor test for determining whether the conspiracies amount to the same offense for double jeopardy purposes. These factors include: (1) the criminal offenses charged in successive indictments; (2) the overlap of participants; (3) the overlap of time; (4) similarity of operation; (5) the existence of common overt acts; (6) the geographic scope of the alleged conspiracies or location where overt acts occurred; (7) common objectives; and (8) the degree of interdependence between alleged distinct conspiracies. *United States v. Estrada*, 320 F.3d 173, 180-81 (2d Cir. 2003) (citing the "*Korfant* factors" from *United States v. Korfant*, 771 F.2d 660, 662 (2d Cir. 1985) (*per curiam*)); *accord United States v. Macchia*, 35 F.3d 662, 667-68 (2d Cir. 1994); *see also United States v. Diallo*, 507 Fed. App'x 89 (2d Cir. 2013) (referring to *Korfant* factors as correct test to determine whether two conspiracies charged in same indictment are same offense and therefore multiplicitous). "[N]o dominant factor or single touchstone determines whether the compared conspiracies are in law and fact the same." *Estrada*, 320 F.3d at 181 (internal quotation marks and citation omitted).

## APPLICATION OF THE MULTIFACTOR TEST[1]

Paragraph 14 of the Superseding Indictment (the first paragraph in Count Three) incorporates by reference *all* of the factual allegations made in Count One. The government has, therefore, based Count Three on the exact same factual allegations as Count One, rendering the two counts clones of one another. The commonality between these counts is complete and fatal to one of the alleged conspiracies.

### I. The overlap of participants.

The alleged co-conspirators, Epstein and Maxwell, are identical. *See* Indictment ¶¶ 9 and 15. The accusers are identical. *See id*. ¶¶ 7 and 17.

### II. The overlap of time.

The time period of the alleged conspiracies, 1994 to 1997, is identical. *See id*. ¶¶ 1 and 15.

### III. Similarity of operation.

The government claims, in paragraph 2 of Count One, that the operation was a "scheme to abuse minor victims" and that Ms. Maxwell and Jeffrey Epstein "enticed and caused minor victims to travel to Epstein's residences in different states, which MAXWELL knew and intended would result in their grooming for and subjection to sexual abuse." *Id*. ¶ 2. This is the identical "scheme" alleged, first by reference, and then explicitly, in Count Three: "Minor Victim-1 was enticed to travel from Florida to New York for purposes of sexually abusing her at the New York Residence in violation of New York Penal Law, Section 130.55." *Id*. ¶ 17(b).

---

[1] The first factor, an analysis of the criminal offenses charged in "successive indictments" is inapplicable here because Ms. Maxwell has been charged with two § 371 conspiracies in the same indictment. The multifactor test, however, remains applicable. *See, e.g., United States v. Cooper*, 886 F3d. 146, 155 (D.C. Cir. 2018) (appellate court applied the Second Circuit multifactor test to two conspiracies charged in the same indictment and determined that the charges were multiplicitous, remanding the case to the district court with directions to vacate one of the convictions).

3

### IV. The existence of common overt acts.

The overt acts alleged in Count 1, paragraph 11, are identical to those alleged in Count 3, paragraph 17.  *See id.* ¶¶ 3 and 17.

### V. The geographic scope of the alleged conspiracies or location where overt acts occurred.

The geographic scope is likewise identical:  New York, Florida, New Mexico, and the United Kingdom.  *See id.* ¶¶ 11 and 17.

### VI. Common objectives.

As alleged in the Indictment, the "objective" of the conspiracies was to entice and cause "minor victims to travel to Epstein's residences in different states" for the purpose of sexual abuse.  *See id.* ¶¶ 2 and 17.

### VII. The degree of interdependence between alleged distinct conspiracies.

This factor requires the Court to consider the extent to which the success or failure of one alleged conspiracy is independent of a corresponding success or failure by the other.  *Macchia,* 35 F.3d at 671.  The conspiracy alleged in Count Three is logically dependent on the success of the conspiracy alleged in Count One.  The object of both, as claimed by the government, is to first entice and then to transport minors across state lines for the purpose of illegal sexual activity.  If the conspiracy to entice fails there would, logically, be no one to transport.

## CONCLUSION

The government has alleged the same conspiracy twice in violation of the Fifth Amendment to the United States Constitution.  The Court should therefore dismiss either Count One or Count Three of the Indictment as multiplicitous.

Dated: January 25, 2021

Respectfully submitted,

*s/ Jeffrey S. Pagliuca*
Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364


Mark S. Cohen
Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New York, NY 10022 Phone: 212-957-7600


Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## Certificate of Service

      I hereby certify that on January 25, 2021, I electronically filed the foregoing *Memorandum of Ghislaine Maxwell in Support of Her Motion to Dismiss Either Count One Or Count Three of the Superseding Indictment as Multiplicitous* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alison Moe
Maurene Comey
Andrew Rohrbach
Lara Pomerantz
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Alison.moe@usdoj.gov
Maurene.comey@usdoj.gov
Andrew.Rohrbach@usdoj.gov
Lara.Pomerantz@usdoj.gov

                                              *s/ Nicole Simmons*