UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
: 
UNITED STATES OF AMERICA, :
:
v. : 20 Cr. 330 (AJN)
:
GHISLAINE MAXWELL, :
:
Defendant. :
:
------------------------------------------------------- x

# MEMORANDUM OF GHISLAINE MAXWELL
# IN SUPPORT OF HER MOTION TO DISMISS COUNTS ONE THROUGH FOUR OF
# THE SUPERSEDING INDICTMENT FOR LACK OF SPECIFICITY

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Mark S. Cohen
Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New
York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

CONCLUSION ............................................................................................................................... 4

Certificate of Service ...................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Hamling v. United States*, 418 U.S. 87 (1974) ................................................................................ 1

*Russell v. United States*, 369 U.S. 749 (1962) ................................................................................ 1

*United States v. Jain*, No. 19-CR-59 (PKC), 2019 WL 6888635 (S.D.N.Y. Dec. 18, 2019) ......... 1

*United States v. Resendiz-Ponce*, 549 U.S. 102 (2007) .............................................................. 1, 2

**Rules**

Fed. R. Crim. P. 7(c)(1) ................................................................................................................. 1

## INTRODUCTION

The Superseding Indictment ("Indictment") in this case is remarkable because it fails to identify an accuser, a specific date that Ms. Maxwell is alleged to have committed a crime, or when anything in furtherance of any alleged conspiracy occurred. The only dates contained in the Indictment are the years 1994-1997, often combined with phrases such as "from at least in or about" and "beginning in at least." This mishmash of a pleading was carefully crafted to not provide Ms. Maxwell with the necessary information to adequately investigate these false allegations and prepare for trial. Ms. Maxwell is innocent and should not have to guess about what evidence the Government claims warrants her continual incarceration but stubbornly refuses to identify or disclose. The Court should dismiss Counts One through Four of the Indictment or direct the Government to provide Ms. Maxwell with proper discovery and a Bill of Particulars.

## ARGUMENT

Federal Rule of Criminal Procedure 7(c)(1) requires, among other things, that an indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." There are two constitutional requirements for an indictment to be sufficient: (1) it must contain "the elements of the offense charged and fairly inform[ ] a defendant of the charge against which he must defend," and (2) it must enable the defendant "to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (*quoting Hamling v. United States*, 418 U.S. 87, 117 (1974)). An indictment that fails to allege the essential elements of the crime charged offends both the Fifth and Sixth Amendments. *See Russell v. United States*, 369 U.S. 749, 760–61 (1962).

In many cases the bar for sufficiency of an indictment is low. It is also true that courts find, in certain cases, that the discovery provided in connection with the matter may cure various pleading deficiencies. *See, e.g., United States v. Jain*, No. 19-CR-59 (PKC), 2019 WL 6888635, at *2 (S.D.N.Y. Dec. 18, 2019) ("When supplemented by discovery material, no additional information is necessary for trial preparation or to prevent surprise."). However, "while an indictment parroting the language of a federal criminal statute is often sufficient, there are crimes that must be charged with greater specificity." *United States v. Resendiz-Ponce*, 549 U.S. 102 at 109.

These are those crimes.

Here, neither the Indictment nor the discovery inform Ms. Maxwell about critical information necessary to prepare her defense. The Indictment contains multiple open-ended time periods:

- "from at least in or about 1994, up to and including at least in or about 1997" ¶¶ 1, 9, 13, 15; and
- "beginning in at least 1994" ¶ 4.

These phrases make the time frame alleged limitless and meaningless for application of the statute of limitations or any defense.

In addition to not identifying the individuals accusing Ms. Maxwell of a crime, the Indictment, through the use of inconsistent and vague phrases, makes it impossible to know who may, or may not, be someone that the Government claims is a "victim."

- "minor girls" ¶ 1;
- "victims" ¶ 1;
- "victims were as young as 14" ¶ 1;
- "certain girls were in fact under the age of 18" ¶ 1;

2

- "some of the minor girls" ¶ 2;

- "multiple minor girls" ¶ 4;

- "Epstein's minor victims" ¶ 4a;

- "a minor victim" ¶ 4b;

- " Among the victims … were minor victims identified herein as Minor Victim-1, Minor Victim-2, and Minor Victim-3." ¶ 7; and

- "engaged in the following acts, among others, with respect to minor victims…." ¶ 7.

The inconsistent and interchangeable use of seemingly defined alleged victims, *i.e.*, Minor Victim-1, with generic undefined "victims," "minor victims", and "girls," prevents Ms. Maxwell from knowing what alleged conduct with what alleged person formed the basis of this Indictment and allows for multiple variances of proof at any trial.

Random acts are disbursed throughout the indictment, some tied to generic alleged "victims" other to a defined alleged "Minor Victim:"

- "befriend"  ¶ 4a;

- "being present" ¶ 7a;

- "groomed" ¶7a;

- "undressing" ¶7a; and

- "took Minor Victim -2 to a movie" ¶ 7b.

The discovery provides to Ms. Maxwell provides no information about when and where the alleged instances of sexual abuse took place. Because there are no dates provided, other than a three-year period beginning (perhaps) 27 years in the past, Ms. Maxwell cannot properly investigate where she and other witnesses were when the alleged crime supposedly occurred. And because the crimes alleged in Counts One through Four are based largely on vaguely stated,

3

non-criminal acts of so-called "grooming" (talking to or being nice to someone, or taking them to a movie), it is impossible to know what act or acts she needs to defend against at trial.

## CONCLUSION

Neither the Indictment nor the discovery provide Ms. Maxwell with enough information so that she can prepare her defense as to Counts One through Four, and these Counts should be dismissed for a lack of specificity in violation of the Fifth and Sixth Amendments to the United States Constitution. Alternatively, the Court should direct the government to provide Ms. Maxwell with a Bill of Particulars and discovery as requested in her contemporaneously filed Memorandum in Support of Motion for Bill of Particulars and Pretrial Disclosures.

Dated: January 25, 2021

Respectfully submitted,

*s/ Jeffrey S. Pagliuca*
Jeffrey S. Pagliuca (*pro hac vice*)
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Mark S. Cohen
Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

5

## Certificate of Service

    I hereby certify that on January 25, 2021, I electronically filed the foregoing *Memorandum of Ghislaine Maxwell in Support of Her Motion to Dismiss Counts One through Four of the Superseding Indictment for Lack of Specificity* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alison Moe
Maurene Comey
Andrew Rohrbach
Lara Pomerantz
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Alison.moe@usdoj.gov
Maurene.comey@usdoj.gov
Andrew.Rohrbach@usdoj.gov
Lara.Pomerantz@usdoj.gov

                   *s/ Nicole Simmons*