

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 1, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

      The Government respectfully submits this letter in response to the Court's January 25, 2021 order allowing the parties to respond to a letter from legal counsel at the Metropolitan Detention Center ("MDC") also dated January 25, 2021. (Dkt. No. 117). In particular, MDC legal counsel asks the Court to vacate its January 15, 2021 order directing the MDC to permit the defendant to use a laptop to review discovery on weekends and holidays. While the Government has no objection to the defendant's request for additional laptop access, the Government also generally defers to the MDC regarding how it manages its inmate population. The Government will continue to defer to the MDC here, particularly because the defendant has had ample access to discovery even without laptop access on weekends and holidays.

      Given the volume of discovery in this case, which totals more than two million pages, the Government and the MDC have both made significant efforts to ensure that the defendant has extensive access to her discovery materials. Since the Government made its first discovery production in August 2020, the defendant has had exclusive access to a BOP desktop computer in the MDC on which to review her discovery. When the defendant complained of technical issues reviewing portions of her discovery on that desktop computer, the Government produced reformatted copies of discovery materials and instructions regarding how to open particular files. Because the defendant continued to complain that she was unable to review certain discovery files on the desktop computer, the Government agreed to provide a laptop for the defendant to use in her review of discovery. On November 18, 2020, the Government hand delivered the laptop to the MDC for the defendant's exclusive use.

      As the Court is aware, the defendant has received, and continues to receive more time to review her discovery than any other inmate at the MDC. In particular, the MDC permits the defendant to review discovery thirteen hours per day, seven days per week. On weekdays, the MDC permits the defendant to use the laptop during her thirteen hours of daily review time. On weekends and holidays, the MDC would ordinarily only allow the defendant to use the BOP desktop computer, which provides access to much of the discovery material. While, as noted above, the Government has no particular objection to the defendant's request for weekend access

to the laptop, the Government generally defers to the judgment of the MDC in managing inmates at its facility, and sees no reason to depart from that practice here. In this respect, the Government notes that the trial date remains approximately six months away, the BOP was already affording the defendant access to the laptop for some 65 hours a week, and the BOP was further providing weekend access to a desktop computer should the defendant wish to spend more than 65 hours each week reviewing discovery.

                        Respectfully submitted,

                        AUDREY STRAUSS
                        United States Attorney

By:   s/
       Maurene Comey / Alison Moe / Lara Pomerantz
       Assistant United States Attorneys
       Southern District of New York
       Tel: (212) 637-2324

Cc: All Counsel of Record (By ECF)