# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-306-6666 • Cell
888-587-4737 • Fax

33 West 19th Street - 4th Floor
New York, New York 10011
bc@sternheimlaw.com

February 1, 2021

Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re. *United States v. Ghislaine Maxwell*
20 Cr. 330 (AJN)

Dear Judge Nathan:

By letter to the Court, dated January 25, 2021 (Dkt.117 at 2-3), the MDC raised objection to the Court's order, unopposed by the government, directing the MDC to permit Ms. Maxwell to use on a laptop computer on weekends and holidays. (Dkt. 116 at 2). The MDC has failed to state a valid or compelling reason for opposing the Court's directive.

The MDC does not identify any valid reason why Ms. Maxwell cannot have access to the laptop computer on weekends and holidays. The MDC does not argue, for example, that access to the laptop cannot be provided because of issues related to safety or security, staffing, or (to quote the government) the need to "manag[e] its inmate population." Instead, in opposition to the Court's order, the MDC repeats its stock response: Ms. Maxwell has received significant amount of time to review her discovery and has more contact with counsel than any other MDC inmate is allotted. The MDC's fixation on the relative time Ms. Maxwell has been given to review discovery is totally misguided. The government has produced millions of pages of discovery. Ms. Maxwell has the right to review all of them in order to prepare her defense for trial. To do that, she needs access to the laptop for as much time as possible, including the weekends and holidays because the prison computers are incapable of reading the millions of discovery documents. Ms. Maxwell loses 10 or more hours per week due to delay in receiving the laptop, problems caused by the MDC computer, and inability to access the computer during morning and afternoon counts on the weekends. Comparing Ms. Maxwell to other inmates does not justify restricting her use of the laptop to review discovery.

The MDC's proposed solution—that Ms. Maxwell can simply use the prison computer on the weekends and holidays to review discovery—is utterly inadequate. As Ms. Maxwell has pointed out on many occasions, the prison computer is incapable of reading a significant portion of the discovery, including but not limited to native files, Excel files, some video and audio files, and anything requiring Cellebrite software. The MDC *concedes* this fact in their letter—Ms. Maxwell cannot review all of her discovery on the prison computer. And using it causes a colossal waste of time. For example, if Ms. Maxwell locates a document on the prison computer

for which she needs to review the native image, many of which are embedded in other files, she must write down the Bates number for that document and then wait until Monday to find the same document using the laptop computer so that she can review the full document. Moreover, the MDC computer shuts down every two hours, requiring Ms. Maxwell to reboot the computer and find her place in the documents to resume her review.  This process can take 20-30 minutes, all of which is lost time.  In addition, the power of central processing unit of the MDC computer is very slow. Uploading videos can take up to a half hour, time that cannot be used to review other documents. When the computer automatically shuts down, videos need to be re-opened, requiring Ms. Maxwell to locate the portion of the video she was viewing when the computer shut down.  In sum, using the prison computer is a problem, not a solution.

      Ms. Maxwell's review of discovery is challenging enough on the laptop computer that was provided.  Even with the laptop, Ms. Maxwell is unable to search, unable to print, and unable to tag or highlight documents for later review.  She must review millions of pages of unwieldy documents produced in various formats (native, image, text) one page at a time—with no filtering or organizing—and record millions of Bates numbers and notes of her review by hand on the limited amount of paper she is provided.  And she is not permitted to have any supplies to organize the voluminous legal papers. Hard drives provided by the government have been mishandled by MDC staff (dropped on the floor and slammed on a cart) causing them to become degraded and unstable and to randomly shut down. While the laptop does not solve all of these issues, it performs far better than the MDC computers. The time, resources and funds expended on problems caused by the electronic discovery and the computers is unnecessary, wasteful, and frustrating. The MDC is in no position - and is neither qualified nor experienced - to challenge Ms. Maxwell's and her counsel's claim that she needs access to the laptop on the weekends and holidays to even hope to finish reviewing the millions of pages of documents produced in discovery.

      The MDC's assertion that Ms. Maxwell's access to her attorneys is a reason to deny her access to the laptop computer on weekend and holidays is non-sensical.  One has absolutely nothing to do with the other.  And it ignores the fact that, aside from time to review discovery or communicate with counsel, Ms. Maxwell is far more restricted than all other MDC inmates.  Other inmates have unlimited time to communicate with other inmates.  With exception of inmates detained in the SHU for disciplinary reasons, all other MDC inmates have unlimited time to interact with other inmates. Other than calls with family or communication with counsel, Ms. Maxwell has no human contact except with guards who wield power over her, overmanage her, and have psychologically and physically abused her.  And complaints regarding mistreatment by guards have led to reprisals against Ms. Maxwell.

      Rather than state a valid reason for opposing the Court's directive, the MDC's opposition shines a klieg light on the deficiencies of its electronics and the limitations imposed on all inmates, most especially those detained pretrial. The restrictions placed on pretrial detainees goes beyond deprivation of liberty. Their ability to prepare for trial is compromised, their access to counsel is restricted, and their right to effective assistance of counsel is jeopardized. The pandemic has made the situation even more dire.  Requiring pretrial detainees, including Ms. Maxwell, to review terabytes of electronic discovery on inadequate computers further tips an already unlevel playing field to the detriment of criminal defendants.

      There are no reasonable conditions to assure that as a pretrial detainee Ms. Maxwell will be as prepared for trial as a defendant on bail. Permitting Ms. Maxwell to use the laptop on weekends and holidays is a reasonable and minimum accommodation for the difficulties entailed in reviewing enormous amounts of electronic discovery, and one that imposes no burden on the BOP nor any security issues. The Court's order directing the MDC to permit Ms. Maxwell access to the computer on weekends and holidays should remain in effect.

      Very truly yours,

*Bobbi C. Sternheim*
BOBBI C. STERNHEIM

cc: Sophia Papapetru, MDC counsel
    Government Counsel