UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/4/21
```

United States of America,

–v–

Ghislaine Maxwell,

Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On January 25, 2021, the Defendant filed twelve pre-trial motions.  Four of those were filed on the public docket, but the Defendant filed the other eight under temporary seal because pending the Court's resolution of her request to redact sensitive or confidential information.  *See* Dkt. No. 127.  The Government responded that it did not oppose the Defendant's proposed redactions, but with respect to her motion to suppress under the Due Process Clause (Motion 3), the Government requested a limited set of additional redactions in order to be consistent with the other proposed redactions.  Dkt. No. 128.

The Court will adopt the Defendant's proposed redactions as to Motions 1, 2, 4, 6, 7, 10, and 11; as to Motion 3, the Court adopts the Defendant's original redactions and the additional redactions that the Government proposed.  The Court's reasoning is guided by the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access.  *Id*. at 119–20.  "Such countervailing factors include but are not limited to 'the danger of impairing law

enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id*. at

120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*")).

The proposed redactions satisfy this test.  The Court finds that Defendant's motions are

"relevant to the performance of the judicial function and useful in the judicial process," thereby

qualifying as a "judicial document" for purposes of the first element of the *Lugosch* test.  *United*

*States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995).  And the Court also finds that

the common law presumption of access attaches.  *Id.* at 146; *see also Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 602 (1978).  Nevertheless, the proposed redactions are narrowly

tailored to serve substantial interests.  Most notably, these redactions are narrowly tailored to

protect the Government's ongoing investigation.  In addition, many of the Defendant's proposed

redactions crucially serve the interest of protecting the personal privacy interests of third parties.

*See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017).

The Defendant is hereby ORDERED to docket the redacted documents and

corresponding exhibits by no later than February 5, 2021.  With respect to Motion 3, the

Defendant is ORDERED to docket the version that includes the Government's proposed

redactions in addition to her own.

SO ORDERED.

Dated: February 4, 2021
       New York, New York                          _____
                                                         ALISON J. NATHAN
                                                       United States District Judge

2