UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                           :

UNITED STATES OF AMERICA           :

                           :         20 Cr. 330 (AJN)

         v.               :

GHISLAINE MAXWELL,        :

              Defendant.     :

                           :

---------------------------------------------------------x

## MEMORANDUM OF GHISLAINE MAXWELL
## IN SUPPORT OF MOTION TO DISMISS COUNTS ONE THROUGH FOUR
## OF THE SUPERSEDING INDICTMENT AS TIME-BARRED

Mark S. Cohen
Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, Colorado 80203
Phone: 303-831-7364

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ............................................................................................ 1

SUMMARY OF ALLEGATIONS ...................................................................................... 2

ARGUMENT ................................................................................................................. 3

I.     The 2003 Amendment Does Not Apply Retroactively. .................................................... 3

     A.    Step One:  Congress did not expressly prescribe retroactivity and rejected a proposal to do so. ...................................................................................... 6

     B.    Step Two:  Application of the 2003 Amendment to Ms. Maxwell's alleged offenses would have impermissible effects. ............................................ 9

II.    Section 3283 Does Not Apply at All. ............................................................................. 12

     A.    Section 3283 applies only to offenses that necessarily entail the sexual or physical abuse, or kidnapping, of a child. ............................................. 12

     B.    The offenses charged in Counts One through Four do not necessarily entail the sexual or physical abuse or kidnapping of a child. ......................................... 15

CONCLUSION ................................................................................................................ 18

i

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Bowen v .Georgetown Univ. Hosp.,*
488 U.S. 204 (1988)................................................................................................ 5

*Bridges v. United States,*
346 U.S. 209 (1953)................................................................................ 12, 13, 15, 17

*Bureau of Alcohol, Tobacco & Firearms v. Fed. Labor Relations Auth.,*
464 U.S. 89 (1983).................................................................................................. 8

*Burrage v. United States,*
571 U.S. 204 (2014)................................................................................................ 15

*Comm'r v. Clark,*
489 U.S. 726 (1989)................................................................................................ 15

*Food and Drug Admin. v. Brown & Williamson Tobacco Corp.,*
529 U.S. 120 (2000)................................................................................................ 8

*Hudson Valley Black Press v. I.R.S.,*
409 F.3d 106 (2d Cir. 2005).................................................................................... 8

*Kaiser Aluminum & Chem. Corp. v. Bonjorno,*
494 U.S. 827 (1990)................................................................................................ 6

*Kawashima v. Holder,*
565 U.S. 478 (2012)................................................................................................ 13

*Landgraf v. USI Film Prod.,*
511 U.S. 244 (1994)......................................................................................... passim

*Lattab v. Ashcroft,*
384 F.3d 8 (1st Cir. 2004)....................................................................................... 7

*Leocal v. Ashcroft,*
543 U.S. 1 (2004).................................................................................................... 13

*Martin v. Hadix,*
527 U.S. 343 (1999)................................................................................................ 7

*Shular v. United States,*
140 S. Ct. 779 (2020)........................................................................................ 12, 13

*Stogner v. California,*
    539 U.S. 607 (2003)..................................................................................... 10

*Thom v. Ashcroft,*
    369 F.3d 158 (2d Cir. 2004)........................................................................ 10

*Toussie v. United States,*
    397 U.S. 112 (1970)............................................................................. passim

*United States v. Broxmeyer,*
    616 F.3d 120 (2d Cir. 2010)........................................................................ 17

*United States v. Coutentos,*
    651 F.3d 809 (8th Cir. 2011) ...................................................................... 14

*United States v. Davis,*
    139 S. Ct. 2319 (2019)................................................................................ 13

*United States v. Gentile,*
    235 F. Supp. 3d 649 (D.N.J. 2017) .............................................................. 9

*United States v. Lawson,*
    683 F.2d 688 (2d Cir. 1982).......................................................................... 8

*United States v. Leo Sure Chief,*
    438 F.3d 920 (9th Cir. 2006) ...................................................................... 11

*United States v. McElvain,*
    272 U.S. 633 (1926)................................................................................... 15

*United States v. Miller,*
    911 F.3d 638 (1st Cir. 2018)....................................................................... 10

*United States v. Morgan,*
    393 F.3d 192 (D.C. Cir. 2004) .............................................................. 13, 14

*United States v. Napolitano,*
    761 F.2d 135 (2d Cir. 1985).......................................................................... 8

*United States v. Pierre-Louis,*
    2018 WL 4043140 (S.D.N.Y. Aug. 9, 2018)................................................ 9

*United States v. Rashkovski,*
    301 F.3d 1133 (9th Cir. 2002) .................................................................... 16

*United States v. Rivera-Ventura,*
    72 F.3d 277 (2d Cir. 1995).......................................................................... 11

*United States v. Scharton,*
  285 U.S. 518 (1932)............................................................................................ 5, 9

*United States v. Valle,*
  807 F.3d 508 (2d Cir. 2015)................................................................................. 15

