UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

        v.

GHISLAINE MAXWELL,

        Defendant.

------------------------------------------------------------x

20 Cr. 330 (AJN)

# MEMORANDUM OF GHISLAINE MAXWELL
# IN SUPPORT OF MOTION TO STRIKE SURPLUSAGE
# FROM SUPERSEDING INDICTMENT

Mark S. Cohen
Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New
York, NY 10022
Phone: 212-957-7600

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

SUMMARY OF ALLEGATIONS .............................................................................................. 3

ARGUMENT ................................................................................................................................ 5

I. All References to Accuser-3 Should Be Stricken as Surplusage ................................... 5

    A. The Indictment Is Insufficient to Allege a Conspiracy as to Accuser-3. ................ 6

    B. The Allegations Regarding Accuser-3 Are Irrelevant to the Alleged Conspiracies. ........................................................................................................... 7

    C. The Allegations Regarding Accuser-3 Are Unduly Prejudicial to Ms. Maxwell. ................................................................................................................. 9

II. In the Alternative, the Government Should Be Required to Demonstrate the Admissibility of Evidence Regarding Accuser-3 Pursuant to Fed. R. Evid. 404(b). ....... 10

CONCLUSION ........................................................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Grunewald v. United States*,
  353 U.S. 391 (1957) ............................................................................................................. 8

*Stogner v. California*,
  539 U.S. 607 (2003) ............................................................................................................. 7

*United States v. Benussi*,
  216 F. Supp. 2d 299 (S.D.N.Y. 2002), *aff'd sub nom. United States v. Salmonese*, 352 F.3d
  608 (2d Cir. 2003) ................................................................................................................ 7

*United States v. Curley*,
  639 F.3d 50 (2d Cir. 2011) ................................................................................................. 10

*United States v. Greebel*,
  No. 15-cr-637 (KAM), 2017 WL 3610570 (E.D.N.Y. Aug. 4, 2017) ................................... 5

*United States v. Hsia*,
  24 F. Supp. 2d 14 (D.D.C. 1998) ..................................................................................... 8, 9

*United States v. Scarpa*,
  913 F.2d 993 (2d Cir. 1990) ................................................................................................ 5

**Statutes**

18 U.S.C. § 2421 ....................................................................................................................... 3

18 U.S.C. § 2422 ................................................................................................................ passim

18 U.S.C. § 2423 ................................................................................................................ passim

18 U.S.C. § 2424 ....................................................................................................................... 3

18 U.S.C. § 3283 (1994) ........................................................................................................ 6, 7

18 U.S.C. § 3283 (2003) ........................................................................................................... 7

N.Y. Penal Law § 130.55 ......................................................................................................... 3

**Rules**

Fed. R. Crim. P. 7(d) ................................................................................................................ 5

Fed. R. Evid. 404 ............................................................................................................... passim

**Other Authorities**

Sexual Offences Act 2003 § 9 (Eng.), 2003, c. 42 .......................................................................... 4

Telecommunications Act of 1996, PL 104-104, Feb. 8, 1996, Title V, § 508, 110 Stat. 56 .......... 3

Violent Crime Control and Law Enforcement Act of 1994, PL 103-322, Sept. 13, 1994,
    Title XVI, § 160001(g), 108 Stat. 1796 ................................................................................ 6

**PRELIMINARY STATEMENT**

Ghislaine Maxwell respectfully submits this Memorandum in Support of her Motion to Strike Surplusage from the Indictment ("Motion").

Although Ms. Maxwell is charged with conspiring to cause individuals to travel in interstate or foreign commerce to engage in unlawful sexual activity, the indictment contains no allegation that Accuser-3 ever traveled.[1] Moreover, throughout the period alleged in the indictment, Accuser-3 was above the legal age of consent in England, where all alleged conduct as to her took place. Therefore, the Court should strike all allegations regarding Accuser-3 from the indictment, as they are nothing more than a transparent attempt by the government to introduce Accuser-3's testimony as evidence of a conspiracy, when it is at most "other acts" evidence subject to the balancing test required by Fed. R. Evid. 404(b).

Counts One through Four of the indictment allege that between 1994 and 1997, Ms. Maxwell violated and conspired to violate two separate provisions of the Mann Act: 18 U.S.C. § 2422 (now § 2422(a)), which prohibits the enticement of individuals to travel in interstate or foreign commerce for the purpose of engaging in unlawful sexual activity, and 18 U.S.C. § 2423(a), which prohibits the transportation of individuals under age 18 in interstate or foreign commerce with the intent that they engage in unlawful sexual activity. The substantive Mann Act counts involve Ms. Maxwell's alleged enticement and/or transportation of Accuser-1.

