UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                                :
UNITED STATES OF AMERICA                        :
                                                :           20 Cr. 330 (AJN)
            v.                                  :
                                                :
GHISLAINE MAXWELL,                              :
                                                :
                        Defendant.              :
                                                :
                                                :
-------------------------------------------------------------------x

**MEMORANDUM OF GHISLAINE MAXWELL
IN SUPPORT OF MOTION FOR
<u>A BILL OF PARTICULARS AND PRETRIAL DISCLOSURES</u>**

Mark S. Cohen
Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New
York, NY 10022
Phone: 212-957-7600


Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364


Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

I.      Motion for a Bill of Particulars .................................................................................. 3

II.     Motion for Disclosure and Inspection of Documents ................................................ 7

        A.      Unredacted FBI 302 Reports and Notes of Interviews .................................. 7

        B.      The Diary Pages ............................................................................................ 10

        C.      Documents Related to Ms. Maxwell's Motions ........................................... 11

III.    Motion for Immediate Disclosure of *Brady* and *Giglio* Material ..................... 11

IV.     Motion For a Pretrial Evidentiary Proffer or Hearing to Determine
        Admissibility of Co-Conspirator Declarations........................................................ 13

V.      Motion for Accelerated Disclosure of Witness Statements ..................................... 14

VI.     Motion for a List of Government Witnesses............................................................. 15

VII.    Motion for Accelerated Disclosure of 404(b) Evidence........................................... 17

CONCLUSION................................................................................................................ 17

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Boyette v. Lefevre,*
  246 F.3d 76 (2d Cir. 2001).................................................................................. 12

*Brady v. Maryland,*
  373 U.S. 83 (1963).................................................................................. passim

*Clemmons v. Delo,*
  124 F.3d 944 (8th Cir. 1997) .................................................................................. 9

*Crawford v. Washington,*
  541 U.S. 36 (2004).................................................................................. 13

*Giglio v. United States,*
  405 U.S. 150 (1972).................................................................................. passim

*Jones v. Jago,*
  575 F.2d 1164 (6th Cir. 1978) .................................................................................. 9

*Kyles v. Whitley,*
  514 U.S. 419 (1995).................................................................................. 9, 11

*Strickler v. Greene,*
  527 U.S. 263 (1999).................................................................................. 12

*United States v. Bagley,*
  473 U.S. 667 (1985).................................................................................. 11, 12

*United States v. Bortnovsky,*
  820 F.2d 572 (2d Cir. 1987).................................................................................. passim

*United States v. Cannone,*
  528 F.2d 296 (2d Cir. 1975).................................................................................. 4, 16

*United States v. Geaney,*
  417 F.2d 1116 (2d Cir. 1969).................................................................................. 13

*United States v. James,*
  590 F.2d 575 (5th Cir. 1979) .................................................................................. 13

*United States v. Percevault,*
  490 F.2d 126 (2d Cir. 1974).................................................................................. 14

*United States v. Rodriguez,*
   496 F.3d 221 (2d Cir. 2007) ............................................................................ 12

*United States v. Strawberry,*
   892 F. Supp. 519 (S.D.N.Y. 1995) .................................................................... 4

*United States v. Torres,*
   719 F.2d 549 (2d Cir. 1983) .............................................................................. 9

*United States v. Tracy*,
   12 F.3d 1186 (2d Cir. 1993) .............................................................................. 13

*United States v. Turkish,*
   458 F. Supp. 874 (S.D.N.Y. 1978) .................................................................... 16

*United States v. Warme,*
   No. 09CR19A, 2009 WL 427111 (W.D.N.Y. Feb. 20, 2009) ........................... 4

*United States v. Zagari,*
   111 F.3d 307 (2d Cir. 1997) .......................................................................... 6, 8

*White v. Helling,*
   194 F.3d 937 (8th Cir. 1999) ............................................................................ 9

**Statutes**

18 U.S.C. § 3500 ................................................................................... passim

**Rules**

Federal Rules of Evidence 404(b) ................................................................. 1, 17

Rule 15 of the Federal Rules of Criminal Procedure .................................... 14

Rule 26.2 of the Federal Rules of Criminal Procedure .................................. 14

Rule 7(f) of the Federal Rules of Criminal Procedure ................................. 1, 3

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Ghislaine Maxwell's Motion for a Bill of Particulars and Pretrial Disclosures.[1]  Specifically, Ms. Maxwell requests:

- a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure;

- disclosure of certain evidence within the possession of the government or its witnesses;

- immediate disclosure of exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963) and impeachment material under *Giglio v. United States*, 405 U.S. 150 (1972);

- disclosure of any co-conspirator statements and a hearing to determine their admissibility; and

- accelerated production of Jencks Act material, pursuant to 18 U.S.C. § 3500, a government witness list, and any evidence the government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b).

