UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ghislaine Maxwell,

Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On February 26, 2021, the Government filed its omnibus memorandum of law opposing Defendants' twelve pre-trial motions. It filed the brief, along with the corresponding exhibits, under temporary seal pending the Court's resolution of its request to redact sensitive or confidential information. *See* Dkt. No. 162. On March 9, 2021, the Defendant objected to certain of the redactions that the Government had proposed, and she proposed additional redactions. Having considered the parties' respective positions, the Court will grant the Government's requests for redactions and sealing, as well as the Defendant's additional redaction requests, with the exceptions discussed below.

To begin with, the Court's reasoning is guided by the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *Id*. at 119–20. "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id*. at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*")).

1

The proposed redactions mostly satisfy this test. First, the Government's brief in opposition to the Defendant's pre-trial motions is a "judicial document" for purposes of the first element of the *Lugosch* test. *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995). The Court thus concludes that there is a common law and a First Amendment presumption of access. *Id.* at 146; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978). The question, then, is whether the redaction and sealing requests are narrowly tailored to serve substantial interests that overcome that presumption of access.

Like the Government's previous redaction and sealing requests in this case, the Government bases its requests on its contention that redactions and/or sealing are necessary to protect the integrity of an ongoing criminal investigation and to protect third parties' personal privacy interests. As a general matter, these interests are legitimate and provide a basis for overcoming the presumption of access. *See, e.g.*, *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017); *United States v. Madoff*, 626 F. Supp. 2d 420, 427–28 (S.D.N.Y. 2009). As applied to this case, the Court concludes that the proposed redactions in the Government's brief generally serve these interests. Exhibit 1 contains a single redaction—the name of a third party—and the Court concludes that that individual's personal privacy interests outweigh the presumption of access that exists as to that limited portion of the exhibit. The proposed redactions to Exhibit 7 are similar in that they seek to protect from public access only the names and contact information of third parties. Here, too, the interest in protecting the safety and privacy of those individuals outweighs the presumption of access that attaches to those documents.

The Court overrules the Defendant's objections to the redactions contained in Exhibit 5 of the Government's brief and adopts the Government's proposed redactions. The core of the

Defendant's objections relate to her contention that some of the information contained in the redactions has been made public by other means. Notwithstanding this, the redactions to which the Defendant objects relate to the privacy interests of third parties, which the Second Circuit has admonished "should weigh heavily in a court's balancing equation." *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1050 (2d Cir. 1995). At least some of the redactions to which the Defendant objects relate to private "family affairs" of a third party, a factor that "weigh[s] more heavily against access than conduct affecting a substantial portion of the public." *Id.* at 1051. And though the Defendant contends that some of the information contained in the redactions is public, she furnishes no evidence to that effect. As a result, the Court concludes that the significant privacy interests at stake justify the limited and narrowly tailored redactions contained in Exhibit 5.

In addition, the Court adopts the Defendant's proposed additional redactions to pages 129–134 of the Government's brief. Those portions of the transcript, which were redacted in the civil matter, concern privacy interests and their disclosure would merely serve to cater to a "craving for that which is sensational and impure." *Amodeo II*, 71 F.3d at 1051 (citation omitted). The Court thus concludes that such redactions are justified.

On the other hand, the Court agrees with the Defendant's objections to the redactions contained in pages 1–128 of the Government's brief. To provide some context, the redacted portions of the brief relate to sealed proceedings that took place before different judges relating to the issuance of grand jury subpoenas in connection with the present case. *See* Dkt. No. 51. Because the Government's brief is a judicial document and because the presumption of access attaches, the Government's redaction requests must be "necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Courts have noted that "disclosing the details of the Government's efforts to obtain evidence will undoubtedly hamper the investigation, as the individuals and entities under investigation would be put on notice." *United States v. Madoff*, 626 F. Supp. 2d 420, 427–28 (S.D.N.Y. 2009). And the Government's interest in protecting an ongoing investigation from the "danger of impairing law enforcement" may be a countervailing factor that outweighs the presumption of access. *See Lugosch,* 435 F.3d at 120. But the Government advances no non-conclusory basis as to why its investigation at this stage of the matter would be imperiled by the disclosure of the information regarding how it obtained the information in question, and the requested redactions are far from narrowly tailored. As a result, the Court denies the Government's redaction requests in pages 1–128 and denies its request to file Exhibits 8 and 9 under seal, since those documents relate to this very issue and the same reasoning applies to them. The Court will give the Government an opportunity to seek more tailored redactions if it wishes and to specifically justify the ongoing need to redact the requested information and documents. By March 22, 2021, the Government may file a letter with the Court—under seal, if necessary—justifying the specific redaction and sealing requests. Alternatively, by that date the Government can indicate that it will not seek to renew the request.

Furthermore, the Court agrees with the Defendant's objections to the redactions contained in pages 187–188 of the Government's brief. While the Court previously had granted the request to redact the same information, *see* Dkt. No. 99, the Court no longer sees a basis for keeping this information under seal in light of the strong presumption of access. The information does not in itself contain any personally identifying information, and the Court concludes that any minimal threat of interference with the Government's investigation through the disclosure of this information is outweighed by the presumption of access that attaches to those portions. As

4

above, however, the Court will give the Government an opportunity to justify the ongoing need to redact this information and these documents; by March 22, 2021, the Government may file a letter with the Court—under seal, if necessary—justifying the redaction and sealing requests.

Finally, the Court denies the Government's request to file Exhibit 11 entirely under seal. While portions of that transcript have been redacted, other portions are part of the public record. *See Giuffre v. Maxwell*, Case No. 15-cv-7433, Dkt. No. 1212-1. In light of this, the Court sees no basis to file the transcript entirely under seal rather than by redacting the relevant portions.

In light of the above, the Government is hereby ORDERED to either docket on ECF their brief and the corresponding exhibits, consistent with this Order, or to file a letter with the Court justifying more tailored redaction and sealing requests regarding pages 1–128 and 187–188 and Exhibits 8 and 9 by no later than March 22, 2021. The parties are further ORDERED to meet, confer, and jointly propose redactions to the Defendant's cover letter objecting to the Government's proposed redactions by March 22, 2021. Finally, the parties are ORDERED to meet, confer, and propose redactions to Exhibit 11 of the Government's submission by March 22, 2021.

SO ORDERED.

Dated: March 18, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge