```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/24/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

—v—

Ghislaine Maxwell,

                    Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On March 5, 2021, Defendant Ghislaine Maxwell submitted to the Court an application

for an order authorizing a subpoena pursuant to Rule 17(c)(3) of the Federal Rules of Criminal

Procedure.  The proposed subpoena was directed at a law firm that represents alleged victims of

the Defendant.  As is standard for Rule 17(c) subpoenas, the application was made *ex parte* and

under seal on the ground that it reveals defense strategy.  *See e.g.*, *United States v. Skelos*, No.

15-CR-317 (KMW), 2018 WL 2254538, at *8 (S.D.N.Y. May 17, 2018), *aff'd*, 988 F.3d 645 (2d

Cir. 2021); *United States v. Wey*, 252 F. Supp. 3d 237, 243 (S.D.N.Y. 2017); *United States v.

Earls*, No. 03-CR-0364 (NRB), 2004 WL 350725, at *6 (S.D.N.Y. Feb. 25, 2004); *United States

v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995).

Rule 17(c)(3) provides that "[a]fter [an indictment] is filed, a subpoena requiring the

production of personal or confidential information about a victim may be served on a third party

only by court order," but "before entering the order and unless there are exceptional

circumstances, the court must require giving notice to the victim so that the victim can move to

quash or modify the subpoena or otherwise object."  Fed. R. Crim. P. 17(c)(3).  Consistent with

the Rule, on March 12, 2021, in a sealed *ex parte* Order, the Court required defense counsel to

provide notice to alleged victims whose personal or confidential information may be disclosed

by the proposed subpoena.  The Court also gave the alleged victims an opportunity to object to or request modifications of the subpoena as required by Rule 17(c)(3).

On March 19, 2021, the Court received a letter from the law firm indicating that it can provide notice to alleged victims whose personal or confidential information may be elicited by the subpoena.  The law firm shall provide notice to any such alleged victims it represents.

In that letter, the law firm also interposed substantial objections on behalf of the law firm and the alleged victims it represents.  Those objections are functionally the equivalent of a motion to quash, even though the subpoena has not yet issued.  So that the Court can receive adversarial briefing on the proposed subpoena comparable to a motion to quash, the law firm shall enter an appearance and file its objections on the public docket.  *See United States v. Ray*, No. 20-CR-110 (LJL), 2020 WL 6939677, at *10 (S.D.N.Y. Nov. 25, 2020) ("[I]f the Court determines that the subpoena calls for personal or confidential information about a victim, it requires the requesting party have given notice to the victim before it permits the service of the subpoena.  If the victim objects, the Court will then determine whether to modify or quash the subpoena, including on grounds that *Nixon* was not satisfied.").

In advance of noticing an appearance and filing, the law firm shall meet and confer with defense counsel to see if any issues can be narrowed before formal briefing.  Moreover, prior to filing, the law firm shall confer with defense counsel as to any proposed, necessary, and tailored redactions to the objections.  The law firm's objections with any proposed redactions shall be filed on or before March 26, 2021.  Any redactions must be justified consistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Within one week of the filing of objections, defense counsel may respond to the subpoena objections.  The law firm may reply

within three days of the Defendant's response.[1]  Counsel shall confer regarding any proposed

redactions for all briefing.


      SO ORDERED.

Dated: March 24, 2021
      New York, New York               _____
                                  ALISON J. NATHAN
                            United States District Judge

---

[1] All filings must be double-spaced and in 12-point font with 1-inch margins.