**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 26, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:**    ***United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)**

Dear Judge Nathan:

      The Government respectfully writes to bring the Court's attention to a recent decision by Judge Crotty in *United States v. Schulte*, 17 Cr. 548 (PAC), which is attached hereto as Exhibit 1 ("Schulte Op."). In that case, the defendant filed a motion to dismiss the indictment on November 16, 2020 (*see* 17 Cr. 548 (PAC), ECF No. 435), which was virtually identical in multiple respects to the January 25, 2021 motion to dismiss the indictment filed by defendant Ghislaine Maxwell in the above-captioned case (*see* 20 Cr. 330 (AJN), ECF No. 126). Like Maxwell, the defendant in *Schulte* asserted, among other things, a claim under the Sixth Amendment of the Constitution, arguing that the indictment should be dismissed because the grand jury sitting in White Plains unfairly underrepresented Black and Hispanic individuals. Judge Crotty rejected those claims in their entirety and denied the defendant's motion to dismiss. Judge Crotty's thorough, well-reasoned decision supports the Government's position in this case.

In particular, in assessing the defendant's Sixth Amendment claim, Judge Crotty found

that: (1) the relevant jury pool is the White Plains Master Wheel (Schulte Op. 8-9); (2) the relevant

"community" is the White Plains voting age population (Schulte Op. 9-11); (3) it was entirely

proper for the Government to seek an indictment in White Plains, despite the fact that the trial is

likely to occur in Manhattan (Schulte Op. 11-13); and (4) the appropriate method of statistical

comparison is the "absolute disparity" method (Schulte Op. 13-14).  Judge Crotty therefore found

that the defendant had not demonstrated substantial underrepresentation under the second prong

of the standard set forth in *Duren v. Missouri*, 439 U.S. 357, 364 (1974).  (Schulte Op. 13-15).

Judge Crotty further found that the defendant's claim failed on *Duren*'s third prong, as well,

because the defendant had not established that any underrepresentation was the product of

systematic exclusion in the jury selection process. (Schulte Op. 15-17).

> Respectfully submitted,
>
> AUDREY STRAUSS
> United States Attorney
>
> by: ___/s/_____
>    Maurene Comey
>    Alison Moe
>    Lara Pomerantz
>    Andrew Rohrbach
>    Assistant United States Attorneys
>    (212) 637-2324

cc:    Counsel of Record (by ECF)