

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 29, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government writes to notify the Court that today, a Grand Jury sitting in Manhattan returned a superseding indictment in the above-captioned case (the "S2 Indictment").[1]  The Government respectfully submits this letter (1) to identify the differences between the charges contained in the S2 Indictment and the charges contained in the prior indictment, S1 20 Cr. 330 (AJN) (the "S1 Indictment"); (2) to address the impact, if any, of the S2 Indictment on the status of discovery and other disclosures; and (3) to address the impact of the S2 Indictment on the currently pending motions.

---

[1] The Government noted in its February 26, 2021 Omnibus Memorandum of Law in Opposition to the Defendant's Pretrial Motions that its investigation remained ongoing and that the Government would seek a superseding indictment no later than three months prior to trial.  At this juncture, while the Government's investigation is still ongoing, if trial remains set for July 12, 2021 as scheduled, then the Government does not intend to seek any further indictments in this case.  To the extent the Government uncovers additional evidence that it may seek to introduce at trial, it will promptly disclose such evidence to the defense as either Rule 16 or Jencks Act material.  Additionally, the Government remains cognizant that its *Brady* obligations remain ongoing and will promptly disclose any exculpatory evidence of which it becomes aware.

### I.     Comparison of the S1 Indictment and the S2 Indictment

Count One of the S2 Indictment charges the defendant with participating in a conspiracy to entice minors to travel, in violation of 18 U.S.C. § 371, which is the same statutory violation as Count One of the S1 Indictment. Whereas Count One of the S1 Indictment alleged that this conspiracy lasted through in or about 1997, Count One of the S2 Indictment alleges that the conspiracy continued through in or about 2004 and specifically identifies a fourth victim, Minor Victim-4, who was a victim of this conspiracy between approximately 2001 and 2004.

Count Two of the S2 Indictment remains identical to Count Two of the S1 Indictment and is unchanged.

Count Three of the S2 Indictment charges the defendant with participating in a conspiracy to transport minors, in violation of 18 U.S.C. § 371, which is the same statutory violation as Count Three of the S1 Indictment. Whereas Count Three of the S1 Indictment alleged that this conspiracy lasted through in or about 1997, Count Three of the S2 Indictment alleges that the conspiracy continued through in or about 2004 and specifically identifies a fourth victim, Minor Victim-4, who was a victim of this conspiracy between approximately 2001 and 2004.

Count Four of the S2 Indictment remains identical to Count Four of the S1 Indictment and is unchanged.

Count Five of the S2 Indictment adds a new charge against the defendant. In particular, Count Five alleges that the defendant participated in a sex trafficking conspiracy between approximately 2001 and 2004, in violation of 18 U.S.C. § 371. The S2 Indictment specifically identifies Minor Victim-4 as a victim of this conspiracy.

Count Six of the S2 Indictment adds another new charge against the defendant. In particular, Count Six alleges that the defendant participated in the sex trafficking of a minor, and aided and abetted the same, in violation of 18 U.S.C. §§ 1591 and 2. The S2 Indictment specifically identifies Minor Victim-4 as the victim of this count.

Count Seven of the S2 Indictment is identical to Count Five of the S1 Indictment and is otherwise unchanged.

Count Eight of the S2 Indictment is identical to Count Six of the S1 Indictment and is otherwise unchanged.

## II. Disclosures

The Government has already produced to the defense all material that constitutes Rule 16 discovery related to the new allegations and charges contained in the S2 Indictment. In particular, the Government has from the outset approached its Rule 16 productions in this case as though the allegations covered a broader time period through at least 2005, rather than limiting those productions to the time period alleged in the S1 Indictment (1994 to 1997). As a result, the Government has already produced to the defense all Rule 16 material relevant to the S2 Indictment of which it is aware in the Prosecution Team's possession. These Rule 16 materials included productions from the files of the Federal Bureau of Investigation ("FBI") Palm Beach Resident Agency (the "FBI Florida Office"), the FBI New York Office, and the U.S. Attorney's Office for the Southern District of New York.

To assist the defense in preparing for trial on the new allegations contained in the S2 Indictment, today the Government provided the defense with Minor Victim-4's month and year of birth. Additionally, in order to aid the defense in its trial preparation and review of the discovery,

today the Government provided the defense with a list of Bates ranges within the discovery materials produced to date that are particularly relevant to Minor Victim-4.  Although that list is not exhaustive and does not include every document that may be relevant to Minor Victim-4, it identifies key pieces of evidence regarding this victim.

Additionally, in order to ensure that the defense has adequate time to prepare for trial, the Government intends to begin its production to the defense of non-testifying witness statements by April 12, 2021, approximately three months in advance of trial.  This production will include the statements of more than 250 witnesses related to the investigation of Jeffrey Epstein and his associates in the Government's possession whom the Government does not currently expect to call to testify at trial.  The Government is continuing to review its files for witness statements and will produce any additional non-testifying witness statements that come to light on a rolling basis as promptly as possible in advance of trial.

Finally, given the expanded charges in the S2 Indictment, the Government is prepared to produce Jencks Act and *Giglio* material for witnesses it expects to call at trial six weeks, rather than four weeks, in advance of trial.  These productions, together with the guidance provided to the defense today regarding discovery relating to Minor Victim-4, should provide ample time for the defense to prepare for trial and proceed as scheduled on July 12, 2021.

### III.   Motions

In light of the new allegations and charges contained in the S2 Indictment, the Government will meet and confer with defense counsel to discuss whether defense counsel wishes to bring additional motions (or supplement existing motions) based on the S2 Indictment and, if so, to discuss a proposed schedule for any additional briefing.  Although the S2 Indictment should have

Page 5

no impact on several of the defendant's motions, such as the motions to suppress (Motion 3 and Motion 11), the motion to dismiss the perjury counts (Motion 4), and the motion to strike allegations regarding Minor Victim-3 as surplusage (Motion 6), the Government does not anticipate objecting to any defense request to file supplemental briefing regarding any issue that is implicated by the S2 Indictment.  The Government also notes that the S2 Indictment was returned by a grand jury sitting in Manhattan, rendering moot the defendant's motion to dismiss based on the use of a grand jury sitting in White Plains (Motion 9).

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: __/s/_____
Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
Assistant United States Attorneys
(212) 637-2324

cc: Counsel of Record (by ECF)