

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 29, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      **Re:**    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter to clarify a statement in its prior letter to the Court in the above-referenced case dated October 7, 2020 (the "Letter"). (Dkt. No. 63). In the Letter, the Government stated, "The Prosecution Team in this case had no involvement in the Florida Investigation, which predated the instant investigation by approximately eight years." (Letter at 4). Although it is certainly correct that none of the individual prosecutors, agents, or investigators on the Prosecution Team had any involvement in the Florida Investigation, the Government writes to bring the following additional facts to the Court's attention.

Recently, defense counsel brought to the Government's attention information suggesting that the Federal Bureau of Investigation ("FBI") New York Office may have participated in certain aspects of the Florida Investigation between 2005 and 2010. In response, the Government has re-reviewed portions of its files, including portions of the file of the FBI's Palm Beach Resident Agency (the "FBI Florida Office"), for documentation indicating that the FBI New York Office interacted with the FBI Florida Office or with the United States Attorney's Office for the Southern

Honorable Alison J. Nathan
March 29, 2021
Page 2

District of Florida during the course of the Florida Investigation.  As a result of that review, the

Government has learned that agents assigned to the FBI New York Office assisted the FBI Florida

Office by contacting and interviewing or attempting to interview, at the direction of the FBI Florida

Office, four witnesses in the New York area between approximately 2007 and 2008 during the

Florida Investigation.  These interviews, as noted, were done at the direction of the FBI Florida

Office—no separate New York FBI investigation was opened at that time—and consistent with

that, any notes or FBI 302s documenting the interviews were then kept in the FBI Florida Office

file.  The Government is not aware of any indication that the FBI New York Office had any

involvement in presenting the Florida case to a grand jury, developing prosecutorial strategy,

attending court proceedings, or making any charging decisions in the case.

The Government understands that it is not uncommon for an FBI Field Office to provide

this sort of ancillary support without becoming a part of the prosecution team.  Indeed, it appears

from the FBI Florida Office's file that the FBI Florida Office contacted numerous other FBI

offices, including offices in New Mexico, Australia, and Colombia, to seek similar assistance.

Those other FBI offices similarly had no apparent involvement in the case beyond assisting in

contacting and interviewing witnesses in their regions.  Providing such ancillary assistance does

not convert an FBI field office into a member of a prosecution team.  *See, e.g.*, *United States v.

Collins*, 409 F. Supp. 3d 228, 241-43 (S.D.N.Y. 2019) (no joint investigation between U.S.

Attorney's Office and SEC where the two entities conducted a small number of joint interviews

and engaged in limited sharing of information with each other).

Regardless, the Government has identified and produced additional materials to the defense

reflecting interactions between the FBI New York Office and the FBI Florida Office during the

Florida Investigation.  Although the Government does not believe that these materials are

Honorable Alison J. Nathan
March 29, 2021
Page 3

discoverable under Rule 16, it has nevertheless made this production as a courtesy in light of the

defense's request.   Additionally, and as indicated in the Letter, the Government has already

obtained the FBI Florida Office's investigative file, reviewed it for disclosures in this case, and

made productions to defense counsel pursuant to the Government's *Brady* and Rule 16 obligations

from that file.   The Government will continue to treat that file as part of the Prosecution Team's

file and will make additional disclosures from that file pursuant to its *Giglio* and Jencks Act

obligations to the defense.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: _____

Maurene Comey / Alison Moe / Lara Pomerantz
Assistant United States Attorneys
Southern District of New York
Tel: (212) 637-2324

Cc:    *All counsel of record*, via ECF