# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-306-6666 • Cell
888-587-4737 • Fax

33 West 19th Street - 4th Floor
New York, New York 10011
bc@sternheimlaw.com

March 31, 2021

Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

*United States v. Ghislaine Maxwell*
S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

      This week's filing of the second superseding indictment presents new and complicating issues. In addition to expanding a three-year conspiracy to 10 years, the government has added two serious charges that drastically change the focus of this case. That the government has made this move late in the game – with trial set for July 12th – is obvious tactical gamesmanship. Adding charges that were never launched against Jeffrey Epstein based on evidence that was in the government's possession for years is shocking, unfair, and an abuse of power. More than doubling the time period of the originally charged conspiracy from 1994 to 2004 (previously 1997) and alleging two distinctly different substantive counts requires: additional investigation; requests for additional discovery; the need to supplement pretrial motions that have fully briefed and are pending before the Court; and the drafting and filing of additional motions pertinent to the new indictment. Accordingly, a new briefing schedule is required.

      Even more concerning is the impact this late-breaking filing has on Ms. Maxwell's constitutional rights. Her liberty interests now clash with her right to effective assistance of counsel. The Court is aware of the extraordinary circumstances of Ms. Maxwell's detention, its deleterious effect on her health and well-being, and the realistic concern whether she will be strong enough to withstand the stress of trial.

      Counsel have not yet determined whether to formally move for a continuance. This decision is not an easy one. Ms. Maxwell and her lawyers have been diligently preparing for trial. However, the government's continued refusal to provide the most basic discovery – names of accusers – coupled with what amounts to a new indictment (after what was supposed to be the close of discovery and the resolution of very complicated legal issues) has effectively prevented trial preparation from moving forward in an orderly manner. Accordingly, we have requested an opportunity to confer with government counsel with the goal of clarifying the necessity of moving the trial date.

To be clear, any such request will not be made from any desire of Ms. Maxwell to delay her trial but rests squarely on the government's late, tactical, expansion of this prosecution.

At the initial appearance on July 14, 2020, the defense agreed to the July 12th trial date based on the government's representation that is would not file a superseding indictment:

> The trial schedule that we are agreeing to, of course subject to the court's approval, assumes there will be *no substantive superseding indictment*. If there is one, which the government has advised us they don't believe is imminent or I assume not at all, *we might have to come back to the court to address not just trial schedule but other schedule as well*.

July 14, 2020 Transcript at 16 -17 (emphasis added).

In response, the Court made the following inquiry:

> Let me go ahead and ask, Ms. Moe, Mr. Cohen has made a representation but I will ask if you do anticipate at this time filing any further superseding indictments adding either defendants or additional charges?

*Id.* at 17.

The government confirmed:

> MS. MOE: Your Honor, our investigation remains ongoing, but at this point we do not currently anticipate seeking a superseding indictment.

*Id.*

Based on that representation, Ms. Maxwell accepted a July 12, 2021 trial date and her lawyers planned accordingly, postponing trials in other cases to preserve this high-priority date. It was only after considerable judicial and defense resources were expended that the government belatedly superseded, again, with no justifiable reason given the age of these allegations. The timing suggests that the decision to supersede was prompted by the filing of defense pretrial motions and government concern about the now-apparent weakness of its case. The government may be entitled to supersede but not when its decision disrupts the schedule set by the Court and relied on by Ms. Maxwell. This delay has a prejudicial effect on counsel's readiness for trial and Ms. Maxwell's prolonged detention.

This is no longer the "two-week" trial as represented by the government. By adding charges that encompass dozens of additional witnesses, the government has unilaterally destroyed the possibility that this case can be completed in the time allotted. The continual media attention this case garners, in addition to podcasts, documentaries, books and the like, will likely require the bulk of that time to seat a fair and impartial jury, provided that constitutional right can be guaranteed.

      Ms. Maxwell is entitled to a fair trial with effective assistance of counsel.  If counsel feel that additional time is required to guarantee those constitutional rights, Ms. Maxwell will suffer the consequence by her continued detention.  The Court has the power – and, indeed, the discretion – to accommodate this constitutional clash.  Granting a continuance and releasing Ms. Maxwell on the most restrictive conditions of home detention. Surely, the Court can impose conditions that "clip her wings" and satisfy perceived flight concerns without keeping Ms. Maxwell locked in a BOP cage.

      As counsel has notified the government, Ms. Maxwell is requesting an in-person arraignment.  She will not waive that right, most especially in light of media coverage and the debacle that occurred during a remote proceeding in a related civil case before Judge Preska. In addition, Ms. Maxwell is requesting a bail hearing at which witnesses will testify regarding the purported strength of the government's case. Further, we request that these proceedings be scheduled to coincide with an evidence review session at the U.S. Attorney's Office to be attended by Ms. Maxwell with counsel.

      Your consideration is greatly appreciated.

      Very truly yours,

*Bobbi C. Sternheim*
BOBBI C. STERNHEIM

cc: All counsel