

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 9, 2021

**BY ECF**
The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

     **Re:**   ***United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)**

Dear Judge Nathan:

     The Government respectfully submits this letter in response to the defense letter dated March 31, 2021 (Dkt. No. 192), and pursuant to the Court's Order dated April 2, 2021 (Dkt. No. 193). As set forth below, the timing of superseding indictment S2 20 Cr. 330 (AJN) (the "S2 Indictment") was dictated by developments in the Government's ongoing investigation, not the nefarious motivations suggested by the defense. Although trial may be modestly longer as a result, the S2 Indictment by no means opens the floodgate of witnesses the defense imagines; to the contrary, the Government expects to present a streamlined case focusing primarily on the four minor victims referenced in the S2 Indictment. Moreover, the Government has already taken, and will continue to take, steps to ensure that the defense will be fully prepared for trial as scheduled in July. Accordingly, the Government would oppose any request for an adjournment of trial. Finally, the addition of new charges, supported by even more evidence, in no way warrants reconsideration of this Court's three prior orders denying the defendant bail.

     *First*, the Government obtained the S2 Indictment based on new evidence that was not available to it at the time the defendant was indicted in 2020 or at the time Jeffrey Epstein was indicted in 2019. Specifically, although Minor Victim-4 had previously been interviewed once in

Page 2

or about 2007 during the Florida Investigation, as the defendant will be able to confirm for herself upon receipt of Jencks Act material, Minor Victim-4 did not agree to be interviewed by the Government until July 2020.  The Government then conducted two preliminary interviews with Minor Victim-4 by video teleconference in the summer of 2020.  Because of the difficult nature of the interview topics, however, the Government was not able to fully debrief Minor Victim-4 over video.  Due to travel constraints and safety concerns arising from the COVID-19 pandemic, the Government was unable to travel to meet with Minor Victim-4, who resides more than a day's drive away from New York, until January 2021.  The Government then conducted multiple in-person interviews with Minor Victim-4, which concluded near the end of January 2021.  Over the next two months, the Government worked expeditiously to conduct additional investigation to corroborate Minor Victim-4, including by interviewing additional witnesses, reviewing documents that had already been produced to the defense in discovery, and subpoenaing additional records, which the Government promptly produced to the defense upon receipt.  After taking those investigative steps, the Government completed the necessary internal processes to prepare a superseding indictment, which it presented to the grand jury in late March, or approximately two months after concluding its debriefing of Minor Victim-4.

Simply put, the S2 Indictment was brought in a timely manner upon the Government's collection of evidence to support the additional charges.  The suggestion that the Government intentionally delayed obtaining the S2 Indictment to gain some strategic advantage has no basis in fact.[1]  Nor is there any merit to the defense's equally baseless suggestions that the Government

---

[1] The defense's implication that the S2 Indictment somehow reflects an acknowledgment of the strength of the defense's pretrial motions is similarly baseless and entirely illogical.  Were that the case, and if the Government could have (as the defense incorrectly speculates) obtained this indictment any time it wished, then it would make far more sense for the Government to obtain the S2 Indictment in the first place or, at bare minimum, immediately upon receiving the defense

somehow misled the defendant or the Court as to its intentions.  The Government was accurate in its representation at the July 14, 2020 initial appearance in this case both that the Government's "investigation remain[ed] ongoing" and that the Government "d[id] not *currently* anticipate seeking a superseding indictment."  (July 14, 2020 Tr. at 17 (emphasis added)).  Both statements were entirely accurate.  At the time of the initial appearance in this case, the Government had not yet interviewed Minor Victim-4, so it had no way of anticipating that it would develop evidence warranting a new charging instrument.  However, both at that appearance and in subsequent communications with the Court, the Government repeatedly noted that its investigation remained ongoing, and, more recently, when the Government did have some reason to believe that it might be able to seek a superseding indictment, it signaled as much in its February 26, 2021 opposition to the defense's pretrial motions.  (*See* Gov't Mem. of Law in Opp. to Def. Pretrial Mots. at 3 n.1 ("As the Government has repeatedly indicated, the investigation into Jeffrey Epstein's co-conspirators remains ongoing.  (*See, e.g.*, Gov't Letter dated Aug. 21, 2020, Dkt. No. 46; Gov't Letter dated Oct. 6, 2020, Dkt. No. 60; Gov't Letter dated Oct. 20, 2020, Dkt. No. 65).  To the extent that investigation results in additional charges against the defendant, the Government intends to seek any superseding indictment at least three months in advance of trial.")).  Consistent with that representation, the Government obtained the S2 Indictment more than three months before the July 12, 2021 trial date.

