# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-306-6666 • Cell
888-587-4737 • Fax

33 West 19th Street - 4th Floor
New York, New York 10011
bc@sternheimlaw.com

April 15, 2021

Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Ghislaine Maxwell*
S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

We write in reply to the government's April 9th letter opposing a trial continuance. The defense has been steadfastly and diligently preparing for a July 12th trial based on the original indictment, a date set on the condition that there would be no superseding indictment adding substantive charges. The recently filed superseding indictment directly contravenes that agreement and adds two new charges which vastly expand the relevant time period from a four-year period in the 1990s to an eleven-year period stretching from 1994 to 2004. These additions significantly alter the scope of the government's case and necessarily shift the focus of the defense's trial preparation. Instead of being focused on mounting a defense to the allegations of the three accusers from the 1990s, as we have been doing, the defense will now have to spend considerable time and resources investigating allegations of new conduct in a completely different time period involving numerous additional witnesses, and with all of the difficulties that COVID restrictions still place on a meaningful defense investigation.

We do not want to postpone the trial but have no choice but to ask for a continuance. The government bears responsibility for this need, having filed a late-breaking superseding indictment based on a witness who has been known to the government since the Florida

investigation in 2007 (*see* Dkt. 199 at 1-2), long before commencing this prosecution against Ms. Maxwell. We cannot adequately prepare for a trial containing the new charges and a substantially expanded conspiracy in the less than three months remaining.

**Government Opposition to a Continuance Is Unreasonable**

The government implies that the assumptions underlying the July 12 trial date are irrelevant because it represented, as it always does, that its investigation was "ongoing." But "ongoing investigation" does not imply superseding the indictment to enlarge the originally charged conspiracy from four to eleven years and adding two new distinct charges based on distinct alleged conduct that purportedly took place outside the time period of the original charges. This is not a situation where the government's "ongoing investigation" has yielded, for example, a new overt act to an existing conspiracy. The government has effectively added a brand new case on top of the existing case. This is a significant expansion of the case against Ms. Maxwell that requires considerable time for the defense to investigate and prepare. Indeed, by its own admission, the government needed more than two months after its January 2020 interview of Accuser-4 to properly investigate her allegations and obtain the second superseding indictment. Yet, the government confidently contends that the defense will not need any additional time to prepare to defend against this revised prosecution. The government's double-standard approach is simply wrong. The defense is entitled to conduct a meaningful defense investigation and must have adequate time to do so.

The government's recent production of 3500 material for non-testifying witnesses underscores the significant amount of time that the defense will need to investigate. On April 13, 2021, in a highly unusual, if not unprecedented disclosure, the government produced over 20,000 pages of interview notes, reports and other materials related to 226 separate witnesses whom the government does not intend to call as witnesses at trial. Ms. Maxwell has not yet received these

materials in the MDC. Although defense counsel have not yet been able to fully review the materials, which are voluminous, it is apparent that the witness interviews contain exculpatory or otherwise favorable information for Ms. Maxwell, which the defense has an obligation to investigate. A number of these witnesses may testify as part of the defense case. Even if defense counsel were to attempt to contact and interview only a small number of these witnesses and conduct any necessary follow-up investigation, that would still take a significant amount of time to complete. Thus, while we appreciate receiving these materials, the disclosure has not decreased the amount of time the defense will need to investigate; indeed, it has increased it.

It is also disingenuous for the government to argue that because it previously provided discovery regarding the new charges no additional time is required to prepare the defense of the new indictment. When the parties were originally negotiating a discovery schedule for the original indictment, the government represented that it would be providing, in an abundance of caution, a significant amount of discovery from Epstein's seized electronic devices that contained information that it was not relying on in Ms. Maxwell's case. The government reiterated this point in its November 6, 2020 letter to the Court requesting additional time to finish producing discovery. (*See* Dkt. 69 at 4 ("[O]f the approximately 1.2 million documents, only a handful were specifically relied upon by the Government in the investigation that led the charges in the current indictment."). These devices contain over 2.4 million pages of material, virtually none of which pertained to the time period of the original indictment. Now that the superseding indictment has expanded the time period of the alleged conduct well into the 2000s, the 2.4 million pages that were not previously relevant are now pertinent, requiring re-review and analysis.[1]

---

[1] The actual number of pages is, in fact, larger than 2.4 million. For example, the discovery from these devices included forensic Cellebrite images of several individual devices that were assigned a single Bates number.

The defense has tried to streamline its review of the discovery even before the filing of superseding indictment by using term searches and key word searches. But given the nature of the discovery, there are meaningful limits to what the defense can do to limit the number of documents it must re-review in light of the new charges. For example, the discovery contains approximately 214,000 photographs, hundreds of hours of audio-visual files, and over 250,000 documents where the text is too poor to be OCR-searchable. Those materials are not susceptible to text searching and must be reviewed individually. Moreover, they must be reviewed with Ms. Maxwell to see if she recognizes the people in the photographs and videos. In light of the new charges and the addition of Accuser-4, these must be re-reviewed, which will take weeks.

We have already experienced the difficulties of reviewing photographs with Ms. Maxwell. Over the past three days, defense counsel have been conducting an evidence view with Ms. Maxwell. As part of that review, we have tried to use an FBI-supplied laptop and hard drive to review approximately 2,100 "Highly Confidential" photographs that were not produced to us in discovery. Because of technical issues with the laptop, we still have not completed the review.

