UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                :

UNITED STATES OF AMERICA,          :

                            :           20 Cr. 330 (AJN)

          v.                 :

GHISLAINE MAXWELL,         :

                  Defendant.     :

                                  :

-------------------------------------------------------------------x

**REPLY MEMORANDUM OF GHISLAINE MAXWELL
IN SUPPORT OF HER MOTION TO DISMISS COUNTS ONE THROUGH FOUR
OF THE SUPERSEDING INDICTMENT AS TIME-BARRED**

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New
York, NY 10022
Phone: 212-957-7600

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## **TABLE OF CONTENTS**

**Page**

I.   The 2003 Amendment Does Not Apply Retroactively. ....................................................... 2

    A.   Step One:  Congress Did Not Expressly Prescribe Retroactivity and
          Rejected a Proposal to Do So. ............................................................................... 3

          1.   Congress' explicit rejection of a retroactivity provision ends the
               inquiry at step one in Ms. Maxwell's favor. ............................................... 3

          2.   Cases applying the 2003 Amendment retroactively are readily
               distinguishable. ........................................................................................ 5

          3.   The government cannot prevail at step one. ............................................... 7

    B.   Step Two:  Application of the 2003 Amendment to Ms. Maxwell's Alleged
          Offenses Would Have Impermissible Effects. ...................................................... 8

II.  Section 3283 Does Not Apply at All. ........................................................................... 10

    A.   Section 3283 Applies Only to Offenses that Necessarily Entail the Sexual
          Abuse or Physical Abuse, or Kidnapping, of a Child. ......................................... 11

    B.   The Offenses Charged in Counts One Through Four Do Not Necessarily
          Entail the Sexual or Physical Abuse or Kidnapping of a Child. .......................... 14

CONCLUSION .................................................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bridges v. United States,*
346 U.S. 209 (1953) ................................................................................................ 11, 13, 14

*Burrage v. United States,*
571 U.S. 204 (2014) ................................................................................................ 14

*Cisneros v. Alpine Ridge Group,*
508 U.S. 10 (1993) ................................................................................................ 7

*Falter v. United States,*
23 F.2d 420 (2d Cir. 1928) ................................................................................................ 10

*Hughes Aircraft Co. v. U.S. ex rel. Schumer,*
520 U.S. 939 (1997) ................................................................................................ 8, 9

*In re Enterprise Mortgage Acceptance Co.,*
391 F.3d 401 (2d Cir. 2004) ................................................................................................ 6, 9

*Kaiser Aluminum & Chem. Corp. v. Bonjorno,*
494 U.S. 827 (1990) ................................................................................................ 3

*Kawashima v. Holder,*
565 U.S. 478 (2012) ................................................................................................ 11

*Landgraf v. USI Film Products,*
511 U.S. 244 (1994) ................................................................................................ passim

*Leocal v. Ashcroft,*
543 U.S. 1 (2004) ................................................................................................ 11

*Martin v. Hadix,*
527 U.S. 343 (1999) ................................................................................................ 6

*Nijhawan v. Holder,*
557 U.S. 29 (2009) ................................................................................................ 12, 13

*Shular v. United States,*
140 S. Ct. 779 (2020) ................................................................................................ 11, 14

*Toussie v. United States,*
397 U.S. 112 (1970) ................................................................................................ 8, 9, 10, 14

*United States v. Ayo,*
    801 F. Supp. 2d 1323 (S.D. Ala. 2011) ................................................................... 12

*United States v. Brown,*
    800 F. App'x 455 (9th Cir. 2020), *cert. denied,* No. 20-5064, -- S.Ct. -- , 2021
    WL 78235 (Jan. 11, 2021) ........................................................................................... 5

*United States v. Coutentos,*
    651 F.3d 809 (8th Cir. 2011) ..................................................................................... 13

*United States v. Davis,*
    139 S. Ct. 2319 (2019) ......................................................................................... 11, 14

*United States v. Gentile,*
    235 F. Supp. 3d 649 (D.N.J. 2017) ................................................................. 8, 9, 10

*United States v. Jeffries,*
    405 F.3d 682 (8th Cir. 2005), *cert. denied,* 546 U.S. 1007 (2005) ............................ 5

*United States v. Leo Sure Chief,*
    438 F.3d 920 (9th Cir. 2006) ....................................................................................... 5

*United States v. Miller,*
    911 F.3d 638 (1st Cir. 2018) ............................................................................ passim

*United States v. Morgan,*
    393 F.3d 192 (D.C. Cir. 2004) .................................................................................. 12

*United States v. Nader,*
    425 F. Supp. 3d 619 (E.D. Va. 2019) .................................................................. 6, 7, 9

*United States v. Pierre-Louis,*
    No. 16 Cr. 541 (CM), 2018 WL 4043140 (S.D.N.Y. Aug. 9, 2018) .......................... 5

