UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

UNITED STATES OF AMERICA,

v.

GHISLAINE MAXWELL,

            Defendant.

20 Cr. 330 (AJN)

------------------------------------------------------- x

# REPLY MEMORANDUM OF LAW IN SUPPORT OF MS. MAXWELL'S MOTION TO DISMISS COUNTS ONE THROUGH SIX OF THE SUPERSEDING INDICTMENT FOR PRE-INDICTMENT DELAY

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New
York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

The significant delay in prosecuting these charges has substantially prejudiced Ms. Maxwell, and the government has offered no legitimate reason for the tactical delay. Indeed, many of the arguments made by the government in response to Ms. Maxwell's motions reveal new information that undercut its claims about the origins of, and motives behind, this prosecution.

Ms. Maxwell raised this issue pretrial, as required by Fed. R. Crim. P 12(b)(3)(A)(ii). In her opening memorandum Ms. Maxwell noted that significant discovery related to the allegations had not yet been provided by the government, that her investigation is ongoing, and requested that the Court defer ruling on this motion.

The government's responses to Ms. Maxwell's motions, including its response to this motion, underscore the legitimacy of Ms. Maxwell's continued request that the Court hold this issue open.  As reflected in the various pleadings, the government *did* have communications with lawyers for civil litigants and *did* have information about the allegations made in the indictment well before it claims the investigation was opened. Ms. Maxwell learned about these things only because the government felt the need to make partial disclosures in an attempt to defend its actions.

In its response to the instant motion, the government, without actually disclosing the witness's statements, selectively "proffers" "facts" to justify its position but tells Ms. Maxwell and the Court that we should, apparently, just trust the government because "the underlying information, which is contained in the FBI 302 reports of interviews with the victims, will be produced to the defense as 3500 material in advance of trial." Resp. at 55 fn. 21.

As discussed in her Motions to Dismiss for Lack of Specificity, for a Bill of Particulars, and for Pretrial Disclosures, the government's failure to provide adequate information about the

allegations in the indictment continues to prejudice Ms. Maxwell's ability to investigate and defend this matter. It is fundamentally unfair for the government to withhold basic information while at the same time making representations about that information to the Court when convenient. This type of selective disclosure by one party in litigation is disfavored. *See, e.g., United States v. Nobles,* 422 U.S. 225, (1975); *United States v. Bilzerian,* 926 F.2d 1285 (2d Cir. 1991); *In re Grand Jury Proceedings,* 219 F.3d 175, 182–84 (2d Cir.2000); *Granite Partners, L.P. v. Bear, Stearns & Co., Inc.,* 184 F.R.D. 49, 54 (S.D.N.Y. 1999); *Worthington v. Endee,* 177 F.R.D. 113, 116–17 (N.D.N.Y. 1998); *Peck v. United States*, 514 F. Supp. 210, 213 (S.D.N.Y.), *on reargument*, 522 F. Supp. 245 (S.D.N.Y. 1981); *State of N. D. ex rel. Olson v. Andrus,* 581 F.2d 177, 182 (8th Cir. 1978) (selective disclosure exhibited by the government in this action is "intolerable as a matter of policy").

It would be inefficient and a waste of judicial resources to continue to litigate this issue piecemeal. Moreover, until Ms. Maxwell has ***complete*** relevant information, she cannot precisely identify the many witnesses and documents that are unavailable to her as a result of the pretrial delay.

## CONCLUSION

Accordingly, Ms. Maxwell requests that the Court defer consideration of her Motion to Dismiss Counts One Through Six of the Superseding Indictment for Pre-Indictment Delay until after the government has produced all of the discovery in this matter, including, but not limited to any alleged F.R.E. 404(b) information, all witness statements, and all *Brady* and *Giglio* material.

Dated: March 15, 2021

Respectfully submitted,

*s/ Jeffrey S. Pagliuca*
Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## Certificate of Service

      I hereby certify that on March 15, 2021, I served by email, pursuant Rule 2(B) of the Court's individual practices in criminal cases, the *Reply Memorandum of Law in Support of Ms. Maxwell's Motion to Dismiss Counts One Through Six of the Superseding Indictment for Pre-Indictment Delay* upon the following:

Alison Moe
Maurene Comey
Andrew Rohrbach
Lara Pomerantz
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Alison.moe@usdoj.gov
Maurene.comey@usdoj.gov
Andrew.Rohrbach@usdoj.gov
Lara.Pomerantz@usdoj.gov

                                                *s/ Christian R. Everdell*