UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
            v.                                :      20 Cr. 330 (AJN)
                                              :
GHISLAINE MAXWELL,                            :
                                              :
                         Defendant.           :
                                              :
                                              :
-------------------------------------------------------- x


**REPLY MEMORANDUM OF GHISLAINE MAXWELL IN SUPPORT
OF HER MOTION TO DISMISS EITHER COUNT ONE OR COUNT THREE OF THE
<u>SUPERSEDING INDICTMENT AS MULTIPLICITOUS</u>**

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New
York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100


*Attorneys for Ghislaine Maxwell*

The government does not dispute that Counts 1 and 3 charge Ms. Maxwell with the same crime, conspiracy in violation of 18 U.S.C. § 371, nor that the charges are based on identical facts. Effectively conceding that the counts are multiplicitious, the government argues that the motion is "premature," focusing only on the jeopardy problem that would occur if Ms. Maxwell were convicted on both counts at trial and ignoring the prejudice to Ms. Maxwell attendant to the overcharging. The government argues that the Court should defer ruling on this motion until "after the completion of trial" which will "ensure" a full factual record. Resp. at 172. The government is wrong.

The Court can, and should, grant this Motion, direct the government to elect which of the conspiracy charges it will prosecute, and dismiss the other. The identical facts are plainly alleged in the superseding indictment ("Indictment"), and the government has presented no factual distinction in its response. Accordingly, no additional record is necessary and very clear authority exists supporting the relief requested by Ms. Maxwell, dismissal of one of the multiplicitous counts. "District courts presented with what are recognized before or during trial to be multiplicitous indictments will avoid any problem by requiring the prosecution to elect between counts charged rather than by merging the counts at sentencing." *United States v. Polizzi*, 257 F.R.D. 33, 36–37 (E.D.N.Y. 2009).  The Court should order such an election and dismissal here.

## I. The Motion is Not Premature, and the Court has Discretion to Direct Election and Dismissal Pretrial

The government's "prematurity" argument is misplaced. Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(ii), a defendant is *required* to raise arguments based on defects in the indictment, including "charging the same offense in more than one count (multiplicity)," by pretrial motion "if the basis for the motion is then reasonably available and the

motion can be determined without a trial on the merits." *See United States v. Dervishaj*, 787 F.

App'x 12, 15 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 2548 (2020) (multiplicity argument waived

because the defendant failed to raise the issue by pretrial motion).

The government also ignores ample Second Circuit authority that authorizes the relief

requested by Ms. Maxwell:

> The defendant may move to have the prosecution elect among the multiplicitous
> counts, with all but the one elected dismissed. This is a matter for trial court
> discretion, and is most appropriate when the mere making of the charges would
> prejudice the defendant with the jury.

*United States v. Reed*, 639 F.2d 896, 905 (2d Cir. 1981).[1]

The reason for this discretion is clear:

> The law protects an individual against multiplicitous indictments to avoid multiple
> sentences for a single offense and to eliminate the prejudice which such indictments
> may generate in the eyes of a jury. For when an indictment charges numerous
> offenses arising from the same conduct it may falsely suggest to a jury that a
> defendant has committed not one but several crimes.
>
> Once such a message is conveyed to the jury, the risk increases that the jury will be
> diverted from a careful analysis of the conduct at issue. Compromise verdicts or
> assumptions that, with so many charges pending the defendant must be guilty on at
> least some of them, pose significant threats to the proper functioning of the jury
> system.

*United States v. Clarridge*, 811 F. Supp. 697, 702 (D.D.C. 1992) (cleaned up).[2]

Ms. Maxwell has been charged with the identical conduct in Counts 1-4.  These multiple

counts falsely suggest to the jury that Ms. Maxwell is alleged to have committed more than one

crime. The defect in the Indictment is patent and prejudicial, and the Court should remove the

---

[1] *See also United States v. Ketchum,* 320 F.2d 3, 7 (2d Cir.1963); *United States v. Carter,* 576
F.2d 1061, 1064 (3d Cir.1978); and *United States v. Langford,* 946 F.2d 798, 802 (11th Cir.1991).

[2] *See also United States v. Chacko,* 169 F.3d 140, 145 (2d Cir.1999) (A multiplicitous indictment
creates an exaggerated impression of a defendant's criminal activity by charging "an offense multiple
times, in separate counts, when, in law and fact, only one crime has been committed.").

defect by requiring the government to elect which of the conspiracy charges it will move forward with and dismiss the remaining conspiracy charge.

## II.   The Government Failed to Meet its Burden of Establishing the Two Alleged Conspiracies Are Distinct.

To guard against the "well recognized danger" that prosecutors can easily "draft indictments that allege what appear to be separate conspiracies but may actually be parts of an overall conspiracy," where a defendant "makes a non-frivolous showing that two indictments in fact charge only one conspiracy, the burden shifts to the prosecution to show, by a preponderance of the evidence, that there are in fact two distinct conspiracies." *United States v. Lopez*, 356 F.3d 463, 467 (2d Cir. 2004) (citing *United States v. DelVecchio*, 800 F.2d 21, 22 (2d Cir. 1986)).  As demonstrated in Ms. Maxwell's moving papers, application of the *Korfant* multifactor test results in an identical overlap of alleged:  participants, time, similarity of operation, overt acts, geography, objectives, and interdependence. Mot. at 2. The government has failed to proffer any evidence to the contrary, and Ms. Maxwell's Motion should be deemed confessed.

## CONCLUSION

For the reasons stated in Ms. Maxwell's original Motion and this Reply, she requests that the Court enter an order requiring the government to elect the conspiracy charge it intends to prosecute and dismiss the remaining count.

Dated: March 15, 2021

Respectfully submitted,


*s/ Jeffrey S. Pagliuca*
Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New York, NY 10022 Phone:
212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

4

## Certificate of Service

I hereby certify that on March 15, 2021, I served by email, pursuant Rule 2(B) of the Court's individual practices in criminal cases, the *Reply Memorandum of Ghislaine Maxwell in Support of Her Motion to Dismiss Either Count One Or Count Three of the Superseding Indictment as Multiplicitous* upon the following:

Alison Moe
Maurene Comey
Andrew Rohrbach
Lara Pomerantz
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Alison.moe@usdoj.gov
Maurene.comey@usdoj.gov
Andrew.Rohrbach@usdoj.gov
Lara.Pomerantz@usdoj.gov


*s/ Christian R. Everdell*