

Haddon, Morgan and Foreman, P.C
Laura A. Menninger

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
LMenninger@hmflaw.com

April 1, 2021

The Hon. Alison J. Nathan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)
　　Joint Letter Concerning Redactions to Omnibus Response & Exhibit 11

Dear Judge Nathan:

Pursuant to this Court's Order of March 29, 2021 (Dkt. No. 189), the parties respectfully submit this joint letter concerning redactions to the Omnibus Memorandum in Opposition to the Defendant's Pre-Trial Motions ("Response").

Joint Position

The parties no longer seek the proposed redactions to pages 118 and 119 of the government's Response.

Ms. Maxwell's Position

Ms. Maxwell seeks to redact from pages 129-134 of the Response and from Exhibit 11 only those portions of her July 22, 2016 deposition as to which Judge Preska ruled:

> public access to [these] parts of the transcript is outweighed by Ms. Maxwell's countervailing interests in resisting disclosure of the details of her private, intimate relationships with consenting adults. This testimony is, in any case, far afield from the sex trafficking and sexual abuse allegations that were central to the dispute in *Giuffre v. Maxwell*. Although the prurient interest of some may be left unsatiated as a result, Ms. Maxwell's interest in keeping private the details of her sexual relationships with consenting adults warrants the sealing of those portions of her testimony (and any materials that reference them).

The Hon. Alison J. Nathan
April 1, 2021
Page 2

*Giuffre v. Maxwell,* No. 15-cv-7466-LAP, Tr. of Jan. 19, 2021 at 6-7.  Ms. Maxwell moved to suppress use of her deposition testimony, including these quotes, based on the government's violations of due process and the Fourth and Fifth Amendments.  *See* Dkt. Nos. 134 & 140.  The quotes at issue only constitute "part of the public record in this case" -- in the Indictment – because the government circumvented Second Circuit precedent and made material misrepresentations to Judge McMahon in seeking modification of the Protective Order entered by Judge Sweet.

Ms. Maxwell objects to their public re-release for several reasons. As the Second Circuit explained, "the privacy interests of innocent third parties *as well as those of defendants* that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted." *Matter of New York Times,* 828 F.2d 110, 116 (2d Cir. 1987) (emphasis supplied).[1]  In the context of considering whether to unseal wiretap evidence during a motion to suppress, the Second Circuit explained that "[p]roceedings may be closed and, by analogy, documents may be sealed if 'specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 116 (quoting *Press-Enterprise Co. v. Sup. Ct.,* 478 U.S. 1, 12 (1986) ("*Press-Enterprise II*").

---

[1] Ms. Maxwell assumes for purposes of this argument that the Omnibus Response and Exhibit 11 are "judicial documents." *Matter of New York Times*, 828 at 115-116 (recognizing qualified right of public access to papers filed in connection with a motion to suppress).

The Hon. Alison J. Nathan
April 1, 2021
Page 3

  The testimony at issue is undeniably private: it relates exclusively to Ms. Maxwell's consensual adult sexual activities involving "sex toys or devices used in sexual activities" and a "three-way sexual" encounter involving an adult "blond and brunette." *See Lawrence v. Texas*, 539 U.S. 558, 567 (U.S. 2003) ("It suffices for us to acknowledge that adults may choose to enter upon [a] relationship in the confines of their homes and their own private lives and still retain their dignity as free persons. When sexuality finds overt expression in intimate conduct with another person, the conduct can be but one element in a personal bond that is more enduring."); *see also Griswold v. Connecticut,* 381 U.S. 479, 485–86 (U.S. 1965). And Ms. Maxwell proposes only those redactions "narrowly tailored" to preserve her privacy interest in her intimate, consensual adult sexual activities. *Press-Enterprise II,* 106 S.Ct. at 2743. Rather than seek to redact either the argument or the surrounding testimony, Ms. Maxwell marked for redaction those limited portions of the deposition transcript that Judge Preska ordered sealed. The remaining unredacted portions generally describe the redacted testimony such that the public and media will have no issue ascertaining the nature of the legal issues nor fulfill their role in monitoring the Courts. Inclusion of the exact lines referencing "three-way sexual activity" or "sex toys" does not add to the argument but redacting those lines does preserve Ms. Maxwell's privacy in testimony that was both compelled and obtained under highly improper methods.

