UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ghislaine Maxwell,

              Defendant.

20-CR-330 (AJN)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/20/21

ALISON J. NATHAN, District Judge:

      Last summer, the Court scheduled trial in this matter to commence on July 12, 2021. The Government filed an S2 Superseding Indictment on March 29, 2021. Dkt. No. 187. The new indictment alleges that the conspiracies charged in Counts 1 and 3 extended to 2004 (the S1 charged through 1997) and identifies a fourth alleged victim, Minor Victim-4. It also adds two new charges: Count 5 of the S2 Indictment charges Maxwell with participating in a sex trafficking conspiracy between 2001 and 2004, and Count 6 charges Maxwell with participating in the sex trafficking of a minor or aiding and abetting the same. *Id.*

      Since the filing of the S2 indictment, the parties have argued in letters whether its additional charges and extended timeframe necessitates an adjournment of the trial date. Dkt. Nos. 192, 199, and 202. Maxwell has also indicated that she either is requesting or will request a renewed bail hearing in light of the filing of the S2. In Maxwell's most recent letter, she expressly requests an adjournment of the scheduled July 12 trial date, though the scope of the request is unclear. Dkt. No. 202. The letter first argues that a 90-day adjournment is necessary. But it also states that some of her defense counsel are not available between September and December 2021, implying that the request is in fact to adjourn until January 2022. The Government opposes the request for adjournment and any request for a renewed bail hearing.

After the parties submitted these letters, the Court issued its Opinion & Order denying Maxwell's motions to dismiss the S1 indictment on multiple grounds. Dkt. No. 207. The Court also granted severance as to the perjury counts. Both the denial of the motions to dismiss and the severance of the perjury counts are relevant to the requests for a bail hearing and for an adjournment of the trial date. The Court addresses both in this Order.

First, the request for a renewed bail hearing is denied. The Court held an original bail hearing on July 14, 2020. After extensive argument and presentation of information, the Court found that no conditions or combination of conditions could reasonably assure the Defendant's appearance as required, determining as a result that Maxwell was a flight risk and that detention without bail was warranted under 18 U.S.C. § 3142(e)(1). Dkt. No. 23. The Court based its conclusion on the presumption in favor of detention, 18 U.S.C. § 3142(e)(3), and its weighing of the 18 U.S.C. § 3142(g) factors, including the nature and circumstances of the offense charged, the weight of the evidence, and Maxwell's history and characteristics. Since that time, Maxwell has twice sought reconsideration of the Court's original bail determination and offered different bail packages and proposed conditions of release. The Court carefully considered those requests and denied them in written Orders, concluding that none of the new information had any material bearing on the Court's original conclusion and that the Government again met its burden of establishing that Maxwell poses a substantial risk of flight and that no conditions or combination of conditions could reasonably assure her appearance as required. Dkt. Nos. 106, 169.

Maxwell now seeks a new bail hearing at which "witnesses [would] testify regarding the purported strength of the government's case." Dkt. No. 192 at 3. The request is denied. The S2 Indictment raises no issues that warrant reconsideration of the Court's prior bail determinations. On the contrary, the new charges contained in the S2 indictment as well as the Court's resolution

of the pre-trial motions strengthen, rather than weaken, the Court's prior conclusions regarding flight risk. Maxwell is entitled to appeal that detention determination, and she is exercising that right. But it does not follow that the new charges call for the Court to revisit its three prior bail determinations. Further, the Court will not hold an evidentiary hearing in which the strength of the Government's case is tested. "It is well established in this circuit that proffers are permissible both in the bail determination and bail revocation contexts." *United States v. LaFontaine*, 210 F.3d 125, 131 (2d Cir. 2000). Before making its prior bail determinations, the Court scrutinized, among the other relevant factors, the Government's proffer and concluded that the proffered case was strong. The ultimate merits of the Government's case will be tested at trial in front of a jury. In the meantime, it is the Court's obligation to ensure that the case proceed to that trial as expeditiously as possible, taking into account the interests of justice and all relevant circumstances. The Court is obligated to consider what is in the best interest of the public and the defendant in considering whether delay is appropriate. *See* 18 U.S.C. §3161(h)(7)(A). Moreover, the Crime Victims' Rights Act provides a right "to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(7).

This leads directly to the question of the specific start date of trial and Maxwell's request for an adjournment. As a preliminary matter, the Court provides the following important information. Although last summer the Court set trial to commence on July 12, 2021, currently the precise start date of any trial in the Southern District of New York is not within the control of the presiding judge. SDNY is still operating under special protocols for jury selection during the COVID-19 pandemic. Because of a limited number of reconfigured courtrooms and spaces large enough to hold jury selection and trial safely, the protocols centralize the scheduling of access to juries and reconfigured courtrooms pursuant to an established protocol for trial priority. The

deadline to submit requests for jury selection dates in the third quarter of 2021 is May 15. Following the submission of requests, the Clerk's Office will assign jury selection dates according to a protocol that has rules of priority. For example, criminal jury trials requesting a particular jury selection date are given priority over civil jury trials requesting that same date. Criminal trials involving detained defendants are given priority over criminal trials in which defendants are not detained pre-trial. Among detained defendants, cases that set trial dates prior to March 16, 2020 get priority. For any detained defendants whose trial date was set after March 16, 2020, priority is based upon who has been detained the longest. Absent a grant of an adjournment, by May 15, the Court will request a jury selection date as close to July 12, 2021 as possible. Once a jury selection date is assigned by the Clerk's Office, that date is firm. As of now, the parties should presume that trial will commence on a date close to July 12 (depending on trial demand and the order of priority) and plan accordingly.

With this information in mind, the Court seeks confirmation and express clarification from defense counsel for three reasons. First, Maxwell's request for an adjournment came before the Court ruled on the pending motions, including the Court's granting of Maxwell's request to sever the perjury counts. Trial on the non-perjury counts will proceed first, which will shorten preparations for and the length of trial on the non-perjury counts. Second, Maxwell's request was ambiguous as to the length of adjournment being requested. As noted, the letter argued a 90-day adjournment was necessary but also suggested that some number of her defense counsel would not be available until January 2022. And third, by this Order the Court denies Maxwell's request for a renewed bail hearing. All of these factors may influence Maxwell's adjournment request.

Accordingly, the Court hereby ORDERS counsel for the Defendant to file written answers to the following specific questions by 12:00 p.m. on Thursday, April 22, 2021:

1. Does defense counsel continue to seek an adjournment of the July 12th start date for trial on the non-perjury counts?

2. If the answer to question 1 is yes, what is the specific request being made as to length of adjournment? In particular, is the request for a 90-day adjournment? An adjournment until January 2022? Or something else? The Court requires a specific request be made and justified or it will not be considered.

If Maxwell continues to seek an adjournment, the Government may submit any response by 5:00 pm on April 22, 2021. The Court will consider the submissions and resolve expeditiously. As noted, however, unless and until an adjournment is specifically requested and granted, the parties shall assume that the Court will request a jury selection date as close to July 12th as possible and shall plan accordingly.

SO ORDERED.

Dated: April 20, 2021
New York, New York

ALISON J. NATHAN
United States District Judge