

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 21, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter in response to the Court's Order dated April 19, 2021, which directed the Government to notify the Court whether it intends to "use any of the documents subject to the pending motions to suppress in the trial of the non-perjury counts in this case." (Dkt. No. 216). As an initial matter, the Government strongly opposes the defendant's suppression motions, and the Government respectfully submits that the Court should deny the motions on the merits without an evidentiary hearing. However, in the interest of efficiency, and with the goal of streamlining matters in advance of trial, the Government respectfully submits that the Court need not resolve the pending suppression motions in advance of the trial on the non-perjury counts.

Resolution of the suppression motions is not necessary at this juncture, because, after considering the matter, the Government does not intend to use these materials in its case-in-chief at the trial of the non-perjury counts in this case. However, the Government notes that the materials

in question include, among other things, depositions of potential witnesses.[1] If the defense were to put these documents at issue at trial, during either the defense case or the cross-examination of witnesses, the Government reserves its right to use relevant materials from this set for any purpose permissible under the Rules of Evidence. Likewise, the Government has no objection to the defense using these materials at trial for any permissible purpose under the Rules of Evidence, including to cross-examine trial witnesses.

Moreover, the Government notes that, even if these materials were suppressed – which the Government submits is inappropriate here – the Government would nonetheless have the right to offer these materials under certain circumstances. For example, it is well established that a criminal defendant who testifies in her own defense may be impeached with materials that would otherwise be subject to suppression. *United States v. Trzaska*, 111 F.3d 1019, 1026 (2d Cir. 1997) ("The Supreme Court has held that illegally acquired evidence may be used to impeach defendants who testify in their own defense.") (citing *Walder v. United States*, 347 U.S. 62, 64-66 (1954)). As the Supreme Court has explained, the exclusionary rule must be balanced with the truth-seeking functions of a trial:

> It is one thing to say that the Government cannot make an affirmative use of evidence unlawfully obtained. It is quite another to say that the defendant can turn the illegal method by which evidence in the Government's possession was obtained to his own advantage, and provide himself with a shield against contradiction of his untruths. Such an extension of the *Weeks* doctrine would be a perversion of the Fourth Amendment.

---

[1] The Government further notes that many of the materials in the file in question are duplicates of materials the Government has obtained through other sources. For example, the file contains materials that appear to have been obtained from third parties and law enforcement agencies. At trial, the Government is likely to offer documents it has obtained during its investigation through other sources, even though those materials happen to be contained in duplicate in the file in question.

*Walder*, 347 U.S. at 65.

Accordingly, the Court need not resolve the pending suppression motions, because the Government does not intend to use these materials in its case-in-chief. However, to the extent the defendant puts these materials at issue at trial either through the defense case or cross-examination, the Government reserves its right to use these materials, for example, to cross-examine the defendant, or to offer prior consistent statements of witnesses, should it be appropriate to do so. In addition, the Government further reserves its right to use these materials at trial for any purpose that would be permissible under the Federal Rules of Evidence, even assuming these materials were suppressed.

    Respectfully submitted,

    AUDREY STRAUSS
    United States Attorney

By:   /s                          
    Alison Moe / Maurene Comey
    Lara Pomerantz / Andrew Rohrbach
    Assistant United States Attorneys
    Southern District of New York

Cc: All Counsel of Record (By ECF)