**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 21, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

  The Government respectfully submits this letter in response to the Court's Order dated April 16, 2021, which directed the parties to negotiate a final schedule for all remaining pretrial matters in the above-referenced case. (Dkt. No. 207). Although the parties have agreed upon a schedule for several pretrial matters, the parties have not reached complete agreement on a full schedule. Accordingly, the Government is submitting this letter containing its proposal, and understands that defense counsel will write separately to convey the defense's competing proposal.

  Based on conversations with defense counsel, the Government understands that the parties agree on the following proposed dates, assuming trial begins as scheduled on July 12, 2021:

- The Government will provide expert notice to the defense by April 23, 2021.

- The defense shall file any additional or supplemental motion briefing in light of the S2 Indictment by May 7, 2021. The Government shall file its responsive briefing by May 21, 2021. The defense shall file any reply briefing by May 28, 2021.

- The Government will provide the defense with the identities of the victims referenced in the S2 Indictment by May 17, 2021.

- The parties shall simultaneously file any motions *in limine* by June 14, 2021. The parties shall simultaneously file any responses to motions *in limine* by June 28, 2021.

- The parties shall simultaneously file proposed jury questionnaires by June 18, 2021. Should the Court's schedule permit, the parties would propose that the venire receive and complete the questionnaire during the week of June 28, 2021.

- The parties shall simultaneously file requests to charge, proposed *voir dire*, and proposed verdict sheets by June 25, 2021.

- The parties are available for a final pretrial conference on July 1, 2021.

- The parties are available to appear for a conference on July 9, 2021 at which the parties would propose to present any for-cause challenges to prospective jurors based on the written questionnaires.

The parties have been unable to reach agreement regarding the remaining pretrial dates. For the reasons set forth below, the Government respectfully requests that the Court set the remaining schedule consistent with the Government's proposals. The Government notes that these proposed dates assume that trial will proceed as scheduled on July 12, 2021. Should trial be adjourned, the Government would propose that these dates be correspondingly adjourned. In particular, the Government makes the following proposals:

- The Government is prepared to produce a proposed witness list, *Giglio* material, and Jencks Act material by May 28, 2021, or 45 days in advance of trial. These materials will include testifying witness statements, which themselves will also include any co-conspirator statements about which witnesses may testify at trial. This deadline, which is far in advance of when such disclosures are ordinarily made

in this District, will provide the defense with ample time to review these materials, prepare for trial, and consider and brief any *in limine* motions. This deadline will also allow the Government adequate time in the coming weeks to finalize its witness list for trial, review its files for all *Giglio* and Jencks Act materials, and prepare those materials for production.

- The Government is prepared to provide the defense with notice pursuant to Federal Rule of Evidence 404(b) by May 28, 2021, or 45 days in advance of trial. Consistent with the motion *in limine* schedule set forth above, this proposed deadline will provide the defense with adequate time to review the disclosure and file any appropriate motions. This deadline will also allow the Government adequate time to finalize its determination of what evidence it will seek to introduce at trial pursuant to Federal Rule of Evidence 404(b).

- The Government is prepared to provide the defense with its proposed exhibit list and marked exhibits by June 11, 2021, or one month in advance of trial. This deadline will allow the defense adequate time to review and raise objections to any Government exhibits. This deadline will also allow the Government adequate time to finalize its determination of what exhibits it will seek to introduce at trial.

- The Government would propose that the defense be required to provide expert witness disclosures pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C) by May 14, 2021. This deadline, which is three weeks after the Government has agreed to provide expert notice, will give the defendant ample time to determine what, if any, expert testimony she may seek to offer. This deadline will also allow the Government sufficient time to brief the admissibility of any such proposed

>
> testimony in advance of the motion *in limine* deadline. The Government understands that the defense seeks to provide expert notice by June 14, 2021, but such a belated disclosure would not allow adequate time in advance of trial to brief any motions regarding the admissibility of such testimony. Additionally, the defense's proposed disclosure date would not provide sufficient time for the Government to locate a rebuttal expert if appropriate and provide notice of that rebuttal expert to the defense.
>
> - The Government would propose that the defense provide a proposed witness list and witness statements, pursuant to Federal Rule of Criminal Procedure 26.2, by June 11, 2021. This deadline will provide the defense with ample time to determine what, if any, defense witnesses may testify at trial. This deadline will also permit the Government adequate time to review these materials and raise any appropriate objections or motions in advance of trial.
>
> - The Government would propose that the defense be required to provide disclosures pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A) and 16(b)(1)(B) by June 11, 2021, which is the same date by which the Government seeks to produce its proposed exhibit list and marked exhibits. Such reciprocal disclosure will ensure that the Government has adequate time to review the defense's proposed trial exhibits and to raise any appropriate objections in advance of trial.

In addition, the Government notes that it has already begun producing non-testifying witness statements, the bulk of which were produced on April 13, 2021. The Government will continue to produce any additional non-testifying witness statements on a rolling basis as it continues to review its files for such materials.

Finally, the Government notes that it has already produced material that it has identified as potentially exculpatory under *Brady* and its progeny. The Government is not currently aware of any additional *Brady* material in its possession, but the Government remains cognizant of its disclosure obligations and will promptly produce any such material should it come to light.

        Respectfully submitted,

        AUDREY STRAUSS
        United States Attorney

By: _____
        Maurene Comey
        Alison Moe
        Lara Pomerantz
        Andrew Rohrbach
        Assistant United States Attorneys
        Southern District of New York
        212-637-2324

Cc: All Counsel of Record (By ECF)