**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/21

April 20, 2021

**BY ECF & ELECTRONIC MAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

  **Re:**  *United States v. Ghislaine Maxwell*, **20 Cr. 330 (AJN)**

Dear Judge Nathan:

   The Government respectfully submits this letter in response to the Court's April 16, 2021 Order (Dkt. 205) regarding whether the parties seek redactions to Reply Briefs 1, 3, 5, 6, and 10 and whether the parties seek redactions to certain exhibits or seek to file certain exhibits under seal.

   The parties have conferred in accordance with the Court's April 16, 2021 Order. The parties do not seek any redactions as to Reply Briefs 1 and 5 and, accordingly, the defense will file those reply briefs on the public docket.

   As to Exhibit A to Reply Brief 1, the Government respectfully submits that the exhibit should be filed entirely under seal in order to protect the privacy interests of victims and third parties. The defense has indicated that it has no objection to filing Exhibit A on the public record.

   As to Reply Brief 3, the Government respectfully requests that the Court adopt the redactions the defense had originally proposed on page 3 on March 15, 2021, which are narrowly tailored to cover information implicating the personal privacy interests of victims and third parties.

The Government respectfully submits that the proposed redactions are consistent with the redactions ordered by the Court on March 18, 2021 as "the interest in protecting the safety and privacy of those individuals outweigh the presumption of access that attaches" to the document. (Dkt. 168 at 3); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (holding that the privacy interests of third parties "should weigh heavily in a court's balancing equation"). The defense has indicated that it has no objection to removing the redactions it had originally proposed on page 3. As to the remaining proposed redactions, the Government respectfully requests that the Court adopt the remaining proposed redactions, which are narrowly tailored to cover the privacy interests of third parties. The defense takes no position on the remaining proposed redactions.

As to the exhibits to Reply Brief 3, the defense submitted Exhibits M and N under seal. The Government does not object to the public filing of Exhibits M and N, but respectfully submits that the names, email addresses, and other contact information of third parties should be redacted from Exhibits M and N to protect the privacy interests of third parties. The defense has indicated that it agrees that email addresses and other contact information for third parties should be redacted pursuant to the Court's local rules. The Government respectfully submits under seal proposed redactions to Exhibits M and N for the Court's consideration.

The defense also submitted Exhibits J and O to Reply Brief 3 under seal. The Government filed Exhibits 5 and 7 to its Omnibus Memorandum of Law in Opposition to the Defendant's Pretrial Motions, which are, respectively, redacted versions of Exhibits J and O. See Dkt. 204. The Government had set forth proposed redactions to Exhibits 5 and 7 in order to protect the privacy interests of third parties (Dkt. 162), which the Court adopted on March 18, 2021 (see Dkt. 168 at 2-3). Accordingly, the Government respectfully submits that the defense should redact

Page 3

Exhibits J and O to Reply Brief 3 to reflect the redactions approved by the Court and reflected in the publicly filed versions of Exhibits 5 and 7 to the Government's opposition.  The defense has indicated that it is prepared to follow those redactions.

As to Reply Brief 6, the Government respectfully requests that the Court adopt the defense's proposed redactions, which are narrowly tailored to cover information implicating the personal privacy interests of third parties.  The proposed redactions are consistent with the proposed redactions requested by the Government on pages 158 to 159 and 163 of its opposition to the defendant's pre-trial motions, which the Court granted on March 18, 2021.  (Dkt. 168 at 1). The defense has indicated that it has no objection to removing the redactions and filing Reply Brief 6 on the public record.

As to Reply Brief 10, the Government respectfully requests that the Court adopt the redactions originally proposed by the defense, which are narrowly tailored to cover information implicating the personal privacy interests of third parties and are consistent with prior redactions in earlier briefing.  The Government respectfully submits that Exhibit A to Reply Brief 10 should be filed entirely under seal in order to protect the personal privacy interests of the third party implicated in the document.  The defense has indicated that it has no objection to removing the redactions and filing the brief and Exhibit A on the public record.

Accordingly, the Government respectfully requests that the Court adopt the redactions originally proposed by the defense to Reply Briefs 3, 6, and 10 and the redactions described above as to Exhibits J, M, N, and O to Reply Brief 3.  The Government further requests that the Court

Page 4

accept Exhibit A to Reply Brief 1 and Exhibit A to Reply Brief 10 under seal.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: ____s/_____
Maurene Comey / Alison Moe /
Lara Pomerantz / Andrew Rohrbach
Assistant United States Attorneys
Southern District of New York

Cc: All Counsel of Record (By email)

---

The Court grants the Government's proposed redaction and sealing requests.  This conclusion is guided by the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access.  *Id.* at 119–20.

The Court concludes that these are judicial documents and that the First Amendment and common law presumptions of access attach. In balancing competing considerations against the presumption of access, however, the Court finds that the specific arguments the Government has put forward in this letter, including the need to protect the privacy interests of third parties and alleged victims, favor the narrowly tailored redactions.  *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

The Government's letter does not discuss Exhibit L of Reply Brief 6.  By April 23, 2021, the parties shall either propose redactions to Exhibit L of Reply Brief 6, which was originally filed under seal, or they shall indicate to the Court that they seek no redactions and file it on ECF.

SO ORDERED.

4/22/21

SO ORDERED.
ALISON J. NATHAN, U.S.D.J.