**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/21

April 23, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

     Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter in response to the Court's Order dated April 21, 2021, which directed the Government to submit any requests for redaction of information contained in filings regarding the defense's proposed Rule 17(c) subpoena. (Dkt. No. 226). After reviewing the relevant filings, the Government seeks a limited number of redactions, which are narrowly tailored to protect the privacy interests of third parties. In particular, the Government respectfully requests that the Court permit the redaction of the names and identifying information of particular third parties referenced in the defense's response to the objections of Boies Schiller Flexner LLP ("BSF") to the defense's proposed Rule 17(c) subpoena, BSF's reply, and the April 19, 2021 joint letter addressing the redactions to those same documents. Today the Government is submitting to the Court by email its proposed redactions to those documents, which the Government respectfully requests be filed under seal.

These proposed redactions are consistent with the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although these documents are judicial documents that are subject to the common law presumption of access, the

Page 2

proposed redactions are narrowly tailored to protect the privacy interests of third parties referenced

in the documents.  These redactions are thus consistent with similar, tailored redactions permitted

by the Court in this case to protect the privacy interests of third parties.  Accordingly, the

Government respectfully requests that the Court adopt the proposed redactions.

The Government has conferred with defense counsel and counsel from BSF, both of whom

indicated that they take no position on the Government's redaction requests.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: _____

Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
Assistant United States Attorneys
Southern District of New York
212-637-2324

Cc: All Counsel of Record (By ECF)



4/23/21

SO ORDERED.
ALISON J. NATHAN, U.S.D.J.

The Court grants the Government's redaction requests.  Its conclusion is guided by the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access.  *Id.* at 119–20.

The Court concludes that these are judicial documents and that the First Amendment and common law presumptions of access attach.  But in balancing competing considerations against the presumption of access, the Court finds that the specific arguments the Government has put forward in this letter, including the need to protect the privacy interests of third parties referenced in the documents, favor the narrowly tailored redactions.  *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

The Defendant and Boies Schiller are hereby ORDERED to docket the respective documents with the Government's proposed redactions by April 23, 2021.
SO ORDERED.