

HADDON
MORGAN
FOREMAN

Haddon, Morgan and Foreman, P.C
Jeffrey S. Pagliuca

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364 FX 303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

April 22, 2021

The Hon. Alison J. Nathan
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)
    Response to Dkt. No. 227, Government's April 21, 2021 Letter re Ms. Maxwell's Motions to Suppress

Dear Judge Nathan:

We write in response to the government's letter about Ms. Maxwell's pending motions to suppress and request for evidentiary hearing (Dkt. No. 227), and this Court's order stating an intent to defer resolution of those motions and that request until after the trial on the non-perjury counts (Dkt. No. 231). Although we appreciate the need to streamline the pretrial process and the desire to efficiently resolve the pending disputes, we do not agree that the government's letter provides an adequate basis to defer resolution of Ms. Maxwell's motions. We understand the Court's desire to maintain the *status quo* relating to the defense motions, but the government's response gives Ms. Maxwell no confidence that the government shares this understanding. Indeed, the government's vague assurances are insufficient to safeguard Ms. Maxwell's constitutional rights, to guarantee the government will not benefit from its unconstitutional conduct, and to ensure that Ms. Maxwell's is not deprived of due process through the introduction and use of evidence that itself was obtained in violation of due process.

The Hon. Alison J. Nathan
April 22, 2021
Page 2

The government says that this Court need not resolve Ms. Maxwell's motions to suppress or hold an evidentiary hearing before the trial on the non-perjury counts because it "does not intend to use these materials"—*i.e.*, any of the materials subject to the suppression motions—"in its case-in-chief at the trial of the non-perjury counts in this case." (Dkt. No. 227, p 1). At the same time, the government purports to "reserve[] its right to use relevant materials from this set for any purpose permissible under the Rules of Evidence." *Id.* at 2. The government's representation is not good enough, and its reservation of rights is misplaced.

It is not enough for the government to represent that it "does not intend to use [the suppression] materials in its case-in-chief at the trial of the non-perjury counts in this case." *Id.* at 1. That's because Ms. Maxwell's motions to suppress allege violations of the due process clause, the Fourth Amendment, the Fifth Amendment, and the Second Circuit's decision in *Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir. 1979). If this Court agrees with Ms. Maxwell's arguments, not only will it suppress all 90,000-some pages of material the government improperly obtained through its *ex parte* subpoena, it will also suppress all evidence derived therefrom. *See Wong Sun v. United States*, 371 U.S. 471, 488 (1963); *United States v. Bailey*, 743 F.3d 322, 341–42 (2d Cir. 2014).

The government thus cannot avoid inquiry into its conduct simply by pledging not to use the material itself in its case-in-chief. If Ms. Maxwell is right—and an evidentiary hearing will show that she is—the government also cannot use any evidence it obtained "by exploitation of the illegality." *See Wong Sun*, 371 U.S. at 488.

What's more, "the burden of proof on [an] attenuation claim is on the government." *United States v. Ghailani*, 743 F. Supp. 2d 242, 259 (S.D.N.Y. 2010) (ordering an evidentiary hearing to put the government to its burden of proving attenuation) (citing *United States v.*

The Hon. Alison J. Nathan
April 22, 2021
Page 3

*Oguns*, 921 F.2d 442, 447 (2d Cir. 1990) ("The government bears the burden of proving that the taint [of an illegal search] has been alleviated.")). Like a *Kastigar* hearing, "the government bears 'the heavy burden of proving that all of the evidence it proposes to use was derived from legitimate independent sources.'" *See United States v. Allen*, 864 F.3d 63, 91 (2d Cir. 2017) (quoting *Kastigar v. United States*, 406 U.S. 441, 453, 461–62 (1972) (holding that use and derivative use immunity provides protection "from the use of compelled testimony, as well as evidence derived directly and indirectly therefrom," and reversing conviction for Fifth Amendment violation)). "[C]onclusory denials [of taint] are insufficient as a matter of law to sustain the prosecution's burden of proof." *Id.* at 94.

The government's April 21 letter, with its vague and conclusory assurances, thus offers no reason to postpone consideration of Ms. Maxwell's motions to suppress.

The government's purported reservation of rights is also without merit. Initially, it is not at all clear what the government means when it says it might "use relevant materials from this set for any purpose permissible under the Rules of Evidence." (Dkt. No. 227, p 2). But if the government means that it intends to use the suppression material for impeachment purposes, that is all the more reason to hold an evidentiary hearing now and to resolve Ms. Maxwell's motions before trial on the non-perjury counts.

There are at least two reasons why. First, while the constitution in certain circumstances allows the government to use unconstitutionally-obtained evidence for impeachment purposes, *e.g.*, *Harris v. New York*, 401 U.S. 222, 223–24 (1971) (statements secured in violation of *Miranda* are admissible for impeachment purposes if voluntary), the constitution forbids admission of evidence for *all purposes* if the government's conduct violated due process, *e.g.*, *New Jersey v. Portash*, 440 U.S. 450, 459 (1979) (due process

The Hon. Alison J. Nathan
April 22, 2021
Page 4

forbids the state from compelling incriminating statements from a defendant and "*any criminal trial use against a defendant of his involuntary statement is a denial of due process of law*" (emphasis in original) (quoting *Mincey v. Arizona*, 437 U.S. 385, 398 (1978)). Here, the government violated due process when it misrepresented and misled Chief Judge McMahon in an *ex parte* proceeding to circumvent the civil protective order, and it independently would violate due process for the government to be allowed to use that evidence at all, for any purpose. U.S. CONST. amend. V; *United States v. Lambus*, 897 F.3d 368, 386 (2d Cir. 2018) ("It is within the court's inherent authority to suppress evidence gathered unlawfully in order to maintain the integrity of its own proceedings. . . .").

Second, unless Ms. Maxwell knows what evidence the government can use against her, under what circumstances, and for what purpose, she cannot make a knowing and voluntary decision about whether to testify and or to assert her right to remain silent. U.S. CONST. amends. V, VI; *Rock v. Arkansas*, 483 U.S. 44, 51 (constitution guarantees a defendant the right to testify in her defense); *Brown v. Artuz*, 124 F.3d 73, 78 (2d Cir. 1997) (wavier of the right to testify must be knowing and voluntary). Ms. Maxwell's decision whether to testify is personal and fundamental. *Id.* ("[T]he decision whether to testify belongs to the defendant and may not be made for [her] by defense counsel."). And for their part, counsel cannot effectively represent Ms. Maxwell and advise her regarding the exercise of her right to testify unless they too know the legal ramification of testifying or remaining silent. *Id.* at 79 (defense counsel must "advise the defendant about the benefits and hazards of testifying and of not testifying"). These considerations necessitate resolution of Ms. Maxwell's motions to suppress before the trial on the non-perjury counts.

The Hon. Alison J. Nathan
April 22, 2021
Page 5

For these reasons, Ms. Maxwell respectfully requests that this Court hold an evidentiary hearing on her motions to suppress and that it rule on the merits of her arguments before the trial on the non-perjury counts.

Respectfully submitted,

Jeffrey S. Pagliuca

CC: Counsel of Record

> The Court agrees with the position set forth in this letter that, unless the Government agrees to forgo any use of the documents subject to the motions to suppress at trial on the non-perjury counts, the Court must resolve those motions prior to that trial. The Court will resolve the motions in due course. SO ORDERED.

4/23/2021
SO ORDERED.
ALISON J. NATHAN, U.S.D.J.