# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-306-6666 • Cell
888-587-4737 • Fax

33 West 19th Street - 4th Floor
New York, New York 10011
bc@sternheimlaw.com

April 26, 2021

Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Ghislaine Maxwell*
S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

     I write to report an incident stemming from an attorney-client conference with Ghislaine Maxwell: Guards on Ms. Maxwell's security detail wrongfully seized and reviewed her confidential legal documents and then intimidated Ms. Maxwell by standing over her as she used the bathroom after threatening her with a disciplinary infraction. This incident has further compromised Ms. Maxwell's ability to prepare for trial, to confer with counsel, and to retain confidential legal documents. In addition, intimidation and humiliation by guards has further exacerbated Ms. Maxwell's feelings of insecurity due to officious power exerted upon her by guards.

     On Saturday, April 24, 2021, Leah Saffian, Esq. and I attended a pre-scheduled in-person legal conference with Ms. Maxwell in the MDC. The entire 2.5-hour conference was conducted under the constant watch of four to five guards, including a lieutenant, with a camera on a tripod focused on Ms. Maxwell and counsel while recording audio and video, and captured on surveillance cameras affixed within the visiting room. After counsel left the facility, Ms. Maxwell called me to report that her legal papers were confiscated.

     Later that day, I received an email from Sophia Papapetru, MDC legal counsel, which stated:

> *It has been brought to my attention by the staff of MDC Brooklyn that Ms. Maxwell received paperwork that was not in her possession upon entering the legal visiting area. As you are aware, the policies set forth for MDC Brooklyn legal visits do not allow for passing of any material during a legal visit. Due to our policy and procedures, the additional documents that were provided to Ms. Maxwell were confiscated. Those materials were put in an envelope and will be returned to you tomorrow upon your arrival to the institution. Please note, that you may put these documents in the legal mailbox in the lobby of the east building.*

See Exhibit A.

I emailed the following response to Ms. Papapetru:

*Your accusation is inaccurate as is the information reported to you by your staff. Nothing in Ms. Maxwell's legal papers was given to her by me or by Leah Saffian, Esq. Both Ms. Saffian and I dispute these allegations in the strongest terms. Today, Ms. Saffian and I met with Ghislaine Maxwell for a scheduled legal visit- under the gaze of 5 guards and a portable camera recording audio and video.*

*After the legal visit concluded and Ms. Saffian and I left the visiting area, guards accused Ms. Maxwell of possessing documents obtained from counsel. The guards seized confidential documents from her, including documents she had previously received in legal mail delivered to the MDC and given to her by MDC staff. After seizing "highly confidential" documents (subject to a protective order that your staff is not authorized to review) and work product, the guards began reading the documents and have not returned them to Ms. Maxwell.*

*At no time did the guards, who were assiduously watching and filming the legal conference, bring any concern to my attention, so it is quite telling that you have been contacted when counsel are told that legal staff are unavailable during the weekend.*

*No documents were given to Ms. Maxwell for her retention. Demand is hereby made for an immediate identification of the documents you claim were not in Ms. Maxwell's possession upon entering the legal visiting area in advance of the arrival of counsel, a list of all guards present during the visit, and a copy of the video recording.*

*Please immediately return the confiscated legal documents to Ms. Maxwell. They are her documents, not mine. The confiscation of these documents has deprived Ms. Maxwell of her time and seriously impaired her ability to review legal documents and prepare for an upcoming trial, adding to an already difficult situation.*

*This matter is being reported to the Court and legal action will be initiated.*

See Exhibit B.

A notice and demand to preserve items of evidence has been send to Ms. Papapetru. *See* Exhibit C.

**Confiscation and Review of Confidential Legal Documents**

In advance of previous in-person legal visits, guards have gone through Ms. Maxwell's legal papers. In a break from such protocol, the guards did not do so prior to commencement of the legal visit on Saturday.

