# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-306-6666 • Cell
888-587-4737 • Fax

33 West 19th Street - 4th Floor
New York, New York 10011
bc@sternheimlaw.com

April 29, 2021

Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/29/21
```

Re: *United States v. Ghislaine Maxwell*
S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

During oral argument of Ghislaine Maxwell's bail appeal before the Circuit, Ms. Maxwell's appellate counsel expressed concern that she was improperly deprived of sleep while detained in the MDC, an issue that has been raised in filings before this Court. In its brief denial of her appeal, the Circuit stated: "To the extent Appellant seeks relief specific to her sleeping conditions, such request should be addressed to the District Court." *See* Exhibit A. We press our concerns regarding disruption of Ms. Maxwell's sleep and the deleterious effect sleep deprivation is having on her health, well-being, and ability to prepare for and withstand trial.

Ms. Maxwell continues to be disrupted throughout the night by guards shining a flash/strobe light into her cell, claiming that her breathing must be checked. The myth that Ms. Maxwell's conditions of confinement are related to her being a suicide risk was laid to rest during the oral argument: There is nothing to support that contrived claim. In fact, Ms. Maxwell is classified with the standard CC1-Mh designation: inmate with no significant mental health care. (*See* Dkt. 159 at 3.)

Contrary to the report that Ms. Maxwell "wears an eye mask when she sleeps" (Dkt. 196 at 4), an item neither available for purchase through MDC commissary nor provided to her, she resorts to using a sock or towel to cover her eyes in an awkward attempt to shield them from disrupting illumination every 15 minutes. Last night, she was confronted by MDC staff due a visible bruise over her left eye. The "black eye" is depicted in Exhibit B. Despite 24/7 camera surveillance (except when guards elect to exert authority in an intimidating way off-camera, as they did in Saturday's bathroom incident), no guard addressed the bruise until Ms. Maxwell, who has no mirror, caught a reflection of her aching eye in the glean of a nail clipper. At that point, MDC staff confronted Ms. Maxwell regarding the source of the bruise, threatening to place her in the SHU if she did not reveal how she got it. While Ms. Maxwell is unaware of the cause of the bruise, as reported to medical and psych staff, she has grown increasingly reluctant to report information to the guards for fear of retaliation, discipline, and punitive chores. However, there is concern that the bruise may be related to the need for Ms. Maxwell to shield her eyes from the lights projected into her cell throughout the night.

The MDC routinely places inmates in the SHU if they have engaged in physical altercation with other inmates or to protect inmates who are the subject of abuse. It would be ironic if the MDC follows through with its threat to place Ms. Maxwell in the SHU: It would signal that Ms. Maxwell needs protection from the very staff so intent on protecting her, since she has no contact with anyone but staff.

As suggested by the Circuit, we ask the Court to address Ms. Maxwell's sleeping conditions by directing the MDC to cease 15-minute light surveillance of Ms. Maxwell or justify the need for the disruptive flashlight surveillance.

Very truly yours,

*Bobbi C. Sternheim*

BOBBI C. STERNHEIM

Encs.
cc: All counsel of record

---

4/29/21

*[Signature]*

SO ORDERED.
ALISON J. NATHAN, U.S.D.J.

By May 5, 2021, the Government is ORDERED to confer with MDC legal counsel and provide the Court responses to the following questions:

1. Is Ms. Maxwell being subjected to flashlight surveillance every 15 minutes at night? Or any other atypical flashlight surveillance?
2. If so, what is the basis for doing so?
3. And if so, can she be provided with appropriate eye covering?

The Government is further ORDERED to share its response with defense counsel before filing it on ECF so that defense counsel can indicate whether they believe any private medical information needs to be redacted before public filing.
SO ORDERED.