```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                            20 CR 330 (AJN)

GHISLANE MAXWELL,

                 Defendant.
------------------------------x
                                          New York, N.Y.
                                          April 23, 2021
                                          2:30 p.m.

Before:

                    HON. ALISON J. NATHAN,

                                          District Judge

                         APPEARANCES

AUDREY STRAUSS
     Acting United States Attorney for the
     Southern District of New York
MAURENE R. COMEY
ALISON G. MOE
LARA E. POMERANTZ
ANDREW ROHRBACH
   Assistant United States Attorneys

LAW OFFICES OF BOBBI C. STERNHEIM
     Attorneys for Defendant
BOBBI C. STERNHEIM
        -and-
COHEN & GRESSER LLP
     Attorneys for Defendant
CHRISTIAN R. EVERDELL
        -and-
HADDON, MORGAN AND FOREMAN, P.C.
     Attorneys for Defendant
JEFFREY S. PAGLIUCA
LAURA A. MENNINGER

ALSO PRESENT:  Special Agent Amanda Young, FBI
```

1           (In open court)
2           THE DEPUTY CLERK:  In the case of United States v.
3    Ghislane Maxwell, 20 CR 330, counsel, please state your name
4    for the record, beginning with the government.
5           MS. COMEY:  Good afternoon, your Honor.  Maurene Comey
6    for the government.  Joining me at counsel table is AUSAs
7    Alison Moe and Lara Pomerantz.  I would also note that AUSA
8    Andrew Rohrbach is in the courtroom, and so is Special Agent
9    Amanda Young of the FBI.
10          THE COURT:  Thank you, Ms. Comey, and good afternoon.
11          MS. STERNHEIM:  Good afternoon, Judge Nathan.  Bobbi
12   C. Sternheim, Jeff Pagliuca, Christian Everdell, and Laura
13   Menninger for Ghislane Maxwell, who is seated next to me in the
14   courtroom.
15          THE COURT:  Good afternoon, everyone.
16          We are here today for an arraignment on the S2
17   superseding indictment in this case.
18          I do have a few preliminary matters.  First, the
19   Southern District court has provided for broad public access to
20   this proceeding, both here in the courtroom, overflow
21   courtrooms, and access to the live audio over the phone line.
22   We have ensured access for alleged victims and their counsel as
23   well as members of Ms. Maxwell's family, and I thank everyone
24   for being here.
25          Second, as my courtroom deputy indicated, but I will

1  reiterate, federal law prohibits the recording or
2  rebroadcasting of this proceeding.  Failure to comply could
3  result in being held in contempt of court.
4          The third preliminary matter, this is our first
5  conference since Congress amended Federal Rule of Criminal
6  Procedure 5(f).  Pursuant to that amendment, I am required at
7  this conference to remind the prosecution of its obligation
8  under *Brady* v. *Maryland* and related cases to disclose to the
9  defense all information, whether admissible or not, that is
10 favorable to the defendant, material either to guilt or to
11 punishment, and known to the prosecution.  The prosecution must
12 make good-faith efforts to disclose such information to the
13 defense as soon as reasonably possible.  Failure to do so may
14 result in any number of consequences including a continuance,
15 sanctions, dismissal, or vacatur of a conviction.
16         I have entered a written order describing more fully
17 these obligations and the possible consequences of failing to
18 meet them, and I direct the prosecution to review and comply
19 with that order.
20         Ms. Comey, does the prosecution confirm that it
21 understands its obligations and either has fulfilled or will
22 fulfill them?
23         MS. COMEY:  Yes, your Honor.
24         THE COURT:  With that I'll turn to the arraignment.
25 Ms. Maxwell, have you received a copy of the S2, the

1  superseding indictment in this case?
2             THE DEFENDANT:  Yes, your Honor.
3             THE COURT:  Have you had time to review it with your
4  attorney?
5             THE DEFENDANT:  I have, your Honor.
6             THE COURT:  You have a right to have the indictment
7  read to you here in open court or you can waive the public
8  reading.  Do you waive the public reading?
9             THE DEFENDANT:  I waive the public reading.
10            THE COURT:  Ms. Sternheim, how does your client wish
11  to plead?
12            MS. STERNHEIM:  She enters a plea of not guilty.
13            THE COURT:  Thank you.
14            With that I note that we do have a number of
15  scheduling issues pending.  I have received the parties'
16  briefing on the defense's request for a continuance of the
17  trial date until either the fall or winter.  I'm considering
18  that request and gathering information.  I will provide
19  resolution as soon as I can, and I believe it is important to
20  do so quickly.
21            As I've stated, however, unless and until you hear
22  further from me, you must assume that I will request a jury
23  selection date as close to the planned July 12 date as
24  possible.
25            I have also received the parties' proposed schedules

