USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/3/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ghislaine Maxwell,

                Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      The Court has received an exchange of letters that pertain to an incident that took place on April 24, 2021. Dkt. Nos. 248, 253, 254, 258, 259. Legal counsel for MDC, where Ms. Maxwell is detained pretrial, alleges that her lawyers violated Bureau of Prisons rules by providing Ms. Maxwell materials at an in-person attorney-client visit. Dkt. Nos. 254, 259. Ms. Maxwell's lawyers categorically deny the allegations and threaten separate legal action against MDC staff based on the incident and the accusation. Dkt. Nos. 253, 258. The Court intimates no views as to whether some other action or process is appropriate or proper in light of either side's allegations. This Court's obligation in this case, and any other, is to ensure that the defendant is given an opportunity to meet with her lawyers, engage in confidential attorney-client communications, and prepare for trial.

      Mindful of that obligation, the Court declines to take further action at this time. After receiving the defense's first letter motion, the Court ordered MDC legal counsel to show cause why the Court should not grant the requested relief. Dkt. No. 249. The Court then granted in part defense counsel's original request and ordered MDC legal counsel to respond to certain questions about the April 24, 2021 incident and the procedures in place to ensure the confidentiality of Ms. Maxwell's lawyer-client communications. Dkt. No. 255. Defense

counsel's current application is that this Court order MDC to turn over copies of video tapes of the in-person attorney-client visit. Dkt. No. 258. Those video tapes must be preserved in light of defense counsel's preservation letter. Dkt. No. 248, Ex. C. If Ms. Maxwell or defense counsel are entitled to view or receive copies of those materials as a matter of law, they should be provided. To the extent defense counsel is seeking entitlement to those materials from this Court, that application is denied.

The Court has ensured and will continue to ensure that Ms. Maxwell has the opportunity to meet meaningfully and confidentially with her lawyers in light of all relevant circumstances and consistent with the treatment of all other detained inmates in BOP custody. The isolated incident that took place on April 24, 2021, and the serious allegations leveled by MDC legal counsel and defense counsel in no way undermine the Court's conclusion that Ms. Maxwell and her lawyers are fully able to prepare for trial. The Court is confident that all parties recognize the importance of this going forward and in advance of the upcoming trial.

In furtherance of this, counsel for the Government are ORDERED to confer with legal counsel for MDC to ensure that Ms. Maxwell continues to have access to confidential attorney-client communications as she prepares for trial. If any additional incidents arise, defense counsel shall promptly confer with counsel for the Government regarding those incidents and seek to resolve any such issues swiftly, responsibly, reasonably, and amicably. If that fails, the parties may write to the Court jointly indicating their views, identifying and justifying any specific application being made.

SO ORDERED.

Dated: May 3, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge