USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/3/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ghislaine Maxwell,

                 Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      Last summer, the Court scheduled trial in this matter to commence on July 12, 2021. On March 29, 2021, three and a half months before trial, the Government filed an S2 Superseding Indictment. As a result of the late filing of the S2, counsel for Defendant Ghislaine Maxwell request a continuance of the trial date until either fall 2021 or January 2022.[1] The Government opposes any continuance, but requests that if one is granted it be until March of 2022. Having carefully considered the parties' respective positions, the Court GRANTS Maxwell's request for a short continuance until the fall of 2021 to allow the defense to prepare for the additional charges brought in the S2 indictment. The Court rejects Maxwell's alternative request to continue the trial date until January of 2022 and the Government's alternative proposal that the Court adjourn trial until March of 2022.

      The Court bases its decision on a number of factors. *First*, the filing of the S2 indictment has added a significant burden to the defense's preparation for trial. The new indictment alleges

---

[1] The alternative request by Maxwell resulted from a conflict among lawyers involved in both this case and a criminal matter before Judge Furman, which is discussed in defense counsel's letter. Dkt. No. 246 at 4. The Court has been informed that Judge Furman has adjourned the trial date with respect to two defendants. The Court presumes that this eliminates the September through December conflict for one of Maxwell's defense counsel. It presumably does not eliminate the conflict for one of the AUSAs involved in both cases. Dkt. No. 235 at 10 n.5.

that the conspiracies charged in Counts 1 and 3 extended to 2004 (the S1 charged through 1997), identifying a fourth alleged victim, Minor Victim-4. It also adds two new charges: Count 5 of the S2 Indictment charges Maxwell with participating in a sex trafficking conspiracy between 2001 and 2004, and Count 6 charges Maxwell with participating in the sex trafficking of a minor or aiding and abetting the same. Dkt. No. 187. These additions will require the defense to (1) review a substantial amount of discovery that is now potentially relevant as a result of the S2 Indictment; (2) re-review discovery that it had previously considered in light of the changes to the case against her; (3) conduct new investigations based on the new charges, including potential interviews of new witnesses; and (4) re-evaluate her trial preparation and strategy. *Second*, although jury trials have resumed in the district and conditions in MDC and around the country are improving, the defendant's and defense counsel's preparation efforts to date have been and to some extent continue to be hampered by the effects of the COVID-19 pandemic. As the Government indicated in explaining the delay in filing the new charges, travel constraints and other safety concerns resulting from the pandemic have slowed trial preparation and complicated the logistics of conducting investigations. *See* Dkt. No. 199 at 2. *Third*, defense counsel must balance preparing for trial with considering and preparing any supplemental pre-trial motions in response to the new charges contained in the S2 Indictment. Although the perjury counts were recently severed, the Court cannot conclude that this sufficiently offsets the additional burdens placed on the defense as a result of the new charges and expanded timeframe resulting from the S2 indictment.

      The Court is very mindful of the countervailing considerations that require that any adjournment be no longer than necessary. For one, the Defendant, whose counsel strenuously request the adjournment, is detained pre-trial. Moreover, with many lawyers on both sides of

this case, any adjournment runs the risk of precluding some attorneys from being able to participate and/or requiring them to seek adjustments to schedules in other matters. And, importantly, any victims and the public more broadly have a strong interest in trial proceeding without undue delay. It is the Court's obligation to ensure that the case proceed to that trial as expeditiously as possible, taking into account the interests of justice and all relevant circumstances. *See* 18 U.S.C. §3161(h)(7)(A); 18 U.S.C. § 3771(a)(7).

Having balanced all of the factors outlined above, the Court concludes that the interests of justice justify granting a short continuance. The Court deems an adjournment until fall 2021 to be reasonable. Such an adjournment would plainly give the defense team sufficient time to prepare for trial in light of the additional charges contained in the S2 indictment while also ensuring that the trial proceeds without undue delay. No additional delay is necessary or in the interests of justice.

The parties are hereby ORDERED to meet and confer and by May 10, 2021, they shall jointly propose a trial start date for the Court to request of the Clerk's Office (as is required by COVID protocols). The Court urges counsel to agree to the earliest possible date this fall and to seek adjustments to other schedules in order to facilitate an early fall trial start date. The parties shall also discuss and propose any adjustments necessary to the pre-trial schedule in place. Dkt. No. 250. The Government may move in the letter for any requested exclusion of time under the Speedy Trial Act.

SO ORDERED.

Dated: May 3, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge