

**Haddon, Morgan and Foreman, P.C**
**Jeffrey S. Pagliuca**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

May 3, 2021

The Hon. Alison J. Nathan
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)
     <u>Joint Letter re. defense witness disclosures, Dkt. No. 250</u>

Dear Judge Nathan:

  Pursuant to your order of April 26, 2021, Dkt. No. 250, the respective positions of the

parties regarding the timing of any defense Fed. R. Crim. P. 26.2 disclosures are set forth below.

### **<u>Ms. Maxwell's Position</u>**

  Ms. Maxwell does not agree with the government's proposal that she submit witness

statements pursuant to Federal Rule of Criminal Procedure 26.2 at least four weeks in advance of

trial.  No statute or rule requires disclosure of *either* non-expert witness lists or Rule 26.2

material in advance of trial. Furthermore, the defense has not been given any specific dates

related to any alleged illegal activity nor has the government disclosed the actual identity of any

alleged victim or witness. Accordingly, it is impossible to identify any affirmative witness who

might, for example, place Ms. Maxwell in a different location at a specific date and time. Until

the government completes the presentation of its evidence at trial, the defendant will not be able

to identify definitively witnesses that may be relevant or necessary. A court order for pretrial

The Hon. Alison J. Nathan
May 3, 2021
Page 2

disclosure of merely prospective witnesses would infringe upon Ms. Maxwell's Fifth and Sixth

Amendment rights because it would force Ms. Maxwell to reveal potential defense strategies.

However, in the spirit of cooperation and to avoid any unnecessary trial delay, the

defense proposes that to the extent there are any non-public Rule 26.2 witness statements in the

defense possession (not already in the possession of the government) such statements be

produced to the government after (1) the government closes its evidence and (2) the conclusion

of the argument on the first defense Rule 29(a) motion.[1]

I.      **Rule 26.2 Does Not Mandate Advance Disclosure of Statements of Prospective
        Defense Witnesses.**

Rule 26.2(a) provides:

> After a witness other than the defendant has testified on direct examination, the
> court, on motion of a party who did not call the witness, must order an attorney
> for the government or the defendant and the defendant's attorney to produce, for
> the examination and use of the moving party, any statement of the witness that is
> in their possession and that relates to the subject matter of the witness's
> testimony.

Fed. R. Crim. P. 26.2(a). The requirements of Rule 26.2 "essentially track those of the Jencks

Act." *United States v. Scotti*, 47 F.3d 1237, 1249 (2d Cir. 1995). The Rule provides that the

defense, like the prosecution, must produce witness statements. *See* Fed. R. Crim. P.

---

[1] Ms. Maxwell understands that the Court has ordered that "The Defendant's Rule
16(b)(1)(A) and 16(b)(1)(B) disclosures and witness list are due three weeks before the trial
commencement date." *See* Dkt. No. 250. Fed. R. Crim. P. 16(b)(1)(A) applies to documents and
objects that the defendant intends to use in the defendant's case-in-chief at trial. Fed. R. Crim. P.
16(b)(1)(B) applies to reports of examinations or tests and witnesses who prepared any report or
examination if the defense intends to call the witness at trial during the defendant's case-in-chief.
At this stage of the proceeding Ms. Maxwell continues to review the evidence and witness
materials recently provided by the government and has not identified any documents, tests, or
witnesses that would fall into these categories.

The Hon. Alison J. Nathan
May 3, 2021
Page 3

26.2(f) Advisory Committee's Note, 1979 Addition.  However, like the Jencks Act, the Rule

requires disclosure of witness statements only *after* a witness has testified on direct examination.

Fed. R. Crim. P. 26.2(a); *see also Scotti*, 47 F.3d at 1250 ("The plain language of

both Rule 26.2 and 18 U.S.C. § 3500(a) shows that the discovery procedure therein outlined

applies only to statements that must be produced after a witness testifies[.]") (internal quotation

omitted)); *United States v. Felt*, 502 F. Supp. 71, 74 (D.D.C. 1980) ("access is to be permitted

after the defense witness has testified on direct examination"). A district court therefore lacks

authority to order early disclosure statements of prospective defense witnesses.

Due to their similarities, federal courts look to decisions interpreting 18 U.S.C. § 3500 in

order to interpret Rule 26.2.  The Second Circuit has long maintained that "the Jencks Act

prohibits a District Court from ordering the pretrial disclosure of witness statements." *United

States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001). *See also In re U.S.*, 834 F.2d 283, 286 (2d

Cir. 1987); *United States v. Percevault*, 490 F.2d 126, 132 (2d Cir. 1974) ("the trial judge is

prevented by the Jencks Act from ordering pretrial disclosure of statements made by a

prospective government witness over the government's objection"). *Cf. United States v. Benson*,

20 F.R.D. 602, 605 (S.D.N.Y. 1957) (holding that *Jencks v. United States*, 353 U.S. 657 (1953)

does not apply until "a witness is called to the witness stand").

Because the court cannot compel the government to provide early Jencks Act or Rule

26.2 disclosures to the defense – and the defense is not entitled to it by virtue of statute – it

necessarily follows that the court cannot compel the same material from the defense. *See

Wardius v. Oregon*, 412 U.S. 470, 475–76 (1973). A district court can only "encourage" the

practice of early disclosure. *See Percevault*, 490 F.2d at 132.

