

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 10, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter in response to the Court's Order dated May 3, 2021, which directed the parties to meet and confer and jointly propose a trial start date. (Dkt. No. 266). The parties have met and conferred in accordance with the Order. Although both parties seek a trial date in November, the parties have not reached agreement on the particular start date in that month.

    The Government respectfully requests that the trial start on November 29, 2021. The Government understands that the earliest defense counsel can begin the trial is November 8, 2021 and that is defense counsel's preferred trial start date. Defense counsel has indicated that it would consider starting on November 15, 2021 as an accommodation to the Government, but no later. Defense counsel has informed the Government that they are available through the end of 2021.[1]

---

[1] Defense counsel has informed the Government that one of the defendant's attorneys has a civil trial scheduled for December 13, 2021, but indicated that the attorney will request that the trial date be moved.

The Government respectfully requests that the new trial date be scheduled for November 29, 2021, which is only three weeks after the date requested by defense counsel and more than a month *earlier* than the January 2022 date previously requested by defense counsel. AUSA Pomerantz intends to make arrangements so that she will be available to begin trial on that date. AUSA Comey also intends to make arrangements such that she will be able to participate in the trial if it begins on November 29, 2021 or later; however, she is unable to participate in a trial that begins before November 29, 2021. The Government has also contacted several of the witnesses it intends to call at trial and understands that they are available to begin on the Government's proposed date of November 29, 2021. The Government notes that one of the minor victims identified in the S2 Indictment is also available to testify at trial if it is scheduled to begin on November 29, 2021 or later, but would likely be unavailable to testify between October 1, 2021 and Thanksgiving.[2]

The Government respectfully submits that a trial date of November 29, 2021 is in the interests of justice because it would permit all of the undersigned prosecutors to participate in the trial, thereby ensuring continuity of counsel. In particular, AUSA Comey has been assigned to this investigation for multiple years and has taken the lead on discovery and the review of investigative files created and maintained by other offices and agencies (*see* Dkt. No. 63, 190). In light of the Court's opinion in *United States v. Nejad*, 487 F. Supp. 3d 206, 213-14 (S.D.N.Y. 2020), noting concerns regarding the continuity of Government counsel particularly with respect to discovery and disclosure issues, the Government respectfully submits that is in the interests of

---

[2] Based on the nature of the witness's conflict, to the extent the Court schedules trial for the beginning of November, the Government expects that the witness would still be able to testify, but would need to do so at the end of the case, out of order.

justice for trial to commence on November 29, 2021. *See also* 18 U.S.C. § 3161(h)(7)(B)(iv) (listing continuity of Government counsel as one factor to consider when evaluating a request for a continuance); *see also United States v. Jones*, 18-42-cr, 2021 WL 727837, at *2 (2d Cir. Feb. 25, 2021) (finding that the district court "considered the unavailability of the prosecutor when granting the continuance, as it was entitled to do under the Speedy Trial Act" and "reasonably conclud[ed] that a small delay was justified" in "balanc[ing] the need for a speedy trial with the efficiencies of continuity of counsel"). Given the complexities in this case, including a large volume of discovery, complex litigation history, years of investigation, and significant time invested with victim-witnesses, continuity of Government counsel at trial is a particularly compelling interest here. The Government respectfully submits that a trial before November 29, 2021 would be prejudicial to the Government and the interests of justice.[3] The Government respectfully submits that the Government's proposed trial date—which is only three weeks after the date requested by the defense—is reasonable in light of the interests described above and where defense counsel originally requested a continuance of trial to November 8, 2021 contingent upon the re-scheduling of a conflicting trial and alternatively requested a trial date of January 10, 2022.[4] (Dkt. No. 246).

Additionally, the Government respectfully proposes the following adjustment to the pre-trial schedule in place. The parties previously agreed, and the Court ordered, that the Government

---

[3] The Government understands that the Court will request a trial commencement date from the Southern District of New York's Assignment Committee. If the Committee were to assign a trial date prior to November 29, 2021, the Government respectfully proposes that jury selection through jury questionnaires be commenced on that date, but opening statements and the presentation of evidence not begin until November 29, 2021.

[4] The Government notes that the difference between the two proposed dates is further minimized because the week of November 22, 2021 includes the Thanksgiving holiday and thus is a shortened week.

Page 4

would provide the defense with the identities of the victims eight weeks before trial, on May 17, 2021, assuming trial were to begin as scheduled on July 12, 2021. (Dkt. No. 229, 250). If the Court were to schedule trial to begin on November 29, 2021, in order to address the three-week adjournment that the Government is seeking, the Government would intend to provide the defense with the identities of the victims referenced in the S2 Indictment eleven weeks before trial. The Government understands that the defense objects to the Government's proposal and requests that the information be provided on May 17, 2021, which would be approximately six months in advance of trial.

      Finally, the Government respectfully requests that the Court exclude time under the Speedy Trial Act through the date on which trial will proceed on Counts One through Six of Indictment S2 20 Cr. 330 (AJN). The exclusion of time is warranted for multiple reasons, including: to permit the defense to continue to review discovery and other materials in light of the superseding indictment, including materials related to non-testifying witnesses and the Government's expert witness; to permit the parties to prepare and file motions *in limine*; to permit the parties to make and review additional pretrial disclosures, including proposed exhibits, proposed witness lists, and witness statements; and to allow adequate time for the parties to prepare for trial. Accordingly, the Government respectfully submits that the exclusion of time is in the interests of justice pursuant to 18 U.S.C. § 3161(h)(7). The Government has consulted with defense counsel, who consents to the exclusion of time, but only through November 8, 2021. In view of the defendant's previous proposal of a January 2022 trial date, however, the Government respectfully submits that exclusion of time through November 29, 2021 is warranted here and consistent with the factors set forth in the Speedy Trial Act. For the reasons noted above, the Government respectfully submits that the

exclusion of time beyond November 8, 2021 is warranted to ensure continuity of Government counsel pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

                                                 Respectfully submitted,

                                                 AUDREY STRAUSS
                                                 United States Attorney

                                  By:     s/                             
                                               Maurene Comey / Alison Moe
                                               Lara Pomerantz / Andrew Rohrbach
                                               Assistant United States Attorneys
                                               Southern District of New York

Cc:     Defense counsel (by ECF)