# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-306-6666 • Cell
888-587-4737 • Fax

33 West 19th Street - 4th Floor
New York, New York 10011
bc@sternheimlaw.com

May 10, 2021

Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Ghislaine Maxwell*
S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

We write in response to the government's May 10, 2021 letter to the Court regarding the trial start date. This Court ordered that the parties meet and confer regarding a trial start date and to "agree to the earliest possible trial date this fall and to seek adjustments to other schedules in order to facilitate an early fall trial start date." (Dkt. 266 at 3). Defense counsel attempted to confer with the government in good faith to find a mutually acceptable date. We sent several emails to counsel stating our reliance on our April 22d submission (Dkt. 246) where we specified our conflicts and the justification for our request. By contrast, and despite our requests for clarification, the government failed to provide any details to justify its request to delay the trial start to November 29, 2021. Instead, the government filed a lengthy submission to the Court, complete with case law citations, at 8:12 p.m., a few hours before the deadline for the "joint letter." Moreover, the government also audaciously seeks by way of their joint letter regarding the trial date to re-litigate the schedule this Court has already crafted after hearing from the parties both on submissions and in person, without even the courtesy of a motion for reconsideration on that schedule.

For the reasons previously detailed in our April 22d letter to the Court, defense counsel's earliest possible – and preferred – trial start date is November 8th. As the Court is aware, Judge Furman moved my October 4th trial to March, clearing the way for this trial to start on November

8th. Ms. Maxwell's other trial counsel are committed to un-moveable trials in September and October. We have provided all the details concerning those conflicts and sought, as the Court directed, to move other conflicting dates. Considering Ms. Maxwell's extended period of detention, and its deleterious effect on her health and well-being, we cannot agree to a date far beyond November 8th.

In response to our efforts to meet and confer, the only date the government offered was November 29th. When asked to explain with details similar to those conveyed by defense counsel, the government replied at 6:00 p.m. this evening simply that November 29th was necessary to provide "continuity of counsel and the potential unavailability of a trial witness." The government failed to disclose *which* counsel needed to continue on the case, nor the "potential unavailability" of *which* trial witness. There was no meaningful conferral. Previously, of course, the government took the position that its accusers wanted the soonest possible trial date.

The government's requests to defer the trial from November 8th to a November 29th start date rest on faulty premises. First, they contend, "continuity of counsel" is needed so that *one* of the four assigned Assistant U.S. Attorneys can be available to try this case. In the initial stages of our review of the 20,000 plus pages of non-testifying witness statements, is clear that two of the other assigned AUSAs have been involved from the very beginning of this investigation and have actively participated in all of the interviews together. They were joined as often as not by yet a fourth AUSA who previously was assigned to this case and who still works in their office. Notably the government does not claim that the three remaining assistants are unfamiliar with the facts or law of the case, nor that they are not competent trial counsel.

*Second*, the government points to a "potential" conflict of one witness who reportedly is unavailable (for unknown reasons) for nearly two months — all of October through to

Thanksgiving. The government does not explain why this witness is unavailable, and then they note, in a footnote, that the witness actually would be available to testify towards the end of the government's case. In essence, that is less a "conflict" than a requirement that the government put on its case in a different order. It is also bitterly ironic that the government had been pushing for the earliest possible trial date to protect the victims' interests, but now seeks to postpone it to keep the trial team together and to put its witnesses on in a preferred order.

By contrast, pushing the trial to the end of November will have a severe and irreparable impact on Ms. Maxwell's defense. First, she will be detained longer. Second, the estimated four weeks for the government's case will result in Ms. Maxwell's defense being pressed to conclude before the holidays or worse, extending the case into the new year, which the Court already concluded was unwarranted delay. While the government may complete its case-in-chief before Christmas, the defense will not. This will cast defense counsel and the defense case in a negative light as jurors impatiently wait for the trial to conclude before Christmas, which it won't. Third, starting on the Monday after Thanksgiving will pose impediments to the potential jury pool – many of whom will hopefully be able to travel to see family for the first time since before COVID -- and will disrupt travel plans for counsel and our families. Fourth, Ms. Maxwell's witnesses who will be traveling from various locations will be forced to book uncertain travel plans in the days leading up to – or after -- the holiday season.

To accommodate the government's vaguely articulated scheduling issues, we informed government counsel that we would consider starting on November 15, but no later.

We firmly request that the Court set the trial to start on November 8th to ensure that the trial will conclude before Christmas.

3

LAW OFFICES OF BOBBI C. STERNHEIM

Because the government has not requested leave to re-litigate the pretrial schedule this Court previously ordered, we ask that the portion of the government's letter be stricken. Alternatively, we seek 48 hours to file a response.

Very truly yours,

*Bobbi C. Sternheim*
BOBBI C. STERNHEIM

cc: Counsel for all parties