```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/14/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ghislaine Maxwell,

                  Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      On April 29, 2021, counsel for Ghislaine Maxwell wrote to the Court requesting that the Court address her sleeping conditions, with particular emphasis on counsel's representation, unsupported by affidavit or other factual showing, that guards are shining a flashlight in Maxwell's eyes every 15 minutes at night. Dkt. No. 256. Defense counsel claims that the flashlight surveillance in Maxwell's eyes is disrupting her sleep, which in turn is impacting her ability to prepare for and withstand trial. The Court sought more information by ordering the Government to confer with legal counsel for the Bureau of Prisons and to respond to certain questions. Dkt. No. 257. In response, the Government states that MDC staff conduct flashlight checks of all inmates as a matter of course. Dkt. No. 270. As reported by the Government, inmates housed with cell mates in the Special Housing Unit are checked with flashlights every 30 minutes. Inmates housed with others in the general population are checked multiple times per night at regular intervals. The Government further reports that to conduct the checks, flashlights are pointed at the ceiling of the cell to confirm that the inmate is present, breathing, and not in distress. As the Government explains, there are a number of neutral reasons why BOP's flashlight checks of Maxwell are relatively more frequent than those of other inmates, including that Maxwell is housed alone, the nature of the charges, and the potential stress for inmates that

can arise in high-profile cases. The MDC has determined that these factors necessitate more frequent safety and security checks. The Government also indicates that the prohibition on eye masks is a generally applicable policy, but that Maxwell, like other inmates, may use other non-contraband items to cover her eyes.

To the extent that Maxwell's April 29, 2021 letter asks the Court to override BOP's determination as to the frequency of appropriate safety and security check procedures, that request is denied as factually unsubstantiated and legally unsupported. Certainly nothing in the record plausibly establishes that current protocols interfere with Maxwell's ability to prepare for her trial and communicate with her lawyers. Defense counsel's May 7, 2021 letter, Dkt. No. 272, describes generalized grievances but makes no additional specific and supported application for relief. Nevertheless, the Court urges the MDC to consider whether sleep disruption for pre-trial detainees can be reduced. The Court also admonishes the MDC and the Government to continue to ensure that Maxwell is subjected to only those security protocols that BOP determines are necessary for her safety and security, based upon neutral and applicable factors, and consistent with the treatment of similarly situated pre-trial detainees.

The Government shall provide a copy of this Order to the Warden and General Counsel for the MDC.

SO ORDERED.

Dated: May 14, 2021
      New York, New York

ALISON J. NATHAN
United States District Judge