UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
:
UNITED STATES OF AMERICA, :
:
      v. :    20 Cr. 330 (AJN)
:
GHISLAINE MAXWELL, :
:
          Defendant. :
:
:
--------------------------------------------------------x

## REPLY MEMORANDUM OF GHISLAINE MAXWELL
## IN SUPPORT OF MOTION TO STRIKE SURPLUSAGE
## FROM SUPERSEDING INDICTMENT

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New
York, NY 10022
Phone: 212-957-7600

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## **TABLE OF CONTENTS**

                                                       **Page**

I.  The Allegations Regarding Accuser-3 Are Irrelevant to the Alleged Conspiracies. .......... 2

II.  The Allegations Regarding Accuser-3 Are Unduly Prejudicial to Ms. Maxwell. .............. 6

III. At Minimum, the Government Must Demonstrate the Admissibility of Evidence Regarding Accuser-3 Pursuant to Fed. R. Evid. 404(b). .................................................... 9

CONCLUSION ................................................................................................................................ 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Esquivel-Quintana v. Sessions,*
   137 S.Ct. 1562 (2017) .................................................................................................. 6

*United States v. DeFabritus,*
   605 F. Supp. 1538 (S.D.N.Y. 1985) ............................................................................ 8

*United States v. Greebel,*
   No. 15-cr-637 (KAM), 2017 WL 3610570 (E.D.N.Y. Aug. 4, 2017) ........................ 8

*United States v. Hitt,*
   249 F.3d 1010 (D.C. Cir. 2001) .................................................................................. 4

*United States v. Hsia,*
   24 F. Supp. 2d 14 (D.D.C. 1998) ................................................................................ 5

*United States v. Scarpa,*
   913 F.2d 993 (2d Cir. 1990) ........................................................................................ 8

*United States v. Sharpe,*
   438 F.3d 1257 (11th Cir. 2006) .................................................................................. 4

**Statutes**

18 U.S.C. § 2422(a) ........................................................................................................ 1, 2

18 U.S.C. § 2423(a) ........................................................................................................ 1, 2

**Rules**

Fed. R. Evid. 404(b) ....................................................................................................... 2, 9

**Other Authorities**

"Sexual abuse," Merriam-Webster.com Legal Dictionary, Merriam-Webster,
   https://www.merriam-webster.com/legal/sexual%20abuse, accessed 11 Mar. 2021. ................ 6

Ghislaine Maxwell respectfully submits this Reply Memorandum in Support of her Motion to Strike Surplusage from the Indictment ("Motion").

In its opposition ("Opp.") to Ms. Maxwell's Motion, the government concedes it cannot charge Ms. Maxwell with a substantive offense against Accuser-3[1] under either 18 U.S.C. § 2422(a) or 18 U.S.C. § 2423(a). It concedes that any such charge as to Accuser-3 would be time-barred. (Opp. 164). It concedes that it cannot show that either Ms. Maxwell or Jeffrey Epstein ever engaged, or sought to engage, in unlawful sexual activity with Accuser-3, who at all relevant times was above the legal age of consent in England, where all alleged activity as to Accuser-3 occurred. (Opp. 162 n.57.) And it concedes that it cannot establish that either Ms. Maxwell or Epstein ever caused, or sought to cause, Accuser-3 to travel while she was a minor. (Opp. 163 n.58.)

Yet the government argues that Ms. Maxwell and Epstein's alleged lawful interactions with Accuser-3 were somehow "part of" and "in furtherance of" a conspiracy to entice or cause underage girls to travel to engage in unlawful sexual activity with Epstein. Opp. 161, 163. The government's argument defies logic. The government does not and cannot explain how purported lawful, consensual sexual activity in England was part of an alleged conspiracy to cause minors to travel in the United States. Its eleventh-hour effort to salvage its allegations regarding Accuser-3 by proffering evidence that she ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—evidence that the grand jury did not include in the Superseding Indictment ("Indictment") —does not establish the relevance of those allegations, given the government's inability to show that Accuser-3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

---

[1] Accuser-3 is identified in the Superseding Indictment as "Minor Victim-3." Similarly, the individuals identified in the Superseding Indictment as "Minor Victim-1" and "Minor Victim-2" are referred to herein as Accuser-1 and Accuser-2, respectively.

