

**Haddon, Morgan and Foreman,** P.C
**Jeffrey S. Pagliuca**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364   FX  303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

May 21, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Reply to Government Letter dated May 14 Regarding Proposed Redactions to Ms. Maxwell's May 12, 2021 Letter (DE 283),
*United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

On May 14, 2021, the government requested that Exhibits A and B to Ms. Maxwell's May 12, 2021 Letter Response to the Government's Letters dated May 4, and May 6, 2021 regarding F.R. Crim. P. 17(c) subpoena remain sealed. Ms. Maxwell respectfully disagrees, for the following reasons:

Exhibit A, a journal entry, was produced to Ms. Maxwell by Accuser-2 in civil discovery. The document production was not subject to any protective order and this exhibit was not produced to Ms. Maxwell by the government. As detailed in Ms. Maxwell's Response to the Government's Letters dated May 4, and May 6, 2021 regarding F.R. Crim. P. 17(c) subpoena, Accuser-2 has publicly discussed her journal, generally, and this entry specifically. Exhibit B appears to be a different copy of Exhibit A.

The government has offered no reason why either Exhibit should remain sealed. The Exhibits are "judicial documents" presumptively subject to the public access rights under both

The Honorable Alison J. Nathan
May 21, 2021
Page 2

the common law and First Amendment. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006); *Brown v. Maxwell,* 929 F.3d 41, 49 (2d Cir. 2019). Ms. Maxwell also specifically asserts her right to an open and public trial pursuant to the Sixth Amendment. *Press-Enterprise Co. v. Superior Court (Press-Enterprise II),* 478 U.S. 1, 7 (1986).

Respectfully Submitted,

Jeffrey S. Pagliuca

CC: Counsel of Record (via ECF)