

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 21, 2021

**BY ECF**
The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

**Re: *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)**

Dear Judge Nathan:

The parties respectfully submit this joint letter in response to the Court's Order dated May 11, 2021, which directed the parties to meet and confer for at least 30 minutes by phone regarding the overall pretrial disclosure schedule. (Dkt. No. 277). The parties met and conferred for approximately 80 minutes by telephone on this topic. Although the parties have agreed upon a schedule for some pretrial matters, the parties have not reached complete agreement on a full schedule. Accordingly, the parties set forth below the proposed dates on which the parties agree, the Government's proposal, and the defendant's proposal.

The parties agree on the following proposed dates:

- The parties shall simultaneously file any motions *in limine* by October 18, 2021, or 6 weeks in advance of trial. The parties shall simultaneously file any responses to motions *in limine* by November 1, 2021, or 4 weeks in advance of trial. The parties will endeavor to have all motions fully briefed 4 weeks before trial in accordance with the Court's Order. The parties respectfully note that, as is the case in preparing for any trial, to the extent additional issues arise that require briefing, the parties will promptly bring such issues to the Court's attention.

- The parties shall simultaneously file proposed jury questionnaires and proposed *voir dire* 3 weeks in advance of jury selection, or by October 25, 2021.
- The parties shall simultaneously file requests to charge and proposed verdict sheets by November 8, 2021, or 3 weeks in advance of trial.

The parties have been unable to reach agreement regarding the remaining pretrial dates.

**Government's Position**

For the reasons set forth below, the Government respectfully requests that the Court set the remaining schedule consistent with the Government's proposals. In particular, the Government makes the following proposals:

Identities of the Victims

The Government will provide the defense with the identities of the victims referenced in the S2 Indictment by September 13, 2021, or 11 weeks in advance of trial. The Government understands that the defense requests that the Government disclose the identities of the victims immediately. The Government notes that the parties previously agreed, and the Court ordered, that the Government would provide the defense with the identities of the victims 8 weeks before trial, on May 17, 2021, assuming trial were to begin as scheduled on July 12, 2021. (Dkt. No. 229, 250). The Government's proposal would provide the defense with the victims' identities substantially in advance of trial. *See, e.g.*, *United States v. Kee*, No. 98 Cr. 778 (DLC), 2000 WL 760096, at *1-*2 n.2 (S.D.N.Y. June 12, 2000) (requiring Government to disclose identities of victims approximately 45 days in advance of trial).

The Government's Proposed Witness List, *Giglio* Material, Jencks Act Material, and Rule 404(b) Notice

The Government is prepared—consistent with the Court's April 26, 2021 Order (Dkt. No. 250)—to produce a proposed witness list, *Giglio* material, Jencks Act material, and notice pursuant

to Federal Rule of Evidence 404(b) by October 11, 2021, or 7 weeks in advance of trial. These materials will include testifying witness statements, which themselves will also include any co-conspirator statements about which witnesses may testify at trial. This deadline, which is far in advance of when such disclosures are ordinarily made in this District, will provide the defense with ample time to review these materials and prepare for trial. The proposed deadline for notice under Federal Rule of Evidence 404(b) will provide the defense with ample time to review the disclosure and file any appropriate motions.

The defense has requested that the Government disclose *Giglio* and Jencks Act material 9 weeks in advance of trial, arguing that these materials are necessary for the preparation of motions *in limine.* The Government respectfully notes that this proffered reason does not justify even earlier disclosure of the material, particularly in light of the routine practice in this District to brief motions *in limine* well in advance of disclosure of *Giglio* and Jencks Act material.[1] Instead, the Government is prepared to provide the defense with such material 7 weeks in advance of trial, which is significantly earlier than in most cases and consistent with the common practice in this District—even for trials held during the pandemic—as well as the Court's April 26, 2021 Order.[2]

---

[1] *See, e.g.*, *United States v. Silver*, 15 Cr. 93 (month-long bribery trial; 3500 material and Government exhibits produced approximately three weeks before trial (one week after motions *in limine*)); *United States v. Levin*, 15 Cr. 101 (two defendant, three-plus week fraud trial; 3500 material produced two weeks before trial (three weeks after motions *in limine*; *reciprocal* exhibit lists exchanged six weeks before trial); *United States v. Skelos*, 15 Cr. 317 (two defendant, month-long bribery trial; 3500 material and Government exhibits produced approximately one month before trial (one week prior to motions *in limine*)); *United States v. Ulbricht*, 14 Cr. 68 (three week cybercrime and narcotics trial; 3500 material produced one week before trial (more than three weeks after motions *in limine*)).

