# Exhibit B

# COMPOSITE EXHIBIT A

# NON-PROSECUTION AGREEMENT AND ADDENDUM

IN RE:
INVESTIGATION OF
JEFFREY EPSTEIN
_____/

## NON-PROSECUTION AGREEMENT

IT APPEARING that the City of Palm Beach Police Department and the State Attorney's Office for the 15th Judicial Circuit in and for Palm Beach County (hereinafter, the "State Attorney's Office") have conducted an investigation into the conduct of Jeffrey Epstein (hereinafter "Epstein");

IT APPEARING that the State Attorney's Office has charged Epstein by indictment with solicitation of prostitution, in violation of Florida Statutes Section 796.07;

IT APPEARING that the United States Attorney's Office and the Federal Bureau of Investigation have conducted their own investigation into Epstein's background and any offenses that may have been committed by Epstein against the United States from in or around 2001 through in or around September 2007, including:

(1) knowingly and willfully conspiring with others known and unknown to commit an offense against the United States, that is, to use a facility or means of interstate or foreign commerce to knowingly persuade, induce, or entice minor females to engage in prostitution, in violation of Title 18, United States Code, Section 2422(b); all in violation of Title 18, United States Code, Section 371;

(2) knowingly and willfully conspiring with others known and unknown to travel in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with minor females, in violation of Title 18, United States Code, Section 2423(b); all in violation of Title 18, United States Code, Section 2423(e);

(3) using a facility or means of interstate or foreign commerce to knowingly persuade, induce, or entice minor females to engage in prostitution; in violation of Title 18, United States Code, Sections 2422(b) and 2;

(4) traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with minor females; in violation

of Title 18, United States Code, Section 2423(b); and

(5) knowingly, in and affecting interstate and foreign commerce, recruiting, enticing, and obtaining by any means a person, knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act as defined in 18 U.S.C. § 1591(c)(1); in violation of Title 18, United States Code, Sections 1591(a)(1) and 2; and

IT APPEARING that Epstein seeks to resolve globally his state and federal criminal liability and Epstein understands and acknowledges that, in exchange for the benefits provided by this agreement, he agrees to comply with its terms, including undertaking certain actions with the State Attorney's Office;

IT APPEARING, after an investigation of the offenses and Epstein's background by both State and Federal law enforcement agencies, and after due consultation with the State Attorney's Office, that the interests of the United States, the State of Florida, and the Defendant will be served by the following procedure;

THEREFORE, on the authority of R. Alexander Acosta, United States Attorney for the Southern District of Florida, prosecution in this District for these offenses shall be deferred in favor of prosecution by the State of Florida, provided that Epstein abides by the following conditions and the requirements of this Agreement set forth below.

If the United States Attorney should determine, based on reliable evidence, that, during the period of the Agreement, Epstein willfully violated any of the conditions of this Agreement, then the United States Attorney may, within ninety (90) days following the expiration of the term of home confinement discussed below, provide Epstein with timely notice specifying the condition(s) of the Agreement that he has violated, and shall initiate its prosecution on any offense within sixty (60) days' of giving notice of the violation. Any notice provided to Epstein pursuant to this paragraph shall be provided within 60 days of the United States learning of facts which may provide a basis for a determination of a breach of the Agreement.

After timely fulfilling all the terms and conditions of the Agreement, no prosecution for the offenses set out on pages 1 and 2 of this Agreement, nor any other offenses that have been the subject of the joint investigation by the Federal Bureau of Investigation and the United States Attorney's Office, nor any offenses that arose from the Federal Grand Jury investigation will be instituted in this District, and the charges against Epstein if any, will be dismissed.

