# Exhibit D

Case 9:08-cv-80736-KAM   Document 14   Entered on FLSD Docket 07/15/2008   Page 1 of 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80736-Civ-Marra/Johnson

IN RE: JANE DOE,

      Petitioner.
_____/



FILED by ___ D.C.

JUL 09 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### DECLARATION OF A. MARIE VILLAFAÑA
### IN SUPPORT OF UNITED STATES' RESPONSE
### TO VICTIM'S EMERGENCY PETITION FOR ENFORCEMENT
### OF CRIME VICTIM RIGHTS ACT, 18 U.S.C. § 3771

1.    I, A. Marie Villafaña, do hereby declare that I am a member in good standing of the Bar of the State of Florida. I graduated from the University of California at Berkeley School of Law (Boalt Hall) in 1993. After serving as a judicial clerk to the Hon. David F. Levi in Sacramento, California, I was admitted to practice in California in 1995. I also am admitted to practice in all courts of the states of Minnesota and Florida, the Eighth, Eleventh, and Federal Circuit Courts of Appeals, and the U.S. District Courts for the Southern District of Florida, the District of Minnesota, and the Northern District of California. My bar admission status in California and Minnesota is currently inactive. I am currently employed as an Assistant United States Attorney in the Southern District of Florida and was so employed during all of the events described herein.

2. I am the Assistant United States Attorney assigned to the investigation of Jeffrey Epstein. The case was investigated by the Federal Bureau of Investigation ("FBI"). The federal investigation was initiated in 2006 at the request of the Palm Beach Police Department ("PBPD") into allegations that Jeffrey Epstein and his personal assistants had used facilities of interstate commerce to induce young girls between the ages of thirteen and seventeen to engage in prostitution, amongst other offenses.

3. Throughout the investigation, when a victim was identified, victim notification letters were provided to her both from your Affiant and from the FBI's Victim-Witness Specialist. Attached hereto are copies of the letters provided to Bradley Edwards' three clients, T.M., C.W., and S.R.[1] Your Affiant's letter to C.W. was provided by the FBI. (Ex. 1). Your Affiant's letter to T.M. was hand-delivered by myself to T.M. at the time that she was interviewed (Ex. 2).[2] Both C.W. and T.M. also received letters from the FBI's Victim-Witness Specialist, which were sent on January 10, 2008 (Exs. 3 & 4). S.R. was identified via the FBI's investigation in 2007, but she initially refused to speak with investigators. S.R.'s status as a victim of a federal offense was confirmed when she was interviewed by

---

[1] Attorney Edwards filed his Motion on behalf of "Jane Doe," without identifying which of his clients is the purported victim. Accordingly, I will address facts related to C.W., T.M., and S.R. All three of those clients were victims of Jeffrey Epstein's while they were minors beginning when they were fifteen years old.

[2] Please note that the dates on the U.S. Attorney's Office letters to C.W. and T.M. are not the dates that the letters were actually delivered. Letters to all known victims were prepared early in the investigation and delivered as each victim was contacted.

-2-

CONFIDENTIAL

SDNY_GM_00331517

federal agents on May 28, 2008. The FBI's Victim-Witness Specialist sent a letter to S.R. on May 30, 2008 (Ex. 5).

4.  Throughout the investigation, the FBI agents, the FBI's Victim-Witness Specialist, and your Affiant had contact with C.W. and S.R. Attorney Edwards' other client, T.M., was represented by counsel and, accordingly, all contact with T.M. was made through that attorney. That attorney was James Eisenberg, and his fees were paid by Jeffrey Epstein, the target of the investigation.[3]

5.  In the summer of 2007, Mr. Epstein and the U.S. Attorney's Office for the Southern District of Florida ("the Office") entered into negotiations to resolve the investigation. At that time, Mr. Epstein had been charged by the State of Florida with solicitation of prostitution, in violation of Florida Statutes § 796.07. Mr. Epstein's attorneys sought a global resolution of the matter. The United States subsequently agreed to defer federal prosecution in favor of prosecution by the State of Florida, so long as certain basic preconditions were met. One of the key objectives for the Government was to preserve a federal remedy for the young girls whom Epstein had sexually exploited. Thus, one condition of that agreement, notice of which was provided to the victims on July 9, 2008, is the following:

> "Any person, who while a minor, was a victim of a violation of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under Section 2255 as she would have had, if Mr. Epstein

---

[3] The undersigned does not know when Mr. Edwards began representing T.M. or whether T.M. ever formally terminated Mr. Eisenberg's representation.

-3-


CONFIDENTIAL

SDNY_GM_00331518

had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an Indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining which evidentiary burdens if any a plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

6. An agreement was reached in September 2007. The Agreement contained an express confidentiality provision.

7. Although individual victims were not consulted regarding the agreement, several had expressed concerns regarding the exposure of their identities at trial and they desired a prompt resolution of the matter. At the time the agreement was signed in September 2007, T.M. was openly hostile to the prosecution of Epstein. The FBI attempted to interview S.R. in October 2007, at which time she refused to provide any information regarding Jeffrey Epstein. None of Attorney Edwards' clients had expressed a desire to be consulted prior to the resolution of the federal investigation.

8. As explained above, one of the terms of the agreement deferring prosecution to the State of Florida was securing a federal remedy for the victims. In October 2007, shortly after the agreement was signed, four victims were contacted and these provisions were discussed. One of those victims was C.W. who at the time was not represented, and she was given notice of the agreement. Notice was also provided of an expected change of plea in October 2007. When Epstein's attorneys learned that some of the victims had been

-4-

