

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 1, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter to bring to the Court's attention an opinion piece (the "Op-Ed") published yesterday in the New York Daily News, which was authored by David Markus, Esq., who represents the defendant in connection with this case. Mr. Markus's statements in the Op-Ed were in violation of Local Rule 23.1, which contains provisions relating to extrajudicial public statements by attorneys. Accordingly, for the reasons stated below, the Government respectfully requests that the Court order Mr. Markus to comply with Local Rule 23.1.

**A.  Mr. Markus's Statements to the Media**

David Markus represents the defendant in connection with appellate matters in this case. In particular, Mr. Markus has handled the defendant's bail appeals in this case, including an argument on her behalf in the Second Circuit. As the Court may recall, on April 14, 2021, Mr. Markus emailed Chambers requesting permission to bring electronics to the courthouse to attend the defendant's arraignment on the superseding indictment. The Court informed Mr. Markus that he would need to file a notice of appearance before making such an application to the Court. Mr. Markus did not file a notice of appearance, but he attended the arraignment and spoke to members of the media thereafter.[1]

---

[1] *See* Stephen Rex Brown, *Ghislaine Maxwell Makes First Court Appearance*, N.Y. Daily News (Apr. 23, 2021), http://www.nydailynews.com/new-york/ny-ghislaine-maxwell-arraignment-20210423-b3aza5eh7bddna7r247px2yb7e-story.html (quoting Mr. Markus, speaking outside the courthouse following the defendant's arraignment and identifying him as "her attorney").

Honorable Alison J. Nathan
July 1, 2021
Page 2

Mr. Markus has made multiple statements to the media in the past few months.[2] On May 11, 2021, the Government emailed the defendant's counsel of record in this case and expressed concern about Mr. Markus's statements, citing Local Rule 23.1. Defense counsel did not respond.

Most recently, on June 30, 2021, Mr. Markus authored an Op-Ed in the New York Daily News.[3] The Op-Ed compared the defendant to Bill Cosby and argued that this case should be dismissed in the wake of Mr. Cosby's release from prison. The Op-Ed claims that Jeffrey Epstein's non-prosecution agreement is binding in this District, but that "[t]he trial court, just like the trial court and intermediate appellate court in Cosby's case, has agreed to let the government out of its deal." The Op-Ed further claims that this case is "extremely weak" and asserts that "[a] jury should reject those flimsy and stale charges." The Op-Ed also identifies Mr. Markus as "Maxwell's appellate counsel." Other news outlets have subsequently issued articles regarding the Op-Ed.[4]

### B. Relief Is Warranted Under Local Rule 23.1

Local Rule 23.1 generally prohibits extrajudicial statements of opinion that a reasonable person would expect to create "a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." SDNY Local Rule 23.1(a). The Rule further provides, in relevant part, that statements of "opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case" are among those that "presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." SDNY Local Rule 23.1(d)(7). The Rule applies to all statements made by lawyers "in connection with pending or imminent criminal litigation with which they are associated." SDNY Local Rule 23.1(a). Furthermore, the Rule provides that the Court "may issue a special order governing such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of the accused to a fair trial by an impartial jury . . . ." SDNY Local Rule 23.1(h).

Mr. Markus is plainly governed by Local Rule 23.1, because he is not only "associated" with this criminal case, but he is also counsel of record in the defendant's appeals in connection with this matter. Mr. Markus's comments to the media—most egregiously, the Op-Ed—were clearly in violation of Local Rule 23.1. Not only did his statements directly comment on the merits of this case, but they did so in a manner designed to appeal directly to the pool of potential jurors

---

[2] *See* Ben Feuerherd, *Feds Detail Ghislaine Maxwell's 'Enhanced Security Schedule' In Prison*, N.Y. Post (May 5, 2021), https://nypost.com/2021/05/05/ghislaine-maxwell-on-enhanced-security-schedule-lockup-feds/ (quoting Mr. Markus); David Oscar Markus, *Ghislaine Maxwell Should Be Released: She Should Await Her Trial Outside Confinement*, N.Y. Daily News (Feb. 24, 2021), https://www.nydailynews.com/opinion/ny-oped-ghislaine-maxwell-should-be-released-20210224-xocbnloc25exflbqbaf6fp76he-story.html (Op-Ed authored by Mr. Markus).

[3] *See* David Oscar Markus, *Bill Cosby is Free; Ghislaine Maxwell Should Be, Too*, N.Y. Daily News (June 30, 2021), http://www.nydailynews.com/opinion/ny-oped-cosby-maxwell-free-20210630-gqlcsn6yczaivp5h7g7x73lfzu-story.html (Op-Ed authored by Mr. Markus).

[4] *See* Louis Casiano, *Bill Cosby Ruling Should be Used to Free Ghislaine Maxwell, Her Lawyer says,* Fox News (July 1, 2021), https://www.foxnews.com/us/bill-cosby-free-ghislaine-maxwell; Daniel Villarreal, *Bill Cosby Ruling Shows Why Ghislaine Maxwell Should Be Freed, Her Lawyer Says*, Newsweek (June 30, 2021), https://www.newsweek.com/bill-cosby-ruling-shows-why-ghislaine-maxwell-should-freed-her-lawyer-says-1605828.

Honorable Alison J. Nathan
July 1, 2021
Page 3

in this case: the Op-Ed was published in a local newspaper, and it contained an express overture to jurors, discussing the verdict defense counsel wishes jurors to reach in this case. What is more, the Op-Ed falsely suggested to potential jurors that this prosecution is barred by a non-prosecution agreement—a legal contention this Court has considered and squarely rejected.

This Court has already entered an Order—at the request of the defendant—indicating the Court's expectation that "all involved parties will exercise great care to ensure compliance with this Court's local rules, including Local Criminal Rule 23.1." (Dkt. No. 28). Mr. Markus's continued comments are in violation of that Order, are inappropriate, and are likely to interfere with the Court's ability to conduct a fair trial with an impartial jury in this case. Accordingly, the Government respectfully requests that the Court issue an order pursuant to Local Rule 23.1(h) directed specifically to Mr. Markus and instructing him to comply with Local Rule 23.1.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:  /s
Alison Moe / Maurene Comey / Lara Pomerantz
Assistant United States Attorneys
Southern District of New York
Tel: (212) 637-2225

Cc: Christian Everdell, Esq. (by ECF)
Mark Cohen, Esq. (by ECF)
Bobbi Sternheim, Esq. (by ECF)
Laura Menninger, Esq. (by ECF)
Jeffrey Pagliuca, Esq. (by ECF)
David Markus, Esq. (by email)