

COHEN & GRESSER LLP

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

July 2, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

**Re: *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)**

Dear Judge Nathan:

We respectfully submit this letter to bring to the Court's attention the recent decision by the Supreme Court of Pennsylvania in *Commonwealth of Pennsylvania v. William Henry Cosby Jr.*, J-100-2020 (Jun. 30, 2021), in which the Court vacated Mr. Cosby's conviction and sentence because the District Attorney's Office that prosecuted him failed to live up to its express promise not to prosecute Mr. Cosby for the same crimes for which he was later convicted.[1] Ms. Maxwell's case presents a similar situation. As we argued in our supplemental pretrial motions currently pending before the Court (Dkt. 293), the government has failed to abide by its promise not to prosecute Ms. Maxwell for the offenses for which she was immunized by the Epstein Non-Prosecution Agreement ("NPA"). We submit that this decision provides support for Ms. Maxwell's supplemental motion to dismiss Counts One, Three, Five, and Six of the S2 Indictment for violation of the NPA.

In *Cosby*, Andrea Constand alleged that Mr. Cosby sexually assaulted her in his residence in January 2004. (Op. 4-5). Ms. Constand did not immediately report the assault to law enforcement authorities and continued to have contact with Mr. Cosby in the following months. (*Id*. at 5-7). In January 2005, approximately one year after the assault, Ms. Constand reported Mr. Cosby's conduct to the police. (*Id*. at 6). The Montgomery County District Attorney's Office investigated the allegations, but then-District Attorney Bruce Castor determined that "there was insufficient credible and admissible evidence" to bring criminal charges against Mr. Cosby. (*Id*. at 7-10). Among the factors weighing against bringing charges were that (i) Ms. Constand had waited a year to file her complaint, which diminished the reliability of Ms. Constand's recollections; (ii) Ms. Constand's statements about the events were inconsistent; (iii) there was a lack of corroborating evidence; (iv) Ms. Constand continued to speak to and meet with Mr. Cosby

[1] The opinion ("Op.") is attached to this letter as Exhibit A.

after the assault; and (v) Ms. Constand had contacted civil attorneys to pursue financial compensation through a lawsuit against Mr. Cosby. (*Id*. at 9-10).

DA Castor issued a signed public statement declining to prosecute Mr. Cosby, which he viewed as, and Mr. Cosby's lawyers understood to be, an agreement that Mr. Cosby would never be prosecuted for the events involving Ms. Constand. (*Id*. at 10-13, 16-18). Believing that he no longer had a basis to assert his Fifth Amendment rights, Mr. Cosby testified at several depositions in a civil suit brought against him by Ms. Constand and made inculpatory admissions. (*Id*. at 13-15). Ten years later, the successor District Attorney, Risa Vetri Ferman, used those admissions to charge Mr. Cosby with the same crimes related to the sexual assault of Ms. Constand that were covered by DA Castor's promise. (*Id*. at 18). Mr. Cosby was convicted of those charges at trial. (*Id*. at 38).

The Pennsylvania Supreme Court held that DA Castor's promise was enforceable and that DA Ferman's prosecution of Mr. Cosby ten years later on the same charges violated his Due Process rights. (*Id*. at 78-79). As a result, the Court vacated Mr. Cosby's conviction. (*Id*. at 79). In so holding, the Court noted the following:

> Interactions between a prosecutor and a criminal defendant, including circumstances where the latter seeks enforcement of some promise or assurance made by the former, are not immune from the dictates of due process and fundamental fairness.

(*Id*. at 55).

The same principle applies to Ms. Maxwell's case. As in *Cosby*, the government is trying to renege on its agreement and prosecute Ms. Maxwell over 25 years later for the exact same offenses for which she was granted immunity in the NPA. Indeed, the principle applies even more strongly in Ms. Maxwell's case because the NPA was a formal written agreement, as opposed to an informal promise like the one in *Cosby*. This is not consistent with principles of fundamental fairness.

Accordingly, for the reasons already set forth in our supplemental pretrial motions, and the principles discussed in *Cosby*, the Court should hold the government to its agreement and dismiss Counts One, Three, Five, and Six of the S2 Indictment.

Thank you for your attention to these matters.

Respectfully submitted,

/s/ Christian Everdell

Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600

cc: All Counsel of Record (By ECF)