# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-306-6666 • Cell
888-587-4737 • Fax

33 West 19th Street - 4th Floor
New York, New York 10011
bc@sternheimlaw.com

July 9, 2021

Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Ghislaine Maxwell*
S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

The below-signed counsel of record for Ghislaine Maxwell submit this letter in response to the Court's order of July 2, 2021. (Dkt. 312).

Ms. Maxwell's counsel of record have scrupulously complied with Local Criminal Rule 23.1 and assiduously refrained from any involvement with the media, despite repeated, persistent and borderline-harassing requests for comment. The statements in the New York Daily News Op-Ed piece were from Mr. Markus, who is not counsel of record in this case. These statements did not violate Rule 23.1. Nevertheless, it is appropriate that Mr. Markus, not Ms. Maxwell's counsel of record, be afforded the opportunity to address the government's unfounded complaints by separate letter response.[1]

We feel compelled to point out, however, that the government's position betrays a double standard that exists for public statements made by the government, its agents, and the alleged accusers and their counsel.

After Ms. Maxwell was arrested just over a year ago, Acting U.S. Attorney Audrey Strauss gave a deliberate press conference in blatant violation of Rule 23.1 espousing comment and opinion beyond the facts and circumstances of the arrest. The government filed a "speaking

---

[1] Indeed, the government's letter to the Court raising this issue was directed to Mr. Markus, not counsel of record.

indictment" which provided the narrative for Ms. Strauss's choreographed press conference. Ms. Strauss exceeded the text of the indictment and went off-script, as did members of law enforcement involved in the investigation whom Ms. Strauss invited to speak. Collectively, these members of the government, who were directly involved in the investigation and prosecution of this case, purposely villainized Ms. Maxwell and gave the accusers – the individuals who will testify before a jury – the imprimatur of credibility. The press conference was the government's unbridled opportunity to deliver an extrajudicial opening statement in the court of public opinion and the media has followed its lead ever since.

Similarly, counsel for undisclosed Accusers 1 to 4 have made numerous public statements without any reprisal or public reprimand by the government. They have participated in countless podcasts, documentaries, and other media and print publications espousing personal opinions regarding Ms. Maxwell's "guilt or innocence" and the "merits of the case," commenting on her "character and reputation," the "possibility of a plea of guilty to the offense charged or a lesser offense," and continually jeopardizing her right to a fair trial.[2]

Undersigned counsel wrote to the government expressing concern about a particular counsel's public remarks as that counsel has (we believe) previously represented one of the accusers. The government responded that "[t]o our knowledge, [that lawyer] does not represent any of the witnesses the Government expects to call at trial in this case. Because this individual does not represent any witnesses in this case, we do not see a need to raise this issue with the Court." Now, the government asserts that the Court needs to know about a lawyer who is not

---

[2] Ms. Maxwell previously brought to the Court's attention violations of Local Crim. R. 23.1 by David Boies, Esq. and his law partner, Sigrid McCawley, Esq., each having filed a notice of appearance as intervenors for accusers, as well as Bradley Edwards, Esq. (*See* Dkt. 27 at 4.) Many of their public and incendiary comments occurred *after* this Court "warn[ed] counsel and agents for the parties and counsel for potential witnesses that going forward it will not hesitate to take appropriate action in the fact of violations of any relevant rules." (Dkt. 28) (July 23, 2020).

2

representing any party or witness to the case. Their position on the applicability of Rule 23.1 apparently fluctuates depending on who is talking to the press.

Accordingly, we would ask the Court to be mindful of two important points. *First*, Ms. Maxwell has been, and continues to be, the subject of an unquestionable tsunami of adverse publicity every day, which is surely impacting the pool of jurors in the Southern District of New York. *Second*, efforts to persuade the public and the government that a defendant should not be prosecuted are permissible. *See Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1043 (1991) ("A defense attorney may pursue lawful strategies to obtain dismissal of an indictment or reduction of charges, including an attempt to demonstrate in the court of public opinion that the client does not deserve to be tried.").

              Respectfully submitted:

              _/s/_____

              Bobbi C. Sternheim

              _/s/_____

              Christian R. Everdell

              _/s/_____

              Laura A. Menninger

              _/s/_____

              Jeffrey S. Pagliuca

cc: Government counsel

  David Oscar Markus, Esq.