**MARKUS / MOSS**

July 9, 2021

**VIA EMAIL TO CHAMBERS**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

Even though I do not currently represent Ms. Maxwell in any proceedings and have never entered an appearance in connection with her trial before Your Honor, the Government submitted a letter "to bring to the Court's attention" an article that I wrote on June 30, 2021, and asked that the Court "issue an order pursuant to Local Rule 23.1(h)" directed at me. (Dkt. No. 309). This Court ordered that I respond (Dkt. No. 312), and I do so here. I respectfully request that the Court deny the Government's request for the following reasons:

**I.   The local rules do not apply as I do not currently represent Ghislaine Maxwell in any proceeding and have not entered an appearance in this Court**.

Because undersigned counsel does not currently represent Ms. Maxwell in any court and has never entered an appearance as her lawyer in this Court, the local rules do not apply. *See, e.g.,* Local Rule 23.1(h) (explaining that the Court "may issue a special order governing such matters as extrajudicial statements **by parties and witnesses** likely to interfere with the rights of the accused to a fair trial by an impartial jury") (emphasis added). Because undersigned counsel does not represent a party or a witness, the Government's request should be denied.

Undersigned counsel was previously retained to represent Ms. Maxwell's family. Then, when this Court denied her third bail application, undersigned counsel was retained to represent Ms. Maxwell in the Second Circuit on her bail appeal (and not regarding the merits of the case). That proceeding is concluded, and undersigned counsel no longer represents Ms. Maxwell in any capacity.

MARKUS/MOSS PLLC

40 NW 3rd Street, PH 1
Miami, FL 33128
T 305 379-6667
F 305 379-6668
markuslaw.com

Moreover, undersigned counsel has never entered an appearance in this Court and does not represent Ms. Maxwell in connection with her upcoming trial. In fact, undersigned counsel and Ms. Maxwell's trial team have been very careful to keep the representation separate. I have not been provided any of the trial discovery.

The local rules do not and could not reach lawyers who do not represent a client (or witness) in a pending case because of the First Amendment. *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1074 (1991) (stating that "**lawyers representing clients in pending cases** may be regulated" by substantial prejudice standard and not heightened general First Amendment standard of clear danger) (emphasis added); *id.* at 1076 ("The regulation of attorneys' speech is limited—it applies only to speech that is substantially likely to have a materially prejudicial effect … applying equally to all **attorneys participating in a pending case**") (emphasis added); *see also United States v. Brown*, 218 F.3d 415 (5th Cir. 2000) (discussing the factors to consider in entering a gag order for "trial participants").

The Government, however, argues that because Local Rule 23.1(a) states that lawyers "associated" with the "pending criminal litigation" are subject to the restrictions in local rules, the rule applies to undersigned counsel because of the appellate litigation in the Second Circuit regarding bail. As explained above, that litigation is concluded. The Government cites no authority for the proposition that the local rules would apply to a lawyer who previously entered an appearance in another court regarding litigation that has been concluded, nor could it since the Supreme Court has foreclosed such an expansive view of the ability to gag individuals not involved in the trial itself.

Recognizing the weakness of its position, the Government states that because I asked for permission to bring my cell phone into the courtroom for the arraignment,[1] I must be associated with the litigation. But that example disproves the Government's claim that I am associated with this case. It is true that I asked the Court for permission to bring my phone into the courtroom, *but the Court denied the request* and said that I would have to enter an appearance in order to do so, as only lawyers actually associated with the proceedings could obtain permission to enter with electronics. Because I had not entered an appearance for Ms. Maxwell in this Court, I was not given such permission.

Finally, the Government itself has taken the position that not all lawyers who have a connection to this case are governed by the local rules. For example, Ms. Maxwell's trial lawyers brought to the Government's attention that one of the accuser's

---

[1] At that time, I represented Ms. Maxwell before the Second Circuit and it was a few days before the oral argument. This was the only proceeding before this Court that I have attended in person or on Zoom.

lawyers was making outrageously false statements to the press.[2] The prosecution responded: "Spencer Kuvin does not represent any of the witnesses the Government expects to call at trial in this case. Because this individual does not represent any witnesses in this case," the local rules did not apply to him and there was no "need to raise this issue with the Court."

## II. Even if the local rules somehow applied to undersigned counsel, the Op-Ed did not violate the local rule.

Even if the local rule applies to a lawyer who does not currently represent a party or a witness and has never appeared in the trial court, the opinion piece here did not violate the rule.

