UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/30/21
```

United States of America,

–v–

Ghislaine Maxwell,

                    Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

The Government has moved for an order requiring David Markus to comply with Local Criminal Rule 23.1 following an op-ed that he authored opining on the merits of this pending case. Dkt. No. 309.

Mr. Markus is plainly a lawyer associated with the defense in this case. His formal representation has involved handling at least one pre-trial issue for Ms. Maxwell—in particular, appeals to the Second Circuit of this Court's bail-denial determinations. Dkt. No. 173; *see also United States v. Maxwell*, Nos. 21-58-cr(L), 21-770-cr (2d Cir.). Beyond that, he has held himself out as Ms. Maxwell's attorney in press related to the current trial stage, including in the op-ed at issue in the Government's letter application, which describes him as "Maxwell's appellate counsel." He has also attended a proceeding in this matter and spoken on Ms. Maxwell's behalf to the press afterwards while identified as Ms. Maxwell's attorney. *See* Stephen Rex Brown, *Ghislaine Maxwell Makes First In-Person NYC Court Appearance*, N.Y. Daily News (Apr. 23, 2021), https://www.nydailynews.com/new-york/ny-ghislaine-maxwell-arraignment-20210423-b3aza5eh7bddna7r247px2yb7e-story.html.

Nevertheless Mr. Markus argues that he is not subject to Rule 23.1 because he does not currently represent Ms. Maxwell in any proceedings and has not made an appearance in this

Court. Dkt. No. 314. Rule 23.1 is not so superficial nor easily circumvented. Nothing in the rule limits its application to lawyers who have formally noticed an appearance. To the contrary, as the text throughout the rule makes clear, it applies to statements made by lawyers (and others) "associated" with "pending or imminent criminal litigation." S.D.N.Y. Local Criminal Rule 23.1(a) (last updated Oct. 29, 2018); *see also* Rule 23.1(b) ("a lawyer participating in or associated with the investigation"); Rule 23.1(c) ("lawyer or law firm associated with the prosecution or defense"). An attorney need not be of record in order to be sufficiently "associated" with a case as to justify application of disciplinary rules regarding extrajudicial statements. Lawyers who have not filed a formal notice of appearance may still possess information that lends a perception by the public that their remarks on a pending case hold greater authority. *See In re Hinds*, 449 A.2d 483, 496 (N.J. 1982); *see also People v. Buttafuoco*, 599 N.Y.S.2d 419 (Nassau Cty. Ct. 1993).

Such is the case with Mr. Markus's role in the pending matter. As noted, Mr. Markus has attended a proceeding in this Court, after which he spoke to the press on Ms. Maxwell's behalf. He has represented Ms. Maxwell on appeals of this Court's pre-trial bail determinations. Moreover, Mr. Markus has identified himself as Ms. Maxwell's appellate lawyer in a published op-ed discussing his opinion of the merits of this case. These facts mean that the public, which includes potential jurors, may perceive Mr. Markus as an authoritative source of information regarding the pending matter and may readily consider his remarks to be accurate and reliable. Mr. Markus is therefore ORDERED to comply with Local Criminal Rule 23.1.

The Government does not ask the Court to discipline Mr. Markus based on his op-ed and the Court declines to consider whether it violated Rule 23.1 given the potential lack of clarity with respect to whether Mr. Markus was bound by the rule. The Court emphasizes that the rule

provides illustrative examples of statements that "presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice within the meaning of the rule." S.D.N.Y. Local Criminal Rule 23(d).

Going forward, Mr. Markus and all lawyers associated with the pending case are now clearly on notice that their conduct falls under the purview of Local Criminal Rule 23.1. Indeed, the above concerns do not apply only to Mr. Markus. This Court has previously noted that "counsel[,] agents for the parties and counsel for potential witnesses" must take care to "protect the Defendant's right to a fair trial by an impartial jury." Dkt. No. 28. This Court is cognizant that criminal matters heading toward trial are especially sensitive to extrajudicial statements. All those associated with this case must act to ensure the case is tried solely in court or else they risk being deemed responsible for any trial delay or for undermining the integrity of the upcoming trial. *See* S.D.N.Y. Local Criminal Rule 23.1(h). In addition to the impact it could have on this matter, failure to comply could also result in attorney discipline. *Id.* Rule 23.1(i).

SO ORDERED.

Dated: July 30, 2021
  New York, New York

_____
ALISON J. NATHAN
United States District Judge