UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/21
```

```
United States of America,

              –v–

Ghislaine Maxwell,

                        Defendant.
```

20-cr-330 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

On April 16, 2021, the Court issued an Opinion & Order granting in part and denying in part Ghislaine Maxwell's various pretrial motions seeking to dismiss portions of the Government's (S1) superseding indictment and compel discovery. Prior to the issuance of that Opinion & Order but after the motions were fully briefed, a grand jury returned a second (S2) superseding indictment adding a sex trafficking count and sex trafficking conspiracy count. The Court did not address the new charges in the April 16, 2021 Opinion & Order. On May 25, 2021, Maxwell filed another round of pretrial motions seeking to dismiss the S2 indictment in whole or in part and to compel discovery. Dkt. No. 292, 293. For appeal preservation purposes or otherwise, the arguments largely, though not entirely, rehash the positions rejected by the Court in its April 16, 2021 Opinion & Order. To the extent new arguments are made, they are addressed below. All pending motions are DENIED. The Court provides a brief summary of its conclusions here and its reasoning on the pages that follow:

- Maxwell moves to dismiss counts one, three, five, and six as barred by Jeffrey Epstein's non-prosecution agreement. The Court again concludes, as it did in its April 16, 2021 Opinion & Order, that the agreement does not bind the United States Attorney for the Southern District of New York.

- Maxwell moves to dismiss counts five and six on the grounds that prosecuting her on those counts would violate her rights under the Double Jeopardy Clause.  The Court concludes that Maxwell has not previously been put in jeopardy for these offenses and therefore her prosecution on these counts does not violate the Double Jeopardy Clause.

- Maxwell moves to dismiss counts five and six as untimely.  The Court again concludes, as it did in its April 16, 2021 Opinion & Order, that the Government brought the charges within the applicable statute of limitations.

- Maxwell moves to dismiss count five and either count one or count three as multiplicitous.  The Court again determines, as it did in its April 16, 2021 Opinion & Order, that this motion is premature and denies it without prejudice for renewal at trial.

- Maxwell moves to dismiss the S2 indictment for pre-indictment delay.  The Court again concludes, as it did in its April 16, 2021 Opinion & Order, that Maxwell has not established that she suffered prejudice and therefore any delay has not violated her rights to due process.

- Maxwell moves for a bill of particulars related to counts five and six because they are too vague, and in particular do not provide specific dates.  The Court again concludes, as it did in its April 16, 2021 Opinion & Order, that the charges are sufficiently specific.

- Maxwell moves to compel the Government to produce the statements of "Minor-Victim 4" in the S2 indictment as *Brady* material.  The Court concludes that the current disclosure schedule gives Maxwell sufficient time to make effective use of any such statements and therefore immediate disclosure is not warranted.

I.    **Jeffrey Epstein's non-prosecution agreement does not bar the charges in the S2 indictment**

In its April 16, 2021 Opinion & Order on Maxwell's first set of pretrial motions, the

Court held that the non-prosecution agreement ("NPA") between Jeffrey Epstein and the U.S.

Attorney's Office for the Southern District of Florida did not bar the charges against Maxwell in

the S1 superseding indictment.  *See United States v. Maxwell*, No. 20-cr-330 (AJN), 2021 WL

1518675, at *2 (S.D.N.Y. Apr. 16, 2021).  Maxwell now renews those arguments for the charges

in the S2 superseding indictment.  The Court understands the primary purpose of Maxwell's

renewed motion to be to preserve these arguments for appellate review, and the Court denies the

renewed motion for substantially the same reasons set forth in its April 16 opinion.  The Court

will proceed to briefly explain why neither the new charges in the S2 superseding indictment nor

the supplemental authority Maxwell cites change the Court's conclusion that the NPA does not

bar the charges against her.

As the Court explained in its April 16, 2021 Opinion & Order, the Second Circuit held in

*United States v. Annabi* that "[a] plea agreement binds only the office of the United States

Attorney for the district in which the plea is entered unless it affirmatively appears that the

agreement contemplates a broader restriction."  771 F.2d 670, 672 (2d Cir. 1985) (per curiam).

