# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-912-9698 • Cell
888-587-4737 • Fax

225 Broadway, Suite 715
New York, NY 10007
bcsternheim@mac.com

August 18, 2021

Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Ghislaine Maxwell*
S2 20 Cr. 330 (AJN)

Dear Judge Nathan;

    I write to update the Court regarding MDC ongoing interference with attorney-client communication between Ghislaine Maxwell and her counsel.

    Since December 2019, video teleconferences ("VTCs") between Ms. Maxwell and her counsel have been conducted via defense counsel's WebEx platform. There were no problems with VTCs with the exception of when the MDC placed the VTC monitor inside a box with a screen, which severely impacted Ms. Maxwell's ability to see counsel and documents shown to her. That issue, which arose on June 14, 2021, was resolved between defense counsel and the MDC.

    However, on August 6, 2021, MDC Legal sent counsel an email stating that starting Monday (August 9th) we could no longer use defense counsel's WebEx platform for the VTCs, and instead had to use any of four Zoom access codes provided by the MDC. When questioned why the platform was being changed from WebEx to Zoom, MDC Legal stated the VTC platform was changed due to complaints made by Ms. Maxwell. Upon information and belief, the complaints concerned visual evidence that someone on MDC's end of the WebEx connection, other than Ms. Maxwell, appeared on the screen as a VTC participant called "NER/BRO," adjusted the volume during the VTC, and moved the viewing box used to view documents on the screen. During the past several weeks, interruption in Ms. Maxwell's VTC signal and bandwidth suggested that her connection was split, causing her VTC sessions to go in and out, and her screen often turned green and became blurry. No other participants experienced such disruption.

    When Ms. Maxwell raised these concerns to various staff members, no one seemed surprised. The fact that MDC immediately provided a "more secure" link (in their words) suggests there was some type of breach or interference with the attorney-client VTC which impinged upon confidentiality of privileged attorney-client communication and is placing an on-going chill on communication between Ms. Maxwell and her defense team.

    It is my understanding that the new MDC Zoom platform does not preclude third parties who have the access information to the Zoom "Courtrooms" from interfering (inadvertently or intentionally) with Ms. Maxwell's privileged communication. That concern manifested itself on August 12th when

LAW OFFICES OF BOBBI C. STERNHEIM

third parties accessed the Zoom room used by Ms. Maxwell and counsel. This breach was reported to, and I believe witnessed by, MDC staff, including an MDC technician named Leon who is tasked with dealing with Ms. Maxwell's electronics issues.

By email dated August 12th to MDC Legal, with government counsel copied, I reported that this purported breach severely impacts confidential privileged attorney-client communication and is especially concerning in this high-profile case. I requested that the VTC revert to the original WebEx platform controlled by defense counsel.

In an email response, dated August 13th, MDC Legal stated:

> There was a miscommunication on our end internally.  There was no
> breach.  The address provided was a very secure line, however, it was
> already one being used.    We are creating a line as secure as possible.
> We are hoping for this to be complete by the 9:30 scheduled call, but I
> cannot confirm it will be ready by then.

On August 16th, I again emailed MDC Legal, with government counsel copied, requesting clarification as to why the VTC is still not proceeding, as it did not on Friday, and renewed my request that VTCs be reinstated on defense counsel's WebEx platform because the substituted Zoom platform is not secure and seems to have caused cancellation of Ms. Maxwell's VTCs. I also informed MDC Legal, with government counsel copied, that during my in-person visit with Ms. Maxwell on Saturday, August 14th, both Ms. Maxwell and I were told we could not pass documents. This restriction frustrated and affected the productivity of a four-hour visit.

In a reply email later that day, MDC Legal stated:

> Please understand this is not a simple process and may take a few days.
> With that said you have had access to your client via telephone.
> Additionally, as you have had weekend visit on weekend with Ms. Maxwell,
> we can gladly arrange for the same on any day moving forward.
>
> As far as your weekend legal visit- the staff who did not allow the
> passing of legal documents have been informed of the appropriate
> instructions.

The restrictions placed on Ms. Maxwell, including limiting the quantity of legal documents she may bring to the VTC room or day room and the prohibition on review of documents during in-person legal conferences- coupled with problems with conducting confidential legal conference VTCs - has limited Ms. Maxwell's ability to prepare for trial. Legal calls do not suffice because we cannot share documents. For example, Ms. Maxwell received new discovery today and yet again a significant amount is not viewable on the hardware and software provided by the government. Because we cannot share documents, that discovery remains unviewable by Ms. Maxwell.  Further, ongoing delays in bringing Ms. Maxwell to the day room continue, which reduces the time she is permitted to work on her case and limitations

of the quantity of legal materials she is permitted to use during working session severely hamper her ability to prepare her defense for trial.

On August 17th, the third day without VTC for Ms. Maxwell and counsel, I told MDC Legal that the defense has reason to be concerned that VTCs between Ms. Maxwell and counsel may have been tape recorded by the MDC, a concern that accords with our belief that there has been inference with the VTCs on the MDC's end.  Notably, when Ms. Maxwell reported to MDC staff her concern that VTCs were being taped, she received no response.  Likewise, counsel have received no response from MDC Legal regarding this concern.

As of the writing of this letter, there has been no resumption of VTCs, and the MDC has provided no information.

Any interference by the MDC, BOP, or other government entity with confidential privileged communication between Ms. Maxwell and her counsel is a serious breach of BOP policy, professional ethics, ABA standards and a violation of Ms. Maxwell's constitutional rights.  Further, it is seriously impacting her ability to prepare for trial, a situation already compromised by the conditions of her detention.

Based on the foregoing, I request that the Court direct MDC Legal to show cause
- Why the VTC platform has been changed.
- Why resumption of VTCs has been delayed.
- Why VTCs cannot be reinstated on defense counsel's WebEx platform.

Further, it is requested that MDC legal provide a sworn statement regarding whether any VTCs between Ms. Maxwell and counsel have been interfered with, listened to, and/or recorded.

Your consideration is greatly appreciated.

Very truly yours,

/s/

BOBBI C. STERNHEIM

cc: All counsel