

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 18, 2021

**VIA ECF**
The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

     Re:   *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

     The Government respectfully submits this letter in response to footnote 1 of the Court's Opinion and Order denying the defendant Ghislaine Maxwell's supplemental pretrial motions. (Dkt. No. 317). In that footnote, the Court noted that the defendant's motion for a bill of particulars included a request that the Government identify her unnamed co-conspirators, as did her position in the parties' joint letter regarding the disclosure schedule. The Court wrote that, because the Government had not objected, it "presumes the Government intends to disclose this information to Maxwell at the same time that . . . it discloses Jencks Act material." (*Id.* at 12 n.1). To be clear, the Government objects to any requirement that it provide an exhaustive list of co-conspirators, whether in a bill of particulars or otherwise, and does not intend to do so absent further order of the Court.[1]

---

[1] The Government has opposed the defendant's requests for such a list as part of its opposition to the defense motions for a bill of particulars. In the parties' joint letter regarding the disclosure schedule, the defendant sought early disclosure of both the identities of unindicted co-conspirators and their statements. (Dkt. No. 291 at 7-8, 10-13). The Government took the position that the defense could "receive notice of any co-conspirator statements through Jencks Act materials and marked exhibits." (*Id.* at 5). The Government also noted that "[t]he cases cited by the defense all

Honorable Alison J. Nathan
August 18, 2021
Page 2

      The Government will produce Jencks Act material and its proposed exhibit list substantially in advance of trial, and respectfully submits that nothing more is required in this regard. Although it is not required to do so, the Government can state that—as of the date of this letter, and although the Government may change its view as it prepares for trial—it currently intends to introduce co-conspirator statements at trial from only two individuals, both of whom are specified in the S2 Indictment: Jeffrey Epstein and the employee of Epstein's referenced in paragraph 25(d) of the S2 Indictment. There is accordingly no significant risk that the defense will be surprised at trial by a profusion of co-conspirators and their statements, even if the Government identifies statements for use at trial from additional co-conspirators.

      In any event, there is no basis to require the Government to provide a bill of particulars containing an exhaustive list of unnamed co-conspirators. This Court has twice concluded that no bill of particulars is warranted because the defendant has adequate information to prepare for trial and avoid unfair surprise. (Dkt. No. 207 at 19-21; Dkt. No. 317 at 11-12). The same analysis applies to the defendant's request that the Government identify her unnamed co-conspirators. *See United States v. Murgio*, 209 F. Supp. 3d 698, 721 (S.D.N.Y. 2016) ("[C]ourts in this circuit frequently exercise their discretion to deny requests to identify co-conspirators through a bill of particulars."). The S2 Indictment already contains "more details than those strictly required." (Dkt. No. 207 at 20 (discussing the S1 Indictment)). The Government has provided the defendant with extensive discovery that she has largely had in her possession for months, and it will provide

---

involved orders granting bills of particulars requiring the Government to provide a list of all alleged coconspirators," and the Government had separately opposed the defense supplemental motion for a bill of particulars. (*Id.* at 5). In that motion, the defense requested the identities of co-conspirators in Count Five as part of its motion for a bill of particulars. (Dkt. No. 293 at 24). The Government opposed that motion, albeit without specific reference to the identities of co-conspirators. (Dkt. No. 295 at 17-20). The Government regrets any confusion on this point.

Honorable Alison J. Nathan
August 18, 2021
Page 3

witness statements in Jencks Act material and a proposed exhibit list seven weeks before trial—before motions *in limine* are due, and earlier than is typical in this district even in complex cases. Finally, given the nature of the conspiracy, the defendant is likely already aware of the identities of persons who could be considered to be co-conspirators. *See United States v. Ray*, No. 20 Cr. 110 (LJL), 2021 WL 3168250, at *5 (S.D.N.Y. July 27, 2021) ("This is not a case where a defendant is likely to be surprised by the identity of co-conspirators, whom he may never have met." (internal quotation marks and alterations omitted)).

By contrast, requiring the Government to identify a complete list of co-conspirators risks "harm to the Government from restricting its proof at trial." (Dkt. No. 317 at 11 (citing *United States v. Rajaratnam*, No. 09 Cr. 1184 (RJH), 2010 WL 2788168, at *1 (S.D.N.Y. Jul. 13, 2010)). Ordering the Government to provide a bill of particulars containing an exhaustive list of the defendant's uncharged co-conspirators when Jencks Act material is produced would require the Government to commit to a particular view of those co-conspirators and provide that preview of the Government's case to the defense seven weeks before trial. *See Rajaratnam*, 2010 WL 2788168, at *1 ("[A] bill of particulars confines the government's evidence at trial to the particulars furnished." (internal quotation marks omitted)). That is far more than is required by Rule 7(f). A defendant is "not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding a conspiracy." *Ray*, 2021 WL 3168250, at *6 (alteration and internal quotation marks omitted) (collecting cases).[2]

---

[2] The cases the defendant cites are inapposite. (Dkt. No. 291 at 11). *See United States v. Bin Laden*, 92 F. Supp. 2d 225, 241 (S.D.N.Y. 2000) (ordering the Government to identify alleged co-conspirators in a case that involved "at least 20" co-conspirators, many of whom used "several aliases and/or code names to conceal their identities," so it was difficult for defense counsel to "decipher the identities of alleged co-conspirators"); *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 303 (S.D.N.Y. 2018) (ordering the Government to confirm its representation that there

Insofar as the defendant claims that identification of uncharged co-conspirators is necessary for her to interpose objections to the admissibility of co-conspirator statements (Dkt. No. 291 at 10-11), such an argument "misunderstands the hearsay exception for the statements of co-conspirators." *Murgio*, 209 F. Supp. 3d at 722. The hearsay exception is "rooted in agency law and is not constrained by the text of an indictment." *Id.* Accordingly, a co-conspirator statement may be admissible even if the conspiracy is not one charged in the indictment. And if the Government is not required to charge a conspiracy in the indictment in order to introduce statements by the defendant's co-conspirators in that conspiracy, it surely cannot be required to provide a bill of particulars as to a conspiracy charged in the indictment for that same purpose. *See id.* at 723.

In sum, the Government respectfully submits that the Court should not require the Government to provide an exhaustive list of co-conspirators, whether in a bill of particulars or otherwise.

> Respectfully submitted,
>
> AUDREY STRAUSS
> United States Attorney
>
> By: _____/s/_____
> Alison Moe / Maurene Comey /
> Lara Pomerantz / Andrew Rohrbach
> Assistant United States Attorneys
> Southern District of New York
> Tel: (212) 637-2225

Cc: All counsel of record (by ECF)

---

were only two co-conspirators or identify any others, which would "meaningfully alter the nature of the charges"); *United States v. Akhavan*, No. 20 Cr. 188, 2020 WL 2555333, at *2 (S.D.N.Y. May 20, 2020) (ordering the Government to identify alleged co-conspirators who "represented several distinct organizations" over three years, "creat[ing] the possibility that different co-conspirators may have been involved at different times," presenting a high risk of surprise).