**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 23, 2021

**BY ECF**
The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

  The Government respectfully submits this letter pursuant to the Court's Order dated August 19, 2021 (Dkt. No. 321) directing the Government to confer with legal counsel at the Metropolitan Detention Center ("MDC") and to file a response to the defense's letter dated August 18, 2021 (Dkt. No. 319). The Government has conferred with legal counsel at the MDC, and this letter is based on information provided to the Government during that conferral.

  As the Court is aware, over the past several months, the defendant has been provided with five hours of video-teleconference ("VTC") calls with her attorneys every weekday. MDC legal counsel has assured the Government that no MDC staff members have interfered with, recorded, or otherwise listened to the defendant's VTC meetings with counsel.

  Previously, the defendant's VTC sessions with counsel were conducted over a WebEx connection generated by defense counsel. Recently, however, the MDC determined that the use of a VTC connection generated outside of the Bureau of Prisons ("BOP") system posed a security threat and could more easily be accessed by third parties than a VTC connection generated by the BOP itself. In order to address that security concern, the MDC provided its own BOP-generated VTC virtual room for the defendant and her attorneys to use.

On or about August 12, 2021, MDC IT staff assigned the defendant such a BOP-generated VTC virtual room for her to use with her attorneys. Due to an oversight by MDC IT staff, however, that same VTC virtual room had also been assigned for a different group's use at the same time as the defendant's VTC appointment. As a result of the inadvertent double-booking of the virtual room, the participants in both VTC meetings were logged into the room at the same time.

In order to ensure that such an issue does not occur again, MDC and BOP staff spent several days working to set up a unique VTC virtual room for the defendant's exclusive use on the BOP's system. That process was completed last week, and the defendant's VTC meetings with counsel resumed on or about August 20, 2021 using a unique VTC virtual room. MDC staff assess that this VTC virtual room on the BOP's system is more secure than a WebEx link generated by defense counsel and will be exclusively for the defendant's use, such that no other meeting will overlap with the defendant within the virtual room. Now that this unique VTC virtual room is ready for use, the defendant's regularly scheduled VTCs with counsel have resumed for five hours every weekday. Even during the temporary unavailability of VTCs, however, the defendant still had regular access to counsel both over the phone and through in-person meetings at the MDC, during which the defendant and counsel may review documents together. As noted in MDC legal counsel's August 14, 2021 email to defense counsel, (*see* Dkt. No. 319 at 2), such phone calls and in-person visits with counsel are available every weekday.[1]

During VTCs with her attorneys, the defendant is currently permitted to bring any legal

---

[1] The defense letter references certain discovery materials that the defendant has recently had difficulty accessing. Defense counsel has not informed the Government which discovery materials are the source of this issue, but the Government remains available to address any specific issues the defendant may have reviewing her discovery should the defense wish to seek assistance from the undersigned. Otherwise, the Government understands that the defendant has worked with her attorneys and MDC IT staff to address technical issues with discovery materials as needed.

materials she can carry into the VTC room. Previously, the defendant was permitted to bring a cart full of legal materials into the VTC room for meetings with defense counsel; however, the defendant used that cart to barricade the door to the VTC room, thereby preventing MDC staff from being able to access the room. Because of the security threat posed by the use of the cart to barricade the door to the VTC room, the defendant is no longer permitted to bring the cart into the room. Instead, the defendant may bring whatever materials she can carry into the room, and if she needs other materials during a particular meeting with counsel, she may leave the VTC room, retrieve those materials by hand, and then return to her meeting with counsel. With respect to in-person meetings, as noted in MDC legal counsel's August 14, 2021 email to defense counsel (*see* Dkt. No. 319 at 2), MDC staff have been instructed that the defendant and defense counsel should be allowed to pass documents to each other and review materials together during in-person visits.

      Should the Court have any questions or require any additional details regarding this topic, the Government will promptly provide additional information.

      Respectfully submitted,

      AUDREY STRAUSS
      United States Attorney

By: _____
      Maurene Comey / Alison Moe
      Lara Pomerantz / Andrew Rohrbach
      Assistant United States Attorneys
      Southern District of New York
      Tel: (212) 637-2324

Cc: All Counsel of Record (By ECF)