

**Haddon, Morgan and Foreman,** P.C
**Jeffrey Pagliuca**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

August 30, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    Response to Government Letter dated August 18, 2021, Dkt. 320, *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

I write in response to the government's letter dated August 18, 2021, Dkt. 320, which raises two issues.[1]

**Identities of Co-Conspirators**

The government first attempts to walk back its multiple concessions regarding disclosure of the identities of the unnamed co-conspirators alleged in the S2 indictment.

As this Court noted, Ms. Maxwell has on at least two occasions requested such disclosure. Dkt. 317 at 12 n.1 (citing Dkt. 291 and Dkt. 293). Only after this Court ordered disclosure of the identities of the unnamed co-conspirators alleged in the S2 indictment did the government finally object. The government's objection comes too late.

---

[1] As directed by the Court, on August 24 the parties conferred about the government's letter, but they were unable to reach an agreement on the government's requests for reconsideration.

The Honorable Alison J. Nathan
August 30, 2021
Page 2

The government's objection is, in substance, a motion to reconsider. "There is 'no specific rule, either in the Federal Rules of Criminal Procedure or in this district's local criminal rules that provide for reconsideration of a ruling in a criminal matter.'" *United States v. Okparaeke*, No. 17-CR-225 (NSR), 2019 WL 4233427, at *2 (S.D.N.Y. Sept. 6, 2019) (quoting *United States v. Cartagena*, No. 10 Cr. 222-2, 2012 WL 2958175, at *1 (S.D.N.Y. July 20, 2012)). Even so, courts have discretion to reconsider prior rulings in criminal cases when the moving party can point to "controlling law or factual matters which it believes the court overlooked and that might reasonably be expected to alter the court's decision." *United States v. Berger*, 188 F. Supp. 2d 307, 328-39 (S.D.N.Y. 2002).

But "[t]he standard for granting a motion for reconsideration 'is strict.'" *Farmer v. United States*, No. 12-CR-758/15-cv-6287 (AJN), 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). That's because "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed in the interests of finality and conservation of scarce judicial resources.'" *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

The government cannot show extraordinary circumstances here. The government twice had notice of Ms. Maxwell's request for disclosure, and the government twice chose not to object. The government cannot use a motion to reconsider to save itself from the consequences of its deliberate decisions. "[A] losing party" is not permitted to "examin[e] a decision and then plug[] in the gaps of a lost motion with additional matters." *Berger*, 188 F. Supp. 2d at 339. Because that is exactly what the government is attempting to do, this Court should deny the government's request. Ms. Maxwell is entitled to the disclosure this Court ordered.

The Honorable Alison J. Nathan
August 30, 2021
Page 3

**Co-Conspirator Statements**

The government's letter raises a second issue—disclosure of the purported co-conspirator statements it intends to offer at trial. The government says that, at least as of August 18, it intends to seek admission of co-conspirator statements from only two individuals: Jeffrey Epstein and the employee of Epstein's referenced in paragraph 25(d) of the S2 Indictment. Dkt. 320 at 2. But the government also hedges, allowing for the possibility that it might identify "statements for use at trial from additional co-conspirators." *Id.*

Both in its August 18 letter and during an August 24 conferral call, the government took the position that it has no obligation to identify the specific statements it intends to offer under Federal Rule of Evidence 801(d)(2)(E). The government told defense counsel that Ms. Maxwell could glean what statements might be offered from the government's witness list and exhibit list, once those lists are disclosed on October 11.

This Court has already resolved this matter, and the government's position is another improper attempt to obtain reconsideration.

After conferral, the parties spelled out their positions with respect to the disclosure of co-conspirator statements and the identities of co-conspirators. Dkt. 291 at 5, 8-9. On June 2, this Court ordered the government to disclose "co-conspirator statements" no later than October 11. Dkt. 297 at 1. In the same order, the Court additionally ordered the government to disclose its witness list and proposed exhibit list, also by October 11. *Id.* The Court then ordered the parties to file their motions in limine by October 18 and responses by November 1.[2]

---

[2] The *in limine* response date since has been advanced to October 25, 2021. Dkt. 330.

The Honorable Alison J. Nathan
August 30, 2021
Page 4

If disclosure of the witness and exhibit lists were by themselves sufficient to give Ms. Maxwell notice of the specific co-conspirator statements the government intends to admit at trial, this Court would not have separately ordered the government to disclose "co-conspirator statements." *Id.* But that's not what the Court did.

There are very good reasons for this. This Court serves as a gatekeeper to the admission of alleged co-conspirator statements. The Supreme Court's decision in *Bourjaily v. United States* requires the Court to determine, by a preponderance of the evidence, whether statements of a co-conspirator are admissible under Rule 801(d)(2)(E). 483 U.S. 171, 175-76 (1987). In making this determination, the Court must find that a conspiracy existed, that its members included the declarant and the party against whom the statement is offered, and that the statement was made during the course of and in furtherance of the conspiracy. *Bourjaily*, 483 U.S. at 175.

If the government does not disclose what co-conspirator statements it intends to offer, as this Court already ordered the government to do by October 11, then Ms. Maxwell will be unable to file a motion in limine by October 18 challenging the admissibility of the co-conspirator statements and thereby put the government to its burden of proof and ensure this Court is able to discharge its gatekeeping function. *See Bourjaily*, 483 U.S. at 175-76. Although the government may not wish to give Ms. Maxwell the required notice, this Court has already entered its order.

The government's letter offers no reason, much less a compelling reason, for this Court to reconsider its order. The government has not even attempted to identify "controlling law or factual matters which it believes the court overlooked and that might reasonably be expected to alter the court's decision." *Berger*, 188 F. Supp. 2d at 328-39. And that's because the Court didn't overlook anything. The parties briefed this issue in their joint letter regarding pretrial

The Honorable Alison J. Nathan
August 30, 2021
Page 5

scheduling deadlines, this Court considered the parties' positions, and it made a decision. Dkt. 297 at 1. The government has offered nothing to justify reconsideration.

**Conclusion**

Ms. Maxwell asks this Court to confirm what it already ordered: (1) that the government disclose the identities of the unnamed co-conspirators charged in the S2 indictment at the same time it discloses Jenks Act material; and (2) that, no later than October 11, the government disclose the specific co-conspirator statements it intends to admit at trial.


Respectfully Submitted,

Jeffrey S. Pagliuca

CC: Counsel of Record (via ECF)