

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/21
```

September 1, 2021

> The Court has reviewed the proposed redactions and finds that they are narrowly tailored and necessary to protect the privacy and identities of third parties not identified on the record in this case. The intended recipients of the subpoenas did not file proposed redactions by September 1, 2021, per this Court's August 23 Order. Dkt. No. 325. The Court accordingly ORDERS Defendant to file the redacted Motion and Exhibits 1, 3, and 4, and unredacted Exhibit 2, by September 7, 2021. The Court hereby unseals the August 13 Opinion, and the Court will file the Opinion on the public docket. SO ORDERED.
>
> *Alison J. Nathan*  9/2/21

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter in response to the Court's Order dated August 23, 2021, which directed the Government to propose and justify any requests for redaction of the Court's temporarily sealed August 13, 20201 Opinion and Order and the underlying motion papers. (Dkt. No. 325). After reviewing the Court's August 13 Opinion and Order, the Government agrees with the defense that no redactions are necessary to that document and accordingly has no objection to the public filing of that document in its entirety.

After reviewing the underlying motion papers, the Government respectfully submits that portions of those papers should be redacted. With respect to Ms. Maxwell's Second *Ex Parte* and *In Camera* Motion for an Order Authorizing a Subpoena Pursuant to Fed. R. Crim. P. 17(c)(3) (the "Motion"), the Government respectfully submits that limited redactions are appropriate to protect the privacy interests of victims who have not identified themselves on the record in this case and the privacy interests of third parties referenced in the Motion. With respect to Exhibit 1 to the Motion, the Government respectfully submits that the journal entries and photographs contained in Exhibits A, B, and C to Exhibit 1 should be redacted in their entirety to protect the privacy

interests of the victims who provided those materials to their attorneys, the victims who are depicted in those photographs, the third parties who are referenced in the journal entries, and the third parties who are depicted in those photographs. The Government does not seek any redactions of Exhibit 2 to the Motion. With respect to Exhibits 3 and 4 to the Motion, the Government respectfully submits that limited redactions are appropriate to protect the privacy interests of victims who have not identified themselves on the record in this case and of third parties referenced in the Motion.

Simultaneously with the filing of this letter, the Government is submitting to the Court under seal its proposed redactions to the Motion, Exhibit 1, Exhibit 3, and Exhibit 4. The Government's proposed redactions are consistent with the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the Motion and Exhibits are judicial documents subject to the common law presumption of access, the proposed redactions are narrowly tailored to protect the privacy interests of victims—including two victims who have not identified themselves on the record in this case and who have not publicly identified themselves as victims referenced in the Indictment in this case—and third parties referenced in the documents. The Court has accepted other filings under seal or in redacted form in this case to protect such privacy interests. (*See, e.g.*, Dkt. No. 168, 232, 284, 290). The Government notes that it does not seek to redact the names and identifying information of individuals who have previously been mentioned by name without redaction in public filings in this case. Rather, the Government only seeks to redact the names and identifying information of victims and third parties who have not previously been referenced in public filings in this case. Similarly, the Government seeks to redact photographs and documents that have not previously been filed publicly in this case and which constitute the personal property of victims and third

Page 3

parties.

Accordingly, the Government respectfully requests that the Court direct the defense to file the Motion and Exhibits 1, 3, and 4 thereto with the Government's proposed narrowly tailored redactions.

        Respectfully submitted,

        AUDREY STRAUSS
        United States Attorney

By:    s/                               
      Maurene Comey
      Alison Moe
      Lara Pomerantz
      Andrew Rohrbach
      Assistant United States Attorneys
      Southern District of New York

Cc: Defense counsel (By ECF)