UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/21
```

United States of America,

—v—

Ghislaine Maxwell,

                    Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Defendant seeks the Government's "disclosure of the identities of the unnamed co-conspirators alleged in the S2 indictment." Dkt. No. 331 at 1. In its August 13 Opinion & Order, this Court noted that the Government had not objected to Defendant's two prior requests that the Government identify the unnamed co-conspirators. Dkt. No. 317 at 12 n.1; *see also* Dkt. No. 331 at 1. On August 18, 2021, the Government filed a letter stating that it "objects to any requirement that it provide an exhaustive list of co-conspirators, whether in a bill of particulars or otherwise . . . absent further order of the Court." Dkt. No. 320 at 1. The Court concludes that the Government's objection comes too late as the Government had multiple opportunities to raise its objection before this Court issued its opinion. For this and the foregoing reasons, the Court concludes that at the same time that the Government discloses Jencks Act materials, the Government must also disclose to the Defendant the identities of all unnamed co-conspirators alleged in the S2 indictment to whom it will refer at trial. *See United States v. Bin Laden*, 92 F. Supp. 2d 225, 241 (S.D.N.Y. 2000).

Even if the Court were to find that the Government had not waived its objection, it would find unpersuasive the Government's justifications for withholding this information. "In considering whether to grant a request for identification of unnamed co-conspirators, 'the Court

1

must balance the risk of surprise to the defendant, which is enhanced if 'there are a large number

of co-conspirators and a long-running conspiracy' with legitimate law enforcement concerns,

such as the potential danger to co-conspirators and the risk of compromising continuing

investigations.'"  *United States v. Akhavan*, No. S3 20-CR-188(JSR), 2020 WL 2555333, at *2

(S.D.N.Y. May 20, 2020) (quoting *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 303

(S.D.N.Y. 2018).

The conspiracies charged are long-running, increasing the risk of surprise to the

Defendant.  *See Akhavan*, 2020 WL 2555333, at *2.  Count Three charges Maxwell with a

conspiracy running from 1994 to 2004 and Count Five charges a conspiracy running from 2001

to 2004.  Dkt. No. 187 ¶¶ 17, 23.  And as the Court has previously found, Maxwell is likely able

to determine the names of the alleged victims described in the Indictment due to the

Government's extensive discovery, *see* Dkt. No. 207 at 20; however, this logic does not

necessarily extend to the identities of alleged co-conspirators.  *See Bin Laden*, 92 F. Supp. 2d at

241.

The Government argues that there is no risk of surprise because "it currently intends" to

introduce the alleged co-conspirator statements of only two individuals.  Dkt. No. 320 at 2.  At

the same time, however, the Government proffers that it "may change its view as it prepares for

trial."  Dkt. No. 320 at 2.  The Court thus finds the Government's reassurance hollow and

insufficient to ensure that the Defendant may adequately prepare her defenses.  *See Pinto-

Thomas*, 352 F. Supp. 3d at 301–02.

Moreover, the Government has not alleged that disclosure here would create "potential

danger to co-conspirators" or risk "compromising continuing investigations."  *See Akhavan*,

2020 WL 2555333, at *2.  It merely argues that disclosing the identities risks "harm to the

Government from restricting its proof at trial." Dkt. No. 320 at 3.  The Government provides no explanation for this purported harm and none is apparent to the Court.  Thus, the Court finds that this concern alone does not outweigh the risk of surprise to the Defendant in this case or the need for the parties to litigate co-conspirator issues in advance of trial to ensure the absence of delay. In light of the interests discussed above and consistent with other courts that have required disclosure of co-conspirator identities to the defense, the Court will require the Government to disclose the identities of any unnamed co-conspirators who allegedly participated in the conspiracies charged in the S2 indictment whom the Government intends to refer to at trial.

Accordingly, the Court ORDERS that at the same time that the Government discloses Jencks Act material, the Government shall also disclose to the defense the identities of any unnamed co-conspirators who allegedly participated in the conspiracies charged in the S2 indictment to whom the Government will refer at trial.  The Government is FURTHER ORDERED to disclose *all* co-conspirator statements it intends to offer at trial no later than October 11, as consistent with this Court's scheduling order.  Dkt. No. 297 at 1.

SO ORDERED.


Dated: September 3, 2021
       New York, New York

_____
            ALISON J. NATHAN
         United States District Judge