# EXHIBIT 1

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Ghislaine Maxwell | ) | Case No.  20CR330 (AJN) |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:  Annie Farmer c/o Boies Schiller & Flexner, LLP

---
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A

| Place: Jeffrey S. Pagliuca | Date and Time: |
| Haddon, Morgan & Foreman, P.C. | 04/01/2021 1:00 pm |
| 150 E. 10th Avenue, Denver, CO 80203 | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date:  _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Ghislaine Maxwell
_____ , who requests this subpoena, are:

Jeffrey S. Pagliuca, Haddon, Morgan & Foreman P.C., 150 East 10th Ave., Denver, Colorado 30203, 303.831.7364, jpagliuca@hmflaw.com

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   20CR330 (AJN)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# ATTACHMENT A

## DEFINITIONS

1. "You" or "Your" means Annie Farmer.

2. "Journal" means the spiral notebook depicted in Exhibit A to this Attachment A.

3. "Black Boots" means the footwear depicted in Exhibit B to this Attachment A.

4. "Photographs" means the original developed film photographs, any negatives reflecting these photographs, and any digital images of those photographs, all produced in the *Annie Farmer v. Darren Indyke, et. al.,* Case No. 19-cv-10475-LGS (S.D.N.Y) depicted in Exhibit C to this Attachment A as AFARMER 10470, 11339, 11688-11694, 12106-12107, 537-558.

5. "Contingent Fee Agreement or Engagement Agreement" means any writing describing the terms that You agreed to receive legal services as required by New York Rule of Professional Conduct 1.15 and 22 N.Y.C.R.R. Part 1215.

6. "EVCP Material" refers to any submission to the Epstein Victim's Compensation Program made by You, any releases signed by You and/or the Epstein Victim's Compensation Program, and any compensation received by You. The EVCP is described in Exhibit D to this Attachment A.

## INSTRUCTIONS

1. Production of documents and items requested herein shall be made no later than April 1, 2021, at 1:00 p.m. Except for the originals of the "Journal", "Black Boots" and "Photographs," you may provide the records electronically by that date and time to Jeffrey S. Pagliuca or by such other method as agreed upon with counsel for the subpoenaing party.

2. This Request calls for the production of all responsive Documents in Your possession, custody or control without regard to the physical location of such documents.

3. If any Document was in your possession or control, but is no longer, state what disposition was made of said Document, the reason for the disposition, and the date of such disposition.

4. In producing Documents, if the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

5. Any copy of a Document that is not identical shall be considered a separate document.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of business.

7. Responsive electronically stored information (ESI) shall be produced in its native form; that is, in the form in which the information was customarily created, used and stored by the native application employed by the producing party in the ordinary course of business.

8. Defendant does not seek and does not require the production of multiple copies of identical Documents.

9. Unless otherwise specified, the time frame of this request is from 1994 to present.

10. This Request is deemed to be continuing. If, after producing these Documents, you obtain or become aware of any further information, Documents, things, or information responsive to this Request, you are required to so state by supplementing your responses and producing such additional Documents to Defendant.

## DOCUMENTS OR THINGS TO BE PRODUCED

1. Any Contingent Fee Agreement or Engagement Agreement between You and any attorney related to or concerning Your allegations against Jeffrey Epstein or Ghislaine Maxwell.

2. The original, complete Journal for inspection and copying.

3. The Black Boots for inspection.

4. The Photographs for inspection and copying.

5. "EVCP Material" for inspection and copying.

# EXHIBIT A

Property of Annie Farmer - Not For Media Use

AFARMER00010471



Property of Annie Farmer - Not For Media Use



Property of Annie Farmer - Not For Media Use
AFARMER00010473



Property of Annie Farmer - Not For Media Use



Property of Annie Farmer - Not For Media Use



Property of Annie Farmer - Not For Media Use

# EXHIBIT B



AFARMER00010442

# EXHIBIT C



Property of Annie Farmer - Not For Media Use

AFARMER00010470



Property of Annie Farmer - Not For Media Use

AFARMER00011339

From: Jung, Jmsot ◾◾◾◾◾
Sent: Tuesday, October 15, 2019 9:34 AM
To: Annie Farmer
Subject: Re:Photos

Thank you Annie!

