USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/12/21

RECEIVED
SDNY PRO SE OFFICE
2021 SEP 24 PM 1:13

United States District Court
For The Southern District of NY

Alison J. Nathan 10/12/21

The motion to intervene is DENIED.
SO ORDERED.

Regarding:
United States v. Ghislaine Maxwell
2021 U.S. Dist. Lexis 73882 (S.D. NY, April 2021)

## Motion To Intervene

Now comes David A. Diehl who seeks leave to permisivly intervene in the above styled cause per Fed. R. Civ. P. 24 (b) (1).

Diehl seeks to intervene because he has a claim or defense that shares with the main action of the Maxwell case a common question of law or fact. Without participation in the Maxwell case as an intervenor, Diehl's interests in a seperate case may as a practical matter be impaired or impeded. Seperatly the interests of Ghislaine Maxwell is not being adequately represented with regard to the statute of limitations argument presented in the above styled cause,

RECEIVED
SEP 29 2021
ALISON J. NATHAN
U.S. DISTRICT JUDGE
S.D.N.Y.

Diehl's request to intervene will not unduly delay or prejudice the adjudication of the rights of the parties if granted.

Diehl has no further interest in the aforementioned cause.

Interest.

In the above cause the court considers whether or not the Statute of limitations at 18 USC § 3283 applies to defendant Maxwell's charges. Diehl faced this same issue on appeal. See United States v. Diehl, 775 F.3d 714 (5th Cir. 2015). The fact is the issue should not have been heard in the first instance on appeal, because Diehl had shown substantial evidence indicating that the United States was knowingly misapplying 18 USC §3283, and requested an investigation referencing highly suspect facts. Since that time, extensive investigation into §3283's legislative history shows what its true purpose was. See the enclosed brief.

Diehl has currently filed with the Western district of Texas, a Rule 60(d)(3)-fraud on the Court motion, with regard to the United States fraudulent misapplication of § 3283.

The United States, continues to knowingly misapply §3283 and does so again in the above styled cause.

The legislative history of §3283 goes far beyond Congress raising the limitation period, and actually originates from the 1986 Sexual Abuse Act.

This Court's findings are patently wrong. For example §3283 doesnt say, "conduct invol[ed]" (brackets in opinion), its "offense involving." In Davis (see brief) the Supreme Court found the later most probably requires a statutory elements inquiry. There is also no reason to use Dodges (SORNA) to difference Bridges (offense involving fraud), because in fact the legislative history of §3283 does show the narrow purpose of §3283. Furthermore, Morgan (cited from Maxwells brief) is highly relevant, regardless whether venue is the subject. Why would that have relevance?

Section 3283's "no other statute of limitation shall preclude ...." is not intended to extend prior versions of §3283; that is in fact ridiculous. §3283 superceeds other statutes of limitations. See brief.

The truth (not that the government would have any respect for truth) is §3283 is for sexual assault and other enclave offenses. §3299 covers sex related offenses. See Toussie v.

United States 397 U.S. 112, 114-15 (1970) (" A limitation carving out an exception should apply to cases shown to be clearly within its purpose.") Congress' purpose was to extend the limitation period for Rape, and assault to commit rape, where the United States had jurisdiction of these offenses. Only this explains the need for 18 USC §3299 which is purposely not retroactive. To have made it retroactive would have violated Stogner v. California. because chapter 77, 117, and 110 were not previously included.

For these reasons David A. Diehl should be granted intervenor status, and the enclosed brief should be filed in the Maxwell's Case styled above.

David A. Diehl, 53214018
Federal Correctional Complex
USP Coleman II
PO Box 1034
Coleman, FL 33521

David A. Diehl
David A. Diehl
8-4-2021

6-8 Leg hist
8 Precluding other limitations
9-12 offense involving
12 3299
13 summary

18 USC §3283

In United States v. Diehl, 775 F.3d 714 (5th Cir. 2015) the court found that 18 USC §3283's "any offense involving sexual or physical abuse or kidnapping" included the sexual exploitation offense at 18 U.S.C. §2251(a). To reach the finding the court avoided §3283's plain language and instead relied on a sexual abuse definition at 18 USC §3509(a)(8).

