U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 15, 2021

**BY ECF**
The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter in response to the Court's Order dated October 14, 2021 (Dkt. No. 347) ordering the Government to respond to the defendant's October 14, 2021 letter regarding the deadline for filing a motion under Federal Rule of Evidence 412 (Dkt. No. 345). In particular, the defendant wrote the Court to "confirm that November 15, 2021 is the deadline for [her] to file a motion under Federal Rule of Evidence 412." (Dkt. No. 345).

Federal Rule of Evidence 412(a)(1) provides that in a case involving allegations of sexual misconduct, "evidence offered to prove that a victim engaged in other sexual behavior" is inadmissible. The Rule "'aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details.'" *United States v. Rivera*, 799 F.3d 180, 184 (2d Cir. 2015) (quoting Fed. R. Evid. 412 advisory committee's note). "The exclusion, however, is not absolute" as Rule 412(b) provides certain exceptions to this general prohibition in criminal cases. *Id.* Rule 412 provides that "[i]f a party intends to offer evidence under Rule 412(b)," the party must file a motion specifically describing the evidence and the purpose of the evidence, Fed. R. Evid. 412(c)(1)(A),

and must "do so **at least** 14 days before trial unless the court, for good cause, sets a different time." Fed. R. Evid. 412(c)(1)(B) (emphasis added). This language plainly gives the Court authority to set a "different" time, not necessarily a "later" time, to require the defense to file a Rule 412 motion. *See, e.g.*, Order, *United States v. Andrews*, No. 19 Cr. 131 (PAE) (S.D.N.Y. Jan. 29, 2020) (Dkt. No. 287) (setting a Rule 412 deadline of February 13, 2020, for a March 9, 2020 trial); Order, *United States v. Rivera*, No. 19 Cr. 131 (PAE) (S.D.N.Y. Apr. 29, 2020) (Dkt. No. 384) (setting a Rule 412 deadline of October 15, 2020, for a November 9, 2020 trial); *United States v. Dupigny*, 18 Cr. 528 (JMF) (S.D.N.Y. Oct. 23, 2019) (Dkt. No. 202) (requiring a "finalized proffer of evidence" the defense sought to admit under Rule 412 by December 6, 2019, in advance of a January 13, 2020 trial); *United States v. Backman*, 817 F.3d 662, 669-70 (9th Cir. 2016) (concluding that district court did not abuse its discretion when setting Rule 412 deadline more than 14 days before trial and denying request to amend the motion less than 14 days before trial); *United States v. Valenzuela*, No. Cr. 07-11, 2008 WL 2824958, at *4 n.12 (C.D. Cal. July 21, 2008) ("Good cause exists to advance the deadline for filing a Rule 412(c) motion by eleven days given the complex nature of the action and the volume of evidence that will likely be presented at trial."); *see also* Charles Alan Wright & Arthur R. Miller, 23 Fed. Prac. & Proc. Evid. § 5377 (2d ed. 2020) (explaining that the text of Rule 412(c)(1)(B) "suggests that the court might require that the motion be filed earlier than 14 days before trial or might permit the motion to be brought later, including during trial."). Accordingly, the Government respectfully submits that the express terms of Rule 412 contemplate that the Court can set an earlier briefing schedule.

A deadline more than two weeks in advance of trial is consistent with the Rule's procedural requirements. Before admitting evidence under Rule 412, the Court "must conduct an in camera hearing and give the victim and parties a right to attend and be heard." Fed. R. Evid. 412(c)(2).

"Given that the hearing provides an opportunity for the Rule 412 movant to detail the evidence he seeks to admit and for the parties to discuss the propriety of its admission, the notice requirement should be seen as serving two purposes: 1) aiding the Court in determining the threshold matter of whether a hearing is necessary; and 2) providing sufficient notice to the nonmovant and victim alike to prepare for and argue against the necessity of any *in camera* hearing." *United States v. Smith*, 19 Cr. 324 (BAH), 2020 WL 5995100, at *19 (D.D.C. Oct. 9, 2020).

Here, the Government produced to the defense a witness list, *Giglio* material, Jencks Act material, and notice pursuant to Federal Rule of Evidence 404(b) by October 11, 2021, or 7 weeks in advance of trial. The Government understands that the Court's schedule for early disclosure of Jencks Act material and early motions *in limine* was designed, in part, to ensure that any significant issues are resolved substantially in advance of trial. The Government respectfully submits that the Court has "good cause" to set an earlier deadline in order to ensure that any issues stemming from Rule 412 litigation are resolved in a timely fashion in advance of trial, including the need for the Government to investigate and meaningfully respond to such sensitive and important issues. *See Smith*, 2020 WL 5995100, at *19.

Additionally, a deadline of 14 days before trial for the defense's Rule 412 motion is not practical in light of the trial schedule. Under the defense schedule, the defense will file their Rule 412 motion on November 15, 2021, and give notice to both the Government and victims. *See* Fed. R. Evid. 412(c)(1)(D). At some point over the following two weeks—during jury selection and the Thanksgiving holiday—the Government will respond to the motion, and the Court "must conduct an in camera hearing" that gives the parties and the victims the right to be heard. *See* Fed. R. Evid. 412(c)(2). Given that there are multiple victim witnesses and the defense has not yet notified the Government whether it intends to make a Rule 412 motion as to one or more than one

of them, there may be a need for multiple such hearings. The Court must then adjudicate the motion before trial starts or during trial. There is no reason to impose the defense's cramped schedule on the Court or the parties, particularly where the motion concerns such sensitive issues.

For these reasons, the Government respectfully submits that the Court should maintain the October 18, 2021 *in limine* deadline as the deadline for the defense to file a motion under Rule 412, or order that any Rule 412 motion be made, at the latest, by October 25, 2021.

                                Respectfully submitted,

                                DAMIAN WILLIAMS
                                United States Attorney

By:   s/
      Alison Moe
      Lara Pomerantz
      Andrew Rohrbach
      Assistant United States Attorneys
      Southern District of New York

Cc: Defense counsel (By ECF)