

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 18, 2021

**BY ECF**
The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter pursuant to the Court's Order dated October 14, 2021 (Dkt. No. 343) directing the Government to respond to the defendant's motion for an order granting limited counsel-conducted voir dire and individual sequestered voir dire (Dkt. No. 341).

### I. Attorney Voir Dire Is Not Warranted

None of the defendant's arguments warrant departing from the well-settled practice in this District of Court-led voir dire. The Court is well-equipped to thoroughly question prospective jurors and to appropriately filter questions prepared by the parties.

It is well established that "[a] district court is 'accorded ample discretion in determining how best to conduct . . . voir dire.'" *United States v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002) (quoting *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981)); *accord United States v. Quinones*, 511 F.3d 289, 299 (2d Cir. 2007). As a general matter, "[v]oir dire is necessarily a matter in which the trial court has extremely broad discretion," and "federal trial judges are not required to ask every question that counsel—even all counsel—believes is appropriate." *Lawes*,

292 F.3d at 128; *see also United States v. Kyles*, 40 F.3d 519, 524 (2d Cir. 1994) (stating that a district court has "broad discretion whether to pose a defendant's requested *voir dire* questions"). Although the Federal Rules of Criminal Procedure contemplate that district courts *may* exercise that discretion by permitting counsel to conduct the questioning of potential jurors, *see* Fed. R. Crim. P. 24(a), the usual practice is for the court to conduct its own questioning, and federal courts generally have resisted efforts by counsel to expand their own role. *See, e.g.*, *Lawes*, 292 F.3d at 128 (noting the "long struggle between bench and bar" over juror questioning and observing that "federal courts have successfully resisted such attempts" by counsel to have a greater role). Courts are generally resistant to such efforts because "[c]ourt and counsel have somewhat different goals in voir dire." *Id.* As the Second Circuit has observed:

> The court wants a fair and impartial jury to be chosen and to move expeditiously to the presentation of evidence. Counsel want a jury favorable to their cause—fair or not—and voir dire aids them in exercising peremptory challenges and challenges for cause. Counsel have an additional purpose in voir dire moreover and that involves exposing jurors to various arguments they intend to make at trial. Counsel view voir dire as an opportunity for advocacy similar to, albeit not the equivalent of, openings or summations.

*Id.*; *see also United States v. Barnes*, 604 F.2d 121, 138 (2d Cir. 1979) ("[T]he purpose of the voir dire is to ascertain disqualifications, not to afford individual analysis in depth to permit a party to choose a jury that fits into some mold that he believes appropriate for his case." (quotation marks and citation omitted)).

The defendant offers no persuasive reason to abandon the customary practice in this District,[1] and of federal courts generally, and to adopt an alternative procedure for this case. The

---

[1] *See, e.g.*, *United States v. Saipov*, No. 17 Cr. 722 (VSB), 2020 WL 958527, at *1 (S.D.N.Y. Feb. 27, 2020) (rejecting defendant's arguments for attorney conducted voir dire in capital case); *United States v. Barone*, No. 09 Cr. 91 (NRB), 2010 WL 2976505, at *1 (S.D.N.Y. July 9, 2010) (declining to permit attorney-conducted voir dire); *United States v. Wilson*, 571 F. Supp. 1422,

defendant claims that because this case has received significant pretrial publicity and the charges involve a "sensitive subject matter," the Court "should grant a limited period of attorney-conducted voir dire after the Court's general voir dire," but she does not identify what information she believes that her attorneys would be more capable of discovering than the Court. (Dkt. No. 342 at 1, 10). Even if counsel identify specific or additional issues the defendant believes her attorneys should be able to explore in light of, as the defendant claims, the attorneys' "more in-depth knowledge of the case" (*id.* at 11), counsel are free to propose additional questions that the Court may ask, and the Court is in the best position to consider whether such inquiry is appropriate and, if so, how to pose such questions in a way that is fair to the interests of all parties and the potential jurors. Even if counsel attempt to ask their additional questions in an even-handed way, counsel may easily and inadvertently step over the line and significantly prejudice the other side. *See Saipov*, 2020 WL 958527, at *1 (holding that court-conducted voir dire "assures that the parties do not stray into impermissible areas that could potentially taint the prospective jurors' answers or point of view [and] permits each party the opportunity to evaluate the questions proposed by their adversary").

The defendant claims that "questioning conducted exclusively by the Court further hampers the ability to uncover important information about jurors because it places jurors in a subordinate position heightening their reluctance to be candid." (Dkt. No. 342 at 13). The defendant's motion does not expand upon this conclusory assertion, but instead cites "research" that appears to broadly recommend in-depth voir dire. (*Id.* at 13-14). But there is no reason to

---

1428 (S.D.N.Y. 1983) (rejecting defense request for attorney-conducted voir dire and noting that court-conducted voir dire has resulted in the "empanelling of fair and impartial juries"; "And this has been true of cases that have attracted in advance of trial the widest publicity in the news media over extended periods of time.").

believe that counsel will be better than the Court at identifying bias, nor that counsel will be more interested than the Court in removing biased jurors. Indeed, it is unlikely that attorney-led questioning will yield a significant change in the candidness and openness of prospective jurors if the Court also limits those questions to one minute per juror, as the defense also proposes. (*Id.* at 14). Given that prospective jurors are likely to "respond honestly to questions directed to them by a federal judge," *Saipov*, 2020 WL 958527, at *1, Court-led voir dire remains appropriate in this case.

Accordingly, the Government respectfully submits that the well-established practice in this District of Court-led voir dire should be followed. Counsel can address potential bias by proposing questions for the Court to ask (as it already has) and engaging in the strike process, as is customary and appropriate here.

### II.     Individual "Sequestered" Voir Dire Is Not Warranted

The Government respectfully submits that the well-established practice in this District should be followed; that is, the Court should ask most questions in open court and ask sensitive questions, such as those that relate to sexual abuse and media exposure, at sidebar. The defendant argues that individual sequestered voir dire is necessary in light of the nature of the charges in this case, which she claims are "particularly inflammatory and of great concern to communities from which jurors are drawn," and her concern that "a discussion of pretrial publicity in front of the entire jury pool will contaminate those few jurors who have not been subjected to the publicity." (Dkt. No. 342 at 8-9). Of course, under the typical practice in the District, prospective jurors would not be asked to describe their experiences with sexual assault or the details of pretrial publicity in front of the rest of the venire. That questioning would happen at sidebar, in an "individual, sequestered" setting. But not every prospective juror may need additional questions on those

Page 5

topics, and other topics can safely be discussed in the group setting. Accordingly, it is more efficient to conduct voir dire following the usual practice in this District.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By: \_\_/s_____
    Alison Moe
    Lara Pomerantz
    Andrew Rohrbach
    Assistant United States Attorneys
    Southern District of New York

Cc: Defense counsel (By ECF)