

**Haddon, Morgan and Foreman,** P.C
**Jeffrey Pagliuca**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364 FX 303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

October 18, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

Today, counsel for Ghislaine Maxwell filed 13 motions *in limine* and accompanying exhibits seeking the following relief:

    to Preclude the Introduction of Alleged Co-Conspirator Statements as a Sanction for Failing to Comply with This Court's September 3, 2021 Order;

    to Exclude Any Evidence Offered by the Government Pursuant to Fed. R. Evid. 404(b) for Failure to Comply with the Rule's Notice Requirement;

    to Exclude Under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Request for *Daubert* Hearing;

    to Exclude Evidence Related to Accuser-3;

    to Exclude Evidence of Alleged Flight;

    to Exclude Evidence of Ms. Maxwell's Alleged False Statements and to Redact Allegations Related to the Perjury Counts from the Second Superseding Indictment;

The Honorable Alison J. Nathan
October 18, 2021
Page 2

       to Exclude Government Exhibit 52, an Unauthenticated Hearsay Document from Suspect Sources;

       to Exclude Items Purportedly Seized During Search of 358 El Brillo Way on October 20, 2005;

       to Suppress Identification;

       to Preclude Law Enforcement Witnesses from Offering Expert Opinion Testimony;

       to Preclude Testimony About Any Alleged "Rape" by Jeffrey Epstein;

       to Preclude Reference to the Accusers as "Victims" or "Minor Victims"; and

       to Preclude Introduction of Government's Exhibits 251, 288, 294, 313 and 606.

### Temporary Sealing

Some of the memoranda and exhibits in support of the motions *in limine* contain Confidential Information produced in discovery that is governed by paragraph 15 of the Protective Order (Dkt. 36). Accordingly, pursuant to our prior practice, we will not file the memoranda and exhibits on the public docket until we are instructed to do so by the Court. Instead, we will submit the memoranda and exhibits by email to the Court and the government under seal—pursuant to Rule 2(B) of the Court's individual rules of criminal practice—to give both parties the opportunity to propose and justify any redactions it deems necessary. The government has agreed to do the same for its motions *in limine*. We will, however, file the Notice of Motion and this cover letter on the public docket because they do not contain Confidential Information.

### Reservation of Rights to File Additional Motions *in Limine*

As directed by the Court, we endeavored to comply with today's filing deadline, but as previously raised with the government and the Court, additional time is required to determine

The Honorable Alison J. Nathan
October 18, 2021
Page 3

whether additional motions are required based on voluminous disclosures made less than one week ago.[1]

By court order, the government produced Jencks Act and *Giglio* material and a list of government exhibits on the evening of October 11. New York counsel picked up the hard drives from the U.S. Attorney's Office that evening. Colorado counsel received their hard drives via Federal Express on October 12 at approximately 6:30 p.m. The hard drives contained thousands of pages of disclosures: approximately 8,000 single-space typed and hand-written pages of testifying witness materials; approximately 6,000 pages on "non-testifying" witness materials, the bulk of which is exculpatory; and Excel spreadsheets identifying hundreds of government exhibits.

Ms. Maxwell received her hard drive late morning on October 14 without inclusion of various .pdf disclosures, most significantly the government's exhibit list, which counsel copied, hand-delivered, and deposited in the MDC legal mailbox on October 17.

Counsel have been unable to thoroughly review and analyze this voluminous production in sufficient time to assess whether additional motions *in limine* are required. Nor has Ms.

---

[1] This issue was discussed during the arraignment on April 23, 2021:

> MR. PAGLIUCA: [W]e don't think it's tenable to stick to the motion in limine schedule based on the government's proposed disclosures.

Dkt. 261 at 6.

> MS. COMEY: And as is typical with trials in this district, it is possible there may be supplemental motions in limine after the date that the parties have proposed for motions in limine in this case.

*Id.*

> THE COURT: And to the extent that there is some additional supplementation after that date, we can consider that.

*Id.* at 8.

The Honorable Alison J. Nathan
October 18, 2021
Page 4

Maxwell had sufficient opportunity to review the disclosures or the opportunity to effectively review and discuss the production with counsel. Clearly, there has been insufficient time to prepare any additional filings to meet today's deadline, a concern previously raised with government counsel and the Court.[2]

Accordingly, Ms. Maxwell reserves the right to file additional/or supplemental motions *in limine* in response to the government's recent disclosure of Jencks Act, *Giglio* material and government exhibits, dated October 11, 2021. *See* 6/2/2021 Order (Dkt. 297) ("In addition, and as requested by the parties, the parties may bring issues to the Court's attention that arise after the deadline for motions *in limine* if the issues could not have been raised within the deadline set for *in limine* motions.").

Your consideration is greatly appreciated.


Respectfully Submitted,

*[signature]*

Jeffrey S. Pagliuca

CC: Counsel of Record (via ECF)

---

[2] In addition, Ms. Maxwell's counsel provided the government with encrypted hard drives to obviate the need for the government to encrypt the underlying files. Contrary to the defense's specific request, the government encrypted the files themselves necessitating two passcodes—one to open the hard drive and one to open the files—to access the documents each time we wish to review them. This two-step process has slowed the review process.