**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**

1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300 • www.rcfp.org

Bruce D. Brown, Executive Director
bbrown@rcfp.org • (202) 795-9301

**STEERING COMMITTEE CHAIRMAN**
STEPHEN J. ADLER
**STEERING COMMITTEE MEMBERS**
WOLF BLITZER
*CNN*
DAVID BOARDMAN
*Temple University*
THEODORE J. BOUTROUS, JR.
*Gibson, Dunn & Crutcher LLP*
MASSIMO CALABRESI
*Time Magazine*
MANNY GARCIA
*Austin American-Statesman*
EMILIO GARCIA-RUIZ
*San Francisco Chronicle*
JOSH GERSTEIN
*POLITICO*
ALEX GIBNEY
*Jigsaw Productions*
SUSAN GOLDBERG
*National Geographic*
JAMES GRIMALDI
*The Wall Street Journal*
LAURA HANDMAN
*Davis Wright Tremaine*
DIEGO IBARGÜEN
*Hearst*
JEREMY JOJOLA
*9NEWS Colorado*
KAREN KAISER
*Associated Press*
DAVID LAUTER
*The Los Angeles Times*
MARGARET LOW
*WBUR*
COLLEEN MCCAIN NELSON
*The McClatchy Company*
MAGGIE MULVIHILL
*Boston University*
JAMES NEFF
*The Philadelphia Inquirer*
NORMAN PEARLSTINE
*New York, New York*
THOMAS C. RUBIN
*Stanford Law School*
BRUCE W. SANFORD
*BakerHostetler, ret.*
CHARLIE SAVAGE
*The New York Times*
JENNIFER SONDAG
*Bloomberg News*
NABIHA SYED
*The Markup*
ADAM SYMSON
*The E.W. Scripps Company*
PIERRE THOMAS
*ABC News*
MATT THOMPSON
*The New York Times*
VICKIE WALTON-JAMES
*NPR*
JUDY WOODRUFF
*PBS/The NewsHour*
SUSAN ZIRINSKY
*CBS News*

**HONORARY LEADERSHIP COUNCIL**
J. SCOTT APPLEWHITE, *Associated Press*
CHIP BOK, *Creators Syndicate*
DAHLIA LITHWICK, *Slate*
TONY MAURO, *American Lawyer Media, ret*
JANE MAYER, *The New Yorker*
ANDREA MITCHELL, *NBC News*
CAROL ROSENBERG, *The New York Times*
PAUL STEIGER, *ProPublica*
SAUNDRA TORRY, *Freelance*

*Affiliations appear only
  for purposes of identification.*

October 20, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      **Re:** *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

      With the government's consent, the defendant has requested to file the parties' joint proposed juror questionnaire and joint proposed voir dire under seal. Letter of U.S. Att'y, October 12, 2021 (Dkt. No. 339) ("Letter"). The Reporters Committee for Freedom of the Press and the 17 undersigned news media organizations respectfully urge the Court to deny the defendant's request. *Globe Newspaper Co. v. Superior Ct. for Norfolk Cty.*, 457 U.S. 596, 609 n.25 (1982) (stating that "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion" (cleaned up)).[1]

      Both the common law and the First Amendment afford the public a qualified right of access to criminal proceedings. Indeed, the Supreme Court has long recognized that public access to criminal proceedings assures both the fairness and legitimacy of the criminal justice system. *Id.* at 606 ("Public scrutiny of a criminal trial enhances the quality and safeguards the integrity of the factfinding process,

---

[1] The defendant also has requested that the Court order "individual sequestered juror voir dire and limited counsel-conducted voir dire." ECF No. 341. The government opposes both requests. ECF No. 355. To the extent that the defendant seeks to limit press and public access to any aspect of voir dire in this case, the same constitutional and common law presumptions of public access discussed herein apply.

with benefits to both the defendant and to society as a whole.").

