UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :

UNITED STATES OF AMERICA
                                                                :

        - v. -
                                                                :      S2 20 Cr. 330 (AJN)

GHISLAINE MAXWELL,
                                                                :

                         Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINT PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

| | |
|---|---|
| DAMIAN WILLIAMS<br>United States Attorney for the<br>Southern District of New York<br>Attorney for the United States of America | Christian Everdell, Esq.<br>Cohen & Gresser LLP<br>800 Third Avenue<br>New York, NY 10022 |
| Alison Moe<br>Lara Pomerantz<br>Andrew Rohrbach<br>Assistant United States Attorneys<br>- Of Counsel - | Laura Menninger, Esq.<br>Jeffrey Pagliuca, Esq.<br>Haddon, Morgan and Foreman, P.C.<br>150 East Tenth Avenue<br>Denver, CO 80203 |
| | Bobbi Sternheim, Esq.<br>Law Offices of Bobbi C. Sternheim<br>33 West 19th Street-4th Fl.<br>New York, NY 10007 |

**<u>Introduction</u>**

The parties respectfully request, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

You are being considered for jury service in a criminal case involving charges against Ghislaine Maxwell.

It is important for you to remember that Ms. Maxwell has denied the charges and pleaded not guilty. Like anyone accused of a crime in this country, Ms. Maxwell is, and must be, presumed innocent of any and all charges made against her unless and until the government proves her guilt beyond a reasonable doubt. The Indictment is only an accusation and is not proof or evidence of anything.

The government and only the government has the burden of proving each of the essential elements of each crime charged beyond a reasonable doubt. The purpose of the trial is to determine whether the government has met this burden.

A defendant in a criminal trial never has to prove innocence. Every defendant is presumed innocent of the charges in an indictment, unless and until during your deliberations you determine that the government has met its burden of proof.

Four rules apply in every criminal case that you must keep in mind.

1

First, the defendant is presumed innocent until the government has proven her guilty of the charges based on evidence.

Second, the government has the burden of proof – based on proof beyond a reasonable doubt. The defendant has no burden to prove her innocence or to present any evidence. The burden of proof never shifts to the defendant.

Third, the defendant does not have to testify or present any evidence whatsoever. You must not hold the right and decision not to testify against the defendant.

Four, jurors may not engage in any reading, viewing, review or discussion of this case until the jury begins deliberations.

Are you able to follow these instructions? [If No/Unsure, question privately]

There has been press coverage of this case that will undoubtedly continue throughout the trial. What you may have read, seen, or heard about this case is not evidence and may not be considered by you in deciding whether the government has met its burden of proof based solely on the evidence – testimony and exhibits- admitted during trial.

You may not read, watch, or listen to any news or reports in any form whatsoever about this case. You may not use the Internet or in any way conduct any independent research about anything having to do with this case: not about the people that are involved, including witnesses and lawyers not about the facts, not about the law. You must not discuss this case with anyone. Not your spouse, domestic partner, family, colleagues, co-workers, anybody.  You must not try to find out any information about his case from any source outside this courtroom. You must not talk about it, Twitter about it, post about it, talk about it, communicate about it.  You may not express any opinion about this case and may not read about, seek, or inquire about other people's opinions. You are not permitted to discuss or talk about this case with anyone including fellow jurors until

2

all the evidence has been presented, the lawyers have delivered closing arguments, and I have given you instructions on the law. At that time and only then, can you begin deliberating, and only then can you discuss this case with other jurors and only other jurors in this case. To read, view, or talk about this case in any way before you retire to deliberate will be in violation of your sworn oath as jurors.

1. Are you able to follow these instructions? [If No/Unsure, question privately]

2. Do you have any personal knowledge of the charges in this case as they are described above?

### Pretrial Publicity

3. Have you read, seen, or heard anything about this case?

4. Based on anything you have read, seen, or heard about this case, without stating what it is, have you formed any about this case? [If Yes, question privately]

5. Have you read, seen, or heard anything about Jeffrey Epstein?

6. Based on anything you have read, seen, or heard about this case, without stating what it is, have you formed any about Jeffrey Epstein? [If Yes/Unsure, question privately.]

7. Have you read, seen, or heard anything about Ghislaine Maxwell?

8. Based on anything you have read, seen, or heard about this case, without stating what it is, have you formed any about this Ghislaine Maxwell? [If Yes/Unsure question privately.]

