U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 26, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter in response to the Court's Order dated October 22, 2021, attaching the Court's draft preliminary remarks to be recorded and played before each questionnaire session and directing the parties to suggest any proposed edits by letter. (Dkt. No. 366). The Government has no objection to the Court's proposed remarks. However, the Government seeks clarification from the Court of the following line in the Court's draft remarks: "Throughout the selection process and if you are selected as a juror, although the lawyers and I will know your names, we will only refer to you in Court by your juror number." (*Id.* at 3). In particular, the Government respectfully requests that the Court clarify for the parties when during the jury selection process that the parties will be provided with the names of prospective jurors.

    The Government understands that during the jury selection process, prospective jurors will only be referred to in open court by their juror numbers. The Government seeks confirmation that, consistent with the practice in other high profile cases in this District using jury questionnaires, the parties will be provided the prospective jurors' names no earlier than November 16, 2021, the day that oral voir dire begins. *See, e.g.*, *United States v. Skelos*, 15 Cr. 317 (KMW); *United States*

*v. Kaloyeros, et al.*, 16 Cr. 776 (VEC); *United States v. Percoco, et al.*, 16 Cr. 776 (VEC); *cf.* Oct. 12, 2021 Tr. at 7:14-8:1, *United States v. Parnas*, 19 Cr. 725 (JPO) (denying defense's request for a second day of jury selection to allow time for background research on potential jurors; no juror questionnaire used). Here, the time between the administration of the jury questionnaire, oral voir dire, and the start of trial is significantly more extended in light of, among other things, COVID-19 precautions.

As the Court has noted, the purpose of the jury questionnaire process is to streamline challenges for cause. Juror identities are not necessary for that process. The Government submits that having identifying information for jurors for weeks in advance of selection would be unusual, and is not necessary, because "the purpose of the *voir dire* is to ascertain disqualifications, not to afford individual analysis in depth to permit a party to choose a jury that fits into some mold that he believes appropriate for his case." *United States v. Barnes*, 604 F.2d 121, 138 (2d Cir. 1979) (citations omitted). For similar reasons, the Government respectfully requests that peremptory challenges be exercised at the conclusion of voir dire and not on November 29, 2021, the day that trial is scheduled to commence.

Accordingly, the Government respectfully requests that the Court clarify for the parties when during the jury selection process the parties will be provided with the names of prospective jurors.

                                                      Respectfully submitted,

                                                     DAMIAN WILLIAMS
                                                     United States Attorney

                                By:    s/
                                                   Alison Moe
                                                   Lara Pomerantz
                                                   Andrew Rohrbach
                                                   Assistant United States Attorneys
                                                   Southern District of New York

Cc: Defense Counsel (By ECF)