UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
                                          :
  UNITED STATES OF AMERICA,               :
                                          :
         v.                               :       20 Cr. 330 (AJN)
                                          :
  GHISLAINE MAXWELL,                      :
                                          :
         Defendant.                       :
                                          :
                                          :
-------------------------------------------------x

## GHISLAINE MAXWELL'S MOTION TO PRECLUDE THE INTRODUCTION OF ALLEGED CO-CONSPIRATOR STATEMENTS AS A SANCTION FOR FAILING TO COMPLY WITH THIS COURT'S SEPTEMBER 3, 2021, ORDER

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New York,
NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

# TABLE OF CONTENTS

Table of Contents.............................................................................................................ii

Table of Authorities ........................................................................................................iii

RELEVANT PROCEDURAL HISTORY .........................................................................1

I.    The Government has Failed to Identify any Purported Co-Conspirator Statements............2

II.   Ongoing Document Dumps Containing Thousands of Statements Does Not Satisfy the
      Court's Order to Disclose ......................................................................................2

III.  The Failure to Disclose Prevents Defense Cross Examination at Trial and Facilitates the
      Presentation of False Testimony .............................................................................4

IV.   Preclusion of the Purported Statements is the only Appropriate Remedy ..........................5

# TABLE OF AUTHORITIES

**Cases**

*Taylor v. Illinois*, 484 U.S. 400 (1988) ................................................................................ 5

*United States v. Campagnuolo*, 592 F.2d 852 (5th Cir. 1979) ....................................... 6

*United States v. Katz*, 178 F.3d 368 (5th Cir. 1999) ..................................................... 6

*United States v. Tellier*, 83 F.3d 578 (2d Cir. 1996) ..................................................... 2

*United States v. Tracy*, 12 F.3d 1186 (2d Cir.1993) ..................................................... 2

*United States v. Wicker*, 848 F.2d 1059 (10th Cir.1988) ........................................... 5, 6

**Rules**

Fed. R. Crim. P. 16 ......................................................................................................... 4, 5

Fed. R. Evid. 104 ............................................................................................................... 2

Fed. R. Evid. 801 ......................................................................................................... 1, 2, 4

Defendant Ghislaine Maxwell, through counsel, requests that the Court enter an order precluding the government from introducing any alleged co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E) because the government failed to comply with the Court's Order of September 3, 2021 (Dkt. 335). In support of this request, Ms. Maxwell states:

## RELEVANT PROCEDURAL HISTORY

On multiple occasions Ms. Maxwell requested disclosure of the identity of any alleged co-conspirators in this case along with any statements made by those individuals that the government intends to offer into evidence at trial under Federal Rule of Evidence 801(d)(2)(E). The Court, on September 3, 2021, dismissed the government's arguments against disclosure noting that the concern raised by the government about disclosure "does not outweigh the risk of surprise to the Defendant in this case or the need for the parties to litigate co-conspirator issues in advance of trial to ensure the absence of delay" Dkt. 335 at 3. The Order was explicit regarding what the government was required to do: *First*, no later than October 11, 2021, the government was required to "disclose to the defense the identities of any unnamed co-conspirators who allegedly participated in the conspiracies charged in the S2 indictment to whom the government will refer at trial." *Id. Second*, the Court, unambiguously and emphatically, directed: "The Government is FURTHER ORDERED to disclose *all* co-conspirator hearsay statements it intends to offer at trial no later than October 11, as consistent with this Court's scheduling order. Dkt. No. 297 at 1." (emphasis in original.)

On October 11, 2021, the government identified three purported co-conspirators for purposes of trial:  Jeffrey Epstein, ███████████████████████████. The government, however, failed and refused to disclose "*all* (or any) co-conspirator statements it intends to introduce at trial…." Instead, the government, circumventing the plain meaning of the Court's Order, offered that "[t]he Government has produced all co-conspirator statements which

1

it intends to offer at trial … in the Government's production today or in its previous

productions." And, circumnavigating this Court's Order with Magellan-like skill, promised that,

as the government "continues to prepare for trial" it will produce any additional co-conspirator

statements "in connection with its ongoing obligation to produce Jencks Act material." *See*, Ex.

1.

