# EXHIBIT 1

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 23, 2021

**BY ELECTRONIC MAIL**

Christian Everdell, Esq.
Mark Cohen, Esq.
Cohen & Gresser LLP
800 Third Avenue
New York, NY 10022

Laura Menninger, Esq.
Jeffrey Pagliuca, Esq.
Haddon, Morgan and Foreman, P.C.
150 East Tenth Avenue
Denver, CO 80203

Bobbi Sternheim, Esq.
Law Offices of Bobbi C. Sternheim
33 West 19th Street-4th Fl.
New York, NY 10007

Re:   *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Counsel:

Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the Government hereby provides notice that it may call as an expert witness at trial Dr. Lisa Rocchio, a clinical instructor of psychiatry and human behavior at the Alpert Medical School of Brown University. The Government reserves the right to call additional expert witnesses and will promptly provide notice if the Government elects to do so.

I.   **Disclosure by the Government**

Dr. Lisa Rocchio is the President-Elect of the Division of Trauma Psychology of the American Psychological Association ("APA"). Dr. Rocchio has practiced psychology since earning her Ph.D. in 1995, and she is currently a clinical instructor at the Alpert Medical School of Brown University, where she trains psychiatric residents in treating trauma survivors. Since she entered private practice in 1998, Dr. Rocchio has specialized in treating patients with trauma, including sexual trauma in childhood and adolescence. In the last twenty-three years, Dr. Rocchio has treated hundreds of victims of trauma, many of whom were minor victims of sexual abuse. Dr. Rocchio has also received specialized training in traumatic stress, sexual abuse, and clinical

and forensic psychology. She has written, presented, and taught about the assessment and treatment of trauma, among other topics. Since 2014, Dr. Rocchio has been on the editorial review board of the APA journal *Trauma Psychology: Theory, Research, Practice and Policy*, and she is a member of the APA Ethics Committee. A copy of Dr. Rocchio's curriculum vitae is being produced to you today bearing Bates number 3502-006.[1]

Dr. Rocchio is expected to testify, based on her relevant education, training, experience, and research to the following: Individuals with particular vulnerabilities are often targeted by perpetrators of sexual abuse. Sexual abuse of minors frequently occurs through the use of manipulation or coercion in the context of an established relationship that is developed over time, rather than through the use of forcible rape. Minor victims are often subject to a strategic pattern of behaviors, often called grooming, that can take a variety of forms and function to render the victims vulnerable to abuse, to obscure the nature of the abuse, and to build trust and attachment with their abuser. The relationship of trust and attachment can prevent victims from being aware that what they are experiencing is abuse and can prevent disclosure. Minor victims therefore may not identify themselves as victims of abuse while it is ongoing, and may not recognize the consequences of that abuse until adulthood. Repeated exploitation and abuse can increase the likelihood of victimization later in life and can result in long-term traumatic and psychological consequences, especially when it occurs in the context of complex trauma. The presence of other individuals can facilitate the sexual abuse of minors. Dr. Rocchio is also expected to testify that nondisclosure, incremental disclosure, and secrecy are common among victims of sexual abuse for a variety of reasons, and that memory and disclosure of traumatic or abusive events is impacted by a number of factors, including the circumstances surrounding the trauma. Dr. Rocchio has not evaluated any specific victim in this case, and the Government does not presently intend to offer Dr. Rocchio's testimony regarding any specific victim.

Dr. Rocchio's expected testimony relies on her education and training on psychological trauma, traumatic stress, interpersonal violence, and sexual abuse. It also relies on Dr. Rocchio's extensive clinical experience treating individuals who suffered sexual abuse and trauma in childhood and adolescence, as well as Dr. Rocchio's experience conducting forensic psychological evaluations of people who have experienced sexual abuse and trauma. The Government is producing notes from the Government's interviews with Dr. Rocchio today as well.

## II.    Request for Reciprocal Discovery and Expert Notice

In light of your request for the foregoing notice, the Government hereby requests reciprocal notice under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure regarding any expert witness that the defendant intends to rely upon, including a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence, as well as the witness's qualifications.

---

[1] Dr. Rocchio has previously testified in state court and has been deposed in the course of federal and state litigation. As a courtesy, a list of that testimony is also being produced to you today bearing Bates number 3502-002.

Additionally, the Government reiterates its August 5, 2020 request for reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also reiterates its August 5, 2020 request that the defendant disclose prior statements of witnesses she will call to testify, including expert witnesses. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). The Government requests that such material be provided on the same basis upon which the Government agrees to supply the defendant with 3500 material relating to Government witnesses.

Very truly yours,

AUDREY STRAUSS
United States Attorney

by: \_/s/_____
Alison Moe
Maurene Comey
Lara Pomerantz
Andrew Rohrbach
Assistant United States Attorneys
(212) 637-2225