UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                           :
UNITED STATES OF AMERICA,       :
                           :          S2 20 Cr. 330 (AJN)
          v.                 :
                           :
GHISLAINE MAXWELL,         :
                           :
           Defendant.     :
                           :
                           :
------------------------------------------------------------x

**GHISLAINE MAXWELL'S MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE OF MS. MAXWELL'S ALLEGED FALSE STATEMENTS
AND TO REDACT ALLEGATIONS RELATED TO THE PERJURY
<u>COUNTS FROM THE SECOND SUPERSEDING INDICTMENT</u>**

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600


Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364


Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100


*Attorneys for Ghislaine Maxwell*

## <u>TABLE OF CONTENTS</u>

**Page**

BACKGROUND ................................................................................................................... 1

ARGUMENT ....................................................................................................................... 3

I.     The Court Should Exclude Evidence Related to the Perjury Counts and Redact
Those Allegations from the Superseding Indictment ........................................................ 3

CONCLUSION ..................................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Grunewald v. United States*,
   353 U.S. 391 (1957)...................................................................................................5, 6

*United States v. Halper*,
   590 F.2d 422 (2d Cir. 1978).......................................................................................1, 2

*United States v. Marcus Schloss & Co., Inc.*,
   710 F. Supp. 944 (S.D.N.Y. 1989) ............................................................................5, 6

**Statutes**

Mann Act ..........................................................................................................................2, 5

**Other Authorities**

Federal Rule of Evidence 403............................................................................1, 2, 4, 5

Ghislaine Maxwell respectfully moves *in limine* to exclude evidence of any alleged false statements by Ms. Maxwell in her 2016 civil depositions, as well as any other evidence related to the severed perjury counts, to prove a purported attempt by Ms. Maxwell to "conceal" her involvement in the other offenses charged in the superseding indictment.  Ms. Maxwell also respectfully moves the Court to redact from the superseding indictment the perjury counts and any allegations that Ms. Maxwell made false statements to "conceal" her involvement in Jeffrey Epstein's crimes.  Ms. Maxwell requests this relief pursuant to the Court's prior severance ruling and Federal Rule of Evidence 403.  *See* 4/16/2021 Op. and Order (Dkt. 207) at 23-26; Fed. R. Evid. 403.

## BACKGROUND

The Court has already ruled that the perjury counts must be severed because trying the perjury counts with the other counts in the indictment would risk admitting evidence that would be "unduly prejudicial" to Ms. Maxwell, would "compromise [Ms.] Maxwell's right to the counsel of her choice," and would "risk an unfair trial."  4/16/2021 Op. and Order (Dkt. 207) at 23-24.  In particular, the Court recognized that introducing evidence related to the perjury charges would expose the jury to other acts of alleged sexual abuse that are not charged in the indictment, as well as evidence of an unrelated civil lawsuit by a separate accuser, that could significantly sway the jury's verdict on the other counts in the indictment.

> [Trying the perjury counts with the other counts] would introduce unrelated allegations of sexual abuse, which would potentially expose the jury to evidence that might otherwise not be admissible. In particular, a joint trial would potentially expose the jury to a wider swath of information regarding civil litigation against Epstein that is remote from Maxwell's charged conduct. This presents a significant risk that the jury will cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not do so.

*Id*. at 24 (citing *United States v. Halper*, 590 F.2d 422, 430 (2d Cir. 1978). The Court did not believe that a limiting instruction would be adequate to mitigate the risk of prejudice to Ms. Maxwell. *Id*.

The Court further found that any consideration of the perjury charges would likely require disqualification of at least one of her attorneys in the criminal case, two of whom had represented her at the civil depositions, which would significantly prejudice Ms. Maxwell.

