UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
    UNITED STATES OF AMERICA,

              v.

    GHISLAINE MAXWELL,

              Defendant.

------------------------------------------------------- x

20 Cr. 330 (AJN)

# GHISLAINE MAXWELL'S MOTION TO PRECLUDE TESTIMONY ABOUT ANY ALLEGED "RAPE" BY JEFFREY EPSTEIN

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New York,
NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## TABLE OF CONTENTS

Table of Contents ................................................................................................................... ii

Table of Authorities ............................................................................................................. iii

Factual Background ............................................................................................................... 1

Argument ............................................................................................................................... 1

Conclusion ............................................................................................................................. 4

## TABLE OF AUTHORITIES

**Cases**

*Old Chief v. United States*, 519 U.S. 172 (1997) ............................................................................. 2

*United States v. Abu-Jihaad*, 630 F.3d 102 (2d Cir. 2010) ............................................................... 3

*United States v. Doyle*, 130 F.3d 523 (2d Cir. 1997) ....................................................................... 1

*United States v. Livoti*, 196 F.3d 322 (2d Cir. 1999) ....................................................................... 3

*United States v. Midyett*, 603 F. Supp. 2d 450 (E.D.N.Y. 2009) ...................................................... 3

*United States v. Moccia*, 681 F.2d 61 (1st Cir. 1982) ....................................................................... 3

*United States v. Roldan-Zapata*, 916 F.2d 795 (2d Cir. 1990) ......................................................... 3

*United States v. Stein*, 521 F. Supp. 2d 266 (S.D.N.Y. 2007) .......................................................... 3

**Constitutional Provisions**

U.S. Const. amend. V ......................................................................................................................... 1

U.S. Const. amend. VI. ...................................................................................................................... 1

**Rules**

Fed. R. Evid. 401 ................................................................................................................................ 2

Fed. R. Evid. 402 ................................................................................................................................ 2

Fed. R. Evid. 403 ....................................................................................................................... 1, 2, 3

Ghislaine Maxwell moves to exclude any testimony or reference to an alleged "rape" by Jeffrey Epstein.

## FACTUAL BACKGROUND

Accuser-1's allegations against Mr. Epstein have been inconsistent. Sometimes she has claimed that Mr. Epstein raped her. At other times, however, Accuser-1 has not made any allegation about being raped.

All the same, Accuser-1 has never accused Ms. Maxwell of knowing that Mr. Epstein allegedly raped her or of facilitating or participating in an alleged rape. And the indictment in this case does not charge any such conduct by Mr. Epstein or Ms. Maxwell. Rather, the indictment charges enticement and transportation of minors across state lines to provide "sexualized massages" to Mr. Epstein and conspiracy to do the same.

It is not clear whether any other witness will allege having been raped by Mr. Epstein. But what is clear is that the indictment does not allege that any rape occurred. Nor does it allege that Ms. Maxwell knew of, facilitated, or participated in an alleged rape.

## ARGUMENT

The United States Constitution guarantees due process of law and fair trials by impartial juries. U.S. Const. amends. V, VI. Essential to that guarantee is a promise that the jury will not be misled by irrelevant and prejudicial evidence that will district jurors from their one and only duty—to decide whether the government has proved its case beyond a reasonable doubt. *See United States v. Doyle*, 130 F.3d 523, 538-39 (2d Cir. 1997). A jury that has been misled by irrelevant and prejudicial evidence cannot be considered impartial. *See* Fed. R. Evid. 403, Advisory Committee Notes, 1972 Proposed Rules (evidence must be excluded when it risks inducing a decision based on a purely emotional basis).

Under the Federal Rules, relevant evidence is generally admissible while irrelevant evidence is categorically inadmissible. Fed. R. Evid. 401, 402. Evidence is relevant if it tends to make a fact of consequence to the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. In turn, relevant evidence must be excluded when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Here, testimony that Mr. Epstein allegedly raped Accuser-1 (or anyone else) is irrelevant to the charged offenses. *See* Fed. R. Evid. 401. The indictment does not allege that Mr. Epstein raped anyone. And Accuser-1 has never alleged that Ms. Maxwell knew about or participated in an alleged rape. Because the conspiracy charged in the indictment is limited to enticement and transportation of minors across state lines to provide Mr. Epstein with sexualized massages, there is no argument that Accuser-1's rape allegation is relevant to the charged conspiracy. It (and any other allegation of rape by anyone else) therefore must be excluded. Fed. R. Evid. 402.

Even if a rape allegation had some relevance, Rule 403 would still require its exclusion because the minimal probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403. Evidence is unfairly prejudicial when it has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Here, any allegation that Mr. Epstein raped Accuser-1 (or anyone else) will suggest to the jury that it should convict Ms. Maxwell based on Mr. Epstein's alleged conduct and not the offenses with which she has been charged. Admission of this evidence poses a serious risk that

2

the "jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment." *See id.* at 181 (quoting *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir. 1982) (Breyer, J.)) (discussing propensity evidence).

A rape allegation is also highly emotional and inflammatory, much more so than the actual conduct charged in this case (sexualized massages). "Evidence shall be excluded as unduly prejudicial when it is 'more inflammatory than the charged crime.'" *United States v. Midyett*, 603 F. Supp. 2d 450, 456 (E.D.N.Y. 2009) (quoting *United States v. Livoti*, 196 F.3d 322, 326 (2d Cir. 1999)); *cf. United States v. Abu-Jihaad*, 630 F.3d 102, 133 (2d Cir. 2010) (affirming admission of evidence under Rule 403 when it was "no more inflammatory than the charges alleged in the indictment"); *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (affirming admission of evidence that "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged").

The allegation that Mr. Epstein allegedly raped Accuser-1 (or anyone else) will also confuse the issues at trial and mislead the jury. The indictment does not allege that Mr. Epstein raped Accuser-1. And Ms. Maxwell is not accused of conspiring to entice or transport minors across state lines so Mr. Epstein could allegedly rape them. Again, the alleged conspiracy in this case is limited to securing "sexualized massages" for Mr. Epstein. If jurors hear an allegation about an alleged rape by Mr. Epstein, that evidence will confuse and mislead them, in addition to suggesting that they convict Ms. Maxwell on an improper and highly emotional basis. *See United States v. Stein*, 521 F. Supp. 2d 266, 273 (S.D.N.Y. 2007) (excluding other-act evidence in a conspiracy case under Rule 403 because of the "risk that this evidence would confuse the issues, cause undue delay, and be used for an improper purpose").

3

## CONCLUSION

For these reasons, this Court should enter an order precluding any testimony or reference to any alleged rape by Jeffrey Epstein.

Dated: October 18, 2021

Respectfully submitted,

*s/ Jeffrey S. Pagliuca*
Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## Certificate of Service

   I hereby certify that on October 18, 2021, I electronically filed the foregoing *Ghislaine Maxwell's Motion Preclude Testimony About Any Alleged "Rape" by Jeffrey Epstein* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alison Moe
Maurene Comey
Andrew Rohrbach
Lara Pomerantz
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Alison.moe@usdoj.gov
Maurene.comey@usdoj.gov
Andrew.Rohrbach@usdoj.gov
Lara.Pomerantz@usdoj.gov

                *s/ Nicole Simmons*