UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
   UNITED STATES OF AMERICA,

              v.                          20 Cr. 330 (AJN)

   GHISLAINE MAXWELL,

        Defendant.

------------------------------------------------------- x

# GHISLAINE MAXWELL'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO THE ACCUSERS AS "VICTIMS" OR "MINOR VICTIMS"

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New York,
NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## TABLE OF CONTENTS

Table of Contents ................................................................................................................. ii

Table of Authorities ............................................................................................................ iii

Argument ............................................................................................................................. 1

Conclusion ........................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Allen v. State*, 644 A.2d 982 n.1 (Del. 1994) ................................................................................ 3

*Berger v. United States*, 295 U.S. 78 (1935) ................................................................................ 3

*Coffin v. United States*, 156 U.S. 432 (1895) ............................................................................... 1

*Fritzinger v. State*, 10 A.3d 603 (Del. 2010) ................................................................................ 4

*In re Winship*, 397 U.S. 358 (1970) .............................................................................................. 1

*Jackson v. State*, 600 A.2d 21 (Del. 1991) ............................................................................ 1, 2, 3

*State v. Albino*, 24 A.3d 602 (Conn. App. Ct. 2011) .................................................................... 3

*State v. Devey*, 138 P.3d 90 (Utah App. Ct. 2006) ................................................................... 2, 4

*State v. Nomura*, 903 P.2d 718 (Haw. App. Ct. 1995) ................................................................. 3

*State v. Philpot*, 66 N.W. 730 (Iowa 1896) .................................................................................. 4

*State v. Sperou*, 442 P.3d 581 (Or. 2019) ..................................................................................... 2

*State v. Wigg*, 889 A.2d 233 (Vt. 2005) ....................................................................................... 3

*State v. Wright*, 2003 WL 21509033, at *2 (Ohio App. Ct. July 2, 2003) ................................... 3

*Veteto v. State*, 8 S.W.3d 805 (Tex. App. Ct. 2000) .................................................................... 2

*Young v. United States*, 481 U.S. 787 (1987) ........................................................................... 3, 4

**Constitutional Provisions**

U.S. Const. amend. V ................................................................................................................. 1,5

U.S. Const. amend. VI. ................................................................................................................. 5

Ghislaine Maxwell moves *in limine* to preclude reference to the accusers as "victims" or "minor victims." Ms. Maxwell moves for an order precluding all trial participants from referring to the accusers as "victims" or "minor victims." Instead, all trial participants, including the Court, should refer to all persons by their individual names.

## ARGUMENT

Under the United States Constitution, Ms. Maxwell is presumed innocent unless the government proves all elements of the alleged offenses beyond a reasonable doubt. U.S. Const. amend. V; *In re Winship*, 397 U.S. 358, 364 (1970). The presumption of innocence has deep historical roots and is a core tenet of criminal law. "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v. United States*, 156 U.S. 432, 453 (1895) (looking to Deuteronomy and the law of Athens, Sparta, and Rome for early versions of the presumption of innocence).

In some criminal cases, the parties agree that an accuser was the victim of a crime. When, for example, a person is stabbed or shot, there is no dispute that the person was a victim of something. *E.g.*, *Jackson v. State*, 600 A.2d 21, 24 (Del. 1991) (stating, on appeal from a rape conviction, that "[t]he term 'victim' is used appropriately during trial when there is no doubt that a crime was committed and simply the identity of the perpetrator is in issue.").

This is not one of those cases. Rather, Ms. Maxwell denies that she victimized anyone. And there is ample evidence to support her defense. The jury ultimately will have to decide whether the government has proven that these accusers are in fact "victims" or "minor victims." In advance of the jury's verdict, any reference to the accusers by those terms necessarily conveys the speaker's opinion that a crime in fact occurred and that the accusers are credible. Conveying such a personal belief biases the jury against Ms. Maxwell, implies a belief in the truthfulness of

1

the accusers, violates the presumption of innocence, and lessens the government's burden of proof. *E.g.*, *Jackson*, 600 A.2d at 24 ("We agree with defendant that the word 'victim' should not be used in a case where the commission of a crime is in dispute.").

In *State v. Sperou*, for example, the Court reversed the defendant's sexual abuse conviction after the trial court declined to prohibit the government's witnesses from referring to the accuser and six other women as the defendant's "victims." 442 P.3d 581, 585 (Or. 2019). The Court explained that "where defendant's theory of the case was that no abuse had occurred and that SC and the other women were either lying or mistaken, the use of the word 'victim' by the state's witnesses amounted to impermissible vouching." *Id.* Use of the word "victim," elaborated the Court, "undermine[s] the presumption of defendant's innocence because it assumes defendant's guilt, a fact that is necessarily not proved until the jury finds the defendant guilty." *Id.* at 590. Held the Court: There was no "legitimate, nonvouching purpose" for use of the term "victim" by the government's witnesses. *Id.* at 594.

