

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 28, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter concerning the parties' motions *in limine*. Consistent with the Court's order (Dkt. No. 368), the parties today have filed their motions *in limine* and responsive briefs, containing all redactions sought by both parties. The following are the parties' justifications for their proposed redactions:

    <u>Government's Justification</u>

    The Government's proposed redactions are consistent with the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although the Government's motions *in limine* are judicial documents subject to the common law presumption of access, the proposed redactions are narrowly tailored to protect the privacy interests of victims (including victims who have not identified themselves on the record in this case and who have not publicly identified themselves as victims referenced in the Indictment in this case), witnesses, and third parties. The Government also seeks sealing of trial exhibits, which are not public, and certain other exhibits which are not themselves confidential, but which would risk identifying the victims if publicly filed on the docket in this case.

Defense Justification

The defense proposes a more limited set of redactions than the government. To the extent that the government and the defense agree on proposed redactions and sealing requests, the Court should consider them joint requests by both parties. However, the defense objects to the government's proposed redactions and sealing requests that are broader than those of the defense.

The defense respectfully submits that the following redactions and sealing requests are appropriate under the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) because they are narrowly tailored to protect the interests articulated below.

1. The defense's proposed redactions to Ms. Maxwell's Motion to Exclude Evidence Offered by the Government Pursuant to Rule 404(b), and Exhibit A to that motion, are necessary to protect privacy interests of third parties who are not currently parties or witnesses to the case and because the defense has objected to the admission of this evidence. If the evidence is made public before the Court determines its admissibility, it would be extremely prejudicial to Ms. Maxwell's ability to receive a fair trial (the defense will provide the proposed redactions to the Court under seal).

2. The defense's proposed redactions to Ms. Maxwell's Motion to Exclude Evidence Related to Accuser-3 are necessary because they contain grand jury testimony covered by Rule 6(e) (the defense will provide the proposed redactions to the Court under seal).

3. The defense agrees with the government that Exhibits A and B to Ms. Maxwell's Motion to Exclude Evidence Related to Accuser-3 should be filed under seal because they contain grand jury testimony covered by Rule 6(e).

4. The defense agrees with the government that Exhibit 1 to Ms. Maxwell's Motion to

Page 3

Exclude GX-52 should be filed under seal because it contains phone numbers, addresses, email addresses and other personally identifying information that must be sealed.

5. The defense's proposed redactions to Ms. Maxwell's Motion to Preclude Government Exhibits 251, 288, 294, 313 and 606 are necessary to protect privacy interests of third parties who are not currently parties or witnesses to the case and because the defense has objected to the admission of this evidence.  If the evidence is made public before the Court determines its admissibility, it would be extremely prejudicial to Ms. Maxwell's ability to receive a fair trial (the defense will provide the proposed redactions to the Court under seal).

6. The defense agrees with the government that Exhibit A to Ms. Maxwell's Motion to Preclude Government Exhibits 251, 288, 294, 313 and 606 should be filed under seal for the same reasons.

7. The defense's proposed redactions to the Government's Omnibus Memorandum in Opposition are necessary for the same reasons (the defense will provide the proposed redactions to the Court under seal).

8.  The defense's proposed redactions to Ms. Maxwell's Reply are necessary for the same reasons (the defense will provide the proposed redactions to the Court under seal).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ___s/_____
Alison Moe
Lara Pomerantz
Andrew Rohrbach
Assistant United States Attorneys
Southern District of New York

Cc: Defense counsel (By ECF)