

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 2, 2021

**BY ECF**
The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

     Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

     Pursuant to the Court's order dated October 31, 2021, the parties write regarding the date for the hearing on the defendant's Rule 412 motion and the defendant's motion to exclude the testimony of Dr. Lisa Rocchio pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Down Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Government's Position

     Last night, defense counsel emailed the Government expert notice for eight individuals. *See* Ex. A.[1]  One of the individuals, Dr. Park Dietz, appears to offer opinions in direct response to Dr. Rocchio's, and another, Dr. Elizabeth Loftus, appears to offer opinions that relate to Dr. Rocchio's.

---

[1] The Government is submitting Exhibit A temporarily under seal with proposed redactions to give the defense an opportunity to seek any additional redactions.  The Government's proposed redactions are consistent with the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  Although this letter and its attached exhibit are judicial documents subject to the common law presumption of access, the proposed redactions are narrowly tailored to protect the privacy interests of victims (including victims who have not identified themselves on the record in this case and who have not publicly identified themselves as victims referenced in the Indictment in this case).

It is not clear whether the defendant intends to call one or both of these experts at the *Daubert* hearing on Dr. Rocchio's testimony. In addition, the Government is only beginning to evaluate whether it will interpose *Daubert* or other objections to these experts. If so, and given that trial is less than one month away, it may be efficient for any *Daubert* hearing involving Dr. Rocchio, Dr. Dietz, and possibly Dr. Loftus to occur together.

Accordingly, while the Government is prepared to proceed with a *Daubert* hearing for Dr. Rocchio on November 10, 2021, the Government respectfully proposes that the Court set the Rule 412 hearing and *Daubert* hearing for Dr. Rocchio on November 15. To the extent that either Dr. Dietz and/or Dr. Loftus either testify at the hearing or require *Daubert* hearings of their own, such hearings can occur that same week.[2] The Government also proposes to submit any *Daubert* briefing with regard to Dr. Dietz and Dr. Loftus by November 12, 2021, with defense responses due November 15.

With respect to the remaining six defense experts, the Government believes more time for briefing is merited for two reasons. First, with the exception of Dr. Hall, the defense's remaining experts appear to relate to a possible defense case, which likely would not begin until mid-to-late December. Second, the defendant's expert notice belies the arguments made by defense in seeking a late November disclosure deadline. Specifically, the defendant requested yesterday as her expert notice deadline, over the Government's objection and even though the Government provided expert notice in April 2021, because she "cannot be expected to hire experts and divine what would be relevant to this case before she is provided the statements by [the Minor Victims], whose

---

[2] Dr. Rocchio is out of the country from November 17 to November 27, so her testimony at any *Daubert* hearing would have to occur before those dates.

credibility will be the central question for the jury in this case." (Dkt. No. 291 at 12). From the face of the expert notice, it appears that few if any of the defendant's eight experts would offer testimony whose relevance only became apparent after the Government's production of Jencks Act material and its exhibit list, and it is unlikely that these eight experts were all retained in the last two weeks. The Government should not now be prejudiced by the defendant's apparent gamesmanship in seeking an unnecessarily cramped disclosure schedule. Accordingly, for these six experts, the Government proposes to submit any *Daubert* briefing on November 23, with defense responses due November 30.

Defense Position

Ms. Maxwell requests that the Court hold the hearing on November 10, 2021.

The Court gave the parties a simple directive which was to confer and pick a date for the *Daubert* and Rule 412 hearing, the options being November 5, 9, or 10. Defense counsel attempted this conferral and sent an email to the government stating, in relevant part:

> [W]e are free for the Rule 412/Daubert hearing on Nov. 9 or 10 but have a preference for Nov. 10. Please advise what the government's preference is.
>
> I believe the Court requested that we give our preference about the date of the Rule 412/Daubert hearing in a joint letter to the Court filed on ECF. I think we could include our positions on the trial length in that letter as well. Please let me know if you will draft the letter or if you would like the defense to draft it.

