UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -*v.*-

GHISLAINE MAXWELL,

            Defendant.

S2 20 Cr. 330 (AJN)

**JOINT REQUESTS TO CHARGE**

1

## INTRODUCTORY INSTRUCTIONS

### Role of the Court

You have now heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.  If an attorney or anyone else at trial has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You may take a copy of these instructions with you into the jury room.

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 533 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

2

**Role of the Jury**

Your role is to pass upon and decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence or lack of evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw solely based on the evidence and from the facts as you have determined them. You must determine the facts based solely on the evidence received in this trial.

In determining the facts, you must rely upon your own recollections of the evidence. What the lawyers have said—for instance, in opening statements, in closing arguments, in objections, or in questions—is not evidence. You should bear in mind particularly that questions put to witnesses, although they can provide the context to answers, are not themselves evidence. It is only the answers that are evidence.

I remind you also that nothing I have said during the trial or will say during these instructions is evidence.  Similarly, the rulings I have made during the trial are not any indication of my views of what your decision should be.

The evidence before you consists of the answers given by witnesses and the exhibits and stipulations that were received into evidence.  If I have sustained an objection to a question or told you to disregard testimony, the answers given by a witness are no longer part of the evidence and may not be considered by you.  I will instruct you at the end of these charges about your ability to request to have testimony read back and your access to other evidence admitted during the trial.

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 533 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

3

**Contact with Others/Social Media**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic devices or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the Internet, or any internet service, or any text or instant messaging service; or any internet chat room, blog, or website, such as Facebook, Instagram, LinkedIn, YouTube, Twitter, or Snapchat, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone or in person, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 533 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

4

**Statements of Counsel and Court Not Evidence;
Jury's Recollection Controls**

You must determine the facts by relying upon your own recollection of the evidence. This case is not to be decided on the rhetoric of either the attorneys for the Government or the attorneys for the Defendants. The lawyers' arguments are intended to convince you to draw certain conclusions from the evidence or lack of evidence. Those arguments are important. You should weigh and evaluate them carefully. But you must not confuse them with the evidence. If your recollection of the evidence differs from the statements of the lawyers, follow your recollection.

You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. Counsel have not only the right but the duty to make legal objections that they think are appropriate. You should not be swayed against the Government or the Defendant simply because counsel for either side has chosen to make an objection. Similarly, statements made by counsel when arguing the admissibility of evidence are not to be considered as evidence.

If I comment on the evidence during my instructions, do not accept my statements in place of your recollection. Again, it is your recollection that governs.

Do not concern yourself with what was said at side bar conferences or during my discussions with counsel. Those discussions related to rulings of law, which are my duty, and not to matters of fact, which are your duty to determine.

At times I may have admonished a witness or directed a witness to be responsive to questions, to keep his or her voice up, or to repeat an answer. My instructions were intended only to clarify the presentation of evidence. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or party in the case, by reason of any

5

comment, question, or instruction of mine. Nor should you infer that I have any views as to the

credibility of any witness, as to the weight of the evidence, or as to how you should decide any

issue that is before you. That is entirely your role.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 533 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

6

**Improper Considerations**

Your verdict must be based solely upon the evidence or the lack of evidence. It would be improper for you to consider any personal feelings you may have about Ms. Maxwell's, the defendant's race, ethnicity, religion, national origin, sex, age, or any other such factor. Similarly, it would be improper for you to consider any personal feelings you may have about the race, ethnicity, religion, national origin, sex, age, or any other similar factor of any other witness or anyone else involved in this case. It also would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. Ms. Maxwell is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 533 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

**Commented [RA(1)]:** GOVERNMENT RESPONSE: The defendant is the defendant and should be referred to as such here and elsewhere the defense has sought this edit *See, e.g., United States v. Pizarro*, 17 Cr 151 (AJN) (referring to "the defendant" in this instruction); *United States v. Lebedev*, 15 Cr 769 (AJN) (same); *United States v. Jones*, 16 Cr 533 (AJN) (same)

**Commented [RA(2)]:** See above response

**Sympathy: Oath As Jurors**

Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to be guided solely by the evidence in this case.  It is for you alone to decide whether the government has proven beyond a reasonable doubt that Ms. Maxwell is guilty of the crimes charged based solely on the evidence and subject to the law as I have charged you.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 2-12; and the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC).

**Commented [CE3]:** Adapted from Sand, Instr  2-12

**Commented [RA(4R3]:** GOVERNMENT RESPONSE: This instruction appears redundant with the Court's Concluding Instructions

8

**All Parties Are Equal Before the Law**

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that given to any other party to this litigation.  By the same token, the Government is entitled to no less consideration.  All parties stand as equals at the bar of justice.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 533 (AJN) and in *United States v. Lebedev*, 15 Cr. 769 (AJN).

9

### Implicit Bias

It is important that you discharge your duties without discrimination, meaning that you should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances as you exercise your judgment throughout the trial. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Adapted from the charge of the Honorable Alison J. Nathan in *United States v. Berry*, 20 CR 84 (AJN)

**Commented [CE5]:** The defense believes this instruction is appropriate to address any potential juror bias against Ms Maxwell due to the nature of the charges, public opinion against her, and/or her family background

**Commented [RA(6R5]:** GOVERNMENT RESPONSE: While the Government does not object to the implicit bias instruction used in *Berry*, this instruction is otherwise largely redundant of the Improper Considerations instruction above, and the Government would combine the two

10

**Presumption of Innocence and Burden of Proof**

The law presumes the defendant to be innocent of all charges against her. ~~She~~ Ms. Maxwell has pleaded not guilty to the charges in the Indictment. As a result, the burden is on the Government to prove Ms. Maxwell's ~~the defendant's~~ guilt beyond a reasonable doubt as to each charge. This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence. In other words, ~~she~~ Ms. Maxwell does not have to prove her innocence.

This presumption of innocence was with ~~the defendant~~ Ms. Maxwell when the trial began and remains with ~~the defendant~~ Ms. Maxwell unless and until you are convinced that the Government has proven ~~the defendant's~~ her guilt beyond a reasonable doubt as to each charge. Indeed, the presumption of innocence alone requires you to acquit Ms. Maxwell of a charge unless you are unanimously convinced that the government has proven that she is guilty of that charge beyond a reasonable doubt. ~~If the Government fails to prove the defendant's guilt beyond a reasonable doubt, you must find her not guilty.~~

[*If necessary*: Even though ~~the defendant~~ Ms. Maxwell has presented evidence in her defense, the presumption of innocence remains with her and it is not her burden to prove that she is innocent. It is always the Government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.]

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 533 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

**Commented [CE7]:** The proposed additional language tracks the language used by the Court in recent cases *See United States v. Berry*, 20 CR 84 (AJN)

**Commented [RA(8R7]:** GOVERNMENT RESPONSE: This language is redundant of the paragraph in the reasonable doubt instruction, which specifies that it is the jury's duty to acquit if they do not find the defendant guilty beyond a reasonable doubt

**Commented [RA(9]:** GOVERNMENT RESPONSE: There is no need to recite both the presumption of innocence and the defendant's lack of burden in this sentence   One or the other is sufficient to make the point

**Reasonable Doubt**

The question that naturally arises is: "What is a reasonable doubt?"  What does that phrase mean?  The words almost define themselves.  A reasonable doubt is a doubt based in reason and arising out of the evidence in the case, or the lack of evidence.  It is a doubt that a reasonable person has after carefully weighing all of the evidence in the case.

Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, and your common sense.  If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of Ms. Maxwell's ~~the defendant's~~ guilt as to any crime charged in this case, such a belief as a prudent person would be willing to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict ~~the defendant~~Ms. Maxwell of the particular crime in question.

On the other hand, if after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with Ms. Maxwell's ~~the defendant's~~ guilt as to any charge, that you do not have an abiding belief of her guilt as to that charge—in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs—then you have a reasonable doubt, and in that circumstances it is your duty to acquit ~~the defendant~~Ms. Maxwell of that charge.

~~One final word on this subject:  Reasonable doubt is not whim or speculation.  It is not an excuse to avoid an unpleasant duty.  Nor is it sympathy for the defendant.  "Beyond a reasonable doubt" does not mean mathematical certainty, or proof beyond all possible doubt.  The law in a criminal case is that it is sufficient if the guilt of the defendant is established beyond a reasonable doubt, not beyond all possible doubt, and, therefore, if after a fair and impartial consideration of~~

12

all of the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against her, you should find the defendant guilty of that charge.

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 533 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

**Commented [CE10]:** The defense objects to this language. It creates an unbalanced charge in which language favorable to the government is stated twice (and last) whereas language favorable to the defendant is stated only once. This language is also not found in Sand or in the Court's recent jury instructions on reasonable doubt. *See* Sand, Instr. 4-1; *United States v. Berry*, 20 CR 84 (AJN); *United States v. Pizarro*, 17 Cr. 151 (AJN).

**Commented [RA(11R10]:** GOVERNMENT RESPONSE: The Court used a version of this language in *United States v. Lebedev*, 17 Cr. 769 (AJN); *United States v. Jones*, 16 Cr. 553 (AJN); and *United States v. Le*, 15 Cr. 38 (AKN). The full instruction is also used in this district. *United States v. Purcell*, 18 Cr. 81 (DLC). And much of this language also appears in Sand. *See* Sand, Instr. 4-1 ("A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty.")

This language is necessary to provide the jury with additional information about what counts as a reasonable doubt. It does not create an unbalanced charge in light of the lengthy charge on the presumption of innocence that immediately precedes this charge, but the Government would not oppose including this language in the second paragraph of the charge to eliminate the defense's concern.

**The Indictment**

The defendant, ~~GHISLAINE MAXWELL~~ Ghislaine Maxwell, has been formally charged in what is called an "Indictment."  As I instructed you at the outset of this trial, the Indictment is simply a charge or accusation.  It is not evidence.  It is not proof of ~~the defendant's~~ Ms. Maxwell's guilt.  It creates no presumption and it permits no inference that the defendant is guilty.  Ms. Maxwell begins trial with an absolutely clean slate and without any evidence against her.  You must give no weight to the fact that an Indictment has been returned against ~~the defendant~~ Ms. Maxwell.

I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 533 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

14

## CHARGE

### Summary of Indictment

The Indictment contains six counts, or "charges," against the defendant. Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately, and you must return a separate verdict on each count.  I am briefly going to summarize each count, and then will give you the law in greater detail.

Count One of the Indictment charges Ghislaine Maxwell, the defendant, with conspiring—that is, agreeing—with others to entice an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense.  Count One relates to multiple victims and the time period 1994 to 2004.

Count Two of the Indictment charges ~~the defendant~~Ms. Maxwell with enticing ~~an individual~~[Jane Doe-1 pseudonym] to travel in interstate ~~and foreign~~ commerce to engage in sexual activity with Jeffrey Epstein for which a person can be charged with a criminal offense. Count Two relates to [Jane Doe-1 pseudonym]Minor Victim 1 and the time period 1994 to 1997.

Count Three of the Indictment charges ~~the defendant~~Ms. Maxwell with conspiring with others to transport a minor in interstate and foreign commerce, with intent that the minor engage in sexual activity for which a person can be charged with a criminal offense.  Count Three relates to multiple minor victims and the time period 1994 to 2004.

Count Four of the Indictment charges ~~the defendant~~Ms. Maxwell with transporting a ~~minor~~[Jane Doe-1 pseudonym] in interstate ~~and foreign~~ commerce, with the intent that ~~the minor~~[Jane Doe-1 pseudonym] engage in sexual activity with Jeffrey Epstein for which a person

> **Commented [CE12]:** These references will need to be changed once we agree upon an appropriate pseudonym

> **Commented [CE13]:** For a discussion of the reasons for these changes, see proposed edits to Count Two – Elements

---

[1] The defense has informed the Government that they continue to object to the use of pseudonyms.  The parties have agreed to use neutral identifiers here to avoid the need for redactions.

can be charged with a criminal offense.  Count Four relates to Minor Victim-1 and the time

period 1994 to 1997.

> Commented [CE14]: For a discussion of the reasons for these changes, see proposed edits to Count Two -- Elements and Count Four -- Elements

Count Five of the Indictment charges ~~the defendant~~Ms. Maxwell with conspiring to

engage in sex trafficking of minors.  Count Five relates to multiple minor victims and the time

period 2001 to 2004.

