U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 4, 2021

> For the reasons stated in the Government's letter, the motion for reconsideration, Dkt. No. 407, is DENIED. SO ORDERED.
>
> *[signature]*
> 11/5/21

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter in response to the Court's Order dated November 3, 2021 (the "Order," Dkt. No. 413), directing the Government to respond to the defendant's November 3, 2021 motion for reconsideration regarding the disclosure of juror names (Dkt. No. 407). The Government respectfully submits that the defendant's motion for reconsideration should be denied.

The standard for granting reconsideration "'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Boyd v. United States*, No. 12 Civ. 474 (JSR), 2015 WL 1345809, at *2 (S.D.N.Y. Mar. 20, 2015) (*quoting Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* S.D.N.Y. Local Criminal Rule 49.1(d). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Sanchez*, No. 08 Cr. 789 (RJS), 2020 WL 4742915, at *1 (S.D.N.Y. July 6, 2020) (citation and internal quotation marks omitted).

The defendant cannot meet this strict standard. On October 27, 2021, after receiving the parties' proposed joint questionnaire discussing the parties' respective positions on the issue of juror names (Dkt. No. 367) and letters from the parties (Dkt. Nos. 372, 373, and 375), the Court ordered that it will provide counsel with the "corresponding list of juror names and assigned juror numbers on November 16 at the commencement of voir dire." (Dkt. No. 376). The Court has since ordered that peremptory strikes will not be exercised until November 29. (Dkt. 413). The defendant asks this Court to release the names of prospective jurors as soon as the written questionnaires are distributed. (Dkt. No. 407). In essence, the defendant is asking for extra time—on top of the nearly two weeks it will have with prospective juror names—to conduct additional research on the prospective jurors, but the defendant offers no good reason for the Court to reconsider its position and grant this extended period of time.

As the Government submitted in its October 26, 2021 letter (Dkt. No. 372), the purpose of the jury questionnaire process is to streamline challenges for cause. Prospective jurors' names are not necessary for that process.[1] "[T]he purpose of the *voir dire* is to ascertain disqualifications, not to afford individual analysis in depth to permit a party to choose a jury that fits into some mold that he believes appropriate for his case." *United States v. Barnes*, 604 F.2d 121, 138 (2d Cir. 1979) (citations omitted).

The defendant cites two cases in support of her motion for reconsideration, but those cases are inapposite. In *Sines v. Kessler*, 17 Civ. 72 (KNM) (W.D. Va.), the Court ordered the provision

---

[1] The defendant writes that it is "unaware of any other recent high-profile case in which a written juror questionnaire was used and the Court withheld the names of the jurors from counsel following the completion of the questionnaires." (Dkt. No. 407 at 2 n.1). The Government cited such cases in its October 26, 2021 letter. *See* Dkt. No. 372 at 1-2 (citing *United States v. Skelos*, 15 Cr. 317 (KMW); *United States v. Kaloyeros, et al.*, 16 Cr. 776 (VEC); *United States v. Percoco*, et al., 16 Cr. 776 (VEC)).

of the names and occupations of prospective jurors no more than five days before trial. (Dkt. No. 407, Def. Ex. A). In *United States v. Daugerdas*, 450 prospective jurors completed a basic hardship questionnaire; the court excused a number of prospective jurors who had claimed hardships on their questionnaires; the court conducted three-day voir dire; the parties exercised peremptory challenges; and trial commenced. 867 F. Supp. 2d 445, 449-51 (S.D.N.Y. 2012). Through the jury selection process, one juror "lied extensively during voir dire and concealed important information about her background." *Id.* at 451. That one juror "lied extensively" during voir dire in *Daugerdas* does not provide a basis for the relief sought here. Neither *Kessler* nor *Daugerdas* stands for the proposition that a defendant has a constitutional right to conduct outside research on jurors, much less that a certain amount of time is required to do so.

The Court has indicated that it would ensure a fair jury is selected, and the Court has carefully crafted a juror questionnaire and voir dire process with input from the parties on the questions asked of prospective jurors. This process will ensure that a fair jury is empaneled. The defendant's motion for reconsideration should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    s/
     Alison Moe
     Lara Pomerantz
     Andrew Rohrbach
     Assistant United States Attorneys
     Southern District of New York

Cc: Defense Counsel (By ECF)