```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/9/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ghislaine Maxwell,

                Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Attached is the Court's revised draft preliminary remarks to be recorded and played before each voir dire session. The Court is in receipt of the Government's letter approving of the remarks, Dkt. No. 420, and the Defendant's proposed additions, Dkt. No. 419. The revised remarks adopt all but one of the Defendant's proposals because the Court's subsequent revisions eliminated that portion of the script. In particular, the Court has made three additional changes in order to accurately explain the logistics of voir dire. Each of these changes is reflected in redline.

    The parties are ORDERED to indicate by letter on or before November 11, 2021 at 12:00 p.m. whether or not they have any objections or suggestions the Court's revised preliminary remarks to be played before each voir dire session.

    Attached is also the Court's revised draft voir dire in redline. The Court's revisions simplify the phrasing of questions 1, 2, 3, 10, 13, 25, and 37 in an effort to maximize the time dedicated to questioning each prospective juror. The revision to question 11 reflects the Court's oral ruling on November 1, 2021 regarding the use of pseudonyms for certain witnesses. The revisions to questions 9, 13, 14, 15, 20, 21, and 33 are non-substantive changes to question

1

numbers in order to accurately reference the corresponding question numbers on the jury questionnaire or are grammatical changes.

Attached is also the Court's draft instruction sheet for those jurors who are not struck for cause and will return for the exercise of peremptory strikes, as discussed at the November 1 conference.

The parties are FURTHER ORDERED to indicate by letter on or before November 12, 2021 whether or not they have any objections or suggestions to the revised voir dire and draft instruction sheet.

Finally, the parties are ORDERED to jointly submit the list of individuals and locations who may be mentioned at trial for questions 11 and 12 of the voir dire on or before November 14, 2021.

SO ORDERED.

Dated: November 9, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge

Draft Pre-Voir Dire Remarks – November 8, 2021

1  *United States v. Maxwell*, 20cr330
2  Preliminary Remarks Prior to Voir Dire
3  To be recorded and played on 11/16-11/19

## Introduction

Welcome back to the Southern District. Thank you again for your time and service. As I mentioned in my remarks to you when you filled out the questionnaire, I'm Judge Nathan and I am the judge who will preside over this case. The questionnaire you previously filled out was the first step in the jury selection process. Today will be the second step. Some of you will be excused today and will not have to return for this case, although you may be directed to go through a similar process in another case. Others may be directed to return ~~tomorrow~~ an additional day this week if necessary. And ultimately, some of you will return for the third and final step in the process. That will take place on November 29.

In any event, after you complete this step of the process today, you will receive instructions on next steps that are particular to you.

As you know from my prior remarks to you and from the questionnaire, we're here today to select a jury to serve in a criminal case, called the United States against Ghislaine Maxwell. As you read in the questionnaire, the Indictment alleges that Ghislaine Maxwell conspired with and aided and abetted Jeffrey Epstein to entice minor females to travel to engage in criminal sex activity, to transport minors to engage in criminal sexual activity, and to engage in sex trafficking of a minor. Ms. Maxwell has pled not guilty to all charges. Ms. Maxwell is presumed innocent, and before she can be found guilty on any charge, the jury must find that the Government has proven each element of that crime beyond a reasonable doubt.

Thank you for participating in this process. The process of selecting a jury in a criminal case is a critical part of our justice system. The purpose of this process is to select those jurors who

1  can be fair and impartial to both sides in this case. Some people find that they can be fair and
2  impartial in one kind of case, but for various reasons, related to their own life experiences or views,
3  can't be fair in another kind of case. The process that we use is designed to help us figure out
4  whether you can be fair and impartial to both sides in this case.
5  　　　If during the course of this process you come to believe that because of something that
6  you have experienced or because of something you've heard or read that you cannot be fair and
7  impartial—that is that you would favor either the Government or the Defendant regardless of
8  what the evidence shows—then you must tell me. It's not unusual, and there's no reason to be
9  embarrassed about it.
10 　　　But the system only works if all of our citizens are willing and prepared to serve as jurors
11 when they can do so fairly and impartially. I do not expect that anybody would seek to avoid this
12 important duty for any but the most compelling reasons.
13 　　　As I mentioned in my prior remarks, the Court has taken a number of steps to help ensure
14 the process for selected jurors is as safe and easy as possible.  We have masking and distancing
15 protocols.  We have reconfigured courtrooms to enhance safety measures.  The Court will
16 provide transportation for selected jurors to and from the courthouse each day.  Breakfast,
17 snacks, and lunch will be provided for you.
