**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:_____         │
│ DATE FILED: 11/11/21        │
└─────────────────────────────┘
```

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 10, 2021

**BY EMAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

> The parties are ORDERED to submit the lists referenced in this letter on or before November 14, 2021, in accordance with Dkt. No. 427. The parties may continue submitting proposed redactions in accordance with the procedures this Court has previously set. SO ORDERED.

      Re:    ***United States v. Ghislaine Maxwell***, 20 Cr. 330 (AJN)

*[signature]*
11/11/21

Dear Judge Nathan:

At the November 1, 2021 pretrial conference, the Court directed the parties to file a joint letter regarding protections for witness identities at trial. In particular, the Court directed the parties to: (1) provide nomenclature for witnesses whose identities should be protected, (2) propose procedures for voir dire related to witness identities, (3) submit a proposed instruction to the jury regarding witnesses testifying under pseudonyms or under their first name only, and (4) address the logistics of offering sealed or redacted exhibits containing personal identifying information. Below are the positions of the parties regarding these logistical considerations. Because this letter contains identifying information relating to victims, the Government respectfully requests that the Court accept the Government's proposed redactions to this letter.

**Government position:**

    **I.**    **Nomenclature**

With respect to nomenclature for witnesses whose identities should be protected at trial, the Government respectfully submits the following chart, which provides the true names of witnesses and the proposed nomenclature for those witnesses at trial.



The Government submits that this nomenclature can be used when trial begins on November 29, 2021, but that the parties should be directed to continue referencing victims and witnesses on the public record according to the nomenclature in the Superseding Indictment. The Government further requests that the defense be directed to redact the true names of the witnesses in this chart from all exhibits to filings, and to avoid using the true names of victims in filings with the Court. Using the true names of victims delays public filings and creates otherwise unnecessary redaction projects that waste the Government and the Court's time. Moreover, using victim names in filings increases the risk that victim identities may become public, due to redaction errors or other issues.

## II.    Voir Dire

Regarding voir dire, the Government proposes that prospective jurors be handed a sheet with a list of names and places that may come up at trial. That sheet, which would be filed under seal, would contain the true names of witnesses. The sheet would not be read aloud; instead, the

Page 3

Government requests that the Court direct prospective jurors to read the sheet and to raise a hand if they are familiar with the witnesses or locations.  Examination of jurors on this subject would then be conducted at sidebar, with the transcript redacted to remove witness identifying information.

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████

### III.    Limiting Instruction

The Government requests that the Court give the jury an instruction that is similar to the instruction Judge Garaufis gave the jury in *United States v. Raniere*, 18 Cr. 204 (E.D.N.Y.).  In that case, Judge Garaufis instructed the jury:

> You may have noticed during yesterday's testimony that the witness used first names of certain individuals. That is because the names of certain alleged victims are being withheld from the public and the press to protect the privacy of those individuals. I have therefore instructed the parties to refer to those individuals by their first names only; however, those full names are known to the Government, the defendant, and to the Court.

An excerpt of the relevant transcript is enclosed as Exhibit A.  Here, the Government proposes that the Court instruct the jury:

> At this trial, certain witnesses will be testifying under their first name only.  Other witnesses will be testifying under pseudonyms – that is, under different names. That is because the names of certain alleged victims and related witnesses are being withheld from the public and the press to protect the privacy of those individuals. I have therefore instructed the parties to refer to those individuals by their first names only, or in some instances, by using a pseudonym.  However, the full names of the witnesses are known to the Government, the defendant, and to the Court.

The Government respectfully submits that the proposed instruction addresses any potential

Page 4

prejudice to the defendant, as the instruction makes clear to the jury that the identities of the witnesses are being protected from the public and press only, and that the true names of the witnesses are known to the Government, the Court, and the defendant.

## IV.    Sealed and Redacted Exhibits

The Government anticipates offering certain exhibits entirely under seal or with redactions to protect the personal identifying information of witnesses and third parties.  With respect to logistics, the Government would propose submitting redacted versions of exhibits – along with an index noting which of the Government exhibits will be offered under seal – no later than November 29, 2021.  To the extent the defense takes issue with the sealing requests or the proposed redactions, the Court may rule on those exhibits on case-by-case basis during the trial.

