UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
                                                    :
UNITED STATES OF AMERICA                            :
                                                    :          S2 20 Cr. 330 (AJN)
            v.                                      :
                                                    :
GHISLAINE MAXWELL,                                  :
                                                    :
                        Defendant.                  :
                                                    :
                                                    :
-------------------------------------------------------- x

**GHISLAINE MAXWELL'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE RELATED TO ACCUSER-3**

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND ...................................................................................................... 2

ARGUMENT .......................................................................................................... 5

I.     Applicable Law ............................................................................................ 5

II.    Evidence Related to Accuser-3 Is Not Proof of the Charged Conspiracies ........................ 7

III.   Evidence Related to Accuser-3 Is Not Admissible Under Rule 404(b) and Should be Excluded Under Rule 403 ............................................................................ 10

IV.   In the Alternative, the Court Should Preclude the Government and Accuser-3 from Representing that Accuser-3 Was a "Minor," or that She Was "Sexually Abused" by Epstein, and Give the Jury an Appropriate Limiting Instruction ................................ 14

CONCLUSION ........................................................................................................ 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993)............................................................................................12

*Esquivel-Quintana v. Sessions*,
    137 S. Ct. 1562 (2017)......................................................................................14

*Grunewald v. United States*,
    353 U.S. 391 (1957)............................................................................................8

*Huddleston v. United States*,
    485 U.S. 681 (1988)........................................................................................5, 6

*Salinas v. United States*,
    522 U.S. 52 (1997)..............................................................................................8

*United States v. Bagaric*,
    706 F.2d 42 (2d Cir. 1983)..........................................................................6, 7, 8

*United States v. Benussi*,
    216 F. Supp. 2d 299 (S.D.N.Y. 2002), *aff'd sub nom. United States v.*
    *Salmonese*, 352 F.3d 608 (2d Cir. 2003) ..........................................................8

*United States v. Carboni*,
    204 F.3d 39 (2d Cir. 2000)..................................................................................6

*United States v. Concepcion*,
    983 F.2d 369 (2d Cir. 1992)................................................................................6

*United States v. Cummings*,
    60 F. Supp. 3d 434 (S.D.N.Y. 2014) *vacated on other grounds* 858 F.3d 763
    (2d Cir. 2017)..........................................................................................6, 7, 8, 9

*United States v. Curley*,
    639 F.3d 50 (2d Cir. 2011)................................................................5, 6, 11, 13

*United States v. Dolney*,
    No. 04-CR-159 (NGG), 2005 WL 2129169 (E.D.N.Y. Sept. 1, 2005) ............10, 15

*United States v. Figueroa*,
    618 F.2d 934 (2d Cir. 1980)..............................................................................13

*United States v. Garcia,*
    291 F.3d 127 (2d Cir. 2002)...........................................................................................11

*United States v. Mahaffy,*
    477 F. Supp. 2d 560 (E.D.N.Y. 2007) *vacated in part on other grounds* 285
    Fed. App'x 797 (2d Cir. 2008)......................................................................................9

*United States v. McCallum,*
    584 F.3d 471 (2d Cir. 2009).................................................................................5, 6, 11

*United States v. Mills,*
    895 F.2d 897 (2d Cir. 1990)........................................................................................12

*United States v. Nektalov,*
    325 F. Supp. 2d 367 (S.D.N.Y. 2004)..............................................................6, 8, 9, 10

*United States v. Pascarella,*
    84 F.3d 61 (2d Cir. 1996)............................................................................................11

*United States v. Sliker,*
    751 F.2d 477 (2d Cir. 1984)........................................................................................12

*United States v. Townsend,*
    No. S1 06 CR. 34 (JFK), 2007 WL 1288597 (S.D.N.Y. May 1, 2007)....................6, 9, 10

*United States v. Walia,*
    No. 14–CR–213 (MKB), 2014 WL 3734522 (S.D.N.Y. July 25, 2014)................................12

**Statutes**

18 U.S.C. § 2422(a) ...............................................................................................................7

18 U.S.C. § 2423(a) ...............................................................................................................7

Mann Act ...................................................................................................................*passim*

