UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        :
UNITED STATES OF AMERICA,                               :
                                                        :
            v.                                          :   20 Cr. 330 (AJN)
                                                        :
GHISLAINE MAXWELL,                                      :
                                                        :
            Defendant.                                  :
                                                        :
                                                        :
------------------------------------------------------- x

# GHISLAINE MAXWELL'S MOTION IN *LIMINE* TO EXCLUDE GOVERNMENT EXHIBIT 52, AN UNAUTHENTICATED HEARSAY DOCUMENT FROM SUSPECT SOURCES

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New
York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

I.   The Document Cannot be Authenticated ...................................................................... 3

II.  The Document is Not a Business Record ..................................................................... 4

# TABLES OF AUTHORITIES

**Cases**

*Giuffre v. Maxwell*, 325 F. Supp. 3d 428 (S.D.N.Y. 2018) ............................................................. 1

*Missimer v. Tiger Machine Co.,* No. 04–3443, 2005 WL 3968133, at *2 (E.D.Pa. Sept. 28, 2005) ................................................................................................................................................. 5

*Palmer v. Hoffman*, 318 U.S. 109 (1943) ....................................................................................... 5

*Timberlake Const. Co. v. U.S. Fidelity and Guar. Co.*, 71 F.3d 335, 342 (10th Cir.1995) ............ 5

*United States v. Casoni*, 950 F.2d 893, 911, n.10 (3d Cir.1991) .................................................... 5

*United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001) ........................................................... 3

*United States v. Pelullo*, 964 F.2d 193, 200 (3d Cir.1992) ............................................................ 5

*United States v. Rodriguez*, Case No. 9:09-mj-08308-LRJ, ..................................................... 2, 3

*United States v. Ruggiero*, 928 F.2d 1289, 1303 (2d Cir. 1991) ................................................... 3

**Rules**

Fed. R. Evid. 403 ............................................................................................................................ 2

Fed. R. Evid. 801 ............................................................................................................................ 2

Fed. R. Evid. 803 ....................................................................................................................... 4, 5

Fed. R. Evid. 901 ............................................................................................................................ 3

## TABLE OF EXHIBITS

EXHIBIT 1: Government Exhibit 52

EXHIBIT 2: Deposition of Alfredo Rodriguez  Vol. II August 7, 2009

Defendant Ghislaine Maxwell ("Ms. Maxwell") files this Motion in *Limine* to Exclude Government Exhibit 52, an unauthenticated hearsay document from suspect sources, and states as follows:

## INTRODUCTION

The Government has identified, as Exhibit 52, A-F, pages of an often photocopied and altered exhibit that has no identified author, date of creation, or custodian. These pages are from a 97-page exhibit provide to the Government from lawyers who represent multiple Epstein accusers. The document, as produced to the Government, is attached as Exhibit 1. As produced, the document appears to be a compilation of material that was copied from more than one source, arranged, and paginated after the fact. There are unexplained faded marks that may have, at one time, been staples or evidence of staple holes. The top of page one of Exhibit 1 to this motion has six faded dots that look like a photocopy of a page that had three staples removed. Page four has shadows that resemble a page that was photocopied with staples in the page. It is impossible to tell whether pages have been added, omitted, cut or pasted. There are several examples of what appear to be photocopies of tabs, which suggest that pages have been added, omitted or altered because of the inconsistency from page to page. For example, tab-like shadows appear at page 20, but not on page 21-23; reappear on page 24; and disappear; and reappear within the remainder of the exhibit. At certain points -- pages 78 and 79, for example -- the tab-like shadows appear to be covered by something. The Government's compilation has been cleaned up from what was produced from the civil litigation. However, no one can clean up the unsavory story of this purported exhibit.

The document was not produced pursuant to any subpoena from a legitimate third-party custodian. Rather, the document appeared as part of discovery in the *Giuffre v. Maxwell* civil litigation case with no explanation about its origin.

The provenance of the exhibit is particularly troubling.  The document compilation allegedly surfaced in connection with a former Epstein employee, Alfredo Rodriguez, now deceased. Mr. Rodriguez was attempting to sell the compilation to Brad Edwards, one of the lawyers who was involved in suing Mr. Epstein in 2009.

According to the Criminal Complaint filed against Mr. Rodriguez in 2009, Mr. Rodriguez approached one of the lawyers and offered to sell the lawyer evidence against Mr. Epstein. *United States v. Rodriguez*, Case No. 9:09-mj-08308-LRJ (S.D. Fla), ECF No. 3, ¶¶3-7.  A sting operation was set up by the FBI during which the 97 pages were provided to an undercover officer in exchange for $50,000.  *Id.* at ¶¶ 8-11.

It is unclear what the Government claims these documents are – what is clear, however, is that they are neither authentic nor relevant. It is also obvious that the documents are hearsay, an out of court statement offered for the truth of the matter asserted, in violation of Fed. R. Evid. 801. There is no witness who could identify or attest that these documents qualify for any exception to the hearsay rule.

