UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
                         :
UNITED STATES OF AMERICA,        :
                         :
           v.                  :      20 Cr. 330 (AJN)
                         :
GHISLAINE MAXWELL,            :
                         :
                 Defendant.      :
                         :
-------------------------------------------------------- x

## GHISLAINE MAXWELL'S MOTION TO SUPPRESS IDENTIFICATION

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue New
York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100


*Attorneys for Ghislaine Maxwell*

## TABLE OF CONTENTS

BACKGROUND ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 2

# TABLES OF AUTHORITIES

**Cases**

*Manson v. Brathwaite*, 432 U.S. 98 (1977) ................................................................ 2, 3

*Neil v. Biggers*, 409 U.S. 188 (1972) .......................................................................... 2, 3

*Raheem v. Kelly*, 257 F.3d 122 (2d Cir. 2001) ................................................................ 3

*Simmons v. United States,* 390 U.S. 377 (1968) ........................................................ 2, 3

*Stovall v. Denno*, 388 U.S. 293 (1967) ........................................................................... 2

*United States v. Concepcion*, 983 F.2d 369 (2d Cir. 1992) ............................................ 3

*United States v. Hemmings*, 482 F. App'x 640 (2d Cir. 2012) ....................................... 3

Defendant Ghislaine Maxwell, through counsel, moves to prohibit the Government from offering testimony from Accuser 4, ███████████ identifying Ms. Maxwell as a perpetrator of any crime.  Any in-court identification is tainted by unduly suggestive photo array procedures employed by the Government that violate Ms. Maxwell's right to due process under the United States Constitution for the following reasons:

## BACKGROUND

Accuser 4, ██████████████ was first contacted by the FBI in 2007. ████████████ was interviewed on August 7, 2007 by Agents ██████████████████████████ and asked about any abuse by Jeffrey Epstein. ████████████████████████

████████████████████████████████████████████

███████████ did not identify Ms. Maxwell as someone who recruited her, groomed her, or otherwise interacted with her in Palm Beach, Florida, or any other location. She identified ████

████ as someone she interacted with and who took nude photographs of her at Mr. Epstein's direction. ████████████████████████████████

After her FBI interview, ██████████████ represented by counsel, filed ████ lawsuits against Jeffrey Epstein ████████████████. Neither of those lawsuits mentions Ms. Maxwell. ████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████

During her deposition in connection with the lawsuit, ████████████████████████

████████████████████████████████████████ She did not identify Ms.

Maxwell as having had any role in any alleged sexual abuse or trafficking.



On June 23, 2021, almost twenty years after the alleged events, and 14 years after ████ did not identify Ms. Maxwell as the perpetrator of any crime, the Government presented ████████ with a series of █ photographs, attached as Exhibit A. ████████

████████████ The photographic identification procedure used was the functional equivalent of a one-on-one show-up.  Any  identification is tainted and should therefore be suppressed by the Court.

## ARGUMENT

A defendant's right to due process includes the right not to be the object of suggestive police identification procedures that create "a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968); *accord Neil v. Biggers*, 409 U.S. 188, 198 (1972); *see also Manson v. Brathwaite*, 432 U.S. 98, 106 n.9, 114 (1977). This principle applies both to show-ups, *see, e.g., Stovall v. Denno*, 388 U.S. 293 (1967), and to photographic identifications.  *Simmons v. United States,* 390 U.S. 377, 384 (1968).

When a defendant challenges the admissibility of identification testimony given by a witness who made a pretrial identification, the Court is required to conduct a two-part inquiry, asking first whether the pretrial identification procedures were unduly suggestive and, if so, whether the identification is nonetheless independently reliable. *Raheem v. Kelly*, 257 F.3d 122, 133 (2d Cir. 2001).

A Government arranged photo array is unduly suggestive when a procedure "give[s] rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States* at 384 (1968); *see also United States v. Hemmings*, 482 F. App'x 640, 646 (2d Cir. 2012). In the context of a photo array, familiar examples of a suggestive presentation include the "use of a very small number of photographs," "the use of suggestive comments," or the display of the accused's photograph in a way that "so stood out from all of the other photographs as to suggest to an identifying witness that that person was more likely to be the culprit." *United States v. Concepcion*, 983 F.2d 369, 377 (2d Cir. 1992).

███████████████████████████████ The photo looks like a mug shot, is different than the others, and the manner in which it was presented was unduly suggestive.

Where, as here, pretrial procedures have been unduly suggestive, the court must determine whether an in-court identification will be the product of the suggestive procedures or whether instead it is independently reliable. The factors to be considered include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil v. Biggers*, 409 U.S. at 199–200; *accord Manson v. Brathwaite*, 432 U.S.

3

at 114. The factors must be assessed in light of the totality of the circumstances, and the linchpin of admissibility is reliability.

      Here, the factors weigh heavily in favor of suppression. ███████████ in interviews, court filings, and under oath, never identified Ms. Maxwell as anyone who abused her in any fashion. There was no "opportunity" for ███████ to "view the criminal at the time of the crime" because Ms. Maxwell did not participate in any crime. There was no prior description of Ms. Maxwell by ███████ and the length of time between the alleged event and the suggestive identification procedure was extraordinarily long.

      Accordingly, any identification, both out of court and in court, should be suppressed.

Dated: October 18, 2021

                       Respectfully submitted,

                       *s/ Jeffrey S. Pagliuca*
                       Jeffrey S. Pagliuca
                       Laura A. Menninger
                       HADDON, MORGAN & FOREMAN P.C.
                       150 East 10th Avenue
                       Denver, CO 80203
                       Phone: 303-831-7364

                       Christian R. Everdell
                       COHEN & GRESSER LLP
                       800 Third Avenue
                       New York, NY 10022
                       Phone: 212-957-7600

                       Bobbi C. Sternheim
                       Law Offices of Bobbi C. Sternheim
                       225 Broadway, Suite 715
                       New York, NY 10007
                       Phone: 212-243-1100

                       *Attorneys for Ghislaine Maxwell*

4

**Certificate of Service**

I hereby certify that on October 18, 2021, I electronically filed the foregoing *Memorandum of Ghislaine Maxwell's Motion to Suppress Identification* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alison Moe
Maurene Comey
Andrew Rohrbach
Lara Pomerantz
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Alison.moe@usdoj.gov
Maurene.comey@usdoj.gov
Andrew.Rohrbach@usdoj.gov
Lara.Pomerantz@usdoj.gov

*s/ Nicole Simmons*
_____