USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/21

# Inner City Press

The Court received the attached letters via email. The District no longer permits public access by telephone for in-court criminal proceedings, including trials. The memorandum can be found here - https://nysd.uscourts.gov/covid-19-coronavirus. The Court's public access orders for all proceedings in the case can be found here - https://www.nysd.uscourts.gov/usa-vs-ghislaine-maxwell-20-cr-330-ajn-case-information.  The Court has implemented a procedure for docketing filings with proposed redactions and is ruling on the proposals as expeditiously as possible.  *See* Dkt. No. 401. SO ORDERED.

Alison J. Nathan
11/12/21

October 29, 2021

By E-mail to NathanNYSDChambers@nysd.uscourts.gov

Hon. Alison J. Nathan, United States District Judge
Southern District of New York, 40 Foley Square, New York, NY 10007

Re: US v. Maxwell, 20-cr-330 (AJN), timely opposition to blanket requests to seal portions of motions in limine, trial exhibits, public access

Dear Judge Nathan:

   On behalf of Inner City Press and in my personal capacity, I have been covering the above-captioned case. This concerns in the first instance the flurry of motions in limine filed earlier this evening, replete with redactions justified by the a conclusory reference to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

   The Government's Justifications for redaction (Docket No. 399, docketed at 10:06 pm on Friday Oct 29) cites *Lugosch* then says "The Government also seeks sealing of trial exhibits, where are not public." Inner City Press immediately opposes this.

   As one example within this motions of limine, the Government has redacted the entirely of its Argument X, even the title and the page number. And as to trial exhibits, see for example Judge Jed S. Rakoff's order in *US v. Weigand*, 20-cr-188 (JSR) https://www.documentcloud.org/documents/20536946-rakoffforderonmrlicp

   There, Judge Rakoff ordered the US Attorney's Office to make trial exhibit available to the public at large. While this was done, belatedly, in US v. Parnas, it was refused in the current US v. Cole. It cannot be refused in this case.

   Also, Inner City Press understands that the listen-only call-in telephone lines available so far in the case, there may be an attempt to discontinue them. The Court should take judicial notice of continue COVID-19 issues, including people's understandable concerns about congregating even in so-called overflow rooms. Be aware that the District for the District of Columbia still allows public phone access to all criminal proceedings, even those held in-person. That should happen here.

The loss of First Amendment freedoms, even for a short period of time, unquestionably constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017

For further example, in Docket No. 387, all exhibits are withheld and the expected testimony of already anonymized Minor Victim-3 is redacted.

In Docket No. 382, Exhibits A through D, F, H and I are all withheld in full, and large portions of even the table of contests are redacted. How is the public to access the basis for withholding, when even the titles / subjects are withheld?

The First Amendment to the U.S. Constitution guarantees to the public a right of access to court proceedings. U.S. CONST. AMEND. I; *Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 603* (1982). The public's right of access is strongest when it comes to criminal proceedings such as these, which are matters of the "high[est] concern and importance to the people." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980) (plurality opinion).

 If deemed necessary, PLEASE TAKE NOTICE that Inner City Press and its undersigned reporter, in personal capacity, will move this Court before Honorable Alison J. Nathan, U.S. District Judge for the Southern District of New York, at a date and time directed by the Court, for entry of an order granting permission to the heard on unsealing the improperly redacted submission in this case, on public access to trial exhibits and to the provision of access, during COVID-19 and beyond, by listen-only audio line.

Non-parties such as Inner City Press and myself have standing to intervene in criminal proceedings to assert the public's right of access. *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008).

Please confirm receipt and docket this timely responsive filing, making Inner City Press an Interested Party, and thank you for your attention to it as you make logistical arrangements for the trial.

