

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 12, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter seeking clarification on two items from the November 1, 2021 pretrial conference.

First, when describing the defendant's ability to cross-examine witnesses who will be testifying under pseudonyms, the Court explained that:

> All lines of inquiry the defense outlined in its response are available without disclosing specific names of employers or other specifically identifying information. For example, the defense can probe the genre, nature, and trajectories of witnesses' careers without eliciting the specific employer name, but the defense's cross-examination should not include specifically identifying information, and counsel must act responsibly doing so.

(11/01/21 Tr. at 11:20-12:2). The Government seeks clarification before trial about the line between permissible and impermissible cross-examination ███████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████



(11/01/21 Tr. at 10:8-11). That information has no impeachment value—▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ But it creates significant risk of identifying the relevant Minor Victims and witnesses by narrowing the field of people whose careers match the description elicited by the defense at the times elicited by the defense, and in combination with the other information about them that will be available at trial.

Second, the Government seeks clarification that the Court's November 1, 2021 order permitting witnesses to testify using pseudonyms or first names includes an order barring courtroom sketch artists from drawing the exact likeness of those individuals. (*See* Gov't Mot. in Limine, Dkt. No. 380, at 16 n.7 (making this request)); *see* May 6, 2019 Text Order, *Raniere*, 18 Cr. 204 (NGG) (E.D.N.Y.) ("Sketch artists . . . may not draw exact likenesses of jurors or witnesses other than co-defendants should they testify . . . ."). It would defeat the purpose of the Court's order if the exact likeness of those witnesses could be drawn and subsequently publicized in the media. Although courtroom sketch artists might voluntarily elect not to sketch these witness's faces, the Government seeks an order so it can provide certainty to these witnesses in advance of their testimony.

---

[1] The Government's proposed redactions are consistent with the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although this letter is a judicial document subject to the common law presumption of access, the proposed redactions are narrowly tailored to protect the privacy interests of the witnesses whom the Court has authorized to testify using pseudonyms or their first names.

Page 3

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:    s/                       
     Maurene Comey
     Alison Moe
     Lara Pomerantz
     Andrew Rohrbach
     Assistant United States Attorneys
     Southern District of New York

Cc: Defense Counsel (By ECF)