UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           :
   UNITED STATES OF AMERICA                                :
                                                           :    S2 20 Cr. 330 (AJN)
            v.                                             :
                                                           :
   GHISLAINE MAXWELL,                                      :
                                                           :
                        Defendant.                         :
                                                           :
                                                           :
---------------------------------------------------------- x


# MS. MAXWELL'S MOTION FOR AN ORDER AUTHORIZING A SUBPOENA PURSUANT TO FED. R. CRIM. P 17(c)(3)


Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

Defendant Ghislaine Maxwell requests that the Court enter an Order authorizing her counsel to issue a subpoena under Federal Rule of Criminal Procedure 17(c) to Jordana H. Feldman, Administrator, Epstein Victim's Compensation Program, for certain items identified in Attachment A to the proposed Subpoena, together attached as Exhibit 1 to this Motion, for the following reasons:

## I. Background

On October 11, 2021, the government began producing 3500 material to the defense. These rolling productions confirmed that the four Accusers referenced in the indictment applied for and received millions of dollars from the Epstein Victim Compensation Fund. Ms. Maxwell requests the Court's assistance in subpoenaing documents submitted by the Accusers and the witnesses for use at trial. The documents should be returned to this Court for an *in camera* review and, subject to the Court's review, disclosed to the defense to be used for impeachment of the witnesses at trial.

## II. Legal Standard

Rule 17(c) permits subpoenas compelling the production of "books, papers, documents, data, or other objects" prior to trial. Fed. R. Crim. P. 17(c)(1). Most district courts in the Second Circuit, including this Court, apply the analysis set forth in *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). *See United States v. Pena*, No. 15-CR-551 (AJN), 2016 WL 8735699, at *1 –2 (S.D.N.Y. Feb. 12, 2016). The party requesting the information "must make a preponderance showing that the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence." *Id*. (quotations and citations omitted).

1

### III. Factual and Procedural History

#### A. The Allegations in the Superseding Indictment

Counts One and Three of the S2 Indictment allege that Ms. Maxwell conspired to violate two separate provisions of the Mann Act, 18 U.S.C. §§ 2422, 2423(a). Count One alleges that Ms. Maxwell conspired to entice "one and more individuals" to travel in interstate and foreign commerce to engage in "sexual activity for which a person can be charged with a criminal offense" in violation of 18 U.S.C. § 2422. (S2 Indictment ¶¶11-13). Count Three alleges that Ms. Maxwell conspired to transport "an individual" in interstate and foreign commerce to engage in "sexual activity for which a person can be charged with a criminal offense" in violation of 18 U.S.C. § 2423(a). *(Id.* ¶¶ 16-19). Counts One and Three allege overt acts purportedly involving Accusers 1, 2, and 4 and Witness-3.[1]

Count Two of the S2 Indictment alleges enticement to engage in illegal sex acts in violation of the Mann Act, 18 U.S.C. § 2422. Count Four alleges transportation of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2423. Counts Two and Four concern Accuser-1.

Counts Five and Six of the S2 Indictment allege that Ms. Maxwell violated and conspired to violate the federal sex trafficking statute, 18 U.S.C. § 1591. Count Five alleges that Ms. Maxwell conspired with Epstein and others to recruit "a person" knowing that the person "had not attained the age of 18 years and would be caused to engage in a commercial sex act" in violation of 18 U.S.C. § 1591(a). *(Id.* ¶¶ 23-24). Count Six charges Ms. Maxwell with a substantive violation of § 1591(a), claiming she "did recruit, entice, harbor, transport, provide,

---

[1] Pursuant to the Court's ruling at the November 10, 2021 conference, we will refer to Accuser-3 as "Witness-3." However, for ease of reference, we will refer to these four women collectively as the "Accusers."

2

and obtain by any means" individuals who were under the age of 18, including Accuser-4, "who were then caused to engage in at least one commercial sex act with Jeffrey Epstein." *(Id. ¶ 27)*. Both counts are based on the allegations of Accuser-4 and allege conduct that purportedly occurred "[f]rom at least in or about 2001, up to and including in or about 2004." *(Id. ¶¶ 23, 27)*.

### B. The Accusers and The Epstein Victim Compensation Fund

███████████████████████████████████████████████████████

██████████████████████ ████████████████████████████████

████████████████████ Ms. Maxwell was not mentioned in that lawsuit. Accuser-4 and Witness-3 applied to the Epstein Victim Compensation Fund. All four women chose to accept compensation from the Epstein Victim Fund. In its 3500 disclosures, the government has provided statements from the Accusers indicating ████████████████████████

████████████████████████████████████████████████████████

The Protocol for receiving compensation is attached as 1 to Attachment A. The Protocol requires a written submission. The claims are evaluated per the Protocol which credits "[w]hether there exists any information and/or pertinent findings offered by the appropriate Office of the District Attorney, United States Attorney's Office, or other law enforcement agency." Accordingly, the Protocol credits claimants who have had charges filed against Epstein or any employee of Epstein. The June 2019 indictment against Epstein did not include the allegations of the four Accusers that are contained in the S2 Indictment charging Ms. Maxwell. Under the terms of the Protocol, the Accusers here, and their civil lawyers, stood to benefit if the prosecution against Ms. Maxwell went forward. The Protocol also rewards Accusers who have filed a lawsuit, legal action or claim of sexual abuse against Epstein, or the Estate, which includes any employees or former employees of Epstein. Lawyers for ████████████████

were instrumental in creating and structuring the terms of the Protocol. *See* ▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

### 1. Specificity

The Protocol establishes a process that all claimants must follow. The "Claimant" must submit a "Claim Form" with documentation. These claims are then evaluated based on the criteria established in the Protocol. Any deficiencies in the claim are communicated to the Claimant. If a claim is approved, the Administrator sends the Claimant an offer letter and a release. Ms. Maxwell is requesting specific documents identified in the Protocol, including the Claim Form with any supporting documentation, correspondence between the Claimant (or her attorney) and the Administrator, a copy of the check issued to the Claimant, and a copy of the release signed by the Claimant.

