

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 5, 2021

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    **Re:**    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter in further opposition to the defense motion to exclude evidence of Minor Victim-3 (Dkt. No. 387), and as discussed at the conference on November 1, 2021. As set forth in greater detail below, the testimony of Minor Victim-3 is direct evidence of the offenses charged in the Second Superseding Indictment (the "Indictment") and, at a minimum, admissible under multiple bases enumerated in Rule 404(b).[1]

    **I.**    **Factual Background**

The Government expects Minor Victim-3 to testify, in substance and in part, that she met the defendant in or about 1994, when she was approximately 17 years old. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] The Government moves to file a redacted version of this letter. The proposed redactions are consistent with the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Although this letter is a judicial document subject to the common law presumption of access, the proposed redactions are narrowly tailored to protect the privacy interests of Minor Victim-3, who has not been publicly identified, and who is a subject of the Court's order granting the motion to let certain victims and witnesses testify under pseudonyms.

[text redacted]

[REDACTED]

## II. Applicable Law

Relevant evidence is "not confined to that which directly establishes an element of the crime." *United States v. Gonzalez*, 110 F.3d 941, 942 (2d Cir. 1997). As the Second Circuit has explained, "[t]o be relevant, evidence need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency." *Id.* The Second Circuit has also repeatedly held that actions and statements are admissible as direct evidence of the crimes charged, and are "not considered other crimes evidence under" Federal Rule of Evidence 404(b), if (a) they "arose out of the same transaction or series of transactions as the charged offense," (b) they are "inextricably intertwined with the evidence regarding the charged offense," or (c) they are "necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000); *see also United States v. Quinones*, 511 F.3d 289, 309 (2d Cir. 2007); *United States v. Baez*, 349 F.3d 90, 93-94 (2d Cir. 2003). In those

circumstances, the uncharged crimes evidence is "appropriately treated as part of the very act charged, or, at least, proof of that act." *Quinones*, 511 F.3d at 309 (internal citations and quotations marks omitted).

Federal Rule of Evidence 404(b) allows for the admission of uncharged crimes, wrongs, or other acts for purposes other than proving criminal propensity, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). The Second Circuit "has long adopted an 'inclusionary' approach to the admission of uncharged crime evidence, under which evidence of prior crimes, wrongs, or acts is admissible for any purpose other than to show a defendant's criminal propensity." *United States v. Paulino*, 445 F.3d 211, 221 (2d Cir. 2006) (internal quotation marks omitted). Where the defendant claims her conduct has an innocent explanation, the admission of such evidence of other acts is particularly appropriate. *See, e.g.*, *United States v. Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993) ("Where a defendant claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged."). And where Rule 404(b) evidence is offered to show the defendant's state of mind, all that is required is that the evidence be "sufficiently similar to the conduct at issue to permit the jury to draw a reasonable inference of knowledge or intent from the other act." *United States v. Cadet*, 664 F.3d 27, 32 (2d Cir. 2011) (alteration in original, internal quotation marks and citation omitted). Evidence offered for a proper purpose under Rule 404(b) may only be excluded if the probative value of the evidence is "substantially outweighed" by the danger of unfair prejudice. *Zackson*, 12 F.3d at 1182; *see* Fed. R. Evid. 403.

### III. Discussion

Evidence relating to Minor Victim-3's testimony is direct evidence of the conspiracies

charged in the Indictment. But even if it is not, it is certainly admissible under Rule 404(b).

### A. Direct Evidence

As the Government argued in its motion, evidence relating to Minor Victim-3 is direct evidence of the Mann Act conspiracies. The defendant's conduct regarding Minor Victim-3 overlaps in time and place with the other Minor Victims charged in the Mann Act conspiracies: Counts One and Three charge conduct from 1994 to 2004 in New York and Palm Beach, and Minor Victim-3 began giving Epstein sexualized massages in 1994, traveling to meet Epstein and the defendant in both New York and Palm Beach. The Government expects the defendant's relationship with Epstein to be a "'critical factual dispute'"—specifically, whether that relationship included conspiring with him and aiding or abetting Epstein's sex crimes. *United States v. Robinson*, 702 F.3d 22, 37 (2d Cir. 2012). Minor Victim-3's testimony will help establish that it did.

