**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 7, 2021

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

  The Government respectfully submits this letter in response to the Court's order directing the Government to state its position as to whether Minor Victim-3 "could be deemed a victim of any of the crimes charged in the indictment for **any** legal purposes, including for purposes of restitution under 18 U.S.C. § 3663(a)(2)." The answer is yes. Minor Victim-3 suffered unwanted and traumatic sexual contact with Jeffrey Epstein when she was 17 years old. In addition to making her a victim in the ordinary sense of that word, it makes her a victim of the charged Mann Act conspiracies for at least the following provisions of federal law: the Crime Victim's Rights Act ("CVRA"), 18 U.S.C. § 3771; the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663; and Federal Rule of Evidence 412.[1]

  Both the CVRA and VWPA contain statutory definitions of the term "victim." The CVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2)(A). The VWPA similarly defines "victim" to mean "a person directly and proximately harmed by the commission

---

[1] Given the expedited briefing deadline, the Government has not addressed every provision of federal law that references victims, but would be happy to address any additional provisions the Court deems relevant.

of an offense." 18 U.S.C. § 3663(a)(2). That section also expressly includes, in conspiracy cases, "any person directly harmed by the defendant's criminal conduct in the course of the . . . conspiracy . . . ." *Id.*

A person is "directly and proximately harmed" by a commission of an offense when the offense is a but-for and proximate cause of their harm. *See, e.g.*, *United States v. Goodrich*, 12 F.4th 219, 229 (2d Cir. 2021) (describing the identical language in 18 U.S.C. § 3663A). The offense is a but-for cause if the defendant's conduct was "a necessary factor in bringing about the victim's harm." *Id.* And the offense is a proximate cause if the "harm was 'foreseeable' to a defendant." *Id.* While the loss must "arise from the specific conduct that is the basis of the offense of conviction," *id.* at 228 (internal quotation marks omitted), in the case of a conspiracy where an individual is convicted for an "overarching scheme," restitution is appropriate for "actions that were within and necessary to that 'single scheme.'" *United States v. Seabrook*, 968 F.3d 224, 236 n.8 (2d Cir. 2020) (quoting *United States v. Archer*, 671 F.3d 149, 171-72 (2d Cir. 2011)). That includes the "reasonably foreseeable actions" of co-conspirators, because "the defendant's 'specific conduct' in a conspiracy includes his *agreement* to the 'common plan of the conspiracy." *Goodrich*, 12 F.4th at 228.

These definitions of "victims" encompass a broader set of individuals than the set of people who are injured when all elements of an offense are met. In *Goodrich*, for instance, a securities broker-dealer "pleaded guilty to a conspiracy to manipulate" the share price of a sham company. 12 F.4th at 231. His co-defendants "arranged the sale of [the company's] shares outside the public market in a private placement," and the broker-dealer challenged his order to pay restitution for losses in the private placement, because they were not victims of *his* offense. *Id.* at 223. The private placement was not mentioned in his indictment, plea agreement, or plea allocution, *id.* at

225, and the broker-dealer had pleaded guilty to manipulate the share price "rather than to execute the private placement, *id.* at 231. But that was "not conclusive": "[t]he key question . . . is whether the losses suffered by the private placement victims were 'directly and proximately' caused by the conspiracy to manipulate the public share price." *Id.* (quoting 18 U.S.C. § 3663A(a)(2)); *see id.* at 234 (reversing because the record lacked adequate evidence of proximate causation); *see also, e.g.*, *United States v. Oladimeji*, 463 F.3d 152, 159 (2d Cir. 2006) (affirming restitution for losses caused by fraudulent use of credit cards where defendant was convicted of possession of the cards with intent to defraud).

