**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

November 11, 2021

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:  *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

On behalf of our client, Ghislaine Maxwell, we respectfully submit this letter in response to (i) the government's November 5, 2021 letter in further opposition to Ms. Maxwell's Motion *in Limine* to Exclude Evidence Related to Accuser-3 (Dkt. 387), and (ii) the government's November 7, 2021 letter in response to the Court's order, dated November 6, 2021, directing the government "to state its position as to whether this anticipated witness could be deemed a victim of any of the crimes charged in the indictment for **any** legal purpose." (Dkt. 417).  For the reasons set forth below and in our prior motion, the evidence related to Accuser-3 is not direct evidence of *any* of the conspiracies charged in the S2 Indictment and is improper propensity evidence that should be excluded under Rule 404(b) and Rule 403 of the Federal Rules of Evidence.

### I.  Accuser-3's Evidence Is Not Direct Evidence of Any Conspiracy Charged in the S2 Indictment

The Court asked the government to do two things at the November 1, 2021 pretrial conference concerning the admissibility of Accuser-3's evidence: (i) provide additional briefing on why Accuser-3's evidence could potentially be admitted as direct evidence of the sex trafficking conspiracy charged in Count Five, and (ii) outline in further detail Accuser-3's

2049808.1

The Honorable Alison J. Nathan
November 11, 2021
Page 2

anticipated testimony that might be admissible as Rule 404(b) evidence with respect to the Mann Act conspiracies and propose an appropriate limiting instruction. *See* 11/1/2021 Tr. at 88:5-16. Despite being given these clearly defined tasks, the government spends a significant portion of its November 5 letter rearguing its position that the evidence related to Accuser-3 is direct evidence of the Mann Act conspiracies charged in Counts One and Three of the Indictment. *See* 11/5/2021 Ltr. at 5-6. The Court has already correctly determined that Accuser-3's evidence is not direct proof of the Mann Act conspiracies and cannot be offered for that purpose:

> The evidence related to alleged Victim-3, as the government describes her, *is not direct evidence of the conspiracy charged in Counts One and Three of the indictment*. Counts One and Three charge the defendant with conspiracy to entice minors to travel to engage in illegal sex acts and conspiracy to transport minors with intent to engage in criminal sexual activity.
>
> The parties agree that alleged Victim-3 was 17 at the time she was acquainted with the defendant and Epstein in London, England where the age of consent is 16. Moreover, she can't recall, and the government wouldn't be able to establish that she was invited to travel with the defendant when she was 17 or 18. And because the alleged victim was over the age of consent in all relevant jurisdictions and, therefore, any alleged sexual activity was lawful, the alleged conduct does not arise out of the same transactions or series of transactions as the charged offense. It's not inextricably intertwined with the evidence, again with respect to the Mann Act, and it's not necessary to complete the story of the crime on trial, so *I don't think it can be direct evidence of the Mann Act counts*.

11/1/2021 Tr. at 86:9-87:4 (emphasis added). In so finding, the Court rejected all of the reasons that the government offers (again) to admit this evidence as direct proof of the Mann Act conspiracies. The government has given the Court no reason to change its initial finding and it should decline to do so.

2049808.1

The government devotes only a single paragraph to explaining why Accuser-3's evidence is admissible as direct evidence of the sex trafficking conspiracy charged in Count Five. *See* November 5 Ltr. at 6-7. The few reasons the government does give are meritless. The government starts by asserting that Accuser-3's evidence is admissible to prove the sex trafficking conspiracy for the same reasons that it is admissible to prove the Mann Act conspiracies – reasons which the Court has already rejected. *See id*. at 6. The government then makes the puzzling assertion that Accuser-3's evidence is admissible because it "demonstrates the reasons for a co-conspirator's participation in the conspiracy." *Id*. Specifically, the government asserts that the evidence shows that (1) "minors who gave sexualized massages to Epstein were compensated," which the government contends is proof that Ms. Maxwell and Epstein "recruited and enticed girls to engage in commercial sex acts"; and (2) "Epstein was sexually attracted to girls of a certain age, typically under the age of eighteen," which the government contends is proof that Ms. Maxwell and Epstein engaged in sex trafficking of minors under the age of eighteen. *Id*. at 6-7.

These arguments are misguided and unpersuasive. First, neither of the two specific bases for admission speaks to "the reasons for" Ms. Maxwell's alleged participation in the sex trafficking conspiracy, as the government claims. Second, the two specific bases for admission are legally and factually flawed.

