UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/23/21
```

United States of America,

—v—

Ghislaine Maxwell,

                    Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

As discussed at today's conference, attached is the Court's draft preliminary instructions

for the sworn jury.  The Court has considered both parties' proposed instructions as to the

Court's order that certain witnesses be permitted to testify or be referred to by first name only or

pseudonym.  Dkt. No. 432.  The draft preliminary instructions include a limiting instruction

regarding this process.

The parties may suggest any proposed edits to the preliminary instructions by letter on or

before November 27, 2021, or they shall indicate by that date that they have no objections or

suggestions.

SO ORDERED.

Dated: November 23, 2021
       New York, New York

_____
      ALISON J. NATHAN
   United States District Judge

1

20cr330, *United States v. Maxwell*
DRAFT – November 23, 2021

1    **<u>Preliminary Instructions to the Sworn Jury</u>**

2    **Order of Trial**

3        Now that you have been sworn, let me give you some instructions about

4    your duties as jurors.  At the end of the trial I will give you more detailed

5    instructions, and those instructions will control your deliberations in this case.  But

6    for now, let me explain how the trial will proceed.

7        The first step in the trial will be opening statements.  The government will

8    make an opening statement.  After that, I expect the lawyers for the defendant to

9    make an opening statement as well.  Those statements are not evidence.  They

10   serve no purpose other than to give you an idea in advance of the evidence that the

11   lawyers expect you to hear from the witnesses.  Those statements permit the

12   lawyers to tell you a little bit of what the case is all about, but the only evidence

13   comes from the witnesses and the exhibits.

14       After opening statements, the government will present its evidence.  The

15   government's evidence will consist of the testimony of witnesses as well as

16   documents and exhibits.  The government will examine the witnesses, and then the

17   defendant's lawyers may cross-examine them.  Following the government's case,

18   the defendant may present a case if she wishes.  Again, because of the presumption

19   of innocence, the defendant is not required to offer any proof.  If the defendant

1   does present a defense case, the defense witnesses will testify, and the government

2   will have the opportunity to cross-examine them.

3        After the presentation of evidence is completed, the parties will deliver their

4   closing arguments to summarize and interpret the evidence.  Just as the parties'

5   opening statements are not evidence, their closing arguments are not evidence

6   either.

7        Following closing arguments, I will instruct you on the law.  Then, you will

8   retire to deliberate on your verdict, which must be unanimous and must be based

9   on the evidence or lack of evidence presented at trial.  Your deliberations are

10  secret.  You will never have to explain your verdict to anyone.

11       As I've told you, under the law, a defendant in a criminal case is presumed

12  innocent and cannot be found guilty of the crimes charged unless a jury, after

13  having heard all of the evidence in the case, unanimously decides that the evidence

14  proves the defendant guilty beyond a reasonable doubt.

15       In a criminal case the burden of proof remains with the prosecution — the

16  government.  For the jury to return a verdict of guilty as to the defendant, the

17  government must prove that the defendant is guilty beyond a reasonable doubt.  A

18  person charged with a crime has absolutely no burden to prove that she is not

19  guilty, and if the defendant chooses not to present any proof, that decision cannot

20  be held against her and may not enter into your deliberations at all.  I will,

1   however, instruct you fully on the burden of proof after all of the evidence has

2   been received.

3

4   **The Judge's and Jury's Role**

5       Now, let me explain the jobs that you and I are to perform during the trial.  I

6   will decide which rules of law apply to this case.  I will decide that by making

7   legal rulings during the presentation of the evidence, and also — as I told you — in

8   giving the final instructions to you after the evidence and arguments are completed.

9       In order to do my job, I may have to interrupt the proceedings from time to

10   time to confer with the parties about the rules of law that should apply here.

11   Sometimes we will talk here, at the bench, outside of your hearing.  But some of

12   these conferences may take more time than others, so, as a convenience to you, I

13   may excuse you from the courtroom.  I will try to avoid such interruptions as much

14   as possible, but please be patient and understand that these conferences are

15   necessary to ensure the fairness of the trial and often make the trial go faster.

