UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- x
　　　　　　　　　　　　　　　　　　　　　　:
　UNITED STATES OF AMERICA　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　　　　　　:　　20 Cr. 330 (AJN)
　　　　　　　　　　　　　　　　　　　　　　:
　GHISLAINE MAXWELL,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　Defendant.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
-------------------------------------------------- x

## GHISLAINE MAXWELL'S RESPONSE TO THE GOVERNMENT'S MOTION TO PRECLUDE EXPERT TESTIMONY OF DR. RYAN HALL, BENNETT GERSHMAN, ROBERT KELSO, JOHN LOPEZ, GERALD LAPORTE, AND JENNIFER NASO

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

# TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION AND SUMMARY OF THE ARGUMENT ..................................... 1

ARGUMENT .................................................................................................................. 1

I.   Dr. Hall's Testimony Is Admissible. ...................................................................... 1

   A.   Factual background. ......................................................................................... 3

   B.   The government's motion is not a Rule 702 challenge...................................... 5

   C.   Excluding Dr. Hall's expert opinions would deprive Ms. Maxwell of her constitutional rights to confrontation and to present a defense. .................................. 6

     1.   ████████████████████████████.......................................... 7

     2.   ████████████████████████████........................... 12

     3.   Dr. Hall's opinions are not unfairly prejudicial under Rule 403. ............... 14

     4.   Rule 703 does not bar Dr. Hall from testifying. ........................................ 14

     5.   Dr. Hall's "fact testimony." ....................................................................... 16

     6.   Conclusion. ................................................................................................ 17

II.  Professor Gershman's Testimony is Admissible. .................................................. 17

III. This Court Should Reject the Government's Remaining Arguments...................... 19

CONCLUSION .............................................................................................................. 19

Certificate of Service ................................................................................................... 21

# TABLE OF AUTHORITIES

**Cases**

*California v. Trombetta*, 467 U.S. 479 (1984) ................................................................ 6

*Chnapkova v. Koh*, 985 F.2d 79 (2d Cir. 1993) ............................................................. 7

*Crane v. Kentucky*, 476 U.S. 683 (1986) ................................................................ 6, 17

*Davis v. Alaska*, 415 U.S. 308 (1974) ........................................................................... 6

*Delaware v. Van Arsdall*, 475 U.S. 673 (1986) ............................................................ 6

*Greene v. Wainwright*, 634 F.2d 272 (5th Cir. 1981) .................................................. 17

*In re Zyprexa Prods. Liab. Litig.*, 489 F.Supp.2d 230 (E.D.N.Y. 2007) ........................ 6

*Olden v. Kentucky*, 488 U.S. 227 (1988) ...................................................................... 6

*R.B. Ventures, Ltd. v. Shane*, No. 91 CIV. 5678 (CSH), 2000 WL 520615 (S.D.N.Y. May 1, 2000) ............................................................................................................................. 16

*United States v. Abu-Jihaad*, 630 F.3d 102 (2d Cir. 2010) ........................................... 8

*United States v. Banks*, 520 F.2d 627 (7th Cir. 1975) ................................................. 12

*United States v. Bari*, 750 F.2d 1169 (2d Cir. 1984) .................................................... 7

*United States v. Butt*, 955 F.2d 77 (1st Cir. 1992) ........................................................ 7

*United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72 (2d Cir. 2014) ..................... 8

*United States v. Cronic*, 466 U.S. 648 (1984) .............................................................. 6

*United States v. Crosby*, 462 F.2d 1201 (D.C. Cir. 1972) .......................................... 13

*United States v. DiPaolo*, 804 F.2d 225 (2d Cir. 1986) ......................................... 12, 13

*United States v. Glover*, 588 F.2d 876 (2d Cir. 1978) .................................................. 7

*United States v. Hiss*, 88 F. Supp. 559 (S.D.N.Y. 1950) ............................................. 7

*United States v. Jones*, 213 F.3d 1253 (10th Cir. 2000) ............................................. 12

*United States v. Lanham*, 541 Fed. App'x 34 (2d Cir. 2013) ........................................ 7

*United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983) ........................................ 8

*United States v. Litvak*, 808 F.3d 160 (2d Cir. 2015) ................................................... 8

