UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

GHISLAINE MAXWELL,

Defendant.

**S2 20 Cr. 330 (AJN)**

**THE GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF DR. RYAN HALL**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
Assistant United States Attorneys
*Of Counsel*

## PRELIMINARY STATEMENT

On November 15, 2021, the Government filed its motion ("Mot.") to exclude the testimony of Dr. Ryan Hall as irrelevant, more prejudicial than probative, and consisting of hearsay not subject to an exception. This reply addresses several of the most salient arguments in the defendant's November 19, 2021 opposition ("Opp.").[1]

**I. Do Not Bear on Minor Victim-4's Credibility.**

The defendant does not dispute that Dr. Hall's principal conclusion— —is inadmissible. (*Compare* Mot. 5-6 (moving to exclude this conclusion) *with* Opp. 4 (noting conclusion but not defending its admissibility)). The parties also appear to agree on the relevant legal standard for assessing Dr. Hall's (Mot. 6 (quoting *United States v. Sasso*, 59 F.3d 341, 347-48 (2d Cir. 1995); Opp. 7 (same)). From there, however, the defendant's response strays. The Government's Motion applied the caselaw to (Mot. 6-10). The defendant expanded upon the general legal standard (Opp. 7-8) but then offered only ad hoc arguments, untied to the law and without offering evidence that they were sufficiently serious to satisfy the standard The defendant's argument focuses on

---

[1] This reply does not address the defendant's other five proposed experts (*see* Mot. 20-25), or those arguments of the defendant that seem entirely unresponsive.



2

[3] The defendant's supplementary citation to [redacted] adds nothing to her opposition, since there is no evidence that website reflects Dr. Hall's views.

II. **Dr. Hall's Opinion That [REDACTED] Is Inadmissible**

The defendant offers no argument that Dr. Hall's [REDACTED]

Instead, the defendant pivots to the suggestion that Dr. Hall might offer [REDACTED] This improvisation makes clear that the defendant is simply seeking to put a psychiatrist on the stand to attack Minor Victim-4, regardless of what exactly that psychiatrist might say: Nothing in Dr. Hall's report or the defendant's expert notice suggested that Dr. Hall would testify as an expert in [REDACTED].[5] Indeed, Dr. Hall's report lists [REDACTED]

The case which the defendant explores at greatest length on this issue serves only to show how far she has strayed from the law. (*See* Opp. 12 (discussing *United States v. Robinson*, 583 F.3d 1265

---

[4] To the extent the defendant believes that Minor Victim-4's testimony on this subject will conflict with the statements she made to Dr. Hall, that is a subject that can only be addressed after the victim's testimony. [REDACTED]

[5] Nor does Dr. Hall's remarkably diverse resume betray expertise in [REDACTED] (*See* Ex. C at 13, 20, 31 37, 39).

(10th Cir. 2009))). The issue in that case was not expert testimony, but rather whether the Government should have been required to disclose a confidential informant's mental health records, and whether the defendant should have been allowed to cross-examine the informant using those records. *Robinson*, 583 F.3d at 1269, 1274. Had the defendant's requests been granted, the cross-examination apparently would have revealed, among other things: hallucinations, heavy drug use during the relevant events—in contradiction of the informant's trial testimony and violation of his cooperation agreement—as well as shortly before and perhaps during trial, and prescription drug use during trial. *Id.* at 1257, 1274-76. The obvious relevance of cross-examination on those fact questions underscores the gap between Dr. Hall's proposed expert testimony and permissible evidence about a witness's mental health.

The Government does, however, join the defendant in urging the Court to "adhere to *DiPaolo*." (Opp. 13). In that case, the Second Circuit affirmed a district court's refusal to allow inquiry into a female victim's addiction, absent any evidence that she was under the influence either during the relevant events or while testifying. *United States v. DiPaolo*, 804 F.2d 225, 229-30 (2d Cir. 1986). Because those are the only relevant inquiries, and because Dr. Hall's opinion offers nothing on either, his testimony that should be excluded.

**III. The Hearsay Bases of Dr. Hall's Opinions Are Inadmissible**

The defendant does not deny that she hopes to use Dr. Hall as a vehicle to import hearsay about into the case, or that all of Dr. Hall's testimony on this subject would derive from out-of-court statements. (*Compare* Mot. 12 *with* Opp. 14-15). Instead she offers three different rules of evidence under which she hopes to admit the hearsay. None is valid:

**Rule 703.** The defendant does not engage with the plain text of the Rule 703—much less the cases cited in the Government's motion—showing that this rule allows the admission of

hearsay only where that hearsay is needed to help the jury understand the expert's opinion. *See, e.g.*, *United States v. Rodriguez*, 651 F. App'x 44, 46 (2d Cir. 2016). Because Dr. Hall could explain his opinions without relating hearsay statements about [redacted] and the defendant makes no effort to show otherwise, Rule 703 does not help her.

