# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-912-9698 • Cell
888-587-4737 • Fax

225 Broadway, Suite 715
New York, NY 10007
bcsternheim@mac.com

November 27, 2021

Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Ghislaine Maxwell*

S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

On behalf of our client, Ghislaine Maxwell, we respectfully submit this letter to request a clarification of the Court's instructions regarding the use of paper documents versus electronic documents at trial. In particular, the defense is still unclear whether we will be permitted to display documents used for impeachment or refreshing a witness's recollection in electronic format solely on the video screens used by the witness, the Court, and the Court's deputy, or whether we will be required to provide paper copies of these materials, even if the materials do not reference a witness who is testifying under a pseudonym.[1]

The defense is sensitive to the Court and the government's concerns that people sitting in the gallery of the courtroom do not see any documents that identify the witnesses who are testifying under pseudonyms. We also understand that the Court wants to ensure that the witnesses will have access to the complete documents that may be used for impeachment and refreshing recollection, rather than a

---

[1] Counsel for the defense understood the discussion on November 23, 2021, to apply only to documents which contained identifying information for witnesses who are testifying under pseudonyms or first names. The government, however, has suggested that paper documents need to be used for all impeachment and refreshing, whether or not the documents contain such identifying information.

particular page. We have considered these concerns and would like to propose a solution that we believe will address these issues and safeguard the privacy interests of the witnesses, and at the same time provide for an efficient trial and protect Ms. Maxwell's rights.

The defense proposes that the parties be permitted to display documents used for impeachment or refreshing recollection only on the video screens used by the witness, the Court, and the Court's deputy. None of these screens face the gallery or the jury box and cannot be seen by anyone in the audience or by members of the jury. The documents will not be displayed on the screens at counsel table, which face the gallery, or on the juror screens.

While the defense may display a particular page of a document to the witness to impeach or refresh recollection, we will have the complete document available in electronic form. If the witness wishes to see other pages of the document, we can display those pages on the witness's screen at the witness's request. Most importantly, this process will allow counsel to highlight or direct the witness's attention electronically to particular sections of the 3500 materials, without having to describe the particular paragraph number or sentence in (sometimes) voluminous, dense, multi-page FBI 302 reports. Additionally, it will ensure that the witness is looking at the correct exhibit, rather than at other potential impeachment material in a binder before them, especially since defense counsel is not placed in a position within the courtroom that permits us to see what exhibit or page the witness has open in front of them on the witness stand. Finally, it will obviate the need to approach a witness, which is difficult with the Covid protocols and courtroom set-up, to direct the witness to a particular exhibit or section of an exhibit.

The government has advised that it does not require copies of any of the 3500 materials or the government exhibits. If the defense uses any documents to impeach or refresh recollection that are not

included in the 3500 material or the government exhibits, we will provide paper copies of those documents to the government before we show them to the witness on the witness screen.

We have conferred with the government, and they do not agree to the proposed procedure. Among other things, they expressed concern that a juror might see the witness screen. But the jurors are permitted to know the identity of the witnesses testifying under pseudonyms, so that concern seems unjustified to the defense. We believe this process will adequately safeguard everyone's interests and provide for a more efficient trial. We respectfully ask the Court to approve this procedure.

           Very truly yours.

           /s/

          BOBBI C. STERNHEIM

cc: All Counsel of Record