

`

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 30, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

  The Government respectfully submits this letter in response to the question whether the defense is required to disclose exhibits they intend to introduce into evidence through Government witnesses as "impeachment."  While the defendant need not disclose exhibits being introduced solely for impeachment, the defendant may not circumvent Rule 16's disclosure requirements by describing defense exhibits as being used for impeachment when in fact they are properly considered part of the defendant's case in chief.  Further, the introduction of extrinsic evidence for the purpose of impeachment is narrowly circumscribed, as set forth below.

  Rule 16(b) expressly requires disclosure of items the defense "intends to use . . . in the defendant's case-in-chief at trial."  Fed. R. Crim. P. 16(b)(1)(A).  The defendant's "case in chief" is not a formalist term for the events that begin the moment the Government rests.  Rather, "where

1

a defendant cross-examines a government witness to buttress her theory of the case, rather than to impeach the testimony given by the witness on direct examination, the cross-examination is properly seen as part of the defendant's case-in-chief." *United States v. Napout*, No. 15 Cr. 252 (PKC), 2017 WL 6375729, at \*7 (E.D.N.Y. Dec. 12, 2017) (quoting *United States v. Hsai*, No. 98 Cr. 75 (PLF), 2000 WL 195067, at \*2 (D.D.C. Jan. 12, 2000)) (alterations and internal quotation marks omitted). "[T]his interpretation of Rule 16 has been adopted by almost every district court to consider the issue." *Id.* (collecting cases); *see United States v. Young*, 248 F.3d 260, 269 (4th Cir. 2001) (affirming exclusion of evidence offered through cross-examination as part of the defense's "evidence in chief," under the prior language of Rule 16, due to the defense's failure to disclose). Accordingly, the rule "requires [the defense] to identify all non-impeachment exhibits they intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by [the defense]." *Napout*, 2017 WL 6375729, at \*7. The reasoning is simple: a contrary rule would "permit defendants to evade pretrial disclosure simply by presenting much (or all) of their case-in-chief before the government rests," thereby "frustrat[ing] the practical intentions behind Rule 16: to avoid unfair surprise and unwarranted delay by providing both the government and the defense with a broad, reciprocal right to discovery." *United States v. Crowder*, 325 F. Supp. 3d 131 (Mem.) (D.D.C. Sept. 24, 2018).

The defendant's Rule 16 disclosures were due on November 8, 2021. (Dkt. No. 297 at 2). Accordingly, any exhibits which the defense intends to offer as part of its case-in-chief, whether through Government witnesses or its own, should have been disclosed at that time. The Government of course understands that there are circumstances in which intervening event may

give rise to  good cause for a belated disclosure.[1]  Absent such a showing, however, new defense

exhibits should be precluded or, at a minimum, ordered to be disclosed forthwith.

To the extent the defense anticipates offering exhibits for impeachment, as a general matter,

"extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to

attack or support the witness's character for truthfulness."  Fed. R. Evid. 608(b).  This rule is

subject to certain exceptions.  For instance, as the parties agreed this afternoon, extrinsic evidence

of a witness's prior statement is not barred by Rule 608.  Fed. R. Evid. 613.  The Rules also permit

"other grounds of impeachment (such as contradiction, prior inconsistent statement, bias, and

mental capacity)."  *United States v. Johnson*, 469 F. Supp. 3d 193, 227 (S.D.N.Y. 2019) (quoting

Fed. R. Evid. 608(b) Advisory Committee Notes).  But even then, "[e]xtrinsic evidence offered

for impeachment on a collateral issue is properly excluded."  *United States v. Purdy*, 144 F.3d 241,

245-46 (2d Cir. 1998); *see United Sates v. Dore*, No. 12 Cr. 45 (RJS), 2013 WL 3965281, at *6

(S.D.N.Y. July 31, 2013) (Sullivan, J.) ("[T]he Second Circuit has held . . . that introduction of

extrinsic proof of a prior inconsistent statement is only appropriate as it relates to matters which

are not collateral, *i.e.*, as to those matters which are relevant to the issues in the case and could be

independently proven." (internal quotation marks omitted)).  Accordingly, the defense may offer

extrinsic evidence for impeachment, if the defense articulates an appropriate exception to the

general prohibition on such evidence described above.

---

[1] To be clear, good cause is not established simply because the defense has not made a final determination as to what evidence they intend to introduce—a position that effectively renders Rule 16 a nullity.  *See, e.g.*, *United States* v. *Rajaratnam*, No. S2 09 Cr. 1184 (RJH), 2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011) ("A defendant would always like more information about the government's case before revealing anything about his or her own, but Rule 16 conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction.").

Accordingly, the defense should be precluded from offering further exhibits that have not been turned over to the Government absent (a) a showing of cause for the delayed disclosure, or (b) an articulation of a theory by which they are admissible impeachment notwithstanding Rule 608 and the collateral-matter bar.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ____s/_____
Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
Assistant United States Attorneys
Southern District of New York

Cc: Defense Counsel (by ECF)