

**Haddon, Morgan and Foreman, P.C**
**Jeffrey S. Pagliuca**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364
FX  303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

November 30, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

    The government contends that Ms. Maxwell should be precluded from admitting into evidence a photograph offered while cross-examining Jane during the government's case-in-chief. The government says that Ms. Maxwell did not disclose the photograph as part of her reciprocal discovery obligations, thereby violating Rule 16(b)(1)(A). The government is wrong.

    The language of Rule 16(b)(1)(A) is plain and unambiguous: Its reciprocal discovery obligations apply *only* to material Ms. Maxwell intends to use during her "case-in-chief." The Rule says:

>  **(b) Defendant's Disclosure.**
>
>      **(1) Information Subject to Disclosure.**
>
>          **(A) Documents and Objects.** If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:

The Honorable Alison J. Nathan
November 30, 2021
Page 2

> **(i)** the item is within the defendant's possession, custody, or control; and
>
> **(ii)** the defendant intends to use the item in the defendant's *case-in-chief* at trial.

Fed. R. Crim. P. 16(b)(1)(A) (emphasis added).

Under subsection (b)(1)(A)(ii), a defendant's reciprocal discovery obligations are limited to material—specifically books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items—that she intends to use in her "case-in-chief."

In turn, a party's "case-in-chief" includes only "[t]he evidence presented at trial by a party between the time the party calls the first witness and the time the party rests." Black's Law Dictionary (11th ed. 2019). By definition, therefore, a defendant's "case-in-chief" does not include her cross-examination of a prosecution witness during the government's "case-in-chief."

Here, Ms. Maxwell has not called her first witness. Only the government has called witnesses. The case is currently in the government's "case-in-chief," and Ms. Maxwell's "case-in-chief" has not yet started. Because Ms. Maxwell has not begun her case-in-chief, she had no obligation under Rule 16(b)(1)(A) to disclose the photograph she offered in evidence while cross-examining Jane.

There is no doubt Rule 16(b)(1)(A) does not apply to material a defendant offers into evidence while cross-examining witnesses during the government's case-in-chief. The 1974 Committee Notes to Rule 16 say this expressly: "Subdivision (b)(1)(A) provides that the defendant shall disclose any documents and tangible objects which he has in his possession, custody, or control and which he intends to introduce in evidence in his case in chief." Fed. R. Crim. P. 16, Committee Notes to 1974 Amendment.

Cases hold the same. *E.g.*, *United States v. Medearis*, 380 F.3d 1049, 1057 (8th Cir. 2004) (Rule 16(b)(1)(A) does not require defense to disclose evidence he does "not seek to use . . . in his case-in-chief"); *United States v. Moore*, 208 F.3d 577, 579 (7th Cir. 2000) (Rule 16(b)(1)(A) does not require defense to disclose evidence used to impeach "the testimony of a witness for the prosecution," because that is not evidence introduced in a defendant's "case-in-chief").[1]

As Judge Easterbrook recognized, the government's contrary argument in this case "sorely misunderstands what it means to offer 'evidence in chief' (or evidence in one's 'case in chief')." *Moore*, 208 F.3d at 579. In fact, so obviously wrong is the government's interpretation of Rule 16 that, when the government offered the same argument in *United States v. Moore*, Judge Easterbrook concluded that the district court committed a plain error in excluding a letter the defense offered into evidence while cross-examining a prosecution witness during the government's case-in-chief. *Id.*

The government is also wrong to suggest that even if Ms. Maxwell did not have to disclose *statements* used as impeachment while cross-examining a prosecution witness during the government's case-in-chief, she did have to disclose *other exhibits* used as impeachment, such as the photograph she offered into evidence while cross-examining Jane. Under Rule 16(b)

---

[1] Nor does Rule 16(b)(1)(A) apply to material a defendant uses to refresh a witness's recollection while cross-examining her during the government's case-in-chief. *United States v. Gray-Burriss*, 791 F.3d 50, 57-58 & n.2 (D.C. Cir. 2015) (using documents to refresh recollection of government's witnesses not covered by Rule 16); *United States v. King*, 703 F.2d 119, 126 n.6 (5th Cir. 1983) (noting that "even though the documents were excluded from evidence" because of defendant's failure to make a Rule 16 disclosure, "[d]efense counsel was allowed to use the documents to refresh the recollection of witnesses").

The Honorable Alison J. Nathan
November 30, 2021
Page 4

Ms. Maxwell does not have disclose *any* "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items" she does not intend to use in her "case-in-chief."

The government is doubly wrong to say that impeachment evidence is limited to inconsistent statements. Ms. Maxwell can impeach a prosecution witness's testimony with any admissible exhibit. The decision in *United States v. Hatfield* makes this clear.

In *Hatfield*, the government sought a Rule 16(b)(1)(A) order compelling the defendant to disclose six categories of evidence:

> (1) the Tactical Armor Products, Inc. computers and servers, as described in the testimony of Rex Harris on June 3, 2008; (2) all computers of DHB Industries, Inc., as described in the testimony of Rex Harris on June 3, 2008; (3) all computers personally used by and/or issued to David H. Brooks; (4) all Toshiba laptops issued by DHB to Dawn Schlegel; (5) the stationery books obtained by David Brooks from the "Joon" stationary store; and (6) the binder prepared by Caroline Pang containing 2003 Monthly Point Blank Body Armor ("PBBA") inventory reports.

