

**Haddon, Morgan and Foreman, P.C**
**Jeffrey S. Pagliuca**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364
FX  303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

December 3, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

    During her cross-examination, Jane denied knowing that cooperating with the government in the prosecution of Ms. Maxwell and testifying against her would help her civil case against Ms. Maxwell and her claim for compensation from the Epstein Victims' Compensation Program (EVCP). Because Jane denied having this knowledge, Ms. Maxwell has a constitutional right to call Jane's attorney (Robert Glassman) as a witness and to ask him whether he told Jane that cooperating and testifying against her would "help her case." U.S. Const. amends. V, VI. This issue is relevant to Jane's motive to cooperate and testify,[1] and it's

---

[1] *Davis v. Alaska*, 415 U.S. 308, 316 (1974) ("A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial, and is always relevant as discrediting the witness and affecting the weight of his testimony." (quotation omitted)).

The Honorable Alison J. Nathan
December 3, 2021
Page 2

relevant to her memory and capacity as a witness since she cannot recall a highly consequential conversation she had just months ago.[2]

For two reasons, the government is wrong to say that the attorney-client privilege bars Ms. Maxwell from pursuing this line of cross-examination. First, the attorney-client privilege does not apply to Mr. Glassman's statement to Jane that cooperating and testifying would "help her case." Second, even if the privilege did apply, it was waived when Mr. Glassman relayed his statement to the government. Ex. 1 (3509-022).

"The attorney-client privilege protects from disclosure (1) a communication between client and counsel that (2) *was intended to be and was in fact kept confidential*, and (3) was made for the purpose of obtaining or providing legal advice." *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007). "The burden of establishing the attorney-client privilege, in all its elements, always rests upon the person asserting it." *United States v. Schwimmer*, 892 F.2d 237, 244 (2d Cir. 1989). In this case, the party asserting the privilege is the government on behalf of Jane.

The government has not met its burden. Mr. Glassman's statement to Jane that her cooperation and testimony would "help her case" is not protected by the attorney-client privilege because "it was [not] intended to be . . . kept confidential." *Erie*, 473 F.3d at 419. We know this because the government would want to know (if only for purposes of preparing for cross-examination), and Jane would want the government to know, *why* she chose to cooperate and to testify against Ms. Maxwell. 1 McCormick on Evid., § 91 ("Wherever the matters communicated

---

[2] *Davis*, 415 U.S. at 317 n.4 (cross examination is "even more important where the evidence consists of the testimony of individuals whose memory might be faulty" (quoting *Greene v. McElroy*, 360 U.S. 474, 496 (1959))).

to the attorney are intended by the client to be made public or revealed to third persons, obviously the element of confidentiality is wanting.") (8th ed. Jan. 2020 update). Jane's motivation for cooperating with the government and testifying against Ms. Maxwell is essential to the government's assessment of Jane's credibility and its preparation for her cross-examination.

Predictably, then, Mr. Glassman shared with the government the advice he gave to Jane, so the information was not "in fact kept confidential." *See Erie*, 473 F.3d at 419; *see also United States v. Bergonzi*, 216 F.R.D. 487, 494 (N.D. Cal. 2003) (addressing assertion of attorney-client privilege in respect to documents sought by the defendant in a criminal case and holding that privilege did not apply because there was no evidence "the Company intended the communications to remain confidential, as it must have in order for the privilege to apply in the first instance" and because "the Company failed to meet its burden of persuading the Court that the attorney-client privilege applies to the documents sought by Defendants"). The attorney-client privilege thus does not apply.

But even if the privilege did apply, the privilege was waived. "It is well-established that voluntary disclosure of confidential material to a third party generally results in forfeiture of any applicable attorney-client privilege." *United States v. Ghavami*, 882 F. Supp. 2d 532, 537 (S.D.N.Y. 2012). That is exactly what happened here. Mr. Glassman voluntarily communicated with the government that he advised Jane to cooperate with the government because it would "help her case," thereby waiving the attorney-client privilege. And as Fed. R. Evid. 502(a) recognizes, "[w]hen the disclosure [of confidential information] is made in a federal proceeding or to a federal office," that generally "waives the attorney-client privilege or work-product

The Honorable Alison J. Nathan
December 3, 2021
Page 4

protection . . . ." *See* Fed. R. Evid. 502(a) (defining the limits of such a waiver as to undisclosed or inadvertently disclosed information); *In re Steinhardt Partners, L.P.*, 9 F.3d 230, (2d Cir. 1993) (when a party voluntarily discloses otherwise privileged information to the government, she "necessarily decides that the benefits of participation [in the government investigation] outweigh the benefits of confidentiality"); 1 McCormick On Evid., § 93 ("Waiver may be found, as Wigmore points out, not merely from words or conduct expressing an intention to relinquish a known right, but also from conduct such as partial disclosure which would make it unfair for the client to invoke the privilege thereafter.").

If the Court has any doubt about this issue, it should hold a brief hearing, outside the presence of the jury, in which the parties can examine Mr. Glassman about the circumstances of his communications with the government in which he revealed his advice to Jane.

Ms. Maxwell has a constitutional right to compulsory process and to present a defense. U.S. Const. amends. V, VI. Because the attorney-client privilege does not preclude her from asking Mr. Glassman whether he told Jane that cooperating with the government and testifying against Ms. Maxwell would "help her case," Ms. Maxwell has a constitutional right to call him as a witness and make this inquiry.

The Honorable Alison J. Nathan
December 3, 2021
Page 5

Respectfully submitted,

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*


cc: Counsel of record (via ECF)