

**Haddon, Morgan and Foreman, P.C**
**Jeffrey S. Pagliuca**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364
FX 303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

December 5, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

  I write in response to the government's December 4, 2021 letter—the latest example of the government's inability to take no for an answer. This is the government's modus operandi. It disagrees with the Court's ruling and seeks to relitigate the issue under the guise of uncertainty (either the government claims not to understand, or the Court wasn't clear enough) or confusion (the Court didn't understand the government's argument). But there isn't any uncertainty or confusion here. The government has, so far, failed to authenticate the 900 series photos, and unless it does, the photos are irrelevant under Rule 401 and misleading and prejudicial under Rule 403. This Court should reaffirm its ruling from December 3.

## BACKGROUND

  The 900 series of photos depict the exterior and portions of the interior of Mr. Epstein's New York apartment as it existed in 2019. That much the government can show.

  But the government has admitted *no* testimony that the 2019 photographs accurately depict the interior of Mr. Epstein's apartment as it existed in 1994 or 1995 or 1996 (when Jane

The Honorable Alison J. Nathan
December 5, 2021
Page 2

claims she was at the apartment) or even in 2004, when the charged conspiracy ended. Without

testimony from a witness that the interior photos accurately reflect the inside of Mr. Epstein's

apartment as it existed during the charged conspiracy, they are not admissible.[1]

Jane alleges that she visited Mr. Epstein's New York apartment when she was 14 or 15 or

16 years old (1994 or 1995 or 1996), TR 11/20/2021, p 316-17, and that he assaulted her in the

massage room, *id.* at 320:12-14. Although the government never showed Jane the 900 series

photos during her testimony, the government now says the photos (taken 2019, fifteen years after

any conspiracy ended) corroborate what Jane claims to have seen inside Mr. Epstein's house

twenty-five years earlier. Gov. Letter at 3.

The government relies only on Jane's testimony, pointing to pages 317-320 of the

transcript. With the exception of the massage room, here was what Jane said about the inside of

the house:

- The apartment was more like a building than a house; it had eight stories. TR 11/20/2021, p 317:16-22.

- Inside, it was "very dark," "very, very -- like an old building." *Id.* at 317:24-25.

- It had "fabric wallpaper, like red curtains, lots of artwork, statues, paintings." *Id.* at 318:1-2.

- The artwork was "a little creepy personally," with a "dark theme," "intimidating" with "animal heads and strange things." *Id.* at 318:5-13.

- The artwork included "[p]aintings of naked women and orgies and things like that." *Id.* at 318:18.

_____

[1] As counsel stated on Friday, Ms. Maxwell does not object to the exterior photographs. TR 12/3/2021, p 932:17-21.

The Honorable Alison J. Nathan
December 5, 2021
Page 3

As for the massage room, Jane said that it was "painted dark, but – maybe that was the lighting, but it sort of has this, like, red mood." *Id.* at 320:21-23. But Jane denied looking at the walls of the massage room. *Id.* at 321:1-2 ("My eyes didn't even look at the walls, mostly the floor, if not what was going on.").

This Court sustained Ms. Maxwell's objection to admission of the 900 series photographs. TR 12/3/2021, p 1077:3-4. The Court explained that the photos depicted the interior of the home fifteen years after any conspiracy ended, and more than twenty years after Jane claims to have been in the home. And the things depicted, elaborated the Court, were "highly mobile items":

> You could have, and you should have, shown them to [Jane] after she provided the testimony. The problem is, it's 15 years since the end of the conspiracy, it's 20-some years since her testimony. I've looked at case law on this. Older photographs of immovable objects and structure may be relevant, and to the extent you have a witness testifying saying it is similar to what I saw or specifically saying it's similar in this way or dissimilar in that way, it would be permitted.

> In the absence of that, we're talking about very movable items and a substantially long period of time. If there is a witness who could do that, that would be appropriate, but in the absence of that, I won't allow it in simply based on her description of what it looked like then.

> You have that description in, so I'll sustain the objection based on the current record.

> . . .

> So if you wanted to ask her if it's the same objects, you should have, or you could have, or you can, but in the absence of that, we're talking about highly mobile items. The law does not support inclusion in this context without a witness testifying as to the similarity of what -- you're trying to corroborate that these photos show what it looked like then. You have a witness who can do that, but in the absence of that, I'm sustaining the objection. I don't see any basis to distinguish between 15-, 20-year-old, or more, distinction between her description and the photographs.

*Id.* at 1076-77.

