```
LBF3MAXC
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                      20-cr-330 (AJN)

GHISLAINE MAXWELL,

             Defendant.         Conference

------------------------------x

                                    New York, N.Y.
                                    November 15, 2021
                                    9:40 a.m.

Before:

                HON. ALISON J. NATHAN

                                    District Judge

                     APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  MAURENE COMEY
     ALISON MOE
     LARA POMERANTZ
     ANDREW ROHRBACH
     Assistant United States Attorneys

HADDON MORGAN AND FOREMAN
     Attorneys for Defendant
BY:  JEFFREY S. PAGLIUCA
     CHRISTIAN R. EVERDELL
     LAURA A. MENNINGER
     -and-
Bobbi C. Sternheim
     Attorney for Defendant

Also Present:  Sunni Drescher
               Paralegal, U.S. Attorney's Office

1    THE DEPUTY CLERK:  The Honorable Alison J. Nathan is
2 now presiding.
3    United States v. Ghislaine Maxwell, 20 CR 330.
4    Counsel, please state your name for the record.
5    MS. COMEY:  Good morning.  Maurene Comey, Andrew
6 Rohrbach, Lara Pomerantz, and Alison Moe for the government.
7 Joining us is paralegal specialist Sunni Drescher.
8    THE COURT:  Thank you.  And for the defendant?
9    MS. STERNHEIM:  Good morning, Judge Nathan.  Bobbi C.
10 Sternheim appearing for Ghislaine Maxwell, present at counsel
11 table, along with Christian Everdell, Laura Menninger, and Jeff
12 Pagliuca.
13    THE COURT:  Good morning.  Please be seated.
14    We're here for a pretrial conference in this matter.
15 My primary purpose of today's conference is to go over the
16 logistics of the voir dire that will begin tomorrow and
17 finalize the list of prospective jurors who will return for
18 voir dire, or at least we will ask to return for voir dire.
19    I want to start with the list of jurors first.  And
20 just by background, the jury department conducted five sessions
21 of questionnaires over the course of November 4, 5, and 12.
22    As instructed, the parties conferred and I received
23 your list for each of these days.  One, prospective jurors both
24 sides agreed should proceed to voir dire; two, prospective
25 jurors that both sides agreed should be excused or struck for

cause; three, prospective jurors that the defense but not the government believes should be excused; and four, prospective jurors that the government but not the defense believe should be excused.

And so that produced, putting those together for the days, we had those four lists.  My chambers sent the parties, just so you had an opportunity to review them before today, a list of 13 additional prospective jurors that were on the parties' agreed to proceed to voir dire list, that when I looked at, thought should be considered for excusing and I had 13 juror numbers on that list.

I understand the government didn't object to striking those prospective jurors, but the defense objected to striking four of them.  So from my perspective, we'll keep those four on the list for whom the parties agree should proceed to voir dire.

So, subtracting those out from the ones that the Court sent, we would move the following onto the agreed to not return list:  23, 114, 215, 257, 338, 420, 422, 542 and 561.

And then I also received in that letter or e-mail that the defense wishes to modify its previous strikes, it indicated it wanted to move three from the agreed to proceed to voir dire list to the defense objects to proceeding to voir dire list.

One of them, by my count, was already on the agreed to strike.  That was number 92.  So the two new ones that the

defense now wants to include in its the defense objects but the government doesn't is 226 and 404.

Is that right, Ms. Menninger.

MS. MENNINGER: Yes, your Honor.

THE COURT: We'll move those two out of the agreed to list and into the list of those for whom the defense objects but the government doesn't.

Okay? Everybody understand where we are?

So, by my count then, making those changes, we have 231 prospective jurors for whom we agree should be called back for voir dire. I believe that's a sufficient number to get to the number of jurors that we need, so that's the list of jurors that we will proceed to call back.

