

**Haddon, Morgan and Foreman, P.C**
**Jeffrey S. Pagliuca**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364
FX 303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

December 8, 2021

**VIA Email**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

    This is at least the third attempt by the government to admit an unreliable exhibit of unknown origin. The problems are manifold, as this Court is aware.

    When the government last sought admission, after the testimony of Juan Alessi, this Court reserved ruling, recognizing that Mr. Alessi had neither authenticated Exhibit 52 nor laid the required foundation for its admission under Rule 803(6).

    Rest assured, promised the government, it would fill in the blanks through the testimony of Employee-1. But the government no longer plans to call Employee-1 as a witness, so it's left with a record this Court already deemed inadequate to justify admission of the exhibit.

    Undeterred, the government now, for the very first time, points to something else—Ms. Maxwell's April 2016 civil deposition. The government claims that Ms. Maxwell's deposition testimony authenticates Exhibit 52.

    The government is wrong, for at least two obvious reasons. First, the exhibit Ms. Maxwell was shown in her deposition (Deposition Exhibit 13) is not the same thing as Exhibit

The Honorable Alison J. Nathan
December 8, 2021
Page 2

52. Deposition Exhibit 13 is a photocopy of some pages of some document. It is not the bound volume the government seeks to admit as Exhibit 52.

Second, even if Exhibit 13 were the same thing as Exhibit 52, Ms. Maxwell expressly and repeatedly disclaimed any knowledge of what Exhibit 13 was, when it was created, who created it, and how plaintiff's attorneys came to possess it. She surely did not authenticate it or lay a foundation for its admission as a business record.

The government's last-ditch effort to admit Exhibit 52 should fail for both reasons, as well as the others this Court already identified and those provided below.

## ARGUMENT

The government cannot authenticate Exhibit 52 or lay the foundation for its admission under Rule 803(6).

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). When the government attempts to satisfy the authentication requirement by relying on testimony of a person with knowledge, the witness must "testi[fy] that an item is what it is claimed to be." Fed. R. Evid. 901(a)(1).

In turn, to prove an authenticated document is a business record, Rule 803(6) requires the government to prove that:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;

>(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
>(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Pages 3 to 6 of the government's letter rehash arguments the government has already made and this Court has already rejected. Ms. Maxwell will not repeat here why these arguments fail. (Ms. Maxwell incorporates those arguments by reference.)

What's new is the government's attempt to rely on Ms. Maxwell's April 2016 deposition testimony and in particular the questions she was asked and the answers she gave concerning Deposition Exhibit 13. The government's reliance is not persuasive.

***First***, Deposition Exhibit 13 is ***not*** the same thing as Exhibit 52. Deposition Exhibit 13 is a photocopy of some pages of some document. There is no explanation from where the photocopy came, when it was made, who made it, what it purports to be a copy of, whether it is a complete copy, or whether it is an accurate copy. Whatever it is, it is not a copy of Exhibit 52. (It has, for example, several handwritten pages that aren't contained in the government's trial exhibit.) Quite simply, Ms. Maxwell was not asked and did not testify about Exhibit 52 or its authenticity.

This is no trivial matter. As Mr. Alessi explained in testimony this Court deemed inadequate to authenticate the exhibit, Exhibit 52 is not the same as the books he saw during his employment with Mr. Epstein. The books in use when he was an employee were two inches thick. Exhibit 52 is 1/4 inch thick.

The Honorable Alison J. Nathan
December 8, 2021
Page 4

For her part, Ms. Maxwell wasn't even shown a book, let alone a book that was either two inches thick or 1/4 inch thick. She was shown photocopies of pages from something, the origin of which no one knows.

*Second*, even if Deposition Exhibit 13 was the same as Exhibit 52 (which it isn't), Ms. Maxwell's testimony about Exhibit 13 is insufficient to authenticate or lay the foundation for the admission of Exhibit 52. Ms. Maxwell expressly and repeatedly disclaimed any knowledge of who created Deposition Exhibit 13, when it was created, and whether it was a complete and accurate copy of whatever it was copied from:

> Q. How was this document created?
>
> A. I don't know how this document was created.

April 2016 TR, p 312.

