# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-912-9698 • Cell
888-587-4737 • Fax

225 Broadway, Suite 715
New York, NY 10007
bcsternheim@mac.com

December 15, 2021

Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *United States v. Ghislaine Maxwell*
S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

The government's limitation on Dr. Loftus's testimony is a desperate attempt to restrict relevant testimony.  Accusers were asked suggestive questions during interviews and prep sessions with the government.  We anticipate that Agent Young will be testifying about the form of questions asked during such interviews and prep sessions. A review of the 3500 material and Jane's testimony exemplify the type of questioning the government posited during their investigation.

By way of example, during cross examination, Jane was asked about the government's repeated questioning regarding whether sexual abuse occurred in New Mexico, during two separate interviews and, during one of those interviews, three separate times. TR 512-516. Also, the government challenged Jane's recollection that she had seen The Lion King on Broadway during her first trip to New York at age 14, outright suggesting that she saw the movie instead.  When Jane's counsel confirmed that she had seen the Broadway show, not the movie, AUSA Rossmiller told her lawyer that the government would just "assume" that The Lion King trip was not her first trip to New York, even though that is what Jane had reported to them.  TR. 503-511; *see* 3509-010.  True to form, at her very next call with the government a few weeks later, she followed their lead and "remembered" that the Lion King trip had not been her first trip to New York.  *See* 3509-011.

With regard to "response pressure," Professor Loftus may discuss the many different forms that suggestive processes can have on a witness's memory. Dr. Rocchio testified, e.g., about "parental factors" that have no foundation in the record of this case. She discussed "violence between parents," "the extent that the parents themselves have experienced any form of abuse in their own backgrounds," and the presence of a step-father in the home as all placing a child at a higher risk. TR. 732. She went on to discuss "family factors," including "families where there are other children in the home that are being abused or have been abused" being placed "at higher risk. " *Id.* The government's attempt to limit expert testimony in the fashion they suggest is directly contrary to the information they elicited from their own expert on direct examination.

Professor Loftus' testimony on the effect of suggestive post-event information and "response pressure" is relevant and within her area of expertise. Suggestion can come from a variety of sources and there is no reason to restrict to expert testimony on the science of memory and factors that impact memory. The government puts forth no legal basis for its position and attempts to raise a baseless and untimely *Daubert* challenge. The government's extreme efforts to restrict Ms. Maxwell's right to put on a defense should not be countenanced by the Court.

Very truly yours,

/s/

BOBBI C. STERNHEIM

cc: All counsel of record