```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

United States of America,

–v–

Ghislaine Maxwell,

                Defendant.

20-CR-330 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

      The Defense on December 12, 2021, moved to permit three anticipated witnesses to testify under a pseudonym or their first names only. The Government filed a letter opposing this request on December 14, 2021. The Defense's primary contention is that some form of anonymity for its witnesses is justified by the same reasons that the Court permitted three alleged victims and two related government witnesses to testify under pseudonyms. The Court disagrees with this basic premise and denies the Defense's motion.

      "By convention, most witness examinations begin with an introduction of the witness to the fact finder, including the witness's name, education, residence, work history, family etc. Such background gives the fact finder some insight into who the witness is while also serving to steady the witness's nerves." 30 Wright & Miller, Federal Practice & Procedure, Evidence § 6408 (2d ed. 2021); *see Alford v. United States*, 282 U.S. 687, 691–92 (1931). That presumption of identification is based, in part, on the "firmly established" principle that "the press and general public have a constitutional right of access to criminal trials . . . embodied in the First Amendment." *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 603 (1982). "There are rare instances, however, when it may be appropriate . . . to preclude . . . inquiring into the witness's identity and background." Wright & Miller, *supra*, § 6408.

1

At a conference on November 1, 2021, the Court granted the Government's motion in limine to permit alleged victims to testify under pseudonyms and, as a consequence, to redact their real identities from exhibits. Nov. 1 Tr. at 6. That motion was granted for two primary reasons. First, the Court has a statutory duty to protect an alleged crime victim's "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Nov. 1 Tr. at 6–7. Because of the "sensitive and inflammatory nature of the conduct alleged" the Court found that pseudonyms were necessary to protect that right. *Id.* at 8. Second, if alleged victims of abuse were subject to publicity, harassment, and embarrassment, "other alleged victims of sex crimes may be deterred from coming forward" to report abuse. *Id.* The Court emphasized that the Government's proposal is "quite common" among courts in this circuit, citing six such cases. *Id.* at 7–8. As a consequence of protecting alleged victims, the Court further permitted pseudonyms for several witnesses that were not alleged victims themselves "because the disclosure of their identities would necessarily reveal the identities of the alleged victims." *Id.* at 8.

These reasons for granting the Government's prior motion do not apply to the Defense's present request. Based on the current proffer, none of the Defense's witnesses intend to testify to sensitive personal topics or sexual conduct. Rather, they all are anticipated to deny misconduct by Epstein and Ms. Maxwell, and therefore do not qualify as victims under § 3771. Further, there is no similar concern, as there are for alleged victims of sexual abuse, that denying the use of pseudonyms will deter reports of misconduct.

It is notable that the Defense does not cite in support of its motion a single case in which a court granted the use of pseudonyms to defense witnesses. Neither does the Government. And nor could the Court after significant independent research. It appears, then, that the Defense's

requested relief is unprecedented.

The Defense raises several specific arguments in favor of its unprecedented request. First, the Defense argues that anonymity is necessary to protect its witnesses from scrutiny and harassment because of the significant publicity this case has garnered. But these generalized concerns are present in every high-profile criminal case. They do not present the rare circumstances that prior courts have found justify the use of pseudonyms. Further, the alleged victims that received pseudonyms during the Government's case have a statutory right to have their "dignity and privacy" protected. 18 U.S.C. § 3771(a)(8). The Defense's witnesses have no similar right.

Perhaps most analogous to Defendant's request is *United States v. Rainiere*, *United States v. Rainiere*, No. 18-CR-204S1 (NGG), 2021 WL 4522298 (E.D.N.Y. Oct. 4, 2021), another high-profile case involving alleged sexual misconduct. There, after a defendant pled guilty, the defense sought to keep letters submitted in support of the defendant at sentencing anonymous, arguing that anonymity was necessary because "the authors of supportive letters may face retribution if their identities are publicly known, given the public attention that has been paid to this case" and that failure to do so "will have a chilling effect on individuals who wish to speak in support of defendants in other high-profile prosecutions." *Id.* at *3–4. The court acknowledged the individuals' "genuine interest in assisting sentencing while remaining out of the public eye themselves," but concluded that their letters about the defendant did "not involve traditionally private matters" and that the public's interest in access prevailed. *Id.* at *4. The Court concludes that the same analysis applies here.

