**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 16, 2021

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

    The Government writes in response to the Court's order of December 16, 2021.

    First, Rule 613(b) provides that extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given "an opportunity to explain or deny the statement." The Rule thus provides the district court with the discretion to require that the alleged inconsistent statement itself be shown to the witness, in order to afford the witness the opportunity to explain it. *United States v. Marks*, 816 F.2d 1207, 1210-11 (7th Cir. 1987). As the Seventh Circuit has explained, this is particularly important in the context of documents likes FBI reports, that are not necessarily verbatim transcription of the witness's alleged statement:

> If defense counsel had been reading from a transcript of a previous trial or deposition, there would have been no justification for the district judge's procedure. But since a statement appearing in an interview report could easily be garbled, yet seem authoritative when read from a paper that the jury would infer was an official

1

> FBI document, the judge was reasonable in insisting that the witness be allowed to examine his purported statement before being impeached by it. If the witness denied it was his statement, the matter could then be resolved by calling the FBI agent who had compiled the report. We do not think Rule 613(a) was intended to take away the district judge's discretion to manage the trial in a way designed to promote accuracy and fairness; and while it would be wrong for a judge to say, "In my court we apply the common law rule, not Rule 613(a)," he is entitled to conclude that in particular circumstances the older approach should be used in order to avoid confusing witnesses and jurors

*Id.* at 1211; *see also Sloman v. Tadlock*, 21 F.3d 1462, 1472 (9th Cir. 1994).

Here, the alleged prior inconsistent statements are principally from FBI 302 reports or notes that were not written by the witness. Accordingly, the Court should follow the approach described in *Marks*.

  *Second*, if a witness admits making an inconsistent statement in 3500 material, the witness is thereby impeached, and there is no need for further extrinsic evidence. *See United Sates v. Rivera-Donate*, 682 F.3d 120, 127 (1st Cir. 2012) (concluding that a prior statement is not even inconsistent where the witness acknowledges and explains the inconsistency); *United States v. Soundingsides*, 825 F.2d 1468, 1470 (10th Cir. 1987) (denying petition for rehearing). *But see United States v. Strother*, 49 F.3d 869, 876 (2d Cir. 1995) ("Extrinsic evidence of a prior inconsistent statement is more persuasive to a jury than a witness's acknowledgement of inconsistencies in a prior statement.").[1] It is irrelevant that the witness then chooses to stand by her trial testimony.

  Finally, the Government believes the statements at Tr. 455:3-18, 532:12-17, and 596:7-25

---

[1] The Government believes *Strother*, which involved a harmless error analysis of two critical memoranda, is distinguishable from this case. There, the marginal probative value of admitting the actual statement was high. Here, by contrast, admitting extrinsic evidence of a statement the witness has admitted contained in an agent's report that the witness has not disputed is minimal.

have been read into the record.

                                          Respectfully submitted,

                                          DAMIAN WILLIAMS
                                          United States Attorney

                            By:  \_\_\_s/_____
                                          Maurene Comey
                                          Alison Moe
                                          Lara Pomerantz
                                          Andrew Rohrbach
                                          Assistant United States Attorneys
                                          Southern District of New York

Cc: Defense Counsel (by e-mail)