

**Haddon, Morgan and Foreman, P.C**
**Jeffrey S. Pagliuca**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364
FX  303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

December 16, 2021

**VIA Email**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

    I write in response to this Court's order.

    As to the first question, federal law is clear. "No longer, when a lawyer asks a witness whether he made a certain statement, written or not, is the lawyer required (as he was at common law, *see* Note of Advisory Committee to Fed .R. Evid. 613(a)) to show the statement or disclose its contents to the witness, though he must upon request show it to opposing counsel." *United States v. Marks*, 816 F.2d 1207, 1210 (7th Cir. 1986) (Posner, J.).

    As to the second question a statement provable by extrinsic evidence even though the witness affirms that the 3500 material contains the inconsistent statement and also expresses disagreement with the substance. By disagreeing with the substance, the witness has logically and necessarily denied making the statement (or failed to remember making the statement). Thus, under Rule 613, the statement is inconsistent because it has "under any rational theory it might lead to any relevant conclusion different from any other relevant conclusion resulting from anything the witness said." *United States v. Barile*, 286 F.3d 749, 755 (4th Cir. 2002)

The Honorable Alison J. Nathan
December 15, 2021
Page 2

(Weinstein's Federal Evidence § 613.04[1] (2d ed. 2001)). To be sure, every time Jane denied making a statement but agreed the 3500 material reflected the statement, she denied its substance to the jury; the prior statement is therefore provable by extrinsic evidence because Jane's trial testimony—I did not make the prior statement, or I don't remember making the prior statement, the FBI agent made a typo—would lead to a relevant conclusion different from any other relevant conclusion resulting from anything the witness said. *See id.* And referring Jane to the 3500 material, which was not admitted into evidence, is not sufficient to protect Ms. Maxwell's right under Rule 613 to prove the statement by extrinsic evidence.

Extrinsic evidence is disallowed *only* when the witness admits making the prior inconsistent statement. *United States v. Jones*, 578 F.2d 1332, 1340 (10th Cir. 1978) ("The principle is that where it is sought to impeach a witness by showing a prior inconsistent statement and the witness admits the prior inconsistent statement, the witness is thereby impeached and further testimony is not necessary."). Where the witness admits the 3500 material contains the statement, but denies making the statement or remembering making the statement, the witness has not "admitted the statement" within the meaning of Rule 613. *Cf. id.*

Due to the press of time, Ms. Maxwell's counsel was not able to indicate each disputed prior inconsistent statement that was read into the record by the deadline of 10:15 p.m.

The Honorable Alison J. Nathan
December 15, 2021
Page 3

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

cc: Counsel of record (via email)