

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 18, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

> Re:   *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government writes regarding the two issues remaining following today's charge conference.

*First*, the Government opposes the addition of Sand instruction 7-12 regarding the impeachment of witnesses by felony convictions. That limiting instruction is meant to "tell the jury why the felony conviction was put before them." Sand Instr. 7-12 cmt. It is useful in cases in which the prior felony convictions are sufficiently significant that they are an important part of the defense, and an explanation would aid the jury in evaluating the evidence. In such a case, it aids the jury to know that the prior conviction was offered solely for the purpose of evaluating the witness' credibility. Here, the only witnesses whose prior convictions were elicited are Carolyn

1

and Shawn, and their prior convictions were only discussed briefly during their direct testimony—and not at all on cross-examination. Including the instruction therefore would not serve its intended purpose. Rather, it would have the opposite effect of overemphasizing the prior convictions.

If the Court nevertheless gives this instruction, the Government requests that it be included as part of the Court's general instruction on credibility, Instruction 44. That instruction already discusses particular circumstances of certain witnesses, namely, those testifying under pseudonyms. Because the proposed instruction at most reflects brief testimony by only two witnesses, it is appropriate to provide, at most, a similarly brief and balanced treatment of the instruction.

*Second*, the Government opposes the removal of "equally" from the standard instruction regarding uncalled witnesses. During the charge conference, the defense argued that some witnesses were not "equally" available because they would or did invoke their protection against self-incrimination. Many circuits have held, however, that "despite the government's power to grant immunity, a witness invoking his constitutional rights is unavailable to the government as well as the defense." *United States v. Myerson*, 18 F.3d 153, 158 (2d Cir. 1994) (collecting cases); *see United States v. Romero*, 304 F. App'x 14, 18 (2d Cir. 2008) (summary order) (affirming the "equally unavailable" instruction where a witness invoked the protections of the Fifth Amendment); Sand Instr. 6-7 (explaining that the "uncalled witness equally available" instruction "includes situations when the witness has indicated that he would assert his Fifth Amendment right not to testify if called"). That is a sensible result: a witness with criminal jeopardy is not "available" to the Government in any more than an abstract sense. To obtain their testimony, the

Government would have to seek a Court order that materially alters public interests by jeopardizing—if not forgoing—any future criminal case against that individual.

In *United States v. Jones*, 17 Cr. 791 (LAK), Judge Kaplan rejected this defense argument on stronger facts for the defense. There, the defense sought to force the Government to immunize a defense witness. *See* Tr. 868-, *id.* (Dec. 11, 2019). The Court denied that request and subsequently instructed the jury that the parties "had the same opportunity or lack of opportunity to call witnesses." Tr. 1310, *id.* (Dec. 16, 2019). Here, the defense at no point sought to immunize any particular witnesses. And although at the charge conference the defense identified one witness who the defense said had criminal exposure, it is evident that this case also involves numerous uncalled witnesses who were available for the defense to call, including Virginia Roberts. Particularly given the facts of this case, there is no basis to deviate from the standard instruction on the equal availability of witnesses.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:   __s/_____
       Maurene Comey
       Alison Moe
       Lara Pomerantz
       Andrew Rohrbach
       Assistant United States Attorneys
       Southern District of New York

Cc: Defense Counsel (by ECF)