

**Haddon, Morgan and Foreman, P.C**
**Jeffrey S. Pagliuca**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364
FX 303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

December 15, 2021

**VIA Email**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

    I write in response to the government's motion to preclude certain testimony by Alexander Hamilton. Based on a defense Rule 26.2 disclosure, the government's motion identifies four categories of testimony it asks this Court to preclude:

    (1) Testimony about Kate's ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

    (2) Testimony describing Kate as ▬▬▬▬▬

    (3) Testimony about Kate's statements to Mr. Hamilton.

    (4) Testimony about Mr. Hamilton's ▬▬▬▬▬ of Kate's account of her alleged abuse.

Gov. Letter, pp 8-10.

    Ms. Maxwell provided Mr. Hamilton's declaration to the government under Rule 26.2 because that is what the Rule requires. But just as the government does not intend to admit evidence about every disclosure it makes, so too here.

The Honorable Alison J. Nathan
December 15, 2021
Page 2

The government did not confer with defense counsel before filing its motion. Had it done so, the government would have learned that of these four categories, Ms. Maxwell intends only to elicit testimony about the third. As to that category of testimony, the government's argument borders on the frivolous.

While talking with Mr. Hamilton about Mr. Epstein in 2019 or 2020, Kate made two statements laying bare her motive and bias. ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌[1] The law is clear that Ms. Maxwell can ask Mr. Hamilton about these statements.

"The law is well settled in this Circuit, as in others, that bias of a witness is not a collateral issue and extrinsic evidence is admissible to prove that a witness has a motive to testify falsely." *United States v. Harvey*, 547 F.2d 720, 722 (2d Cir. 1976) (citing cases). And "[t]he law of evidence has long recognized that a cross-examiner is not required to 'take the answer' of a witness concerning possible bias, but may proffer extrinsic evidence, including the testimony of *other witnesses*, to prove the facts showing a bias in favor of or against a party." *Id.* (quoting McCormick, Evidence, § 41 (2d Ed. 1972)) (emphasis added). Indeed, "Special treatment is accorded evidence which is probative of a special motive to lie 'for if believed it colors every bit of testimony given by the witness whose motives are bared.'" *Id.* (quoting *United States v.*

---

[1] The government implies that it does not understand what this statement means. Gov. Letter, p 9. The meaning, however, is self-evident. And the government's inability to understand the statement goes to weight, not admissibility. The government is free to argue to the jury that Kate's statement is ambiguous or meaningless.

The Honorable Alison J. Nathan
December 15, 2021
Page 3

*Blackwood*, 456 F.2d 526, 530 (2d Cir. 1972)). What Ms. Maxwell proposes for the testimony of Mr. Hamilton is exactly what the law allows.

The government is quite wrong to suggest that these statements are collateral matters. "[B]ias or interest of a witness is not a collateral issue, and extrinsic evidence is admissible thereon." *United States v. Haggett*, 438 F.2d 396, 399 (2d Cir. 1971). This is not controversial. *E.g.*, *United States v. Diecidue*, 603 F.2d 535, 550 (5th Cir. 1979) ("The bias of a witness, however, is not a collateral matter and the party examining the witness is not bound by his denial of acts tending to show his bias."); *United States v. Robinson*, 530 F.2d 1076, 1079 (D.C. Cir. 1976) ("Bias is never classified as a collateral matter which lies beyond the scope of inquiry, nor as a matter on which an examiner is required to take a witness's answer.").[2]

Conspicuously, the government cites *no* authority for the proposition that Ms. Maxwell cannot ask Mr. Hamilton about Kate's statements to him. Gov. Letter, pp 9-10. And although the government's letter is not entirely clear, *see* Gov. Letter, p 9 n.3, the government apparently does not invoke either Rule 608 or Rule 613 in support of its request to prevent the jury from learning of Kate's bias and motive. That's for a good reason. Kate's statements to Mr. Hamilton are neither specific instances of conduct under Rule 608 nor prior inconsistent statements under Rule 613.

---

[2] ███████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
████████████████████████████

The Honorable Alison J. Nathan
December 15, 2021
Page 4

\* \* \*

We have notified the government that Mr. Hamilton, who resides in London, has tested positive for COVID. We now have documentation of his test results. As a result, he cannot travel or attend the trial in person. In lieu of responding to our request to work out a stipulation based on Mr. Hamilton's deposition, the government has moved for preclusion of his testimony in toto. We are requesting permission to have Mr. Hamilton testify from his home via a WebEx link to the Courtroom. In *United States v. Khaled Al Fawwaz,* 98 Cr. 1023 (LAK), Judge Kaplan ordered live CCTV testimony of a government witness who was unable to travel from London to SDNY due to a medical condition. Counsel for both parties (then-AUSA Nicholas Lewin and defense counsel Bobbi C. Sternheim, Esq.) traveled to London to conduct the examination which was transmitted via CCTV to Judge Kaplan's courtroom for real-time viewing by the jury. Mr. Hamilton is quarantined and highly contagious. He should be permitted to testify remotely.

\* \* \*

Ms. Maxwell has a constitutional right confront her accusers and to present a defense. U.S. Const. amends. V, VI. Precluding Mr. Hamilton from testifying, when his proposed testimony is proper under the Rules of Evidence, would violate these constitutional guarantees. This Court should reject the government's attempt to preclude Ms. Maxwell from exposing Kate's motive and bias to the jury.

This Court should deny the government's motion.

The Honorable Alison J. Nathan
December 15, 2021
Page 5

 

_____
Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

cc: Counsel of record (via email)