**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 19, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

    The parties respectfully submit this letter regarding the logistics for public access for closing arguments. The parties propose that they will release a public version of their slides (to the extent they do not contain sealed materials) following the conclusion of the trial day on the same basis that they have been releasing public exhibits during trial. This proposal appropriately balances the public interest in access to closing arguments with the Court and the parties' interests in avoiding delay and effective advocacy on behalf of their clients, as well as the interests of victims and third parties protected by the Court's sealing orders.[1]

---

[1] Closing argument demonstratives are not part of the official trial record. The approach jointly proposed by the parties is consistent with trials conducted without electronics, where the public would not be in a position to see white boards or easel displays positioned facing the jury box.

At the outset, it bears noting that the public interest in viewing the parties' presentations is marginal. The core of closing argument is the advocacy of the attorneys, which will be available to all persons in the courtroom, juror and member of the public alike.[2] And a significant amount of the material—including all of the Government's and the vast majority of the defense's slides—will consist of exhibits, excerpts from the transcript, and text from the jury charge. Accordingly, little additional material would be made public through these slides: to the extent that information should be publicly available, it already is. The parties are also likely to identify many exhibits by number during argument, permitting any observers with copies of the key exhibits to follow along.

By contrast, counsel for both parties agree that complicated logistics—including either binders or toggling public monitors on and off—raise significant concerns. First, they would risk significant delay. The Court, the jury, and the parties have made efforts to complete presentation of argument and jury instructions tomorrow. As the Court has no doubt observed during trial, the use of binders has been time-consuming, as jurors must lift sometimes-heavy binders and flip through them to find the correct page. In order to turn the public monitors on and off, Court staff must manually do so in the courtroom and each overflow room. This process takes several minutes, and the parties anticipate that it will have to occur repeatedly during the course of the parties' presentations.

---

Similarly, even in televised trials, the public may not see demonstratives used during closing argument. As a courtesy to the public, the parties have agreed to make the demonstratives available for public review after closing arguments are delivered.

[2] The demonstratives are attorney work product, which counsel may elect not to publish during the flow of closing argument. If the demonstratives are made public in advance of closing argument and thereafter counsel decide not to publish certain portions, the public will have obtained information that otherwise would not be available.

Second, the parties believe that either alternative would interfere with the parties' ability to present their case to the jury and advocate effectively for their clients. Whether the interruption is caused by the need for the jurors to find a page in their binders or for court staff to turn monitors on and off, the interruption would have a significant and detrimental effect on the ability of the parties to present their case efficiently and effectively to the jury. Given the significance of closing argument to the parties' presentations to the jury, this interference undermines the parties' core interests.

Finally, and specifically with regard to toggling screens on and off, presenting slides to the jury and the public that contain sealed material poses risks to the privacy interests of victims and third parties. If a screen remains active through natural human error—on the part of the parties or the courthouse staff—it would result in the publicization of sealed material.

For those reasons, the parties believe that the use of binders or toggling screens during closing argument is unworkable. The parties also considered giving the jurors printed versions of their presentations in lieu of binders. Doing so is unworkable for two reasons. First, as the Court also likely observed during trial, jurors move at different rates through the paper material placed before them. It will be difficult for counsel to ensure that no jurors are falling behind or moving ahead during the closing arguments. Second, to the extent the defense would like to adjust their slides in response to the Government's closing argument, that ability is compromised if the defense must also have their slides printed for the jury immediately upon the conclusion of the Government's argument.

Accordingly, the parties propose that they will provide a copy of their slides, without any sealed material, to the public tomorrow as soon as the parties have had adequate time to review

the slides following the conclusion of closing arguments. During trial, exhibits have been provided in the same way, that is, as soon as the parties have had time to review them following the conclusion of the trial day, rather than provided to the public at the time they are offered into evidence.

The parties jointly agree that this proposal appropriately balances the parties' interest in efficient and effective advocacy and the privacy interests of victims and third parties with the public right of access. The public right of access is strong, but "countervailing factors may overcome the presumption of access," including the defendant's right to a fair trial. *United States v. Graham*, 257 F.3d 143, 154 (2d Cir. 2001). Under the parties' proposal, the public right of access is fully satisfied—just soon after the trial day.[3] That minimal burden on the public right is outweighed by the other interests at stake.

---

[3] As an alternative, the Government is willing to provide printed versions of a redacted version of its slides before the summation begins to members of the public in attendance, so they can follow along during the summation. The defense is opposed to this process for the reasons already identified in the above text, including specifically the need to adjust certain slides or materials to respond to the government's closing, which cannot be anticipated in advance of its presentation.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney


By:    s/                           
      Maurene Comey
      Alison Moe
      Lara Pomerantz
      Andrew Rohrbach
      Assistant United States Attorneys
      Southern District of New York

CC: Defense Counsel (by ECF)