UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/18/21
```

United States of America,

—v—

Ghislaine Maxwell,

Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

The charging conference for this matter was held today, December 18, 2021. Attached to this Order are redline and clean copies of the draft jury charge and draft verdict form that incorporate all changes discussed at the conference, or by the Government's subsequent letter, Dkt. No. 554, and adopted by the Court.

The Court also edited "a minor" to be "an individual under the age of 18" on page 38, line 19, and deleted "or foreign" on page 28, line 5, as consistent with the agreed upon edits at conference.

No later than tomorrow, December 19, 2021, at 12:00 p.m., the parties may inform the Court in writing of any errors that were the result of the Court's inputting the changes from today's charging conference.

SO ORDERED.

Dated: December 18, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     -v.-

GHISLAINE MAXWELL,

            Defendant.

S2 20 Cr. 330 (AJN)

**[DRAFT] JURY CHARGE**

## Table of Contents

*INTRODUCTORY INSTRUCTIONS* ........................................................................ *7*

Instruction No. 1:  Role of the Court ........................................................ 7

Instruction No. 2:  Role of the Jury ......................................................... 8

Instruction No. 3:  Contact with Others/Social Media ............................. 9

Instruction No. 4:  Statements of Counsel and Court Not Evidence;  Jury's Recollection Controls ................................. 10

Instruction No. 5:  Improper Considerations .......................................... 12

Instruction No. 6:  All Parties Are Equal Before the Law ...................... 13

Instruction No. 7:  Presumption of Innocence and Burden of Proof ....... 14

Instruction No. 8:  Reasonable Doubt .................................................... 15

Instruction No. 9:  The Indictment ........................................................ 16

*CHARGE* ................................................................................................. *17*

Instruction No. 10:  Summary of Indictment .......................................... 17

Instruction No. 11:  Multiple Counts ..................................................... 19

Instruction No. 12:  Conspiracy and Substantive Counts ........................ 20

Instruction No. 13:  Count Two: Enticement to Engage in an Illegal Sexual Activity – The Statute ................... 21

Instruction No. 14:  Count Two: Enticement to Engage in Illegal Sexual Activity – The Elements ................... 22

Instruction No. 15:  Count Two: Enticement to Engage in Illegal Sexual Activity – First Element ................... 23

Instruction No. 16:  Count Two: Enticement to Engage in Illegal Sexual Activity – Second Element ................... 24

Instruction No. 17:  Count Two: Enticement to Engage in Illegal Sexual Activity – Third Element ................... 25

Instruction No. 18:  Count Four: Transportation of an Individual Under the Age of 17 to Engage in Illegal Sexual Activity – The Statute ................... 27

Instruction No. 19:  Count Four: Transportation of an Individual Under the Age of 17 to Engage in Illegal Sexual Activity – The Elements ................... 28

Instruction No. 20:  Count Four: Transportation of an Individual Under the Age of 17 to Engage in Illegal Sexual Activity – First Element ................... 29

Instruction No. 21:  Count Four: Transportation of an Individual Under the Age of 17 to Engage in Illegal Sexual Activity – Second Element ................... 30

Instruction No. 22:  Count Four: Transportation of an Individual Under the Age of 17 to Engage in Illegal Sexual Activity – Third Element ................... 31

**Instruction No. 23:   Counts Two and Four: Failure to Accomplish Intended Activity is Immaterial          32**

**Instruction No. 24:   Count Six: Sex Trafficking of an Individual Under the Age of 18 – Statute 33**

**Instruction No. 25:   Count Six: Sex Trafficking of an Individual Under the Age of 18– The Elements          34**

**Instruction No. 26:   Count Six: Sex Trafficking of an Individual Under the Age of 18 – First Element          35**

**Instruction No. 27:   Count Six: Sex Trafficking of an Individual Under the Age of 18 – Second Element          36**

**Instruction No. 28:   Count Six: Sex Trafficking of an Individual Under the Age of 18 – Third Element          37**

**Instruction No. 29:   Count Six: Sex Trafficking of an Individual Under the Age of 18 – Fourth Element          38**

**Instruction No. 30:   Counts Two, Four, and Six: Aiding and Abetting ........................................... 39**

**Instruction No. 31:   Counts One, Three, and Five: Conspiracy to Violate Federal Laws – Conspiracy and Substantive Counts ............................................................................... 42**

**Instruction No. 32:   Counts One, Three, and Five: Conspiracy to Violate Federal Law – The Elements          43**

**Instruction No. 33:   Counts One, Three, and Five: Conspiracy to Violate Federal Law – First Element          44**

**Instruction No. 34:   Counts One, Three, and Five: Conspiracy to Violate Federal Law – First Element: Object of the Conspiracy ................................................................................. 46**

**Instruction No. 35:   Counts One, Three, and Five: Conspiracy to Violate Federal Law – Second Element: Membership in the Conspiracy ........................................................................... 48**

**Instruction No. 36:   Counts One, Three, and Five: Conspiracy to Violate Federal Law – Third Element          51**

**Instruction No. 37:   Counts One, Three, and Five: Conspiracy to Violate Federal Law – Fourth Element          54**

**Instruction No. 38:   Counts One, Three, and Five – Liability for Acts and Declarations of Co-Conspirators          55**

***OTHER INSTRUCTIONS ........................................................................................................... 56***

**Instruction No. 39:   Conscious Avoidance .................................................................................... 56**

**Instruction No. 40:   Venue ............................................................................................................ 58**

**Instruction No. 41:   Time of Offense ........................................................................................... 59**

**Instruction No. 42:   Direct and Circumstantial Evidence ........................................................ 60**

**Instruction No. 43:   Inferences ..................................................................................................... 61**

**Instruction No. 44:   Credibility of Witnesses ............................................................................. 63**

**Instruction No. 45:   Credibility of Witnesses – Impeachment by Prior Inconsistent Statement          6665**

Instruction No. 46:   Law Enforcement and Government Employee Witnesses........................ 6766

Instruction No. 47:   Expert Testimony ............................................................................. 6867

Instruction No. 48:   Limiting Instruction – Similar Act Evidence ....................................... 6968

Instruction No. 49:   Defendant's Right Not to Testify........................................................ 7069

Instruction No. 50:   Uncalled Witnesses – Equally Available to Both Sides ......................... 7170

Instruction No. 51:   Particular Investigative Techniques Not Required .............................. 7271

Instruction No. 52:   Use of Evidence from Searches.......................................................... 7372

Instruction No. 53:   Use of Electronic Communications .................................................... 7473

Instruction No. 54:   Persons Not on Trial........................................................................ 7574

Instruction No. 55:   Preparation of Witnesses ................................................................. 7675

Instruction No. 56:   Redaction Of Evidentiary Items......................................................... 7776

Instruction No. 57:   Stipulations..................................................................................... 7877

Instruction No. 58:   Punishment Not to be Considered by the Jury ................................... 7978

Instruction No. 59:   Right to Hear Testimony; Election of Foreperson; Communications with the Court; Juror Note-Taking.................................................................................................. 8079

*CONCLUDING REMARKS*........................................................................................ *8180*

*INTRODUCTORY INSTRUCTIONS* ..................................................................................... 5

Instruction No. 1:   Role of the Court ................................................................................ 5

Instruction No. 2:   Role of the Jury .................................................................................. 6

Instruction No. 3:   Contact with Others/Social Media ......................................................... 7

Instruction No. 4:   Statements of Counsel and Court Not Evidence;  Jury's Recollection Controls ... 8

Instruction No. 5:   Improper Considerations ..................................................................... 10

Instruction No. 6:   All Parties Are Equal Before the Law..................................................... 11

Instruction No. 7:   Presumption of Innocence and Burden of Proof ..................................... 12

Instruction No. 8:   Reasonable Doubt............................................................................... 13

Instruction No. 9:   The Indictment ................................................................................... 14

*CHARGE*............................................................................................................... *15*

Instruction No. 10:   Summary of Indictment .................................................................... 15

Instruction No. 11:   Multiple Counts ............................................................................... 17

Instruction No. 12:   Conspiracy and Substantive Counts .................................................... 18

Instruction No. 13:   Count Two: Enticement to Engage in an Illegal Sexual Activity – The Statute. 19

Instruction No. 14:   Count Two: Enticement to Engage in Illegal Sexual Activity – The Elements... 20

Instruction No. 15:   Count Two: Enticement to Engage in Illegal Sexual Activity – First Element ... 21

Instruction No. 16:    Count Two: Enticement to Engage in Illegal Sexual Activity – Second Element ......... 22

Instruction No. 17:    Count Two: Enticement to Engage in Illegal Sexual Activity – Third Element .. 23

Instruction No. 18:    Count Four: Transportation of a Minor to Engage in Illegal Sexual Activity – The Statute ......... 25

Instruction No. 19:    Count Four: Transportation of a Minor to Engage in Illegal Sexual Activity – The Elements ......... 26

Instruction No. 20:    Count Four: Transportation of a Minor to Engage in Illegal Sexual Activity – First Element ......... 27

Instruction No. 21:    Count Four: Transportation of a Minor to Engage in Illegal Sexual Activity – Second Element ......... 28

Instruction No. 22:    Count Four: Transportation of a Minor to Engage in Illegal Sexual Activity – Third Element ......... 29

Instruction No. 23:    Counts Two and Four: Failure to Accomplish Intended Activity is Immaterial 30

Instruction No. 24:    Count Six: Sex Trafficking of a Minor – Statute ......... 31

Instruction No. 25:    Count Six: Sex Trafficking of a Minor – The Elements ......... 32

Instruction No. 26:    Count Six: Sex Trafficking of a Minor – First Element ......... 33

Instruction No. 27:    Count Six: Sex Trafficking of a Minor – Second Element ......... 34

Instruction No. 28:    Count Six: Sex Trafficking of a Minor – Third Element ......... 35

Instruction No. 29:    Count Six: Sex Trafficking of a Minor – Fourth Element ......... 36

Instruction No. 30:    Counts Two, Four, and Six: Aiding and Abetting ......... 37

Instruction No. 31:    Counts One, Three, and Five: Conspiracy to Violate Federal Laws – Conspiracy and Substantive Counts ......... 40

Instruction No. 32:    Counts One, Three, and Five: Conspiracy to Violate Federal Law – The Elements ......... 41

Instruction No. 33:    Counts One, Three, and Five: Conspiracy to Violate Federal Law – First Element ......... 42

Instruction No. 34:    Counts One, Three, and Five: Conspiracy to Violate Federal Law – First Element: Object of the Conspiracy ......... 44

Instruction No. 35:    Counts One, Three, and Five: Conspiracy to Violate Federal Law – Second Element: Membership in the Conspiracy ......... 46

Instruction No. 36:    Counts One, Three, and Five Two: Conspiracy to Violate Federal Law – Third Element ......... 49

OTHER INSTRUCTIONS ......... 54

Instruction No. 39:    Conscious Avoidance ......... 54

Instruction No. 40:    Venue ......... 56

Instruction No. 41:    Time of Offense ......... 57

1  Instruction No. 42:   Direct and Circumstantial Evidence .................................................... 58

2  Instruction No. 43:   Inferences ...................................................................................... 59

3  Instruction No. 44:   Credibility of Witnesses .................................................................. 61

4  Instruction No. 45:   Credibility of Witnesses – Impeachment by Prior Inconsistent Statement ...... 63

5  Instruction No. 46:   Law Enforcement and Government Employee Witnesses ..................... 64

6  Instruction No. 47:   Expert Testimony .......................................................................... 65

7  Instruction No. 48:   Limiting Instruction – Similar Act Evidence ..................................... 66

8  Instruction No. 49:   Defendant's Right Not to Testify ...................................................... 67

9  Instruction No. 50:   Uncalled Witnesses – Equally Available to Both Sides ....................... 68

10  Instruction No. 51:   Particular Investigative Techniques Not Required ........................... 69

11  Instruction No. 52:   Use of Evidence from Searches ...................................................... 70

12  Instruction No. 53:   Use of Electronic Communications ................................................. 71

13  Instruction No. 54:   Persons Not on Trial ..................................................................... 72

14  Instruction No. 55:   Preparation of Witnesses .............................................................. 73

15  Instruction No. 56:   Redaction Of Evidentiary Items ..................................................... 74

16  Instruction No. 57:   Stipulations ................................................................................. 75

17  Instruction No. 58:   Punishment Not to be Considered by the Jury .................................. 76

18  Instruction No. 59:   Right to Hear Testimony; Election of Foreperson; Communications with the

19  Court; Juror Note Taking ......................................................................................... 77

20  *CONCLUDING REMARKS* ...................................................................................... *78*

21

22

## INTRODUCTORY INSTRUCTIONS

### Instruction No. 1:     Role of the Court

You have now heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.  If an attorney or anyone else at trial has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You may take a copy of these instructions with you into the jury room.

1                             **Instruction No. 2:    Role of the Jury**

2       Your role is to pass upon and decide the fact issues that are in the case.  You, the

3 members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of

4 the evidence or lack of evidence; you determine the credibility of the witnesses; you resolve such

5 conflicts as there may be in the testimony; and you draw whatever reasonable inferences you

6 decide to draw solely based on the evidence and from the facts as you have determined them.

7 You must determine the facts based solely on the evidence received in this trial.

8       In determining the facts, you must rely upon your own recollections of the evidence.

9 What the lawyers have said—for instance, in opening statements, in closing arguments, in

10 objections, or in questions—is not evidence. You should bear in mind particularly that questions

11 put to witnesses, although they can provide the context to answers, are not themselves evidence.

12 It is only the answers that are evidence.

13       I remind you also that nothing I have said during the trial or will say during these

14 instructions is evidence.  Similarly, the rulings I have made during the trial are not any indication

15 of my views of what your decision should be.

16       The evidence before you consists of the answers given by witnesses and the exhibits and

17 stipulations that were received into evidence.  If I have sustained an objection to a question or

18 told you to disregard testimony, the answers given by a witness are no longer part of the

19 evidence and may not be considered by you.  I will instruct you at the end of these charges about

20 your ability to request to have testimony read back and your access to other evidence admitted

21 during the trial.

**Instruction No. 3:     Contact with Others/Social Media**

1    

2    During your deliberations, you must not communicate with or provide any information to

3    anyone by any means about this case. You may not use any electronic devices or media, such as

4    a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the Internet, or any

5    internet service, or any text or instant messaging service; or any internet chat room, blog, or

6    website, such as Facebook, Instagram, LinkedIn, YouTube, Twitter, or Snapchat, to

7    communicate to anyone any information about this case or to conduct any research about this

8    case until I accept your verdict. In other words, you cannot talk to anyone on the phone or in

9    person, correspond with anyone, or electronically communicate with anyone about this case. You

10    can only discuss the case in the jury room with your fellow jurors during deliberations.

11    Along the same lines, you may not try to access any information about the case or do

12    research on any issue that arose during the trial from any outside source, including dictionaries,

13    reference books, or anything on the Internet. In our judicial system, it is important that you are

14    not influenced by anything or anyone outside of this courtroom. Your sworn duty is to decide

15    this case solely and wholly on the evidence that was presented to you in this courtroom.

1   **Instruction No. 4:   Statements of Counsel and Court Not Evidence;**
2   **Jury's Recollection Controls**

3       You must determine the facts by relying upon your own recollection of the evidence.

4   This case is not to be decided on the rhetoric of either the attorneys for the Government or the

5   attorneys for the Defendant. The lawyers' arguments are intended to convince you to draw

6   certain conclusions from the evidence or lack of evidence. Those arguments are important. You

7   should weigh and evaluate them carefully. But you must not confuse them with the evidence. If

8   your recollection of the evidence differs from the statements of the lawyers, follow your

9   recollection.

10      You should draw no inference or conclusion for or against any party by reason of lawyers

11  making objections or my rulings on such objections. Counsel have not only the right but the duty

12  to make legal objections that they think are appropriate. You should not be swayed against the

13  Government or the Defendant simply because counsel for either side has chosen to make an

14  objection. Similarly, statements made by counsel when arguing the admissibility of evidence are

15  not to be considered as evidence.

16      If I comment on the evidence during my instructions, do not accept my statements in

17  place of your recollection. Again, it is your recollection that governs.

18      Do not concern yourself with what was said at side bar conferences or during my

19  discussions with counsel. Those discussions related to rulings of law, which are my duty, and not

20  to matters of fact, which are your duty to determine.

21      At times I may have admonished a witness or directed a witness to be responsive to

22  questions, to keep his or her voice up, or to repeat an answer. My instructions were intended only

23  to clarify the presentation of evidence. You should draw no inference or conclusion of any kind,

24  favorable or unfavorable, with respect to any witness or party in the case, by reason of any

1   comment, question, or instruction of mine. Nor should you infer that I have any views as to the

2   credibility of any witness, as to the weight of the evidence, or as to how you should decide any

3   issue that is before you. That is entirely your role.

**Instruction No. 5:     Improper Considerations**

Your verdict must be based solely upon the evidence or the lack of evidence, and it is important that you discharge your duties without discrimination.  Thus, it would be improper for you to consider any personal feelings you may have about Ms. Maxwell's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, economic circumstances, or any other such factor.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, economic circumstances, or any other similar factor of any other witness or anyone else involved in this case.  Do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.  Finally, it also would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.  Ms. Maxwell is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

1    **Instruction No. 6:    All Parties Are Equal Before the Law**

2        You are to perform the duty of finding the facts without bias or prejudice as to any party.

3    You are to perform your final duty in an attitude of complete fairness and impartiality.

4        The fact that the prosecution is brought in the name of the United States of America

5    entitles the Government to no greater consideration than that given to any other party to this

6    litigation.  By the same token, the Government is entitled to no less consideration.  All parties

7    stand as equals at the bar of justice.

1        **Instruction No. 7:     Presumption of Innocence and Burden of Proof**

2           The law presumes the defendant to be innocent of all charges against her.  Ms. Maxwell

3   has pleaded not guilty to the charges in the Indictment.  As a result, the burden is on the

4   Government to prove Ms. Maxwell's guilt beyond a reasonable doubt as to each charge.  This

5   burden never shifts to the Defendant for the simple reason that the law never imposes upon a

6   defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating

7   or producing any evidence.  In other words, Ms. Maxwell does not have to prove her innocence.

8           This presumption of innocence was with Ms. Maxwell when the trial began and remains

9   with Ms. Maxwell unless and until you are convinced that the Government has proven her guilt

10  beyond a reasonable doubt as to each charge.  Even though Ms. Maxwell has presented evidence

11  in her defense, the presumption of innocence remains with her and it is not her burden to prove

12  that she is innocent.  It is always the Government's burden to prove each of the elements of the

13  crimes charged beyond a reasonable doubt.

1                  **Instruction No. 8:**   **Reasonable Doubt**

2       The question that naturally arises is: "What is a reasonable doubt?"  What does that

3 phrase mean?  The words almost define themselves.  A reasonable doubt is a doubt based in

4 reason and arising out of the evidence in the case, or the lack of evidence.  It is a doubt that a

5 reasonable person has after carefully weighing all of the evidence in the case.

6       Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience,

7 and your common sense.  Reasonable doubt is not whim or speculation.  It is not an excuse to

8 avoid an unpleasant duty. Nor is it sympathy for the Defendant.  The law in a criminal case is

9 that it is sufficient if the guilt of the Defendant is established beyond a reasonable doubt, not

10 beyond all possible doubt.  Therefore, if, after a fair and impartial consideration of all the

11 evidence, you can candidly and honestly say that you do have an abiding belief of Ms.

12 Maxwell's guilt as to any crime charged in this case, such a belief as a prudent person would be

13 willing to act upon in important matters in the personal affairs of his or her own life, then you

14 have no reasonable doubt, and under such circumstances it is your duty to convict Ms. Maxwell

15 of the particular crime in question.

16       On the other hand, if after a fair and impartial consideration of all the evidence, you can

17 candidly and honestly say that you are not satisfied with Ms. Maxwell's guilt as to any charge,

18 that you do not have an abiding belief of her guilt as to that charge—in other words, if you have

19 such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of

20 importance in his or her own affairs—then you have a reasonable doubt, and in that circumstance

21 it is your duty to acquit Ms. Maxwell of that charge.

1          **Instruction No. 9:     The Indictment**

2          The Defendant, Ghislaine Maxwell, has been formally charged in what is called an

3    "Indictment."  As I instructed you at the outset of this trial, the Indictment is simply a charge or

4    accusation.  It is not evidence.  It is not proof of Ms. Maxwell's guilt.  It creates no presumption

5    and it permits no inference that Ms. Maxwell is guilty.  Ms. Maxwell begins trial with an

6    absolutely clean slate and without any evidence against her.  You must give no weight to the fact

7    that an Indictment has been returned against Ms. Maxwell.

8          I will not read the entire Indictment to you at this time. Rather, I will first summarize the

9    offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

10

1                                        **CHARGE**

2                    **Instruction No. 10:   Summary of Indictment**

3        The Indictment contains six counts, or "charges," against the Defendant. Each count

4 constitutes a separate offense or crime.  You must consider each count of the Indictment

5 separately, and you must return a separate verdict on each count.  I am briefly going to

6 summarize each count, and then will give you the law in greater detail.

7        Count One of the Indictment charges Ghislaine Maxwell, the Defendant, with

8 conspiring—that is, agreeing—with others to entice an individual to travel in interstate ~~and~~

9 ~~foreign~~ commerce to engage in sexual activity for which a person can be charged with a criminal

10 offense.  Count One relates to multiple alleged victims and the time period 1994 to 2004.

11        Count Two of the Indictment charges the Defendant with enticing an individual to travel

12 in interstate ~~and foreign~~ commerce to engage in sexual activity for which a person can be

13 charged with a criminal offense.  Count Two relates <u>solely</u> to Jane and the time period 1994 to

14 1997.

15        Count Three of the Indictment charges the Defendant with conspiring with others to

16 transport an individual <u>under the age of seventeen</u> in interstate ~~and foreign~~ commerce, with intent

17 that the individual engage in sexual activity for which a person can be charged with a criminal

18 offense.  Count Three relates to multiple alleged victims and the time period 1994 to 2004.

19        Count Four of the Indictment charges the Defendant with transporting an individual

20 <u>under the age of seventeen</u> in interstate ~~and foreign~~ commerce, with the intent that the individual

21 engage in sexual activity for which a person can be charged with a criminal offense.  Count Four

22 relates <u>solely</u> to Jane and the time period 1994 to 1997.

1       Count Five of the Indictment charges the Defendant with conspiring to engage in sex

2   trafficking of individuals under the age of eighteen. minors. Count Five relates to multiple

3   alleged victims and the time period 2001 to 2004.

4       Count Six of the Indictment charges the Defendant with sex trafficking of an individual

5   under the age of eighteen of minors.  Count Six relates solely to Carolyn and the time period

6   2001 to 2004.

1        **Instruction No. 11:   Multiple Counts**

2        As I just explained, the Indictment contains six counts.  Each count charges ~~the~~

3  ~~Defendant~~Ms. Maxwell with a different crime.  You must consider each count separately and

4  return a separate verdict of guilty or not guilty for each.  Whether you find Ms. Maxwell guilty

5  or not guilty as to one offense should not affect your verdict as to any other offense charged,

6  unless you are instructed otherwise.

7        You may only find Ms. Maxwell guilty of a particular count if the Government has

8  proven each element of the offense charged with respect to that count beyond a reasonable doubt.

**Instruction No. 12:   Conspiracy and Substantive Counts**

As I have just described, there are certain counts in the Indictment that are conspiracy counts, while others are what are referred to as substantive counts. Unlike the conspiracy charges, which allege agreements to commit certain offenses, the substantive counts are based on the actual commission of offenses, or aiding others to actually commit offenses.

A conspiracy to commit a crime is an entirely separate and different offense from the substantive crime which may be the object of the conspiracy. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object of the conspiracy is not achieved. The essence of the crime of conspiracy is an agreement or understanding to violate other laws. Thus, if a conspiracy exists, even if it fails, it is still punishable as a crime. Consequently, in a conspiracy charge there is no need to prove that the crime that was the objective of the conspiracy was actually committed.

By contrast, the substantive counts require proof that the crime charged was actually committed, but do not require proof of an agreement. Of course, if a defendant both participates in a conspiracy to commit a crime and then actually commits that crime, that defendant may be guilty of both the conspiracy and the substantive crime, as I will instruct you shortly.

We will turn first to the substantive charges in the Indictment, which are more convenient to consider before the conspiracy charges. Therefore I will instruct you first on Counts Two, Four, and Six, and then I will instruct you on Counts One, Three, and Five.

1   **Instruction No. 13:   Count Two: Enticement to Engage in an Illegal Sexual Activity – The**
2   **Statute**

3          The relevant statute for Count Two is Title 18, United States Code, Section 2422, which

4   provides that "[w]hoever knowingly persuades, induces, entices, or coerces any individual to

5   travel in interstate ~~or foreign~~. . . commerce, or in any Territory or Possession of the United

6   States, to engage in . . . any sexual activity for which any person can be charged with a criminal

7   offense," is guilty of a federal crime.

**Instruction No. 14:   Count Two: Enticement to Engage in Illegal Sexual Activity – The Elements**

To prove the Defendant guilty of Count Two, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that the Defendant knowingly persuaded or induced or enticed or coerced an individual to travel in interstate commerce, as alleged in the Indictment;

Second, that the individual traveled in interstate ~~or foreign~~ commerce; and

Third, that the Defendant acted with the intent that the individual would engage in sexual activity for which any person can be charged with a criminal offense under New York law, as alleged in the Indictment.

Count Two relates solely to Jane during the time period 1994 to 1997.

**Instruction No. 15:   Count Two: Enticement to Engage in Illegal Sexual Activity – First Element**

The first element of Count Two which the government must prove beyond a reasonable doubt is that Ms. Maxwell knowingly persuaded or induced or enticed or coerced an individual to travel in interstate ~~or foreign~~ commerce, as alleged in the Indictment. The terms "persuaded," "induced," "enticed," and "coerced" have their ordinary, everyday meanings.

The term "interstate commerce" simply means movement from one state to another. The term "State" includes a State of the United States and the District of Columbia.

**_"Knowingly" Defined_**

Ms. Maxwell must have acted knowingly. An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake, or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. Whether Ms. Maxwell acted knowingly may be proven by Ms. Maxwell's conduct and by all of the facts and circumstances surrounding the case.

1    **Instruction No. 16:    Count Two: Enticement to Engage in Illegal Sexual Activity – Second**
2                                                    **Element**

3                 The second element of Count Two which the Government must prove beyond a

4    reasonable doubt is that the individual traveled in interstate commerce, as alleged in the

5    Indictment.

6                 As I just stated, "interstate commerce" simply means movement between one state and

7    another.

**Instruction No. 17:   Count Two: Enticement to Engage in Illegal Sexual Activity – Third Element**

The third element of Count Two which the Government must prove beyond a reasonable doubt is that Ms. Maxwell acted with the intent that the individual would engage in sexual activity for which any person can be charged with a criminal offense under New York law.

**"Intentionally" Defined**

A person acts intentionally when the act is the product of her conscious objective, that is, when she acts deliberately and purposefully and not because of a mistake or accident.  Direct proof of a person's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time, she committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, her words, her conduct, her acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

**Significant or Motivating Purpose**

In order to establish this element, it is not necessary for the Government to prove that the illegal sexual activity was Ms. Maxwell's sole purpose for encouraging Jane to travel across state lines.  A person may have several different purposes or motives for such conduct, and each may prompt in varying degrees the person's actions.  The government must prove beyond a reasonable doubt, however, that a significant or motivating purpose of encouraging Jane to travel across state lines was that she would engage in illegal sexual activity. In other words, the illegal sexual activity must not have been merely incidental to the trip.

**<u>Violation of New York Criminal Law</u>**

Count Two alleges that Ms. Maxwell enticed Jane to travel across state lines with the intent that she would engage in sexual activity for which a person could be charged with a crime under the penal law of New York State, namely New York Penal Law, Section 130.55.  I instruct you as a matter of law that Sexual Abuse in the Third Degree, the offense set forth in Count Two of the Indictment, was a violation of New York State Penal law from at least in or about 1994 up to and including in or about 1997, at the time the acts are alleged to have been committed.

A person violates New York State Penal Law § 130.55, Sexual Abuse in the Third Degree, when he or she subjects another person to sexual contact without the latter's consent.

Under New York law, "sexual contact" means any touching of the sexual or other intimate parts of a person for the purpose of gratifying the sexual desire of either party.  It includes the touching of the victim by the actor, whether directly or through clothing, as well as the emission of ejaculate by the actor upon any part of the victim, clothed or unclothed.

Also under New York law, lack of consent can result from incapacity to consent.  A person less than seventeen years old is deemed incapable of consenting to sexual contact under New York Law.  Thus, the law deems sexual contact with a person less than seventeen years old to be without that person's consent, even if in fact that person did consent.  However, in order to find that the intended acts were nonconsensual solely because of the victim's age, you must find that ~~the Defendant~~Ms. Maxwell knew that Jane was less than seventeen years old.

1    **Instruction No. 18:   Count Four: Transportation of** ~~a~~ **an Individual Under the Age of 17**
2                        ~~Minor~~ **to Engage in Illegal Sexual Activity – The Statute**

3        The relevant statute for Count Four is Title 18, United States Code, Section 2423(a),

4    which provides that a person who "knowingly transports any individual under [the age of 17~~18~~

5    years] in interstate ~~or foreign. . .~~ commerce . . . with intent that such individual engage in . . . any

6    sexual activity for which any person can be charged with a criminal offense," is guilty of a

7    federal crime.

**Instruction No. 19:   Count Four: Transportation of <u>an Individual Under the Age of 17</u> ~~a Minor~~ to Engage in Illegal Sexual Activity – The Elements**

In order to prove the Defendant guilty of Count Four, the Government must establish each of the following three elements of the crime beyond a reasonable doubt:

<u>First</u>, that the Defendant knowingly transported an individual in interstate ~~or foreign~~ commerce, as alleged in the Indictment,

<u>Second</u>, that the Defendant transported the individual with the intent that she would engage in sexual activity for which any person can be charged with a criminal offense under New York law, as alleged in the Indictment; and

<u>Third</u>, that the Defendant knew that the individual was less than seventeen years old at the time of the acts alleged in Count Four of the Indictment.

Count Four also relates <u>solely</u> to Jane during the time period 1994 to 1997.

**Instruction No. 20:    Count Four: Transportation of a~~n Individual Under the Age of 17~~ ~~Minor~~ to Engage in Illegal Sexual Activity – First Element**

The first element of Count Four which the Government must prove beyond a reasonable

doubt is that Ms. Maxwell knowingly transported Jane in interstate ~~or foreign~~ commerce, as

alleged in the Indictment.  The phrase, "transport an individual in interstate ~~or foreign~~ commerce"

means to move or carry, or cause someone to be moved or carried, from one state to another ~~or~~

~~between the United States and a foreign country~~.

The Government does not have to prove that Ms. Maxwell personally transported Jane

across a state line.  It is sufficient to satisfy this element that Ms. Maxwell was actively engaged,

either personally or through an agent, in the making of the travel arrangements, such as by

purchasing tickets necessary for Jane to travel as planned.

Ms. Maxwell must have knowingly transported, or caused the transportation of, Jane in

interstate commerce.  This means that the Government must prove that Ms. Maxwell knew both

that she was causing Jane to be transported, and that Jane was being transported in interstate

commerce.  As I have explained, an act is done knowingly when it is done voluntarily and

intentionally and not because of accident, mistake or some innocent reason.

It is the Defendant's intent that matters here. If the Government establishes each of the

elements of this crime beyond a reasonable doubt, then the Defendant is guilty of this charge

whether or not the individual agreed or consented to cross state lines.

**Instruction No. 21:   Count Four: Transportation of <u>an Individual Under the Age of 17</u> ~~a Minor~~ to Engage in Illegal Sexual Activity – Second Element**

The second element of Count Four which the Government must prove beyond a reasonable doubt is that Ms. Maxwell knowingly transported Jane in interstate commerce with the intent that Jane engage in sexual activity for which any person can be charged with a criminal offense in violation of New York law.

Like Count Two, Count Four alleges sexual activity for which an individual could be charged with a violation of New York Penal Law, Section 130.55, Sexual Abuse in the Third Degree.  I have already instructed you regarding that crime, and those instructions apply equally here.

In order to establish this element, it is not necessary for the Government to prove that the illegal sexual activity was Ms. Maxwell's <u>sole</u> purpose for transporting Jane across state lines.  A person may have several different purposes or motives for such conduct, and each may prompt in varying degrees the person's actions.  The Government must prove beyond a reasonable doubt, however, that a <u>significant or motivating purpose</u> of Jane's travel across state lines was that she would engage in illegal sexual activity.  In other words, the illegal sexual activity must not have been merely incidental to the trip.

1    **Instruction No. 22:   Count Four: Transportation of <u>an Individual Under the Age of 17</u> a**
2    **~~Minor~~ to Engage in Illegal Sexual Activity – Third Element**

3         The third element of Count Four which the Government must prove beyond a reasonable

4    doubt is that Ms. Maxwell knew that Jane was less than seventeen years old at the time of the

5    acts alleged in Count Four of the Indictment.

1   **Instruction No. 23:   Counts Two and Four: Failure to Accomplish Intended Activity is**
2   **Immaterial**

3        Now, with respect to Counts Two and Four, it is not a defense that the sexual activity

4   which may have been intended by the Defendant was not accomplished.

5        In other words, it is not necessary for the Government to prove that anyone, in fact,

6   engaged in any sexual activity for which any person can be charged with a criminal offense with

7   the individual after she was enticed, for Count Two, or transported, for Count Four, across state

8   lines.  It is enough if the Defendant has the requisite intent at the time of the enticement or

9   transportation.

**Instruction No. 24:   Count Six: Sex Trafficking of an Individual Under the Age of 18a Minor – Statute**

The relevant statute for Count Six is Title 18, United States Code, Section 1591, which provides, in pertinent part, that "Whoever knowingly in or affecting interstate commerce, recruits, entices, harbors, transports, provides, or obtains, by any means a person . . . knowing that . . . the person has not attained the age of eighteen years and will be caused to engage in a commercial sex act" is guilty of a crime.

**Instruction No. 25:   Count Six: Sex Trafficking of <u>an Individual Under the Age of 18</u>~~a Minor~~— The Elements**

To find the Defendant guilty of Count Six, the Government must prove each of the following four elements beyond a reasonable doubt:

<u>First</u>:   The Defendant knowingly recruited, enticed, harbored, transported, provided, or obtained a person;

<u>Second</u>:  The Defendant knew that the person was under the age of eighteen years;

<u>Third</u>:  The Defendant knew that the person would be caused to engage in a commercial sex act; and

<u>Fourth</u>:  The Defendant's acts were in or affecting interstate commerce.

This Count relates <u>solely</u> to Carolyn during the time period 2001 to 2004.

**Instruction No. 26:   Count Six: Sex Trafficking of <u>an Individual Under the Age of 18</u>~~a Minor~~ – First Element**

The first element of Count Six which the Government must prove beyond a reasonable doubt is that Ms. Maxwell knowingly recruited, enticed, harbored, transported, provided, or obtained a person, Carolyn.  The terms "recruited," "enticed," "harbored," "transported," "provided," and "obtained" have their ordinary, everyday meanings.

In considering whether Ms. Maxwell has acted knowingly, please apply the definition of "knowingly" previously provided to you.

1  **Instruction No. 27:   Count Six: Sex Trafficking of <u>an Individual Under the Age of 18</u>~~a~~**
2  ~~**Minor**~~ **– Second Element**

3        The second element of Count Six which the Government must prove beyond a reasonable

4  doubt is that Ms. Maxwell knew that Carolyn was under eighteen years of age.

5        In considering whether Ms. Maxwell knew that Carolyn had not attained the age of

6  eighteen, please apply the definition of "knowingly" previously provided to you.

1   **Instruction No. 28:   Count Six: Sex Trafficking of <u>an Individual Under the Age of 18</u>~~a~~**
2   **~~Minor~~ – Third Element**

3        The third element of Count Six which the Government must prove beyond a reasonable

4   doubt is that Ms. Maxwell knew that the person, Carolyn, would be caused to engage in a

5   commercial sex act.

6        The term "commercial sex act" means "any sex act, on account of which anything of

7   value is given to or received by any person."  The thing of value may be money or any other

8   tangible or intangible thing of value that may be given to or received by any person, regardless of

9   whether the person who receives it is the person performing the commercial sex act.

10        It is not relevant whether or not Carolyn was a willing participant in performing

11   commercial sex acts when she was under the age of 18 years old.  Consent by the person is not a

12   defense to the charge in Count Six of the Indictment if Carolyn was under the age of 18 at the

13   time the commercial sex acts took place.  It is also not required that the person actually

14   performed a commercial sex act so long as the Government has proved that ~~the Defendant~~<u>Ms.</u>

15   <u>Maxwell</u> recruited, enticed, harbored, transported, provided, or obtained the person for the

16   purpose of engaging in commercial sex acts.

**Instruction No. 29:   Count Six: Sex Trafficking of an Individual Under the Age of 18 a Minor – Fourth Element**

The fourth and final element of Count Six which the Government must prove beyond a reasonable doubt is that Ms. Maxwell's conduct was in interstate commerce or affected interstate commerce.

Interstate commerce simply means the movement of goods, services, money and individuals between any two or more states.

I instruct you that acts and transactions that cross state lines, or which affect the flow of money in the stream of commerce to any degree, however minimal, are acts and transactions affecting interstate commerce.  For instance, it affects interstate commerce to use products that traveled in interstate commerce.

It is not necessary for the Government to prove that Ms. Maxwell specifically knew or intended that her conduct would affect interstate commerce; it is only necessary that the natural consequences of such conduct would affect interstate commerce in some way, even if minor.

If you find beyond a reasonable doubt that the recruitment, enticement, harboring, transportation, providing, or obtaining of a person for the purpose of engaging in commercial sex acts was economic in nature and involved the crossing of state lines, or was economic in nature and otherwise affected the flow of money to any degree, however minimal, you may find that the interstate commerce requirement of the offense of sex trafficking of a minor an individual under the age of 18 has been satisfied.

I further instruct you that to find that this element has been proven beyond a reasonable doubt, it is not necessary for you to find that any interstate travel occurred.  Proof of actual travel is not required.

1         **Instruction No. 30:   Counts Two, Four, and Six: Aiding and Abetting**

2         In connection with the crimes charged in Counts Two, Four, and Six, the Defendant is

3 also charged with aiding and abetting the commission of those crimes.  Aiding and abetting

4 liability is its own theory of criminal liability.  In effect, it is a theory of liability that permits a

5 defendant to be convicted of a specified crime if the defendant, while not herself committing the

6 crime, assisted another person or persons in committing the crime.  As to Counts Two, Four, and

7 Six, therefore, the Defendant can be convicted *either* if she committed the crime herself, *or* if

8 another person committed the crime and the Defendant aided and abetted that person to commit

9 that crime.

10         Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands,

11 induces, or procures" the commission of an offense is punishable as a principal.  You should give

12 those words their ordinary meaning.  A person aids or abets a crime if she knowingly does some

13 act for the purpose of aiding or encouraging the commission of that crime, with the intention of

14 causing the crime charged to be committed.  To "counsel" means to give advice or recommend.

15 To "induce" means to lead or move by persuasion or influence as to some action or state of

16 mind.  To "procure" means to bring about by unscrupulous or indirect means.  To "cause" means

17 to bring something about, to effect something.

18         In other words, it is not necessary for the Government to show that Ms. Maxwell herself

19 physically committed the crime charged in order for you to find her guilty.  This is because a

20 person who aids, abets, counsels, commands, induces, or procures the commission of a crime is

21 just as guilty of that offense as if she committed it herself.  Accordingly, you may find Ms.

22 Maxwell guilty of the offenses charged in Counts Two, Four, and Six if you find beyond a

23 reasonable doubt that the Government has proven that another person actually committed the

1    offense with which Ms. Maxwell is charged, and that Ms. Maxwell aided, abetted, counseled,

2    commanded, induced or procured that person to commit the crime.

3          As you can see, the first requirement is that another person has committed the crime

4    charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another

5    if no crime was committed by the other person.  But if you do find that a crime was committed,

6    then you must consider whether Ms. Maxwell aided or abetted the commission of the crime.

7          To aid or abet another to commit a crime, it is necessary that the Government prove that

8    the Defendant willfully and knowingly associated herself in some way with the crime committed

9    by the other person and willfully and knowingly sought by some act to help the crime succeed.

10         However, let me caution you that the mere presence of the defendant where a crime is

11   being committed, even when coupled with knowledge by the defendant that a crime is being

12   committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with

13   guilty knowledge, is not sufficient to make the defendant guilty under this approach of aiding

14   and abetting.  Such a defendant would be guilty under this approach of aiding and abetting only

15   if, in addition to knowing of the criminal activity, she actually took actions intended to help it

16   succeed.

17         An aider and abettor must know that the crime is being committed and act in a way that is

18   intended to bring about the success of a criminal venture.

19         To determine whether Ms. Maxwell aided or abetted the commission of the crime with

20   which she is charged, ask yourself these questions:

21         1.      Did the Defendant participate in the crime charged as something she wished to

22                 bring about?

1         2.      Did the Defendant knowingly and willfully associate herself with the criminal

2        venture?

3         3.      Did the Defendant seek by her actions to make the criminal venture succeed?

4        If she did, then Ms. Maxwell is an aider and abettor, and therefore guilty of the offense.

5  If, on the other hand, your answer to any of these questions is "no," then Ms. Maxwell is not an

6  aider and abettor, and you must find her not guilty under that theory.

**Instruction No. 31:   Counts One, Three, and Five: Conspiracy to Violate Federal Laws –
Conspiracy and Substantive Counts**

Counts One, Three, and Five of the Indictment each charge Ms. Maxwell with

participating in a "conspiracy." The relevant statute for Counts One, Three, and Five is Title 18,

United States Code, Section 371, which provides that "if two or more people conspire [] to

commit any offense against the United States . . . and one or more of such persons do any act to

effect the object of the conspiracy," each person is guilty of a federal crime.

As I will explain, a conspiracy is a kind of criminal partnership—an agreement of two or

more people to join together to accomplish some unlawful purpose. The crime of conspiracy to

violate federal law is an independent offense.  It is separate and distinct from the actual

violation of any specific federal laws, which the law refers to as "substantive crimes."  Indeed,

you may find Ms. Maxwell guilty of conspiring to violate federal law even if you find that the

crime which was the object of the conspiracy was never actually committed.

As I will explain, the three different conspiracy counts are separate offenses and each

conspiracy alleges a different purpose, which I will describe to you shortly.

1  **Instruction No. 32:   Counts One, Three, and Five: Conspiracy to Violate Federal Law –**
2  **The Elements**

3      To prove the Defendant guilty of the crime of conspiracy, the Government must

4  prove each of the following four elements beyond a reasonable doubt:

5      First, that two or more persons entered the unlawful agreement charged in the particular

6  count of the Indictment;

7      Second, that the Defendant knowingly and willfully became a member of that conspiracy;

8      Third, that one of the members of the conspiracy knowingly committed at least one overt

9  act; and

10     Fourth, that the overt act which you find to have been committed was committed to

11  further some objective of that conspiracy.

12     Each of these elements must be satisfied beyond a reasonable doubt.

13     Now let us separately consider each of these elements.

**Instruction No. 33:   Counts One, Three, and Five: Conspiracy to Violate Federal Law –
First Element**

Starting with the first element, what is a conspiracy? A conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose.

The essence of the crime of conspiracy is the unlawful agreement between two or more people to violate the law. As I mentioned earlier, the ultimate success of the conspiracy, meaning the actual commission of the crime that is the object of the conspiracy, is not an element of the crime of conspiracy.

In order to show that a conspiracy existed, the evidence must show that two or more people, in some way or manner, through any contrivance, explicitly or implicitly (that is, spoken or unspoken), came to a mutual understanding to violate the law and to accomplish an unlawful plan. Express language or specific words are not required to indicate assent or attachment to a conspiracy.  If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

To show that a conspiracy existed, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all of the details. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.  Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans.

1    In determining whether such an agreement existed, you may consider direct as well as

2    circumstantial evidence. The old adage, "Actions speak louder than words," applies here. Often,

3    the only evidence that is available with respect to the existence of a conspiracy is that of

4    disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken

5    altogether and considered as whole, however, these acts and conduct may warrant the inference

6    that a conspiracy existed as conclusively as would direct proof, such as evidence of an express

7    agreement.

8    In short, as far as the first element of the conspiracy is concerned, the Government must

9    prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual

10   understanding, either spoken or unspoken, to violate the law in the manner charged in Counts

11   One, Three, and Five of the Indictment.

**Instruction No. 34:   Counts One, Three, and Five: Conspiracy to Violate Federal Law –
First Element: Object of the Conspiracy**

Count One charges Ms. Maxwell with participating in a conspiracy from at least in or about 1994, up to and including in or about 2004, to entice individuals under the age of 17 ~~minors~~ to travel to engage in sexual activity for which any person can be charged with a criminal offense.  The object of the conspiracy charged in Count One of the Indictment is to entice individuals under the age of 17 ~~minors~~ to travel to engage in sexual activity for which any person can be charged with a criminal offense. I have already reviewed the elements of that offense in connection with Count Two.  If you find beyond a reasonable doubt that the Defendant agreed with at least one other person that those elements be done, then the enticement of individuals under the age of 17 ~~minors~~ to travel to engage in sexual activity for which any person can be charged with a criminal offense objective would be proved.

Count Three charges the Defendant with participating in a conspiracy, from at least in or about 1994, up to and including in or about 2004, to transport individuals under the age of 17 ~~minors~~ with the intent to engage in sexual activity for which any person can be charged with a criminal offense.  The object of the conspiracy charged in Count Three of the Indictment is to transport individuals under the age of 17 ~~minors~~ with the intent to engage in sexual activity for which any person can be charged with a criminal offense. I have already reviewed the elements of that offense in connection with Count Four.  If you find beyond a reasonable doubt that the Defendant agreed with at least one other person that those elements be done, then the transportation of individuals under the age of 17 ~~minors~~ with the intent to engage in sexual activity for which any person can be charged with a criminal offense objective would be proved.

1    Finally, Count Five charges Ms. Maxwell with participating in a conspiracy, from at

2 least in or about 2001, up to and including in or about 2004, to commit sex trafficking of

3 individuals under the age of 18~~a minor~~. The object of the conspiracy charged in Count Five of

4 the Indictment is to commit sex trafficking of ~~a~~ individuals under the age of 18~~minor~~. I have

5 already reviewed the elements of that offense in connection with Count Six.  If you find

6 beyond a reasonable doubt that Ms. Maxwell agreed with at least one other person that those

7 elements be done, then the sex trafficking of ~~minors~~ individuals under the age of 18 objective

8 would be proved.

1  **Instruction No. 35:   Counts One, Three, and Five: Conspiracy to Violate Federal Law –**
2  **Second Element: Membership in the Conspiracy**

3  With respect to each of Counts One, Three, and Five, if you conclude that the

4  Government has proven beyond a reasonable doubt that the relevant conspiracy existed, and that

5  the conspiracy had the object I just mentioned, then you must next consider the second element:

6  namely, whether Ms. Maxwell knowingly and willfully participated in the conspiracy knowing

7  its unlawful purpose and intending to further its unlawful objectives.

8  In order to satisfy the second element of Counts One, Three, or Five, the Government

9  must prove beyond a reasonable doubt that Ms. Maxwell knowingly and willfully entered into

10  the conspiracy charged in the particular count with a criminal intent—that is, with a purpose to

11  violate the law—and that she agreed to take part in the conspiracy to further promote and

12  cooperate in its unlawful objective.

13  **"Willfully" and "Knowingly"**

14  An act is done "knowingly" and "willfully" if it is done deliberately and purposely—that

15  is, Ms. Maxwell's actions must have been her conscious objective rather than a product of a

16  mistake or accident, mere negligence, or some other innocent reason.

17  To satisfy its burden of proof that Ms. Maxwell willfully and knowingly became a

18  member of a conspiracy to accomplish an unlawful purpose, the Government must prove beyond

19  a reasonable doubt that Ms. Maxwell knew that she was a member of an operation or conspiracy

20  to accomplish that unlawful purpose, and that her action of joining such an operation or

21  conspiracy was not due to carelessness, negligence, or mistake.

22  Now, as I have said, knowledge is a matter of inference from the proven facts.  Science

23  has not yet devised a manner of looking into a person's mind and knowing what that person is

24  thinking.  However, you do have before you the evidence of certain acts and conversations

1  alleged to have taken place involving Ms. Maxwell or in her presence.  You may consider this

2  evidence in determining whether the Government has proven beyond a reasonable doubt Ms.

3  Maxwell's knowledge of the unlawful purposes of the conspiracy.

4       It is for you to determine whether the Government has established beyond a reasonable

5  doubt that such knowledge and intent on the part of Ms. Maxwell existed. It is important for you

6  to know that Ms. Maxwell's participation in the conspiracy must be established by independent

7  evidence of her own acts or statements, as well as those of the other alleged co-conspirators, and

8  the reasonable inferences that may be drawn from that evidence.

9       It is not necessary for the Government to show that Ms. Maxwell was fully informed as

10  to all the details of the conspiracy in order for you to infer knowledge on her part.  To have

11  guilty knowledge, Ms. Maxwell need not have known the full extent of the conspiracy or all of

12  the activities of all of its participants.  It is not even necessary for a defendant to know every

13  other member of the conspiracy.

14       In addition, the duration and extent of Ms. Maxwell's participation has no bearing on the

15  issue of her guilt.  She need not have joined the conspiracy at the outset.  Ms. Maxwell may have

16  joined it for any purpose at any time in its progress, and she will be held responsible for all that

17  was done before she joined and all that was done during the conspiracy's existence while she

18  was a member.  Each member of a conspiracy may perform separate and distinct acts and may

19  perform them at different times.  Indeed, a single act may be enough to bring one within the

20  membership of the conspiracy, provided that Ms. Maxwell was aware of the conspiracy and

21  knowingly associated herself with its criminal aims.  It does not matter whether Ms. Maxwell's

22  role in the conspiracy may have been more limited than or different in nature or in length of time

23  from the roles of her co-conspirators, provided she was herself a participant.

1        I want to caution you, however, that Ms. Maxwell's mere presence at the scene of the

2 alleged crime does not, by itself, make her a member of the conspiracy. Similarly, a person may

3 know, assemble with, or be friendly with, one or more members of a conspiracy, without being a

4 conspirator herself. I also want to caution you that mere knowledge or acquiescence, without

5 participation, in the unlawful plan is not sufficient. In other words, knowledge without agreement

6 and participation is not sufficient.  What is necessary is that Ms. Maxwell participate in the

7 conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the

8 accomplishment of its unlawful objectives.

9        It is also not necessary that Ms. Maxwell receive or even anticipate any financial benefit

10 from participating in the conspiracy as long as she participated in it in the way I have explained.

11 That said, while proof of a financial interest in the outcome of a scheme is not essential, if you

12 find that Ms. Maxwell had such an interest, that is a factor which you may properly consider in

13 determining whether or not she was a member of a conspiracy charged in the Indictment.

14        Once a conspiracy is formed, it is presumed to continue until either its objective is

15 accomplished or there is some affirmative act of termination by the members. So too, once a

16 person is found to be a member of a conspiracy, she is presumed to continue as a member in the

17 conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that

18 the person withdrew and disassociated herself from it.

19        In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, may

20 have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an

21 illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the

22 unlawful agreement—that is to say, she becomes a conspirator.

1   **Instruction No. 36:   Counts One, Three, and Five ~~Two~~: Conspiracy to Violate Federal Law**
2          **– Third Element**

3       The third element that the Government must prove beyond a reasonable doubt to

4   establish the offense of conspiracy is that at least one overt act was knowingly committed by at

5   least one of the conspirators.

6       The overt act element requires the Government to show something more than mere

7   agreement; some overt step or action must have been taken by at least one of the conspirators in

8   furtherance of that conspiracy.  In other words, the Government must show that the agreement

9   went beyond the mere talking stage.  It must show that at least one of the conspirators actually

10   did something in furtherance of the conspiracy.

11       With respect to the overt acts for Count One, the Indictment ~~reads~~ alleges as follows:

12   (1) Between in or about 1994 and in or about 1997, when Jane was under the age of 17~~18~~;

13   Maxwell participated in multiple group sexual encounters with Epstein and Jane in New York

14   and Florida; (2) In or about 1996, when Jane was under the age of 17~~8~~, Jane was enticed to travel

15   from Florida to New York for purposes of sexually abusing her at the New York Residence, in

16   violation of New York Penal Law, Section 130.55; (3) In or about 1996, ~~when Annie was under~~

17   ~~the age of 18,~~ Maxwell provided Annie with an unsolicited massage in New Mexico, during

18   which Annie was topless; ~~(4) Between in or about 1994 and in or about 1995, when Kate was~~

19   ~~under the age of 18, Maxwell encouraged Kate to provide massages to Epstein in London,~~

20   ~~England, knowing that Epstein intended to sexually abuse Kate during those massages; (4~~5)

21   Between in or about 2001 and in or about 2002, when Carolyn was under the age of 17~~8~~,

22   Maxwell and Epstein invited Carolyn to travel from Florida to a place outside of Florida with

23   Epstein.

1    With respect to the overt acts for Count Three, the Indictment ~~reads~~ alleges as follows:

2    (1) Between in or about 1994 and in or about 1997, when Jane was under the age of 1~~8~~7,

3    Maxwell participated in multiple group sexual encounters with Epstein and Jane in New York

4    and Florida; (2) In or about 1996, when Jane was under the age of 1~~8~~7, Jane was enticed to travel

5    from Florida to New York for purposes of sexually abusing her at the New York Residence, in

6    violation of New York Penal Law, Section 130.55; (3) In or about 1996, ~~when Annie was under~~

7    ~~the age of 18,~~ Maxwell provided Annie with an unsolicited massage in New Mexico, during

8    which Annie was topless; ~~(4) Between in or about 1994 and in or about 1995, when Kate was~~

9    ~~under the age of 18, Maxwell encouraged Kate to provide massages to Epstein in London,~~

10   ~~England, knowing that Epstein intended to sexually abuse Kate during those massages; (4~~5)

11   Between in or about 2001 and in or about 2002, when Carolyn was under the age of 1~~8~~7,

12   Maxwell and Epstein invited Carolyn to travel from Florida to a place outside of Florida with

13   Epstein.

14   With respect to the overt acts for Count Five, the Indictment ~~reads~~ alleges as follows: (1)

15   Between in or about 2001 and in or about 2004, Epstein and Maxwell recruited Carolyn to

16   engage in sex acts with Epstein at the Palm Beach Residence, after which Epstein and, at times,

17   Maxwell provided Carolyn with hundreds of dollars in cash for each encounter. Carolyn

18   truthfully told both Epstein and Maxwell her age; (2) Between in or about 2001 and in or about

19   2004, Epstein and Maxwell both encouraged and enticed Carolyn to recruit other girls to engage

20   in paid sex acts with Epstein, which she did; (3) Between in or about 2001 and in or about 2004,

21   Epstein's employees~~, including at times Maxwell,~~ sent Carolyn gifts, including lingerie, from an

22   address in the Southern District of New York to Carolyn's residence in Florida. For example, on

23   one occasion in or about October of 2002, Epstein caused a package to be sent by Federal

1   Express from an address in Manhattan to Carolyn in Florida; (4) On multiple occasions between

2   in or about 2001 and in or about 2004, Epstein, Maxwell, or one of Epstein's other employees

3   called Carolyn to schedule an appointment for Carolyn to massage Epstein. For example, in or

4   about April of 2004 and May of 2004 another employee of Epstein's called Carolyn to schedule

5   such appointments.

6          In order for the Government to satisfy this element, it is not necessary for the

7   Government to prove that Ms. Maxwell committed the overt act.  It is sufficient for the

8   Government to show that any of the members of the conspiracy knowingly committed some

9   overt act in furtherance of the conspiracy. Further, the overt act need not be one that is alleged in

10  the Indictment.  Rather, it can be any overt act that is substantially similar to those acts alleged in

11  the Indictment, if you are convinced that the act occurred while the conspiracy was still in

12  existence and that it was done in furtherance of the conspiracy as described in the Indictment.  In

13  addition, you need not be unanimous as to which overt act you find to have been committed.  It

14  is sufficient as long as all of you find that at least one overt act was committed by one of the

15  conspirators.

16         As to Counts One and Three, the Government has to prove that at least one of the overt

17  acts in furtherance of that conspiracy involved a witness other than Kate.  Put simply: you may

18  not convict ~~the Defendant~~Ms. Maxwell on Counts One or Three solely on the basis of Kate's

19  testimony or an overt act involving Kate.

20         You are further instructed that the overt act need not have been committed at precisely

21  the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable

22  doubt, that it occurred at or about the time and place stated.

23

1  **Instruction No. 37:   Counts One, Three, and Five ~~Two~~: Conspiracy to Violate Federal Law**
2                          **– Fourth Element**

3        The fourth, and final, element which the Government must prove beyond a reasonable

4  doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

5        In order for the Government to satisfy this element, it must prove, beyond a reasonable

6  doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in

7  furtherance of some object or purpose of the conspiracy, as charged in the Indictment. In this

8  regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful

9  act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in

10  carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore

11  instructed that the overt act does not have to be an act which, in and of itself is criminal or

12  constitutes an objective of the conspiracy.

1   **Instruction No. 38:   Counts One, Three, and Five – Liability for Acts and Declarations of**
2   **Co-Conspirators**

3       When people enter into a conspiracy to accomplish an unlawful end, they become agents

4   or partners of one another in carrying out the conspiracy. Accordingly, the reasonably

5   foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in

6   furtherance of the common purpose of the conspiracy are deemed under the law to be the acts of

7   all of the members. All of the members are responsible for such acts, declarations, statements,

8   and omissions.

9       If you find beyond a reasonable doubt that the Defendant knowingly and willfully

10   participated in the conspiracy charged in the Indictment, then any acts done or statements made

11   in furtherance of the conspiracy by persons also found by you to have been members of that

12   conspiracy may be considered against the Defendant. This is so even if such acts were done and

13   statements were made in the Defendant's absence and without her knowledge. However, before

14   you may consider the statements or acts of a co-conspirator in deciding the issue of the

15   Defendant's guilt, you must first determine that the acts and statements were made during the

16   existence and in furtherance of the unlawful scheme. If the acts were done or the statements

17   made by someone whom you do not find to have been a member of the conspiracy at the time of

18   the acts or statements, or if they were not done or said in furtherance of the conspiracy, they may

19   not be considered by you as evidence against the Defendant.

1      **OTHER INSTRUCTIONS**

2      **Instruction No. 39:   Conscious Avoidance**

3      This concludes my instructions on the crimes charged in the Indictment, but before I

4      move onto my remaining instructions, I want to now instruct you on the concept of conscious

5      avoidance.

6      As I have explained, each of the counts charged in the Indictment requires the

7      Government to prove that the Defendant acted knowingly, as I have already defined that term.

8      If a person is actually aware of a fact, then she knows that fact. But, in determining

9      whether the Defendant acted knowingly, you may also consider whether the Defendant

10     deliberately closed her eyes to what otherwise would have been obvious.

11     To be clear, the necessary knowledge on the part of the Defendant with respect to any

12     particular charge cannot be established by showing that the Defendant was careless, negligent, or

13     foolish. However, one may not willfully and intentionally remain ignorant of a fact material and

14     important to her conduct in order to escape the consequences of criminal law. The law calls this

15     "conscious avoidance" or "willful blindness."

16     An argument by the Government of conscious avoidance is not a substitute for proof; it is

17     simply another factor that you, the jury, may consider in deciding what the Defendant knew.

18     Thus, if you find beyond a reasonable doubt that the Defendant was aware that there was a high

19     probability a crime was being committed, but that the Defendant deliberately and consciously

20     avoided confirming this fact, such as by purposely closing her eyes to it or intentionally failing to

21     investigate it, then you may treat this deliberate avoidance of positive knowledge as the

22     equivalent of knowledge, unless you find that the Defendant actually believed that she was not

23     engaged in such unlawful behavior. In other words, a defendant cannot avoid criminal

1    responsibility for her own conduct by "deliberately closing her eyes," or remaining purposefully

2    ignorant of facts which would confirm to her that she was engaged in unlawful conduct.

3           With respect to the conspiracy counts, you must also keep in mind that there is an

4    important difference between knowingly and intentionally participating in a conspiracy, on the

5    one hand—and which I just explained to you—and knowing the specific objective of the

6    conspiracy, on the other. You may consider conscious avoidance in deciding whether the

7    Defendant knew the objective of a conspiracy, that is, whether she reasonably believed that there

8    was a high probability that a goal of the conspiracy was to commit the crime charged as objects

9    of the conspiracy and took deliberate and conscious action to avoid confirming that fact but

10   participated in the conspiracy anyway. But conscious avoidance cannot be used as a substitute

11   for finding that the Defendant knowingly and intentionally joined the conspiracy in the first

12   place. It is logically impossible for a defendant to intend and agree to join a conspiracy if she

13   does not actually know it exists.

14          In sum, if you find that the Defendant believed there was a high probability that a fact

15   was so and that the Defendant took deliberate and conscious action to avoid learning the truth of

16   that fact, you may find that the Defendant acted knowingly with respect to that fact. However, if

17   you find that the Defendant actually believed the fact was not so, then you may not find that she

18   acted knowingly with respect to that fact.

**Instruction No. 40:   Venue**

With respect to each of the counts in the indictment, you must also consider the issue of venue, namely, whether any act in furtherance of the unlawful activity charged in that count occurred within the Southern District of New York. The Southern District of New York encompasses the following counties: New York County (i.e., Manhattan), Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties. Anything that occurs in any of those places occurs in the Southern District of New York.

Venue must be examined separately for each count in the Indictment. Venue on one count does not establish venue on another count, though if applicable, you may rely on the same evidence to establish venue on multiple counts.

On the issue of venue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means more likely than not. Thus, the Government, which does bear the burden of proving venue, has satisfied that burden as to venue if you conclude that it is more likely than not that some act in furtherance of each charged offense occurred in the Southern District of New York. If, on the other hand, you find that the Government has failed to prove the venue requirement as to a particular offense, then you must acquit Ms. Maxwell of that offense, even if all the other elements of the offense are proven.

1                              **Instruction No. 41:   Time of Offense**

2         The Indictment alleges that certain conduct occurred on or about various dates or during

3    various time periods. It is not necessary, however, for the Government to prove that any conduct

4    alleged occurred exactly on such dates or throughout any such time periods. As long as the

5    conduct occurred around any dates or within any time periods the Indictment alleges it occurred,

6    that is sufficient.

1          **Instruction No. 42:   Direct and Circumstantial Evidence**

2          I turn now to some general instructions. There are two types of evidence that you may

3   use in reaching your verdict.  One type of evidence is direct evidence.  One kind of direct

4   evidence is a witness's testimony about something that the witness knows by virtue of his or her

5   own senses—something that the witness has seen, smelled, touched, or heard.  Direct evidence

6   may also be in the form of an exhibit.

7          The other type of evidence is circumstantial evidence.  Circumstantial evidence is

8   evidence that tends to prove one fact by proof of other facts.  There is a simple example of

9   circumstantial evidence that is often used in this courthouse.

10         Assume that when you came into the courthouse this morning the sun was shining and it

11  was a nice day. Assume that there are blinds on the courtroom windows that are drawn and that

12  you cannot look outside. As you are sitting here, someone walks in with an umbrella that is

13  dripping wet. Someone else then walks in with a raincoat that is also dripping wet.

14         Now, you cannot look outside the courtroom and you cannot see whether or not it is

15  raining. So you have no direct evidence of that fact. But on the combination of the facts that I

16  have asked you to assume, it would be reasonable and logical for you to conclude that between

17  the time you arrived at the courthouse and the time these people walked in, it had started to rain.

18         That is all there is to circumstantial evidence.  You infer based on reason, experience, and

19  common sense from an established fact the existence or the nonexistence of some other fact.

20         Many facts, such as a person's state of mind, can only rarely be proved by direct

21  evidence.  Circumstantial evidence is of no less value than direct evidence.  It is a general rule

22  that the law makes no distinction between direct and circumstantial evidence, but simply requires

23  that, before convicting Ms. Maxwell, you, the jury, must be satisfied of her guilt beyond a

24  reasonable doubt from all the evidence in the case.

1          **Instruction No. 43:   Inferences**

2          During the trial, and as I give you these instructions, you have heard and will hear the

3    term "inference."  For instance, in their closing arguments, the attorneys have asked you to infer,

4    based on your reason, experience, and common sense, from one or more established facts, the

5    existence of some other fact.  I have instructed you on circumstantial evidence and that it

6    involves inferring a fact based on other facts, your reason, and common sense.

7          What is an "inference"?  What does it mean to "infer" something?  An inference is not a

8    suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists

9    based on another fact that you are satisfied exists.

10         There are times when different inferences may be drawn from facts, whether proven by

11   direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while

12   the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you

13   will draw.

14         The process of drawing inferences from facts in evidence is not a matter of guesswork or

15   speculation.  An inference is a deduction or conclusion that you, the jury, are permitted but not

16   required to draw from the facts that have been established by either direct or circumstantial

17   evidence.  In drawing inferences, you should exercise your common sense.

18         Therefore, while you are considering the evidence presented to you, you may draw, from

19   the facts that you find to be proven, such reasonable inferences as would be justified in light of

20   your experience.

21         Some inferences, however, are impermissible.  You may not infer that Ms. Maxwell is

22   guilty of participating in criminal conduct if you find merely that she was present at the time the

23   crime was being committed and had knowledge that it was being committed.

1    Nor may you use evidence that I have instructed you was admitted for a limited purpose

2    for any inference beyond that limited purpose.

3    In addition, you may not infer that Ms. Maxwell is guilty of participating in criminal

4    conduct merely from the fact that she associated with other people who were guilty of

5    wrongdoing or merely because she has or had knowledge of the wrongdoing of others.

6    Here again, let me remind you that, whether based upon direct or circumstantial evidence,

7    or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of

8    the guilt of Ms. Maxwell as to each count charged before you may convict her as to that count.

1   **Instruction No. 44:   Credibility of Witnesses**

2        You have had the opportunity to observe the witnesses.  It is your job to decide how

3   believable each witness was in his or her testimony.  You are the sole judges of the credibility of

4   the witnesses.  How do you evaluate the credibility or believability of the witnesses?  The answer

5   is that you use your common sense, judgment, and experience.  Common sense is your greatest

6   asset as a juror.  You should ask yourselves, did the witness impress you as honest, open, and

7   candid?  Or did the witness appear evasive, as though the witness was trying to hide something?

8   How responsive was the witness to the questions asked on direct examination and on cross-

9   examination?   Consider the witness's demeanor, manner of testifying, and accuracy of the

10  witness's recollection.  In addition, consider how well the witness recounted what was heard or

11  observed, as the witness may be honest but mistaken.

12        If you find that a witness is intentionally telling a falsehood that is always a matter of

13  importance that you should weigh carefully.  If you find that any witness has lied under oath at

14  this trial, you should view the testimony of such a witness cautiously and weigh it with great

15  care.  You may reject the entirety of the witness testimony, part of it or none of it.  It is for you to

16  decide how much of any witness's testimony, if any, you wish to credit.   A witness may be

17  inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and

18  truthful in other respects.  It is for you to determine whether such untruths or inconsistencies are

19  significant or inconsequential, and whether to accept or reject all or to accept some and reject the

20  balance of the testimony of any witness.

21        In evaluating credibility of the witnesses, you should take into account any evidence that

22  the witness who testified may benefit in some way from the outcome of this case.  If you find

23  that any witness whose testimony you are considering may have an interest in the outcome of

24  this trial, then you should bear that factor in mind when evaluating the credibility of his or her

1   testimony and accept it with great care.  This is not to suggest that any witness who has an

2   interest in the outcome of a case would testify falsely.  It is for you to decide to what extent, if at

3   all, the witness's interest has affected or colored his or her testimony.

4   You have heard the testimony of a witness who was previously convicted of a crime,

5   punishable by more than one year in jail. This prior conviction was put into evidence for you to

6   consider in evaluating the witness' credibility. You may consider the fact that the witness who

7   testified is a convicted felon in deciding how much of his or her testimony to accept and what

8   weight, if any, it should be given.

9   You are not required to accept testimony even though the testimony is not contradicted

10  and the witness's testimony is not challenged.  You may decide because of the witness's bearing

11  or demeanor, or because of the inherent improbability of the testimony, or for other reasons

12  sufficient to yourselves that the testimony is not worthy of belief.  On the other hand, you may

13  find, because of a witness's bearing and demeanor and based upon your consideration of all the

14  other evidence in the case, that the witness is truthful.

15  Thus, there is no magic formula by which you can evaluate testimony.  You bring to this

16  courtroom all your experience and common sense.  You determine for yourselves in many

17  circumstances the reliability of statements that are made by others to you and upon which you

18  are asked to rely and act.  You may use the same tests here that you use in your everyday lives.

19  You may consider the interest of any witness in the outcome of this case and any bias or

20  prejudice of any such witness, and this is true regardless of who called or questioned the witness.

21  Finally, as you know, I have permitted certain witnesses to be referred to in open court

22  either by their first name or a pseudonym.  As I explained to you in my preliminary instructions

23  before opening statements, this process is to protect the privacy of witnesses as this case has

1    received significant attention in the media.  I instruct you again that this process should not bear

2    in any way on your evaluation of the evidence or credibility of any witness in this case.

**Instruction No. 45:   Credibility of Witnesses – Impeachment by Prior Inconsistent Statement**

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on Ms. Maxwell's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted him or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

1    **Instruction No. 46:   Law Enforcement and Government Employee Witnesses**

2    You have heard testimony from law enforcement officials and employees of the

3    Government. The fact that a witness may be employed by the Federal Government as a law

4    enforcement official or employee does not mean that his or her testimony is necessarily

5    deserving of more or less consideration or greater or lesser weight than that of an ordinary

6    witness.

7    In this context, defense counsel is allowed to try to attack the credibility of such a

8    witness on the ground that his or her testimony may be colored by a personal or professional

9    interest in the outcome of the case.

10   It is your decision, after reviewing all the evidence, whether to accept the testimony of

11   the law enforcement or Government employee witness and to give to that testimony the

12   weight you find it deserves.

**Instruction No. 47:   Expert Testimony**

You have heard what is called expert testimony. An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

You should not, however, accept a witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

1          **Instruction No. 48:   Limiting Instruction – Similar Act Evidence**

2          The Government has offered evidence which it argues shows that on different occasions,

3    Ms. Maxwell engaged in conduct similar to the charges in the Indictment. It is for you to decide

4    whether Ms. Maxwell engaged in the other conduct.

5          Let me remind you that Ms. Maxwell is on trial only for committing acts alleged in the

6    Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for

7    proof that Ms. Maxwell committed the crimes charged.  Nor may you consider this evidence as

8    proof that Ms. Maxwell has a criminal personality or bad character.  The evidence of the other,

9    similar acts was admitted for a much more limited purpose and you may consider it only for that

10   limited purpose.

11         If you determine that Ms. Maxwell committed the acts charged in the Indictment and the

12   similar acts as well, then you may, but you need not draw an inference that in doing the acts

13   charged in the Indictment, that Ms. Maxwell acted knowingly and intentionally and not because

14   of some mistake, accident, or other innocent reasons.  You may also consider this evidence in

15   determining whether Ms. Maxwell utilized a common scheme or plan in committing both the

16   crimes charged in the Indictment and the similar acts introduced by the Government.

17         Evidence of similar acts may not be considered by you for any other purpose.

18   Specifically, you may not consider it as evidence that Ms. Maxwell is of bad character or has the

19   propensity to commit crimes.

1                 **Instruction No. 49:   Defendant's Right Not to Testify**

2                The Defendant did not testify in this case. Under our Constitution, a defendant has no

3    obligation to testify or to present any evidence, because it is the Government's burden to prove

4    a defendant guilty beyond a reasonable doubt. That burden remains with the Government

5    throughout the entire trial and never shifts to a defendant. A defendant is never required to

6    prove that she is innocent.

7                You may not attach any significance to the fact that Ms. Maxwell did not testify.

8                No adverse inference against Ms. Maxwell may be drawn by you because she did not

9    take the witness stand. You may not consider this against Ms. Maxwell in any way in your

10   deliberations in the jury room.

1       **Instruction No. 50:   Uncalled Witnesses – Equally Available to Both Sides**

2           There are people whose names you heard during the course of the trial but did not appear

3   to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you

4   that each party had an equal opportunity or lack of opportunity to call any of these witnesses.

5   Therefore, you should not draw any inferences or reach any conclusions as to what they would

6   have testified to had they been called. Their absence should not affect your judgment in any way.

7           You should remember my instruction, however, that the law does not impose on the

8   defendant in a criminal case the burden or duty of calling any witnesses or producing any

9   evidence.

1        **Instruction No. 51:   Particular Investigative Techniques Not Required**

2        You have heard reference, in the arguments of defense counsel in this case, to the fact

3  that certain investigative techniques were used or not used by the Government. There is no legal

4  requirement, however, that the Government prove its case through any particular means.

5        Your concern is to determine whether or not, on the evidence or lack of evidence, the

6  defendant's guilt has been proved beyond a reasonable doubt.

1         **Instruction No. 52:   Use of Evidence from Searches**

2         You have heard testimony about evidence seized in connection with certain searches

3    conducted by law enforcement officers. Evidence obtained from these searches was properly

4    admitted in this case, and may be properly considered by you. Such searches were appropriate

5    law enforcement actions. Whether you approve or disapprove of how the evidence was obtained

6    should not enter into your deliberations, because I instruct you that the Government's use of the

7    evidence is entirely lawful. You must, therefore, regardless of your personal opinions, give this

8    evidence full consideration along with all the other evidence in the case in determining whether

9    the Government has proven the Defendant's guilt beyond a reasonable doubt. As with all

10   evidence, it is for you to determine what weight, if any, to give such evidence.

1                     **Instruction No. 53:   Use of Electronic Communications**

2         Some of the evidence in this case has consisted of electronic communications seized from

3 computers or electronic accounts. There is nothing illegal about the Government's use of such

4 electronic communications in this case and you may consider them along with all the other

5 evidence in the case. Whether you approve or disapprove of the seizure of these communications

6 may not enter your deliberations.

7         You may, therefore, regardless of any personal opinions, consider this evidence along

8 with all the other evidence in the case in determining whether the Government has proven the

9 Defendant's guilt beyond a reasonable doubt. However, as with the other evidence, it is for you

10 to determine what weight, if any, to give such evidence.

1            **Instruction No. 54:   Persons Not on Trial**

2         You may not draw any inference, favorable or unfavorable, towards the Government or

3 the defendant on trial from the fact that any person in addition to the defendant is not on trial

4 here. You also may not speculate as to the reasons why other persons are not on trial. Those

5 matters are wholly outside your concern and have no bearing on your function as jurors in

6 deciding the case before you.

1     **Instruction No. 55:   Preparation of Witnesses**

2         You have heard evidence during the trial that witnesses have discussed the facts of the

3     case and their testimony with the Government lawyers, the defense lawyers, or their own lawyers

4     before the witnesses appeared in court.

5         Although you may consider that fact when you are evaluating a witness's credibility, I

6     should tell you that there is nothing either unusual or improper about a witness meeting with

7     lawyers before testifying so that the witness can be aware of the subjects he or she will be

8     questioned about, focus on those subjects, and have the opportunity to review relevant exhibits

9     before being questioned about them. Such consultation helps conserve your time and the Court's

10    time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

11        Again, the weight you give to the fact or the nature of the witness's preparation for his or

12    her testimony and what inferences you draw from such preparation are matters completely within

13    your discretion.

1      **Instruction No. 56:   Redaction Of Evidentiary Items**

2          We have, among the exhibits received in evidence, some documents that are redacted.

3   "Redacted" means that part of the document has been taken out.  Material may be redacted for any

4   number of reasons, including that it is not relevant to the issues you must decide in this case, among

5   other reasons.  You are to concern yourself only with the part of the item that has been admitted

6   into evidence, and you should not consider any possible reason for the redactions.

1          **Instruction No. 57:   Stipulations**

2          In this case you have heard evidence in the form of stipulations.

3          A stipulation of testimony is an agreement among the parties that, if called, a witness

4    would have given certain testimony. You must accept as true the fact that the witness would

5    have given the testimony. However, it is for you to determine the effect or weight to give

6    that testimony.

7          You also heard evidence in the form of stipulations that contain facts that were agreed to

8    be true. In such cases, you must accept those facts as true.

1       **Instruction No. 58:   Punishment Not to be Considered by the Jury**

2       Under your oath as jurors, you cannot allow a consideration of possible punishment that

3   may be imposed upon a defendant, if convicted, to influence you in any way or in any sense to

4   enter into your deliberations. The duty of imposing sentence is mine and mine alone.

5       Your function is to weigh the evidence in the case and to determine whether or not the

6   Government has proved that Ms. Maxwell is guilty beyond a reasonable doubt, solely upon the

7   basis of such evidence.

8       Therefore, I instruct you not to consider punishment or possible punishment in any way

9   in your deliberations in this case.

**Instruction No. 59:   Right to Hear Testimony; Election of Foreperson; Communications with the Court; Juror Note-Taking**

You are about to go into the jury room and begin your deliberations. The documentary evidence will be sent back with you. If you want any of the testimony read to you, that can be arranged. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony that you might want.

Your first task as a jury will be to choose your foreperson. The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with the Court through written note when questions arise and to indicate when you have reached your verdict.

Your requests for testimony—in fact, any communications with the Court— should be made to me in writing, signed by your foreperson, and given to one of the Marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any communication, please do not tell me or anyone else how the jury stands on the issue of the jury's verdict until after a unanimous verdict is reached.

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations. Any notes you have taken are to assist you and you alone. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case. If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

## CONCLUDING REMARKS

1

2    Members of the jury, that about concludes my instructions to you.  The most important

3    part of this case, members of the jury, is the part that you as jurors are now about to play as you

4    deliberate on the issues of fact. It is for you, and you alone, to weigh the evidence in this case

5    and determine whether the Government has proved beyond a reasonable doubt each of the

6    essential elements of the crime with which Ms. Maxwell is charged. If the Government has

7    succeeded, your verdict should be guilty as to that charge; if it has failed, your verdict should be

8    not guilty as to that charge.

9    You must base your verdict solely on the evidence or lack of evidence and these

10   instructions as to the law, and you are obliged under your oath as jurors to follow the law as I

11   have instructed you, whether you agree or disagree with the particular law in question.

12   Under your oath as jurors, you are not to be swayed by sympathy. You should be guided

13   solely bye the evidence presented during the trial and the law as I gave it to you, without regard

14   to the consequences of your decision. You have been chosen to try the issues of fact and reach a

15   verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your

16   clear thinking, there is a risk that you will not arrive at a just verdict.

17   As you deliberate, please listen to the opinions of your fellow jurors, and ask for an

18   opportunity to express your own views. Every juror should be heard. No one juror should hold

19   center stage in the jury room and no one juror should control or monopolize the deliberations.

20   If, after listening to your fellow jurors and if, after stating your own view, you become

21   convinced that your view is wrong, do not hesitate because of stubbornness or pride to change

22   your view. On the other hand, do not surrender your honest convictions and beliefs solely

23   because of the opinions of your fellow jurors or because you are outnumbered. Your final vote

24   must reflect your conscientious belief as to how the issues should be decided.

1       Thus, the verdict must represent the considered judgment of each juror. In order to

2  return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

3       If at any time you are divided, do not report how the vote stands, and if you have

4  reached a verdict, do not report what it is until you are asked in open court.

5       A verdict form has been prepared for your convenience.  After you have reached your

6  decision, your foreperson will fill in the form. At that point the foreperson should advise the

7  marshal outside your door that you are ready to return to the courtroom.

8       Finally, I say this not because I think it is necessary, but because it is the custom in this

9  courthouse to say this: You should treat each other with courtesy and respect during your

10  deliberations.

11      In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your

12  fellow jurors, and if you apply your own common sense, you will deliberate fairly.

13      Members of the jury, I ask your patience for a few minutes longer.  It is necessary for me

14  to spend a few moments with counsel and the reporter at the side bar.  I will ask you to remain

15  patiently in the jury box, without speaking to each other, and we will return in just a moment to

16  submit the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     -v.-

GHISLAINE MAXWELL,

               Defendant.

S2 20 Cr. 330 (AJN)


**[DRAFT] JURY CHARGE**

1 **Table of Contents**

2 *INTRODUCTORY INSTRUCTIONS*.............................................................................. **5**

3 **Instruction No. 1:  Role of the Court** ........................................................................ **5**

4 **Instruction No. 2:  Role of the Jury** .......................................................................... **6**

5 **Instruction No. 3:  Contact with Others/Social Media** ............................................. **7**

6 **Instruction No. 4:  Statements of Counsel and Court Not Evidence;  Jury's Recollection Controls**
7 **8**

8 **Instruction No. 5:  Improper Considerations** ......................................................... **10**

9 **Instruction No. 6:  All Parties Are Equal Before the Law** ...................................... **11**

10 **Instruction No. 7:  Presumption of Innocence and Burden of Proof** ......................... **12**

11 **Instruction No. 8:  Reasonable Doubt** ................................................................... **13**

12 **Instruction No. 9:  The Indictment** ....................................................................... **14**

13 *CHARGE* ................................................................................................................ *15*

14 **Instruction No. 10:  Summary of Indictment** ........................................................ **15**

15 **Instruction No. 11:  Multiple Counts** .................................................................... **17**

16 **Instruction No. 12:  Conspiracy and Substantive Counts** ...................................... **18**

17 **Instruction No. 13:  Count Two: Enticement to Engage in an Illegal Sexual Activity – The**
18 **Statute         19**

19 **Instruction No. 14:  Count Two: Enticement to Engage in Illegal Sexual Activity – The Elements**
20 **20**

21 **Instruction No. 15:  Count Two: Enticement to Engage in Illegal Sexual Activity – First Element**
22 **21**

23 **Instruction No. 16:  Count Two: Enticement to Engage in Illegal Sexual Activity – Second**
24 **Element         22**

25 **Instruction No. 17:  Count Two: Enticement to Engage in Illegal Sexual Activity – Third**
26 **Element         23**

27 **Instruction No. 18:  Count Four: Transportation of an Individual Under the Age of 17 to Engage**
28 **in Illegal Sexual Activity – The Statute** ................................................... **25**

29 **Instruction No. 19:  Count Four: Transportation of an Individual Under the Age of 17 to Engage**
30 **in Illegal Sexual Activity – The Elements** ................................................. **26**

31 **Instruction No. 20:  Count Four: Transportation of an Individual Under the Age of 17 to Engage**
32 **in Illegal Sexual Activity – First Element** ................................................ **27**

33 **Instruction No. 21:  Count Four: Transportation of an Individual Under the Age of 17 to Engage**
34 **in Illegal Sexual Activity – Second Element** ............................................. **28**

35 **Instruction No. 22:  Count Four: Transportation of an Individual Under the Age of 17 to Engage**
36 **in Illegal Sexual Activity – Third Element** ............................................... **29**

37 **Instruction No. 23:  Counts Two and Four: Failure to Accomplish Intended Activity is**
38 **Immaterial         30**

**Instruction No. 24:** **Count Six: Sex Trafficking of an Individual Under the Age of 18 – Statute 31**

**Instruction No. 25:** **Count Six: Sex Trafficking of an Individual Under the Age of 18 – The Elements** **32**

**Instruction No. 26:** **Count Six: Sex Trafficking of an Individual Under the Age of 18 – First Element** **33**

**Instruction No. 27:** **Count Six: Sex Trafficking of an Individual Under the Age of 18 – Second Element** **34**

**Instruction No. 28:** **Count Six: Sex Trafficking of an Individual Under the Age of 18 – Third Element** **35**

**Instruction No. 29:** **Count Six: Sex Trafficking of an Individual Under the Age of 18 – Fourth Element** **36**

**Instruction No. 30:** **Counts Two, Four, and Six: Aiding and Abetting ........................................ 37**

**Instruction No. 31:** **Counts One, Three, and Five: Conspiracy to Violate Federal Laws – Conspiracy and Substantive Counts ................................................................ 40**

**Instruction No. 32:** **Counts One, Three, and Five: Conspiracy to Violate Federal Law – The Elements** **41**

**Instruction No. 33:** **Counts One, Three, and Five: Conspiracy to Violate Federal Law – First Element** **42**

**Instruction No. 34:** **Counts One, Three, and Five: Conspiracy to Violate Federal Law – First Element: Object of the Conspiracy ........................................................................ 44**

**Instruction No. 35:** **Counts One, Three, and Five: Conspiracy to Violate Federal Law – Second Element: Membership in the Conspiracy ........................................................ 46**

**Instruction No. 36:** **Counts One, Three, and Five: Conspiracy to Violate Federal Law – Third Element** **49**

**Instruction No. 37:** **Counts One, Three, and Five: Conspiracy to Violate Federal Law – Fourth Element** **52**

**Instruction No. 38:** **Counts One, Three, and Five – Liability for Acts and Declarations of Co-Conspirators** **53**

***OTHER INSTRUCTIONS........................................................................................ 54***

**Instruction No. 39:** **Conscious Avoidance ........................................................................... 54**

**Instruction No. 40:** **Venue ................................................................................................. 56**

**Instruction No. 41:** **Time of Offense ................................................................................... 57**

**Instruction No. 42:** **Direct and Circumstantial Evidence .................................................... 58**

**Instruction No. 43:** **Inferences ............................................................................................ 59**

**Instruction No. 44:** **Credibility of Witnesses ...................................................................... 61**

**Instruction No. 45:** **Credibility of Witnesses – Impeachment by Prior Inconsistent Statement . 64**

**Instruction No. 46:** **Law Enforcement and Government Employee Witnesses ......................... 65**

**Instruction No. 47:** **Expert Testimony ................................................................................. 66**

**Instruction No. 48:** **Limiting Instruction – Similar Act Evidence ....................................... 67**

3

1    **Instruction No. 49:   Defendant's Right Not to Testify**..................................................**68**

2    **Instruction No. 50:   Uncalled Witnesses – Equally Available to Both Sides**...............**69**

3    **Instruction No. 51:   Particular Investigative Techniques Not Required**.....................**70**

4    **Instruction No. 52:   Use of Evidence from Searches**..................................................**71**

5    **Instruction No. 53:   Use of Electronic Communications**..........................................**72**

6    **Instruction No. 54:   Persons Not on Trial**................................................................**73**

7    **Instruction No. 55:   Preparation of Witnesses**.........................................................**74**

8    **Instruction No. 56:   Redaction Of Evidentiary Items**..............................................**75**

9    **Instruction No. 57:   Stipulations**..............................................................................**76**

10   **Instruction No. 58:   Punishment Not to be Considered by the Jury**.........................**77**

11   **Instruction No. 59:   Right to Hear Testimony; Election of Foreperson; Communications with the**

12   **Court; Juror Note-Taking**...........................................................................................**78**

13   ***CONCLUDING REMARKS***.......................................................................................***79***

14

15

## INTRODUCTORY INSTRUCTIONS

**Instruction No. 1:     Role of the Court**

You have now heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.  If an attorney or anyone else at trial has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You may take a copy of these instructions with you into the jury room.

1    **Instruction No. 2:    Role of the Jury**

2    Your role is to pass upon and decide the fact issues that are in the case.  You, the

3    members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of

4    the evidence or lack of evidence; you determine the credibility of the witnesses; you resolve such

5    conflicts as there may be in the testimony; and you draw whatever reasonable inferences you

6    decide to draw solely based on the evidence and from the facts as you have determined them.

7    You must determine the facts based solely on the evidence received in this trial.

8    In determining the facts, you must rely upon your own recollections of the evidence.

9    What the lawyers have said—for instance, in opening statements, in closing arguments, in

10    objections, or in questions—is not evidence. You should bear in mind particularly that questions

11    put to witnesses, although they can provide the context to answers, are not themselves evidence.

12    It is only the answers that are evidence.

13    I remind you also that nothing I have said during the trial or will say during these

14    instructions is evidence.  Similarly, the rulings I have made during the trial are not any indication

15    of my views of what your decision should be.

16    The evidence before you consists of the answers given by witnesses and the exhibits and

17    stipulations that were received into evidence.  If I have sustained an objection to a question or

18    told you to disregard testimony, the answers given by a witness are no longer part of the

19    evidence and may not be considered by you.  I will instruct you at the end of these charges about

20    your ability to request to have testimony read back and your access to other evidence admitted

21    during the trial.

1                      **Instruction No. 3:     Contact with Others/Social Media**

2            During your deliberations, you must not communicate with or provide any information to

3 anyone by any means about this case. You may not use any electronic devices or media, such as

4 a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the Internet, or any

5 internet service, or any text or instant messaging service; or any internet chat room, blog, or

6 website, such as Facebook, Instagram, LinkedIn, YouTube, Twitter, or Snapchat, to

7 communicate to anyone any information about this case or to conduct any research about this

8 case until I accept your verdict. In other words, you cannot talk to anyone on the phone or in

9 person, correspond with anyone, or electronically communicate with anyone about this case. You

10 can only discuss the case in the jury room with your fellow jurors during deliberations.

11            Along the same lines, you may not try to access any information about the case or do

12 research on any issue that arose during the trial from any outside source, including dictionaries,

13 reference books, or anything on the Internet. In our judicial system, it is important that you are

14 not influenced by anything or anyone outside of this courtroom. Your sworn duty is to decide

15 this case solely and wholly on the evidence that was presented to you in this courtroom.

**Instruction No. 4:     Statements of Counsel and Court Not Evidence;
Jury's Recollection Controls**

You must determine the facts by relying upon your own recollection of the evidence. This case is not to be decided on the rhetoric of either the attorneys for the Government or the attorneys for the Defendant. The lawyers' arguments are intended to convince you to draw certain conclusions from the evidence or lack of evidence. Those arguments are important. You should weigh and evaluate them carefully. But you must not confuse them with the evidence. If your recollection of the evidence differs from the statements of the lawyers, follow your recollection.

You should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. Counsel have not only the right but the duty to make legal objections that they think are appropriate. You should not be swayed against the Government or the Defendant simply because counsel for either side has chosen to make an objection. Similarly, statements made by counsel when arguing the admissibility of evidence are not to be considered as evidence.

If I comment on the evidence during my instructions, do not accept my statements in place of your recollection. Again, it is your recollection that governs.

Do not concern yourself with what was said at side bar conferences or during my discussions with counsel. Those discussions related to rulings of law, which are my duty, and not to matters of fact, which are your duty to determine.

At times I may have admonished a witness or directed a witness to be responsive to questions, to keep his or her voice up, or to repeat an answer. My instructions were intended only to clarify the presentation of evidence. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or party in the case, by reason of any

1    comment, question, or instruction of mine. Nor should you infer that I have any views as to the

2    credibility of any witness, as to the weight of the evidence, or as to how you should decide any

3    issue that is before you. That is entirely your role.

**Instruction No. 5:     Improper Considerations**

Your verdict must be based solely upon the evidence or the lack of evidence, and it is important that you discharge your duties without discrimination.  Thus, it would be improper for you to consider any personal feelings you may have about Ms. Maxwell's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, economic circumstances, or any other such factor.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, economic circumstances, or any other similar factor of any other witness or anyone else involved in this case.  Do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.  Finally, it also would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.  Ms. Maxwell is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

1           **Instruction No. 6:    All Parties Are Equal Before the Law**

2           You are to perform the duty of finding the facts without bias or prejudice as to any party.

3   You are to perform your final duty in an attitude of complete fairness and impartiality.

4           The fact that the prosecution is brought in the name of the United States of America

5   entitles the Government to no greater consideration than that given to any other party to this

6   litigation.  By the same token, the Government is entitled to no less consideration.  All parties

7   stand as equals at the bar of justice.

1        **Instruction No. 7:    Presumption of Innocence and Burden of Proof**

2        The law presumes the defendant to be innocent of all charges against her.  Ms. Maxwell

3    has pleaded not guilty to the charges in the Indictment.  As a result, the burden is on the

4    Government to prove Ms. Maxwell's guilt beyond a reasonable doubt as to each charge.  This

5    burden never shifts to the Defendant for the simple reason that the law never imposes upon a

6    defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating

7    or producing any evidence.  In other words, Ms. Maxwell does not have to prove her innocence.

8        This presumption of innocence was with Ms. Maxwell when the trial began and remains

9    with Ms. Maxwell unless and until you are convinced that the Government has proven her guilt

10    beyond a reasonable doubt as to each charge.  Even though Ms. Maxwell has presented evidence

11    in her defense, the presumption of innocence remains with her and it is not her burden to prove

12    that she is innocent.  It is always the Government's burden to prove each of the elements of the

13    crimes charged beyond a reasonable doubt.

1                          **Instruction No. 8:     Reasonable Doubt**

2         The question that naturally arises is: "What is a reasonable doubt?"  What does that

3   phrase mean?  The words almost define themselves.  A reasonable doubt is a doubt based in

4   reason and arising out of the evidence in the case, or the lack of evidence.  It is a doubt that a

5   reasonable person has after carefully weighing all of the evidence in the case.

6         Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience,

7   and your common sense.  Reasonable doubt is not whim or speculation.  It is not an excuse to

8   avoid an unpleasant duty. Nor is it sympathy for the Defendant.  The law in a criminal case is

9   that it is sufficient if the guilt of the Defendant is established beyond a reasonable doubt, not

10   beyond all possible doubt.  Therefore, if, after a fair and impartial consideration of all the

11   evidence, you can candidly and honestly say that you do have an abiding belief of Ms.

12   Maxwell's guilt as to any crime charged in this case, such a belief as a prudent person would be

13   willing to act upon in important matters in the personal affairs of his or her own life, then you

14   have no reasonable doubt, and under such circumstances it is your duty to convict Ms. Maxwell

15   of the particular crime in question.

16         On the other hand, if after a fair and impartial consideration of all the evidence, you can

17   candidly and honestly say that you are not satisfied with Ms. Maxwell's guilt as to any charge,

18   that you do not have an abiding belief of her guilt as to that charge—in other words, if you have

19   such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of

20   importance in his or her own affairs—then you have a reasonable doubt, and in that circumstance

21   it is your duty to acquit Ms. Maxwell of that charge.

**Instruction No. 9:    The Indictment**

The Defendant, Ghislaine Maxwell, has been formally charged in what is called an "Indictment."  As I instructed you at the outset of this trial, the Indictment is simply a charge or accusation.  It is not evidence.  It is not proof of Ms. Maxwell's guilt.  It creates no presumption and it permits no inference that Ms. Maxwell is guilty.  Ms. Maxwell begins trial with an absolutely clean slate and without any evidence against her.  You must give no weight to the fact that an Indictment has been returned against Ms. Maxwell.

I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

1                                    **CHARGE**

2                    **Instruction No. 10:   Summary of Indictment**

3          The Indictment contains six counts, or "charges," against the Defendant. Each count

4   constitutes a separate offense or crime.  You must consider each count of the Indictment

5   separately, and you must return a separate verdict on each count.  I am briefly going to

6   summarize each count, and then will give you the law in greater detail.

7          Count One of the Indictment charges Ghislaine Maxwell, the Defendant, with

8   conspiring—that is, agreeing—with others to entice an individual to travel in interstate

9   commerce to engage in sexual activity for which a person can be charged with a criminal

10  offense.  Count One relates to multiple alleged victims and the time period 1994 to 2004.

11         Count Two of the Indictment charges the Defendant with enticing an individual to travel

12  in interstate commerce to engage in sexual activity for which a person can be charged with a

13  criminal offense.  Count Two relates solely to Jane and the time period 1994 to 1997.

14         Count Three of the Indictment charges the Defendant with conspiring with others to

15  transport an individual under the age of seventeen in interstate commerce, with intent that the

16  individual engage in sexual activity for which a person can be charged with a criminal offense.

17  Count Three relates to multiple alleged victims and the time period 1994 to 2004.

18         Count Four of the Indictment charges the Defendant with transporting an individual

19  under the age of seventeen in interstate commerce, with the intent that the individual engage in

20  sexual activity for which a person can be charged with a criminal offense.  Count Four relates

21  solely to Jane and the time period 1994 to 1997.

22         Count Five of the Indictment charges the Defendant with conspiring to engage in sex

23  trafficking of individuals under the age of eighteen. Count Five relates to multiple alleged

24  victims and the time period 2001 to 2004.

1          Count Six of the Indictment charges the Defendant with sex trafficking of an individual

2   under the age of eighteen.  Count Six relates solely to Carolyn and the time period 2001 to 2004.

1        **Instruction No. 11:   Multiple Counts**

2          As I just explained, the Indictment contains six counts.  Each count charges Ms. Maxwell

3   with a different crime.  You must consider each count separately and return a separate verdict of

4   guilty or not guilty for each.  Whether you find Ms. Maxwell guilty or not guilty as to one

5   offense should not affect your verdict as to any other offense charged, unless you are instructed

6   otherwise.

7          You may only find Ms. Maxwell guilty of a particular count if the Government has

8   proven each element of the offense charged with respect to that count beyond a reasonable doubt.

**Instruction No. 12:   Conspiracy and Substantive Counts**

As I have just described, there are certain counts in the Indictment that are conspiracy counts, while others are what are referred to as substantive counts. Unlike the conspiracy charges, which allege agreements to commit certain offenses, the substantive counts are based on the actual commission of offenses, or aiding others to actually commit offenses.

A conspiracy to commit a crime is an entirely separate and different offense from the substantive crime which may be the object of the conspiracy. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object of the conspiracy is not achieved. The essence of the crime of conspiracy is an agreement or understanding to violate other laws. Thus, if a conspiracy exists, even if it fails, it is still punishable as a crime. Consequently, in a conspiracy charge there is no need to prove that the crime that was the objective of the conspiracy was actually committed.

By contrast, the substantive counts require proof that the crime charged was actually committed, but do not require proof of an agreement. Of course, if a defendant both participates in a conspiracy to commit a crime and then actually commits that crime, that defendant may be guilty of both the conspiracy and the substantive crime, as I will instruct you shortly.

We will turn first to the substantive charges in the Indictment, which are more convenient to consider before the conspiracy charges. Therefore I will instruct you first on Counts Two, Four, and Six, and then I will instruct you on Counts One, Three, and Five.

18

1   **Instruction No. 13:   Count Two: Enticement to Engage in an Illegal Sexual Activity – The**
2                                                **Statute**

3          The relevant statute for Count Two is Title 18, United States Code, Section 2422, which

4 provides that "[w]hoever knowingly persuades, induces, entices, or coerces any individual to

5 travel in interstate . . . commerce, or in any Territory or Possession of the United States, to

6 engage in . . . any sexual activity for which any person can be charged with a criminal offense,"

7 is guilty of a federal crime.

1
2   **Instruction No. 14:   Count Two: Enticement to Engage in Illegal Sexual Activity – The Elements**

3   To prove the Defendant guilty of Count Two, the Government must prove each of the

4   following three elements beyond a reasonable doubt:

5   <u>First</u>, that the Defendant knowingly persuaded or induced or enticed or coerced an

6   individual to travel in interstate commerce, as alleged in the Indictment;

7   <u>Second</u>, that the individual traveled in interstate commerce; and

8   <u>Third</u>, that the Defendant acted with the intent that the individual would engage in sexual

9   activity for which any person can be charged with a criminal offense under New York law, as

10   alleged in the Indictment.

11   Count Two relates solely to Jane during the time period 1994 to 1997.

1 **Instruction No. 15:   Count Two: Enticement to Engage in Illegal Sexual Activity – First**
2 **Element**

3      The first element of Count Two which the government must prove beyond a reasonable

4 doubt is that Ms. Maxwell knowingly persuaded or induced or enticed or coerced an individual

5 to travel in interstate commerce, as alleged in the Indictment. The terms "persuaded," "induced,"

6 "enticed," and "coerced" have their ordinary, everyday meanings.

7      The term "interstate commerce" simply means movement from one state to another. The

8 term "State" includes a State of the United States and the District of Columbia.

9 **<u>"Knowingly" Defined</u>**

10      Ms. Maxwell must have acted knowingly. An act is done knowingly when it is done

11 voluntarily and intentionally and not because of accident, mistake, or some other innocent reason.

12      Now, knowledge is a matter of inference from the proven facts.  Science has not yet

13 devised a manner of looking into a person's mind and knowing what that person is thinking.

14 Whether Ms. Maxwell acted knowingly may be proven by Ms. Maxwell's conduct and by all of

15 the facts and circumstances surrounding the case.

21

1    **Instruction No. 16:   Count Two: Enticement to Engage in Illegal Sexual Activity – Second**
2    **Element**

3         The second element of Count Two which the Government must prove beyond a

4    reasonable doubt is that the individual traveled in interstate commerce, as alleged in the

5    Indictment.

6         As I just stated, "interstate commerce" simply means movement between one state and

7    another.

**Instruction No. 17:   Count Two: Enticement to Engage in Illegal Sexual Activity – Third Element**

The third element of Count Two which the Government must prove beyond a reasonable doubt is that Ms. Maxwell acted with the intent that the individual would engage in sexual activity for which any person can be charged with a criminal offense under New York law.

**"Intentionally" Defined**

A person acts intentionally when the act is the product of her conscious objective, that is, when she acts deliberately and purposefully and not because of a mistake or accident.  Direct proof of a person's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time, she committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, her words, her conduct, her acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

**Significant or Motivating Purpose**

In order to establish this element, it is not necessary for the Government to prove that the illegal sexual activity was Ms. Maxwell's <u>sole</u> purpose for encouraging Jane to travel across state lines.  A person may have several different purposes or motives for such conduct, and each may prompt in varying degrees the person's actions.  The government must prove beyond a reasonable doubt, however, that a <u>significant or motivating purpose</u> of encouraging Jane to travel across state lines was that she would engage in illegal sexual activity. In other words, the illegal sexual activity must not have been merely incidental to the trip.

23

1          **Violation of New York Criminal Law**

2          Count Two alleges that Ms. Maxwell enticed Jane to travel across state lines with the

3    intent that she would engage in sexual activity for which a person could be charged with a crime

4    under the penal law of New York State, namely New York Penal Law, Section 130.55.  I instruct

5    you as a matter of law that Sexual Abuse in the Third Degree, the offense set forth in Count Two

6    of the Indictment, was a violation of New York State Penal law from at least in or about 1994 up

7    to and including in or about 1997, at the time the acts are alleged to have been committed.

8          A person violates New York State Penal Law § 130.55, Sexual Abuse in the Third

9    Degree, when he or she subjects another person to sexual contact without the latter's consent.

10         Under New York law, "sexual contact" means any touching of the sexual or other

11   intimate parts of a person for the purpose of gratifying the sexual desire of either party.  It

12   includes the touching of the victim by the actor, whether directly or through clothing, as well as

13   the emission of ejaculate by the actor upon any part of the victim, clothed or unclothed.

14         Also under New York law, lack of consent can result from incapacity to consent.  A

15   person less than seventeen years old is deemed incapable of consenting to sexual contact under

16   New York Law.  Thus, the law deems sexual contact with a person less than seventeen years old

17   to be without that person's consent, even if in fact that person did consent.  However, in order to

18   find that the intended acts were nonconsensual solely because of the victim's age, you must find

19   that Ms. Maxwell knew that Jane was less than seventeen years old.

1   **Instruction No. 18:   Count Four: Transportation of an Individual Under the Age of 17 to**
2   **Engage in Illegal Sexual Activity – The Statute**

3       The relevant statute for Count Four is Title 18, United States Code, Section 2423(a),

4   which provides that a person who "knowingly transports any individual under [the age of 17

5   years] in interstate . . . commerce . . . with intent that such individual engage in . . . any sexual

6   activity for which any person can be charged with a criminal offense," is guilty of a federal

7   crime.

**Instruction No. 19:   Count Four: Transportation of an Individual Under the Age of 17 to Engage in Illegal Sexual Activity – The Elements**

In order to prove the Defendant guilty of Count Four, the Government must establish each of the following three elements of the crime beyond a reasonable doubt:

<u>First</u>, that the Defendant knowingly transported an individual in interstate commerce, as alleged in the Indictment,

<u>Second</u>, that the Defendant transported the individual with the intent that she would engage in sexual activity for which any person can be charged with a criminal offense under New York law, as alleged in the Indictment; and

<u>Third</u>, that the Defendant knew that the individual was less than seventeen years old at the time of the acts alleged in Count Four of the Indictment.

Count Four also relates solely to Jane during the time period 1994 to 1997.

26

**Instruction No. 20:   Count Four: Transportation of an Individual Under the Age of 17 to Engage in Illegal Sexual Activity – First Element**

The first element of Count Four which the Government must prove beyond a reasonable doubt is that Ms. Maxwell knowingly transported Jane in interstate commerce, as alleged in the Indictment.  The phrase, "transport an individual in interstate commerce" means to move or carry, or cause someone to be moved or carried, from one state to another.

The Government does not have to prove that Ms. Maxwell personally transported Jane across a state line.  It is sufficient to satisfy this element that Ms. Maxwell was actively engaged, either personally or through an agent, in the making of the travel arrangements, such as by purchasing tickets necessary for Jane to travel as planned.

Ms. Maxwell must have knowingly transported, or caused the transportation of, Jane in interstate commerce.  This means that the Government must prove that Ms. Maxwell knew both that she was causing Jane to be transported, and that Jane was being transported in interstate commerce.  As I have explained, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some innocent reason.

It is the Defendant's intent that matters here. If the Government establishes each of the elements of this crime beyond a reasonable doubt, then the Defendant is guilty of this charge whether or not the individual agreed or consented to cross state lines.

**Instruction No. 21:   Count Four: Transportation of an Individual Under the Age of 17 to Engage in Illegal Sexual Activity – Second Element**

The second element of Count Four which the Government must prove beyond a reasonable doubt is that Ms. Maxwell knowingly transported Jane in interstate commerce with the intent that Jane engage in sexual activity for which any person can be charged with a criminal offense in violation of New York law.

Like Count Two, Count Four alleges sexual activity for which an individual could be charged with a violation of New York Penal Law, Section 130.55, Sexual Abuse in the Third Degree.  I have already instructed you regarding that crime, and those instructions apply equally here.

In order to establish this element, it is not necessary for the Government to prove that the illegal sexual activity was Ms. Maxwell's sole purpose for transporting Jane across state lines.  A person may have several different purposes or motives for such conduct, and each may prompt in varying degrees the person's actions.  The Government must prove beyond a reasonable doubt, however, that a significant or motivating purpose of Jane's travel across state lines was that she would engage in illegal sexual activity.  In other words, the illegal sexual activity must not have been merely incidental to the trip.

1    **Instruction No. 22:   Count Four: Transportation of an Individual Under the Age of 17 to**
2    **Engage in Illegal Sexual Activity – Third Element**

3         The third element of Count Four which the Government must prove beyond a reasonable

4    doubt is that Ms. Maxwell knew that Jane was less than seventeen years old at the time of the

5    acts alleged in Count Four of the Indictment.

1    **Instruction No. 23:    Counts Two and Four: Failure to Accomplish Intended Activity is**
2    **Immaterial**

3        Now, with respect to Counts Two and Four, it is not a defense that the sexual activity

4    which may have been intended by the Defendant was not accomplished.

5        In other words, it is not necessary for the Government to prove that anyone, in fact,

6    engaged in any sexual activity for which any person can be charged with a criminal offense with

7    the individual after she was enticed, for Count Two, or transported, for Count Four, across state

8    lines.  It is enough if the Defendant has the requisite intent at the time of the enticement or

9    transportation.

1   **Instruction No. 24:   Count Six: Sex Trafficking of an Individual Under the Age of 18 –**
2   **Statute**

3          The relevant statute for Count Six is Title 18, United States Code, Section 1591, which

4   provides, in pertinent part, that "Whoever knowingly in or affecting interstate commerce,

5   recruits, entices, harbors, transports, provides, or obtains, by any means a person . . . knowing

6   that . . . the person has not attained the age of eighteen years and will be caused to engage in a

7   commercial sex act" is guilty of a crime.

**Instruction No. 25:   Count Six: Sex Trafficking of an Individual Under the Age of 18 – The Elements**

To find the Defendant guilty of Count Six, the Government must prove each of the following four elements beyond a reasonable doubt:

<u>First</u>:   The Defendant knowingly recruited, enticed, harbored, transported, provided, or obtained a person;

<u>Second</u>:  The Defendant knew that the person was under the age of eighteen years;

<u>Third</u>:  The Defendant knew that the person would be caused to engage in a commercial sex act; and

<u>Fourth:</u>  The Defendant's acts were in or affecting interstate commerce.

This Count relates solely to Carolyn during the time period 2001 to 2004.

1 **Instruction No. 26:   Count Six: Sex Trafficking of an Individual Under the Age of 18 –**
2 **First Element**

3        The first element of Count Six which the Government must prove beyond a reasonable

4 doubt is that Ms. Maxwell knowingly recruited, enticed, harbored, transported, provided, or

5 obtained a person, Carolyn.  The terms "recruited," "enticed," "harbored," "transported,"

6 "provided," and "obtained" have their ordinary, everyday meanings.

7        In considering whether Ms. Maxwell has acted knowingly, please apply the definition of

8 "knowingly" previously provided to you.

1   **Instruction No. 27:   Count Six: Sex Trafficking of an Individual Under the Age of 18 –**
2                                              **Second Element**

3          The second element of Count Six which the Government must prove beyond a reasonable

4   doubt is that Ms. Maxwell knew that Carolyn was under eighteen years of age.

5          In considering whether Ms. Maxwell knew that Carolyn had not attained the age of

6   eighteen, please apply the definition of "knowingly" previously provided to you.

**Instruction No. 28:   Count Six: Sex Trafficking of an Individual Under the Age of 18 – Third Element**

The third element of Count Six which the Government must prove beyond a reasonable doubt is that Ms. Maxwell knew that the person, Carolyn, would be caused to engage in a commercial sex act.

The term "commercial sex act" means "any sex act, on account of which anything of value is given to or received by any person."  The thing of value may be money or any other tangible or intangible thing of value that may be given to or received by any person, regardless of whether the person who receives it is the person performing the commercial sex act.

It is not relevant whether or not Carolyn was a willing participant in performing commercial sex acts when she was under the age of 18 years old.  Consent by the person is not a defense to the charge in Count Six of the Indictment if Carolyn was under the age of 18 at the time the commercial sex acts took place.  It is also not required that the person actually performed a commercial sex act so long as the Government has proved that Ms. Maxwell recruited, enticed, harbored, transported, provided, or obtained the person for the purpose of engaging in commercial sex acts.

**Instruction No. 29:   Count Six: Sex Trafficking of an Individual Under the Age of 18 –
Fourth Element**

The fourth and final element of Count Six which the Government must prove beyond a
reasonable doubt is that Ms. Maxwell's conduct was in interstate commerce or affected interstate
commerce.

Interstate commerce simply means the movement of goods, services, money and
individuals between any two or more states.

I instruct you that acts and transactions that cross state lines, or which affect the flow of
money in the stream of commerce to any degree, however minimal, are acts and transactions
affecting interstate commerce.  For instance, it affects interstate commerce to use products that
traveled in interstate commerce.

It is not necessary for the Government to prove that Ms. Maxwell specifically knew or
intended that her conduct would affect interstate commerce; it is only necessary that the natural
consequences of such conduct would affect interstate commerce in some way, even if minor.

If you find beyond a reasonable doubt that the recruitment, enticement, harboring,
transportation, providing, or obtaining of a person for the purpose of engaging in commercial sex
acts was economic in nature and involved the crossing of state lines, or was economic in nature
and otherwise affected the flow of money to any degree, however minimal, you may find that the
interstate commerce requirement of the offense of sex trafficking of an individual under the age
of 18 has been satisfied.

I further instruct you that to find that this element has been proven beyond a reasonable
doubt, it is not necessary for you to find that any interstate travel occurred.  Proof of actual travel
is not required.

1           **Instruction No. 30:   Counts Two, Four, and Six: Aiding and Abetting**

2           In connection with the crimes charged in Counts Two, Four, and Six, the Defendant is

3 also charged with aiding and abetting the commission of those crimes.  Aiding and abetting

4 liability is its own theory of criminal liability.  In effect, it is a theory of liability that permits a

5 defendant to be convicted of a specified crime if the defendant, while not herself committing the

6 crime, assisted another person or persons in committing the crime.  As to Counts Two, Four, and

7 Six, therefore, the Defendant can be convicted *either* if she committed the crime herself, *or* if

8 another person committed the crime and the Defendant aided and abetted that person to commit

9 that crime.

10           Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands,

11 induces, or procures" the commission of an offense is punishable as a principal.  You should give

12 those words their ordinary meaning.  A person aids or abets a crime if she knowingly does some

13 act for the purpose of aiding or encouraging the commission of that crime, with the intention of

14 causing the crime charged to be committed.  To "counsel" means to give advice or recommend.

15 To "induce" means to lead or move by persuasion or influence as to some action or state of

16 mind.  To "procure" means to bring about by unscrupulous or indirect means.  To "cause" means

17 to bring something about, to effect something.

18           In other words, it is not necessary for the Government to show that Ms. Maxwell herself

19 physically committed the crime charged in order for you to find her guilty.  This is because a

20 person who aids, abets, counsels, commands, induces, or procures the commission of a crime is

21 just as guilty of that offense as if she committed it herself.  Accordingly, you may find Ms.

22 Maxwell guilty of the offenses charged in Counts Two, Four, and Six if you find beyond a

23 reasonable doubt that the Government has proven that another person actually committed the

1   offense with which Ms. Maxwell is charged, and that Ms. Maxwell aided, abetted, counseled,

2   commanded, induced or procured that person to commit the crime.

3         As you can see, the first requirement is that another person has committed the crime

4   charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another

5   if no crime was committed by the other person.  But if you do find that a crime was committed,

6   then you must consider whether Ms. Maxwell aided or abetted the commission of the crime.

7         To aid or abet another to commit a crime, it is necessary that the Government prove that

8   the Defendant willfully and knowingly associated herself in some way with the crime committed

9   by the other person and willfully and knowingly sought by some act to help the crime succeed.

10        However, let me caution you that the mere presence of the defendant where a crime is

11   being committed, even when coupled with knowledge by the defendant that a crime is being

12   committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with

13   guilty knowledge, is not sufficient to make the defendant guilty under this approach of aiding

14   and abetting.  Such a defendant would be guilty under this approach of aiding and abetting only

15   if, in addition to knowing of the criminal activity, she actually took actions intended to help it

16   succeed.

17        An aider and abettor must know that the crime is being committed and act in a way that is

18   intended to bring about the success of a criminal venture.

19        To determine whether Ms. Maxwell aided or abetted the commission of the crime with

20   which she is charged, ask yourself these questions:

21        1.       Did the Defendant participate in the crime charged as something she wished to

22             bring about?

1        2.     Did the Defendant knowingly and willfully associate herself with the criminal

2      venture?

3        3.     Did the Defendant seek by her actions to make the criminal venture succeed?

4      If she did, then Ms. Maxwell is an aider and abettor, and therefore guilty of the offense.

5  If, on the other hand, your answer to any of these questions is "no," then Ms. Maxwell is not an

6  aider and abettor, and you must find her not guilty under that theory.

1    **Instruction No. 31:   Counts One, Three, and Five: Conspiracy to Violate Federal Laws –**
2    **Conspiracy and Substantive Counts**

3         Counts One, Three, and Five of the Indictment each charge Ms. Maxwell with

4    participating in a "conspiracy." The relevant statute for Counts One, Three, and Five is Title 18,

5    United States Code, Section 371, which provides that "if two or more people conspire [] to

6    commit any offense against the United States . . . and one or more of such persons do any act to

7    effect the object of the conspiracy," each person is guilty of a federal crime.

8         As I will explain, a conspiracy is a kind of criminal partnership—an agreement of two or

9    more people to join together to accomplish some unlawful purpose. The crime of conspiracy to

10    violate federal law is an independent offense.  It is separate and distinct from the actual

11    violation of any specific federal laws, which the law refers to as "substantive crimes."  Indeed,

12    you may find Ms. Maxwell guilty of conspiring to violate federal law even if you find that the

13    crime which was the object of the conspiracy was never actually committed.

14         As I will explain, the three different conspiracy counts are separate offenses and each

15    conspiracy alleges a different purpose, which I will describe to you shortly.

1    **Instruction No. 32:   Counts One, Three, and Five: Conspiracy to Violate Federal Law –**
2                                     **The Elements**

3         To prove the Defendant guilty of the crime of conspiracy, the Government must

4 prove each of the following four elements beyond a reasonable doubt:

5         <u>First</u>, that two or more persons entered the unlawful agreement charged in the particular

6 count of the Indictment;

7         <u>Second</u>, that the Defendant knowingly and willfully became a member of that conspiracy;

8         <u>Third</u>, that one of the members of the conspiracy knowingly committed at least one overt

9 act; and

10         <u>Fourth</u>, that the overt act which you find to have been committed was committed to

11 further some objective of that conspiracy.

12         Each of these elements must be satisfied beyond a reasonable doubt.

13         Now let us separately consider each of these elements.

41

**Instruction No. 33:   Counts One, Three, and Five: Conspiracy to Violate Federal Law –**
**First Element**

Starting with the first element, what is a conspiracy? A conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose.

The essence of the crime of conspiracy is the unlawful agreement between two or more people to violate the law. As I mentioned earlier, the ultimate success of the conspiracy, meaning the actual commission of the crime that is the object of the conspiracy, is not an element of the crime of conspiracy.

In order to show that a conspiracy existed, the evidence must show that two or more people, in some way or manner, through any contrivance, explicitly or implicitly (that is, spoken or unspoken), came to a mutual understanding to violate the law and to accomplish an unlawful plan. Express language or specific words are not required to indicate assent or attachment to a conspiracy.  If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

To show that a conspiracy existed, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all of the details. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.  Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans.

1        In determining whether such an agreement existed, you may consider direct as well as

2    circumstantial evidence. The old adage, "Actions speak louder than words," applies here. Often,

3    the only evidence that is available with respect to the existence of a conspiracy is that of

4    disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken

5    altogether and considered as whole, however, these acts and conduct may warrant the inference

6    that a conspiracy existed as conclusively as would direct proof, such as evidence of an express

7    agreement.

8        In short, as far as the first element of the conspiracy is concerned, the Government must

9    prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual

10    understanding, either spoken or unspoken, to violate the law in the manner charged in Counts

11    One, Three, and Five of the Indictment.

1    **Instruction No. 34:   Counts One, Three, and Five: Conspiracy to Violate Federal Law –**
2    **First Element: Object of the Conspiracy**

3    Count One charges Ms. Maxwell with participating in a conspiracy from at least in or

4    about 1994, up to and including in or about 2004, to entice individuals under the age of 17 to

5    travel to engage in sexual activity for which any person can be charged with a criminal offense.

6    The object of the conspiracy charged in Count One of the Indictment is to entice individuals

7    under the age of 17 to travel to engage in sexual activity for which any person can be charged

8    with a criminal offense. I have already reviewed the elements of that offense in connection

9    with Count Two.  If you find beyond a reasonable doubt that the Defendant agreed with at least

10   one other person that those elements be done, then the enticement of individuals under the age

11   of 17 to travel to engage in sexual activity for which any person can be charged with a criminal

12   offense objective would be proved.

13   Count Three charges the Defendant with participating in a conspiracy, from at least in

14   or about 1994, up to and including in or about 2004, to transport individuals under the age of

15   17 with the intent to engage in sexual activity for which any person can be charged with a

16   criminal offense.  The object of the conspiracy charged in Count Three of the Indictment is to

17   transport individuals under the age of 17 with the intent to engage in sexual activity for which

18   any person can be charged with a criminal offense. I have already reviewed the elements of

19   that offense in connection with Count Four.  If you find beyond a reasonable doubt that the

20   Defendant agreed with at least one other person that those elements be done, then the

21   transportation of individuals under the age of 17 with the intent to engage in sexual activity for

22   which any person can be charged with a criminal offense objective would be proved.

23   Finally, Count Five charges Ms. Maxwell with participating in a conspiracy, from at

24   least in or about 2001, up to and including in or about 2004, to commit sex trafficking of

1   individuals under the age of 18. The object of the conspiracy charged in Count Five of the

2   Indictment is to commit sex trafficking of individuals under the age of 18. I have already

3   reviewed the elements of that offense in connection with Count Six.  If you find beyond a

4   reasonable doubt that Ms. Maxwell agreed with at least one other person that those elements be

5   done, then the sex trafficking of individuals under the age of 18 objective would be proved.

1    **Instruction No. 35:   Counts One, Three, and Five: Conspiracy to Violate Federal Law –**
2                        **Second Element: Membership in the Conspiracy**

3         With respect to each of Counts One, Three, and Five, if you conclude that the

4 Government has proven beyond a reasonable doubt that the relevant conspiracy existed, and that

5 the conspiracy had the object I just mentioned, then you must next consider the second element:

6 namely, whether Ms. Maxwell knowingly and willfully participated in the conspiracy knowing

7 its unlawful purpose and intending to further its unlawful objectives.

8         In order to satisfy the second element of Counts One, Three, or Five, the Government

9 must prove beyond a reasonable doubt that Ms. Maxwell knowingly and willfully entered into

10 the conspiracy charged in the particular count with a criminal intent—that is, with a purpose to

11 violate the law—and that she agreed to take part in the conspiracy to further promote and

12 cooperate in its unlawful objective.

13                             **"Willfully" and "Knowingly"**

14         An act is done "knowingly" and "willfully" if it is done deliberately and purposely—that

15 is, Ms. Maxwell's actions must have been her conscious objective rather than a product of a

16 mistake or accident, mere negligence, or some other innocent reason.

17         To satisfy its burden of proof that Ms. Maxwell willfully and knowingly became a

18 member of a conspiracy to accomplish an unlawful purpose, the Government must prove beyond

19 a reasonable doubt that Ms. Maxwell knew that she was a member of an operation or conspiracy

20 to accomplish that unlawful purpose, and that her action of joining such an operation or

21 conspiracy was not due to carelessness, negligence, or mistake.

22         Now, as I have said, knowledge is a matter of inference from the proven facts.  Science

23 has not yet devised a manner of looking into a person's mind and knowing what that person is

24 thinking.  However, you do have before you the evidence of certain acts and conversations

1    alleged to have taken place involving Ms. Maxwell or in her presence.  You may consider this

2    evidence in determining whether the Government has proven beyond a reasonable doubt Ms.

3    Maxwell's knowledge of the unlawful purposes of the conspiracy.

4          It is for you to determine whether the Government has established beyond a reasonable

5    doubt that such knowledge and intent on the part of Ms. Maxwell existed. It is important for you

6    to know that Ms. Maxwell's participation in the conspiracy must be established by independent

7    evidence of her own acts or statements, as well as those of the other alleged co-conspirators, and

8    the reasonable inferences that may be drawn from that evidence.

9          It is not necessary for the Government to show that Ms. Maxwell was fully informed as

10   to all the details of the conspiracy in order for you to infer knowledge on her part.  To have

11   guilty knowledge, Ms. Maxwell need not have known the full extent of the conspiracy or all of

12   the activities of all of its participants.  It is not even necessary for a defendant to know every

13   other member of the conspiracy.

14         In addition, the duration and extent of Ms. Maxwell's participation has no bearing on the

15   issue of her guilt.  She need not have joined the conspiracy at the outset.  Ms. Maxwell may have

16   joined it for any purpose at any time in its progress, and she will be held responsible for all that

17   was done before she joined and all that was done during the conspiracy's existence while she

18   was a member.  Each member of a conspiracy may perform separate and distinct acts and may

19   perform them at different times.  Indeed, a single act may be enough to bring one within the

20   membership of the conspiracy, provided that Ms. Maxwell was aware of the conspiracy and

21   knowingly associated herself with its criminal aims.  It does not matter whether Ms. Maxwell's

22   role in the conspiracy may have been more limited than or different in nature or in length of time

23   from the roles of her co-conspirators, provided she was herself a participant.

47

1    I want to caution you, however, that Ms. Maxwell's mere presence at the scene of the

2    alleged crime does not, by itself, make her a member of the conspiracy. Similarly, a person may

3    know, assemble with, or be friendly with, one or more members of a conspiracy, without being a

4    conspirator herself. I also want to caution you that mere knowledge or acquiescence, without

5    participation, in the unlawful plan is not sufficient. In other words, knowledge without agreement

6    and participation is not sufficient.  What is necessary is that Ms. Maxwell participate in the

7    conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the

8    accomplishment of its unlawful objectives.

9    It is also not necessary that Ms. Maxwell receive or even anticipate any financial benefit

10   from participating in the conspiracy as long as she participated in it in the way I have explained.

11   That said, while proof of a financial interest in the outcome of a scheme is not essential, if you

12   find that Ms. Maxwell had such an interest, that is a factor which you may properly consider in

13   determining whether or not she was a member of a conspiracy charged in the Indictment.

14   Once a conspiracy is formed, it is presumed to continue until either its objective is

15   accomplished or there is some affirmative act of termination by the members. So too, once a

16   person is found to be a member of a conspiracy, she is presumed to continue as a member in the

17   conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that

18   the person withdrew and disassociated herself from it.

19   In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, may

20   have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an

21   illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the

22   unlawful agreement—that is to say, she becomes a conspirator.

1    **Instruction No. 36:   Counts One, Three, and Five: Conspiracy to Violate Federal Law –**
2                                                **Third Element**

3         The third element that the Government must prove beyond a reasonable doubt to

4    establish the offense of conspiracy is that at least one overt act was knowingly committed by at

5    least one of the conspirators.

6         The overt act element requires the Government to show something more than mere

7    agreement; some overt step or action must have been taken by at least one of the conspirators in

8    furtherance of that conspiracy.  In other words, the Government must show that the agreement

9    went beyond the mere talking stage.  It must show that at least one of the conspirators actually

10   did something in furtherance of the conspiracy.

11        With respect to the overt acts for Count One, the Indictment alleges as follows:

12   (1) Between in or about 1994 and in or about 1997, when Jane was under the age of 17, Maxwell

13   participated in multiple group sexual encounters with Epstein and Jane in New York and Florida;

14   (2) In or about 1996, when Jane was under the age of 17, Jane was enticed to travel from Florida

15   to New York for purposes of sexually abusing her at the New York Residence, in violation of

16   New York Penal Law, Section 130.55; (3) In or about 1996, Maxwell provided Annie with an

17   unsolicited massage in New Mexico, during which Annie was topless; (4) Between in or about

18   2001 and in or about 2002, when Carolyn was under the age of 17, Maxwell and Epstein invited

19   Carolyn to travel from Florida to a place outside of Florida with Epstein.

20        With respect to the overt acts for Count Three, the Indictment alleges as follows: (1)

21   Between in or about 1994 and in or about 1997, when Jane was under the age of 17, Maxwell

22   participated in multiple group sexual encounters with Epstein and Jane in New York and Florida;

23   (2) In or about 1996, when Jane was under the age of 17, Jane was enticed to travel from Florida

24   to New York for purposes of sexually abusing her at the New York Residence, in violation of

1  New York Penal Law, Section 130.55; (3) In or about 1996, Maxwell provided Annie with an

2  unsolicited massage in New Mexico, during which Annie was topless; (4) Between in or about

3  2001 and in or about 2002, when Carolyn was under the age of 17, Maxwell and Epstein invited

4  Carolyn to travel from Florida to a place outside of Florida with Epstein.

5          With respect to the overt acts for Count Five, the Indictment alleges as follows: (1)

6  Between in or about 2001 and in or about 2004, Epstein and Maxwell recruited Carolyn to

7  engage in sex acts with Epstein at the Palm Beach Residence, after which Epstein and, at times,

8  Maxwell provided Carolyn with hundreds of dollars in cash for each encounter. Carolyn

9  truthfully told both Epstein and Maxwell her age; (2) Between in or about 2001 and in or about

10  2004, Epstein and Maxwell both encouraged and enticed Carolyn to recruit other girls to engage

11  in paid sex acts with Epstein, which she did; (3) Between in or about 2001 and in or about 2004,

12  Epstein's employees sent Carolyn gifts, including lingerie, from an address in the Southern

13  District of New York to Carolyn's residence in Florida. For example, on one occasion in or about

14  October of 2002, Epstein caused a package to be sent by Federal Express from an address in

15  Manhattan to Carolyn in Florida; (4) On multiple occasions between in or about 2001 and in or

16  about 2004, Epstein, Maxwell, or one of Epstein's other employees called Carolyn to schedule an

17  appointment for Carolyn to massage Epstein. For example, in or about April of 2004 and May of

18  2004 another employee of Epstein's called Carolyn to schedule such appointments.

19          In order for the Government to satisfy this element, it is not necessary for the

20  Government to prove that Ms. Maxwell committed the overt act.  It is sufficient for the

21  Government to show that any of the members of the conspiracy knowingly committed some

22  overt act in furtherance of the conspiracy. Further, the overt act need not be one that is alleged in

23  the Indictment.  Rather, it can be any overt act that is substantially similar to those acts alleged in

1   the Indictment, if you are convinced that the act occurred while the conspiracy was still in

2   existence and that it was done in furtherance of the conspiracy as described in the Indictment.  In

3   addition, you need not be unanimous as to which overt act you find to have been committed.  It

4   is sufficient as long as all of you find that at least one overt act was committed by one of the

5   conspirators.

6        As to Counts One and Three, the Government has to prove that at least one of the overt

7   acts in furtherance of that conspiracy involved a witness other than Kate.  Put simply: you may

8   not convict Ms. Maxwell on Counts One or Three solely on the basis of Kate's testimony or an

9   overt act involving Kate.

10        You are further instructed that the overt act need not have been committed at precisely

11   the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable

12   doubt, that it occurred at or about the time and place stated.

13

**Instruction No. 37:   Counts One, Three, and Five: Conspiracy to Violate Federal Law –
Fourth Element**

The fourth, and final, element which the Government must prove beyond a reasonable

doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the Government to satisfy this element, it must prove, beyond a reasonable

doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in

furtherance of some object or purpose of the conspiracy, as charged in the Indictment. In this

regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful

act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in

carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore

instructed that the overt act does not have to be an act which, in and of itself is criminal or

constitutes an objective of the conspiracy.

1   **Instruction No. 38:   Counts One, Three, and Five – Liability for Acts and Declarations of**
2                                   **Co-Conspirators**

3       When people enter into a conspiracy to accomplish an unlawful end, they become agents

4   or partners of one another in carrying out the conspiracy. Accordingly, the reasonably

5   foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in

6   furtherance of the common purpose of the conspiracy are deemed under the law to be the acts of

7   all of the members. All of the members are responsible for such acts, declarations, statements,

8   and omissions.

9       If you find beyond a reasonable doubt that the Defendant knowingly and willfully

10  participated in the conspiracy charged in the Indictment, then any acts done or statements made

11  in furtherance of the conspiracy by persons also found by you to have been members of that

12  conspiracy may be considered against the Defendant. This is so even if such acts were done and

13  statements were made in the Defendant's absence and without her knowledge. However, before

14  you may consider the statements or acts of a co-conspirator in deciding the issue of the

15  Defendant's guilt, you must first determine that the acts and statements were made during the

16  existence and in furtherance of the unlawful scheme. If the acts were done or the statements

17  made by someone whom you do not find to have been a member of the conspiracy at the time of

18  the acts or statements, or if they were not done or said in furtherance of the conspiracy, they may

19  not be considered by you as evidence against the Defendant.

**OTHER INSTRUCTIONS**

**Instruction No. 39:   Conscious Avoidance**

This concludes my instructions on the crimes charged in the Indictment, but before I move onto my remaining instructions, I want to now instruct you on the concept of conscious avoidance.

As I have explained, each of the counts charged in the Indictment requires the Government to prove that the Defendant acted knowingly, as I have already defined that term.

If a person is actually aware of a fact, then she knows that fact. But, in determining whether the Defendant acted knowingly, you may also consider whether the Defendant deliberately closed her eyes to what otherwise would have been obvious.

To be clear, the necessary knowledge on the part of the Defendant with respect to any particular charge cannot be established by showing that the Defendant was careless, negligent, or foolish. However, one may not willfully and intentionally remain ignorant of a fact material and important to her conduct in order to escape the consequences of criminal law. The law calls this "conscious avoidance" or "willful blindness."

An argument by the Government of conscious avoidance is not a substitute for proof; it is simply another factor that you, the jury, may consider in deciding what the Defendant knew. Thus, if you find beyond a reasonable doubt that the Defendant was aware that there was a high probability a crime was being committed, but that the Defendant deliberately and consciously avoided confirming this fact, such as by purposely closing her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the Defendant actually believed that she was not engaged in such unlawful behavior. In other words, a defendant cannot avoid criminal

1    responsibility for her own conduct by "deliberately closing her eyes," or remaining purposefully

2    ignorant of facts which would confirm to her that she was engaged in unlawful conduct.

3          With respect to the conspiracy counts, you must also keep in mind that there is an

4    important difference between knowingly and intentionally participating in a conspiracy, on the

5    one hand—and which I just explained to you—and knowing the specific objective of the

6    conspiracy, on the other. You may consider conscious avoidance in deciding whether the

7    Defendant knew the objective of a conspiracy, that is, whether she reasonably believed that there

8    was a high probability that a goal of the conspiracy was to commit the crime charged as objects

9    of the conspiracy and took deliberate and conscious action to avoid confirming that fact but

10   participated in the conspiracy anyway. But conscious avoidance cannot be used as a substitute

11   for finding that the Defendant knowingly and intentionally joined the conspiracy in the first

12   place. It is logically impossible for a defendant to intend and agree to join a conspiracy if she

13   does not actually know it exists.

14         In sum, if you find that the Defendant believed there was a high probability that a fact

15   was so and that the Defendant took deliberate and conscious action to avoid learning the truth of

16   that fact, you may find that the Defendant acted knowingly with respect to that fact. However, if

17   you find that the Defendant actually believed the fact was not so, then you may not find that she

18   acted knowingly with respect to that fact.

1    **Instruction No. 40:   Venue**

2    With respect to each of the counts in the indictment, you must also consider the issue of

3    venue, namely, whether any act in furtherance of the unlawful activity charged in that count

4    occurred within the Southern District of New York. The Southern District of New York

5    encompasses the following counties: New York County (i.e., Manhattan), Bronx, Westchester,

6    Rockland, Putnam, Dutchess, Orange and Sullivan Counties. Anything that occurs in any of

7    those places occurs in the Southern District of New York.

8    Venue must be examined separately for each count in the Indictment. Venue on one

9    count does not establish venue on another count, though if applicable, you may rely on the same

10   evidence to establish venue on multiple counts.

11   On the issue of venue—and this alone—the Government need not prove venue beyond a

12   reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the

13   evidence" means more likely than not. Thus, the Government, which does bear the burden of

14   proving venue, has satisfied that burden as to venue if you conclude that it is more likely than not

15   that some act in furtherance of each charged offense occurred in the Southern District of New

16   York. If, on the other hand, you find that the Government has failed to prove the venue

17   requirement as to a particular offense, then you must acquit Ms. Maxwell of that offense, even if

18   all the other elements of the offense are proven.

1          **Instruction No. 41:   Time of Offense**

2          The Indictment alleges that certain conduct occurred on or about various dates or during

3   various time periods. It is not necessary, however, for the Government to prove that any conduct

4   alleged occurred exactly on such dates or throughout any such time periods. As long as the

5   conduct occurred around any dates or within any time periods the Indictment alleges it occurred,

6   that is sufficient.

1          **Instruction No. 42:   Direct and Circumstantial Evidence**

2          I turn now to some general instructions. There are two types of evidence that you may

3   use in reaching your verdict.  One type of evidence is direct evidence.  One kind of direct

4   evidence is a witness's testimony about something that the witness knows by virtue of his or her

5   own senses—something that the witness has seen, smelled, touched, or heard.  Direct evidence

6   may also be in the form of an exhibit.

7          The other type of evidence is circumstantial evidence.  Circumstantial evidence is

8   evidence that tends to prove one fact by proof of other facts.  There is a simple example of

9   circumstantial evidence that is often used in this courthouse.

10         Assume that when you came into the courthouse this morning the sun was shining and it

11  was a nice day. Assume that there are blinds on the courtroom windows that are drawn and that

12  you cannot look outside. As you are sitting here, someone walks in with an umbrella that is

13  dripping wet. Someone else then walks in with a raincoat that is also dripping wet.

14         Now, you cannot look outside the courtroom and you cannot see whether or not it is

15  raining. So you have no direct evidence of that fact. But on the combination of the facts that I

16  have asked you to assume, it would be reasonable and logical for you to conclude that between

17  the time you arrived at the courthouse and the time these people walked in, it had started to rain.

18         That is all there is to circumstantial evidence.  You infer based on reason, experience, and

19  common sense from an established fact the existence or the nonexistence of some other fact.

20         Many facts, such as a person's state of mind, can only rarely be proved by direct

21  evidence.  Circumstantial evidence is of no less value than direct evidence.  It is a general rule

22  that the law makes no distinction between direct and circumstantial evidence, but simply requires

23  that, before convicting Ms. Maxwell, you, the jury, must be satisfied of her guilt beyond a

24  reasonable doubt from all the evidence in the case.

1      **Instruction No. 43:   Inferences**

2         During the trial, and as I give you these instructions, you have heard and will hear the

3      term "inference."  For instance, in their closing arguments, the attorneys have asked you to infer,

4      based on your reason, experience, and common sense, from one or more established facts, the

5      existence of some other fact.  I have instructed you on circumstantial evidence and that it

6      involves inferring a fact based on other facts, your reason, and common sense.

7         What is an "inference"?  What does it mean to "infer" something?  An inference is not a

8      suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists

9      based on another fact that you are satisfied exists.

10        There are times when different inferences may be drawn from facts, whether proven by

11     direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while

12     the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you

13     will draw.

14        The process of drawing inferences from facts in evidence is not a matter of guesswork or

15     speculation.  An inference is a deduction or conclusion that you, the jury, are permitted but not

16     required to draw from the facts that have been established by either direct or circumstantial

17     evidence.  In drawing inferences, you should exercise your common sense.

18        Therefore, while you are considering the evidence presented to you, you may draw, from

19     the facts that you find to be proven, such reasonable inferences as would be justified in light of

20     your experience.

21        Some inferences, however, are impermissible.  You may not infer that Ms. Maxwell is

22     guilty of participating in criminal conduct if you find merely that she was present at the time the

23     crime was being committed and had knowledge that it was being committed.

1          Nor may you use evidence that I have instructed you was admitted for a limited purpose

2    for any inference beyond that limited purpose.

3          In addition, you may not infer that Ms. Maxwell is guilty of participating in criminal

4    conduct merely from the fact that she associated with other people who were guilty of

5    wrongdoing or merely because she has or had knowledge of the wrongdoing of others.

6          Here again, let me remind you that, whether based upon direct or circumstantial evidence,

7    or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of

8    the guilt of Ms. Maxwell as to each count charged before you may convict her as to that count.

1      **Instruction No. 44:   Credibility of Witnesses**

2          You have had the opportunity to observe the witnesses.  It is your job to decide how

3      believable each witness was in his or her testimony.  You are the sole judges of the credibility of

4      the witnesses.  How do you evaluate the credibility or believability of the witnesses?  The answer

5      is that you use your common sense, judgment, and experience.  Common sense is your greatest

6      asset as a juror.  You should ask yourselves, did the witness impress you as honest, open, and

7      candid?  Or did the witness appear evasive, as though the witness was trying to hide something?

8      How responsive was the witness to the questions asked on direct examination and on cross-

9      examination?   Consider the witness's demeanor, manner of testifying, and accuracy of the

10     witness's recollection.  In addition, consider how well the witness recounted what was heard or

11     observed, as the witness may be honest but mistaken.

12         If you find that a witness is intentionally telling a falsehood that is always a matter of

13     importance that you should weigh carefully.  If you find that any witness has lied under oath at

14     this trial, you should view the testimony of such a witness cautiously and weigh it with great

15     care.  You may reject the entirety of the witness testimony, part of it or none of it.  It is for you to

16     decide how much of any witness's testimony, if any, you wish to credit.   A witness may be

17     inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and

18     truthful in other respects.  It is for you to determine whether such untruths or inconsistencies are

19     significant or inconsequential, and whether to accept or reject all or to accept some and reject the

20     balance of the testimony of any witness.

21         In evaluating credibility of the witnesses, you should take into account any evidence that

22     the witness who testified may benefit in some way from the outcome of this case.  If you find

23     that any witness whose testimony you are considering may have an interest in the outcome of

24     this trial, then you should bear that factor in mind when evaluating the credibility of his or her

1    testimony and accept it with great care.  This is not to suggest that any witness who has an

2    interest in the outcome of a case would testify falsely.  It is for you to decide to what extent, if at

3    all, the witness's interest has affected or colored his or her testimony.

4        You have heard the testimony of a witness who was previously convicted of a crime,

5    punishable by more than one year in jail. This prior conviction was put into evidence for you to

6    consider in evaluating the witness' credibility. You may consider the fact that the witness who

7    testified is a convicted felon in deciding how much of his or her testimony to accept and what

8    weight, if any, it should be given.

9        You are not required to accept testimony even though the testimony is not contradicted

10   and the witness's testimony is not challenged.  You may decide because of the witness's bearing

11   or demeanor, or because of the inherent improbability of the testimony, or for other reasons

12   sufficient to yourselves that the testimony is not worthy of belief.  On the other hand, you may

13   find, because of a witness's bearing and demeanor and based upon your consideration of all the

14   other evidence in the case, that the witness is truthful.

15       Thus, there is no magic formula by which you can evaluate testimony.  You bring to this

16   courtroom all your experience and common sense.  You determine for yourselves in many

17   circumstances the reliability of statements that are made by others to you and upon which you

18   are asked to rely and act.  You may use the same tests here that you use in your everyday lives.

19   You may consider the interest of any witness in the outcome of this case and any bias or

20   prejudice of any such witness, and this is true regardless of who called or questioned the witness.

21       Finally, as you know, I have permitted certain witnesses to be referred to in open court

22   either by their first name or a pseudonym.  As I explained to you in my preliminary instructions

23   before opening statements, this process is to protect the privacy of witnesses as this case has

1    received significant attention in the media.  I instruct you again that this process should not bear

2    in any way on your evaluation of the evidence or credibility of any witness in this case.

**Instruction No. 45:   Credibility of Witnesses – Impeachment by Prior Inconsistent Statement**

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on Ms. Maxwell's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted him or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

1       **Instruction No. 46:   Law Enforcement and Government Employee Witnesses**

2       You have heard testimony from law enforcement officials and employees of the

3   Government. The fact that a witness may be employed by the Federal Government as a law

4   enforcement official or employee does not mean that his or her testimony is necessarily

5   deserving of more or less consideration or greater or lesser weight than that of an ordinary

6   witness.

7       In this context, defense counsel is allowed to try to attack the credibility of such a

8   witness on the ground that his or her testimony may be colored by a personal or professional

9   interest in the outcome of the case.

10      It is your decision, after reviewing all the evidence, whether to accept the testimony of

11  the law enforcement or Government employee witness and to give to that testimony the

12  weight you find it deserves.

**Instruction No. 47:   Expert Testimony**

You have heard what is called expert testimony. An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

You should not, however, accept a witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

1              **Instruction No. 48:   Limiting Instruction – Similar Act Evidence**

2       The Government has offered evidence which it argues shows that on different occasions,

3 Ms. Maxwell engaged in conduct similar to the charges in the Indictment. It is for you to decide

4 whether Ms. Maxwell engaged in the other conduct.

5       Let me remind you that Ms. Maxwell is on trial only for committing acts alleged in the

6 Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for

7 proof that Ms. Maxwell committed the crimes charged.  Nor may you consider this evidence as

8 proof that Ms. Maxwell has a criminal personality or bad character.  The evidence of the other,

9 similar acts was admitted for a much more limited purpose and you may consider it only for that

10 limited purpose.

11       If you determine that Ms. Maxwell committed the acts charged in the Indictment and the

12 similar acts as well, then you may, but you need not draw an inference that in doing the acts

13 charged in the Indictment, that Ms. Maxwell acted knowingly and intentionally and not because

14 of some mistake, accident, or other innocent reasons.  You may also consider this evidence in

15 determining whether Ms. Maxwell utilized a common scheme or plan in committing both the

16 crimes charged in the Indictment and the similar acts introduced by the Government.

17       Evidence of similar acts may not be considered by you for any other purpose.

18 Specifically, you may not consider it as evidence that Ms. Maxwell is of bad character or has the

19 propensity to commit crimes.

**Instruction No. 49:   Defendant's Right Not to Testify**

The Defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that she is innocent.

You may not attach any significance to the fact that Ms. Maxwell did not testify.

No adverse inference against Ms. Maxwell may be drawn by you because she did not take the witness stand. You may not consider this against Ms. Maxwell in any way in your deliberations in the jury room.

**Instruction No. 50:   Uncalled Witnesses – Equally Available to Both Sides**

There are people whose names you heard during the course of the trial but did not appear to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

1        **Instruction No. 51:   Particular Investigative Techniques Not Required**

2              You have heard reference, in the arguments of defense counsel in this case, to the fact

3    that certain investigative techniques were used or not used by the Government. There is no legal

4    requirement, however, that the Government prove its case through any particular means.

5              Your concern is to determine whether or not, on the evidence or lack of evidence, the

6    defendant's guilt has been proved beyond a reasonable doubt.

**Instruction No. 52:   Use of Evidence from Searches**

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers. Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Such searches were appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful. You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the Defendant's guilt beyond a reasonable doubt. As with all evidence, it is for you to determine what weight, if any, to give such evidence.

**Instruction No. 53:   Use of Electronic Communications**

Some of the evidence in this case has consisted of electronic communications seized from computers or electronic accounts. There is nothing illegal about the Government's use of such electronic communications in this case and you may consider them along with all the other evidence in the case. Whether you approve or disapprove of the seizure of these communications may not enter your deliberations.

You may, therefore, regardless of any personal opinions, consider this evidence along with all the other evidence in the case in determining whether the Government has proven the Defendant's guilt beyond a reasonable doubt. However, as with the other evidence, it is for you to determine what weight, if any, to give such evidence.

1        **Instruction No. 54:   Persons Not on Trial**

2            You may not draw any inference, favorable or unfavorable, towards the Government or

3    the defendant on trial from the fact that any person in addition to the defendant is not on trial

4    here. You also may not speculate as to the reasons why other persons are not on trial. Those

5    matters are wholly outside your concern and have no bearing on your function as jurors in

6    deciding the case before you.

1       **Instruction No. 55:   Preparation of Witnesses**

2       You have heard evidence during the trial that witnesses have discussed the facts of the

3    case and their testimony with the Government lawyers, the defense lawyers, or their own lawyers

4    before the witnesses appeared in court.

5       Although you may consider that fact when you are evaluating a witness's credibility, I

6    should tell you that there is nothing either unusual or improper about a witness meeting with

7    lawyers before testifying so that the witness can be aware of the subjects he or she will be

8    questioned about, focus on those subjects, and have the opportunity to review relevant exhibits

9    before being questioned about them. Such consultation helps conserve your time and the Court's

10    time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

11       Again, the weight you give to the fact or the nature of the witness's preparation for his or

12    her testimony and what inferences you draw from such preparation are matters completely within

13    your discretion.

1                          **Instruction No. 56:   Redaction Of Evidentiary Items**

2         We have, among the exhibits received in evidence, some documents that are redacted.

3 "Redacted" means that part of the document has been taken out.  Material may be redacted for any

4 number of reasons, including that it is not relevant to the issues you must decide in this case, among

5 other reasons.  You are to concern yourself only with the part of the item that has been admitted

6 into evidence, and you should not consider any possible reason for the redactions.

1                              **Instruction No. 57:   Stipulations**

2          In this case you have heard evidence in the form of stipulations.

3          A stipulation of testimony is an agreement among the parties that, if called, a witness

4    would have given certain testimony. You must accept as true the fact that the witness would

5    have given the testimony. However, it is for you to determine the effect or weight to give

6    that testimony.

7          You also heard evidence in the form of stipulations that contain facts that were agreed to

8    be true. In such cases, you must accept those facts as true.

1           **Instruction No. 58:   Punishment Not to be Considered by the Jury**

2         Under your oath as jurors, you cannot allow a consideration of possible punishment that

3 may be imposed upon a defendant, if convicted, to influence you in any way or in any sense to

4 enter into your deliberations. The duty of imposing sentence is mine and mine alone.

5         Your function is to weigh the evidence in the case and to determine whether or not the

6 Government has proved that Ms. Maxwell is guilty beyond a reasonable doubt, solely upon the

7 basis of such evidence.

8         Therefore, I instruct you not to consider punishment or possible punishment in any way

9 in your deliberations in this case.

**Instruction No. 59:   Right to Hear Testimony; Election of Foreperson; Communications with the Court; Juror Note-Taking**

You are about to go into the jury room and begin your deliberations. The documentary evidence will be sent back with you. If you want any of the testimony read to you, that can be arranged. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony that you might want.

Your first task as a jury will be to choose your foreperson. The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with the Court through written note when questions arise and to indicate when you have reached your verdict.

Your requests for testimony—in fact, any communications with the Court— should be made to me in writing, signed by your foreperson, and given to one of the Marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any communication, please do not tell me or anyone else how the jury stands on the issue of the jury's verdict until after a unanimous verdict is reached.

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations. Any notes you have taken are to assist you and you alone. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case. If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

1    **CONCLUDING REMARKS**

2    Members of the jury, that about concludes my instructions to you.  The most important

3    part of this case, members of the jury, is the part that you as jurors are now about to play as you

4    deliberate on the issues of fact. It is for you, and you alone, to weigh the evidence in this case

5    and determine whether the Government has proved beyond a reasonable doubt each of the

6    essential elements of the crime with which Ms. Maxwell is charged. If the Government has

7    succeeded, your verdict should be guilty as to that charge; if it has failed, your verdict should be

8    not guilty as to that charge.

9    You must base your verdict solely on the evidence or lack of evidence and these

10   instructions as to the law, and you are obliged under your oath as jurors to follow the law as I

11   have instructed you, whether you agree or disagree with the particular law in question.

12   Under your oath as jurors, you are not to be swayed by sympathy. You should be guided

13   solely by the evidence presented during the trial and the law as I gave it to you, without regard

14   to the consequences of your decision. You have been chosen to try the issues of fact and reach a

15   verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your

16   clear thinking, there is a risk that you will not arrive at a just verdict.

17   As you deliberate, please listen to the opinions of your fellow jurors, and ask for an

18   opportunity to express your own views. Every juror should be heard. No one juror should hold

19   center stage in the jury room and no one juror should control or monopolize the deliberations.

20   If, after listening to your fellow jurors and if, after stating your own view, you become

21   convinced that your view is wrong, do not hesitate because of stubbornness or pride to change

22   your view. On the other hand, do not surrender your honest convictions and beliefs solely

23   because of the opinions of your fellow jurors or because you are outnumbered. Your final vote

24   must reflect your conscientious belief as to how the issues should be decided.

1        Thus, the verdict must represent the considered judgment of each juror. In order to

2   return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

3        If at any time you are divided, do not report how the vote stands, and if you have

4   reached a verdict, do not report what it is until you are asked in open court.

5        A verdict form has been prepared for your convenience.  After you have reached your

6   decision, your foreperson will fill in the form. At that point the foreperson should advise the

7   marshal outside your door that you are ready to return to the courtroom.

8        Finally, I say this not because I think it is necessary, but because it is the custom in this

9   courthouse to say this: You should treat each other with courtesy and respect during your

10   deliberations.

11        In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your

12   fellow jurors, and if you apply your own common sense, you will deliberate fairly.

13        Members of the jury, I ask your patience for a few minutes longer.  It is necessary for me

14   to spend a few moments with counsel and the reporter at the side bar.  I will ask you to remain

15   patiently in the jury box, without speaking to each other, and we will return in just a moment to

16   submit the case to you.  Thank you.

DRAFT v2 – 12/18/21 2:30 PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     -v.-

GHISLAINE MAXWELL,

      Defendant.

S2 20 Cr. 330 (AJN)

HONORABLE ALISON J. NATHAN:

## **VERDICT SHEET**

Please indicate your verdict with a check mark (✓~~T~~).

**COUNT ONE:**       **Conspiracy to Entice ~~an~~ Individual_s Under the Age of 17_ to Travel in Interstate Commerce with Intent to Engage in Illegal Sexual Activity**

      Guilty _____       Not Guilty _____

**COUNT TWO:**       **Enticement of an Individual_ Under the Age of 17_ (Jane_ only_) to Travel with Intent to Engage in Illegal Sexual Activity**

      Guilty _____       Not Guilty _____

**COUNT THREE:**     **Conspiracy to Transport _Individuals Under the Age of 17_ ~~a Minor~~ to Travel in Interstate Commerce with Intent to Engage in Illegal Sexual Activity**

      Guilty _____       Not Guilty _____

**COUNT FOUR:**          **Transportation of an Individual Under the Age of 17 (Jane only) with Intent to Engage in Illegal Sexual Activity**

Guilty \_\_\_\_\_          Not Guilty \_\_\_\_\_

**COUNT FIVE:**          ~~Sex Trafficking~~ **Conspiracy to Commit Sex Trafficking of Individuals Under the Age of 18**

Guilty \_\_\_\_\_          Not Guilty \_\_\_\_\_

**COUNT SIX:**          **Sex Trafficking of an Individual Under the Age of 18 ~~Minor~~ (Carolyn only)**

Guilty \_\_\_\_\_          Not Guilty \_\_\_\_\_

_____          _____
Juror Number of Foreperson                    Date and Time

2

DRAFT v2 – 12/18/21 2:30 PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -v.-                                  S2 20 Cr. 330 (AJN)

GHISLAINE MAXWELL,

            Defendant.

HONORABLE ALISON J. NATHAN:

<u>**VERDICT SHEET**</u>

Please indicate your verdict with a check mark (✔).

<u>**COUNT ONE:**</u>       **Conspiracy to Entice Individuals Under the Age of 17 to Travel in Interstate Commerce with Intent to Engage in Illegal Sexual Activity**

                 Guilty \_\_\_\_\_         Not Guilty \_\_\_\_\_

<u>**COUNT TWO:**</u>       **Enticement of an Individual Under the Age of 17 (Jane only) to Travel with Intent to Engage in Illegal Sexual Activity**

                 Guilty \_\_\_\_\_         Not Guilty \_\_\_\_\_

<u>**COUNT THREE:**</u>     **Conspiracy to Transport Individuals Under the Age of 17 to Travel in Interstate Commerce with Intent to Engage in Illegal Sexual Activity**

                 Guilty \_\_\_\_\_         Not Guilty \_\_\_\_\_

**COUNT FOUR:**    **Transportation of an Individual Under the Age of 17 (Jane only) with Intent to Engage in Illegal Sexual Activity**

Guilty _____       Not Guilty _____

**COUNT FIVE:**    **Conspiracy to Commit Sex Trafficking of Individuals Under the Age of 18**

Guilty _____       Not Guilty _____

**COUNT SIX:**    **Sex Trafficking of an Individual Under the Age of 18 (Carolyn only)**

Guilty _____       Not Guilty _____

_____      _____
Juror Number of Foreperson        Date and Time