

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 10, 2022

**By ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

The parties respectfully submit this joint letter proposing a schedule for sentencing and resolution of the severed perjury counts, as directed by the Court. (Dkt. No. 567). This schedule is in addition to the Court's schedule for post-trial motions, established by separate order. (Dkt. No. 571).

**Government Position**

The Government believes that the Court should order preparation of the Presentence Investigation Report ("PSR") and schedule a sentencing proceeding approximately three to four months from today's date. That schedule permits sufficient time for the preparation of the PSR and resolution of post-trial motions.

In the event the defendant's post-trial motions are denied, the Government is prepared to

dismiss the severed perjury counts at the time of sentencing, in light of the victims' significant interests in bringing closure to this matter and avoiding the trauma of testifying again.

If any of the defendant's post-trial motions are granted, the Government proposes that the parties be directed to promptly confer and propose a schedule for further proceedings. That schedule may depend on the manner in which the Court resolves such motions.

**Defense Position**

The defense requests that the Court delay setting a schedule for sentencing because there is a compelling basis for the Court to overturn Ms. Maxwell's conviction and grant her a new trial based on the disclosures of Juror #50 during deliberations. The parties are currently briefing that issue. The defense therefore objects to setting a schedule for sentencing until this motion is resolved. For the same reason, the defense intends to set forth in its moving papers the reasons why Ms. Maxwell should not be forced to expend resources to brief other post-trial motions until after the Court decides this motion.

Furthermore, requiring Ms. Maxwell to participate in the preparation of the Presentence Investigation Report, while she is awaiting a decision on her motion for a new trial, will adversely impact her Fifth Amendment rights. Ms. Maxwell will be forced into the position of not cooperating with the Probation Department's investigation because any statement she makes to Probation, and any documents she provides, may be used against her at her retrial.

For the same reasons, the defense agrees with the government that the scheduling of any proceedings related to the perjury counts should be deferred until the post-trial motions are resolved.

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney

By:    s/
       Maurene Comey
       Alison Moe
       Lara Pomerantz
       Andrew Rohrbach
       Assistant United States Attorneys
       Southern District of New York

Cc: Defense Counsel (by ECF)