UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ghislaine Maxwell,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/14/22

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      The Court required the parties to indicate whether Juror 50's motion to intervene and to be provided a copy of the juror's completed questionnaire and voir dire should be redacted. Dkt. No. 575. In response, the parties have submitted letters to the Court indicating their differing views on whether Juror 50's motion should be docketed at all. Upon further reflection, the Court concludes that it must first address the threshold question of whether an inquiry is permitted and/or required before considering Juror 50's requests. Accordingly, the Court will not consider or act on Juror 50's request to intervene and to be provided a copy of the juror's completed questionnaire and voir dire *until* the Court receives the parties' briefing on the appropriateness of an inquiry and the nature of any such inquiry. The Court will maintain Juror 50's motion temporarily under seal until the Court considers the parties' arguments and determines the appropriate next steps.

      Consistent with this and to lessen the burden on the parties and the Court, the Court adjusts the briefing schedule as follows. Rather than separately addressing Juror 50's motion on January 20, 2022, *see* Dkt. No. 575, the parties may address the issues raised by Juror 50's motion in their briefing on Defendant's anticipated motion for a new trial, on the schedule previously set by the Court. *See* Dkt. No. 571.

1

Finally, in an abundance of caution, the Court assumes that while these issues are being briefed and resolved the parties are in full compliance with the law of the Second Circuit requiring notice and the Court's permission before any contact with jurors.  *See United States v. Schwarz*, 283 F.3d 76, 98 (2d Cir. 2002) (requiring notice to the court and opposing counsel and that "post-trial questioning of jurors must only be conducted under the strict supervision and control of the court" (quoting *United States v. Brasco*, 516 F.2d 816, 819 n.4 (2d Cir. 1975))). Any failure to abide by that precedent must be reported to the Court immediately.

SO ORDERED.

Dated: January 14, 2022
　　　　New York, New York

_____
ALISON J. NATHAN
United States District Judge