# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Christine N. Walz
+1 212-513-3368
Christine.Walz@hklaw.com

Sanford L. Bohrer
+1 305-789-7678
Sandy.Bohrer@hklaw.com

January 21, 2022

**Via ECF**

Honorable Alison J. Nathan
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

  Re: ***MIAMI HERALD* LETTER REGARDING THE FILING OF MS. MAXWELL'S MOTION FOR A NEW TRIAL UNDER SEAL (DKT. 580)**
    *United States v. Maxwell*, **Case No. 1:20-cr-00330-AJN**

Dear Judge Nathan:

  The Miami Herald Media Company (the "Miami Herald"), and Julie Brown, investigative journalist for the Miami Herald ("Julie Brown," and together with Miami Herald, the "Proposed Intervenors"), respectfully request that they be permitted to intervene in the above-captioned matter for the purpose of objecting to Defendant Ghislaine Maxwell filing the entirety of her motion for a new trial and exhibits under seal. (DE 580.)

ARGUMENT

**I. Proposed Intervenors Should Be Permitted to Intervene.**

  News organizations are routinely permitted to intervene in criminal proceedings to seek public access to proceedings and documents. *See United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (finding motions to intervene to assert the public's right of access to criminal proceedings

January 21, 2022
Page 2

are proper, and "such motions are common in this Circuit"); *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 580 (S.D.N.Y. 2009) ("A motion to intervene to assert the public's First Amendment right of access to criminal proceedings is proper.").

The Miami Herald, as a news organization, "has a direct interest in collecting information about a matter of public interest in order to serve its function as a purveyor of news." *See Schiller v. City of New York*, No. 04 CIV. 7921(KMK)(JC, 2006 WL 2788256, at *3 (S.D.N.Y. Sept. 27, 2006). Additionally, the interests of the Miami Herald are not likely to overlap with the Defendant or the Government, particularly where, as here, neither party is likely to support unsealing. *Id.* Finally, intervention "for the limited purpose of challenging strictures on the dissemination of information should not impede the progress of the [proceedings]." *Id.*

Ms. Brown and the Miami Herald therefore respectfully request that they be permitted to intervene for the limited purpose of opposing sealing of Ms. Maxwell's motion for a new trial, the exhibits thereto, and any additional submissions on this issue.

**II.     Ms. Maxwell's Motion for a New Trial and Exhibits Should Be Unsealed.**

Ms. Maxwell's motion for a new trial is a judicial record entitled to a presumption of public access. Documents filed with the Court that are "relevant to the performance of the judicial function and useful in the judicial process" are judicial documents. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) [hereinafter "*Amodeo I*"]; *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). Judicial documents are subject to a presumption of public access. *Amodeo I*, 44 F.3d at 146. Specifically, "[d]ocuments filed in criminal cases used to determine a litigant's substantive legal rights are judicial documents[,]" including motions for a new trial. *United States v. Donato*,

January 21, 2022
Page 3

714 F. App'x 75, 76 (2d Cir. 2018) (finding exhibits attached to a motion for a new trial "determined the codefendant's substantive legal rights" and were therefore judicial documents).

Ms. Maxwell's motion for a new trial, and the exhibits attached to it, are judicial records, subject to a presumption of openness. *Id.*; *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 113-14 (2d Cir. 2006) (applying the same presumption to a motion's attachments as the motion itself, finding that "[o]nce those submissions come to the attention of the district judge, they can fairly be assumed to play a role in the court's deliberations").

"A qualified First Amendment right of access applies to criminal proceedings." *Donato*, 714 F. App'x at 76. "Once a First Amendment right to access to judicial documents is found, the documents may be sealed [only] if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

Ms. Maxwell shields even her reasoning for requesting that the motion be sealed, stating only that she requests that all submissions pertaining to Juror No. 50 remain sealed "[f]or the reasons set forth in the Motion" (which, of course, is sealed). *See* Dkt. 580. However, it is evident that much of the information about Juror No. 50 is already public, having been widely reported in not only national but global media. The juror's first and middle names have been reported in countless media outlets.[1] He has given multiple interviews, including on-camera without any

---

[1] *See, e.g.*, "Ghislaine Maxwell formally makes bid for new trial in sex trafficking case," *Miami Herald*, (Jan. 20, 2022, https://www.miamiherald.com/news/local/crime/article257560713.html; "Some Ghislaine Maxwell jurors initially doubted accusers, juror says," *Reuters* (Jan. 5, 2022), https://www.reuters.com/world/us/some-ghislaine-maxwell-jurors-initially-doubted-accusers-juror-says-2022-01-05/; "Maxwell Seeks New Trial After Juror Reveals Abuse History," *Bloomberg* (Jan. 20, 2022), https://www.bloomberg.com/news/articles/2022-01-20/ghislaine-maxwell-seeks-new-trial-in-sex-trafficking-case.

January 21, 2022
Page 4

visual distortion to hide his identity,[2] and he has openly discussed not only his experience on the Maxwell jury, but also his past sexual abuse that gave rise to the filing of Ms. Maxwell's motion for a new trial.[3] In fact, it was Juror No. 50's public statements to the press that *led* to Ms. Maxwell moving for a new trial. The controversy began in the public arena, and any attempts by Ms. Maxwell to now shut the media and the public out of it are baseless.

Where information that a party seeks to seal has already been made public, the party cannot meet its burden of overcoming the presumption of public access. *See Alcon Vision, LLC v. Lens.com*, No. 18-CV-0407 (NG), 2020 WL 3791865, at *7–8 (E.D.N.Y. July 7, 2020) ("[Party contesting unsealing] cannot defeat the already heavy presumption in favor of public access with respect to materials that are 'already in the public domain.'"). Continued sealing of documents that are already in the public domain would be "futile." *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012) ("[T]he cat is out of the bag, the genie is out of the bottle."). The Court "simply do[es] not have the power, even were we of the mind to use it if we had, to make what has thus become public private again." *Gambale*, 377 F.3d at 144.

Ms. Maxwell has no basis for arguing that the *entirety* of the submissions regarding Juror No. 50 should be sealed, when the same information has already been widely disseminated among the public. *See In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d at 300 ("Any balancing of the interests here, however, would be academic as the information the Government and Doe seek to maintain sealed has already been publicly revealed . . . .").

---

[2] *See* "EXCLUSIVE: Never-before-seen video captures the moment Ghislaine Maxwell juror Scotty David claimed he 'wasn't asked' about his sexual abuse history in jury questionnaire …," *Daily Mail*, (Jan. 7, 2022), https://www.dailymail.co.uk/news/article-10380247/Never-seen-video-shows-moment-Ghislaine-Maxwell-juror-sent-conviction-chaos.html.

[3] *See* the articles cited in note 1, *supra*.

January 21, 2022
Page 5

Proposed Intervenors therefore respectfully request that the Court unseal Ms. Maxwell's motion for a new trial, and its related exhibits, in their entirety, as well as future submissions related to this motion. Proposed Intervenors do not expect that Ms. Maxwell can prove that "closure is essential to preserve higher values" that outweigh the public's right of access to any portion of the filings. *See Donato*, 714 F. App'x at 76. However, if she can prove such higher values exist, Proposed Intervenors request that such information be subject to limited redactions and that the remainder of the filings be unsealed. *See id.* (noting that, even where sealing is appropriate, it must be "narrowly tailored" by applying redactions rather than withholding the document in its entirety).

Sincerely yours,

HOLLAND & KNIGHT LLP

/s/ Christine N. Walz
Christine N. Walz
Sanford L. Bohrer
Cynthia A. Gierhart

*Counsel for The Miami Herald and Julie Brown*