

David McCraw
Senior Vice President &
Deputy General Counsel

T 212 556 4031

mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

January 24, 2022

**VIA EMAIL AND FEDEX**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *United States v. Maxwell*, No. 20-cr-00330 (AJN) – Unsealing of Defendant's Motion for a New Trial and Questionnaires of Seated Jurors

Dear Judge Nathan:

I write on behalf of The New York Times Company ("The Times") to request that the Court unseal (a) Defendant's Motion for a New Trial and accompanying brief and exhibits (Dkt. 580) and (b) the filled-out questionnaires for the twelve seated jurors. These records are subject to both First Amendment and common law rights of access, which set stringent standards for sealing.[1] We ask that the Court unseal them, with only those redactions necessary to protect the identities of jurors, to the extent they have not already been disclosed. We also ask that this Court make clear that any subsequent briefs and exhibits filed in conjunction with this motion should not be filed under seal and with only those redactions necessary to protect jurors' identities.

As the Court knows, both sets of sealed records bear on allegations of juror misconduct. On January 5, 2022, the parties wrote to this Court regarding public statements made by one juror, identified as "Juror 50," about how his jury room disclosure that he was a victim of sexual assault

---

[1] The right of access is an affirmative enforceable public right, and it is well-established that the press has standing to enforce this right. *See, e.g., Globe Newspaper Co. v. Superior Ct. for Norfolk City*, 457 U.S. 596, 609 n.25 (1982); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004).

influenced deliberations. *See* Dkts. 568–70. When asked about his juror questionnaire, which included a question about whether he had been a victim of sexual abuse, the juror asserted that he "flew through" the questionnaire and did "not recall being asked" this question. Dkt. 568. Defendant filed a motion for a new trial and asked the Court to keep the motion completely under seal until it ruled on the motion. Dkt. 580.

Defendant's request for secrecy is contrary to both the common law and the First Amendment.

**The Common Law Right of Access**

The common law presumption of access attaches to any "judicial document," defined as items "relevant to the performance of judicial function and useful in the judicial process." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995). The presumption is strongest when, as here, documents contribute materially to the Article III powers of the court—that is, to the rendering of verdicts and orders affecting "substantive legal rights." *Lugosch v. Pyramid Co. v. Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Once the right attaches, it is overcome only by a showing that there are "countervailing factors" that outweigh the public's right to monitor judicial proceedings.

*Defendant's Motion for New Trial.* There is no question that Defendant's motion, which will directly inform the Court's assessment of whether a new trial is necessary, is a "judicial document." *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 140, 142 (2d Cir. 2016). Because the motion will be used to determine the parties' "substantive legal rights," the presumptive right of access it at its highest. *Id.*

We do not see anything on the public record indicating that Defendant has met—or tried to meet—the high showing required to justify a blanket sealing of its motion. It is simply not plausible that every word of a legal filing such as this one requires total secrecy. To the extent that the motion contains any sensitive information, there is a reasonable alternative to wholesale sealing: limited redactions of personally identifiable or sensitive information, if justified under the *Lugosch* standard. *See Amodeo I*, 44 F.3d at 147.

2

The right to public access promises "immediate" and "contemporaneous" access. *Lugosch*, 435 F.3d at 126. The Second Circuit has firmly held that access does not—and should not—hinge on whether a judge has ruled on the underlying motion. *Id.* at 126–27. Instead, delay is "effectively a denial" and undermines the benefits of public scrutiny. *Id.* at 126. In *Lugosch*, the Second Circuit rejected a request to delay access to pending summary judgment papers. So, too, here Defendant's request for a delay should be denied.

*Juror Questionnaires*. The juror questionnaires are judicial documents because they are relevant and useful to the performance of a judicial function: selecting a jury, a necessary component of a criminal trial. Here, the presumptive right to access to these questionnaires is at its apex. In effect, the sealing of the questionnaires is the equivalent of barring the public from the oral voir dire. Defendant's motion requests a new trial because of alleged juror misconduct—and specifically, that "a juror failed to answer honestly a material question on *voir dire*." Dkt. 570. Juror 50's questionnaires will thus, as Defendant recognizes, *id.*, necessarily and directly affect the Court's decision on whether the existing finding of guilt should be vacated and whether a new trial is appropriate—fundamental Article III determinations. *See Amodeo I*, 44 F.3d at 145. The questionnaires for the remaining seated jurors are integral to determining whether this is a lone or recurring incident.

Any original need for sealing the questionnaires for the seated jurors—for instance, that they might be subject to attempts to influence their deliberations—has now passed. The trial is over, and the jurors have been dismissed.

**The First Amendment Right of Access**

An independent First Amendment right of access attaches where public access to a document has historically been available (the "experience" prong) and would be valuable to the process in question (the "logic" prong). *See Press-Enter. Co. v. Superior Ct. of Cal.* ("*Press-Enterprise II*"), 478 U.S. 1, 8–9 (1986); *Lugosch*, 435 F.3d at 119–20. Once the right attaches, it is overcome only by specific, on-the-record findings that sealing "is essential to preserve higher values and is narrowly tailored to

3

serve that interest" under the First Amendment. *Bernstein*, 814 F.3d at 143–45; *see also Press-Enterprise II*, 478 U.S. at 13–14.

*Defendant's Motion for New Trial.* Parties' motions, briefs, and accompanying exhibits related to post-trial proceedings have regularly been found to be subject to the constitutional right of access, especially when they involve allegations of jury misconduct. *See, e.g.*, *United States v. Simone*, 14 F.3d 833, 840 (3d Cir. 1994); *United States v. Gonzalez*, 927 F. Supp. 768, 782 (D. Del. 1996); *see also CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 765 F.2d 823, 825 (9th Cir. 1985). As with the common law right, the constitutional right guarantees "immediate access where a right of access has been found." *Lugosch*, 435 F.3d at 126. "[E]ach passing day may constitute a separate and cognizable infringement of the First Amendment" and "unquestionably constitutes irreparable injury." *Id.* (internal citations omitted). For the reasons above, Defendant's motion should be unsealed immediately.

*Juror Questionnaires*. Juror questionnaires have also regularly been found to be subject to the First Amendment right of access. *See United States v. King*, 140 F.3d 76, 80, 84 (2d Cir. 1998); *United States v. Simone*, 14 F.3d 833, 840 (2d Cir. 1994); *United States v. McDade*, 929 F. Supp. 815, 817 n.4 (E.D. Pa. 1996); *In re Newsday, Inc.*, 159 A.D.2d 667, 669 (N.Y. App. Div. 1990). As explained above, neither party has proposed on the record that there is any interest of any sort to overcome the presumption. Because the First Amendment's standards for sealing are even more stringent, the lack of justification for sealing under the common law standard necessarily means that the First Amendment standard has not been met.

It also bears mentioning that the public interest in unsealing these documents is significant. The question immediately before the Court— whether a new trial should be granted to a high-profile defendant in light of statements made by a juror that Defendant alleges are evidence of juror misconduct—is serious and goes to the heart of this Court's Article III judicial power. The documents bear directly on not only "the manner in which criminal trials are conducted," the aspect of government of highest concern and importance, *Richmond Newspaper, Inc. v. Virginia*, 448 U.S. 555, 575 (1980), but also specifically *voir dire*, a central component of a criminal trial—both "to the adversaries [and] to the criminal justice system," *Press-Enter. Co. v. Superior Ct. of Cal.* ("*Press-Enterprise I*"),

4

464 U.S. 501, 505 (1984). Public scrutiny is essential to "enhance[] the quality and safeguard[] the integrity" of criminal trials. *Globe Newspaper Co. v. Superior Ct. for Norfolk City*, 457 U.S. 596, 606 (1982). Openness preserves and is essential to "public confidence in the administration of justice." *ABC, Inc. v. Stewart*, 360 F.3d 90, 98 (2d Cir. 2004).

Accordingly, we respectfully ask that the Court unseal Defendant's Motion for a New Trial and the questionnaires for the twelve seated jurors. We also respectfully ask this Court to make clear that all subsequent documents filed related to this motion should be filed without sealing and with only the redactions necessary to adequately protect the safety of jurors and their identities. We thank the Court for its attention to this matter.

Respectfully submitted,

*David McCraw*

David E. McCraw

cc:   All counsel of record (via e-mail)