# MILLER KORZENIK SOMMERS RAYMAN LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

January 26, 2022

VIA EMAIL

Hon. Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:    United States v. Maxwell, No. 1:20-cr-00330-AJN

Dear Judge Nathan:

      I write on behalf of Daily News, L.P., publisher of the New York *Daily News*, to respectfully join in the requests of The Miami Herald, The New York Times, ABC News, and NBC News to unseal the motion for new trial and supporting exhibits filed by the Defendant in this case, to unseal Juror 50's motion to intervene, and to unseal the juror questionnaires for the 12 seated jurors.[1]

      As the Court is aware, the public and the press have a presumptive First Amendment and common law right of access to criminal proceedings and records.  See Press Enterprise Co. v. Superior Court of California, 464 U.S. 501, 508 (1984) ("Press Enterprise I").  The presumption of openness can only be overcome if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Press–Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986) ("Press-Enterprise II").  Under this standard, the presumption in favor of access to court proceedings and records requires "the most compelling circumstances" to justify any restriction upon that right.  In re Application of Nat'l B'casting Co., 635 F.2d 945, 952 (2d Cir. 1980).

      The reasons why the documents in question should be unsealed have been clearly set forth in the submissions by the other media entities.  The *Daily News* would simply emphasize that the right of access applies fully to post-trial proceedings, including motions for a new trial and accompanying exhibits and memoranda.  See, e.g., United States v. Donato, 714 F. App'x 75, 76 (2d Cir. 2018) (summary order) (concluding that documents attached to motion for a new trial were judicial documents subject to right of access and holding that district court abused its discretion in refusing to unseal documents); United States v. Gonzalez, 927 F. Supp. 768, 784 (D. Del. 1996) ("the public, through its surrogate, the press, has a right of access to the post-trial briefs and appendix filed in support of defendant's Motion for a New Trial"); United States v.

---

[1] Non-parties such as the *Daily News* have standing to intervene in criminal proceedings to assert the public's right of access.  United States v. Aref, 533 F.3d 72, 81 (2d Cir. 2008).

French, 2017 WL 27932, at *2 (D. Me. Jan. 3, 2017) ("the authority that would allow the Court to seal the memoranda submitted [in support of a motion for a new trial] is extremely restricted . . . the Court concludes that the Defendants' hypothetical strategic concerns must bend to the presumptive public right of access"); cf. CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. Of California, 765 F.2d 823, 825 (9th Cir. 1985) (holding, in context of post-conviction motion to reduce sentence, that there is "no principled basis for affording greater confidentiality to post-trial documents and proceedings than is given to pretrial matters. The primary justifications for access to criminal proceedings . . . apply with as much force to post-conviction proceedings as to the trial itself").

Significantly, courts have held that this is true even where the post-trial proceedings in question relate to alleged juror misconduct. United States v. Simone, 14 F.3d 833, 840 (3d Cir. 1994) ("We hold that the First Amendment right of access attaches to post-trial hearings to investigate jury misconduct"); United States v. Leeco, 2009 WL 1249295, at *2 (S.D.W. Va. May 5, 2009) (denying government request for redactions to memorandum opinion and order granting motion for new trial based on alleged juror misconduct and holding that "the subject juror's privacy interests must yield to the general public's right to know all facts bearing upon the necessity for a new trial").

Here, the public interest in Ms. Maxwell's effort to obtain a new trial is manifest. In light of the strong presumption of openness that attaches to the documents in question and the lack of any apparent overriding interest in keeping them secret, the *Daily News* respectfully requests that the documents be unsealed.

        Sincerely,

        /s/ Matthew A. Leish

        Matthew A. Leish

        *Attorney for Daily News, L.P.*

cc: counsel for all parties (via email)