

Suite 500 East
1301 K Street NW
Washington, D.C.  20005-3317

**Nathan Siegel**
202.973.4237 tel

NathanSiegel@dwt.com

January 26, 2022

**VIA EMAIL AND FED EX**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

    Re:    *USA v. Maxwell*, No. 1:20-cr-00330-AJN

Dear Judge Nathan,

I write on behalf of American Broadcasting Companies, Inc. ("ABC News") and NBCUniversal News Group ("NBC News") to join in the requests of The Miami Herald (Dkt. No. 581) and The New York Times to oppose the sealing of the motion for a new trial and supporting exhibits filed by the Defendant (Dkt. No. 578), for all the reasons set forth in those requests.

ABC News and NBC News further respectfully request that Juror 50's motion to intervene, which according to this Court's prior orders (Dkt. Nos. 575 & 576) was e-mailed to the Court and placed under temporary seal, now be unsealed. Like the Defendant's Motion for a New Trial, Juror 50's motion is a "judicial document" to which the presumption of access under both the common law and the First Amendment applies because Juror 50's motion has been, and continues to be, highly "relevant to the performance of the judicial function and useful in the judicial process." *U.S. v. Amadeo*, 44 F. 3d 141, 145 (2d Cir. 1995) ("*Amodeo I*").

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4863-7911-5787v.1 0019918-000033

January 24, 2022
Page 2

      For example, Juror 50's motion was submitted after the Court ordered counsel for the juror to submit any briefing on the appropriateness of an inquiry.  Dkt. Nos. 571, 573.  The juror's submission prompted two Orders by the Court in which it reached conclusions about whether it should consider Juror 50's motion before or after it addresses the question of whether an inquiry should be permitted, which may also affect whether Juror 50 has standing to be heard on that question.  Dkt. Nos. 575, 576.  At the Court's direction it would also appear that the juror's motion is the subject of multiple rounds of briefing by the parties:   First, on the question of whether the juror's motion should be redacted and/or docketed, and now on its procedural and substantive merits in the context of briefing the Defendant's Motion for a New Trial.  *Id.*  All of those actions involve performance of the judicial function and the judicial process.  Nor does the fact that the Court has deferred considering and/or ruling on Juror No. 50's motion affect its status as a "judicial document".  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d. Cir. 2006) (rejecting the argument that "until a district court knows the disposition of the underlying motion, any attempt at calling something a judicial document is premature").

      Moreover, because the proceedings noted above reflect that Juror 50's motion is "directly affect[ing] the adjudication" of this case, the public's presumption of access to it is especially high.  *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*").  The presumption is likewise strong because the juror's motion affects both the juror's and the parties' legal rights.  *Id.*  Those include whether Juror 50 is afforded standing to be heard and, more broadly, the issues being briefed related to the Defendant's request for a new trial.  And while Juror 50's motion is under temporary seal, the posture of this case illustrates why there is a

January 24, 2022
Page 3

strong presumption of "contemporaneous access" to it. *Lugosch*, 435 F.3d at 126. The right of access exists primarily because "public monitoring [of courts] is an essential feature of democratic control". *Amodeo II*, 71 F.3d at 1048. "[W]ithout access to testimony and documents that are used in the performance of Article III functions", it is not possible to effectively understand and monitor the proceedings in this case that relate to Juror 50's motion as they take place. *Id.*

Finally, for many of the same reasons supporting access to Defendant's motion for a new trial, it appears unlikely there is "a substantial probability of harm to a compelling interest" that would result from placing Juror 50's motion on the public docket. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017) ("A proponent of sealing may overcome the presumption of access by demonstrating a substantial probability of harm to a compelling interest."). Juror No. 50's privacy interest is particularly low here, given that he has voluntarily disclosed his identity and history in various interviews. *See In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012). And the Court has already solicited submissions from the parties regarding any proposed redactions, so the Court can assess whether they may be discrete redactions, if any, that need be made to protect any other compelling interest.

For all these reasons, ABC News and NBC News respectfully request that the Court unseal Defendant's motion for a new trial and Juror No. 50's motion to intervene.

January 24, 2022
Page 4

          Sincerely,

          DAVIS WRIGHT TREMAINE LLP

          /s/ Nathan Siegel
          Nathan Siegel

*Attorneys for American Broadcasting Companies, Inc. and NBCUniversal News Group*

cc:  Counsel of record (via email)