**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

February 1, 2022

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

    Re: *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

    We write in response to the Court's order, dated January 26, 2022, requiring the defense to file a letter on the public docket justifying our request to seal Ms. Maxwell's Motion for a New Trial and accompanying exhibits (collectively, the "Motion") under the three-part test in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Dkt. 585.

## Introduction

    The Motion urges the Court to right a grievous wrong that deprived Ms. Maxwell of a fundamental constitutional right – her right to be tried by a fair and impartial jury. Juror 50's responses to the jury questionnaire and questions posed to him during in-person *voir dire* corrupted the *voir dire* process and violated Ms. Maxwell's right to a fair trial. As set forth in the Motion, the defense believes that the existing record is clear and more than sufficient for the Court to grant Ms. Maxwell a new trial without the need for further factual development. Should the Court agree with the defense, the Motion could be unsealed and publicly docketed at the same time the Court issues its ruling with no additional delay.

The Honorable Alison J. Nathan
February 1, 2022
Page 2

Should the Court determine that a hearing is necessary, however, the Motion should remain sealed until the conclusion of the hearing. With such a vital constitutional interest at stake, it is of paramount importance for the Court to ensure the integrity of any fact-gathering process that may take place so that the inquiry is safeguarded and can uncover the truth of what happened. *See* 1/26/2022 Order, Dkt. 585 ("[T]he Court must act deliberately and hear from the parties in considering these sealing issues in order to ensure the integrity of any potential inquiry process going forward, should one be ordered."). Above all else, the Court must ensure that the most critical evidence to be elicited at the hearing—namely, the testimony of Juror 50—is not tainted by outside information and influence.

Requiring Ms. Maxwell to file her Motion on the public docket in advance of a hearing will do exactly that. It will give Juror 50 an improper preview of information he does not have and should never have, or at the very least should not have at this point in the process. This information includes, among other things: (i) Juror 50's exact responses to the questions on the jury questionnaire, which is not currently public and which he presumably has not had access to since he submitted it to the Court, (ii) data about the responses of other jurors and potential jurors to the jury questionnaire, (iii) the details of the investigative steps the defense has taken and the evidence we have uncovered thus far, (iv) the defense's legal theories and arguments, (v) the defense's view of the underlying facts, and (vi) the scope of the defense's requested discovery in advance of the hearing. The Motion will provide a roadmap of the defense's examination of Juror 50 and will allow him to plan out and tailor his responses, or even potentially spoliate evidence, to paint himself and his conduct in the best light possible. There is also a significant risk that the

The Honorable Alison J. Nathan
February 1, 2022
Page 3

publicity that will undoubtedly surround the unsealing of the Motion will influence the memories of other potential witnesses.  All of this will frustrate the truth-seeking process of any factual inquiry ordered by the Court and jeopardize Ms. Maxwell's one chance to vindicate her right to a fair trial.

For the reasons set forth more fully below, Ms. Maxwell's right to a fair trial is a "higher value" and a compelling interest that outweighs the public's qualified right of access to the Motion under both the common law and the First Amendment.  The Court should therefore order that the Motion remain temporarily sealed until the Court rules on Ms. Maxwell's Motion or until the conclusion of any hearing ordered by the Court, whichever comes first.[1]

## Applicable Law

It is well settled that the public and the press have a qualified right of access to judicial documents filed in criminal and civil proceedings under both the First Amendment and the common law.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *United States v. Silver*, No. 15-CR-93 (VEC), 2016 WL 1572993, at *3 (S.D.N.Y. Apr. 14, 2016). "The presumption of access is based on the need for federal courts, although independent— indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo* II").

---

[1] The defense anticipates that the government's response will raise the same issues and will need to be sealed for the same reasons.  Accordingly, the defense further requests that that Court order the government to file its response temporarily under seal to give the defense the opportunity to assert its position regarding sealing.

2087306.1

The Honorable Alison J. Nathan
February 1, 2022
Page 4

      To determine whether sealing a document is appropriate, the Court must engage in a multi-step process. First, the Court must determine whether the document is a "judicial document" to which a presumption of access would attach. *Silver*, 2016 WL 1572993, at *3 (citing *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166, 167 n.15 (2d Cir. 2013)). If it is a "judicial document," the Court must next determine whether the common law right of access or the "more robust" First Amendment right of access applies. *Id*. (citing *Lugosch*, 435 F.3d at 120). If the document is subject to the common law right of access, the Court must "determine the weight of the presumption and measure it against competing considerations." *Id*. (citing *United States v. Erie Cty. N.Y.*, 763 F.3d 235, 241 (2d Cir. 2014)); *accord Lugosch*, 435 F.3d at 119-20. If the document is subject to the more stringent First Amendment right of access, the Court must determine "by specific, on the-record-findings whether higher values necessitate a narrowly tailored sealing." *Id*. (cleaned up); *accord Lugosch*, 435 F.3d at 124. In either case, the Court must also determine whether redaction is "a viable remedy," or whether the document presents "an all or nothing matter." *Id*. (quoting *Amodeo II*, 71 F.3d at 1053).

## Discussion

      Ms. Maxwell does not dispute that the Motion is a "judicial document" that is subject to a strong presumption of access under both the First Amendment and the common law. *See United States v. Smith*, 985 F. Supp. 2d 506, 517 (S.D.N.Y. 2013) (citing *United States v. Gerena*, 869 F.2d 82, 85 (2d Cir. 1989) (right of access under the First Amendment extends to briefs and memoranda filed in connection with post-trial motions in criminal cases)); *id*. at 518 (presumption

The Honorable Alison J. Nathan
February 1, 2022
Page 5

of access under the common law "is high for documents submitted as part of dispositive-motion practice." (citing *Lugosch*, 435 F.3d at 123)).

But there is no "higher value" or "competing consideration" that is more compelling or more important than protecting Ms. Maxwell's constitutional right to a fair trial. *See Silver*, 2016 WL 1572993, at *5 (citing *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995) ("Compelling interests may include the defendant's right to a fair trial.")). Sealing is warranted to protect a defendant's fair trial rights if the Court makes specific findings that "first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that [sealing] would prevent, and, second, reasonable alternatives to [sealing] cannot adequately protect the defendant's fair trial rights. *Id*. at *8 (quoting *Press-Enter. Co. v. Superior Court of California for Riverside Cty.*, 478 U.S. 1, 14 (1986) (citations omitted) ("*Press-Enterprise II*")).

Although cases addressing this point have focused on the need to seal to prevent the prejudicial effects of pretrial publicity on a defendant's right to a fair trial, rather than the effects of post-trial disclosure on a defendant's motion for a new trial, the principle at stake is the same. Ms. Maxwell vigorously asserts that she did not receive a fair trial because of Juror 50's presence on the jury (and potentially the presence of other jurors who were the victims of sexual abuse). Through her Motion, Ms. Maxwell is seeking to vindicate her right to a fair trial and to remedy the structural error that occurred during the *voir dire* process. Ms. Maxwell's fair trial rights must be protected post-trial just as vigorously as they are pre-trial. To do that, it is necessary to keep the Motion temporarily sealed.

2087306.1

The Honorable Alison J. Nathan
February 1, 2022
Page 6

There is a substantial probability that Ms. Maxwell's fair trial rights will be prejudiced if the Motion is unsealed prior to the resolution of the Motion or prior to the completion of any fact-gathering process or hearing ordered by the Court. As previously discussed, unsealing the Motion will give Juror 50 an improper preview of the defense's position at any factual hearing the Court may order, including the defense's legal theories and arguments and our interpretation of the underlying facts. It will also give Juror 50 access to information that he should not have, including a summary of the additional evidence we have gathered, data about the responses of other jurors and potential jurors to the jury questionnaire, specific defense requests for pre-hearing discovery, and the completed questionnaire itself, which is currently not publicly available and is attached as Exhibit 1 to the Motion.[2]

If Juror 50 has access to this information in advance of a factual hearing, should the Court order one, there is a substantial risk that he will tailor his answers, influence other witnesses, or even destroy evidence, to protect himself and explain away inconvenient facts. This will frustrate the truth-seeking purpose of the hearing as well as Ms. Maxwell's efforts to vindicate her right to a fair trial. Indeed, defense counsel is effectively functioning as a prosecutor with respect to this issue and the Motion sets forth our theory of the case. Unsealing the Motion would be the equivalent of unsealing a search warrant affidavit to the subjects of a criminal investigation and should be avoided for all the same reasons. *Cf. In re Sealed Search Warrants Issued June 4 and 5,*

---

[2] Whether Juror 50 should be given access to his completed jury questionnaire in advance of any hearing ordered by the Court—and if so, how far in advance—are questions that need not be resolved now and should be considered separately at a later time. The Motion, including the completed questionnaire, should be sealed in its entirety until the Court decides on a course of action.

2087306.1

The Honorable Alison J. Nathan
February 1, 2022
Page 7

*2008*, No. 08–M–208 (DRH), 2008 WL 5667021, at *4 (N.D.N.Y. Jul. 14, 2008) (declining to unseal search warrant applications and affidavits because "[i]f such information is disclosed to the subjects of investigations before the institution of charges, there exists a risk that those individuals could conceal or destroy other evidence, influence information and testimony given by others, and otherwise delay and obstruct the investigation.")

Judge Caproni's decision in *United States v. Silver* offers a useful example. In *Silver*, the government filed under seal a pretrial motion *in limine*, which described the defendant's extra-marital affairs and sought permission to admit this evidence if the defendant put at issue his ethics or integrity or his character for truthfulness and honesty, among other things. *Silver*, 2016 WL 1572993, at *1. Judge Caproni heard argument on the motion in a closed proceeding two weeks before trial and ruled that the submissions on this issue would remain under seal until the conclusion of the trial due to the concern that public disclosure of the defendant's extramarital affairs so close to trial would "increase the difficulty of picking a jury" and thereby impact the defendant's right to a fair trial. *Id*. at *2, *8. Following the defendant's conviction, Judge Caproni gave the parties the opportunity to brief whether the submissions should remain sealed. *Id*. at *2. She ultimately ruled that the fair trial concerns that led her to temporarily seal the submissions no longer existed and ordered them to be unsealed. *Id*. at *8.

The Court should follow the example of Judge Caproni in *Silver*. Here, to protect Ms. Maxwell's right to a fair trial, it is necessary to temporarily seal the Motion (and likely any additional submissions on this issue) for a short period of time until the Court rules on the Motion or until any additional fact-finding process ordered by the Court is complete. The Motion and

The Honorable Alison J. Nathan
February 1, 2022
Page 8

other related submissions can be immediately unsealed at that point. Because the Motion will be sealed for only a limited period of time and because the defense is not seeking to seal any hearing ordered by the Court, there is no concern that the public will be permanently denied access to the documents or the relevant facts, or that the press will be unable to perform its role of monitoring the federal courts. *See Amodeo II*, 71 F.3d at 1050. The defense's sealing request is therefore narrowly tailored and outweighs the public's qualified right of access to the documents. *Lugosch*, 435 F.3d at 124 (sealing is justified if it is "necessary to preserve higher values" and if the sealing order is "narrowly tailored to achieve that aim").

It is also not feasible to file a redacted version of the Motion on the public docket in the meantime. Although the Motion contains some publicly available information and a discussion of the relevant law, these portions of the Motion reflect the defense's legal theories and interpretation of the facts and should not be disclosed to Juror 50. For example, the defense's selection of which publicly available facts to highlight in the Motion provide a roadmap of which topics the defense might ask Juror 50 about at a hearing. Similarly, the Motion discusses the implications of certain public statements Juror 50 has given in the past, which may impact the responses he gives to questions at a hearing. Finally, the case law cited reveals which legal theories the defense may pursue, which may also impact Juror 50's responses. In such situations where it is too difficult or impractical to redact a document, courts allow the document to be fully sealed. *See Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-cv-010125 (ALC), 2020 WL 5819864, at *2

The Honorable Alison J. Nathan
February 1, 2022
Page 9

(S.D.N.Y. Sept. 30, 2020); *Kemp v. Noeth*, No. 20-CV-9121 (RA)(SN), 2021 WL 1512712, at *2 (S.D.N.Y. Apr. 15, 2021).[3]

Finally, it is important to emphasize that Ms. Maxwell does not seek to seal the Motion indefinitely. She seeks only a temporary sealing to protect the integrity of any fact-finding process ordered by the Court. In this case, the pretrial motions remained under seal for several weeks before they were filed on the docket in redacted form. That limited delay did not have a meaningful impact on the public's right of access or the press' ability to report on this case. So too here. Indeed, it could potentially take less time for the Court to rule on the Motion or for a hearing to be completed.

## Conclusion

For the foregoing reasons, the Court should order that the Motion remain temporarily sealed until the Court rules on Ms. Maxwell's Motion or until the conclusion of any hearing ordered by the Court. The Court should further order the government to file its response under seal so that the defense can assert its position regarding sealing.

Sincerely,

 /s/ Christian Everdell
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600

cc:   All Counsel of Record (by ECF)

---

[3] Moreover, even if the defense attempted to make redactions, most of the Motion would remain under seal. The limited portion that could potentially be unsealed would be entirely divorced from context and would not provide the public with any useful information, nor would it allow the press to perform its role of monitoring the federal courts.

2087306.1