

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 4, 2022

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:   *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

    The Government respectfully submits this letter in response to the Court's Order dated January 26, 2022, which provided that the Government "may file on ECF" a response to the defendant's letter filed on February 1, 2022 in which the defendant argued that her motion for a new trial (the "Defense Motion") and its exhibits should be sealed. (Dkt. No. 585). For the reasons discussed herein, the Government respectfully submits that the defendant has not justified her sealing request and, accordingly, the Defense Motion and its exhibits should be publicly docketed.

    In examining whether there is a common law right of access to documents submitted to a court—and thus whether sealing is permissible—courts undertake a three-part inquiry. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). First, a court must determine whether the record or document in question is a "judicial document," that is, whether the document is "'relevant to the performance of the judicial function and useful in the judicial process,'" such that a presumption of access attaches. *Id.* at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, if a document is indeed a "judicial document," the court must determine the weight to be accorded the presumption of access. *Lugosch*, 435 F.3d at 119. Finally, after

determining the weight of the presumption of access, the court must balance any countervailing factors against the presumption. *Id.* at 120. Factors to be considered vary and "include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995)).

The defendant states that the Defense Motion "is a 'judicial document' that is subject to a strong presumption of access under both the First Amendment and the common law." (Dkt. No. 590, Def. Letter at 4). The Government agrees. However, the defendant argues that the Court should order the Defense Motion and its exhibits to remain temporarily sealed until the Court rules on her motion or until the conclusion of any hearing ordered by the Court. (*Id.* at 9). The defendant contends that such relief is warranted because public filing of the Defense Motion will "frustrate the truth-seeking process of any factual inquiry ordered by the Court." (*Id.* at 3). The Government disagrees.

The defendant asserts that publicly docketing the Defense Motion "will give Juror 50 an improper preview of information he does not have and should never have." (*Id.* at 2). That concern is unfounded. The Defense Motion, as a general matter, contains discussion of some of the relevant case law and information about statements reportedly made by Juror 50 in the news media. There can be no need to hide from public view a discussion of public materials. Moreover, the defense's suggestion that her defense briefing contains information from some significant investigation into Juror 50 is not accurate; the motion does not contain any significant material that is not otherwise public. Finally, to the extent the defense objects to unsealing Juror 50's questionnaire, which is an exhibit to their motion, that questionnaire is a document that Juror 50 himself prepared, and which he would of course be shown during any fact finding inquiry.

There is no need to litigate the Defense Motion under seal just because the Court and the parties are contemplating a hearing where Juror 50 may be a witness. Throughout the course of this case (as in most if not every case), the parties have publicly litigated evidentiary issues implicating witness testimony, such that witnesses or their counsel could access the briefing if they so wished. In this case, the parties publicly filed significant pre-trial briefing, including pre-trial motions and motions *in limine*, that included details about witness testimony. For example, in motions *in limine*, the parties litigated the legal contours of the testimony of the witness who testified under the pseudonym Kate, as well as the circumstances of Carolyn's identification of the defendant. *See, e.g.*, Dkt. Nos. 387, 392, 397. Neither the Government nor the defendant sought to file such documents under seal; the defendant certainly did not claim that such documents should be temporarily sealed because Government witnesses could access such filings (or news articles about such filings) and accordingly tailor their trial testimony. There is no reason that the Defense Motion should be treated differently and litigated entirely under seal.

The defendant's argument that the public docketing of the Defense Motion will enable Juror 50 to "plan out and tailor his responses" is not only inconsistent with the foregoing practice in this (like every) case, but it is also unsupported by any legal authority. (Def. Letter at 2). The defendant's reliance on cases involving pre-trial publicity is inapposite. Those cases concern the right to a fair *trial*, and, in those cases, sealing is proper upon specific findings that, *inter alia*, "there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity . . . ." *United States v. Silver*, No. 15 Cr. 93 (VEC), 2016 WL 1572993, at *8 (S.D.N.Y. Apr. 14, 2016) (quotations and citations omitted). But in such a posture, the potential prejudice is that the jury—the relevant finder of fact—will learn prejudicial information that they otherwise would not. *Id.* Here, by significant contrast, the Court is the relevant finder of fact, and the Court

obviously will be reading the Defense Motion prior to any hearing. The defendant has cited no case holding that a risk that *witnesses* will learn information about a case justifies the sealing of pre-trial, let alone post-trial, briefing.[1]

In sum, *Lugosch* does not contemplate that cases or issues be litigated in secret until all factfinding in a case is completed. Were that true, cases in this District would frequently be litigated in secret until hearings or trials concluded. The relief sought by the defendant—sealing of a document with significant publicly available information—is not narrowly tailored and, therefore, is inconsistent with the three-part test articulated by the Second Circuit in *Lugosch*.[2]

The Government additionally notes that the same arguments apply with equal force to the Government's opposition brief, in which the only items marked for redaction are references to sealed portions of the *voir dire* transcripts and corresponding portions of the juror questionnaires. These proposed redactions are narrowly tailored to protect the privacy interests of prospective jurors and are consistent with *Lugosch* because, as the Court already ordered in sealing the transcripts, they contain private information of those jurors. *See, e.g.*, *Press-Enter. Co. v. Superior Ct. of California, Riverside Cty.*, 464 U.S. 501, 511-12 (1984). Accordingly, the Government respectfully requests that the Court adopt the proposed redactions to the Government's opposition brief.

---

[1] The defendant's attempt to equate its post-trial motion with a criminal investigation in which it serves as the prosecutor is meritless. This is not a criminal investigation, as this Court has already made clear. *See* Dkt. No. 576 at 2 (noting that any inquiry is under the strict supervision and control of the court). And the defendant's conception of her role in these proceedings merely serves to highlight the Second Circuit's concern about how such inquiries have the "evil consequences" of, among other things, "subjecting juries to harassment." *United States v. Ianniello*, 866 F.2d 540, 543 (2d Cir. 1989).

[2] While the defendant claims that it would be "too difficult or impractical" to redact the Defense Motion (Def. Letter at 8), the Government respectfully disagrees. Throughout the course of this case, the parties have submitted proposed redactions to hundreds of pages of briefing. The Defense Motion is not exceptional.

                                      Respectfully submitted,

                                      DAMIAN WILLIAMS
                                      United States Attorney

By:    s/
               Maurene Comey
               Alison Moe
               Lara Pomerantz
               Andrew Rohrbach
               Assistant United States Attorneys
               Southern District of New York

Cc: Defense Counsel (By ECF)