UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

Ghislaine Maxwell,

               Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/11/22

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      The Court is in receipt of the parties' letters addressing the Defendant's request to temporarily seal her motion for a new trial and accompanying exhibits, and the Government's response in opposition and accompanying exhibits. *See* Dkt. Nos. 590, 594, 595. Several media organizations have also filed letters seeking unsealing. The Court is also in receipt of Juror 50's motion to intervene. Both the Government and the Defendant oppose intervention. The Defendant seeks to strike or, in the alternative, seal Juror 50's motion.

      For the reasons outlined more fully below, the Court rules as follows. First, the Defendant's motion to temporarily seal in their entirety all documents related to the motion for a new trial is DENIED. Any sealing of judicial documents must be narrowly tailored to serve competing interests. In this case, important interests include preserving the integrity of any inquiry process going forward as well as protecting juror anonymity and privacy. Protection of these interests, however, can plainly be accomplished through tailored redactions. Following the Court's resolution of the Defendant's motion or a hearing, if one is ordered, all redactions will be promptly unsealed except those necessary to protect any continuing interest in juror anonymity and privacy.

1

Second, the Court DENIES Juror 50's motion to intervene as it is unnecessary and unsupported by any authority or precedent. Juror 50's motion to intervene, however, will be docketed because the Court DENIES the Defendant's request to seal the motion. Even though the motion to intervene is denied, it is a judicial document to which the presumption in favor of public access applies and no interests are served by maintaining it under seal.

I.     **Temporary sealing of documents related to the motion for a new trial**

The Court first addresses the Defendant's request that this Court seal all documents related to the motion for a new trial either until the motion is resolved or until after a hearing is conducted, should one be ordered. Dkt. No. 590 at 1-2. The Court considers a request to seal pursuant to the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). First, the Court determines whether the document in question is a "judicial document"—that is, a document "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. If so, a presumption of access under the First Amendment and common law attaches. In the second step of the inquiry, the Court determines the weight to be accorded the presumption of access. *Id.* Finally, "after determining the weight of the presumption of access, the Court must 'balance competing considerations against it,'" such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995)).

Both parties agree that the motion papers are "judicial document[s] that [are] subject to a strong presumption of access under both the First Amendment and common law." Dkt. No. 594 at 2 (quoting Dkt. No. 590 at 4). However, the Defendant argues that sealing pending a hearing or resolution is necessary "to ensure the integrity of any fact-gathering process that may take

place" and, more specifically, to "ensure that the most critical evidence to be elicited at the hearing—namely, the testimony of Juror 50—is not tainted by outside information and influence." Dkt. No. 590 at 2. The Court agrees that the integrity of any inquiry is a "higher value" that must be weighed in determining public access to the documents. As the Court has previously articulated, it must "ensure the integrity of any potential inquiry process going forward, should one be ordered," as "[t]hat too is in the public, as well as the Defendant's and the Government's, interest." Dkt. No. 585.

But restricting public access to judicial documents, whether through sealing or redaction, must be "narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. Wholesale sealing of the motion papers, even on a temporary basis, is not narrowly tailored to serve the interest in ensuring the integrity of any potential inquiry. The Court is unpersuaded by the Defendant's concern that media interest in the motion warrants temporary sealing of the documents in their entirety. Defendant argues that "there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity" because coverage "will influence the memories of other potential witnesses," as well as Juror 50. Dkt. No. 590 at 3-5 (relying on *United States v. Silver*, No. 15 Cr. 93 (VEC), 2016 WL 1572993, at *8 (S.D.N.Y. Apr. 14, 2016)). As the Government properly notes, however, the concern in the pretrial posture, as in *Silver*, is that potential jurors may learn prejudicial information they would otherwise not. Here, however, the concern is entirely absent for at least two reasons. First, much of the information relied upon in the Defendant's motion and the Government's response is publicly available. And second, the Court is the relevant fact-finder with respect to any potential hearing and it is obviously privy to the information whether filed under seal or filed publicly.

3

Accordingly, the Defendant's motion to keep the papers under seal in their entirety is denied. Instead, the parties must propose narrowly tailored redactions as necessary to serve important interests. Here those interests are to ensure the integrity of any inquiry going forward and to protect juror anonymity and privacy. Those interests justify redaction of the questions the parties propose be asked at any hearing. *See United States v. McCoy et al.*, No. 14 Cr. 6181 (EAW), Dkt. No. 312 (text order) (W.D.N.Y. May 26, 2017) (requiring proposed questions to be submitted directly to the court); *see also* Dkt. No. 329 at 38-39 (counsel discussing concern that disclosing specific questions ahead of hearing would allow juror to prepare and "rehearse the answers"). And they may justify redaction of any specific factual information developed by the parties that has not been publicly reported in the press and that the parties propose be inquired about at any forthcoming hearing. The Court will also permit redactions necessary to ensure juror anonymity and privacy. *See Press-Enter. Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 511-12 (1984). By contrast, there is no basis to redact legal arguments, case citations, and analysis regarding the standard by which the parties contend that the Defendant's motion should be evaluated, as well as legal arguments, case citations, and analysis regarding the proper scope of any potential hearing. Nor will the Court permit the redaction of information that is widely reported in the press. Such redactions do not conform with the dictates of *Lugosch* and are not necessary to protect the integrity of any inquiry.

Importantly, following the Court's resolution of the Defendant's motion or a hearing, if one is ordered, all redactions will be promptly unsealed except those necessary to protect any continuing interest in juror anonymity and privacy.

The parties are thus ORDERED to propose narrowly tailored redactions to the Defense motion, the Government's response in opposition, and the Defense reply, as consistent with this

Order, via email on or before **February 16, 2022**. Because this Order resolves the scope of redactions for all filings related to the motion, the Court adjourns sine die the briefing schedule previously set for the parties to justify any proposed sealing or redactions to the new trial motion papers. *See* Dkt. No. 585. The Court will rule on the proposed redactions so the filings can be docketed, and the Court will file under seal unredacted copies of any documents for which redactions are approved.

At the time the briefs are docketed with approved redactions, the Defendant is further ORDERED to docket Exhibits 2 and 3 to her motion and the exhibit to her reply, and the Government ORDERED to docket all exhibits to its opposition, all of which are publicly available documents.[1]

## II.     Juror 50 Motion to Intervene

The Court is also in receipt of Juror 50's motion to intervene, which both the Government and the Defense oppose. Defense Motion, at 51-52; Government Response, at 44; *see also* Defense Ltr., Jan. 13, 2022. The Court denies the motion. Juror 50 cites no authority to support a juror's intervention when he will possibly be subject to a post-verdict inquiry. The cases he cites in support are inapposite; he is not seeking to intervene to assert First Amendment access by the press, to quash a subpoena, or to prevent dissemination of privileged information. Although cases do support that a juror should have legal counsel in a post-verdict inquiry into allegedly false voir dire responses, as Juror 50 does have, no cases support intervention. *See, e.g., McCoy*, No. 14 Cr. 6181 (EAW), Dkt. No. 329 at 6-7 (appointing counsel for juror alleged

---

[1] Exhibit 1 to the Defendant's motion, which is Juror 50's completed questionnaire, is to be maintained temporarily under seal pending the Court's ruling on whether a hearing will be held and on the New York Times Company's motion to unseal the filled-out questionnaires for the twelve seated jurors. Dkt. Nos. 583, 585. The Court will address Juror 50's request that a copy of his questionnaire be released to his counsel at that time. The Court notes that the voir dire transcript is currently available to the public.

to have falsely represented information on pre-selection questionnaire and during oral voir dire). Juror 50 is the potential subject of a post-verdict inquiry, not a party with an interest in the criminal case. Accordingly, the Court DENIES Juror 50's motion to intervene.

The Court also DENIES the Defendant's request to strike or seal the motion. The Defendant first requests that the Court strike Juror 50's motion, relying on the example of a civil forfeiture action and on Federal Rule of Civil Procedure 12(f). *See* Defense Motion, at 53 (citing *United States v. All Right, Title & Int. in Prop., Appurtenances, & Improvements Known as 479 Tamarind Drive, Hallendale, Fla.*, No. 98 CIV. 2279 (DLC), 2011 WL 1045095, at *2 (S.D.N.Y. Mar. 11, 2011)). Such authority is unpersuasive. Even in the civil context, "motions to strike are disfavored and should not be granted 'unless there is a strong reason for so doing.'" *Bailey v. Pataki*, No. 08 Civ. 8563 (JSR), 2010 WL 234995, at *3 (S.D.N.Y. Jan. 19, 2010). And Juror 50's motion is certainly not "redundant, immaterial, impertinent or scandalous." *Brown v. Maxwell*, 929 F.3d 41, 51-52 (2d Cir. 2019). Accordingly, the Court DENIES the Defendant's request to strike the motion.

The Defendant alternatively requests that the Court seal Juror 50's motion until her motion for a new trial is resolved. Defense Motion, at 54; *see also* Defense Ltr., Jan. 13, 2022. The three-part *Lugosch* test, as outlined above, compels denial of this request. First, Juror 50's motion is a judicial document and accordingly subject to the presumption of access. It is clearly "relevant to the performance of a judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Whether this Court grants or denies the motion does not alter this conclusion. *See Lugosch*, 435 F.3d at 121 (rejecting the argument that "until a district court knows the disposition of the underlying motion, any attempt at calling something a judicial document is premature"). The Defendant's effort to liken the motion to

6

discovery material is also unavailing. While discovery materials themselves may not be judicial documents, Juror 50's *motion* is not a discovery document. The Defendant also fails to articulate how docketing Juror 50's own motion could affect the testimony of any potential witness and ultimately affect the integrity of any inquiry into Juror 50's conduct. The possibility of media attention does not outweigh the presumption of access. Accordingly, the Court DENIES the Defendant's alternative request to seal the motion.

The Court reserves judgment on whether Juror 50's motion should be redacted in light of the principles and conclusion discussed above or on another basis. The parties may propose any narrowly tailored redactions to Juror 50's motion that are consistent with this Order via email on or before **February 16, 2022**. The parties also submitted letters to the Court via email on January 13, 2022, that addressed sealing of Juror 50's motion. Any redactions to those letters must be proposed by that same date. As noted above, the Court will rule on any proposed redactions so the filings can be docketed, and the Court will file under seal unredacted copies of any documents for which it approves redactions.

SO ORDERED.

Dated: February 11, 2022
New York, New York

_____
ALISON J. NATHAN
United States District Judge