*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 16, 2022

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

  By letter dated February 16, 2022, the defendant proposed redactions to the parties' briefing regarding Juror 50. (Dkt. No. 602). The Government respectfully submits this letter in response to the defendant's proposed redactions, which are overbroad and inconsistent with both the public's right of access to judicial documents and the Court's February 11, 2021 Order, which permitted redactions of three narrow categories: (1) the questions the parties propose be asked at any hearing, (2) specific factual information developed by the parties which is not public, and (3) redactions to protect juror anonymity and privacy. (Dkt. No. 596 at 4).

  The categories of redactions proposed by the defendant are impermissibly broad. In particular:

- The defendant seeks to redact discussion of the substance of Juror 50's questionnaire. For the reasons set forth in the Government's February 4, 2021 and February 11, 2021 letters (Dkt. Nos. 594, 598), the Government respectfully submits that Juror 50's questionnaire should be made public, along with all other questionnaires of the twelve seated jurors in this case. Indeed, the defendant has not opposed the New York Times Company's motion

for public access to those questionnaires. Accordingly, it is not necessary to redact discussions of Juror 50's questionnaire from the briefing.

- The defendant seeks to redact legal arguments about the statistical composition of the jury pool. In particular, the defendant seeks to redact legal arguments about how the Court addressed during jury selection the multiple prospective jurors who disclosed experiencing sexual abuse, assault, or harassment. These redactions are not contemplated by the Court's Order. While quotations or discussions of specific sealed juror materials may be redacted, there is no basis to redact legal arguments about the jury pool as a whole.

- The defendant seeks to redact "[d]etails of investigative steps the defense has taken and evidence uncovered thus far." (Dkt. No. 602). As an initial matter, the Government notes the defense briefing contains very minimal non-public information. To the extent any of the defendant's proposed redactions address non-public materials, the Court has authorized such redactions.

- The defendant seeks to redact "[t]he defense's view of the underlying facts." (Dkt. No. 602). But the Court expressly ordered that the parties should not redact legal arguments or discussions of publicly available facts, which is exactly what the defendant now proposes to do. (Dkt. No. 596 at 4). The Court has already ruled that these proposed redactions are not narrowly tailored.

- The defendant seeks to redact discussions of her "requested discovery in advance of the hearing." (Dkt. No. 602). The Court did not authorize this category of redactions. Moreover, the defendant does not offer any justification for her request, and the Government sees none.

In addition, the Government notes that the defendant has proposed redactions to portions

of the briefing that quote publicly available court transcripts and news articles. *See*, e.g., Def. Mem. at 19, 31-33, 49; Gov. Opp. at 36-37. There is no reason to redact discussions of public materials.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: \_\_\_s/_____
Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
Assistant United States Attorneys
Southern District of New York

Cc: Defense Counsel (By ECF)