```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/17/22
```

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

> The request for leave to file an amicus brief in accordance with this Court's February 11, 2022 order is GRANTED.
> SO ORDERED.
>
> *Alison J. Nathan*
> 2/17/22

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 20-CR-330 (AJN)<br>) |
| GHISLAINE MAXWELL | )<br>) |
| Defendant. | )<br>) |

**MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF**

The National Association of Criminal Defense Lawyers ("NACDL"), through undersigned counsel, moves the Court for leave to file an amicus brief according to the instructions in the Court's February 11, 2022 order.

In support of this motion, proposed amicus states as follows:

1. NACDL is a nonprofit voluntary professional bar association made up of and working on behalf of criminal defense attorneys to ensure justice and due process for those accused of crime or misconduct.

2. NACDL was founded in 1958. It has a nationwide membership of approximately 10,000 direct members in 28 countries, and 90 state, provincial and local affiliate organizations totaling approximately 40,000 attorneys. NACDL's members include private criminal defense lawyers, public defenders, military defense counsel, and law professors.

3. NACDL files numerous amicus briefs each year in the Supreme Court, the Second Circuit Court of Appeals, and other courts, seeking to address issues of broad importance to criminal defendants, criminal defense lawyers, and the criminal justice system as a whole. It does not ordinarily file in the district court but seeks leave to do so here pursuant to the approval

of its national leadership, because of the exceptional importance and potential precedential value of this Court's decision, in a case that has attracted international attention, about whether a potential juror's false answers about an issue integral to any juror's ability to be fair and impartial will require a new trial. We are deeply concerned about the effect that a negative answer to this question would have, not only for the rights of the defendant in this case, but upon future defendants, jurors and courts.

4.     NACDL is made up of members who routinely try criminal cases in federal and state courts throughout the United States. We know from our experiences that the effectiveness of the *voir dire* process in eliciting truthful answers to questions designed to weed out biased or otherwise unqualified jurors is a fundamental structural prerequisite for ensuring our clients, often the most vulnerable and scorned members of society, receive a fair trial. NACDL members have conducted numerous *voir dire* examinations, including in many high-profile or sensitive criminal cases.

5.     With the experience of its members as a guide, NACDL believes it can provide the Court with additional perspective concerning the issues that have been raised in the Defendant's post-verdict motion. We are seriously concerned that where a juror gives a false answer to a question that is crucially important in assessing that juror's ability to be a fair and impartial juror, the structural integrity of the trial has been lost regardless of whether the false answer was given deliberately. We believe, as we will discuss, that such a conclusion is consistent with existing case law.

6.     While a finding that the misstatement was intentional would make it even more certain that such a juror had an agenda and/or was biased, it should not be required where, as

here, the misstatement concerned an issue so central that it is likely the juror, had he answered accurately, would have been disqualified for cause or disqualified through a peremptory challenge. And the impact to a fair trial from the seating of such a juror is even more threatened when the issue hidden by a potential juror is, as some reports have indicated, raised by that person during deliberations. Requiring proof of willfulness would make the post-trial inquiry too subjective and thereby dilute the obligation to be accurate in the first place. Such a rule could tip the balance in decisions by favoring findings that would avoid the expense and inconvenience of having to retry the case. In our memorandum, we would address analogous areas of the law which we believe will lead this Court to conclude that a finding of willfulness should not be required.

7. High-profile criminal cases, including ones that involve public outcry about unpopular defendants accused of heinous crimes, have been the stage for some of the most important decisions safeguarding the constitutional right to a fair trial. *See, e.g., Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966) (finding in a second-degree murder case for the alleged bludgeoning death of a pregnant wife that because extensive pre-trial publicity had emphasized evidence and opinions that tended to incriminate the defendant and that ongoing publicity during the trial had revealed matters discussed outside the presence of the jury, the defendant was entitled to a new trial as a result of the "inherently prejudicial publicity which saturated the community...."); *Irvin v. Dowd*, 366 U.S. 717, 728 (1961) (finding where there was continued adverse publicity fostering a strong prejudice against defendant who had allegedly confessed to six murders in a small area, which caused two-thirds of the jury to admit before hearing any testimony to possessing a belief in his guilt, that defendant must be retried). These are the cases

that create teachings moments about the importance of safeguarding rights that not only affect notorious and unpopular defendants but potentially affect the rest of us as well. We believe this case is such a moment, and that we can add a perspective that goes beyond the interests of one defendant.

8. The Supreme Court has taught that the approach followed by this Court in this high-profile case of using a juror questionnaire and following up with *voir dire* can be highly effective. *See Skilling v. United States*, 561 U.S. 358, 384 (2010) ("Although the widespread community impact necessitated careful identification and inspection of prospective jurors' connections to Enron, the extensive screening questionnaire and follow up *voir dire* were well suited to that task.") But the success of this approach in weeding out juror bias presupposes that jurors will answer the questions posed by the Court honestly and accurately. Because this Court's decision on how to proceed will have far-ranging implications for other cases in which questions concerning the accuracy of a juror's answers arises, NACDL would like to share its suggestions and concerns with the Court for how to devise a fair framework for addressing and deciding this issue.

9. "Federal courts have discretion to permit participation of amici where such participation will not prejudice any party and may be of assistance to the court." *Strougo v. Scudder, Stevens & Clark, Inc.*, 1997 WL 473566 (S.D.N.Y. Aug. 18, 1997) (citing *Vulcan Soc'y of NYC Fire Dep't, Inc. v. Civil Serv. Comm'n*, 490 F.2d 387, 391 (2d Cir. 1973)); *see also Auto Club of NY, Inc. v Port Auth. Of New York*, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) ("The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties.") Most recently, Judge Caproni granted NACDL

permission to file an amicus memorandum in support of the defendant's motion to dismiss for pretrial publicity in *United States v. Silver*, Case No. 15 Cr. 093 (VEC), Dkt. 25 (3/13/2015).

10. Defendant, through counsel, has consented to the filing. The United States, through counsel, expressed that it has no position on the filing.

11. As per the Court's February 11, 2022, order, should the Court grant NACDL's motion for leave to file an amicus brief, NACDL will file a brief not exceeding 10 double-spaced pages within one week of the Court's granting of the motion.

For all of the foregoing reasons, NACDL respectfully requests that the Court grant leave to file an amicus brief.

Dated: February 17, 2022

Respectfully submitted,

/s/ Abbe David Lowell

Abbe David Lowell (*NY Bar # 2981744*)
(*Admitted to SDNY on 04/17/2001 # AL2981*)
Winston & Strawn LLP
1901 L Street NW
Washington, DC 20036
ADLowell@winston.com
(202) 282-5875

Joel B. Rudin (*NY Bar # 1068618*)
(*Admitted to SDNY on 05/21/1979 # JR5645*)
Vice Chair, Amicus Curiae Committee, National
Association of Criminal Defense Lawyers
Law Offices of Joel B. Rudin, P.C.
152 West 57th Street, 8th Floor
New York, New York 10019
jbrudin@rudinlaw.com
(212) 752-760

## CERTIFICATE OF SERVICE

  I hereby certify that on this 17th day of February, 2022, I electronically submitted the foregoing motion with the Clerk of Court via email and copied counsel for Defendant and the government.

Dated: February 17, 2022

Respectfully submitted,

/s/ Abbe David Lowell

Counsel *for National Association* of *Criminal Defense Lawyers*