UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
THE UNITED STATES OF AMERICA,

**CASE NO.:**
20-CR-330 (AJN)

- against -


GHISLAINE MAXWELL,

Defendant.
-------------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AND FOR
RELEASE OF SEALED JURY QUESTIONNAIRE AND TRANSCRIPT, ON BEHALF
OF PROPOSED INTERVENOR, JUROR 50**

Todd Spodek, Esq.
Spodek Law Group P.C.
85 Broad Street, 17th Floor
New York, New York 10004
Tel: (212) 300-5196
Fax: (212) 300-6371
ts@spodeklawgroup.com
*Attorney for Proposed Intervenor*

# <u>Table of Contents</u>

I.    **PRELIMINARY STATEMENT** ................................................................. 4

II.    **FACTUAL BACKGROUND** .................................................................. 5

III.    **ARGUMENT** ....................................................................................... 6

  A.    **Juror 50's Request to Intervene**.................................................. 7

    1.    **Jurors have compelling and legitimate privacy rights.**............. 7

    2.    **Jurors may face criminal exposure for answers given on jury   questionnaires** .... 8

    3.    **Intervention in criminal trials may be granted to protect the   rights of third parties** ........................................................... 8

  B.    **Juror 50's Jury Questionnaire should be released to Counsel but   otherwise remain under seal, to provide Juror 50 with a full and fair   opportunity to present his position to this Court** ......................... 9

    1.    **A copy of the Jury Questionnaire is necessary to comply with   Judge Nathan's January 5th order** ...................................... 9

    2.    **The Court has the authority to release the Jury Questionnaire   under seal.**......... 10

    3.    **The instance matter presents a compelling reason to release    the Jury Questionnaire to Counsel, under seal.** .................... 11

IV.    **CONCLUSION** ................................................................................. 11

## **TABLE OF AUTHORITIES**

### **Cases**

*In re Associated Press*, 162 F.3d 503, 506- 507 (7th Cir. 1998) ................................................... 8

*Press-Enter. Co. v Superior Ct. of California, Riverside County*, 464 US 501, 511-12 (1984)..... 7

*United States v Bruno*, 700 F Supp 2d 175, 182-83 (NDNY 2010) ............................................ 10

*United States v King*, 140 F3d 76, 79 (2d Cir 1998)...................................................................... 7

*United States v Parse*, 789 F3d 83, 88 (2d Cir 2015) .................................................................... 8

*United States v. Brown*, 250 F.3d 907, 914–15 (5th Cir.2001).................................................... 10

*United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004) ............................... 8

*United States v. Childress*, 58 F.3d 693, 702 (D.C.Cir.1995) .................................................... 10

*United States v. Collyard*, case no. 12cr0058, 2013 WL 1346202 at *2 (D. Minn. April 3, 2013) 8

*United States v. Crawford*, 735 F.2d 174 (5th Cir. 1984)............................................................... 8

*United States v. Gurney*, 558 F.2d 1202, 1210-12 (5th Cir.1977)................................................ 10

*United States v. Harrelson*, 713 F.2d 1114, 1118 (5th Cir.1983)................................................. 10

*United States v. King*, 140 F3d 76, 83 (2d Cir 1998)...................................................................... 9

United States v. King, No. 94 Cr. 455, 1998 WL 50221 (S.D.N.Y. Feb. 5, 1998) ....................... 7

*United States v. Martoma*, 962 F. Supp. 2d 602, 605-06 (S.D.N.Y. 2013) ................................... 8

*United States v. RMI Co*., 599 F.2d 1183 (3d Cir. 1979)................................................................ 8

## I.  PRELIMINARY STATEMENT

Juror 50 respectfully moves this Court and requests an Order granting him the right to intervene in this action, under the Court's inherent authority, in order to protect his compelling privacy interests and potential criminal liability, both of which are implicated by this Court's prior order that his conduct during his service as a member of the jury be potentially subject to an investigation to determine the existence of possible juror misconduct.

Juror 50 seeks to intervene at this time in order to protect his privacy rights and his right to avoid self-incrimination, and to further ensure that he will not be prejudiced by any investigation ordered by this Court, should any subsequent action be brought against him as a result of such investigation. First and foremost, obtaining access to the questionnaire Juror 50 completed as part of the selection process for jury service (hereafter the "Jury Questionnaire") and the transcript of his testimony during voir dire are critical to Juror 50's ability to determine if he "wishes to be heard on the issue of the appropriateness of an inquiry" by filing a brief. Order at 1. Jan. 5, 2022. 20-CR-330. In order to achieve appropriate access to such documents and records, Juror 50 must be granted leave to Intervene in this action, and thereby given a fair opportunity to brief this Court as to why he should be heard, if indeed he determines that to be necessary.

It is respectfully submitted that, in order to ensure the integrity of the process, the Jury Questionnaire and the transcript of Juror 50's voir dire should be released, under seal, to Juror 50's attorney, the Prosecution and Defense Counsel.

Intervention in this action by Juror 50 would not prejudice either party to this action. If granted, intervention would also not delay resolution of the issue subject to a possible inquiry, on the merits.

For these reasons and those further set forth below, the technical requirements for intervention are satisfied here. Additionally, the principles of justice, fairness and common-sense weigh strongly in favor of allowing Juror 50 to intervene. As such, Juror 50's motion to intervene and for the release of the sealed Jury Questionnaire and voir dire materials should be granted, as requested herein

## II.     **FACTUAL BACKGROUND**

Juror 50 served on the jury in the case *sub judice*, which reached a verdict on December 29, 2021. After the verdict was reached Juror 50 gave interviews, which were reported in both print media and televised news reports. In the media reporting on the interviews given by Juror 50, he is alleged to have discussed his personal experience(s) with sexual abuse. *See* Prosecution Letter dated Jan. 5, 2022. ECF # 568.

On this basis, and on the basis of information filed under seal, Defense Counsel sent a letter to Judge Nathan, which was also published in the media, claiming "incontrovertible grounds for a new trial under rule 33". *See* Defense Letter dated Jan. 5, 2022. ECF #569.

Thereafter, Judge Nathan issued an order giving Juror 50 the opportunity to determine if he "wishes to be heard on the issue of the appropriateness of an inquiry" and to submit a brief by January 26, 2022, if he determines that he does desire to be heard on such issue. Order at 1. Jan. 5, 2022. 20-CR-330.

Juror 50 seeks a copy of his Jury Questionnaire, as he does not recall answering questions regarding his prior experience with sexual assault. Juror 50 indicated the same to the media,

when questioned about his answers to the Jury Questionnaire; therefore Juror 50 has a compelling need to be able to separately confirm his recollection—regardless of whether or not there may exist a lapse in such recollection—and to be fully prepared to explain himself, as may be necessary, pursuant to an inquiry directed by the order of this Court. Juror 50 further desires to maintain his privacy and, to the extent possible, avoid having to disclose intimate details of his experience as the victim of prior sexual assault.

III.   **ARGUMENT**

For the reasons set forth below, the Court should, in its proper exercise of discretion, allow Juror 50 to intervene in this action and grant release, under seal, of a copy of his Jury Questionnaire to his attorney, the Prosecution and Defense Counsel.

The relevant precedent from case law makes it abundantly clear that jurors have compelling and legitimate rights to privacy regarding "intensely personal subjects," including prior sexual assaults. Juror 50's right to privacy is clearly implicated by an inquiry by and before this Court, as the same relates directly and specifically claims concerning his experience(s) as a survivor of past sexual abuse and discussions he may have had with other jurors, in which he is alleged to have detailed his history as a victim of prior sexual assault. These factors are heightened by the intense media scrutiny surrounding the instant case and the already significant press coverage of Juror 50 himself, including the statements that he has made to the media about his jury service.

Judge Nathan specifically invited Juror 50 to address the "appropriateness of an inquiry" into his conduct as a juror and affect that his personal history may have had on juror deliberations and the verdict rendered in this matter. Order at 1. Jan. 5, 2022. 20-CR-330.Therefore, by allowing Juror 50 to intervene in this action, this Court can ensure that Juror

50 will maintain his ability to protect his compelling and legitimate right to privacy, specifically regarding his prior history with sexual assault. Additionally, allowing Juror 50 to intervene will assist this Court in determining how to conduct an appropriate inquiry into the subject, by allowing his an opportunity to fully and fairly brief the Court on the relevant issues. Moreover, the interests of justice and judicial economy will be served if Juror 50 is permitted to intervene at this point in time, as the same will allow Juror 50 to identify and assert any fifth amendment rights against self-incrimination before any hearing is held pursuant to an inquiry directed by the Court.

### A.  <u>Juror 50's Request to Intervene</u>

#### 1.  <u>Jurors have compelling and legitimate privacy rights.</u>

The United States Supreme Court has explicitly acknowledged that Jurors can have "compelling" and "legitimate" privacy interests that warrants sealing the record as to certain statements given by the jurors. *Press-Enter. Co. v Superior Ct. of California, Riverside County*, 464 US 501, 511-12 (1984). In *Press-Enter. Co.,* the Supreme Court expressly determined that forcing an individual to disclose details of a sexual assault may justify holding closed hearings and sealing the record due to "the embarrassment and emotional trauma from the very disclosure of the episode". *Id.* In *Press-Enter. Co.*, Chief Justice Burger further made clear that forced disclosure of past sexual assault suffered by jurors gave rise to a "valid privacy right". *Id.*

In *United States v. King*, the Second Circuit upheld the ruling by the lower court, which allowed parts of the record in that case to be sealed based on the jurors' privacy interest in intensely personal subjects, as well as upheld the lower court's finding that such interest was heightened by the intense media scrutiny *King* attracted from the press. *United States v King*, 140

F3d 76, 79 (2d Cir 1998) (Citing *United States v. King*, No. 94 Cr. 455, 1998 WL 50221 (S.D.N.Y. Feb. 5, 1998)).

Moreover, conclusion of the trial on which the subject juror served does not remove a jurors' interest in privacy and protection from harassment. See *United States v. Gurney*, 558 F.2d 1202, 1210-12 (5th Cir.1977).

### 2.   Jurors may face criminal exposure for answers given on jury questionnaires

To complete the jury questionnaire, jurors must swear to truthfully answer the same under penalty of perjury; jurors are also placed under oath prior to answering questions in voir dire. See *e.g.*, *United States v Parse*, 789 F3d 83, 88 (2d Cir 2015). A juror who knowingly submits false answers on the jury questionnaire and/or during voir dire testimony may expose himself or herself to arrest and prosecution, while jurors also maintain a fifth amendment right against self-incrimination. *Id.*, at 91.

### 3.   Intervention in criminal trials may be granted to protect the rights of third parties

It is indisputable that precedent supports interventions by interested third parties in criminal matters, as such have been repeatedly granted in "circumstances where 'a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case.'" *United States v. Collyard*, case no. 12cr0058, 2013 WL 1346202 at *2 (D. Minn. April 3, 2013) (quoting *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004)). For example, courts have allowed the press to intervene in criminal cases to assert the First Amendment rights of the Press. See *In re Associated Press*, 162 F.3d 503, 506- 507 (7th Cir. 1998). Courts have also allowed

intervention in criminal cases by third parties who are seeking to prevent the wide dissemination of confidential or privileged information. *United States v. RMI Co.*, 599 F.2d 1183 (3d Cir. 1979); *United States v. Crawford*, 735 F.2d 174 (5th Cir. 1984); *United States v. Martoma*, 962 F. Supp. 2d 602, 605-06 (S.D.N.Y. 2013). "A third-party's reasonable assertion of privilege with respect to documents to be produced in a criminal action is sufficient grounds on which to grant the third-party's motion to intervene and to consider the merits of that party's application." *Martoma*, 962 F. Supp. 2d at 605-06.

**B.** **Juror 50's Jury Questionnaire should be released to Counsel, but otherwise remain under seal, to provide Juror 50 with a full and fair opportunity to present his position to this Court**

**1.** **A copy of the Jury Questionnaire is necessary to comply with Judge Nathan's January 5th order**

It is necessary for Juror 50 to review his answers to the Jury Questionnaire and the transcript of his voir dire testimony, before he is able to comply with Judge Nathan's order and address the "appropriateness of an inquiry", into his conduct and his truthfulness of his responses on the Jury Questionnaire. *See* Order at 1. Jan. 5, 2022. 20-CR-330. It should go without saying that Juror 50 needs to know whether or not the question(s) related to prior sexual abuse were answered by him correctly on his Jury Questionnaire to help determine what an appropriate inquiry would entail, so that the same would also Juror 50's privacy rights and legitimate interests related to these matters.

2. <u>**The Court has the authority to release the Jury Questionnaire under seal.**</u>

Juror 50's Jury Questionnaire and the transcript of his testimony during voir dire are currently held under seal, by this Court's authority.

In *United States v. King*, the appellate court made clear that it may be permissible to release jury questionnaires from a trial, if the juror names were redacted to maintain juror anonymity. *United States v. King*, 140 F3d 76, 83 (2d Cir 1998). Support for such a release was based on the holding that limitations to access of voir dire materials are only permissible when there is a demonstrated need, and the limitations are narrowly drawn and supported by findings. *Id*., at 82-83.

The decision to release jury questionnaires and voir dire transcripts is subject to a balancing test. *United States v Bruno*, 700 F Supp 2d 175, 182-83 (NDNY 2010). The Court must use its discretion to "make a sensitive appraisal of the climate surrounding a trial and a prediction as to the potential security or publicity problems that may arise" before, during, and after the proceedings. *United States v. Childress*, 58 F.3d 693, 702 (D.C.Cir.1995); <u>see also</u> *United States v. Brown*, 250 F.3d 907, 914–15 (5th Cir.2001) (holding that the trial court may refuse to allow the media to inspect documents that are not a matter of public record and that such refusal does not operate as a prior restraint). The conclusion of the trial does not remove the jurors' interest in privacy and protection from harassment. <u>See</u> *United States v. Gurney*, 558 F.2d 1202, 1210-12 (5th Cir.1977); see also *United States v. Harrelson*, 713 F.2d 1114, 1118 (5th Cir.1983) (finding that "[c]ommon sense tells us that a juror who has once indicated a desire to be let alone and to put the matter of his jury service behind him by declining to be interviewed regarding it is unlikely to change his mind; and if he does, he is always free to initiate an interview").

3. <u>**The instance matter presents a compelling reason to release the Jury Questionnaire to Counsel, under seal.**</u>

To the extent Juror 50's privacy interest would normally prevent disclosure, those factors do not apply to the release of the Jury Questionnaire and the voir dire transcript, under seal, to his own attorney. Such a release will allow Juror 50 to comply with Judge Nathan's Order from January 05, 2022. Additionally, since the Jury Questionnaire and voir dire transcript will remain under seal, with the limited expectations requested herein, this Court need not be concerned about the risks that may be posed by full disclosure of the same, and therefore does not need to consider the risks of widespread disclosure in deciding the instant motion.

While the court was right to seal the Jury Questionnaire and voir dire transcript from the public given the circumstances of the trial, the circumstances have changes since that time. Now that the Jury Questionnaire of Juror 50 specifically is at issue, Juror 50's attorney should be granted access to the document under seal. The privacy concerns that favor limiting access to the Jury Questionnaire and voir dire transcript by others do not apply to Juror 50 himself, given his unique involvement and personal role in the inquiry directed by the order of this Court. As such, the balancing of the relevant factors strongly supports granting Juror 50 access to his own Jury Questionnaire and the transcript of his voir dire testimony, under seal, especially in light of the unique facts and circumstance presented by this matter.

IV. <u>**CONCLUSION**</u>

For the above stated reasons, Juror 50 respectfully requests the Court release a copy of the Jury Questionnaire and the transcript of Juror 50's voir dire testimony to the Prosecution, defense counsel, and the attorney for Juror 50, under seal, and that the Court grant his motion to intervene.

Dated:        New York, New York
              January 10, 2022

                                   Respectfully Submitted,

                                        /S/
                                   _____
                                   Todd Spodek, Esq.
                                   Spodek Law Group P.C.
                                   85 Broad Street, 17th Floor
                                   New York, NY 10004
                                   Tel: (212) 300-5196
                                   Fax: (212) 300-6371
                                   ts@spodeklawgroup.com
                                   *Attorney for Proposed Intervenor*

## **CERTIFICATE OF SERVICE**

I certify that on this 10th day of January, 2022, I caused a copy of the foregoing to be electronically served upon all parties receiving CM/ECF notices in this case.

/S/

_____
Todd A. Spodek, Esq.
***COUNSEL FOR PROPOSED INTERVENOR***