UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/22
```

United States of America,

–v–

Ghislaine Maxwell,

Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On January 19, 2022, the Defendant filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 on the basis that Juror 50 "falsely answered a material question during *voir dire* and . . . that, had he answered truthfully, he would have been subject to a challenge for cause." Maxwell Br., Jan. 19, 2022, at 48. The Defendant contends that the current paper record sufficiently supports her motion and should be granted without a hearing. In the alternative, she requests that a hearing be conducted. *Id*. She also argues that if a hearing is ordered, a broader hearing is required based on a news article that suggests a second juror was allegedly a victim of sexual abuse. *Id.* at 48–49.

In an Opinion & Order filed under temporary seal, the Court DENIES the Defendant's motion for a new trial on the current record. As explained in the temporarily sealed Opinion & Order, Defendant's motion on the current record relies extensively on statements made by Juror 50 regarding what occurred during jury deliberations that the Court is prohibited from considering under Federal Rule of Evidence 606. With regard to Juror 50's statements that do not pertain to jury deliberations, in order to resolve the motion on this record, the Court would have to accept unsworn statements made to media outlets as true and reach factual determinations that are not available on the current record.

1

Accordingly, for the reasons fully explained in the Opinion & Order, a hearing is necessary to resolve the Defendant's motion. Because of the important interest in the finality of judgments, the standard for obtaining a post-verdict hearing is high. The Court concludes, and the Government concedes, that the demanding standard for holding a post-verdict evidentiary hearing is met as to whether Juror 50 failed to respond truthfully during the jury selection process to whether he was a victim of sexual abuse. Following trial, Juror 50 made several direct, unambiguous statements to multiple media outlets about his own experience that do not pertain to jury deliberations and that cast doubt on the accuracy of his responses during jury selection. Juror 50's post-trial statements are "clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety"—namely, a false statement during jury selection—has occurred. *United States v. Baker*, 899 F.3d 123, 130 (2d Cir. 2018). To be clear, the potential impropriety is not that someone with a history of sexual abuse may have served on the jury. Rather, it is the potential failure to respond truthfully to questions during the jury selection process that asked for that material information so that any potential bias could be explored.

In contrast, the demanding standard for ordering an evidentiary hearing is not met as to the conduct of any other juror. The Court DENIES the request to conduct a hearing with respect to the other jurors. The Court also DENIES the Defendant's request for a broader hearing and pre-hearing discovery.

The Court therefore ORDERS that a hearing take place at which the Court will question Juror 50 under oath. The Court further ORDERS that Juror 50's questionnaire be unsealed, for the reasons explained in the Opinion & Order. The Court will email counsel for Juror 50 a copy of his questionnaire and a copy of this Order. As also explained in the Opinion & Order, the

Court will conduct the questioning at the public hearing with input from counsel for the Defendant and the Government.  The parties may submit by email proposed questions in accordance with the Opinion & Order on or before **March 1, 2022**.

The hearing will take place on **March 8, 2022, at 10:00 a.m.**  The Court ORDERS Juror 50 to appear in Courtroom 906 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York at that date and time to give testimony under oath in response to the Court's questions.  The Court will ensure public access and will provide information on public access as soon as it is available.

The Court will send the temporarily sealed Opinion & Order to the parties.  **By noon on February 25, 2022**, the parties are ORDERED to inform the Court whether either seeks limited redactions to the Opinion & Order, conforming any requests to this Court's prior order, Dkt. No. 596, and justifying any such request by reference to the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

SO ORDERED.

Dated: February 24, 2022
       New York, New York

_____
ALISON J. NATHAN
United States District Judge