

**Haddon, Morgan and Foreman, P.C**
**Jeffrey S. Pagliuca**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364
FX  303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

January 13, 2022

**VIA EMAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

Ms. Maxwell requests that the "Memorandum of Law in Support of Motion to Intervene and for Release of Sealed Jury Questionnaire and Transcript, on Behalf of Proposed Intervenor, Juror 50" and its companion Motion remain under seal, at least until a resolution of Ms. Maxwell's forthcoming motion for new trial based on this Juror's failure to answer truthfully during jury selection.  Juror 50's Motion and accompanying Memorandum are an attempt to obtain discovery by a non-party to this criminal case, made by someone who lacks standing to participate in this prosecution.  Accordingly, these pleadings are not "judicial documents" and are afforded no presumption of public access.

Juror 50 first seeks to intervene suggesting that "it is indisputable that precedent supports intervention by interested third parties in criminal matters…."  Memo. at 8.

*Au contraire*, "the long line of precedent hold[s] that a non-party lacks a judicially cognizable interest in a defendant's prosecution." *United States v. Stoerr*, 695 F.3d 271, 278 (3d Cir. 2012).  Juror 50 is not a party here and there is no legal basis for Juror 50 to intervene in this

The Honorable Alison J. Nathan
January 13, 2022
Page 2

matter. The request is not to intervene by a journalist for public access. *See United States v. Aref,* 533 F.3d 72, 81 (2d Cir. 2008) (motion to intervene to assert the public's First Amendment right of access to criminal proceedings is proper). Nor is the request from a subpoena respondent. *United States v. RMI Co.,* 599 F.2d 1183, 1186 (3d Cir. 1979) (persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders). Although Juror 50 has expressed a questionable interest in the outcome of this case, that does not afford him standing to intervene. Notably, the Federal Rules of Criminal Procedure make no reference to a motion to intervene in a criminal case. This is a recognition of the general rule that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). And as one court has noted, "[e]ven crime victims, who enjoy various statutory rights of participation, have no right to intervene in the district court in a criminal case." *United States v. Collins*, 2013 WL 4780927, at *1 (E.D. Wis. 2013).

The second request by Juror 50 is for discovery. Ms. Maxwell's position, to be more fully articulated in her forthcoming substantive response to this Motion, is that this request should be denied. For purposes of the issue concerning maintaining the seal on public access, discovery requests are not "judicial documents." *United States v. Smith*, 985 F. Supp. 2d 506, 519(S.D.N.Y. 2013) ("experience and logic show that there is no right of access to discovery materials"). *See SEC v. The Street.Com*, 273 F.3d 222, 233 (2d Cir.2001) (rejecting claim that deposition testimony became a "judicial document" "because the Court reviewed it in order to decide whether or not to enter [a] protective order").

The Honorable Alison J. Nathan
January 13, 2022
Page 3

The fact that Juror 50 filed these pleadings does not make them "judicial documents." *United States v. Amodeo ("Amodeo I")*, 44 F.3d 141, 145 (2d Cir. 1995) ("We think that the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. We think that the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."). Moreover, Ms. Maxwell anticipates moving to strike the pleadings and, if stricken, the documents enjoy no presumption of public access. *Brown v. Maxwell*, 929 F.3d 41, 51–52 (2d Cir. 2019) ([under Civil Rule 12], "the district court may strike such material from the filings on the grounds that it is "redundant, immaterial, impertinent, or scandalous." Because such rejected or stricken material is not "relevant to the performance of the judicial function" it would not be considered a "judicial document" and would enjoy no presumption of public access.").

The Second Circuit established a framework in *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110 (2d Cir. 2006) for courts to utilize in determining when the public has a right of access to particular documents. The Court of Appeals held that "[b]efore any such common law right can attach, however, a court must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch,* 435 F.3d at 119. "Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Id.* "Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* at 120.

The Honorable Alison J. Nathan
January 13, 2022
Page 4

There exists no compelling reason to release Juror 50's pleadings. Any public release of the documents will set off another round of publicity, speculation, and commentary, all of which is prejudicial to the truth finding process and Ms. Maxwell's rights to fair and impartial proceedings.

The pleadings filed by Juror 50 have questionable merit, have not been ruled upon, and implicate an ongoing investigation by the parties and the court into juror misconduct. Certainly, at least at this stage of the proceedings, the pleadings are not "judicial documents" and until the issues around Juror 50's motion for intervention and discovery have been resolved they should remain sealed. If the Court believes Juror 50's pleadings merit judicial document status the seal should remain. The pleadings would be afforded the lowest presumption of public access and compelling reasons to maintain the sealed status exist.

Juror 50 has demonstrated a lack of reliability and an appetite for publicity. Should the documents be released the *sotto voce* comments regarding Juror 50's intent, state of mind, and actions will be fodder for the media and may influence the memories of other potential witnesses, including notably the other jurors. Documents regularly remain sealed where public release would "compromis[e] the interest in the integrity and security of [an] investigation," *In re Sealed Search Warrants Issued June 4 & 5, 2008*, No. 08–M–208 (DRH), 2008 WL 5667021, at *5 (N.D.N.Y. July 14, 2008).

The Honorable Alison J. Nathan
January 13, 2022
Page 5

*s/ Jeffrey S. Pagliuca*
Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*


cc: Counsel of record (via Email)