

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 13, 2022

**By Email**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

    Counsel for Juror 50 has filed a motion to intervene, and to obtain a copy of certain materials relating to jury selection. The motion was submitted by email to Chambers. In an Order dated January 12, 2022, the Court directed the parties "to submit via email any proposed redactions on or before January 13, 2022, justifying any such request by reference to the three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)." The Government respectfully submits that no redactions are necessary, and accordingly the motion should be publicly filed.

    The defendant opposes any public filing of Juror 50's motion, arguing that it is not a judicial document. This argument is meritless. Juror 50's motion to intervene is quite obviously "relevant to the performance of a judicial function and useful in the judicial process." *United States*

*v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *see also S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (noting that a "document which is presented to the court to invoke its powers or affect its decisions" stands on a "different footing" than items merely passed between parties in discovery). The defendant's letter previews her argument on the *merits* of Juror 50's motion to intervene, which the parties have not yet briefed, yet ignores that the motion is a judicial document whether or not the Court ultimately grants the motion. *See Lugosch*, 435 F.3d at 121 (rejecting the argument that "until a district court knows the disposition of the underlying motion, any attempt at calling something a judicial document is premature").

The defendant also argues that Juror 50's motion is not a judicial document because it is a "discovery request." First, Juror 50 is not asking for discovery. He is asking for access to his questionnaire: a document that he himself prepared and swore under penalty of perjury, and which, now that trial is complete, is maintained under seal principally if not entirely to protect his own privacy interests. *See, e.g.*, *Press-Enter. Co. v. Superior Ct. of California, Riverside Cty.*, 464 U.S. 501, 511–12 (1984). Second, the cases the defendant cites address whether discovery materials *themselves* should be docketed, not whether a *motion* for discovery should be. The issue here is not whether the questionnaire should be docketed, but whether the motion should be.

Turning to the balancing factors set forth in *Lugosch*, the defendant has identified no privacy interest implicated by public filing of the motion, nor could she. Instead, the defendant cites the vague concern that potential witnesses at a hearing may learn Juror 50's views if the motion is unsealed, or that publicity regarding the filing will prejudice her. This argument has no merit. The only substantive factual assertion in the motion is a brief statement that Juror 50 "does not recall answering questions regarding his prior experience with sexual assault," which, as the

motion then notes, Juror 50 has already said publicly.

Accordingly, no redactions are justified, and the motion should be docketed.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ____s/_____
Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
Assistant United States Attorneys
Southern District of New York

Cc: Defense Counsel (by email)