

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 1, 2022

**BY EMAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

    In accordance with the Court's February 24, 2022 Opinion and Order (Dkt. No. 620), the Government respectfully submits this letter to propose questions for the public hearing at which the Court will question Juror 50 under oath.

    The Court has ordered that the scope of the hearing will be limited to three narrow categories of inquiry: (1) whether Juror 50 provided false answers to Questions 25 and 48 on his juror questionnaire, (2) the explanation for the answers he gave to those particular questions, and (3) "how Juror 50 would have responded to follow-up questions if accurate answers had been provided." Feb. 24, 2022 Opinion and Order at 7. As an initial matter, the Government submits that after placing Juror 50 under oath, the Court should give Juror 50 the following instruction consistent with Rule 606(b): I am going to ask you a series of focused questions today. I instruct you not to tell me about the jury's deliberations. I also instruct you not to tell me about your thought processes as a deliberating juror. None of my questions will ask you about those subjects.

    Following that instruction, the Government respectfully submits that the following questions would be appropriate for each of the above three categories.

## I. Whether Juror 50 Accurately Answered Questions 25 and 48

First, the Court should ask Juror 50 to answer Questions 25 and 48, to determine what the accurate answers are:

- Question 48: Have you or a friend or family member ever been the victim of sexual harassment, sexual abuse, or sexual assault?

- Question 48(a) asks the juror to "please explain." Consistent with the Court's practice at voir dire, the Government submits that the Court should ask Juror 50 whether he feels comfortable explaining in open court what happened to him, or whether he would prefer to do so at sidebar. The Government notes that Juror 50 does not appear to have shared any of the details of his personal experience with sexual abuse in his interviews with media outlets. Moreover, Juror 50's counsel expressed concern about Juror 50's privacy rights regarding disclosing intimate details of his experience as the victim of sexual abuse. (Dkt. No. 608 at 6-7). The Government further notes that the Court did not ask prospective jurors at voir dire to provide detailed accounts of their experiences with sexual abuse or sexual assault, and thus Juror 50 should not be required to give a detailed account of his personal experiences, because the Court has already determined that such details are not necessary to determining a juror's qualifications and an inquiry mimicking that which would have occurred during voir dire is consistent with the hypothetical inquiry called for by Second Circuit case law. *See United States v. Stewart*, 433 F.3d 273, 304 (2d Cir. 2006).

- Question 25: Have you, or any of your relatives or close friends, ever been a victim of a crime? The Government respectfully notes that unlike Question 48 of the

written questionnaire, Question 25 did not ask prospective jurors to elaborate, but simply asked whether they could be fair and impartial.

## II. Juror 50's Explanation For His Answers to Questions 25 and 48

The Government submits that the Court should then direct Juror 50 to the questionnaire he completed, and ask the following questions:

- Was your answer to Question 48 in the written questionnaire accurate?
    - If not, can you please explain why you answered "no" to Question 48?
    - Did you intentionally answer Question 48 inaccurately?
- Was your answer to Question 25 in the written questionnaire accurate?
    - If not, can you please explain why you answered "no" to Question 25?
    - Did you intentionally answer Question 25 inaccurately?

## III. How Juror 50 Would Have Responded to Follow Up Questions to Questions 25 and 48

Consistent with the Court's questioning of jurors who disclosed during voir dire that they had experienced sexual abuse, sexual assault, or sexual harassment, the Government submits that the Court should ask Juror 50 whether his experiences affected his ability to be fair and impartial. However, the Court should be mindful of Rule 606(b), which precludes the Court from inquiring into the substance of the jury's deliberations or Juror 50's mental processes as a juror. Accordingly, the Government submits the following questions are appropriate:

- At the time you were selected as a juror, was there anything about your experience with prior sexual abuse that would have affected your ability to be fair and impartial in this case?
- At the time you were selected as a juror, was there anything about your experience with prior sexual abuse that would have affected your ability to render a verdict

    based solely on the evidence presented at trial and my instructions on the law?

- At the time you were selected as a juror, did you have any bias against Ghislaine Maxwell?

- At the time you were selected as a juror, did you have any doubt as to your ability to be fair to both sides?

             Respectfully submitted,

             DAMIAN WILLIAMS
             United States Attorney

           By:   s/
             Maurene Comey
             Alison Moe
             Lara Pomerantz
             Andrew Rohrbach
             Assistant United States Attorneys
             Southern District of New York

Cc: Defense Counsel (by email)