# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-912-9698 • Cell
888-587-4737 • Fax

225 Broadway, Suite 715
New York, NY 10007
bcsternheim@mac.com

June 17, 2022

Honorable Alison J. Nathan
Sitting By Designation
United States District Court
40 Foley Square
New York, NY 10007

      Re: *United States v. Ghislaine Maxwell*
        S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

  Counsel for Ms. Maxwell write to inform the Court that we do not request sealing or redaction of the letter submitted by Robert Y. Lewis, Esq., counsel to Sarah Ransome and Elizabeth Stein. However, Mr. Lewis's letter raises an issue that we believe the Court must resolve prior to the sentencing hearing; namely, who may submit victim impact statements to the Court or address the Court at sentencing under the Crime Victims' Rights Act ("CVRA").

  Under the CVRA, a "crime victim" has, among other things, "the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding."  18 U.S.C. § 3771(a)(4).  The CVRA defines a "crime victim" as "a person *directly and proximately harmed* as a result of the commission of a Federal offense or an offense in the District of Columbia."  18 U.S.C. § 3771(e)(2)(A) (emphasis added).  The concept of "direct and proximate harm," as used in the CVRA, is not limitless and only covers victims of the conduct underlying the offenses of conviction.  See *United States v. Daly*, No. 3:11-cr-121 (AWT), 2012 WL 315409, at *5-*6 (D. Conn. Feb. 1, 2012) ("[T]he determination as to whether person has the rights of a 'crime victim' for purposes the CVRA is made *with reference to the conduct underlying the charged offense*.") (emphasis added).

  The conduct underlying the offenses charged against Ms. Maxwell ended "in or about 2004."  To our understanding, Ms. Ransome alleges that she was a victim of Epstein and Ms. Maxwell from approximately October 2006 to April 2007, a full two years after the conduct in this case ended.  She therefore does not qualify as a "crime victim" under the CVRA.  We do not know when Ms. Stein alleges that she was a victim, but she would also not qualify as a "crime victim" if the conduct she alleges post-dates 2004 or she was not a minor.  According to uncorroborated press reports Ms. Stein claims to have met Maxwell in 1994 when Ms. Stein was 21 years old and not a minor.

  In his letter to the Court, dated June 14, 2022. Mr. Lewis requests that Ms. Ransome and Ms. Stein be given an opportunity to speak at Ms. Maxwell's sentencing proceeding and references that Ms. Ransome spoke at the hearing conducted by Judge Berman following Epstein's death. But the sentencing proceeding to be held on June 28 is far different from the hearing conducted by Judge Berman. Following Epstein's death, the government moved for a *nolle prosequi* to dispose of the case pursuant to Second Circuit law holding that if a defendant

dies before the final judgment is issued, the Indictment must be dismissed under the rule of abatement. *See United States v. Wright* 160 F.3d 905, 908 (2d Cir. 1998). Although the Court was required to dismiss the indictment, it conducted a public hearing and provided Epstein's victims a forum to be heard prior to signing the *nolle prosequi*. *See United States v. Epstein*, 19 Cr. 490 (RMB), Dkt. 53.

The victim statements in Judge Berman's proceeding had no impact on the rights of a defendant whose case is abated. Such is not the case here. While it is appropriate for victims to be present pursuant to the CVRA, Ms. Maxwell's sentencing proceeding should not be an open forum for any alleged victim to be heard. Neither Ms. Ransome nor Ms. Stein are part of the record in this case. We are concerned about the impact statements by alleged victims who were not part of the trial or whose names are not part of the record and who otherwise do not qualify as "crime victims" under the CVRA will have on the Court's sentencing determination. We request a preview of the manner in which the Court will conduct the sentencing proceeding and advance notice of the individuals who will be permitted to speak.

Ms. Maxwell's sentencing proceeding should not be an open forum for anyone to come forward who was not identified as a victim of the charged offenses.

                                                                  Very truly yours,
                                                                  /s/
                                                                  Bobbi C. Sternheim

cc: Government Counsel