**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 24, 2022

**By ECF**

The Honorable Alison J. Nathan, Sitting by Designation
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:    *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter in response to the Court's Order directing

the Government to respond to the defendant's objections and redaction requests (Dkt. No. 671).

The six individuals demonstrated at trial to be directly and proximately harmed by the

defendant's criminal conduct are Jane, Annie, Kate, Carolyn, Virginia, and Melissa.  Of these

victims, the Government has received statements from Kate, Annie, and Virginia, to which the

defendant has not objected except as to limited redactions, addressed below.[1]  Accordingly, these

---

[1] The defendant has provided the Court with these letters and its proposed redactions.

The Government understands that Kate and Annie plan to attend the sentencing, and the remaining
victims do not.

victims have a right to be heard in connection with sentencing under the Crime Victims' Rights

Act. *See* 18 U.S.C. § 3771(a)(4).

With respect to all other victim impact statements, which were not solicited by the

Government, the Government is not asking the Court to make any factual findings about these

individuals at sentencing or to consider these statements when weighing the factors under 18

U.S.C. § 3553(a).  However, in light of the Court's "largely unlimited" discretion "as to the kind

of information it may consider, or the source from which it may come," *United States v. Eberhard*,

525 F.3d 175, 177 (2d Cir. 2008) (cleaned up), the Court may accept these statements as part of

the record at sentencing.  The Government defers to the Court as to whether and in what form it

wishes to accept statements from these individuals.

Finally, the Government opposes the redaction of any victim impact statements.   The

defendant has not justified her redaction requests under the three-part test articulated in *Lugosch*

*v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  To the extent there is a privacy interest

at stake in these documents, it belongs to the victims, who are not seeking to file these letters under

seal.  The defendant gestures at a due process interest, but the decisionmaker at sentencing is the

Court, who will be able to review the redacted portions and evaluate them to the extent the Court

thinks them useful.  No due process interest is protected by withholding victim impact statements

from the public.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney


By: ___s/_____
     Maurene Comey
     Alison Moe
     Lara Pomerantz
     Andrew Rohrbach
     Assistant United States Attorneys
     Southern District of New York

Cc: Defense Counsel (by ECF)