

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 26, 2022

**By ECF**

The Honorable Alison J. Nathan, Sitting by Designation
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter in response to the Court's June 25, 2022 Order directing the Government to confer with the Warden of the Metropolitan Detention Center ("MDC") regarding the defendant's access to legal materials and counsel.[1]  This morning, the Government spoke directly with the Warden and the Chief Psychologist of the MDC.  Based on that conversation, the Government understands that the defendant currently has access to all of her legal documents in hard copy and is able to confer with defense counsel.  Accordingly, there is no basis to adjourn sentencing in this matter.

---

[1] The Government first learned of the defendant's newly raised concerns about her conditions of confinement through the publicly filed letter from defense counsel last night.  (Dkt. No. 677). Defense counsel did not confer with or seek assistance directly from the Government before filing that letter.

1

Based on information provided by the Warden and the Chief Psychologist of the MDC this morning, the Government understands the following regarding the defendant's current status and conditions at the MDC. On Friday, June 24, 2022, the Warden of the MDC was informed that the Bureau of Prisons Inspector General's Office (the "IG") had received an email directly from the defendant from within the MDC claiming to be in fear for her safety. Apparently the defendant claimed to the IG that she feared MDC staff members were threatening her safety. The Warden and the Chief of Psychology felt obligated to remove the defendant from general population and investigate the defendant's claim. Ordinarily, an inmate raising such a safety concern would be placed in a single cell of the Special Housing Unit ("SHU") of the MDC. In circumstances where the facility is concerned that the inmate is at heightened risk of self-harm, however, the MDC will instead place the inmate on suicide watch. The Warden and Chief Psychologist indicated that at least two other inmates have recently been placed on suicide watch in similar circumstances.

Here, the Warden and Chief Psychologist assessed that the defendant is at heightened risk of self-harm, particularly given her upcoming sentencing and sex offender status. As a result, they are not comfortable placing the defendant in the SHU, but they also need to remove the defendant from general population to investigate the threat she reported to the IG. Accordingly, the defendant was placed on suicide watch. Although the defendant has claimed to psychology staff that she is not suicidal, she has refused to answer psychology staff's questions regarding the threat she reported to the IG. While she claimed to the IG to be in fear for her safety, she refused to tell psychology staff what that fear is. Given the defendant's inconsistent accounts to the IG and to psychology staff, the Chief Psychologist assesses the defendant to be at additional risk of self-harm, as it appears she may be attempting to be transferred to a single cell where she can engage

in self-harm. The defendant will remain on suicide watch until the MDC assesses that she is no longer at heightened risk of self-harm. That status will be reevaluated daily. At the same time, the Warden will oversee an investigation into the safety concern that the defendant reported to the IG.

In the meantime, the Warden and Chief Psychologist have confirmed that the defendant will be able to continue to prepare for sentencing unencumbered. After the defendant complained that she was missing certain legal materials on suicide watch, MDC staff asked where in her property the papers she needed were located. In response, the defendant said the materials were in her property but refused to provide specifics about where within her property the materials were located. To ensure that the defendant has everything she could possibly need, MDC staff gathered all papers within the defendant's property, including bins of papers, and put them all in her cell on suicide watch. As a result, the defendant now has all of her legal paperwork with her. If she believes she is missing any items, she can inform MDC staff.

Additionally, the defendant continues to have access to counsel. The defendant had a legal visit yesterday. The Warden and Chief Psychologist confirmed that the defendant will continue to be permitted to visit in person with counsel while on suicide watch. If counsel does not visit the defendant today, then she will be given a legal call so that she may confer with her counsel by phone.

With respect to the defendant's complaints about her conditions more generally, the Warden and Chief Psychologist confirmed that the defendant was given clothing this morning and is no longer required to wear a smock. They further indicated that the lighting at night on suicide watch is similar to the lighting at night in the general population unit where the defendant was

previously housed. Accordingly, there is no reason the defendant cannot get the same amount of sleep while on suicide watch as she did in general population.

Given the defendant's continued access to her legal documents and to counsel, there is no reason to adjourn sentencing in this matter. The Government respectfully submits that sentencing should proceed as scheduled on June 28, 2022.

                    Respectfully submitted,

                    DAMIAN WILLIAMS
                    United States Attorney

By:    s/                        
        Maurene Comey
        Alison Moe
        Lara Pomerantz
        Andrew Rohrbach
        Assistant United States Attorneys
        Southern District of New York

Cc: Defense Counsel (by ECF)