UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | Case No. 1:20-cr-330 |
| ) | |
| GHISLAINE MAXWELL, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**MOTION OF KATE TO BE ALLOWED TO DELIVER A VICTIM IMPACT STATEMENT AT SENTENCING**

Jane Doe, who testified at the trial in this matter under the pseudonym Kate, through undersigned counsel, files this motion for the Court to be allowed to deliver a victim impact statement, orally and in court, at the sentencing of Ghislaine Maxwell on June 28. In support of this motion, the undersigned states as follows:

**INTRODUCTION**

At trial of Ghislaine Maxell, Kate testified about her experience with Ghislaine Maxwell. The jury found that Maxwell had committed crimes charged in the indictment beyond a reasonable doubt. Now, at sentencing, the Court has greater freedom to consider the full scope of the harms that Maxwell's crimes have caused. *See* 18 U.S.C. § 3661 ("no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Kate seeks to assist the Court in that effort by providing an oral victim impact statement at sentencing.

**FACTUAL BACKGROUND**

At this point in the proceedings, it is clear the defendant Maxwell was involved in a far-reaching sex trafficking conspiracy. Defendant Maxwell was found guilty by a jury of a "decade-long unlawful agreement with the Defendant's continuous coconspirator, Jeffrey Epstein. The overarching conspiracy—which, as the Government argued and proved at trial, employed a single 'playbook' to groom and sexually abuse underage girls—constitutes a single conspiracy offense with multiple victims." DE 657 at 2-3. Now, defendant Maxwell is to be sentenced for her criminal involvement in this far-research conspiracy. Kate clearly has a right to be heard as part of that process.

As this Court is aware, Kate was recognized in this case as a crime victim of a federally charged criminal conspiracy against Ghislaine Maxwell for acts that Maxwell committed against Kate when she was seventeen years old. While there was a limiting instruction during the trial, clarifying that the jury was not permitted to find Maxwell guilty of any crime charged committed against Kate, she provided powerful and credible testimony of her interactions with Maxwell, which viewed in any objective light clearly demonstrate she was the victim of Maxwell's grooming that led to years of sexual abuse at the hands of Jeffrey Epstein. Kate courageously took the stand to share her experiences with the jury and was subject to the severe stress of a harsh cross-examination. Having endured such risk and emotional expense to ensure the jury had a full picture and was able to render a just verdict, Kate is deserving of the opportunity to return and speak at this important stage for the benefit of the Court and the catharsis she will likely experience from providing her valuable insight at this stage where she can speak without the anxiety of being attacked by opposing counsel. No doubt, Kate has important insight into Maxwell's role in a sex-trafficking organization, the type that is helpful for any Court tasked with determining an appropriate sentence.

**ARGUMENT**

**I.      Kate has a statutory right to be heard under the Crime Victims' Rights Act.**

The CVRA guarantees crime victims the right to "reasonably heard at any public proceeding in the district court involving ... sentencing." 18 U.S.C. § 3771(a)(4). This is the right of a victim to give what is commonly referred to as a "victim impact statement." See generally United States v. Degenhardt, 405 F.Supp.2d 1341 (D. Utah 2005). Various courts have held that the CVRA right to be reasonably heard guarantees victims the right to make an in-court statement. As one court has explained, "[a]t a sentencing hearing, the other participants will speak directly to the judge. Read against this backdrop, the CVRA commands that a victim should be treated equally with the defendant, defense counsel, and the prosecutor, rather than turned into a 'faceless stranger.'" *Degenhardt,* 405 F.Supp.2d at 1348 *(quoting Payne v. Tennessee,* 501 U.S. 808,825 (1991)).

The Crime Victim's Rights Act ("CVRA") defines the term "crime victim" as a "person directly and proximately harmed as a result of the commission of a Federal offense …." 18 U.S.C. § 3771(e). This definition was based on earlier restitution statutes, which "all demonstrate a clarion congressional intent to provide restitution to as many victims and in as many cases as possible." *United States v. Martin,* 128 F.3d 1188, 1190 (7th Cir. 1997) (quoted in *United States v. Kamuvaka*, 719 F.Supp.2d 469, 475 (E.D. Pa. 2010)). Thus, in relying on these far-reaching statutes to craft the CVRA, Congress used "an intentionally *broad definition* because all victims of crime deserve to have their rights protected." 150 Cong. Rec. S4270 (Apr. 22, 2004) (emphasis added) (statement of Sen. Kyl, agreed to by Sen. Feinstein). Congress understood that it was extending rights to "literally millions of people"—i.e., victims who were being denied rights in the federal criminal justice process. 150 Cong. Rec. S42604 (Apr. 22, 2004) (statement of Sen. Kyl).

3

Under the CVRA's plain language, "a party may qualify as a victim, even though [she] may not have been the target of the crime, as long as [she] suffers harm as a result of the crime's commission." *In re Fisher*, 640 F.3d 645, 648 (5th Cir. 2011) ("*Fisher I*"). Thus, the CVRA "instructs the district court to look at the offense itself only to determine *the harmful effects* the offense has on parties." *In re Wellcare Health Plans, Inc.,* 754 F.3d 1234, 1239 (11th Cir. 2014) (cleaned up). Because of this requirement to identify an offense's "harmful effects," numerous CVRA "victim" cases have found it necessary to look beyond the narrow "record" of the charges themselves. *See, e.g., In re Fisher*, 649 F.3d 401, 403-04 (5th Cir. 2011) (collecting cases) ("*Fisher II*").

An instructive case comes from the D.C. Circuit, which reversed a district court decision denying "victim" status in a drug trafficking case. The Circuit explained that in determining whether a decedent's family had CVRA "victim" status, the district court erred by "limit[ing] its evaluation to the indictment and the statement of facts submitted by [the defendant] as part of his negotiated plea agreement." *In re de Henriquez,* No. 15-3054, 2015 WL 10692637, at *1 (D.C. Cir. 2015). The Circuit noted that "[u]nder the CVRA, victims may participate in proceedings even when there has been no formal charge." *Id.* (citing 18 U.S.C. § 3771(a)(9) (victims have the right to timely notice of a deferred prosecution agreement)). Moreover, "[b]ecause victim status can be argued for even prior to the filing of an indictment, it is clear that Congress intended courts to look beyond the four corners of an indictment or plea agreement. For example, in the context of the [drug trafficking] conspiracy here, neither the indictment nor the statement of facts included in the plea agreement mention violence of any kind. And yet, logic allows for the inference . . . that [the defendant's] paramilitary organization . . . employed violence and force as part of its method of operation." *Id.*

4

It is also important to understand that this case has now moved to a different phase than the trial phase, where (of course) the defendant is entitled to a presumption of innocence and is protected by the requirement that the Government must prove guilty by proof beyond a reasonable doubt. But, in determining the "crime victim" issue at sentencing, the relevant standard of proof is the conventional standard for proceedings in criminal cases outside of trial: preponderance of the evidence. *See United States v. Giraldo-Serna*, 118 F.Supp.3d 377, 382 (D.D.C. 2015) ("Purported victims under the CVRA must prove their victim status by a preponderance of the evidence.") (citing *In re McNulty,* 597 F.3d 344, 351 (6th Cir. 2010); *United States v. Atl. States Cast Iron Pipe Co.,* 612 F.Supp.2d 453, 486, 495, 508 (D.N.J. 2009)); *see also United States v. Gushlak*, 728 F.3d 184, 195 (2d Cir. 2013) (applying preponderance of of the evidence standard to victim restitution issue); *United States v. Kim*, 988 F.3d 803, 809 (5th Cir. 2021) (same).

Against that backdrop, Kate is a "victim" who has a right to speak at sentencing just as she was permitted to testify during the trial. In addition, this Court also possesses broad discretionary power, derived from statute and common law, to hear from Kate in determining the appropriate sentence. *See* 18 U.S.C. § 3661; *see also United States* v. *Degenhardt,* 405 F.Supp.2d 1341, 1343 (D. Utah 2005) (discussing the court's discretionary powers to hear from victims).

Federal courts have wide discretion to gather information at sentencing subject to only a few constitutional or statutory restrictions. *See United States* v. *Tucker,* 404 U.S. 443,446 (1972) ("[A] judge may appropriately conduct an inquiry [at sentencing] broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come."); *Williams v. New York,* 337 U.S. 241,247 (explaining that in order to determine an "appropriate sentence" judges need "the fullest information possible concerning the defendant's life and characteristics."). The Federal Rules of Evidence do not limit the evidence that the court can

consider at sentencing. *See* Fed. R. Evid. 110l(d)(3); *United States v. Croxford,* 324 F. Supp. 2d 1230, 1240 (D. Utah 2004); *United States* v. *Fennel,* 65 F.3d 812, 813 (10th Cir. 1995).

Of particular importance in confirming the broad power of courts at sentencing is a broad federal provision—18 U.S.C. § 3661—which states "*no limitation* shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). The critical words "no limitation" grant a sentencing court extremely broad discretionary authority over what sentencing information will be considered. The Second Circuit, for example, has recognized the broad scope of this provision. *See United States v. Morrison*, 778 F.3d 396, 400–01 (2d Cir. 2015). The Second Circuit noted that § 3661 contains "emphatic language" which "preclude[s] categorical proscriptions on '*any factor* concerning the background, character, and conduct of the defendant, with the exception of invidious factors.'" *Id.* (emphasis in original) (citing *United States v. Cavera,* 550 F.3d 180, 191 (2d Cir.2008) (en banc)).

In view of these authorities, the court has discretionary to hear from anyone it believes would have useful information for sentencing. Kate respectfully submits that hearing from her will help the court in imposing a fair and just sentence and that she should be allowed to speak.

## CONCLUSION

For all these reasons, the Court should allow Kate to deliver an oral victim impact statement at defendant Maxwell's sentencing, or, at a minimum, provide her additional time to brief the issue.

Dated:  June 22, 2022.

6

        Respectfully Submitted,

        EDWARDS POTTINGER, LLC

        */s/ Bradley J. Edwards*
        Bradley J. Edwards
        Brittany N. Henderson
        425 N. Andrews Ave., Suite 2
        Fort Lauderdale, FL 33301
        (954)-524-2820
        Fax: (954)-524-2822
        Email: ecf@epllc.com
                brad@epllc.com
                brittany@epllc.com