UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/22
```

United States of America,

–v–

Ghislaine Maxwell,

     Defendant.

20-CR-330 (AJN)

ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

  The Crime Victims' Rights Act (CVRA) "guarantees to the victims of federal crimes an array of substantive and participatory rights, including the rights to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, to confer with the attorney for the Government in the case, and to receive full and timely restitution as provided in law." *United States v. Murillo-Bejerano* (*In re Rendon Galvis*), 564 F.3d 170, 174 (2d Cir. 2009) (per curiam) (cleaned up). "In any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded th[ose] rights." 18 U.S.C. § 3771(b)(1).

  In accordance with the procedure required by this Court's prior order, Dkt. No. 671, the Government has provided statements from seven individuals asserting they are crime victims under the CVRA. As explained below, the Court will permit all seven individuals to provide statements and the Defendant's request for redactions is denied.

  As a preliminary matter, the Defendant does not object to the inclusion of statements from three of these individuals: Annie Farmer, Kate, and Virginia Giuffre. Accordingly, their written submissions are deemed part of the record and to the extent Annie Farmer, Kate, and/or Giuffre seek permission to make an oral statement at sentencing, that request is granted.

1

The Defendant contests whether the remaining four individuals—Maria Farmer, Sarah Ransome, Teresa Helm, and Juliette Bryant—are "crime victims" within the meaning of the CVRA.  The Defendant contends, among other things, that the record does not establish that they were under the relevant statutory age at the time of the incidents they describe or that the conduct occurred within the time period charged in the indictment and established at trial.  However, the Court need not resolve this question because "the sentencing court's discretion is largely unlimited either as to the kind of information it may consider, or the source from which it may come."  *United States v. Eberhard*, 525 F.3d 175, 177 (2d Cir. 2008) (cleaned up).  Indeed, 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  *See, e.g.*, *United States v. Garigen*, No. 21-112, 2022 WL 258568, at *1 (2d Cir. Jan. 28, 2022) (summary order) (finding no due process violation in allowing individual to speak at sentencing even assuming they lacked "an express right . . . under the [CVRA]," because "the court was certainly within its power to permit them to speak" under § 3661 and defendant "clearly was free to object or respond to any of the statements that [individuals] made during her sentencing, and the district court was permitted to consider all of these statements as relevant in formulating a sentence" (cleaned up)).

Accordingly, the Court, exercising its discretion under § 3661, will permit Maria Farmer, Ransome, Helm, and Bryant to be reasonably heard at sentencing through written submissions.  The Court will therefore allow their written submissions to be part of the record and consider them for what they appropriately may be considered.  The Court will, however, exercise its discretion and deny their requests to make an in-person statement, to the extent they so request.

The Defendant also seeks partial or full redactions of some of the statements, citing references to issues that were not disclosed by the Government or revealed during the victims' trial testimony (with respect to Annie Farmer and Kate); concerns about credibility (with respect to Giuffre); and due process concerns (with respect to the remaining individuals) Def.'s Ltr. 5–7. This request for redactions is denied.

The Court has little difficulty concluding that the statements at issue are judicial documents to which the common law and First Amendment presumptions of public access attach. *See, e.g.*, *United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005) ("[A] qualified First Amendment right of public access attaches to sentencing proceedings."); *United States v. Sours Edwards*, No. 1:19-CR-64 (GHW), 2022 WL 1158561, at *2 (S.D.N.Y. Apr. 18, 2022) ("[These documents] are judicial documents. They were presented to the Court in connection with Dr. Sours Edwards' sentencing."); *United States v. Sattar*, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006) ("These documents were submitted to the Court to provide information with respect to the crucial judicial function of sentencing [and accordingly are judicial documents].").

The Court need not determine the weight of the presumption in favor of public access in this context, "because, whatever weight the presumption has here, there are . . . no countervailing interests that would justify sealing." *United States v. Avenatti*, 550 F. Supp. 3d 36, 48 n.3 (S.D.N.Y. 2021). The Defendant's proffered justifications for sealing elide the reality that the decision-maker at this stage of proceedings is not a jury but the Court, which is fully capable of considering the submissions for what they are worth and without prejudice. Moreover, the proposed redactions would not safeguard the interests the Defendant points to. The decisionmaker—the Court—will have access to unredacted copies of the documents, so the only accomplishment of the proposed redactions will be to obscure information from public view. As

the Government correctly notes, while these statements do implicate privacy interests that might justify certain redactions, those interests here belong to the witnesses themselves, none of whom has sought to submit her statement under seal. Dkt. No. 673 at 2. It follows that the Defendant fails to present any sufficiently weighty countervailing factors or higher values to override the presumption in favor of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Accordingly, the Defendant's request for redactions is denied.

In sum, all seven written statements received by the Court are deemed part of the record. The Court will consider them only for what they permissibly may be considered. The Government shall promptly docket the written statements without redactions. Annie Farmer, Kate, and Virginia Giuffre may present an in-person statement at sentencing if they wish to do so.

The Government shall provide copies of this Order to counsel for the seven individuals who submitted statements by no later than today, June 24, 2022.

SO ORDERED.

Dated: June 24, 2022
　　　　New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge,
sitting by designation