

**Haddon, Morgan and Foreman,** P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364 FX 303.832.2628
www.hmflaw.com
LMenninger@hmflaw.com

March 9, 2021

The Hon. Alison J. Nathan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)
     Objection to Proposed Redactions of Government's Omnibus Response &
     Exhibit 5

Dear Judge Nathan:

On behalf of defendant Ghislaine Maxwell, we respectfully oppose certain of the redactions proposed by the government to their Omnibus Memorandum in Opposition to the Defendant's Pre-Trial Motions ("Response"), submitted to the Court on February 26, 2021.

Specifically, we oppose the redactions proposed by the government contained on pages 1-128 and 187-88 of the Response as well as certain of the redactions in Exhibit 5.  We believe additional redactions are appropriate to pages 129-134 of the Response.  We hereby attach our proposed redactions to pages 129-134, 187-88 and Exhibit 5.

The Response and its Exhibits are clearly "judicial documents" presumptively subject to the public access rights under both the common law and First Amendment.  *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006); *Brown v. Maxwell,* 929 F.3d 41, 49 (2d Cir. 2019).  Ms. Maxwell also specifically asserts her right to an open and public trial pursuant to the Sixth Amendment.  *Press-Enterprise Co. v. Superior Court (Press-Enterprise II),* 478 U.S. 1, 7 (1986).

Objections to Redactions Proposed on Pages 1-128

The government's proposed redactions on pages 1-128 all relate to materially inaccurate statements made by a prosecutor for the government to Chief Judge McMahon. They also relate to a sealed proceeding in which the government circumvented decades-old precedent in this Circuit which held that civil litigation materials subject to a protective order cannot be obtained absent notice to, and an opportunity to object by, individuals with a privacy interest in those documents.  Numerous civil litigants in the Second Circuit are negotiating protective orders every day in reliance on *Martindell* and have the right to know that the protective orders may be of little to no utility when their civil opponent seeks to have them used as a tool

The Hon. Alison J. Nathan
March 9, 2021
Page 2

for a criminal prosecution against them.

In circumstances such as these, "it is most important 'to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo (Amodeo II),* 71 F.3d 1044, 1048 (2d Cir. 1995)).

Although the government claims that the items must remain sealed due to an "ongoing investigation," they have failed to explain why.  Beyond their *ipse dixit* pronouncement, the same materials they obtained via their *ex parte* and *in camera* procedure are being released to the public under the *Giuffre* unsealing process, without objection from the government. The name of the subpoena recipient (Boies Schiller) and the names of Chief Judge McMahon and Magistrate Judge Netburn (who issued their rulings nearly two years ago) certainly cannot alone compromise any such purported investigation. The government submission thus fails to demonstrate that denial of public access is "essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Aref,* 533 F.3d 72, 82 (2d Cir. 2008) (quoting *Press-Enterprise II,* 478 U.S. at 13-14).

Ms. Maxwell believes that this Court has the jurisdiction in connection with this criminal case to determine whether to keep under seal testimony that occurred before Chief Judge McMahon that gave rise to this prosecution, especially as those documents have now become "judicial documents" by virtue of the pretrial motions in this case.  If the Court prefers, however, Ms. Maxwell will first make application to Chief Judge McMahon to unseal those materials.

Objections to Redactions Proposed on Pages 187-188

Ms. Maxwell also objects to the government's proposed redactions on pages 187-188.  The language at issue there concerns a diary that Accuser-2 has publicly and repeatedly claimed supports her allegations. Importantly, Accuser-2 read from this allegedly corroborating diary on a NY Times podcast.  Yet now the government seeks to redact her explanation for why Ms. Maxwell is not mentioned once in this diary:  Accuser-2 "stopped writing in her journal about a month after that first meeting with Epstein" and the rest of her diary is "personal in nature and ha[s] nothing to do with the defendant or Epstein."

How that document, or its origin, incompleteness, or lack of corroborating content could now be "confidential" is unexplained by the government in its request.  Certainly, Accuser-2 has not acted as though the contents are "confidential."

Objections to Government's Proposed Redactions to Exhibit 5

For similar reasons, Ms. Maxwell objects to certain of the redactions proposed by the government to Exhibit 5 to their Response.  The materials highlighted in our attached Exhibit 5 are all very public pieces of information, at the instigation of Virginia Roberts.  The government has offered no explanation for their need to protect her "privacy" interests when she has profited with her numerous podcasts, Netflix appearances and other media participation, wherein she shares the same information.  With the support of Ms. Roberts and

The Hon. Alison J. Nathan
March 9, 2021
Page 3

her counsel, her entire draft "memoir" (entitled "The Billionaire Playboys Club") was released by the Second Circuit in *Brown v. Maxwell*. *See* Case No. 18-2868 (2d. Cir.), Dkt. 278 at 564 et seq. Because Ms. Roberts has already publicly proclaimed the same allegations as are represented in the Kramer notes at 4-5, attached as Exhibit 5 to the government's Response, the government cannot show any privacy interest in keeping those portions redacted or sealed.

Objections to Government's Failure to Redact Materials Under Seal in *Giuffre* Litigation at
Pages 129-134

The government proposes, at pages 129-134, to redact only certain portions of Ms. Maxwell's sealed deposition testimony. Judge Preska has ruled that certain questions and answers are still under seal and subject to the Protective Order in the *Giuffre* case. In Ms. Maxwell's Motions, we limited our proposed redactions to the portions of deposition testimony that Judge Preska has ruled should remain sealed, yet the government intends to publicize those sealed portions. *See, e.g., Giuffre v. Maxwell*, Case No. 15-cv-7433-LAP, Dkt. 1212-1. The appropriate redactions which reflect Judge Preska's rulings are contained in the attached exhibit.

For the foregoing reasons, Ms. Maxwell respectfully requests the Court publicly docket the Response, with the following exceptions:

- Accept Ms. Maxwell's proposed redactions to pages 129-134;[1]

- Accept the government's proposed redactions to pages 158-186;

- Accept Ms. Maxwell's proposed redactions to pages 187-188;[2]

- Accept Ms. Maxwell's proposed redactions to Exhibit 5.[3]

Respectfully submitted,

Laura A. Menninger

CC: Counsel of Record

---

[1] Ms. Maxwell has indicated additional lines that ought to be redacted with yellow highlighting.

[2] Ms. Maxwell disagrees with all of the government's redactions on these pages, as indicated by the red boxes.

[3] The blue boxes on the attached Exhibit 5 indicate the government redactions opposed by Ms. Maxwell. Ms. Maxwell does not oppose the other red boxes proposed by the government to protect the privacy interests of other non-parties.