

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 2, 2021

**BY E-MAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

>    **Re:**     ***United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)**

Dear Judge Nathan:

The Government respectfully submits this letter to highlight two exhibits on which the Court has reserved, and which the Government now expects to offer at trial tomorrow: Government Exhibit 52, the contact book, and Government Exhibit 606, the household manual.

### I.      Applicable Law

The Second Circuit has "often commented that the bar for authentication of evidence is not particularly high." *United States v. Al-Moyad*, 545 F.3d 139, 172 (2d Cir. 2008) (alteration and internal quotation marks omitted). The "proponent of the evidence is not required to rule out all possibilities inconsistent with authenticity, or to prove beyond a reasonable doubt that the evidence is what it purports to be." *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001). All that is required is "sufficient proof . . . so that a reasonable juror could find in favor of authenticity or

1

identification." *Id.* (internal quotation marks omitted); *see* Fed. R. Evid. 901(a).  The "standard for authentication is one of 'reasonable likelihood' and is 'minimal.'  The testimony of a witness with knowledge that a matter is what it is claimed to be is sufficient to satisfy this standard." *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007) (citations and internal quotation marks omitted).  After this low bar is satisfied, "the other party then remains free to challenge the reliability of the evidence, to minimize its importance, or to argue alternative interpretations of its meaning, but these and similar other challenges to go the *weight* of the evidence—not to its *admissibility*."  *United States v. Tan Yat Chin*, 371 F.3d 31, 38 (2d Cir. 2004) (emphases in original).

## II.     Government Exhibit 52

The Court has received extensive briefing on Government Exhibit 52, the defendant's contact book.  (*See* Dkt. Nos. 390, 397, 398, 457, 490, 491).  To summarize, the Government's argument for authentication has to date relied on the testimony of a former employee ("Employee-1") of Epstein's who worked for him in ████ along with a household manual that corroborates that multiple copies of the contact book existed.  (*See* Dkt. No. 457, 491).  The defense challenges that authentication because Employee-1 cannot state that she has previously seen the particular contact book that is Government Exhibit 52—although she does recognize it as one of a set of the defendant's contact books in that house when she worked at Epstein's Palm Beach house ████ ████████████.  The Court has reserved judgment on this issue until Employee-1 testifies at trial.  (11/23/21 Tr. at 16).[1]

---

[1] To be clear, the Government continues to believe that Employee-1 can authenticate Government Exhibit 52, but respectfully submits that the following is an independent basis for admission.

This evening the Government showed Government Exhibit 52 to a different employee of Epstein and the defendant's, Juan Alessi.  Alessi worked for Epstein at his Palm Beach house from approximately 1990 until approximately 2002.  Alessi has explained that, during his employment, he observed a contact book with a dark blue or black cover, which cover was blank, and with many entries printed in black ink on white paper.  *See* 3504-046.  The book was bound, and Alessi was instructed to put identical copies of it on Epstein and the defendant's desks and elsewhere around the Palm Beach house.[2]  During the course of his employment for Epstein Alessi reviewed multiple versions of the book: the book was replaced annually with new versions, and the old versions are destroyed.  Alessi observed both the defendant and Epstein use the contact book.

When the Government showed Alessi Government Exhibit 52 tonight, Alessi recognized it as a copy of the contact book he had previously described.  *See* 3504-047.  Alessi identified the book by the cover, binding, formatting, and variation in the entries.  Alessi also reviewed the entries inside the book and identified numerous entries as containing contact information for individuals that he specifically recalls being included in the copies of the books he remembers seeing in Palm Beach.  That includes the entry for the witness testifying as "Jane," *see* GX 52-F, and the entry for Florida masseuses—including some of the individuals on that list, *see* GX 52-G.  Although this version of the contact book post-dates his employment with Epstein, Alessi was able to determine that fact in part by noticing that his own contact information had been removed from the book.[3]

---

[2] Alessi also explained that there were two similar-looking books, one for Epstein and one for the defendant.

[3] Alessi generally recalls the book being thicker and featuring a larger font size.  Notwithstanding that recollection, he believes this is a copy of the contact book based on the foregoing.

3

Alessi's testimony is sufficient to authenticate Government Exhibit 52. He will testify that, for many years, the defendant and Epstein maintained copies of a contact book. They had a practice of annually updating it. And Alessi can identify Government Exhibit 52 as one of those books, based on its distinctive characteristics, including its contents, internal patterns, and binding. *See* Fed. R. Evid. 901(b)(4) (listing, as a basis of authentication, "[t]he appearance, contents, substance, internal patterns or other distinctive characteristics of the item, taken together with all the circumstances").[4]

Alessi's testimony also confirms that Government Exhibit 52 reflects information from the time period of the conspiracy. (*See* 11/01/21 Tr. at 61). Alessi will testify that it was the practice of the Palm Beach house, during the time period of the conspiracy, to maintain an address book like this one. (*Cf.* 11/01/21 Tr. at 61 ("THE COURT: If the evidence were that it wasn't created or maintained until after the charged conspiracy, is it relevant?")). And Alessi specifically recalls the fact that the address book had an entry for "Jane" and an entry for Florida masseuses during the time period of the conspiracy.

Consider if an employer gives a "history of the firm" book to each new employee. A 2021 version of the book could be authenticated by an employee who worked at the firm for a decade until 2019, was aware of the firm's practice of giving out books, saw many copies of the book, identifies the distinctive markings of the 2021 version, and recalls specific portions of the 2021 version as being the same as portions included in the 2019 version. Similarly, a young lawyer who

---

[4] As discussed in the Government's prior letter, this evidence is corroborated by Government Exhibit 606, discussed below, and other evidence at trial showing that the address book in fact contains the nonpublic information of persons listed therein who in fact knew the defendant at the time. (Dkt. No. 491 at 2-4).

4

clerked for a judge in 2018, assisted with sentencing proceedings during that clerkship, and returned to chambers for a visit in 2021 could readily identify the book on the table as the 2021 version of the same Guidelines manual with which she had become so familiar in 2018. In either case, the witness has offered "sufficient proof . . . so that a reasonable juror could find in favor of authenticity or identification." *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001). The same is true here.

### III.    GX 606

The Government also expects to offer Government Exhibit 606 during Alessi's testimony tomorrow. As explained on its cover page, Government Exhibit 606 is the "Household Manual" for "358 El Brillo Way, Palm Beach, FL 33480"—Epstein's Palm Beach residence. It is fifty-eight pages and is dated February 14, 2005. The manual contains instructions to give staff "the proper guidance and assistance to perform your duties to the best of your ability, while ensuring a consistently high level of service." GX 606 at 3. Among other things, employees are instructed to "[t]ry and anticipate the needs of Mr Epstein, Ms Maxwell and their guests," *id.* at 4, answer the telephone a certain way, *id.* at 7, and contains checklists for various tasks, *id.* at 10-46.

Alessi is a witness with knowledge that the manual "is what it is claimed to be." Fed. R. Evid. 901(b)(1). He recognizes Government Exhibit 606 as a version of the household manual that the defendant gave Alessi and his wife, in the form of a booklet, in approximately the late 1990s or early 2000s. *See* 3504-046. Alessi reviewed the manual and specifically recalls each page except for certain portions on pages 7, 9, 13, 16, 19, 30, 31, and 33, such as particular phrases or items on a shopping list. For instance, he recalls the checklists as tasks which he had to complete, and recalls that the defendant was angry that Alessi did not fill out the checklists.

Alessi is therefore a witness able to authenticate the Government Exhibit 606.  Although the manual itself is dated to 2005 on its face, Alessi is expected to testify that the exhibit is largely unchanged from the version he had when he received from the defendant and Epstein.  He is therefore a witness with "knowledge that a matter is what it is claimed to be," which "is sufficient to satisfy [the authentication] standard." *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007); *see id.* ("Based on the[] testimony [that electronic communications were accurate], a reasonable juror could have found that the exhibits did represent those conversations, notwithstanding that the e-mails and online chats were editable.").[5]

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ___s/_____
Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
Assistant United States Attorneys
Southern District of New York

Cc: Defense Counsel (by e-mail)

---

[5] The Government also expects another employee of Epstein's ("Employee-2") to also be able to authenticate the household manual. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