

**Haddon, Morgan and Foreman, P.C**
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364
FX  303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

December 17, 2021

**VIA Email**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

    I write to request that this Court issue an arrest warrant for Kelly Bovino and direct the U.S. Marshals to detain her until she is willing to give the testimony she has been ordered to provide.

    Ms. Bovino was served with a subpoena on November 30, 2021. Exhibits 1 & 2. The subpoena was issued by the Clerk of this Court. Ms. Bovino has failed to comply with this Court's subpoena and order and is unwilling to testify as the subpoena commands. Testimony by deposition is not possible.

The Honorable Alison J. Nathan
December 17, 2021
Page 2

This Court has inherent authority,[1] authority under its contempt power, Fed. R. Crim. P. 42(a)(1),[2] and authority under statute, 28 U.S.C. §§ 1826, 3144, to order Ms. Bovino's arrest and detention until she is willing to testify.

Under the Recalcitrant Witness Statute, 28 U.S.C. § 1826. this Court has authority to issue an arrest warrant and have Ms. Bovino arrested until she is willing to testify. In its entirety, the statute provides:

> (a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of--
>
> (1) the court proceeding, or
>
> (2) the term of the grand jury, including extensions,
>
> before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.
>
> (b) No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay. Any appeal

---

[1] "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt. And it is essential that courts be able to compel the appearance and testimony of witnesses." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (citations omitted).

[2] Federal Rule of Criminal Procedure 42(a)(1) authorizes an "arrest order" for someone alleged to have committed contempt by failing to comply with a subpoena to testify and permits their confinement until compliance. *See Shillitani*, 384 U.S. at 370 ("Where contempt consists of a refusal to obey a court order to testify at any stage in judicial proceedings, the witness may be confined until compliance.").

The Honorable Alison J. Nathan
December 17, 2021
Page 3

> from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal.
>
> (c) Whoever escapes or attempts to escape from the custody of any facility or from any place in which or to which he is confined pursuant to this section or section 4243 of title 18, or whoever rescues or attempts to rescue or instigates, aids, or assists the escape or attempt to escape of such a person, shall be subject to imprisonment for not more than three years, or a fine of not more than $10,000, or both.

28 U.S.C. § 1826.

This Court also has authority to order the arrest of Ms. Bovino under the Material Witness Statute, 18 U.S.C. § 3144. That statue says:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title.

18 U.S.C. § 3144. The required affidavit is attached as Exhibit 3 to this letter.

On information and belief, this is the last known contact information for Ms. Bovino and her attorney:

Ms. Bovino:



Counsel:

Becky S. James
James & Associates
4500 Park Granada, Suite 202
Calabasas, CA 91302
310-492-5104
bjames@jamesaa.com

The Honorable Alison J. Nathan
December 17, 2021
Page 4

Pursuant to its inherent power to secure compliance with its orders, its contempt power, and these statutes, this Court should issue an arrest warrant and direct the U.S. Marshals to execute the warrant and deliver Ms. Bovino to this Court for her detention until she is willing to testify.

*s/ Laura A. Menninger*
Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

cc: Counsel of record (via email)