**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 14, 2021

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter in opposition to the defendant's request to permit three witnesses to testify using pseudonyms or first names. The defendant's unprecedented request seeks relief for an issue that arises in a large number of cases, and that relief is not necessary to protect the defendant's constitutional rights. Accordingly, the Government opposes the motion.

    **I.**    **Applicable Law**

It is "firmly established" that "the press and general public have a constitutional right of access to criminal trials." *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 603 (1982); *see United States v. Alcantara*, 396 F. 3d 189, 194-95 (2d Cir. 2005) (describing the "qualified First Amendment right to attend trials").

It is well settled that the names of certain categories of trial witnesses can be withheld from

the public, even though the witness testifies in open court. But those categories are limited and narrowly circumscribed. For instance, victims in sex abuse cases regularly testify using pseudonyms. (*See* Gov't Omnibus Mots. *in Limine* at 7-8, Dkt. No. 380 (collecting cases)). In those cases, victims often testify "in explicit detail," and revealing victim identities "could chill the willingness of other alleged victims of sex crimes to come forward." *See* Order at 2, *Martinez*, No. 17 Cr. 281 (ERK) (E.D.N.Y. Dec. 18, 2017), Dkt. No. 34; *see also Globe Newspaper Co.*, 457 U.S. at 607 (agreeing that "safeguarding the physical and psychological well-being of a minor" is a "compelling" interest); 18 U.S.C. § 3771(a)(1), (a)(8) (providing crime victims a right to be "reasonably protected from the accused" and to be "treated with fairness and with respect for the victim's dignity and privacy"). Courts also permit undercover law enforcement officers to testify using pseudonyms when testifying about facts related to their work, typically when doing so also poses safety concerns *See, e.g.*, *United States v. Urena*, 8 F. Supp. 3d 568, 572-73 (S.D.N.Y. 2014) (permitting an undercover officer to testify using an alias "to protect UC-188's personal safety and the viability of his current and future undercover investigation"); *see also United States v. Schulte*, 436 F. Supp. 3d 698, 706-07 (S.D.N.Y. 2020) ("Permitting certain witnesses to testify using a pseudonym and certain witnesses to testify by first name only protects the safety and efficacy of the CIA officers.").

    **II.**    **Factual Background**

Consistent with well-worn precedent for sex abuse cases, the Government sought and received authorization from the Court for to two Minor Victims, Jane and Kate, to testify under pseudonyms, and for two others, Carolyn and Melissa, to be referenced using only their first names. The Government also sought and received authorization from the Court to refer to other

witnesses using pseudonyms or first names, and to redact or seal certain exhibits, as a further measure to protect the identities of the four Minor Victims. The Government did not argue that those witnesses merited pseudonyms on their own, but rather that they needed derivative anonymity to protect the Minor Victims.

Numerous other witnesses testified at trial for the Government under their true name, including those closely associated with the defendant and Epstein, such as Larry Visoski, Juan Alessi, David Rodgers, and Nicole Hesse. And the Government did not seek anonymity for a number of other witnesses the Government ultimately did not call at trial.[1]

The defendant now seeks anonymity protection for three lay witnesses, none of whom are offered to testify as victims of sexual abuse: ███████, Michelle Healy, and ███████.

**III.  Discussion**

The defendant's motion should be denied for two reasons. First, it seeks anonymity for categories of witnesses that courts generally have not previously permitted to testify with their identities protected. Second, the defendant's request does not implicate her right to a fair trial or to present a defense.

*First,* none of the defense witnesses satisfy any of the established categories of witnesses who courts have permitted to testify under pseudonyms. The defendant does not even suggest that ███████ fits into any such category. (Def. Letter at 8-9). Indeed, the defense concedes

---

[1] The Government also offered a large number of exhibits under seal or in redacted form. Those requests largely, if not entirely, concerned (1) witnesses whom the Court permitted to testify using pseudonyms or under their first names; (2) personal identifying information, such as addresses; (3) information related to third parties, that is, individuals who are not testifying at trial or at issue in the case; or (4) exhibits where information for testifying witnesses was co-mingled with private information so extensively that redactions were impractical.

that "[t]here is no allegation that [____] is a victim of any improper or illegal conduct by Mr. Epstein or Ms. Maxwell" and offers no suggestion that [____] would face any particularized harm should she testify under her true name. (Def. Letter at 8). She is no different from the several Government witnesses who were closely associated with Maxwell and Epstein who have already testified under their true names. There is accordingly no legal basis for [____] to testify under a pseudonym.

For Michelle Healy, the defendant claims that she is the same Michelle who, on cross-examination, Jane recalled participating in sexualized massages with her and Epstein after Jane reached the age of consent and moved to New York.² On this theory, which the Government disputes, the defendant claims Healy is a victim-witness entitled to the same solicitude as the victims who testified in the Government's case-in-chief. (Def. Letter at 7-8). The defendant's position is misplaced. First, the defendant has not established that Healy is the same Michelle that Jane referenced in her testimony. Indeed, the Government anticipates filing a separate motion to preclude Healy's testimony in part because there is an insufficient basis to find that Healy's testimony would in fact contradict Jane's.

Second, and relatedly, it appears based on the defendant's Rule 26.2 disclosures that Healy will testify that she was *not* a victim of Epstein and the defendant. (Presumably, if she were, the defendant would not be calling Healy.) Unlike the Government's victim-witnesses, then, Healy's testimony will contain no explicit details about sexual abuse, her dignity and privacy are not at

---

² The Government disputes this characterization of Jane's testimony: Jane testified on cross-examination that a "Michelle" participated in those massages, not that Michelle Healy did so. Defense counsel chose not to ask for a last name or otherwise attempt to identify to which "Michelle" she was referring.

4

stake in the manner of other victims, and testifying under her true name will not chill the decision of other victims to come forward. The defendant can hardly invoke the Crime Victims' Rights Act to say Healy is a victim for purposes of her pseudonym motion, just so Healy can take the stand and say she is not a victim.

With respect to ▮▮▮▮, the defendant argues this witness is entitled to privacy protection as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Def. Letter at 3). The defendant has not produced any Rule 26.2 disclosures regarding ▮▮ so the Government has very limited information regarding her identity and no information about her expected testimony. But it does not appear from the defendant's letter that her testimony will concern anything sensitive. Nor does it appear that ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮. It is not clear then why revelation of ▮▮ "true name could impact her security and professional responsibilities" ▮▮ ▮▮▮▮▮▮. (Def. Letter at 4). The Government's case agents, whose identities are no secret at this trial, ▮▮▮▮▮▮▮▮▮.

The defendant also argues that ▮▮ employment will be "compromised by the revealing of her testimony in this case." (Def. Letter at 4-5). But the cases the defendant cites do not stand for the broad proposition that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Def. Letter at 5). Those cases involve undercover officers or CIA officers, for whom public association with law enforcement at all would render them unable to do their job and pose safety concerns. *See, e.g.*, *United States v. Alimehmeti*, 284 F. Supp. 3d 477, 490-91 (S.D.N.Y. 2018) ("This Court has approved pseudonymous testimony by a UC as a means of protecting a UC's safety and ability to continue to work as such, as have other courts." (citations omitted)). Here,

5

the alleged harm to ▮▮▮▮ comes not through the mere fact of testifying as a ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮, but through alleged public opprobrium. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ Accordingly, the defendant's argument has no connection to whether ▮▮▮▮▮▮▮ ▮▮▮▮▮▮ are compromised; it is just an example of the generalized argument that testifying may pose reputational risk for ▮▮▮.[3] There is thus no basis in law to permit ▮▮▮ to testify under a pseudonym.[4]

*Second*, to the extent the defendant's argument is rooted in more general concerns about harassment, intimidation, or risks to employment, those concerns arise in different forms for a large number of witnesses in this and any number of other cases. In this case, Government witnesses testified about their association with the defendant and Epstein in their true names, regardless of any feelings they may have had about their testimony. Those witnesses face the same generalized risks of harassment and negative implications of association with this case in the public eye as any defense witnesses. More broadly, this is hardly the first high-profile trial in this District, or this country, yet the defendant has identified no analogous circumstance in which the generalized concerns identified by the defendant justified the kind of anonymity order the defendant seeks. And in any number of other cases, witnesses are reluctant to testify publicly in

---

[3] The defendant argues that ▮▮▮ is similarly situated to the witnesses who testified as Matt and Shawn. (Def. Letter at 7). That comparison is unfounded. Matt and Shawn's identities were protected for an entirely different reason: failure to do so would identify Jane and Carolyn, respectively. The defendant has not argued that identifying ▮▮▮ would reveal the identity of some other protected witness.

[4] Based on the limited information available to the Government so far, ▮▮▮ profession appears to be irrelevant. Accordingly, insofar as the defendant could show some employment consequence for ▮▮▮ there would be no need for ▮▮▮ profession to be identified in open court.

front of their friends, families, and communities. For instance, Government cooperators and confidential sources routinely express reluctance to testify and have their cooperation with the Government made public. Yet, absent a safety concern, they do so.

*Third*, denying the defendant's motion does not implicate the defendant's constitutional rights to a fair trial or to present a defense. Although the defendant states that she has encountered resistance from potential witnesses who are afraid of "unfavorable publicity should their names be publicly associated with Mr. Epstein," (Def. Letter at 3), the defendant retains the right to compulsory process. If Michelle Healy or ▓▓▓▓▓ will not testify willingly unless the Court anonymizes their identities, the defendant can compel them to testify. *See* Fed. R. Crim. P. 17(a). If ▓▓▓▓▓ will not testify willingly, the defendant can seek a letter rogatory. *See* 18 U.S.C. § 1781(a)(2). Once the witnesses take the stand, they must testify truthfully on penalty of perjury. *See* 18 U.S.C. § 1621. The defendant is right that she cannot compel witnesses to be interviewed away from the presence of the jury—but she has no constitutional right to do so. And the Government has the same powers and limitations. Put simply, the defendant's constitutional rights are not infringed if this Court follows the same rule as every other court in every other trial, high profile or not.

### IV.     Conclusion

For the reasons set forth above, the Court should deny the defendant's motion.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ___s/_____
    Maurene Comey
    Alison Moe
    Lara Pomerantz
    Andrew Rohrbach
    Assistant United States Attorneys
    Southern District of New York

Cc: Defense Counsel (by e-mail)