

**Haddon, Morgan and Foreman, P.C**
**Jeffrey Pagliuca**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364 FX 303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

October 14, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

>       Re:      Deadline for Filing Motion under Federal Rule of Evidence 412,
>                *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

I write to confirm that November 15, 2021 is the deadline for Ms. Maxwell to file a motion under Federal Rule of Evidence 412, which governs the admissibility of evidence of an alleged victim's sexual behavior.

Under this Court's pretrial scheduling order, motions in limine are due on October 18. A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." Black's Law Dictionary (11th ed. 2019).

A motion under Rule 412 is not a motion in limine. Rather, it is a motion seeking permission to *admit* evidence the Rules of Evidence might otherwise exclude. It is a substantive motion under a specific rule of evidence with specific procedures for its filing, consideration, and determination. Fed. R. Evid. 412(c). And the Rule itself sets a deadline for filing a motion under its terms—14 days before trial. Fed. R. Evid. 412(c)(1)(B) (providing that a defendant must file her motion "at least 14 days before trial unless the court, for good cause, sets a different time").

The Honorable Alison J. Nathan
October 14, 2021
Page 2

Ms. Maxwell's counsel conferred with the government about the timing for filing a motion under Rule 412. The government seeks to have the motion briefed before jury selection begins.

Implicit in the language of Rule 412(c)(1)(B) is authority for the Court to permit a defendant to file a motion closer to trial than 14 days, for good cause. But contrary to the government's suggestion, the Rule does not contemplate a deadline more than 14 days before trial.[1]

In any event, Ms. Maxwell should not be required to file her Rule 412 motion any time before November 15, since it was just three days ago (October 11) that the government disclosed its 3500 material, including more than 8,000 pages of testifying witness disclosures. It will require significant time and resources to review and investigate this material and to identify any potentially admissible Rule 412 evidence.

It was also just three days ago that the government alerted defense counsel to its anticipated Rule 404(b) witnesses. Rule 412's procedures apply not just to alleged victims named in the indictment but to *any* alleged victim in a case involving sexual misconduct, including alleged 404(b) victims. Fed. R. Evid. 412, Advisory Committee Notes, 1994 Amendments ("Rule 412 extends to 'pattern' witnesses in both criminal and civil cases about other instances of sexual misconduct by the person accused is otherwise admissible.").

Finally, Ms. Maxwell (who is in custody) was only provided a copy of the government's disclosures earlier today in the late morning. Until Ms. Maxwell is able to review the material,

---

[1] *See* Fed. R. Evid. 412, Advisory Committee Notes, 1994 Amendments, Subdivision (c) ("The requirement of a motion before trial is continued in the amended rule, as is the provision that a *late motion* may be permitted for good cause shown." (emphasis added)).

The Honorable Alison J. Nathan
October 14, 2021
Page 3

her counsel cannot adequately consult with her about the defense. Allowing Ms. Maxwell to file

her Rule 412 motion 14 days before trial, as the Rule itself provides, is essential for counsel to

effectively consult with Ms. Maxwell, to investigate and research what evidence they will seek to

admit under Rule 412, as well as to comply with the several procedural steps required by the

Rule.

   Accordingly, unless this Court orders otherwise, Ms. Maxwell will file her Rule 412

motion on or before November 15, 2021, as provided in Rule 412(c)(1)(B).

Respectfully Submitted,

Jeffrey S. Pagliuca

CC: Counsel of Record (via ECF)