

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 15, 2021

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

   Re:   *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter in response to the defendant's letter regarding prior inconsistent statements. This letter sets out the Government's position on the defendant's proposed prior inconsistent statements.

The Government understands that the defendant is ensuring that several law enforcement officers are available tomorrow to testify tomorrow about prior inconsistent statements, although they are not among the defense's first few witnesses. The Government respectfully requests that the Court resolve the disputed statements before those witnesses testify. As the Government has told the defense repeatedly, the Government agrees to stipulate to the content of notes or FBI 302 reports in those instances in which the Government agrees they in fact contain prior inconsistent statements, as set forth below, and would likely do so for other statements should the Court

1

conclude they are admissible. Accordingly, resolving these issues will likely obviate the need for the defense to call those law enforcement officers and significantly save the jury's time.[1]

### I. Applicable Law

Prior inconsistent statements are generally admissible for impeachment purposes only, *see* Fed. R. Evid. 613, and are inadmissible hearsay for substantive purposes unless they were made at "a trial, hearing, or other proceeding, or in a deposition." Fed. R. Evid. 801(d)(1)(A); *see Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001). In determining whether a party may impeach a testifying witness through extrinsic evidence of a prior inconsistent statement, the Court must consider the following five factors:

*First,* whether the proffered statement in fact is inconsistent with the testimony sought to be impeached, *i.e.*, whether there is any variance between the statement and the testimony that has a reasonable bearing on credibility. *United States v. Ghailani*, 761 F. Supp. 2d 114, 117–18 (S.D.N.Y. 2011) (internal citations and quotation marks omitted). While "two statements . . . need not be diametrically opposed" to be inconsistent, they must still be inconsistent. *United States v. Trzaska*, 111 F.3d 1019, 1024 (2d Cir. 1997) (citation omitted). "[I]n certain circumstances, a witness's failure to recall a prior statement regarding a subject at issue in the trial is so incredible that it may be deemed inconsistent and thus subject to impeachment by extrinsic evidence." *United States v. Ashburn*, 2015 WL 5098607, at *27 (E.D.N.Y. Aug. 31, 2015); *see United States v. Insana*, 423 F.2d 1165, 1170 (2d Cir. 1970) (explaining that "there may be circumstances where

---

[1] On this point, the Government notes that the defense's letter of today was the first time the Government was informed of the complete list of prior inconsistent statements the defense intended to offer, despite the Government's efforts since the close of its case to confer on the subject.

the witness in good faith asserts that he cannot remember the relevant events," in which case "the trial court may, in its discretion, exclude the prior testimony"). Similarly, "prior silence concerning critical facts might be deemed inconsistent with later testimony which includes their purported recollection," but only if "the failure to mention those matters . . . conflict[s] with that which is later recalled." *United States v. Leonardi*, 623 F.2d 746, 756 (2d Cir. 1980). "Where the belatedly recollected facts merely augment that which was originally described, the prior silence is often too ambiguous to have any probative force, and accordingly is not sufficiently inconsistent to be admitted for purposes of impeachment." *Id.* at 756-57 (citation omitted). Additionally, "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 78 (2d Cir. 2018).

*Second,* whether the proponent gave the witness an "opportunity to explain or deny the statement" and the adverse party "an opportunity to examine the witness about it." Fed. R. Evid. 613(b).

*Third*, whether the evidence is "competent and otherwise admissible." *Ghailani*, 761 F. Supp. 2d at 118.

*Fourth*, whether the impeachment relates to a non-collateral matter. *See, e.g.*, *United States v. Blackwood*, 456 F.2d 526, 530 (2d Cir. 1972).

*Finally*, whether the evidence's probative value is not substantially outweighed by the factors in Rule 403.

**II.     Discussion**

The Government agrees that certain prior inconsistent statements are admissible and will

negotiate an appropriate stipulation with the defense. As to these statements, the Government would stipulate that a meeting occurred at which the relevant law enforcement officer took notes of the meeting; that the notes are not verbatim, but the officer believes them to be accurate; and that the notes contain the specific inconsistent statement.[2]

Other prior inconsistent statements offered by the defense, however, are inadmissible, either because they are not inconsistent with the witness's testimony, concern a collateral matter, or were already read into the record (such that additional extrinsic evidence on the point would be cumulative and cause undue delay).

For convenience, the Government provides the following tables:

**A. Jane**

| Trial Testimony | 3500 Material | Quote | Government Position |
|---|---|---|---|
| 375:20 – 376:20 | 3509-008, p. 12, 4th paragraph, last sentence | From when Jane met Epstein to when she moved to New York she lived in the same house in Florida. This house was in a gated community called Bear Lakes. It was a 3 bedroom house. | No objection |
| 447:2 – 447:20 | 3509-002, p. 1 | GM walked by w/ dog. JE came up to meet her. | Objection. The shorthand notes in 3509-002 was turned into an FBI 302 which makes clear that the statement was consistent. *See* 3509-001 p.1, second paragraph. |

---

[2] The defense letter refers to particular paragraphs in the 3500 material. While that is helpful for purposes of the inquiry now before the Court, the Government would not stipulate to the entire paragraphs, which contain material that is often neither consistent nor inconsistent.

4

| 448:12 – 15 | 3509-007, p. 3, para. 13 | Doe was sitting alone on a bench between classes when Epstein and Maxwell approached her. | Objection. The defendant did not confront the witness with a specific document. |
|---|---|---|---|
| 450:21 – 451:15 | 3509-028, p. 1 | At first tea w/ Epstein, just Epstein, Mom & Jane were present. | Objection. The witness agreed with counsel's questions and was not confronted with a document. The Court has already rejected this statement. Tr. 450:8-9. |
| 451:4 – 452:21 | 3509-001, p. 2, 4th para. | In the beginning, Jane would be with her mother and brothers at Epstein's house. | No objection. |
| 453:15 – 454:3 | 3509-003, p. 1, 4th para. | Jane was not sure if Maxwell ever called her to make appointments. | Objection. Jane said acknowledged and explained the inconsistency. There is no basis for further impeachment. |
| 454:4 – 9 | 3509-003, p.2, second line | When in Florida, Epstein or his office would call Jane's house. | Same objection. |
| 455:3 – 18 | 3509-008, p. 12, 4th paragraph | They visited Jane one to two times at her house in Florida. This was about a year or two after meeting him. | Objection. Not inconsistent with the witness's testimony, and when confronted with the statement, she said it was correct. |
| 455:19 – 456:13 | 3509-008, p. 11, last full paragraph | At some point Maxwell and Epstein came to Jane's house prior to the abuse. | Objection. Not inconsistent with the witness's testimony – see 456:10-13. The Government also notes that the 3500 material makes clear |

| | | | that this entry and the prior entry reference different visits, although the defense conflated them on cross examination. |
|---|---|---|---|
| 470:21 – 471:18 | 3509-005, p. 3, first paragraph | Fairly early on Maxwell 'joined in' and started taking her clothes off. This was about six months into being with them. Jane was still 14 at this time. Jane does not have a specific memory of the first time. | Objection. Defense counsel did not show the witness the inconsistent statement |
| 471:18 – 22 | 3509-008, omission | | Objection. Question is too vague and untethered from time to constitute an inconsistent omission. To the extent it is, the witness was not confronted with 3509-008 on this point. |
| 473:24 – 20 | 3509-008, p. 4, first full paragraph | The first time Maxwell was involved in the sexual encounters with Epstein and Jane, there were two other girls there as well. | Objection. Not inconsistent with the witness's testimony. The witness agreed to the statement in the notes, although defense counsel cut off her explanation. |
| 475:7 – 18 | 3509-008, p. 5, 3rd full paragraph | When Jane was asked if there were times where it was only Epstein, Maxwell, and her in the room, Jane was not sure. As Epstein progressed incidents sexually with Jane, it would go back and forth between just being solely with Jane and going back to the group setting. | Objection. Defense counsel's questions do not track the prior statement |

| 475:19 – 476:1 | 3509-008, p. 3, 2nd full paragraph | Jane does not have a recollection, is not sure if Maxwell touched her during these encounters. | Objection. Defense counsel did not show the witness the statement, and the documents are not inconsistent |
|---|---|---|---|
| 476:2-4 | 3509-008, p. 10, 4th paragraph | Jane was asked if Maxwell ever touched or kissed her to which she answered, "I don't think so." | Objection. Defense counsel has not identified inconsistent trial testimony, and defense counsel did not show the witness the inconsistent statement. |
| 476:8-10 | 3509-005, p. 4, 4th full paragraph, last sentence | Jane was not sure if Maxwell talked about how Epstein liked to be massaged. | Objection. Defense counsel did not show the witness the inconsistent statement. |
| 476:14-16 | 3509-008, p. 10, 1st full paragraph | Jane cannot remember if Maxwell was ever present for instances of oral sex or hand jobs with Epstein and Jane. | Objection. Defense counsel has not identified an inconsistency in the trial testimony, and defense counsel did not show the witness the inconsistent statement. The 3500 material is consistent with the witness's testimony that she does not recall if the defendant was present for instances of oral sex with Epstein. |
| 476:17-19 | 3509-008, p. 9, last paragraph | Jane was then asked if Maxwell was present for when any of these 4 options (masturbation, hand job, oral sex, and sex) were performed on her and she responded, "I can't remember." | Objection. Defense counsel has not identified an inconsistency in the trial testimony, and defense counsel did not show the witness |

| | | | the inconsistent statement. |
|---|---|---|---|
| 477:2-5 | 3509-008, p. 9, last paragraph | Jane was then asked if Maxwell was present for when any of these 4 options (masturbation, hand job, oral sex, and sex) were performed on her and she responded, "I can't remember." | Objection. Defense counsel has not identified an inconsistency in the trial testimony, and defense counsel did not show the witness the inconsistent statement. |
| 478:8-23 | 3509-008, p. 5, last paragraph | When Jane was asked if there were times when it was only Epstein, Maxwell and her in the room, Jane was not sure. | Objection. Not inconsistent with the witness's testimony. The witness testified that she did not recall making the statement but conceded that it is reflected in the 3500 material shown by the defense. |
| 479:12 - 480:8 | 3509-005, p. 3, second full paragraph | Jane does not have a recollection, is not sure if Maxwell touched her during these encounters. | Objection. Not inconsistent with the witness's testimony. The witness testified that she did not recall making the statement but conceded that it is reflected in the 3500 material shown by the defense. |
| 480:9-25 | 3509-008, p. 10, 1st full paragraph | Jane cannot remember if Maxwell was ever present for instances of oral sex or hand jobs with Epstein and Jane. | Objection. The 3500 material is consistent with the witness's testimony that she does not recall if the defendant was present for instances of oral sex with Epstein. |

| | | | |
|---|---|---|---|
| 497:16 – 498:7 | 3509-005, p. 2, 2d paragraph from bottom | Jane's first experience with abuse was when she was about 14 years old in New York. She met Epstein to take head shots and that is when he masturbated. | No objection |
| 499:7 – 23<br>507:18 – 508:8 | 3509-008, p. 8, 4th full paragraph | Her first trip to New York was to just go and have fun. | Objection. Defense counsel has not identified an inconsistency in the trial testimony.<br><br>Finally, during the exchange on 507-08, counsel refreshed the witness unsuccessfully with this document but did not impeach. No foundation for admission has been laid. |
| 506:12 – 507:4 | 3509-001, p. 2 | When Jane was 14 years old, she flew with Epstein and Maxwell to New York City to see *The Lion King*….The first time she traveled with them nothing inappropriate happened. | Objection. The witness agreed that this was her original statement to the Government. |
| 512:11 – 513:7 | 3509-008, p. 6, 8th paragraph | Re first NM trip: She recalled going hiking. She remembered not doing too much and just sitting around mostly. | Objection. Not inconsistent with the witness's testimony. If it were, this is impeachment on a collateral fact. |
| 513:8 – 20 | 3509-008, p. 7, last full paragraph | She did not recall any specific abuse that occurred | Objection. The incident in New Mexico Jane described on direct is not inconsistent with prior statements that she does not recall "specific abuse" in New Mexico. |

| 514:2 – 11 | 3509-008, p. 7-8, overflow paragraph | Jane was asked if she recalled any specific abuse that occurred in New Mexico and stated she was not sure. | Same objection as the prior section. |
|---|---|---|---|
| 514:1 – 515:7 | 3509-008, p. 8, 1st overflow paragraph | The place was dark and she did not recall many details of this location. If there was abuse that occurred, it wouldn't have been a group thing but she cannot recall anything specific. | This is the same paragraph as the prior section. To the extent the defendant wants to impeach Jane about whether any abuse that occurred was not a "group thing," that is consistent with her trial testimony. |
| 515:8 – 516:10 | 3509-008, p. 11, top paragraph first sentence | Jane was asked about the New Mexico trips she took and if she recalled any specific abuse that occurred there to which she answered she did not remember. | Objection. The incident in New Mexico Jane described on direct is not inconsistent with prior statements that she does not recall "specific abuse" in New Mexico. |
| 521:9 – 522-22 | 3509-001, p. 3, 2nd full paragraph | In the beginning before the pool house incident, Epstein showed off to Jane…Epstein took Jane in a dark green car to Mar-a-lago to meet Donald Trump. | Objection. Not inconsistent with the witness's testimony. The witness agreed with most of this, and said she did not recall the timeline. Nor is it clear from the 3500 material that the events occurred before the pool house incident, as suggested on cross. |
| 532:12 – 17 | 3509-001, p. 2, 2nd full paragraph | Epstein, Maxwell, or an assistant would call Jane's house phone. There was an assistant named Lesley, Maxwell's assistant named Emmy Taylor, and another assistant named Michelle. | Objection. Not inconsistent. The witness acknowledged the information contained in the 302. |

| Trial Testimony | 3500 Material | Quote | Government Position |
|---|---|---|---|
| 596:7 – 25 | 3509-007, paragraph 20 | In 1996, when Doe was 16 years old, Epstein moved Doe to New York City. | Objection. The defense has not established that this unverified complaint reflects a statement from the witness. |

### B. Carolyn

| Trial Testimony | 3500 Material | Quote | Government Position |
|---|---|---|---|
| 1610:9-15 | 3505-005, page 2, 3rd paragraph | Carolyn obtained Epstein's phone number from a telephone book. | No objection |
| 1611:1-5 | 3505-005, page 2, 3rd paragraph | In 2007, [Carolyn] told the FBI that Epstein returned Carolyn's call | No objection |
| 1564: 4-7, 1565:18-23 | 3505-005, page 1, 2d paragraph | Virginia approached [Caryoln] at a party and asked her if she would like to make $300.00. | Objection. whether the conversation took place at Virginia's house or a party is a collateral fact. |
| 1567: 7-19 | 3505-005, page 1, 2d paragraph | Virginia explained that [Carolyn] could make $300.00 by providing a man in Palm Beach with a massage. | Objection. Carolyn admitted this fact at 1567:23-1568:2, so there is no basis for impeachment |
| 1568: 22-25 | 3505-005, page 1, 3rd paragraph | Virginia told [Carolyn] she could make a lot of money real fast. | Objection. Carolyn admitted this fact at 1569:2, so there is no basis for impeachment |
| 1570:23 – 1571:2 | 3505-043, page 33, deposition pages 125:24-126:6 | Q. [T]he total period of time that you had any interaction with Mr. Epstein was between May of '02 and August of '03.<br>A. Uh-huh.<br>Q. That is another say of saying it is the first time you went is May | Objection. counsel read the deposition into the record and Carolyn admitted the fact on page 1572, so there is no basis for further impeachment |

11

| | | of '02 and the last time you went was August of '03.<br>A. Yeah | by extrinsic evidence |
|---|---|---|---|

### C. Annie

| Trial Testimony | 3500 Material | Quote | Government Position |
|---|---|---|---|
| 2151:2 – 16 | 3514-001, p. 2, 2d full paragraph | Originally Maria was going to accompany Annie to New Mexico. | Objection. Although the witness testified that she did not recall making the statement, she acknowledged that the statement is contained in the 302. There is no basis for further impeachment. |
| 2160:12 – 2161:25 | 3514-001, p. 3, 2d full paragraph | The chef prepared dinner and all three ate together. | Objection. Not inconsistent with the witness's testimony. Also, whether a chef prepared dinner is a collateral matter. |
| 2165:7 – 2166:6 | 3514-001, p. 2, last paragraph | They spent a significant amount of time horseback riding. | Objection. Not inconsistent with the witness's testimony. The witness did not deny making the statement on page 2166. Also, whether the witness went horseback riding for a significant amount of time is collateral. |
| 2169:22 – 2170:12 | Omission | Never told the government in any interview "explain[ing] why [the boots] were not used previously and then I did wear them." | Objection. This is an elaboration, not an inconsistency by omission, with earlier |

12

| | | | notes. The absence of a note reflecting the statement does not mean that the statement was not made. To the extent the issue is the accuracy of the notes, it is collateral. |
|---|---|---|---|
| 2174:18 – 2176:20 2194:20 – 2195:18 | 3514-012, p. 2, ¾ way down | At that time, limited to massaging and talking about the foot massage. Do not remember the specifics re: what JE was saying. Do not remember it being sexualized or going beyond massaging JE foot. | Objection. This testimony is not inconsistent. The witness explained the ways in which she understood the massage to be sexualized and not sexualized, eliminating any inconsistency. Tr. 2176:1-5. To the extent the witness gave more details about what Epstein said during the massage in an earlier interview with the Government, she agreed to that fact on page 2195. |
| 2182:19 – 2183:15 | 3514-012, p. 3, section "GM massage of AF" | GM massage of AF…."rubbed around breasts, not on her nipples or nipple area"; "was awkward and uncomfortable but not explicitly sexual – no touching of nipples, genitals, etc." | Objection. This testimony is not inconsistent. |
| 2185:7 – 12 2185:21 – 2186:13 | 3514-012, p. 4, "Incident in the bed" | "Do not remember it being a sexual touch – do not remember grabbing or touching her breasts or genitals. Did not, e.g., feel his erect penis. Body generally against hers." | Objection. This testimony is not inconsistent. The Court has already sustained an objection to the introduction of some |

13

| | | | of these statements on page 2186. |
|---|---|---|---|
| 2195:10 – 17 | 3514-012, p. 2, ¾ way down | At that time, limited to massaging and talking about the foot massage. Do not remember the specifics re: what JE was saying. Do not remember it being sexualized or going beyond massaging JE foot. | This entry is part of the entry three rows above. The Government objects for the same reasons. |
| 2197:23 – 2198: | 3514-001 | Omission – never told anything about GM being "disinterested" | Objection. This is not a contradictory omission. To the extent it is, the witness was not confronted with 3514-001 on this point. |
| 2209:19 – 2213:5 | 3514-001 | Omission – no mention of wanting JE or GM prosecuted | Objection. The Court already sustained the objection to the question about whether Annie told the agent that she wanted Epstein prosecuted. And there is no inconsistency between any omission and Annie's answer to the only question that was permitted. (Tr. 2213:3-5). Also, one would not expect Annie to provide this information in an interview. |
| | 2017 Kuyrkendall declaration | Kuyrkendall – declaration language | Same as prior answer. |

14

| | | | |
|---|---|---|---|
| 2224:6 - 14 | 3514-012 | Each of the statements that the physical contact was "not sexualized" or "explicitly sexual" | Objection. This testimony is not inconsistent. |

### III.     Conclusion

For the reasons set forth above, the Court should grant or deny the motion as indicated above.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ___s/_____
Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
Assistant United States Attorneys
Southern District of New York

Cc: Defense Counsel (by e-mail)

| | | | |
|---|---|---|---|
| 2224:6 - 14 | 3514-012 | Each of the statements that the physical contact was "not sexualized" or "explicitly sexual" | Objection. This testimony is not inconsistent. |

### III.     Conclusion

For the reasons set forth above, the Court should grant or deny the motion as indicated above.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:  ___s/_____
Maurene Comey
Alison Moe
Lara Pomerantz
Andrew Rohrbach
Assistant United States Attorneys
Southern District of New York

Cc: Defense Counsel (by e-mail)