**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 16, 2021

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

    The parties respectfully submit this joint table reflecting the remaining statements about which the parties disagree. The parties have omitted from this table the statements from previous tables in which the parties have reached agreement. The parties note that many of these statements raise one of two questions: (1) must counsel show the witness the prior inconsistent statement under Rule 613(b), and (2) is a statement admissible when the witness affirms that the 3500 material contains the inconsistent statement and also expresses disagreement with the substance.

    A.  Jane

| Trial Testimony | 3500 Material | Quote | Government Position | Defense Position |
|---|---|---|---|---|
| | | | | |

1

| | | | | |
|---|---|---|---|---|
| 447:2 – 447:20 | 3509-002, p. 1 | GM walked by w/ dog. JE came up to meet her. | Objection. The shorthand notes in 3509-002 was turned into an FBI 302 which makes clear that the statement was consistent. *See* 3509-001 p.1, second paragraph. | Witness was crossed on the notes; the agent's typed report was three months later. The notes and report are inconsistent with each other and the witness. A live witness should clarify. |
| 455:3 – 18 | 3509-008, p. 12, 4th paragraph | They visited Jane one to two times at her house in Florida. This was about a year or two after meeting him. | Objection. Not inconsistent with the witness's testimony, and when confronted with the statement, she said it was correct. | The witness did not agree that the statement was accurate, equivocated with "I guess." Entitled to demonstrate prior inconsistent statement per FRE 613. |
| 470:21 – 471:18 | 3509-005, p. 3, first paragraph | Fairly early on Maxwell 'joined in' and started taking her clothes off. This was about six months into being with them. Jane was still 14 at this time. Jane does not have a specific memory of the first time. | Objection. Defense counsel did not show the witness the inconsistent statement | FRE 613(a) does not require that witness be shown document; gov't counsel could have requested the cite (as they did with others). |
| 471:18 – 22 | 3509-008, omission | | Objection. Question is too vague and untethered from time to constitute an inconsistent omission. To the extent it is, the witness was not confronted with | Witness testified on direct to an entire scenario with our client that was omitted from the 302 reports. Impeachment by omission. |

| | | | 3509-008 on this point. | |
|---|---|---|---|---|
| 473:24 – 20 | 3509-008, p. 4, first full paragraph | The first time Maxwell was involved in the sexual encounters with Epstein and Jane, there were two other girls there as well. | Objection. Not inconsistent with the witness's testimony. The witness agreed to the statement in the notes, although defense counsel cut off her explanation. | Witness denied accuracy of the notes (474:14 & 20); the witness's answered trailed off – was not cut-off. |
| 475:7 – 18 | 3509-008, p. 5, 3rd full paragraph | When Jane was asked if there were times where it was only Epstein, Maxwell, and her in the room, Jane was not sure. As Epstein progressed incidents sexually with Jane, it would go back and forth between just being solely with Jane and going back to the group setting. | Objection. Some of these questions did not track the 3500 material, and defense counsel did not show the witness the statement. | FRE 613(a) does not require witness be shown statement; the testimony tracks the 302. |
| 475:19 – 476:1 | 3509-008, p. 3, 2nd full paragraph | Jane does not have a recollection, is not sure if Maxwell touched her during these encounters. | Objection. Defense counsel did not show the witness the statement, and the testimony is not inconsistent | FRE 613(a) does not require witness be shown statement; the testimony tracks the 302. |
| 476:2-4 | 3509-008, p. 10, 4th paragraph | Jane was asked if Maxwell ever touched or kissed her to which she answered, "I don't think so." | Objection. Defense counsel did not show the witness the statement, and the testimony is not inconsistent | FRE 613(a) does not require witness be shown statement; the testimony tracks the 302. |

| 476:8-10 | 3509-005, p. 4, 4th full paragraph, last sentence | Jane was not sure if Maxwell talked about how Epstein liked to be massaged. | Objection. Defense counsel did not show the witness the inconsistent statement. | FRE 613(a) does not require witness be shown statement; the testimony tracks the 302. |
|---|---|---|---|---|
| 476:14-16 | 3509-008, p. 10, 1st full paragraph | Jane cannot remember if Maxwell was ever present for instances of oral sex or hand jobs with Epstein and Jane. | Objection. Not inconsistent, and defense counsel did not show the witness the inconsistent statement. The 3500 material is consistent with the witness's testimony that she does not recall if the defendant was present for instances of oral sex with Epstein. | FRE 613(a) does not require witness be shown statement; the testimony tracks the 302. Inconsistent with prior testimony. |
| 476:17-19 | 3509-008, p. 9, last paragraph | Jane was then asked if Maxwell was present for when any of these 4 options (masturbation, hand job, oral sex, and sex) were performed on her and she responded, "I can't remember." | Objection. Defense counsel did not show the witness the statement, and the testimony is not inconsistent | FRE 613(a) does not require witness be shown statement; the testimony tracks the 302. |
| 477:2-5 | 3509-008, p. 9, last paragraph | Jane was then asked if Maxwell was present for when any of these 4 options (masturbation, hand job, oral sex, and sex) were performed on her and she responded, "I can't remember." | Objection. Defense counsel did not show the witness the statement, and the testimony is not inconsistent | FRE 613(a) does not require witness be shown statement; the testimony tracks the 302. |
| 478:8-23 | 3509-008, p. 5, last paragraph | When Jane was asked if there were times when it was only Epstein, Maxwell and her in the room, Jane was not | Objection. Not inconsistent with the witness's testimony. The witness testified | FRE 613(b) Denial or statement that the notes are inaccurate may |

4

| | | sure. | that she did not recall making the statement but conceded that it is reflected in the 3500 material shown by the defense. | be impeached by extrinsic evidence. |
|---|---|---|---|---|
| 479:12 - 480:8 | 3509-005, p. 3, second full paragraph | Jane does not have a recollection, is not sure if Maxwell touched her during these encounters. | Objection. Not inconsistent with the witness's testimony. The witness testified that she did not recall making the statement but conceded that it is reflected in the 3500 material shown by the defense. | FRE 613(b). Denial or statement that the notes are inaccurate may be impeached by extrinsic evidence. |
| 480:9-25 | 3509-008, p. 10, 1st full paragraph | Jane cannot remember if Maxwell was ever present for instances of oral sex or hand jobs with Epstein and Jane. | Objection. The 3500 material is consistent with the witness's testimony that she does not recall if the defendant was present for instances of oral sex with Epstein. | Witness denied making the statement or said she could not remember. FRE 613(b). |
| 499:7 – 23 507:18 – 508:8 | 3509-008, p. 8, 4th full paragraph | Her first trip to New York was to just go and have fun. | Objection. Defense counsel has not identified an inconsistency in the trial testimony. | Witness denied that she made the statement about her first trip to NY; earlier testified that she was abused on almost every trip. |

| | | | | |
|---|---|---|---|---|
| 506:12 – 507:4 | 3509-001, p. 2 | When Jane was 14 years old, she flew with Epstein and Maxwell to New York City to see *The Lion King*….The first time she traveled with them nothing inappropriate happened. | Objection. The witness agreed that this was her original statement to the Government. | Witness absolutely denied making the statement, or that it was accurate. Essential to prove she changed her story after suggestion by the government. |
| 512:11 – 513:7 | 3509-008, p. 6, 8th paragraph | Re first NM trip: She recalled going hiking. She remembered not doing too much and just sitting around mostly. | Objection. Not inconsistent with the witness's testimony. If it were, this is impeachment on a collateral fact. | Not collateral given that she was asked three times about abuse in NM and then changed her story. |
| 513:8 – 20 | 3509-008, p. 7, last full paragraph | She did not recall any specific abuse that occurred | Objection. Testimony about recalling "any abuse" is not inconsistent with prior statements that she does not recall "specific abuse" in New Mexico. | Not collateral given that she was asked three times about abuse in NM and then changed her story. |
| 514:2 – 11 | 3509-008, p. 7-8, overflow paragraph | Jane was asked if she recalled any specific abuse that occurred in New Mexico and stated she was not sure. | This is the same prior statement as the previous section | Not collateral given that she was asked three times about abuse in NM and then changed her story. |
| 514:1 – 515:7 | 3509-008, p. 8, 1st overflow paragraph | The place was dark and she did not recall many details of this location. If there was abuse that occurred, it wouldn't have been a group thing but she cannot recall anything specific. | This is the same paragraph as the prior section. To the extent the defendant wants to impeach Jane about whether any abuse that | Not collateral given that she was asked three times about abuse in NM and then changed her story… |

| | | | occurred was not a "group thing," that is consistent with her trial testimony. | Not asking about a "group thing" asking about her her repeated denials that any abuse took place in NM until government suggested otherwise. |
|---|---|---|---|---|
| 521:9 – 522-22 | 3509-001, p. 3, 2nd full paragraph | In the beginning before the pool house incident, Epstein showed off to Jane…Epstein took Jane in a dark green car to Mar-a-lago to meet Donald Trump. | Objection. Not inconsistent with the witness's testimony. The witness agreed with most of this, and said she did not recall the timeline. Nor is it clear from the 3500 material that the events occurred before the pool house incident, as suggested on cross. | Witness recounted a number of events (including this one) that occurred before any abuse started; other testimony in the case establishes that Epstein did not own the green car until she was much older. |
| 532:12 – 17 | 3509-001, p. 2, 2nd full paragraph | Epstein, Maxwell, or an assistant would call Jane's house phone. There was an assistant named Lesley, Maxwell's assistant named Emmy Taylor, and another assistant named Michelle. | Objection. Not inconsistent. The witness acknowledged the information contained in the 302, and it was read into the record. | Witness denied making the statement and then said the notes were "incorrect." Right to establish she did say it by extrinsic evidence. |
| 596:7 – 25 | 3509-007, paragraph 20 | In 1996, when Doe was 16 years old, Epstein moved Doe to New York City. | Objection. This statement was read into the record. | Witness denies making the statement; her adopted admission. |

B. Annie

| Trial Testimony | 3500 Material | Quote | Government Position | Defense position |
|---|---|---|---|---|
| 2151:2 – 16 | 3514-001, p. 2, 2d full paragraph | Originally Maria was going to accompany Annie to New Mexico. | Objection. Although the witness testified that she did not recall making the statement, she acknowledged that the statement is contained in the 302. There is no basis for further impeachment. | A denial of making the statement may be impeached via extrinsic evidence. FRE 613(b) |
| 2160:12 – 2161:25 | 3514-001, p. 3, 2d full paragraph | The chef prepared dinner and all three ate together. | Objection. Not inconsistent with the witness's testimony. Also, whether a chef prepared dinner is a collateral matter. | Indicates another eye witness; not collateral and inconsistent with her direct testimony |
| 2165:7 – 2166:6 | 3514-001, p. 2, last paragraph | They spent a significant amount of time horseback riding. | Objection. Not inconsistent with the witness's testimony. The witness did not deny making the statement on page 2166. Also, whether the witness went horseback riding for a significant amount of time is collateral. | Witness omitted this activity from her recitation of the weekend events, although she earlier had said it was "significant" part of her trip. |

| | | | | |
|---|---|---|---|---|
| 2174:18 – 2176:20 2194:20 – 2195:18 | 3514-012, p. 2, ¾ way down | At that time, limited to massaging and talking about the foot massage. Do not remember the specifics re: what JE was saying. Do not remember it being sexualized or going beyond massaging JE foot. | Objection. This testimony is not inconsistent. The witness explained the ways in which she understood the massage to be sexualized and not sexualized, eliminating any inconsistency. Tr. 2176:1-5.  To the extent the witness gave more details about what Epstein said during the massage in an earlier interview with the Government, she agreed to that fact on page 2195. | Government allowed to put on evidence that the massages were "sexualized" in re-direct, although witness had earlier told the government they were not. |
| 2182:19 – 2183:15 | 3514-012, p. 3, section "GM massage of AF" | GM massage of AF…."rubbed around breasts, not on her nipples or nipple area"; "was awkward and uncomfortable but not explicitly sexual – no touching of nipples, genitals, etc." | Objection. This testimony is not inconsistent. | Government allowed to put on evidence that the massages were "sexualized" in re-direct, although witness had earlier told the government they were not. |
| 2185:7 – 12 2185:21 – 2186:13 | 3514-012, p. 4, "Incident in the bed" | "Do not remember it being a sexual touch – do not remember grabbing or touching her breasts or | Objection. This testimony is not inconsistent. The Court has already | Government allowed to put on evidence |

9

| | | | | |
|---|---|---|---|---|
| | | genitals. Did not, e.g., feel his erect penis. Body generally against hers." | sustained an objection to the introduction of some of these statements on page 2186. | that the massages were "sexualized" in re-direct, although witness had earlier told the government they were not. |
| 2195:10 – 17 | 3514-012, p. 2, ¾ way down | At that time, limited to massaging and talking about the foot massage. Do not remember the specifics re: what JE was saying. Do not remember it being sexualized or going beyond massaging JE foot. | This entry is part of the entry three rows above. The Government objects for the same reasons. | Government allowed to put on evidence that the massages were "sexualized" in re-direct, although witness had earlier told the government they were not. |
| 2197:23 – 2198: | 3514-001 | Omission – never told anything about GM being "disinterested" | Objection. This is not a contradictory omission. To the extent it is, the witness was not confronted with 3514-001 on this point. | FRE 613(a) does not require showing the statement. |
| 2209:19 – 2213:5 | 3514-001 | Omission – no mention of wanting JE or GM prosecuted | Objection. The Court already sustained the objection to the question about whether Annie told the agent that she wanted Epstein prosecuted. And | Nesbitt Kuyrkendall declaration said that all witnesses she interviewed in 2006-2008 did not want Epstein |

| | | | there is no inconsistency between any omission and Annie's answer to the only question that was permitted. (Tr. 2213:3-5). Also, one would not expect Annie to provide this information in an interview. | prosecuted, which would include this witnesss. |
|---|---|---|---|---|
| | 2017 Kuyrkendall declaration | Kuyrkendall – declaration language | Same as prior answer. | Same as prior. |
| 2224:6 - 14 | 3514-012 | Each of the statements that the physical contact was "not sexualized" or "explicitly sexual" | Objection. This testimony is not inconsistent. | Same as prior. |

              Respectfully submitted,

              DAMIAN WILLIAMS
              United States Attorney


By:    s/
       Maurene Comey
       Alison Moe
       Lara Pomerantz
       Andrew Rohrbach
       Assistant United States Attorneys
       Southern District of New York

Cc: Defense Counsel (by e-mail)