

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 17, 2021

**BY E-MAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

    The Government writes in opposition to the defendant's motion for an arrest warrant for Kelly Bovino. It is not clear that Bovino is under subpoena for the same reasons Robert Glassman has previously articulated.[1] Assuming she is, however, the defense letter correctly states that the Court "has authority" to issue an arrest warrant. (Def. Letter at 2-3). But the Court is not required to do so, and in this case, the Court should exercise its discretion to not sign the arrest warrant.

    The defendant has been aware of the 3500 material that forms the basis of the defendant's

---

[1] The defense subpoena was served on November 30, 2021, (*see* Def. Letter Ex. 2), but it required her to appear at the United States Courthouse at 9:00 a.m. on November 29, 2021 (*see id.* Ex. 1)—an impossibility. The defense has cited no law for the proposition that Bovino has refused to "comply with an order of the court to testify," 28 U.S.C. § 1826, by failing to comply with a subpoena with which she could never have complied.

theory of Bovino's relevance since mid-October, when the Government produced its 3500 material. Yet the defendant did not subpoena Bovino until November 30, 2021. And as the defendant admits, she has not been in contact with Bovino since the service of the subpoena, two and a half weeks ago.

The Government rested on Friday, November 10, 2021, as it had previewed for several days prior. Following that time, the defendant had five days without trial during which to prepare the defense case-in-chief. On the day the Government rested, the defendant suggested that the defense case would last only a few days, and as recently as yesterday, the defendant suggested that she would rest today, but for one witness who might carry over to Monday. Tr. 2534.

It was not until this morning that the defendant brought Bovino's apparent noncompliance to the Court's attention. It also appears that the defense would otherwise rest today. The defendant has slept on her rights, and the Court should not sign the arrest warrant or grant a continuance to allow the Marshals time to find Bovino and bring her to Court.

It is well settled that a "district court has broad discretion to grant or deny a motion to continue." *See United States v. Hamlett*, 2021 WL 5105861, at *3 (2d Cir. Nov. 3, 2021). That principle applies with full force where a defendant belatedly seeks to compel a witness to attend trial. In *United States v. King*, 762 F.2d 232, 235 (2d Cir. 1985), *superseded by statute on other grounds as stated in United States v. Khatami*, 280 F.3d 907, 912 (9th Cir. 2002), the Circuit affirmed a district court's denial of a motion to continue so that an incarcerated witness could be produced. The defendant waited until two days before trial to seek production of the witness, and the Circuit ruled that "any detriment suffered by [the defendant] resulted from his own dilatory conduct and not from the court's ruling." *Id.* at 235. "Such tactics provide no basis for a ruling

that the district court abused its discretion in denying a continuance to permit the witness to be brought to trial." *Id.; see also Untied States v. DeCologero*, 530 F.3d 36, 74 (1st Cir. 2008) (collecting cases and granting a motion to transport but refusing to order the Marshals to expedite it and denying a continuance because the request was "quite belated[]").

Additionally, Bovino's testimony is in no way vital. The defendant articulated a theory of relevance in her opposition to the Government's motion to preclude, and it is the same theory that the defendant articulated as to two other witnesses. The defendant will suffer no significant prejudice by denial of her motion.

Finally, what the defendant posits is no mere delay until Monday. What the defendant suggests is to direct the Marshals Service to arrest a defendant located in California, detain her, fly her across the country, and possibly arrange counsel for her, all so that she may provide a few minutes of testimony. Under the unique facts of this case—a lengthy trial in the middle of a global pandemic, with looming extended breaks for two holidays—an arrest warrant would likely cause significant delay and risk to the trial. The defendant's eleventh-hour request for such an extended delay is not justified under these circumstances.

                                               Respectfully submitted,

                                               DAMIAN WILLIAMS
                                               United States Attorney

                           By:    s/                               
                                   Maurene Comey
                                   Alison Moe
                                   Lara Pomerantz
                                   Andrew Rohrbach
                                   Assistant United States Attorneys
                                   Southern District of New York

Cc: Defense Counsel (by e-mail)