

`

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 21, 2021

**BY E-MAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

The Government respectfully submits this letter regarding the proposed limiting instructions in the Court's order regarding Witness-3. (*See* Dkt. No. 477).

The Government proposes one edit to the instruction in advance of Witness-3's testimony. Specifically, the Government proposes inserting the word "solely" in the sentence beginning "However," as follows:

> However, you may not convict the Defendant **solely** on the basis of the testimony regarding the sexual conduct between this witness and Mr. Epstein.

This edit clarifies a potential tension within the instruction. As the Court has ruled, evidence relating to Witness-3 is relevant to the issues, but cannot on its own support a conviction. Absent this clarification, it may appear to the jurors that they "may not convict the Defendant on the basis of [Witness-3]'s testimony," *i.e.*, the testimony is not offered as relevant evidence the

1

jury may consider, but rather as background information or for some other purpose. That sentence would then conflict with the sentence in the instruction that the jury may consider the evidence to the extent it "is relevant to the issues before [the jury]." The Government proposes this edit to avoid any potential confusion by the jury.

The Government respectfully objects to the second proposed limiting instruction[1] and submits that such an instruction should not be given. As an initial matter, the Government believes any such instruction will likely prove unnecessary at trial. The Government expects any testimony regarding the Minor Victims' sexual activity above the age of consent will be brief, involve few details, and be offered solely to complete the timeline of those witness's relationships with Epstein, or in anticipation of defense cross-examination about such conduct. (*See* 11/10/21 Tr. at 223:1-25). There is no need for a limiting instruction to prevent prejudice to the defense caused by defense cross-examination. And insofar as that need arises, it will be clearer once witnesses have testified about specific incidents at specific times where the age of consent is relevant.

Moreover, the proposed limiting instruction risks confusing the jury and prejudice to the Government. First, the language that the witness "was over the age of consent . . . at the relevant

---

[1] For convenience, the proposed instruction is the following:

> I anticipate that you will hear testimony from the next witness about sexual conduct that she says she had with Mr. Epstein in [insert relevant jurisdiction, e.g. New Mexico]. I instruct you that because the witness was over the age of consent in [insert relevant jurisdiction, e.g. New Mexico] at the relevant time period, the sexual conduct she says occurred with Mr. Epstein was not "illegal sexual activity" as the Government has charged in the Indictment. However, to the extent you conclude that her testimony is relevant to the issues before you, you may consider it. However, you may not consider this testimony as any kind of reflection on Mr. Epstein's nor Ms. Maxwell's character or propensity to commit any of the crimes charged in the Indictment.

time period" suggests to the jury that the testimony will be that witness was above the local age of consent at *all* relevant times. That will not be the testimony at trial—for instance, Minor Victim-1 and Minor Vicitim-4 will testify that they were 14 when Epstein and the defendant first enticed or trafficked them into sexual activity, but, to complete the timeline of their interactions with Epstein and the defendant, will provide only brief testimony that they continued having sexual interactions with Epstein past the relevant age of consent for the Mann Act or sex trafficking counts. To be accurate, the instruction would need to clarify that the witness will testify that she reached the age of majority at some point during her testimony, not that she was over the age of consent, full stop.

Second, and relatedly, the defendant has indicated that she intends to dispute when certain events occurred and the ages of the victims at those times. A limiting instruction suggesting that the Minor Victims were "above the age of consent" or not engaged in "illegal sexual activity" would essentially instruct the jury that the Minor Victims were, in fact, above the age of consent at all relevant times, as the defense is expected to argue. Accordingly, at a minimum, any instruction on that issue should be balanced. If the Court explains to the jury that the Minor Victims were above the age of consent under some state's law at some point, such that they could not have engaged in "illegal sexual activity," the Court should also explain that they may still have been under the age of consent for purposes of the New York offense alleged in the Indictment and 18 U.S.C. § 1591, such that they could still be under the age of consent required to prove the Mann Act and sex trafficking conspiracy counts.

Third, the ages of consent in jurisdictions other than New York are not relevant to the factual question before the jury. To the extent a witness engaged in sexual activity that was lawful

under the laws of a state where that sexual activity occurred because the witness was above that state's age of consent, the defendant is not charged with any such conduct. The proposed instruction is not fully accurate when it says that sexual activity is not "'illegal sexual activity' as the Government has charged in the Indictment" "because the witness was over the age of consent" in the relevant jurisdiction; rather, whether the sexual activity is or is not "illegal sexual activity" regarding the offenses in the Indictment is determined by reference only to New York state law and New York's age of consent. As is clear from the Government's proposed request to charge, the Government is not proceeding on a theory that a violation of any law other the New York law was an object of the Mann Act counts. *See* Proposed Request to Charge at 23, 31, 51-52. And while sexual activity over some other state's age of consent cannot establish a *substantive* Mann Act offense because it was not "illegal sexual activity," for the purposes of the conspiracy counts, the Government need not prove that any illegal sexual activity actually occurred. All that is required is that the defendant intended illegal sexual activity—that is, a violation of the New York object offense—to occur. *See* Proposed Request to Charge at 45. And sexual activity in New Mexico or Florida with someone below *New York*'s age of consent is direct evidence of that offense, whatever the local ages of consent.

An instruction that sexual contact in a jurisdiction other than New York is not "illegal sexual activity" because it was over some other state's age of consent would likely confuse the jury by (1) informing the jury about a state age of consent that is not relevant to the crimes charged in the Indictment, and (2) suggest to the jury that sexual contact was "not illegal" because it was above that state's age of consent, even though it is direct evidence of the Mann Act conspiracies.

Further, as to the sex trafficking counts, state laws and ages of consent are entirely

4

irrelevant. If a commercial sex act occurred involving a 17-year-old in New York, that sexual activity is illegal under 18 U.S.C. § 1591 because it involves a minor, even though it is above New York's age of consent. Although the instruction uses the phrase "illegal sexual activity," an element of the Mann Act, the jury is likely not to grasp that point in a short mid-trial instruction, divorced from a discussion of the elements of the offenses. The jury would therefore also be confused into thinking incorrectly that sexual activity that is "not illegal" under the local law is similarly lawful under federal law.

Finally, the Government notes that—as to New Mexico in particular—age of consent is not a simple and straightforward question. As the defense noted in their opposition to the Government's motions *in limine*, "New Mexico does not have a specific age of consent." (Def. Opp. at 46, Dkt. No. 483). The age of consent can also depend on the specific sexual act involved, which may require analysis of New Mexico state law in comparison to the facts elicited at trial. *Compare id.* at 46 & n.43 (noting that the age of consent depends on whether coercion or force are involved), *with State v. Begaye*, -- P. 3d --, 2021 WL 5173150, at * 2 (N.M. Ct. App. 2021) (affirming conviction of defendant who forcibly hugged a sixteen-year-old and, when releasing her, "brushed his hand over her chest and squeezed her breast"). It therefore cannot be said that a sexual act in New Mexico was "above the age of consent" without determining what sexual act occurred and how New Mexico state law would treat that act.

In the Government's view, these issues are best explained to the jury in the concluding jury instructions, where the jury can be fully instructed on the relevant law and then apply that law to the facts it finds have been established at trial. And no limiting instruction is needed because, as will be explained to the jury in the concluding instructions, they can only convict for violations of

the Mann Act with the New York state law (including the New York age of consent) as its object, or for violations of § 1591, and conspiracy to commit those offenses. There is accordingly no risk that the jury will convict the defendant for violating an unidentified local sex crimes law for which the Minor Victim was above the age of consent. As a result, the Government respectfully requests that the Court refrain from giving the second limiting instruction at all during this trial.

If the Court nevertheless decides to give the second limiting instruction, the Government proposes the following revision to give the jury an understanding both of what is and what is not illegal sexual activity:

> I anticipate that you will hear testimony from the next witness about sexual conduct that she says she had with Mr. Epstein in [insert relevant jurisdiction, e.g. New Mexico]. I instruct you that **if and when** ~~because~~ the witness was over the age of consent in [insert relevant jurisdiction, e.g. New Mexico] at the relevant time period, the sexual conduct she says occurred with Mr. Epstein was not **itself** "illegal sexual activity" as the Government has charged in the Indictment. **[The age of consent in that jurisdiction is [insert relevant age of consent or analysis thereof]].** However, to the extent you conclude that her testimony is relevant to the issues before you, **including the defendant's intent for that witness to engage in illegal sexual activity in New York as charged in the Indictment,** you may consider it. **Even when the witness was over the age of consent in [insert relevant jurisdiction, e.g., New Mexico], at the relevant time period, you may conclude that the witness was below the age of consent in New York, which is 17 years old. [For witnesses relevant to the sex trafficking counts: Further, the sexual conduct may be considered in determining whether the defendant intended the witness to engage in a "commercial sex act" before reaching the age of 18, and for which the age of consent in [insert relevant jurisdiction] is irrelevant.]** However, you may not consider ~~this~~ testimony **regarding sexual activity that took place above the age of consent with respect to the relevant statute as I have just described it** as any kind of reflection on Mr. Epstein's nor Ms. Maxwell's character or propensity to commit any of the crimes charged in the Indictment.

The proposed revision provides the jury with information that matches the expected testimony, provides the jury with sufficient context about the question before it to avoid confusion about how it can and cannot consider the sexual activity, avoids an inaccurate statement of state

law, avoids incorrectly suggesting that the entirety of the witness's testimony will describe events that took place after the witness reached the age of consent, and avoids prejudice to the Government from an unbalanced instruction. In the Government's view, however, any concern that jurors will mistakenly think they should convict on the basis of some violation of another state's laws is best addressed in the concluding jury instructions. Such instructions will make the most sense to the jurors once they have heard all the facts and been instructed regarding the elements of each offense charged in the Indictment.

          Respectfully submitted,

          DAMIAN WILLIAMS
          United States Attorney

By:    s/                       
    Maurene Comey
    Alison Moe
    Lara Pomerantz
    Andrew Rohrbach
    Assistant United States Attorneys
    Southern District of New York

Cc: Defense Counsel (by e-mail)