

**Haddon, Morgan and Foreman, P.C**
**Jeffrey S. Pagliuca**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364
FX  303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

December 12, 2021

**VIA Email**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

    As directed, I write to request that the Court permit three witnesses called by the defense to testify using pseudonyms or their first names only. Those witnesses are ▇▇▇▇▇▇▇▇, Michelle Healy, and ▇▇▇▇▇▇▇▇▇▇▇. Ms. Maxwell submits this letter at the request of these witnesses.[1]

    Ms. Maxwell has conferred with the government about this request. The government opposes any form of protective anonymity for these witnesses.

## BACKGROUND

    So far, there have been ten trial days in this case. During that time, several witnesses have testified using a pseudonym or their first name only. These witnesses include three of the four alleged victims (Jane, Kate, and Carolyn) and two other government witnesses (Matt and

---

[1] Ms. Maxwell may call as witnesses individuals who share the same true last name as the alleged victims in this case. Consistent with this Court's earlier ruling, and subject to her earlier objections, Ms. Maxwell does not oppose these witnesses testifying using pseudonyms or their first names only.

The Honorable Alison J. Nathan
December 12, 2021
Page 2

Shawn). And during that time, and mostly at the request of the government, the Court on at least forty-five occasions has admitted an exhibit or series of exhibits either partially or fully under seal to protect the identity or privacy of a victim, third party, or witness. These exhibits include message pads, address books, birth certificates, business records, invoices, and the like.

Although Ms. Maxwell opposed this process as an infringement on her constitutional right to effectively cross-examine her accusers, U.S. Const. amend. VI, the Court overruled that objection. TR 11/1/2021, pp 6-12. Consistent with the rationale for the Court's decision, and without waiving her objection, Ms. Maxwell requests that this Court permit three witnesses called by the defense to testify using pseudonyms or their first names only. Like the government witnesses this Court permitted to testify using pseudonyms or their first names only, these three defense witnesses (███████, Michelle Healy, and ███████████) have substantial professional or personal privacy interests supporting this request.

The government and the Court, of course, know the true identities of the witnesses, as will the jury. Moreover, unlike Ms. Maxwell, the government does not have a constitutional right to confrontation weighing on the other side of the scale. Finally, the rationale for this Court's decision permitting government witnesses to testify using pseudonyms or their first names only supports the same request by these three witnesses. Just as alleged victims will be reluctant to come forward and assist the government in the prosecution of a sensitive criminal matter, so too will witnesses be reluctant to come forward and testify at the request of the defense when the defendant, like Ms. Maxwell here, has been so publicly vilified before she has even had her day in court. In a high-profile case like this, Ms. Maxwell's constitutional rights to present a defense, compulsory process, and to effective assistance of counsel would be compromised if witnesses

felt constrained not to help or not to be fully forthright in their testimony, which is exactly what will happen if these three witnesses are not given the same consideration as was given the government's witnesses. Indeed, defense counsel have encountered significant resistance from former Epstein employees and acquaintances concerning their willingness or availability to testify because of fear related to unfavorable publicity should their names be publicly associated with Mr. Epstein. Numerous witnesses have refused to be interviewed, professed a lack of knowledge or memory, and actively avoided service of process because of the fear of public retaliation.

## ARGUMENT

The Constitution grants Ms. Maxwell the right to present a defense and to compulsory process. U.S. Const. amends. V, VI. It also guarantees her effective assistance of counsel. U.S. Const amend. VI. To vindicate these rights, Ms. Maxwell requests that this Court permit three witnesses to testify using pseudonyms or their first names only.

**A.** ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ has known Ms. Maxwell and her family for almost forty years. She visited Ms. Maxwell in the United States at the various locations that are at issue in this trial during the relevant time periods. She met Jeffrey Epstein and can describe Ms. Maxwell's interactions with Mr. Epstein.[2] ▮▮▮▮▮▮▮

---

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The Honorable Alison J. Nathan
December 12, 2021
Page 4

███████████████████████████ Ms. Maxwell expects her to testify on Monday, December 20. This Court should permit ████ to testify using a pseudonym.

First, ████ has a substantial professional interest in testifying using a pseudonym. Put simply, ████████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████

████ is justifiably worried that she will be denounced and ostracized by her colleagues should it become a mater of public record that she testified at the request of Ms. Maxwell's defense team. *See, e.g.*, *United States v. Marti*, 421 F.2d 1263, 1266 (2d Cir. 1970) (proper for court to preclude defense from revealing witness's address when that information "may subject the witness to reprisals"). Her testimony in this case, if revealed, presents a real threat to her employment. *See United States v. Marcus*, No. 05 CR 457 (ARR), 2007 WL 330388, at *1 (E.D.N.Y. Jan. 31, 2007) (pseudonymity may be appropriate "to avert loss of employment potentially resulting from trial publicity").

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████. *Cf*. TR 11/1/2021, p 8:1-3

The Honorable Alison J. Nathan
December 12, 2021
Page 5

("[R]equiring alleged victims to publicly provide their names could chill their willingness to testify for fear of having their personal histories publicized.").

There is ample precedent for this request, ███████████████████
████████████████████████████████████████
████████████████████████████
███████████████████████
██████████████████████
████████████████████████
██████████████████████
████████████████████████
██████████████████████
████████████████████████
█████████████████████ █████████
████████████████████████
████████████████████████
████████████████████████
███████████████.

Second, beyond the professional ███████████ basis for this request, there is another reason this Court should grant ████████ anonymity. As this Court said at the pretrial conference when granting the government's motion, "limiting disclosure here would protect the alleged victims from potential harassment from the media and others, undue embarrassment and other

adverse consequences." TR 11/1/2021, p 6:20-23. The harassment and intimidation ▇ will experience if it becomes public that she testified at the request of Ms. Maxwell cannot be overstated. If her identity is revealed, ▇ will be a prime target for media hysteria and harassment in all its forms.

At trial, this rationale for anonymity extended beyond the alleged victims themselves to include several witnesses and third parties. Exhibits with witness or third-party identifying information were filed under seal or redacted. (As noted above, there were at least forty-five times when an exhibit or series of exhibit was admitted either partially or fully under seal to protect the identity or privacy of a victim, third party, or witness.) Thus, even though ▇ is not an alleged victim in this case, that does not mean she lacks profound professional and personal privacy interests in not having her true name revealed in public. Likewise, ▇ should be afforded the same privacy protection as have other witnesses whose true or full identity has been safeguarded—courtroom artists should be precluded from drawing her true facial likeness.

Finally, Ms. Maxwell's constitutional rights to present a defense, to compulsory process, and to effective assistance counsel would be compromised without the protection of anonymity requested here. U.S. Const. amends. V, VI. As this Court said at the pretrial conference, "[g]iven the sensitive and inflammatory nature of the conduct alleged, such publicity may cause further harassment or embarrassment, and other alleged victims of sex crimes may be deterred from coming forward." TR 11/1/2021, p 8:4-7. This logic applies with equal force to witnesses called by the defense. As to ▇ in particular, there is no question she will face vitriol, harassment, and intimidation once she ▇ is publicly labeled as a

defense witness and "Maxwell apologist." ▇▇▇ has relevant and material information, and Ms. Maxwell has a constitutional right to present her testimony to the jury. This Court should safeguard Ms. Maxwell's constitutional rights by affording ▇▇▇ the protection she seeks here.

The countervailing considerations cannot outweigh ▇▇▇ request. First, there is nothing evidentiary or relevant about ▇▇▇ true name. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Second, unlike Ms. Maxwell, the government does not have a constitutional right to confrontation. The government can fully cross-examine ▇▇▇ without publicly disclosing her name.

Publication of ▇▇▇ true identity is unnecessary and unreasonable, just as this Court found it was with the alleged victims and Matt and Shawn. As the Court recognized in *Alvarado v. Burge*, "Testifying by giving an identifying number [or alias] rather than a [true] name does not necessarily curtail any trial rights. The cross-examiner can question the witness' activities . . . without regard to the witness' name, and similarly has an opportunity to see and hear that which he testifies about." No. 5 Civ. 1851(AKH), 2006 WL 1840020, at *2 (S.D.N.Y. June 30, 2006).

This Court should permit ▇▇▇ to testify using a pseudonym.

**B.   Michelle Healy**

Michelle Healy has a substantial personal privacy interest in testifying using her first name only. During her testimony, Jane alleged that "Michelle" participated in sexualized massages and orgies with Mr. Epstein. From Jane's description of "Michelle" in her testimony and her prior statements, it is clear that she is referring to Michelle Healy. Although Ms. Healy

denies Jane's claims, if Jane is telling the truth, then Michelle is a victim just as much as Jane is. *See* 18 U.S.C. 3771(e)(2)(A) (the Crime Victims Act, defining "crime victim" means as "a person directly and proximately harmed as a result of the commission of a Federal offense"). Thus, for the very same reasons Carolyn could testify using only her first name, so too should Michelle be permitted to testify using her first name only. *See* TR 11/1/2021, pp 6-13. (It would be impractical for Michelle to use a pseudonym since her true first name is already in the record, though her last name is not.) If Michelle Healy's full name is revealed to the public, she will be subject to the same scorn, harassment, embarrassment, and intimidation that this Court relied on to grant witnesses like Carolyn the privilege of testifying using only their first names. TR 11/1/2021, p 6:20-23 ("[L]imiting disclosure here would protect the alleged victims from potential harassment from the media and others, undue embarrassment and other adverse consequences."); *see* Gov. Mot. in Limine, pp 3-14 (citing authority and arguing for anonymity for the alleged victims in this case).

C. 

■■■■■ is an adult, ■■■■■■■■. There is no allegation that she is the victim of any improper or illegal conduct by Mr. Epstein or Ms. Maxwell. Even so, Ms. ■■■■■ desires to testify using a pseudonym given the media hysteria surrounding this case and the inevitable harassment and intimidation that will follow because of being outed as a "masseuse" associated with Mr. Epstein.

Not only will Ms. ■■■■■ be subject to harassment and intimidation if her true name is disclosed, disclosure will also threaten the "loss of employment potentially resulting from trial publicity." *See Marcus*, 2007 WL 330388, at *1. Because Ms. Healy's true name is not relevant,

and because nondisclosure of her true name will not deprive the government of the ability to meaningfully cross-examine her, Ms. Healy's interest in remaining anonymous outweighs any government interest, "especially where the [government] knows the true identit[y] of [Ms. Healy]." Gov. Mot. in Limine, p 8 (citing cases).

## CONCLUSION

When this Court read its preliminary instructions to the jury, it said:

> As I mentioned during jury selection, this case has received and will continue to receive significant attention in the media. To protect their privacy, I have permitted witnesses, if they choose, to be referred to in open court by either their first name or a pseudonym. The full names of the witnesses are known to the government, the defendant, to the Court, and were shown to you during jury selection. This process should not bear in any way on your evaluation of the evidence in this case.

TR 11/29/2021, pp 24-25.

Several government witnesses testified using pseudonyms or only their first names. The logic of allowing that process applies with equal if not greater force here, given Ms. Maxwell's constitutional rights to present a defense, to compulsory process, and to effective assistance of counsel. These three defense witnesses merely ask for the same consideration given the government's several witnesses. Because their professional and personal privacy concerns are significant and substantial, and because testifying under a pseudonym or a first name will not affect the government's ability to fairly cross-examine them, this Court should permit ▇▇▇▇, Ms. Healy, and Ms. ▇▇▇▇ to testify using pseudonyms or their first names only, just as it permitted Jane, Kate, Carolyn, Matt, and Shawn to do, and the courtroom artists should be precluded from sketching their faces.

The Honorable Alison J. Nathan
December 12, 2021
Page 10

Respectfully submitted,

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*

cc: Counsel of record (via email)