COHEN & GRESSER LLP

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Christian R. Everdell
+1 (212) 957-7600
ceverdell@cohengresser.com

December 5, 2021

**BY ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:  *United States v. Ghislaine Maxwell*, S2 20 Cr. 330 (AJN)

Dear Judge Nathan:

    Pursuant to the Court's Order of earlier today, we respectfully submit this letter in opposition to the government's request to modify the Court's proposed limiting instruction concerning the testimony of Witness-3. The government's request is yet another example of its repeated attempts to relitigate issues that have been decided against them. The Court's instruction is appropriate and balanced and should not be changed.

    We should be clear from the outset – we are in this position because the government is insisting on calling a witness who has alleged conduct that is not illegal. The Court has ruled, and the government has itself conceded, that Witness-3 "is not a victim of any of the crimes charged in the Indictment."  11/19/2021 Op. and Order at 2. The Court has correctly recognized that having Witness-3 describe the details of her sex acts with Jeffrey Epstein would have no probative value because it cannot establish an element of the charged offenses. *See id*. at 4 ("There is little to no probative value of a witness describing sexual activity when that witness's testimony regarding the sexual activity cannot form the basis for the conviction of the crimes charged."); *see also*

2061438.1

The Honorable Alison J. Nathan
December 5, 2021
Page 2

11/10/2021 Tr. at 169 ("I don't think that's going to happen with witness three because that sexual conduct is not -- you don't need to prove that sexual conduct to prove an element.").

Furthermore, the Court has correctly recognized that if the jury hears the details of the sex acts between Epstein and Witness-3, there is a substantial risk that the jury "may confuse the issues and think that the sexual conduct this witness is describing itself constitutes the illegality charged in the Indictment due to the closeness in age of this witness to the age of consent" and as a result "may convict Ms. Maxwell due to feelings of immorality or sympathy for the witness despite the lack of illegality with regard to the crimes charged in the Indictment." 11/19/2021 Op. and Order at 3.

The government now complains that the testimony of Witness-3 will be misconstrued by the jury as a lack of detailed recollection if the Court does not instruct the jury that she has been instructed not to go into those details. That is the trade-off they must live with if they persist in calling this witness. Moreover, the government's argument that the defense has somehow put at issue all of the details of Witness-3's sex acts with Epstein simply by questioning the accuracy of the accusers' memories is nonsense. The dates and specifics of the alleged abuse of other witnesses are entirely separate from the issue of whether the Court's proposed instruction is misleading as to the testimony of Witness-3. It is not.

The Court has already carefully considered the limits of Witness-3's testimony and has balanced the government's use of this witness to establish intent, motive, etc., and the need to protect Ms. Maxwell from undue prejudice and a conviction based on an improper premise. The

2061438.1

The Honorable Alison J. Nathan
December 5, 2021
Page 3

proposed limiting instruction does precisely that. It should not be modified simply because the government cannot use Witness-3 the way they originally intended.

Sincerely,

　/s/ Christian Everdell
Christian R. Everdell
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600

cc:    All Counsel of Record (By Email)

2061438.1