

**Haddon, Morgan and Foreman, P.C**
**Jeffrey S. Pagliuca**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364
FX  303.832.2628
www.hmflaw.com
jpagliuca@hmflaw.com

December 14, 2021

**VIA Email**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan,

      I write under Rules of Evidence 608 and 403 to request that this Court preclude cross-examination of ▉▉▉▉▉▉▉▉▉▉ by the government concerning a regulatory settlement agreement involving Mr. ▉▉▉▉▉▉ related to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉, twenty years after the real estate transaction reflected in the documents he will serve as a foundational witness to admit.

      Mr. ▉▉▉▉▉▉ is a retired British Solicitor who represented Ms. Maxwell in the purchase of 44 Kinnerton Street, London SW1. The government has refused to stipulate to the admission of the 1996 Agreement for Sale for 44 Kinnerton Street and other related title documents, which show that Ms. Maxwell did not contract to purchase 44 Kinnerton Street until December 1996 (and did not complete the purchase until January 1997), long after Kate claims she engaged in a sexualized massage with Jeffrey Epstein in that residence. As a result, although the government does not contest the authenticity or relevance of these records, Ms. Maxwell

The Honorable Alison J. Nathan
December 14, 2021
Page 2

must fly Mr. ▓▓▓▓ from the United Kingdom to New York only to authenticate these documents and lay a foundation for their admission as business records.

Mr. ▓▓▓▓ has no fact testimony to offer about this case. Like William Brown, a DMV employee the government endorsed the night before it rested, Mr. ▓▓▓▓ only role as a witness will be to lay the foundation for the admission of an indisputably authentic and relevant exhibit. In a footnote in its December 12 letter, however, the government ▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓

The Honorable Alison J. Nathan
December 14, 2021
Page 3

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████████

█████████████████████████████████████

████████████████████████████████

███████████████████████████████

█████████████████████████████████████

███████████

    This Court should preclude the government from cross-examining Mr. ███████ on the topic of ████████████████████████████████████ ██████████████████████ This line of examination is irrelevant is inadmissible under Rules 608 and 403.

    Rule 608 states:

    **(a) Reputation or Opinion Evidence.** A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

    **(b) Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:

    **(1)** the witness; or

The Honorable Alison J. Nathan
December 14, 2021
Page 4

> **(2)** another witness whose character the witness being cross-examined has testified about.
>
> By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

Fed. R. Evid. 608.

Rule 608(b) permits inquiry, at the court's discretion, into specific instances of a witness's conduct that are "probative of truthfulness or untruthfulness." Fed. R. Evid. 608(b). In turn, Rule 403 "circumscribes" the court's discretion even further "by requiring the court to weigh the probative value of the evidence against the danger of unfair prejudice from it." *Ad-Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir. 1994) (citing Fed. R. Evid. 403). Where the specific instances of conduct are *not* probative of truthfulness or untruthfulness, the Court has no discretion to permit inquiry on cross-examination. Fed. R. Evid. 608(b).

"Rule 608(b) is intended to be restrictive. . . . The rule does not authorize inquiry on cross-examination into instances of conduct that do not actually indicate a lack of truthfulness." *United States v. Nelson*, 365 F. Supp. 2d 381, 386 (S.D.N.Y. 2005) (quotation omitted). "Acts probative of untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud." *Ad-Vantage*, 37 F.3d at 1464 (citing 3 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 608[5] at 608–45 to 608–46 (1994)). By contrast, unethical conduct is not, as a general matter, probative of untruthfulness. *Id.* ("Anton's borrowing from his clients, while ethically questionable, is likewise irrelevant to his truthfulness as an expert."). Indeed, "[t]o infer untruthfulness from any unethical act 'paves the way to the exception which will swallow the Rule.'" *Id.* (quoting 3 Weinstein & Berger, ¶ 608 [05] at 608-49 (1994)).

The Honorable Alison J. Nathan
December 14, 2021
Page 5

> In evaluating the probity of specific instances of conduct, courts consider numerous factors, including "whether the testimony of the witness in question is crucial or unimportant, the extent to which the evidence is probative of truthfulness or untruthfulness, the extent to which the evidence is also probative of other relevant matters, the extent to which the circumstances surrounding the specific instances of conduct are similar to the circumstances surrounding the giving of the witness's testimony, [and] the nearness or remoteness in time of the specific instances to trial.

*Nelson*, 365 F. Supp. 2d at 390.

Mr. ████████ alleged conduct, while perhaps unethical, is not probative of his truthfulness. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. None of the conduct is relevant to Mr. ████████ character for truthfulness or untruthfulness, and all the conduct is inadmissible under Rule 608(b).

The Eleventh Circuit's decision in *Ad-Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.* makes the point. In that case, Ad-Vantage called Leonard Anton as an expert witness regarding lost profits *Id.* at 1462. Anton was a CPA and lawyer. *Id.* Over objection, the court permitted GTEDC to cross-examine Anton about, among other things, his borrowing money from clients. *Id.* at 1462-63. On appeal, the Eleventh Circuit reversed, even though as a consequence of the reversal the case would have to be tried for a *fourth time*. *Id.* at

The Honorable Alison J. Nathan
December 14, 2021
Page 6

1461-62. The Court explained that "Anton's borrowing from his clients, while ethically questionable, is . . . irrelevant to his truthfulness as an expert." *Id.* at 1464.[1]

The same logic applies here. At most, Mr. ▬▬▬ engaged in unethical (but not untruthful) conduct that created the risk of harm by others. But none of that conduct involved lying or deceit, and none of it is relevant to his truthfulness.

There are other reasons this Court should preclude the government's cross-examination. First, the Court should consider "whether the testimony of the witness in question is crucial or unimportant." *Nelson*, 365 F. Supp. 2d at 390. Here, Mr. ▬▬▬ testimony relevant only to a narrow and limited issue—the admissibility of a document whose authenticity and relevance the government appears not to question.

Second, the Court should consider "the relationship between the subject matter of the prior deceptive act and that of the instant litigation. As the connection becomes more attenuated, so does the probative value of the evidence." *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 463 (S.D.N.Y. 1988). Here, Mr. ▬▬▬ conduct concerns ▬▬▬ ▬▬▬. The subject matter of the instant litigation, by contrast, is alleged sexual abuse and trafficking allegedly committed decades ago. There is no connection between "subject matter of the prior [allegedly] deceptive act and that of the instant litigation." *See id.*

Cases permitting cross-examination about an attorney's disbarment or suspension are not to the contrary. *E.g.*, *United States v. Jackson*, 882 F.2d 1444, 1448 (9th Cir. 1989) (no error in

---

[1] The Eleventh Circuit also held that the district court had erred in permitting inquiry into professional administrative proceedings against Anton where no probable cause was found, no sanction was imposed, or the proceedings were temporally remote. *Ad-Vantage*, 37 F.3d at 1464-65. The evidence was not probative of untruthfulness or was unfairly prejudicial. *Id.*

permitting impeachment of defendant-attorney, on trial for tax fraud, with questions about his disbarment for misappropriating client funds); *United States v. Weichert*, 783 F.2d 23, 25–26 (2d Cir. 1986) (no error in ruling that government could impeach defendant-attorney, on trial for defrauding the United States and bankruptcy fraud, with questions about his disbarment); *United States v. Whitehead*, 618 F.2d 523, 528-29 (4th Cir. 1980) (no error in ruling that defendant-attorney, on trial for racketeering involving prostitution and bribery, could be impeached with questions about his suspension from practice from the Virginia State Bar for "conduct involving deceit or misrepresentation"); *United States v. Rubenstein*, 151 F.2d 915, 919 (2d Cir. 1945) (no error in permitting impeachment of defendant-attorney, on trial for conspiracy to bring into the country an alien by false representations by concealment of material facts and by false documents, with questions about his disbarment for committing fraud on the divorce court).

These case do not apply here because:

- The witnesses in those cases were offering substantive fact testimony. (In each of the cited cases the witness was also the defendant.) Mr. ▇▇▇▇ is akin to a custodian of records, and he will do nothing more than authenticate and lay the foundation for the admission of a document.

- The witnesses in those cases were impeached with questions about conduct that was probative of untruthfulness. Mr. ▇▇▇▇ is not alleged to have engaged in any conduct probative of untruthfulness, lying, deceit, or misrepresentation.

- The witnesses in those cases were impeached with questions about conduct related or similar to the conduct that was the subject of the trial. Mr. ▇▇▇▇ alleged conduct ▇▇▇▇) has no relationship

The Honorable Alison J. Nathan
December 14, 2021
Page 8

> to either the subject of this trial (alleged sexual abuse and trafficking) or the subject of his testimony (authenticating and laying foundation for the admission of a document).

Accordingly, under Rule 608(b), the government may not question Mr. ▬▬▬ about the conduct that was the subject of ▬▬▬▬▬▬▬▬▬.[2]

But even if the government's proposed cross-examination were not prohibited by Rule 608(b), it would still be improper under Rule 403. Given the narrow and limited testimony Mr. ▬▬▬ has to offer, it would be unfairly prejudicial to tar his character with evidence of ▬▬▬▬▬▬▬▬▬▬▬▬▬. It would also unfairly mislead the jury and confuse the issues, particularly because the government does not appear to dispute the authenticity of the 1996 Agreement or its relevance. The government's proposed cross-examination would also create unnecessary delay because, if allowed, Ms. Maxwell will have to examine Mr. ▬▬▬ about the details of his conduct, the relevant regulations of ▬▬▬ the standards of care he employed, the standards of care he did not employ, and whether any individuals or third parties were harmed (they weren't). *See, e.g.*, *Nelson*, 365 F. Supp. 2d at 392 (prohibiting cross-examination of police officer who pleaded guilty to administrative charges brought by the NYPD, unrelated to his testimony, because the charges do not "clearly bear on his credibility as a

---

[2] Assuming this Court disagrees, however, the government must accept whatever answers Mr. Grumbridge gives on the stand. Rule 608(b) unambiguously provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b); *Whitehead*, 618 F.2d at 529 ("FRE 608(b) quite clearly states that specific instances of conduct for the purpose of attacking or supporting the credibility of a witness 'may not be proved by extrinsic evidence.' The anticipatory ruling of the district court that the [attorney] suspension document was admissible was erroneous.").

The Honorable Alison J. Nathan
December 14, 2021
Page 9

witness or other matters that are pertinent here, may confuse the jury and would create undue delay"). The documents Ms. Maxwell will admit into evidence are from 1996 and early 1997. ▓▓▓▓▓▓▓ concerns conduct occurring twenty years later. There is no justification for such a sideshow when all Mr. ▓▓▓▓▓▓▓ is doing is answering a few questions about the authenticity and admissibility of a discrete number of documents from 1996 and 1997.

For these reasons, this Court should preclude the anticipated line of cross-examination.

*[signature]*

Jeffrey S. Pagliuca
Laura A. Menninger
HADDON, MORGAN & FOREMAN P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: 303-831-7364

Christian R. Everdell
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
Phone: 212-957-7600

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
Phone: 212-243-1100

*Attorneys for Ghislaine Maxwell*


cc: Counsel of record (via email)