**PANISH
SHEA &
BOYLE**
LLP

December 6, 2021

**VIA ECF**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN)

Dear Judge Nathan:

  I am writing on behalf of witness Jane who testified last week at trial in the above-referenced case. I am in receipt of Ms. Maxwell's motion to compel Jane's attorney Robert Glassman from my law firm to testify about whether he told Jane that testifying against Ms. Maxwell at this trial would "help her case." But compelling Mr. Glassman to testify would require him to violate his ethical duties to his client and would offer no relevant information. Accordingly, Ms. Maxwell's motion must be denied.

  As a preliminary matter, the subpoena served on Mr. Glassman was improper under Fed. R. Crim. P. 17. But, without waiving the procedural argument, witness Jane would prefer that the matter be decided on the merits to avoid further harassment of her lawyer and risk of exposure of her confidential information.[1]

---

[1] Mr. Glassman was handed a handwritten trial subpoena on December 1, 2021 as he was walking into Your Honor's courtroom to continue to be present for Jane's lengthy cross-examination. (Glassman subpoena is attached hereto as Exhibit 1). That practice seems at a (footnote continued)

**PANISH SHEA & BOYLE** LLP

The Honorable Alison J. Nathan
December 6, 2021
Page 2

Ms. Maxwell's motion concerns an email AUSA Alison Moe sent her colleagues Lara Pomerantz and Maurene Comey concerning an alleged conversation she had with Mr. Glassman on August 17, 2021. Ms. Maxwell appears to seek to compel Mr. Glassman to essentially corroborate a statement in Ms. Moe's email wherein she states "He also mentioned that he had told her it would 'help her case'".

In the unusual effort to compel a witness's lawyer to testify against his own client, Ms. Maxwell claims that Mr. Glassman waived the attorney-client privilege. It is axiomatic that Mr. Glassman did not and could not waive the attorney-client privilege – only Jane could do that. To be clear, Jane did not and does not waive the privilege in any way. And Jane does not authorize Mr. Glassman to testify about any of his alleged communications with her.

Further, as a California attorney, Mr. Glassman is bound by California Rule of Professional Conduct 1.6. (Rule 1.6 is attached hereto as Exhibit 2). Rule 1.6 prohibits an attorney from disclosing confidential information of the client except in two extremely narrow circumstances. A California attorney may only disclose confidential information if: (1) the client gives informed consent, or (2) the attorney believes disclosure is necessary to prevent the client from committing a crime that will cause death or grave bodily harm. Here, to the extent the "her" in Ms. Moe's email refers to Jane, Jane gives no such informed consent. And Mr. Glassman obviously has no reason to believe that disclosing any alleged communication he gave

---

minimum, distasteful and designed to intimidate the witness, and should be discouraged. But procedurally, the appearance date on the subpoena is November 29, 2021 - two days before he was served - making it impossible for him to comply. Additionally, Mr. Glassman was not provided with a witness fee or milage fee as required by Rule 17.

PANISH
SHEA &
BOYLE
LLP

The Honorable Alison J. Nathan
December 6, 2021
Page 3

Jane will prevent her from committing a crime that would cause death or great bodily harm. Accordingly, Mr. Glassman cannot testify about any communication he allegedly had with Jane without violating Rule 1.6.

Additionally, Mr. Glassman's testimony would be wholly irrelevant. Ms. Maxwell claims the statement in Ms. Moe's email is relevant for only two reasons: (1) "Jane's motive to cooperate and testify," and (2) "her memory and capacity as a witness since she cannot recall a highly consequential conversation she just had months ago." (Maxwell Motion at 1-2). Both alleged reasons are based on a faulty premise and are factually untrue.

The August 17, 2021 email from Ms. Moe expressly states that the alleged statement at issue occurred before Ms. Maxwell was criminally charged – not "just … months ago" in August 2021 -- as Ms. Maxwell appears to insinuate. Ms. Maxwell was arrested and charged on July 2, 2020 – more than a year before the email from Ms. Moe was written.

Jane's civil case settled on December 11, 2020—8 months before Ms. Moe's email was written and approximately a year before she testified at this trial. Accordingly, once Jane made the decision to settle her civil case in December of 2020, there was no case to "help" in August of 2021 when the email was written or a year later when she testified at this trial.

Further, Ms. Maxwell contends that because Jane testified on cross-examination that she did not know that cooperating with the government would help her civil case, Mr. Glassman's purported statement to Ms. Moe in August of 2021 would somehow be relevant in shedding light on that issue. Not only would this be improper impeachment and an attempt to force an attorney to take a position adverse to his client, it is also misleading.

PANISH
SHEA &
BOYLE
LLP

The Honorable Alison J. Nathan
December 6, 2021
Page 4

During her cross-examination of Jane, Ms. Menninger did not ask Jane if she was told that cooperating with the government would "help her case." Rather, the testimony on this issue is as follows:

> Q. At any point during your cooperation with the government, including testifying, you knew that your cooperation with the government, including testifying, would benefit you in your civil litigation against the Epstein estate and Ms. Maxwell; correct?
>
> A. No, I don't know that.
>
> Q. You knew that cooperation with the government, including testifying, would benefit you in your claim for the victims' compensation fund; correct?
>
> A. No, I don't know that. (U.S. v. Maxwell Trial Testimony, 12/1/21 at 581:2-11).

Even if Mr. Glassman said to Jane at some time during her civil case before she decided to settle it (*i.e.* January-December 2020) that he thought cooperating with the government would "help" that civil case, that doesn't mean that Jane "knew" that to be a fact. The veracity and/or significance of a statement Ms. Moe believes Mr. Glassman made to her about an alleged statement he made to his client is simply irrelevant.

Jane respectfully requests that Ms. Maxwell's motion be denied outright.

But if the Court is inclined to entertain the motion further, Jane requests that Ms. Maxwell provide the precise question or questions that Ms. Maxwell's counsel intends to ask Mr. Glassman. And that Mr. Glassman be permitted time to obtain an advisory opinion from ethics counsel and perhaps from the California State Bar as to whether he would be permitted to answer such a question or questions.

PANISH
SHEA &
BOYLE
LLP

The Honorable Alison J. Nathan
December 6, 2021
Page 5

    Respectfully submitted,

    /s/ _____
    Kevin Boyle
    PANISH SHEA & BOYLE LLP
    11111 Santa Monica Blvd., Ste. 700
    Los Angeles, CA 90025
    Phone: 310-477-1700

    *Attorneys for Witness Jane*

    Cc: Counsel of record

# EXHIBIT 1

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| Ghislaine Maxwell | ) Case No. S2 20 Cr. 330 (AJN) |
| Defendant | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: ROBERT GLASSMAN
11111 SANTA MONICA BOULEVARD, SUITE 700
LOS ANGELES, CA 90025
310-477-1699

YOU ARE COMMANDED to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States Courthouse<br>40 Foley Square<br>New York, NY 10007 | Courtroom No.: 318 |
|---|---|---|
| | | Date and Time: 11/29/2021 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

(SEAL)

Date: NOV 1 6 2021

RUBY J. KRAJICK
CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Ms. Ghislaine Maxwell
, who requests this subpoena, are:

CHRISTIAN R. EVERDELL, COHEN & GRESSER LLP
800 THIRD AVE., NEW YORK, NY 10022
212-957-7600

# EXHIBIT 2

**The State Bar** *of California*

# Rule 1.6 Confidential Information of a Client
## (Rule Approved by the Supreme Court, Effective November 1, 2018)

(a) A lawyer shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1) unless the client gives informed consent,* or the disclosure is permitted by paragraph (b) of this rule.

(b) A lawyer may, but is not required to, reveal information protected by Business and Professions Code section 6068, subdivision (e)(1) to the extent that the lawyer reasonably believes* the disclosure is necessary to prevent a criminal act that the lawyer reasonably believes* is likely to result in death of, or substantial* bodily harm to, an individual, as provided in paragraph (c).

(c) Before revealing information protected by Business and Professions Code section 6068, subdivision (e)(1) to prevent a criminal act as provided in paragraph (b), a lawyer shall, if reasonable* under the circumstances:

   (1) make a good faith effort to persuade the client: (i) not to commit or to continue the criminal act; or (ii) to pursue a course of conduct that will prevent the threatened death or substantial* bodily harm; or do both (i) and (ii); and

   (2) inform the client, at an appropriate time, of the lawyer's ability or decision to reveal information protected by Business and Professions Code section 6068, subdivision (e)(1) as provided in paragraph (b).

(d) In revealing information protected by Business and Professions Code section 6068, subdivision (e)(1) as provided in paragraph (b), the lawyer's disclosure must be no more than is necessary to prevent the criminal act, given the information known* to the lawyer at the time of the disclosure.

(e) A lawyer who does not reveal information permitted by paragraph (b) does not violate this rule.

**Comment**

*Duty of confidentiality*

[1] Paragraph (a) relates to a lawyer's obligations under Business and Professions Code section 6068, subdivision (e)(1), which provides it is a duty of a lawyer: "To maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client."  A lawyer's duty to preserve the confidentiality of client information involves public policies of paramount importance.  (*In Re Jordan* (1974) 12 Cal.3d 575, 580 [116 Cal.Rptr. 371].)  Preserving the confidentiality of client information contributes to the trust that is the hallmark of the lawyer-client relationship.  The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or detrimental subjects.  The lawyer needs this information to represent the client effectively and, if necessary, to advise the client to

1

refrain from wrongful conduct. Almost without exception, clients come to lawyers in order to determine their rights and what is, in the complex of laws and regulations, deemed to be legal and correct. Based upon experience, lawyers know* that almost all clients follow the advice given, and the law is upheld. Paragraph (a) thus recognizes a fundamental principle in the lawyer-client relationship, that, in the absence of the client's informed consent,* a lawyer must not reveal information protected by Business and Professions Code section 6068, subdivision (e)(1). (See, e.g., *Commercial Standard Title Co. v. Superior Court* (1979) 92 Cal.App.3d 934, 945 [155 Cal.Rptr.393].)

*Lawyer-client confidentiality encompasses the lawyer-client privilege, the work-product doctrine and ethical standards of confidentiality*

[2]     The principle of lawyer-client confidentiality applies to information a lawyer acquires by virtue of the representation, whatever its source, and encompasses matters communicated in confidence by the client, and therefore protected by the lawyer-client privilege, matters protected by the work product doctrine, and matters protected under ethical standards of confidentiality, all as established in law, rule and policy. (See *In the Matter of Johnson* (Rev. Dept. 2000) 4 Cal. State Bar Ct. Rptr. 179; *Goldstein v. Lees* (1975) 46 Cal.App.3d 614, 621 [120 Cal.Rptr. 253].) The lawyer-client privilege and work-product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or be otherwise compelled to produce evidence concerning a client. A lawyer's ethical duty of confidentiality is not so limited in its scope of protection for the lawyer-client relationship of trust and prevents a lawyer from revealing the client's information even when not subjected to such compulsion. Thus, a lawyer may not reveal such information except with the informed consent* of the client or as authorized or required by the State Bar Act, these rules, or other law.

*Narrow exception to duty of confidentiality under this rule*

[3]     Notwithstanding the important public policies promoted by lawyers adhering to the core duty of confidentiality, the overriding value of life permits disclosures otherwise prohibited by Business and Professions Code section 6068, subdivision (e)(1). Paragraph (b) is based on Business and Professions Code section 6068, subdivision (e)(2), which narrowly permits a lawyer to disclose information protected by Business and Professions Code section 6068, subdivision (e)(1) even without client consent. Evidence Code section 956.5, which relates to the evidentiary lawyer-client privilege, sets forth a similar express exception. Although a lawyer is not permitted to reveal information protected by section 6068, subdivision (e)(1) concerning a client's past, completed criminal acts, the policy favoring the preservation of human life that underlies this exception to the duty of confidentiality and the evidentiary privilege permits disclosure to prevent a future or ongoing criminal act.

*Lawyer not subject to discipline for revealing information protected by Business and Professions Code section 6068, subdivision (e)(1) as permitted under this rule*

[4]     Paragraph (b) reflects a balancing between the interests of preserving client confidentiality and of preventing a criminal act that a lawyer reasonably believes* is

2

likely to result in death or substantial* bodily harm to an individual. A lawyer who reveals information protected by Business and Professions Code section 6068, subdivision (e)(1) as permitted under this rule is not subject to discipline.

*No duty to reveal information protected by Business and Professions Code section 6068, subdivision (e)(1)*

[5]   Neither Business and Professions Code section 6068, subdivision (e)(2) nor paragraph (b) imposes an affirmative obligation on a lawyer to reveal information protected by Business and Professions Code section 6068, subdivision (e)(1) in order to prevent harm. A lawyer may decide not to reveal such information. Whether a lawyer chooses to reveal information protected by section 6068, subdivision (e)(1) as permitted under this rule is a matter for the individual lawyer to decide, based on all the facts and circumstances, such as those discussed in Comment [6] of this rule.

*Whether to reveal information protected by Business and Professions Code section 6068, subdivision (e) as permitted under paragraph (b)*

[6]   Disclosure permitted under paragraph (b) is ordinarily a last resort, when no other available action is reasonably* likely to prevent the criminal act. Prior to revealing information protected by Business and Professions Code section 6068, subdivision (e)(1) as permitted by paragraph (b), the lawyer must, if reasonable* under the circumstances, make a good faith effort to persuade the client to take steps to avoid the criminal act or threatened harm. Among the factors to be considered in determining whether to disclose information protected by section 6068, subdivision (e)(1) are the following:

(1)   the amount of time that the lawyer has to make a decision about disclosure;

(2)   whether the client or a third-party has made similar threats before and whether they have ever acted or attempted to act upon them;

(3)   whether the lawyer believes* the lawyer's efforts to persuade the client or a third person* not to engage in the criminal conduct have or have not been successful;

(4)   the extent of adverse effect to the client's rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and analogous rights and privacy rights under Article I of the Constitution of the State of California that may result from disclosure contemplated by the lawyer;

(5)   the extent of other adverse effects to the client that may result from disclosure contemplated by the lawyer; and

(6)   the nature and extent of information that must be disclosed to prevent the criminal act or threatened harm.

A lawyer may also consider whether the prospective harm to the victim or victims is imminent in deciding whether to disclose the information protected by section 6068, subdivision (e)(1). However, the imminence of the harm is not a prerequisite to disclosure and a lawyer may disclose the information protected by section 6068, subdivision (e)(1) without waiting until immediately before the harm is likely to occur.

*Whether to counsel client or third person\* not to commit a criminal act reasonably\* likely to result in death or substantial\* bodily harm*

[7]     Paragraph (c)(1) provides that before a lawyer may reveal information protected by Business and Professions Code section 6068, subdivision (e)(1), the lawyer must, if reasonable* under the circumstances, make a good faith effort to persuade the client not to commit or to continue the criminal act, or to persuade the client to otherwise pursue a course of conduct that will prevent the threatened death or substantial* bodily harm, including persuading the client to take action to prevent a third person* from committing or continuing a criminal act. If necessary, the client may be persuaded to do both. The interests protected by such counseling are the client's interests in limiting disclosure of information protected by section 6068, subdivision (e) and in taking responsible action to deal with situations attributable to the client. If a client, whether in response to the lawyer's counseling or otherwise, takes corrective action — such as by ceasing the client's own criminal act or by dissuading a third person* from committing or continuing a criminal act before harm is caused — the option for permissive disclosure by the lawyer would cease because the threat posed by the criminal act would no longer be present. When the actor is a nonclient or when the act is deliberate or malicious, the lawyer who contemplates making adverse disclosure of protected information may reasonably* conclude that the compelling interests of the lawyer or others in their own personal safety preclude personal contact with the actor. Before counseling an actor who is a nonclient, the lawyer should, if reasonable* under the circumstances, first advise the client of the lawyer's intended course of action. If a client or another person* has already acted but the intended harm has not yet occurred, the lawyer should consider, if reasonable* under the circumstances, efforts to persuade the client or third person* to warn the victim or consider other appropriate action to prevent the harm. Even when the lawyer has concluded that paragraph (b) does not permit the lawyer to reveal information protected by section 6068, subdivision (e)(1), the lawyer nevertheless is permitted to counsel the client as to why it may be in the client's best interest to consent to the attorney's disclosure of that information.

*Disclosure of information protected by Business and Professions Code section 6068, subdivision (e)(1) must be no more than is reasonably\* necessary to prevent the criminal act*

[8]     Paragraph (d) requires that disclosure of information protected by Business and Professions Code section 6068, subdivision (e) as permitted by paragraph (b), when made, must be no more extensive than is necessary to prevent the criminal act. Disclosure should allow access to the information to only those persons* who the lawyer reasonably believes* can act to prevent the harm. Under some circumstances, a lawyer may determine that the best course to pursue is to make an anonymous disclosure to

4

the potential victim or relevant law-enforcement authorities. What particular measures are reasonable* depends on the circumstances known* to the lawyer. Relevant circumstances include the time available, whether the victim might be unaware of the threat, the lawyer's prior course of dealings with the client, and the extent of the adverse effect on the client that may result from the disclosure contemplated by the lawyer.

*Informing client pursuant to paragraph (c)(2) of lawyer's ability or decision to reveal information protected by Business and Professions Code section 6068, subdivision (e)(1)*

[9]   A lawyer is required to keep a client reasonably* informed about significant developments regarding the representation. (See rule 1.4; Bus. & Prof. Code, § 6068, subd. (m).) Paragraph (c)(2), however, recognizes that under certain circumstances, informing a client of the lawyer's ability or decision to reveal information protected by section 6068, subdivision (e)(1) as permitted in paragraph (b) would likely increase the risk of death or substantial* bodily harm, not only to the originally-intended victims of the criminal act, but also to the client or members of the client's family, or to the lawyer or the lawyer's family or associates. Therefore, paragraph (c)(2) requires a lawyer to inform the client of the lawyer's ability or decision to reveal information protected by section 6068, subdivision (e)(1) as permitted in paragraph (b) only if it is reasonable* to do so under the circumstances. Paragraph (c)(2) further recognizes that the appropriate time for the lawyer to inform the client may vary depending upon the circumstances. (See Comment [10] of this rule.) Among the factors to be considered in determining an appropriate time, if any, to inform a client are:

   (1)   whether the client is an experienced user of legal services;

   (2)   the frequency of the lawyer's contact with the client;

   (3)   the nature and length of the professional relationship with the client;

   (4)   whether the lawyer and client have discussed the lawyer's duty of confidentiality or any exceptions to that duty;

   (5)   the likelihood that the client's matter will involve information within paragraph (b);

   (6)   the lawyer's belief,* if applicable, that so informing the client is likely to increase the likelihood that a criminal act likely to result in the death of, or substantial* bodily harm to, an individual; and

   (7)   the lawyer's belief,* if applicable, that good faith efforts to persuade a client not to act on a threat have failed.

*Avoiding a chilling effect on the lawyer-client relationship*

[10]   The foregoing flexible approach to the lawyer's informing a client of his or her ability or decision to reveal information protected by Business and Professions Code

section 6068, subdivision (e)(1) recognizes the concern that informing a client about limits on confidentiality may have a chilling effect on client communication. (See Comment [1].) To avoid that chilling effect, one lawyer may choose to inform the client of the lawyer's ability to reveal information protected by section 6068, subdivision (e)(1) as early as the outset of the representation, while another lawyer may choose to inform a client only at a point when that client has imparted information that comes within paragraph (b), or even choose not to inform a client until such time as the lawyer attempts to counsel the client as contemplated in Comment [7]. In each situation, the lawyer will have satisfied the lawyer's obligation under paragraph (c)(2), and will not be subject to discipline.

*Informing client that disclosure has been made; termination of the lawyer-client relationship*

[11]   When a lawyer has revealed information protected by Business and Professions Code section 6068, subdivision (e) as permitted in paragraph (b), in all but extraordinary cases the relationship between lawyer and client that is based on trust and confidence will have deteriorated so as to make the lawyer's representation of the client impossible. Therefore, when the relationship has deteriorated because of the lawyer's disclosure, the lawyer is required to seek to withdraw from the representation, unless the client has given informed consent* to the lawyer's continued representation. The lawyer normally must inform the client of the fact of the lawyer's disclosure. If the lawyer has a compelling interest in not informing the client, such as to protect the lawyer, the lawyer's family or a third person* from the risk of death or substantial* bodily harm, the lawyer must withdraw from the representation. (See rule 1.16.)

*Other consequences of the lawyer's disclosure*

[12]   Depending upon the circumstances of a lawyer's disclosure of information protected by Business and Professions Code section 6068, subdivision (e)(1) as permitted by this rule, there may be other important issues that a lawyer must address. For example, a lawyer who is likely to testify as a witness in a matter involving a client must comply with rule 3.7. Similarly, the lawyer must also consider his or her duties of loyalty and competence. (See rules 1.7 and 1.1.)

*Other exceptions to confidentiality under California law*

[13]   This rule is not intended to augment, diminish, or preclude any other exceptions to the duty to preserve information protected by Business and Professions Code section 6068, subdivision (e)(1) recognized under California law.