UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

v. 20 CR 330 (AJN)

GHISLAINE MAXWELL,

Defendant. Jury Trial
------------------------------x

New York, N.Y.
December 21, 2021
10:05 a.m.

Before:

HON. ALISON J. NATHAN,

District Judge

APPEARANCES

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
BY: MAURENE COMEY
ALISON MOE
LARA POMERANTZ
ANDREW ROHRBACH
Assistant United States Attorneys

HADDON MORGAN AND FOREMAN
Attorneys for Defendant
BY: JEFFREY S. PAGLIUCA
LAURA A. MENNINGER
-and-
BOBBI C. STERNHEIM
-and-
COHEN & GRESSER
BY: CHRISTIAN R. EVERDELL

Also Present: Amanda Young, FBI
Paul Byrne, NYPD
Sunny Drescher,
Paralegal, U.S. Attorney's Office
Ann Lundberg,
Paralegal, Haddon Morgan and Foreman

(Trial resumed; jury not present)

THE COURT: We have a note.

This will be marked as Court Exhibit 6.

We would like the transcripts testimony of Jane, Annie, and Carolyn.

Do you have those prepared, counsel?

MS. COMEY: I believe both sides had proposed redactions. We just need to compare them and then they'll be ready to send back; so it should be pretty quick, your Honor.

THE COURT: Okay. So my proposal is you come to agreement on that, give Ms. Williams what you agree to. She will give it to the CSO to bring them back without bringing them to the court.

MS. STERNHEIM: Judge, are you going to inform them that we just need a few minutes? I don't want them to think that it's coming right now. We need like five or ten minutes.

THE COURT: I can send a note saying we're preparing the transcripts; they'll be in shortly.

MS. STERNHEIM: Thank you.

MS. COMEY: Thank you, your Honor.

(Recess pending verdict)

THE COURT: I have a note which I'll mark as Court Exhibit 7.

We would like the FBI deposition, 3505-005, referred to by the defense during the cross-examination of Carolyn.

Proposals for how to respond.

MS. COMEY: Your Honor, I believe a note saying that that document is not in evidence would be an appropriate response.

MR. PAGLIUCA: Your Honor, I think since there was impeachment from the document -- I agree it's not a deposition, and I agree that the document is not in evidence. But there is 613 impeachment from that document. I think the Court -- and Ms. Sternheim tells me what I was about to say, which is good; we're consistent.

I think something like, you know, You have the evidence and testimony relating to 3505-005. That's it. I don't think that there should be any further discussion about what is or is not in evidence.

THE COURT: How about "all admitted exhibits are before you."

MS. COMEY: I think that's fine, your Honor.

MR. PAGLIUCA: The problem, your Honor, is that there's testimony about it.

THE COURT: You lost your mic.

MR. PAGLIUCA: Sorry.

There's testimony about it.

THE COURT: It's true they've not asked for that though.

MR. PAGLIUCA: They do have the transcript where it's

referred to. I think a more limited answer is something along the lines of: You have the admitted evidence relating to 3505-5. Something like that.

MS. COMEY: Your Honor, I think it's important to clarify for the jury that the particular document they requested is not in evidence; but that they may consider what they already have in the transcript and what they already have in the exhibits.

THE COURT: That sounds pretty similar.

MR. PAGLIUCA: Which is what I just said without saying the document is not in evidence. Because the testimony about the document is in evidence. I don't think I'm splitting hairs here. I think the evidence is what it is.

THE COURT: How about then: You have all admitted exhibits, period. Because it's directly responsive to the question without assuming further questions.

MR. PAGLIUCA: I think what we're struggling with is the difference between the testimony and the specific document. I think it diminishes the testimony by inferring that somehow it's not evidence before the jury.

THE COURT: They are asking for the document, I presume in part because they have the testimony in front of them.

MR. PAGLIUCA: Right. Which I'm happy to give them the 35 --

 MS. COMEY:  Your Honor, what about "3505-005 is not an admitted exhibit."

 MR. PAGLIUCA:  If the Court is considering that, I think there needs to be a second sentence, which is, "The testimony about 3505-005 has been provided in the transcript."

 MS. COMEY:  That's redundant, your Honor.  They know that; that's why they are asking the question.  So I don't think it's necessary.

 MR. PAGLIUCA:  Well, it can't really hurt if it's redundant, your Honor.

 THE COURT:  That's true.

 I'm just writing it out.

 "3505-005 is not an admitted exhibit.  The testimony regarding 3505-005 is in the transcript you have regarding Carolyn's testimony."

 MR. PAGLIUCA:  That's fine with us, your Honor.

 MS. COMEY:  Fine with us, your Honor.  Thank you.

 THE COURT:  Okay.  I'm happy to bring them out and do it orally or send in a note for efficiency.

 MS. COMEY:  I think sending in a note will save time, your Honor, and makes sense.

 MR. PAGLIUCA:  We agree.

 THE COURT:  Okay.  So let me just be clear.

 I'm going to say:  I received your note regarding -- I'll just say regarding 3505-005.  3505-005 is not an admitted

exhibit. The testimony regarding 3505-005 is in the transcript you have regarding Carolyn's testimony.

Agreed?

MS. COMEY: Yes. Thank you, your Honor.

MR. PAGLIUCA: Agreed.

THE COURT: Thank you.

All right. I will do that.

And we'll wait to hear further.

(Recess pending verdict)

THE COURT: I'm told that you requested I return.

MR. PAGLIUCA: Yes. Thank you, your Honor.

After the Court left and I thought about it, there's other testimony regarding this exhibit, specifically from Special Agent Jason Richards. We all can't agree on what was in the note, and it may be important for us to hear exactly what was in the note again before we have some consensus on this.

MS. STERNHEIM: Judge, may we receive copies of the court exhibits please?

THE COURT: You mean the notes?

MS. STERNHEIM: Yes.

THE COURT: They need to be redacted because the foreperson has signed their name.

MS. STERNHEIM: Understood.

MR. PAGLIUCA: My request is going to be that in

addition to the name Carolyn, we add "and the testimony of Special Agent Jason Richards," assuming that's appropriately responsive to the question.

THE COURT: I don't think it is, remembering fondly when I said "period."

MR. PAGLIUCA: I understand, your Honor.

THE COURT: "We would like the FBI deposition 3505-005 referred to by the defense during the cross-examination of Carolyn."

MS. COMEY: Your Honor, I don't see how Agent Richards' testimony is in any way responsive to that note. I think the response that the Court already gave is fully responsive.

THE COURT: It is.

MR. PAGLIUCA: My request stands, your Honor, we add Special Agent Jason Richards to that.

THE COURT: Understood.

Overruled. Because it's not what they've asked for. But we can be prepared, should they follow up with that request.

MR. PAGLIUCA: We have the transcript here, your Honor.

THE COURT: I am reading the notes verbatim, but I will work on redacting the foreperson's name so they can be made public.

MS. STERNHEIM: Thank you.

THE COURT: Actually, counsel are aware of the identity of the jurors; so I'm comfortable with counsel seeing the note. And then I'll redact for purposes of public exhibit.

MS. STERNHEIM: Judge, the primary reason is so that we can, as the parties, look at it and analyze it and, when you come down, be prepared to make the arguments. It has nothing to do with using it for any other purpose.

THE COURT: No, I understand.

Okay. So do you need these now or do you want --

MS. STERNHEIM: We'd like to have copies.

THE COURT: Of course.

MS. STERNHEIM: But it's not as immediate.

THE COURT: Okay. I will figure out who knows how to do a redaction.

MS. MENNINGER: We're pretty good at it.

MS. COMEY: Your Honor, it is true that the parties know the names of the jurors; so if the Court wanted to send an electronic copy of the note to the parties, the parties could redact it and then send a redacted version back to the Court.

THE COURT: All right. We'll do that. Thank you.

MS. COMEY: Thank you, your Honor.

(Recess pending verdict)

THE COURT: I have a note.

We would like to end today at 5 p.m., deliberate from

9 to 4:30 tomorrow, and have lunch at 12 noon if possible. So I'll bring them out at 5.

MR. PAGLIUCA: I apologize, your Honor.

It took a while to get back here.

THE COURT: I can't hear you, but that's fine.

MS. MENNINGER: He was in the lockup back there.

THE COURT: I see.

I'll give you the note, Mr. Pagliuca.

We would like to end today at 5 p.m., deliberate from 9 to 4:30 tomorrow, and have lunch at 12 noon if possible.

So I'll dismiss them -- I'll bring them out to dismiss them at 5, bearing instructions in mind.

I think the only open question in my mind, I have explored, given the timing, the efficiency with which trial proceeded, it is possible for them to deliberate on Thursday.

MS. STERNHEIM: Judge, I was going to ask you -- apologize. I have been in situations where on holidays judges have invited the jury, if they wish to come in. I think given the circumstances here, just Thursday --

THE COURT: Yes. And actually, the Court is not always closed before Christmas Eve. So when I thought we were proceeding to trial, it made sense not to sit that day, but -- and that is the jurors' expectation, so they may not be able to. But I think if they are not finished their deliberations tomorrow, I should offer that.

MS. COMEY:  Yes, your Honor.

MS. STERNHEIM:  Judge, I just wanted to add, I know that the Court typically does close the day before Christmas. But because this year Christmas is on a Saturday, I think that's why Thursday is the other day that's off.

THE COURT:  The courthouse is closed on Christmas Eve, of course, and Christmas.  But the 23rd it's not.

MS. STERNHEIM:  Judge, would you be inclined to offer that to them today, in case they need to make arrangements, if that's an option for them?

THE COURT:  I'll hear from the parties.

I think I could say if deliberations are ongoing or if they haven't completed their deliberations, the Court can arrange for them to deliberate on Thursday, the 23rd, if they wish to.

MS. COMEY:  That's fine, your Honor.

THE COURT:  Do the parties have a view as to doing that today or tomorrow, I guess, for the arrangement point?

MS. STERNHEIM:  I would suggest that we do it today in case they do want to have that option and need to make childcare or other arrangements.

THE COURT:  So I think what I said was if the jury has not completed its deliberations, it is possible for them to deliberate this week on Thursday, December 23rd, if they wish.

MS. COMEY:  Yes, your Honor.

MS. STERNHEIM: Thank you.

THE COURT: All right. So when I bring them out to dismiss them for the evening at 5 -- and let's everybody please be here right at 5 so we can meet their timing wishes. And I'll remind them of my instructions and give them that information. I suppose I should say -- well, I'll leave it at that. They know to let me know.

Okay. And we will send a PDF of the notes so that you can redact it again. Thank you.

MS. STERNHEIM: Thank you.

(Recess pending verdict)

THE COURT: I have a note. Court Exhibit 9.

Can we consider Annie's testimony as conspiracy to commit a crime in Counts One and Three?

MS. COMEY: The one-word answer would be correct here, your Honor, yes.

THE COURT: Government's proposal is yes.

MR. EVERDELL: Your Honor, if we could just have a minute to confer on this?

THE COURT: Sure.

And would counsel like to look at the note?

MR. EVERDELL: Yes, please.

THE COURT: Ms. Comey, you may also take a look, if you like.

MS. COMEY: Thank you, your Honor.

THE COURT: Mr. Everdell.

MR. EVERDELL: Your Honor, I think --

THE COURT: Clearly the substantive answer is yes.

MR. EVERDELL: Well, I think, as we've discussed in the briefing and in the limiting instruction, the answer is a little more complicated than --

THE COURT: Well, your view is more complicated. You took a different view. I have ruled differently. And so I think based -- I think it's clear based on my rulings the answer to the question is yes.

MR. EVERDELL: I think what we should do is give the jury the same limiting instruction as to her testimony that you gave before her testimony; because I think that actually gives the jury exactly what they can consider and not consider her testimony for.

MS. COMEY: Your Honor, the limiting instruction was targeted at Counts Two and Four, the substantive counts, to make clear that Annie's testimony was not the basis of a substantive count. I don't think it's necessary for Counts One and Three. I think the answer is clearly yes, made all the more so by the fact that Annie's testimony or a part of it is referenced as an overt act in the indictment in the instructions. I think the simplest answer and the correct answer is yes.

MR. EVERDELL: I don't think it's correct at all that

it's only to Two and Four. Because the instruction was that you can't consider her testimony as a legal sexual activity as charged in the indictment. And that applies to One and Three as well.

MS. COMEY: Your Honor, that was not the limiting instruction. The limiting instruction was that what she describes is not illegal sexual activity as defined in the indictment.

THE COURT: That's precisely the precision with which I have made this point. And the defense has continued to revert to the idea that the testimony can't be considered for that. That was the basis -- that was the basis for exclusion. But her testimony is relevant, may be considered by the jury with respect to the conspiracy counts.

The answer is yes. And they are asking not for what it can't be used for, which is what the limiting instruction gave them, they are asking whether it may permissibly be considered for these counts. And the answer to that is yes under my rulings.

MR. EVERDELL: Your Honor, I respectfully think that what they are asking for is how can we consider her testimony.

THE COURT: May I have the note back?

MS. COMEY: Yes, your Honor.

It's a yes-or-no question.

THE COURT: Can we consider Annie's testimony as

conspiracy to commit a crime in Counts One and Three?

The answer is yes, they can.

Do you have a proposal for how to say that other than just yes? I'm happy to hear it.

MR. EVERDELL: Your Honor, my proposal is to give them the limiting instructions that we got before.

THE COURT: The limiting instruction is nonresponsive to their question.

MR. EVERDELL: One moment, your Honor.

THE COURT: They are not asking what it may not be used for. They have a specific question, I think, probably in light of the limiting instruction as to whether they may consider it for this. And the substantive answer to that is yes.

MR. EVERDELL: One moment, your Honor.

(Counsel conferred)

MR. EVERDELL: Your Honor, I think, as you're saying, to say yes, while technically accurate, allows the jury to then use her testimony more broadly if they aren't given the instruction of how they can use the testimony. So if the simple answer is yes, then the concern is that they would use it and apply the testimony more broadly. And so I think what was given before with the limits in the limiting instruction is how they can use it appropriately in testimony and should be given again.

MS. COMEY:  That's not correct, your Honor.

The answer should be yes, full stop.

MS. STERNHEIM:  Judge, may I just be heard?

THE COURT:  You need your mic on.

MS. STERNHEIM:  I apologize.

It's like saying you could drive, but you have to abide by the speed limit.  Here, it's saying you can just drive and not abide by anything when there is an instruction that limits their availability to use it in total.  So I think it needs to be qualified.

MS. COMEY:  Your Honor, if someone asked me if I drive, the direct answer would be yes or no.

MS. STERNHEIM:  But if you're in an area that has a limit -- which we know is in the record, because the Court gave an instruction -- that would be part of it as well.

THE COURT:  All right.  But I think the implication of this question is that they are following the limiting instruction and they want to know what it's relevant for.  That's why they --

MS. STERNHEIM:  We're reading into that.  And if you want to ask them are they following the limiting instruction, then we would have clarity.  But based upon this note, I don't think we have that precision.

MS. COMEY:  Your Honor, the jury asked a very simple yes-or-no question.  They need a very simple answer.  The

answer is yes.

THE COURT: I will say, I received your question. I'll say, Yes, you may consider it.

MS. COMEY: Thank you, your Honor.

THE COURT: All right. So I will say: I received your note. The answer is yes, you may consider it.

Please, everybody be back at 4:55 and ready to go.

I'll bring the jury out right at 5.

MS. COMEY: Yes, your Honor.

THE COURT: Thank you.

(Recess pending verdict)

THE COURT: So just to go over what I'm going to say, I'll say that I received their note regarding dismissal tonight at 5 p.m. and timing for tomorrow. That's fine. And we'll have lunch for them by noon tomorrow. I'll ask them to give Ms. Williams their lunch order on their way out.

I would say what I said I would say regarding deliberations Thursday, if they wish. We got just a reminder from the chief judge to remind everyone to wear masks at all times, given where we are with the variant. So I'm going to just remind them, other than when briefly eating or drinking, they should have their mask on in the jury room.

Anything else?

MS. COMEY: No, your Honor.

MS. STERNHEIM: No, thank you.

THE COURT:  All right.  Please bring in the jury.

(Jury present)

THE COURT:  Thank you so much.

First, I received your note regarding dismissal tonight at 5 p.m. and timing for tomorrow.  That's fine.  We will have lunch for you by noon tomorrow.  Please do give Ms. Williams your lunch order on your way out.

And as a reminder for the morning, when you come in, as soon as all 12 of you are present, you may begin your deliberations, not before all 12 are present.

Next point I want to say, if you have not completed your deliberations, it is possible for you to deliberate this week on Thursday, December 23rd, if you wish.  You can discuss and let me know, if pertinent.

And then I want to give you a reminder that our chief judge has asked us to remind all people in the courthouse that masks are required to be worn at all times, unless they're briefly off for eating and drinking.  So a reminder to wear masks at all times other than that.

With that, I just do want to have you bear in mind my instructions, of course.  I know that you are, but I just find it important to repeat.

When you're not together deliberating, the 12 of you, no discussions with each other or anyone else regarding the case.  Obviously no communications regarding the case, no

consuming of any information regarding the case.

So we appreciate your diligence and wait to hear from you tomorrow.

Have a good night. Thank you.

(Jury not present)

THE COURT: I want to know if the transcripts have been reviewed for the government.

MS. COMEY: They have, your Honor.

THE COURT: So they are ready to go?

MS. COMEY: They are, your Honor.

THE COURT: It was frustrating to have to have the jury wait for three hours to get what they requested.

MS. COMEY: Yes, your Honor.

And we apologize for that.

THE COURT: Defense agrees that they are now ready to go?

MR. EVERDELL: Yes, your Honor. We've conferred on every witness at this point.

THE COURT: Okay.

Second thing. I'm inclined to have Ms. Williams just call our alternates tonight to say deliberations are ongoing. All the rules continue to apply. She'll communicate with any further instructions.

MS. COMEY: Yes, your Honor.

MS. STERNHEIM: No problem. Thank you.

THE COURT: Okay. We will do that.

Anything else to take up?

MS. COMEY: No. Thank you, your Honor.

MS. STERNHEIM: No, thank you.

THE COURT: Okay. All right. See you in the morning. Have a good night. We're adjourned.

(Adjourned to December 22, 2021 at 9:00 a.m.)