UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

v. 20 CR 330 (AJN)

GHISLAINE MAXWELL,

Defendant. Jury Trial
------------------------------x

New York, N.Y.
December 28, 2021
9:49 a.m.

Before:

HON. ALISON J. NATHAN,

District Judge

APPEARANCES

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
BY: MAURENE COMEY
ALISON MOE
LARA POMERANTZ
ANDREW ROHRBACH
Assistant United States Attorneys

HADDON MORGAN AND FOREMAN
Attorneys for Defendant
BY: JEFFREY S. PAGLIUCA
LAURA A. MENNINGER
-and-
BOBBI C. STERNHEIM
-and-
COHEN & GRESSER
BY: CHRISTIAN R. EVERDELL

Also Present: Amanda Young, FBI
Paul Byrne, NYPD
Sunny Drescher,
Paralegal, U.S. Attorney's Office
Ann Lundberg,
Paralegal, Haddon Morgan and Foreman

(Jury not present)

THE COURT: I received -- I think it was filed in the wee hours, I didn't receive it until this morning, the defense's followup letter taking a slightly different approach to the jury's last note than what was argued in court.

I haven't heard from the government.

MS. MOE: I just noticed that the door to the jury room is open.

THE COURT: Thank you. To be clear, the jury is not there.

MS. MOE: Yes, your Honor. I meant the door to the area that leads to the jury room. Just wanted to be cautious.

THE COURT: Thank you. Appreciate that.

MS. MOE: Thank you, your Honor. With respect to the defendant's letter, this is essentially the same argument that the defense advanced yesterday, which the Court carefully considered and rejected. Nothing has changed between then and now.

In particular, the defense's letter identifies no error in the instruction the Court referred the jury to nor could they. It was a correct legal instruction when the Court instructed the jury last week, it was a correct legal instruction when the Court referred the jury to it yesterday afternoon, and that it remains true. It was a thorough and carefully considered instruction on the legal elements and

there can be no error in referring the jury to a correct legal instruction. And so no relief is appropriate here.

At bottom, your Honor, the jury asked a question and nothing more. There is no reason to speculate about what the jury might be concluding. The jury has been accurately instructed on the law and that's all that's required here. Going beyond that to speculate about the jury's deliberations and compound speculation upon speculation to send back confusing legal instructions would compound the problem here. The simple course is exactly the course the Court took yesterday, which is to refer the jury to a thorough and complete and accurate legal instruction. There can't be any dispute that the instructions that the Court has given are accurate, and that's all that's required here.

THE COURT: I suppose an additional point, just looking at the -- I mean, the defense's new proposed instruction talks about Count Two, which wasn't asked about. Also, it has -- so it has three paragraphs. The first one is about Count Two, which wasn't asked about. There is a second paragraph. And then the third paragraph I think is just wrong, an intent that Jane engaged in sexual activity in any state other than New York cannot form the basis of these elements. That would suggest it may have no relevance. This is the same discussion we've had a couple of times, Mr. Everdell. Sexual activity with respect to Jane in New Mexico under the age of 17

can be relevant to an intent to transport to New York to engage in sexual activity under the age of 17, I think. I think this is the same basic discussion that we've had. So, in addition to my reasoning yesterday, I think the proposal made by the defense is wrong.

I continue to not know how to parse the jury's question exactly, other than to know that they are asking about Count Four, the defense's original suggestion to just point to the motivating factor I rejected language or to say no. To say no, I think, was the wrong course, because I don't understand the question well enough to be able to say no.

Pointing to just the motivating factor language I think was unhelpful because, really, the point is to remind them of the whole instruction, including that it's a violation of New York penal law that's charged and is the illegal sexual activity that they're considering.

So, for those reasons, I am in the same place.

I did want to make a little bit of an additional record regarding my extending the deliberations by an hour, the instructions that I gave yesterday regarding that slightly extended schedule.

I asked the jury to make themselves available to deliberate until at least 6:00 today, which is a one-hour extension of what's largely been our schedule. Although, it was until 6 o'clock, I think, on the first night of

deliberations.

I made clear that they can let me know through my deputy if this presents a hardship for anyone. No one has so indicated. I also made clear that they can take all the time they need.

I extended the deliberations by an hour each day because we are seeing an astronomical spike in the number COVID-positive cases in New York City over the last one to two weeks duce to the omicron variant. We are, very simply, at a different place regarding the pandemic than we were only one week ago, and we now face a high and escalating risk that jurors and/or trial participants may need to quarantine, thus disrupting trial and putting at risk our ability to complete this trial. Accordingly, extending deliberations by an hour gives the jury more time each day to continue to engage in its thoughtful deliberations.

We will take up later in the day how I will approach the remainder of the week and going forward. I think the same reasoning likely will lead me to talk to the jury at the end of the day about continuing deliberations until a verdict is reached.

I'll hear you on that now or later, as you like.

MR. EVERDELL: Your Honor, I don't need to be heard on that issue now.

If I could, I understand the Court has overruled the

request of the letter, but if I could make a brief record on that, it will not take very long.

THE COURT: Okay. And so there is the record that you made yesterday at the time the question came. There is the record that you put in the letter this morning that came in late -- early this morning that I reviewed this morning that we just discussed. So, to the extent you're seeking a third bite at the apple, go ahead.

MR. EVERDELL: I'm simply looking to fill out the record. I understand it's been rejected by the Court.

I think from the defense point of view, I think two things are very clear from this note. One is that the jury is considering whether or not they can convict Ms. Maxwell on the substantive offense in Count Four based solely on events that took place in New Mexico and traveled to and from New Mexico.

THE COURT: There are a number of assumptions in that that don't necessarily derive from the meaning of that letter, but I understand that is your position.

MR. EVERDELL: Understood, your Honor.

And I think the second point is that they are looking at the instructions that they have been given thus far because they reference the second element of Count Four. So they're looking at that instruction and they are unclear, they are confused by those instructions. They are not sure whether or not -- those instructions don't inform them that, in fact,

conduct that occurs solely in New Mexico, travels to and from New Mexico, solely in New Mexico cannot form the basis for a violation of New York law --

THE COURT: Again, using your language, cannot form a basis, would suggest it is irrelevant. I'll say that is wrong as a legal matter, number 1. Number 2, you didn't seek to exclude that testimony, nor did you seek a limiting instruction with respect to that testimony, and I think that was quite ripe for all of the reasons we've articulated.

MR. EVERDELL: Yes. Although, I would point out we did, in the charging conference, request the inclusion of travel from Florida to New York to make clear that that was the required facts to be proven for those counts.

In any event, I think this is a time that calls for a supplemental instruction. I understand the Court has rejected --

THE COURT: I'm not going to give them an incorrect supplemental instruction.

MR. EVERDELL: If the Court thinks the instruction that was proposed is incorrect, we can certainly work to draft a correct one. I think the jury is saying that they may convict Ms. Maxwell on Count Four based on conduct that solely relates to New Mexico. I am not saying it is irrelevant. What I am saying is if all they had — which is what I think the note is saying — is travel to and from New Mexico and alleged sexual

activity that occurred in New Mexico, that wouldn't be a sufficient basis to convict on Count Four or Count Two because it requires an intent to violate New York law, and you can't violate this section of New York law in New Mexico.

So if that's all they're considered on a basis to convict on Count Four and Count Two, then that would be insufficient and improper, and that's why I think a supplemental instruction that clarifies that point is warranted in this case, but I understand the Court has rejected that. And that's all.

THE COURT: I think the instruction is correct that I referred them to. The reading of the note that you've suggested, I have no idea if that's what the jury is asking or many other plausible readings, and what you've proposed, as you just indicated, would be incorrect. So, I think that's why precisely we sent them back to the charge.

Anything else?

MR. EVERDELL: No, your Honor.

THE COURT: As I said, we'll see where we are at the end of the day, but in light of the variant, my concern about interruption of trial, given the increasing daily risk of exposure to either a juror or trial participant requiring quarantine, it is time to think to have the jurors make plans to continue deliberating until a verdict is reached.

I will wait until we hear from the jury, otherwise

I'll bring you back in to discuss that. Thank you.

(Recess)

(Continued on next page)

AFTERNOON SESSION

4:46 p.m.

THE COURT: I received a note. Our deliberations are moving along and we are making progress. We are at a good point and would like to end today at 5:00 p.m. and continue tomorrow morning at 9:00 a.m.

I don't know if anybody wants to say anything. I have a view.

MR. PAGLIUCA: I think since they requested to leave, they should be allowed to leave, your Honor. Thank you.

MS. MOE: Your Honor, the government defers to the Court for the schedule today.

THE COURT: I take it to mean they won't be done in an hour and so they're going to break for the night anyway. I will bring them out and send them home at 5:00 as they requested.

I intend to do the following, though, I'll hear from you, but as I noted this morning, in light of where we now find ourselves, given the omicron variant, I must require deliberations every day going forward until they reach a verdict. I will instruct them that we will continue deliberations each day on the same schedule until they reach a verdict, so they should make themselves available for the remainder of the week and, if necessary, for the weekend. I'll tell them as I did yesterday regarding extending deliberations

until 6:00, but if this schedule presents a substantial hardship for anyone, they'll let my deputy know.

As I said this morning, I conclude this is necessary because we are seeing an astronomical spike in the number of COVID-positive cases in New York City due to the highly contagious omicron variant. We are, very simply, at a vastly different place regarding the pandemic than we were only a week ago. We now face a high and daily escalating risk that jurors and/or necessary trial participants would need to quarantine, thus disrupting trial and putting at risk our ability to complete this trial. Put simply, I conclude that proceeding this way is the best chance to both give the jury as much time as they need and to avoid a mistrial as a result of the omicron variant.

So that is what I intend to do, and I'll tell you precisely what I intend to say. I'll hear from you.

MR. PAGLIUCA: Your Honor, our only issue would be telling them to deliberate through the weekend and New Year's. I don't think it's unreasonable to have them deliberate through the remainder of the week, but given the fact that the Court told them initially that they would have those days off, I don't think we should go back on that commitment entirely. I do think that it is appropriate that they deliberate through the workweek and then have the weekend off if they so choose.

That's my position, your Honor.

THE COURT: I am -- yes, go ahead, Ms. Moe.

MS. MOE: We're just going to add that the government agrees that the Court has the discretion to set a schedule for deliberations. Absent a hardship, I think the schedule the Court has proposed is entirely reasonable under the circumstances.

THE COURT: Here's what I'll do. I'll do what I just indicated today for through the week, and if we don't have a verdict tomorrow, I'll say through the weekend.

MR. PAGLIUCA: That makes sense to me, your Honor.

THE COURT: In each case, I am couching it with, they have the option to indicate if it's a hardship due to unmoveable commitments.

MR. PAGLIUCA: That's a good suggestion, your Honor. That's fine with us.

THE COURT: Ms. Moe.

MS. MOE: Yes, your Honor. Thank you.

THE COURT: Let me tell you exactly what I plan to say so you can tell me if you wish anything different.

First, I'll just go over the schedule and COVID protocols, which the district executive has asked me to remind, in light of the variant. And I'll continue to urge caution as I have been. And then I'll say, as to schedule going forward, we are going to continue with the same daily schedule as today, that is to say 9:00 a.m. to at least 6:00 p.m. Please let me

know by note if you agree to stay longer. However, I am going to ask that deliberations continue going forward on this schedule every day this week until a verdict is reached. So please make yourselves available, should it be necessary, to sit for deliberations for the remainder of this week. If this presents a substantial hardship for anyone because of unmoveable commitments, please let Ms. Williams know. Of course, by this, I don't mean to pressure you in any way. You should take all the time that you need.

MR. PAGLIUCA: That's fine, your Honor. Thank you.

MS. MOE: Yes, your Honor. Thank you.

THE COURT: I'll ask Ms. Williams to bring them out.

(Continued on next page)

(Jury present)

THE COURT: Members of the jury, I did receive your note indicating that you would like to end today at 5:00 p.m. and continue tomorrow at 9:00 a.m. I will send you home at the time you've requested. We'll start again tomorrow at 9:00 a.m.

Of course, all rules continue to apply. Please continue to take all precautions regarding the highly contagious omicron variant. We need each of you here and healthy. So please, wear high quality masks and take all available precautions. As I've indicated before, we have masks for you. If anyone wishes to have transportation provided that hasn't taken us up on that offer, please let Ms. Williams know.

Relatedly, the main courthouse administrator has asked me to remind you of the COVID protocols. You must remain masked in KN95 or N95 masks at all times, except when briefly eating or drinking. You must maintain distance in the jury room during deliberations as indicated in the seat placements and markings. If you do break briefly for lunch, please use the additional seating to gain even further distancing while your masks are briefly off.

As to the schedule going forward, we are going to continue with the same schedule as of today, if needed, 9:00 a.m. to at least 6:00 p.m. Please let me know by note if you agree to stay longer any day.

However, I am going to ask that deliberations continue

going forward on this schedule every day this week until a verdict is reached. So please make yourselves available, should it be necessary, to sit for deliberations for the remainder of the week. If this presents a substantial hardship for anyone because of unmoveable commitments, please let Ms. Williams know. Of course, by this I don't mean to pressure you in any way. You should take all the time that you need.

Have a good night. Stay safe and healthy. We'll see you tomorrow.

(Continued on next page)

(Jury not present)

THE COURT: Matters to take up, counsel?

MS. MOE: No, your Honor.

MS. STERNHEIM: No, your Honor.

THE COURT: See everyone tomorrow. Please be safe.

(Adjourned to December 29, 2021 at 9:00 a.m.)

* * *