UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | 20 Cr. 330 (PAE) |
| -v- | ORDER |
| GHISLAINE MAXWELL, | |
| Defendant. | |

PAUL A. ENGELMAYER, District Judge:

The Court has received a four-page motion entitled "United States' Motion to Unseal Grand Jury Transcripts," which was filed with the Clerk's Office of this District on July 18, 2025. *See* Dkt. 785 ("Government Motion"). The motion asks that the Court "unseal the underlying grand jury transcripts" in this matter, "subject to appropriate redactions of victim-related and other personal identifying information." *Id.* at 1–2.[1]

The Court intends to resolve this motion expeditiously. However, the Court cannot rule on the motion without additional submissions. Specifically:

***Memorandum of law***: Federal Rule of Criminal Procedure 6(e) codified the practice, "'older than our Nation itself,' that proceedings before a grand jury shall generally remain secret." *In re Petition of Craig*, 131 F.3d 99, 102 (2d Cir. 1997) (quoting *In re Biaggi*, 478 F.2d 489, 491 (2d Cir. 1973) (Friendly, C.J.)); *see also Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). Rule 6(e)(3) lists exceptions to the rule of secrecy but these are not invoked by the Government's motion. In addition, the Second Circuit has recognized that there

---

[1] The Court understands that the Government has made a parallel motion in *United States v. Epstein*, 19 Cr. 490 (S.D.N.Y.), at Dkt. 61.

are certain "special circumstances" in which release of grand jury records is appropriate, based upon a court's supervisory authority over grand juries it empanels. *See In re Craig*, 131 F.3d at 102; *see also id.* at 104 ("The discretion of a trial court in deciding whether to make public the ordinarily secret proceedings of a grand jury investigation is one of the broadest and most sensitive exercises of careful judgment that a trial judge can make."). The Second Circuit has identified the following as a non-exhaustive list of factors for district courts to weigh in considering applications for disclosure:

- the identity of the party seeking disclosure;

- whether the defendant to the grand jury proceeding or the Government opposes the disclosure;

- why disclosure is being sought in the particular case;

- what specific information is being sought for disclosure;

- how long ago the grand jury proceedings took place;

- the current status of the principals of the grand jury proceedings and that of their families;

- the extent to which the desired material —either permissibly or impermissibly— has been previously made public;

- whether witnesses to the grand jury proceedings who might be affected by disclosure are still alive; and

- [whether there is an] additional need for maintaining secrecy in the particular case in question.

*Id.* at 106 (capitalization altered); *see also Laws.' Comm. for 9/11 Inquiry, Inc. v. Garland*, 43 F.4th 276, 285 (2d Cir. 2022) (affirming district court's application of those factors).[2]

---

[2] The Seventh Circuit is in accord that a district court may order the release of grand jury materials upon a showing of special circumstances. *See Carlson v. United States*, 837 F.3d 753, 766–67 (7th Cir. 2016). Other circuits have taken a narrower view of a court's authority to order such relief. *See, e.g., McKeever v Barr*, 920 F.3d 842, 843, 850 (D.C. Cir. 2019), *cert denied*,

The Government's motion does not adequately address these factors. The Court accordingly directs the Government to file a memorandum of law, no later than Tuesday, July 29, 2025, addressing with specificity these and any other factors that the Government views as germane to its application. The memorandum of law is to be no more than 25 pages, double spaced. In light of grand jury secrecy and victim-related issues and other personal identifying information concerns, the Government is authorized to file, on the public record, a redacted version, and to file under seal the memorandum in unredacted form. The Court also directs the Government to state in the memorandum whether, before filing the instant motion, counsel for the Government reviewed the Maxwell grand jury transcripts and whether the Government provided notice to the victims of the motion to unseal.

Following the Court's ruling on the motion, the Court will invite the Government's input as to whether, and to what extent, the redactions in its memorandum remain warranted.

***Grand jury transcripts***: The Court has not received the grand jury transcripts that the Government seeks to unseal. The Court directs the Government to submit to the Court under seal the following materials no later than Tuesday, July 29, 2025: (1) an index of Maxwell grand jury transcript materials, including a brief summary, the number of pages, and dates; (2) a complete set of Maxwell grand jury transcripts; (3) a complete proposed redacted set of Maxwell grand jury transcripts (*i.e.*, the transcripts in the form that the Government proposes to release them); and (4) a description of any other Maxwell grand jury materials, including, but not limited to, exhibits.

---

140 S. Ct. 597 (2020); *Pitch v. United States*, 953 F.3d 1226, 1241 (11th Cir. 2020) (en banc); *United States v. McDougal*, 559 F.3d 837, 841 (8th Cir. 2009); *In re Grand Jury 89-4-72*, 932 F.2d 481, 488 (6th Cir. 1991).

3

***Submission from Maxwell***: The Court has not received a letter by or on behalf of defendant Maxwell setting out her position vis-à-vis the proposed disclosure. Any such letter is due Tuesday, August 5, 2025.

***Submission(s) from victims***: The Government may not have notified the victims. And, the Court has not received any letters on behalf of the victims setting out their positions vis-à-vis the proposed disclosure. Any such letters are due on or before Tuesday, August 5, 2025.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: July 22, 2025
       New York, New York