UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

GHISLAINE MAXWELL,

                    Defendant.

---

20-CR-330 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received the attached letter from MSW Media, Inc., styled as a motion to intervene, which addresses the scope of appropriate redactions of grand jury transcripts to the extent, if any, that the Court may authorize the disclosure of these. The Court denies the motion to intervene but will take into considerations the views expressed in MSW Media's letter.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: July 25, 2025
        New York, New York

**ATTACHMENT 1**

# NATIONAL SECURITY COUNSELORS

1451 ROCKVILLE PIKE, SUITE 250
ROCKVILLE, MD  20852
⎯⎯⎯
TELEPHONE: (501) 301-4NSC (4672)
FACSIMILE: (240) 681-2189

KEL MCCLANAHAN, ESQ., EXECUTIVE DIRECTOR (admitted in DC, NY, WA)
EMAIL: KEL@NATIONALSECURITYLAW.ORG
BRADLEY P. MOSS, ESQ., DEPUTY EXECUTIVE DIRECTOR (admitted in DC, IL)

25 July 2025

Hon. Paul A. Engelmayer
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY  10007

Re:    *United States v. Maxwell*, Case No. 20-Cr-330

Dear Judge Engelmayer:

On behalf of MSW Media, Inc. ("MSW Media"), I respectfully submit this letter motion to intervene in the above-captioned case for the purposes of partially supporting and partially opposing the Government's motion to unseal the transcripts of grand jury testimony in this case, filed as Docket No. 785.

MSW Media (https://mswmedia.com/) operates numerous podcasts and blogs about federal government operations, including Mueller She Wrote, SpyTalk, Daily Beans, and Jack. It clearly qualifies as a representative of the news media.

MSW Media has standing to intervene in this case for the following reason. On 17 July 2025, after President Donald Trump publicly instructed Attorney General Pam Bondi to seek the Court's permission to release "any and all pertinent Grand Jury testimony, we filed a Freedom of Information Act ("FOIA") request with the Department of Justice ("DOJ") for transcripts of *all* grand jury testimony from this case and *United States v. Epstein*, No. 19-490 (S.D.N.Y.). We are concerned with the modifier "pertinent" in President Trump's instruction, and that concern seemed vindicated when the Government advised this Court that it intended to "make appropriate redactions of victim-related information *and other personal identifying information* prior to releasing the transcripts." (Dkt. #785 at 2 (emphasis added).)

To be clear, we have no interest in victim-related information, and this Motion does not pertain to that information. However, we do have concerns that the Government seems to be implicitly seeking this Court's permission to withhold *other* personally identifiable information, such as information about Defendant's partners in crime or clients. Accordingly, while we join the Government in requesting that these transcripts be released, we accordingly make this narrow independent request to the Court: Please do not weigh in on the appropriateness of withholding personally identifiable information unrelated to victims. We intend to litigate this FOIA request if necessary, and the question of whether such information may be properly withheld is a

question best left to the court adjudicating that future case. We are concerned that, if this Court explicitly or implicitly blesses the Government's proposed redactions of non-victim-related personally identifiable information (even in passing), that opinion will be treated as a proverbial thumb on the scale in our FOIA case without materially affecting the Court's decision in *this* case.

In other words, if this Court mentions in its decision that it was swayed *at all* by the Government's promise to redact personally identifiable information, we are concerned that the Government will then argue in its FOIA case that "Judge Englemayer agreed that this information should not be publicly disclosed." Therefore, we respectfully request that this Court not take the Government's statements regarding non-victim-related personally identifiable information into account when reaching its decision regarding the Government's motion, and we further request that the Court specify that it is *not* opining on that question, should it grant the Government's motion.

The Government takes no position on the intervention of MSW Media. I attempted twice—Wednesday and Thursday—to reach Defendant's counsel and have not received a response, so I am filing this as an opposed motion due to the fast-moving nature of this case.

Sincerely,

Kel McClanahan
Counsel for Proposed Intervenor