# Exhibit A

**Congress of the United States**

Washington, DC 20515

January 8, 2026

The Honorable Paul E. Engelmayer
United States District Judge
Southern District of New York
New York, New York 10007

**Re:// United States v. Ghislaine Maxwell 20 Cr.330 (PAE)**

Dear Judge Engelmayer:

We write jointly as Members of the United States House of Representatives who sponsored the Epstein Files Transparency Act, Public Law 119-38 and as *amici curiae* in the above-caption manner. We respectfully request permission to file this brief as *amici curiae* given our unique expertise as the leads of the Epstein Files Transparency Act. We are writing to suggest the appointment of a Special Master and Independent Monitor to compel the Department of Justice (DOJ) to make mandatory production under the Act.

As the leads of the Epstein Files Transparency Act, we have urgent and grave concerns about DOJ's failure to comply with the Act as well as the Department's violations of this Court's order.

On December 19, 2025, the Department of Justice released only a portion of responsive materials. That release, however, did not comply with the statute as written. The Department failed to meet the Act's requirements in multiple respects, including missing the statutory deadline, asserting common-law privileges that the Act does not permit, and applying extensive redactions that appear inconsistent with the Act's expressed prohibition on withholding or redacting records to protect politically exposed persons.

Several federal courts, including this District, have already recognized that the Act's disclosure mandate is clear and that its specific statutory language supersedes pre-existing secrecy rules and generalized privilege doctrines. Nonetheless, the Department has continued to rely on arguments that courts have rejected, including the claim that Congress did not "speak clearly" enough to require disclosure of unclassified investigative and internal materials, despite Section 2(a)'s unequivocal language.

Compliance concerns have been further heightened by the Department's handling of records after their release. Independent investigators identified numerous files that were publicly released on December 19, 2025, and later removed, including file EFTA00000468. While removal may have been undertaken to protect victims depicted in the material, an objective that is both appropriate and required, the Department's own statements underscore that this issue is more significant than DOJ has suggested.

DOJ has acknowledged that, despite tens of thousands of manual redactions and quality control checks, information that victims believe should have been redacted was nonetheless posted publicly. DOJ also represented to the Court that it interprets the Act to require publication of grand jury and discovery materials unless a statutory basis for withholding applies, with victim privacy protected through appropriate redactions rather than categorical withholding. Consistent with those representations, and with the Court's order directing DOJ to certify that victim-identifying information is being protected, the Act allows narrowly tailored and

consistently applied redactions, not the wholesale removal of records after release or assertions of privilege inconsistent with the Act. Whether the Department's actions complied with those limits is a fact-specific question that would benefit from neutral, independent review.

We have reviewed the DOJ's most recent submission to this Court on January 5, 2026, Dkt. 826, where the DOJ states that it has only produced "approximately 12,285 documents (compromising approximately 125,575 pages)." The DOJ claims that there is still "more than 2 million documents potentially responsive to the Act in various phases of review." Other reports suggest that the DOJ may be reviewing more than 5 million pages. Because these figures are self-reported and internally inconsistent with prior representations, there is reasonable suspicion that the DOJ has overstated the scope of responsive materials, thereby portraying compliance as unmanageable and effectively delaying disclosure.

The conduct by the DOJ is not only a flagrant violation of the mandatory disclosure obligations under the Epstein Files Transparency Act, but as this Court has recognized in its previous rulings, the behavior by the DOJ has caused serious trauma to survivors.

In addition, the DOJ has not complied with Section 3 of the Act, which requires the Attorney General, within fifteen days of the deadline for release, to submit a report to the House and Senate Judiciary Committees identifying the categories of records released and withheld and summarizing all redactions and their legal bases. To date, no such report has been provided. Without it, there is no authoritative accounting of what records exist, what has been withheld, or why, making effective oversight and judicial review far more difficult.

Put simply, the DOJ cannot be trusted with making mandatory disclosures under the Act.

While we believe that criminal violations have taken place and must be addressed, the most urgent need now is for the DOJ to produce all the documents and electronically stored information required by the Act. In its November 26, 2025, letter (Dkt.813), the DOJ represented to this Court the categories of documents in its possession, much of which has not been produced.

Thus, in our capacity as *amici curiae,* we suggest pursuant to its inherent authority and Federal Rule of Civil Procedure 53, this Court appoint Special Master and/or Independent Monitor for the purpose of ensuring all the documents and electronically stored information are immediately made public to be in accordance with the Epstein Files Transparency Act.  We also suggest the Independent Monitor be given authority to notify and prepare reports to this Court about the true nature and extent of the document production and if improper redactions or other improper conduct is taking place.  We also suggest this Court compel testimony from the person or persons most knowledgeable from the DOJ SDNY office about the production that has been made, the pending productions, and the representations that have previously been made to this Court.

Absent an independent process, as outlined above, we do not believe the DOJ will produce the records that are required by the Act and what it has represented to this Court.

We appreciate the Court's attention to this letter. We can make ourselves available to the Court at a future hearing or participate in a briefing on the need for a Special Master or Independent Monitor or any topic this court deems helpful for the full and fair administration of justice.

Sincerely,

**Ro Khanna**  
Member of Congress  
U.S. House of Representatives

**Thomas Massie**  
Member of Congress  
U.S. House of Representatives