UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

GHISLAINE MAXWELL,

Defendant.

20 Cr. 330 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

This decision resolves a motion by two United States Representatives to participate as *amici curiae* in this criminal case.

Representatives Thomas Massie (R-Ky.) and Ro Khanna (D-Calif.) are co-sponsors of the Epstein Files Transparency Act ("EFTA" or the "Act"), Pub. L. No. 119-38, 139 Stat. 656 (2025), which was enacted nearly unanimously by Congress, and signed into law, on November 19, 2025. The Act required the Attorney General, within 30 days of its enactment and subject to certain exceptions, to make publicly available "all unclassified records, documents, communications, and investigative materials" in the possession of the Department of Justice ("DOJ") that relate to the notorious pedophile Jeffrey Epstein.

In a motion filed January 13, 2026, the Representatives seek leave to participate in this case as *amici curiae* for the purpose of assuring DOJ's compliance with the EFTA. Dkts. 837–38. They assert that, in multiple respects, DOJ has violated the Act. Dkt. 838-1 ("*Amici* Letter Brief") at 1–2.

First, they assert, DOJ has not complied with the December 19, 2025, deadline set by the Act for the public release of responsive records. *Id*. at 1 (citing Act § 2(a)). They note that, by DOJ's admission, as of January 5, 2026—more than two weeks after that deadline—it had

publicly released only 12,285 documents, with "more than 2 million documents potentially responsive to the Act in various phases of review." *Id*. at 2 (citation omitted).  Second, they assert, DOJ has not complied with a separate provision of the Act requiring the Attorney General, within 15 days of the deadline for release, to submit a report to the House and Senate Judiciary Committees, identifying the categories of records released and withheld and summarizing all redactions and their legal bases. *Id*. (citing Act § 3).  Third, they assert, in withholding and redacting documents, DOJ has invoked "common-law privileges that the Act does not permit" and has "appl[ied] extensive redactions" that appear to exceed the one statutory exception (for victim-identifying information) that DOJ has invoked. *Id*. at 1.  Fourth, they assert, DOJ's "extensive redactions" appear inconsistent with the Act's prohibition on withholding or redacting records to protect politically exposed persons. *Id*. (referencing Act § 2(b)(1)).  Fifth, they assert, many files that DOJ at first publicly released were later retracted in full, which may have removed from public view records (or portions thereof) whose withholding or redaction is not necessary to protect victim privacy. *Id*. at 1–2.  The Representatives also assert that DOJ has falsely blamed the courts for its multiple failures to comply with the Act, when in fact courts have merely required that, before releasing discovery materials, DOJ ensure that these do not improperly identify victims.  *See* Dkt. 842 ("*Amici* Reply") at 6–7.

To address these "urgent and grave concerns," the Representatives seek "a neutral, independent review" of DOJ's compliance with the Act. *Amici* Letter Brief at 1–2.  They ask the Court to appoint a special master or independent monitor "for the purpose of ensuring [that] all the documents and electronically stored information are immediately made public in accordance with the [EFTA]." *Id*. at 2.  They also ask the Court to compel testimony about the productions that have been and will be made.  *Id*.  Without independent oversight, the Representatives state,

"we do not believe the DOJ will produce the records that are required by the Act." *Id*. "Put simply," they state, "DOJ cannot be trusted with making mandatory disclosures under the Act." *Id*.

The Court has since received letters and emails from victims of Epstein supporting the Representatives' request for appointment of a neutral to oversee DOJ's compliance. These express concern that DOJ otherwise will not comply with the Act. They note that DOJ's track record preceding passage of the Act has been marked by "paying 'lip service' to the victims" and "failing to treat us 'with the solicitude' we deserve." *See, e.g.*, Dkt. 841 at 2 (quoting *United States v. Maxwell*, ___ F. Supp. 3d ___, 2025 WL 3522378, at *10 (S.D.N.Y. Dec. 9, 2025)) (cleaned up); Dkt. 843.

The questions raised by the Representatives and the victims are undeniably important and timely. They raise legitimate concerns about whether DOJ is faithfully complying with federal law. But, for two reasons, the Representatives' request for relief cannot be granted in this case.

> **1.    This federal criminal case does not give the Court jurisdiction over—or authority to supervise—DOJ's compliance with the EFTA, a civil records-disclosure statute.**

*United States v. Ghislaine Maxwell* is a criminal prosecution. The only parties to the case are Maxwell and the United States, the latter represented, as is always the case, by DOJ. The Indictment against Maxwell brought charges under six federal criminal statutes. Those were not brought under the EFTA, which did not exist at the time and is not a criminal statute. And this case is now effectively closed. Maxwell was convicted at trial in December 2021 and sentenced in June 2022; the Second Circuit affirmed her conviction and sentence in September 2024, *see United States v. Maxwell*, 118 F.4th 256 (2d Cir. 2024); and the Supreme Court denied her petition for certiorari in October 2025, *see Maxwell v. United States*, 146 S. Ct. 93 (Mem.), No. 24-1073, 2025 WL 2823724 (Oct. 6, 2025). The only outstanding item in the case is Maxwell's

recent *pro se* petition under 28 U.S.C. § 2255, in which she collaterally challenges her conviction and sentence on grounds that do not relate to the EFTA. *See* Dkt. 830 (filed December 17, 2025).

This Court lacks authority to grant the Representatives' request for relief. It is axiomatic that federal courts have limited jurisdiction, as defined by the Constitution and federal law. *See Badgerow v. Walters*, 596 U.S. 1, 7 (2022). The Representatives have not articulated how the criminal statutes under which Maxwell was charged would empower the Court to enforce the EFTA. They have not cited any case supporting that Congress's grant to federal district courts of exclusive original jurisdiction to hear cases brought under federal criminal law, *see United States v. Balde*, 943 F.3d 73, 88–89 (2d Cir. 2019) (citing 18 U.S.C. § 3231), carries with it the authority to superintend enforcement of the EFTA, a civil records-disclosure statute. No provision of the EFTA vests this Court with that authority.

The Court is also unaware of authority supporting that a district court's inherent, although limited, supervisory power "to oversee the administration of criminal justice," *In re United States*, 945 F.3d 616, 627–28 (2d Cir. 2019) (citation omitted), empowers it to broadly oversee compliance with that civil statute. *See Amici* Reply at 4–6 (so arguing). No party here has claimed that this step is necessary to ensure the integrity of Maxwell's conviction, which became final upon the denial of her petition for certiorari. *See Clemente v. Lee*, 72 F.4th 466, 476 (2d Cir. 2023). And a federal court's supervisory power over a criminal case generally does not extend to redressing injuries to non-parties. *See, e.g.*, *United States v. Payner*, 447 U.S. 727, 734–36 (1980); *United States v. Hasting*, 461 U.S. 499, 505–07 (1983); *United States v. Caceres*, 440 U.S. 741, 753–57 (1979).

In urging the Court to act, the Representatives note that this Court, in a decision last month, recognized the EFTA's "clear" "disclosure mandate." *Amici* Letter Brief at 1 (referencing *Maxwell*, 2025 WL 3522378). But that decision considered the EFTA for a limited purpose. The judge who initially oversaw this case, the Honorable Alison J. Nathan, had put in place a protective order governing discovery. *See* Dkt. 36 ("Protective Order"). The Protective Order, which limits the Government's (and Maxwell's) ability to publicly disclose discovery materials, remained (and remains) in place. Because the voluminous discovery in this case included records that the Act requires to be released, the Protective Order was a potential obstacle to DOJ's compliance with the EFTA. Accordingly, DOJ asked the Court to modify the Protective Order, to enable DOJ to release such discovery. Dkt. 810. This Court, construing the EFTA and the Protective Order, agreed that modification of the latter was necessary to enable compliance with the former, and granted DOJ's motion. *See Maxwell*, 2025 WL 3522378, at *9–11. In modifying the Protective Order, however, this Court did not itself compel DOJ to publicly release any records. It was the EFTA that did so. Nor did this Court's decision assert authority over DOJ's compliance with the EFTA. It merely removed an obstacle (the unmodified Protective Order) to such compliance.[1] And the existence in this case of a protective order—an order commonplace in federal criminal practice—does not expand this Court's jurisdiction.

---

[1] The same is so as to the other component of the Court's ruling, in which it construed the Act to override, in the context of the grand jury materials in Maxwell's case, the prohibition in Fed. R. Crim. P. 6(e) on the disclosure of such materials. *See Maxwell*, 2025 WL 3522378, at *9. Before the Act's enactment, the Court had held that Rule 6(e) barred such disclosure and that the Second Circuit's limited "special circumstances" exception to Rule 6(e) did not apply. *See United States v. Maxwell*, 794 F. Supp. 3d 215, 225–29 (S.D.N.Y. 2025).

The criminal case against Maxwell thus does not give this Court authority to enforce the EFTA.

### 2. The Representatives' proposed participation here as *amici curiae* is not permissible.

Neither party in this case has made any motion concerning the implementation of EFTA. The Representatives' attempt to participate here as *amici curiae* to raise a new issue—whether a special master or other neutral should be appointed to oversee DOJ's compliance with the Act—is therefore not permissible.

An *amicus curiae* is not a party. *Cohen v. Empire Blue Cross & Blue Shield*, 176 F.3d 35, 41 (2d Cir. 1999). The function of an *amicus curiae* is to provide a court with assistance in evaluating issues before it. *See, e.g.*, *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011); *Auto. Club of N.Y., Inc. v. Port Auth.*, 11 Civ. 6746, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011); *Eddystone Rail Co. v. Jamex Transfer Servs., LLC*, No. 17 Civ. 1266, 2019 WL 181308, at *4 (S.D.N.Y. Jan. 11, 2019). And it is black letter law that *amici curiae* cannot make independent motions or inject new issues that have not been pursued by any party or raised by the Court. *See, e.g.*, *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 445 (2d Cir. 2001); *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 105 n.10 (2d Cir. 2010); *New York v. Nat'l Sci. Found.*, No. 25 Civ. 4452, 2025 WL 1793858, at *6 (S.D.N.Y. June 30, 2025); *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).

Such is the case here. The Representatives do not seek to opine on any live issue before the Court. (The only such issues are those raised by Maxwell's recently filed § 2255 petition.) And the appointment of a neutral to supervise DOJ's compliance with the EFTA is far afield from any matter pending before the Court. It is thus not a permitted form of *amicus* participation. *See, e.g.*, *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15

6

Civ. 2739, 2022 WL 3536117, at *2 (S.D.N.Y. Aug. 18, 2022) (denying *amicus* request that "inject[ed] new material into the litigation"); *S.E.C. v. Bear, Stearns & Co.*, No. 3 Civ. 2937, 2003 WL 22000340, at *6 (S.D.N.Y. Aug. 25, 2003) (same); *Long Island Soundkeeper Fund, Inc. v. N.Y. Athletic Club*, No. 94 Civ. 436, 1995 WL 358777, at *1–2 (S.D.N.Y. June 14, 1995) (same).

## CONCLUSION

For the two reasons above, the Court respectfully denies the Representatives' motion to participate in this criminal case as *amici curiae*. This criminal case does not give the Court any charter to supervise DOJ's compliance with the EFTA. And the motion exceeds the bounds of permissible *amici* participation.

This decision is without prejudice to the Representatives' right to initiate a separate lawsuit.[2] The Representatives are also, of course, at liberty to pursue oversight of DOJ via the tools available to Congress.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 837.

SO ORDERED.

*Paul A. Engelmayer* (signature)
PAUL A. ENGELMAYER
United States District Judge

Dated: January 21, 2026
New York, New York

---

[2] In opposing the motion, DOJ argued broadly that the EFTA does not provide a private cause of action to a person seeking information under the Act and that the Representatives would lack standing to pursue relief in any case they might bring. *See* Dkt. 840 at 3–5. The Court does not have occasion to reach either argument.