UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

GHISLAINE MAXWELL,

Defendant.

20 Cr. 330 (PAE)

**UNITED STATES' MOTION FOR EXPEDITED RULING TO UNSEAL GRAND JURY TRANSCRIPTS AND EXHIBITS AND MODIFY PROTECTIVE ORDER**

Pursuant to H.R. 4405, the Epstein Files Transparency Act (the "Act"), and at the direction of the Attorney General, the Department of Justice respectfully files this motion asking the Court for an expedited ruling to unseal the grand jury transcripts and exhibits and to modify the protective order associated with the above-referenced indictment.

The Department of Justice previously moved the Court to unseal the grand jury transcripts and exhibits in this case, citing the "extensive public interest" in the basis for conclusions in a July 6, 2025, Memorandum issued by the Department of Justice and Federal Bureau of Investigation. Dkt. 785. The Court denied the motion, concluding that neither Federal Rule of Criminal Procedure 6(e) nor "special circumstances" authorized unsealing the grand jury materials. Dkt. 809.

On November 19, 2025, Congress nearly unanimously passed,[1] and the President signed the Act. Subject to certain enumerated exceptions, the Act requires the Attorney General, within thirty days after enactment, to "make publicly available . . . all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice,

---

[1] The Act passed the House by a vote of 427 to 1; the Act passed the Senate unanimously. *See* Scott Wong, et al., Congress passes bill to force the release of the Epstein files, NBC News (Nov, 19, 2025, 10:06 AM EST), https://www.nbcnews.com/politics/congress/house-bill-force-release-epstein-files-bipartisan-vote-rcna244301.

including the Federal Bureau of Investigation and United States Attorneys' Offices" that relate to nine topics, such as "Jeffrey Epstein" and "Ghislaine Maxwell." Act § 2.

The Department of Justice interprets the Act as requiring it to publish the grand jury and discovery materials in this case, unless one of the permitted bases for withholding pursuant to the Act applies. Accordingly, subject to appropriate redactions allowed by the Act, the Department of Justice files this renewed motion requesting that the Court unseal the grand jury transcripts and exhibits associated with the above-referenced indictment and amend the applicable protective order that would otherwise prevent public disclosure by the Government pursuant to the requirements of the Act.[2] In support of this request, the Department submits the following:

1. On July 2, 2019, a grand jury sitting in the Southern District of New York returned an indictment charging Epstein with sex trafficking offenses. *United States v. Epstein*, 19 Cr. 490 (RMB), Dkt. 2 (S.D.N.Y. July 2, 2019). The Court, on consent of the parties, entered a protective order prohibiting the Government from, among other things, "posting or causing to be posted any of the Discovery or information contained in the Discovery on the Internet, including any social media website." *United States v. Epstein*, 19 Cr. 490 (RMB), Dkt. 38 at 3 (S.D.N.Y. July 25, 2019). On August 10, 2019, while awaiting trial, Epstein committed suicide in his cell in the Metropolitan Correctional Center in Manhattan, New York. Soon after, the Court dismissed the indictment. *United States v. Epstein*, 19 Cr. 490 (RMB), Dkt. 52 (S.D.N.Y. August 29, 2019).

---

[2] The Department of Justice is filing similar motions in *United States v. Epstein*, 19 Cr. 490 (RMB) (S.D.N.Y.), and *In re: Grand Jury 05-02 (WPB) & 07-103 (WPB)*, Case No. 9:25-mc-80920-RLR (S.D. Fla.).

2. On June 29, 2020, a grand jury sitting in the Southern District of New York charged Epstein's co-conspirator, Ghislaine Maxwell, with numerous offenses related to the trafficking and coercion of minors. *See* Dkt. 1. The Court, on consent of the parties, entered a protective order prohibiting the Government from, among other things "posting or causing to be posted any of the Discovery or information contained in the Discovery on the Internet, including any social media website or other publicly available medium." Dkt. 36 at 4. In December 2021, a jury found Maxwell guilty on several counts. Maxwell was sentenced to 240 months' imprisonment, and the Second Circuit later affirmed her convictions and sentence. *See United States v. Maxwell*, 118 F.4th 256 (2d Cir. 2024).

3. The Department of Justice previously moved the Court to unseal the grand jury transcripts and exhibits associated with the above-referenced indictment. Dkt. 785.[3]

4. The Court denied the previous motion, concluding that there was no applicable Federal Rule of Criminal Procedure 6(e)(3) exception to grand jury secrecy and no "special circumstance" justifying unsealing. Dkt. 809.

5. On November 19, 2025, the President signed the Epstein Files Transparency Act. The Act obligates the Attorney General, within thirty days after enactment, to "make publicly available . . . all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice, including

---

[3] The Department notes that the disclosure required by the Act differs from the disclosure requested in its prior motion. For example, and consistent with precedent, the prior motion proposed to redact information pertaining both to victims and uncharged third parties. *See, e.g.*, Dkt. 796 at 7.

the Federal Bureau of Investigation and United States Attorneys' Offices" relating to:

> (1) Jeffrey Epstein including all investigations, prosecutions, or custodial matters.
>
> (2) Ghislaine Maxwell.
>
> (3) Flight logs or travel records, including but not limited to manifests, itineraries, pilot records, and customs or immigration documentation, for any aircraft, vessel, or vehicle owned, operated, or used by Jeffrey Epstein or any related entity.
>
> (4) Individuals, including government officials, named or referenced in connection with Epstein's criminal activities, civil settlements, immunity or plea agreements, or investigatory proceedings.
>
> (5) Entities (corporate, nonprofit, academic, or governmental) with known or alleged ties to Epstein's trafficking or financial networks.
>
> (6) Any immunity deals, non-prosecution agreements, plea bargains, or sealed settlements involving Epstein or his associates.
>
> (7) Internal DOJ communications, including emails, memos, meeting notes, concerning decisions to charge, not charge, investigate, or decline to investigate Epstein or his associates.
>
> (8) All communications, memoranda, directives, logs, or metadata concerning the destruction, deletion, alteration, misplacement, or concealment of documents, recordings, or electronic data related to Epstein, his associates, his detention and death, or any investigative files.
>
> (9) Documentation of Epstein's detention or death, including incident reports, witness interviews, medical examiner files, autopsy reports, and written records detailing the circumstances and cause of death.

Act § 2(a). The Act allows for certain withholdings or redactions for "segregable portions of records that," for example, "contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which constitute a clearly unwarranted invasion of personal privacy" or "would jeopardize an active federal investigation or ongoing prosecution, provided that such withholding is narrowly tailored and temporary." *Id.* § 2(c)(1). For any

4

|   |   |
|---|---|
|   | redactions, the Attorney General must provide "a written justification published in the Federal Register and submitted to Congress." *Id.* § 2(c)(2). The Act provides for a separate procedure for "classified information," which the Attorney General "shall declassify . . . to the maximum extent possible." *Id.* § 2(c)(3); *see also* § 2(c)(4) (addressing "[a]ll decisions to classify any covered information after July 1, 2025"). Finally, the Act also requires the Attorney General, within fifteen days "of completion of the release required under Section 2" to submit to the House and Senate Committees on the Judiciary a report listing: (1) "All categories of records released and withheld"; (2) "A summary of redactions made, including legal basis"; and (3) "A list of all government officials and politically exposed persons named or referenced in the released materials." *Id.* § 3. |
| 6. | Rule 6(e) sets forth the "General Rule of Secrecy" for grand jury materials. *Illinois v. Abbott & Assocs., Inc.*, 460 U.S. 557, 566 (1983). As the Supreme Court has explained, "Congress, of course, has the power to modify the rule of secrecy," but "the rule is so important, and so deeply-rooted in our traditions, that we will not infer that Congress has exercised such a power without affirmatively expressing its intent to do so." *Id.* at 572-73; *see also United States v. Sells Engineering, Inc.*, 463 U.S. 418, 425 (1983) ("In the absence of a clear indication in a statute or Rule, we must always be reluctant to conclude that a breach of this secrecy has been authorized."). Here, there are multiple features of the Act that support an inference |

Case 1:20-cr-00330-PAE-AE    Document 846-1    Filed 10/23/25    Page 5 of 8

that Congress has affirmatively expressed its intent to modify the rule of secrecy with respect to the grand jury materials at issue in this case.[4]

7. First, the Act expressly references this specific investigation, and there can be no question that Congress was aware that this investigation included a grand jury investigation. Thus, the Act's reference to "all . . . investigative materials in the possession of the Department of Justice, including the Federal Bureau of Investigation and United States Attorney's Offices," is best understood as encompassing grand jury materials. Act § 2(a). Although the Act allows for the withholding or redaction of certain "segregable portions of records," Act § 2(c), some of which may be included in the requested grand jury materials, nothing in the Act suggests that grand jury materials as a category are exempted from the Act's references to investigative materials. Congress also passed the Act after the motions in this Court and others to unseal grand jury materials had been denied, suggesting that at least one of the reasons for the Act was to mandate disclosure of the grand jury materials subject to those rulings.

8. Second, the Act effects a categorical disclosure requirement that, subject only to the Act's exceptions, indicates an intent to override any contrary provisions of existing law. This makes the Act unlike the statute at issue in *Abbott*, which only required disclosure of investigative materials "to the extent permitted by law." 460 U.S. at 566. In *Abbott*, the Supreme Court relied heavily on that language to

---

[4] The Department of Justice respectfully submits for the reasons set out herein that the Act requires the Court to unseal the grand jury transcripts and exhibits subject to redactions permitted by the Act, including victim-related information. The Department of Justice also respectfully submits that the Act itself, and its near-unanimous passage, constitute "special circumstances," which were not present before the Court at the time of the Departments prior motion.

6

conclude that the statute did not override preexisting grand jury secrecy rules, because such disclosures would not have been "permitted by law" at the time the disclosure requirement was enacted. *Id.* at 568. Here, by contrast, the Act does not contain any provision suggesting that the Act's mandated disclosures are constrained by prior law. Thus, to the extent that there is a conflict between the disclosures mandated by the Act and the rule of secrecy mandated by Rule 6(e), this case should be governed by the general rule that "later statutes receive precedence over earlier statutes and specific statutes receive precedence over more general statutes." *United States v. Mohammed*, 27 F.3d 815, 820 (2d Cir. 1994) (quotation omitted).

9. Third, the Act manifests a Congressional intent to override some of the underlying bases for grand jury secrecy. One of the purposes for the rule of secrecy, and one of the primary purposes that continues to apply even after a grand jury investigation has concluded, is "to protect … unindicted individuals from the anxiety, embarrassment and public castigation that may result from disclosure." *In re American Historical Ass'n*, 62 F.Supp.2d 1100, 1103 (S.D.N.Y. 1999) (citing *Abbott*, 460 U.S. at 566 n.11); *see also In re Craig*, 131 F.3d 99, 102 n.1 (noting that grand jury secrecy protects "the interests of other persons who may have been unfavorably mentioned by grand jury witnesses or in questions of the prosecutor") (quoting *In re Biaggi*, 478 F.2d, 489, 491-92 (2d Cir. 1973)). In the Act, Congress has declared that these concerns may not be used as a basis to withhold the disclosures required by the Act. Act § 2(b)(1) ("No record shall be withheld, delayed, or redacted on the basis of embarrassment, reputational harm, or political

7

sensitivity, including to any governmental official, public figure, or foreign dignitary.").

10. In the light of the Act's clear mandate, the Court should authorize the Department of Justice to release the grand jury transcripts and exhibits and modify any preexisting protective orders that would otherwise prevent public disclosure by the Government of materials the disclosure of which is required by the Act. To the extent permitted by the Act, the Department of Justice will work with the relevant United States Attorney's Offices to make appropriate redactions of victim-related and other personal identifying information. Because of the Act's thirty-day deadline for production, the Department of Justice requests an expedited ruling on this motion.

Dated: New York, New York
       November 24, 2025

Respectfully submitted,

PAMELA J. BONDI
United States Attorney General

TODD BLANCHE
Deputy United States Attorney General
United States Department of Justice


/s/ Jay Clayton
JAY CLAYTON
United States Attorney for the
Southern District of New York
26 Federal Plaza
37th Floor
New York, New York 10278