

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 8, 2025

**BY ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:   *United States v. Jeffrey Epstein*,
>         19 Cr. 490 (RMB)
>
>         *United States v. Ghislaine Maxwell*,
>         20 Cr. 330 (PAE)

Dear Judges Berman and Engelmayer:

    The Government respectfully submits this letter in response to Your Honors' respective Orders, the November 26, 2025, Order in *United States v. Jeffrey Epstein*, 19 Cr. 490 (RMB), Dkt. 87, and the November 24, 2025 Order in *United States v. Ghislaine Maxwell*, 20 Cr. 330 (PAE), Dkt. 811. The Government submits this response to the Orders jointly as it believes there is substantial overlap in the issues raised in the respective Orders. As a threshold matter, the Department continues to view victim privacy as paramount in these cases, including in connection with its efforts to comply with the Act, and the Department recognizes and appreciates the Courts' focus on victim privacy.[1]   Several of the victims who have made submissions in response to the

---

[1] As noted in the Government's submission to Judge Berman, the claims raised by Mr. Edwards in his letter submitted to each of Your Honors regarding the Department's efforts to protect victim privacy are incorrect.  *See United States v. Jeffrey Epstein*, 19 Cr. 490 (RMB), Dkt. 88. A copy of the Department's submission clarifying this point to Judge Berman is attached as Exhibit A.

Courts' Orders object through counsel to release of grand jury materials. These objections principally are based on the protection of victim-identifying information. The Act provides for the protection of victim-identifying information and, as discussed in more detail below, the Department is committed to working with the victims and their counsel, as well as the Courts, to establish, monitor, and modify as may be necessary or appropriate policies and procedures for the redaction of victim-identifying information. In view of that, the Government respectfully submits that its motion should be granted with respect to both the grand jury materials and the modifications to the protective orders requested consistent with the Act and the Attorney General's stated intention to withhold those categories of information authorized by Congress, including victim-identifying information.[2]

To address the requirements of the Act and the important privacy concerns that could be jeopardized if victim-identifying information is made public, the Department is working diligently to collect, review, and redact victim-identifying information from the materials the Act requires to be produced, subject to judicial process. The materials collected to date involve substantial amounts of information related to victims. As previously noted to the Court, the Department has proactively engaged with victims' known counsel and are continuing to do so in connection with establishing the Department's policies and procedures for redacting victim-identifying information. In particular, the Department notes the following:

- *Process of Conferring with Victims and Victim Counsel:* The Department has (i) conferred with all victim counsel who have submitted letters to the Court concerning redactions; (ii) requested that counsel who submitted letters to the Court provide names of other known victim counsel, with whom the Department has also conferred regarding redactions; and (iii) reached out to counsel in relation to certain relevant victim settlement funds in an effort to ensure that unrepresented victims are aware of the option to submit their names for redaction.[3] Any victims seeking redaction are able to reach the Department directly (via USANYS.EpsteinMaxwellVictims@usdoj.gov). Through this process, the Department is compiling a list of names for redaction.[4]

---

[2] The Department further notes that the Estate of Jeffrey Epstein has no objection to the release of the requested materials provided that victim-identifying information is appropriately handled. Counsel for Defendant Ghislaine Maxwell maintains her objection to the release of such materials, on grounds with which the Department disagrees as a matter of law.

[3] Through this process, the Department has been contacted by several unrepresented victims. The Department will redact those victims' names and is also conferring with several victims to address any additional questions or concerns.

[4] To date, the Department proactively has conferred with counsel from six firms representing victims and related witnesses, and who have identified at the Department's request hundreds of individuals who are potential victims of state or federal offenses or other claims of sexual

- *Scope of Redactions:* As noted in our prior letters, the Department will endeavor to redact victim-identifying information—this includes, at a minimum, victims identified through the Department's prior prosecutions of Epstein and Maxwell, individuals who have been identified by counsel as known or suspected victims, and any victims who contact the Department through the above-described process requesting redaction. Going forward, the Department will also redact victim names even if the victim has otherwise been identified publicly. This approach is specifically responsive to concerns recently raised by victim counsel. For example, victim counsel expressed concern about one instance in which victim-identifying information was released by Congress (*See United States v. Jeffrey Epstein*, 19 Cr. 490 (RMB), Dkt. 87) and sought to attribute culpability to the Department. The Department now has confirmed that the document flagged by counsel is a publicly filed court exhibit, but nonetheless contained information for which the victims now request redaction, and the Department will honor that request for future redactions.

- *Review and Redaction Process:* The Department is conducting a centralized review of materials that may require publication under the Act using a document review platform that permits for word searches and application of redactions. Through the document review platform, the Department will use the list of victim names compiled through the above-described process to apply redactions and to check materials before they are released publicly.

- *Civil Proceedings:* Counsel for certain of the victims has indicated a concern that the Government's request for a modification of relevant protective orders could extend to civil proceedings. To clarify, in the instant motion, the Government seeks only modification of protective orders to which it is or has been a party in these criminal proceedings. The Department is separately endeavoring to segregate any non-public materials it obtained from civil litigation proceedings to determine to what extent, if any, the Act requires publication of such materials and, if so, whether any protective orders in those matters require additional redactions.

- *Consistent Policies and Procedures:* The Department is assessing the suite of potentially responsive materials under the Act and recognizes that the scope of those materials is broad (in both type and time frame) and spans multiple investigations and proceedings, including the proceedings before Your Honors. The Department is endeavoring to follow consistent policies and procedures for redacting victim-identifying information across all productions under the Act.

---

exploitation or misconduct. Out of a respect for privacy and security, the Department is treating all such identified individuals as victims for purposes of redaction.

These steps reflect the Department's recognition of the potential adverse impact that inadvertent disclosure of victim-identifying information could have on the victims and their families, and that it would be impracticable to remedy those effects.

In summary, the Department assures the Court that, while no process can entirely eliminate the risk of inadvertent disclosure[5], in connection with its motions and its efforts to comply with the Act more generally, the Department is committed to protecting the privacy interests of victims, will continue to consult with victims and their counsel, and will endeavor to follow consistent policies and procedures across all productions under the Act.

The Government remains available, as always, to answer any questions the Court may have.

Respectfully yours,

PAMELA J. BONDI
United States Attorney General

TODD BLANCHE
Deputy United States Attorney General
United States Department of Justice


/s/ Jay Clayton
JAY CLAYTON
United States Attorney
Southern District of New York

---

[5] For example, while it is not possible—despite the most well-intentioned efforts—for any redaction process to eliminate entirely the risk that a third party could piece together information from various materials that, in isolation, would not provide identification in order to identify (even if speculatively) a victim. The Department intends to mitigate that risk to the greatest extent practicable by redacting names and other identifiers as requested by the victims with this "mosaic" risk in mind. In this vein, counsel for certain relatives of victims have contacted the Department to request that information be redacted in order to protect not only the relative's identity but also that of the victim (and vice versa).

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 1, 2025

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. Jeffrey Epstein*,
     19 Cr. 490 (RMB)

Dear Judge Berman:

  The Government respectfully submits this letter in response to the Court's November 26, 2025, Order. Dkt. 87. As an initial matter, the Department responds to the claims by Mr. Edwards that the Department failed to protect victim-identifying information—a concern that has been, and continues to be, paramount to the Department in this matter. The Government then respectfully responds to the Court's questions below to the best of its ability at this early juncture in its review of potentially responsive materials pursuant to the directives of H.R. 4405, the Epstein Files Transparency Act (the "Act").

  Mr. Edwards notes a November 12, 2025 release of documents by Congress and cites to several instances of victims reaching out to him with (understandably) serious concern about being identified publicly. Mr. Edwards criticizes the efforts of Congress to protect their identities. Mr. Edwards then inaccurately contends that: "Of much greater concern is the redaction process, or complete lack thereof, being applied by the Department of Justice." Dkt. 87 at 4. The first time the Government learned that Mr. Edwards's clients had concerns about documents released by Congress was in Mr. Edwards's November 25, 2025 letter, which he simultaneously submitted to the Court. To this point, Mr. Edwards has not provided specifics of the documents at issue. As soon as the Government learned of the concern from these victims, it contacted Mr. Edwards, and we are scheduled to confer later today. The Government is committed to working in good faith with Mr. Edwards to collect more information and to protect victim identities and interests, but Mr. Edwards's sweeping characterization of the procedures applied by the Department to date is inaccurate. The Government will update the Court after further conferring with counsel.

  With regard to the Court's questions, the Government relies principally upon its submission to Judge Engelmayer, which is attached. *See United States v. Ghislaine Maxwell*, 20 Cr. 330 (PAE)

Hon. Richard M. Berman, U.S.D.J.
December 1, 2025
Page 2 of 2

Dkt. 813 (S.D.N.Y.) (Nov. 26, 2025). As noted in the Government's motion, Dkt. 85, the Act was passed by Congress and signed by the President on November 19, 2025. Pursuant to the Act, Congress has directed the Attorney General to make publicly available enumerated categories of information. Act § 2(a). Concomitantly, and relevant here, the Act further permitted the Attorney General to withhold or to redact certain categories of information, including records that "contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which constitute a clearly unwarranted invasion of personal privacy." *Id.* § 2(c)(1). As noted in its motion, the Government is seeking to comply with the requirements of the Act while also redacting or withholding victim information to the fullest extent permitted by the Act.

The Government remains available, as always, to answer any questions the Court may have.

Respectfully yours,

PAMELA J. BONDI
United States Attorney General

TODD BLANCHE
Deputy United States Attorney General
United States Department of Justice

/s/ Jay Clayton
JAY CLAYTON
United States Attorney
Southern District of New York