

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 5, 2026

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ghislaine Maxwell*,
           20 Cr. 330 (PAE)

Dear Judge Engelmayer:

    The Government respectfully submits this letter as an update to the Court's November 25, 2025, Order, Dkt. 812, and the Government's letter of December 19, 2025, describing the procedures the Government initially implemented to comply with the Court's Order requiring the U.S. Attorney for the Southern District of New York to certify that the SDNY had conducted a pre-publication, victim privacy-related review and redaction of certain of the materials required to be published pursuant to the directives of H.R. 4405, the Epstein Files Transparency Act (the "Act"). While not all of the materials under review are covered by the Court's prior Orders, the Government writes to advise the Court as to how it intends to address its obligations under the Court's prior Orders in the context of how it is handling the review and publication process more generally.

    Specifically, the Government writes to update the Court on the procedures it intends to follow to comply with the Act, the Court's Order, and related obligations and policy considerations as it works to complete the review and release of files under the Act. To date, the process described in the Government's December 19 letter has been used for the subset of materials released that fall within the scope of the Court's Order. Since our last letter, (1) the Department has continued its efforts to identify, process, and review materials from various components of the Department and (2) the SDNY and the Department have worked together (including with input from various counsel for victims) to refine our review and redaction procedures. The goal of all these efforts is to facilitate the release of materials under the Act promptly and to continue to protect victim privacy to the maximum extent practicable as contemplated by the Act and consistent with Department policy and the Court's Order.

    *Overview of Work in Progress and Documents Remaining to be Reviewed.* To date, the Department has now posted to the DOJ Epstein Library webpage approximately 12,285 documents

Hon. Paul A. Engelmayer, U.S.D.J.
January 5, 2026
Page 2 of 5

(comprising approximately 125,575 pages) in response to the Act, and there are more than 2 million documents potentially responsive to the Act that are in various phases of review.[1]

The key steps in this process include: (1) identifying documents potentially covered by the Act, which as this Court is aware, is a voluminous set of materials, given the broad provisions of the Act; (2) uploading those documents to a data review platform; (3) manually reviewing the documents for victim identifying information, information required to be redacted under the Privacy Act, and privileged information; (4) making appropriate redactions; (5) prior to posting the documents to the Epstein Library webpage, engaging in global quality control checks; (6) engaging in SDNY-specific quality control checks for victim information consistent with the Court's Order; (7) posting responsive materials; and (8) responding to requests from victims and other members of the public, including requests to remove or further redact posted materials that inadvertently were published publicly.

This work has required and will continue to require substantial Department resources. We noted in our prior letter the hundreds of attorneys dedicated to the review at the time of that letter. Currently, and anticipated for the next few weeks ahead, in the range of over 400 lawyers across the Department will dedicate all or a substantial portion of their workday to the Department's efforts to comply with the Act. These efforts include over 125 lawyers in the Southern District of New York as well as dozens of lawyers from each of the U.S. Attorney's Office in the Southern District of Florida, the Criminal Division of the Department, and the National Security Division of the Department. In addition, more than 100 specially trained document analysts with experience handling sensitive victim materials are assisting from the Federal Bureau of Investigation. Many of the attorneys dedicated to this review from the Department have experience in victim-privacy related matters, which is necessary given the nature of the materials and the types of documents that require careful redaction (*e.g.*, FBI interview notes and internal Department memoranda).

While the commitment of Department personnel to this effort has been substantial in breadth and impressive in effort, substantial work remains to be done. As noted above, more than 2 million documents identified as potentially responsive to the Act remain in various phases of review and redaction.[2] This is a large volume of materials and the types, sizes, and forms of the

---

[1] The term "document" refers to materials of various types and sizes, including without limitation, internal emails, internal memoranda, FBI interview notes, draft charging documents, Bureau of Prisons materials, third party subpoena returns, court filings, external communications, and various forms of media. Some documents have multiple pages. As a result, document counts and page counts are different and the time required to review documents can vary substantially.

[2] On December 24, 2025, the Department disclosed that it had identified approximately more than one million potentially responsive documents from FBI files that had not yet been incorporated in its review. Based on broad initial reviews of those documents, the Department expects that a meaningful portion of the documents are copies of (or largely duplicative of) documents that had already been collected by the Department for review but nonetheless still need to undergo a process of processing and deduplication. The Department's identification and collection efforts span

documents that remain to be reviewed vary widely. As a result, and in light of its experience to date in order to facilitate the prompt release of materials under the Act while continuing to protect victim privacy to the maximum extent practicable, it is appropriate for the Department to modify its procedures for their review based on various factors including, without limitation, document type and likelihood that the document contains victim identifying information or privileged information. A more detailed discussion of these document type-specific procedures appears below.

*Victim Engagement and Modifications to the Department's Victim Privacy Efforts.* Since the passage of the Act, the Department has received dozens of inquiries from victims, victim representatives, and other members of the public requesting that materials be redacted to protect victim privacy. To date, the Department has compiled a list of hundreds of individuals for redaction. This list includes names of victims and other individuals (such as immediate family members) that should be redacted to provide as much protection of victim privacy as is practicable.[3]

Based on these interactions and its experience with the Act to date more generally, the Department has modified its efforts to protect victim privacy. Recent modifications include, without limitation, (1) modifying the processes for responding to requests to remove victim identifying information;[4] (2) running additional electronic quality control searches (where technology allows) to better ensure the protection of victim identifying information; (3) refining internal guidance to reviewers (including as we receive feedback from victim counsel); (4) proactively engaging with various offices within the Department to ensure that all potentially responsive materials have been identified; and (5) improving the processes for identifying and handling duplicative materials, including duplicative materials located in separate records, that require consistent redaction to protect victim privacy.

---

various federal agencies and U.S. Attorney's Offices, many with separate record keeping systems, policies, and procedures. The Department is continuing to proactively engage with these offices to ensure a comprehensive identification of responsive materials.

[3] As noted in our prior letters to the Court, victims include individuals identified as victims, or potential victims, through the Department's prior prosecutions of Epstein and Maxwell as well as all individuals who have (directly or through counsel) been identified, including self-identified, to the Department as potential victims of state or federal offenses or other claims of sexual exploitation or misconduct by Epstein or Maxwell. The Department also has endeavored to redact victim-identifying information beyond names to the extent practicable.

[4] Any victim seeking to have information redacted that has been posted to the website is able to submit that request to EFTA@usdoj.gov. This email inbox is monitored by a team of Department attorneys who review all such requests. Separately, the Southern District of New York continues to confer with certain counsel for victims and to provide updates as circumstances allow.

The Department remains committed to providing as much protection to the privacy interests of victims and their relatives as is practicable. Prior releases have included tens of thousands of manual redactions of victim-identifying information. Even with these efforts and related quality control checks, unfortunately, information that victims believe should have been redacted has been posted. The Department has applied additional redactions at the request of victims, counsel, and others, and continues to engage with victim counsel about these matters in an effort to best comply with the Act and also afford maximum privacy protections to victims. In particular, an issue that the Department is continuing to consider and confer with victim counsel about is how to handle documents that have been filed in public court proceedings (other than the case before this Court) that contain information that victims now seek to have redacted.

*Update – Modifications to the Department's Review and Redaction Procedures.* In an effort to publish responsive, non-duplicative documents as promptly as practicable under the Act, while maintaining its commitment to victim privacy and complying with the Court's Orders, the Department intends to incorporate the following procedures as it completes its review of potentially responsive materials:

- Undertaking manual and electronic efforts to deduplicate materials collected from various components of the Department.

- Prioritizing the review of documents that are expected to be responsive and non-duplicative for review and publication.

- Classifying documents in broad types based on the Department's assessment of key characteristics, including whether the documents would be expected to include sensitive victim-identifying information.

- For the prioritized documents that are expected to include sensitive victim-identifying information, assigning Department lawyers, including in particular, lawyers with experience in handling victim information and sensitive matters.

- Consistent with the Court's Order, this review process includes SDNY lawyers, and in particular SDNY attorneys are assigned to the materials most likely to contain sensitive victim-identifying information (as identified through searches and segregating categories of sensitive material, such as victim 3500). SDNY lawyers are also involved in quality control reviews for victim-related redactions of materials that, while not expected to contain victim names, were produced under the Maxwell Protective Orders (or are believed to be duplicative of materials produced under such Orders).

The Department believes that these procedures best serve the interests of victims, the purposes of the Act and the Court's Orders, and the public interest generally.

As always, the Government is available to respond to any questions from the Court.

        Respectfully yours,

        PAMELA J. BONDI
        United States Attorney General

        TODD BLANCHE
        Deputy United States Attorney General
        United States Department of Justice


        /s/ Jay Clayton
        JAY CLAYTON
        United States Attorney
        Southern District of New York