

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 15, 2026

**BY ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *United States v. Jeffrey Epstein*,
              19 Cr. 490 (RMB)

              *United States v. Ghislaine Maxwell*,
              20 Cr. 330 (PAE)

Dear Judges Berman and Engelmayer:

      The Department respectfully submits this letter as an update to its previous submissions to the Court regarding the review and redaction of certain of the materials required to be published pursuant to the directives of H.R. 4405, the Epstein Files Transparency Act (the "Act").[1] As noted in the Department's January 5 letter, while not all the materials under review are covered by the Courts' Orders, the Department nevertheless continues to implement procedures across its review to ensure that victim-identifying information is protected consistent with the Courts' Orders and to the maximum extent practicable.

      The Department has made substantial progress and remains focused on releasing materials under the Act promptly while protecting victim privacy. Compliance with the Act is a substantial undertaking, principally because, for a substantial number of documents, careful, manual review

---

[1] In particular, the Department references *United States v. Epstein*, 19 Cr. 490 (RMB) (S.D.N.Y.) Dkts. 87, 88, 91; and *United States v. Maxwell*, 20 Cr. 330 (PAE) (S.D.N.Y.) Dkts. 819, 823, 826.

Case 1:20-cr-00330-PAE-AE   Document 846   Filed 01/15/26   Page 2 of 4

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
January 15, 2026
Page 2 of 4

is necessary to ensure that victim-identifying information is redacted before materials are released. As the Department has continued with its resource-intensive efforts, it has evaluated its efforts and, as appropriate, supplemented and modified its processes to ensure that its review has the appropriate rigor, care, and integrity. In that vein, set forth below are some of the additional steps that the Department has taken since its January 5 update to the Court:

*Victim Engagement*

The Department continues to work with counsel for victims, and indeed victims themselves, to identify and refine the Department's review procedures and to identify and redact victim-identifying information. This dialogue remains ongoing, and the Department expects that it will remain ongoing as materials are published. The Department remains committed to protecting the privacy of victims and other personal identifying information ("PII"), the production of which is not called for under the Act. Notably, the approach to redactions has been informed by the results of the review itself. For example, as materials have been reviewed, names that should and should not be redacted have become clearer as a result of various factors, including status determinations previously made and the input of victim counsel. In this regard, the Government frequently engages with counsel directly to discuss these issues as it makes determinations about what to redact under the Act.

The Department has also continued to confer with victims and counsel regarding the treatment of materials that have previously been publicly released and contain victim identifying information. Specifically, as the Department noted in its prior letter that victims had reached out because they believed that materials posted in the DOJ Epstein Library (https://www.justice.gov/epstein) should be redacted even if those materials were otherwise available in unredacted form on public court dockets (other than the matters before this Court). Following a process of conferring with victims and victim counsel about this issue, the Department has confirmed that, to the extent any victim requests redaction of personally identifying information of a document in the DOJ Epstein Library, the Department will redact that victim identifying information even if the document is (or was) otherwise available on a public court docket. Any additional requests for redactions of this type should be transmitted by victims or their counsel to EFTA@usdoj.gov.

*Overview of Work in Progress*

To date, the Department has employed over five hundred reviewers to review and redact millions of pages of materials from the investigations into Epstein and his convicted co-conspirator, Maxwell.[2] The SDNY alone, in conjunction with the Department, has dedicated

---

[2] As noted in the Department's January 5 letter, due to the amount of duplication in various files, these estimated numbers remain in flux. In particular, the number of identified duplications and the number of potential duplications both are substantial. As a result, the estimated number of pages continues to decrease as duplicates are identified and removed. Also, the Department respectfully requests that the Court recognize that the numbers presented are only estimates. In this vein, and in connection with the Department's efforts to ensure that all documents required to

Case 1:20-cc-00330-PAE Document 84696 Filed 01/15/2026 Page 3 of 4

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
January 15, 2026
Page 3 of 4

significant resources (including AUSAs as well as other SDNY personnel), which this week has been supplemented by approximately 80 attorneys from the Department's Criminal Division, who will coordinate and work with SDNY during the review of documents identified as likely to contain victim information. As part of that review, the Department is identifying not only those materials the publication of which are required under the Act, but also those that carry independent privileges as well as the need to redact victim-identifying information, among other things. Act, § 2(c).[3]

This substantial progress in the review since the last update to the Court is notable in several respects. First, the materials reviewed and redacted to date include many of the most sensitive categories of information for victims, including tens of thousands of pages of victim 3500 material and related investigative files. These materials have been reviewed by SDNY AUSAs. Once quality control checks are complete, and prior to any release, the SDNY U.S. Attorney will certify the process for review of these documents to this Court as was done for the prior release.

Second, the Department is coordinating resources for this review from various components and offices. Leadership from these various components holds daily calls (sometimes twice daily) to address progress, coordination, deduplication, reviewer questions, victim issues, and technical issues.

Third, the Department is overseeing the processing, deduplication, and review of voluminous documents using a centralized platform. Due to the scope of this effort, platform operations require around-the-clock attention and technical assistance to resolve inevitable glitches due to the sheer volume of materials.

Ultimately, as is clear from the above, the Department has made substantial progress in its review since its last update to the Court. This is a time-intensive process due to the voluminous materials, the idiosyncratic nature of many of the materials, and the need to protect victim-identifying information. The Department will continue to apprise the Court of its progress in this regard. Although the Act provides for the withholding of materials on a temporary basis to allow for review and redaction of personally identifiable information of victims, and the Court has ordered a particular process for certification of protective order materials before release, the

---

be produced by the Act are identified and incorporated into the processes previously described to the Court, the Department has identified circumstances where materials generated and held in one office were copied and sent to one or more other offices (resulting in multiple components of the Department possessing copies of identical materials). This has led to duplication that has increased the aggregate number of potentially responsive documents and may result in the same document being produced more than once. While the Department has undertaken extensive efforts to deduplicate such documents, it also has led the Department to undertake additional quality control efforts to ensure that, to the extent practicable, it is working with complete, original files, and that redactions are consistently applied across duplicates and near duplicates.

[3] Any materials withheld on this basis of course will be disclosed in a report to Congress. Act § 3.

Case 1:20-cr-00330-PAE    Document 846    Filed 01/15/26    Page 4 of 4

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
January 15, 2026
Page 4 of 4

Department is working to complete this review as expeditiously as possible without compromising victims' privacy so that its production can be complete.  *See* Act § 2(c)(1)(A) & (C).

The Government remains available, as always, to answer any questions the Court may have.

Respectfully yours,

PAMELA J. BONDI
United States Attorney General

TODD BLANCHE
Deputy United States Attorney General
United States Department of Justice


/s/ Jay Clayton
JAY CLAYTON
United States Attorney
Southern District of New York
