

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 5, 2026

**BY ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Jeffrey Epstein*,
                19 Cr. 490 (RMB)

               *United States v. Ghislaine Maxwell*,
                20 Cr. 330 (PAE)

Dear Judges Berman and Engelmayer:

      The Department respectfully submits this letter in response to Judge Engelmayer's Order, dated February 3, 2026, *United States v. Maxwell*, 20 Cr. 330 (PAE) Dkt. 849, and to provide the Court with an update with regard to its continued efforts to identify and protect victim-identifying information, *see United States v. Epstein*, 19 Cr. 490 (RMB).  As with prior correspondence to the Court on these issues, the Department submits this jointly to Your Honors, because the issues raised are overlapping between the two cases, and therefore appropriate to be raised in both.  As described in further detail below, and in connection with its publication obligations under the Act, the Department has made, and continues to make, substantial progress in identifying, reviewing, and redacting potential victim-identifying information both independently and in coordination with victims and their counsel.

***Background – The Department's Approach to Identifying and Redacting Victim Information***

      As previously reported to the Court, on December 8, 2025, the Department made express its intention—which had been conveyed to counsel for the victims and, in some instances directly to victims themselves—that it would protect victim-identifying information to the maximum

Case 1:20-cr-00330-PAE   Document 850   Filed 02/05/26   Page 2 of 6

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
February 5, 2026
Page 2 of 6

extent practicable consistent with the law (as defined in prior submissions to the Court) as well as the Court's Orders. *See* 19 Cr. 490 (RMB), Dkt. 91;*United States v. Maxwell*, 20 Cr. 330 (PAE), Dkt. 819. More specifically, the Epstein Files Transparency Act (the "Act") permits the Department to implement protective measures along the lines of the following:

> To address the requirements of the Act and the important privacy concerns that could be jeopardized if victim-identifying information is made public, the Department is working diligently to collect, review, and redact victim-identifying information from the materials the Act requires to be produced, subject to judicial process. The materials collected to date involve substantial amounts of information related to victims. As previously noted to the Court, the Department proactively engaged with victims' known counsel and are continuing to do so in connection with establishing the Department's policies and procedures for redacting victim-identifying information.

19 Cr. 490 (RMB), Dkt. 91, p.2; 20 Cr. 330 (PAE), Dkt. 819, p.2. The review and redaction process undertaken by the Department pursuant to the Act—in consultation with victims and their counsel—has been designed to ensure that, to the maximum extent practicable, information that could reasonably be understood to relate to victim-identifying information would be redacted.[1] To that end, the Department further represented to the Court that:

> To date, the Department proactively has conferred with counsel from six firms representing victims and related witnesses, and who have identified at the Department's request hundreds of individuals who are potential victims of state or federal offenses or other claims of sexual exploitation or misconduct. Out of a respect for privacy and security, the Department is treating all such identified individuals as victims for purposes of redaction.

19 Cr. 490 (RMB), Dkt. 91, p.2 n.4, 20 Cr. 330 (PAE), Dkt. 819, p.2 n.4. Specifically, and consistent with its prior representations to the Court, to counsel, and to the victims themselves, the Department has invited victims and their counsel to come forward with victim-identifying information that they believe should be redacted or otherwise protected.[2] Notably, for those individuals not previously identified by the Department as victims in connection with the Epstein and Maxwell prosecutions, the Department has continued to accept representations on their face from counsel or self-identification by individuals as victims for the purpose of the review and redaction process. That approach is designed to (i) achieve the aim of protecting victims; (ii) avoid excessive delay in producing the materials to the public (a delay that would be inevitable if the Department were to endeavor to assess each individual's status as a victim under the Crime

---

[1] *See, e.g.*, *United States v. Epstein*, 19 Cr. 490 (RMB), Dkts. 85, 88, 91, 93, 94, 97, 98, 99, 100, *United States v. Maxwell*, 20 Cr. 330 (PAE), Dks. 810, 813, 819, 823, 826, 839, 845, 846, 847, 848.

[2] As noted in the Department's prior submissions, a unique and monitored email address, efta@usdoj.gov, was established for just this purpose.

Victims Rights Act or other applicable statues or rules); and (iii) allow for efficient identification of potential victims given that, without self-identification, it is difficult, and in many cases, has been impossible for the Department to review and identify those materials that may or may not relate to a specific victim.

Of course, proceeding on this basis likely has led to the redaction of more than the minimum amount of information than may have been necessary to protect victims. The Department believes that this potential limitation is consistent with the Act and is prudent in light of the potential harm of public disclosure. Further, this limitation is substantially addressed by the Department's stated commitment to permit members of Congress to review unredacted versions of these documents to ensure that the redactions and withholdings are consistent with the terms of the Act.

### *Measures Taken to Address Requests for Further Redaction and Instances of Inadvertent Disclosures*

As previously noted, compliance with the Act imposed substantial challenges, and there were inherent limitations on the Department's review and manual redaction of millions of pages of material collected from multiple offices and investigations spanning over twenty years, including without limitation, the technical capabilities of the document management systems, human error, and the challenges inherent in applying a list of victim names and related information to materials of varying types, contexts, and platforms. As described below, any instances of release of personally identifying information for a victim were inadvertent, and such identified documents are being taken down for further redaction, and have been or will be reposted.

***Continuing Victim-Oriented Process***. Any victims or victim counsel who believe that a document has been posted to the DOJ Epstein Library with insufficient redaction can contact the appropriate personnel at the Department through the email address efta@usdoj.gov. Documents identified to that email address as insufficiently protecting apparent victim identifying information are removed for further review by Department personnel.[3]

Additionally, where victims have not identified specific documents but have raised a concern about insufficient redaction in documents across the DOJ Epstein Library, Department personnel have been working around the clock to run additional searches for documents that may require additional redaction, which are likewise removed while they are reviewed. As part of this process, victims and victim counsel have identified new victims and new identifiers (such as nicknames, email addresses, and family names), which are then routed into additional searches by the Department to identify documents that may require further redaction. Any documents specifically identified as of yesterday by victims or counsel for victims as containing what appears to be victim identifying information have been removed for further review or are in the process of

---

[3] In addition to removing individual records so they can be redacted and reposted, the Department has also removed the "zipped" datasets that had previously been available for download to permit for prompt redactions. The Department intends to repost these datasets once it has substantially concluded further redaction of covered materials pursuant to the process described above.

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
February 5, 2026
Page 4 of 6

being removed, and the Department is continuing to address new requests as they are raised—often within the same day as receipt of a concern by victims or victim counsel.[4]

***Assessment of Redactions.*** Through the process described above, the Department has temporarily removed thousands of documents from the DOJ Epstein Library for further review—including approximately 9,500 documents subject to the Protective Orders in the *Maxwell* case.[5] It is far from the case, however, that all these documents can be classified as having been posted without proper redaction. As noted above, in recent days, victims and victim counsel have identified new names and identifiers for redaction that were not identified prior to publication. Additionally, many of the documents flagged by victims and victim counsel for further review were not necessarily identifying of a particular victim based on the face of the document, itself, and were not obviously sensitive in nature. As a result, in many cases, it would not have been reasonable to expect a reviewer to classify the information as victim identifying. For context, the Department notes the following non-exhaustive examples with respect to the Protective Order documents:

- At least approximately 7,000 documents have been flagged for further review based on concerns from victims or victim counsel that documents were identifying of a victim based on identifiers not previously provided to the Department or based on apparent instances of first names only, nicknames, misspellings or alternate spellings of names, or initials appearing in documents.[6]

---

[4] On February 1, 2026, counsel for certain of the victims submitted an application to the Court seeking various relief. *See United States v. Epstein*, 19 Cr. 490 (RMB), Dkt. 102; *see also United States v. Maxwell*, 20 Cr. 330 (PAE), Dkt. 849 (noting receipt of the February 1 filing). As a general matter, the Department disputes various of the representations and characterizations contained within the February 1 submission by counsel, but the Department remains committed to working with counsel to address any outstanding issues.

[5] One correction is needed with respect to the Department's prior description of the scope of the Protective Order documents. The Department previously noted that Protective Order documents were those bearing the bates stamp SDNY_GM. Upon preparing this letter, the Department noted that certain Protective Order documents posted to the DOJ Epstein Library did not bear the SDNY_GM bates stamp and did bear a bates stamp with the prefix EFTA_R1. The Department apologizes for this oversight in its prior description to the Court.

[6] Communications that include—without further context—first names only, nicknames (*e.g.*, "joe," instead of "joseph"), initials, and other potential identifiers often could not have been readily identifiable by a reviewer absent input from a victim or victims' counsel identifying those as pertaining to a particular individual or individuals. While these materials, on their face, do not necessarily reveal identifying information without further context, when provided with such context the Department nevertheless has, when identified, endeavored to take them down for further review and redaction.

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
February 5, 2026
Page 5 of 6

- Hundreds of documents have been flagged for further review relating to individuals and entities that had not previously been identified to the Department through this process as identifying of a victim.

- Based on a sampling of documents for purposes of preparing this letter, there are instances where redactions appear to have been inadvertently missed despite what is clearly a robust effort by the reviewer. As just one example, in a document that consists of more than 80 pages of scanned material from a hard-copy file, victim identifying information was comprehensively redacted throughout, but the document has been flagged for further review because on one page, the first name of a victim appears.

This context is not meant to minimize any instances in which the Department did not fully redact a document to protect victim information or to suggest that the Department's process was perfect. Indeed, in assessing requested redactions in recent days, including specifically with respect to the Protective Order documents, the Department has identified human errors, technical errors, and instances in which the effectiveness of certain quality control measures appears to have been hampered, including by limitations on text-searchability of certain types of documents in the platform used for review. The Department also stands ready to share with the Court *in camera* the documents subject to the Protective Order that have been flagged through this process.

Given the context provided above, the scope of materials required to be produced under the Act, the fact that materials flagged by victims and victim counsel have been removed pending further review, and the Department's commitment to continuing to address and review requests and concerns received from victims and victim counsel promptly using the processes described in

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
February 5, 2026
Page 6 of 6

this letter, the Department respectfully submits that the Court need not take any further protective measures. The Department will continue to keep the Court apprised of its progress in addressing these issues, and is of course able to answer any additional questions from the Court.

        Respectfully yours,

        PAMELA J. BONDI
        United States Attorney General

        TODD BLANCHE
        Deputy United States Attorney General
        United States Department of Justice

        /s/ Jay Clayton
        JAY CLAYTON
        United States Attorney
        Southern District of New York