*Weingarten v. United States,*
  865 F.3d 48 (2d Cir. 2017)........................................................................... passim

**Statutes**

18 U.S.C. § 2422 ........................................................................................... 2, 16, 17

18 U.S.C. § 2423 ............................................................................................... 2, 17

18 U.S.C. § 3237(a) .................................................................................................. 13

18 U.S.C. § 3282 ........................................................................................... 1, 3, 15

18 U.S.C. § 3282 (1994)............................................................................................. 3

18 U.S.C. § 3283 ................................................................................................ passim

18 U.S.C. § 3283 (1994)............................................................................................. 3

18 U.S.C. § 3283 (2003)............................................................................................. 4

18 U.S.C. § 3287 (1950)........................................................................................... 12

New York Penal Law, Section 130.55 .................................................................. 2, 3

PL 103-322............................................................................................................... 17

PL 104-104 ................................................................................................................. 2

PL 108-21 ................................................................................................................... 3

**Rules**

Fed. R. Evid. 410 ...................................................................................................... 8

**Other Authorities**

Child Abduction Prevention Act, H.R. 1104,108th Cong. § 202 (2003)......................... 6

PROTECT Act, S. 151, 108th Cong. (as engrossed in the Senate, Feb. 24. 2003) ...................... 7

Robert A. Katzmann, *Judging Statutes* (2014), at 3 ...................................... 7

Senator Leahy, Amber Legislation, Cong. Rec. 149:50, S5147 (2003) ........................................ 7

## PRELIMINARY STATEMENT

Ghislaine Maxwell respectfully submits this Memorandum in Support of her Motion to Dismiss Counts One Through Four of the Superseding Indictment as Time-Barred ("Motion").

The government's late-discovered zeal to attempt to prosecute Ms. Maxwell has forced it to reach back more than 25 years and bring charges that have long been time-barred. Counts One through Four charge Ms. Maxwell with offenses allegedly committed between 1994 and 1997. But the applicable statute of limitations, 18 U.S.C. § 3282, expired five years after the alleged conduct.

In an attempt to get around its statute of limitations problem, the government has invoked 18 U.S.C. § 3283, as that statute was amended in 2003—many years after the alleged conduct occurred. But the government's reliance on that provision is improper for two separate and independent reasons, either of which, by itself, mandates dismissal of Counts One through Four.

*First,* the charges are time-barred even under § 3283 unless the Court retroactively applies the 2003 amendment to the statute to cover Ms. Maxwell's conduct from the 1990s, rather than the version of § 3283 that was in effect at the time of the alleged offenses. But Congress made surpassingly clear that it did not intend the 2003 amendment to apply retroactively. To the contrary, the conference committee considered and rejected an express retroactivity provision in the House version of the bill, and one of the bill's original Senate co-sponsors acknowledged on the Senate floor that the omission was intentional. Moreover, any such retroactive application would have a presumptively impermissible retroactive effect.

*Second,* even if the 2003 amendment could be applied retroactively, § 3283 does not apply to any of the offenses alleged in the indictment *at all.* Section 3283 is an exception to the general five-year statute of limitations, and it applies only to an "offense involving" the sexual or physical abuse or kidnapping of a child. The Supreme Court has repeatedly made clear that the

phrase "offense involving" particular conduct refers to an offense whose elements necessarily entail that conduct. Because none of the offenses with which Ms. Maxwell has been charged necessarily entails or requires the sexual or physical abuse or kidnapping of a child, § 3283 does not apply here.

## SUMMARY OF ALLEGATIONS

Counts One through Four of the indictment allege that Ms. Maxwell violated and conspired to violate two separate provisions of the Mann Act, 18 U.S.C. §§ 2421-2424. These counts are based on conduct that occurred at unspecified times between 1994 and 1997.

Count One of the indictment alleges that Ms. Maxwell violated 18 U.S.C. § 2422 (now § 2422(a))[1] by conspiring to entice "one or more individuals" to travel in interstate and foreign commerce to engage in "sexual activity for which a person can be charged with a criminal offense." Indictment ¶¶ 9-10. Count Two charges Ms. Maxwell with a substantive § 2422(a) violation, claiming she "persuaded, induced, enticed, and coerced" an individual identified as Minor Victim-1 to travel from Florida to New York "with the intention that Minor Victim-1 would engage in one or more sex acts with Jeffrey Epstein, in violation of New York Penal Law, Section 130.55." *Id.* ¶ 13.

Count Three alleges that Ms. Maxwell conspired to transport "an individual" in interstate and foreign commerce to engage in "sexual activity for which a person can be charged with a criminal offense" in violation of 18 U.S.C. § 2423(a). Indictment ¶¶ 15-16. Count Four charges Ms. Maxwell with a substantive § 2423(a) violation, claiming she "arranged for Minor Victim-1 to be transported from Florida to New York, New York on multiple occasions with the intention

---

[1] Prior to February 8, 1996, the provision at issue constituted the entirety of § 2422; it became § 2422(a) as a result of the enactment of additional subsections as of that date. Telecommunications Act of 1996, PL 104-104, Feb. 8, 1996, Title V, § 508, 110 Stat. 56. Thus, the provision is referred to herein as § 2422(a).

that Minor Victim-1 would engage in one or more sex acts with Jeffrey Epstein, in violation of New York Penal Law, Section 130.55." *Id.* ¶ 19.

## ARGUMENT

"Except as otherwise expressly provided by law," a non-capital criminal offense must be charged "within five years next after such offense shall have been committed."  18 U.S.C. § 3282(a); *see* 18 U.S.C. § 3282 (1994) (same).  Because Counts One through Four charge Ms. Maxwell with offenses that were completed no later than 1997, and because the indictment was not returned until July 2020, these counts are time-barred unless "otherwise expressly provided by law." *Id.*

For two independent reasons, § 3283, on which the government relies (*see* Government's Memorandum in Support of Detention ("Gov. Mem."), Dkt. No. 4, (filed Jul. 2, 2020), at 5), does not save Counts One through Four.  *First,* under the version of § 3283 that was in effect at the time of the alleged offenses, the limitations period expired when the accuser reached the age of 25, which indisputably occurred many years ago here.  18 U.S.C. § 3283 (1994).  While Congress amended the statute in 2003 to extend the limitations period to "during the life of the child," *see* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act) (the "2003 Amendment"), PL 108-21, April 30, 2003, § 202, 117 Stat. 650, 660, that amendment cannot apply to conduct that occurred during the 1990s.  *Second,* by its plain terms, § 3283 applies only to offenses "involving the sexual or physical abuse, or kidnaping, of a child."  18 U.S.C. § 3283.  But the sexual or physical abuse or kidnaping of a child is not an element of any of the offenses charged here.  Accordingly, § 3283—regardless of which version is considered—simply does not apply.

## I.    The 2003 Amendment Does Not Apply Retroactively.

At the time of the alleged offenses, § 3283 provided as follows:

3

> No statute of limitations that would otherwise preclude prosecution for an offense
> involving the sexual or physical abuse of a child under the age of 18 years shall
> preclude such prosecution before the child reaches the age of 25 years.

18 U.S.C. § 3283 (1994).  Thus, if an individual committed an offense involving the sexual or

physical abuse of a 16-year-old person on June 1, 1994, and the victim reached age 17 on July 1,

1994, then the statute of limitations as to that offense would have expired on July 1, 2002, when

the victim reached age 25—such that an indictment in 2020 would be time-barred.  There is no

dispute that all three of the accusers here turned 25 long ago, and thus the statute of limitations in

effect at the time of the offenses has expired.

In 2003, however, Congress amended the statute and extended the time in which a

prosecution could be brought to within the life of the victim.  *See* 2003 Amendment at 660.[2]  18

U.S.C. § 3283, as amended in 2003, provided as follows:

> No statute of limitations that would otherwise preclude prosecution for an offense
> involving the sexual or physical abuse, or kidnaping, of a child under the age of
> 18 years shall preclude such prosecution during the life of the child.

18 U.S.C. § 3283 (2003).  While the government would apply the 2003 Amendment retroactively

to offenses Ms. Maxwell is alleged to have committed years earlier, nothing in the text suggests

that the statute may be applied retroactively.

To the contrary, the Supreme Court has repeatedly stressed a strong "presumption *against*

retroactive legislation" that is "deeply rooted in our jurisprudence."  *Landgraf v. USI Film Prod.,*

511 U.S. 244, 265 (1994) (emphasis added).  "[T]he principle that the legal effect of conduct

should ordinarily be assessed under the law that existed when the conduct took place has

timeless and universal appeal."  *Id.* (internal quotation omitted).  "Retroactivity is not favored in

---

[2] The statute was amended again in 2006 to its current version, which further modifies the limitations period to the life of the victim or 10 years after the offense, whichever is longer.  18 U.S.C. § 3283.  Because all three of the alleged victims identified in Counts One through Four are alive, the 2006 amendment does not affect the analysis here.  Moreover, the government relies on the 2003 Amendment.  Gov. Mem. at 5-6.

the law." *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208 (1988).  This presumption

against retroactivity carries particular force with respect to statutes of limitations in the criminal

context.  "[C]riminal limitations statutes are 'to be liberally interpreted in favor of repose.'"

*Toussie v. United States,* 397 U.S. 112, 115 (1970) (quoting *United States v. Scharton,* 285 U.S.

518, 522 (1932)).  This principle transcends any particular statute or any particular defendant:

"The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain

fixed period of time following the occurrence of those acts the legislature has decided to punish

by criminal sanctions."  *Toussie,* 397 U.S. at 114.  "Such a limitation is designed to protect

individuals from having to defend themselves against charges when the basic facts may have

become obscured by the passage of time and to minimize the danger of official punishment

because of acts in the far-distant past."  *Id.* at 114-15.

 In *Landgraf,* the Supreme Court articulated a two-step framework to evaluate the

proposed retroactive application of a statute to a particular case:

> [T]he court's first task is to determine whether Congress has expressly prescribed
> the statute's proper reach.  If Congress has done so, of course, there is no need to
> resort to judicial default rules.  When, however, the statute contains no such
> express command, the court must determine whether the new statute would have
> retroactive effect, *i.e.,* whether it would impair rights a party possessed when he
> acted, increase a party's liability for past conduct, or impose new duties with
> respect to transactions already completed.  If the statute would operate
> retroactively, our traditional presumption teaches that it does not govern absent
> clear congressional intent favoring such a result.

*Landgraf,* 511 U.S. at 280.  Thus, if Congress has "expressly prescribed" that a statute will or

will not apply retroactively, the inquiry ends; if not, the court proceeds to the second step to

determine whether the application of the statute would have impermissible "retroactive effect."

*Id.*

 As shown below, retroactive application of the 2003 Amendment fails both steps of the

*Landgraf* analysis.  Regarding step one, not only did Congress fail to include an express

retroactivity provision in the 2003 Amendment; it actually considered and rejected such a

provision, signaling its clear intent that the amendment *not* be retroactive.  Accordingly, the

*Landgraf* analysis should end at step one, with a determination that the 2003 Amendment is not

retroactive and that Counts One through Four are therefore time-barred.  However, even if the

analysis advances to step two, application of the 2003 Amendment to Ms. Maxwell's alleged

conduct would create impermissible retroactive effects in violation of *Landgraf* by expanding a

criminal statute of limitations.

### A.     Step One:  Congress did not expressly prescribe retroactivity and rejected a proposal to do so.

The first step of *Landgraf* asks whether Congress "expressly prescribed" the temporal

reach of the 2003 Amendment.  Here, Congress "expressly prescribed" that the 2003

Amendment was to apply prospectively only.  Not only does the text of the 2003 Amendment

omit any mention of retroactivity, but the legislative history makes it absolutely clear that

Congress considered and *rejected* a retroactivity provision.  Because such unambiguous

congressional intent is sufficient to constitute an "express prescription" under the first step of

*Landgraf* that the amendment *not* be retroactive, there is no need to proceed to the second

*Landgraf* step.

"[W]here the congressional intent is clear, it governs."  *Landgraf*, 511 U.S. at 264

(quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 837 (1990)).  Here, the

legislative history leaves no doubt as to congressional intent.  The House version of the bill,

which would have eliminated the statute of limitations entirely, included an express retroactivity

provision.  Child Abduction Prevention Act, H.R. 1104, 108th Cong. § 202 (2003) ("The

amendments made by this section shall apply to the prosecution of any offense committed

before, on, or after the date of the enactment of this section.").  The Senate version contained no

retroactivity provision.  PROTECT Act, S. 151, 108th Cong. (as engrossed in the Senate, Feb. 24. 2003).  When the House and Senate conferenced to resolve differences between the bills, the retroactivity provision was omitted.  As Senator Leahy, one of the bill's original co-sponsors and a former chair of the Senate Judiciary Committee, stated on the Senate floor, the omission was intentional:  "I am pleased that the conference agreed to drop language from the original House-passed bill that would have extended the limitations period retroactively."  Senator Leahy, Amber Legislation, Cong. Rec. 149:50, S5147 (2003).

Such a clear expression of congressional intent should end the *Landgraf* analysis at the first step.  In applying *Landgraf,* the Supreme Court has made clear that the "expressly prescribed" analysis is not limited to the text of the statute, but may look to legislative history. *See Martin v. Hadix,* 527 U.S. 343, 355-57 (1999) (examining "structure and legislative history" as part of first *Landgraf* step); *see also Lattab v. Ashcroft,* 384 F. 3d 8, 14 (1st Cir. 2004) ("our inquiry is not limited to the statutory text but may include an examination of standard ensigns of statutory construction, such as the statute's structure and legislative history").  Indeed, *Landgraf* itself included a legislative history analysis.  511 U.S. at 264.  In *Landgraf,* however, the Court concluded that the legislative history at issue did not clearly evidence Congress' intent regarding retroactivity.  *Id.*  That is not the case here.

As Judge Katzmann of the Second Circuit has recognized, unambiguous legislative history should not be disregarded:

> When courts construe statutes in ways that respect what legislators consider their work product, the judiciary not only is more likely to reach the correct result, but also promotes comity with the first branch of government.  It is a bipartisan institutional perspective within Congress that courts should consider reliable legislative history and that failing to do so impugns Congress's workways.

Robert A. Katzmann, *Judging Statutes* (2014), at 36.  Consideration and rejection by Congress of a legislative proposal is one of the clearest expressions of congressional intent, and courts

typically give it great weight in interpreting federal statutes.  *See, e.g., Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 144 (2000) (noting that "Congress considered and rejected" federal bills that would have granted the FDA jurisdiction to regulate tobacco products); *Bureau of Alcohol, Tobacco & Firearms v. Fed. Labor Relations Auth.,* 464 U.S. 89, 104 (1983) (noting that Congress had "expressly considered and ultimately rejected" proposed interpretation of Civil Service Reform Act); *Hudson Valley Black Press v. I.R.S.,* 409 F.3d 106, 112 (2d Cir. 2005) (noting that legislative history, including conference report, "plainly establishes that Congress expressly considered broader remedies" against IRS for retaliatory audits "before rejecting them"); *United States v. Napolitano,* 761 F.2d 135, 137 (2d Cir. 1985) ("legislative history of the [Speedy Trial] Act clearly indicates that Congress considered and rejected defendant's suggestion" that dismissal sanction be applied to certain subsequent charges); *United States v. Lawson,* 683 F.2d 688, 693 (2d Cir. 1982) (characterizing conference committee's rejection of Senate proposal to permit use of plea bargaining statements for impeachment purposes under Fed. R. Evid. 410 as "demonstrating Congress' explicit intention to preclude use" of such statements).  It cannot reasonably be disputed that Congress intended that the 2003 Amendment would not apply retroactively.

Nothing in *Weingarten v. United States,* 865 F.3d 48 (2d Cir. 2017), the only Second Circuit case that analyzes the retroactivity of the 2003 Amendment, is inconsistent with this analysis.  In *Weingarten,* the court's analysis was in the context of an ineffective assistance of counsel claim.  Thus, *Weingarten* offers little more than a distraction from the analysis required here:  The court was not required to and did not decide the merits of the issue, noting that "[t]he underlying merits question remains for another day, another case."  *Id.* at 58.  Moreover, the defendant in *Weingarten* did not raise, and the court did not consider, the argument that Congress

had expressly prescribed that the 2003 Amendment would *not* be retroactive; *Weingarten* considered only whether there was an express prescription that the 2003 Amendment *would* be retroactive, concluding that the defendant's counsel could have made "colorable" arguments that there was no such prescription. *Id.* at 58.[3]

Congressional intent here could not be clearer. The House bill would have made the 2003 Amendment retroactive, the Senate bill did not, and the conference consciously rejected the retroactivity provision. It is unnecessary to proceed to the second *Landgraf* step, and Counts One through Four are time-barred.

**B.     Step Two:  Application of the 2003 Amendment to Ms. Maxwell's alleged offenses would have impermissible effects.**

If the Court were to proceed to the second *Landgraf* step—whether application of the 2003 Amendment here would have an impermissible retroactive effect—that step also counsels against retroactivity.

Any analysis of the retroactivity of a criminal statute of limitations under the second step of *Landgraf* must be undertaken in conjunction with the principle that unlike civil statutes of limitation, "criminal limitations statutes are 'to be liberally interpreted in favor of repose.'" *Toussie,* 397 U.S. at 115 (quoting *Scharton,* 285 U.S. at 522). As one court recognized in declining to extend a criminal statute of limitations to pre-enactment conduct, if *Landgraf* and *Toussie* "are read in conjunction," courts "must interpret the statute of limitations in a manner favoring repose for Defendant." *United States v. Gentile,* 235 F. Supp. 3d 649, 655 (D.N.J. 2017).

---

[3] Nor was this clear evidence of congressional intent raised or considered in *United States v. Pierre-Louis,* 2018 WL 4043140 (S.D.N.Y. Aug. 9, 2018), which the government cites in support of its contention that the 2003 Amendment may be applied retroactively. Gov. Mem. at 6.

In the civil context, the Second Circuit has acknowledged a distinction between retroactively applying an extended limitations period to revive a stale claim, which has been held impermissible under *Landgraf,* and retroactively extending the limitations period for a live claim, which has been held permissible.  *See, e.g., Weingarten,* 865 F.3d at 57-58 (2d Cir. 2017) (collecting and comparing civil cases).  The criminal context, however, is fundamentally different.

At a minimum, *Toussie* "potentially alters the second step in the *Landgraf* approach" in criminal cases.  *United States v. Miller,* 911 F.3d 638, 645 (1st Cir. 2018) (evaluating 2003 Amendment in adjudicating ineffective assistance of counsel claim).  "In other words, when Congress has sounded an uncertain trumpet, a court ought to refrain from applying an enlarged criminal statute of limitations retrospectively."  *Id.*  As shown in the first step of *Landgraf,* the trumpet sounded by Congress in enacting the 2003 Amendment was anything but uncertain: congressional intent is clear.

In the criminal context, the retroactive application of an extended statute of limitations to revive a time-barred claim is not merely an impermissible effect under *Landgraf;* it violates the *Ex Post Facto* Clause.  *Stogner v. California,* 539 U.S. 607, 618 (2003).[4]  As *Landgraf* itself recognized, however, the principle against retroactivity is not simply an application of the *Ex Post Facto* Clause; rather, it is a "deeply rooted" presumption based on "[e]lementary considerations" of fundamental "fairness."  *Landgraf,* 511 U.S. at 265-66.  *See also Thom v. Ashcroft*, 369 F.3d 158, 163 n.6 (2d Cir. 2004) (Calabresi, J., writing for the majority but noting he was speaking for himself) (stating that anti-retroactivity presumption in *Landgraf* is "triggered

---

[4] For this reason, the government would be barred from prosecuting Ms. Maxwell for any offense against the third accuser (identified in the indictment as Minor Victim-3) even if the 2003 Amendment otherwise applied, because the third accuser reached age 25 in ███████, and thus the statute of limitations as to her had expired by the time of the 2003 Amendment.

by statutes whose retroactive application, while not the equivalent of criminal *ex post facto*, nevertheless would run afoul of 'familiar considerations of fair notice, reasonable reliance, and settled expectations.'")  Thus, in the criminal context, the second step of *Landgraf* should be read as providing protections broader than simply violations of the *Ex Post Facto* Clause, and as prohibiting retroactive application of a criminal statute of limitations—and the resulting expansion of an individual's exposure to criminal liability for completed conduct—even where the charge is not time-barred at the time of the amendment.

Statutes of limitations "applicable to criminal prosecutions are designed principally to protect individuals from having to defend themselves against charges supported by facts that are remote in time." *United States v. Rivera-Ventura,* 72 F.3d 277, 281 (2d Cir. 1995).  That concern is heightened here, where the government seeks to rely on the retroactive extension of a criminal statute of limitations to prosecute a case based on conduct more than two decades old, with little, if any, evidence other than witness testimony.  *See Toussie,* 397 U.S. at 115 (observing that statute of limitations "may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity").  Since the time of the alleged conduct, memories have become faded or corrupted, documents have been lost or destroyed, and witnesses have died, all to the extreme prejudice of Ms. Maxwell.[5]  Retroactively applying the 2003 Amendment here not only would fly in the face of congressional intent; it would violate all notions of fundamental fairness.[6]

---

[5] *See* Motion to Dismiss Counts One through Six of the Superseding Indictment for Pre-Indictment Delay.

[6] In *Weingarten,* the court stated that if the defendant's counsel had successfully persuaded the trial court that the 2003 Amendment could not retroactively extend the statute of limitations for live charges, the trial court's holding would have been in direct conflict with the Ninth Circuit's opinion in *United States v. Leo Sure Chief,* 438 F.3d 920 (9th Cir. 2006).  But in *Leo Sure Chief,* the alleged victim had not yet reached age 25 as of the time of the indictment, and thus the charges would not have been time-barred under either version of § 3283.  Thus, the court in *Leo Sure Chief* did not perform a *Landgraf* analysis.

11

## II.   Section 3283 Does Not Apply at All.

Even if the 2003 Amendment could be retroactively applied to Ms. Maxwell's alleged

conduct during the 1990s, Counts One through Four would still be time-barred for a separate and

independent reason:  Section 3283 does not apply to the offenses with which Ms. Maxwell is

charged.  Section 3283 extends the statute of limitations only for "offense[s] involving the sexual

or physical abuse, or kidnaping, of a child under the age of 18 years," 18 U.S.C. § 3283, but none

of the offenses charged in Counts One through Four is such an offense.[7]

### A.   Section 3283 applies only to offenses that necessarily entail the sexual or physical abuse, or kidnapping, of a child.

A long line of cases establishes that an "offense" or "crime" that "involves" certain

conduct means an offense that "necessarily requir[es]" that conduct.  *Shular v. United States*, 140

S. Ct. 779, 785 (2020) (internal quotations omitted).  Those cases date back at least to *Bridges v.*

*United* States, 346 U.S. 209 (1953), which construed the Wartime Suspension of Limitations

Act's extension of statutes of limitations for "any *offense [] involving* fraud or attempted fraud

against the United States." 18 U.S.C. § 3287 (1950) (emphasis added).  The Supreme Court held

that that extension was "limited strictly to offenses in which defrauding or attempting to defraud

the United States is an essential ingredient of the offense charged."  *Bridges*, 346 U.S. at 221.

Thus, the Court held that charges that the defendant knowingly made and conspired to make

false statements in a naturalization proceeding, and that he aided and abetted a fraudulent

certificate of naturalization, were subject to the general statute of limitations and not the

exception, because "fraud is not an essential ingredient" of such offenses, and "[t]he offense is

complete without proof of fraud, although fraud often accompanies it."  *Id.* at 222.

---

[7] The words "or kidnaping" were added as part of the 2003 Amendment.  2003 Amendment at 660.

Since *Bridges*, the Court has repeatedly emphasized that statutory references to an "offense involving" or "offenses involving" certain elements call for such an approach. *See Shular*, 140 S.Ct. at 785; *Kawashima v. Holder*, 565 U.S. 478, 484 (2012) (interpreting "offenses that involve fraud or deceit" to mean "offenses with elements that necessarily entail fraudulent or deceitful conduct") (internal punctuation omitted); *Leocal v. Ashcroft,* 543 U.S. 1, 7 (2004) (stating that "offense that . . . involves" language "requires us to look to the elements and the nature of the offense . . .rather than to the particular facts" at issue); *see also United States v. Davis*, 139 S. Ct. 2319, 2328 (2019) ("In all but the most unusual situations, a single use of a statutory phrase must have a fixed meaning."). Thus, only if the offense "necessarily entails" the identified conduct can it be said to be an "offense involving" that conduct. *Kawashima*, 565 U.S. at 484.

In *United States v. Morgan,* the D.C. Circuit used this approach in interpreting 18 U.S.C. § 3237(a), a venue statute that applies to "[a]ny offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States." The court concluded that "[t]he most natural reading" of the statute is "to construe 'any offense involving' by reference to the *elements* of the offense at issue." 393 F.3d 192, 198 (D.C. Cir. 2004) (emphasis in original). The court then gave an illustrative example of a case in which a defendant travels in interstate commerce, commits a federal offense, and then returns home via interstate commerce:

> [T]he circumstances surrounding the crime include [the defendant's] travel in interstate commerce, but his crime is not an "offense involving" transportation in interstate commerce. In other words, a faithful reading of the precise words of the statute in the order in which they are written suggests that an "offense involv[es]" transportation in interstate commerce only when such transportation is an element of the offense.

13

*Id.* Similarly, an "offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years" is an offense in which such sexual abuse, physical abuse, or kidnapping is an element of the offense.

The Eighth Circuit concluded as much in *United States v. Coutentos,* 651 F.3d 809 (8th Cir. 2011). There, the court held that § 3283 did not apply to a charge of possession of child pornography. *Id.* at 817-18. The court clearly looked to the elements of the statute, as the facts of the case *did* involve the sexual abuse of a child, including the production and possession of child pornography. *Id.* at 813-14. Yet the court held that, on the same set of facts, the offense of *possession* of child pornography did not involve sexual abuse and thus was subject to the general statute of limitations, but the offense of *production* of child pornography *did* involve sexual abuse and was subject to § 3283: "That a producer of child pornography will possess it at the time of the abuse is insufficient to change our view that the offense of possessing child pornography itself does not involve an act against a child, *i.e.,* the sexual abuse of a child." *Id.* at 817.

*Coutentos* demonstrates that the "offense involving" language of § 3283, as with other statutes, requires the court to look to the elements of the offense, rather than the facts of a particular case, to determine whether a particular offense "involves" the sexual or physical abuse or kidnapping of a child. *Id.* at 817. This approach makes practical sense: If the applicability of § 3283 depended on the facts of a particular case, rather than the elements of the offense, the government would effectively be required to prove conduct beyond the elements of the offense—*i.e.,* that sexual or physical abuse or kidnapping occurred—in order to prove that its charges are not time-barred.

Such a "necessarily entails" or "elements of the offense" approach is particularly appropriate for three additional reasons here.  First, like the Wartime Suspension Act in *Bridges*, § 3283 creates an "exception" to the general five-year limitations period of § 3282, and such exceptions should be "narrowly construed."  *Bridges,* 346 U.S. at 215-16 (citing *United States v. McElvain*, 272 U.S. 633, 639 (1926)); *see also Comm'r v. Clark*, 489 U.S. 726, 739 (1989) ("we usually read the exception narrowly in order to preserve the primary operation of the provision," particularly when the exception is "somewhat ambiguous").  Second, § 3282 itself requires that any exception to the five-year rule be "*expressly* provided by law."  18 U.S.C. § 3282 (emphasis added).  Nowhere does § 3283 "expressly" purport to cover offenses that *could* (but need not) be proved by facts involving sexual or physical abuse of a minor.  And third, under the rule of lenity, ambiguity with respect to criminal statutes should be construed in favor of the defendant. *Burrage v. United States*, 571 U.S. 204, 216 (2014); *see also United States v. Valle*, 807 F.3d 508, 523 (2d Cir. 2015) ("where, as here, the Government and the defense both posit plausible interpretations of a criminal statute, the rule of lenity requires us to adopt the defendant's construction").  To do otherwise would violate the "longstanding congressional 'policy of repose' that is fundamental to our society and our criminal law."  *See Bridges*, 346 U.S. at 215-16; *see also Toussie*, 397 U.S. at 115 ("criminal limitations statutes are to be liberally interpreted in favor of repose" (internal quotation omitted)).[8]

**B.**     **The offenses charged in Counts One through Four do not necessarily entail the sexual or physical abuse or kidnapping of a child.**

Under the "necessarily entails" approach, § 3283 does not apply:  None of the charged counts "necessarily" entails "the sexual or physical abuse, or kidnaping, of a child."  *See* 18

---

[8] Nor has the Second Circuit held otherwise.  In *Weingarten,* because the issue arose in the context of an ineffective assistance of counsel claim, the court concluded only that it was "not obvious" that § 3283 required an elements-based approach.  *Weingarten*, 865 F.3d at 53, 58-59.

U.S.C. § 3283.  Counts One and Two arise under 18 U.S.C. § 2422(a), which, at the time of the alleged conduct, provided that a person could be charged with a criminal offense if she "knowingly persuades, induces, entices, or coerces *any individual* to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense."  18 U.S.C. § 2422(a) (1996) (emphasis added).  That statute criminalizes enticing "individual[s]," not necessarily children, to cross state lines to engage in sexual activities.  In other words, the act that violates § 2422(a) does not necessarily entail the enticement of a child to travel, because the enticement of an individual *of any age* satisfies the statute.

Further, § 2422(a) does not necessarily entail "sexual or physical abuse, or kidnaping." 18 U.S.C. § 3283.  A substantive § 2422(a) offense is complete when an individual is "persuade[d], induce[d], entice[d], or coerce[d]" to travel to engage in unlawful sexual activity, and a conspiracy to commit such an offense is complete when an agreement to "persuade[], induce[], entice[], or coerce[]" an individual to engage in such travel is reached and a single overt act is committed in furtherance of the agreement.  It is immaterial to either offense whether any unlawful sexual activity subsequently occurs.  Moreover, the intended unlawful sexual activity required to establish a § 2422(a) offense need not involve "sexual or physical abuse, or kidnaping"; § 2422(a) is frequently, if not primarily, invoked in prosecutions involving the enticement of adults to travel to engage in prostitution, including on a voluntary basis.  *See, e.g., United States v. Rashkovski,* 301 F.3d 1133, 1135-37 (9th Cir. 2002).  For all of these reasons, Counts One and Two do not charge offenses involving the sexual or physical abuse or kidnapping of a child and thus are not subject to § 3283.

Nor does § 3283 apply to extend the statutes of limitations under Counts Three and Four. Those counts arise under 18 U.S.C. § 2423(a), which prohibits "transporting" minors across state lines "*with intent* that the [minor] engage in . . . any sexual activity for which any person can be charged with a criminal offense" (emphasis added).[9]  Neither that offense nor a conspiracy to "transport" a minor with such intent necessarily entails "the sexual or physical abuse, or kidnaping, of a child."  18 U.S.C. § 3283.  Instead, as with § 2422(a), the offense is a "crime of intent and a conviction is entirely sustainable even if no underlying criminal sexual act ever occurs."  *United States v. Broxmeyer*, 616 F.3d 120, 129 n.8 (2d Cir. 2010).  For this reason, Counts Three and Four are not subject to § 3283's extended statute of limitations.

It does not matter that the particular facts alleged in the indictment fall within § 3283. "The embellishment of the indictment does not lengthen the time for prosecution."  *Bridges*, 346 U.S. at 222.  Nor does it matter that sexual abuse of a minor may "often accompan[y]" the offenses charged.  *See id.*  "[U]nder the statute[s] creating the offense[s]," physical or sexual abuse of a minor, or kidnapping, is not "an essential ingredient."  *Id.*  Thus, § 3283's extension for "offense[s] involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years" does not apply.

---

[9] 18 U.S.C. § 2423 was amended effective September 13, 1994, to add a subsection (b) and make cosmetic adjustments, immaterial here, to what is now subsection (a).  Violent Crime Control and Law Enforcement Act of 1994, PL 103-322, Sept. 13, 1994, Title XVI, § 160001(g), 108 Stat. 1796.

## **CONCLUSION**

For the foregoing reasons, Ms. Maxwell respectfully requests that the Court dismiss the

indictment against her.

Dated: January 25, 2021
      New York, New York

                                    Respectfully submitted,

                                    */s/ Mark S. Cohen*
                                    Mark S. Cohen
                                    Christian R. Everdell
                                    COHEN & GRESSER LLP
                                    800 Third Avenue
                                    New York, NY 10022
                                    Phone: 212-957-7600

                                    Jeffrey S. Pagliuca
                                    Laura A. Menninger
                                    HADDON, MORGAN & FOREMAN P.C.
                                    150 East 10th Avenue
                                    Denver, Colorado 80203
                                    Phone: 303-831-7364

                                    Bobbi C. Sternheim
                                    Law Offices of Bobbi C. Sternheim
                                    33 West 19th Street - 4th Floor
                                    New York, NY 10011
                                    Phone: 212-243-1100

                                    *Attorneys for Ghislaine Maxwell*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2021, I served by email, pursuant Rule 2(B) of the Court's individual practices in criminal cases, the within memorandum and any accompanying exhibits upon the following:

Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Maurene.comey@usdoj.gov
Alison.moe@usdoj.gov
Lara.Pomerantz@usdoj.gov
Andrew.Rohrbach@usdoj.gov

*/s/ Christian Everdell*