The indictment alleges that Ms. Maxwell engaged in group sexual encounters with Jeffrey Epstein and Accuser-1 and that, on at least one occasion, Ms. Maxwell enticed or caused Accuser-1 to travel from Florida to New York for the purpose of engaging in such encounters with Epstein. But to do so, it must rely on the accusations of a single individual regarding

---

[1] This individual is described in the indictment as Minor Victim-3. Similarly, we refer to the individuals identified in the indictment as Minor Victim-1 and Minor Victim-2 as Accuser-1 and Accuser-2, respectively.

conduct that allegedly took place more than two decades ago—accusations so vague that they do not even link Ms. Maxwell to the only specific allegation of travel by Accuser-1 in the indictment (*see* Indictment ¶¶ 11b, 17b).

To try to bolster its case, the government alleges that Ms. Maxwell was complicit in Epstein's alleged "sexual abuse" of two other individuals, Accuser-2 and Accuser-3, and has included allegations regarding Ms. Maxwell's interactions with these two individuals in the indictment. But the allegations as to Accuser-3 cannot possibly support the charges against Ms. Maxwell: Although the gravamen of a § 2422(a) or § 2423(a) offense is enticing or causing an individual to travel, there is no allegation that Accuser-3 ever traveled—let alone that Ms. Maxwell (or Epstein, for that matter) enticed her to do so or transported her. Moreover, although both § 2422(a) and § 2423(a) require an intent that the traveling individual engage in unlawful sexual activity, the indictment alleges no facts suggesting that Epstein's alleged sexual activity with Accuser-3, who was over the legal age of consent in England at all relevant times, was unlawful. As a result, these allegations serve only to demonstrate a propensity on the part of Ms. Maxwell that will prejudice the jury against her.

To enable the presentation of evidence regarding Accuser-3, the government claims the alleged "sexual abuse" of Accuser-3 is somehow an "overt act" in furtherance of conspiracies to cause unspecified individuals to travel for the purpose of engaging in unlawful sexual activity. The government's inclusion of these allegations, however, is nothing more than an attempted end-run around its obligations under Fed. R. Evid. 404(b). The "overt act" alleged as to Accuser-3 has nothing to do with the alleged conspiracy. Moreover, the allegations regarding Accuser-3 are unduly prejudicial to Ms. Maxwell. Accordingly, Ms. Maxwell requests that the allegations regarding Accuser-3 be stricken as surplusage, or in the alternative, that the

government be required to treat any evidence supporting such allegations as Fed. R. Evid. 404(b) evidence, subject to balancing by this Court of its probative value and prejudicial effects.

## SUMMARY OF ALLEGATIONS

Counts One through Four of the indictment allege that Ms. Maxwell violated and conspired to violate two separate provisions of the Mann Act, 18 U.S.C. §§ 2421-2424. These counts are based on conduct that occurred at unspecified times between 1994 and 1997.

Counts Two and Four allege that Ms. Maxwell substantively violated 18 U.S.C. § 2422 (now § 2422(a)) [2] and § 2423(a), respectively, by enticing and causing Accuser-1 to travel from Florida to New York in order to engage in sex acts with Jeffrey Epstein that would violate N.Y. Penal Law § 130.55. Indictment ¶¶ 13, 19. The indictment does not charge Ms. Maxwell with a substantive Mann Act violation as to any individual other than Accuser-1, nor does it allege that Ms. Maxwell personally enticed or caused any person other than Accuser-1 to travel in interstate or foreign commerce for any reason.

Counts One and Three allege that Ms. Maxwell conspired with Epstein "and others" to violate §§ 2422(a) and 2423(a), respectively. Indictment ¶¶ 9, 15. Count One alleges that the object of the § 2422(a) conspiracy was to "persuade, induce, entice, and coerce one and more individuals to travel in interstate and foreign commerce, to engage in sexual activity for which a person can be charged with a criminal offense." *Id.* ¶ 10. Count Three alleges that the object of the § 2423(a) conspiracy was to "knowingly transport an individual who had not attained the age of 18 in interstate and foreign commerce, with intent that the individual engage in sexual activity for which a person can be charged with a criminal offense." *Id.* ¶ 16.

---

[2] Prior to February 8, 1996, this provision constituted the entirety of § 2422; it became § 2422(a) as a result of the enactment of additional subsections as of that date. Telecommunications Act of 1996, PL 104-104, Feb. 8, 1996, Title V, § 508, 110 Stat. 56. The provision is referred to herein as § 2422(a).

3

In addition to the allegations regarding Accuser-1, the indictment includes factual allegations regarding Ms. Maxwell's interactions with two other individuals, Accuser-2 and Accuser-3, some of which are characterized as "overt acts" in furtherance of the two conspiracies. Ms. Maxwell is not alleged, however, to have enticed or otherwise caused either Accuser-2 or Accuser-3 to travel.

Ms. Maxwell's interactions with Accuser-3 allegedly took place entirely in London, England, where Ms. Maxwell is alleged to have "groomed and befriended" Accuser-3 "between approximately 1994 and 1995." *Id.* ¶ 7c. Ms. Maxwell allegedly introduced Accuser-3 to Epstein and arranged for "multiple interactions between [Accuser-3] and Epstein," during which Ms. Maxwell "encouraged [Accuser-3] to massage Epstein, knowing that Epstein would engage in sex acts with [Accuser-3] during those massages." *Id.*

Although the indictment alleges that Epstein "sexually abused" Accuser-3 during the massages (*id.*), it does not allege that Epstein's interactions with Accuser-3 were nonconsensual or in violation of any English law. Notably, Ms. Maxwell is not alleged to have met Accuser-3 and introduced her to Epstein until 1994 at the earliest, by which time Accuser-3 had reached age 16[3]—the legal age of consent in England. Sexual Offences Act 2003 § 9 (Eng.), 2003, c. 42. Thus, it appears that the "sexual abuse" of Accuser-3 that the indictment alleges was lawful conduct.

Nor does the indictment allege *any* travel by Accuser-3, in interstate or foreign commerce or otherwise, let alone as a result of any action taken by Ms. Maxwell, Epstein, or anyone else. Yet Counts One and Three allege that Ms. Maxwell's encouragement of Accuser-3 to provide massages to Epstein in the future was somehow an overt act in furtherance of the alleged

---

[3] The government has disclosed that Accuser-3 was born in ▮▮▮▮▮▮▮.

§ 2422(a) and § 2423(a) conspiracies to cause individuals to travel in interstate or foreign commerce to engage in unlawful sexual activity. *Id.* ¶¶ 11d, 17d.

## ARGUMENT

**I.     All References to Accuser-3 Should Be Stricken as Surplusage.**

Under Fed. R. Crim. P. 7(d), "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." "This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7(d) Advisory Committee's Note. In the Second Circuit, Fed. R. Crim. P. 7(d) motions may be granted "where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." *United States v. Scarpa,* 913 F.2d 993, 1013 (2d Cir. 1990) (internal quotations omitted); *see United States v. Greebel,* No. 15-cr-637 (KAM), 2017 WL 3610570, at *2 (E.D.N.Y. Aug. 4, 2017) (striking language stating that defendant "orchestrated four interrelated fraud schemes" where indictment charged him in only two of those schemes).

The paragraphs of the indictment alleging that Ms. Maxwell was complicit in Epstein's "sexual abuse" of Accuser-3 are irrelevant, inflammatory, and unduly prejudicial. The indictment is plainly insufficient to allege that Ms. Maxwell conspired to entice Accuser-3 to travel, or to transport her in interstate or foreign commerce, let alone with the requisite intent. Moreover, the allegations regarding Accuser-3 have nothing to do with whether Ms. Maxwell conspired to violate § 2422(a) or § 2423(a) with respect to Accuser-1 or Accuser-2. Thus, the only explanation for the inclusion of alleged 20-year-old allegations involving Accuser-3, and the characterization of the alleged conduct as "sexual abuse," is the likelihood that evidence submitted in support of those allegations will have an unduly prejudicial effect and would not survive a balancing analysis under Fed. R. Evid. 404(b).

5

### A.     The Indictment Is Insufficient to Allege a Conspiracy as to Accuser-3.

To establish a § 2422(a) conspiracy violation, the government must show that Ms. Maxwell conspired to "knowingly persuade[], induce[], entice[], or coerce[] any individual to travel in interstate or foreign commerce . . . to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2422(a) (1996). To establish a § 2423(a) conspiracy claim, the government must prove that Ms. Maxwell conspired to "knowingly transport[] an individual who ha[d] not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423(a) (1994); 18 U.S.C. § 2423 (1986).[4]

The government cannot show that Ms. Maxwell conspired to commit either offense with respect to Accuser-3. There is no allegation that Accuser-3 ever traveled in interstate or foreign commerce, let alone that Ms. Maxwell, Epstein, or anyone else enticed her or otherwise caused her to do so. While the indictment alleges that Ms. Maxwell encouraged Accuser-3 to massage Epstein in England "knowing that Epstein intended to sexually abuse [Accuser-3] during those massages" (Indictment ¶¶ 11d, 17d), it alleges no facts connecting those allegations to any contemplated interstate or foreign travel by Accuser-3—for any purpose. The indictment thus does not come close to alleging facts that would establish a conspiracy to violate either § 2422(a) or § 2423(a) as to Accuser-3.

Moreover, any charge arising out of a conspiracy with respect to Accuser-3 would be time-barred. The government contends that the indictment is timely under 18 U.S.C. § 3283, which, at the time of the alleged offenses, provided that a prosecution involving an "offense

---

[4] Section 2423 was amended effective September 13, 1994, to add a subsection (b) and make cosmetic adjustments, immaterial here, to what is now subsection (a). Violent Crime Control and Law Enforcement Act of 1994, PL 103-322, Sept. 13, 1994, Title XVI, § 160001(g), 108 Stat. 1796.

6

involving the sexual or physical abuse of a child under the age of 18 years" could be brought until the victim reached age 25.  18 U.S.C. § 3283 (1994).  While Congress amended the statute in 2003 to extend the time in which a prosecution could be brought to within the life of the victim, 18 U.S.C. § 3283 (2003), Accuser-3 reached the age of 25 in ▮▮▮▮▮▮, and thus the statute of limitations as to her had expired before the time of the amendment.  While Ms. Maxwell contends that § 3283 cannot be applied retroactively at all, and is inapplicable in any event,[5] it is black-letter law that retroactive application of a criminal statute of limitations to revive a time-barred claim would violate the *Ex Post Facto* Clause.  *Stogner v. California,* 539 U.S. 607, 618 (2003).  Thus, there can be no prosecution for any conduct alleged as to Accuser-3.

### B. The Allegations Regarding Accuser-3 Are Irrelevant to the Alleged Conspiracies.

According to the indictment, the object of the alleged conspiracies was to entice or cause one or more individuals to travel in interstate or foreign commerce in order to engage in unlawful sexual activity.  Because, as shown above, the allegations in the indictment are insufficient to allege such a conspiracy as to Accuser-3, the *only* individuals as to whom the indictment even arguably alleges such a conspiracy are Accuser-1 and Accuser-2.  The allegations regarding Accuser-3, however, have nothing to do with any conspiracy as to Accuser-1 or Accuser-2.

While the government couches the allegations regarding Minor Victim-3 as "overt acts" in furtherance of the conspiracies alleged in Counts One and Three, they are not.  The "scope of the conspiratorial agreement" is the key to determining whether "an overt act may properly be regarded as in furtherance of the conspiracy."  *United States v. Benussi,* 216 F. Supp. 2d 299, 311 (S.D.N.Y. 2002), *aff'd sub nom. United States v. Salmonese*, 352 F.3d 608 (2d Cir. 2003)

---

[5] *See* Motion to Dismiss Counts One Through Four of the Indictment as Time-Barred.

(quoting *Grunewald v. United States*, 353 U.S. 391, 397 (1957)). Thus, whether Ms. Maxwell's alleged conduct with respect to Minor Victim-3 constituted an overt act in furtherance of the alleged conspiracy depends on the scope of the alleged conspiracy.

In *United States v. Hsia,* 24 F. Supp. 2d 14 (D.D.C. 1998), for example, the defendant was charged with conspiracy, and causing false statements to be made to the Federal Election Commission, in connection with an alleged scheme to obtain illegal campaign contributions from foreign donors. The defendant moved to strike references in the indictment to acts of concealment of the alleged conspiracy. The court expressed concern that "the allegations provide little detail about the acts" and that "references to the alleged acts of concealment and cover-up suggest the inclusion of offenses that are not part of the conspiracy charged in the indictment." *Id.* at 25. Although the court denied the defendant's motion to strike, it ordered a bill of particulars "as to the scope of the alleged conspiratorial agreement and in particular whether and how the acts of concealment alleged in the indictment were within the scope of the conspiracy charged." *Id.* at 33. The court added that if the bill of particulars confirmed the defendant's assertion that the alleged acts of concealment and cover-up were not within the alleged scope of the conspiratorial agreement, her motion to strike would be granted. *Id.* at 26.

Here, the object of the alleged conspiracies—necessarily, under the Mann Act—was not to cause any individual to engage in unlawful sex acts with Epstein, but to cause individuals to *travel* to do so. The allegations regarding Accuser-3, even if proven, could not have furthered such alleged conspiracies. There is no basis for any reasonable inference that Epstein and Ms. Maxwell's interactions with Accuser-3 in England furthered a conspiracy to cause Accuser-1, Accuser-2, or anyone else to travel. There is no allegation that Accuser-3 even knew Accuser-1

8

or Accuser-2, or that there is any causal relationship between the alleged incidents involving Accuser-3 in England and those involving Accuser-1 and Accuser-2 in the United States.

To the extent there is any doubt about the scope of the alleged conspiratorial agreement, or how the allegations relating to Accuser-3 are within the scope of that agreement, the Court can resolve the issue by ordering a bill of particulars on these points, as the court did in *Hsia*. However, if the government cannot articulate how alleged sexual conduct with a person who never traveled falls within the scope of a conspiracy to cause another individual to travel, then allegations concerning Accuser-3 should be stricken.

### C.  The Allegations Regarding Accuser-3 Are Unduly Prejudicial to Ms. Maxwell.

There can be no legitimate dispute that the allegations regarding Accuser-3 are inflammatory and unduly prejudicial to Ms. Maxwell. The indictment alleges that Epstein "sexually abused" Accuser-3 and that Ms. Maxwell encouraged Accuser-3 to massage Epstein, "knowing that Epstein intended to sexually abuse" Accuser-3. Indictment ¶¶ 7c, 11d, 17d. The phrase "sexual abuse" connotes criminal activity, even though the alleged conduct may well have been lawful: Accuser-3 was at or above the legal age of consent in England at all relevant times, and the indictment contains no suggestion that the alleged sexual activity involving Accuser-3 was nonconsensual. Regardless of whether the conduct was lawful or unlawful in England, however, few allegations could be more prejudicial to a defendant than allegations that she participated in the "sexual abuse" of a teenager. The allegations as to Accuser-3, though irrelevant to the government's conspiracy counts, thus create precisely the prejudicial appearance the government seeks.

Because the allegations as to Accuser-3 are both irrelevant to the charges against Ms. Maxwell and unduly prejudicial, they should be stricken as surplusage.

**II.      In the Alternative, the Government Should Be Required to Demonstrate the Admissibility of Evidence Regarding Accuser-3 Pursuant to Fed. R. Evid. 404(b).**

At a minimum, the government should not be permitted to use the allegations regarding Accuser-3 to perform an end-run around Fed. R. Evid. 404(b). Rather, the government should be required to demonstrate the admissibility under Fed. R. Evid. 404(b) of any evidence regarding Accuser-3.

Fed. R. Evid. 404(b) "governs the admissibility of evidence of prior or subsequent 'bad acts'—evidence of 'crimes, wrongs, or acts' other than those charged in the indictment." *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011) (quoting Fed. R. Evid. 404(b)). "The rule prohibits the admission of such evidence if it 'prove[s] the character of a person' to show his propensity to commit the charged act, but permits its admission for other purposes." *Id.* (quoting Fed. R. Evid. 404(b)). Permissible purposes include "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In a criminal case, the rule obligates a prosecutor to (i) "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"; (ii) "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose"; and (iii) "do so in writing before trial" unless excused by the court. Fed. R. Evid. 404(b)(3).

As shown above, evidence regarding Accuser-3 is irrelevant to the conspiracy counts. Thus, to the extent that the government intends to introduce evidence regarding Accuser-3, such evidence is "other acts" evidence, and its admissibility should be litigated under Fed. R. Evid. 404(b).

10

**CONCLUSION**

For the foregoing reasons, Ms. Maxwell respectfully requests that the Court strike all references to Accuser-3 from Paragraph 7 of the indictment, and that the Court strike Paragraphs 7c, 11d, and 17d in their entirety. In the alternative, Ms. Maxwell respectfully requests that the Court require the government to provide notice pursuant to Fed. R. Evid. 404(b)(3) prior to introducing any evidence pertaining to Accuser-3, and that Ms. Maxwell be given an opportunity to litigate the admissibility of any such evidence pursuant to Fed. R. Evid. 404(b).

Dated: January 25, 2021
New York, New York

Respectfully submitted,

*/s/ Mark S. Cohen*
Mark S. Cohen
Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, Colorado 80203
Phone: 303-831-7364

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 25, 2021, I served by email, pursuant Rule 2(B) of the Court's individual practices in criminal cases, the within memorandum and any accompanying exhibits upon the following:

Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Maurene.comey@usdoj.gov
Alison.moe@usdoj.gov
Lara.Pomerantz@usdoj.gov
Andrew.Rohrbach@usdoj.gov

                                          */s/ Christian Everdell*