It is now almost seven months since Ms. Maxwell was charged with the offenses in the Superseding Indictment, and the government's case against her is still shrouded in mystery.  Ms. Maxwell has been prevented from knowing even the most fundamental information about the allegations against her, which are based on conduct that allegedly took place over 25 years ago.  First and foremost, the government still has not disclosed the identities of the witnesses who have accused Ms. Maxwell of wrongdoing.  Despite requests to the government to disclose that critical information, the government has refused to do so on the grounds that it needed to protect the witness' privacy, even though some of them, we believe, have publicly identified themselves

---

[1] By letters, emails, and phone calls with government counsel, the parties have attempted to resolve pretrial discovery requests in advance of filing of pretrial motions.  Unresolved requests are the subject of this motion.  The defense will continue to attempt to resolve disclosure issues with the government as they arise.

in court conferences, in lawsuits, and in the press.  Without this basic information, Ms. Maxwell cannot adequately investigate the allegations against her and prepare for trial.

The voluminous discovery provided by the government, which totals in the millions of pages—the vast majority of which was produced to the defense in November 2020—does not shed any more light on the nature of the government proof or the specifics of the alleged conduct.[2]  The discovery contains only a handful of documents that even pertain to the time period charged in the indictment (1994-1997), and what little exists offers almost no information about the details of, for example, exactly when and where the alleged incidents of sexual abuse took place, who was allegedly present, and how the alleged conduct violated the law.  Without these details, which Ms. Maxwell is requesting through a bill of particulars, she cannot identify relevant witnesses or documents that she may wish to obtain to prepare her defense.

It is clear that the detail about how these alleged offenses took place will come solely from the statements of the government's witnesses.  Accordingly, it is critical that Ms. Maxwell receive Jencks Act material and the government's witness list, as well as 404(b) evidence, well in advance of trial so that she can conduct an adequate investigation.  The unique circumstances of this case more than warrant early disclosure of this material.  The conduct alleged in the indictment dates back 25 years, making investigation and preparation of the case complex and difficult.  The global COVID-19 pandemic adds further complications and obstacles to trial preparation.  The Court has recognized that Ms. Maxwell should be granted ample time to review documents related to witnesses in this case.  (*See* Dkt. 73 (ordering the government to produce documents related to certain non-testifying witnesses by March 12, 2021 "to ensure that

---

[2] Ms. Maxwell is still reviewing the discovery, including the over two million pages produced in November 2020. In deference to the Court's schedule and in light of the trial date, we have not asked the Court to further extend the deadline to file pretrial motions.  However, Ms. Maxwell reserves her right to supplement these motions at a later date if her review of discovery uncovers documents that warrant additional requests.

the defense can adequately prepare for trial")).  For the very same reasons, the Jencks Act and

404(b) evidence should be produced to the defense no later than March 12, 2021.

     For the reasons set forth below, the Court should grant Ms. Maxwell's request for a bill

of particulars and her other requests for pretrial disclosures.

## I.     Motion for a Bill of Particulars

     Ms. Maxwell requests that the Court direct the government to file a Bill of Particulars,

pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, because the Superseding

Indictment does not sufficiently inform her of the nature of the charges against her.  Counts One

through Four of the indictment make vague and unspecified allegations that Ms. Maxwell

purportedly enticed and caused unidentified individuals to travel to engage in illegal sex acts

over a four-year period.  But they provide no specifics about when these events supposedly took

place or what constituted the alleged illegal sex acts.  Indeed, it is now almost seven months

since Ms. Maxwell was arrested and the government *still* has not even disclosed the identities of

the three accusers that form the core of the government's case against her in Counts One through

Four.  Nor has the government alleged why Ms. Maxwell's supposedly perjurious responses to

the deposition questions set forth in Counts Five and Six were material to the defamation

proceeding in which they arose.  Ms. Maxwell cannot hope to investigate these allegations and

adequately prepare for trial with such limited information.  A bill of particulars is therefore

warranted.

     Rule 7(f) permits a defendant to seek a bill of particulars "in order to identify with

sufficient particularity the nature of the charge pending against him, thereby enabling defendant

to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be

prosecuted a second time for the same offense."  *United States v. Bortnovsky,* 820 F.2d 572, 574

(2d Cir. 1987).  The decision of whether to grant a bill of particulars is within the discretion of

the district court. *Id.* "In deciding whether a bill of particulars is needed, the court must determine whether the information sought has been provided elsewhere, such as in other items provided by discovery, responses made to requests for particulars, prior proceedings, and the indictment itself." *United States v. Strawberry,* 892 F. Supp. 519, 526 (S.D.N.Y. 1995).

Ms. Maxwell's ability to prepare her case has already been significantly impaired by not knowing the most basic information about the government's proof – she still does not know who has accused her of these alleged crimes. Without knowing this fundamental information, Ms. Maxwell has been forced to make assumptions about their identities and attempt to investigate these allegations blindly. If one of the purposes of a bill of particulars is to "prevent surprise," *Bortnovsky,* 820 F.2d at 574, there could be no greater "surprise" than for Ms. Maxwell to find out that a few weeks before trial that the people she assumed to be the three accusers were not, in fact, the right people. If that occurs, the defense will have wasted months of investigation work and will not be able to adequately prepare for trial.

As we have previously argued (*see* Dkt. 38), the Court has the inherent authority to compel pretrial disclosure of the identities of government witnesses, and should do so here. *See United States v. Cannone,* 528 F.2d 296, 301 (2d Cir. 1975);[3] *United States v. Warme,* No. 09CR19A, 2009 WL 427111, at *2 (W.D.N.Y. Feb. 20, 2009) (ordering government to disclose identity of sex crime victim where "defendant's ability to adequately prepare a defense against this charge is significantly compromised without being advised of the identity of the alleged victim"). On August 25, 2020, the Court denied as premature our request that the government be ordered to provide the identities of the three accusers. (Dkt. 49). We have conferred with the

---

[3] In *Cannone,* the Second Circuit reversed for abuse of discretion the district court's order to compel disclosure of witness identities under the circumstances of that case. 528 F.2d at 300-02. Nevertheless, *Cannone* recognized the district courts' ability to compel disclosure of the identity of government witnesses in appropriate cases. *Id* at 301. Here, the unique circumstances of this case warrant the disclosure of the accusers' identities.

government, but have not been able to agree on a disclosure schedule and therefore renew this request as part of this motion for a bill of particulars.

Ms. Maxwell's efforts to prepare for trial have also been significantly impaired by the lack of specificity in the indictment.  In *Bortnovsky,* the Second Circuit reversed the defendants' convictions for failure to grant a bill of particulars, primarily because the indictment failed to identify relevant dates.  *Bortnovsky,* 820 F.2d at 574-75.  The Circuit concluded that the defendants, accused of submitting false burglary claims for insurance purposes, "were hindered in preparing their defense by the district court's failure to compel the Government to reveal crucial information:  the dates of the fake burglaries and the identity of the three fraudulent documents."  *Id.* at 574.  As a result, *Bortnovsky* held, "[t]he relevance of key events was shrouded in mystery at the commencement of and throughout the trial."  *Id.* at 575.

Ms. Maxwell is similarly hindered.  The indictment charges Ms. Maxwell with enticing or arranging travel for an unidentified individual, Accuser-1,[4] from Florida to New York at some point during a four-year period.  Yet the government has not alleged the dates of Ms. Maxwell's alleged interactions with Accuser-1, the dates when Accuser-1 allegedly traveled across state lines for the purpose of engaging in sexual encounters with Jeffrey Epstein, the dates on which Ms. Maxwell allegedly enticed the complainant to do so, and the actions Ms. Maxwell allegedly took to entice Accuser-1 to travel.  Ms. Maxwell has requested precisely such particulars from the government, and the government has declined to provide them.

This information also has not been provided in discovery.  Notwithstanding the government's representation that accuser testimony is corroborated by "flight records, diary entries, business records, and other evidence," (Dkt. 4 at 5), the government has not produced any such records from which it could be ascertained when or how Ms. Maxwell is alleged to

---

[4] The indictment identifies the three accusers as Minor Victims 1-3.  We will refer to them as Accusers 1-3.

have committed the offenses alleged.  Instead, this information, crucial to whether an underlying

violation of § 130.55 could have occurred at all, remains "shrouded in mystery."  *See*

*Bortnovsky*, 820 F.2d at 575.  To take the "flight records" as an example, ██████████████████

████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████  Thus, the limited information

provided in the "flight records" lead to a dead-end when trying to ascertain any of the details

omitted by the indictment.  Similarly, the "diary entries" ████████████████████████████████

████████████████████████████████████████.

    Not knowing the Accusers' names and dates of birth compounds the difficulty associated

with the absence of dates of key events in the indictment.  Accuser-3, for example, purportedly

was "encouraged" to provide massages to Epstein "between in or about 1994 and in or about

1995."  According to her month and year of birth, as disclosed to the defense, ███████████████

██████████████████████████████  which would bear on whether she was a "minor."

    Similarly, the government has not alleged how the supposedly false statements made by

Ms. Maxwell at her two depositions in the civil defamation action were "material to the

proceeding in which [they were] given," a necessary element of the crime of perjury.  *United*

*States v. Zagari*, 111 F.3d 307, 329 (2d Cir. 1997) (emphasis omitted).  Ms. Maxwell is therefore

left to guess how she allegedly perjured herself, as charged in Counts Five and Six.  The

government should be required, at a minimum, to remove this shroud of mystery and file a bill of particulars to permit Ms. Maxwell to prepare her defense and avoid unfair surprise at trial. *Bortnovsky*, 820 F.2d at 574.  Accordingly, we request the particulars set forth in Exhibit A.  (*See* Ex. A).

## II.     Motion for Disclosure and Inspection of Documents

Ms. Maxwell seeks an order directing the government to produce certain material believed to be in the possession of the government or its agents, or which could be obtained by the government from other prosecutor's offices, law enforcement officers and investigators, witnesses, or persons having knowledge of the events giving rise to this case.  Ms. Maxwell requested these documents from the government, but was denied.  As discussed further below, Ms. Maxwell has good reason to believe that some of these documents contain exculpatory *Brady* material; hence, the government has a duty to produce them to the defense, and should be ordered to do so immediately.  The alternative means of obtaining the requested documents would be through subpoenas served on the government and unidentified witnesses, which is an impractical pursuit.  The government would likely move to quash any subpoena, requiring court intervention; and it would be impossible to serve subpoenas on witnesses without knowing their names and locations.  We therefore request that the Court direct the government to produce the documents set forth below.

### A.     Unredacted FBI 302 Reports and Notes of Interviews

The discovery includes ███████████████████████████

███████████████████████████████

██████████████████████████████

██████████████████████████████

7



The contents of this interview are therefore exculpatory

*Brady* material and should be produced to the defense.  However, the notes and any reports of

these interviews do not appear to be in the discovery, despite the fact that the government

obtained and produced documents from the Miami FBI's investigation.  We therefore ask the

Court to order the government to produce to the defense any notes or reports memorializing

these interviews

There are also numerous redacted FBI reports in the discovery.  The defense asked the

government to produce unredacted copies of two such reports.  The first is

(Ex. C).  The second is

(Ex. D).  Each time, the government responded that it had not

applied the redactions and had produced the documents as they obtained them.  As to the second,

---

[5] We hereafter refer to Minor Victim-2 as Accuser-2.

the government further advised that, to the extent it had access to an unredacted copy of the report, it would produce it when it produces *Giglio* material.

The defense believes that these reports contain *Brady* material and should be produced immediately. ██████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

It is the government's responsibility to obtain unredacted copies of these reports and produce them to the defense.  The government cannot absolve itself of its *Brady* obligations by producing redacted documents "as is," when they could easily obtain unredacted copies from the FBI.  *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (the government "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police").  An informed witness who fails to mention the defendant when making a police report is certainly exculpatory under *Brady*.  *United States v. Torres,* 719 F.2d 549, 555-56 (2d Cir. 1983); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978); *Clemmons v. Delo*, 124 F.3d 944, 952 (8th Cir. 1997); *White v. Helling*, 194 F.3d 937, 944 (8th Cir. 1999).

The timing for *Brady* disclosures is now.  As this Court ruled:

"The Government must disclose to the defense all information 'favorable to an accused' that is 'material either to guilt or to punishment' and that is known to the Government. . . . The Government shall disclose such information to the defense *promptly after its existence becomes known to the Government* so that the defense may make effective use of the information in the preparation of its case."

9

(Dkt. 68) (emphasis added).  Accordingly, the Court should order the government to produce unredacted copies of these reports.

**B.**    **The Diary Pages**

The government also produced in discovery ███████████████████████████

███████████████████████████    In opposing Ms. Maxwell's applications for bail, the government relied heavily on the diary entries as contemporaneous documentary corroboration of their case against Ms. Maxwell.  Yet ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████    We asked the government to produce a complete copy of the diary.  The government responded that

████████████████████████████████████████████████████

███.  In its opposition to Ms. Maxwell's second bail application, the government further represented that ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████    If the government will not obtain and produce the rest of the diary, Ms. Maxwell will have to issue a subpoena to the diary's author.  But because the government refuses to disclose her name to the defense, we don't know who to subpoena and will not know until it is too late to obtain the diary in time for trial.  Accordingly, we request the Court to order the government to produce a complete copy of the diary or, in the alternative, to identify the name of the diary's author.

10

C.       Documents Related to Ms. Maxwell's Motions

Along with this motion, Ms. Maxwell has filed a motion to dismiss the indictment for

breach of the Non-Prosecution Agreement entered into by Jeffrey Epstein and two motions to

suppress the evidence obtained from the government's subpoena of ███████████.  These

motions request, as alternative relief, that the Court grant discovery and an evidentiary hearing

on the issues bearing on the motions.  Ms. Maxwell asked the government for documents

relevant to these motions, but was denied.  To the extent that the Court grants discovery related

to these two motions, Ms. Maxwell requests, among other things, the documents requested in

Exhibit E, which were previously requested from the government.  (*See* Ex. E).

Ms. Maxwell also requests the Court to order the government to produce a copy of the

subpoena that it issued to ██████████.  As set forth in Ms. Maxwell's motion to suppress,

████████████████████████████████████████████████████████, Ms.

Maxwell was not aware that the subpoena had been issued and never had the opportunity to

contest it.  Ms. Maxwell seeks a copy of the subpoena to determine whether she has a basis to

challenge it.

Likewise, for the reasons set forth in her motion to suppress, Ms. Maxwell requests that

the government produce copies of the other grand jury subpoenas issued in connection with this

case for the production of Ms. Maxwell's private and confidential records.[6]

III.     Motion for Immediate Disclosure of *Brady* and *Giglio* Material

Ms. Maxwell moves for an order, pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963)

and its progeny, *Kyles v. Whitley*, 514 U.S. 419 (1995), *United States v. Bagley*, 473 U.S. 667

(1985), and *Giglio v. United States*, 405 U.S. 150 (1972) compelling the government to

---

[6] *See* Motion Under the Fourth Amendment, *Martindell*, and the Fifth Amendment to Suppress All Evidence
Obtained from the Government's Subpoena to ██████████ and to Dismiss Counts Five and Six.

immediately disclose all potentially favorable evidence having a reasonable probability to affect the outcome of the proceedings.  It is further requested that the Court direct the government to disclose such information immediately upon its discovery.

It is well settled that pursuant to *Brady* and its progeny, the government must disclose evidence, information, and facts that could be used to impeach its witnesses.  *See United States v. Rodriguez*, 496 F.3d 221, 225 (2d Cir. 2007).  Such evidence includes any and all evidence of a witness' prior crimes or acts of moral turpitude, prior inconsistent statements, and statements demonstrating a lack of knowledge or a denial of the facts of the case or the alleged guilt of the defendant, and specific instances of conduct from which it can be inferred the witness is untruthful.

But disclosure of *Brady* material is not the end of the line.  Quite the contrary, it is a launching point for an investigation that may bear critical information.  In order to mount an effective defense, Ms. Maxwell must receive this material in sufficient time to investigate and develop it for effective use before and during trial.  We therefore request the immediate disclosure of all *Brady* and *Giglio* material.

The government takes the customary position that it will turn over any *Giglio* material at the time it provides prior statements of witnesses pursuant to 18 U.S.C. § 3500.  In doing so, the government erroneously assumes that *Giglio* material is something other than *Brady* material. The Supreme Court has made clear that impeachment evidence "falls within the *Brady* rule." *Bagley*, 473 U.S. at 676 (citing *Giglio*, 405 U.S. at 154).  Favorable evidence, generally referred to as *Brady* material, exculpates the accused or impeaches prosecution witnesses.  *Id.* at 674, 676; *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999)*; Boyette v. Lefevre*, 246 F.3d 76, 89 (2d Cir. 2001).

For these reasons, we respectfully request that the Court order the government to immediately disclose all favorable evidence (*Brady* and *Giglio* material) within its possession and to immediately disclose all such material upon future discovery or receipt, to provide the defense will have ample opportunity to make use of it at trial.

## IV.   Motion For a Pretrial Evidentiary Proffer or Hearing to Determine Admissibility of Co-Conspirator Declarations

Ms. Maxwell anticipates that the government may offer testimony regarding statements allegedly made by unindicted co-conspirators, including statements of Jeffrey Epstein, who is deceased.  Any such testimony would be highly prejudicial to Ms. Maxwell in the context of this case, especially because statements by Mr. Epstein, which would be testimonial in nature, are not subject to cross-examination. *See Crawford v. Washington*, 541 U.S. 36 (2004).  To avoid serious and irreparable prejudice that would result at the time of trial, it is essential that the government demonstrate the admissibility of any co-conspirator declarations at a hearing prior to trial.  *See United States v. James*, 590 F.2d 575 (5th Cir. 1979).

The Second Circuit instructs courts to follow the procedure enunciated in *United States v. Geaney,* 417 F.2d 1116 (2d Cir. 1969).  "Under the *Geaney* rule, statements proffered as coconspirator statements may be admitted in evidence on a conditional basis, subject to the later submission of the necessary evidence" to establish prerequisites for admission. *United States v. Tracy*, 12 F.3d 1186, 1199 (2d Cir. 1993). Should the government fail to meet its burden of persuasion and the Court finds that the conditionally admitted co-conspirator statements were not made during or in furtherance of the charged conspiracy, any cautionary instruction would be of doubtful utility to ensure that all jurors would disregard

13

statements they already heard.  Rather than risk a mistrial, the Court should require a proffer

from the government or conduct a pretrial hearing to determine if the statements are admissible.

## V.      Motion for Accelerated Disclosure of Witness Statements

The defense moves for accelerated disclosure of witness statements, pursuant to 18

U.S.C. § 3500 ("Jencks Act") and Rule 26.2 of the Federal Rules of Criminal Procedure.  In

order to properly investigate and prepare for trial, the defense will need the Jencks Act material

well in advance of trial.  The allegations in this case date back 25 years.  At the time of the

alleged offenses, electronic recordkeeping was not prevalent.  As a result, records and files,

should they still exist, may be archived or hard to retrieve.  Moreover, the conduct alleged in the

indictment purportedly took place in other states and in foreign countries over a four-year period.

Statements pertaining to witnesses who are located outside United States will potentially require

international travel to investigate.  Foreign investigation may also require depositions, pursuant

to Rule 15 of the Federal Rules of Criminal Procedure, in the absence of subpoena power to

compel witness testimony in the United States.  Investigation of witness statements is especially

challenging in light of the global pandemic that has imposed numerous constraints, including

restrictions on travel, mandated periods of quarantine, closure of public offices and businesses,

and the reluctance of witnesses to meet in person.  While these challenges cannot be eliminated

entirely, early disclosure can help alleviate them and afford the defense a fair opportunity to

make use of the Jencks Act material.

On a case-by-case basis, courts can exercise their discretion and supervisory power to

urge the production of Jencks Act material in advance of trial in the interests of judicial economy

to avoid unnecessary delays during the course of the trial.  *See United States v. Percevault*, 490

F.2d 126, 132 (2d Cir. 1974).  The circumstances of this case – the age of the offenses, the

location of witnesses, the ongoing global pandemic – justify the accelerated disclosure of Jencks Act material.

The Court has already recognized that the defense will need substantial time to evaluate and investigate materials related to potential witnesses in this case.  In response to the government request to delay production of certain Rule 16 materials related to non-testifying witnesses until eight weeks prior to trial, the Court ruled that such a time frame was "insufficient" and ordered the government to produce the materials by March 12, 2021 "to ensure that the defense can adequately prepare for trial."  (Dkt. 73).  The defense has conferred with the government and proposed the same date—March 12, 2021—to produce all Jencks Act material for both testifying and non-testifying witnesses.  The government has denied that request.  Accordingly, we ask the Court to order the government to disclose all Jencks Act material by that date, including, but not limited to the following:

1. Any and all rough notes of witness interviews taken or obtained in any investigation of Ms. Maxwell, including federal, state, local and other investigations whether or not the contents thereof have been incorporated in official reports;

2. Any notes or memoranda made by government counsel, staff, or law enforcement agents during the interview of any witness intended to be called by the government in its direct case;

3. Any emails, texts or voicemails (in original, transcribed and summary form) from the witness and from the witness's counsel/law firm containing information derived from any witness intended to be called by the government in its direct case; and

4. Any emails, texts or voicemails (in original, transcribed and summary form) between and among government counsel and law enforcement officers containing information derived from any witness intended to be called by the government in its direct case.

## VI.    Motion for a List of Government Witnesses

In conjunction with Ms. Maxwell's request for early disclosure of Jencks Act material, the defense also requests that the government provide a list of the witnesses it intends to call at trial.  Although Rule 16 does not require the government to disclose its witness prior to trial, the

Court may order the disclosure when a balancing of the defendant's need for disclosure and the government's need for concealment indicates that such an order would be in the interests of justice. *See Cannone,* 528 F.2d at 300-02. Trial courts generally exercise discretion to order such disclosure upon a finding that a defendant's request is material to the preparation of the case and is otherwise reasonable. *See id.* at 300-01. Courts assess the materiality and reasonableness of the request through the application of a six-factor test set forth in *United States v. Turkish*, 458 F. Supp. 874 (S.D.N.Y. 1978):

1.   Did the offense alleged in the indictment involve a crime of violence?

2.   Have the defendants been arrested or convicted for crimes involving violence?

3.   Will the evidence in the case largely consist of testimony relating to documents (which by their nature are not easily altered)?

4.   Is there a realistic possibility that supplying the witnesses' names prior to trial will increase the likelihood that the prosecution's witnesses will not appear at trial, or will be unwilling to testify at trial?

5.   Does the indictment allege offenses occurring over an extended period of time, making preparation of the defendants' defense complex and difficult?

6.   Do the defendants have limited funds with which to investigate and prepare their defense?

*Id.* at 881.

Here, the application of the *Turkish* factors favors early disclosure of the identities of the government's witnesses. The indictment does not allege crimes of violence, Ms. Maxwell has no criminal history, and the government has conceded that she is not a danger to the community. The age of the charged offenses and the complications imposed by a global pandemic makes investigation and preparation of this case complex and difficult. Disclosure of the government's witness list is material to the preparation of the defense and reasonable in light of the circumstances surrounding this case.

16

## VII.    Motion for Accelerated Disclosure of 404(b) Evidence

The defense requests that the Court direct the government to disclose any and all acts and any evidence it intends to introduce under  Rule 404(b) of the Federal Rules of Evidence or as background of the conspiracy charged in the Indictment.

Ms. Maxwell should be put on notice as soon as possible of the exact nature of any 404(b) evidence, the witnesses pertaining thereto, the documents in support thereof and the theory upon which the government asserts admissibility rests.  By providing prompt notification, the defense can investigate the allegations and file appropriate motions to permit the Court to make pretrial determinations regarding the admissibility of any potential Rule 404(b) evidence proffered by the government.  We have conferred with the government and requested that all Rule 404(b) evidence be provided by March 12, 2021, but the government has denied this request.  We therefore request that the Court order the government to produce all Rule 404(b) evidence by that date.

**CONCLUSION**

For the reasons set forth above, we respectfully request that the Court grant the motions presented in their entirety.

Dated: January 25, 2021
        New York, New York

Respectfully submitted,


_/s/ Mark S. Cohen_
Mark S. Cohen
Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Jeffrey S. Pagliuca

17

Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, Colorado 80203
Phone: 303-831-7364

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

18

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2021, I served by email, pursuant Rule 2(B) of the Court's individual practices in criminal cases, the within memorandum and any accompanying exhibits upon the following:

Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Maurene.comey@usdoj.gov
Alison.moe@usdoj.gov
Lara.Pomerantz@usdoj.gov
Andrew.Rohrbach@usdoj.gov

*/s/ Christian Everdell*