---

motions and before its response was due.  In such a world, it would make no sense for the Government to spend weeks preparing a more than 200-page response to those motions if the Government could have instead just obtained a new indictment.  The defense's conspiracy theories aside, the Government vigorously opposed the defense's pretrial motions because, in its view, they are all meritless.  At the same time, the Government was conducting an investigation into additional criminal conduct by the defendant, and it charged her with that conduct as expeditiously as the investigation would permit.

*Second*, the Government does not expect the S2 Indictment to have a significant effect on the overall length of the trial, because the Government remains committed to a streamlined presentation of evidence that primarily focuses on the experiences of the specific minor victims referenced in the indictment.  While the Government expects to call a number of additional witnesses as a result of the new allegations contained in the S2 Indictment, including, of course, Minor Victim-4, the Government's overall estimation of the trial length has not significantly changed.  In particular, at the July 14, 2020 conference, the Government estimated that "its case in chief would take no more than two weeks," but "propose[d] blocking three weeks for trial" in total.  (July 14, 2020 Tr. at 20).  Given the need to call additional witnesses, the Government now estimates that its case-in-chief will now take up to three weeks.[2]  Accordingly, the Government would propose reserving four weeks for trial in this matter.

The Government further proposes that if the length of the trial is of concern, the Court may wish to conduct jury selection during the week of July 6, 2021 and/or make use of a jury questionnaire, so that a jury can be seated and the trial can proceed immediately on July 12, 2021.  Such practices have been adopted in this District for other high-profile cases where jury selection is expected to take longer than usual.  *See, e.g.*, *United States v. Skelos*, 15 Cr. 317 (KMW) (making use of jury questionnaire provided to venire approximately one week in advance of trial to streamline jury selection); *United States v. Percoco*, 16 Cr. 776 (VEC) (same).

*Third*, the Government has taken and will continue to take multiple steps to ensure that the

---

[2] These estimates assume the defendant will agree to standard stipulations obviating the need for custodians of records and similar witnesses.  Should she not, the length of the trial may be somewhat longer, although that of course would have been true even absent the obtaining of a superseding indictment.  In addition, while the Government has tried to account for anticipated cross-examinations in its estimates, the length and scope of cross-examination is obviously not within the Government's control.

defense will be fully prepared to proceed to trial on July 12, 2021.  As noted in its March 29, 2021 letter to the Court, the Government has already produced to the defense all material of which it is aware that constitutes Rule 16 discovery related to the new allegations in the S2 Indictment.  This includes material that was already in the files of the FBI, which the Government produced during its Fall 2020 productions, and new material obtained during the Government's investigation, which the Government has produced on a rolling basis as it has received such material.  Additionally, the Government provided the defendant with a list of Bates ranges within the past discovery productions that relate specifically to Minor Victim-4, which should substantially assist the defense in re-reviewing relevant materials and preparing for trial.  In other words, this is not a superseding indictment that requires a huge production of new discovery that the defense will need time to review.  To the contrary, the defense already had in its possession Rule 16 discovery relevant to the S2 Indictment for months.

The Government plans to begin producing non-testifying witness statements on April 12, 2021.  With these productions, the defense will have access to statements of witnesses whom the Government does not intend to call at trial, thereby providing the defense multiple months during which it can decide whether it wishes to call any of these individuals.  Further, the Government plans to produce Jencks Act and *Giglio* material for testifying witnesses six weeks in advance of trial, which will provide the defense with far more time than is typical in this District for review of such material.  Given that the defense has had discovery in this case for months, will have months with non-testifying witness statements, and will have more than one month with Jencks Act and *Giglio* material, there is every reason to believe that the defense will provide excellent representation to the defendant at trial as scheduled beginning July 12, 2021.

In light of the ample time that remains before trial and the steps the Government has

committed to taking to aid the defense in preparing for trial, the Government anticipates objecting

to any request to adjourn trial, should one be made.  The Government contacted defense counsel

on March 29, 2021 to convey its availability for a call to discuss some of the issues above as well

as a supplemental briefing schedule for certain of the defendant's pending motions, among other

issues.  Although such a call has not yet taken place, the Government remains available to confer

with the defense regarding these issues, as well as a schedule for trial-related filings such as

motions *in limine* and requests to charge.  Indeed, the Government and defense counsel have

conferred extensively by email over the last several days regarding defense requests to review

certain physical evidence and other defense inquiries regarding discovery in this case.  As a result

of this conferral, the Government has scheduled an evidence review session for the defendant and

defense counsel to review physical evidence in the custody of the FBI relating to this case in the

coming days.  The Government will continue to be available to confer with defense counsel and is

prepared to discuss scheduling matters whenever the defense would like.

    *Finally*, nothing about the S2 Indictment supports reconsideration of this Court's three

prior decisions ordering the defendant detained pending trial.  If anything, the arguments in favor

of detention are now stronger.  The defendant now faces two additional charges, which increase

the maximum penalty she faces to eighty years in prison.  She also faces even more evidence,

including a fourth victim, who is corroborated by independent evidence, including other witnesses

and documents such as travel records, phone records, shipment records, and items recovered

during the execution of a search warrant.  Moreover, as the defense seems to implicitly recognize,

the S2 Indictment undermines certain legal arguments the defense previously made in attacking

the prior indictment in this case.  (*See* Dkt. No. 192 at 2 ("The timing suggests that the decision to

supersede was prompted by the filing of defense pretrial motions and government concern about

the now-apparent weakness of its case.")).  Taken together, these factors all point to the conclusion that the defendant now faces an even stronger case with even more severe consequences upon conviction.  The S2 Indictment thus further increases the defendant's incentives to flee, and it does nothing to alter the other factors that the Court previously found weigh in favor of detention, including the defendant's foreign ties, wealth, skill at evading detection, and prior lack of candor with the Court.

The Government has no objection to an in-person arraignment, but the Government objects to the defense request for yet another bail hearing.  The defense has now had three bites at that particular apple and is currently appealing the issues raised therein to the Second Circuit, where argument is scheduled to take place on April 26, 2021.  The introduction of additional charges, reflecting additional evidence, in no way supports a fourth argument for release, and the Court should not entertain yet another application under these circumstances, especially when this very issue is currently before the Circuit.  Certainly, the fact that a grand jury has found probable cause to believe that the defendant has committed even more crimes does not somehow suggest that the Government's case is in any way weaker than it was at the time of the prior three bail applications. To the contrary, the detailed allegations in the S2 Indictment make clear that there is now more evidence against the defendant.

Nor does anything about the S2 Indictment support the defense request that the Court take the extraordinary step of holding an evidentiary hearing on the issue of bail.  "It is well established in this circuit that proffers are permissible both in the bail determination and bail revocation contexts."  *United States v. LaFontaine*, 210 F.3d 125, 131 (2d Cir. 2000).  "[B]ail hearings are typically informal affairs, not substitutes for trial or even for discovery.  Often the opposing parties simply describe to the judicial officer the nature of their evidence; they do not actually produce

it." *Id.* (internal quotation marks omitted).  Accordingly, in this Circuit, District Courts regularly accept the Government's proffer regarding its evidence when considering a bail application.  And here, of course, the Court has not only the Government's proffer but also the grand jury's determination that probable cause exists as to each of the charged offenses.  Defense counsel's request to deviate from that ordinary practice appears to be a thinly veiled attempt at a fishing expedition through which the defense hopes to obtain early Jencks Act material and a pretrial opportunity to cross-examine the Government's witnesses, including victims of sexual abuse.  It is to avoid such a fishing expedition, among other reasons, that courts in this Circuit proceed by proffer when considering bail motions.  *See United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986) ("a detention hearing is not to serve as a mini-trial . . . or as a discovery tool for the defendant").  The S2 Indictment offers no reason to deviate from that practice.

\*   \*   \*

For the reasons above, the Government respectfully submits that trial can and should proceed as scheduled on July 12, 2021.  Accordingly, the Government respectfully requests that the in-person arraignment on the S2 Indictment also serve as a conference at which to finalize a schedule for supplemental pretrial motion briefing as well as a schedule for trial-related submissions.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: _____
Maurene Comey / Alison Moe
Lara Pomerantz / Andrew Rohrbach
Assistant United States Attorneys
Southern District of New York
Tel: (212) 637-2324

Cc: All Counsel of Record (By ECF)