The re-review of the discovery will not be limited to the materials on the seized devices. The discovery also includes numerous bank records and phone records that date from the 2000s and later. None of these records were from the 1990s and were therefore largely irrelevant to the charged crimes. However, with the expansion of the charges to include the time period of the 2000s, the defense will need to carefully analyze these records for relevant payments and phone calls, which will, again, take a significant amount of time.

The government also attempts to justify its delay in seeking the superseding indictment due to the investigative challenges posed by COVID. The government has been investigating for

---

The forensic images contain thousands of individual documents.

years and elected to commence prosecution of Ms. Maxwell in the throes of the pandemic. *All counsel have been laboring under the difficulties caused by this unprecedented circumstance.* The government's challenges pale in comparison to those experienced by the defense. Defending quarter-century-old allegations has required investigation across this country and around the world. Investigating the new allegations will require the same efforts and diligence. It is laughable for the government to use COVID as an excuse for its delay in superseding the indictment and then oppose any continuance for the defense. Defense preparation is not immune to the impact of the pandemic.

**A Trial Continuance is Necessary**

While the government's offer to provide discovery highlights and its representation that it will streamline its case to primarily focus on the four accusers are helpful, these gestures do not eliminate the need for a continuance. As set forth above, the government's hyperbolic claim that it can "ensure that the defense will be fully prepared to proceed to trial on July 12, 2021" (Govt ltr at 4-5) ignores the reality that time is needed to:

- supplement pending pretrial motions;
- critically review voluminous discovery produced in November 2020 that the government represented was not relevant to the case against Ms. Maxwell;
- re-review discovery for the new time period and charges;
- commence new investigations based on the new charges and the government's disclosure of 3500 material for non-testifying witnesses; and
- refocus trial preparation and strategy.

The government originally represented to the Court and counsel that this trial would last two weeks. The government now predicts the trial will last a month. The estimates are mere guesses which do not factor in time-consuming COVID jury selection in a high-publicity case necessitating sensitive and personal disclosures by prospective jurors or the presentation of defense evidence. In the absence of disclosure of the number and identity of government trial

witnesses, including potential FRE 404(b) witnesses, and trial exhibits, the government's speculation about the length of the trial is entirely one-sided and lacking in any reliable estimate of a defense case. The government's April 12th disclosure of information and statements regarding 226 witnesses containing exculpatory information requires intensive investigation. The delayed expansion of its prosecution and its unilateral expansion of the length of trial severely impacts defense preparation, trial readiness, and conflicts with other trial commitments.

To assist the Court and defense counsel in accurately determining the length of trial, Ms. Maxwell requests that the Court order the government to disclose: a list of trial witnesses, its alleged FRE 404(b) evidence, and a list of potential trial exhibits. With this information the Court and the parties will be making decisions based on facts, not speculative promises.

At the barest minimum, we require a 90-day continuance. In reliance on the firm trial date set by the Court at Ms. Maxwell's arraignment on July 14th, 2020, counsel prioritized the July 12, 2021 trial date, clearing and scheduling our calendars to avoid interference. Counsel have other clients and firm commitments to try cases specifically scheduled to follow the summer trial of this case. These commitments make us unavailable from September through December, and possibly spill over into January, make trying this case unlikely, if not impossible, before mid-January. We are extremely hard pressed to request any continuance, especially one which will prolong Ms. Maxwell's miserable and punishing detention, but the need for time to properly prepare Ms. Maxwell's defense as a result of the additional charges requires us to do so, causing Ms. Maxwell to reluctantly agree to this request.

In addition, motion hearings, in limine motion practice, and any litigation regarding expert witnesses have not yet commenced, and issues regarding jury selection, including but not limited to a jury questionnaire, have not yet been settled. Yesterday, we met with the

government in person to confer on a briefing schedule for supplemental pretrial motions, as well as other deadlines, which we are prepared to discuss with the Court at the arraignment.

The government's revised trial estimate from two to four weeks remains unrealistic and does not include jury selection, which will take longer than usual in this media-saturated case. We oppose advancing jury selection beyond early distribution of questionnaires to prospective jurors. Even if the case were tried on the previous indictment on July 12th, carving off any time required for trial preparation is unwarranted and unfair.

A continuance is justified based on the second superseding indictment. The new charges up the ante and double Ms. Maxwell's sentencing exposure. To deny her a continuance undercuts her constitutional right to a fair trial and effective assistance of counsel. A continuance - the need for which is caused solely by the government - is reasonable and necessary in defense of Ms. Maxwell. The denial of a continuance risks a miscarriage of justice.

**Despite Its Necessity, A Continuance Further Prejudices Ms. Maxwell**

A delay of the July 12th trial – especially one that accommodates counsel's other trial schedules – has a direct and deleterious impact on Ms. Maxwell as a result of her continued detention, the details of which are well known to the Court. In addition to her prolonged detention, she is the victim on ongoing hostile media reporting which impacts the ability to seat fair and impartial jurors.

On April 26th, Second Circuit will hear oral argument on Ms. Maxwell's bail appeal and may moot any need for a further bail application. Nonetheless, Ms. Maxwell reserves her right to seek a bail hearing depending on the Circuit's decision.

LAW OFFICES OF BOBBI C. STERNHEIM

**Conclusion**

We raise these issues in advance of the arraignment scheduled for April 23rd in support of a trial continuance that is warranted in the interests of justice.

Your consideration is greatly appreciated.

Very truly yours,

*Bobbi C. Sternheim*
BOBBI C. STERNHEIM

cc: All counsel of record