*United States v. Scharton,*
    285 U.S. 518 (1932) .................................................................................................... 8

*United States v. Schneider,*
    801 F.3d 186 (3d Cir. 2015) ..................................................................................... 14

*United States v. Sensi,*
    No. 08 Cr. 253, 2010 WL 2351484 (D. Conn. June 7, 2010) ..................................... 5

*United States v. Vickers,*
    No. 13 Cr. 128 (RJA) (HKS), 2014 WL 1838255 (W.D.N.Y. May 8, 2014) ........... 15

*Vernon v. Cassadaga Valley Cent. School Dist.,*
    49 F.3d 886 (2d Cir. 1995) ......................................................................................... 9

*Weingarten v. United States,*
   865 F.3d 48 (2d Cir. 2017).............................................................................. 5, 6, 7, 13

**Statutes**

18 U.S.C. § 2422(a) ........................................................................................ 2, 13, 14, 15

18 U.S.C. § 2423(a) ........................................................................................ 2, 13, 14, 15

18 U.S.C. § 3282 ........................................................................................................ 8, 12

18 U.S.C. § 3283 ("2003 Amendment") ........................................................................ passim

18 U.S.C. § 3509(a)(8)......................................................................................................... 14

18 U.S.C. § 3509(k) (1990) .................................................................................................... 8

8 U.S.C. § 1101(a)(43)(M)(i)................................................................................................ 12

Pub. L. No. 101-647............................................................................................................... 8

**Other Authorities**

Senator Leahy, *Amber Legislation*, Cong. Rec. 149:50, S5147 (2003) ........................................ 3

Ghislaine Maxwell respectfully submits this Reply Memorandum in Support of her Motion to Dismiss Counts One Through Four of the Superseding Indictment as Time-Barred ("Motion").

As the government agrees in its opposition ("Opp."), the four Mann Act counts against Ms. Maxwell are timely only if the 2003 amendment to 18 U.S.C. § 3283 ("2003 Amendment") applies to the conduct charged therein.  The 2003 Amendment expands the statute of limitations for an "offense involving" the sexual or physical abuse or kidnapping of a child.  Because the 2003 Amendment does not apply retroactively, and because § 3283 does not apply to the offenses with which Ms. Maxwell is charged, the Mann Act counts should be dismissed.

*First*, the 2003 Amendment cannot be applied retroactively because Congress did not intend it to apply retroactively.  While the government cites several cases in which courts have applied the 2003 Amendment to pre-enactment conduct, the *only* court to do so after analyzing congressional intent under the two-step framework required by *Landgraf v. USI Film Products*, 511 U.S. 244 (1994)—and to even mention Congress' explicit rejection of a retroactivity provision in the 2003 Amendment—improperly excluded legislative history from its analysis. *No* court has applied the *Landgraf* framework, considered the legislative history, and still concluded that Congress intended the 2003 Amendment to overcome the presumption against retroactivity, as the government asks this Court to do.

Because Congress' clear rejection of a retroactivity provision in the 2003 Amendment constitutes an express prescription of the amendment's temporal reach, the 2003 Amendment does not apply retroactively, and the *Landgraf* analysis ends at step one.  Even if the analysis proceeds to step two, however, *Landgraf* does not permit the Court, without clear congressional

direction to the contrary, to override the longstanding principle that criminal statutes of limitations are to be interpreted in favor of repose.

*Second,* Ms. Maxwell's Motion should be granted for the separate and independent reason that § 3283 does not apply to 18 U.S.C. § 2422(a) or 18 U.S.C. § 2423(a), the two Mann Act provisions with which Ms. Maxwell is charged, because neither offense necessarily entails, as an element of the offense, the sexual or physical abuse or kidnapping of a child.  While the government attempts to distinguish a long line of Supreme Court cases holding that an "offense" or "crime" that "involves" certain conduct means an offense that necessarily requires or entails that conduct, it fails to cite a single case outside the § 3283 context in which "offense involving" language has been interpreted otherwise—and the cases that have interpreted § 3283 as permitting a fact-based inquiry have failed to consider the voluminous Supreme Court authority to the contrary.  Consideration of such authority compels application of § 3283 by reference to the elements of the offense at issue, and even under the definition of "sexual abuse" the government proposes, none of the elements of either § 2422(a) or § 2423(a) constitutes sexual abuse.

## I.      <u>The 2003 Amendment Does Not Apply Retroactively.</u>

The government does not dispute that *Landgraf* is the appropriate framework for determining whether a statute applies retroactively.  Opp. 27.  Under *Landgraf,* the first step is "to determine whether Congress has *expressly* prescribed the statute's proper reach"; if it has, there is no need to proceed further.  551 U.S. at 280.  If it has not, the court must determine "whether the new statute would have retroactive effect, *i.e.,* whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed."  *Id.*

As Ms. Maxwell's opening memorandum ("Mem.") has demonstrated, proper application of *Landgraf* prohibits retroactive application of the 2003 Amendment.  Congressional intent could not be clearer; Congress considered and expressly rejected a provision that would have made the 2003 Amendment retroactive.  That ends the *Landgraf* inquiry at step one.  Even if the inquiry proceeds to step two, however, the government has failed to adequately rebut Ms. Maxwell's showing that application of the 2003 Amendment here would have impermissible retroactive effects.

      **A.**      <u>**Step One:  Congress Did Not Expressly Prescribe Retroactivity and Rejected a Proposal to Do So.**</u>

          **1.**      **Congress' explicit rejection of a retroactivity provision ends the inquiry at step one in Ms. Maxwell's favor.**

"[W]here the congressional intent is clear, it governs."  *Landgraf,* 511 U.S. at 264 (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 837 (1990)).  As Ms. Maxwell's opening memorandum demonstrated, congressional intent with respect to the retroactive application of the 2003 Amendment is clear:  the House version of the bill included an express retroactivity provision, the Senate version contained no retroactivity provision, and, in the words of one of the bill's co-sponsors, the House-Senate conference "agreed to drop language from the original House-passed bill that would have extended the limitations period retroactively."  Senator Leahy, Amber Legislation, Cong. Rec. 149:50, S5147 (2003).  The Court need look no further.  Such an unambiguous expression of congressional intent establishes conclusively that the 2003 Amendment is not retroactive.

The government argues that Congress' explicit rejection of a retroactivity provision is not probative, because according to Senator Leahy's floor statement, the decision was grounded in concerns about the revival of time-barred charges rather than the extension of live charges, and at least some of the charges here were live at the time of the 2003 Amendment.  But to the extent

that Congress' rejection of the retroactivity provision was motivated by such concerns,[1] Congress nonetheless chose to address those concerns by eliminating the retroactivity provision altogether, rather than simply modifying it to prohibit the revival of time-barred charges.  If Congress had intended to distinguish between live charges and time-barred charges, it could easily have done so.  Its decision to drop the provision completely demonstrates a clear intent that the 2003 Amendment *not* be applied retroactively.  The Court may not override that clear intent merely because doing so may have been a broader measure than necessary to address the concerns Senator Leahy articulated.[2]

The government also contends that heeding Congress' specific intent not to make the 2003 Amendment retroactive would "undermine Congress's plain purpose" in enacting it—*i.e.,* to extend the limitations period "to ensure that prosecutors could seek justice for child sex abuse victims who come forward or identify their abusers after a delay."  *See* Opp. 31.  But statutory amendments, by nature, are designed to remedy perceived deficiencies in existing law, and thus a decision not to apply *any* amendment retroactively will typically limit, or "undermine," the effectuation of that purpose.  For that reason, as the Supreme Court acknowledged in *Landgraf*, an amendment's purpose is immaterial to a retroactivity analysis:

---

[1] While Senator Leahy's floor statement confirms that Congress' rejection of the retroactivity provision was intentional, his statement as to *why* the provision was rejected cannot be ascribed to other members of Congress.

[2] The government implicitly asks the Court to disregard the voluminous authority emphasizing the significant weight to be given congressional consideration and explicit rejection of a proposed statutory provision (*see* Mem. 7-8), relying solely on the Supreme Court's treatment in *Landgraf* of an omission from the comprehensive Civil Rights Act of 1991 of an "elaborate retroactivity provision" that had been included in a vetoed civil rights bill passed by a prior Congress.  *See* Opp. 31 n.14 (quoting *Landgraf,* 511 U.S. at 256).  That omission is not analogous.  There was no indication in *Landgraf* that Congress had even considered, let alone rejected, such a provision in the legislation it ultimately enacted.  Moreover, the provision from the prior Congress' bill was indeed "elaborate": it did not simply prescribe retroactivity, as the provision stricken from the 2003 Amendment would have done, but assigned a series of different effective dates to different subsections.  *Landgraf,* 511 U.S. at 255 n.8.  The absence of such a detailed scheme from subsequent legislation, passed by a subsequent Congress, could not be reasonably interpreted as a clear reflection of congressional intent regarding retroactivity, and there is no indication in the opinion that any party argued otherwise.

> It will frequently be true, as petitioner and *amici* forcefully argue here, that retroactive application of a new statute would vindicate its purpose more fully. *That consideration, however, is not sufficient to rebut the presumption against retroactivity.*  Statutes are seldom crafted to pursue a single goal, and compromises necessary to their enactment may require adopting means other than those that would most effectively pursue the main goal.

*Landgraf,* 511 U.S. at 285-86 (emphasis added).  Thus, it is not anomalous at all that Congress would "exempt[] all past offenders" from the new limitations period, as the government asserts (Opp. 31); to the contrary, the law *presumes* that past conduct is exempt from legislation.  Here, Congress' clear intent that the 2003 Amendment not be retroactive resolves the *Landgraf* inquiry in Ms. Maxwell's favor at step one.

> **2.    Cases applying the 2003 Amendment retroactively are readily distinguishable.**

While the government cites several cases that have applied the 2003 Amendment retroactively (Opp. 26-27), most of those cases analyzed the issue under the Ex Post Facto Clause and gave little, if any, consideration to congressional intent regarding retroactivity (as opposed to the intent of the amendment itself).  In all but one of those cases, no *Landgraf* analysis was performed, and it does not appear that Congress' explicit rejection of a retroactivity provision was considered or even raised.[3]  But the government does not dispute that *Landgraf* is the appropriate framework—nor can it, given the Second Circuit's acknowledgment that the retroactivity of the 2003 Amendment must be analyzed under *Landgraf.  Weingarten v. United States,* 865 F.3d 48, 54-58 (2d Cir. 2017).

---

[3] No *Landgraf* analysis was performed, nor was Congress' rejection of the retroactivity provision discussed, in *United States v. Brown*, 800 F. App'x 455, 461 (9th Cir. 2020) (discussing issue in a single sentence and referring only to the intent of the amendment generally), *cert. denied*, No. 20-5064, -- S.Ct. -- , 2021 WL 78235 (Jan. 11, 2021); *United States v. Leo Sure Chief*, 438 F.3d 920, 924 (9th Cir. 2006) (discussing only the intent of the amendment generally); *United States v. Jeffries*, 405 F.3d 682, 684-85 (8th Cir. 2005) (no *Landgraf* analysis or consideration of legislative history), *cert. denied*, 546 U.S. 1007 (2005); *United States v. Pierre-Louis*, No. 16 Cr. 541 (CM), 2018 WL 4043140, at *5-6 (S.D.N.Y. Aug. 9, 2018) (addressing only Ex Post Facto clause); or *United States v. Sensi*, No. 08 Cr. 253, 2010 WL 2351484, at *3 (D. Conn. June 7, 2010) (same).

The only exception is *United States v. Nader,* 425 F. Supp. 3d 619 (E.D. Va. 2019).  In

*Nader,* the court performed a *Landgraf* analysis in analyzing the retroactivity of the 2003

Amendment, and it appears to be the *only* previous case in which Congress' explicit rejection of

a retroactivity provision in the 2003 Amendment has even been mentioned.  In *Nader,* however,

the court noted the legislative history of the 2003 Amendment but held that only the *text* of the

amendment was relevant to step one of *Landgraf.*  425 F. Supp. 3d at 627 (finding legislative

history arguments "misplaced within the first step of the *Landgraf* analysis, which asks only

whether the statute at issue contains  . . .  language unequivocally delineating the time period to

which it applies").

  *Nader*'s exclusion of legislative history from the *Landgraf* analysis[4] cannot be reconciled

with the Supreme Court's applications of *Landgraf*—or, for that matter, with *Landgraf* itself.

*See, e.g., Landgraf,* 511 U.S. at 264 (considering legislative history); *Martin v. Hadix,* 527 U.S.

343, 355-57 (1999) (examining "structure and legislative history" as part of first *Landgraf* step).

And as the government acknowledges, "the Second Circuit has considered both the text of the

statute and the legislative history" at the first *Landgraf* step.  Opp. 28 (citing *In re Enterprise*

*Mortgage Acceptance Co.*, 391 F.3d 401, 406-08 (2d Cir. 2004)).  Thus, *Nader* is not persuasive

authority.

  In short, no court has considered Congress' explicit rejection of a retroactivity provision

in performing a *Landgraf* analysis of the retroactivity of the 2003 Amendment.  In fact, the

government cites only three cases that have analyzed the 2003 Amendment under *Landgraf* at

all:  the Second Circuit and First Circuit opinions in *Weingarten* and *United States v. Miller,* 911

F.3d 638 (1st Cir. 2018), respectively, which were ineffective assistance of counsel cases and

---

[4] Although the court in *Nader* explicitly characterized legislative history arguments as "misplaced" within step one of *Landgraf,* it also omitted them from step two of its *Landgraf* analysis.  *Nader,* 425 F. Supp. 3d at 627-32.

thus did not decide the issue (and in which Congress' rejection of the retroactivity provision was not discussed), and *Nader,* in which the court incorrectly excluded legislative history from its *Landgraf* analysis.  If *Landgraf* is correctly applied, and legislative history is given its proper weight in the analysis, it is clear from Congress' rejection of the retroactivity provision that it did not intend the 2003 Amendment to be retroactive.  Counts One through Four are therefore time-barred.

### 3.    The government cannot prevail at step one.

Meanwhile, the government's claim that it should prevail at step one can be easily dispensed with.  The government relies on the language in the 2003 Amendment that "[n]o statute of limitations that would otherwise preclude prosecution" of a child sexual offense "shall preclude" prosecution during the life of the victim.  18 U.S.C. § 3283 (2003).  While the government argues that this language refers to the pre-amendment version of § 3283, the Second Circuit recognized in *Weingarten* that "there is a more natural interpretation of that phrase that does not address retroactivity—that Congress intended the language in the 2003 version of § 3283 to clarify that the statute prescribes a statute of limitations for applicable offenses that is different from the default five-year limitations period under federal law."  *Weingarten,* 865 F.3d at 55.  *See also Miller,* 911 F.3d at 644 (suggesting that "otherwise preclude" language "may refer only to preclusion by the five-year federal default statute of limitations"); *Nader,* 425 F. Supp. 3d at 626 (interpreting same language to "merely 'signal the drafter's intention that the provisions . . . override conflicting provisions of any other section,'" rather than the pre-amendment version of § 3283) (quoting *Cisneros v. Alpine Ridge Group,* 508 U.S. 10, 18 (1993)).

This interpretation is bolstered further by the presence of the same "[n]o statute of limitation[s] that would otherwise preclude" language in the 1990 statute that originally created

the expanded statute of limitations for child sex abuse crimes.  *See* Opp. Mem. 24 (quoting

Crime Control Act of 1990, Pub. L. No. 101-647, tit. II, § 225(a), 104 Stat. 4789, 4798 (codified

at 18 U.S.C. § 3509(k) (1990)).  In 1990, "the only existing limitations period to which the

language could have referred was the [five-year] default limit set forth in [18 U.S.C. § 3282]."

*Miller,* 911 F.3d at 644.  That is the logical reading of the same provision here.

The government cannot prevail on step one.  If step one is not resolved in Ms. Maxwell's

favor, the inquiry must proceed to step two.

**B.    Step Two:  Application of the 2003 Amendment to Ms. Maxwell's Alleged Offenses Would Have Impermissible Effects.**

Even if the *Landgraf* inquiry were to proceed to the second step—whether retroactive

application would have impermissible effects—Ms. Maxwell should prevail.  In arguing

otherwise, the government effectively claims that in the retroactivity context, *Landgraf* permits

the Court to ignore the bedrock principle that "criminal limitations statutes are 'to be liberally

interpreted in favor of repose.'"  *Toussie v. United States,* 397 U.S. 112, 115 (1970) (quoting

*United States v. Scharton,* 285 U.S. 518, 522 (1932)).  But nothing in *Landgraf*, a civil case,

purports to limit that principle, let alone abrogate it.

The government asserts that no court has held that retroactively extending a filing period

for live charges is a presumptively impermissible retroactive effect under *Landgraf* (Opp. 35),

but that is not so.  In *United States v. Gentile,* 235 F. Supp. 3d 649 (D.N.J. 2017), the court held

that it would be impermissible to retroactively extend a statute of limitations for live charges

"absent clear legislative intent" to apply the expanded limitations retroactively.  *Id.* at 655.  In

doing so, the court read *Landgraf* in conjunction not only with *Toussie* but also with *Hughes*

*Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939 (1997), a post-*Landgraf* opinion in which the

Supreme Court reiterated the law's presumption against retroactivity and reiterated that "we

apply this time-honored presumption *unless Congress has clearly manifested its intent to the contrary.*"  *Gentile,* 235 F. Supp. 2d at 654 (quoting *Hughes,* 520 U.S. at 946 (emphasis added by court)).[5]  The First Circuit, addressing the issue on an ineffective assistance of counsel of claim (and thus not reaching a merits decision), issued a similar caution in the specific context of the 2003 Amendment:

> [W]hen Congress has sounded an uncertain trumpet, a court ought to refrain from applying an enlarged criminal statute of limitations retrospectively. . . . Seen in this light, *Toussie* potentially alters the second step in the *Landgraf* approach.

*Miller,* 911 F.3d at 645.[6]

By contrast, the government cites only one case—*Nader*—in which a court has held that the application of a criminal statute of limitations to pre-enactment conduct is permissible under the second step of *Landgraf.*  Like the government here, however, the court in *Nader* offered no path to reconciling *Landgraf* with *Toussie.*  Instead, it applied *Landgraf,* a civil case, in a manner that interprets *Toussie* out of existence in the retroactivity context, without any suggestion from the Supreme Court that it intended such an effect.  The opinions in *Miller* and *Gentile,* in acknowledging the need to read *Landgraf* and *Toussie* in harmony, provide the correct legal framework for the application of the second step of *Landgraf.*  This is particularly so in light of Congress' explicit rejection of a retroactivity provision in the 2003 Amendment, a factor not considered in *Miller* and absent from *Gentile.*

In arguing that "Congress *may* retroactively extend the limitations period for still-viable prosecutions" (Opp. 34) (emphasis added), the government completely misses the point.  There is

---

[5] The government's attempt to discredit *Gentile* on the ground that it relied in part on a pre-*Landgraf* opinion (Opp. 36) rings hollow.  The court made clear that it was applying *Landgraf* (in conjunction with *Toussie* and *Hughes*).  *Gentile,* 235 F. Supp. at 654-55.

[6] For this reason, the Second Circuit's applications of *Landgraf* in *Vernon v. Cassadaga Valley Cent. School Dist.*, 49 F.3d 886 (2d Cir. 1995), and *In re Enterprise Mortgage Acceptance Co.*, 391 F.3d 401 (2d Cir. 2004)—both of which involved civil statutes of limitations—do not resolve the issue.

no dispute that Congress *could* have amended § 3283 in 2003 to extend the limitations period for live charges; had it done so explicitly, the government would prevail on the first *Landgraf* step.[7] Rather, the second *Landgraf* step asks whether the effects of retroactive application of a statute are such that the Court, in the absence of an express retroactivity provision, should presume that Congress intended to apply the statute retroactively. *See Landgraf,* 511 U.S. at 283 (framing issue as whether a law is "the kind of provision that [applies] to events antedating its enactment in the absence of clear congressional intent").[8] As both *Miller* and *Gentile* recognize, *Toussie* suggests that, in the context of a criminal statute of limitations, Congress should not be presumed to have intended retroactive application absent a clear expression of such intent, and the Court should not reach such a conclusion here.

## II.      Section 3283 Does Not Apply at All.

Ms. Maxwell's Motion should be granted for the separate and independent reason that regardless of whether the 2003 Amendment can be applied retroactively, § 3283 does not apply to the offenses with which Ms. Maxwell is charged.  Neither enticement of an individual to travel nor transportation of a minor is an "offense involving" the sexual or physical abuse or kidnapping of a child.  The government fails to rebut the long line of cases interpreting "offense involving" language to refer to offenses that necessarily entail particular conduct, and the

---

[7] For this reason, the government's invocation of *Falter v. United States,* 23 F.2d 420 (2d Cir. 1928)—a case decided decades before both *Landgraf and Toussie*—adds nothing to the analysis.  While the government cites *Falter* for the uncontroversial proposition the law treats the revival of time-barred criminal charges more harshly than the extension of live charges—indeed, as the government points out, the former raises issues under the Ex Post Facto Clause—it sheds no light on the issue of statutory interpretation here, particularly in light of *Landgraf* and *Toussie*.

[8] The fact that the inquiry into a statute's retroactive effects is the *second* step of *Landgraf,* rather than the *first,* demonstrates that *Landgraf* is not an inquiry into a statute's constitutionality.  If the *Landgraf* analysis were simply an inquiry into whether the Ex Post Facto clause *permits* Congress to apply a criminal statute of limitations retroactively, as the government contends (Opp. 34-35), the first step would have to be read out of *Landgraf* entirely.  Otherwise, Congress could expressly prescribe an unconstitutional retroactive application of a statute, thereby ending the analysis at step one before the court ever addressed the statute's constitutionality.

offenses with which Ms. Maxwell is charged do not require the sexual or physical abuse or kidnapping of a child.

A.   **Section 3283 Applies Only to Offenses that Necessarily Entail the Sexual Abuse or Physical Abuse, or Kidnapping, of a Child.**

As demonstrated in Ms. Maxwell's opening brief, the Supreme Court has held repeatedly and consistently that an "offense" or "crime" that "involves" certain conduct means an offense that necessarily entails or requires that conduct.  *See, e.g., Shular v. United States*, 140 S. Ct. 779, 782 (2020) ("a court should look to the state offense's elements" rather than case-specific facts); *United States v. Davis*, 139 S. Ct. 2319, 2328 (2019) (rejecting argument that "offense that . . . involves" provision permitted court to look to case-specific facts, even if necessary to save provision from unconstitutional vagueness); *Kawashima v. Holder*, 565 U.S. 478, 484 (2012) (interpreting "offenses that involve fraud or deceit" to mean "offenses with elements that necessarily entail fraudulent or deceitful conduct") (internal punctuation omitted); *Leocal v. Ashcroft,* 543 U.S. 1, 7 (2004) (stating that "offense that . . . involves" language "requires us to look to the elements and the nature of the offense . . .rather than to the particular facts" at issue); *Bridges v. United States*, 346 U.S. 209, 217 n.15, 221 (1953) (limiting extended statute of limitations for "any offense [] involving fraud or attempted fraud against the United States" to "offenses in which defrauding or attempting to defraud the United States is an essential ingredient of the offense charged").  The government's attempt to limit this clear line of cases is unpersuasive.

The government claims that a "necessarily entails" approach (or, as the government describes it, a "categorical" approach) is "only used in settings like sentencing and immigration, where a court is asked to evaluate the conduct from a prior conviction." Opp. 39.  While one would expect the government to support such a statement with citations to Supreme Court cases

*outside* the sentencing and immigration context in which the "necessarily entails" approach has been rejected, it fails to offer any.[9]  Nor does the government respond to the case law cited by Ms. Maxwell in which courts have interpreted "offense involving" language in a *venue* statute, which has nothing to do with sentencing, immigration, or prior convictions, to refer to the elements of the offense.  *See, e.g., United States v. Morgan*, 393 F.3d 192, 198 (D.C. Cir. 2004) ("The most natural reading of § 3237(a) ¶ 2 is to construe 'any offense involving' by reference to the *elements* of the offense at issue.") (emphasis in original); *United States v. Ayo,* 801 F. Supp. 2d 1323, 1331 (S.D. Ala. 2011) ("The Eleventh Circuit has employed the second paragraph of Section 3237(a) when such transportation, or use of the mails, is an element of the offense charged.").  The arbitrary limitations the government seeks to impose on the "necessarily entails" approach simply do not exist.

The Supreme Court's opinion in *Nijhawan v. Holder,* 557 U.S. 29 (2009)—the *only* Supreme Court case the government cites in which the Court applied a fact-based approach to an "offense involving" statute—does not break this line of cases at all.  In *Nijhawan*, the statutory provision at issue referred to "an offense that . . . involves fraud or deceit *in which the loss to the victim or victims exceeds $10,000*."  557 U.S. at 32 (quoting 8 U.S.C. § 1101(a)(43)(M)(i)) (emphasis added by Court).  The issue before the Court was not whether the statute required "fraud or deceit" to be an element of the underlying offense, but whether the referenced monetary threshold was required to be an element.  The Court held that it was not, reasoning that "[t]he words 'in which' (which modify 'offense') can refer to the conduct involved '*in*' the

---

[9] According to the government, the ostensible rationale for the "necessarily entails" approach—avoiding the need for courts to examine the facts of prior convictions—is not present in the § 3283 context.  But a fact-based approach poses a different practical obstacle in the statute of limitations context.  Under a fact-based approach here, for example, in order to obtain the benefit of the expanded limitations period, the government would be required to prove conduct (i.e., sexual abuse) that is not an element of an offense; a jury would be required to find not only that Ms. Maxwell committed the offenses with which she is charged but also that her offenses "involve[] . . . the sexual or physical abuse . . . of a child"; and only after the jury has returned its verdict would it be known *which* statute of limitations—§ 3283 or the default provision under § 3282—applies to this prosecution.

commission of the offense of conviction, rather than to the elements *of* the offense." *Id.* at 39 (emphasis added by Court). Because § 3283 contains no such modification to the words "offense involving," *Nijhawan* is entirely consistent not only with the Supreme Court cases that interpret "offense involving" language as referring to elements of the offense, but also with a similar interpretation of the language as it appears in § 3283.[10]

The Eighth Circuit's opinion in *United States v. Coutentos,* 651 F.3d 809 (8th Cir. 2011), squares perfectly with this approach. In *Coutentos,* the court held that § 3283 did not apply to a charge of possession of child pornography, even though the facts of the case involved conduct that went beyond the elements of child pornography and, according to the court, constituted sexual abuse. 651 F.3d at 817. The government's attempt to distinguish *Coutentos* on the ground that "this case does not involve the possession of child pornography" (Opp. 41) misses the point: In determining whether § 3283 applied, the court did not consider evidence of actual sexual abuse and instead confined its focus to the elements of the offense of possession of child pornography. In other words, it used the "necessarily entails" approach. Similarly, § 3283 requires the Court here to look only to the elements of § 2422(a) and § 2423(a), and to disregard allegations of conduct beyond those elements.

Finally, the government attempts to distinguish *Bridges*, in which the Supreme Court used the equivalent of a "necessarily entails" approach specifically with respect to a statute of limitations, and argues that *Bridges* is an outlier based on its legislative history. But the government fails to identify a single statute of limitations *other than* § 3283 in which a fact-

---

[10] The government cites the Second Circuit's statement in a footnote in *Weingarten* that the "offense involving" language is "equally consistent with applying a fact-based approach." Opp. 39-40 (quoting *Weingarten,* 865 F.3d at 60 n.11). However, *Weingarten* relied exclusively on *Nijhawan* for that proposition; like the government, it cited no case in which a fact-based approach had been used to apply an "offense involving" statute other than § 3283. In any event, the Second Circuit did not hold that a fact-based approach applies to § 3283; it held only, in the context of an ineffective assistance claim, that it was "not obvious" which approach applies. *Weingarten,* 865 F.3d at 60.

based approach has been applied, let alone one that uses "offense involving" language.[11]  Given

the Supreme Court's consistent interpretation of such language to require a "necessarily entails,"

elements-based approach, § 3283 should be similarly interpreted—particularly given the

obligation under the rule of lenity to construe any ambiguity in criminal statutes in favor of the

defendant, *Burrage v. United States,* 571 U.S. 204, 216 (2014), and the principle that "criminal

limitations statutes are to be liberally interpreted in favor of repose."  *Toussie,* 397 U.S. at 115

(internal quotations and citation omitted).

**B.      The Offenses Charged in Counts One Through Four Do Not Necessarily**
**Entail the Sexual or Physical Abuse or Kidnapping of a Child.**

The government appears to argue that even under the "necessarily entails" approach,

§ 3283 applies to the Mann Act offenses at issue here, because § 2422(a)  and § 2423(a)

somehow necessarily entail the sexual abuse of a child.  The government bases this argument on

its contention that the applicable definition of "sexual abuse" is the definition found at 18 U.S.C.

§ 3509(a)(8), because that definition "includes the employment, use, persuasion, inducement,

enticement, or coercion of a child to engage in, or assist another person to engage in, sexually

explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of

children, or incest with children."  18 U.S.C. § 3509(a)(8).  But even under such an expansive

definition, neither § 2422(a) nor § 2423(a) necessarily entails the sexual abuse of a child.

Section 2422(a) does not necessarily entail any act concerning a child, let alone the

"employment, use, persuasion, inducement, enticement, or coercion of a child" to engage in any

sex-related conduct.  Rather, § 2422(a) requires only the enticement of an individual—of any

---

[11] The government also cites *United States v. Schneider,* 801 F.3d 186 (3d Cir. 2015), in which the court rejected the defendant's comparison of § 3283 to the statute in *Bridges*.  To the extent that the Third Circuit rejected a "necessarily entails" approach to § 3283, it appears to have done so without considering the line of Supreme Court cases interpreting the "offense involving" language as requiring such an approach—a line that has since expanded to include *Davis* and *Shular*.

age—to travel with the requisite intent.  18 U.S.C. § 2422(a).  Section 2423(a) requires only the transportation of a child with the requisite intent, 18 U.S.C. § 2423(a); it does not necessarily entail "the employment, use, persuasion, inducement, enticement, or coercion of a child" to do anything other than travel.  If a defendant entices an adult to travel for the purpose of engaging in unlawful sexual activity, a § 2422(a) offense has been committed, but no sexual abuse of a child has occurred.  If a defendant transports a minor with the intent (unbeknownst to the minor) that the minor will engage in sexual activity, no sexual activity occurs, and there is no "employment, use, persuasion, inducement, enticement, or coercion" to engage in sexual activity, a § 2423(a) offense has been committed, but no sexual abuse of a child has occurred.

While the government cites several cases in which courts have found § 3283 applicable to particular statutes, it cites only one case in which either a § 2422(a) or § 2423(a) offense has been held to involve "sexual abuse" within the meaning of § 3283.  In *United States v. Vickers,* No. 13 Cr. 128 (RJA) (HKS), 2014 WL 1838255 (W.D.N.Y. May 8, 2014), the court held that a § 2423(a) offense involved sexual abuse, but it did not hold that § 2423(a) necessarily entails sexual abuse; instead, the court used a fact-based approach.  *Id.* at *11 ("defendant Vickers is charged with transportation of a minor in violation of [§ 2423(a)] *and it is alleged that the defendant did have sexual contact with Victim 1*") (emphasis added).  No court has held that either the enticement of an individual to travel or the transportation of a minor necessarily entails "sexual abuse" within the meaning of § 3283.  It does not.  The government therefore cannot and should not prevail.

## **CONCLUSION**

For the reasons set forth herein, Ms. Maxwell respectfully requests that Counts One

through Four be dismissed.

Dated: March 15, 2021
      New York, New York

                    Respectfully submitted,

                    */s/ Christian R. Everdell*
                    Christian R. Everdell
                    COHEN & GRESSER LLP
                    800 Third Avenue
                    New York, NY 10022
                    Phone: 212-957-7600

                    Jeffrey S. Pagliuca
                    Laura A. Menninger
                    HADDON, MORGAN & FOREMAN P.C.
                    150 East 10th Avenue
                    Denver, Colorado 80203
                    Phone: 303-831-7364

                    Bobbi C. Sternheim
                    Law Offices of Bobbi C. Sternheim
                    33 West 19th Street - 4th Floor
                    New York, NY 10011
                    Phone: 212-243-1100

                    *Attorneys for Ghislaine Maxwell*

16

## CERTIFICATE OF SERVICE

  I hereby certify that on March 15, 2021, I served by email, pursuant Rule 2(B) of the Court's individual practices in criminal cases, the within memorandum and any accompanying exhibits upon the following:

Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Maurene.comey@usdoj.gov
Alison.moe@usdoj.gov
Lara.Pomerantz@usdoj.gov
Andrew.Rohrbach@usdoj.gov

          */s/ Christian Everdell*