  In addition to her privacy interests, Ms. Maxwell seeks to preserve her right to a fair trial free from unfair pretrial publicity concerning what may ultimately be deemed "inadmissible" evidence at the criminal trial. *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) ("compelling interests" that counterbalance any presumption of access include the "privacy interests of the defendant" and the fair trial rights of the defendant).

The Hon. Alison J. Nathan
April 1, 2021
Page 4

> Publicity concerning pretrial suppression hearings such as the one involved in the present case poses special risks of unfairness. The whole purpose of such hearings is to screen out unreliable or illegally obtained evidence and insure that this evidence does not become known to the jury. Cf. *Jackson v. Denno*, 378 U.S. 368. Publicity concerning the proceedings at a pretrial hearing, however, could influence public opinion against a defendant and inform potential jurors of inculpatory information wholly inadmissible at the actual trial.
>
> The danger of publicity concerning pretrial suppression hearings is particularly acute, because it may be difficult to measure with any degree of certainty the effects of such publicity on the fairness of the trial. After the commencement of the trial itself, inadmissible prejudicial information about a defendant can be kept from a jury by a variety of means.[5] When such information is publicized during a pretrial proceeding, however, it may never be altogether kept from potential jurors.

*Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 378–79 (U.S. 1979). Every sentence that is publicly released in this case has been widely publicized, in print, broadcast and online media, both within and without this jurisdiction. Quotations from testimony concerning "three-way sexual" activity and "sex toys" "cater to a 'craving for that which is sensational and impure'" rather than serve a legitimate issue of public interest. Dkt. No. 168 (citing *Amodeo II,* 71 F.3d at 1051).[2]

Finally, the fact that the government has already publicized – in the Indictment – some of the testimony that it unconstitutionally obtained should not be rewarded. "That some information relating to the documents in question already has been discussed on the public

---

[2] Among the "subject matters [which] presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trail or otherwise prejudice the due administration of justice within the meaning of this rule" pursuant to Local Cr. Rule 23.1 are the "contents of any confession, admission or statement given by the accused."

The Hon. Alison J. Nathan
April 1, 2021
Page 5

record or reported in the media does not mean that the [] parties themselves have lost any remaining privacy interest in their contents." *United States v. Gatto*, No. 17-cr-686 (LAK), 2019 WL 4194569, at *8 (S.D.N.Y. Sept. 30, 2019) (quoting *Matter of New York Times*, 828 at 116 ("much of the Title III material contained in the papers has already been publicized. Nonetheless, limited redaction of the Title III material in the papers may still be appropriate.")). Indeed, this Court rejected Ms. Maxwell's argument that certain portions of the Response and its exhibits should be unredacted because the material had already been made public. *See* Dkt. No. 168 at 2-3; Letter Motion of Laura A. Menninger dated March 9, 2021 (Objection to Proposed Redactions of Government's Omnibus Response & Exhibit 5) at 2-3 (Virginia Giuffre memoir detailing her private family matters released by Second Circuit in *The Billionaire Playboys Club* manuscript). The government also persists in using pseudonyms in this case such as "Minor Victim 2" in place of an accuser who has told her story most publicly on Netflix, ABC News, and the New York Times. Ms. Maxwell's privacy rights to her zealously guarded intimate sexual affairs deserve at least as much protection as third-parties who have chosen at every turn to publicize their salacious allegations.

Ms. Maxwell respectfully requests that the redactions to pages 129-134 that she previously proposed in her March 9, 2021 Letter at Exhibit 3 be adopted, in addition to the government's redactions to those same pages. As regards Exhibit 11, Ms. Maxwell respectfully requests that the redactions ordered by Judge Preska to those deposition pages be adopted as well. To the extent additional testimony is reflected in Exhibit 11, it is immaterial to the issues presented in Ms. Maxwell's Motions to Suppress or the government's Response.

<u>The Government's Position</u>

The Government respectfully submits that there is no basis under the applicable

The Hon. Alison J. Nathan
April 1, 2021
Page 6

standard to redact the portions of pages 129 to 134 of the Government's omnibus memorandum of law and Exhibit 11 that refer to language that is contained in the publicly-filed Indictment in this case. The information in the Indictment is part of the public record and, therefore, has a deeply diminished privacy interest. The Government does not understand any legal basis for sealing the information again. The Government does not object to the remaining proposed redactions to pages 129 to 134 of the Government's brief, which were the redactions originally proposed by the Government. The Government does not object to the redactions proposed by the defense to Exhibit 11 (with the exception of the language quoted in the Indictment).

                                      Respectfully submitted,

                                      Laura A. Menninger

CC: Counsel of Record