After the legal conference and departure of counsel, the guards seized all of Ms. Maxwell's legal papers, consisting of multiple letter-sized manilla folders containing documents and a composition notebook within a Redweld folder. The guards told Ms. Maxwell they believed she improperly retained documents given to her by her attorneys and that this was a

2

very serious offense. Ms. Maxwell observed three guards going through the Redweld, reading papers and pages of the notebook, dividing papers into two stacks, and leaving the room with the papers. The lieutenant took the papers out of Ms. Maxwell's sight. Ms. Maxwell asked the guards what documents were being taken; the guards refused to respond. While Ms. Maxwell could not see with specificity which documents were seized and removed to another room, she does know that documents contained in the folders and reviewed by the guards were subject to the protective order, attorney-client privileged communication, and defense work-product.

Guards confronted Ms. Maxwell and stated in sum and substance:

*We want you to know that what you did was a very serious infraction. It was so serious that it is worthy of an incident report and a disciplinary. It has been decided this time you will receive a caution.*

**Intimidation and Humiliation Off-Camera**

After the confiscation of her papers, Ms. Maxwell requested and was given permission to use the bathroom. But unlike any other occasion, the guard team leader stood knee to knee with Ms. Maxwell while Ms. Maxwell sat on the commode in the small area containing one toilet and a sink. In addition to denying Ms. Maxwell any privacy, the guard confronted her in a confined space off-camera.

Although Ms. Maxwell was ultimately informed that she would not receive a disciplinary infraction for the incident, being falsely accused of "a very serious offense" and having a guard standing over her while she used the commode caused Ms. Maxwell to feel intimidated and humiliated.

**A Further Chill on Attorney-Client Communication, Confidentiality,
And Capacity to Prepare for Trial**

Being falsely accused of an infraction, being threatened with discipline, and having her legal papers confiscated has caused Ms. Maxwell to feel heightened insecurity under the control of her officious handlers. Further, this incident has put a chill on attorney-client communication because Ms. Maxwell no longer feels that she can bring legal materials to legal conferences. At the in-person legal conference on Sunday, Ms. Maxwell specifically chose not to bring documents that if confiscated and reviewed by MDC staff would compromise her defense. Documents seized on Saturday were given to Ms. Saffian, but it is unknown whether any seized documents were retained or copied by the MDC. The documents returned to Ms. Saffian had been sent as "legal mail" to Ms. Maxwell by other counsel sometime prior to the Saturday visit and had never been possessed by me or Ms. Saffian.

Ms. Maxwell's reaction and concerns are well-founded. The guards took undue advantage of her. If they believed that counsel had given documents to Ms. Maxwell for her retention, they should have addressed the issue in the presence of counsel. The conduct of which both Ms. Maxwell and counsel have been accused did not happen; and the conduct on the part of the guards was reprehensible.

      Ms. Maxwell no longer feels that her legal papers are safe and believes that the confidentiality required to prepare her defense for trial has been irreparably breached. She is justifiably concerned that her defense documents and their contents have been improperly reviewed and disseminated. The fact that the guards did not confront counsel but chose to confiscate legal documents after Ms. Maxwell's lawyers left the visiting area further validates her suspicion and that of her counsel.  In addition, Ms. Maxwell is fearful that she will be subject to retaliation, baseless allegations, and unwarranted and unprovoked discipline.

      Ms. Maxwell is an indicted pre-trial detainee who has asserted her right to counsel. Once the right to counsel has attached and is asserted, as is the case here, the government must honor it. This means more than that the government "cannot prevent the accused from obtaining the assistance of counsel. The Sixth Amendment also imposes on the government an affirmative obligation to respect and preserve the accused's choice to seek this assistance." *Maine v. Moulton*, 474 U.S. 159, 170–71 (1985).

      The actions by the MDC guards violated Ms. Maxwell's Sixth Amendment right to effective assistance of counsel. Without any justifiable cause they seized and inspected legal materials, failed to identify the materials seized, and withheld the materials for improper purposes. Ms. Maxwell does not know if the materials were duplicated in some fashion, *i.e.,* photocopied, scanned, or photographed. She does not know whether the MDC plans to give any of these privileged and confidential materials or the information contained therein to the prosecution or leak them to the press. And, given the prior treatment of Ms. Maxwell's HIPPA-protected medical information, these concerns are warranted.

      Ms. Maxwell requests that the Court enter an order directing that the MDC, through its legal counsel and/or warden, to provide to Ms. Maxwell's attorneys, *only*, the following information:

- the identity of the person or persons who seized the legal material;
- an inventory of the items seized;
- a statement, subject to penalty of perjury, regarding whether the materials were duplicated in any fashion; and
- whether any disciplinary or corrective action was taken against any of the offending guards.

      Very truly yours,

      BOBBI C. STERNHEIM

Encs.
cc: All counsel of record

| | | |
|---|---|---|
| From: | **Sophia Papapetru** spapapetru@bop.gov |  |
| Subject: | Legal Visit 04.24.21 | |
| Date: | April 24, 2021 at 4:07 PM | |
| To: | bcsternheim@mac.com | |
| Cc: | Nicole McFarland  nmcfarland@bop.gov | |

Good afternoon Bobbi:

It had been brought to my attention by the staff of MDC Brooklyn that Ms. Maxwell received paperwork that was not in her possession upon entering the legal visiting area.  As you are aware, the policies set forth for MDC Brooklyn legal visits do not allow for passing of any material during a legal visit.  Due to our policy and procedures, the additional documents that were provided to Ms. Maxwell were confiscated.  Those materials were put in an envelope and will be returned to you tomorrow upon your arrival to the institution. Please note, that you may put these documents in the legal mail box in the lobby of the east building.

Thank you for understanding.


Best,
Sophia

EXHIBIT A

**From:** BOBBI C STERNHEIM bcsternheim@mac.com
**Subject:** Ghislaine Maxwell 02879-509 Legal Visit 04.24.21
**Date:** April 24, 2021 at 5:37 PM
**To:** Sophia Papapetru spapapetru@bop.gov
**Cc:** Leah Saffian leahsaffian@hostednet.net, Christian Everdell CEverdell@cohengresser.com, Laura Menninger lmenninger@hmflaw.com, Jeff Pagliuca jpagliuca@hmflaw.com

Sophia-
Your accusation is inaccurate as is the information reported to you by your staff. Nothing in Ms. Maxwell 's legal papers was given to her by me or by Leah Saffian, Esq. Both Ms. Saffian and I dispute these allegations in the strongest terms.

Today, Ms. Saffian and I met with Ghislaine Maxwell for a scheduled legal visit- under the gaze of 5 guards and a portable camera recording audio and video.

After the legal visit concluded and Ms. Saffian and I left the visiting area, guards accused Ms. Maxwell of possessing documents obtained from counsel. The guards seized confidential documents from her, including documents she had previously received in legal mail delivered to the MDC and given to her by MDC staff. After seizing "highly confidential" documents (subject to a protective order that your staff is not authorized to review) and work product, the guards began reading the documents and have not returned them to Ms. Maxwell.

At no time did the guards, who were assiduously watching and filming the legal conference, bring any concern to my attention, so it is quite telling that you have been contacted when counsel are told that legal staff are unavailable during the weekend.

No documents were given to Ms.
Maxwell for her retention. Demand is hereby made for an immediate identification of the documents you claim were not in Ms. Maxwell's possession upon entering the legal visiting area in advance of the arrival of counsel, a list of all guards present during the visit, and a copy of the video recording.

Please immediately return the confiscated legal documents to Ms. Maxwell. They are her documents, not mine. The confiscation of these documents has deprived Ms. Maxwell of her time and seriously impaired her ability to review legal documents and prepare for an upcoming trial, adding to an already difficult situation.

This matter is being reported to the Court and legal action will be initiated.

Regarding tomorrow- I have recieved 15 different confirmations and cancellations regarding the scheduled visit for tomorrow, which will be attended by Ms. Saffian alone.
I am sorting through these emails to determine what time period is permitted for tomorrow's visit.
Bobbi

**BOBBI C. STERNHEIM, ESQ.**
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011

**Main:** 212-243-1100
**Cell:** 917-912-9698
**Fax:** 888-587-4737

bcsternheim@mac.com

*This message and any attached documents contain information from the Law Offices of Bobbi C. Sternheim
that may be confidential and/or privileged.
If you are not the intended recipient, you may not read, copy, distribute, or use this information.
If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.
Thank you.*

> On Apr 24, 2021, at 4:07 PM, Sophia Papapetru <spapapetru@bop.gov> wrote:
>
> Good afternoon Bobbi:
>
> It had been brought to my attention by the staff of MDC Brooklyn that Ms. Maxwell received paperwork that was not in her possession upon entering the legal visiting area. As you are aware, the policies set forth for MDC Brooklyn legal visits do not allow for passing of any material during a legal visit. Due to our policy and procedures, the additional documents that were provided to Ms. Maxwell were confiscated. Those materials were put in an envelope and will be returned to you tomorrow upon your arrival to

EXHIBIT B

the institution. Please note, that you may put these documents in the legal mail box in the lobby of the east building.

Thank you for understanding.


Best,
Sophia

# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-306-6666 • Cell
888-587-4737 • Fax

33 West 19th Street - 4th Floor
New York, New York 10011
bc@sternheimlaw.com

April 26, 2021

**VIA EMAIL AND U.S. MAIL**

Sophia Papapetru, Esq.
Legal Counsel
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232
*spapapetru@bop.gov*

### NOTICE AND DEMAND TO PRESERVE ITEMS OF EVIDENCE

### Re: Ghislaine Maxwell 02879-509

Dear Ms. Papapetru:

As counsel for Ghislaine Maxwell, 02879-054, I am notifying you, as legal counsel for the Metropolitan Detention Center, of the MDC's obligation to preserve documents and evidence related to (i) allegations made against Ms. Maxwell and her counsel regarding legal paperwork allegedly passed to Ms. Maxwell during an attorney-client conference on April 24, 2021 and (ii) the confiscation and review of Ms. Maxwell's documents by MDC staff.

As stated in my April 24th email, material relevant to this dispute includes, but is not limited to:

- Any images, data files, or video recordings of the legal conference as captured on the hand-held camera focused on Ms. Maxwell and counsel during the entirety of the legal conference.

- Any images, data files, or video recordings of the legal conference as captured on surveillance cameras focused on Ms. Maxwell and counsel during the entirety of the legal conference.

- The full names of all guards, including the lieutenant, present in the visiting room during the legal conference.

- Any written or recorded communications, whether stored in electronic, digital or paper format, obtained in connection with the incident identified above.

- A list of all documents claimed to be in Ms. Maxwell's possession upon entering the visiting room. This request includes copies of any such documents or notes regarding same.

EXHIBIT C

- A list of all documents claimed have been given to Ms. Maxwell by counsel for her retention during the legal conference.

- Any written correspondence, or recorded communications, whether stored in electronic, digital or paper format, created by the guards, staff and other employees of the MDC and BOP.

Please take adequate steps to preserve all documents and data compilations, including electronically stored information ("ESI"), copies and backups, along with any paper files maintained by the MDC relevant to this dispute. ESI should be stored and maintained in its native format.

Counsel for Ms. Maxwell will be seeking electronic data in the custody and control of the individuals and entities identified in demand letter that is relevant to this incident, including without limitation, emails and other information contained on computer systems and any electronic storage systems.

Counsel for Ms. Maxwell consider the electronic data and paper files and video recordings to be valuable and irreplaceable sources of discoverable information in this matter.

Please take all necessary steps to prevent the deletion or destruction of any electronic communications, such as emails, voice mails, or electronic files relating to the above items.

Very truly yours,

*Bobbi C. Sternheim*

BOBBI C. STERNHEIM