1  for various pretrial disclosures and other pretrial matters.  I
2  am working on that, and I'll address those issues in an order
3  soon.
4             In the meantime, I see the government agreed to make
5  expert disclosures today, and the parties have agreed to dates
6  for supplemental briefing of pretrial motions based only on
7  what pertains to the S2 indictment, and I am fine with those
8  proposals, and I think that's what you need in the immediate.
9             With that, Ms. Comey, is there anything else the Court
10 can address at this time?
11            MS. COMEY:  Nothing from the government, your Honor.
12 Thank you.
13            THE COURT:  Ms. Sternheim?
14            MS. STERNHEIM:  May I have a moment?
15            THE COURT:  You may.
16            (Counsel conferring)
17            MS. STERNHEIM:  Your Honor, if I might ask that
18 Mr. Pagliuca speak on one issue concerning the schedule.
19            THE COURT:  Okay.
20            MR. PAGLIUCA:  Good afternoon.
21            THE COURT:  Good afternoon.  Just pull a little closer
22 to the mic so I can hear you.
23            MR. PAGLIUCA:  Yes, your Honor.  This only has to do
24 with what's been submitted to the Court as an agreed-upon
25 motion in limine schedule.  I want the Court to understand that

L4N3MAXC                         Arraignment

1    that agreed-upon motion in limine schedule, frankly, is
2    dependent on the various disclosure dates that the defense has
3    requested.  And I wasn't sure that that was specific enough in
4    the submission that we made.  But, we don't think it's tenable
5    to stick to the motion in limine schedule based on the
6    government's proposed disclosures.
7              THE COURT:  You're essentially seeking four weeks from
8    disclosure to briefing on in limine.
9              MR. PAGLIUCA:  Exactly.
10             THE COURT:  And the government's proposing to give you
11   two weeks.
12             MR. PAGLIUCA:  Correct.  And it's less for the
13   exhibits, because we only have, under the government's
14   proposal, three days to respond with any motions in limine to
15   exhibits.  So, that's the difference that I wanted the Court to
16   be aware of.
17             THE COURT:  I do see that.  Thank you.
18             Ms. Comey, there will undoubtedly be briefing.
19   Counsel needs time to review whatever the volume of that
20   material will be, the Court needs time to resolve the motions.
21   Is the government amenable to eight weeks for that disclosure?
22             MS. COMEY:  Your Honor, the reason we've proposed 45
23   days is because, assuming the trial goes forward on July 12 as
24   scheduled, the government wants to make sure that we have time
25   to be careful and thorough in reviewing our files and making

1  sure that our disclosures are complete and are prepared.  Given

2  the number of other items that need to be taken care of between

3  now and 45 days before trial, we proposed 45 days before trial

4  because we are confident that we can complete a thorough review

5  of voluminous files to make sure we have satisfied our

6  disclosure obligations by that date.

7            THE COURT:  If we split the difference, they're saying

8  eight weeks, you are saying six weeks.  How about seven?

9            MS. COMEY:  Your Honor, whatever your Honor directs,

10 we would certainly make our absolute best efforts.  Our

11 estimate is based on the volume of files that your Honor is

12 aware we need to review.  It is that we are confident and

13 comfortable that we can make the disclosure 45 days before

14 trial.

15           THE COURT:  I'm thinking of splitting that difference.

16 The government has a lot to review to make sure it's making

17 those disclosures fully.  Whatever the volume of that material

18 is, the defense has to have time to review it.  This schedule,

19 assuming trial stays in July, this is the schedule.  If trial

20 were to move, this is the same schedule.  So, they don't get

21 any more time to review the material, whatever happens with the

22 trial date.  And as I say, everyone should assume July.  But I

23 think, sounds like the government would be agreeable to a

24 seven-week disclosure date.

25           MS. COMEY:  May I have a moment, your Honor?

1        THE COURT:  You may.

2        (Counsel conferring)

3        MS. COMEY:  Your Honor, I would just note, given the
4   volume, we would certainly make a first production seven weeks
5   out from trial.  But as is typical in preparing for trials,
6   especially trials that involve so much material, there may be
7   rolling productions after those seven weeks.  And as is typical
8   with trials in this district, it is possible there may be
9   supplemental motions in limine after the date that the parties
10  have proposed for motions in limine in this case.

11       We would absolutely make our best efforts to meet the
12  seven-week deadline as opposed to the six-week deadline, but I
13  did want to be candid with the Court about our estimations of
14  how quickly we'll be able to complete those disclosures
15  thoroughly and carefully.

16       THE COURT:  Okay.  I mean, I'm likely to adopt the
17  seven weeks, given that, and urge the government to do what it
18  needs to do to be ready for that.  And to the extent that there
19  is some additional supplementation that has to be done after
20  that date, we can consider that.  But the government's
21  proposing six weeks.  I think we're coming to agreement on
22  seven weeks.  So, there is a lot to do for everyone, and we'll
23  get it done.

24       MS. COMEY:  Thank you, your Honor.

25       THE COURT:  Counsel, is there anything else I can

L4N3MAXC                    Arraignment

1  address at this time?
2          MS. STERNHEIM:  No, thank you.
3          MR. PAGLIUCA:  No, your Honor.  Thank you.
4          THE COURT:  We are adjourned.
5          (Adjourned)