The Hon. Alison J. Nathan
May 3, 2021
Page 4

## II.     The Defense Does Not – and Need Not - Yet Intend to Call Any Particular Witness.

Unlike Rule 16(b)(1), the Jencks Act and Rule 26.2 do not obligate the defense to

reciprocate the government's early disclosures with early disclosures of its own. If the

government discloses Jencks Act material early, the defense is not obligated to act in kind. *See*

*United States v. Martin*, No. CR 07-1205 (A) CBM, 2009 WL 453195, at *2 (C.D. Cal. Feb. 20,

2009) (denying government's motion to compel reciprocal Jencks Act discovery from defense).

There is good reason for not mandating such reciprocity: the government and the defendant are

not similarly situated.

Ms. Maxwell has the right to a presumption of innocence.  *Estelle v. Williams*, 425 U.S.

501, 503 (1976). The burden to prove guilt is high, and it is entirely the government's to bear.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a

reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re*

*Winship*, 397 U.S. 358, 364 (1970). In result, the defense is not obligated in any way to put on

evidence at trial, including witnesses. Nevertheless, Ms. Maxwell has rights to a present a

defense and to compulsory process of witnesses. U.S. CONST. amend. VI; *Washington v. Texas*,

388 U.S. 14, 18 (1967).

Because all defense witnesses are prospective, defense considerations regarding trial

strategy with respect to these decisions are protected by attorney-client privilege and the work

product doctrine. "Although the work-product doctrine most frequently is asserted as a bar to

discovery in civil litigation, its role in assuring the proper functioning of the criminal justice

system is even more vital." *United States v. Nobles*, 422 U.S. 225, 238 (1975). *See also*

*Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("Government violates the right to effective

The Hon. Alison J. Nathan
May 3, 2021
Page 5

assistance when it interferes in certain ways with the ability of counsel to make independent

decisions about how to conduct the defense.").

If the court were to act outside its statutory authority and compel defense counsel to

disclose defense material prematurely, then Ms. Maxwell's Fifth and Sixth Amendment rights

would be endangered.  While the aims of judicial economy and efficiency may be served by

ordering the defense to disclose prospective witnesses, such policy goals, however laudable,

cannot trump fundamental liberties. "In the administration of criminal justice, courts must

carefully guard against dilution of the principle that guilt is to be established by probative

evidence and beyond a reasonable doubt."  *Estelle*, 425 U.S. at 503.


III.    **Procedural Rules Aside, the Government Must Timely Disclose Any *Brady* and *Giglio* Material.**

*Brady* and its progeny impose upon the government broad duties of disclosure. *See Brady*

*v. Maryland*, 373 U.S. 83, 87 (1963) ("the suppression by the prosecution of evidence favorable

to an accused upon request violates due process where the evidence is material either to guilt or

to punishment"); *United States v. Bagley*, 473 U.S. 667, 682 (1985) (defining materiality);

*Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) (same); *Giglio v. United States*, 405 U.S. 150,

154 (1972) (government has duty to disclose material affecting reliability of government

witnesses).

The court's authority, or lack thereof, to order disclosures under Rules 16 and 26.2 does

not affect the defendant's right to *Brady* material.  "It is, of course, a fundamental axiom of

American law, rooted in our history as a people and requiring no citations to authority, that the

requirements of the Constitution prevail over a statute in the event of a conflict." *Coppa*, 267

The Hon. Alison J. Nathan
May 3, 2021
Page 6

F.3d at 145–46. Nor do the procedural and statutory rules affect the defense's right to *Brady*

information prior to trial. *See* Docket No. 68 ("The Government shall disclose [*Brady*]

information to the defense promptly after its existence becomes known to the Government so

that the defense may make effective use of the information in the preparation of its case.");

*accord* Fed. R. Crim. P. 5(f); *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007) ("the

Government must make disclosures in sufficient time that the defendant will have a reasonable

opportunity to act upon the information efficaciously").

      In sum, Ms. Maxwell will be able to identify any relevant defense witnesses and exhibits

that she may need to introduce in a defense case only after the government concludes the

presentation of its evidence at trial. Evidence may, or may not, be necessary after the government

concludes its case-in-chief. Ms. Maxwell's proposal is reasonable and will avoid any

unnecessary trial delays because it is unlikely that any Rule 26.2 statements not already in the

possession of the government, if they exist, will be voluminous or complicated.

### <u>Government's Position</u>

      Consistent with the position set forth in its April 21, 2021 letter to the Court, the

Government proposes that defense counsel provide a proposed witness list and witness

statements pursuant to Federal Rule of Criminal Procedure 26.1 four weeks in advance of trial.

Such a production schedule would be consistent with the Government's agreement to provide

Jencks Act material seven weeks in advance of trial, which is significantly before the

Government is obligated to produce such material under the relevant statute.  Production in

advance of trial will also ensure adequate time for the Government to file any relevant motions

and to prepare any rebuttal case as appropriate.  The defense proposal to delay production of

The Hon. Alison J. Nathan
May 3, 2021
Page 7

these materials until after the Government has rested allows no time for the Government to

prepare any rebuttal case or to raise any relevant motions.  The defense proposal also runs

contrary to the Court's setting of a schedule that allows the parties to resolve any disputes in

advance of trial.

Respectfully submitted,

Jeffrey S. Pagliuca

CC: Counsel of Record