Even more incomprehensible is the government's argument that the allegations regarding Accuser-3 are not prejudicial. The government concedes that it has characterized Accuser-3's lawful, consensual sexual encounters with Epstein as "sexual[] abuse[]," based solely on Accuser-3's "subjective experience" of those encounters. By characterizing those encounters as "sexual[] abuse[]," the government has falsely accused Ms. Maxwell of a crime that it now admits she did not commit, improperly broadening the charges against her by implying that she participated in the sexual abuse of three minors rather than two. The allegations as to Accuser-3 are thus irrelevant and prejudicial and should be stricken. At minimum, the allegation that Ms. Maxwell was complicit in the purported sexual abuse of Accuser-3 should be stricken.

Finally, the government effectively concedes that the admissibility of evidence regarding Accuser-3 must be litigated under Fed. R. Evid. 404(b). While the government's effort to establish the admissibility of such evidence in its opposition suffers from the same infirmities as its inclusion of the allegations regarding Accuser-3 in the Indictment, Ms. Maxwell will respond to the government's admissibility arguments more fully at the appropriate time.

**I.       The Allegations Regarding Accuser-3 Are Irrelevant to the Alleged Conspiracies.**

The Indictment alleges that Ms. Maxwell conspired with Epstein to (i) violate 18 U.S.C. § 2422(a), with the objective of enticing one or more individuals to travel in interstate and foreign commerce for the purpose of engaging in unlawful sexual activity (Indictment ¶¶ 9-10); and (ii) violate 18 U.S.C. § 2423(a), with the objective of transporting an individual under age 18 with the intent that the individual engage in unlawful sexual activity (*Id*. ¶¶ 15-16). As an overt act in furtherance of these conspiracies, the government alleges that Ms. Maxwell "encouraged [Accuser-3] to provide massages to Epstein in London, England, knowing that Epstein intended to *sexually abuse* [Accuser-3] during those massages." *Id.* ¶¶ 11d, 17d (emphasis added). The Indictment further alleges that Epstein "sexually abused" Accuser-3. *Id.* ¶ 7c.

2

The government does not and cannot dispute that Accuser-3 was above the legal age of consent in England at all relevant times, and that it cannot establish that Accuser-3's alleged sexual encounters with Epstein were anything other than consensual and lawful. Nor can the government dispute that the Indictment does not contain a single allegation that Ms. Maxwell, Epstein, or anyone else ever transported Accuser-3 or enticed her to travel—let alone with the intent that she engage in unlawful sexual activity. The Indictment offers no conceivable scenario in which Ms. Maxwell's alleged encouragement of Accuser-3 to engage in lawful sexual activity with Epstein in England "furthered" an alleged conspiracy to cause minors to travel for the purpose of engaging in *unlawful* sexual activity.

The government's argument that Ms. Maxwell and Epstein's alleged interactions with Accuser-3 were "part of" such a conspiracy uses bizarre logic. *See* Opp. 161. The government does not claim that any alleged interactions between Ms. Maxwell or Epstein and Accuser-3 in any way caused, or attempted to cause, *any* minor to travel, let alone for the purpose of the minor's involvement in unlawful sexual activity. Instead, the government argues that because it has alleged that Ms. Maxwell "groomed" two *other* minor individuals who traveled and engaged in illegal sex acts with Epstein, it somehow "follows" that encouraging an individual of legal age to engage in entirely lawful sexual activity with Epstein—unaccompanied by any alleged travel or intended travel—was "part of" conspiracies to cause underage individuals to travel. Opp. 161.

Apparently recognizing the tenuous connection between its allegations regarding Accuser-3 and the alleged conspiracies, the government attempts to bolster its allegations after the fact by proffering Accuser-3's testimony that she ███████████████████████ ████████████████████████████ To the extent that it is appropriate for the Court to

3

consider such a proffer in the context of a motion to strike,[2] the proffered testimony, even if credited, adds nothing to the analysis. By the government's own admission, Accuser-3 will not testify, and the government cannot prove, that Accuser-3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, even if Accuser-3 testifies in accordance with the proffer, the government will be unable to establish that she was transported or enticed to travel for the purpose of engaging in unlawful sexual activity.[4]

The government argues that it "does not matter" whether Accuser-3 was an adult when invited to travel (Opp. 162), because even evidence that she was invited to travel *as an adult* would be "probative" of Ms. Maxwell's "intent, in her initial interactions with [Accuser-3], to entice [Accuser-3] to travel and be transported for the purpose of engaging in sexual acts." Opp. 163. But there is nothing unlawful about "entic[ing]" an adult to "travel and be transported for the purpose of engaging in sexual acts" if those acts themselves are entirely lawful. Nor does Ms. Maxwell's alleged role in Accuser-3's purported lawful sexual activity with Epstein in England, while Accuser-3 was allegedly under age 18, evince an intent to entice Accuser-3 to travel before she turned 18.

---

[2] In addressing the sufficiency of allegations in the similar context of a motion to dismiss, courts have recognized that they are limited to consideration of the language of the indictment. *See, e.g., United States v. Sharpe,* 438 F.3d 1257, 1263 (11th Cir. 2006) ("a district court is limited to reviewing the *face* of the indictment") (emphasis in original); *United States v. Hitt,* 249 F.3d 1010, 1016 (D.C. Cir. 2001) ("Adherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictments returned by the grand jury.").

[3] The government concedes that it cannot establish that Accuser-3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp. 163 n.58 (admitting that Accuser-3 is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ).

[4] It bears mention that Accuser-3's proffered testimony appears to be uncorroborated by documentary evidence. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4

The government also improperly stretches the scope of the alleged conspiracies in a failing attempt to make its allegations regarding Accuser-3 fit within those charges. For example, the government asserts that Ms. Maxwell's alleged role in purported lawful sexual activity involving Epstein and Accuser-3 in England is "evidence of the defendant's agreements with Epstein to identify minor girls to entice and transport for purposes of illegal sex acts." (Opp. 162.) But the Indictment does not allege that Ms. Maxwell conspired with Epstein to "entice" minor girls to commit illegal sex acts, let alone to "identify minor girls" for such an enticement. Nor could it, since mere "enticement" to commit illegal sex acts is insufficient to establish a Mann Act violation. The alleged conspiracies were conspiracies to entice or cause minors to *travel* for purposes of engaging in illegal sex acts, and the Indictment does not allege that Accuser-3 ever traveled or engaged in illegal sex acts.

The government commits a similar Freudian slip in its attempt to distinguish *United States v. Hsia,* 24 F. Supp. 2d 14 (D.D.C. 1998), when it states that "the allegations regarding [Accuser-3] involve conduct that falls within the heartland of the conspiracy: grooming a minor girl to engage in sex acts with Jeffrey Epstein." Opp. 164 n.59. The "heartland of the conspiracy" is actual or contemplated *interstate travel* of minor girls to engage in *unlawful* sexual acts with Epstein, which the government cannot establish with respect to Accuser-3. The government's opposition repeatedly treats interstate travel, the linchpin of federal court jurisdiction over the alleged conduct and the necessary object of the conspiracies alleged, as a throwaway element of its case.

In short, neither the allegations regarding Accuser-3 nor the government's proffer establish an intent that Accuser-3 (i) engage in "illegal sex acts" or (ii) travel while a minor. The

5

government's allegations regarding Accuser-3 are thus not in furtherance of, and are irrelevant to, any alleged conspiracy to cause minors to travel to engage in unlawful sex acts.

**II.     The Allegations Regarding Accuser-3 Are Unduly Prejudicial to Ms. Maxwell.**

The government now concedes that when it alleges that Epstein "sexually abused" Accuser-3 with Ms. Maxwell's knowledge and assistance, the purported "sexual abuse" to which the government refers was entirely lawful conduct—and that the sole basis for the government's characterization of that lawful conduct as "sexual abuse" was Accuser-3's "subjective experience" of consensual sex acts.  Opp. 162 n.57.  Such a characterization is, to say the least, grossly misleading.  As the government argued in a 2017 Supreme Court case, the term "sexual abuse" implies a crime.  *See Esquivel-Quintana v. Sessions,* 137 S.Ct. 1562, 1569 (2017) ("'Sexual abuse of a minor,' the Government accordingly contends, '*most naturally connotes* conduct that (1) is *illegal*, (2) involves sexual activity, and (3) is directed at a person younger than 18 years old.'") (quoting government's brief) (emphases added).  Merriam-Webster's legal dictionary defines "sexual abuse" as (i) "the infliction of sexual contact upon a person by forcible compulsion," (ii) "engaging in sexual contact with a person who is below a specified age or who is incapable of giving consent because of age or mental or physical incapacity," or (iii) "the crime of engaging in or inflicting sexual abuse."  "Sexual abuse," Merriam-Webster.com Legal Dictionary, Merriam-Webster, https://www.merriam-webster.com/legal/sexual%20abuse, accessed 11 Mar. 2021.

Although the government concedes its inability to establish that Accuser-3's alleged interactions with Ms. Maxwell and Epstein were anything other than consensual and lawful, it insists that it has "accurately" characterized those allegations and that "it is neither misleading nor prejudicial to imply that this activity involved illegal conduct."  Opp. 165.  The government's rationale is baseless and untenable:  Since the government has alleged that lawful

6

conduct involving Accuser-3 was an overt act in furtherance of a conspiracy, it argues that it is entitled to imply that the conduct itself was unlawful. The obvious flaws in this logic are at least threefold. *First,* the Indictment does not merely imply that the alleged conduct involving Accuser-3 was unlawful; it specifically and falsely characterizes the conduct as "sexual[] abuse[]." *Second,* as the government points out repeatedly, an overt act in furtherance of a conspiracy need not itself be unlawful. *See, e.g.,* Opp. 161 ("It is axiomatic that a conspiracy does not require a completed substantive crime."). And *third,* the government's reasoning is circular: It argues simultaneously that Accuser-3's lawful sexual encounters with Epstein demonstrate the existence of a conspiracy, and that the existence of a conspiracy makes those sexual encounters unlawful.

Since the government concedes that Epstein's alleged sexual contact with Accuser-3 was consensual and lawful, and that Accuser-3 was above the legal age of consent, the government's allegation that Ms. Maxwell was complicit in the "sexual[] abuse[]" of Accuser-3 amounts to a knowingly false accusation that she committed a crime. It is hard to conceive of a more inflammatory or prejudicial allegation.

Also troubling is the government's statement that Accuser-3 will testify to her "subjective experience" of her admittedly lawful sexual encounters with Epstein "as traumatic, exploitative, and abusive." *See* Opp. 162 n.57 (emphasis added). To the extent that evidence regarding Accuser-3's involvement in lawful sexual activity in England while she was above the age of legal consent has any relevance whatsoever to an alleged conspiracy to cause underage girls to travel in the United States to engage in illegal sex acts, that relevance certainly does not encompass Accuser-3's "subjective experience" of her lawful, consensual encounters. The government's intention to present such testimony further demonstrates that Accuser-3's function

in this case is not to provide evidence probative of any alleged conspiracy to cause underage girls to travel, but rather to prejudice the jury by creating a cumulative impression of Ms. Maxwell as a serial "abuser."

Finally, the government's argument that its allegations regarding Accuser-3 are "no more inflammatory or prejudicial than those describing the experiences of [Accuser-1] and [Accuser-2]" has no legal basis. Because this Motion does not challenge the relevance of the government's allegations regarding Accuser-1 and Accuser-2, the inflammatory and prejudicial nature of those allegations alone would not provide a basis to strike them. *See United States v. Scarpa,* 913 F.2d 993, 1013 (2d Cir. 1990) (noting that if evidence of allegation is relevant, allegation may not be stricken regardless of how prejudicial it is). However, the government's suggestion that Ms. Maxwell is not prejudiced by the inclusion of false, irrelevant allegations that Ms. Maxwell was complicit in a crime against Accuser-3 is contrary to case law striking allegations that broaden the charges against a defendant. *See, e.g., United States v. Greebel,* No. 15-cr-637 (KAM), 2017 WL 3610570, at *2 (E.D.N.Y. Aug. 4, 2017) ("An unsupported . . . allegation that Mr. Greebel was involved in orchestrating all four schemes [instead of the two with which he was charged] broadens the actual charges against him, and creates a significant risk of jury confusion and prejudice."); *United States v. DeFabritus,* 605 F. Supp. 1538, 1547 (S.D.N.Y. 1985) (striking "among other things" language as prejudicial where it "would lead the jury to draw improper inferences regarding other crimes not charged in the indictment").

The government's allegation that Ms. Maxwell was complicit in the "sexual abuse" of Accuser-3 is both untrue and highly prejudicial. The government is simply trying to bolster a weak case by including irrelevant, prejudicial allegations from a third accuser that have no bearing on the charged crimes. The allegations regarding Accuser-3 should be stricken.

8

**III.     At Minimum, the Government Must Demonstrate the Admissibility of Evidence Regarding Accuser-3 Pursuant to Fed. R. Evid. 404(b).**

The government apparently does not dispute its obligation to demonstrate the admissibility of Accuser-3's testimony as "other act" evidence under Fed. R. Evid. 404(b). Litigation of the admissibility of this evidence is premature, and Ms. Maxwell reserves the right to challenge it at the appropriate juncture. Ms. Maxwell notes, however, that the government's argument that such evidence is admissible under Fed. R. Evid. 404(b) suffers from the same flaws as its argument that Ms. Maxwell's interactions regarding Accuser-3 constitute an overt act.

The government claims Accuser-3's testimony is admissible to show Ms. Maxwell's "knowledge, intent, and *modus operandi*." Opp. 158 (emphasis in original). The government's very use of those terms, however, betrays an implication that Ms. Maxwell's interactions with Accuser-3 were somehow unlawful. Any knowledge or intent on Ms. Maxwell's part that Epstein would engage in consensual sexual activity with Accuser-3, or any method by which she purportedly persuaded Accuser-3 to engage in such lawful conduct, has no bearing on whether Ms. Maxwell knew or intended Accuser-1 or Accuser-2 to engage in *unlawful* sexual activity. And Accuser-3's proffered testimony about her "subjective experience" of her lawful, consensual activity with Epstein certainly would not inform the jury as to *Ms. Maxwell's* state of mind or conduct with respect to Accuser-1 or Accuser-2. Ms. Maxwell is prepared to brief these issues more fully in connection with her evidentiary motions.

## CONCLUSION

For the foregoing reasons, Ms. Maxwell respectfully requests that the Court strike all references to Accuser-3 from Paragraph 7 of the indictment, and that the Court strike Paragraphs 7c, 11d, and 17d in their entirety.

Dated: March 15, 2021
      New York, New York

Respectfully submitted,

*/s/ Christian R. Everdell*
Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, Colorado 80203
Phone: 303-831-7364

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
33 West 19th Street - 4th Floor
New York, NY 10011
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 15, 2021, I served by email, pursuant Rule 2(B) of the Court's individual practices in criminal cases, the within memorandum and any accompanying exhibits upon the following:

Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Maurene.comey@usdoj.gov
Alison.moe@usdoj.gov
Lara.Pomerantz@usdoj.gov
Andrew.Rohrbach@usdoj.gov

                                            */s/ Christian Everdell*