[2] The Government respectfully notes that the law is clear in this Circuit that the Government is under no obligation under the Jencks Act, 18 U.S.C. § 3500 *et seq.*, to produce prior statements of its witnesses until after each witness has testified on direct examination. Courts in this Circuit have consistently held that the district courts lack the power to mandate early production of Jencks material. *See, e.g.*, *United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001) (the "Jencks Act

*See, e.g.*, *United States v. Kaufman*, 19 Cr. 504 (LAK), Dkt. No. 175 (S.D.N.Y. Feb. 22, 2021) (ordering Government disclosure of Jencks Act and *Giglio* material 2 weeks before trial); *United States v. Cole*, 19 Cr. 869 (ER), Dkt. No. 23 (S.D.N.Y. Feb. 18, 2020) (ordering disclosure of Jencks Act and *Giglio* material 4 weeks before trial); *see also United States v. Dupigny*, 18 Cr. 528 (JMF) (Government turned over Jencks Act material to the defense approximately one week before the original trial date in sex trafficking case); *United States v. Jones*, 16 Cr. 553 (AJN) (Government turned over Jencks Act material approximately one week before trial); *United States v. Lebedev*, 15 Cr. 769 (AJN) (Government turned over Jencks Act material approximately 2 weeks before scheduled trial date); *United States v. Corley*, 13 Cr. 48 (RPP) (AJN) (Dkt. Entry, Oct. 10, 2013) (Government turned over Jencks Act material less than one week before trial of defendant charged with sex trafficking of a minor and possession of child pornography).

The Government is unaware of any case of comparable complexity and scope in which such an early deadline has been set for witness-related disclosures, and the defense has cited none. Indeed, even in complex white-collar cases in this District that involve far more complicated fact patterns than this case, the Government often provides 3500 material two weeks prior to trial, and, if the defendants agree to reasonable stipulations, four weeks before trial. *See, e.g., United States*

---

prohibits a District Court from ordering the pretrial disclosure of witness statements."); *In re United States*, 834 F.2d 283, 287 (2d Cir. 1987). The Government recognizes that *Giglio v. United States*, 405 U.S. 150 (1972), requires disclosure of any materials that might be used to impeach key witnesses "in sufficient time that the defendant will have a reasonable opportunity to act upon the information efficaciously." *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007). In this District, the time which is considered to allow for effective use of the material is typically measured in days or, at most, weeks, before trial. *See, e.g.*, *United States v. Underwood*, No. 04 Cr. 424 (RWS), 2005 WL 927012, at *3 (S.D.N.Y. Apr. 21, 2005) (Government ordered to produce *Giglio* material two business days before trial); *United States v. Green*, No. 04 CR. 424 (RWS), 2004 WL 2985361, at *3 (S.D.N.Y. Dec. 23, 2004) (noting "the widely accepted practice in this district of producing impeachment material when [the Government] provides prior statements of a witness pursuant to 18 U.S.C. § 3500," and ordering production of *Giglio* material by Friday before trial unless materials are voluminous).

*v. Cole*, 19 Cr. 869 (ER), Dkt. No. 23 (S.D.N.Y. Feb. 18, 2020) (contemplating 3500 material four weeks before trial in complex accounting fraud case); *United States v. Carton*, 17 Cr. 680 (CM), Dkt. No. 66 (S.D.N.Y. July 10, 2018) (3500 material one month before securities fraud trial). The defense's request for yet earlier disclosure is unfounded and reflects a significant—and unwarranted—departure from the practices in this District.

Consistent with the Government's previously stated position (Dkt. No. 204 at 192), it is entirely appropriate for defense counsel to receive notice of any co-conspirator statements through Jencks Act materials and marked exhibits. This is because the Government only intends to introduce co-conspirator statements either through the testimony of witnesses, which will be previewed in the Jencks Act material, or in the exhibits, which will be marked before trial. As the Government has previously noted, the Second Circuit has rejected the notion that non-exculpatory co-conspirator statements are discoverable by Rule 16 or by any other means other than the Jencks Act. *See In re U.S.*, 834 F.2d 283, 284-87 (2d Cir. 1987) (issuing a writ of mandamus reversing District Court's order directing the Government "to produce all oral statements made by the defendants and coconspirators that the Government planned to offer at trial as admissions of a defendant" under Fed. R. Evid. 801). The cases cited by the defense all involved orders granting bills of particulars requiring the Government to provide a list of all alleged coconspirators. They did not involve orders directing separate notice of coconspirator statements that the Government may introduce at trial. Indeed, the Government is unaware of any case in which such particularized notice distinct from the production of Jencks Act and marked exhibits has been ordered, and the defense cites none. This Court has already denied the defendant's motion for a bill of particulars for Counts One through Four (*see* Dkt. No. 207 at 19), and the Government has separately submitted its opposition to the defendant's supplemental motion for a bill of particulars.

Government's Proposed Exhibit List and Marked Exhibits

The Government is prepared to provide the defense with its proposed exhibit list and marked exhibits by October 25, 2021, or 5 weeks in advance of trial. This deadline will allow the defense adequate time to review and raise objections to any Government exhibits.

Defense Disclosures

The Government proposes that the defense be required to provide expert witness disclosures pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C) by October 4, 2021, or 8 weeks in advance of trial. This deadline will give the defendant ample time to determine what, if any, expert testimony she may seek to offer. The defense—who has had the Government's expert notice since April 23, 2021—seeks to provide expert notice 4 weeks in advance of trial, or by November 1, 2021, but such a belated disclosure would not allow adequate time in advance of trial to brief any motions regarding the admissibility of such testimony, much less by the Court's deadline. *See, e.g.*, *United States v. Rajaratnam*, No. S2 09 Cr. 1184 (RJH), 2011 WL 723530, at *3, *5 (S.D.N.Y. Feb. 25, 2011) (reasoning that "the purpose of reciprocal expert disclosures is to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."; "Specifically, under Rule 16, a defendant's obligation to make expert disclosures does not turn on whether the government will call a certain witness or prove certain overt acts in furtherance of a conspiracy—disclosures mentioned nowhere in the Rule—but on whether the government has made its own expert disclosures.") (internal quotations and citations omitted); *see also United States v. Jasper*, No. 00 Cr. 825 (PKL), 2003 WL 223212, at *4 (S.D.N.Y. Jan. 21, 2003) (disagreeing with the defense's claim that the Government's request for reciprocal discovery and summaries of expert testimony was

"premature" because the defense had not yet decided whether to call the expert and explaining that "[a]llowing [the] defendant to defer the provision of such discovery until a final determination regarding whether or not [to] put an expert witness on the stand would seem to frustrate" the goal of allowing the Government a fair opportunity to prepare). The Government further notes that the defense's proposed disclosure date would not provide sufficient time for the Government to locate a rebuttal expert if appropriate or to provide notice of that rebuttal expert to the defense. Because experts are typically not available on a matter of weeks' notice, it cannot be the case that the defense will wait to review Jencks Act materials before contacting and retaining experts; there is no basis for delaying disclosure of this information to the Government, particularly given the delay this will cause to resolving any potential *Daubert* issues before trial.

In addition, the Government proposes that the defense provide a proposed witness list and witness statements, pursuant to Federal Rule of Criminal Procedure 26.2, and disclosures pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A) and 16(b)(1)(B) by November 1, 2021, or 4 weeks in advance of trial. This deadline will provide the defense with ample time to determine what, if any, defense witnesses may testify at trial. This deadline will also permit the Government adequate time to review these materials and raise any appropriate objections or motions in advance of trial.

**Defendant's Position**

Ms. Maxwell respectfully proposes the following pretrial disclosure schedule:

- **May 24** – government discloses identities of alleged victims.
- **Sept. 27** (9 weeks before trial) – government discloses Jencks Act/3500 material, *Giglio* material, Rule 404(b) evidence and notice, the government's witness list, any co-conspirator statements it intends to introduce at trial, and

the identity of any unindicted co-conspirator.

- **Oct. 11** (7 weeks before trial) – government discloses exhibit list.
- **Oct. 18** (6 weeks before trial) – simultaneous filing of motions *in limine.*[3]
- **Oct. 25** (5 weeks before trial; 3 weeks before jury selection) – simultaneous filing of proposed jury questionnaire and voir dire.
- **Nov. 1** (4 weeks before trial) –responses to motions *in limine*.
- **Nov. 1** (4 weeks before trial) – defense expert witness disclosure.
- **Nov. 8** (3 weeks before trial) – simultaneous filing of requests to charge and verdict sheet.
- **At the close of the government's case-in-chief** – defense discloses Rule 16(b)(1)(A) and 16(b)(1)(B) materials, defense witness list and Rule 26.2 statements.

Ms. Maxwell hereby states, in accordance with the Court's directive (Dkt. 277), her points of disagreement with the government's proposed schedule.

**Identities of Accusers**

The government offers no justification for continuing to withhold defense counsel, subject to the protective order, the identities of the alleged victims in this case, so that the defense can adequately prepare for trial. The government has never argued that Ms. Maxwell presents a safety risk to these witnesses. Any privacy concerns are already diminished in light

---

[3] The defense reserves the right to file additional motions *in limine* at a later time after a thorough review of the Jencks Act material and the government's exhibits. The government previously has indicated to counsel that the Jencks Act materials total in the "low thousands" of pages. In addition, the defense anticipates that many evidentiary issues cannot be decided prior to the presentation of evidence and will necessarily be raised in the context of a particular witness's testimony.

of the fact that some accusers have spoken publicly about this case. The government's principal justification for withholding their identities until September 13 is that earlier disclosure would be inconsistent with the "practice" of the office. This is not a sufficient reason to withhold this information where any investigation of these accusers has to take place under the onerous conditions of COVID.

**Defendant's Proposal for Disclosure of Jencks Act/3500 and *Giglio* Material, Rule 404(b) Evidence and Notice, and Government Witness and Exhibit Lists**

The defense believes that shifting the deadlines up two weeks for motions *in limine* to be fully briefed four weeks prior to trial (Dkt. 277) necessitates a concomitant two week advancement of the dates for the government to produce Jencks Act/3500 and *Giglio* material, Rule 404(b) evidence and notice, and the government's witness and exhibit lists.

The government's proposal allows only *one week* for the defense to review thousands of pages of 3500 material before filing motions *in limine*, and the government proposes disclosing its exhibit and witness lists one week *after* the *in limine* deadline. As discussed at the April 23d arraignment, the defense needs sufficient time in advance of the *in limine* deadline to review the materials and draft the appropriate motions.[4] The government's proposed process will frustrate the Court's aim of having *in limine* issues briefed four weeks in advance of trial to the extent possible.

The cases cited by the government in which disclosures were made closer to trial are wholly inapposite. In each of the cited cases, charges were filed nearly contemporaneously with the alleged crimes. *Cole* (indictment of 2 year conspiracy charged 4 years later); *Dupigny*

[4] It bears repeating that two of Ms. Maxwell's counsel will be in other trials from September 13 through October 22, *i.e.,* the entire time between disclosure of the Jencks Act material and the *in limine* filing deadlines, further hampering efforts to efficiently review and develop any legal briefing on issues presented by the materials.

(2 year conspiracy charged the following year); *Jones* (1 year conspiracy charged the same year); *Lebedev* (2 year conspiracy charged in the second year); *Corley* (2 year conspiracy charged in January of the following year). None involved, as this one does, allegations of a *10-year* conspiracy charged 25 years later. None involved accusers who were located in at least one foreign country, possibly more, for whom investigation will have to occur during the midst of pandemic. The cases do not involve the same "length" or complexity of this one.

**Co-Conspirator Identities and Statements**

Regarding co-conspirator identities and statements, the government backtracked on its previous representations to counsel and the Court. Ms. Maxwell sought early disclosure of both in her pretrial motions (Dkt. 148 at 13-14), and the government promised it would give "notice of any co-conspirator statements that the Government may seek to introduce through witness statements" sufficiently in advance of trial to permit objections by the defense. (Dkt. 204 at 192) The Court agreed. (Dkt. 207 at 30-31). During recent conferrals on the schedule, however, the government made clear its intent to imbed any co-conspirator statements in the bulk of its Jencks/3500 material rather than separately disclose either the identity of any purported unindicted co-conspirator or their anticipated testimony. The government also stated for the first time its intent to identify any unindicted co-conspirator documentary statements (e.g., emails between Epstein and any number of thousands of persons) only when it produces its exhibit list, one week *after* the *in limine* filing deadline. Neither government proposal will allow Ms. Maxwell to raise appropriate objections to the materials sufficiently in advance of trial, nor promote briefing during the *in limine* motions. Indeed, the government fails to explain how Ms. Maxwell *can* object *in limine* to exhibits containing purported co-

conspirator statements when they are not produced until after the *in limine* deadline has passed.

District judges in this Circuit routinely order the government to disclose the identities of alleged co-conspirators in advance of trial to offset the "risk of surprise to the defendant," especially if "there are a large number of co-conspirators and a long-running conspiracy." *See, e.g., United States v. Akhavan,* S3 20-cr-188 (JSR), 2020 WL 2555333 at *2 (S.D.N.Y. May 24, 2020).[5] In *Akhavan,* involving only a three-year conspiracy, Judge Rakoff determined the "complex series of events over a number of years" warranted a bill of particulars disclosing the names of the alleged co-conspirators. *See also United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998). Unlike *Akhavan,* here the government has made no showing that disclosure of the names of unindicted co-conspirators would jeopardize its ongoing investigation into events that happened a quarter of a century ago.

The defense anticipates interposing significant objections to introduction of any purported co-conspirator statements (whether through witness testimony or documentary evidence) at trial and needs to litigate their admissibility before trial. Given that motions *in limine* need to be fully briefed at least four weeks before trial, we request that the government identify any co-conspirator's names and statements (whether via witness testimony or

[5] *See also United States v. Pinto-Thomaz*, 352 F.Supp.3d 287, 301-02 (S.D.N.Y. 2018) (government made no showing of risk to continued investigation, ordering disclosure of identity of any unindicted co-conspirator); *United States v. Bin Laden*, 92 F. Supp. 2d 225, 241 (S.D.N.Y. 2000), *aff'd sub nom. In re Terrorist Bombings of U.S. Embassies in E. Afr.,* 552 F.3d 93 (2d Cir. 2008) ("conspiracies alleged here were quite long-running (nearly ten years, and allegedly ongoing) and involved a large number of co-conspirators (at least 20 individuals)….We are sympathetic, therefore, with the magnitude of defense counsel's burden in trying to decipher the identities of alleged co-conspirators. A bill of particulars revealing the names of all persons whom the Government will claim at trial were unindicted co-conspirators might, therefore, be necessary to prevent prejudicial surprise at trial.").

documentary evidence) at the same time as it discloses /3500 material.

**Defense Expert Disclosures**

The government's proposal that Ms. Maxwell disclose any expert testimony eight weeks in advance of trial, prior even to the prosecution's disclosure of the 3500/Jencks Act materials or government exhibits, puts the proverbial cart before the horse. All proposed opinion testimony must be "relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 597 (1993). To be reliable, the proposed expert must have, *inter alia*, "applied the principles and methods reliably *to the facts of the case*." *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007) (emphasis supplied, citations omitted). Any defense expert that relates to the testimony of the accusers or 404(b) witnesses cannot possibly be disclosed before Ms. Maxwell has even been provided access to that testimony.

To illustrate the point, one need look only at the government's expert disclosure. The proposed testimony for the government's expert, although purportedly not based on a review of the facts of this case, nevertheless appears to have been crafted by the government with full knowledge of the accusers' specific allegations. For example, the government proffers that their expert will testify that "minor victims … may not identify themselves as victims of abuse while it is ongoing, and may not recognize the consequences of that abuse until adulthood." Clearly, the accusers must have represented facts to support these contentions or else there would be no grounds to admit this "blind" expert opinion testimony. Ms. Maxwell cannot be expected to hire experts and divine what would be relevant to this case before she is provided the statements by these accusers, whose credibility will be the central question for the jury in this case.

The Court originally ordered the defense expert disclosures four weeks before trial and

three weeks after receipt of the witness statements. Ms. Maxwell requests the same deadline.

**Defense Disclosures Pursuant to Rules 16 and 26.2 and Defense Witness List**

Regarding the defense Rule 16 disclosures and witness lists, Ms. Maxwell proposes to produce those at the close of the government's case. As she explained in connection with Rule 26.2 disclosures (Jt. Letter of May 3, 2021), gaining access to Ms. Maxwell's witness list and exhibits prior to trial gives an advantage to the government to the detriment of the defense. A recent decision by the Colorado Supreme Court is instructive. Finding that the state equivalent of Rule 16, like its federal counterpart, does not authorize pretrial disclosure of defendant's exhibits, the court also concluded that such disclosure "arguably infringes on [the defendant's] constitutional rights," by "helping the prosecution meet its burden of proof," "tip[s] his hand vis-à-vis his investigation and theory of defense," and "in effect, forces [him] to share with the prosecution his trial strategy – i.e., how he plans to defend against the charges against him." *People v. Kilgore*, 455 P.3d 746, 751 (Colo. 2020). "Put differently, the [pretrial] disclosure requirement rests on shaky constitutional ground because it improperly risks lessening the prosecution's burden of proof." *Id.* Ms. Maxwell asserts that any order compelling pretrial disclosure of her witnesses or exhibits violates the due process clause of the U.S. Constitution. When the defense determines that it will put forth a case-in-chief, it will provide the name of witnesses and exhibits it intends to introduce.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: __s/____________________________
Maurene Comey / Alison Moe
Lara Pomerantz / Andrew Rohrbach
Assistant United States Attorneys
Southern District of New York