Terms of the Agreement:

1. Epstein shall plead guilty (not nolo contendere) to the Indictment as currently pending against him in the 15th Judicial Circuit in and for Palm Beach County (Case No. 2006-cf-009495AXXXMB) charging one (1) count of solicitation of prostitution, in violation of Fl. Stat. § 796.07. In addition, Epstein shall plead guilty to an Information filed by the State Attorney's Office charging Epstein with an offense that requires him to register as a sex offender, that is, the solicitation of minors to engage in prostitution, in violation of Florida Statutes Section 796.03;

2. Epstein shall make a binding recommendation that the Court impose a thirty (30) month sentence to be divided as follows:

    (a) Epstein shall be sentenced to consecutive terms of twelve (12) months and six (6) months in county jail for all charges, without any opportunity for withholding adjudication or sentencing, and without probation or community control in lieu of imprisonment; and

    (b) Epstein shall be sentenced to a term of twelve (12) months of community control consecutive to his two terms in county jail as described in Term 2(a), *supra*.

3. This agreement is contingent upon a Judge of the 15th Judicial Circuit accepting and executing the sentence agreed upon between the State Attorney's Office and Epstein, the details of which are set forth in this agreement.

4. The terms contained in paragraphs 1 and 2, *supra*, do not foreclose Epstein and the State Attorney's Office from agreeing to recommend any additional charge(s) or any additional term(s) of probation and/or incarceration.

5. Epstein shall waive all challenges to the Information filed by the State Attorney's Office and shall waive the right to appeal his conviction and sentence, except a sentence that exceeds what is set forth in paragraph (2), *supra*.

6. Epstein shall provide to the U.S. Attorney's Office copies of all

      proposed agreements with the State Attorney's Office prior to entering into those agreements.

7. The United States shall provide Epstein's attorneys with a list of individuals whom it has identified as victims, as defined in 18 U.S.C. § 2255, after Epstein has signed this agreement and been sentenced. Upon the execution of this agreement, the United States, in consultation with and subject to the good faith approval of Epstein's counsel, shall select an attorney representative for these persons, who shall be paid for by Epstein. Epstein's counsel may contact the identified individuals through that representative.

8. If any of the individuals referred to in paragraph (7), *supra*, elects to file suit pursuant to 18 U.S.C. § 2255, Epstein will not contest the jurisdiction of the United States District Court for the Southern District of Florida over his person and/or the subject matter, and Epstein waives his right to contest liability and also waives his right to contest damages up to an amount as agreed to between the identified individual and Epstein, so long as the identified individual elects to proceed exclusively under 18 U.S.C. § 2255, and agrees to waive any other claim for damages, whether pursuant to state, federal, or common law. Notwithstanding this waiver, as to those individuals whose names appear on the list provided by the United States, Epstein's signature on this agreement, his waivers and failures to contest liability and such damages in any suit are not to be construed as an admission of any criminal or civil liability.

9. Epstein's signature on this agreement also is not to be construed as an admission of civil or criminal liability or a waiver of any jurisdictional or other defense as to any person whose name does not appear on the list provided by the United States.

10. Except as to those individuals who elect to proceed exclusively under 18 U.S.C. § 2255, as set forth in paragraph (8), *supra*, neither Epstein's signature on this agreement, nor its terms, nor any resulting waivers or settlements by Epstein are to be construed as admissions or evidence of civil or criminal liability or a waiver of any jurisdictional or other defense as to any person, whether or not her name appears on the list provided by the United States.

11. Epstein shall use his best efforts to enter his guilty plea and be

sentenced not later than October 26, 2007. The United States has no objection to Epstein self-reporting to begin serving his sentence not later than January 4, 2008.

12. Epstein agrees that he will not be afforded any benefits with respect to gain time, other than the rights, opportunities, and benefits as any other inmate, including but not limited to, eligibility for gain time credit based on standard rules and regulations that apply in the State of Florida. At the United States' request, Epstein agrees to provide an accounting of the gain time he earned during his period of incarceration.

13. The parties anticipate that this agreement will not be made part of any public record. If the United States receives a Freedom of Information Act request or any compulsory process commanding the disclosure of the agreement, it will provide notice to Epstein before making that disclosure.

Epstein understands that the United States Attorney has no authority to require the State Attorney's Office to abide by any terms of this agreement. Epstein understands that it is his obligation to undertake discussions with the State Attorney's Office and to use his best efforts to ensure compliance with these procedures, which compliance will be necessary to satisfy the United States' interest. Epstein also understands that it is his obligation to use his best efforts to convince the Judge of the 15th Judicial Circuit to accept Epstein's binding recommendation regarding the sentence to be imposed, and understands that the failure to do so will be a breach of the agreement.

In consideration of Epstein's agreement to plead guilty and to provide compensation in the manner described above, if Epstein successfully fulfills all of the terms and conditions of this agreement, the United States also agrees that it will not institute any criminal charges against any potential co-conspirators of Epstein, including but not limited to Sarah Kellen, Adriana Ross, Lesley Groff, or Nadia Marcinkova. Further, upon execution of this agreement and a plea agreement with the State Attorney's Office, the federal Grand Jury investigation will be suspended, and all pending federal Grand Jury subpoenas will be held in abeyance unless and until the defendant violates any term of this agreement. The defendant likewise agrees to withdraw his pending motion to intervene and to quash certain grand jury subpoenas. Both parties agree to maintain their evidence, specifically evidence requested by or directly related to the grand jury subpoenas that have been issued, and including certain computer equipment, inviolate until all of the terms of this agreement have been satisfied. Upon the successful completion of the terms of this agreement, all outstanding grand jury subpoenas shall be deemed withdrawn.

By signing this agreement, Epstein asserts and certifies that each of these terms is material to this agreement and is supported by independent consideration and that a breach of any one of these conditions allows the United States to elect to terminate the agreement and to investigate and prosecute Epstein and any other individual or entity for any and all federal offenses.

By signing this agreement, Epstein asserts and certifies that he is aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. Epstein further is aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. Epstein hereby requests that the United States Attorney for the Southern District of Florida defer such prosecution. Epstein agrees and consents that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at his own request, and he hereby waives any defense to such prosecution on the ground that such delay operated to deny him rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period between the signing of this agreement and the breach of this agreement as to those offenses that were the subject of the grand jury's investigation. Epstein further asserts and certifies that he understands that the Fifth Amendment and Rule 7(a) of the Federal Rules of Criminal Procedure provide that all felonies must be charged in an indictment presented to a grand jury. Epstein hereby agrees and consents that, if a prosecution against him is instituted for any offense that was the subject of the grand jury's investigation, it may be by way of an Information signed and filed by the United States Attorney, and hereby waives his right to be indicted by a grand jury as to any such offense.

///

///

///

By signing this agreement, Epstein asserts and certifies that the above has been read and explained to him. Epstein hereby states that he understands the conditions of this Non-Prosecution Agreement and agrees to comply with them.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Dated: _____   By: _____
A. MARIE VILLAFAÑA
ASSISTANT U.S. ATTORNEY

Dated: 9/24/07

_____
JEFFREY EPSTEIN

Dated: _____

_____
GERALD LEFCOURT, ESQ.
COUNSEL TO JEFFREY EPSTEIN

Dated: _____

_____
LILLY ANN SANCHEZ, ESQ.
ATTORNEY FOR JEFFREY EPSTEIN

By signing this agreement, Epstein asserts and certifies that the above has been read and explained to him. Epstein hereby states that he understands the conditions of this Non-Prosecution Agreement and agrees to comply with them.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Dated: _____    By: _____
A. MARIE VILLAFAÑA
ASSISTANT U.S. ATTORNEY

Dated: _____    _____
JEFFREY EPSTEIN

Dated: 9/24/07    _____
GERALD LEFCOURT, ESQ.
COUNSEL TO JEFFREY EPSTEIN

Dated: _____    _____
LILLY ANN SANCHEZ, ESQ.
ATTORNEY FOR JEFFREY EPSTEIN

By signing this agreement, Epstein asserts and certifies that the above has been read and explained to him. Epstein hereby states that he understands the conditions of this Non-Prosecution Agreement and agrees to comply with them.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Dated: _____         By: _____
                              A. MARIE VILLAFAÑA
                              ASSISTANT U.S. ATTORNEY

Dated: _____              _____
                              JEFFREY EPSTEIN

Dated: _____              _____
                              GERALD LEFCOURT, ESQ.
                              COUNSEL TO JEFFREY EPSTEIN

Dated: 9-24-07                _____
                              LILLY ANN SANCHEZ, ESQ.
                              ATTORNEY FOR JEFFREY EPSTEIN

Page 7 of 7

IN RE:

INVESTIGATION OF

JEFFREY EPSTEIN

_____/

ADDENDUM TO THE NON-PROSECUTION AGREEMENT

   IT APPEARING that the parties seek to clarify certain provisions of page 4, paragraph 7 of the Non-Prosecution Agreement (hereinafter "paragraph 7"), that agreement is modified as follows:

7A.   The United States has the right to assign to an independent third-party the responsibility for consulting with and, subject to the good faith approval of Epstein's counsel, selecting the attorney representative for the individuals identified under the Agreement. If the United States elects to assign this responsibility to an independent third-party, both the United States and Epstein retain the right to make good faith objections to the attorney representative suggested by the independent third-party prior to the final designation of the attorney representative.

7B.   The parties will jointly prepare a short written submission to the independent third-party regarding the role of the attorney representative and regarding Epstein's Agreement to pay such attorney representative his or her regular customary hourly rate for representing such victims subject to the provisions of paragraph C, infra.

7C.   Pursuant to additional paragraph 7A, Epstein has agreed to pay the fees of the attorney representative selected by the independent third party. This provision, however, shall not obligate Epstein to pay the fees and costs of contested litigation filed against him. Thus, if after consideration of potential settlements, an attorney representative elects to file a contested lawsuit pursuant to 18 U.S.C. s 2255 or elects to pursue any other contested remedy, the paragraph 7 obligation of the Agreement to pay the costs of the attorney representative, as opposed to any statutory or other obligations to pay reasonable attorneys fees and costs such as those contained in s 2255 to bear the costs of the attorney representative, shall cease.

By signing this Addendum, Epstein asserts and certifies that the above has been read and explained to him. Epstein hereby states that he understands the clarifications to the Non-Prosecution Agreement and agrees to comply with them.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Dated: 10/30/07

By: _Jeffrey H. Sloman_ FAUSA
for A. MARIE VILLAFAÑA
ASSISTANT U.S. ATTORNEY

Dated: 10/29/07

_Jeffrey Epstein_

Dated: _____

GERALD LEFCOURT, ESQ.
COUNSEL TO JEFFREY EPSTEIN

Dated: _____

LILLY ANN SANCHEZ, ESQ.
ATTORNEY FOR JEFFREY EPSTEIN

By signing this Addendum, Epstein asserts and certifies that the above has been read and explained to him. Epstein hereby states that he understands the clarifications to the Non-Prosecution Agreement and agrees to comply with them.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Dated: 10/30/07    By: _____ FAUSA
                     A. MARIE VILLAFAÑA
                     ASSISTANT U.S. ATTORNEY

Dated: _____

JEFFREY EPSTEIN

Dated: 10/29/07

_____
GERALD LEFCOURT, ESQ.
COUNSEL TO JEFFREY EPSTEIN

Dated: _____

_____
LILLY ANN SANCHEZ, ESQ.
ATTORNEY FOR JEFFREY EPSTEIN

By signing this Addendum, Epstein asserts and certifies that the above has been read and explained to him. Epstein hereby states that he understands the clarifications to the Non-Prosecution Agreement and agrees to comply with them.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Dated: 10/30/07    By: _____ FAUSA
                        fe A. MARIE VILLAFAÑA
                        ASSISTANT U.S. ATTORNEY

Dated: _____    _____
                          JEFFREY EPSTEIN

Dated: _____    _____
                          GERALD LEFCOURT, ESQ.
                          COUNSEL TO JEFFREY EPSTEIN

Dated: 10-29-07          _____
                         LILLY ANN SANCHEZ, ESQ.
                         ATTORNEY FOR JEFFREY EPSTEIN

### Affirmation

I, Jeffrey E. Epstein do hereby re-affirm the Non-Prosecution Agreement and Addendum to same dated October 30, 2007.

_____     __12/7/07__
Jeffrey E. Epstein                  Date