*First*, there is no risk of danger or prejudice to the upcoming trial because the Op-Ed raised the same argument – that the *Cosby* decision applied to Ms. Maxwell's case – that was filed in public pleadings that were quoted by the press. No confidential information was disclosed.[3] Ms. Maxwell's trial lawyers made the very same argument in a public pleading that was quoted by the press. (Dkt. No. 310). In that public pleading, Ms. Maxwell's lawyers argue:

> The Pennsylvania Supreme Court held that DA Castor's promise was enforceable and that DA Ferman's prosecution of Mr. Cosby ten years later on the same charges violated his Due Process rights. (Id. at 78-79). As a result, the Court vacated Mr. Cosby's conviction. (Id. at 79). In so holding, the Court noted the following:
>
>> Interactions between a prosecutor and a criminal defendant, including circumstances where the latter seeks enforcement of some promise or assurance made by the former, are not immune from the dictates of due process and fundamental fairness.
>> (*Id.* at 55).
>
> **The same principle applies to Ms. Maxwell's case**. As in Cosby, **the government is trying to renege on its agreement and prosecute Ms. Maxwell over 25 years later** for the exact same offenses for which she was granted immunity in the NPA. **Indeed, the principle applies even more strongly in Ms. Maxwell's case** because the NPA was a formal

---

[2] Emma Parry, *Will She Survive?*, (May 6, 2021), https://www.thesun.co.uk/news/14875477/ghislaine-maxwell-plea-deal-same-fate-as-epstein/

[3] *See Gentile*, 501 U.S. at 1074 (explaining that the risk of influencing a potential jury exists for trial lawyer because they "have special access to information through discovery and client communications" that others do not have).

> written agreement, as opposed to an informal promise like the one in Cosby. **This is not consistent with principles of fundamental fairness**.

(emphasis added).

The press (including Bloomberg, NBC, the New York Post, and Forbes)[4] reported on this argument by Ms. Maxwell's lawyers. Accordingly, there is no substantial likelihood that the Op-Ed, which made the very same arguments that were made by Ms. Maxwell's lawyers and covered extensively in the press, will interfere with a fair trial, and the Government does not even really attempt to argue to the contrary.[5]

*Second*, Ms. Maxwell's family, and undersigned as counsel for her family, have the right to respond to the numerous lawyers, witnesses, and surrogates who are speaking to the press and making it impossible for Ms. Maxwell to receive a fair trial. As Justice Kennedy explained in *Gentile*, "in some circumstances press comment is necessary to protect the rights of the client and prevent abuse." Such "statements have the full protection of the First Amendment." *Gentile*, 501 U.S. at 1058 (Kennedy, J., concurring).

The press has been unrelenting and overwhelmingly prejudicial in its coverage of Ms. Maxwell and her family, fueled by statements from involved parties about the matters at issue. It is not an understatement to say that 99.9% of the press coverage is pro-government and anti-Maxwell. The press has already tried and convicted her. And the Government has done nothing to control its surrogates, which has only made the problem worse. How can Ms. Maxwell be expected to receive a fair trial when lawyers for the accusers are holding press conferences, leaking information, and

---

[4] *See, e.g.*, https://www.bloomberg.com/news/articles/2021-07-02/ghislaine-maxwell-says-cosby-ruling-should-end-her-abuse-case; https://www.nbcnews.com/news/us-news/ghislaine-maxwell-s-lawyers-cite-cosby-case-bid-have-sex-n1273037; https://nypost.com/2021/07/02/ghislaine-maxwell-should-be-sprung-from-prison-just-like-bill-cosby-lawyers/; and https://www.forbes.com/sites/joewalsh/2021/07/02/ghislaine-maxwell-tells-judge-her-case-should-be-tossed-out-like-cosbys/?sh=68a89d9578bc

[5] The Government also complains that the Op-Ed described the accusations as "stale" and "flimsy." But both descriptions have been used in publicly filed pleadings. Moreover, many of the accusations are in fact decades old, and similar descriptive words have been held not to violate the rules. *See, e.g.,* Law360, *Brooklyn U.S. Attorney's Pretrial Remarks Fair Game, Judge Says,* July 1, 2021 (reporting that Judge Dora Irizarry held that U.S. Attorney's comments that defendant had engaged in a "spree" of robberies that were "unprecedented" did not violate the local rule and also did not prejudice the defendant), story available at: https://tinyurl.com/4bnu2kfz

otherwise making wholly inappropriate comments to the press?

For example, Spencer Kuvin (who represents some of Maxwell's accusers) was interviewed for a recent show on Peacock called *Epstein's Shadow: Ghislaine Maxwell*, which aired June 24, 2021. On Episode 3, Mr. Kuvin, who is identified as "Victim's Attorney," stated: "When you capture someone like [Ghislaine Maxwell] I don't besmirch the U.S. Government from taking a victory lap. To be able to come back one year later and say 'we've got the co-conspirator', they wanted a little good press, as well they should. Take her down and embarrass the hell out of her. It's what she deserves." In another example, Brad Edwards, counsel to numerous accusers, changed the subtitle of his book *Relentless Pursuit* after Ms. Maxwell's arrest from "My fight for the victims of Jeffrey Epstein" to "My fight for the victims of Jeffrey Epstein and Ghislaine Maxwell."[6]

These examples do not amount to a drop in the bucket of the overwhelming press against Ms. Maxwell, which has been instigated or fueled by the Government and its witnesses. The "circus atmosphere" and "hostile" press that led to a reversal in the Sam Sheppard case are no match for what is occurring here. *See Sheppard v. Maxwell*, 384 U.S. 333 (1966) (reversing conviction based on hostile television and radio reporting of case: "Given the pervasiveness of modern communications and the difficulty of effacing prejudicial publicity from the minds of the jurors, the trial courts must take

---

[6] There are countless other examples of the accusers' lawyers appearing on TV, podcasts, radio, print (including writing books about the case), and social media, making inflammatory and many times, untrue statements that will make it impossible for Ms. Maxwell to receive a fair trial (some of which occurred after the Court's Order about speaking with the media). *See, e.g.,* Armchair Expert Podcast, August 6, 2020, Interview with Brad Edwards, counsel to accusers ("*Q.* How do you explain or what is your theory on Ghislaine Maxwell? *Brad Edwards*: So she needed money and Epstein needed connections. They were kind of the perfect pair. And then she realized, hey, this is this guy who has this crazy sex addiction that I can't fulfill. And I think she would have done anything for him. And so she starts feeding him and just fuels the addiction. Without her, there would be no Jeffrey Epstein, we wouldn't be talking. None of this would have happened. … She created him. The first people that were brought to him to start this pyramid, they were brought by her. None of this could have grown. He could not have become who he was without her. She created the monster, no doubt about it."); BBC Panorama, December 2, 2019, interview with David Boies ("I must say I think she is very culpable. She was a central part of the Epstein sex trafficking operation. Er, she played an important role in recruiting, grooming, manipulating. *Host*: She denies all of this of course. [10 seconds of silence] *Boies*: Um, if you say so."); David Boies at press conference on the courthouse steps after the arraignment, April 24, 2021 (urging listeners not to have sympathy for Ms. Maxwell despite her conditions of confinement and her frail appearance); Sigrid McCawley, Lifetime, Surviving Jeffrey Epstein, August 15, 2020 ("Ghislaine was the master.").

strong measures to ensure that the balance is never weighed against the accused."). The Government's contention that the prosecution won't receive a fair trial based on my statements is completely divorced from the reality of what is occurring in the media in this case.[7]

*Third*, the Government has helped to create a totally unlevel playing field and it should not be heard to complain. For starters, the Government conducted an over-the-top press conference upon Ms. Maxwell's arrest – with blowups, photographs, soundbites, inflammatory language, and strategic pauses to get the most impactful photo opportunity, all designed to stir up the press, inflame the passions of the public, and prejudice the potential jury against Ms. Maxwell. And it worked. The Government's press conference was one of, if not the most, covered Government's press conferences in U.S. history. The Government's complaint about an Op-Ed that discusses the legal impact of the *Cosby* decision is the definition of chutzpah.



*Then-U.S. Attorney conducting a press conference on the arrest of Ms. Maxwell with visual aides*

The Government did not stop with the unjust press conference. It has continued to inflame the press with inappropriate and untruthful statements, thinking that

---

[7] In any event, Rule 23.1(h), which the Government cites as the authority to issue a "special order" here, is actually better viewed as concerned with the rights of the accused than the Government. *See* Rule 23.1(h) ("The Court, on motion of either party or on its own motion, may issue a special order governing such matters as extrajudicial statements by parties and witnesses **likely to interfere with the rights of the accused** to a fair trial by an impartial jury….") (emphasis added).

Page 7

because it is doing so in pleadings, it is not crossing the line in the local rules. For example, the Government filed in a public pleading that Ms. Maxwell was vaccinated while at MDC. (Dkt. No. 196). There was no valid reason for saying this at all, let alone in a public pleading. (Imagine if the defense publicly filed medical information about one of the accusers). But it believed that it could legally speak to the media in such a fashion.

The Government also falsely claimed that Ms. Maxwell had an "eye mask" and that she was responsible for the stench in her cell. *Id.* Both claims were proven to be untrue. She has never been provided an eye mask and the stench in her cell is caused by a sewage problem in the jail, which has been well-documented by other inmates and judges. But the damage was done. The media went into a feeding frenzy, reporting the false Government statements and ignoring the truth when it came out. As Mark Twain said, "a lie can travel halfway around the world while the truth is still putting on its shoes." The Government's responsibility for the fair administration of justice commands it to foster a realignment of the scales.

The Government's request should be denied because (1) undersigned counsel does not currently represent Ms. Maxwell, and (2) the Op-Ed did not violate the local rules.

                                                            Sincerely,

                                                             /s/ David Oscar Markus
                                                             David Oscar Markus