The Second Circuit's opinion in *Annabi* is clear, and that court has followed it steadfastly since.

*See, e.g.*, *United States v. Gonzalez*, 93 F. App'x 268, 270 (2d Cir. 2004); *United States v.*

*Brown*, No. 99-1230(L), 2002 WL 34244994, at *2 (2d Cir. Apr. 26, 2002); *United States v.*

*Salameh*, 152 F.3d 88, 120 (2d Cir. 1998) (per curiam); *United States v. Rivera*, 844 F.2d 916,

923 (2d Cir. 1988).  The Second Circuit has held that language nearly identical to that in

Epstein's NPA is not enough to overcome the presumption in favor of single-district plea

agreements.  *See Salameh*, 152 F.3d at 120.  Adhering to this binding authority, this Court thus

concluded (and continues to conclude) that the NPA does not bind the U.S. Attorney's Office for

the Southern District of New York.  It thus provides Maxwell no defense in this case even if it

would otherwise cover the conduct charged in the new counts in the S2 superseding indictment.

Maxwell advances two new arguments for why the Court should depart from this

reasoning—the first in her renewed motion and the second in a letter of supplemental authority.

*See* Dkt. Nos. 293, 310.  In her renewed motion, she contends that *Annabi* contains an exception

for out-of-district prosecutions for charges that are "identical to the dismissed charges."  And in

the letter of supplemental authority, she contends that the opinion of the Pennsylvania Supreme

Court in *Commonwealth v. Cosby*, No. 39 MAP 2020, 2021 WL 2674380 (Pa. June 30, 2021), requires dismissal.  Neither argument is persuasive.

*Annabi* contains no exception for out-of-district prosecutions for charges that are "identical to the dismissed charges."  In the language Maxwell cites from *Annabi*, the Second Circuit discussed (and rejected) a claim based on the Double Jeopardy Clause, not a claim based on the plea agreement in that case.  *See Annabi*, 771 F.2d at 672.  In that section of the opinion, the Second Circuit held that even if the charges had been identical to the dismissed charges, the defendants' double jeopardy claims would fail because they were never in jeopardy on the charges that were dismissed under the plea agreement.  Nothing in *Annabi* suggests that the presumption in favor of single-district plea agreements does not apply if later charges in another district are sufficiently "identical" to the dismissed ones, and no subsequent Second Circuit case applying *Annabi* has so held.  *Annabi* applies squarely to the facts of this case and binds this Court.

The Court also disagrees that *Cosby* mandates a different result.  To begin with, this Court must follow the precedential opinions of the Second Circuit on questions of federal law, not those of a state court.  Thus, nothing in *Cosby* could change this Court's view that Second Circuit precedent in *Annabi* forecloses Maxwell's arguments related to the NPA.  In any event, the state court in *Cosby* did not purport to decide the same federal question at issue here.  In *Cosby*, the court held that it was unfair for a district attorney to proceed with charges against Bill Cosby after the district attorney's office had, in that court's view of the facts, unequivocally promised that it would not charge him.  *Cosby*, 2021 WL 2674380, at *34.  That case did not involve a question of whether one office's promise bound another, much less whether a plea agreement in one federal district should be construed to apply in another district.  Instead, the

case focused on whether prosecutors were required to honor a promise that the court found to be clear in the absence of a formal plea agreement.  Even if this Court agreed with the analysis in *Cosby*, that opinion sheds no light on the proper interpretation of the NPA in this case.

After considering the arguments in Maxwell's renewed motion and letter of supplemental authority, the Court's view remains unchanged from its April 16, 2021 Opinion & Order.  Under Second Circuit precedent, the NPA does not bind the U.S. Attorney for the Southern District of New York.  It thus does not bar the charges in the S2 superseding indictment.

## II.  This prosecution does not violate the prohibition against double jeopardy

The Double Jeopardy Clause provides that "[n]o person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  "This protection applies both to successive punishments and to successive prosecutions for the same criminal offense."  *United States v. Dixon*, 509 U.S. 688, 696 (1993).  "A defendant may only raise a Double Jeopardy claim if he has been put in jeopardy (*i.e.* jeopardy has 'attached') sometime before the alleged 'second' prosecution."  *United States v. Podde*, 105 F.3d 813, 816 (2d Cir. 1997).  A defendant is put in jeopardy when the jury in their case is empaneled or upon the defendant's entry of a guilty plea.  *Crist v. Bretz*, 437 U.S. 28, 35 (1978); *Morris v. Reynolds*, 264 F.3d 38, 49 (2d Cir. 2001).  Until then, a defendant has not been put in jeopardy and the Government is free to commence a prosecution.

Maxwell has not previously been put in jeopardy for the offenses charged in this case. She concededly has not been punished or prosecuted for any prior offense.  She was never charged in the Southern District of Florida in connection with the Epstein investigation.  She agreed to nothing in Epstein's NPA, because she was not a party to it.  She suffered no criminal consequences as a result of Epstein's guilty plea in Florida state court.  To the contrary, there is

5

no indication that Maxwell was even a subject of the Florida investigation. The Double Jeopardy Clause bars only successive prosecution or punishment for the same offense, and Maxwell has endured neither. Thus, the Double Jeopardy Clause does not bar the charges against her.

Despite facing no prior prosecution or punishment herself, Maxwell contends that she is immune from prosecution because Epstein was already punished for the same conspiracy. The cases she cites, however, deal with successive prosecutions of a particular defendant for the same conspiracy, not separate prosecutions of individual co-conspirators. *See, e.g.*, *United States v. Lopez*, 356 F.3d 463, 469 (2d Cir. 2004). The Double Jeopardy Clause does not require all co-conspirators be tried together for related offenses. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Hinton*, 543 F.2d 1002, 1014 (2d Cir. 1976). Whether the Government could have charged Epstein again in this case has nothing to do with Maxwell's rights under the Double Jeopardy Clause.

Maxwell finally points to one case in which the Second Circuit held that a subsequent prosecution might not be permissible against a defendant whose charges were dismissed after her husband pleaded guilty. Dkt. No. 293 at 19 (citing *United States v. Cambindo Valencia*, 609 F.2d 603 (2d Cir. 1979)). However, the Court agrees with the Government that the result in *Cambindo Valencia* rested on the terms of the husband's plea agreement, not the Double Jeopardy Clause. *See Cambindo Valencia*, 609 F.2d at 638. No precedent stands for the proposition that an uncharged co-conspirator is put in jeopardy when another co-conspirator accepts a non-prosecution agreement. This is the first case in which Maxwell will be put in jeopardy for these offenses, and so this prosecution does not put her in jeopardy a second time.

### III.   Counts five and six are not time-barred

For most non-capital offenses, the statute of limitations under federal law is five years. 18 U.S.C. § 3282(a).  Congress has enacted longer limitations periods for certain crimes, in particular for "offense[s] involving the sexual or physical abuse, or kidnapping" of a minor in 18 U.S.C. § 3283.  Prior to 2003, the limitations period in § 3283 lasted until the victim reached the age of 25, and then Congress extended the limitations period to the life of the victim with the PROTECT Act of 2003, Pub. L. No. 108-21, 117 Stat 60.  In 2006, Congress enacted 18 U.S.C. § 3299, which eliminated the statute of limitations for the sex trafficking of minors in violation of 18 U.S.C. § 1591 and for some other sex crimes.  *See* 18 U.S.C. § 3299 ("Notwithstanding any other law, an indictment may be found or an information instituted at any time without limitation for any offense under . . . section 1591.").

In her previous motion, Maxwell argued that the Mann Act charges against her in the indictment were time-barred on the grounds that the extended limitations period § 3283 was not applicable.  The Court denied that motion in its April 16, 2021 Opinion & Order.  *Maxwell*, 2021 WL 1518675, at *5.  Maxwell now argues that the new charges the Government has brought against her in the S2 indictment, Sex Trafficking Conspiracy (18 U.S.C. § 371) and Sex Trafficking (18 U.S.C. § 1591), are time-barred as well because § 3283 does not apply to those offenses either.   She renews her contention from her previous motion that the limitations period in § 3283 only applies to offenses which "necessarily entail" the sexual abuse of a minor and argues that a violation of 18 U.S.C. § 1591 does not.  Thus, according to Maxwell's reasoning, the general five-year statute of limitations period in 18 U.S.C. § 3282(a) applies to the sex trafficking counts and, because the alleged conduct occurred from 2001 to 2004, the Government is now time-barred for prosecuting her for these offenses.

The Court denies this motion for substantially similar reasons as those discussed in its April 16, 2021 Opinion & Order.  As an initial matter, the Court reiterates that Maxwell's analysis of § 3283 is incorrect.  As the Court explained, § 3283 does not call for a "categorical approach" nor an "essential ingredient" test, but instead requires that the defendant's conduct in that particular case involved the sexual abuse of a minor.  *Maxwell*, 2021 WL 1518675 at \*5-7.  Here, there is no question that Maxwell is alleged to have engaged in activity that constitutes the sexual abuse of a minor with respect to the sex trafficking counts.

But in any event, as the Government pointed out in its brief – and as Maxwell did not contest in her reply – § 3283 is not the only statute of limitations that applies to the sex trafficking counts.  As discussed above, in 2006, Congress enacted § 3299 to eliminate altogether the limitations period for the offense of sex trafficking children in violation of § 1591.  *See* 18 U.S.C. § 3299.

Moreover, while the alleged sex trafficking in the S2 indictment is alleged to have occurred prior to the enactment of § 3299 in 2006, the Court holds that the provision nonetheless applies retroactively to cover that conduct.  In its April 16, 2021 Opinion & Order, the Court analyzed § 3283 under the *Landgraf v. USA Film Products*, 511 U.S. 244, 280 (1994) framework and concluded that the limitations period applied retroactively so long as the previous limitations period had not yet expired.  *Maxwell*, 2021 WL 1518675, at \*7-8.  Similar to § 3283, which states that "[n]o statute of limitations that would otherwise preclude prosecution" shall apply, the language of § 3299 provides that an indictment may be instituted at any time for certain offenses "[n]otwithstanding any other law."  As discussed in the Court's previous opinion with respect to § 3283, this kind of language unambiguously requires that the limitations period apply retroactively to prosecutions for offenses committed before the date of enactment so long as the

applicable limitations period has not yet run – offenses that *by definition* are those for which

"other law[s]" of limitation would otherwise bar prosecution.  *See* 18 U.S.C. § 3299.  Moreover,

as the Court also explained, not only does this kind of language unambiguously require

retroactivity, it also does not result in any impermissible retroactive effects so long as it does not

revive time-barred claims.  *Maxwell*, 2021 WL 1518675, at *7-8.  The Court therefore joins

multiple other district courts in concluding that, like § 3283, § 3299 applies retroactively to

offenses for which the previous limitations period has not yet run.  *See United States v. Nader,*

425 F. Supp. 3d 619, 629 (E.D. Va. 2019); *United States v. Pierre-Louis*, No. 16 CR 541 (CM),

2018 WL 4043140, at *6 (S.D.N.Y. Aug. 9, 2018); *United States v. Vickers*, No. 13-CR-128-A,

2014 WL 1838255, at *8 (W.D.N.Y. May 8, 2014); *United States v. Sensi*, No. 3:08-CR-253

(WWE), 2010 WL 2351484, at *3 (D. Conn. June 7, 2010).

The sex trafficking charges are therefore not time-barred.  Regardless of whether it was

the general five-year limitations period in § 3282(a) or the extended limitations period for sexual

abuse of minors in § 3283 that was applicable to Maxwell's alleged conduct *prior* to the

enactment of § 3299 in 2006, neither had expired by that date.  Thus, as Maxwell does not

contest, § 3299 applies retroactively to the sex trafficking offenses in the indictment and the

Government is permitted to bring those charges without time limitation.

IV.    **Maxwell's motion to dismiss count five and either count one or count three as multiplicitous is premature**

In her previous motions, Maxwell argued that either count one or count three of the S1

indictment, the Mann Act conspiracy charges, must be dismissed because the counts are

multiplicitous.  In the Court's April 16, 2021 Opinion & Order, the Court joined many other

courts in this Circuit holding that pretrial motions of this sort are premature in light of *United*

*States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006), and the Court dismissed without

prejudice. *Maxwell*, 2021 WL 1518675, at *14. In the instant motion, Maxwell similarly argues that count five of the S2 indictment, the sex trafficking conspiracy charge, is duplicative of either counts one or three. Maxwell's motion is denied without prejudice for the reasons stated in the Court's April 16, 2021 Opinion & Order.

## V.    The Government's delay in bringing the charges did not violate due process

Maxwell also renews her motion to dismiss the S2 indictment based on alleged improper pretrial delay. In its April 16, 2021 Opinion & Order, the Court denied Maxwell's motion, concluding that her efforts to show actual and substantial prejudice fell far short of the "stringent standard" necessary to prevail on such a claim. *Maxwell*, 2021 WL 1518675, at *9. Maxwell's motion to dismiss the S2 on these grounds fails for the same reasons. As before, nothing in the record indicates that the Government's delay in bringing these charges was designed to thwart Maxwell's ability to prepare a defense. However, it is sufficient to conclude that Maxwell does not make the strong showing of prejudice required to support this sort of claim. Maxwell contends that the Government's delay in bringing charges has prejudiced her interests because potential witnesses have died, others have forgotten, and records have been lost or destroyed. It is highly speculative that any of these factors would make a substantial difference in her case.

The Court thus again concludes for the reasons stated in the April 16, 2021 Opinion & Order, that Maxwell has failed to establish actual prejudice from the Government's delay in bringing charges. She may renew her motion if the factual record at trial shows otherwise. On the present record, neither the applicable statute of limitations nor due process bars the charges here.

**VI.     No bill of particulars is warranted**

Maxwell moves for a bill of particulars as to counts five and six.  Federal Rule of

Criminal Procedure 7 requires that an indictment contain "a plain, concise, and definite written

statement of the essential facts constituting the offense charged[.]"  The indictment must be

specific enough to inform the defendant of the charges and allow the defendant to plead double

jeopardy in a later prosecution based on the same events.  *See United States v. Stavroulakis*, 952

F.2d 686, 693 (2d Cir. 1992).  "Under this test, an indictment need do little more than to track the

language of the statute charged and state the time and place (in approximate terms) of the alleged

crime."  *United States. v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975).

"Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill

of particulars in order to identify with sufficient particularity the nature of the charge pending

against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose

a plea of double jeopardy should he be prosecuted a second time for the same offense."  *United*

*States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).  "The purpose of a bill of particulars is to

supplement the allegations in the indictment when necessary to (1) enable the defendant to

prepare his defense, (2) avoid unfair surprise to the defendant at trial, and (3) preclude a second

prosecution of the same offense." *United States v. Mandell*, 710 F. Supp. 2d 368, 384 (S.D.N.Y.

2010)).  On the other hand, the Court must balance these interests against the harm to the

Government from restricting its proof at trial.  *See United States v. Rajaratnam*, No. 09-cr-1184

(RJH), 2010 WL 2788168, at *1 (S.D.N.Y. Jul. 13, 2010).

In her previous motions, Maxwell argued that the Mann Act counts in the indictment

should be dismissed for lack of specificity or that, in the alternative, the Court should compel the

Government to submit a bill of particulars providing greater detail of the charges.  Maxwell

contended specifically that the indictment is too vague because it refers to open-ended time periods for the Mann Act counts.  The Court disagreed in light of Circuit precedent requiring only that an indictment describe the time and place of the charged conduct in "approximate terms" and permitting the use of "on or about" language to describe the window of when a violation occurred.  *Maxwell*, 2021 WL 1518675, at *10 (citing *Tramunti*, 513 F.2d at 1113; *United States v. Nersesian*, 824 F.2d 1294, 1323 (2d Cir. 1987)).  The Court explained that approximate time periods are particularly appropriate if the allegations involved ongoing conduct and especially if the indictment alleges sexual abuse against minor victims.  *Id.* (citing *United States v. Young*, No. 08-cr-285 (KMK), 2008 WL 4178190, at *2 (S.D.N.Y. Sept. 4, 2008)).

Maxwell now again moves for a bill of particulars.  Maxwell primarily argues that the S2 indictment does not provide specific dates for the conduct alleged with respect to the sex trafficking counts.  Instead, the S2 indictment provides a four-year time period from 2001 to 2004 in which the alleged sex trafficking and sex trafficking conspiracy occurred.  Maxwell's motion in this respect is denied for the same reasons stated in the Court's April 16, 2021 Opinion & Order.  The indictment alleges ongoing conduct that involve the sexual abuse of minors with respect to counts five and six and therefore the approximate time period provided is sufficient. Accordingly, the motion for a bill of particulars is denied.[1]

## VII.  The current disclosure schedule for impeachment material is adequate

Finally, Maxwell moves to compel the immediate disclosure of any of Minor Victim's prior statements in which she did not mention Maxwell, including prior statements made to the

---

[1] Additionally, Maxwell includes in her motion for a bill of particulars a request to require the government to identify the unnamed co-conspirators who allegedly participated in the conspiracies charged in the S2 indictment.  Maxwell also made this request in the parties' joint May 21, 2021 letter to the Court regarding the disclosure schedule.  Dkt. No. 291.  In both her motion and the May 21, 2021 letter, Maxwell requests that this information be disclosed to the defense at the same time that the Government discloses Jencks Act material.  The Government has not opposed this request.  In the absence

FBI.  The Court has ordered the Government to disclose all Jencks Act and *Giglio* material by

October 11, 2021.  Dkt. No. 297 at 1.  That date is seven weeks in advance of trial.  The Court

sees no reason to depart from the rule in this district that impeachment material of anticipated

witnesses does not warrant an order compelling immediate disclosure.  *See United States v.*

*Campo Flores*, No. 15 Cr. 765 (PAC), 2016 WL 5946472, at *11 (S.D.N.Y. Oct. 12, 2016).

Seven weeks in advance of trial is far more time than is standard in this district and no showing

has been made that it will be insufficient for Maxwell to make effective use of the information in

preparation of her defense.

   To the extent Maxwell argues that the Government is in possession of prior statements

that are exculpatory under *Brady* (for example, if a witness denied Maxwell's involvement),

rather than useful only for standard impeachment purposes, it is of course the Government's

obligation to "disclose such information to the defense promptly after its existence becomes

known to the Government so that the defense may make effective use of the information in the

preparation of its case."  Dkt. 68 at 1.  The context of questions and answers surely matters as to

whether a statement (or omission) is exculpatory, impeaching, or neither.  It is for the

Government to make these assessments *ex ante* and fully meet its disclosure obligations so that

the defense may make effective use of any such information in preparation for trial.  *See United*

*States v. Coppa*, 267 F.3d 132, 144-46 (2d Cir. 2001).  The Government has repeatedly

confirmed that it understands those obligations, and that it has met them and will continue to

meet them.  Accordingly, the motion to compel the immediate disclosure of any of Minor

Victim-4's prior statements in which she did not mention Maxwell is denied.

---

of objection, the Court presumes the Government intends to disclose this information to Maxwell at the
same time that as it discloses Jencks Act material.

**Conclusion**

For the reasons above and in this Court's April 16, 2021 Opinion & Order, the Court DENIES Maxwell's motion to obtain relief specified in her supplemental pre-trial motions relating to the S2 indictment.  This resolves Dkt. No. 292.


SO ORDERED.


Dated: August 13, 2021
     New York, New York

_____
ALISON J. NATHAN
United States District Judge