Get Outlook for iOS

From: Annie Farmer ◾◾◾◾◾◾◾◾◾
Sent: Tuesday, October 15, 2019 9:14:13 AM
To: Jung, Jmso ◾◾◾◾◾
Subject: Photos



Property of Annie Farmer - Not For Media Use

AFARMER00011688



Property of Annie Farmer - Not For Media Use

AFARMER00011689



Property of Annie Farmer - Not For Media Use

AFARMER00011690



Property of Annie Farmer - Not For Media Use

AFARMER00011691



Property of Annie Farmer - Not For Media Use

AFARMER00011692



Property of Annie Farmer - Not For Media Use

AFARMER00011693



Property of Annie Farmer - Not For Media Use

AFARMER00011694

Not for Media Use

AFARMER00012106

Not for Media Use



# EXHIBIT 42
## (Filed Under Seal)

AFARMER00000537



GIUFFRE007162
CONFIDENTIAL

AFARMER00000538

scan

scan0001

scan0003

scan0004

scan0005

scan0006

scan0007

scan0008

scan0009

scan0010

scan0011

scan0012

scan0013

scan0014

scan0015

scan0016

scan0017

scan0018

scan0019

GIUFFRE007163
CONFIDENTIAL

AFARMER00000539



GIUFFRE007164
CONFIDENTIAL

AFARMER00000540



GIUFFRE007165
CONFIDENTIAL

AFARMER00000541



GIUFFRE007166
CONFIDENTIAL

AFARMER00000542



GIUFFRE007167
CONFIDENTIAL

AFARMER00000543



GIUFFRE007168
CONFIDENTIAL

AFARMER00000544



GIUFFRE007169
CONFIDENTIAL

AFARMER00000545



GIUFFRE007170
CONFIDENTIAL



GIUFFRE007171
CONFIDENTIAL

AFARMER00000547



GIUFFRE007172
CONFIDENTIAL

AFARMER00000548



GIUFFRE007173
CONFIDENTIAL

AFARMER00000549



GIUFFRE007174
CONFIDENTIAL

AFARMER00000550



GIUFFRE007175
CONFIDENTIAL

AFARMER00000551



GIUFFRE007176
CONFIDENTIAL

AFARMER00000552



GIUFFRE007177
CONFIDENTIAL

AFARMER00000553



GIUFFRE007178
CONFIDENTIAL

AFARMER00000554



GIUFFRE007179
CONFIDENTIAL

AFARMER00000555



GIUFFRE007180
CONFIDENTIAL

AFARMER00000556



GIUFFRE007181
CONFIDENTIAL



GIUFFRE007182
CONFIDENTIAL

AFARMER00000558

# EXHIBIT D

**Independent**

**Epstein Victims' Compensation Program**

**PROTOCOL**

**May 29, 2020**

## I.    PURPOSE AND OVERVIEW

The Epstein Victims' Compensation Program (the "Program") is a voluntary, independent Program that has been established to compensate and resolve the claims of victims-survivors of sexual abuse by Jeffrey Epstein ("Epstein").

The Estate of Jeffrey Epstein (the "Estate") has retained the services of nationally recognized claims administration experts Kenneth R. Feinberg, Camille S. Biros and Jordana H. Feldman to design the Program. Ms. Feldman will also serve as the Administrator of the Program (the "Administrator"). This Protocol reflects input from victims-survivors, their lawyers, other potentially interested parties, and representatives of the Estate.

Through the Program, the Estate wishes to acknowledge the wrongs endured by victims-survivors and offer them an opportunity to voluntarily resolve their individual claims for such sexual abuse.

The Program is governed by the following non-exclusive guiding principles:

- The Program is purely voluntary. It does not affect any rights a Claimant may have unless and until the Claimant accepts the offered compensation and executes a Release. A Claimant may reject the offer of compensation and may stop participating in the Program and withdraw the claim at any time prior to execution of the Release.

- The Program is independent and will in no way be administered, controlled or overseen by the Estate. The Administrator is responsible for all decisions relating to the review, processing and evaluation of individual claims submitted to the Program. The Administrator will have final, binding and exclusive authority to determine Claimant eligibility and the valuation of each eligible individual claim. Decisions of the Administrator made pursuant to this Protocol are not subject to review or modification in any way by the Estate or any other party or entity.

- There is no cap or limitation on the aggregate amount of funds available to compensate all eligible Claimants or on the amount of compensation to be made to each individual Claimant. Each individual claim will be evaluated separately by the Administrator. The Administrator will determine, in her sole and exclusive discretion, issues of eligibility and the amount of compensation and the Estate will pay all eligible claims based on the Administrator's determination.

- All Claimants will be treated with respect, dignity and fairness without regard to race, color, sexual orientation, national origin, religion, gender or disability. To ensure claims will be adjudicated fairly, the Administrator will manage the process so that all Claimants can equally access the Program's claim process. Individuals with disabilities will be given the opportunity to effectively communicate their claims and to request special process accommodations.

The Program is available to all victims-survivors regardless of where they were harmed, when they were harmed, whether the claim is time-barred by the applicable statute of limitations, and whether they have previously filed a lawsuit against or settled with Epstein and/or the Estate.

The exclusive claims period for filing a claim pursuant to this Protocol shall commence on the to-be-determined Effective Date and shall conclude nine (9) months after that date ("Filing Deadline"). All individual claims filed with the Program must be filed within this period.

To complement the Program's resources, the Administrator will, at her discretion and with the consent of the Claimant, consult with Professor Marci A. Hamilton, a nationally recognized sexual abuse expert, leading legal academic and advocate of victims' rights. Ms. Hamilton's role will be to further inform the Administrator and her staff about the dynamics of sexual abuse, common responses to sexual abuse, and the impact of sexual abuse on victims; to serve as a resource for the Administrator in developing or updating policies and procedures; to advise the Administrator regarding sensitivities involved in interactions with victims; and to serve as a referral source for the Administrator in providing post-determination information to claimants who seek guidance, counseling or other services.   The Administrator may, at her discretion and with the Claimant's prior written consent, request that Ms. Hamilton review an individual claimant file.  The Administrator will determine on a case-by-case basis, in her discretion, the need to anonymize individual claimants' files before sharing them with Ms. Hamilton. As set forth above, the Administrator is solely responsible for all decisions relating to the administration of the Program, including the review, processing, evaluation, and determination of individual claims submitted to the Program.

During the term of the Program, Ms. Hamilton will not meet or speak with a Claimant or her representatives concerning any aspect of the Program without the Administrator present.  Ms. Hamilton will maintain in strict confidence and will not disclose outside the Program any information she obtains through her participation in the Program, including individual Claimants' submissions.

## II.    ELIGIBILITY REQUIREMENTS

### A. Eligibility Criteria

The persons eligible to participate in this Program are individuals who allege they were sexually abused by Epstein. In addition, the following criteria apply:

- The claim of sexual abuse must be directed against Epstein.

- An individual whose claim is time-barred by the applicable statute of limitations may participate in the Program provided that other eligibility criteria are met.

- An individual who previously entered into a settlement agreement resolving a claim of sexual abuse against Epstein may participate in the Program provided that other eligibility criteria are met.

- An individual who allegedly assisted Epstein in procuring other victims-survivors may participate in the Program where there is a credible basis to determine that the individual acted under duress as a result of her own sexual abuse by Epstein, provided that other eligibility criteria are met.

- If the Claimant chooses to accept the offered compensation, the Claimant must dismiss with prejudice any existing lawsuits, legal actions or claims filed against the Estate or related entities and/or related individuals. The Claimant must provide proof of such dismissal along with or prior to the signed acceptance of the compensation determination offer letter and executed Release in order to receive payment.

### B. Legal Representatives of Claimants

An individual may file a claim on a victim's behalf where that individual has been granted legal authority to act in a representative capacity pursuant to appropriate law. The "Legal Representative" of an individual Claimant shall mean: (1) in the case of a Claimant who is currently a minor, a parent or legal guardian authorized by law to serve as the minor's legal representative; (2) in the case of an incompetent or legally incapacitated Claimant, a person who has been duly appointed as the Claimant's legal representative in accordance with applicable law; (3) in the case of a deceased Claimant, a person who has been duly appointed to act as the personal representative of the Claimant's estate by a court of competent jurisdiction and is authorized to file and compromise a claim; or (4) an attorney authorized to represent the Claimant for purposes of pursuing a claim through this Program.

Legal Representatives must provide proper documentation demonstrating representative capacity. Such proof may include a power of attorney; documentation showing the individual's appointment as guardian or guardian ad litem; documentation showing the individual's appointment as personal representative of the Claimant's estate (such as letters of administration); a copy of a retainer

agreement showing legal representation signed by both the Claimant and the attorney or a signed statement by an adult Claimant and the attorney that a licensed/admitted attorney is acting on her behalf.

## III.   CLAIMS ADMINISTRATION - SUBMISSION, EVALUATION AND DETERMINATION

### A.   Claims Submission Process

Individuals who have filed a lawsuit, legal action or claim against Epstein and/or the Estate or have otherwise been identified as a victim of Epstein by their attorney to the Administrator on or before the Effective Date will be sent a Claim Form and other relevant Program information, including Instructions for completion and submission of the Claim Form and a copy of this Protocol. Individuals who have filed a lawsuit need not agree to a stay of litigation or make any other concession in any pending litigation to be eligible to participate in the Program. Likewise, individuals who have not yet filed a lawsuit remain free to file a lawsuit and engage in litigation concurrently with participation in the Program. Individuals must, however, dismiss with prejudice any and all existing lawsuits, legal actions and claims prior to or at the time of acceptance of a compensation determination offer in order to receive payment.

Individuals who have not filed a lawsuit, legal action or claim against Epstein and/or the Estate or have not otherwise been identified as a victim of Epstein by their attorney to the Administrator on or before the Effective Date may register to participate in this Program on the Program's website at www.EpsteinVCP.com. To register, such individuals must complete a questionnaire setting forth their name, contact information, a summary description of the nature of the claim and other requested information. Upon registration, the Administrator will perform a preliminary review to consider if the individual is eligible to participate in the Program. If the Administrator deems that the individual is eligible to participate in the Program, she will then send that individual a Claim Form and other relevant Program information.

Note: The fact that an individual is sent a Claim Form and other relevant Program information indicates that the Administrator has determined that such individual is eligible to participate in the Program. It does not indicate that the Administrator has determined that such individual is eligible to receive compensation. That determination is made only after a Claim Form and all required documentation has been submitted and evaluated by the Administrator.

Registrations for individuals who have not filed a lawsuit, legal action or claim against Epstein and/or the Estate or have not otherwise been identified as a victim of Jeffrey Epstein by their attorney to the Administrator on or before the Effective Date will be accepted by the Administrator from the Effective Date through a date that is 45 days prior to the Filing Deadline ("Registration Deadline"). It is important to note that the Registration Deadline is separate from, and precedes, the Filing Deadline. As explained above, all claims must be filed by the Filing Deadline.

**All Claim Forms must be completed to the best of a Claimant's ability and filed no later than the Filing Deadline.** Claim Forms should be uploaded to the Program website at www.EpsteinVCP.com, or mailed via overnight courier (a pre-paid courier voucher will be included with each packet) to the Administrator at the following address:

> Epstein Victims' Compensation Program
> Attn: Jordana H. Feldman, Administrator
> 1050 Connecticut Ave., NW
> #65488
> Washington, D.C. 20035

Claimants are invited to provide documentation identified in the Claim Form, and any other corroborating or supporting information sufficient to substantiate the claim, satisfy eligibility requirements, and allow the Administrator to review, process and evaluate the claim. If the claim is being presented by a Legal Representative, then the Legal Representative will be responsible for submitting the necessary documentation relating to the represented Claimant.

Additional documentation may be requested at the discretion of the Administrator. Both the Claimant and the Estate will be afforded the opportunity to submit to the Administrator any information deemed relevant to the Administrator's evaluation and determination of the claim before the Administrator's final disposition of the claim.

If a Claimant submits an incomplete or deficient claim, the Administrator will notify the Claimant, explain the additional information that is needed, and work with the Claimant or the Claimant's Legal Representative (where applicable) to assist in submitting a complete claim.

### B. Claims Evaluation and Determination

Claims will be evaluated in the order in which they are received, with the Administrator evaluating each submitted individual claim in a prompt and fair manner. Claims will only be determined once all required documentation has been submitted to the Administrator, with due consideration granted to Claimant's good faith explanations for delays and/or absence of documentation.

#### 1. *Factors Considered in Evaluating Claims*

As to each individual claim, the Administrator will determine, in her sole discretion based upon all of the information available, whether the allegations of sexual abuse are credible. The Administrator will consider appropriate factors and corroborative support, including but not limited to:

- The level of documentation, corroboration or other circumstantial evidence regarding the nature and extent of the abuse, the frequency, location and other details of the abuse, and the age of the victim at the time of the abuse. Non-exhaustive examples of such evidence include (i) medical or psychiatric counseling/therapy records relevant to the abuse, and (ii) contemporaneous written notification or other correspondence (e.g., letters, emails) of the abuse by the Claimant to law enforcement authorities, parents, friends or others. The

Administrator acknowledges that some Claimants may not be able to provide any documentation to corroborate their Claim based on the nature and circumstances of Epstein's conduct. If a Claimant's written and oral presentation is deemed to be credible by the Administrator, the Claimant may still be eligible for compensation under the Program.

- Whether there exists any information and/or pertinent findings offered by the appropriate Office of the District Attorney, United States Attorney's Office, or other law enforcement agency.

- Whether the Administrator finds the claims of the individual to be credible after complete review of all relevant documentation and other evidence provided by the Claimant and the Estate.

As to each individual claim, the Administrator will determine, in her sole discretion based upon all of the information available, the amount of compensation that should be offered to each eligible Claimant. The Administrator will consider appropriate factors and corroborative support, including but not limited to:

- The nature, duration and extent of the sexual abuse suffered by the Claimant.

- The age of the Claimant at the time of the sexual abuse.

- The nature and extent of the Claimant's physical or psychological damage resulting from the sexual abuse, and the effect of the sexual abuse on the Claimant.

- The credibility of the claim based upon all of the facts and circumstances, supporting documentation and corroborating evidence.

- Whether the Claimant previously entered into a settlement agreement with Epstein and received a payment pursuant to such agreement.

The Administrator will confidentially send the Claimant a compensation determination offer letter including the following: (1) the Administrator's eligibility decision regarding the claim; (2) the amount of compensation offered; (3) a Release to be signed by the Claimant if the Claimant accepts the offered compensation; and (4) a Payment Option Form. The Administrator's offer shall be valid for 60 days from the date of the compensation determination offer letter.

The Administrator's determinations in this Program will not be binding on any potential criminal investigation involving Claimant's claims.

## 2. Opportunities to be Heard

The Claimant will be afforded an opportunity to be heard, either before or after the Administrator renders her determination. Upon request by the Claimant, the Administrator will be available to meet in person (as practicable in light of the COVID-19 pandemic), by video conference, or by teleconference to

further discuss the claim. These meetings are completely optional and voluntary. Requests to meet with the Administrator should be sent by email to ClaimantServices@EpsteinVCP.com and will be scheduled at a mutually convenient time and location. The Administrator may also request a meeting with a Claimant or her Legal Representative at a reasonable mutually convenient time and location, though the Claimant is not obligated to attend any such meeting.

### 3. Release

By submitting a claim to the Program, a Claimant is seeking to resolve all claims relating to allegations of sexual abuse against Epstein and/or the Estate, and related entities and individuals as set forth in the Release. If a Claimant chooses to accept the offer of compensation pursuant to the Program, the Claimant will be required to sign and execute a full Release, in a form satisfactory to the Estate, of all past and future claims (including *lis pendens*, writs of attachment, etc.) relating to such allegations of sexual abuse against the Estate, related entities and/or related individuals. A Claimant may reject the offer of compensation and may stop participating in the Program and withdraw the claim at any time prior to the execution of the Release.

The Release will waive any rights the Claimant and her heirs, descendants, legatees or beneficiaries may have to assert any claims relating to allegations of sexual abuse against the Estate, related entities and/or related individuals, to file an individual legal action relating to such allegations, or to participate in any civil legal action associated with such allegations, except as a witness. However, the Release will not operate to preclude or limit the Claimant's ability to report and discuss allegations of sexual abuse with law enforcement officials or anyone else. In other words, the Release will not impose any rules of confidentiality on claimants, who are expressly permitted to discuss their allegations without restriction, should they choose.

Before signing a Release, the Claimant must consult with an attorney selected by the Claimant. If the Claimant is not represented by an attorney, the Program will provide an attorney to provide free legal counseling to the Claimant for the sole purpose of advising the Claimant concerning the language and binding nature of the Release.

No one affiliated with the Program will provide tax or legal advice to those receiving payments under the Program. Claimants are urged to consult with a tax advisor concerning any questions regarding tax liability for payments pursuant to the Program.

### 4. Payments

Upon the Claimant's acceptance of the Administrator's determination, the Administrator's receipt of the Claimant's executed Release and, where applicable, dismissal with prejudice of any existing lawsuit, legal actions or claims against the Estate or related entities and/or related individuals, the Administrator will initiate payment by check or electronic funds transfer to each eligible Claimant as directed by the Claimant. Checks will be sent to Claimants via overnight courier service. All

payments made under the Program shall be for a Claimant's physical injuries, physical sickness and resulting emotional distress within the meaning of Section 104(a) of the Internal Revenue Code.

### C. Program Integrity

For the purpose of protecting both the integrity of the Program and financial resources for eligible Claimants, the Administrator will institute all necessary measures to prevent payment of fraudulent claims, including taking steps to verify claims and analyze submissions for inconsistencies, irregularities or duplication.

Each Claimant who signs the Claim Form at the time of submission certifies that the information provided in the Claim Form is true and accurate to the best of the Claimant's knowledge, and that the Claimant understands that false statements or claims made in connection with such submission may result in fines, imprisonment and/or any other remedy available by law. Claims that appear to be potentially fraudulent or to contain information known by the Claimant to be false when made will be forwarded to federal, state or local law enforcement agencies and/or the appropriate Office of the District Attorney and/or United States Attorney's Office for possible investigation and prosecution.

### D. Confidentiality/Privacy

The Program is confidential.[1] By filing a claim with the Program, the Claimant or her Legal Representative (where applicable) agrees that information submitted by the Claimant pursuant to the Program will be used and/or disclosed by the Administrator and her designees only for the following purposes:

1) Processing and evaluating the Claimant's claim;
2) Administering the Program and other Program-related work; and
3) Reports to law enforcement where appropriate, related to potentially fraudulent claims.

When documents or other information maintained or submitted by the Estate become part of a Claimant's file for purposes of the Program, such materials will be reviewed by the Administrator to assist in processing and evaluating the claim, but will otherwise remain confidential. No information provided by Claimants will be provided to the Estate except for the Claimant's name and the date(s) and location(s) of the alleged abuse, for the sole purpose of processing and evaluating the claim and, for purposes of the Release, the names of any other individual(s) to whom or by whom the Claimant alleges she was trafficked or sexually abused. The Estate has agreed that no information obtained solely through the Program will be disclosed publicly or used by the Estate in defending itself from any claim, regardless of forum. The Program's files are not available for inspection, review or copying by the Estate or the Claimant or her representatives during or after the Program, and all pertinent

---

[1] All parties agree that they are using the services of a third-party administrator to help reach a resolution of individual claims of sexual abuse, and that this Program is entitled to confidentiality, privileges (mediation, settlement and all other pertinent privileges), and protection from disclosure under applicable law.

mediation privileges, settlement privileges and other privileges apply.

To protect the privacy of Claimants participating in the Program, all personal information provided by the Claimant during this process will be returned or destroyed within one year after the conclusion of the Program.

Individual Claimants are not bound through the Program by any rules of confidentiality. Claimants may, at their sole and voluntary option, disclose information in their possession regarding their claim, their compensation and their experience with the Program.

All confidentiality requirements are subject to law, regulation and judicial process.

E. Reporting

The Administrator shall, on a monthly basis, confidentially provide reports regarding the number and total value of claims paid each month to the Probate Court of the United States Virgin Islands and the Attorney General of the United States Virgin Islands. Such reports will report on an aggregate level only. No individual Claimant information will be published or disclosed in a way that compromises Claimant confidentiality.