Fifth Circuit "under the definitions in §3509(a) using children to engage in sexually explicit conduct, including 'exploitation' in the form of child pornography, constitutes "sexual abuse" of a child. 18 U.S.C. §3509(a)(6), (a)(8)."

Since the plain language does not include exploitation they use the sexual abuse definition at (a)(8) which includes the phrase "other form of exploitation," as a work around. This solution however causes "exploitation" to be superfluous at the §3509(a)(2) child definition,[1] which keeps sexual abuse and exploitation seperate. See United States v. Bailey, 516 U.S. 137, 147 (1995) (we assume congress used two terms because

[1] And a.3 child abuse definition

it intended each term to have a particular meaning"); Lockhart v. United States 136 S.Ct. 958, 964 (2016) ("Cannon of superfluity assists where a competing interpretation gives effect to every clause and word of a statute") There is a competing interpretation described below that uses the plain language and leaves no term insignificant.

The Fifth Circuit's solution makes little sense in that surely Congress would have just added the two exploitation terms to the Sexual Abuse definition had that been the intent.[1] The sexual abuse definition includes "other forms of exploitation," perhaps like indenturhood. Given this ambiguity repose should apply "... we have stated before 'the principle that criminal limitation statutes are to be liberally interpreted in favor of repose'." Toussie v. United States, 397 U.S. 112, 114-15 (1970); "A limitation carving out an exception should apply to cases shown to be clearly within its purpose," United States v. McElvain, 272 US 633 (1926).

---

1. The Fifth Circuit provided no independent analysis instead relying on United States v. Cervantes, 651 F.3d 809, 816-817 (8th Cir. 2011) and United States v. Carpenter, 680 F.3d 1101, 1103 (9th Cir. 2012).

## Plain Language

When Congress wants to include exploitation they say so. See Patterson v. Schriro, 2009 U.S. Dist. Lexis 87501 (Dist AZ 2009) (treating 'sexual or physical abuse seperate from exploitation); Western Protectors Ins. Co. ... 624 F. Supp 2d 1292 (W.D. WA, 2009) (same); United States v. Pharis, 176 F.3d 434, 436 (5th cir. 1999) (same). Also see 18 USC §1101 (A)(43)(a) versus (I). "To dermine the meaning of a statute, we first look to the text of the statute itself, if the statute is unambiguous, the statute should be enforced as written ... If the language is ambiguous, legislative history can be helpful to determine congressional intent. 'Statutory construction ... is a holistic endeavor' we cannot read a single word or provision of the statute in isolation." United States v. Dodge, 597 F.3d 1347, 1352 (11th Cir. 2010).

This guidance was ignored entirely by the Fifth circuit. First, the court ignored the fact that the statute of limitation was misfiled for completly unknown reasons as the first sentence of civil stay language at §3509(K) in 1990. Several proposals targetted the limitations, Chapter (213) from the start. See Lavine H.R. 4688, May 4, 1990, Dewine H.R. 3958 Feb 6, 1990.

when Congress corrected this as a "technical correction" / conforming repeal in 1994 they knowingly did not include or reference the Child Abuse definitions at §3509(a)(3)-(a)(9),(11), which appear to be for tort law, and are clearly incompatible with the Child definition at §3509(a)(2). These civil definitions are for Reporting of abuse.[1] see 18 USC §2258 which references them from Title 42. see Ibarra v. Holder, 736 F.3d 902, 910 (10th Cir. 2013) (civil and criminal definitions frequently differ).

"Courts do not lightly assume that congress has ommitted from its adopted text requirements that it nonetheless intends to apply." Jama v. Immigration & Customs Enforcement, 543 U.S. 335, 341 (2005). After one technical correction and two later amendments surely Congress knew what it was doing by not including or referencing the §3509(a) definitions from §3283. Furthermore, the limitation was misplaced. "Proper statutory construction requires considering a phrases placement and purpose in the statutory scheme .... The meaning of statutory language plain or not depends on context.") Brown v. Gardner, 513 US 115, 118 (1994)

1. see §3509(a)(10) sex crime definition

Simply put, there was never any In Pari Materia between Courtroom procedural rules and the Statute of limitations.[1] Wachovia Bank V. Schmidt, 546 U.S. 303, 316 (in general). see United States V. McElaney 54 M.J. 120, 126 (§3509(K) stands alone.).

The Second major problem with the Fifth circuit's non-principled interpretation is that it is not "holistic." The fact §3283 defines child itself (instead of using §3509(a)(2)), and §3509(a) doesn't include either physical abuse or Kidnapping was just ignored entirely. Also ignored was the misfiling, and the fact that §3283 has the odd quality of Superceeding other Statutes of limitations.

The Fifth Circuit found a definition of sexual abuse they felt could pass as including 18 USC §2251(a), and that was the end of the analysis. To top it off the Fifth Circuit had previously found, in an in banc hearing, §3509(a)(8) was not acceptable as a definition of sexual abuse. See Contreras V. Holder, 754 F.3d 286 (5th Cir. 2014) ([3509] is "directly contrary to the definitional method mandated in our Circuit." citing United States V. Rodriguez 711 F.3d 541, 550 (5th C. 2013])

1. Biden's S. 1965 (1990) combined stay language with limitation

Legislative History

Hollistic Analysis

The only way to properly interpret the meaning of "any offense involving sexual or physical abuse...." is to understand the goals of the 1986 Sexual Abuse Act (SAA). See 1984 Federal Rape Law Reform, Hearing Subcommittee on Criminal Justice, House of Representatives, 98th Congress, 2d Session Aug 31, Sept 12 (herein after 1984). Also, 1986 Sexual Abuse Act H.R. 99-594 (1986.)

In Diehl and related § 3283 cases, the Courts have relied on: "Title 18's only definition of the term sexual abuse is in 18 USC § 3509(a)(8)" as justification not to define §3283's phrase "sexual or physical abuse." According to the SAA however, "Chapter 109A Comprehensively defines sexual abuse offenses," 1986 p.20. Further, "H.R. 4745 is drafted to cover the widest possible variety of sexual abuse." Chapter 109A alone defines sexual abuse for federal offenses.

The Sexual Abuse Act also included physical abuse. See 1986 p.20," Subsection (a)(2) and (a)(3) in effect delete the current law offense of assault with intent to commit rape. Such an offense

is necessary in current law, which does not proscribe attempted rape, but is no longer necessary because new chapter 109A proscribes attempts ...." Only 7 USC §113(a) was amended by the SAA. It's not clear why §113(a) wasn't repealed, or what "in effect" meant.

Courts have used H.R. 99-594 to define sexual abuse. See United States v. Shaw, 891 F.3d 441 (3rd Cir. 2017) (citing other cases); United States v. Haynsworth, 1197 U.S. App. Lexis 2383 (4th Cir. 1997) (SAA eliminates force requirement from common law rape). Territorial offenses were the goal.

Sexual Abuse Act To §3283 Relationship

There is a close relationship between the 1986 SAA and the Victim of Child Abuse Act that created 18 USC §3509(k) - the predecessor of §3283. First, the statute of limitations was originally proposed in the 1986 act. See 1984 p. 100, 108. By 1990 five years was quickly approaching.

Second, the 1986 definitions sex crime and sex offense were used interchangable with the phrase "sexual or physical abuse" in the 1990 proposals. See

House proposal H.R. §1303 (1989). "any sex offense ... regardless of force ...." But Dewincs second proposal was written as "sexual or physical abuse or sexual exploitation," H.R. 3958 (1990). In the Senate "sexual or physical abuse or exploitation (S. 1923, and 1965 (1990)) became "sex crime involving a child victim regardless whether the crime involved force ...." see 1984, "... the proposed federal statute defining sex crimes properly does not include incest as a seperatly defined offense."[1] 1984 p.95 Mrs. Toening Assistant A.G.. sexual Exploitation was removed from the bill as enacted, presumably because it wasn't included in the 1986 SAA; Nor does sexual exploitation punish the independant crime of sexual abuse, or necessarily involve it.

Precluding Other Limitations

Section 3509(K) was enacted to preclude other limitations, because it was enacted for territorial and maritime jurisdictions where other limitations controlled. See United States v. Roberts, 1 F.Supp. 2d 601 (5th Cir. 1998) (applying 18 USC § 2243(a) to a foreign ship in foreign water using §7(1)(8).)

1. Sex crime is defined but not used at §3509(a)(10).

see United States v. Johnson, 699 F. supp. 226 (1998 N.D. Cal) (United States superceeding State limitation). See Miller v. United States, 2021 U.S. Dist. Lexis 17485 (Dist of Main, 2021) (Struggling with 3283's preclusion language.)

Section 3283's "Offense Involving"

Section 3283's "offense involving" language therefore applies to the repealed offenses[1], Chapter 109A offenses, and possibly 18 USC §113 (a). The 109A offenses include sub-offenses, and 109A defines sex act and sexual contact. Section 3283 is limited to territorial and maritime jurisdictions, which is why 18 USC §3299 was enacted. This is obvious.

Several court however have found that §3283 applies to any and all statutes were the offense "conduct" involves sexual or physical abuse or kidnapping. see United States v. Kepler, 2021 U.S. Dist. Lexis 2820 (N. Dist. of OK., 2021) (considering applying §3283 to assault with deadly weapon, Citing United States v. Schneider, 801 F.3d 186, 195-97 (3rd Cir. 2015)).

1. 18 USC §2031 (rape), §113(a) (assault to commit) rape) §2032 (carnal knowledge)

Schneider failed to examine §3283's legislative history and thus concluded, "[3283] has no restrictive language or legislative history suggesting Congressional intent to limit its application to specific subset of circumstances. Congress rather has evinced a general intention to 'cast a wide net to ensnare as many offenses against children as possible.'" citing Dodge (supra) at 1355. The purpose of this finding was to avoid the essential ingredient test laid out in Bridges v. United States, 346 U.S. 209 (1953). Bridges evaluates the language "offense involving fraud" in the context of a statute of limitation, and is thus directly on point. Note that the Dodge court was evaluating SORNA[1] which has nothing to do with §3283. There is no legitimate reason to distinguish Bridges, because as shown there is legislative history limiting §3283 to a specific subset of circumstances. Dodges also is based on a categorical test not an essential element test. A categorical approach would have required the Schneider court to create a "common" definition of sexual abuse, which for good reason the Schneider court failed to do. The court in Schneider

---

1 Sexual Offender Registration Notification Act

instead opted to rely on the very uncommon definition of sexual abuse at §3509(a)(8) to save the day. See Esquivel-Quintana v. Sessions, 198 L. ED 22 (2017) (finding that sexual abuse of a minor applies to those under 17.) This is to say, nothing of the fact sexual or physical abuse must be resolved as an expression. see Crocker v. Navient Sols L.L.C. (5th Cir. 2019 ( "Courts must give effect to every clause or word if possible"); montclair v. Ramsdell 107 US 147, 152 (1883).

Finally Dodge isn't even current on categorical holdings, United States v. Davis, 139 S.ct. 2319, n.10 "... if any thing the statutes use of the present tense ... supports a categorical reading.") Section 3283's "any offense involving" is present tense, and doesnt mention "conduct".

At the end of the day the Schneider decision was based on the sexual abuse definition at §3509(a)(8) not a categorical rationale. Notably that definition never came into play until the United States started misapplying §3283 to non-Chapter 109A offenses in United States v. Panner 2007 U.S. Dist. Lexis 101192 (E.D. Cal. 2007) (Applying §3283 to Chapter 110 offense.[1]) See United States

1. Added 2251(a) as sentence enhancement.

V. Jeffries, 405 F.3d 682 (8th Cir. 2005) (No mention of §3509(a)(8) at all); United States V. Johns, 15 F.3d 740 (8th Cir. 1993) (Same). See United States V. Coutentos (supra) (applying §3509(a)(8) without explanation as to why); See Carpenter (supra) (justifying the use of §3509(a)(8) because it was originally mis located, and it was recodified as a part of a "general consolidation", which is false.)

The United States has also repeatedly tried to alter video production dates to avoid §3283 altogether in §2251(a) exploitation cases. See defenses Final Reply brief in Coutentos available on PACER: Case 10-2625, Dec 14, 2010 p.2.

18 U.S.C. § 3299

In 2002 the Justice Department recomended 18 USC §3299 type language, which would have expressly included Chapters 109A, 110, 117, § 1591, and Kidnapping at Chapter 55.[1] The proposal did not pass. Instead a DNA exception at §3282(b) Covering Chapter 109A was enacted to cover death, and §3283 went to life. This was a Comprehensive 109A solution.

1. Letter to Biden Nov 25, 2002 From D.J. Bryant Assistant A.G. DoJ.

When 18 USC § 3299 was passed in 2006 it was not made retro active, presumably because it included the new offenses. It also has no physical abuse because as explained physical abuse is a part of 109A. This solution leaves all §3283 terms accounted for. Lockhart supra.

Summary

Whether or not the §3509(a)(8) definition of sexual abuse is used, child pornography / exploitation offenses are not included, and the repurcusion of this should not be understated. There is compelling evidence showing the Justice Department has always been aware of it. As demonstrated, sexual exploitation is not included in "sexual or physical abuse," and sexual exploitation was removed from the proposals! Adding child pornography offense via §3509(a)(8) causes superfluity. Repose is mandated by supreme court precident, if precident means anything at all.

Finally, in both the House and Senate congress said the VCAA was for enclaves. See Cong. Rec. Senate June 28, 1990 p. 16238 "... protect children in Federal Courts, In Federal facilities, and on Federal land, and House Report No 101-681 (I), Sept 5, 1990 p 6572.

## Reporting of Child Abuse

There is one final consideration that no court has analyzed regarding §3509(K) and §3283. The question asks why was the limitation put in §3509(K) as the first sentence of Civil reporting stay language. The stay language is relevant to Section 226 of the Crime Control Act of 1990 (P.L. 101-647). See CRS Report To Congress 91-69 Gov, January 11, 1991 page 3. The report says the statute of limitation is also a Section 226 component. One could easily assume that §3509(K) was enacted to superceed the statute of limitations for Federal Tort Claim Act, State statutes. And, despite what the government has said in numerous cases concerning the statute of limitations, it wasn't "simply moved" to §3283 in 1994. It was infact moved as part of a "conforming Repeal."[1] See 330018 of the 1994 Violent Crime control and Law Enforcement Act.

The generic language of §3283 would have been perfect for FTCA applications. The October 27, 1990 rollout report of the Crime Control Act doesn't discuss or even mention any extended limitation.

1. Under the over sight of Jack Brooks Rep. TX

# Certificate of Service

The United States was not served seperatly as they are electronic filers and will receive electronic filers.

David A Diehl

David a Diehl

8-4-2021

Clerk of Court,

Please file the enclosed motion to intervene into United States v. Ghislaine Maxwell, 2021 U.S. Dist. Lexis 73882 (S.D. NY, April 2021) per Fed R. Civ. P. 24(b)(1).

Please notify me at the below ~~problem~~ address of any problems

Respectfully
David A Diehl
8-4-2021

David A. Diehl 53214018
Federal Correctional Complex
USP Coleman II
PO Box 1034

David A. Diekl, 53214018
Federal Correction Complex
USP Coleman II
PO. Box 1034
Coleman, FL 33521
RECEIVED
SDNY PRO SE OFFICE
2021 SEP AM 10:13
RECEIVED
SEP 2 2021
CLERK'S OFFICE
S.D.N.Y.
Clerk of Court
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St. Room 120
New York, NY 10007-1312
Legal Mail
pro se
FOREVER / USA
FOREVER / USA