Voir dire is a critical stage of criminal proceedings, and the public interest in favor of access to voir dire is correspondingly weighty. *United States v. Shkreli*, 260 F. Supp. 3d 257, 259–60 (E.D.N.Y. 2017) ("Press coverage of voir dire, no less than coverage of opening statements or the cross examination of a key witness, contributes to the fairness of trials."); *accord United States v. Avenatti*, 2021 WL 1819679, at *1 (S.D.N.Y. May 6, 2021). Recognizing that interest, the Supreme Court has held that the First Amendment requires the voir dire process be presumptively open to the press and public. *Press-Enter. Co. v. Superior Ct. of California, Riverside Cty.*, 464 U.S. 501, 510 (1984).

Juror questionnaires, which are used to facilitate and expedite the jury selection process, are subject to the same presumption of openness as that which attaches to voir dire generally. *See United States v. King*, 140 F.3d 76, 82 (2d Cir. 1998) (including juror questionnaires when analyzing whether limited closure of voir dire violated public's right of access); *see also* Order, *In re The Washington Post*, No. 15-1293 (4th Cir. Apr. 27, 2015) (stating that "the public enjoys a presumptive right of access to *voir dire* proceedings, including *voir dire* questionnaires"); *In re Access to Jury Questionnaires*, 37 A.3d 879, 886 (D.C. 2012) ("Every court that has decided the issue has treated jury questionnaires as part of the voir dire process and thus subject to the presumption of public access." (citing *In re South Carolina Press Ass'n*, 946 F.2d 1037, 1041 (4th Cir. 1991), and collecting other cases)); *Stephens Media, LLC v. Eighth Judicial District Court*, 221 P.3d 1240, 1245 (Nev. 2009); *Forum Commc'ns Co. v. Paulson*, 752 N.W.2d 177, 182–83 (N.D. 2008); *Ohio ex rel. Beacon Journal Publ'g Co. v. Bond*, 781 N.E.2d 180, 187–89 (Ohio 2002); *United States v. Bonds*, No. C 07-00732 SI, 2011 WL 902207, at *3 (N.D. Cal. Mar. 14, 2011); *United States v. McDade*, 929 F. Supp. 815, 817 n.4 (E.D. Pa. 1996); *In re Washington*

*Post*, No. 92-301, 1992 WL 233354, at *2 (D.D.C. July 23, 1992); *Copley Press, Inc. v. Superior Court*, 228 Cal. App. 3d 77, 89 (1991).

The presumption of openness that attaches to voir dire—including juror questionnaires— "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Shkreli*, 260 F. Supp. 3d at 260 (quoting *Press–Enter. Co.*, 464 U.S. at 510). "Where the overriding interest to be protected is the defendant's right to a fair trial, the court must make specific findings that 'there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights.'" *Id.* (quoting *ABC, Inc. v. Stewart*, 360 F.3d 90, 98–99 (2d Cir. 2004)). "The Second Circuit has explained that the party seeking to restrict press access bears a 'heavy' burden." *Id.* (quoting *Stewart*, 360 F.3d at 106).

Here, the defense manifestly fails to carry its "heavy burden." *Id.* The defendant's request to seal provides the Court with no basis on which to make the specific factual findings required to conceal voir dire, including the parties' joint juror questionnaire, from the public. *Stewart*, 360 F.3d at 98. In an effort to justify the defendant's request, the Letter speculates that "media coverage *may* prejudice the jury selection process." Letter 1. Such conclusory speculation cannot overcome the deeply rooted presumption of openness applicable to voir dire. Accordingly, the Court should order the parties to file the proposed juror questionnaire and proposed voir dire on the public docket.

Respectfully submitted,

/s/*Katie Townsend*
Katie Townsend
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020

Washington, DC 20005
(202) 795-9300
ktownsend@rcfp.org

| | |
|---|---|
| The Miami Herald | The National Press Club |
| American Broadcasting Companies, Inc. | The National Press Club Journalism Institute |
| The Center for Investigative Reporting | NBCUniversal Media, LLC |
| The Daily Beast Company LLC | The New York Times Company |
| Daily News, LP | Radio Television Digital News Association |
| The Media Institute | Reuters News & Media Inc. |
| MPA—The Association of Magazine Media | Society of Professional Journalists |
| National Newspaper Association | The WNET Group |
| Society of Environmental Journalists | |