9. Based on anything you have read seen or heard about the case, Mr. Epstein, or Ms. Maxwell, including anything about the criminal charges brought against Ms. Maxwell, would you be able to follow the Court's instructions to put that information out of your mind and decide this case based only on the evidence presented at trial? [If No/Unsure question privately.]

**Commented [A1]:** GOVERNMENT OBJECTION: The Government objects to the language in green color font, proposed by the defendant, on the grounds that the proposed language is not appropriately part of voir dire. Rather, prospective jurors can simply be asked if they can follow the judge's instructions. Selected jurors can and will be advised of the burdens of proof and obligations of the parties as part of the court's later instructions to the jury. In addition, the instructions proposed are repetitive.

**Commented [A2R1]:** DEFENDANT RESPONSE: The Government proposes numerous questions asking whether the jurors can abide by the Court's instructions on topics including search-obtained evidence, sympathy and empathy, investigative techniques used by government, the fact that others not charged cannot enter their analysis, and punishment. In order to empanel an impartial jury, it is appropriate to enquire of the jurors whether they likewise can hold the government to their burden of proof. Also, the government proposes to summarize all of the 6 charges and to counterbalance that proposal, it is important that the jurors understand that Ms. Maxwell has pleaded not guilty and is presumed innocent.

**Commented [A3]:** GOVERNMENT OBJECTION: The Government objects to the questions in the "Pretrial Publicity" section proposed by the defendant on the grounds that the questions are duplicative of questions included in the proposed questionnaire. Jurors should be asked follow-up questions during voir dire as necessary, but need not be asked the same questions again.

**Commented [A4R3]:** DEFENDANT RESPONSE: The defense responds that (a) the Court has not yet ruled on the admissibility of the questions on the questionnaire, (b) there undoubtedly will be publicity between the time the jurors fill out the questionnaire and appear for voir dire, and (c) asking the questions live when the jurors reactions, hesitations, explanations can be explored by the Court and observed by the parties will aid in the selection of an impartial and fair jury. *See, e.g., United States v. Tsarnaev*, 968 F.3d 24, (1st Cir. 2020) (failure to ask each juror to identify what content they had already read about the case and to identify what they already thought they knew about the case grounds for reversal of death sentence), *cert. granted,* 141 S.Ct. 1683 (Mar. 22, 2021), *oral argument scheduled* (Oct. 13, 2021); *Patriarca v. United States*, 402 F.2d 314, 318 (1st Cir. 1968) (judge must elicit "the kind and degree" of each prospective juror's exposure to the case or the parties" if asked by counsel); *Smith v. Phillips*, 455 U.S. 209, 221-22 (1982) (O'Connor, concurring) (prospective juror "may have an interest in concealing [their] own bias" or "may be unaware of it").

10.     Based on the nature of the charges, might it be difficult for your to be a fair and impartial juror in this case? [If Yes/Unsure question privately.]

## **The Charges**

This is a criminal case.  The defendant on trial, Ghislaine Maxwell, has been charged with the commission of federal crimes in an Indictment filed by a grand jury sitting in this District.

The Indictment is not evidence.  It simply contains the charges that the Government is required to prove to the satisfaction of the trial jury beyond a reasonable doubt.  The charges were summarized in the questionnaire you all filled out. The Indictment alleges that Ghislaine Maxwell conspired with and aided and abetted Jeffrey Epstein to entice minor females to travel to engage in illegal sex acts, transported a minor female to engage in criminal sexual activity, and engaged in sex trafficking of a minor.

I will summarize the charges again briefly in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

The Indictment in this case contains six counts or charges:

- Count One of the Indictment charges that, from at least in or about 1994, up to and including in or about 2004, Ghislaine Maxwell, the defendant, conspired with others to entice minors to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense.
- Count Two charges that, from at least in or about 1994, up to and including in or about 1997, Ghislaine Maxwell enticed a minor to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and aided and abetted the same.
- Count Three charges that, from at least in or about 1994, up to and including in or about 2004, Ghislaine Maxwell conspired with others to transport minors in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense.
- Count Four charges that, from at least in or about 1994, up to and including in or about 1997, Ghislaine Maxwell transported minors in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and aided and abetted the same.

4

- Count Five charges that, from at least in or about 2001, up to and including in or about 2004, Ghislaine Maxwell conspired with Jeffrey Epstein and others to engage in sex trafficking of minors.
- Count Six charges that, from at least in or about 2001, up to and including in or about 2004, Ghislaine Maxwell engaged in sex trafficking of minors, and aided and abetted the same.

11. Does any juror have any personal knowledge of the charges in the Indictment, as I have described them beyond what you have already noted in your questionnaire?

### LEGAL PRINCIPLES

12. The Court will instruct the jury that every person accused of a crime is presumed to be innocent; an indictment, which is only an accusation, is not proof of anything; and a defendant cannot be found guilty unless the jury, having heard all the evidence in the case, unanimously decides that the evidence proves his guilt beyond a reasonable doubt. Will you accept and apply this rule of law?

   a. Is there anyone on this panel who thinks that because Ms. Maxwell is charged with a crime, she is probably guilty of something?

   b. Do you agree that the worst thing that can happen under our American system of criminal justice is for an innocent person to be convicted of a crime she did not commit?

13. Ms. Maxwell's presumption of innocence never goes away unless and until the government proves each and every element of the charges beyond a reasonable doubt. This principle applies to each of the charges in this case, just as in any criminal case. Do you have any opinions about the reasonable doubt standard in criminal cases?

14. Does each member of the jury understand that the reasonable doubt standard of proof is the highest standard of evidence provided for under our laws?

**Commented [A5]:** The Government's proposed language of the charges is reflected in purple colored font. The defendant's proposed language is reflected in green color font.

**Commented [A6R5]:** DEFENDANT OBJECTION: The Defendant objects to the full-scale recapitulation of the charges in this case. There is little distinction between each Count and summarizing each of the six counts places an unfair emphasis on the fact that the Government has chosen to charge largely the same conduct in six different ways. If the Court is inclined to summarize each of the six counts, the defense requests that each be followed with a statement that Ms. Maxwell has denied the charge and is presumed innocent of it.

**Commented [A7]:** GOVERNMENT OBJECTION: The Government objects to the questions in the "Legal Principles" section proposed by the defendant on the grounds that the questions are overly broad, argumentative, vague, confusing, and redundant.

**Commented [A8R7]:** DEFENDANT RESPONSE: The defense incorporates by reference their response to the Government objections to the Introduction and her Objection to the Charges section included by the Government.

15. Do you understand that the prosecution has the burden of proof in this as in every other criminal case and that Ms. Maxwell has no burden of coming forward with any evidence to establish his innocence, but rather the prosecutor has the burden of proving beyond a reasonable doubt the truth of the allegations charged?

    a. On the other hand, the defense may also produce evidence. Would you be able to follow the Court's instructions that even if Ms. Maxwell or her lawyers introduce evidence, the burden of proof never leaves the prosecution, and it is always the prosecutor that must prove the Ms. Maxwell guilty beyond a reasonable doubt?

    b. Do any of you believe evidence is more compelling or a case is more persuasive if it is presented by the federal government rather than a private party?

16. The law provides that Ms. Maxwell, as the defendant, does not have to testify. Our laws further provide that if Ms. Maxwell does not testify, you may not consider that for any purpose in deciding her guilt or innocence. Is there anyone on this jury panel who, because of personal feelings or otherwise, would not be able to follow that rule?

17. Does any member of the jury panel feel that if a defendant does not testify that she may be hiding something?

18. Do any of you believe that a witness can swear to tell the truth and nonetheless not be completely truthful?

19. Would any of you consider the testimony of a government agent more credible than that of an ordinary person?

20. Would you be inclined to believe or disbelieve a witness solely because the witness is an FBI or law enforcement officer?

21.  If you are selected as a juror in this matter, after you have heard all the evidence, you will deliberate. During deliberations, if you find you are of one view and all the rest of the jurors of an opposite view, and if, after full and free discussion, you remain convinced by reason and by logic that you are correct, will you have the strength of your convictions to adhere to your decision, notwithstanding the fact that all the other jurors disagree with you?

22.  If a friend or loved one was standing trial here, on the same charges, do you know of any reason why you would not be satisfied to have his or her case tried by someone in your frame of mind or with the attitudes and beliefs that you hold?

23.  Given the high-profile nature of this case and the sensitive nature of the charges, is there any reason why you would feel pressure - personally, professionally, politically, ethically, or religiously - to return a verdict other than one based only on the evidence? [If Yes/Unsure, question privately.]

**Knowledge of the Trial Participants**

24.  As noted in your questionnaire, the accused, the defendant, Ghislaine Maxwell, is represented by Christian Everdell, Laura Menninger, Jeffrey Pagliuca, and Bobbi Sternheim. [*Please ask them to stand.*] Seeing them here today, do any of you know Mr. Everdell, Ms. Menninger, Mr. Pagliuca, or Ms. Sternheim? Has any juror had any dealings with them or individuals in their offices? They will be assisted by senior paralegal specialist Ann Lundberg.

25.  Similarly, as noted in your questionnaire, the prosecution, referred to here as the Government, is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian Williams. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach. They will be assisted by FBI Special Agent Amanda

**Commented [A9]:** GOVERNMENT OBJECTION: Ghislaine Maxwell is the defendant in the case, and should be referred to as such, as is the case in virtually every criminal prosecution.

**Commented [A10R9]:** DEFENDANT RESPONSE: Ms. Maxwell is merely accused of the conduct included in the charges and this questionnaire, a point that bears repeating.

**Commented [A11]:** DEFENDANT RESPONSE: The defense objects that this language is superfluous and unnecessary. No other "case before this Court" is at issue. Further, the U.S. Government is represented by numerous other parties before this Court, including the SEC and other agencies.

7

Young and FBI Task Force Officer Paul Byrne, and Sunny Drescher and Annie Phifer, paralegal specialists in the U.S. Attorney's Office. [*Please ask them to stand*]. Do any of you know Ms. Comey, Ms. Moe, Ms. Pomerantz, Mr. Rohrbach, Special Agent Young, Task Force Officer Byrne, Ms. Drescher, or Ms. Phifer? To your knowledge, have you, your family members, or your close friends had any dealings with them?

26. I will now read a list of names of individuals who may be mentioned during the trial, or who may be witnesses in this case:

[*Names to be supplied*]

27. Do any of you know any of those people? Have you had any dealings, directly or indirectly, with any of these individuals? To your knowledge, have any of your relatives, friends, or associates had any dealings with any of these individuals?

**Knowledge of Location**

28. Events in this case are alleged to have taken place at the following locations:

[*List to be supplied*]

29. Are any of you particularly familiar with any of those locations?

**Prior Jury Service**

30. Have you ever served as a juror in a trial in any court? If so, in what court did you serve and was it a civil or criminal case? What type of case was it? Without telling us what the verdict was, did the jury reach a verdict?

31. Have you ever at any time served as a member of a grand jury, whether in federal, state, county, or city court? If so, when and where?

32. For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

### Experience as a Witness, Defendant, or Crime Victim

33. Have you, or has any relative or close friend, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant? If so, what kind of case? And, what was your role in that case? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

34. Have you or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a congressional or state legislative committee, licensing authority, or governmental agency, or been questioned in any matter by any federal, state, or local law enforcement agency? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

35. Have you, or has any relative or close friend, ever been subpoenaed for any inquiry or investigation? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

36. Have you, or has any relative or close friend, ever been arrested or charged with a crime? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case? Again, if you would prefer not to give your answer in open court, please say so.

37. Have you, or has any relative or close friend, ever been the subject of any investigation or accusation by any grand jury, state or federal, or any other investigation? If so, is

there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

38. Has any juror, or any of your relatives or close friends, ever been a victim of a crime? If you would feel uncomfortable answering this question in open court, please say so and we can follow up at the sidebar. If you answer yes, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action. Is there anything about that experience that could affect your ability to be fair and impartial in this case?

39. Have you, or has any member of your family or any of your close friends—either as individuals or in the course of their business affairs—ever been a party to a legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the United States Attorney's Office or the FBI, or the NYPD?

40. Have any of you had any legal, financial, or other interest in any such legal action or dispute or its outcome? Have you, or has any member of your family, ever had such a dispute concerning money owed to you by the government or owed by you to the government? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

**Views on Certain Witnesses, Investigative Techniques, and Evidence**

41. The witnesses in this case will include law enforcement witnesses. Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

42. You will hear testimony in this case that law enforcement officers recovered certain evidence from searches. The Court will instruct you that those searches were legal and that the

10

evidence obtained from those searches is admissible in this case. Do you have any feelings or opinions about searches conducted by law enforcement officers, or the use of evidence obtained from searches, that would affect your ability to be fair and impartial in this case?

> **Commented [A12]:** DEFENDANT OBJECTION: The defense to this question because it is not relevant for the jury to know about multiple searches. Further, there have been no motions to suppress these searches and the court has not made any such determination. In addition to being factually inaccurate, the question causes any prospective juror to unnecessarily speculate about the admissibility or non-admissibility of certain evidence.
>
> **Commented [A13R12]:** GOVERNMENT RESPONSE: This question mirrors a standard jury instruction on this subject.

43. You also may hear testimony in this case from expert witnesses. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would affect your ability to be fair and impartial in this case?

44. Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

45. Is there anything that has been covered or that has not been covered that you wish to discuss privately with the Court and counsel?

46. Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?

47. The defendant is charged with acting with others in the commission of the charged crimes. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, toward the government or the defendant from that fact. You also may not speculate as to the reason why other persons are not on trial. Is there anyone who cannot follow this instruction or who for this reason could have difficulty rendering a fair and impartial verdict?

> **Commented [A14]:** DEFENDANT OBJECTION: The Sixth Amendment secures to criminal defendants the right to trial by an impartial jury. *Skilling v. United States*, 561 U.S. 358, 377–78 (2010). The function of voir dire is not to counsel prospective jurors on the rules and procedures of criminal law but rather to expose potential bias or prejudice. *United States v. Whitten*, 610 F.3d 168, 184–85 (2d Cir. 2010) (citing *Morgan v. Illinois,* 504 U.S. 719 (1992)). The Government proposed questions are not designed to expose potential bias or prejudice. Voir dire is not an opportunity for one party to inject their theory of the case or preview particular evidence for the jury. The Government's question also mis-states the law. For example, there are grounds (such as a missing witness instruction) that would allow the jury to draw inferences against the Government based on the absence of certain testifying individuals.

**Function of the Court and Jury**

48. The function of the jury is to decide questions of fact. You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders. However, when it comes to the law, you must take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of

what the law is or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment.  Does any juror have any difficulty with that principle, or any problem in accepting and following the instructions of the law that I will give you in this case?

49. Will each juror accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into the deliberation of the jurors as to whether the defendant on trial here is guilty or not guilty?

50. Will each of you accept the proposition that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty, and that only the evidence presented here in Court may be used by you to determine whether the defendant is guilty or not guilty of the crimes charged?

51. It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

52. It also is not a particularly pleasant duty to find another individual not guilty of committing a crime, especially if one's friends and families may disagree with that decision.  Is there any juror who feels that if the government fails to establish each element of each charge against a defendant beyond a reasonable doubt, he or she might not be able to reach a not guilty verdict for reasons unrelated to the law and evidence?

**Commented [A15]:** GOVERNMENT OBJECTION: The Government objects to this question as confusing and inappropriate.

53. Does any juror have any religious, philosophical, or other beliefs that would make you unable to render a guilty or a not guilty verdict in a criminal case?

**Commented [A16]:** GOVERNMENT OBJECTION: The Government objects to the addition of this language as confusing.

12

54. I have tried to direct your attention in these questions and through the questionnaire you filled out to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

55. If you are chosen to serve as a juror in this case, the Court will order you not to read, listen to, or watch any accounts of this case reported on television, the radio, or over the Internet or social media. Jurors are also not allowed to do any research regarding this case, whether over the Internet, on social media or in any other manner. The case must be decided solely on the basis of the evidence presented in the courtroom. Would you have any difficulty following these rules, which are binding on every juror?

### HARDSHIP AND ABILITY TO SERVE

56. This trial is expected to at least six weeks and may extend beyond the holidays. The jury will normally sit from ¬¬¬ 9:30 a.m. to 5:00 p.m. five days per week although there may be deviations from these times. [The Court will not sit from December 24th through New Year's and will resume on January 3d.] The Court and counsel recognize that jury service may be an inconvenience. On the other hand, jury service is an important responsibility for citizens of our democracy. Only in the United States do we rely on our fellow citizens for the determination of justice. Only if service will impose a true hardship, will the Court consider excusing you from service. If you believe you have a true hardship, please let me know.

57. Do you have any physical or personal problem, or do you take any medicine that you believe would affect you during the trial?

> **Commented [A17]:** GOVERNMENT OBJECTION: The Government objects to the questions in the "Hardship and Ability to Serve" section proposed by the Defendant on the grounds that the questions are duplicative of questions included in the proposed questionnaire. Jurors should be asked follow-up questions during voir dire as necessary, but need not be asked the same questions again.
>
> **Commented [A18R17]:** DEFENDANT RESPONSE: The defense responds that (a) the Court has not yet ruled on the admissibility of the questions on the questionnaire, (b) there undoubtedly will be potential hardship issues that may arise between the time the jurors fill out the questionnaire and appear for voir dire, and (c) asking the questions live when the jurors reactions, hesitations, explanations can be explored by the Court and observed by the parties will aid in the selection of an impartial and fair jury.

58. Do you have any difficulty with your sight or hearing that could affect your ability to see or hear what happens during the trial?

59. Do you have any difficulty understanding, reading, or speaking the English language?

60. Have you or has anyone close to you ever been charged with a crime?

61. Have you or anyone close to you ever been accused of sexual assault or sexual harassment?

62. Have you or has anyone close to you ever been the victim of a crime? [If Yes/Unsure question privately.]

63. Have you or has anyone close to you ever been the victim of a sexual crime? [If Yes/Unsure question privately.]

**Jurors' Background**

64. The parties respectfully request that the Court ask each juror to state the following information:

    (a) the juror's age;

    (b) the juror's family status (including whether the juror has any children and, if so, ages of the children);

    (c) the juror's current town of residence and length of time at the residence;

    (d) the juror's county of residence during the past ten years;

    (e) the educational background of the juror, including the highest degree obtained;

    (f) the juror's occupation;

    (g) the name and general location of the juror's employer, and the period of employment with that employer;

    (h) the same information concerning other employment within the last five years;

> **Commented [A19]:** DEFENDANT: The defense proposes that these questions should be more appropriately asked in the questionnaire rather than voir dire. *See* Joint Proposed Jury Questionnaire. The Government objects but it was the Government, in the most recent high-profile federal cases, who included the very same background information questions in the written questionnaire. *See United States v. Elizabeth Holmes (Theranos)*, 18 Cr. 258 (EDJ) (N.D. Cal.); *United States v. Robert Kelly,* 19 Cr. 286 (AMD) (EDNY); *United States v. Keith Rainier (Nxvim)*, 18 Cr. 204 (NGG) (EDNY).
>
> In addition to saving immense time, it provides a good-faith foundation for conducting research on the jurors to confirm truthfulness and/or uncover bias. In addition, the verdict in one of longest financial fraud trials in SDNY was overturned due to jury deceit. *See United States v. Daugerdas*, 867 F.Supp.2d 445 (SDNY 2012).

(i) the same employment information with respect to the juror's significant other and any working children or member of the juror's household;

(j) the newspapers or magazines that the juror typically reads and how often;

(k) the websites that the juror reads and/or posts comments or information on;

(l) the television shows that the juror typically watches and or radio programs the juror regularly listens to;

(m) the juror's hobbies and leisure-time activities; and

(n) whether the juror is a member of any clubs or organizations to which you contribute your time or money.

(o) Do you know, or have you had any dealings, personal or business, with Jeffrey Epstein, or with any of his relatives or friends?  [If Yes/Unsure, question privately]

(p) Do you know, or have you had any dealings, personal or business, with Ms. Maxwell, or with any of her relatives or friends?  [If Yes/Unsure, question privately]

> **Commented [A20]:** GOVERNMENT OBJECTION: The Government objects to Questions 65(o) and (p) proposed by the defendant on the grounds that the questions are duplicative of questions included in the proposed questionnaire. Jurors should be asked follow-up questions during voir dire as necessary, but need not be asked the same questions again.
>
> **Commented [A21R20]:** DEFENDANT RESPONSE: The defense responds that (a) the Court has not yet ruled on the admissibility of the questions on the questionnaire, and (b) asking the questions live when the jurors reactions, hesitations, explanations can be explored by the Court and observed by the parties will aid in the selection of an impartial and fair jury.

### Requested Instruction Following Impaneling of the Jury

65. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.

66. If at any time during the course of the trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So, if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

67. [Per the suggestion of the court of appeals in *United States v. Ganias*, 755 F.3d 125, 132-33 (2d Cir. 2014), *vacated on other grounds*, 824 F.3d 199 (2d Cir. 2016) (en banc)]: I know that many of you use cell phones, Blackberries, the internet, and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, iPhone, Blackberry, text messaging, e-mail, social media websites or applications (including Facebook, Instagram, Twitter, LinkedIn, YouTube), blogs, websites, internet chat rooms, or by other means.

Dated: New York, New York
October 11, 2021

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:    /s/
        Alison Moe
        Lara Pomerantz
        Andrew Rohrbach
        Assistant United States Attorneys

        /s/
        Christian Everdell
        Laura Menninger
        Jeffrey Pagliuca
        Bobbi Sternheim
        *Counsel for Ghislaine Maxwell*