## I.   The Government Failed to Identify *Any* Purported Co-Conspirator Statements

For a statement to fall within the definition of Fed.R.Evid. 801(d)(2)(E), "a court must

find (1) that there was a conspiracy, (2) that its members included the declarant and the party

against whom the statement is offered, and (3) that the statement was made both (a) during the

course of and (b) in furtherance of the conspiracy." *United States v. Tracy*, 12 F.3d 1186, 1196

(2d Cir. 1993). These conditions precedent are "[p]reliminary questions concerning ... the

admissibility of evidence" as referenced in Fed. R. Evid. 104(a), and must be proven by a

preponderance of the evidence. *United States v. Daly*, 842 F.2d 1380, 1386 (2d Cir. 1988).

The Court may consider the coconspirator statements themselves in determining whether

the 801(d)(2)(E) prerequisites have been met. However, because "these hearsay statements are

presumptively unreliable," *United States v. Tellier*, 83 F.3d 578, 580 (2d Cir. 1996), there must

be independent corroborating evidence of the existence of the conspiracy and the participation

therein of the declarant and the defendant.  *Id*.

## II.   Ongoing Document Dumps Containing Thousands of Statements Do Not Satisfy the Court's Order to Disclose

The government neither objected to Ms. Maxwell's request for disclosure nor the Court's

Order requiring disclosure at the same time. *See* Dkt. 317 at 12, n.1 (citing Dkt. 291 and Dkt.

293). The government's reason for not wanting to disclose the statements was considered and

rejected by the Court which ordered disclosure at the same time as the government's witness list, Rule 404(b) notice, exhibits, and 3500 materials no later than October 11, 2021, so that the Defense would not be surprised at trial and because of "*the need for the parties to litigate co-conspirator issues in advance of trial*…." Dkt. 335 at 3.

The government seized multiple electronic devices, including computers and servers from alleged co-conspirator Epstein. These devices contain hundreds of thousands of statements spanning decades. The emails on the devices are to and from many other individuals. Many of the emails are cryptic, subject to interpretation, and appear to be outside of the scope of either conspiracy alleged in the S2 Indictment. It is impossible for Ms. Maxwell to identify any statement that she may need to litigate in advance of trial and, even if she wanted to do so, any attempt would be futile because the government could avoid any issue by simply picking some other statement. Absent pre-trial identification of any alleged co-conspirator statement, Ms. Maxwell will be forced to, during trial, object to any proffered statement, request a recess, identify whether the purported statement was actually produced in discovery, and at some point, litigate the admissibility of the statement. Of course, this is precisely what the Court's Order was intended to avoid.

Given the amount of discourse over this topic, the government must understand what the Court ordered it to disclose. It has chosen, however, to avoid and violate the Court's Order by attempting to overstuff an already full sandbag by ignoring both the plain language and spirit of the Order mandating disclosure. Instead of simply disclosing the purported statements the government has directed Ms. Maxwell back to the hundreds of thousands of "statements" produced or to be produced in the case.

3

### III.   The Failure to Disclose Prevents Defense Cross Examination at Trial and Facilitates the Presentation of False Testimony

None of the identified purported coconspirators are available to testify at trial. Jeffrey Epstein is dead, and neither ███████████████████ have been granted immunity for their trial testimony. Accordingly, Ms. Maxwell cannot cross-examine any identified coconspirator about whether he or she made any yet-to-be attributed statement. The government's failure to disclose creates a real danger that during trial one or more of the alleged accusers will, for the first time, offer some alleged 801(d)(2)(E) statement attempting to inculpate Ms. Maxwell. Thus, it is entirely possible that any one of the accusers could be asked, for example,

> **Government Lawyer**:  Why did you go to the house?
>
> **Witness/Accuser:** Because [insert coconspirator] said that Maxwell said [insert expedient non-disclosed [statement]].

This is an invitation to manufacture evidence which Ms. Maxwell cannot cross examine.

In addition, the failure to disclose implicates many of the issues raised in Ms. Maxwell's previously filed motions. The allegations are decades old, and Ms. Maxwell raised concerns about lack of memory and available witnesses in her Motion to Dismiss for Pre-Indictment Delay, Dkt. 138. It has been difficult to track down and interview relevant percipient witnesses to the alleged events. The failure of disclosure of critical alleged coconspirator statements makes it impossible to prepare a defense.

## IV.   Preclusion of the Purported Statements is the Only Appropriate Remedy

Fed. R. Crim. P. 16(d)(2)(C) provides that if a party fails to comply with the Court's orders regulating discovery the Court may prohibit that party from introducing the undisclosed evidence as a sanction.

A district court's decision to impose a Rule 16(d)(2) sanction for the violation of a discovery order, and thus its choice of sanction, is a matter committed to the Court's sound discretion. In exercising its discretion, the district court must weigh several factors, including the reasons for the government's delay in affording the required discovery, the extent of prejudice, if any, the defendant has suffered because of the delay, and the feasibility of curing such prejudice by granting a continuance. *United States v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1988).

The Supreme Court's decision in *Taylor v. Illinois*, 484 U.S. 400 (1988) is instructive. *Taylor* involved the exclusion of a witness of whom the defense had known but failed to disclose. The defendant challenged the trial court's exclusion of the witness as a sanction for the discovery violation, alleging that it violated his right to present witnesses under the Sixth Amendment's compulsory process clause. In determining whether a preclusion sanction is appropriate, the Court mandated that a trial court exercise its discretion by balancing a ***defendant's*** fundamental right "to offer the testimony of witnesses in his favor" against countervailing public interests. *Id.* at 414. These interests include "[t]he integrity of the adversary process, which depends both on the presentation of reliable evidence and the rejection of unreliable evidence, the interest in the fair and efficient administration of justice, and the potential prejudice to the truth-determining function of the trial process." *Id.* at 414–15. The trial court may also consider the willfulness of the violation, the simplicity of compliance with the discovery obligation, and whether some unfair tactical advantage has been sought. *See id.* at 415–17. Considering these factors, the Court upheld the exclusion of the defendant's witness.

5

The Court emphasized that the defendant had acted willfully and in bad faith in not disclosing the witness until the second day of trial after the prosecution's primary witness had testified. *See id*. at 416–17. Accordingly, "[r]egardless of whether prejudice to the prosecution could have been avoided [by a less severe sanction] ..., it [was] plain that the case fit[ ] into the category of willful misconduct in which the severest sanction [was] appropriate." *Id*. at 417; *see also United States v. Katz*, 178 F.3d 368, 371–72 (5th Cir. 1999) (government's failure to disclose the "photographs" to the defendant in the identical form it intended to produce them at trial was either an attempt to "sandbag" the defense or highly unprofessional conduct and therefore limited the government to the use of black and white images); *United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979) (no abuse of discretion where, as here, a district judge for prophylactic purposes suppresses evidence that, under a valid discovery order, the government should have disclosed earlier, even if the nondisclosure did not prejudice the defendants); *United States v. Wicker*, 848 F.2d 1059, 1062 (10th Cir. 1988) (in view of the district court's pressing schedule, the status of the present case, and the failure of a prior continuance and deadlines to ensure timely discovery; a second continuance would not compensate for the prejudice imposed upon the defendant and the district court did not abuse its discretion in suppressing the government's evidence).

Here, the Court issued its disclosure order months ago. The government did not agree with the Order and sought reconsideration. The Court considered the government's belated request and rejected the government's "concern" that somehow its evidence would be limited at trial. Of course, the government could have made a good faith effort to comply with the Order and, if some other statement came to the government's attention before or during trial it could have, in good faith, requested permission to supplement its proof. Instead, the government has

willfully violated the Order and has refused to produce statements that it obviously (1) is aware of and (2) could be easily identified by referring to a discovery page number or simply providing the statement.

Ms. Maxwell had a very narrow window of time to review and consider any alleged co-conspirator statements which has expired. Counsel for Ms. Maxwell are concurrently preparing multiple motions *in limine*, reviewing thousands of pages of newly provided discovery material, addressing other pretrial deadlines, and preparing for trial. At this stage the failure of the government to address a very simple disclosure requirement has prejudiced Ms. Maxwell's ability to prepare for trial and impacts her statutory and constitutional rights to a fair and speedy trial, due process, and effective assistance of counsel. The appropriate remedy is preclusion of the purported statements.

Dated: October 18, 2021

Respectfully submitted,

*s/ Jeffrey S. Pagliuca*
Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## Certificate of Service

I hereby certify that on October 18, 2021, I electronically filed the foregoing *Ghislaine Maxwell's Motion to Preclude the Introduction of Alleged Co-Conspirator Statements as a Sanction for Failing to Comply with This Court's September 3, 2021 Order* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alison Moe
Maurene Comey
Andrew Rohrbach
Lara Pomerantz
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Alison.moe@usdoj.gov
Maurene.comey@usdoj.gov
Andrew.Rohrbach@usdoj.gov
Lara.Pomerantz@usdoj.gov

*s/ Nicole Simmons*