> Importantly, a joint trial is also likely to require disqualification of at least one of Maxwell's attorneys from participating as an advocate on her behalf…. Maxwell's counsel in the civil action and the deposition may be important fact witnesses on the perjury counts. Even if counsel were not required to testify, trying all counts together could force Maxwell to choose between having her counsel testify on her behalf on the perjury charges and having them assist her in defending the Mann Act charges…. Disqualification of counsel also implicates Maxwell's Sixth Amendment right to be represented by the counsel of her choice. The prejudice to Maxwell is especially pronounced because the attorneys who represented her in the civil case have worked with her for years and are particularly familiar with the facts surrounding the criminal prosecution.

*Id*. at 24-25 (internal citations omitted). Finally, the Court noted that much of the proof relevant to the perjury counts was beyond the scope of the "narrower issues" presented by the other charges, that the perjury counts involved legal and factual questions were "unlikely to bear on the other charges," and that addressing the perjury counts would involve a "significant investment of time and resources" that would impair the efficiency of the trial. *Id*. at 25-26. For these reasons, the Court found that Ms. Maxwell had shown "significant unfairness" that outweighed the burden of conducting separate trials and severed the perjury counts. *Id*. at 23, 26.

Accordingly, the government will not be allowed to introduce at trial evidence of any alleged false deposition statements by Ms. Maxwell as evidence of the perjury counts. The superseding indictment, however, attempts to link the purportedly false statements to the other

2

charges, alleging that the statements are proof of an effort by Ms. Maxwell to "conceal" her

involvement in facilitating the sexual abuse of Jeffrey Epstein.  *See* S2 Superseding Indictment

(Dkt. 187) ¶¶ 2 (second sentence), 10.  For these same reasons discussed in the Court's severance

ruling, and for the reasons set forth below, the government should not be allowed to introduce at

trial the deposition statements or any evidence related to the severed perjury counts for this

purpose or for any other purpose.  Furthermore, the Court should redact from the superseding

indictment the two perjury counts and the allegations concerning Ms. Maxwell's alleged effort to

"conceal" her conduct.   *See id.* ¶¶ 2 (second sentence), 10, 28-31.

## ARGUMENT

I.   **The Court Should Exclude Evidence Related to the Perjury Counts and Redact**
     **Those Allegations from the Superseding Indictment**

Consistent with its prior ruling, the Court should exclude any evidence related to the

severed perjury counts to prove a purported attempt by Ms. Maxwell to "conceal" her

involvement in the other offenses charged in the superseding indictment.  First, the alleged false

deposition statements would have no probative value as evidence of concealment unless the

government could establish that the statements were, in fact, false – an allegation that Ms.

Maxwell vigorously disputes.  As the Court noted in its severance opinion, the issue of whether

the deposition statements were false or truthful, as Ms. Maxwell maintains, is "a critical element

of the perjury counts" that would need to be resolved by the jury.  4/16/2021 Op. and Order (Dkt.

207) at 24.  The government therefore could not introduce Ms. Maxwell's deposition statements

as evidence of concealment without litigating the core factual and legal issues at the heart of the

perjury counts.  Allowing the government to do so would entirely defeat the purpose of severing

the perjury counts in the first place.

Second, any evidence of alleged false statements, whether it is introduced as direct evidence of the perjury counts or as evidence of a purported effort to "conceal" the other crimes charged in the superseding indictment, would substantially prejudice Ms. Maxwell and would jeopardize her right to a fair trial for the same reasons the Court identified in its severance ruling. Allowing the jury to consider evidence related to the perjury counts "would introduce unrelated allegations of sexual abuse, which would potentially expose the jury to evidence that might otherwise not be admissible . . . [and] to a wider swath of information regarding civil litigation against Epstein that is remote from Maxwell's charged conduct." *Id*. at 24. This would present "a significant risk that the jury will cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not do so." *Id*. Further, allowing the introduction of this evidence would "likely to require disqualification of at least one of Maxwell's attorneys from participating as an advocate on her behalf," which would "implicate[] [Ms.] Maxwell's Sixth Amendment right to be represented by the counsel of her choice" and would significantly prejudice her right to a fair trial. *Id*. at 24-25. Introducing evidence related to the perjury counts as evidence of alleged concealment, or for any purpose, would present these same problems and should not be allowed.

Third, as the Court recognized in its prior ruling, fully litigating the perjury charges— which would be necessary if the government were allowed to introduce the allegedly false deposition statements to show concealment—would result in a distracting and time-intensive side-show at trial that will confuse the jury with legal and factual issues that are far afield from the "narrower issues" that pertain to the other charged offenses. *Id*. at 25-26. This would frustrate the goal of a fair and efficient trial on the remaining charges. *Id*. at 26. For the same reasons, whatever probative value (if any) this evidence may have related to the other charged

4

offenses is significantly outweighed by the risk of unfair prejudice, juror confusion, and undue delay and should be excluded.  *See* Fed. R. Evid. 403.

Separate and apart from the Court's prior ruling, the government has not established a sufficient connection between the alleged false statements and the alleged sex abuse offenses to introduce the statements as evidence of concealment of the latter.  The alleged false statements were made at unrelated civil depositions in 2016, over 20 years after the conduct underlying the Mann Act offenses supposedly took place, at a time when Ms. Maxwell was not under investigation.  Indeed, Ms. Maxwell was never a subject of the Palm Beach FBI investigation that concluded in 2008 and was not named as a co-conspirator in Epstein's Non-Prosecution Agreement that resolved that investigation.  Hence, there is no sound basis to assert that Ms. Maxwell made false statements to conceal her involvement in Epstein's crimes.

Furthermore, the superseding indictment does not allege that Ms. Maxwell's purported false statements were the result of an agreement with Epstein to conceal their alleged conduct or were otherwise part of, or an object of, the conspiracies charged in the non-perjury counts. Instead, the superseding indictment alleges that the purported false statements were part of a separate and independent effort by Ms. Maxwell to conceal her alleged involvement in Epstein's sex abuse offenses long after those offenses had already been completed.  Accordingly, the statements are not sufficiently connected to the non-perjury counts to allow this evidence to be introduced as proof of concealment of those offenses. *See United States v. Marcus Schloss & Co., Inc.*, 710 F. Supp. 944, 946-50 (S.D.N.Y. 1989) (precluding evidence of defendants' alleged attempts to obstruct SEC investigation as proof of the underlying insider trading conspiracy when conspiracy was already over and there was no evidence of an "express original agreement"

among the co-conspirators to cover up their crime after its commission) (discussing *Grunewald v. United States*, 353 U.S. 391, 401-02, 404 & n.16 (1957)).

## CONCLUSION

For the foregoing reasons, and consistent with its prior ruling on severance, the Court should exclude from evidence any statements made by Ms. Maxwell at her 2016 civil depositions and any other evidence related to the severed perjury counts. The Court should further redact from the superseding indictment the perjury counts (¶¶ 28-31) and the allegations that Ms. Maxwell provided false statements at her depositions to "conceal" her involvement in Jeffrey Epstein's crimes (¶¶ 2 (second sentence), 10). *See Marcus Schloss*, 710 F. Supp. 944 at 950 (redacting portions of indictment referring to precluded allegations of obstruction).

Dated: October 18, 2021
     New York, New York

                            Respectfully submitted,

                            */s/ Christian R. Everdell*
                            Christian R. Everdell
                            COHEN & GRESSER LLP
                            800 Third Avenue
                            New York, NY 10022
                            Phone: 212-957-7600

                            Jeffrey S. Pagliuca
                            Laura A. Menninger
                            HADDON, MORGAN & FOREMAN P.C.
                            150 East 10th Avenue
                            Denver, CO 80203
                            Phone: 303-831-7364

                            Bobbi C. Sternheim
                            Law Offices of Bobbi C. Sternheim
                            225 Broadway, Suite 715
                            New York, NY 10007

Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, I served by email, pursuant Rule 2(B) of the Court's individual practices in criminal cases, the within memorandum and any accompanying exhibits upon the following:

Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Maurene.comey@usdoj.gov
Alison.moe@usdoj.gov
Lara.Pomerantz@usdoj.gov
Andrew.Rohrbach@usdoj.gov

*/s/ Christian R. Everdell*