The Court reached the same conclusion in *State v. Devey*, 138 P.3d 90, 95 (Utah App. Ct. 2006). As in *Sperou*, the *Devey* Court held that "where a defendant claims that the charged crime did not actually occur, and the allegations against that defendant are based almost exclusively on the complaining witness's testimony, . . . the trial court, the State, and all witnesses should be prohibited from referring to the complaining witness as 'the victim.'" *Id.* Use of the term "victim," agreed the Court, "lends credence to [the accuser's] testimony that the assaults occurred and that she was, indeed, a victim." *Id.* (quoting *Veteto v. State*, 8 S.W.3d 805, 816-17 (Tex. App. Ct. 2000)). This can undermine "the constitutional right to the presumption of innocence." *Id.*

2

Courts across the country agree. *E.g.*, *Allen v. State*, 644 A.2d 982, 983 n.1 (Del. 1994) ("We recognize . . . that when, as here, consent is the sole defense in a rape case, the use of the term 'victim' by a prosecutor at trial is improper and to be avoided."); *Jackson*, 600 A.2d at 24 ("We agree with defendant that the word 'victim' should not be used in a case where the commission of a crime is in dispute."); *State v. Nomura*, 903 P.2d 718, 721 (Haw. App. Ct. 1995) ("[T]he term 'victim' is conclusive in nature and connotes a predetermination that the person referred to had in fact been wronged."); *State v. Wright*, 2003 WL 21509033, at *2 (Ohio App. Ct. July 2, 2003) ("[T]he trial court should refrain from using the term 'victim,' as it suggests a bias against the defendant before the State has proven a 'victim' truly exists."); *State v. Wigg*, 889 A.2d 233, 236 (Vt. 2005) ("[W]here the commission of a crime is in dispute and the core issue is one of the complainant's credibility, it is error for a trial court to permit a police detective to refer to the complainant as the 'victim.'"); *see also State v. Albino*, 24 A.3d 602, 617 (Conn. App. Ct. 2011) ("When there is no doubt that a homicide occurred and that the defendant was the person who caused it to occur, and the only question for the jury is whether the homicide was justified, . . . repeated reference to the 'victim,' . . . amounts to an opinion on the ultimate issue of the case.").

Prohibiting the government from referring to the accusers as "victims" or "minor victims" is particularly appropriate given the special role prosecutors play. "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all." *Berger v. United States*, 295 U.S. 78, 88 (1935). "The responsibility of a public prosecutor [thus] differs from that of the usual advocate; his duty is to seek justice, not merely to convict." *Young v. United States*, 481 U.S. 787, 803 (1987).

In view of this special role, "The prosecutor should not argue in terms of counsel's personal opinion, and should not imply special or secret knowledge of the truth or of witness credibility." ABA Criminal Justice Standards, Prosecution Function, Standard 3-6.8, Closing Arguments to the Trier of Fact (4th ed. 2017). To do otherwise poses two distinct dangers:

> such comments can convey the impression that evidence not present to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.

*United States v. Young*, 470 U.S. 1, 18-19 (1985). When the government uses the term "victim," however, it improperly vouches for the credibility of the accusers. *E.g.*, *Devey*, 138 P.3d at 95.

It is even more important for the Court to refrain from referring to the accusers as "victims" or "minor victims." This Court serves as the neutral arbiter of the law. And

> it is a matter of common knowledge that jurors hang tenaciously upon remarks made by the court during the progress of the trial, and if, perchance, they are enabled to discover the views of the court regarding the effect of a witness' testimony or the merits of the case, they almost invariably follow them.

*State v. Philpot*, 66 N.W. 730, 732 (Iowa 1896). Thus,

> A judicial reference to the jury that a complaining witness is a 'victim' implicitly tells the jury that the judge believes that a crime has been committed. For a judge to communicate to the jury that witnesses were victimized, in a case where the defense is that the conduct about which the complaining witness testifies never occurred, prejudices that defendant unfairly.

*Fritzinger v. State*, 10 A.3d 603, 610 (Del. 2010).

There is a final reason no trial participant should refer to the accusers as "minor victims." Several charges in this case require proof that Ms. Maxwell knew the accusers were less than eighteen years old at the time of the alleged conduct. Referring to the accusers as "minor victims" not only supposes the accusers were victims at all, but it also conveys the speaker's belief that Ms. Maxwell *knew* they were "minors." In this other way, referring to the accusers as

4

"minor victims" deprives Ms. Maxwell of the presumption of innocence and lessens the government's burden of proof. U.S. Const. amends. V, VI.

## CONCLUSION

This Court should enter an order precluding all trial participants from referring to the accusers as "victims" or "minor victims." At trial, all persons should be referred to by their individual names.

Dated: October 18, 2021

Respectfully submitted,

*s/ Jeffrey S. Pagliuca*
Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364


Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600


Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

5

**Certificate of Service**

      I hereby certify that on October 18, 2021, I electronically filed the foregoing *Ghislaine Maxwell's Motion In Limine to Preclude Reference to the Accusers as "Victims" or "Minor Victims"* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Alison Moe
Maurene Comey
Andrew Rohrbach
Lara Pomerantz
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Alison.moe@usdoj.gov
Maurene.comey@usdoj.gov
Andrew.Rohrbach@usdoj.gov
Lara.Pomerantz@usdoj.gov

                                              *s/ Nicole Simmons*