The government's non-response to this straightforward conferral was: "On the timing of the 412/Daubert hearing, we're preparing a draft letter which we'll send you shortly." Instead of conferring with defense counsel the government at, 7:07 p.m., sent its two sentence non-conferral:

> On the other issue, scheduling the *Daubert*/412 hearing, attached is a draft letter, along with our proposed redactions to your expert notice. Please feel free to insert your position, which we ask that you do by 9:00.

The government makes many unfounded accusations including that the timely disclosure of potential experts is "gamesmanship." The simple truth here is that avoiding a direct conferral about a straightforward task such as selecting one of three dates while drafting a three-page rant a few hours before the filing deadline is not mere gamesmanship, it is unprofessional gamesmanship. A few observations are in order:

*First*, the reason we are required to hold a *Daubert* hearing in this case is that the government endorsed an expert to talk about subjects that are not widely accepted by qualified experts in the field. She has no methodology or studies that support her theories, and most of her opinions will be confusing, not help the jury, and do not fit the facts of this case.

*Second,* at the government's request and over the objection of the defense, the Court accelerated the Rule 412 notice requirement. The defense did not attempt to game this deadline by, for example, complaining about various deficiencies in the delayed roll out of 3500 material, but instead complied with the Order.

*Third*, the government, while casting unfounded criticism at defense counsel about the need for the 3500 materials to adequately determine the scope and type of expert testimony, fails to advise the Court that Exhibits C and F to the expert disclosures (the list of materials reviewed by Drs. Dietz and Hall, respectively), include hundreds of pages of 3500 material.

*Fourth*, no *Daubert* hearing would be appropriate for Dr. Dietz, Dr. Loftus or Dr. Hall. Each is well qualified, have been accepted by hundreds of courts as experts, and their opinions are based on science, not "trauma clinical" pseudoscience.

*Fifth*, should the Court limit or exclude Dr. Roccio's opinions, rebuttal opinions will most likely be unnecessary.

*Sixth*, the testimony of two of the identified experts, Gerald LaPorte and Jennifer Naso, is anticipatory. These forensic document examiners have not yet seen the document that may or may not be produced at trial. They were endorsed out of a spirit of non-gamesmanship and in an abundance of caution. Similarly, Robert Kelso will primarily be testifying regarding exhibits that the government recently disclosed and, while likely not even an expert opinion, he too was disclosed in an abundance of caution.

*Seventh,* the government's proposed schedule is unworkable and will impact selection of the jury and the examination of witnesses. One reason to have Dr. Rocchio's opinions litigated before jury selection is that the court may want to inquire of the prospective jurors about "grooming" and, absent a decision, won't know if that term is going to be used at trial. If Dr. Rocchio's grooming opinions are disallowed, the issues regarding Rule 412 will likely be narrowed.

*Eighth,* the defense needs to know in advance of trial, including opening statements, who is or is not testifying. It would be prejudicial to delay any challenge from the government, which may or may not come, until after November 23, to be resolved per the government, after opening statements. This is the epitome of gamesmanship because Ms. Maxwell will then not be allowed to discuss the testimony in opening.

And, finally, the problem here was created by the government. Had the government disclosed the 3500 materials sooner, an earlier expert disclosure date would have been scheduled, resolving the government's alleged compressed timing problem. It is the government that has driven this schedule, not Ms. Maxwell.[3]

                                                DAMIAN WILLIAMS
                                                United States Attorney

s/ *Jeffrey S. Pagliuca*                  By:   /s
Jeffrey S. Pagliuca                        Alison Moe
Laura A. Menninger                     Lara Pomerantz
HADDON, MORGAN & FOREMAN P.C.     Andrew Rohrbach
150 East 10th Avenue                    Assistant United States Attorneys
Denver, CO 80203                        Southern District of New York
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100