Count Six of the Indictment charges Ms. Maxwell~~the defendant~~ with sex trafficking of

minors.  Count Six relates to ~~Minor Victim-4~~[Jane Doe-4 pseudonym], and the time period 2001

to 2004.

> Commented [CE15]: These references will need to be changed once we agree upon an appropriate pseudonym

> Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr.
> 3-6. *See United States v. Sanzo*, 673 F.2d 64, 69 (2d Cir. 1982).

**Multiple Counts**

As I mentioned, the Indictment contains six counts. Each count charges ~~the defendant~~Ms. Maxwell with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find ~~the defendant~~Ms. Maxwell guilty or not guilty as to one offense should not affect your verdict as to any other offense charged, unless you are instructed otherwise.

You may only find Ms. Maxwell guilty of a particular count if the government has proven each element of the offense charged with respect to that count beyond a reasonable doubt.

> Commented [RA(16): See response on page 6

With that summary of the Indictment as background, I will now give you detailed instructions that relate to the crimes charged in Counts One through Six.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Pizarro*, 17 Cr. 151 (AJN) and in *United States v. Le*, 15 Cr. 38 (AJN).

17

**Count Two: Enticement to Engage in an Illegal Sexual Activity – The Statute**

The relevant statute for Count Two is Title 18, United States Code, Section 2422, which provides that "[w]hoever knowingly persuades, induces, or entices ~~or coerces~~ any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in . . . in any sexual activity for which any person can be charged with a criminal offense," is guilty of a federal crime.

**Commented [CE17]:** The defense objects to beginning out of order with the substantive counts and grouping the conspiracy counts later  The defense submits that the instructions for the counts should proceed in order, as they are charged in the Indictment, and each count should be separately addressed

**Commented [RA(18R17]:** GOVERNMENT RESPONSE: The Government submits that it will be clearer for the jury and avoid repetition to explain the substantive crimes, and then incorporate that explanation for the conspiracy offenses

**Commented [CE19]:** The defense objects to the inclusion of the term "coerces" if the proof at trial does not include evidence of the use of force of other coercion

**Commented [RA(20R19]:** GOVERNMENT RESPONSE: The term "coerce" carries its ordinary meaning, *see United States v. Waqar*, 997 F 3d 481, 485 (2d Cir  2021) (regarding § 2422(b)), and the ordinary meaning of "coerce" need not involve force   *See* "Coerce," Merriam-Webster Dictionary (defining "coerce" as "to compel to an act or choice")  The Government expects that its proof will include evidence of coercion, and in any event, this verb is in the statutory language

18

**Count Two: Enticement to Engage in Illegal Sexual Activity– The Elements**

To prove the defendant guilty of Count Two, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that the defendant knowingly persuaded or induced or enticed ~~or coerced an individual~~ [Jane Doe-1 pseudonym] to travel in interstate commerce, namely from Florida to New York, as alleged in the Indictment;

Second, that ~~the individual~~ [Jane Doe-1 pseudonym] traveled in interstate ~~or foreign~~ commerce from Florida to New York; and

Third, that the defendant acted with the intent that ~~the individual~~ [Jane Doe-1 pseudonym] would engage in sexual activity with Jeffrey Epstein for which any person can be charged with a criminal offense under New York law.

Count Two relates to ~~Minor Victim-1~~ [Jane Doe-1 pseudonym] during the time period 1994 to 1997.

Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 64-6.

**Commented [CE21]:** The defense objects to the inclusion of the term "coerced" if the proof at trial does not include evidence of the use of force or other coercion

**Commented [RA(22R21):** See comment on page 17

**Commented [RA(22R21):** Count Two refers only to Jane Doe-1   The charge should identify Jane Doe-1's pseudonym in the elements of the crime, as opposed to "an individual," to avoid juror confusion and to make clear that Count Two does not involve the other alleged victims   *See United States v. Robert Sylvester Kelly*, 19 Cr  286 (AMD) (E D N Y), Jury Instructions at 72-73 (hereinafter "R  Kelly Jury Instructions," attached as Exhibit A) (including first name of alleged victim in description of elements of enticement)   The defense accepts the Court's decision regarding the use of pseudonyms but reiterates its objection to the use of pseudonyms to address Jane Doe-1 or any of the other witnesses at trial   *See* Def's Resp  to Gov't's Omnibus Mot *in Limine* (Dkt  382) at 4-15

**Commented [RA(24R23):** GOVERNMENT RESPONSE: Consistent with the Court's order, the Government agrees that the appropriate pseudonyms should be used in the jury instructions

These instructions state the generic elements of the offense, which the conspiracy counts later incorporate   Counts Two, Four, and Six are then narrowed to their facts with a sentence at the end of the charge   A jury will not be confused into convicting on conduct relating to a Minor Victim when the instructions say that Count Two relates only to Minor Victim-1

**Commented [CE25]:** Count Two alleges only travel "from Florida to New York, New York" as the basis for the charge   *See* S2 Ind  ¶ 15   The defense anticipates that Jane Doe-1 will testify about traveling to, among other places, Epstein's ranch in New Mexico and California   The elements should make clear that the relevant travel for purposes of Count Two is travel from Florida to New York, as alleged in the S2 Indictment

**Commented [RA(26R25):** GOVERNMENT RESPONSE: The jury instructions are intended to specify the elements of the offense and not a particular means of committing the offense   The Court should not limit the elements to a particular means, as the defense suggests

**Commented [CE27]:** Count Two charges that Ms  Maxwell acted with the intention "that Minor Victim-1 would engage in one or more sex acts *with Jeffrey Epstein*" in violation of New York law  S2 Ind  ¶ 15 (emphasis added)  Should Jane Doe-1 testify that Ms  Maxwell also engaged in illegal sex acts with her, that is not a basis to convict Ms  Maxwell on Count Two, as it is charged in the S2 Indictment   Accordingly, the elements of the charge should specify that the relevant sexual activity was with …

**Commented [RA(28R27):** GOVERNMENT RESPONSE: The jury instructions are intended to specify the elements of the offense and not a particular means of committing the offense   The Court should not limit the elements to a particular means, as the defense suggests

**Count Two: Enticement to Engage in Illegal Sexual Activity – First Element**

The first element of Count Two which the government must prove beyond a reasonable doubt is that ~~the defendant~~Ms. Maxwell knowingly persuaded or induced or enticed ~~or coerced an individual~~[Jane Doe-1 pseudonym] to travel in interstate ~~or foreign~~ commerce; namely from Florida to New York, as alleged in the Indictment. The terms "persuaded," "induced," and "enticed,~~ and "coerced"~~ have their ordinary, everyday meanings.

The term "interstate commerce" simply means movement from one state to another. The term "State" includes a State of the United States and the District of Columbia.

**"Knowingly" Defined**

~~The defendant~~Ms. Maxwell must have acted knowingly. An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake, or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. Whether ~~the defendant~~Ms. Maxwell acted knowingly may be proven by ~~the defendant's~~Ms. Maxwell's conduct and by all of the facts and circumstances surrounding the case.

> Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 64-7; the charge of the Hon. Alison J. Nathan in *United States v. Pizzaro*, 17 Cr. 151 (AJN) and in *United States v. Le*, 15 Cr. 38 (AJN); the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC); the charge of the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW); and the charge of the Hon. Sidney H. Stein in *United States v. Waqar*, 18 Cr. 342 (SHS).  *See United States v. Waqar*, 997 F.3d 481, 484-85 (2d Cir. 2021) (stating that the "statutory verbs" in § 2422(b) "'attempt, persuade, induce, entice, [and] coerce, though not defined in the statute, are words of common usage that have plain and ordinary meanings'" (citation omitted)).

**Count Two: Enticement to Engage in Illegal Sexual Activity – Second Element**

The second element of Count Two which the government must prove beyond a

reasonable doubt is that ~~the individual~~[Jane Doe-1 pseudonym] traveled in interstate commerce

from Florida to New York, as alleged in the Indictment.

As I just stated, "interstate commerce" simply means movement between one state and

another.

Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr.
64-8.

21

**Count Two: Enticement to Engage in Illegal Sexual Activity – Third Element**

The third element of Count Two which the government must prove beyond a reasonable doubt is that ~~the defendant~~Ms. Maxwell acted with the intent that ~~the individual~~[Jane Doe-1 pseudonym] would engage in sexual activity with Jeffrey Epstein for which any person can be charged with a criminal offense under New York law.

**"Intentionally" Defined**

A person acts intentionally when the act is the product of her conscious objective, that is, when she acts deliberately and purposefully and not because of a mistake or accident.  Direct proof of a person's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time, she committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, her words, her conduct, her acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

**Significant or Motivating Purpose**

In order to establish this element, it is not necessary for the government to prove that the illegal sexual activity was ~~the defendant's~~Ms. Maxwell's sole purpose for encouraging [Jane Doe-1 pseudonym] to travel across state lines.  A person may have several different purposes or motives for such conduct, and each may prompt in varying degrees the person's actions.  The government must prove beyond a reasonable doubt, however, that a significant and motivating purpose of encouraging [Jane Doe-1 pseudonym] to travel across state lines was that she would engage in illegal sexual activity with Jeffrey Epstein. In other words, the illegal sexual activity must not have been merely incidental to the trip.

**Violation of New York Criminal Law**

22

**Commented [CE29]:** The defense requests adding this instruction, which is adapted from Sand and *United States v. Vargas-Cordon*, 733 F 3d 366 (2d Cir  2013)  *See* Sand, Instr  64-4, 64-18; *Vargas-Cordon*, 733 F 3d at 375-76; R Kelly Jury Instructions at 43; *see also* Sand, Instr  64-9, Comment ("The question of multiple motives for the interstate travel has not arisen in any prosecution under section 2422(a)…  If a defendant were to argue that the sexual activity was not the dominant reason for persuading the individual to travel, then the last paragraph of Instruction 64-4, *above*, should be incorporated into the charge ")

**Commented [RA30]:** See objection on page 6

**Commented [RA31]:** The Government proposes "the individual" per its comments on page 18

**Commented [RA32]:** GOVERNMENT RESPONSE: The Government does not oppose adding this instruction here, but it does oppose the use of an "and" rather than an "or" between "significant" and "motivating "  That change is not reflected in Sand or the R  Kelly instructions and suggests a higher bar than is required

**Commented [RA33]:** The Government proposes "the individual" per its comments on page 18

Count Two alleges that the defendantMs. Maxwell enticed [Jane Doe-1 pseudonym] to travel across state lines with the intent that she would engage in sexual activity with Jeffrey Epstein in violation of New York Penal Law, Section 130.55for which a person could be charged with a crime under the criminal (or penal) law of New York State.  I instruct you as a matter of law that Sexual Abuse in the Third Degree, the offense set forth in Count Two of the Indictment, was a violation of New York State Penal law from at least in or about 1994 up to an including in or about 1997, at the time the acts are alleged to have been committed.

A person violates New York State Penal Law § 130.55, Sexual Abuse in the Third Degree, when he or she subjects another person to sexual contact without the latter's consent.

Under New York law, "sexual contact" means any touching of the sexual or other intimate parts of a person for the purpose of gratifying the sexual desire of either party.  It includes the touching of the victim by the actor, whether directly or through clothing, as well as the emission of ejaculate by the actor upon any part of the victim, clothed or unclothed.

Also under New York law, lack of consent can result from incapacity to consent.  A person less than seventeen years old is deemed incapable of consenting to sexual contact under New York Law.  Thus, the law deems sexual contact with such a person to be without that person's consent, even if in fact that person did consent.  However, in order to find that the intended acts were nonconsensual solely because of the victim's ageMs. Maxwell guilty of Count Two of the Indictment, you must find thatthe government must prove beyond a reasonable doubt that the defendantMs. Maxwell knew that the victim[Jane Doe-1 pseudonym] was less than seventeen years old at the time the sexual contact alleged in Count Two took place in New York.

Adapted from Sand et al., *Modern Federal Jury Instructions*,
Instrs. 64-9, 64-18; New York Penal Law §§ 15.20(3), 130.00,

**Commented [CE34]:** The defense requests that this language be deleted  If the Court determines that this language is appropriate, the defense requests that the following language immediately follow this language to ensure the instruction is balanced: "By contrast, a person seventeen years old or older is capable of consenting to sexual contact under New York law and any such consensual sexual contact is legal "

**Commented [RA(35R34]:** GOVERNMENT RESPONSE: The proposed language is legally accurate and clarifies for the jury what it means for someone to be "deemed incapable of consenting to sexual contact "

The defense's proposed additional instruction adds nothing and may create confusion  Jurors will understand what it means for an individual to be above the age of consent  By giving them an instruction, it suggests that the Court is providing additional legal guidance  And the guidance here misleadingly suggests that, because a person over 17 can consent to sexual contact, any such sexual contact is legal  It provides the caveat "consensual," but that is confusing because the jury has just been told that people over 17—unlike people under 17—are at least capable of consent  This instruction would only serve to confuse the jury

**Formatted:** Underline

23

130.05, 130.55; New York State Pattern Jury Instructions
§ 130.55; the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC); and the charge of the Hon. Ann M. Donnelly in *United States v. Kelly*, 19 Cr. 286 (AMD) (E.D.N.Y.). *See United States v. Murphy*, 942 F.3d 73, 79-84 (2d Cir. 2019) (holding under 18 U.S.C. § 2423(b) that a defendant must know the age of the victim where the victim's age distinguishes lawful from unlawful conduct).

**Count Four: Transportation of a Minor to Engage in Illegal Sexual Activity – The Statute**

The relevant statute for Count Four is Title 18, United States Code, Section 2423(a), which provides that a person who "knowingly transports any individual under the age of 18 years in interstate or foreign commerce . . . with intent that such individual engage in . . . any sexual activity for which any person can be charged with a criminal offense," is guilty of a federal crime.

**Count Four: Transportation of a Minor to Engage in Illegal Sexual Activity – The Elements**

In order to prove ~~the defendant~~Ms. Maxwell guilty of Count Four, the Government must establish each of the following three elements of the crime beyond a reasonable doubt:

First, that ~~the defendant~~Ms. Maxwell knowingly transported ~~an individual~~[Jane Doe-1 pseudonym] in interstate ~~or foreign~~commerce; namely from Florida to New York, as alleged in the Indictment,

Second, that ~~the defendant~~Ms. Maxwell transported ~~the individual~~[Jane Doe-1 pseudonym] with the intent that ~~the individual~~she would engage in ~~any~~sexual activity with Jeffrey Epstein for which any person can be charged with a criminal offense under New York law; and

Third, that Ms. Maxwell knew that ~~the individual~~[Jane Doe-1 pseudonym] was less than seventeen years old at the time of the acts alleged in Count Four of the Indictment.

Count Four also relates to ~~Minor Victim-1~~[Jane Doe-1 pseudonym] during the time period 1994 to 1997.

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 64-16; the charge of the Hon. Richard J. Arcara in *United States v. Vickers*, 13 Cr. 128 (RJA) (W.D.N.Y.), *aff'd*, 708 F. App'x 732 (2d Cir. 2017); and the charge of the Hon. Thomas P. Greisa in *United States v. Gilliam*, 11 Cr. 1083 (TPG), *aff'd*, 842 F.3d 801, 805 (2d Cir. 2016).

26

**Commented [RA(36)]:** The Government reiterates its objections from Count Two

**Commented [CE37]:** The defense is aware that the Second Circuit has held that it is not necessary for the defendant to know the age of the victim when the charged offense is transporting a minor for the purposes of prostitution   *See United States v. Griffith*, 284 F.3d 338, 350-51 (2d Cir. 2002)   However, Count Four charges Ms. Maxwell with transporting a minor for the purpose of engaging in illegal sexual activity under Section 130.55 of the New York Penal Law   Unlike prostitution, the age of the intended victim is a critical element of the underlying offense in Count Four – Ms. Maxwell's conduct is not illegal unless Jane Doe-1 was under the age of consent in New York when the alleged sexual activity took place   Accordingly, to be guilty of Count Four, the government must prove that Ms. Maxwell knew that Jane Doe-1 was under 17 years old at the time of the acts alleged in Count Four   *See* Sand, Instr. 64-19, Comment ("[W]hen the defendant is charged with transportation for the purpose of engaging in illegal sexual activity, and the age of the victim is an element of that underlying offense, then there is good reason to require proof of age because that fact will often be the critical element which makes defendant's conduct illegal."); *see also United States v. Murphy*, 942 F.3d 73, 79-84 (2d Cir. 2019) (holding under 18 U.S.C. § 2423(b) that a defendant must know the age of the victim where the victim's age distinguishes lawful from unlawful conduct)

**Commented [RA(38R37]:** GOVERNMENT RESPONSE:

Because the defendant must intend to violate the New York state law, the instruction on the New York state law in Count Two requires the defendant to know that the relevant Minor Victim was under 17 at the time   That instruction is incorporated into the Count Four instructions, below   Accordingly, the defense's proposal is redundant with the language in the New York state law instruction   It is more accurate to include the knowledge requirement in the New York state law instruction, because that statute imposes the under-17 knowledge requirement   Federal law otherwise only requires that the victim be under 18

**Count Four: Transportation of a Minor to Engage in Illegal Sexual Activity – First Element**

The first element of Count Four which the government must prove beyond a reasonable doubt is that ~~the defendant~~Ms. Maxwell knowingly transported ~~an individual~~[Jane Doe-1 pseudonym] in interstate ~~or foreign~~ commerce; namely from Florida to New York, as alleged in the Indictment.  The phrase, "transport an individual in interstate ~~or foreign~~ commerce" means to move or carry, or cause someone to be moved or carried, from one state to another ~~or between the United States and a foreign country~~.

The Government does not have to prove that ~~the defendant~~Ms. Maxwell personally transported ~~the individual~~[Jane Doe-1 pseudonym] across a state line.  It is sufficient to satisfy this element that ~~the defendant~~Ms. Maxwell ~~acted through an agent or~~ was actively engaged, either personally or through an agent, in the making of the travel arrangements, such as by purchasing tickets necessary for ~~the individual~~[Jane Doe-1 pseudonym] to travel as planned.

~~The defendant~~Ms. Maxwell must have knowingly transported ~~or participated in the transportation of~~ ~~the individual~~[Jane Doe-1 pseudonym] in interstate ~~or foreign~~ commerce.  This means that the Government must prove that ~~the defendant~~Ms. Maxwell knew both that she was causing ~~the individual~~[Jane Doe-1 pseudonym] to be transported, and that ~~the individual~~[Jane Doe-1 pseudonym] was being transported in interstate commerce.  As I have explained, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some innocent reason.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 64-17; and the charge of the Hon. Richard J. Arcara in *United States v. Vickers*, 13 Cr. 128 (RJA) (W.D.N.Y.), *aff'd*, 708 F. App'x 732 (2d Cir. 2017).  *See United States v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir. 2013) (sufficient to show transportation where defendant agreed to provide a prostitution job and coordinated and prearranged the date and time of travel); *United*

27

**Commented [CE39]:** The addition of the word "actively" is consistent with Sand  *See* Sand, Instr  64-17

**Commented [RA40R39]:** GOVERNMENT RESPONSE: Although this word appears in Sand, the basis for it is not clear, and it requires a greater level of involvement than the law of the Circuit  *See United States v. Purcell*, 967 F 3d 159, 191 (2d Cir  2020) (sufficient to "agree to provide a prostitution job" and "coordinate[] and prearrange[] the dates" of travel) (internal quotation marks and alterations omitted))

**Commented [CE41]:** "Participation" is conspiracy liability  It should be addressed in that charge

**Commented [RA42R41]:** GOVERNMENT RESPONSE: This language links the transportation to the broader definition in the prior paragraph

*States v. Shim*, 584 F.3d 394, 396 (2d Cir. 2009); *United States v. Evans*, 272 F.3d 1069, 1086-87 (8th Cir. 2002) (under general knowledge requirement of Mann Act, jury need not find that defendant knew that the act being committed was unlawful).

~~**Count Four: Transportation of a Minor to Engage in Illegal Sexual Activity – First Element – Consent Irrelevant**~~

~~With regard to Count Four, whether or not the individual consented to being transported or to traveling interstate for the purpose of engaging in sexual activity for which any person can be charged with a criminal offense, or the individual otherwise voluntarily participated, is irrelevant, as the consent or voluntary participation of the individual is not a defense.~~

~~Adapted from the charge of the Hon. Thomas P. Greisa in *United States v. Gilliam*, 11 Cr. 1083 (TPG), *aff'd*, 842 F.3d 801, 805 (2d Cir. 2016). *See also United States v. Lowe*, 145 F.3d 45, 52 (1st Cir. 1998) ("Consent is a defense to kidnapping but not to a Mann Act charge."); *United States v. Jones*, 808 F.2d 561, 565-66 (7th Cir. 1986); *United States v. Pelton*, 578 F.2d 701, 712 (8th Cir. 1978); *Gebardi v. United States*, 287 U.S. 112, 117-18 (1932).~~

> **Commented [CE43]:** The defense objects to this instruction  It is not found in Sand  Moreover, it confuses the issue of consent  To be sure, consent is not a defense to engaging in sexual activity with an individual who is under the age of consent in the relevant jurisdiction  But that point is already addressed in the instruction on New York Penal Law, Section 130 55 in Count Two  And the defense expects that there will be testimony of alleged sexual acts that took place after Jane Doe-1 and other alleged victims were above the relevant age of consent

> **Commented [RA(44R43]:** GOVERNMENT RESPONSE:
> The defense objection confuses consent to engage in sexual activity, which is addressed elsewhere, with consent to being transported  Consent to the transportation is not a defense under the Mann Act  Absent an instruction like this, the jury may be confused that a Minor Victim who travels willingly has consented to her transportation and has not been transported

**Count Four: Transportation of a Minor to Engage in Illegal Sexual Activity – Second Element**

The second element of Count Four which the government must prove beyond a reasonable doubt is that ~~the defendant~~Ms. Maxwell transported ~~the individual~~ Jane Doe-1 [pseudonym] with the intent that ~~the individual~~she engage in ~~any~~ sexual activity with Jeffrey Epstein for which any person can be charged with a criminal offense in violation of New York law.

In order to establish this element, it is not necessary for the government to prove that the illegal sexual activity was ~~the defendant's~~Ms. Maxwell's sole purpose for transporting Jane Doe-1 across state lines. A person may have several different purposes or motives for such conduct, and each may prompt in varying degrees the person's actions. The government must prove beyond a reasonable doubt, however, that a significant and motivating purpose of Jane Doe-1's travel across state lines was that she would engage in illegal sexual activity with Jeffrey Epstein. In other words, the illegal sexual activity must not have been merely incidental to the trip.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instrs. and 64-4, 64-18; Edward J. Devitt et al., *Federal Jury Practice and Instructions*, Instr. 60-07; and the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC). *See United States v. Vargas-Cordon*, 733 F.3d 366, 375 (2d Cir. 2013) ("[T]he contemplated unlawful sexual activity need not be the defendant's sole purpose for transporting a minor in interstate or foreign commerce. Rather, it must only be a 'dominant purpose' of the transportation."); *United States v. Miller*, 148 F.3d 207, 212 (2d Cir. 1998) (finding no error in jury instruction that engaging in illegal sexual activity "need not have been [the defendant's] only purpose or motivation, but it must have been more than merely incidental; it must have been one of the dominant purposes of the trip").

> **Commented [RA(45)]:** The Government repeats its objection from page 21

**Count Four: Transportation of a Minor to Engage in Illegal Sexual Activity – Second Element – Illegal Sexual Activity**

Count Four alleges that ~~the defendant~~Ms. Maxwell knowingly transported ~~the individual~~[Jane Doe-1 pseudonym] in interstate commerce with the intent that ~~the individual~~she engage in sexual activity with Jeffrey Epstein for which any person can be charged with a criminal offense in violation of New York law.

Like Count Two, Count Four alleges sexual activity for which an individual could be charged with ~~a crime under the criminal (or penal) law of New York State~~a violation of New York Penal Law, Section 130.55, ~~specifically~~Sexual Abuse in the Third Degree. I have already instructed you regarding that crime, and those instructions apply equally here.

Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 64-18; New York State Penal Law §§ 15.20(3), 130.00, 130.05, 130.55; New York State Pattern Jury Instructions § 130.55; the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC).

31

**Count Four: Transportation of a Minor to Engage in Illegal Sexual Activity – Third Element**

The third element of Count Four which the government must prove beyond a reasonable

doubt is that Ms. Maxwell knew that the individual [Jane Doe-1 pseudonym] was less than

seventeen years old at the time of the acts alleged in Count Four of the Indictment.  Although the

text of the law says the individual must be less than eighteen, because the New York criminal

law provides that a person can consent to sexual activity if she is seventeen, this element requires

that Ms. Maxwell knew that [Jane Doe-1 pseudonym]the individual was less than seventeen at

the time of the offense.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr.
> 64-19 ("Although section 2423(a) requires that the person
> transported be less than eighteen . . . [i]f the defendant is charged
> with transporting for the purpose of engaging in illegal sexual
> activity, and that underlying activity requires that the victim be less
> than some other age, then it can only confuse the jury to charge
> that the victim must be less than eighteen in this instruction and
> less than that other age elsewhere in the instructions.").  *See* New
> York State Penal Law §§ 15.20(3), 130.55

**Commented [RA(46):** GOVERNMENT RESPONSE: As stated on page 25, this instruction is captured in the state law instructions

32

~~Counts Two and Four: Failure to Accomplish Intended Activity is Immaterial~~

~~Now, with respect to Counts Two and Four, it is not a defense that the sexual activity which may have been intended by the defendant was not accomplished.~~

~~In other words, it is not necessary for the Government to prove that anyone, in fact, engaged in any sexual activity for which any person can be charged with a criminal offense with the individual after she was enticed, for Count Two, or transported, for Count Four, across state lines. It is enough if defendant has the requisite intent at the time of the enticement or transportation.~~

~~Adapted from Edward J. Devitt, *et al.*, *Federal Jury Practice and Instructions*, Instr. 60-06. *See United States v. Broxmeyer*, 616 F.3d 120, 129-30 & n.8 (2d Cir. 2010) ("The plain wording of the statute requires that the *mens rea* of intent coincide with the *actus reus* of crossing state lines."); *Cleveland v. United States*, 329 U.S. 14, 20 (1946) ("[G]uilt under the Mann Act turns on the purpose which motivates the transportation, not on its accomplishment.").~~

**Commented [CE47]:** If the government's witnesses testify as expected – *i.e.*, that they engaged in repeated sex acts with Jeffrey Epstein when they were underage – this instruction is unnecessary

**Commented [RA(48R47]:** GOVERNMENT RESPONSE: Insofar as the conspiracy counts incorporate Counts Two and Four, this instruction is likely necessary  The defense does not object on the ground that it is an incorrect statement of the law

In any event, the defense is presumably planning to attack the credibility of these witnesses, so the premise that the jury will accept any particular part of their testimony cannot be assumed

### Count Six: Sex Trafficking of a Minor – Statute

The relevant statute for Count Six is Title 18, United States Code, Section 1591, which provides, in pertinent part, that "Whoever knowingly in or affecting interstate commerce, recruits, entices, harbors, transports, provides, or obtains, by any means a person . . . knowing that . . . the person has not attained the age of eighteen years and will be caused to engage in a commercial sex act" is guilty of a crime.

**Count Six: Sex Trafficking of a Minor – Elements**

To find ~~the defendant~~Ms. Maxwell guilty of Count Six the Government must prove each of the following four elements beyond a reasonable doubt:

First:   ~~The defendant~~Ms. Maxwell knowingly recruited, enticed, harbored, transported, provided, or obtained [Jane Doe-4 pseudonym]~~a person~~;

Second:   ~~The defendant~~Ms. Maxwell knew that [Jane Doe-4 pseudonym] ~~the person~~ was under the age of eighteen years;

Third:   ~~The defendant~~Ms. Maxwell knew ~~the person~~that [Jane Doe-4 pseudonym] would be caused to engage in a commercial sex act; and

Fourth:   ~~The defendant's~~Ms. Maxwell's acts were in or affecting interstate or foreign commerce.

This Count relates to ~~the alleged abuse of~~ [Jane Doe-4 pseudonym]~~Minor Victim-4~~ during the time period 2001 to 2004.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 47A-18; and the charge given by the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW).

35

**Count Six: Sex Trafficking of a Minor – First Element**

The first element of Count Six which the government must prove beyond a reasonable

doubt is that ~~the defendant~~Ms. Maxwell knowingly recruited, enticed, harbored, transported,

provided, or obtained [Jane Doe-4 pseudonym]~~a person~~.  The terms "recruited," "enticed,"

"harbored," "transported," "provided," and "obtained" have their ordinary, everyday meanings.

> Adapted from the charge given by the Hon. Kimba M. Wood in *United
> States v. Almonte*, 16 Cr. 670 (KMW); *United States v. Wedd*, 993 F.3d
> 104, 122 (2d Cir. 2021) ("In interpreting a statute, this Court gives the
> statutory terms their ordinary or natural meaning." (internal quotation
> marks omitted)).  *See, e.g.*, *Noble v. Weinstein*, 335 F. Supp. 3d 504, 517
> (S.D.N.Y. 2018) (explaining that, because the verb "entices" is "not
> defined by Congress," it bears its ordinary meaning).

36

**Count Six: Sex Trafficking of a Minor – Second Element**

The second element of Count Six which the government must prove beyond a reasonable

doubt is that Ms. Maxwell the defendant knew that [Jane Doe-4 pseudonym]the person was

under eighteen years of age.

In considering whether Ms. Maxwell the defendant knew that [Jane Doe-4 pseudonym]

the person had not attained the age of eighteen, please apply the definition of "knowingly"

previously provided to you.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr.
> 47A-20; and the charge given by the Hon. Kimba M. Wood in
> *United States v. Almonte*, 16 Cr. 670 (KMW).  *See United States v.*
> *Thompson*, 896 F.3d 155, 169-70 (2d Cir. 2018).

**Count Six: Sex Trafficking of a Minor – Third Element**

The third element of Count Six which the government must prove beyond a reasonable

doubt is that Ms. Maxwell~~the defendant~~ knew that [Jane Doe-4 pseudonym] ~~the person~~ would be

caused to engage in a commercial sex act.

The term "commercial sex act" means "any sex act, on account of which anything of

value is given to or received by any person." The thing of value may be money or any other

tangible or intangible thing of value that may be given to or received by any person, regardless of

whether the person who receives it is the person performing the commercial sex act.

It is not relevant whether or not [Jane Doe-4 pseudonym] ~~the person~~ was a willing

participant in performing commercial sex acts when she was under the age of 18 years old.

Consent by [Jane Doe-4 pseudonym] ~~the person~~ is not a defense to the charge in Count Six of the

Indictment if [Jane Doe-4 pseudonym] was under the age of 18 at the time the commercial sex

acts took place. ~~It is also not required that the person actually performed a commercial sex act so~~

~~long as the Government has proved that the defendant recruited, enticed, harbored, transported,~~

~~provided, or obtained the person for the purpose of engaging in commercial sex acts.~~

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr.
> 47A-22; 18 U.S.C. § 1591(c)(1) (2000) (defining "commercial sex
> act"); and the charge given by the Hon. Kimba M. Wood in *United
> States v. Almonte*, 16 Cr. 670 (KMW). *See United States v. Jones*,
> 847 F. App'x 28, 30 (2d Cir. 2021) (summary order) (affirming the
> use of an instruction drawn from the statute and the Sand treatise);
> *United States v. Corley*, 679 F. App'x 1, 7 (2d Cir. 2017)
> (summary order) ("[T]he statute does not require that an actual
> commercial sex act have occurred."); *United States v. Williams*,
> 529 F.3d 1, 6 (1st Cir. 2008) ("Even if the minor had factually
> consented, that consent would not have been legally valid. In all
> events, factual consent would not eliminate the potential risks that
> confronted the child." (citations omitted)).

**Commented [CE49]:** If Jane Doe-4 testifies as expected – *i.e.,* that she engaged in repeated sex with Jeffrey Epstein when she was underage – this instruction is unnecessary

**Commented [RA50R49]:** GOVERNMENT RESPONSE:

As above, although Jane Doe-4 may testify as much, the defense is expected to attack her credibility. The jury should not be instructed on the assumption that she will be fully believed. This instruction is also a correct statement of the law that may be relevant to the conspiracy instruction, which incorporates these instructions

**Count Six: Sex Trafficking of a Minor – Fourth Element**

The fourth and final element of Count Six which the government must prove beyond a reasonable doubt is that ~~the defendant's~~Ms. Maxwell's conduct was in interstate ~~or foreign~~ commerce or affected interstate commerce.

Interstate commerce simply means the movement of goods, services, money and individuals between any two or more states.

I instruct you that acts and transactions that cross state lines, or which affect the flow of money in the stream of commerce to any degree, however minimal, are acts and transactions affecting interstate commerce. For instance, it affects interstate commerce to use products that traveled in interstate commerce.

It is not necessary for the Government to prove that Ms. Maxwell ~~the defendant~~ specifically knew or intended that her conduct would affect interstate commerce; it is only necessary that the natural consequences of such conduct would affect interstate commerce in some way, even if minor.

~~If you find beyond a reasonable doubt that the recruitment, enticement, harboring, transportation, providing, or obtaining of a person for the purpose of engaging in commercial sex acts was economic in nature and involved the crossing of state lines, or was economic in nature and otherwise affected the flow of money to any degree, however minimal, you may find that the interstate commerce requirement of the offense of sex trafficking of a minor has been satisfied.~~

~~I further instruct you that to find that this element has been proven beyond a reasonable doubt, it is not necessary for you to find that any interstate or foreign travel occurred. Proof of actual travel is not required.~~

Adapted from the charge given by the Hon. Kimba M. Wood in
*United States v. Almonte*, 16 Cr. 670 (KMW). *See United States v. Graham*, 707 F. App'x 23, 26 (2d Cir. 2017) (summary order)

39

**Commented [CE51]:** The phrase "or foreign" is not necessary as there is no allegation that Ms Maxwell's conduct as to Count Six affected foreign commerce

**Commented [RA(52R51]:** GOVERNMENT RESPONSE: This is part of the indictment and should not be removed

**Commented [CE53]:** The defense objects to these instructions as redundant and/or unnecessary

**Commented [RA(54R53]:** GOVERNMENT RESPONSE: This charge was given in *United States v. Almonte*, 16 Cr 670 (KMW) "Affecting interstate commerce" is not an intuitive concept for lay jurors, so additional instruction would be helpful The defense does not argue that this is an incorrect statement of the law

("The conduct underlying Graham's conviction was inherently commercial, and the government adduced evidence that its commission as to all three counts involved the use of internet advertisements, condoms, hotels, and rental cars."); *United States v. Elias*, 285 F.3d 183, 189 (2d Cir. 2002); *United States v. Paris*, No. 03:06-CR-64 (CFD), 2007 WL 3124724, at *8 & n.10 (D. Conn. Oct. 24, 2007) (use of cell phones, use of hotel rooms and distribution of condoms all affected interstate commerce in sex trafficking venture).

**Counts Two, Four, and Six: Aiding and Abetting**

In connection with the crimes charged in Counts Two, Four, and Six, the defendant is also charged with aiding and abetting the commission of those crimes. Aiding and abetting liability is its own theory of criminal liability. In effect, it is a theory of liability that permits a defendant to be convicted of a specified crime if the defendant, while not herself committing the crime, assisted another person or persons in committing the crime. As to Counts Two, Four, and Six, therefore, the defendant can be convicted *either* if she committed the crime herself, *or* if another person committed the crime and the defendant aided and abetted that person to commit that crime.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces, or procures" the commission of an offense is punishable as a principal. You should give those words their ordinary meaning. A person aids or abets a crime if she knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed. To "counsel" means to give advice or recommend. To "induce" means to lead or move by persuasion or influence as to some action or state of mind. To "procure" means to bring about by unscrupulous or indirect means. To "cause" means to bring something about, to effect something.

In other words, it is not necessary for the Government to show that Ms. Maxwell the defendant herself physically committed the crime charged in order for you to find her guilty. This is because a person who aids, abets, counsels, commands, induces, or procures the commission of a crime is just as guilty of that offense as if she committed it herself. Accordingly, you may find Ms. Maxwell the defendant guilty of the offenses charged in Counts Two, Four, and Six if you find beyond a reasonable doubt that the Government has proven that another person actually committed the offense with which Ms. Maxwell the defendant is

41

**Commented [CE55]:** This language is unnecessary and redundant Moreover, it is not included in the Court's most recent instructions on this issue  *See United States v. Berry*, 20 CR 84 (AJN); *United States v. Pizarro*, 17 Cr 151 (AJN)

**Commented [RA(56R55]:** GOVERNMENT RESPONSE: The Court has given this instruction previously  *See United States v. Lebedev*, 15 Cr 769 (AJN); *United States v. Jones*, 16 Cr 553 (AJN)  It is clarifying for the jury before the Court gives a more fulsome description of accomplice liability

**Commented [CE57]:** The additional language is consistent with the Court's earlier instructions on this issue  *See United States v. Berry*, 20 CR 84 (AJN); *United States v. Pizarro*, 17 Cr 151 (AJN)

**Commented [RA(58R57]:** GOVERNMENT RESPONSE: Because the instructions do not elsewhere define terms that carry their ordinary meaning (e g  the verbs in the Mann Act and sex trafficking counts), there is no reason to do so here

charged, and that Ms. Maxwellthe defendant aided, abetted, counseled, commanded, induced or

procured that person to commit the crime.

As you can see, the first requirement is that another person has committed the crime

charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another

if no crime was committed by the other person.  But if you do find that a crime was committed,

then you must consider whether Ms. Maxwell the defendant aided or abetted the commission of

the crime.

To aid or abet another to commit a crime, it is necessary that the Government prove that

the defendant willfully and knowingly associated herself in some way with the crime committed

by the other person and willfully and knowingly sought by some act to help the crime succeed.

However, let me caution you that the mere presence of the defendant where a crime is

being committed, even when coupled with knowledge by the defendant that a crime is being

committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with

guilty knowledge, is not sufficient to make the defendant guilty under this approach of aiding

and abetting.  Such a defendant would be guilty under this approach of aiding and abetting only

if, in addition to knowing of the criminal activity, she actually took actions intended to help it

succeed.

An aider and abettor must know that the crime is being committed and act in a way that is

intended to bring about the success of the criminal venture.

To determine whether Ms. Maxwell a defendant aided or abetted the commission of the

crime with which she is charged, ask yourself these questions:

1.       Did Ms. Maxwell the defendant participate in the crime charged as something she

wished to bring about?

2.      Did Ms. Maxwell ~~the defendant~~ knowingly and willfully associate herself with the criminal venture?

3.      Did Ms. Maxwell ~~the defendant~~ seek by her actions to make the criminal venture succeed?

If she did, then Ms. Maxwell ~~the defendant~~ is an aider and abettor, and therefore guilty of the offense.  If, on the other hand, your answer to any of these questions is "no," then Ms. Maxwell ~~the defendant~~ is not an aider and abettor, and you must find her not guilty under that theory.

> Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 11-2; 18 U.S.C. § 2; the charge given by the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN); and the charge given by the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW).

**Counts One and Three and Five: Conspiracy to Violate Federal Laws– The Statute**

The relevant statute for Counts One, Three, and Five is Title 18, United States Code, Section 371, which provides that "if two or more people conspire [] to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy," each person is guilty of a federal crime.

**Counts One and Three and Five: Conspiracy to Violate Federal Laws– Conspiracy and Substantive Counts**

Counts One, Three, and Five of the Indictment each charge ~~the defendant~~Ms. Maxwell with participating in a "conspiracy." As I will explain, a conspiracy is a kind of criminal partnership—an agreement of two or more people to join together to accomplish some unlawful purpose. The crime of conspiracy to violate federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."  Indeed, you may find ~~the defendant~~Ms. Maxwell guilty of conspiring to violate federal law even if you find that the crime which was the object of the conspiracy was never actually committed.

As I will explain,  the three different conspiracy counts are separate offenses and each conspiracy alleges a different purpose, which I will describe to you shortly. ~~the purpose of the conspiracy charged in Count One is to commit the enticement of minors offense I described for Count Two; the purpose of the conspiracy charged in Count Three is to commit the transportation of minors offense I described for Count Four; and the purpose of the conspiracy charged in Count Five is to commit the sex trafficking offense I described for Count Six.~~

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 19-2; the charge of the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (AJN); the charge of the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW); and the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC). *See also United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**Commented [CE59]:** The defense objects to grouping the conspiracy counts together  See prior objection

**Commented [RA(60R59]:** See prior Government response

**Commented [CE61]:** It is confusing to address the purposes of the three conspiracies here   It is clearer to address them with each individual count

**Commented [RA(62R61]:** See prior Government response regarding the ordering of counts

45

**Counts One, Three and Five: Conspiracy to Violate Federal Law – The Elements**

To prove ~~the defendant~~Ms. Maxwell guilty of the crime of conspiracy, the

Government must prove each of the following four elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in the particular

count of the Indictment;

Second, that ~~the defendant~~Ms. Maxwell knowingly and willfully became a member of

that conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the

overt act~~s in furtherance of the conspiracy~~charged in the particular count of the Indictment; and

Fourth, that the overt act which you find to have been committed was committed to

further some objective of ~~the~~that conspiracy.

Each of these elements must be satisfied beyond a reasonable doubt.

Now let us separately consider each of these elements.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr.
> 19-3; the charge of the Hon. Kimba M. Wood in *United States v.*
> *Almonte*, 16 Cr. 670 (KMW); and the charge of the Hon. Denise L.
> Cote in *United States v. Purcell*, 18 Cr. 081 (DLC).

**Commented [CE63]:** The modified language and the additional element are consistent with Sand and the Court's recent instructions on this issue  *See* Sand, Instr  19-3; *United States v. Pizarro*, 17 Cr  151 (AJN)

**Commented [RA(64R63]:** GOVERNMENT RESPONSE: The Government needs to prove that a member of the conspiracy committed an overt act, but it need not be an overt act charged in the Indictment  *See, e.g.*, *United States v. Salonese*, 352 F 3d 609, 619 (2d Cir  2003) (describing "the well-established rule of this and other circuits that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the defendant")  Accordingly, it is not an element of the offense that the defendant knowingly committed "at least one of the overt acts charged in the particular count of the Indictment "

**Counts One, Three, and Five: Conspiracy to Violate Federal Law – First Element**

Starting with the first element, what is a conspiracy? A conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose.

The essence of the crime of conspiracy is the unlawful agreement between two or more people to violate the law. As I mentioned earlier, the ultimate success of the conspiracy, meaning the actual commission of the crime that is the object of the conspiracy, is not an element of the crime of conspiracy.

In order to show that a conspiracy existed, the evidence must show that two or more people, in some way or manner, through any contrivance, explicitly or implicitly (that is, spoken or unspoken), came to a mutual understanding to violate the law and to accomplish an unlawful plan. Express language or specific words are not required to indicate assent or attachment to a conspiracy.  If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

To ~~satisfy this element of a conspiracy—namely, to~~ show ~~that the~~a conspiracy ~~existed—~~ the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all of the details. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.  Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans.

In determining whether such an agreement existed, you may consider direct as well as

47

circumstantial evidence. The old adage, "Actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken altogether and considered as whole, however, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof, such as evidence of an express agreement. On this question, you should refer back to my earlier instructions on direct and circumstantial evidence and inferences.

~~So, in considering the first element of the crime of conspiracy as charged in Counts One, Three, and Five—whether the conspiracy actually existed—you should consider all the evidence that has been admitted with respect to the acts, conduct, and statements of each alleged coconspirator, and any inferences that may be reasonably drawn from them.  It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding to accomplish, by the means alleged, the object of the conspiracy.~~

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in Counts One, Three, and Five of the Indictment.

~~**Liability for Acts and Declarations of Co-Conspirators**~~

~~You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed or made by persons who, the Government charges, were also confederates or co-conspirators of the defendant.~~

**Commented [CE65]:** This language seems redundant

**Commented [RA(66R65]:** GOVERNMENT RESPONSE: This language was used in *United States v. Almonte*, 16 Cr 670 (KMW)   It is a summary of the preceding three paragraphs, each of which is describes a different aspect of the law of conspiracy

~~The reason for allowing this evidence to be received against the defendant has to do in part with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.~~

~~Therefore, the reasonably foreseeable acts, statements, and omissions of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts of all of the members, and all of the members are responsible for such acts, statements, or omissions.~~

~~If you find, beyond a reasonable doubt, that a defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against that defendant. This is so even if such acts were committed or such statements were made in that defendant's absence, and without the defendant's knowledge.~~

~~However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.~~

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instrs. 19-4, 19-9; the charge of the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (AJN) and in *United States v. Jones*, 16 Cr. 533 (AJN); the charge of the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW); and the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081

49

**Commented [CE67]:** This instruction should be shortened and moved after the elements of conspiracy  This is consistent with the Court recent instructions on this issue  *See United States v. Pizarro*, 17 Cr  151 (AJN)

**Commented [RA(68R67]:** GOVERNMENT RESPONSE:

The Government does not object to moving this to after the elements of the conspiracy  However, this is the Sand instruction, which offers a more fulsome description of (1) a defendant's liability for "reasonably foreseeable acts" committed in furtherance of the conspiracy, and (2) the predicates for the jury to rely on statements under Fed  R  Evid  801(d)(2)(A)  The Government notes that the Court has previously given more detailed instructions than the streamlined *Pizarro* instruction suggested by the defendant  *See United States v. Lebedev*, 15 Cr  769 (AJN); *United States v. Jones*, 16 Cr  553 (AJN)

(DLC). *See also United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes." (citations omitted)).

**Counts One, Three, and Five: Conspiracy to Violate Federal Law – First Element: Object of the Conspiracy**

Count One charges ~~the defendant~~Ms. Maxwell with participating in a conspiracy~~.~~ from at least in or about 1994, up to and including in or about 2004, to entice minors to travel to engage in sexual activity for which any person can be charged with a criminal offense.  The object of the conspiracy charged in Count One of the Indictment is to entice minors to travel to engage in sexual activity for which any person can be charged with a criminal offense. I have already reviewed the elements of that offense in connection with Count Two.  If you find beyond a reasonable doubt that the defendant agreed with at least one other person that those elements be done, then the enticement of minors to travel to engage in sexual activity for which any person can be charged with a criminal offense objective would be proved.

Count Three charges the defendant with participating in a conspiracy, from at least in or about 1994, up to and including in or about 2004, to transport minors with the intent to engage in sexual activity for which any person can be charged with a criminal offense.  The object of the conspiracy charged in Count Three of the Indictment is to transport minors with the intent to engage in sexual activity for which any person can be charged with a criminal offense. I have already reviewed the elements of that offense in connection with Count Four.  If you find beyond a reasonable doubt that the defendant agreed with at least one other person that those elements be done, then the transportation of minors with the intent to engage in sexual activity for which any person can be charged with a criminal offense objective would be proved.

To prove Counts One and Three, the government must establish beyond a reasonable doubt that Ms. Maxwell acted with the intent that the minors would engage in sexual activity for which any person can be charged with a criminal offense.  For the sexual activity alleged in

51

Counts One and Three to be ~~illegal~~criminal, the ~~victim~~individual must have been under the age of consent in the jurisdiction where the sex acts took place.  I instruct you that, at times relevant to the charges in the Indictment:

1.  The age of consent in Florida was 18 years old;

2.  The age of consent in New York was 17 years old;

3.  The age of consent in the United Kingdom was 16 years old; and

4.  The age of consent in New Mexico for the conduct alleged by Jane Doe-2 was 13 years old.

If the individual was at or above the age of consent in the relevant jurisdiction when the sexual activity occurred, then for the purposes of Counts One and Three, the sexual activity was not illegal – in other words, it was not "sexual activity for which any person can be charged with a criminal offense."

Count Five charges Ms. Maxwell ~~the defendant~~ with participating in a conspiracy, from at least in or about 2001, up to and including in or about 2004, to commit sex trafficking of a minor. The object of the conspiracy charged in Count Five of the Indictment is to commit sex trafficking of a minor. I have already reviewed the elements of that offense in connection with Count Six.  If you find beyond a reasonable doubt that Ms. Maxwell ~~the defendant~~ agreed with at least one other person that those elements are done, then the sex trafficking of minors objective would be proved.

Adapted from the charge of the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW).

**Commented [CE69]:** The defense submits that this language is necessary to avoid juror confusion on the issue of what qualifies as illegal sexual activity for the purposes of Counts One and Three and is consistent with the Court's rulings on the motions *in limine*

**Commented [RA(70R69]:** GOVERNMENT RESPONSE: The Government's proposed instructions only permit the jury to convict on a violation of New York Penal Law Section 130 55   Accordingly, there is no need to inform the jury about the ages of consent in other jurisdictions   The problem identified by the defense only arises if, per the defense's proposed instructions, the conspiracy counts are de-coupled from the substantive counts

**Commented [RA(71]:** GOVERNMENT OBJECTION: The Government objects to this language, which risks confusing the jury   Sexual activity occurred that was above the agent of consent could not be a basis for conviction on its own, but it can still be evidence of the offense   Informing the jury that such activity is "not illegal" improperly suggests that the jury should not consider such evidence

There is also no risk that the jury will convict solely based on sexual activity that occurred after the Minor Victims were above the age of consent, because the jury is instructed that the defendant must have conspired to violate N Y Penal Law Section 130 55, and that section is violated when the victim is below the age of consent

**Counts One, Three, and Five: Conspiracy to Violate Federal Law – Second Element:
Membership in the Conspiracy**

With respect to each of Counts One, Three and Five, if you conclude that the
Government has proven beyond a reasonable doubt that the relevant conspiracy existed, and that
the conspiracy had the object I just mentioned, then you must next consider the second element:
namely, whether ~~the defendant~~Ms. Maxwell knowingly and willfully participated in the
conspiracy knowing its unlawful purpose and intending to further its unlawful objectives.

In order to satisfy the second element of Counts One, Three, or Five, the Government
must prove beyond a reasonable doubt that ~~the defendant~~Ms. Maxwell knowingly and willfully
entered into the conspiracy charged in the particular count with a criminal intent—that is, with a
purpose to violate the law—and that she agreed to take part in the conspiracy to further promote
and cooperate in its unlawful objective.

**"Willfully" and "Knowingly"**

An act is done "knowingly" and "willfully" if it is done deliberately and purposely—that
is, ~~the defendant's~~Ms. Maxwell's actions must have been her conscious objective rather than a
product of a mistake or accident, mere negligence, or some other innocent reason.

To satisfy its burden of proof that ~~the defendant~~Ms. Maxwell willfully and knowingly
became a member of a conspiracy to accomplish an unlawful purpose, the Government must
prove beyond a reasonable doubt that Ms. Maxwell ~~the defendant~~ knew that she was a member
of an operation or conspiracy to accomplish that unlawful purpose, and that her action of joining
such an operation or conspiracy was not due to carelessness, negligence, or mistake.

Now, as I have said, knowledge is a matter of inference from the proven facts. Science
has not yet devised a manner of looking into a person's mind and knowing what that person is
thinking. However, you do have before you the evidence of certain acts and conversations

53

alleged to have taken place involving Ms. Maxwell ~~the defendant~~ or in her presence.  You may consider this evidence in determining whether the Government has proven beyond a reasonable doubt Ms. Maxwell's ~~the defendant's~~ knowledge of the unlawful purposes of the conspiracy.

It is for you to determine whether the Government has established beyond a reasonable doubt that such knowledge and intent on the part of Ms. Maxwell existed. It is important for you to know that Ms. Maxwell's participation in the conspiracy must be established by independent evidence of her own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from that evidence.

It is not necessary for the Government to show that Ms. Maxwell ~~a defendant~~ was fully informed as to all the details of the conspiracy in order for you to infer knowledge on her part. To have guilty knowledge, Ms. Maxwell ~~a defendant~~ need not have known the full extent of the conspiracy or all of the activities of all of its participants.  It is not even necessary for a defendant to know every other member of the conspiracy.

In addition, the duration and extent of Ms. Maxwell's ~~the defendant's~~ participation has no bearing on the issue of her guilt.  She need not have joined the conspiracy at the outset.  Ms. Maxwell ~~The defendant~~ may have joined it for any purpose at any time in its progress, and she will be held responsible for all that was done before she joined and all that was done during the conspiracy's existence while she was a member.  Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Indeed, a single act may be enough to bring one within the membership of the conspiracy, provided that Ms. Maxwell ~~the defendant~~ was aware of the conspiracy and knowingly associated herself with its criminal aims. It does not matter whether Ms. Maxwell's ~~the defendant's~~ role in the conspiracy may have been more limited than or different in nature or in length of time from the roles of her co-conspirators,

**Commented [CE72]:** The additional language is consistent with Sand and the Court's recent instructions on this issue *See* Sand, Instr 19-6; *United States v. Pizarro*, 17 Cr 151 (AJN)

**Commented [RA(73R72]:** GOVERNMENT RESPONSE: The Court has not used this language in other conspiracy charges *See, e.g., United States v. Lebedev*, 15 Cr 769 (AJN); *United States v. Jones*, 16 Cr 554 (AJN)  The first sentence is an unnecessary repetition of the instructions on the role of the jury and the burden of proof  That sentence also does not appear in Sand  The second sentence is confusing because it suggests that the Government must establish the defendant's participation through her own acts and statements, which is a principle that sentence is intended to repudiate  *See* Sand, Instr 19-6 ("Membership in the conspiracy must be proved by independent evidence of the defendant's own acts and statements  Until recently, it was standard practice to charge the jury that a defendant's membership in the conspiracy could only be proven by the defendant's words and actions  This view was repudiated by the Supreme Court in *Bourjaily v. United States*    ")

provided she was herself a participant.

I want to caution you, however, that Ms. Maxwell's the defendant's mere presence at the scene of the alleged crime does not, by itself, make her a member of the conspiracy. Similarly, a person may know, assemble with, or be friendly with, one or more members of a conspiracy, without being a conspirator herself. I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. In other words, knowledge without agreement and participation is not sufficient.  What is necessary is that Ms. Maxwell a defendant participate in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

It is also not necessary that Ms. Maxwell the defendant receive or even anticipate any financial benefit from participating in the conspiracy as long as she participated in it in the way I have explained.  That said, while proof of a financial interest in the outcome of a scheme is not essential, if you find that Ms. Maxwell the defendant had such an interest, that is a factor which you may properly consider in determining whether or not she was a member of a conspiracy charged in the Indictment.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members. So too, once a person is found to be a member of a conspiracy, she is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated herself from it.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, may have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the

**Commented [CE74]:** This language is in tension with the language of Count Five, which alleges a sex trafficking offense if Ms  Maxwell "benefit[ted] financially" or "received anything of value" from her participation in the conspiracy  Ind  ¶ 24

**Commented [RA(75R74]:** GOVERNMENT RESPONSE: The language the defendant identifies relates to sex trafficking liability through arising when the defendant participated in a sex trafficking "venture," *see* 18 U S C § 1591(a)(2), a theory on which the Government is not seeking jury instructions

As instructed above, in order to convict on Count Five, the jury must find that someone gave or received something of value, as required by the definition of "commercial sex act " But the jury need not find that the defendant is the giver or recipient

unlawful agreement—that is to say, she becomes a conspirator.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 19-6; the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 533 (AJN) and in *United States v. Lebedev*, 15 Cr. 769 (AJN); and the charge of the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW).

**Counts One, Three, and Five Two: Conspiracy to Violate Federal Law – Third Element**

The third element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that at least one overt act charged in the Indictment was knowingly committed by at least one of the conspirators  not necessarily Ms. Maxwellthe defendant  in furtherance of the conspiracy.

The overt act element requires the Government to show something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of that conspiracy.  In other words, the Government must show that the agreement went beyond the mere talking stage.  It must show that at least one of the conspirators actually did something in furtherance of the conspiracy.

With respect to the overt acts for Count One, the Indictment reads as follows: [The Court is respectfully requested to read the overt acts listed under Count One of the Indictment].

With respect to the overt acts for Count Three, the Indictment reads as follows: [The Court is respectfully requested to read the overt acts listed under Count Three of the Indictment].

With respect to the overt acts for Count Five, the Indictment reads as follows: [The Court is respectfully requested to read the overt acts listed under Count Five of the Indictment].

In order for the Government to satisfy this element, it is not necessary for the Government to prove that Ms. Maxwellthe defendant committed the overt act.  It is sufficient for the Government to show that any of the members of the conspiracy knowingly committed some overt act in furtherance of the conspiracy. Further, the overt act need not be one that is alleged in the Indictment.  Rather, it can be any overt act that is substantially similar to those acts alleged in the Indictment, if you are convinced that the act occurred while the conspiracy was still in existence and that it was done in furtherance of the conspiracy as described in the Indictment.  In addition, you need not be unanimous as to which overt act you find to have been committed.  It

57

**Commented [RA(76)]:** See objection on page 45

**Commented [CE77]:** The language "not necessarily Ms Maxwell" is not necessary because the instruction covers this point later and it is confusing to place it here without explanation  The language "in furtherance of the conspiracy" is not necessary under the defense's proposal because this concept is covered in the fourth element

is sufficient as long as all of you find that at least one overt act was committed by one of the conspirators ~~in furtherance of the conspiracy.~~

~~You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. However, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.~~

I instruct you, however, that any overt acts related to Minor Victim-1, who at trial was identified as [Jane Doe-3 pseudonym], are not direct evidence of the conspiracies charged in Counts One and Three of the Indictment and they cannot satisfy the overt act element of these offenses.

> **Commented [CE78]:** This language is covered in the proposed fourth element *See United States v. Pizarro*, 17 Cr 151 (AJN)
>
> **Commented [RA(79R78)]:** See below response

> **Commented [CE80]:** The defense maintains that the allegations of Jane Doe-3 are not direct evidence of the charged Mann Act conspiracies and should be redacted from the Indictment  If they are not, the defense requests this instruction
>
> **Commented [RA(81R80)]:** GOVERNMENT RESPONSE: This language is unnecessary because the jury cannot convict on Minor Victim-1 alone due to the statute of limitations instruction  In any event, this language may or may not be accurate depending on the Court's ruling as to Minor Victim-3  Finally, the Government notes that the defendant's proposed language erroneously refers to Minor Victim-1, rather than Minor Victim-3

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*,
> Instrs. 19-7, 19-8; the charge of the Hon. Alison J. Nathan in
> *United States v. Lebedev*, 15 Cr. 769 (AJN); the charge of the Hon.
> Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW);
> and the charge of the Hon. Denise L. Cote in *United States v.*
> *Purcell*, 18 Cr. 081 (DLC).

**Counts One, Three, and Five Two: Conspiracy to Violate Federal Law – Fourth Element**

The fourth, and final, element which the Government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the Government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the Indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which, in and of itself is criminal or constitutes an objective of the conspiracy.

**Commented [CE82]:** The fourth element is consistent with Sand and the Court's recent instructions on this issue  *See* Sand, Instr  19-8; *United States v. Pizarro*, 17 Cr  151 (AJN)

**Commented [RA(83R82]:** GOVERNMENT RESPONSE: The Court has also combined this element with the third element  *See United States v. Lebedev*, 15 Cr  769 (AJN)  The Government defers to the Court's preference

### Counts One, Three, and Five – Liability for Acts and Declarations of Co-Conspirators

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against Ms. Maxwell any acts or statements made by any of the people that you find, under the standards I have already described, to have been her co-conspirators, even though such acts or statements were not made in her presence, or were made without her knowledge.

You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed or made by persons who, the Government charges, were also confederates or co-conspirators of the defendant.

The reason for allowing this evidence to be received against the defendant has to do in part with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime; as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts, statements, and omissions of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts of all of the members, and all of the members are responsible for such acts, statements, or omissions.

If you find, beyond a reasonable doubt, that a defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against that defendant.  This is so even if such acts were committed or such

**Commented [CE84]:** The defense proposes this more streamlined and more balanced instruction on liability for acts and declarations of co-conspirators, which is consistent with the Court's prior instructions on this issue  *See United States v. Pizarro*, 17 Cr  151 (AJN)

**Commented [RA(85R84]:** See response on page 47

60

statements were made in that defendant's absence, and without the defendant's knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.

_____

**Statute of Limitations**

There is a limit on how much time the Government has to obtain an indictment.  Counts Two, Four, Five, and Six are timely—that is, they are not barred by any statute of limitations. As to Counts One and Three, in order to prove that this prosecution is timely, the Government has to prove that least one of the overt acts in furtherance of that conspiracy involved a victim other than ~~Minor Victim-3~~[Jane Doe-3 pseudonym].  Put simply: you may not convict the defendant on Counts One or Three solely on the basis of [Jane Doe-3 pseudonym] ~~Minor Victim-3~~ or an overt act involving [Jane Doe-3 pseudonym]~~Minor Victim-3~~.

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 19-7.

62

**OTHER INSTRUCTIONS**

**Direct and Circumstantial Evidence**

There are two types of evidence that you may use in reaching your verdict.  One type of evidence is direct evidence.  One kind of direct evidence is a witness's testimony about something that the witness knows by virtue of his or her own senses—something that the witness has seen, smelled, touched, or heard.  Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove one fact by proof of other facts.  There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that there are blinds on the courtroom windows that are drawn and that you cannot look outside. As you are sitting here, someone walks in with an umbrella that is dripping wet. Someone else then walks in with a raincoat that is also dripping wet.

Now, you cannot look outside the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of the facts that I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence.  You infer based on reason, experience, and common sense from an established fact the existence or the nonexistence of some other fact.

Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.  Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting ~~each defendant~~Ms. Maxwell, you, the jury, must be satisfied of ~~each defendant's~~ her guilt beyond a reasonable doubt from all the evidence in the case.

63

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

**Inferences**

During the trial, and as I give you these instructions, you have heard and will hear the term "inference."  For instance, in their closing arguments, the attorneys have asked you to infer, based on your reason, experience, and common sense, from one or more established facts, the existence of some other fact.  I have instructed you on circumstantial evidence and that it involves inferring a fact based on other facts, your reason, and common sense.

What is an "inference"?  What does it mean to "infer" something?  An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists based on another fact that you are satisfied exists.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted but not required to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

Therefore, while you are considering the evidence presented to you, you may draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Some inferences, however, are impermissible.  You may not infer that ~~the defendant~~Ms. Maxwell is guilty of participating in criminal conduct if you find merely that she was present at the time the crime was being committed and had knowledge that it was being committed.  Nor

65

may you use evidence that I have instructed you was admitted for a limited purpose for any inference beyond that limited purpose.

In addition, you may not infer that ~~the defendant~~Ms. Maxwell is guilty of participating in criminal conduct merely from the fact that she associated with other people who were guilty of wrongdoing or merely because he has or had knowledge of the wrongdoing of others.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of ~~the defendant~~Ms. Maxwell as to each count charged before you may convict her as to that count.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

66

**Credibility of Witnesses**

You have had the opportunity to observe the witnesses.  It is your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of the witnesses.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your common sense, judgment, and experience.  Common sense is your greatest asset as a juror.  You should ask yourselves, did the witness impress you as honest, open, and candid?  Or did the witness appear evasive, as though the witness was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?   Consider the witness's demeanor, manner of testifying, and accuracy of the witness's recollection.  In addition, consider how well the witness recounted what was heard or observed, as the witness may be honest but mistaken.

If you find that a witness is intentionally telling a falsehood that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.  You may reject the entirety of the witness testimony, part of it or none of it.  It is for you to decide how much of any witness's testimony, if any, you wish to credit.   A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such untruths or inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.  If you find that any witness whose testimony you are considering may have an interest in the outcome of

67

this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care. This is not to suggest that any witness who has an interest in the outcome of a case would testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

You are not required to accept testimony even though the testimony is not contradicted and the witness's testimony is not challenged. You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves that the testimony is not worthy of belief. On the other hand, you may find, because of a witness's bearing and demeanor and based upon your consideration of all the other evidence in the case, that the witness is truthful.

Thus, there is no magic formula by which you can evaluate testimony. You bring to this courtroom all your experience and common sense. You determine for yourselves in many circumstances the reliability of statements that are made by others to you and upon which you are asked to rely and act. You may use the same tests here that you use in your everyday lives. You may consider the interest of any witness in the outcome of this case and any bias or prejudice of any such witness, and this is true regardless of who called or questioned the witness.

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

**Credibility of Witnesses – Impeachment by Prior Inconsistent Statement**

*[If applicable]*

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the ~~defendant's~~Ms. Maxwell's guilt.  Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted him or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (AJN).

69

~~Conscious Avoidance~~

~~*[If applicable]*~~

~~As I have explained, each of the counts charged in the Indictment requires the Government to prove that the defendant acted knowingly, as I have already defined that term.~~

~~If a person is actually aware of a fact, then she knows that fact. But, in determining whether the defendant acted knowingly, you may also consider whether the defendant deliberately closed her eyes to what otherwise would have been obvious.~~

~~To be clear, the necessary knowledge on the part of the defendant with respect to any particular charge cannot be established by showing that that defendant was careless, negligent, or foolish. However, one may not willfully and intentionally remain ignorant of a fact material and important to her conduct in order to escape the consequences of criminal law. The law calls this "conscious avoidance" or "willful blindness."~~

~~Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability a crime was being committed, but that the defendant deliberately and consciously avoided confirming this fact, such as by purposely closing her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that she was not engaged in such unlawful behavior. In other words, a defendant cannot avoid criminal responsibility for her own conduct by "deliberately closing her eyes," or remaining purposefully ignorant of facts which would confirm to her that she was engaged in unlawful conduct.~~

~~With respect to the conspiracy counts, you must also keep in mind that there is an important difference between knowingly and intentionally participating in a conspiracy—which I just explained to you—and knowing the specific objective of the conspiracy on the other. You~~

**Commented [CE86]:** The defense objects to this instruction in its entirety  It is confusing; it lessens the government's constitutional burden of proving knowledge or intent as the case may be; and it unfairly highlights the government's theory of the case

**Commented [RA(87R86]:** GOVERNMENT RESPONSE: If the defense's arguments and the Government's proof at trial establish the predicates for  conscious avoidance, it is well settled that the Government may proceed on this theory as an alternative way to show the defendant's knowledge, and therefore the Government requests the appropriate charge  *See, e.g., United States v. Khalupsky,* 5 F 4th 279, 296 (2d Cir  2021)  The Government proposes this language so it is available to the Court in the event such an instruction becomes applicable

may consider conscious avoidance in deciding whether the defendant knew the objective of a conspiracy, that is, whether she reasonably believed that there was a high probability that a goal of the conspiracy was to commit the crime charged as objects of the conspiracy and took deliberate and conscious action to avoid confirming that fact but participated in the conspiracy anyway. But conscious avoidance cannot be used as a substitute for finding that the defendant knowingly and intentionally joined the conspiracy in the first place. It is logically impossible for a defendant to intend and agree to join a conspiracy if she does not actually know it exists. However, if you find beyond a reasonable doubt that the defendant knowingly chose to participate in such a joint undertaking, you may consider whether the defendant took deliberate and conscious action to avoid confirming otherwise obvious facts about the purpose of that undertaking.

In sum, if you find that a defendant believed there was a high probability that a fact was so and that the defendant took deliberate and conscious action to avoid learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact. However, if you find that the defendant actually believed the fact was not so, then you may not find that she acted knowingly with respect to that fact.

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (AJN); the charge of the  Hon. P. Kevin Castel in *United States v. William Walters*, 16 Cr. 338 (PKC); and Sand et al., *Modern Federal Jury Instructions*, Instr. 3A-2.  *See United States v. Lange*, 834 F.3d 58, 76 (2d Cir. 2016) ("Conscious avoidance may not be used to support a finding as to . . . intent to participate in a conspiracy, but it may be used to support a finding with respect to . . . knowledge of the conspiracy's unlawful goals." (internal quotation marks omitted)).

**Venue**

*[If requested by defense]*

With respect to each of the counts in the indictment, you must also consider the issue of venue, namely, whether any act in furtherance of the unlawful activity charged in that count occurred within the Southern District of New York. The Southern District of New York encompasses the following counties: New York County (<u>i.e.</u>, Manhattan), Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties. Anything that occurs in any of those places occurs in the Southern District of New York.

Venue must be examined separately for each count in the Indictment. Venue on one count does not establish venue on another count, though if applicable, you may rely on the same evidence to establish venue on multiple counts.

~~As to the conspiracy charges, the Government need not prove that any crime was completed in this District or that the defendant~~<u>Ms. Maxwell</u> ~~or any of her co-conspirators were physically present here. Rather, venue is proper in this District if the defenda~~<u>Ms. Maxwell</u>~~nt or any of her co-conspirators caused any act or event to occur in this District in furtherance of the offense, and it was reasonably foreseeable to the defendant~~<u>Ms. Maxwell</u> ~~that the act would take place in the Southern District of New York.~~

~~As to the substantive counts—that is, the non-conspiracy counts—the Government again need not prove that any crime was completed in this District or that the defendant~~<u>Ms. Maxwell</u> ~~was physically present here. Rather, venue is proper in this District provided that any act in furtherance of the essential conduct of the crime took place in the Southern District of New York. Again, ~~<u>Ms. Maxwell</u>~~the defendant need not have specifically intended to cause an act or event to happen in this District, or even known that he was causing an act or event to happen here, as long as it was reasonably foreseeable to ~~<u>Ms. Maxwell</u>~~the defendant that such act would~~

> **Commented [CE88]:** This language is unnecessary and unfairly highlights the government's theory of the case. It is also not consistent with the Court's prior instructions on this issue. *See United States v. Pizarro*, 17 Cr. 151 (AJN)

occur in this District and it in fact occurred.

> **Commented [RA(89R88]:** GOVERNMENT RESPONSE: The Court has used this language in *United States v. Lebedev*, 15 Cr. 769 (AJN)  It will help the jury understand what "any act in furtherance of the unlawful activity" means in the context of the conspiracy and substantive counts

On the issue of venue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means more likely than not. Thus, the Government, which does bear the burden of proving venue, has satisfied that burden as to venue if you conclude that it is more likely than not that some act or communication in furtherance of each charged offense occurred in the Southern District of New York and it was reasonably foreseeable to Ms. Maxwelleach Defendant that the act would so occur. If, on the other hand, you find that the Government has failed to prove the venue requirement as to a particular offense, then you must acquit Ms. Maxwellthe Defendant of that offense, even if all the other elements of the offense are proven.

> **Commented [CE90]:** Same objection as above

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 3-11; the charge of the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (AJN); the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC); and the charge of the Hon. P. Kevin Castel in *United States v. William Walters*, 16 Cr. 338 (PKC). *See also United States v. Khalupsky*, 5 F.4th 279 (2d Cir. 2021) ("The government bears the burden of proving appropriate venue on each count, as to each defendant, by a preponderance of the evidence.").

**Time of Offense**

You will note that the indictment charges that the crimes were committed on or about certain dates. The government must prove beyond a reasonable doubt that Ms. Maxwell committed the crimes reasonably near those dates.

The Indictment alleges that certain conduct occurred on or about various dates or during various time periods. It is not necessary, however, for the Government to prove that any conduct alleged occurred exactly on such dates or throughout any such time periods. As long as the conduct occurred around any dates or within any time periods the Indictment alleges it occurred, that is sufficient.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (AJN); the charge of the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW); and the charge of the Hon. P. Kevin Castel in *United States v. William Walters*, 16 Cr. 338 (PKC).

**Commented [CE91]:** This language is simpler and more to the point  Adapted from the Tenth Circuit's pattern criminal jury instructions, 1:18

**Commented [RA(92R91]:** GOVERNMENT RESPONSE:

This language from out of circuit refers to the dates the "crimes" were committed, while the Government's proposal makes clear that the Government is not strictly bound to the date of any act in the Indictment  *See, e.g., United States v. Pizarro*, 17 Cr. 151 (AJN) ("It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date ")  It also removes the law of the Circuit – that the dates must be "substantially similar"— and replaces it with a "reasonably near" standard  *See, e.g., United States v. Ortiz*, 666 F  Supp  2d 399, 404 (S D N Y 2009) (Chin, J ) ("In the Second Circuit, in general, an indictment date only needs to be substantially similar to the date established at trial " (internal quotation marks omitted))  A jury might understand those differently, and so the instruction is improper

**Law Enforcement and Government Employee Witnesses**

You have heard testimony from law enforcement officials and employees of the Government. The fact that a witness may be employed by the Federal Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 7-16; and the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

75

**Formal / Informal Immunity of Government Witnesses**

*[If applicable]*

You have heard the testimony of an accomplice witness, [witnesses ███████████], who was a co-conspirator of Jeffrey Epstein, but who was not charged as a defendant in this case. ███████ have testified under a grant of immunity from this Court. What this means is that the testimony of the witness may not be used against him or her in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

Because of the interest an accomplice may have in testifying, ██████████ testimony should be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe Such testimony should be scrutinized by you with great care and you should act upon it with caution. You should consider whether ████████ has a motive to testify falsely.   You should examine her testimony it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant Ms. Maxwell in order to further the witnesses'her own interests. If you believe the testimony to be true and determine to accept it, you may give it such weight, if any, as you believe it deserves.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 7-8; and the charge of the Hon. Loran G. Schofield in *United States v. Calk*, 19 Cr. 366 (LGS).

**Commented [CE93]:** The defense submits that these edits are appropriate given ████████ status as an unindicted co-conspirator  *See* Sand, Instr. 7-5; 7-7, 7-8

**Commented [RA(94R93]:** GOVERNMENT RESPONSE:

(1)The defense's proposed changes include language typically used when the witness is testifying pursuant to an agreement with the Government   Employee-1 has no such agreement and is merely testifying under a grant of immunity

(2)The defense will likely argue that Employee-1 is not a co-conspirator of the defendant's   The defense should not be permitted to argue that Employee-1 was not a co-conspirator and that her testimony should be taken with particular caution because she was a co-conspirator

**Expert Testimony**

*[If applicable]*

You have heard testimony from a witness/certain witnesses who was/were proffered as (an) expert(s) in different areas. An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

You should not, however, accept a witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 7-21; and the charge of the Hon. Alison J. Nathan in *United States v. Pizarro*, 17 Cr. 151 (AJN).

**Limiting Instruction – Similar Act Evidence**

*[If Applicable]*

The Government has offered evidence which it argues shows ~~tending to show~~ that on different occasions, ~~the defendant~~Ms. Maxwell engaged in conduct similar to the charges in the Indictment. It is for you to decide whether Ms. Maxwell engaged in the other conduct.

> **Commented [CE95]:** The defense renews its objection to admission of any 404(b) or other act evidence against Ms Maxwell

> **Commented [RA(96]:** The Government objects to this text as repetitive

Let me remind you that ~~the defendant~~Ms. Maxwell is on trial only for committing acts alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that ~~the defendant~~Ms. Maxwell committed the crimes charged. Nor may you consider this evidence as proof that ~~a defendant~~Ms. Maxwell has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that ~~the defendant~~Ms. Maxwell committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the Indictment, that ~~defendant~~ Ms. Maxwell acted knowingly and intentionally and not because of some mistake, accident, or other innocent reasons. You may also consider this evidence in determining whether ~~the defendant~~Ms. Maxwell utilized a common scheme or plan in committing both the crimes charged in the Indictment and the similar acts introduced by the Government.

Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not consider it as evidence that ~~the defendant~~Ms. Maxwell is of bad character or has the propensity to commit crimes.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-25; and the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN).

**Defendant's Testimony**

*[Requested only if the defendant testifies]*

[The Government respectfully requests that the Court include the following instruction in its general instruction on witness credibility, rather than as a separate instruction:]

~~The defendant~~Ms. Maxwell testified at trial and was subject to cross-examination. You should examine and evaluate this testimony just as you would the testimony of any witness.

> *See United States v. Gaines*, 457 F.3d 238, 249 & n.8 (2d Cir. 2006).

79

**Defendant's Right Not to Testify**

*[If requested by defense]*

~~The defendant~~Ms. Maxwell did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that she is innocent.

You may not attach any significance to the fact that ~~the defendant~~Ms. Maxwell did not testify.

No adverse inference against ~~the defendant~~Ms. Maxwell may be drawn by you because ~~the defendant~~she did not take the witness stand. You may not consider this against ~~the defendant~~Ms. Maxwell in any way in your deliberations in the jury room.

Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-21; and the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

**Uncalled Witnesses – Equally Available to Both Sides**

There are people whose names you heard during the course of the trial but did not appear to testify. [If applicable: One or more of the attorneys has referred to their absence from the trial.] I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. ~~Their absence should not affect your judgment in any way.~~

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr. 6-7; and the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN) and in *United States v. Le*, 15 Cr. 38 (AJN).

**Commented [CE97]:** The defense submits that this sentence is not accurate and should be removed. If the government could have but did not call a particular witness or admit certain evidence, it is entirely proper for Ms Maxwell to argue the government has accordingly not met its burden of proof

**Commented [RA(98R97]:** GOVERNMENT RESPONSE: This sentence is the norm in the standard uncalled witness instruction. *See United States v. Berry*, 20 Cr. 84 (AJN); *United States v. Jones*, 16 Cr. 533 (AJN); *United States v. Lebedev*, 15 Cr. 769 (AJN); *United States v. Pizarro*, 17 Cr. 151 (AJN); *United States v. Le*, 15 Cr. 38 (AJN); Sand Instr 6-7

The defense is free to argue that the Government has not met its burden of proof. This sentence, however, is simply making the point of the prior paragraph: the jury should not draw an inference or conclusion against either side by the fact that a witness did not testify

**Particular Investigative Techniques Not Required**

*[If applicable]*

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were used or not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. ~~While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.~~

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN); the charge of the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW); the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC); and the charge of the Hon. P. Kevin Castel in *United States v. William Walters*, 16 Cr. 338 (PKC).

**Commented [CE99]:** The defense maintains its position that it is entitled to challenge the thoroughness and good faith of the government's investigation. *See Kyles v. Whitley*, 514 U.S. 419, 445 (1995). The government is free to argue in response that its investigation was thorough and proper. This instruction is argumentative and highlights the government's arguments at the expense of Ms. Maxwell's.

**Commented [RA(100R99]:** GOVERNMENT RESPONSE: As the Court has concluded, the principle captured by this instruction is settled law in this circuit.

**Commented [CE101]:** At the very least, this language should be omitted. It is repetitive and favors the government. Furthermore, the Court has omitted this language from its recent instructions on this issue. *See United States v. Pizarro*, 17 Cr. 151 (AJN)

**Commented [RA(102R101]:** GOVERNMENT RESPONSE: The Court has already ruled that the Government's motivations and use of investigative techniques are not relevant or admissible. The Second Circuit has affirmed nearly this instruction. *United States v. Preldajah*, 456 F. App'x 56, 60 (2d Cir. 2012) (summary order) and held that an instruction that "the government is not on trial" is "appropriate." *United States v. Knox*, 687 F. App'x 51, 54-55 (2d Cir. 2017) (summary order). This Court has also previously given this instruction. *See United States v. Le*, 15 Cr. 38 (AJN)

Because the defense has repeatedly signaled their intent to place the Government's motivations and conduct at issue, the Government submits that a clear instruction like this is necessary.

82

**Use of Evidence from Searches**

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers. Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Such searches were appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful. You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt. As with all evidence, it is for you to determine what weight, if any, to give such evidence.

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (AJN).

**Use of Electronic Communications**

Some of the evidence in this case has consisted of electronic communications seized from computers or electronic accounts. There is nothing illegal about the Government's use of such electronic communications in this case and you may consider them along with all the other evidence in the case. Whether you approve or disapprove of the seizure of these communications may not enter your deliberations.

You may, therefore, regardless of any personal opinions, consider this evidence along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt. However, as with the other evidence, it is for you to determine what weight, if any, to give such evidence.

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (AJN).

~~Persons Not on Trial~~

~~You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial from the fact that any person in addition to the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.~~

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN); the charge of the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW); the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC); and the charge of the Hon. P. Kevin Castel in *United States v. William Walters*, 16 Cr. 338 (PKC).

**Commented [CE103]:** For all the reasons given in Ms Maxwell's response to the government's motion in limine, this instruction is improper  Without making a selective or vindictive prosecution argument, Ms  Maxwell is entitled to challenge the thoroughness and competence of the government's investigation; this argument would unfairly blunt the force of that right, which Ms  Maxwell has a constitutional right to present

**Commented [RA(104R103]:** GOVERNMENT RESPONSE: As noted, this is also a standard instruction  *See also United States v. Berry*, 20 Cr  84 (AJN)  And as the Court has found, the Government's motivations are not at issue  The presence or absence of other individuals from this trial has no relationship to the defendant's guilt or innocence of the charged crimes

85

**Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the Government lawyers, the defense lawyers, or their own lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adopted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN); the charge of the Hon. Kimba M. Wood in *United States v. Almonte*, 16 Cr. 670 (KMW); and the charge of the Hon. P. Kevin Castel in *United States v. William Walters*, 16 Cr. 338 (PKC).

86

**Redaction Of Evidentiary Items**

*[If Applicable]*

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document has been taken out. Material may be redacted for any number of reasons, including that it is not relevant to the issues you must decide in this case, among other reasons. You are to concern yourself only with the part of the item that has been admitted into evidence, and you should not consider any possible reason for the redactions.

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN); and the charge of the Hon. Richard J. Sullivan, Jury Charge, *United States v. Adony Nina, et al.*, 13 Cr. 322 (S.D.N.Y. 2013).

**Charts and Summaries – Admitted as Evidence**

*[If Applicable]*

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence, which includes assessing the accuracy of the information contained in those charts or summaries.

> Adapted from Sand, et al., *Modern Federal Jury Instructions*, Instr.
> 5-12; and the charge of the Hon. Alison J. Nathan in *United States v.
> Jones*, 16 Cr. 553 (AJN).  *See also* Fed. R. Evid. 1006.

88

**Stipulations**

*[If Applicable]*

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect or weight to give that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true. In such cases, you must accept those facts as true.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Jones*, 16 Cr. 553 (AJN) and in *United States v. Pizarro*, 17 Cr. 151 (AJN); the charge of the Hon. P. Kevin Castel in *United States v. William Walters*, 16 Cr. 338 (PKC); and from Sand, et al., *Modern Federal Jury Instructions*, Instrs. 5-6 & 5-7.

**Punishment Not to be Considered by the Jury**

Under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon ~~a defendant~~Ms. Maxwell, if convicted, to influence you in any way or in any sense to enter into your deliberations.  If you unanimously conclude that the government has proved Ms. Maxwell's guilt as to any charge beyond a reasonable doubt, ~~T~~the duty of imposing sentence is mine and mine alone.  Your function is to weigh the evidence in the case and to determine whether ~~the defendant~~Ms. Maxwell is or is not guilty based upon the evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

> Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Pizarro*, 17 Cr. 151 (AJN); from the charge of the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 081 (DLC); and charge of the Hon. P. Kevin Castel in *United States v. William Walters*, 16 Cr. 338 (PKC).

**Commented [RA(105)]:** GOVERNMENT RESPONSE: This clause is unnecessary and redundant in light of the other jury instructions

90

**Right to Hear Testimony; Election of Foreperson; Communications with the Court; Juror Note-Taking**

You are about to go into the jury room and begin your deliberations. The documentary evidence will be sent back with you. If you want any of the testimony read to you, that can be arranged. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony that you might want.

Your first task as a jury will be to choose your foreperson. The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with the Court through written note when questions arise and to indicate when you have reached your verdict.

Your requests for testimony—in fact, any communications with the Court— should be made to me in writing, signed by your foreperson, and given to one of the Marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any communication, please do not tell me or anyone else how the jury stands on the issue of the jury's verdict until after a unanimous verdict is reached.

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations. Any notes you have taken are to assist you and you alone. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case. If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

Adapted from the charge of the Hon. Alison J. Nathan in *United States v. Lebedev*, 15 Cr. 769 (AJN), in *United States v. Jones*, 16 Cr. 553 (AJN), and in *United States v. Pizarro*, 17 Cr. 151 (AJN).

**CONCLUDING REMARKS**

Members of the jury, that about concludes my instructions to you.  The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact. It is for you, and you alone, to weigh the evidence in this case and determine whether the Government has proved beyond a reasonable doubt each of the essential elements of the crime with which ~~each Defendant~~Ms. Maxwell is charged. If the Government has succeeded, your verdict should be guilty as to ~~that Defendant~~Ms. Maxwell and that charge; if it has failed, your verdict should be not guilty as to ~~that Defendant~~Ms. Maxwell and that charge.

You must base your verdict solely on the evidence or lack of evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely be the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations. If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered. Your final vote

must reflect your conscientious belief as to how the issues should be decided.

Thus, the verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

If at any time you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

A verdict form has been prepared for your convenience.  After you have reached your decision, your foreperson will fill in the form. At that point the foreperson should advise the marshal outside your door that you are ready to return to the courtroom.

Finally, I say this not because I think it is necessary, but because it is the custom in this courthouse to say this: You should treat each other with courtesy and respect during your deliberations.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, and if you apply your own common sense, you will deliberate fairly.