18 　　　And please note that you are not required to be vaccinated to serve on the jury or required
19 to disclose your vaccination status.   However, if you are selected to return for the final phase of
20 jury selection, a courthouse staff member will ask you before you leave today to fill out a form
21 regarding your COVID-19 vaccination status.  If you are comfortable disclosing, the information
22 will solely be used by courthouse staff to ensure compliance with the District's COVID-19
23 distancing protocols. The information will not be provided to the attorneys or anyone involved in

1   the case, and the information will not affect whether or not you are selected to serve as a juror in

2   this case.  Finally, the form will be destroyed at the conclusion of trial.

3   To conduct the next phase of the process, I will ask each of you some questions

4   individually.  We'll do that in a separate courtroom where I and the lawyers and the Defendant

5   are sitting now.  You all will be brought in the courtroom one at a time.  Bear in mind that this is

6   a public courtroom.  To protect your privacy, I will only refer to you by your juror number.

7   Please do not state any identifying information.  For example, if we talk about your job you

8   could say that you are a sales clerk at a large retail store, without stating the specific name of

9   your employer.  This is to protect your privacy.  Even with those privacy protections in place, if

10  there is something that would be too difficult or embarrassing for you to say on the public record,

11  please let me know.  And please keep in mind that if you are selected as a juror, we will continue

12  to refer to you only by your juror number throughout the process.

13  Now, if you are selected as a juror, your job is going to be to listen to the evidence and to

14  my instructions on the law and to make a determination that's based only on the law. So I want to

15  speak to you generally about some things to keep in mind.

16  The first thing is, as Ms. Maxwell sits here now, she's presumed to be innocent.  She is

17  presumed innocent until and only if the jury finds that she is guilty beyond a reasonable doubt.

18  As I just explained to you, she's been indicted for a number of crimes, but an indictment is just

19  an accusation. It is not evidence and it doesn't mean that Ms. Maxwell is guilty of anything. You

20  can't assume that she is guilty or more likely to be guilty just because she's been charged in an

21  indictment and alleged to have committed the crimes charged. ~~with committing these crimes.~~

22  That's the reason we have trials, to determine whether the Government can prove a defendant's

23  guilt beyond a reasonable doubt. A defendant in a criminal case does not have to prove that she

3

1    is not guilty. That means a defendant does not have to testify, or to put on any evidence and a

2    juror can't hold that against a defendant if she makes that choice.

3    The next thing is that as jurors you must follow the law as I give it to you, even if you

4    don't agree with it or if you think the law should be different.

5    You also have to base your verdict on the evidence, not on something that you've read in

6    the newspapers or the internet or seen on television or heard about on social media or in

7    discussions with friends, family, or colleagues.  And you can't base your decision in this case on

8    something that you might have read or heard about another case.

9    As I said before, there is significant media interest in this case. As jurors you are not

10   permitted to read any news about this case.  You cannot read or watch or listen to any accounts

11   of this case at all. If you see something in the paper or online, you're just going to have to turn

12   the page or close the browser. You can't read it.

13   Equally important, you're not permitted to discuss this case with anyone else while the

14   case is going on. Even with your fellow jurors, you can't discuss the case until you've heard all

15   the evidence and I've given my instructions on the law.  Again, that's because you can only

16   consider the evidence that you hear in the courtroom, not anything outside of the courtroom. You

17   have to keep an open mind.  Nor may you discuss the case with friends or family until after your

18   jury service is complete.  You can tell them that you are a juror in a criminal case in federal court

19   and that the judge has told you that you are not permitted to say anything further.

20   Similarly, until you are excused from jury service, you cannot post anything about your

21   experience as a juror on Facebook, Twitter, Instagram, TikTok or any kind of social media.

22   Another instruction, you can't look up or google or do any other kind of research or search in any

23   manner about anything related to the case or anyone involved in the case.

4

1   The reason for these rules, as I am sure you understand, is they protect the integrity of the
2   trial and assure that both sides receive a fair trial.
3   Jurors in criminal cases base their verdicts on the evidence that they hear in the
4   courtroom, not on something that somebody else tells you, not on something that you see on TV
5   or on social media. That's why if you're selected as a juror, I'll be reminding you of these rules
6   regularly. You can't watch news accounts, look anything up or speak to anybody else about the
7   case. You would be violating the oath you have taken as jurors and you would be violating my
8   orders if you were to do that.
9   Finally, you must report to me through my court deputy any effort by any person to speak
10  with you about the case or to influence you about the case or to get information about the case.
11  The attorneys and their assistants have been instructed by me not to speak to you or otherwise
12  engage with you. They are not being rude or indifferent. They are merely following my
13  instructions.
14  I do want to thank all of you for the time you've invested already in this process. Our
15  system cannot function unless we have good people like you who are willing to give up their
16  time and to serve as jurors.
17  Please sit quietly until your number is called and you are brought into the courtroom for
18  questioning by me. Please follow all the instructions of the courtroom staff. ~~Although you may~~
19  ~~use your electronic devices while you are waiting (bearing in mind of course all of my~~
20  ~~instructions that forbid you to do any research or engage in any communications about the case~~
21  ~~through any means), you must turn off and hand over any electronic devices to the Jury~~
22  ~~Department staff before you are brought into the courtroom.~~ I look forward to meeting each of
23  you in person soon.  Thank you.

5

**DRAFT – November 8, 2021**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :

UNITED STATES OF AMERICA

                                             :

    - v. -

                                             :      S2 20 Cr. 330 (AJN)

GHISLAINE MAXWELL,

                                             :

             Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## [DRAFT] EXAMINATION OF PROSPECTIVE JURORS

~~**Introduction**~~

~~[PLACEHOLDER FOR INTRODUCTORY REMARKS]~~

## INDIVIDUAL QUESTIONS

## Ability to Follow Instructions

1. As I instructed you earlier, ~~one of the important principles of criminal law is that a defendant in a criminal case is presumed to be innocent. Like anyone accused of a crime in this country,~~ Ms. Maxwell is~~, and must be,~~ presumed innocent of ~~any and~~ all charges ~~made against her~~ unless and until the Government proves her guilt beyond a reasonable doubt. ~~It is the Government's burden to prove guilt beyond a reasonable doubt and the Government's burden of proof alone. The defendant has no burden to prove her innocence or to present any evidence.~~ Are you able to follow these instructions?

2. ~~As I instructed you earlier~~I also instructed you ~~earlier~~ that ~~,~~ until you are excused from this case, you may not consume any media of any kind ~~reports of this case of any type~~about~~of this~~the case ~~of any kind time~~ (~~,~~ including social media), research ~~the case~~ it in any manner, or discuss ~~the case~~it with anyone.~~read, listen to, or watch any accounts of this case reported on television, the radio, or over the Internet or social media. Jurors are also not allowed to do any research regarding this case, whether over the Internet, on social media, or in any other manner. The case must be decided solely on the basis of the evidence presented in the courtroom.~~ Would you have any difficulty following these rules~~, which are binding on every juror~~?

3. ~~When~~ Since the time you filled out your questionnaire, ~~you were instructed that you would have to follow these rules.  Have you done so anyway?  h~~Have you failed to follow these rules in any way? Such as consuming any social media, googling the case, or discussing it ~~you seen any reports, including on social media, googled the case, or discussed the case with any person you were told not to research, read, or watch anything~~

2

~~about the case or learn anything about the case. Have you, even though you were instructed not to do that, done that anyway? Have you looked things up on the internet, even if you just Googled it~~? If you have, now is the time to tell me.

### General Ability to Serve

4. On your questionnaire, you stated that you do not have any unmovable commitments between November 29 and approximately January 15. Does that continue to be accurate?

### Prior Knowledge of Ms. Maxwell

5. [If Juror HAS HEARD of Ms. Maxwell] In your questionnaire, you reported that you had heard of Ms. Maxwell before starting this process. Have you formed an opinion or heard, read, or seen anything about Ms. Maxwell that might make it difficult for you to be a fair and impartial juror in this case?

6. [If Juror HAS NOT heard of Ms. Maxwell] In your questionnaire, you reported that you had not heard of Ms. Maxwell before starting this process. Is that accurate?

### Prior Knowledge of Jeffrey Epstein

7. [If Juror HAS HEARD of Epstein] In your questionnaire, you reported that you had heard of Jeffrey Epstein before starting this process. Have you formed an opinion or heard, read, or seen anything about Mr. Epstein that might make it difficult for you to be a fair and impartial juror in this case?

8. [If Juror HAS NOT heard of Epstein] In your questionnaire, you reported that you had not heard of Jeffrey Epstein before starting this process. Is that accurate?

### Nature of Charges

9. You reported in your questionnaire that [insert question number of any YES answers for question 4~~7~~8, 4~~8~~9, or ~~49~~50]. Would that experience affect your ability to serve as a fair and impartial juror in this case?

### Knowledge of the Trial Participants

10. In ~~the~~ your questionnaire, ~~I listed the names of all the trial participants and~~ you indicated that you did not know any of ~~those~~ the trial participants ~~individuals~~ by name. I'll ask you to ~~also~~ look around now and let me know if you recognize anyone in the courtroom.

11. ~~I will now read a~~Please read this list of individuals who may be mentioned during the trial, or who may be witnesses in this case:

    [*Names to be supplied*]

    Do you know any of those people? ~~Have you had any dealings, directly or indirectly, with any of these individuals? To your knowledge, have any of your relatives, friends, or associates had any dealings with any of these individuals?~~

### Knowledge of Location

12. Events in this case are alleged to have taken place at the following locations:

    [*List to be supplied*]

    Are you particularly familiar with any of those locations?

### Prior Jury Service

13. [For jurors who answered YES to question 1~~7~~8] On your questionnaire you said that you have served as a juror. In what court did you serve and was it a civil or criminal case?

4

~~What type of case was it?~~ Without telling us what the verdict was, did the jury reach a verdict?

14. [For jurors who answered YES to question 1<u>9</u>~~8~~] On your questionnaire you said that you have served as a grand juror. When and where?

15. [For jurors who answered YES to either question] Is there anything about your prior experience~~s~~ as a juror that would prevent you from acting as a fair and impartial juror in this case?

## **Relationship with, and View of, Government, Defense, and Others**

16. Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice or other feelings for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, the FBI, or the NYPD?

17. Do you have any opinions about prosecutors or criminal defense attorneys generally that might make it difficult for you to be a fair and impartial juror in this case?

18. Do you have any opinion about the criminal justice system generally or the federal criminal justice system in particular that might make it difficult for you to be a fair and impartial juror in this case?

19. Do you have any opinion about people who are wealthy or have luxurious lifestyles that might make it difficult for you to be a fair and impartial juror in this case?

**Experience as a Witness, Defendant, or Crime Victim**

20. [For jurors who answered YES to question 20~~19~~] On your questionnaire you said that [you or a friend/family member] has/have participated in a state or federal court case. What kind of case? And, what was your/their role in that case? Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

21. [For jurors who answered YES to question 25~~24~~] On your questionnaire you said that [you or a friend/family member] has/have been a victim of a crime. Please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action. Is there anything about that experience that could affect your ability to be fair and impartial in this case?

**Juror's Background**

22. How old are you?

23. Please state your current county of residence and list each county of residence during the past ten years.

24. How far did you go in school? And what did you study?

25. If you work, what kind of work do you do? Describe the type of your employer (for example, a private company, government entity, non-profit ~~organization~~, etc). (If retired or unemployed, describe your last employment.)

26. How long have you been employed in your current position? What work did you previously do?

27. Who are the members of your household?

28. If the members of your household work, what kind of work do they do?

29. What newspapers or magazines do you typically read and how often?

30. Do you typically read any websites? If so, do you post comments or information on these websites?

31. Do you regularly use social media? If so, what social media do you regularly use?

32. Do you regularly watch any television shows? If so, what shows?

33. Do you regularly listen to any radio programs ~~-~~ or podcasts? If so, which?

34. What are your hobbies, major interests, recreational pastimes, and leisure-time activities?

35. Have you ever followed a criminal case in the media? If so, what case?

36. Are you a member of any clubs or organizations to which you contribute time or money?

## FINAL QUESTION

37. I have tried to direct your attention ~~in these questions and through the questionnaire you filled out~~throughout this process to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, do you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>–v–<br><br>Ghislaine Maxwell,<br><br>                    Defendant. | 20-CR-330 (AJN)<br><br>**INSTRUCTION SHEET** |

Dear Juror:

You have been selected to return for the next phase of jury selection. You are required to return on **Monday, November 29, 2021 at 8:30 a.m.**

You are instructed to report to **Courtroom** _____ of the Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, New York.

Your juror number is: _____. Please bring this instruction sheet with you when you return.

Remember, **you are required to follow the Judge's instructions** regarding information about this case and the case participants:

(1) You are not permitted to discuss this case with anyone. This includes friends, family, and colleagues.
(2) You cannot post anything about this case or your experience during jury selection on social media. This includes Facebook, Twitter, Instagram, TikTok, etc.
(3) You cannot perform any research on this case. This includes any kind of internet search or Google search.
(4) You cannot read/watch/listen to any media, news reports, or any other discussion of this case.

Thank you for your service.