The Government has considered how best to publish sealed exhibits to the jury while protecting the identities of witnesses and the privacy of third parties.  On that score, the Government is mindful that exhibits published in electronic format on screens in the courtroom may be seen by the public, since the screens at counsel table – and potentially the jury box– are visible to the public from certain angles.  For this reason, the Government requests permission to provide jurors with individual binders containing sealed exhibits.  The Government expects that jurors will follow the Court's instruction to only view items in the binder when the Court instructs jurors to do so.

Page 5

**Defense position:**

In light of the Court's ruling on the government's motion in limine, the defense will accept the government's proposed nomenclature for the witnesses referenced above.  The defense has no objection to the procedures proposed by the government for voir dire and for sealing and redacting exhibits on the understanding that the defense will have the opportunity to object to particular sealing and redaction requests.  The defense also proposes the following limiting instruction in place of the government's proposed instruction:

> This case has received, and will continue to receive, significant attention in the media. To minimize the inconvenience and potential harassment of any witness, the Court has permitted witnesses, if they choose, to be referred to by either their first name or a pseudonym. However, the full names of the witnesses are known to the Government, the defendant, and to the Court, and were shown to you during jury selection.  This process should not bear in any way on your evaluation of the evidence in this case.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ___s/_____
        Maurene Comey
        Alison Moe
        Lara Pomerantz
        Andrew Rohrbach
        Assistant United States Attorneys
        Southern District of New York

Cc: Defense Counsel (By email)

Proceedings                                                    245

1   the aspects of the motion we filed, and I think it's a lot for

2   the Court to have to deal with, quite frankly, and I know the

3   Court is going to try and do the best it can with the

4   situation, but I don't think it's tenable and -- I don't ask

5   for mistrials easily, I have probably asked for four in my

6   entire career, I don't see a way out of this problem.

7            (Pause.)

8            THE COURT:  All right, I'm going to deny the

9   defendant's motion for a mistrial.  Any issues caused by a

10  witness referring to certain individuals by their first name

11  only and by asking the Government if they may use last names

12  of certain other individuals can be cured by a jury

13  instruction, which I will give.  Going forward, the Government

14  shall provide the defendant and each witness, including the

15  current witness, with a list of the individuals whose identity

16  should be protected from the public and the press, that way

17  each witness can refer to the list rather than asking the

18  Government whether a particular individual's identity is

19  protected.

20           You don't have a proposed jury instruction.

21           MS. PENZA:  Not yet, Your Honor.

22           THE COURT:  I have one.

23           To the jurors:  You may have noticed during

24  yesterday's testimony that the witness used first names of

25  certain individuals.  That is because the names of certain

Proceedings                                                    246

1    alleged victims are being withheld from the public and the

2    press to protect the privacy of those individuals.  I have

3    therefore instructed the parties to refer to those individuals

4    by their first names only; however, those full names are known

5    to the Government, the defendant, and to the Court.

6            You may also have noticed that the witness was

7    asking the Government whether she should say the last names of

8    certain individuals.  Going forward, the witnesses will

9    receive a list of the individuals whose last names are to be

10   protected to which they may refer while testifying.

11           Anything else you want me to put in there?

12           MS. PENZA:  Not from the Government Your Honor.

13           THE COURT:  You object?

14           MR. AGNIFILO:  I do, Judge.

15           THE COURT:  Your objection is noted.

16           Also, I'm going to direct that the parties shall not

17   make any speaking objections.  If the basis for an objection

18   is not apparent, the parties may request a sidebar.

19           MR. AGNIFILO:  Very good.  Thank you, Judge.

20           THE COURT:  Okay, what else?

21           MS. PENZA:  Nothing else from the Government, but we

22   would just ask for five minutes to make sure that the list is

23   correct for the current witness.

24           THE COURT:  All right, we'll take a five-minute

25   break.