**Other Authorities**

Fed. R. Evid. 401 ..................................................................................................................12

Fed. R. Evid. 402 ............................................................................................................11, 12

Fed. R. Evid. 403 .......................................................................................................*passim*

Fed. R. Evid. 404(b)....................................................................................................*passim*

Fed. R. Evid. 702 ..................................................................................................................12

Fed. R. Evid. 704 ..................................................................................................................12

Ghislaine Maxwell respectfully moves *in limine* to exclude evidence related to Accuser-3[1] because it is not probative of the charged conspiracies and inadmissible under Rule 404(b) and Rule 403 of the Federal Rules of Evidence.  In the alternative, Ms. Maxwell respectfully moves (1) to preclude the government and Accuser-3 from referring to Accuser-3 as a "minor" or asserting that she was a "minor" at the time of the alleged sex acts, (2) to preclude the government and Accuser-3 from representing that she was "sexually abused" by Jeffrey Epstein, and (3) for an appropriate limiting instruction concerning Accuser-3's testimony.

## PRELIMINARY STATEMENT

The government and the defense agree on at least this much about Accuser-3:

1. She was not a minor in the United Kingdom when she alleges that she was sexually abused by Jeffrey Epstein in 1994-1995;

2. She cannot establish that Ms. Maxwell or Jeffrey Epstein ever caused, or sought to cause, her to travel while she was a minor; and

3. She cannot establish that she was a minor in the United States when she alleges that she engaged in sex acts with Jeffrey Epstein at his various residences.

Even if we assume for the sake of argument that everything Accuser-3 alleges is true (which it is not), she has not alleged any illegal conduct *whatsoever*, much less conduct "in furtherance of" a conspiracy to entice or cause minor girls to travel to engage in unlawful sexual activity with Epstein.

It seems evident that the government originally included Accuser-3's allegations in the indictment as evidence of the charged conspiracies because it *did not know* that she was above the age of consent in the U.K.  The government presented Accuser-3's allegations to the grand jury incorrectly assuming that she was a minor and that the alleged sex acts between Epstein and

---

[1] This individual is described in the S2 Superseding Indictment as Minor Victim-3. Similarly, we refer to the individuals identified in the indictment as Minor Victim-1 and Minor Victim-2 as Accuser-1 and Accuser-2, respectively.

Accuser-3 were illegal.  Indeed, referring to Accuser-3 in the indictment as "Minor Victim-3" is entirely misleading – there is *no* evidence that she was a "minor" when any of the alleged sex acts took place.

Nevertheless, even after the defense pointed out in our pretrial motions that Accuser-3 was not a minor and had not alleged any illegal conduct, the government repeated her allegations verbatim to the grand jury and in the S2 Superseding Indictment.  This was not only misleading, it was also an end-run around Rule 404(b).  Simply including the conduct alleged by Accuser-3 in the indictment does not mean that it is evidence of the charged conspiracies.  The conduct alleged by Accuser-3 is not within the scope of the charged conspiracies and the Court should not admit this evidence as proof of those charges.  Nor should the Court admit this evidence as "other act" evidence under Rule 404(b).  This evidence would only be offered to show criminal propensity, despite the alleged conduct being entirely legal, and would mislead the jury and unfairly prejudice Ms. Maxwell.  Accordingly, the Court should exclude evidence related to Accuser-3.

## BACKGROUND

The original indictment against Ms. Maxwell, filed on June 29, 2020, and the first superseding indictment, filed on July 8, 2020, included the following allegations related to Accuser-3:

> MAXWELL groomed and befriended [Accuser-3] in London, England between approximately 1994 and 1995, including during a period of time in which MAXWELL knew that [Accuser-3] was under the age of 18.  Among other things, MAXWELL discussed [Accuser-3's] life and family with [Accuser-3].  MAXWELL introduced [Accuser-3] to Epstein and arranged for multiple interactions between [Accuser-3] and Epstein.  During those interactions, MAXWELL encouraged [Accuser-3] to massage Epstein, knowing that Epstein would engage in sex acts with [Accuser-3] during those massages.  [Accuser-3] provided Epstein

2

> with the requested massages, and during those massages, Epstein sexually abused [Accuser-3].  MAXWELL was aware that Epstein engaged in sexual activity with [Accuser-3] on multiple occasions, including at times when [Accuser-3] was under the age of 18, including in the context of a sexualized massage.

*See* Indictment (Dkt. 001) ¶ 7(c); S1 Superseding Indictment (Dkt. 017) ¶ 7(c).  Both indictments also alleged the following as an overt act of the charged conspiracies: "Between in or about 1994 and in or about 1995, when [Accuser-3] was under the age of 18, MAXWELL encouraged [Accuser-3] to provide massages to Epstein in London, England, knowing that Epstein intended to sexually abuse [Accuser-3] during those massages." *See* Indictment (Dkt. 001) ¶¶ 11(d), 17(d); S1 Superseding Indictment (Dkt. 017) ¶¶ 11(d), 17(d).

Ms. Maxwell filed a pretrial motion to strike the allegations related to Accuser-3 as surplusage on the grounds that they could not support the charged conspiracies and were unfairly prejudicial to Ms. Maxwell.  *See* Def.'s Mem. in Supp. of Mot. to Strike Surplusage from Superseding Indictment (Dkt. 146) at 1-3, 6-9.  Ms. Maxwell noted that (1) according to Accuser-3's own allegations, she was above the legal age of consent in the United Kingdom (16 years old) when the sex acts supposedly took place and therefore any sex acts that occurred were lawful and could not be considered "sexual abuse"; and (2) the indictment did not allege *any* travel by Accuser-3, in interstate or foreign commerce or otherwise, let alone as a result of any action taken by Ms. Maxwell or Epstein, which was a critical element of both charged conspiracies.  *Id*. at 4-5.

In its opposition, the government scrambled to paper over these problems by providing a much fuller proffer of Accuser-3's expected testimony.  *See* Gov't Mem. in Opp. to Def.'s Pretrial Motions (Dkt. 204) at 158-59 & n.56.  The government attempted to defend its use of the phrase "sexual abuse" by asserting that the description was "factually accurate" because

Accuser-3 was expected to testify at trial that "her *subjective experience* of these acts with a much older man as traumatic, exploitative, and abusive." *Id*. at 162 n.57 (emphasis added).  The government also represented for the first time that Accuser-3 is expected to testify that █████

██████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████  *Id*. at 159.  ██████████████████████████████████████████

███████████████████████████████████████████████████████████████████████ "

*Id*.  Accordingly, Accuser-3 cannot establish that she was a minor when she traveled or when she allegedly engaged in sex acts with Epstein in the United States.

Despite having been alerted to the problems with Accuser-3's evidence, the government repeated the same allegations related to Accuser-3 in the second superseding indictment filed after the pretrial motions were fully briefed.  *See* S2 Superseding Indictment (Dkt. 187) ("S2 Indictment") ¶¶ 9(c), 13(d), 19(d).  These included the misleading allegations that Accuser-3 was a "minor" and that Epstein had "sexually abused" her.  *Id*.

In its opinion and order denying Ms. Maxwell's motion to strike, the Court agreed that the indictment did not allege that Accuser-3 traveled in interstate commerce or was underage during sexual encounters with Epstein.  4/16/2021 Opinion and Order (Dkt. 207) at 27. Nevertheless, the Court stated that it could not "rule out that the allegations may reflect conduct undertaken in furtherance of the charged conspiracy or be relevant to prove facts such as Maxwell's state of mind."  *Id*.  The Court further stated that it would reserve the issue for trial and allow Ms. Maxwell to renew her motion then.  *Id*.

For the reasons stated below, the Court should not admit evidence related to Accuser-3 at trial as evidence of the charged conspiracies or as "other act" evidence under Rule 404(b). In the alternative, the Court should preclude the government and Accuser-3 from referring to Accuser-3 as a "minor" or asserting that Accuser-3 was a "minor" at the time of the alleged sex acts. The Court should also preclude the government and Accuser-3 from representing that Epstein "sexually abused" her and give the jury an appropriate limiting instruction that the alleged conduct was lawful and that the sexual activity cannot be considered "illegal" or "criminal" or "unlawful" for the purposes of the crimes charged in the indictment.[2]

## ARGUMENT

### I.     Applicable Law

Rule 404(b) of the Federal Rules of Evidence governs the admissibility of evidence of "crimes, wrongs, or acts" other than those charged in the indictment. *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011) (quoting Fed. R. Evid. 404(b)). The rule provides, in relevant part:

> **(1) Prohibited Uses**. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> **(2) Permitted Uses**. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1)-(2). For other act evidence to be admissible under Rule 404(b), (1) it must be offered for a proper purpose, (2) it must be relevant to a disputed issue, and (3) the probative value of the evidence cannot be substantially outweighed by its potential for unfair

---

[2] For the same reasons, Ms. Maxwell also renews her motion to strike the allegations related to Accuser-3 from the S2 Indictment.

prejudice pursuant to Rule 403; in addition, (4) at defendant's request, the district court should give the jury an appropriate limiting instruction. *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)). "'Other act' evidence serves a proper purpose so long as it is not offered to show the defendant's propensity to commit the offense." *Curley*, 639 F.3d at 57 (citing Fed. R. Evid. 404(b)).

When the government must prove a conspiracy charge, evidence of other acts committed "in furtherance of the conspiracy" is not "other act" evidence under Rule 404(b), but rather, it is direct evidence of the acts charged in the Indictment. *United States v. Townsend*, No. S1 06 CR. 34 (JFK), 2007 WL 1288597, at *1 (S.D.N.Y. May 1, 2007) (citing *United States v. Concepcion*, 983 F.2d 369, 392 (2d Cir. 1992)). However, "other acts" are only admissible as evidence of a conspiracy "as long as they are within the scope of the conspiracy." *United States v. Cummings*, 60 F. Supp. 3d 434, 437 (S.D.N.Y. 2014) *vacated on other grounds* 858 F.3d 763 (2d Cir. 2017) (quoting *United States v. Bagaric*, 706 F.2d 42, 64 (2d Cir. 1983)).

Evidence of uncharged conduct is not considered other act evidence under Rule 404(b) "if it [1] arose out of the same transaction or series of transactions as the charged offense, [2] if it is inextricably intertwined with the evidence regarding the charged offense, or [3] if it is necessary to complete the story of the crime on trial." *United States v. Nektalov*, 325 F. Supp. 2d 367, 370 (S.D.N.Y. 2004) (quoting *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000)). However, "where it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)." *Townsend*, 2007 WL 1288597, at *1 (citing *Nektalov*, 325 F. Supp. 2d at 372).

II.     **Evidence Related to Accuser-3 Is Not Proof of the Charged Conspiracies**

Accuser-3's allegations, which pertain only to the Mann Act conspiracies charged in

Counts One and Three of the S2 Indictment, are irrelevant to the charged conspiracies and do not

offer any proof supporting those charges.  The S2 Indictment alleges that Ms. Maxwell conspired

with Epstein to (i) violate 18 U.S.C. § 2422(a), with the objective of enticing one or more

individuals to travel in interstate and foreign commerce for the purpose of engaging in unlawful

sexual activity (S2 Indictment ¶¶ 11-12); and (ii) violate 18 U.S.C. § 2423(a), with the objective

of transporting an individual under age 18 with the intent that the individual engage in unlawful

sexual activity (*id*. ¶¶ 17-18).  As an overt act in furtherance of these conspiracies, the

government alleges that Ms. Maxwell "encouraged [Accuser-3] to provide massages to Epstein

in London, England, knowing that Epstein intended to *sexually abuse* [Accuser-3] during those

massages." *Id.* ¶¶ 13(d), 19(d) (emphasis added). The Indictment further alleges that Epstein

"sexually abused" Accuser-3. *Id.* ¶ 9c.

There is no cogent basis for the government to assert that Accuser-3's allegations are

direct evidence of the charged conspiracies.  The object of the alleged conspiracies was to entice

or cause one or more minors to travel in interstate or foreign commerce in order to engage in

unlawful sexual activity.  The government concedes that Accuser-3 (1) was not a minor under

U.K. law when she allegedly engaged in sex acts with Epstein in London, (2) cannot establish

that she was invited to travel to the United States when she was under the age of 18, and (3)

cannot establish that she was a minor when she allegedly engaged in sex acts with Epstein in the

United States.  *See* Gov't Mem. in Opp. to Def.'s Pretrial Motions (Dkt. 204) at 158-59, 162-163

& nn.57-58.  Accuser-3 will therefore not provide any proof that Ms. Maxwell "furthered" an

alleged conspiracy to cause *minors* to *travel* for the purpose of engaging in *unlawful* sexual

activity.  Accordingly, the conduct she alleges is not "within the scope of the conspiracy" and

should not be admitted as evidence of the conspiracies.  *See Cummings*, 60 F. Supp. 3d at 437

(quoting *Bagaric*, 706 F.2d at 64); *see also United States v. Benussi*, 216 F. Supp. 2d 299, 311

(S.D.N.Y. 2002), *aff'd sub nom. United States v. Salmonese*, 352 F.3d 608 (2d Cir. 2003) (the

"scope of the conspiratorial agreement" is the key to determining whether "an overt act may

properly be regarded as in furtherance of the conspiracy" (quoting *Grunewald v. United States*,

353 U.S. 391, 397 (1957)).

In its opposition to Ms. Maxwell's motion to strike, the government argued that because a

conspiracy "does not require a completed substantive crime," Accuser-3's allegations could still

be admitted as direct proof of the charged conspiracies even though she did not travel as a minor

or engage in illegal sex acts because Ms. Maxwell allegedly "groomed" her to engage in those

sex acts.  Gov't Mem. in Opp. to Def.'s Pretrial Motions (Dkt. 204) at 161-163 (citing *Salinas v.

United States*, 522 U.S. 52, 65 (1997)).  That argument misses the mark.  While it is true that a

conspiracy does not require a completed substantive crime, *Salinas* itself states that "[a]

conspirator must intend to further an endeavor which, if completed, would satisfy all of the

elements of a substantive criminal offense."  *Salinas*, 522 U.S. at 65.  As to Accuser-3, the

completed endeavor—*i.e.*, her alleged sex acts with Epstein—was *not* a substantive criminal

offense.  Even if we accept her allegations as true (which we do not), there is nothing unlawful

about encouraging an adult to engage in entirely lawful sex acts.  Hence, Accuser-3's allegations

are not direct proof of the charged conspiracies regardless of whether Ms. Maxwell allegedly

"groomed" her (which she did not).

The Court should not admit Accuser-3's allegations as intrinsic proof of the charged

conspiracies either.  *See Nektalov*, 325 F. Supp. 2d at 370 (listing three categories of "intrinsic"

proof not considered Rule 404(b) evidence).  The Mann Act conspiracies in the S2 Indictment

allege three distinct episodes of alleged sexual abuse, in three different locations, involving three separate accusers.  The allegations of Accuser-3 stand on their own and are not "inextricably intertwined" with the allegations of Accuser-1 or Accuser-2, nor do they stem from "the same series of transactions."  In fact, they have no bearing on or connection to those allegations whatsoever.  Because Accuser-3's allegations are conceptually distinct, they are also not "necessary to complete the story" of the charged conspiracies.  *See Cummings*, 60 F. Supp. 3d at 438 (defendant's prior crack arrests and firearms conviction not sufficiently connected to underlying conspiracy to distribute crack and possessing firearms to be admissible); *Townsend*, 2007 WL 1288597, at *2 (defendant's prior narcotics and firearm transactions with the same confidential informant not "inextricably intertwined" with the charged narcotics conspiracy, even though the conduct was "generally similar to the conduct underlying the offenses charged in the indictment"); *United States v. Mahaffy*, 477 F. Supp. 2d 560, 566 (E.D.N.Y. 2007) *vacated in part on other grounds* 285 Fed. App'x 797 (2d Cir. 2008) (similar prior financial crime not inextricably linked to the charged crime where prior act "was a separate, discrete offense that may be conceptually segregated from the charged offenses without impairing the jury's ability to understand the facts underlying the schemes alleged in the indictment"); *Nektalov*, 325 F. Supp. 2d at 369-70 (prior similar money laundering transactions between defendant and cooperating witness not "inextricably intertwined" with the charged money laundering offense or "*necessary to complete the story*" of the charged conspiracy (emphasis in original)).

The fact that the government included Accuser-3's allegations in the S2 Indictment is of no consequence.  Although Rule 404(b) typically governs the admissibility of "other acts" that are *not* charged in the indictment, in this case, the government evidently charged the conduct under the mistaken belief that Accuser-3 was a minor when she engaged in sex acts with Epstein:



The government's error in including Accuser-3's allegations in the indictment does not somehow convert this evidence into proof of the charged conspiracies. Such a rule would allow the government to entirely circumvent Rule 404(b) simply by charging other act conduct in the indictment.

Moreover, without a proper limiting instruction, there is a serious risk that the jury will view this lawful conduct as evidence of criminal propensity. *See United States v. Dolney*, No. 04-CR-159 (NGG), 2005 WL 2129169, at *2 (E.D.N.Y. Sept. 1, 2005) (benefit of applying Rule 404(b) is "the value that a limiting instruction will have in ensuring that the jury does not view the defendants' alleged prior conduct as evidence of the defendants' propensity to engage in criminal activity"). At the very least, it is not "manifestly clear" that the evidence related to Accuser-3 is proof of the charged Mann Act conspiracies. Accordingly, "the proper course is to proceed under Rule 404(b)." *Townsend*, 2007 WL 1288597, at *1 (citing *Nektalov*, 325 F. Supp. 2d at 372).

### III.    Evidence Related to Accuser-3 Is Not Admissible Under Rule 404(b) and Should be Excluded Under Rule 403

The Court should also not admit evidence related to Accuser-3 as Rule 404(b) evidence because it will be offered solely to show Ms. Maxwell's criminal propensity and will be unfairly

prejudicial to Ms. Maxwell and will mislead the jury into believing that the alleged sex acts between Epstein and Accuser-3 were unlawful.[3]

The Second Circuit takes an "inclusionary approach" to Rule 404(b) evidence, which admits "other act" evidence "that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402. *Curley*, 639 F.3d at 56 (citing *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996)). The inclusionary approach, however, does not permit the government "to offer, carte blanche, any prior act of the defendant in the same category of [activity]." *McCallum*, 584 F.3d at 475 (quoting *United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002)). If other act evidence is offered for the purpose of establishing the defendant's knowledge or intent, the government must "identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act." *Id*. (quoting *Garcia*, 291 F.3d at 137).

The government has argued that the conduct alleged by Accuser-3 is admissible under Rule 404(b) to prove Ms. Maxwell's knowledge, intent, and *modus operandi*. *See* Gov't Mem. in Opp. to Def.'s Pretrial Motions (Dkt. 204) at 167. This argument is unavailing. Accuser-3's evidence could not possibly be proof that Ms. Maxwell knew of Epstein's "attraction to minor girls" and knew that Epstein used massage to initiate sexual contact "with minor girls" because Accuser-3 *was not a minor* when the alleged sex acts took place. *Id*. For the same reason, Accuser-3's evidence could not possibly be proof that Ms. Maxwell "intended for minor girls to engage in sex acts with Epstein." *Id*.

---

[3] As noted in Ms. Maxwell's Motion *in Limine* to Exclude the Government's Rule 404(b) Evidence, the government did not give proper 404(b) notice with respect to any of its proposed 404(b) evidence, which includes Accuser-3's evidence. Nevertheless, we respond on the merits to the admissibility of Accuser-3's evidence under Rule 404(b) in the event the Court determines that the government's additional disclosures concerning Accuser-3 in its Memorandum in Opposition to Defendant's Pretrial Motions are sufficient to satisfy its notice obligations under Rule 404(b). *See* Gov't Mem. in Opp. to Def.'s Pretrial Motions (Dkt. 204) at 157-169.

The government's *modus operandi* argument appears to rest on the premise that "grooming," however broadly that may be defined, constitutes a distinctive pattern of criminal activity.  *See id.*[4]  As the government itself pointed out, the characteristics of the *modus operandi* must be "sufficiently idiosyncratic to permit a fair inference of a pattern's existence."  *United States v. Sliker*, 751 F.2d 477, 487 (2d Cir. 1984)); *see also United States v. Walia*, No. 14–CR–213 (MKB), 2014 WL 3734522, at *13 (S.D.N.Y. July 25, 2014) ("Rule 404(b) permits evidence of similar acts to prove a 'signature crime,' *i.e.*, a *modus operandi* where the crimes are 'so nearly identical in method as to ear-mark them as the handiwork of the accused.'" (quoting *United States v. Mills*, 895 F.2d 897, 907 (2d Cir. 1990)).  Here, Accuser-3 alleges that ███ ████████████████████████████████████████ as she is alleged to have done with the other accusers.  Gov't Mem. in Opp. to Def.'s Pretrial Motions (Dkt. 204) at 158.  But engaging in social pleasantries and polite conversation does not in any way establish a unique or "signature" pattern of behavior.  *See Walia*, 2014 WL 3734522, at *13 (prior acts that share similarities with the charged offenses do not establish a *modus operandi* without a "signature" pattern of conduct) (collecting cases).  In sum, Accuser-3's evidence will not be offered for any permissible purpose under Rule 404(b) and will just serve as evidence of criminal propensity.  The Court should therefore exclude it.

The Court should also exclude Accuser-3's evidence under Rule 403 because it will unfairly prejudice Ms. Maxwell and mislead the jury as to the legality of the alleged conduct and the purpose of its admission.  Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

---

[4] Ms. Maxwell has moved separately to exclude the testimony of the government's proposed expert witness concerning "grooming" under Federal Rules of Evidence 401, 402, 403, 404, 702, 704, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

issues, or misleading the jury, or by considerations of undue delay, [or] waste of time." Fed. R. Evid. 403. According to the government, Accuser-3 is expected to testify that she was "sexually abused" by Epstein, not because she was underage and incapable of consent by law, but because her "*subjective experience*" of these incidents was that they were "traumatic, exploitative, and abusive." Gov't Mem. in Opp. to Def.'s Pretrial Motions (Dkt. 204) at 162 n.57. If Accuser-3 is allowed to testify that she felt she was "sexually abused" by Epstein, the jury will naturally assume that the alleged sex acts were illegal, when they were not. Indeed, even if she is not allowed to use the phrase "sexual abuse," the mere fact that Accuser-3 will be testifying about alleged sex acts that she participated in with a much older man when she was 17 years old will likely lead the jury to assume that the conduct was illegal, especially after they have heard the expected testimony of the other accusers in this case.

Hence, there is a strong likelihood that the jury will be misled by Accuser-3's evidence and will misapply it in evaluating Ms. Maxwell's guilt or innocence to the charged Mann Act conspiracies, both of which require that Ms. Maxwell acted with the intent that the accusers would engage in illegal or criminal sexual activity. This risk substantially outweighs the limited probative effect of Accuser-3's evidence. Even if the Court were to give the jury an appropriate limiting instruction, there is a substantial risk that it would not be sufficient to ensure that the jury did not misinterpret or misapply this evidence. *See Curle*y, 639 F.3d at 60 (quoting *United States v. Figueroa*, 618 F.2d 934, 946 (2d Cir. 1980) ("limiting instructions cannot be regarded as a guaranty against prejudice")). Accordingly, the Court should exclude Accuser-3's evidence.

**IV.** **In the Alternative, the Court Should Preclude the Government and Accuser-3 from Representing that Accuser-3 Was a "Minor," or that She Was "Sexually Abused" by Epstein, and Give the Jury an Appropriate Limiting Instruction**

If the Court determines that the evidence related to Accuser-3 is admissible, either as direct evidence of the charged conspiracies or as 404(b) evidence, the Court should (1) preclude the government and Accuser-3 from referring to Accuser-3 as a "minor" or asserting that she was a "minor" at the time of the alleged sex acts, (2) preclude the government and Accuser-3 from representing that she was "sexually abused" by Jeffrey Epstein, and (3) give the jury an appropriate limiting instruction related to Accuser-3's testimony.

The government concedes that Accuser-3 alleges that she was 17 years old and above the age of consent in the U.K. when she purportedly engaged in sex acts with Epstein in London. The government further concedes that Accuser-3 cannot establish that she was under the age of 18 when she alleges that she first traveled to the United States and engaged in sex acts with Epstein at his residences. Accuser-3 was therefore not a minor under the laws of the relevant jurisdictions when the alleged sex acts and the alleged international travel took place. It follows that the Court should not permit the government or Accuser-3 to refer to herself as a "minor" or claim that she was a minor when she allegedly engaged in sex acts with Epstein.

Similarly, the Court should not permit the government and Accuser-3 to assert that she was "sexually abused" by Epstein. The phrase "sexual abuse" connotes criminal activity, even though the alleged conduct was lawful. *See Esquivel-Quintana v. Sessions,* 137 S. Ct. 1562, 1569 (2017) ("'Sexual abuse of a minor,' the Government accordingly contends, '*most naturally connotes* conduct that (1) is *illegal*, (2) involves sexual activity, and (3) is directed at a person younger than 18 years old.'") (quoting government's brief) (emphases added). Notwithstanding Accuser-3's "subjective experience" of these incidents, the use of the phrase "sexual abuse" should not be allowed because it will mislead the jury into thinking that Accuser-3 engaged in "criminal sexual

activity" with Epstein.  That, in turn, may cause the jury to improperly convict Ms. Maxwell based on a false assumption.

Finally, the Court should give the jury an appropriate limiting instruction to ensure that the jury understands that the alleged conduct was not unlawful and does not consider it as improper propensity evidence.  If Accuser-3 is allowed to testify that she engaged in sex acts with Epstein in London when she was 17, as the government has proffered, the jury will almost certainly assume that the alleged conduct was unlawful, as it would be in certain U.S. states, and that the testimony is being offered to prove that Epstein and Accuser-3 engaged in "illegal sexual activity" in London.  Accordingly, if Accuser-3 is allowed to testify, we request that the Court give the jury a limiting instruction containing the following points:

- The legal age of consent for sexual activity in the United Kingdom is 16 years old.  That was also the legal age of consent from 1994-1995, when Accuser-3 alleges she engaged in sex acts with Jeffrey Epstein in London when she was 17 years old.

- The alleged conduct that Accuser-3 has described in her testimony was therefore not illegal.  If you find that these incidents took place, I instruct you that this sexual activity cannot be considered "illegal" or "criminal" or "unlawful" for purposes of the crimes charged in the indictment.

If the Court determines that Accuser-3's testimony may be admitted as 404(b) evidence, Ms. Maxwell further requests that the Court also give the jury an appropriate propensity instruction.  *See Dolney*, 2005 WL 2129169, at *2 ("In the absence of such a limiting instruction, there exists a legitimate concern that the jury might misapply [the] evidence to conclude that if the defendants engaged in criminal conduct prior to the charged conspiracy, then the conduct at issue in these charges must also be criminal.").

## CONCLUSION

For the foregoing reasons, the Court should exclude evidence related to Accuser-3 because it is not probative of the charged conspiracies and inadmissible under Rule 404(b) and Rule 403 of the Federal Rules of Evidence.  In the alternative, Ms. Maxwell respectfully requests that the Court (1) preclude the government and Accuser-3 from referring to Accuser-3 as a "minor" or asserting that she was a "minor" at the time of the alleged sex acts, (2) preclude the government and Accuser-3 from representing that she was "sexually abused" by Jeffrey Epstein, and (3) give the jury an appropriate limiting instruction concerning Accuser-3's testimony that includes the points discussed above.

Dated: October 18, 2021
        New York, New York

Respectfully submitted,

*/s/ Christian R. Everdell*
Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, I served by email, pursuant Rule 2(B) of the Court's individual practices in criminal cases, the within memorandum and any accompanying exhibits upon the following:

Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Maurene.comey@usdoj.gov
Alison.moe@usdoj.gov
Lara.Pomerantz@usdoj.gov
Andrew.Rohrbach@usdoj.gov

*/s/ Christian Everdell*