Given their unknown date of creation, the lack of any authenticating witness, and the fact that the documents do not appear until 2009 – five years after the end of the conspiracies charged in the indictment -- there is no relevance that can be attached to the information.  Moreover, any arguable relevance is outweighed by the prejudicial considerations under Fed. R. Evid. 403.  It is unclear, and unknown, who created the documents, when they were created, or how they were created. The documents cannot be authenticated and no evidentiary foundation exists that would allow for the admission of the documents. Thus, who may or may not be the author of whatever ended up as these photocopies is not evidence that can or should be considered by any jury in this matter.

## I. The Document Cannot be Authenticated

In order to satisfy the requirement of authentication, a party must provide "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Rule 901 "is satisfied 'if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification.'" *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001) (quoting *United States v. Ruggiero*, 928 F.2d 1289, 1303 (2d Cir. 1991)). Here, the putatively proffered documents were at the heart of Mr. Rodriguez's bribery and obstruction scheme. The documents apparently did not surface until 2009, decades after the claims here, years after the alleged conspiracy, and five years after Mr. Rodriguez was no longer working for Mr. Epstein. The documents contain an unexplained notation, "P.B., 2004-2005" the only potential (hearsay) date referenced in the documents. There is no evidence to suggest that these documents were created or maintained by Ms. Maxwell. Indeed, there is no evidence to suggest that these documents were created or maintained by anyone. It is entirely probable that whatever the documents are they were manipulated or manufactured by Mr. Rodriguez in an effort to get a $50,000 payday. *United States v. Rodriguez*, Case No. 9:09-mj-08308-LRJ, ECF No. 3, ¶6 (Mr. Rodriguez "explained that he had compiled lists of additional victims in the case and their contact information").

Mr. Rodriguez's statement, albeit inadmissible, on this issue is that he did not possess any document, list, books, journals or anything else taken from Mr. Epstein's home.



3

 To be clear, the 97-page exhibit is not a document that was given to Detective Recarey.

## II. The Document is Not a Business Record

In addition to there being no witness to authenticate the document it is clear that the pages of Putative Exhibit 52 were not a business record and there is no record custodian who can establish a foundation for the admission of the document under Federal Rule of Evidence 803(6).

Mr. Rodriguez apparently gave something to Federal Agents in 2009. Someone, perhaps Mr. Rodriguez, created the document. Mr. Rodriguez was convicted of trying to extort money

4

from lawyers representing plaintiffs against Epstein. This one-off document is far from a reliable business record. There is simply no evidence to suggest that this document was created in the course of any business. Rather, the exhibit was specifically "prepared" in anticipation of litigation against Mr. Epstein and therefore is not a business record. Records prepared in anticipation of litigation are not made in the ordinary course of business. *See Palmer v. Hoffman*, 318 U.S. 109 (1943) (reports prepared for the purpose of litigation do not fall within business records exception to hearsay rule because they are not kept in the course of regularly conducted business); *Timberlake Const. Co. v. U.S. Fidelity and Guar. Co.*, 71 F.3d 335, 342 (10th Cir.1995) ("It is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business."); *United States v. Casoni*, 950 F.2d 893, 911, n.10 (3d Cir.1991).

Setting aside the fact that the document was prepared for a criminal purpose, to be admissible as a business record the proponent of the document must establish the source of the contested information, that is, (1) the author of the document had personal knowledge of the matters reported; (2) the information he reported was transmitted by another person who had personal knowledge, acting in the course of a regularly conducted activity; or (3) it was the author's regular practice to record information transmitted by persons who had personal knowledge. *See Missimer v. Tiger Machine Co.,* No. 04–3443, 2005 WL 3968133, at *2 (E.D.Pa. Sept. 28, 2005). In addition, the proponent must establish the information was kept in the regular course of the author's business, and it was the author's regular practice to prepare such reports. *See* Fed. R. Evid. 803(6); *United States v. Pelullo*, 964 F.2d 193, 200 (3d Cir.1992) (for business record exception to apply, proponent must establish "(1) the declarant in the records had personal knowledge to make accurate statements; (2) the declarant recorded the statements

5

contemporaneously with the actions that were the subject of the reports; (3) the declarant made the record in the regular course of the business activity; and (4) such records were regularly kept by the business").

There is no evidence on any of these issues and, accordingly, the document is hearsay for which no exception applies.

Dated: October 18, 2021

Respectfully submitted,

*s/ Jeffrey S. Pagliuca*
Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

**Certificate of Service**

       I hereby certify that on October 18, 2021, I electronically filed the foregoing *Ghislaine Maxwell's Motion in Limine to Exclude Government Exhibit 52, an Unauthenticated Hearsay Document from Suspect Sources* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alison Moe
Maurene Comey
Andrew Rohrbach
Lara Pomerantz
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Alison.moe@usdoj.gov
Maurene.comey@usdoj.gov
Andrew.Rohrbach@usdoj.gov
Lara.Pomerantz@usdoj.gov

                                                     *s/ Nicole Simmons*