Respectfully submitted,

Matthew Russell Lee, Inner City Press

cc: Alison.Moe@usdoj.gov, maurene.comey@usdoj.gov, bc@sternheimlaw.com, bcsternheim@mac.com, ceverdell@cohengresser.com

# Inner City Press

November 12, 2021

By E-mail

Hon. Alison J. Nathan, United States District Judge
Southern District of New York, 40 Foley Square, New York, NY 10007

Re: US v. Maxwell, 20-cr-330 (AJN), second timely opposition to sealing and withholding portions of motions in limine, trial exhibits, public access, docketing

Dear Judge Nathan:

   On behalf of Inner City Press and in my personal capacity, I have been covering the above-captioned case. This concerns today's flurry of motions in limine, still replete with redactions.

   This is a Press request that the filings be further unsealed consistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and other applicable case law. This is a request that this opposition to sealing be docketed as, for example, took place in US v. Avenatti, 19-cr-374 (JMF), Dkt 85, see https://storage.courtlistener.com/recap/gov.uscourts.nysd.516151/gov.uscourts.nysd.516151.85.0.pdf

   The Government's Justifications for redaction (Docket No. 399, docketed at 10:06 pm on Friday Oct 29) cites *Lugosch* then says "The Government also seeks sealing of trial exhibits, which are not public." Inner City Press immediately opposed this.

   While as one example within the US motions of limine, the Government has now redacted the title of its Argument X, footnote 13 and many other phrases are still redacted, as are significant portions of its Exhibit A. Dkt 438 and 438-1.

   Worse, the Defendant's response to the US motions in limine has large portions of its table of contents redacted (for example Argument I, A 1, 2 and 3; C 1 and 2, and D).

   A full sentence argument in Defendant's submission opposing Doctor Rocchio, who testified earlier this week, is still redacted, see Dkt 443, FN5.

   In Dkt 444 on Page 4, a full paragraph about what the Government has represented that a witness is expected to testify to - and the entirety of Exhibits A and B are still withheld. The same is true of Dkt 445 - both exhibits withheld, and

most of Pages 3 and 4 redacted. In both Dkt 446 and 447, redactions proliferate and Exhibit A is withheld in full. This is unacceptable.

   Again, Inner City Press understands that the listen-only call-in telephone lines available so far in the case, there may be an attempt to discontinue them. The Court should take judicial notice of continuing COVID-19 issues, including people's understandable concerns about congregating even in so-called overflow rooms. Be aware that the District for the District of Columbia still allows public phone access to all criminal proceedings, even those held in-person. That should happen here; we note that this Court itself continues to offer listen-only audio access in other criminal cases before it. Why not this one?

The loss of First Amendment freedoms, even for a short period of time, unquestionably constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

And as to trial exhibits, see for example Judge Jed S. Rakoff's order in *US v. Weigand*, 20-cr-188 (JSR) https://www.documentcloud.org/documents/20536946-rakoffforderonmrlicp

   There, Judge Rakoff ordered the US Attorney's Office to make trial exhibit available to the public at large. While this was done, belatedly, in US v. Parnas, it was refused in the current US v. Cole. It cannot be refused in this case.

The First Amendment to the U.S. Constitution guarantees to the public a right of access to court proceedings. U.S. CONST. AMEND. I; *Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 603* (1982). The public's right of access is strongest when it comes to criminal proceedings such as these, which are matters of the "high[est] concern and importance to the people." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980) (plurality opinion).

   If deemed necessary, PLEASE TAKE NOTICE that Inner City Press and its undersigned reporter, in personal capacity, will move this Court before Honorable Alison J. Nathan, U.S. District Judge for the Southern District of New York, at a date and time directed by the Court, for entry of an order granting permission to the heard on unsealing the improperly redacted submission in this case, on public access to trial exhibits and to the provision of access, during COVID-19 and beyond, by listen-only audio line.

Non-parties such as Inner City Press and myself have standing to intervene in criminal proceedings to assert the public's right of access. *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008).

Please confirm receipt and docket this timely responsive filing (see eg in this case, Dkt 363), making Inner City Press an Interested Party (as was done in Dkt 362), and thank you for your attention to it as you make logistical arrangements for the trial.

Respectfully submitted,

Matthew Russell Lee, Inner City Press

cc: Alison Moe, Maurene Comey at DOJ; Counsel Sternheim and Everdell