### 2. Admissibility

There are no evidentiary impediments to admissibility. The documents are relevant, authentic, and an appropriate evidentiary foundation can be established under many rules of evidence. The Claim Form is a prior statement of the Accusers about the events alleged in the S2 Indictment. The Claim Forms and subsequent communications are admissible impeachment evidence at trial.

### 3. Relevance

As previously stated, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ms. Maxwell was not mentioned in that lawsuit. Accuser-4 and Witness-3 applied to the Epstein Victim Compensation Fund. All four women here chose to accept compensation from the Epstein Victim Fund. In its 3500 disclosures

the government has provided statements form the Accusers indicating ▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇

The Protocol for receiving compensation is attached as Exhibit 1 to Attachment A. The Protocol requires a written submission. The claims are evaluated per the Protocol which credits "[w]hether there exists any information and/or pertinent findings offered by the appropriate Office of the District Attorney, United States Attorney's Office, or other law enforcement agency." Accordingly, the Protocol credits claimants who have had charges filed against Epstein or any employee of Epstein. The June 2019 indictment against Epstein did not include the allegations of the four Accusers that are contained in the S2 Indictment charging Ms. Maxwell. Under the terms of the Protocol the Accusers here, and their civil lawyers, stood to benefit if the prosecution against Ms. Maxwell went forward. The Protocol also rewards Accusers who have filed a lawsuit, legal action or claim of sexual abuse against Epstein, or the Estate, which includes any employees or former employees of Epstein. Lawyers for ▇▇▇▇▇▇▇ were instrumental in creating and structuring the terms of the Protocol. ▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

The documents sought are obviously relevant -- statements of the Accusers about what they claim happened for purposes of securing a settlement. Similarly, the amount of compensation is also relevant. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Malpeso*, 115 F.3d 155, 162–63 (2d Cir. 1997) (quoting Fed. R. Evid. 410).

5

This trial will turn on the credibility of the individuals accusing Ms. Maxwell of these crimes. The Court should allow broad cross-examination during the trial on general issues of bias and motive for fabrication to protect Ms. Maxwell's rights under the Confrontation Clause of the United States Constitution. A criminal defendant "states a violation of the Confrontation Clause by showing that [s]he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to expose to the jury the facts from which jurors could appropriately draw inferences relating to the reliability of the witness.'" *Delaware v. Van Arsdall*, 475 U.S. 673 (1986) (quoting *Davis v. Alaska,* 415 U.S. 308, 318, (1974)). "[T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.'" *Olden v. Kentucky*, 488 U.S. 227, 231 (1988) (*quoting Davis*, 415 U.S. at 316-17). The possibility of an economic reward is classic impeachment material. *United States v. Bagley*, 473 U.S. 667, 684, (1985).

Full and complete cross-examination of the Accusers is impossible without understanding the complete terms of the agreement with the Epstein Fund, including the claims concerning Ms. Maxwell, as well as others. *Cf. Moore v. Marr*, 254 F.3d 1235, 1244 (10th Cir. 2001) (noting that witnesses' "application for victim compensation payments and application for and receipt of emergency victim compensation payments may well have been 'favorable' within the meaning of *Brady*," requiring government disclosure of exculpatory evidence to criminal defendants); payments and promises made to cooperating witnesses. See also, *United States v. DeLeon*, 428 F. Supp. 3d 675, 697 (D.N.M. 2019); and *United States v. Sedaghaty*, 728 F.3d 885, 898 (9th Cir. 2013), "Impeachment evidence is especially likely to be material when it impugns the testimony" of witnesses "critical to the prosecution's case."

6

Dated: November 14, 2021

                Respectfully submitted,

                *s/ Jeffrey S. Pagliuca*
                Jeffrey S. Pagliuca (*pro hac vice*)
                Laura A. Menninger
                HADDON, MORGAN & FOREMAN P.C.
                150 East 10th Avenue
                Denver, CO 80203
                Phone: 303-831-7364

                Christian R. Everdell
                COHEN & GRESSER LLP
                800 Third Avenue
                New York, NY 10022
                Phone: 212-957-7600

                Bobbi C. Sternheim
                Law Offices of Bobbi C. Sternheim
                225 Broadway, Suite 715
                New York, NY 10007
                Phone: 212-243-1100

                *Attorneys for Ghislaine Maxwell*

**Certificate of Service**

I hereby certify that on November 14, 2021, I electronically filed the foregoing *Ms. Maxwell's Motion for an Order Authorizing a Subpoena Pursuant to Fed. R. Crim. P 17(c)(3)* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alison Moe
Maurene Comey
Andrew Rohrbach
Lara Pomerantz
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Alison.moe@usdoj.gov
Maurene.comey@usdoj.gov
Andrew.Rohrbach@usdoj.gov
Lara.Pomerantz@usdoj.gov

            *s/ Nicole Simmons*