Evidence relating to Minor Victim-3 also "fills in a narrative" about "why [the defendant] took actions to" arrange sexualized massages. *United States v. Rodriguez*, 727 F. App'x 24, 26 (2d Cir. 2018) (summary order). ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Finally, evidence related to Minor Victim-3 is direct evidence as corroboration for the other three Minor Victims. Those Minor Victims will describe a conspiracy that operated to recruit girls for the purposes of massage, groom them, and transform the massages into sexual encounters. The conspirators then traveled with the girls or invited girls to travel, and asked the girls to find others for Epstein. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▇—in the same time period, and in some of the same places.

The fact that Minor Victim-3 was above the age of consent in relevant jurisdictions has no bearing on this analysis. Lawful activity may still be relevant evidence of a crime. For instance, evidence that the defendant was Epstein's girlfriend is relevant and probative even if it is also lawful. In a fraud case, evidence that a defendant had significant debts is relevant and probative even if those debts involved no illegal activity. Even the overt act requirement of a conspiracy can be satisfied with proof of innocent conduct. *See, e.g.*, *United States v. Abdullaev*, 761 F. App'x 78, 84 (2d Cir. 2019) (summary order). This evidence is no different. Epstein's prurient interest in girls did not end when the clock struck midnight on their 17th birthday. The fact that the defendant helped him abuse a 17-year-old is direct evidence of the manner in which she conspired with him to abuse other young women as well, some of whom were in fact below the age of consent. Minor Victim-3's testimony is thus intertwined with the conspiracies charged in the case, probative of contested issues at trial, and no more sensational than the charged conduct. It is therefore admissible. Even if it is lawful when evaluated purely in isolation, it is still direct evidence.

Evidence related to Minor Victim-3 is also direct evidence of the sex trafficking counts in the Indictment. It is direct evidence for similar reasons as for the Mann Act counts: it speaks directly to the defendant's role in the conspiracy, her reasons for participating in it, and the conspiracy's operation. But it is also relevant for the additional reason that it demonstrates the reasons for a co-conspirator's participation in the conspiracy, which is also a central issue at this trial. Specifically, it shows that minors who gave sexualized massages to Epstein were compensated, and that Epstein was sexually attracted to girls of a certain age, typically under the age of eighteen. The former is evidence that the defendant and Epstein recruited and enticed girls

to engage in commercial sex acts, an element of the offense. The latter is evidence that the defendant and Epstein engaged in sex trafficking of minors, which requires that the minor victim be under eighteen rather than seventeen. Minor Victim-3's testimony will show that she had sexual encounters with Epstein, and in combination with the testimony of other Minor Victims, the evidence will show that Epstein continually sought out girls under the age of 18 for sex from 1994 through the time period of the sex trafficking conspiracy.[2]

### B. Rule 404(b)

In any event, evidence relating to Minor Victim-3 is relevant for multiple purposes that are permissible under Rule 404(b).

*First*, it is relevant to the defendant's knowledge that the massages were sexualized, an issue that is expected to be central at this trial. The Government anticipates that Minor Victim-3 will describe ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ A jury could conclude from each of these facts that

---

[2] Evidence related to Minor Victim-3 is similarly relevant to the Mann Act counts. The Mann Act counts require that the victims be under seventeen, rather than eighteen. But evidence that Epstein had a sexual preference for women much younger than him, including seventeen-year-olds, is probative of whether he had a sexual preference for sixteen-year-olds. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

the defendant knew that, when she arranged for a young girl—such as Minor Victim-1 or Minor Victim-4—to give Epstein a massage, that massage involved sexual contact.

*Second*, the evidence is relevant to the defendant's motive. The Government expects the defense to argue that the defendant had no reason to assist Epstein in obtaining sexualized massages, especially from young girls. Minor Victim-3 will testify that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Third*, evidence regarding Minor Victim-3 is probative of her intent. "'Where intent to commit the crime charged is clearly at issue'—i.e., where it is an element of the crime—'evidence of prior similar acts may be introduced to prove that intent.'" *United States v. Graham*, No. 14 Cr. 500 (NSR), 2015 WL 6161292, at *3 (S.D.N.Y. Oct. 20, 2015) (quoting *United States v. Caputo*, 808 F.2d 963, 968 (2d Cir. 1987)). The defendant is likely to argue that any steps taken to arrange massages were purely innocent conduct. *See id.* ("Prior act evidence is admissible to demonstrate intent 'where a defendant claims that his conduct has an innocent explanation.'" (quoting *Zackson*, 12 F.3d at 1182 (alterations omitted))). Evidence of the defendant's knowledge that massages were sexualized and the defendant's motives described above is probative of her intent to entice and transport minors for the purpose of sexual contact. Minor Victim-3's sexualized massages began around the time the conspiracy started, yet the massages continued—with the defendant's active involvement, as to Minor Victim-3 and other Minor Victims—for years. That is highly probative evidence of her intent as to each of the conspiracies charged in the Indictment. And Minor Victim-3's testimony contains additional evidence of the defendant's intent. For instance,

the Government anticipates that Minor Victim-3 will testify that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Fourth*, evidence relating to Minor Victim-3 is evidence of the conspiracy's plan or modus operandi. "[T]o establish a recurring *modus operandi* . . . it is enough that the characteristics relied upon are sufficiently idiosyncratic to permit a fair inference of a pattern's existence." *United States v. Sliker*, 751 F.2d 477, 487 (2d Cir. 1984). The pattern here is highly idiosyncratic. The defendant identified Minor Victim-3, befriended her, and invited her over. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ All this happened during the conspiracy, and at least one of the other Minor Victims will testify to each step in this pattern. "[T]aken together, they establish the existence of a pattern." *United States v. Carlton*, 534 F.3d 97, 102 (2d Cir. 2008).

The defense argues that none of this is probative under Rule 404(b) because Minor Victim-3 was above the age of consent, so evidence relating to Minor Victim-3 is not probative of the defendant's "intent of doing something illegal," such as a sex act with a minor. (11/01/21 Tr. 82:8-16). That, however, is just a way of repeating that all the elements of the offense are not satisfied as to Minor Victim-3. But evidence relating to Minor Victim-3 is probative of central questions about the defendant's knowledge, motive, intent, and role in the conspiracy. For instance, the Government expects that the defense may challenge (1) whether the defendant played a role in recruiting girls to give Epstein massages; (2) whether those girls were below or near the age of consent; (3) whether the defendant instructed those girls to give Epstein a massage, including by

beginning with a foot massage; (4) whether the defendant knew those massages were sexualized; (5) whether she intended to arrange sexualized massages for Epstein; (6) whether she asked the girls to find additional girls to massage Epstein; (7) whether Epstein and the defendant invited people they had recruited for sexualized massages to travel; and (8) whether the defendant had any motive for doing any of this activity. If the defense wants to concede that she had this knowledge and intent, or that she played these roles, but only as to adults, it might reduce the probative value of evidence related to Minor Victim-3. *See, e.g.*, *United States v. Siddiqui*, 699 F.3d 690, 702 (2d Cir. 2012) ("A defendant may . . . forestall the admission of Rule 404(b) evidence by advancing a theory that makes clear that the object the Rule 404(b) evidence seeks to establish, while technically at issue, is not really in dispute.").[3] But to the extent that the defense argues that the defendant was not aware *at all* that Epstein's massages were sexualized, for instance, or that she played no role in recruiting masseuses for Epstein *at all*, this evidence is highly probative to rebut those arguments.[4]

At its core, the defense argument is that the fact that the defendant and Epstein recruited a seventeen-year-old in the United Kingdom to provide sexualized massages to Epstein and to travel with them is not probative of whether they recruited a minor in the United States to provide sexualized massages to Epstein and to travel with them. The argument is meritless. This evidence

---

[3] Either way, Minor Victim-3's testimony would still be relevant at least on the issue of motive. *See Siddiqui*, 699 F.3d at 702.

[4] To be clear, the evidence is admissible for the sex trafficking counts as well as the Mann Act counts. *See, e.g.*, *Curley*, 639 F.3d at 59 ("Although the incidents pre-dated the charged conduct by as much as fifteen years, collectively they demonstrate a pattern of activity that continued up to the time of the charged conduct."); *United States v. Ulbricht*, 79 F. Supp. 3d 466, 480 (S.D.N.Y. 2015) ("While the duration of elapsed time between two events can detract from the probative value of the prior event, temporal remoteness of acts does not preclude their relevancy." (citations and internal quotation marks omitted)).

is hardly so far afield of the conduct as to be irrelevant under Rule 404(b), and should be admitted[5]

## C. Rule 403

The significant probative value of this evidence is not substantially outweighed by any unfair prejudice. First and foremost, as all agree, in addition to a similar acts instruction, the parties' joint request to charge proposes that the jury be instructed that it cannot convict the defendant solely on the basis of evidence relating to Minor Victim-3, and that an element of the Mann Act offenses is that the victim must be younger than seventeen. That is, the jury will be told in three different ways during the jury instructions that evidence relating to Minor Victim-3, on its own, cannot satisfy the elements of the offense. There is accordingly no risk that the jury will be confused and convict because they think the defendant's conduct with Minor Victim-3, in isolation, violated some law.

In any event, the touchstone of Rule 403 prejudice analysis in this context is whether the evidence admitted under Rule 404(b) is "more sensational or disturbing" than the charged crimes. *United States v. Rosemond*, 958 F.3d 111, 125 (2d Cir. 2020). That is not the case here. Minor Victim-3's account of sexual exploitation fits neatly into the pattern that the other Minor Victims will describe. It is not more sensational or disturbing—and even the defendant has not suggested otherwise. (*See* Def. Mot. 4 at 12-13, Dkt. No. 387; Def. Reply at 29-30, Dkt. No. 398; 11/01/21 Tr. at 82:22-83:5).

Instead, the defense argues that it will be prejudiced if Minor Victim-3 states that she was "sexually abused" by Epstein. (Def. Mot. 4 at 13, Dkt. No. 387; *see* 11/01/21 Tr. at 82:22-83:5). According to the defense, this will suggest to the jury that the defendant engaged in illegal conduct

---

[5] The cases the defendant relies on to show that Minor Victim-3 is not direct evidence of the offense generally admitted that evidence under Rule 404(b). (*See* Gov't Opp at 48 n.11, Dkt. No. 397).

as to Minor Victim-3, and it would elicit sympathy from the jury. Minor Victim-3 will not be asked to testify about a legal conclusion, nor will she do so. She will simply describe her factual experience. In its briefing, the Government often describes these events as "sexual abuse" and Minor Victim-3 as a "victim" because the sexual contact was unwanted and traumatic.[6] But the Government will not seek to elicit that phrase from Minor Victim-3.

Accordingly, in the Government's view, if this evidence is admitted under Rule 404(b) rather than as direct evidence, there is no reason for anything more than the normal Rule 404(b) instruction at the time this evidence is offered.[7] But the Government would not object to a limiting instruction that repeated the expected jury charge, namely, that the jury cannot convict the defendant on the basis of Minor Victim-3's testimony alone.

An instruction that the defendant's conduct was legal at the time would seriously risk misleading the jury into thinking that, because it was "legal," it in no way tended to show the defendant's culpability of the charged crimes. And the defense has also not established that such an instruction is accurate. The defense has not briefed in detail whether the sexual contact was lawful under other U.K. laws concerning prostitution or nonconsensual sexual contact. Absent such a determination of foreign law, the Court should not instruct the jury that any conduct occurring overseas was or was not "legal."

If the Court were to give such an instruction, however, the Government would request that

---

[6] As noted, the Government is previewing this in order to accurately describe the expected testimony for the Court. The relevance of Minor Victim-3's testimony does not turn on whether any sexual contact was consensual, because victim consent is not relevant to any crimes charged in the Indictment. (*See* 11/01/21 Tr. 75:9-76:9).

[7] The Government proposes the following text, adapted from Sand: "You may not consider this evidence as any kind of reflection on the defendant's character or propensity to commit the crimes charged in this indictment. This evidence may be considered by you only to the extent that it bears upon the defendant's knowledge, intent or motive to commit the acts charged in the indictment, or as evidence that the defendant engaged in a common plan." Sand, Instr. 5-25.

the Court make sure the jury understands its point: the instruction should say that Minor Victim-3 was above the age of consent at all relevant times, but it should also say expressly that the jury can consider her evidence as direct evidence or for all of the permissible purposes under Rule 404(b). That result, and the admission of her testimony, is entirely proper.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

By:    s/                        
    Alison Moe
    Lara Pomerantz
    Andrew Rohrbach
    Assistant United States Attorneys
    Southern District of New York

Cc: Defense Counsel (By E-mail)