Under these principles, Minor Victim-3 is a victim of the Mann Act conspiracies. Those conspiracies operated through a pattern of recruiting minor girls, grooming them, asking them to massage Epstein, and then sexualizing the massages, from 1994 to 2004, across Epstein and the defendant's various properties. (*See* 11/05/21 Gov't Letter at 5-6, 9). It was reasonably foreseeable to the defendant that she and Epstein's efforts to recruit the girls to whom Epstein was sexually attracted would include recruiting a seventeen-year-old—Minor Victim-3—in the course of that conspiracy. And but for that recruitment, Minor Victim-3 would not have been harmed. *See United Sates v. Ray*, 337 F.R.D. 561, 570 (S.D.N.Y. 2020) ("The definition of victim under the CVRA is expansive. It is not limited to those, such as Jane Doe-1 and Jane Doe-2 who allegedly were victims of physical abuse."); *cf., e.g.*, *United States v. Battista*, 575 F.3d 226, 231 (2d Cir. 2009) ("Although Battista did not defraud the NBA directly, we conclude that the district court properly characterized the NBA as a 'victim' . . . because the NBA was harmed by the conduct committed during the course of the conspiracy to transmit wagering information."). Consider, for instance, a robbery crew that conspired to commit Hobbs Act robberies. If the crew robbed a business that was not engaged in interstate commerce, the elements of the offense could

not be satisfied as to that business. But the harms to the business would be directly and proximately caused by actions taken in furtherance of the scheme, qualifying the business as a victim. So too here.

It is no answer to say, as the defense has argued, that Epstein's conduct with respect to Minor Victim-3 was legal. For the purposes of setting forth the elements of the charged crime, the Court must of course draw a clear line at the age of consent.[2] But the definition in the CVRA and VWPA "is certainly broad," *Battista*, 575 F.3d at 231, and is broader than the elements of the offense. Thus, in assessing whether Minor Victim-3 is a "victim" under these definitions—and in assessing the admissibility of her testimony—such a clear line is neither required nor proper. Epstein and the defendant were not checking victims' identifications at the door to ensure they were above the age of consent in whichever location they were at the time. Just as Epstein's prurient interest in girls did not switch off at midnight of their 17th birthday, neither did it toggle on and off as his plane crossed into jurisdictions with different ages of consent. Rather, Epstein and the defendant were engaged in a wide-ranging conspiracy to recruit girls for sexual abuse in multiple jurisdictions with differing ages of consent. The core of the conspiracy was the agreement to engage in the criminal conduct, and it does not matter whether the elements of the substantive crimes of transportation or enticement were completed or attempted to be completed as to Minor Victim-3. *See Salinas v. United States*, 522 U.S. 52, 65 (1997). That is why Epstein's abuse of Minor Victim-3 is properly included in the indictment and why Epstein's abuse of Minor Victim-3's testimony is direct evidence of the conspiracy. If Minor Victim-3 was directly and proximately

---

[2] It bears noting that the Mann Act contemplates that children under the age of 18 are victims of the offense, though in this case that is limited by the New York object charged in the Indictment. *See, e.g.*, 18 U.S.C. § 2423(a) (criminalizing the transportation of an individual "who has not attained the age of 18" for purposes of illegal sexual activity).

harmed by conduct in furtherance of the conspiracy—and she was—then she is a "victim" under the relevant statutes.

Finally, Minor Victim-3 is also a "victim" for purposes of Federal Rule of Evidence 412, because she is clearly someone who "can reasonably be characterized as a 'victim of alleged sexual misconduct.'" Fed. R. Evid. 412, Advisory Committee Notes (1994). Given Rule 412's broad application in not just criminal cases but also civil cases such as claims of sexual harassment, *see Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir. 2000), it cannot be read to define victims as only those individuals whose victimization would alone satisfy all of the elements of a charged crime. As set forth above, Epstein's conduct with respect to Minor Victim-3 is plainly "alleged sexual misconduct," and therefore she is a victim as defined in Rule 412.

For these reasons, Minor Victim-3 is a "victim" under the provisions of federal law discussed above. Moreover, the Government respectfully submits that even if its reading of these provisions is incorrect, that does not affect the admissibility of Minor Victim-3's testimony as direct evidence: evidence that does not itself establish every element of the charged crime may nevertheless be admissible as direct evidence. *See, e.g.*, *United States v. Gonzalez*, 110 F.3d 941, 942 (2d Cir. 1997); *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). And Minor Victim-3's status as a "victim" under the foregoing provisions of law certainly does not affect the admissibility of her testimony under Rule 404(b), which permits the admission of other act testimony that almost by definition does not satisfy the elements of the charged crime. The testimony should be admitted.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: \_\_\_\_s/_____
    Alison Moe
    Lara Pomerantz
    Andrew Rohrbach
    Assistant United States Attorneys
    Southern District of New York

Cc: Defense Counsel