As to the issue of compensation, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The Honorable Alison J. Nathan
November 11, 2021
Page 4



Hence, even if we assume for the sake of argument that everything Accuser-3 told the government is true (which we do not concede), her testimony would not in any way establish that "*minors* who gave sexualized massages to Epstein were compensated." Accuser-3, quite simply, was not under the age of eighteen and was therefore not a minor (under any relevant federal or state statute) when she allegedly ███████████. Second, as a factual matter, the government is talking out of both sides of its mouth. The government cannot offer Accuser-3's testimony as proof of a sex trafficking conspiracy when ███████████████████████████████████████████████ Accuser-3's own statements therefore eliminate any basis for the admission of her testimony as direct evidence of Count Five.

As to the issue of Epstein's sexual attraction to young women, the government is once again impermissibly attempting to use an example of entirely legal conduct as proof of a conspiracy to engage in illegal conduct. Accuser-3's evidence does not show that Epstein was attracted to *underage* girls. At most, it shows that he was attracted to young women above the age of consent, which is neither a crime nor evidence of a crime. The Court recognized this distinction at the November 1 conference in the discussion of Accuser-3's evidence:

> MS. MOE: … I think as a matter of common sense, a jury understanding that the defendant is willing to provide Epstein with a girl at the age of 17 would certainly speak to her knowledge of his sexual preferences.
>
> THE COURT: Why doesn't it speak to a knowledge of sexual preferences to someone just above the age of consent?

The Honorable Alison J. Nathan
November 11, 2021
Page 5

11/1/2021 Tr. at 77:3-77:9. The government could not answer the Court's question, which was exactly on point. Setting aside that proof of Epstein's "sexual preferences" is impermissible propensity evidence (discussed further below), at most, Accuser-3's evidence would show that Epstein was engaged in legal sexual activity with someone over the age of consent and that Ms. Maxwell allegedly knew that he was engaged in such legal activity. Hence, her evidence is no more admissible as direct proof of the sex trafficking conspiracy than it is of the Mann Act conspiracies. The bases for admitting Accuser-3's evidence suffer from the same logical and legal defects that the Court already identified with respect to the Mann Act counts. It should therefore not be admitted as direct evidence of Count Five.

### II. Accuser-3's Evidence is Improper Propensity Evidence that Is Inadmissible Under Rule 404(b) and Rule 403

Accuser-3's evidence is also inadmissible under Rule 404(b) and Rule 403. Recognizing that Accuser-3's evidence will likely not be admissible as direct evidence of the charged conspiracies in light of the Court's prior findings, the government attempts to bootstrap her evidence into the case by arguing that it is admissible for various purposes under Rule 404(b). *See* November 5 Ltr at 7-11. Although the government tries to frame this evidence in terms of permissible 404(b) purposes, such as Ms. Maxwell's knowledge, motive, intent, etc., it is evident from the government's submissions and its comments at the last two court conferences that it intends to offer this evidence for an impermissible propensity purpose; namely to establish that Jeffrey Epstein had "sexual preference" for young girls and to argue that he acted in conformity with that preference with Accuser-3 and therefore must have done so as well with the other Accusers. *See id.* at 7 n.2; 11/1/2021 Tr. at 77:3-77:12. Such evidence is not admissible under

2049808.1

The Honorable Alison J. Nathan
November 11, 2021
Page 6

Rule 404(b) and should be excluded.  *See* Fed. R. Evid. 404(b)(1) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."); *see also United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (Rule 404(b) evidence "serves a proper purpose so long as it is not offered to show the defendant's propensity to commit the offense").

The government has been completely candid that its primary purpose for introducing Accuser-3's evidence is to show Epstein's alleged "sexual preference" for young girls and Ms. Maxwell's purported knowledge of his sexual preference.  In support of its argument, the government has frequently pointed to a particular anecdote in Accuser-3's testimony in which she claims that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  But this anecdote highlights why admitting Accuser-3's testimony for this purpose is both logically flawed and legally impermissible.[1]

First, as a factual matter, this testimony does not show Epstein's "sexual preference" for underaged girls or Ms. Maxwell's knowledge of that alleged preference.  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

---

[1] To be clear, the admissibility of Accuser-3's testimony about ▆▆▆▆▆▆▆ is a separate topic that has been separately briefed and argued.  We discuss this anecdote here to refute the admissibility of Accuser-3's testimony to prove Epstein's alleged "sexual preference" for young girls.

The Honorable Alison J. Nathan
November 11, 2021
Page 7

While some may find this morally reprehensible, or even repugnant, it is perfectly legal and does not in any way establish a "sexual preference" for *underage* girls. Moreover, to the extent the government is seeking to introduce Accuser-3's evidence to show Epstein's sexual preference for "*young* girls"—which would include women who are young, but still above the age of consent like Accuser-3—that would mislead the jury and invite them to convict Ms. Maxwell based on a moral judgment of sexual activity which, in the case of Accuser-3, was entirely legal.

Second, Epstein's "sexual preference" is impermissible propensity evidence that is inadmissible under Rule 404(b). Epstein's alleged "sexual preference" is evidence of his character. By its own admission, the government wants to use Accuser-3's testimony to prove this aspect of Epstein's character and argue that he acted in accordance with this character with the other Accusers. That is classic propensity evidence that cannot be admitted under Rule 404(b). *See United States v. Buczkowski*, No. 5:08-CR-159-F, 2009 WL 10681888, at *1 (E.D.N.C. Jan. 26, 2009) (testimony that the victim began having sex with the defendant as an adult at age 16 "is relevant only to prove propensity of the Defendant's sexual preference for young females" and is inadmissible under Rule 404(b)).

The government's proposed bases for admitting Accuser-3's evidence under Rule 404(b) are also unavailing. As previously argued, Accuser-3's evidence does not show that Ms. Maxwell knew Epstein engaged in sexualized massages with underaged girls. *See* November 5 Ltr. at 7-8. At most, it establishes that she allegedly knew that he engaged in sexualized massages with *adult* women. Similarly, her evidence does not show that Ms. Maxwell had a motive to obtain underaged girls to satisfy Epstein's sexual desires. *See id.* at 8. At most, it shows that she

2049808.1

The Honorable Alison J. Nathan
November 11, 2021
Page 8

allegedly had a motive to obtain young women, but not *underaged girls*, to satisfy Epstein. Accuser-3's evidence is simply not probative of any proper 404(b) purpose.

Furthermore, admitting Accuser-3's evidence for these purposes would conflict with the Court's preliminary rulings at the November 10th conference concerning the permissible scope of Accuser-3's testimony. The Court recognized that allowing Accuser-3 to testify about her sexual acts with Epstein would create a significant risk that the jury will convict Ms. Maxwell on an improper premise that these sex acts were illegal. Admitting Accuser-3's testimony to prove Ms. Maxwell's knowledge, intent, motive, etc. would be at odds with that ruling. For Accuser-3's testimony to be admitted as proof that Ms. Maxwell knew that Epstein's massages were sexualized, for example, Accuser-3 would have to testify that she engaged in sex acts with Epstein during her massages. The same is true if her testimony is offered to show Ms. Maxwell's motive or intent, or the *modus operandi* of the charged conspiracies. Accordingly, Accuser-3's evidence should not be admitted under Rule 404(b).

Finally, whatever minimal relevance (if any) that Accuser-3's testimony may have as 404(b) evidence is dwarfed by the significant prejudice Ms. Maxwell will suffer if it is admitted. The government has already advised the Court and the defense repeatedly that Accuser-3 feels that she was "sexually abused" by Epstein and that her sexual contact with Epstein was "unwanted and traumatic." November 5 Ltr. at 12; *see also* 11/1/2021 Tr. 75:23-76:01. The government has also cautioned that Accuser-3 will likely become emotional and upset if she allowed to describe these events to the jury. The defense does not doubt that this is true. That is precisely why the Court must exclude Accuser-3's evidence under Rule 403. As the Court has already recognized, such

The Honorable Alison J. Nathan
November 11, 2021
Page 9

testimony will pose a significant risk that the jury will convict Ms. Maxwell based on their sympathy for Accuser-3, even though the conduct she alleges was legal. *See* 11/1/2021 Tr. at 89:21-90:02 ("You see the potential, given the legality of the conduct with respect to this individual, that the sort of feelings as to the immorality or wrongness or damage done to this individual, all of which may be true, would have the potential to prejudice the jury by convicting on a basis for which conviction the government has conceded would be inappropriate, would be unlawful."). Moreover, a limiting instruction would be insufficient to overcome the jury's likely strong emotional response to Accuser-3's testimony, leaving a substantial risk that the jury would misapply this evidence and convict Ms. Maxwell on an improper basis. *See Curley*, 639 F.3d at 60 (quoting *United States v. Figueroa*, 618 F.2d 934, 946 (2d Cir. 1980) ("limiting instructions cannot be regarded as a guaranty against prejudice")). Accordingly, the Court should exclude Accuser-3's evidence for any purpose.

### III.  Should the Court Admit Accuser-3's Evidence, It Must Give the Jury An Appropriate Limiting Instruction

Should the Court determine that Accuser-3's evidence is admissible under Rule 404(b), it must give the jury the following limiting instruction, as set forth in Ms. Maxwell's initial motion *in limine*:

> You have heard testimony from this witness about sexual activity between her and Jeffrey Epstein that occurred in the United Kingdom when she was above the age of 16, in Florida when she was above the age of 18, and in the U.S. Virgin Islands when she was above the age of 18.
>
> For the purposes of your deliberations, I instruct you that at all times relevant to this case the legal age of consent for sexual activity in the United Kingdom was 16 years old, the legal age of

The Honorable Alison J. Nathan
November 11, 2021
Page 10

> consent in Florida was 18 years old, and the legal age of consent in the U.S. Virgin Islands was 18 years old.
>
> The alleged conduct that Accuser-3 has described in her testimony was therefore not illegal. If you find that these incidents took place, I instruct you that this sexual activity cannot be considered "illegal" or "criminal" or "unlawful" for purposes of the crimes charged in the indictment.
>
> I further instruct you that you cannot convict Ms. Maxwell on the basis of [Accuser-3's] testimony alone. You must find that other evidence satisfies each and every element of the crimes charged.[2]

Also, before Accuser-3 begins her testimony, the defense requests that the Court give the jury the following propensity instruction:

> You will hear testimony from the next witness about sex acts between the witness and Jeffrey Epstein. You may not consider this testimony as any kind of reflection on Ms. Maxwell's character or propensity to commit any of the crimes charged in this indictment. This testimony is being admitted for a limited purpose and you may consider the testimony only to the extent it bears on Ms. Maxwell's knowledge or intent and for no other purpose.[3]

Furthermore, if the Court admits Accuser-3's evidence under Rule 404(b), the defense requests that the Court redact all allegations concerning Accuser-3 from the S2 Indictment to ensure that the jury does not impermissibly consider her evidence as direct proof of the charged conspiracies.

Finally, at the November 10th conference, the Court asked the defense to propose a limiting instruction addressing sexual conduct involving any witness that occurred after the relevant age of

---

[2] The last part of the proposed instruction incorporates the government's concession that Ms. Maxwell cannot be convicted based solely on Accuser-3's evidence due to the statute of limitations. *See* November 5th Ltr. at 12.

[3] Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 5-25.

The Honorable Alison J. Nathan
November 11, 2021
Page 11

consent. The defense proposes the following instruction, which is modeled on the proposed instruction for Accuser-3:

> You have heard testimony from this witness about sexual activity between her and Jeffrey Epstein that occurred [*choose all that apply*: in Florida when she was above the age of 18; in the U.S. Virgin Islands when she was above the age of 18; in New York when she was above the age of 17; in New Mexico when she was above the age of 16; in the United Kingdom when she was above the age of 16].
>
> For the purposes of your deliberations, I instruct you that at all times relevant to this case the legal age of consent for sexual activity [*choose all that apply*: in Florida was 18 years old; in the U.S. Virgin Islands was 18 years old; in New York was 17 years old; in New Mexico was 16 years old; in the United Kingdom was 16 years old].
>
> If you find that the witness engaged in sexual activity after she was above the relevant age of consent, I instruct you that any such sexual activity was lawful and cannot be considered "illegal" or "criminal" or "unlawful" for purposes of the crimes charged in the indictment.

### IV.   Accuser-3 Cannot Be Considered a "Victim" for Any Legal Purpose

The Court ruled at the November 10th hearing that Accuser-3 could not be considered a "victim" of the crimes charged in the S2 Indictment and that the government should not refer to her as a "victim" or a "minor." Accordingly, there is no need for the defense to respond to the government's November 7th Letter.

                                                                           Respectfully submitted,

                                                      /s/ Christian Everdell
                                                   Christian R. Everdell
                                                   **COHEN & GRESSER LLP**
                                                   800 Third Avenue, 21st Floor

The Honorable Alison J. Nathan
November 11, 2021
Page 12

        New York, New York 10022
        (212) 957-7600

cc:     All Counsel of Record (By ECF)