16       While I decide the law that applies to this case, you, ladies and gentlemen of

17   the jury, are the triers of fact.  You will weigh the evidence presented and decide

18   whether the government has proved beyond a reasonable doubt that the defendant

19   is guilty of the charges in the indictment.  You must pay close attention to all of the

1    evidence presented, and you must base your decision only on the evidence in the

2    case and my instructions about the law.

3

4    **What Is and Isn't Evidence**

5          What, then, is evidence?  Evidence consists only of the testimony of

6    witnesses, documents and other things admitted as evidence, or stipulations agreed

7    to by the parties.  Some of you probably have heard the terms "circumstantial

8    evidence" and "direct evidence."  Do not be concerned with these terms.  You are

9    to consider all the evidence given in this trial.

10         Certain things are not evidence and must not be considered by you.  The

11   following is a list of what is <u>not</u> evidence:

12         <u>First</u>, arguments, statements, and questions by the lawyers are not evidence.

13   Nor are statements I make or questions I ask of a witness.

14         <u>Second</u>, objections to questions are not evidence.  The lawyers have an

15   obligation to make an objection when they believe evidence being offered is

16   improper under the rules of evidence.  You should not be influenced by the

17   objection or by my rulings on them.  If the objection is sustained, ignore the

18   question and any answer that may have been given.  If it is overruled, treat the

19   answer like any other.  If you are instructed that some item of evidence is received

20   for a limited purpose only, you must follow that instruction.

1    <u>Third</u>, testimony that I have excluded or told you to disregard is not

2    evidence and must not be considered.

3    <u>Fourth</u>, anything you may have seen or heard outside the courtroom is not

4    evidence and must be disregarded.  You are to decide the case solely on the

5    evidence presented here in the courtroom.

6

7    **Evaluating the Evidence**

8    There is no formula to evaluate testimony or exhibits.  For now, suffice it to

9    say that you bring with you into this courtroom all of the experience and

10   background of your lives.  Do not leave your common sense outside the courtroom.

11   The same types of tests that you use in your everyday dealings are the tests that

12   you should apply in deciding how much weight, if any, to give to the evidence in

13   this case.

14   The law does not require you to accept all of the evidence admitted at trial.

15   In determining what evidence you accept, you must make your own evaluation of

16   the testimony from each of the witnesses and the exhibits that are received in

17   evidence.

18   It is essential, however, that you keep an open mind until you have heard all

19   of the evidence in the case.  A case can be presented only step by step, witness by

20   witness, before all evidence is before you.

1          As you know from experience, you can hear one person give his or her

2     version of an event and think it sounds very impressive or even compelling, and

3     yet, upon hearing another person's version of the same event — or even the same

4     person cross-examined with respect to the event — things may seem very different.

5     In other words, there may be another side to any witness's story.

6          You should use your common sense and good judgment to evaluate each

7     witness's testimony based on all of the circumstances.  Again, I cannot emphasize

8     too strongly that you must keep an open mind until the trial is over.  You should

9     not reach any conclusions until you have all the evidence before you.

10         As I mentioned during jury selection, this case has received, and will

11    continue to receive, significant attention in the media. To protect their privacy, I

12    have permitted witnesses, if they choose, to be referred to in open court by either

13    their first name or a pseudonym.  The full names of the witnesses are known to the

14    Government, the defendant, and to the Court, and were shown to you during jury

15    selection. This process should not bear in any way on your evaluation of the

16    evidence in this case.

1    **Rules of Conduct**

2          Finally, let me caution you about certain rules and principles governing your

3    conduct as jurors in this case.  <u>First</u>, you must not talk to <u>each other</u> about this case

4    or about anyone who has anything to do with it until the end of the case when you

5    go to the jury room to decide your verdict.  The reason for this requirement is that

6    you must not reach any conclusion on the charges until all of the evidence is in.

7    As I have said, keep an open mind until you start your deliberations at the end of

8    the case.

9          <u>Second</u>, do not communicate with <u>anyone else</u> about this case or about

10   anyone who has anything to do with it until the trial has ended and you have been

11   discharged as jurors.  Anyone else includes members of your family and your

12   friends.  And no communicating about the case means no communicating on your

13   cell phone, iPhone, Blackberry, text messaging, websites, internet chat rooms,

14   email, social media websites or applications (including Facebook, Instagram,

15   Twitter, LinkedIn, YouTube, Reddit, etc.) – or by any other means.  I know in this

16   day and age there is temptation to look to these devices or means of

17   communication, but with your oath you are making a commitment to resist that

18   temptation.  You may tell your family and friends that you are a juror in a criminal

19   case, but you may not tell them anything else about it until you have been

20   discharged by me.

1     Third, do not let anyone talk to you about the case or about anyone who has

2     anything to do with it.  If any person should attempt to communicate with you

3     about this case at any time throughout the trial, either in or out of the courthouse,

4     you must immediately report that to my Deputy, Ms. Williams, and to no one else.

5     Ms. Williams will report it to me.  When I say report that communication to no one

6     else, I mean that you should not tell anyone, including your fellow jurors.

7     To minimize the probability of any such improper communication, it is

8     important that you go straight to the jury room when you come in in the morning

9     and that you remain in the jury room for the duration of the trial day.  You should

10    not linger in the public areas of the courthouse, on this floor or elsewhere on your

11    way in and out.

12    Fourth, do not do any research or any investigation about the case or about

13    anyone who has anything to with the case on your own.  Don't go visit any place

14    described in the trial.  Don't read or listen to or watch any news reports about the

15    case.   Don't go on the internet or use whatever digital or communications device it

16    is you use to see what you can learn to inform yourself about this matter.

17    Again, I know that in this day and age, there is temptation, but as I have

18    made clear throughout the process so far, this rule is very very important.  That is

19    because your decision in this case must be made solely on the evidence or lack of

20    evidence presented at the trial.  In other words, all that you need to know will be

1    presented here in open court by the parties.  This is critically important to ensuring

2    a fair trial – which I know that all of you would want if you were a party in this

3    Court and I have no doubt is what you want for the parties who are here today.  I

4    expect you to inform me immediately through Ms. Williams if you become aware

5    of another juror's violation of these instructions.

6        <u>Finally</u>, each of you has been given a notebook and pen.  That is because I

7    permit jurors to take notes.  But you do not have to take notes.  Notes are just an

8    aid to your own recollection.  The court reporters in this case record everything

9    that is said in the courtroom and any portion of the testimony can be read back to

10    you during your deliberations.   If you do take notes, be aware that note-taking may

11    distract you from something important that is happening on the witness stand.

12    Whether or not you take notes, rely on your own recollections, and don't be

13    influenced by the fact that another juror has taken notes.  If you do take notes, all

14    notes must be left each day in the jury room.  Ms. Williams will make sure that

15    they are secure.

16        From this point until the time when you retire to deliberate, it is your duty

17    not to discuss this case with anyone and not to remain in the presence of other

18    persons who may be discussing this case—this includes discussions even with

19    members of your own family, and your friends.   In this regard, please understand

20    that the parties and counsel in this case have been instructed to have no contact

9

1   with any of you, not even to offer a friendly greeting.  So if you happen to see any

2   of them outside this courtroom, and they do not acknowledge you, say hello, or

3   make small talk, please do not take offense.  They are not being rude — they are

4   simply following my instructions.

5

6   **Conclusion**

7         That concludes my preliminary instructions to you.  Now we will begin with

8   the initial stage of the case, which, as I said to you, is opening statements, and we

9   are going to begin with the government.

10        Let me just note, as I said in the beginning of jury selection, we are in an

11  outfitted courtroom for COVID times.  The witness will be in this Plexiglass box

12  that has a HEPA filter, and they will remove their mask to testify when we have

13  witnesses testify. The lawyer who will be questioning them and the lawyer during

14  opening statements will be in that Plexiglass box with the HEPA filter, and they

15  will be permitted to remove their mask while they provide opening statements, as

16  well.

17        So at this time I am going to ask all of you to give your undivided attention

18  to the lawyers as they make their opening statements.