*United States v. Partin*, 493 F.2d 750 (5th Cir. 1974) .................................................... 8

*United States v. Pickard*, 211 F. Supp. 2d 1287 (D. Kan. 2002) .................................. 12

*United States v. Robinson*, 583 F.3d 1265 (10th Cir. 2009) .................................... passim

*United States v. Sampol*, 636 F.2d 621 (D.C. Cir. 1980) ............................................. 12

*United States v. Sasso*, 59 F.3d 341 (2d Cir. 1995) ............................................. 3, 7, 8

*United States v. Schaffer*, 851 F.3d 166 (2d Cir. 2017) ......................................... 14

*United States v. Thompson,* 976 F.2d 666 (11th Cir. 1992)......................................... 7

*United States v. White*, 692 F.3d 235 (2d Cir. 2012) ......................................... 8, 11, 16

*United States v. Wilson*, 493 F. Supp. 2d. 469 (E.D.N.Y. 2006) ............................... 7, 12

*Washington v. Kellwood Co.*, 105 F. Supp. 3d 293 (S.D.N.Y. 2015)............................ 6

## Other Authorities

4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* (Joseph M. McLaughlin ed., 2d ed. 2009)........................................................................... 11, 13

Kenneth S. Broun, McCormick on Evidence (6th ed. 2006) ........................................ 13

## Rules

Fed. R. Evid. 401 ............................................................................................. 5, 8

Fed. R. Evid. 402 ........................................................................................ 11, 16

Fed. R. Evid. 403 ............................................................................................. 5, 13

Fed. R. Evid. 613 ............................................................................................. 15

Fed. R. Evid. 702 ......................................................................................... 1, 5, 6

Fed. R. Evid. 703 ...................................................................................... 6, 16, 17

Fed. R. Evid. 801 ............................................................................................. 15

## Constitutional Provisions

U.S. amend. VI................................................................................................. 6

U.S. Const. amends. V ..................................................................................... 6

Ghislaine Maxwell submits this Response to the Government's Motion to Preclude the Expert Testimony of Dr. Ryan Hall, Bennett Gershman, Robert Kelso, John Lopez, Gerald LaPorte, and Jennifer Naso.

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

The government claims to bring its motion under Federal Rule of Evidence 702. In reality, though, the government doesn't challenge the expertise of any of Ms. Maxwell's expert witnesses or the reliability of their opinions. Instead, training its sights almost exclusively on Dr. Hall, the government says that the opinions of Ms. Maxwell's expert witnesses are either irrelevant or unfairly prejudicial. The government also claims to lack adequate notice of some of the experts' proposed opinions.

This Court can deny the motion for the simple reason that the government is proceeding under the wrong rule at the wrong time. Because Ms. Maxwell's expert witnesses are qualified and because their opinions are reliable, their testimony is admissible under Rule 702. As for relevance and prejudice, the government's arguments are both unfounded and premature. Finally, if the government is entitled to additional notice, Ms. Maxwell will provide it.

For the reasons given below, the exclusion of Ms. Maxwell's expert witnesses would violate both her constitutional right to confrontation and her constitutional to present a defense. This Court, therefore, should deny the government's motion.

## ARGUMENT

### I.   Dr. Hall's Testimony Is Admissible.

Although the government offers some type of challenge, however conclusory, to all of Ms. Maxwell's expert witnesses, the true target of the government's motion is Dr. Ryan Hall. Dr. Hall is an eminently qualified M.D. who conducted an independent medical examination of ██████████████████████████████████████████████████ His 108-page,

detailed report, is based on extensive review of the documentary evidence, medical records, and court files, as well as a 6 ½ hour interview ███████████████ reliability of Dr. Hall's report is unquestioned and unquestionable.

From the government's perspective, however, the report's conclusions are highly problematic for its case, which is why the government is so eager to preclude Dr. Hall's testimony.

In his report, Dr. Hall documents ████████████████████████████

████████████████████████████████████████

███████████████████████████████████

███████████████████████████████

████████████████████████████████

██████████████████████

███████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

██████████████████████████████████

███████████████████████████████

████████████████

█████████████████████████████████████

██████████████████████████████████

█████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ They
are not unfairly prejudicial or otherwise inadmissible. And because the government's other
arguments are undeveloped or unsuited for resolution pretrial—the government is always free to
raise specific evidentiary objections in context—this Court should reject the government's
request to preclude Dr. Hall from testifying.

### A. Factual background.

Accuser-4, ████████████████ is the named victim in several of the counts against Ms.
Maxwell, including conspiracy. The government claims she was abused by Mr. Epstein from
2001 to 2004.

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ Mot. Ex. B. Dr. Hall reviewed ████████████

████████████ records, and interviewed ████████████████ over the course of 6 ½ hours. *Id.*
at 1, 2. Dr. Hall produced a 108-page report (which the government produced to Ms. Maxwell,
recognizing its relevance and exculpatory value).

As is relevant to the government's motion to preclude Dr. Hall from testifying, the report
addresses two areas that are essential to Ms. Maxwell's defense in this case: ████████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

      █████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████████

███████

     Finally, regarding the government's allegations in this case, Dr. Hall's report reveals that

████████████████████████████████████████████████



### B.  The government's motion is not a Rule 702 challenge.

The government's motion invokes Federal Rule of Evidence 702. That rule says:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Despite relying on Rule 702, the government's motion has little if anything to do with it.

The essence of Rule 702 are the requirements that a witness must be qualified to offer expert

opinions and that his opinions must be reliable. Fed. R. Evid. 702(b)-(d). Here, however, the

government concedes the expertise of Dr. Hall and the reliability of his opinions.

Instead of seeking relief under Rule 702, the government actually seeks relief under Rules 401 and 403, with an additional mention of Rule 703. None of the government's arguments is well taken, however, if only because, "as with an expert's qualifications and the reliability of his or her methodology, the liberality of Rule 702 insists that 'doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility unless there are strong factors such as time or surprise favoring exclusions.'" *Washington v. Kellwood Co.*, 105 F. Supp. 3d 293, 308 (S.D.N.Y. 2015) (quoting *In re Zyprexa Prods. Liab. Litig.*, 489 F. Supp. 2d 230, 288 (E.D.N.Y. 2007)).

### C.   Excluding Dr. Hall's expert opinions would deprive Ms. Maxwell of her constitutional rights to confrontation and to present a defense.

"Whether rooted directly in the Due Process Clause . . . , or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)); *see* U.S. Const. amends. V, VI. A court violates a defendant's right to present a defense when it excludes competent and reliable evidence that is central to the defense. *See Crane*, 476 U.S. at 690. The exclusion of such evidence "deprives a defendant of the basic right to have the prosecutor's case encounter and 'survive the crucible of meaningful adversarial testing.'" *Id.* at 690-91 (quoting *United States v. Cronic*, 466 U.S. 648, 656 (1984)).

The Constitution also affords Ms. Maxwell the right to confront her accusers. U.S. amend. VI; *Olden v. Kentucky*, 488 U.S. 227, 231 (1988). "[A] criminal defendant states a violation of the Confrontation Clause by showing that [she] was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to expose to the jury the facts from which jurors . . . could

appropriately draw inferences relating to the reliability of the witness.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986) (quoting *Davis v. Alaska*, 415 U.S. 308, 318 (1974)). "Cross-examination is the principal means by which the believability of a witness and the truth of [her] testimony are tested." *Davis*, 415 U.S. at 316.

### 1. ████████████████████████████

"For over [seventy] years, federal courts have permitted the impeachment of government witnesses based on their mental condition at the time of the events testified to." *See United States v. Butt*, 955 F.2d 77, 82 (1st Cir. 1992) (citing *United States v. Hiss*, 88 F. Supp. 559, 559-60 (S.D.N.Y. 1950)). As the Second Circuit has explained, "A clinical history of mental illness is probative of the credibility of the witness." *Chnapkova v. Koh*, 985 F.2d 79, 81 (2d Cir. 1993), *abrogation on other ground recognized by United States v. Lanham*, 541 Fed. App'x 34, 36 (2d Cir. 2013).

The Second Circuit has also held that a witness's mental health condition at the time of her testimony is relevant and admissible. *United States v. Sasso*, 59 F.3d 341, 347-48 (2d Cir. 1995); *see also United States v. Wilson*, 493 F. Supp. 2d. 469, 476 (E.D.N.Y. 2006).

In *United States v. Sasso*, the Second Circuit articulated this test for evaluating the admissibility of mental health condition evidence of a witness:

> In assessing the probative value of such evidence, the court should consider such factors as the nature of the psychological problem, the temporal recency or remoteness of the history, and whether the witness suffered from the problem at the time of the events to which she is to testify, so that it may have affected her ability to perceive or to recall events or to testify accurately.

*Sasso*, 59 F.3d at 347-48 (citing *Koh*, 985 F.2d at 81 (paranoid and delusional condition probative); *id.* at 81-82 (paranoid delusions five years earlier not too remote)*; United States v. Bari*, 750 F.2d 1169, 1179 (2d Cir. 1984) (more than 10 years too remote); *United States v. Glover*, 588 F.2d 876, 878 (2d Cir. 1978) (per curiam) (12 years too remote); *Butt*, 955 F.2d at

82)) (quotation omitted). *See also United States v. Thompson,* 976 F.2d 666, 671 (11th Cir. 1992) (cross-examination regarding witnesses' "mental condition during the time periods about which they were testifying" is appropriate since those "records [a]re highly probative of the witnesses' credibility (citing *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983); *United States v. Partin*, 493 F.2d 750 (5th Cir. 1974))). Applying *Sasso*, Dr. Hall's opinions are relevant and admissible.

The standard for relevance is "very low," *United States v. Litvak*, 808 F.3d 160, 190 (2d Cir. 2015) (reversing conviction based on district court's erroneous conclusion that defendant's expert evidence was irrelevant); *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012) (explaining that Rule 401 prescribes a "very low standard"), and the definition of relevance is "very broad," *United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72, 90 (2d Cir. 2014). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "To be relevant, evidence need not be sufficient by itself to prove a fact in issue, much less to prove it beyond a reasonable doubt." *United States v. Abu-Jihaad*, 630 F.3d 102, 132 (2d Cir. 2010). "[U]nless an exception applies, all 'relevant evidence is admissible.'" *White*, 692 F.3d at 246. Under the "very broad" definition and "very low" standard of relevance, all of Dr. Hall's opinions are admissible.

The government first disputes the relevance of ████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

8

████████████████████████████████████████████████████

███████████████████████

████████████████████████████████████████████

███████████████████████████████████

- ██████████████████████████████████████
- ████████████████████████
- █████████████████████████
- ████████████████████████████████████████
- ████████████████████████████████████████
  ████████████
- ███████████████████████████████████
  ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███ .

███████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████ Of course, the government does not get to decide what evidence is relevant, what relevant evidence Ms. Maxwell admits, or how Ms. Maxwell exercises her constitutional rights to present a defense and to confrontation. If evidence is relevant, the government does not get to dictate the terms of its admission, even if other evidence is "arguably more relevant." *See White*, 692 F.3d at 246 ("[U]nless an exception applies, all 'relevant evidence is admissible.'" (quoting Fed. R. Evid. 402)).

And the evidence is surely relevant. █████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████  ███  ██████

██████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████

████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

---

 ██████████████████████████████████████████████

████████████████████████████████

 █████████████████████████████████████████████

██████████████████

**2.** ████████████████████████████████

"A witness's credibility may always be attacked by showing that his or her capacity to observe, remember, or narrate is impaired. Consequently, the witness's capacity at the time of the event, as well as at the time of trial, is significant." 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 607.05[1] (Joseph M. McLaughlin ed., 2d ed. 2009). As the Second Circuit recognized in *United States v. DiPaolo*, "[i]t is, of course, within the proper scope of cross-examination to determine whether a witness was under the influence of drugs or narcotics or alcohol at the time of observation of events in dispute." *United States v. DiPaolo*, 804 F.2d 225, 229 (2d Cir. 1986); *accord Wilson v. United States*, 232 U.S. 563, 568 (1914) (morphine addiction at time of trial has "material bearing upon [a person's] reliability as a witness"); *United States v. Robinson*, 583 F.3d 1265, 1271-72 (10th Cir. 2009) (use of illegal drugs at time of alleged crime and at time of trial relevant to credibility and capacity as a witness); *United States v. Jones*, 213 F.3d 1253, 1261 (10th Cir. 2000) (use of prescription drugs relevant because drug use affects "memory, perception, or comprehension"); *United States v. Sampol*, 636 F.2d 621, 666 (D.C. Cir. 1980) ("We have recognized that it is proper to explore the drug addiction of a witness in order to attack his credibility and capacity to observe the events in question."); *United States v. Bank*s, 520 F.2d 627, 631 (7th Cir. 1975) (a judge may not forbid "inquiry into an issue such as the narcotics use during trial of an important eye-witness and central participant in the transaction at issue. Once a proper foundation has been established, through, for example, a showing of reasonably contemporaneous drug use, the issue is open for inquiry. The jury may not properly be deprived of this relevant evidence of possible inability to recollect and relate."); *United States v. Pickard*, 211 F. Supp. 2d 1287, 1292–93 (D. Kan. 2002) ("[A] witness' prior drug use may be admitted to show the effect of the drug use on the witness' memory or recollection of events.").

███████████████████████████

███████████████████████████████

██████████████████████████████

██████████████████████████████

███████████████████████████

The decision in *United States v. Robinson* is instructive. In that case—which concerned an alleged firearm sale in 2008—evidence showed the CI had a significant history of drug use dating to 2000. 583 F.3d at 1271. Records revealed a history of using opioids, alcohol, cannabis, benzodiazepine, Valium, Klonipin, Darvocet, and hydrocodone. *Id.* at 1271-72. The district court, however, forbade the defendant from cross-examining the CI on his drug use. The Court of Appeals reversed, explaining that

> [i]llegal drug use does not merely bear on the CI's veracity but also on his capacity as a witness. . . . Extensive drug use since 2000 suggests that the CI could have been under the influence at the time of the alleged firearm sale. Moreover, if the witness was under the influence of drugs or alcohol at the time he testifies, this condition is provable, on cross or by extrinsic evidence, to impeach. Had Robinson known that the CI had much more than "a little bit" of a drug problem, he certainly would have explored whether the CI was using drugs at the time of the alleged sale or at the time of trial.

*Id.* at 1272 (citing *United States v. Crosby*, 462 F.2d 1201, 1203 (D.C. Cir. 1972); 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 607.05[1] (Joseph M. McLaughlin ed., 2d ed. 2009); Kenneth S. Broun, McCormick on Evidence § 44 (6th ed. 2006)) (cleaned up).

This Court should adhere to *DiPaolo* and *Robinson* and reject the government's attempt to preclude Ms. Maxwell from what is, "of course," proper cross-examination. *DiPaolo*, 804 F.2d at 229; *see Robinson*, 583 F.3d at 1272.

### 3.   Dr. Hall's opinions are not unfairly prejudicial under Rule 403.

The government's Rule 403 argument is easily resolved. As the government well knows—and as it likes regularly to remind criminal defendants—just because evidence is prejudicial to a case or defense does not mean it is *unfairly* prejudicial. *United States v. Schaffer*, 851 F.3d 166, 182 (2d Cir. 2017) ("[T]the fact that evidence 'may be highly prejudicial' does not necessarily mean that it is 'unfairly prejudicial.'"). There is significant probative value to Dr. Hall's opinions. And the risk of unfair prejudice is minimal, and certainly not enough to substantially outweigh the probative value of the opinions. *Robinson*, 583 F.3d at 1275 ("The probative value [of mental health condition evidence] was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."). Dr. Hall will not engage in name-calling or shaming, and neither will Ms. Maxwell. "This is not a case in which a party attempts to unfairly malign a witness for distant and relatively minor mental health issues" or unrelated and irrelevant drug use. *See id.* If the Court is concerned about any unfair prejudice, that concern can be addressed with a limiting instruction.

### 4.   Rule 703 does not bar Dr. Hall from testifying.

The government makes a last-ditch effort to preclude Dr. Hall from testifying by invoking Rule 703. That Rule recognizes the reality that expert witnesses form their opinions in reliance on evidence that might not itself be independently admissible—*e.g.*, hearsay.

Here, however, Rule 703 poses no barrier to Dr. Hall's testimony, because the bases of his opinion *are* independently admissible and, even if they weren't, their probative value substantially outweighs their prejudicial effect.

Federal Rule of Evidence 703 says:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject,

14

> they need not be admissible for the opinion to be admitted. But if the facts or data
> would otherwise be inadmissible, the proponent of the opinion may disclose them
> to the jury only if their probative value in helping the jury evaluate the opinion
> substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

There is no dispute that experts in Dr. Hall's field reasonably rely on the kinds of facts and data he relied on in forming his opinions. These facts and data, moreover, *are* otherwise admissible.

Dr. Hall relied primarily on an interview with ██████████████████ statements to Dr. Hall are not inadmissible hearsay. ██████████████████████████████  ██████████████████████████ admissible because they are statements made for medical diagnosis under Rule 803(4) and because they are statements of then-existing mental, emotional, or physical condition under Rule 803(3). Offered not for their truth, the statements are admissible for their effect on Dr. Hall in forming his opinions. They are also admissible as prior inconsistent statements under Rule 613.

Dr. Hall also relied on ████████████████████████████  ██████████████████████████ are admissible under Rule 801(d)(1)(A).

The probative value of the bases of Dr. Hall's opinions substantially outweighs any prejudice. There is nothing unfair about telling the jury of the various admissions ██████████ has made and the various inconsistencies in her allegations. Of course, ██████████ will be testifying, so the government can examine her about all these issues as well. And the evidence is not being offered to shame her. *See Robinson*, 583 F.3d at 1275 ("This is not a case in which a party attempts to unfairly malign a witness for distant and relatively minor mental health issues."). It is being offered so the jury can have a complete picture of her credibility, and any potential prejudice can be cured by a limiting instruction.

These are just some of the many reasons why Rule 703 does not bar Dr. Hall's testimony. To the extent the government has other objections, it can raise those objections in context during trial.

### 5. Dr. Hall's "fact testimony."

As Dr. Hall's report makes clear, ███████████████████████████████████ ████████████████████████████████████████████████████ ███████ never disclosed any abuse by Mr. Epstein or Ms. Maxwell. Then, when interviewed for 6 ½ hours by Dr. Hall, █████████████ claimed to have been abused by Mr. Epstein, but she did *not* allege any abuse or improper conduct by Ms. Maxwell. This evidence is admissible as a prior inconsistent statement.

To the extent the government claims ████████████ failure ever to implicate Ms. Maxwell to ████████ or Dr. Hall is not "inconsistent enough," that argument goes to weight, not admissibility. *See R.B. Ventures, Ltd. v. Shane*, No. 91 CIV. 5678 (CSH), 2000 WL 520615, at *5 (S.D.N.Y. May 1, 2000) (extent of inconsistency "may prove useful grist for the cross-examiner's mill," but the argument "go[es] to the weight of this opinion testimony and not its admissibility").

Indeed, this Court has already ruled that Ms. Maxwell can admit evidence that ████ ████████ prior statements to law enforcement did not implicate Ms. Maxwell. TR 11/1/2021, p 27. The same logic applies here.

The government says Ms. Maxwell "does not need Dr. Hall's testimony to inform the jury that ████████████ has not always disclosed the defendant's role in Epstein's abuse." Mot. at 18. "Need," of course, is not the test for admissibility, and the government does not get to limit Ms. Maxwell's evidence only that which the government claims she "needs." *See White*, 692

F.3d at 246 ("[U]nless an exception applies, all 'relevant evidence is admissible.'" (quoting Fed.
R. Evid. 402)).

Finally, the nature and timing of ███████████ disclosures are also admissible in
response to Dr. Rocchio's testimony about delayed and partial disclosure.

### 6.   Conclusion.

Cross-examination is "the principal means by which the believability of a witness and the
truth of [her] testimony are tested." *Davis*, 415 U.S. at 316. And in our adversarial system, the
government cannot shield its case from being tested. A defendant has a constitutional right to
present a defense. *Crane*, 476 U.S. at 690.

The government's case significantly depends on the credibility of ██████████, since no
physical evidence corroborates her allegations and because she is the named victim for several of
the counts. Where, as here, the defendant intends to cross-examine an essential government
witness, one who "provid[es] an essential link in the prosecution's case, the importance of full
cross-examination to disclose possible bias is necessarily increased." *Greene v. Wainwright*, 634
F.2d 272, 275 (5th Cir. 1981). And as the Tenth Circuit has recognized in reversing a conviction
because the defendant was deprived of the opportunity to question a government witness about
his mental health conditions and drug use, "[i]t is just as reasonable that a jury be informed of a
witness's mental incapacity at a time about which he proposes to testify as it would be for the
jury to know that he then suffered an impairment of sight or hearing." *Robinson*, 583 F.3d at
1275.

## II.   Professor Gershman's Testimony is Admissible.

The government wrongly asserts that Professor Gershman's testimony "is relevant only
to the defense theories that the Court has excluded." Mot. at 20. In ruling on the motions *in
limine*, the Court expressly declined to prohibit Ms. Maxwell from challenging the consistency

and reliability of her accusers' stories. TR 11/1/2021, pp 27-30. Professor Gershman's testimony is relevant to that inquiry.

How the accusers came to tell the stories that they are now telling is relevant to their credibility. The government has allowed the testimony of the accusers to be corrupted by a group of civil lawyers who have collaborated, for years, in the pursuit of Mr. Epstein. These lawyers have shared information among themselves and their joint clients, developing a "play book" about what should be said to make a claim against Mr. Epstein or the Epstein Victim Compensation Fund. The accusers' stories have changed dramatically over time and none of these changes has been challenged by the government. Instead, the government either ignores the changes or offers excuses to be adopted by the accusers as the reason for the change.

Moreover, avenues of investigation helpful to Ms. Maxwell have been ignored by the government. For example, the government has refused to obtain the accusers' submissions to the Epstein Victim Compensation Fund and even now is resisting defense efforts to obtain the information. The government refused to obtain ███████████████, except for a few pages describing when she first met Epstein months before she claims to have met Ms. Maxwell.

When witnesses begin to say favorable things about Ms. Maxwell in interviews with the government the interviews are abruptly terminated. When witnesses do not support the government's theory they are challenged or cautioned to retain counsel. Professor Gershman, whose credentials and opinions the government does not challenge, has reliable and relevant opinions to offer on these issues, which do not contravene this Court's rulings on the motions *in limine*.

Finally, there can be no objection to any of Professor Gershman's opinions if the government "puts the thoroughness of the investigation into issue. . . ." *See* TR 11/1/2021, p 29.

### III.   This Court Should Reject the Government's Remaining Arguments.

The government objects to the adequacy of the notice Ms. Maxwell has provided with regard to Robert Kelso, John Lopez, Gerald LaPorte, and Jennifer Naso. Mot. at 21-26. Really only two responses are in order.

Ms. Maxwell's notices are as thorough as the government's notices were, so the government can hardly complain about being in the dark. But if this Court concludes otherwise, the remedy is for Ms. Maxwell to provide additional notice; the remedy is not exclusion.

Moreover, as the government concedes is permissible, Ms. Maxwell has endorsed these witnesses in part out of an abundance of caution and in part because Ms. Maxwell still doesn't know what evidence the government will actually admit at trial. If testimony from these witnesses is not relevant, Ms. Maxwell will not call them. But if the government's evidence makes their testimony relevant, Ms. Maxwell can always provide additional notice if ordered to do so by the Court.

## CONCLUSION

This Court should deny the government's motion.

Dated: November 19, 2021

Respectfully submitted,


*s/ Jeffrey S. Pagliuca*

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

## Certificate of Service

I hereby certify that on November 19, 2021, I electronically filed the foregoing *Ghislaine Maxwell's Response to the Government's Motion to Preclude Expert Testimony of Dr. Ryan Hall, Bennett Gershman, Robert Kelso, John Lopez, Gerald LaPorte, and Jennifer Naso* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alison Moe
Maurene Comey
Andrew Rohrbach
Lara Pomerantz
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
Alison.moe@usdoj.gov
Maurene.comey@usdoj.gov
Andrew.Rohrbach@usdoj.gov
Lara.Pomerantz@usdoj.gov

*s/ Nicole Simmons*