**Rule 803(4).** The defendant claims that Minor Victim-4's statements to Dr. Hall [redacted] are admissible under Federal Rule of Evidence 803(4). That Rule excludes from the prohibition on hearsay certain statements "made for – and reasonably pertinent to – medical diagnosis or treatment." Fed. R. Evid. 803(4)(A). But Dr. Hall told Minor Victim-4 that he was interviewing her not as a care provider, but rather [redacted] That renders Rule 803(4) inapplicable: The rationale underlying this rule is that "a statement made in the course of procuring medical services, where the declarant knows that a false statement may cause misdiagnosis or mistreatment, carries special guarantees of credibility." *White v. Illinois*, 502 U.S. 346, 356 (1992). Because Minor Victim-4 was not seeking medical diagnosis or treatment from Dr. Hall—[redacted]—Rule 803(4) cannot convert her statements to him into non-hearsay. *See United States v. Funds Held in the Name or For the Ben. of John Hugh Wetterer*, 991 F. Supp. 112, 114, 123-24 (E.D.N.Y. 1998) (statements made by sex abuse victims to doctor not admissible under Rule 803(4) where doctor was investigating sex abuse allegations for news program rather than seeking to treat interviewees).

**Rule 801(d)(1)(A).** The defendant also claims that Minor Victim-4's "answers to interrogatories and her deposition testimony . . . are admissible under Rule 801(d)(1)(A)." That

rule applies if a witness testifies, and the prior statement "is inconsistent with the declarant's testimony and was given under penalty of perjury . . . at a deposition." Fed. R. Evid. 801(d)(1)(A). Thus once Minor Victim-4 testifies, the defendant can attempt to make a showing of inconsistency with the transcript of her deposition testimony, and if the Court agrees with the defendant, offer the relevant portion of the transcript. But that has nothing to do with Dr. Hall, who, among other things, was almost certainly not the reporter who transcribed that deposition.[6]

* * *

In addition to identifying no affirmative rule that allows Dr. Hall to offer hearsay about Minor Victim-4's personal history, the defendant does not dispute that the most prejudicial aspects of that history are independently barred by other rules of evidence. In particular, she does not disagree that the Court's Rule 412 rulings apply to Dr. Hall. (Mot. 13-14). She also does not dispute that none of [REDACTED] satisfies Rules 404 or 609 (*id.* 12-13), meaning that it is not a proper subject for Dr. Hall's direct testimony or cross-examining Minor Victim-4.

**IV. Dr. Hall's Fact Testimony Is Inadmissible**

Whether Dr. Hall can testify that Minor Victim-4's statements to him contradict her trial testimony is a dispute that cannot be resolved until Minor Victim-4 testifies. For now, it suffices to point out three plain errors in the defendant's opposition:

---

[6] The defendant also argues that the defendant's statements about her mental health conditions are "statements of her then-existing mental, emotional, or physical condition" under Rule 803(3). By its plain terms, this exception does not reach any historical statements by Minor Victim-4, which are not statements of her condition at the time she was interviewed by Dr. Hall, and would in any event be prohibited statements "of memory or belief to prove the fact remembered or believed." Fed. R. Evid. 803(3).

*First*, the defendant tries to sneak in a claim that Minor Victim-4's trial testimony will be inconsistent with her statements to [redacted] (Opp. 16). Whether or not that is so remains to be seen, but either way it has nothing to do with Dr. Hall. If the witness said things to [redacted] that satisfy all the prerequisites for admitting extrinsic evidence of prior inconsistent statements, then perhaps [redacted] could testify about those statements. Unless, however, Dr. Hall was in the room during [redacted] therapy sessions, it remains hearsay as to him.

*Second*, the Court's ruling that Minor Victim-4 can be cross-examined on her prior inconsistent statements to law enforcement (*see* Opp. 16) does not help the defendant. What the Court ruled was that the witness could be impeached on the grounds that she "changed her story to law enforcement . . . [p]rovided that the rules for admitting prior inconsistent statements are satisfied." (11/1/2021 Tr. at 27-28). The Government agrees—such testimony is admissible "provided that the rules for admitting prior inconsistent statements are satisfied." And the Government has already shown that Minor Victim-4 has not "changed her story" relative to her interview with Dr. Hall, because there is no reason that story would have included the defendant's crimes. (Mot. 17-18). Because the defendant offers no contrary argument, she cannot rely on this basis to call Dr. Hall.

*Third*, the defendant claims that she does not have to make such a showing of inconsistency in order to admit a prior inconsistent statement. (Opp. 16). That is obvious legal error. As the Second Circuit has quite emphatically explained, although two statements do not have to be directly contrary to be inconsistent, the district court must find some meaningful inconsistency before the rule applies. *United States v. Trzaska*, 111 F.3d 1019, 1024–25 (2d Cir.

1997). The case the defendant cites is not to the contrary. (*See* Opp. 16). There a civil defendant asked to exclude expert testimony on the grounds that the witnesses had given deposition testimony at odds with their proffered trial testimony. *R.B. Ventures, Ltd. v. Shane*, 91 Civ. 5678 (CSH), 2000 WL 520615, at *5 (S.D.N.Y. May 1, 2000). The court's disagreement thus was not a ruling on prior inconsistent statements at all, but rather a statement of the obvious point that witnesses can still give direct testimony even if they might then be impeached with prior inconsistent statements during cross-examination. *See id.*

## CONCLUSION

For the reasons set forth above and in the Government's initial memorandum, the Government respectfully requests that the Court preclude Dr. Hall's testimony.

Dated: November 22, 2021
New York, New York

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/
Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
Assistant United States Attorneys