*United States v. Hatfield*, No. 06-CR-0550, 2009 WL 10673619, at *2 (E.D.N.Y. Apr. 22, 2009). The district court refused the government's request, as should this Court. As Judge Seybert explained:

> Because [the defendant] will not be using these items to support his case in chief, [he] is not required to disclose the items under Rule 16. . . .
>
> The Court rejects the Government's argument that [the defendant] is required to turn over the above documents pursuant to Rule 16 because [the defendant] may use the items to impeach Government witnesses. Rule 16 mandates disclosure of any documents and tangible objects that the defendant will use in his case-in-chief, and not items which the defendant will use to impeach witnesses.

*Hatfield*, 2009 WL 10673619, at *1-2 (citing *Medearis & Moore*) (full citations omitted). *See also United States v. Cerro*, 775 F.2d 908, 915 (7th Cir. 1985) ("Pretrial discovery of federal criminal defendants is regulated in detail by Rules 12.1, 12.2, and 16 of the Federal Rules of

The Honorable Alison J. Nathan
November 30, 2021
Page 5

Criminal Procedure, and nothing in any of them suggests that impeachment evidence is discoverable.").

Because Ms. Maxwell offered the photograph while cross-examining Jane during the government's case-in-chief and not as "evidence in chief" during her own "case-in-chief," *Moore*, 208 F.3d at 579, she did not violate Rule 16, and there is no basis to preclude her from admitting the photograph into evidence.

But even if the government's reading of Rule 16(b)(1)(A) were right (which it isn't), and even if Ms. Maxwell had violated Rule 16 (which she didn't), exclusion would still not be the proper remedy. "If a party fails to comply with [Rule 16], the court may: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. 16(d)(2)(A)-(D). Prohibiting a party from introducing the evidence is the most extreme sanction available, and it requires proof that the belated disclosure prejudiced the government. *See United States v. Monsanto Lopez*, 798 F. App'x 688, 690 (2d Cir. 2020); *see also Passlogix, Inc. v. 2FA Tech.*, LLC, 708 F. Supp. 2d 378, 421 (S.D.N.Y. 2010) ("Preclusion is a harsh sanction preserved for exceptional cases where a . . . party's failure to provide the requested discovery results in prejudice to the requesting party.").[2]

---

[2] It is well-settled that "[t]o exclude evidence on the grounds of a discovery violation, a criminal defendant must show prejudice resulting from the government's untimely disclosure of evidence. . . ." *United States v. Cantoni*, No. 18-CR-562 (ENV), 2019 WL 1264899, at *1 (E.D.N.Y. Mar. 19, 2019) (quotation omitted). Considering that the constitution imposes the burden of proof in a criminal trial on the government, surely the same rule applies when the shoe is (allegedly) on the other foot.

The Honorable Alison J. Nathan
November 30, 2021
Page 6

Here, there is no prejudice, and the government did not attempt to identify any. Moreover, any conceivable prejudice can be remedied by giving the government additional time to review the photograph before Ms. Maxwell again offers it into evidence. *See, e.g.*, *United States v. Kessler*, 926 F.3d 490, 491 (8th Cir. 2019) (concluding that court was correct not to exclude government's evidence of "the dollar value of the methamphetamine," despite Rule 16 violation, because the court "provided a one-hour recess that allowed defense counsel to prepare a response").[3]

The government's interpretation of Rule 16, if accepted, would violate Ms. Maxwell's constitutional rights to due process and the confrontation. U.S. Const. amends. V, VI. Compelling Ms. Maxwell to disclose to the prosecution, in advance, evidence she intends to use to impeach *government* witnesses during the *government's* case-in-chief would unconstitutionally force her to aid the government in meeting its burden of proof. U.S. Const. amend. V. *See People v. Kilgore*, 455 P.3d 746, 751 (Colo. 2020) (compelling the defendant to disclose his intended exhibits, "at a minimum, potentially infringed on [his] right to due process because his compliance with the disclosure order may help the prosecution meet its burden of proof"). And it would compromise her constitutional right to confront the witnesses against her, a right she is free to exercise without previewing her defense for the government. U.S. Const. amend. VI.

---

[3] Of course, come tomorrow, the government will have had more than twelve hours to review the photograph.

The Honorable Alison J. Nathan
November 30, 2021
Page 7

Finally, Rule 613, invoked by the government, has nothing to do with this issue. That rule addresses extrinsic evidence of prior inconsistent statements. The photograph Ms. Maxwell offered into evidence is not a prior inconsistent statement.

*\*\*\**

Ms. Maxwell had no obligation (and has no obligation going forward) to disclose to the government any evidence (e.g., books, papers, documents, data, photographs, tangible objects, buildings or places) she does not intend to use during her "case-in-chief." Fed. R. Crim. P. 16(b)(1)(A). Requiring such disclosure would violate the Fifth and Sixth Amendments. U.S. Const. amends. V, VI. This Court should reject the government's contrary argument.

Respectfully submitted,

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*


cc: Counsel of record (via ECF)