The Honorable Alison J. Nathan
December 5, 2021
Page 4

The Court was exactly right.

## ARGUMENT

The government, "as the proponent of this evidence, bears the burden of showing that the evidence is admissible." *Pinero v. Burbran*, No. 18-CV-4698 (AJN), 2021 WL 4224727, at *3 (S.D.N.Y. Sept. 16, 2021) (quotation omitted). In turn, under Rule 901(a), "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). If authenticated, the proponent of the evidence must also prove that the evidence is relevant and not unfairly prejudicial or misleading. Fed. R. Evid. 401, 402, 403.

"A picture may . . . be inadmissible, although technically accurate, because it portrays a scene that is materially different from a scene that is relevant to one of the issues at trial." *United States v. Stearns*, 550 F.2d 1167, 1170 (9th Cir. 1977). And when a "photograph fails to portray the relevant facts with complete accuracy, such as if changed conditions have occurred, it may be misleading." § 215. Photographs, 2 McCormick on Evid. § 215 (8th ed.).[2]

The government has not met its burden of proof here. The charged conspiracy ended in 2004. And Jane claims she was at Mr. Epstein's New York apartment in 1994 or 1995 or 1996.

---

[2] The government relies on just two cases to support its argument: *United States v. Certified Env. Services, Inc.*, 753 F.3d 72 (2d Cir. 2014) and *United States v. Roux*, 715 F.3d 1019 (7th Cir. 2013). Gov. Letter at 2. Neither case addresses photographs of real or personal property, and neither responds to this Court's concerns about the passage of time and changed circumstances.

*Certified Environmental Services* dealt with emails and Code Rule guidance, 753 F.3d at 89-91, and *Roux* addressed other act evidence, 715 F.3d at 1027. Both cases addressed evidence relevant to the defendant's state of mind. Most importantly, the existence of the evidence is what made it relevant, and no one disputed authentication. The cases have no relevance here.

The Honorable Alison J. Nathan
December 5, 2021
Page 5

The photographs at issue were taken in 2019, twenty-five years after Jane was purportedly at the house and fifteen years after any alleged conspiracy ended.

Although the government can show that the photos accurately reflect Mr. Epstein's apartment as it existed in 2019, no witness has testified that the photos accurately depict the home as it existed in 1994 or 1995 or 1996, or even that the photos depict items similar to what Jane claims to have seen a quarter of a century ago. The government, therefore, has not authenticated the photos, and the evidence is irrelevant and unfairly misleading and prejudicial.

The government devotes six pages of its letter to the 2019 photos of the massage room. Gov. Letter at 3-8. In addition to the temporal flaws described above, the government's argument suffers from another problem: It conflates Jane's testimony about other parts of the house with her testimony about the massage room. While Jane described the curtains, walls, wallpaper, artwork, and decorations in other parts of the house, she specifically disclaimed looking at the walls in the massage room, saying: "My eyes didn't even look at the walls, mostly the floor, if not what was going on." Conveniently, the government omits this testimonial disclaimer from its letter. Given this testimony, however, even if Jane's testimony about what other parts of the house looked like in 1994 or 1995 or 1996 provided a basis for admitting photos of those other parts of the house taken in 2019 (which it doesn't), that testimony still wouldn't justify admission of photos of the massage room.

The fundamental flaw in the government's logic is its failure to appreciate that "[a]uthentication . . . establishes the parameters of relevance." *Stearns*, 550 F.2d at 1170. The government claims the 2019 photos are independently corroborative of Jane's testimony because they show that her description of Mr. Epstein's house as it existed in 1994 and 1995 and 1996

The Honorable Alison J. Nathan
December 5, 2021
Page 6

was accurate. Gov. Letter at 8. But that argument would work only if there were evidence that
the 2019 photos look like what photos from 1994 or 1995 or 1996 would have looked like. And
as the government does not deny, there's no such evidence.

The government does not dispute that it could have asked Jane to authenticate the photos
by showing the photographs to her when she testified. Gov. Letter at 8 n.3. According to the
government, however, "[b]efore showing the photographs to Jane on the stand, the Government
would surely need to show her the photographs in advance," and that would have "vitiat[ed] the
photographs' value as independent corroboration." *Id.* This is a baseless argument.

The government easily could have showed the photographs to Jane for the first time
during her testimony, asked her if she recognized them, asked whether the photos accurately
depicted the house and massage room as it existed in 1994 or 1995 or 1996, or at least asked if
the photographs looked similar to what the apartment looked like back then. In turn, once the
government elicited testimony from another witness about when the photographs were taken, it
could have moved to admit them. This procedure would have addressed the government's
concern about preserving the photographs as independent corroboration of Jane's testimony. The
only conceivable thing stopping the government from doing this was a concern that Jane would
not give the answer the government wanted.

But even if this procedure would have "vitiat[ed] the photographs' value as independent
corroboration," that's just how trials go. Sometimes tradeoffs are necessary to comply with the
rules of evidence. And having to make such a tradeoff does not mean Ms. Maxwell was wrong to
object or the Court was wrong to sustain.

The Honorable Alison J. Nathan
December 5, 2021
Page 7

The government attempts to marginalize this Court's legitimate concern about highly mobile items. But the Court's concern is well founded. Twenty-five years have passed since Jane was at Mr. Epstein's house. Artwork is highly mobile. Furniture is highly mobile. Massage tables are highly mobile. (The government carried one such table into the well of the courtroom.) Curtains are easily changed and replaced. The list goes on. So, absent at least some testimony on the subject, there is no reason to think that these highly mobile items depicted in the 2019 photos are the same highly mobile items that Jane says she saw (though not in the massage room) in 1994 or 1995 or 1996.

Indeed, the government now disavows any argument "that the particular nude artwork in the exhibits was present while Jane was abused." Gov. Letter at 8. But if that's so, then there's no probative value to the unauthenticated photographs, particular when, as the Court acknowledged, the government already "ha[s] [Jane's] description in" evidence. TR 12/3/2021, p 1077:3.

Because the government has not authenticated the 2019 photos as accurate representations of Mr. Epstein's house in 1994 or 1995 or 1996, they are irrelevant. But even if they were relevant, this Court could still exclude them as unfairly misleading and prejudicial. Fed. R. Evid. 403. They are misleading because, as McCormick recognizes, the government has not shown the lack of changed conditions. § 215. Photographs, 2 McCormick on Evid. § 215 (8th ed.). And they are unfairly prejudicial because they depict something occurring fifteen years after the charged conspiracy, they have no connection to Ms. Maxwell, and they are inflammatory. Fed. R. Evid. 403.

The Honorable Alison J. Nathan
December 5, 2021
Page 8

The government's letter next addresses photos of vibrators and a stuffed tiger. As for the
vibrators, the government does not contend the vibrators are the "particular vibrators used on
Jane," only that they are "they type" of vibrators used on Jane. Gov. Letter at 10. But there is no
testimony to support that argument, because Jane did not describe the vibrators other than to say
they were "different sizes." TR 11/20/2021, p 310:14-15.[3] And because the government did not
show these photos to Jane, there is no evidence that they are "the type" she claims Mr. Epstein
used on her. If they were "the type," Jane could easily have said so on the stand.

The tiger next. Jane testified that Mr. Epstein had "animals" and "animal heads" and
"strange things" in the house that were "a little creepy personally." *Id.* at 318:5-13. She did not
testify or describe a tiger. There's no foundation to admit that photograph, or the photograph of a
stuffed dog, which Jane also did not describe. Gov. Letter at 11.[4]

The government also discusses six photos that show the so-called structural features of
the house. Again, Ms. Maxwell does not challenge photos of the outside of Mr. Epstein's
apartment. But photos of the inside of the apartment are a different matter. The government has
not authenticated them, and even if they were authenticated, they have minimal if any probative
value, as contrasted with their potential to mislead the jury as to what the apartment looked like

---

[3] Mr. Alessi's testimony about back massagers in Palm Beach has no bearing on the
vibrators found in New York twenty years later. *See* Gov. Letter at 9.

[4] Stuffed animals and vibrators are also highly mobile.

The Honorable Alison J. Nathan
December 5, 2021
Page 9

in 1994 or 1995 or 1996. Assuming any relevance, its incremental probative is minimal at best,

since Jane has already described what the apartment looked like. TR 12/3/2021, p 1077:3.[5]

## CONCLUSION

This Court should reaffirm its ruling that the government has failed to authenticate the

900 series photos. Unless the government provides the required authentication, the photos are

irrelevant under Rule 401 and misleading and prejudicial under Rule 403.

Respectfully submitted,

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*
cc: Counsel of record (via ECF)

---

[5] The government mentions of photographs of Mr. Epstein with various celebrities. Gov.
Letter at 12. The government says it does not intend to admit exhibits depicting these
photographs. Ms. Maxwell reserves the right to object to this testimony in context.