The way we're going to do it is we are going to aim for 50 jurors a day, a morning session and afternoon session, so we're breaking it so people aren't sitting around all day. We'll direct a certain number to come in the morning, a certain number to come in the afternoon. We'll get into the specific logistics in a moment. But, that list of 231, my assumption is that that will get us to the 50 to 60 qualified that I'm planning on.

We have produced a list of those numbers with the changes that I just noted, so the parties' agreed list with the changes that I've just noted, so that gets us to the 231. I'll ask my law clerk to hand that list out to both sides. And

we're also handing out the names that correspond to the juror numbers, approximately 24 hours in advance of when voir dire even begins.  My experience is attorneys get that list simultaneous with the beginning of voir dire.  Here you get it 24 hours in advance, and of course two weeks before the exercise of peremptories.

So, we'll mark the juror number list that we've agreed that we are calling back as a court exhibit, we'll call that Court Exhibit 1 and mark it.

Let me ask counsel if you have any questions about what I've just described.

MS. COMEY:  Not from the government, your Honor.  Thank you.

MS. MENNINGER:  Not for us, your Honor.  Thank you.

THE COURT:  Very well.

Moving to the specific logistics of voir dire.  We'll meet at 8:30 each day beginning tomorrow in this courtroom, 518.  As I explained when we first began discussing this at the October 21 conference, each panel of jurors will be held in a separate courtroom.  They will watch the video remarks that I shared with you and we agreed upon and I recorded the video.  They'll be shown those video remarks, and then they will be brought in here one at a time.  And my hope is that we can get the jurors, the morning panel jurors checked in and ready to go so we can start at 9 a.m. with the first jurors.

1    I anticipate that we'll break for lunch at 1 p.m., and
2    then start with the afternoon panel at 2 p.m.
3         We're going to be directing each panel to come back in
4    accordance with that schedule.  I do anticipate stopping at
5    5 o'clock each day.
6         When they are here for their individual questioning,
7    they are going to be seated there in the witness box in the
8    seat, is my anticipation, with a microphone.  And we will do
9    the questioning in the public courtroom, with the exception of
10   if the juror has indicated on their questionnaire that they
11   request a specific answer to remain confidential, because it
12   would be embarrassing or otherwise concerning for them, which
13   we did in order to encourage full disclosure and openness and
14   ultimately to get a fair and impartial jury, to the extent we
15   need to discuss those questions with any jurors, we will do
16   that at sidebar.  And my anticipation is we'll seal that
17   portion of the transcript, to the extent it discusses that
18   private information that the juror has asked to remain
19   confidential.
20        I think just looking at the questionnaires, that
21   shouldn't happen too frequently.  And otherwise the voir dire
22   will take place in public.
23        Next, we'll move thoroughly but efficiently through
24   the process to make sure that we can get through it in the time
25   that we have.  I've given you an outline of what I will intend

to go back over in the voir dire and inquire about.  I'm not going to stick to that script exactly, I'm going to have a conversation with the jurors, but you know what I'm going to ask about.

With respect to individual places and entities, the parties submitted that list to the Court last night, and what we'll do is the list, as we've discussed, contains the name of witnesses who I've permitted to testify under pseudonyms.  So we've rearranged that list so it's by letter or number, we'll show the list to the prospective juror, ask them to read the names, do they recognize any of those names, and if so, to indicate what letter.  If they indicate the letter of a witness who has been granted permission to testify under pseudonym, we'll discuss at sidebar and presumably sealed, so as not to identify that witness.  The rest, to the extent a juror has knowledge of anyone on the list, it can be discussed in open court.  Same for the list of entities.

There's one inclusion on the list, I think just one, which is a specific employer name that I've indicated would not be discussed in open court because that would undermine the protection for the witness who has been granted permission to proceed by pseudonym.

We'll bracket that for a moment.  I want to discuss with the parties how I intend to handle that.  But to the extent that might include discussing the specific employer,

well take that up at sidebar in a moment.  And as I said, only if the jurors indicated a specific wish to speak not in public because the answer would embarrass them or otherwise seriously compromise their privacy, other than that, we'll proceed in open court.  But with respect to those, I'm doing that to ensure juror candor and honesty and ultimately ensure the selection of a fair and impartial jury.

Process-wise, during the questioning, as the juror is answering my questions in the voir dire, if I think a juror answers in a way that would require striking for cause, I'll ask counsel whether they have any objection.  Meaning do you have any objection to me striking for cause.  Assuming no objection, then I will strike that juror for cause, and they'll be excused and we'll give them instructions.

If I don't think that any answer requires a striking for cause before we get to the individual questions at the end of the voir dire, I'll ask counsel if they have specific followup.  If you have specific followup, I'll hear you at sidebar, that is, outside the hearing of the juror, consider your request for followup, and then either engage in that followup or not, and proceed apace.

If we have a juror for whom there is no basis to strike for cause, at that point, we'll proceed to have them respond to the individual questions in the voir dire.  And then they won't be struck, so they'll be given instructions on

1    returning as I've indicated we would do.

2              And again, we need 40 qualified jurors in light of the
3    number of peremptories, but I'm hoping with this number and the
4    time that we have that we can get to 50 to 60 qualified jurors.

5              Any questions?

6              MS. COMEY:  Not from the government, your Honor.
7    Thank you.

8              MS. MENNINGER:  Your Honor, one briefly.  Can I just
9    inquire how you intend to conduct the sidebar in this
10   courtroom, given the number of attorneys and so forth?

11             THE COURT:  Yes.  So, I think it's going to have to be
12   one attorney per side.  And all of you are capable of operating
13   on your own.  So, if we are doing a sidebar with the juror,
14   because they have private, confidential information they want
15   to convey, then it will be me and the two attorneys and the
16   court reporter with the juror.  To the extent we are talking
17   about any followup questions that you want me to ask, we'll go
18   over here, and I'll still ask we limit it to one attorney per
19   side.  Okay?

20             MS. MENNINGER:  Thank you.

21             THE COURT:  Any other questions?

22             MS. MENNINGER:  No, thank you.

23             THE COURT:  Anything else about voir dire?

24             MS. COMEY:  Not from the government, your Honor.

25             MS. STERNHEIM:  Judge, this isn't actually about the

1  protocols that you've just described.  But has the Court made a

2  determination with regard to whether we are sitting the week

3  from Christmas to New Year's?  Because I noticed on some of the

4  individuals on your list, it appeared that they were people who

5  might not be available that week.  I'm just asking for some

6  clarification.

7  THE COURT:  Yes.  I think we do need to sit Monday,

8  Tuesday and Wednesday of that week.  I think there were enough

9  responses of folks who had travel beginning the 23rd, so the

10 Thursday if I had that right.

11 We will sit the 20th, 21st and 22nd.  And I think I

12 had been thinking to sit the 23rd as well, but I think there

13 were enough individuals who we're bringing back who indicated

14 that travel began then.  So I think someone who has got travel

15 beginning on the 23rd is not an issue.  The 20th, 21st or 22nd

16 wouldn't be an issue.

17 MS. STERNHEIM:  For the following week, are you

18 following a similar is schedule?

19 THE COURT:  I think we can sit through Thursday.  The

20 way the holidays fall this year, I do think we have to use that

21 time.  So the 27th, 28th, 29th, and 30th we'll sit.  We won't

22 sit the 31st, which is New Year's Eve.

23 Any other questions about voir dire?

24 MS. COMEY:  No, your Honor.

25 THE COURT:  I'm not going to give rulings now, but to

1  flag what I understand to be remaining, we have two issues that
2  are now fully briefed.  That's the supplemental briefing on the
3  defendant's fourth motion in limine, and we have the
4  government's motion to exclude the testimony, or some of the
5  testimony at least, of Drs. Loftus and Dietz pursuant to 702
6  and Daubert.
7         I'm working my way through that.  I will either rule
8  by written order or address those at the November 23 final
9  pretrial conference.
10        We also have not yet fully briefed the defendant's
11 seventh motion in limine which relates to Government Exhibit
12 52, the defendant's first motion in limine related to
13 introduction of co-conspirator statements.
14        Let me say the Court appreciates some effort to find
15 places on which agreement was necessary and to come to it.
16 Thank you.
17        Those matters will be fully briefed tonight when I
18 receive the defense's response.  And again, I will either put
19 out written orders on those or address them at the November 23
20 final pretrial conference.
21        If the government does move to exclude any of the
22 other defense witnesses that have been noticed as potential
23 experts, that briefing is due tonight, response by Friday.
24 I'll either put out a written order, address it at the final
25 pretrial conference on the 23rd if I can, or some time after

1    that in advance of trial if I can't get to it by then.
2             From your perspective, other outstanding issues that
3    the Court hasn't addressed yet?
4             MS. COMEY:  Nothing outstanding, your Honor.  The
5    government did have a few small issues to alert your Honor to.
6    But I'll defer to the defense on these issues you already
7    raised.
8             MR. PAGLIUCA:  Late breaking, we requested subpoena
9    issue last evening.
10            THE COURT:  Yes.
11            MR. PAGLIUCA:  I understand that's very new, but I'm
12   just flagging that as an outstanding issue.
13            THE COURT:  Yes.  And let me ask, has notice been
14   provided to the victim witnesses?
15            MS. COMEY:  No, your Honor.  We received it late last
16   night and had not had the opportunity to provide that notice,
17   but we will do that today.
18            THE COURT:  So the government will provide notice?
19            MS. COMEY:  Yes, your Honor.
20            THE COURT:  So, I don't know that it matters.  I can
21   issue the subpoena, if there is a motion to quash, we can deal
22   with it, or we can brief it in advance.
23            I think we need to move as expeditiously as possible,
24   so my inclination would be to issue the subpoena, and if there
25   is a basis to quash, the government can be heard.

1    MS. COMEY:  I do think we anticipate opposing the
2    subpoena, your Honor.  In terms of which way mechanically your
3    Honor would like to proceed we don't have a particular
4    preference, but I think we would like to brief that issue.
5    THE COURT:  Well, I think the only constraint under
6    the rule, the victims have to be notified.  So I'd like that
7    notification to happen today.
8    MS. COMEY:  Yes, your Honor.
9    THE COURT:  And then I suppose, why don't you propose
10   when the government would brief any opposition.
11   MS. COMEY:  May I have a moment, your Honor?
12   THE COURT:  You may.
13   MS. COMEY:  We would propose by Thursday of this week,
14   your Honor.
15   THE COURT:  So if we do Wednesday of this week and
16   response from the defense by Friday.
17   MS. COMEY:  Thank you, your Honor.
18   MR. PAGLIUCA:  Your Honor, on that point, I'm hoping
19   that the Court could, once notice is given, issue the subpoena
20   so we can get it served.  The documents are returnable to your
21   Honor, not the parties.  And then we're not holding up
22   production by the briefing.
23   THE COURT:  I agree with that.
24   MS. COMEY:  Understood, your Honor.
25   THE COURT:  So I will issue the subpoena with the

1  understanding that the government will provide notice to the
2  victims today, and will file any -- I suppose at that point you
3  could phrase it as a motion to quash the subpoena by Wednesday.
4  Defense response by Friday. Okay. All right.
5            Yes, Ms. Comey.
6            MS. COMEY: Yes, your Honor. Two issues we wanted to
7  bring up for your Honor. We've been working with defense
8  counsel to reach points of agreement, and have reached
9  stipulations as to certain pieces of evidence. But there are
10 certain pieces of evidence where we believe we may need to
11 brief authentication for your Honor. Particularly, there are
12 certain birth certificates and a prior sworn statement that we
13 think we need to brief. We have been conferring with defense
14 counsel, I don't think we are going to reach agreement, so we'd
15 like to set a schedule for the briefing on that.
16           And the other issue we wanted to put on your Honor's
17 radar but that does not need a briefing schedule at this point
18 I believe, is we plan to confer with defense counsel about
19 areas that we believe would be improper for cross-examination
20 of government witnesses. Usually we can reach agreement on
21 those, but if we can't reach agreement, then we will need to
22 brief that with your Honor.
23           THE COURT: Okay. So what do you propose for the
24 authentication issues?
25           MS. COMEY: We would propose that the government

1  submit its papers by Friday, and that the defense submit theirs
2  early next week.
3             THE COURT:  I'm not giving you to Friday to brief
4  that.  So, we'll do Thursday, Monday.
5             MS. COMEY:  Thank you, your Honor.
6             THE COURT:  And what's the other issue?
7             MS. COMEY:  This is an issue that does not require
8  briefing, but just a logistical question.
9             THE COURT:  No --
10            MS. COMEY:  The other issue.
11            THE COURT:  Yes.
12            MS. COMEY:  Motions to preclude cross-examination on
13 certain topics of government witnesses.  We have not had an
14 opportunity to confer with defense counsel about that issue.
15 If we are able to agree, we won't need to brief it.  If we
16 can't agree, we will need to brief that.
17            THE COURT:  Okay.  I might just need to hear you once
18 we get through openings.  Well, see if you can get agreement.
19            See if you can get to agreement.  If not, I'll hear
20 you on the 23rd.
21            MS. COMEY:  Thank you, your Honor.
22            THE COURT:  And logistics?
23            MS. COMEY:  With respect to seating in the courtroom
24 where the witnesses will be heard during trial.  The government
25 wanted to know whether there would be a seat available for

1    witness counsel in that room when that witness is testifying.

2           THE COURT:  That's a question for the district
3    executive's office.

4           MS. COMEY:  Understood, your Honor.  I imagine the
5    same would be true for supervisors of the government.  That
6    question would go to the district executive's office?

7           THE COURT:  It does.

8           MS. COMEY:  Thank you, your Honor.

9           I have nothing else.  Thank you.

10          THE COURT:  Okay.  Yes.

11          MR. EVERDELL:  Yes, your Honor.  One brief issue that
12   I am not asking the Court to do anything about, but I want to
13   make the Court aware of it.  The defense has made a number of
14   Touhy requests, thus far in the case.

15          I want to raise with the Court one in particular where
16   we've asked for a witness to authenticate certain border
17   crossing records, a witness from the Customs and Border
18   Protection.  The government has been working to get a witness
19   and make one available to us.  The request was made several
20   weeks ago.

21          I want to flag this for the Court because, as I
22   understand it from the government, there is some complications
23   with this issue.  But we do expect to have a witness available
24   to us to be able to authenticate these documents, unless we
25   reach some agreement as to authenticity in a stip.

1     But we wanted to flag that for the Court because we
2  are getting close to trial.
3     THE COURT:  Okay.
4     MS. COMEY:  Yes, your Honor.  We are working
5  expeditiously to identify a witness for the defense.
6     THE COURT:  Okay.  I certainly will encourage that
7  process to continue.
8     Anything else?
9     MS. COMEY:  Not from the government, your Honor.
10 Thank you.
11    MS. STERNHEIM:  Nothing, thank you.
12    THE COURT:  Thank you, everyone.  We are adjourned.
13    See you the 23rd.
14    My apologies.  There was an issue that I had bracketed
15 that I neglected to come back to.  And that's the question of
16 the voir dire process with the entity, the specific employer
17 entity.  So, because we might need to discuss that specific
18 employer, we are going to do this at sidebar.
19    (Pages 18-22 SEALED)
20
21
22
23
24
25

1              (In open court)
2              THE COURT:  With that, I have nothing further and we
3   are adjourned.
4              One correction to what I said.  My deputy reminded me
5   that the courthouse is actually closed on the 30th of December.
6   It's also closed on the 23rd.  I've already said we won't sit.
7   It is also closed on the 30th so we won't sit that day either.
8   So anything else?
9              We are adjourned.
10             (Adjourned)