> Q. You were involved in the creation of this document?
>
> A. I think you can see from the date that it's 2004, 2005, so no.

*Id.* at 313

> Q. Did you ever have to keep track of address or phone contact information for Jeffrey Epstein?
>
> A. That was not my job.
>
> Q. Did you ever do it?
>
> A. I am not responsible for keeping his numbers so that wasn't my job at all.

*Id.* at 314.

> Q. Do you know how this book was created?
>
> A. No.

*Id.* at 317.

The Honorable Alison J. Nathan
December 8, 2021
Page 5

> Q. Did you keep this document, an electronic copy of it, on your personal computer?
>
> A. I don't recollect.

*Id.* at 318.

> Q. If you didn't create this document, do you know who did?
>
> A. I don't

*Id.* at 319.

> Q. Are there any names or numbers under this section, Massage Florida, that you would have provided to an assistant to input into this document?
>
> A. I can't possibly say.

*Id.* at 320-321.

> Q. Would you have provided after, I know you didn't hire her, Jeffrey hired her but after you brought her to Jeffrey, would you have given her cell phone number to an assistant to input into this document?
>
> A. I didn't bring her to Jeffrey, the way you characterize and I would have no knowledge of how this number ended up in this book.

*Id.* at 321.

> Q. Ms. Maxwell, we were talking earlier about the journal and I believe you said in 2004, 2005, you were no longer working and responsible for that journal, is that correct?
>
> A. What are we referring to, this document right here?
>
> Q. Yes.
>
> A. I don't know who is the author of this or I can't tell you what is in here versus what would have been here when I was around. I can't testify to that.

*Id.* at 327-28.

> Q. Was it on your computer?
>
> A. I already testified I have no idea where this document came from.

*Id.* at 331. The government's attempt to authenticate Exhibit 52 through Ms. Maxwell's testimony about something else entirely fails.

The flaws in the government's argument don't end with these two problems, though each problem itself is dispositive of the government's request. The government's letter focuses *exclusively* on the authentication question. The government does not address the business records exception or even attempt to justify the admission of Exhibit 52 despite it being hearsay.

The government also conveniently ignores all it said before about why Exhibit 52 was relevant and how it would be admitted and used as evidence. The government first said Exhibit 52 was *Ms. Maxwell's* book. That was the entire premise of the government's November 12 letter and its opposition to Ms. Maxwell's motion in limine. But no witness has testified that it was Ms. Maxwell's book, and the government has abandoned that argument.[1]

The government next said it would call Employee-1 as a witness to authenticate the exhibit and lay the foundation for its admission and, in turn, to testify that Exhibit 52 belonged to Ms. Maxwell. But no more. The government's decision not to call Employee-1 confirms what Ms. Maxwell has been saying all along: Exhibit 52 did not belong to her, and Employee-1 was never going to testify that it did.

Finally, it would be exceedingly unfair were the government to admit Exhibit 52 at this late stage in its case, having now abandoned its earlier arguments for admissibility and relevance. As this Court recognized earlier today, Mr. Alessi is done testifying, and Ms. Maxwell cannot be

---

[1] We know the government has abandoned this argument because it relies on Ms. Maxwell's deposition testimony as the basis for admitting Exhibit 52. But in that testimony, Ms. Maxwell unequivocally *denied* being the owner of or responsible for Deposition Exhibit 13.

The Honorable Alison J. Nathan
December 8, 2021
Page 7

faulted for pursuing a line of cross-examination that took the government at its word regarding its theory of admissibility and relevance and its plan to call Employee-1 as a witness to lay the required foundation.

## CONCLUSION

The government will rest either tomorrow or Friday, and it is long past time for the government to have presented evidence to authenticate Exhibit 52 and to lay the foundation for its admission. Because the government has not met its burden, this Court should exclude Exhibit 52, a book Mr. Alessi was unable to identify or authenticate, a book Ms. Maxwell was never shown during her deposition, and a book that was stolen and missing for several years, offered for sale in an extortion scheme and altered in untold ways.

This Court should reaffirm its decision not to admit Exhibit 52.

The Honorable Alison J. Nathan
December 8, 2021
Page 8

Respectfully submitted,

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*


cc: Counsel of record (via email)