Second, and relatedly, the Defense argues that without pseudonyms, its witnesses may refuse to testify, implicating Ms. Maxwell's right to present a defense. The Court notes the late-

breaking nature of the Defense's request, which was made not pre-trial, as was the Government's request for the use of pseudonyms, but instead two days after the Government rested its case. The Defense could and should have anticipated potential witnesses' concerns. If the Defense anticipated calling a witness who refuses to testify, the Defense would have the same tools at its disposal as does the Government to compel that witness's attendance at trial. The Defense could have, for example, subpoenaed a witness under Rule 17. If the witness resides abroad, the Defense could have sought a letter rogatory under 28 U.S.C. § 1781, which is a mechanism that the Second Circuit has repeatedly emphasized. *See, e.g.*, *United States v. Brennerman*, 818 F. App'x 25, 30 (2d Cir. 2020) (citing § 1781 as a mechanism for a criminal defendant to "secure testimony from the United Kingdom"); *United States v. Lee*, 723 F.3d 134, 142 n.6 (2d Cir. 2013). These mechanisms ensure that pseudonyms are not necessary to secure a reluctant witness's testimony and the Court therefore rejects this basis for permitting pseudonyms.

       Third, the Defense argues that a pseudonym is justified for a witness that works as a plain clothes law enforcement officer, citing in support a large body of case law in which anonymity was granted for testifying law enforcement officers. Def. Letter at 5. But as the Government notes, the cases relied on by the Defense uniformly involve officers that work undercover such that revealing their true name to the public would subject them to violent retaliation by the defendant or other individuals, or would frustrate their ability to remain undercover. *E.g.*, *United States v. Alimehmeti*, 284 F. Supp. 3d 477 (S.D.N.Y. 2018); *United States v. Hernandez*, No. S1 12 CR 809 PKC, 2013 WL 3936185 (S.D.N.Y. July 29, 2013). Even further afield, the Defense cites in support a case in which a covert CIA officer testified under a pseudonym. *United States v. Schulte*, 436 F. Supp. 3d 698 (S.D.N.Y. 2020). These cases are inapplicable to the present request as proffered to the Court.

Fourth, the Defense argues that a pseudonym is justified for one witness because, under the Government's theory of the case, she is a victim of sexual abuse by Epstein. There are at least two problems with this justification. First, based on the Defense's current explanation of this witness's anticipated testimony, this witness will testify that she was *not* the target of any sexual misconduct by Epstein or Ms. Maxwell. She would therefore fall outside the scope of the Crime Victims' Rights Act, which defines a victim as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e)(2)(A). Though the Act's definition of victim is "expansive," the Defense has not identified a way in which this witness was harmed, "whether physically, financially, psychologically, or otherwise" by an offense allegedly committed by Ms. Maxwell. *United States v. Ray*, 337 F.R.D. 561, 570 (S.D.N.Y. 2020); *see also In re Ippolito*, 811 F. App'x 795, 797 (3d Cir. 2020) ("[O]ne does not acquire status under the CVRA based on his own say-so."). Second, and relatedly, the Court understands that this witness will testify that sexual conduct did *not* occur. Consequently, the testimony does not raise the same risks of embarrassment or harassment as did the other witnesses' testimony, nor does it risk deterring alleged victims of sexual abuse from coming forward in future cases. The Court therefore rejects this basis for permitting testimony under a pseudonym.

The Defense's fifth argument is that the Court permitted two non-alleged victims to testify under pseudonyms, which justifies permitting its witnesses to do the same. But as the Court explained, it permitted two non-victims to testify under pseudonym only "because the disclosure of their identities would necessarily reveal the identities of the alleged victims." Nov. 1 Tr. at 8. The Defense has not identified any similar dynamic here.

Last, the Court emphasizes that while it currently denies the Defense's motion, the

Defense may of course raise, and the Court will consider, objections that particular lines of questioning into witnesses' backgrounds or lives are irrelevant, cumulative, intended to harass, or otherwise inappropriate. *See, e.g.*, *Smith v. Illinois*, 390 U.S. 129, 133 (1968) (emphasizing that even when anonymity is not warranted, the court has a duty to protect a witness "from questions which go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate him").

SO ORDERED.

Dated: December 15, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge