| | |
|---|---|
| **From:** | Ghislaine Maxwell |
| **To:** | Pro Se Filing |
| **Subject:** | UNDER SEAL MAXWELL 02879-509 addendum EX 68 Part 1 COMPRESSED |
| **Date:** | Sunday, July 26, 2026 4:57:32 PM |
| **Attachments:** | UNDER SEAL MAXWELL 02879-509 addendum EX 68 Part 1 COMPRESSED .msg |

CAUTION - EXTERNAL:

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**From:** Ghislaine Maxwell
**To:** Pro Se Filing
**Subject:** UNDER SEAL MAXWELL 02879-509 addendum EX 68 Part 1 COMPRESSED
**Date:** Sunday, July 26, 2026 4:57:21 PM
**Attachments:** EX68_EFTA00206173_part1.pdf

---

**From:** "[redacted]. (USAFLS)" <[redacted]>
**To:** "[redacted]. (USAFLS)" <[redacted]>
**Subject:** Recovered emails #4
**Date:** Tue, 25 Jun 2013 15:19:18 +0000
**Importance:** Normal

---

------------
**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, February 24, 2011 4:55 PM
**To:** [redacted]. (USAFLS)
**Subject:** RE: Proposed email to Paul Cassell and Brad Edwards

[redacted],

This is fine.

[redacted]

---

**From:** [redacted]. (USAFLS)
**Sent:** Thursday, February 24, 2011 4:44 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** Proposed email to Paul Cassell and Brad Edwards

Hi [redacted] – I would like to send the following response to Paul Cassell's email from yesterday. Please let me know if it is acceptable.

Dear Paul and Brad:

As I promised, since returning to work on Tuesday, I have been working diligently on trying to provide you with the answers that you have requested in connection with the Jane Doe v. United States lawsuit. Both the referral of your allegations to the Office of Professional Responsibility and the request for our Office to "step aside" in the Jane Doe litigation are not insignificant matters. As you doubtless are aware, the position that you are asking us to adopt, simply by "stepping aside," will have repercussions for every U.S. Attorney's Office throughout the country, and, therefore, requires approval from the Department in Washington, D.C. We also are trying to balance our obligations to Ms. [redacted] with our obligations to the other identified victims in the Epstein matter.

[redacted] and I are doing our due diligence, both within and outside our Office. My recommendation is that we schedule a conference call for the afternoon of Thursday, March 10th. If, by that time, we still have no definitive answer, then we can tell you that and discuss how best to proceed. If we receive an answer prior to the 10th, of course, I will let you know right away.

What time are you all available on the 10th?

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

[redacted]

Fax [redacted]

---

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Thursday, February 24, 2011 4:44 PM
**To:** [redacted] (CRM); [redacted] (CRM)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein Matter

Great. [redacted] and I will give you a call.

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

[redacted]

Fax [redacted]

**From:** [redacted] (CRM)
**Sent:** Thursday, February 24, 2011 4:27 PM
**To:** [redacted]. (USAFLS); [redacted] (CRM)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein Matter

I can be available at 11:30 tomorrow.

**From:** [redacted]. (USAFLS) [mailto:[redacted]]
**Sent:** Thursday, February 24, 2011 4:13 PM
**To:** [redacted]; [redacted]
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jeffrey Epstein Matter

Good afternoon, [redacted] and [redacted]. Sorry to trouble you about this case from what seems like long ago, but here in the Southern District, one of Jeffrey Epstein's victims has sued our Office for alleged violations of the Crime Victims' Rights Act.

The victim's lawyers in the case have asked us to take a position in the case that we believe would have national implications, especially in child exploitation cases. Are you available any time soon to discuss this? At this point we are not looking for a definitive policy statement, but we would like to bounce ideas off of you.

OPR also has asked for a preliminary examination of materials, and I think that we need to discuss that matter, too.

I am available from 11:30 to 1:30 and after 3:00 tomorrow, or any time on Monday to discuss.

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, February 24, 2011 4:58 PM
**To:** Paul Cassell; Brad Edwards
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** FW: Proposed email to Paul Cassell and Brad Edwards

Dear Paul and Brad:

As I promised, since returning to work on Tuesday, I have been working diligently on trying to provide you with the answers that you have requested in connection with the Jane Doe [redacted]. United States lawsuit. Both the referral of your allegations to the Office of Professional Responsibility and the request for our Office to "step aside" in the Jane Doe litigation are not insignificant matters. As you doubtless are aware, the position that you are asking us to adopt, simply by "stepping aside," will have repercussions for every U.S. Attorney's Office throughout the country, and, therefore, requires approval from the Department in Washington, D.C. We also are trying to balance our obligations to Ms. [redacted] with our obligations to the other identified victims in the Epstein matter.

[redacted] and I are doing our due diligence, both within and outside our Office. My recommendation is that we schedule a conference call for the afternoon of Thursday, March 10th. If, by that time, we still have no definitive answer, then we can tell you that and discuss how best to proceed. If we receive an answer prior to the 10th, of course, I will let you know right away.

What time are you all available on the 10th? I will set up an AT&T conference call, as I have done in the past.

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Thursday, February 24, 2011 4:13 PM
**To:** [redacted] (CRM); [redacted] (CRM)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jeffrey Epstein Matter

Good afternoon, [redacted] and [redacted]. Sorry to trouble you about this case from what seems like long ago, but here in the Southern District, one of Jeffrey Epstein's victims has sued our Office for alleged violations of the Crime Victims' Rights Act.

The victim's lawyers in the case have asked us to take a position in the case that we believe would have national implications, especially in child exploitation cases. Are you available any time soon to discuss this? At this point we are not looking for a definitive policy statement, but we would like to bounce ideas off of you.

OPR also has asked for a preliminary examination of materials, and I think that we need to discuss that matter, too.

I am available from 11:30 to 1:30 and after 3:00 tomorrow, or any time on Monday to discuss.

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, February 24, 2011 3:59 PM
**To:** [redacted]. (USAFLS)
**Cc:** [redacted] (USAFLS)

**Subject:** Jane Does 1 and 2 - Inquiry to EOUSA

[redacted],

I sent this to [redacted] at EOUSA General Counsel on February 15, after [redacted] had spoken with [redacted] at the [redacted] Conference at the NAC. I have not heard back. I did not send anything to CEOS.

Please reach out to CEOS. I doubt they would recommend we just stand aside. Thanks.

[redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, February 15, 2011 6:46 PM
**To:** [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted]. (USAFLS)
**Subject:**

Kris,

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Paul Cassell and Brad Edwards regarding the status of the Crime Victims Rights Act case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. (We had sought guidance on whether our office should be recused due to the allegation of improprieties in entering into the Non-Prosecution Agreement). I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (CRM) <[redacted]>
**Sent:** Thursday, February 24, 2011 4:27 PM
**To:** [redacted] (USAFLS); [redacted] (CRM)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein Matter

I can be available at 11:30 tomorrow.

**From:** [redacted] (USAFLS) [mailto:[redacted]]
**Sent:** Thursday, February 24, 2011 4:13 PM
**To:** [redacted]; [redacted]
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jeffrey Epstein Matter

Good afternoon, [redacted] and [redacted]. Sorry to trouble you about this case from what seems like long ago, but here in the Southern District, one of Jeffrey Epstein's victims has sued our Office for alleged violations of the Crime Victims' Rights Act.

The victim's lawyers in the case have asked us to take a position in the case that we believe would have national implications, especially in child exploitation cases. Are you available any time soon to discuss this? At this point we are not looking for a definitive policy statement, but we would like to bounce ideas off of you.

OPR also has asked for a preliminary examination of materials, and I think that we need to discuss that matter, too.

I am available from 11:30 to 1:30 and after 3:00 tomorrow, or any time on Monday to discuss.

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, February 24, 2011 4:44 PM
**To:** [redacted] (USAFLS)

**Cc:** [redacted] (USAFLS)
**Subject:** Proposed email to Paul Cassell and Brad Edwards

Hi [redacted] – I would like to send the following response to Paul Cassell's email from yesterday. Please let me know if it is acceptable.

Dear Paul and Brad:

As I promised, since returning to work on Tuesday, I have been working diligently on trying to provide you with the answers that you have requested in connection with the Jane Doe [redacted] United States lawsuit. Both the referral of your allegations to the Office of Professional Responsibility and the request for our Office to "step aside" in the Jane Doe litigation are not insignificant matters. As you doubtless are aware, the position that you are asking us to adopt, simply by "stepping aside," will have repercussions for every U.S. Attorney's Office throughout the country, and, therefore, requires approval from the Department in Washington, D.C. We also are trying to balance our obligations to Ms. [redacted] with our obligations to the other identified victims in the Epstein matter.

[redacted] and I are doing our due diligence, both within and outside our Office. My recommendation is that we schedule a conference call for the afternoon of Thursday, March 10th. If, by that time, we still have no definitive answer, then we can tell you that and discuss how best to proceed. If we receive an answer prior to the 10th, of course, I will let you know right away.

What time are you all available on the 10th?

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, February 28, 2011 12:28 PM
**To:** [redacted] (USAEO); [redacted] (USAFLS); [redacted] (USAEO); [redacted] (OLP) (JMD)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Those times are good for me also.

[redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:25 PM

**To:** [redacted] (USAFLS); [redacted] (USAEO); [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I apologize, but we didn't schedule since we hadn't heard regarding everyone's availability. Does 1:00 or 1:30 work?

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 11:54 AM
**To:** [redacted] (USAEO); [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Are we speaking at noon? What is the call-in number?

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 9:08 AM
**To:** [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

If you mean can I get a conference call line, yes, I can.

**From:** [redacted] (SMO)
**Sent:** Monday, February 28, 2011 9:07 AM
**To:** [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Can you set up a call? I have a 10:00 meeting (30 minutes), and an as yet unscheduled obligation to assist in briefing the AG for his testimony on the Hill tomorrow. Sometime between noon and 1 is likely to be best for me. [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted] (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 04:08 PM
**To:** [redacted] (SMO); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted],

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is

most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 [redacted]. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 02:23 PM
**To:** [redacted]. (SMO); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months.

Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Friday, February 25, 2011 3:52 PM
**To:** [redacted] (CRM); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (CRM)
**Subject:** RE: Epstein matter

Thank you, [redacted]!

[redacted] – As per our conversation this afternoon, I will leave you to call [redacted] and [redacted]. I have a call in to [redacted] at the Appellate Section.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (CRM)
**Sent:** Friday, February 25, 2011 3:35 PM
**To:** [redacted]. (USAFLS)
**Cc:** [redacted] (CRM)
**Subject:** Epstein matter

[redacted],

I spoke to a contact in the Deputy Attorney General's Office, who directed me to [redacted] in the Department's Office of Legal Policy. [redacted] indicated to me that the Department's view is that right to confer does not attach until a charging instrument has been filed. For additional questions, I suggest you speak to him and to [redacted] at EOUSA. They can be reached at [redacted] and [redacted]. Please let me know if you have any questions. Thanks,

[redacted]

Child Exploitation and Obscenity Section

U.S. Department of Justice

[redacted]

------------

**From:** [redacted]. (SMO) <[redacted]>
**Sent:** Monday, February 28, 2011 12:27 PM
**To:** [redacted]. (USAFLS); [redacted] (USAEO); [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)

**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Me too.

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted] (USAEO); [redacted] (USAEO); [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Either of those times works for me. Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO); [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I apologize, but we didn't schedule since we hadn't heard regarding everyone's availability. Does 1:00 or 1:30 work?

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 11:54 AM
**To:** [redacted] (USAEO); [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Are we speaking at noon? What is the call-in number?

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 9:08 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

If you mean can I get a conference call line, yes, I can.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 9:07 AM
**To:** [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Can you set up a call? I have a 10:00 meeting (30 minutes), and an as yet unscheduled obligation to assist in briefing the AG for his testimony on the Hill tomorrow. Sometime between noon and 1 is likely to be best for me. [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS),

[redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 [redacted]. United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From**: [redacted] (USAFLS)
**Sent**: Saturday, February 26, 2011 04:08 PM
**To**: [redacted]. (SMO); [redacted] (USAEO)
**Cc**: [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject**: RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted],

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 [redacted]. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From**: [redacted] (USAFLS)
**Sent**: Saturday, February 26, 2011 02:23 PM
**To**: [redacted]. (SMO); [redacted] (USAEO)
**Cc**: [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject**: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for

damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted] [redacted] [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted] [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**Subject:** Conf Call re Epstein

**Start:** Mon 2/28/2011 1:30 PM
**End:** Mon 2/28/2011 2:30 PM

**Recurrence:** (none)

**Organizer:** [redacted] (USAFLS)

---

**From:** [redacted] (USAEO) <[redacted]>
**Sent:** Monday, February 28, 2011 1:12 PM
**To:** [redacted] (USAEO); [redacted] (OLP) (JMD); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

The call in number for 1:30 is [redacted], pass code [redacted].

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:29 PM
**To:** [redacted] (SMO); [redacted] (USAFLS); [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Let's say 1:30. We will get a call in #. Thanks.

**From:** [redacted] (SMO)
**Sent:** Monday, February 28, 2011 12:27 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO); [redacted] (USAEO); [redacted]

[redacted] (USAFLS)
**Cc**: [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject**: RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Me too.

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted] (USAEO); [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Either of those times works for me. Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted]. (USAFLS); [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I apologize, but we didn't schedule since we hadn't heard regarding everyone's availability. Does 1:00 or 1:30 work?

**From**: [redacted]. (USAFLS)
**Sent**: Monday, February 28, 2011 11:54 AM
**To**: [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc**: [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)

**Subject**: RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Are we speaking at noon? What is the call-in number?

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 9:08 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

If you mean can I get a conference call line, yes, I can.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 9:07 AM
**To:** [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Can you set up a call? I have a 10:00 meeting (30 minutes), and an as yet unscheduled obligation to assist in briefing the AG for his testimony on the Hill tomorrow. Sometime between noon and 1 is likely to be best for me. [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 04:08 PM
**To:** [redacted]. (SMO); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted],

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted] (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 02:23 PM
**To:** [redacted] (SMO); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government

would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (USAEO) <KNeal@usa.doj.gov>
**Sent:** Monday, February 28, 2011 12:29 PM
**To:** [redacted]. (OLP) (JMD); [redacted]. (USAFLS); [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Let's say 1:30. We will get a call in #. Thanks.

**From**: [redacted]. (SMO)
**Sent**: Monday, February 28, 2011 12:27 PM
**To**: [redacted]. (USAFLS); [redacted] (USAEO); [redacted] (USAEO); [redacted] (USAFLS)
**Cc**: [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject**: RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Me too.

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted] (USAEO); [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Either of those times works for me. Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted]. (USAFLS); [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I apologize, but we didn't schedule since we hadn't heard regarding everyone's availability. Does 1:00 or 1:30 work?

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 11:54 AM
**To:** [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Are we speaking at noon? What is the call-in number?

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 9:08 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

If you mean can I get a conference call line, yes, I can.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 9:07 AM
**To:** [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Can you set up a call? I have a 10:00 meeting (30 minutes), and an as yet unscheduled obligation to assist in briefing the AG for his testimony on the Hill tomorrow. Sometime between noon and 1 is likely to be best for me. [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From**: [redacted] (USAFLS)
**Sent**: Saturday, February 26, 2011 04:08 PM
**To**: [redacted]. (SMO); [redacted] (USAEO)
**Cc**: [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject**: RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted],

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From**: [redacted] (USAFLS)
**Sent**: Saturday, February 26, 2011 02:23 PM
**To**: [redacted]. (SMO); [redacted] (USAEO)
**Cc**: [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject**: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former

AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, February 28, 2011 1:25 PM

**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Absolutely. I agree with you. Thanks.

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:24 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted].

I really don't think we can do what Cassell asks, to stand by and do nothing. Can I represent that as our office's position?

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:21 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** FW: Jane Does 1 and 2 [redacted]. United States - CVRA Lawsuit (S.D.Fla.)

I'm going to call in but really only to listen. Thanks.

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 1:12 PM
**To:** [redacted] (USAEO); [redacted]. (SMO); [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 [redacted]. United States - CVRA Lawsuit (S.D.Fla.)

The call in number for 1:30 is [redacted], pass code [redacted].

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:29 PM
**To:** [redacted]. (SMO); [redacted]. (USAFLS); [redacted] (USAEO); [redacted]

[redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

Let's say 1:30. We will get a call in #. Thanks.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 12:27 PM
**To:** [redacted]. (USAFLS); [redacted] (USAEO); [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

Me too.

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted] (USAEO); [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

Either of those times works for me. Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted]. (USAFLS); [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

I apologize, but we didn't schedule since we hadn't heard regarding everyone's availability. Does 1:00 or 1:30 work?

**From**: [redacted], (USAFLS)
**Sent**: Monday, February 28, 2011 11:54 AM
**To**: [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc**: [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject**: RE: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

Are we speaking at noon? What is the call-in number?

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 9:08 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

If you mean can I get a conference call line, yes, I can.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 9:07 AM
**To:** [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS);

[redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Can you set up a call? I have a 10:00 meeting (30 minutes), and an as yet unscheduled obligation to assist in briefing the AG for his testimony on the Hill tomorrow. Sometime between noon and 1 is likely to be best for me. [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 04:08 PM
**To:** [redacted]. (SMO); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted],

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 02:23 PM
**To:** [redacted]. (SMO); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that

the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Saturday, February 26, 2011 2:24 PM
**To:** [redacted] (OLP) (JMD); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any

civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted] filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted] [redacted] [redacted], [redacted] [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

------------

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Wednesday, February 23, 2011 1:52 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Apparently [redacted] already worked with [redacted] to get all of his emails and electronic documents. I just need to get a copy of that disc to do the review.

Can you send the relevant request to ISS for [redacted] and [redacted] emails? This happened less than 7 years ago.

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:35 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Current employees identify and preserve (those are the forms you completed a couple of months ago). Departed users still in the retain period (3 years) will be done by ISS. AUSA's preservation is 7 years if I'm not mistaken.

---

**From:** [redacted]. (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:26 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Hi [redacted] – Does that apply to [redacted] email, too? Or only attorneys who are no longer employed here?

And am I correct that [redacted] and [redacted] emails are no longer accessible, even at EOUSA?

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:25 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Understood however, search for emails is done at the EOUSA level. The District has no access to mailboxes, mailboxes not longer reside in local servers.

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:20 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

[redacted],

I am not aware that OPR has started any process regarding a search of e-mails of the previous U.S. Attorneys in Miami. OPR received an allegation of misconduct, and they asked for e-mails pertaining to the Epstein case, presumably so they could determine whether to open a full investigation. Since OPR was seeking preliminary information, they asked me to obtain certain e-mails regarding certain topics.

[redacted]

---

**From:** [redacted]. (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:16 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Hi [redacted] – [redacted] has had all contact with OPR, so I do not know.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:06 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Ann [redacted]: Please note that per [redacted], EOUSA Preservation Officer, EOUSA will be the one doing the search for the emails. This is done by the EOUSA's Information Systems Security Staff. OPR should contact them directly with the desired search strings. Do you know if your OPR POC has started the process ?

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

Definitely it goes through [redacted] staff. Anytime OPR is involved in the reviewing something, it goes to [redacted] staff first. I sent him an email and am waiting on a response—I will verify this, but I'm 98% certain.

It shouldn't have had to be at your request—OPR should have known to contact [redacted]. I'll let you know as soon as I know.

Thanks for all of your help!

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, January 18, 2011 4:18 PM

**To:** [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

I don't believe [redacted] group has been involved on this. At least not per our request.

Yes, Sloman and Acosta were USAs during the 2005-present period.

Another question, if OPR needs to review current AUSAs mailboxes is the search also done by [redacted] group or do we put the emails on a PST for them to review.

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:10 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

[redacted],

If [redacted] and [redacted] departed prior to USAMail implementation in FLS, we won't have theirs. I can talk to our tech folks to see if it's even worth doing additional searching, but I believe the answer is that it's simply not available because of the way our systems were set up prior to USAMail.

Acosta and Sloman were USAs during the 2005-present applicable period, right? I think that for the OPR question I need to double check with [redacted]. I believe what happens is that TechOne provides access to their account data to someone on [redacted] staff and they run the relevant searches and provide the search results.

Do you know whether anyone from [redacted] staff is aware of the OPR interest in this hold?

Thanks,

[redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, January 18, 2011 2:33 PM
**To:** [redacted] (USAEO); Ratliffe, [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Ref: 2010-FLS-0004

[redacted] / [redacted]:

Need help again ☺. Lit Hold 2010-FLS-0004

I don't have Attachment 1 or 5 for Alex Acosta, [redacted] Sloman, [redacted] or [redacted] all no longer with us. Acosta and Sloman served as USA and their email should be at TechOne. How do we go about finding out if archived email for [redacted] and [redacted] exist in our system.

How about getting Acosta and Sloman emails for review, I understand OPR is asking.

We do have copies of their N drives. [redacted], [redacted] departure was previous to USAMail.

Any help with this will be greatly appreciated.

------------

**From:** [redacted] (USAFLS) <JVarela@usa.doj.gov>
**Sent:** Wednesday, February 23, 2011 1:35 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Current employees identify and preserve (those are the forms you completed a couple of months ago). Departed users still in the retain period (3 years) will be done by ISS. AUSA's preservation is 7 years if I'm not mistaken.

---

**From:** [redacted]. (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:26 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Hi [redacted] – Does that apply to [redacted] email, too? Or only attorneys who are no longer employed here?

And am I correct that [redacted] and [redacted] emails are no longer accessible, even at EOUSA?

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:25 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Understood however, search for emails is done at the EOUSA level. The District has no access to mailboxes, mailboxes not longer reside in local servers.

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:20 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

[redacted],

I am not aware that OPR has started any process regarding a search of e-mails of the previous U.S. Attorneys in Miami. OPR received an allegation of misconduct, and they asked for e-mails pertaining to the Epstein case, presumably so they could determine whether to open a full investigation. Since OPR was seeking preliminary information, they asked me to obtain certain e-mails regarding certain topics.

[redacted]

---

**From:** [redacted]. (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:16 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Hi [redacted] – [redacted] has had all contact with OPR, so I do not know.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:06 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Ann [redacted]: Please note that per [redacted], EOUSA Preservation Officer, EOUSA will be the one doing the search for the emails. This is done by the EOUSA's Information Systems Security Staff. OPR should contact them directly with the desired search strings. Do you know if your OPR POC has started the process ?

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

Definitely it goes through [redacted] staff. Anytime OPR is involved in the reviewing something, it goes to [redacted] staff first. I sent him an email and am waiting on a response—I will verify this, but I'm 98% certain.

It shouldn't have had to be at your request—OPR should have known to contact [redacted]. I'll let you know as soon as I know.

Thanks for all of your help!

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, January 18, 2011 4:18 PM

**To:** [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

I don't believe [redacted] group has been involved on this. At least not per our request.

Yes, Sloman and Acosta were USAs during the 2005-present period.

Another question, if OPR needs to review current AUSAs mailboxes is the search also done by [redacted] group or do we put the emails on a PST for them to review.

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:10 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

[redacted],

If [redacted] and [redacted] departed prior to USAMail implementation in FLS, we won't have theirs. I can talk to our tech folks to see if it's even worth doing additional searching, but I believe the answer is that it's simply not available because of the way our systems were set up prior to USAMail.

Acosta and Sloman were USAs during the 2005-present applicable period, right? I think that for the OPR question I need to double check with [redacted]. I believe what happens is that TechOne provides access to their account data to someone on [redacted] staff and they run the relevant searches and provide the search results.

Do you know whether anyone from [redacted] staff is aware of the OPR interest in this hold?

Thanks,

[redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, January 18, 2011 2:33 PM
**To:** [redacted] (USAEO); Ratliffe, [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Ref: 2010-FLS-0004

[redacted] / [redacted]:

Need help again ☺. Lit Hold 2010-FLS-0004

I don't have Attachment 1 or 5 for Alex Acosta, [redacted] Sloman, [redacted] or [redacted] all no longer with us. Acosta and Sloman served as USA and their email should be at TechOne. How do we go about finding out if archived email for [redacted] and [redacted] exist in our system.

How about getting [redacted] and [redacted] emails for review, I understand OPR is asking.

We do have copies of their N drives. [redacted], [redacted] departure was previous to USAMail.

Any help with this will be greatly appreciated.

------------
**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Wednesday, February 23, 2011 1:26 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Hi [redacted] – Does that apply to [redacted] email, too? Or only attorneys who are no longer employed here?

And am I correct that [redacted] and [redacted] emails are no longer accessible, even at EOUSA?

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:25 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Understood however, search for emails is done at the EOUSA level. The District has no access to mailboxes, mailboxes not longer reside in local servers.

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:20 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

[redacted],

I am not aware that OPR has started any process regarding a search of e-mails of the previous U.S. Attorneys in Miami. OPR received an allegation of misconduct, and they asked for e-mails pertaining to the Epstein case, presumably so they could determine whether to open a full investigation. Since OPR was seeking preliminary information, they asked me to obtain certain e-mails regarding certain topics.

[redacted]

---

**From:** [redacted]. (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:16 PM

**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Hi [redacted] – [redacted] has had all contact with OPR, so I do not know.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:06 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Ann [redacted]: Please note that per [redacted], EOUSA Preservation Officer, EOUSA will be the one doing the search for the emails. This is done by the EOUSA's Information Systems Security Staff. OPR should contact them directly with the desired search strings. Do you know if your OPR POC has started the process ?

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

Definitely it goes through [redacted] staff. Anytime OPR is involved in the reviewing something, it goes to [redacted] staff first. I sent him an email and am waiting on a response—I will verify this, but I'm 98% certain.

It shouldn't have had to be at your request—OPR should have known to contact [redacted]. I'll let you know as soon as I know.

Thanks for all of your help!

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, January 18, 2011 4:18 PM
**To:** [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

I don't believe [redacted] group has been involved on this. At least not per our request.

Yes, Sloman and Acosta were USAs during the 2005-present period.

Another question, if OPR needs to review current AUSAs mailboxes is the search also done by [redacted] group or do we put the emails on a PST for them to review.

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:10 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

[redacted],

If [redacted] and [redacted] departed prior to USAMail implementation in FLS, we won't have theirs. I can talk to our tech folks to see if it's even worth doing additional searching, but I believe the answer is that it's simply not available because of the way our systems were set up prior to USAMail.

Acosta and Sloman were USAs during the 2005-present applicable period, right? I think that for the OPR question I need to double check with [redacted]. I believe what happens is that TechOne provides access to their account data to someone on [redacted] staff and they run the relevant searches and provide the search results.

Do you know whether anyone from [redacted] staff is aware of the OPR interest in this hold?

Thanks,

[redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, January 18, 2011 2:33 PM
**To:** [redacted] (USAEO); Ratliffe, [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Ref: 2010-FLS-0004

[redacted] / [redacted]:

Need help again ☺. Lit Hold 2010-FLS-0004

I don't have Attachment 1 or 5 for Alex Acosta, [redacted] Sloman, [redacted] or [redacted] all no longer with us. Acosta and Sloman served as USA and their email should be at TechOne. How do we go about finding out if archived email for [redacted] and [redacted] exist in our system.

How about getting Acosta and Sloman emails for review, I understand OPR is asking.

We do have copies of their N drives. [redacted], [redacted] departure was previous to USAMail.

Any help with this will be greatly appreciated.

------------

| | |
|---|---|
| **From:** | [redacted] (USAFLS) <JVarela@usa.doj.gov> |
| **Sent:** | Wednesday, February 23, 2011 1:25 PM |
| **To:** | [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS) |
| **Subject:** | RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004 |

Understood however, search for emails is done at the EOUSA level. The District has no access to mailboxes, mailboxes not longer reside in local servers.

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:20 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

[redacted],

I am not aware that OPR has started any process regarding a search of e-mails of the previous U.S. Attorneys in Miami. OPR received an allegation of misconduct, and they asked for e-mails pertaining to the Epstein case, presumably so they could determine whether to open a full investigation. Since OPR was seeking preliminary information, they asked me to obtain certain e-mails regarding certain topics.

[redacted]

---

**From:** [redacted]. (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:16 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Hi [redacted] – [redacted] has had all contact with OPR, so I do not know.

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:06 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Ann [redacted]: Please note that per [redacted], EOUSA Preservation Officer, EOUSA will be the one doing the search for the emails. This is done by the EOUSA's Information Systems Security Staff. OPR should contact them directly with the desired search strings. Do you know if your OPR POC has started the process ?

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

Definitely it goes through [redacted] staff. Anytime OPR is involved in the reviewing something, it goes to [redacted] staff first. I sent him an email and am waiting on a response—I will verify this, but I'm 98% certain.

It shouldn't have had to be at your request—OPR should have known to contact [redacted]. I'll let you know as soon as I know.

Thanks for all of your help!

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, January 18, 2011 4:18 PM
**To:** [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

I don't believe [redacted] group has been involved on this. At least not per our request.

Yes, Sloman and Acosta were USAs during the 2005-present period.

Another question, if OPR needs to review current AUSAs mailboxes is the search also done by [redacted] group or do we put the emails on a PST for them to review.

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:10 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

[redacted],

If [redacted] and [redacted] departed prior to USAMail implementation in FLS, we won't have theirs. I can talk to our tech folks to see if it's even worth doing additional searching, but I believe the answer is that it's simply not available because of the way our systems were set up prior to USAMail.

Acosta and Sloman were USAs during the 2005-present applicable period, right? I think that for the OPR question I need to double check with [redacted]. I believe what happens is that TechOne provides access to their account data to someone on [redacted] staff and they run the relevant searches and provide the search results.

Do you know whether anyone from [redacted] staff is aware of the OPR interest in this hold?

Thanks,

[redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, January 18, 2011 2:33 PM
**To:** [redacted] (USAEO); Ratliffe, [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Ref: 2010-FLS-0004

[redacted] / [redacted]:

Need help again ☺. Lit Hold 2010-FLS-0004

I don't have Attachment 1 or 5 for Alex Acosta, [redacted] Sloman, [redacted] or [redacted] all no longer with us. Acosta and Sloman served as USA and their email should be at TechOne. How do we go about finding out if archived email for [redacted] and [redacted] exist in our system.

How about getting Acosta and Sloman emails for review, I understand OPR is asking.

We do have copies of their N drives. [redacted], [redacted] departure was previous to USAMail.

Any help with this will be greatly appreciated.

------------
**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Thursday, February 24, 2011 2:38 PM
**To:** Weeks, [redacted] (USAMD)
**Cc:** [redacted] (USAFLS)
**Subject:** Epstein Litigation Hold Documents from [redacted]

Hi [redacted] – [redacted] may have already asked you to do this, but, if not, can you give me the stuff that you gathered from [redacted]? I already searched through the disks that you gave me, but I need to take a look at [redacted] stuff, too.

Thanks.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

------------
**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Wednesday, February 23, 2011 1:16 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Hi [redacted] – [redacted] has had all contact with OPR, so I do not know.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:06 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Ann [redacted]: Please note that per [redacted], EOUSA Preservation Officer, EOUSA will be the one doing the search for the emails. This is done by the EOUSA's Information Systems Security Staff. OPR should contact them directly with the desired search strings. Do you know if your OPR POC has started the process ?

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

Definitely it goes through [redacted] staff. Anytime OPR is involved in the reviewing something, it goes to [redacted] staff first. I sent him an email and am waiting on a response—I will verify this, but I'm 98% certain.

It shouldn't have had to be at your request—OPR should have known to contact [redacted]. I'll let you know as soon as I know.

Thanks for all of your help!

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, January 18, 2011 4:18 PM
**To:** [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

I don't believe [redacted] group has been involved on this. At least not per our request.

Yes, Sloman and [redacted] were USAs during the 2005-present period.

Another question, if OPR needs to review current AUSAs mailboxes is the search also done by [redacted] group or do we put the emails on a PST for them to review.

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:10 PM
**To:** [redacted] (USAFLS)

**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

[redacted],

If [redacted] and [redacted] departed prior to USAMail implementation in FLS, we won't have theirs. I can talk to our tech folks to see if it's even worth doing additional searching, but I believe the answer is that it's simply not available because of the way our systems were set up prior to USAMail.

Acosta and Sloman were USAs during the 2005-present applicable period, right? I think that for the OPR question I need to double check with [redacted]. I believe what happens is that TechOne provides access to their account data to someone on [redacted] staff and they run the relevant searches and provide the search results.

Do you know whether anyone from [redacted] staff is aware of the OPR interest in this hold?

Thanks,

[redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, January 18, 2011 2:33 PM
**To:** [redacted] (USAEO); Ratliffe, [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Ref: 2010-FLS-0004

[redacted] / [redacted]:

Need help again ☺. Lit Hold 2010-FLS-0004

I don't have Attachment 1 or 5 for Alex Acosta, [redacted] Sloman, [redacted] or [redacted] all no longer with us. Acosta and Sloman served as USA and their email should be at TechOne. How do we go about finding out if archived email for [redacted] and [redacted] exist in our system.

How about getting Acosta and Sloman emails for review, I understand OPR is asking.

We do have copies of their N drives. [redacted], [redacted] departure was previous to USAMail.

Any help with this will be greatly appreciated.

------------
**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted] (USAEO); [redacted] (USAEO); [redacted]. (OLP) (JMD); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

Either of those times works for me. Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO); [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

I apologize, but we didn't schedule since we hadn't heard regarding everyone's availability. Does 1:00 or 1:30 work?

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 11:54 AM
**To:** [redacted] (USAEO); [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

Are we speaking at noon? What is the call-in number?

Thank you,

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 9:08 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

If you mean can I get a conference call line, yes, I can.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 9:07 AM
**To:** [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Can you set up a call? I have a 10:00 meeting (30 minutes), and an as yet unscheduled obligation to assist in briefing the AG for his testimony on the Hill tomorrow. Sometime between noon and 1 is likely to be best for me. [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From**: [redacted] (USAFLS)
**Sent**: Saturday, February 26, 2011 04:08 PM
**To**: [redacted]. (SMO); [redacted] (USAEO)
**Cc**: [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject**: RE: Jane Does 1 and 2 [redacted]. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted],

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 [redacted]. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From**: [redacted] (USAFLS)
**Sent**: Saturday, February 26, 2011 02:23 PM
**To**: [redacted]. (SMO); [redacted] (USAEO)
**Cc**: [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject**: Jane Does 1 and 2 [redacted]. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted] [redacted] [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S.

Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Tuesday, February 15, 2011 4:33 PM
**To:** Paul Cassell; [redacted] (USAFLS); Brad Edwards
**Subject:** RE: Avoiding an Unnecessary Fight

Dear Paul and Brad:

I am out of the District until Thursday and I have not heard from [redacted] this week (he is out of the District as well, I believe). I know that last week he received some guidance from our Office, with a request that he gather additional information from DC. I don't know whether he was able to get that additional information.

I know that you have been very patient, and I hate to ask you to wait a little longer. I am back in West Palm Beach on Thursday, but I am trying to finalize a plea to mandatory life in a double-homicide case that I am trying to schedule for Friday. If you can wait until Tuesday (because Monday is a holiday), you will have my undivided attention, and I can follow-up with DC or Miami or whomever else needs to be consulted to get a final answer.

If I hear anything from [redacted] in the meantime, I will let you know.

[redacted]

Assistant U.S. Attorney

**From:** Paul Cassell [mailto:[redacted]]
**Sent:** Tuesday, February 15, 2011 10:26 AM
**To:** [redacted] (USAFLS); Brad Edwards
**Cc:** [redacted]. (USAFLS)
**Subject:** RE: Avoiding an Unnecessary Fight

Dear [redacted]

Brad and I look forward to hearing from you today (as you indicated that you would) about our proposal that the U.S. Attorney's Office will simple stand on the sidelines and not oppose our efforts to set aside the plea. I would hope that you would reiterate to the U.S. Attorney and the [redacted], once again, how much we would like to avoid fighting with your Office so that we can focus our energies on Epstein the sex offender. We don't understand why the U.S. Attorney's Office feels that it needs to join this fight with the victims -- we hope that you will work to find a way to make this happen and avoid and entirely unnecessary clash between prosecutors and crime victims.

We are happy to discuss with you ways to minimize any clash and any logistics that would be involved -- if we have agreement in principle on the concept. We are also available for a conference

call today after 5:00 Florida time, if you would like further discussions.

Sincerely, Paul Cassell, co-counsel for Jane Doe #1 and Jane Doe #2

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

**From:** [redacted] (USAFLS) [mailto:[redacted]]
**Sent:** Thursday, December 16, 2010 9:03 AM
**To:** Paul Cassell; Brad Edwards
**Cc:** [redacted]. (USAFLS)
**Subject:** Request for Investigation Of Jeffrey Epstein Prosecution

Brad and Paul,

We enjoyed meeting in person with you and [redacted] last Friday. I wanted to update you on the matters we discussed that day.

First, Paul's request for an investigation of the Jeffrey Epstein prosecution has been referred to the Department of Justice's Office of Professional Responsibility. OPR is the component within the DOJ which investigates allegations of misconduct relating to the authority of DOJ attorneys to investigate,

litigate, and give legal advice. The December 10, 2010 letter asks this office "to investigate through appropriate and independent channels the handling of the Epstein (non)prosecution." OPR is the appropriate and independent body within the DOJ to investigate and determine whether misconduct has occurred.

Second, during the meeting on December 10, we advised you of the ethical standards applicable regarding a potential prosecution of Epstein by our office, and that a recusal would likely ensue. Given your request for an investigation of this Office's conduct in the Jeffrey Epstein case, and the referral of that request to OPR, we are seeking guidance from DOJ on whether this office can continue to defend the Crime Victim Rights Act case.

Third, we discussed the sequence in the litigation. You asked us that, in the event the court decides that the CVRA applied, in the absence of a formal charge, that the government concede (1) the U.S. Attorney's Office failed to comply with the CVRA; and (2) the district court should set aside the Non-Prosecution Agreement. In light of what has occurred, we cannot give you an answer on those two points.

You had told us earlier that you would be filing a dispositive motion by December 17, 2010. I expect to find out whether our office needs to recuse itself within the next week. I will be on leave from December 17-28, but will be back at the office on December 29. I am asking if you would defer filing any motion until after I return on December 29. Thank you.

I can be reached by e-mail and cell phone, [redacted], during my annual leave.

[redacted]

------------

**From:** [redacted] (USAFLS) <JVarela@usa.doj.gov>
**Sent:** Wednesday, February 23, 2011 1:06 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Ann [redacted]: Please note that per [redacted], EOUSA Preservation Officer, EOUSA will be the one doing the search for the emails. This is done by the EOUSA's Information Systems Security Staff. OPR should contact them directly with the desired search strings. Do you know if your OPR POC has started the process ?

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

Definitely it goes through [redacted] staff. Anytime OPR is involved in the reviewing something, it goes to [redacted] staff first. I sent him an email and am waiting on a response—I will verify this, but I'm 98% certain.

It shouldn't have had to be at your request—OPR should have known to contact [redacted]. I'll let you know as soon as I know.

Thanks for all of your help!

---

**From:** [redacted] (USAFLS)

**Sent:** Tuesday, January 18, 2011 4:18 PM
**To:** [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

I don't believe [redacted] group has been involved on this. At least not per our request.

Yes, Sloman and Acosta were USAs during the 2005-present period.

Another question, if OPR needs to review current AUSAs mailboxes is the search also done by [redacted] group or do we put the emails on a PST for them to review.

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:10 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

[redacted],

If [redacted] and [redacted] departed prior to USAMail implementation in FLS, we won't have theirs. I can talk to our tech folks to see if it's even worth doing additional searching, but I believe the answer is that it's simply not available because of the way our systems were set up prior to USAMail.

[redacted] and [redacted] were USAs during the 2005-present applicable period, right? I think that for the OPR question I need to double check with [redacted]. I believe what happens is that TechOne provides access to their account data to someone on [redacted] staff and they run the relevant searches and provide the search results.

Do you know whether anyone from [redacted] staff is aware of the OPR interest in this hold?

Thanks,

[redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, January 18, 2011 2:33 PM
**To:** [redacted] (USAEO); Ratliffe, [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Ref: 2010-FLS-0004

[redacted] / [redacted]:

Need help again ☺. Lit Hold 2010-FLS-0004

I don't have Attachment 1 or 5 for Alex [redacted], [redacted], [redacted] or [redacted] all no longer with us. [redacted] and [redacted] served as USA and their email should be at TechOne. How do we go about finding out if archived email for [redacted] and [redacted] exist in our system.

How about getting [redacted] and [redacted] emails for review, I understand OPR is asking.

We do have copies of their N drives. [redacted], [redacted] departure was previous to USAMail.

Any help with this will be greatly appreciated.

------------
**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Thursday, February 24, 2011 1:03 PM
**To:** [redacted] (FBI)
**Cc:** [redacted]. (FBI)
**Subject:** RE: Customs POC

Hi Luz – I have reached out to [redacted]. Can you talk with [redacted] about how we got the flight plans/flight manifests for Epstein's planes in that case? I think that was done through the FAA.

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (FBI)
**Sent:** Wednesday, February 23, 2011 4:19 PM
**To:** [redacted]. (USAFLS)
**Subject:** Customs POC

[redacted],

The Point of Contact we have in our Miami office is:

[redacted]

[redacted]

[redacted]

[redacted]

Investigative Operations Analyst

FBI

Palm Beach County RA

---

**From:** [redacted]. (USAFLS) [[redacted]]
**Sent:** Tuesday, February 22, 2011 4:54 PM
**To:** [redacted].
**Cc:** [redacted]; [redacted].; [redacted].; [redacted]; [redacted].; [redacted]; [redacted]; [redacted]; [redacted]; [redacted]; [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Sledgehammer Meeting Reminder

Hi everyone – Just a quick reminder that we have our Master Meeting tomorrow at 2:00.

The meeting will be in the 4th Floor Conference Room at the U.S. Attorney's Office, [redacted].

See you all there!

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

[redacted]

Fax [redacted]

------------
**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, February 17, 2011 10:02 AM
**To:** [redacted]. (USAFLS)
**Subject:** FW: Epstein OPR matter

[redacted],

Have you been able to retrieve the documents requested by OPR? Thanks.

[redacted]

**From:** [redacted] (OPR)
**Sent:** Wednesday, February 16, 2011 12:39 PM
**To:** [redacted] (USAFLS)
**Subject:** Epstein OPR matter

[redacted], we spoke on January 4, 2011 – you were going to get me information related to the Epstein victims' allegations of misconduct.

What is the status?

Thanks,

[redacted]

------------
**From:** [redacted] (USAFLS) <JVarela@usa.doj.gov>
**Sent:** Wednesday, February 23, 2011 2:27 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Sorry, I was talking about USA is 7, everybody else 3 and they left before the new USAP was in place.

---

**From:** [redacted]. (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:52 PM

**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Apparently [redacted] already worked with [redacted] to get all of his emails and electronic documents. I just need to get a copy of that disc to do the review.

Can you send the relevant request to ISS for [redacted] and [redacted] emails? This happened less than 7 years ago.

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:35 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Current employees identify and preserve (those are the forms you completed a couple of months ago). Departed users still in the retain period (3 years) will be done by ISS. AUSA's preservation is 7 years if I'm not mistaken.

---

**From:** [redacted]. (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:26 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Hi [redacted] – Does that apply to [redacted] email, too? Or only attorneys who are no longer employed here?

And am I correct that [redacted] and [redacted] emails are no longer accessible, even at EOUSA?

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:25 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Understood however, search for emails is done at the EOUSA level. The District has no access to mailboxes, mailboxes not longer reside in local servers.

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:20 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

[redacted],

I am not aware that OPR has started any process regarding a search of e-mails of the previous U.S. Attorneys in Miami. OPR received an allegation of misconduct, and they asked for e-mails pertaining to the Epstein case, presumably so they could determine whether to open a full investigation. Since OPR was seeking preliminary information, they asked me to obtain certain e-mails regarding certain topics.

[redacted]

---

**From:** [redacted]. (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:16 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Hi [redacted] – [redacted] has had all contact with OPR, so I do not know.

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Wednesday, February 23, 2011 1:06 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jeffrey Epstein -- OPR Request / Lit. Hold # 2010-FLS-0004

Ann [redacted]: Please note that per [redacted], EOUSA Preservation Officer, EOUSA will be the one doing the search for the emails. This is done by the EOUSA's Information Systems Security Staff. OPR should contact them directly with the desired search strings. Do you know if your OPR POC has started the process ?

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

Definitely it goes through [redacted] staff. Anytime OPR is involved in the reviewing something, it goes to [redacted] staff first. I sent him an email and am waiting on a response—I will verify this, but I'm 98% certain.

It shouldn't have had to be at your request—OPR should have known to contact [redacted]. I'll let you know as soon as I know.

Thanks for all of your help!

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, January 18, 2011 4:18 PM
**To:** [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

I don't believe [redacted] group has been involved on this. At least not per our request.

Yes, [redacted] and [redacted] were USAs during the 2005-present period.

Another question, if OPR needs to review current AUSAs mailboxes is the search also done by [redacted] group or do we put the emails on a PST for them to review.

---

**From:** [redacted] (USAEO)
**Sent:** Tuesday, January 18, 2011 4:10 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: 2010-FLS-0004

[redacted],

If [redacted] and [redacted] departed prior to USAMail implementation in FLS, we won't have theirs. I can talk to our tech folks to see if it's even worth doing additional searching, but I believe the answer is that it's simply not available because of the way our systems were set up prior to USAMail.

[redacted] and [redacted] were USAs during the 2005-present applicable period, right? I think that for the OPR question I need to double check with [redacted]. I believe what happens is that TechOne provides access to their account data to someone on [redacted] staff and they run the relevant searches and provide the search results.

Do you know whether anyone from [redacted] staff is aware of the OPR interest in this hold?

Thanks,

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, January 18, 2011 2:33 PM
**To:** [redacted] (USAEO); Ratliffe, [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Ref: 2010-FLS-0004

[redacted] / [redacted]:

Need help again ☺. Lit Hold 2010-FLS-0004

I don't have Attachment 1 or 5 for Alex Acosta, [redacted] Sloman, [redacted] or [redacted] all no longer with us. Acosta and Sloman served as USA and their email should be at TechOne. How do we go about finding out if archived email for [redacted] and [redacted] exist in our system.

How about getting Acosta and Sloman emails for review, I understand OPR is asking.

We do have copies of their N drives. [redacted], [redacted] departure was previous to USAMail.

Any help with this will be greatly appreciated.

------------

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Tuesday, February 15, 2011 6:46 PM
**To:** [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted]. (USAFLS)

Kris,

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Paul Cassell and Brad Edwards regarding the status of the Crime Victims Rights Act case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. (We had sought guidance on whether our office should be recused due to the allegation of improprieties in entering into the Non-Prosecution Agreement). I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines,

Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Wednesday, February 23, 2011 12:38 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (FBI)
**Subject:** Jeffrey Epstein -- OPR Request
**Attachments:** 20110223121742706.pdf

Hi [redacted] and [redacted] – These are the relevant items that I found in my stored emails. A hard copy also is coming to you via interoffice. In addition to my emails regarding the plea negotiations, I included a couple of things about [redacted].

My understanding of what DC is looking for is:

(1) Correspondence showing an internal disagreement with the plea strategy

(2) Correspondence showing that FBI knew about the plea strategy (and any agreement or disagreement therewith)

(3) Any correspondence regarding notification to victims.

I have not been given any access to Alex [redacted] or [redacted] stored emails, and my understanding is that EOUSA no longer has [redacted] or [redacted] stored emails.

With respect to current DOJ employees, in looking over my emails, it is possible that [redacted] may have relevant emails, too. I don't think that [redacted] will have any. [redacted] and [redacted] at CEOS in DC may have relevant emails.

[redacted] -- In instructing EOUSA on what to search for, the most relevant time period was probably from May 1, 2007 through October 15, 2007. I would recommend searching for email exchanges with [redacted] ([redacted]) [redacted], [redacted], and [redacted] (the [redacted], [redacted], and [redacted] at FBI, respectively), [redacted] (from CEOS), and defense attorneys Lilly Ann [redacted], Jay Lefkowitz, Gerald Lefcourt, Roy Black, Ken Starr, and Alan Dershowitz.

If you want to obtain those records and have me or someone else review them, please let me know. Can we talk late this afternoon about what we are going to communicate to opposing counsel?

<<20110223121742706.pdf>>

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Wednesday, February 23, 2011 12:23 PM
**To:** [redacted] (FBI)
**Subject:** Epstein stuff

**Importance:** High

Hi [redacted] – Have you had any luck looking around? And can you remind me of the names of the [redacted] and the [redacted] during the relevant period?

I think [redacted] was the only supervisor in WPB who would have sent an email, but remind me if there was anyone else who may have sent something.

Thanks.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** Paul Cassell <[redacted]>
**Sent:** Wednesday, February 23, 2011 10:40 AM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); Brad Edwards
**Subject:** RE: Avoiding an Unnecessary Fight - where do things stand?

Hi [redacted] and [redacted],

Brad and I continue to want to hear back from the U.S. Attorney soon about our request – made in person to the U.S. Attorney 11 weeks ago, echoing a request conveyed through you back in September (nearly five months ago) – that the Office simply stand on the sidelines and not oppose our efforts to have Epstein's non-prosecution agreement set aside. As you know, we have been diligently trying to avoid an unnecessary fight with your Office. We have only asked that you not affirmatively oppose our efforts to seek justice for the victims in the case. In other words, we are not asking you to lift a finger – we are merely asking you not to get in our way.

We understood we were going to hear back from shortly after our December meeting with the U.S. Attorney … then things stretched into January … then February … then last week … then this week. We are willing to wait a reasonable amount of time to try and work something out with you. But where do things stand? We are having a bit of difficulty understanding why a simple request that you not actively take steps to undermine efforts of sexual abuse victims to obtain justice is taking so long to approve.

Hoping that you can give us some further information soon. Paul Cassell, Co-Counsel for Jane Doe #1 and Jane Doe #2

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

**From:** [redacted]. (USAFLS) [mailto:[redacted]]
**Sent:** Tuesday, February 15, 2011 2:33 PM

**To:** Paul Cassell; [redacted] (USAFLS); Brad Edwards
**Subject:** RE: Avoiding an Unnecessary Fight

Dear Paul and Brad:

I am out of the District until Thursday and I have not heard from [redacted] this week (he is out of the District as well, I believe). I know that last week he received some guidance from our Office, with a request that he gather additional information from DC. I don't know whether he was able to get that additional information.

I know that you have been very patient, and I hate to ask you to wait a little longer. I am back in West Palm Beach on Thursday, but I am trying to finalize a plea to mandatory life in a double-homicide case that I am trying to schedule for Friday. If you can wait until Tuesday (because Monday is a holiday), you will have my undivided attention, and I can follow-up with DC or Miami or whomever else needs to be consulted to get a final answer.

If I hear anything from [redacted] in the meantime, I will let you know.

[redacted]

Assistant U.S. Attorney

**From:** Paul Cassell [mailto:[redacted]]
**Sent:** Tuesday, February 15, 2011 10:26 AM
**To:** [redacted] (USAFLS); Brad Edwards
**Cc:** [redacted]. (USAFLS)
**Subject:** RE: Avoiding an Unnecessary Fight

Dear [redacted]

Brad and I look forward to hearing from you today (as you indicated that you would) about our proposal that the U.S. Attorney's Office will simple stand on the sidelines and not oppose our efforts to set aside the plea. I would hope that you would reiterate to the U.S. Attorney and the [redacted], once again, how much we would like to avoid fighting with your Office so that we can focus our energies on Epstein the sex offender. We don't understand why the U.S. Attorney's Office feels that it needs to join this fight with the victims -- we hope that you will work to find a way to make this happen and avoid and entirely unnecessary clash between prosecutors and crime victims.

We are happy to discuss with you ways to minimize any clash and any logistics that would be involved -- if we have agreement in principle on the concept. We are also available for a conference call today after 5:00 Florida time, if you would like further discussions.

Sincerely, Paul Cassell, co-counsel for Jane Doe #1 and Jane Doe #2

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

**From:** [redacted] (USAFLS) [mailto:[redacted]]
**Sent:** Thursday, December 16, 2010 9:03 AM
**To:** Paul Cassell; Brad Edwards
**Cc:** [redacted]. (USAFLS)
**Subject:** Request for Investigation Of Jeffrey Epstein Prosecution

Brad and Paul,

We enjoyed meeting in person with you and [redacted] last Friday. I wanted to update you on the matters we discussed that day.

First, Paul's request for an investigation of the Jeffrey Epstein prosecution has been referred to the Department of Justice's Office of Professional Responsibility. OPR is the component within the DOJ which investigates allegations of misconduct relating to the authority of DOJ attorneys to investigate, litigate, and give legal advice. The December 10, 2010 letter asks this office "to investigate through appropriate and independent channels the handling of the Epstein (non)prosecution." OPR is the appropriate and independent body within the DOJ to investigate and determine whether misconduct has occurred.

Second, during the meeting on December 10, we advised you of the ethical standards applicable regarding a potential prosecution of Epstein by our office, and that a recusal would likely ensue. Given your request for an investigation of this Office's conduct in the Jeffrey Epstein case, and the referral of that request to OPR, we are seeking guidance from DOJ on whether this office can continue to defend the Crime Victim Rights Act case.

Third, we discussed the sequence in the litigation. You asked us that, in the event the court decides that the CVRA applied, in the absence of a formal charge, that the government concede (1) the U.S. Attorney's Office failed to comply with the CVRA; and (2) the district court should set aside the Non-Prosecution Agreement. In light of what has occurred, we cannot give you an answer on those two points.

You had told us earlier that you would be filing a dispositive motion by December 17, 2010. I expect to find out whether our office needs to recuse itself within the next week. I will be on leave from December 17-28, but will be back at the office on December 29. I am asking if you would defer filing any motion until after I return on December 29. Thank you.

I can be reached by e-mail and cell phone, [redacted], during my annual leave.

[redacted]

------------

**From:** [redacted]. (FBI) <[redacted]>
**Sent:** Wednesday, February 23, 2011 12:30 PM
**To:** [redacted]. (USAFLS)
**Subject:** Re: Epstein stuff

[redacted],

The disk that the emails r on has to be opened on the computer that saved it to the cd. (I guess bureau security stuff) Anyways that means a trip to Miami computer room. I may be going down next week, I'll let u know! [redacted] at the time was [redacted] and [redacted] was [redacted].

I'll ask [redacted] if he still has any emails from that time.

[redacted]

---

**From:** [redacted]. (USAFLS) <[redacted]>
**To:** [redacted].
**Sent:** Wed Feb 23 12:23:13 2011
**Subject:** Epstein stuff

Hi [redacted] – Have you had any luck looking around? And can you remind me of the names of the [redacted] and the [redacted] during the relevant period?

I think [redacted] was the only supervisor in WPB who would have sent an email, but remind me if there was anyone else who may have sent something.

Thanks.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, February 28, 2011 11:54 AM
**To:** [redacted] (USAEO); [redacted] (OLP) (JMD); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

Are we speaking at noon? What is the call-in number?

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 9:08 AM
**To:** [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS);

[redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

If you mean can I get a conference call line, yes, I can.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 9:07 AM
**To:** [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Can you set up a call? I have a 10:00 meeting (30 minutes), and an as yet unscheduled obligation to assist in briefing the AG for his testimony on the Hill tomorrow. Sometime between noon and 1 is likely to be best for me. [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 04:08 PM
**To:** [redacted]. (SMO); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted].

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted] (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 02:23 PM
**To:** [redacted] (SMO); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary

judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (USAEO) <[redacted]>
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted], (OLP) (JMD); [redacted] (USAFLS)
**Cc:** [redacted], (USAFLS); [redacted] (USAFLS); [redacted], (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From**: [redacted] (USAFLS)
**Sent**: Saturday, February 26, 2011 04:08 PM
**To**: [redacted]. (SMO); [redacted] (USAEO)
**Cc**: [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject**: RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted],

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From**: [redacted] (USAFLS)
**Sent**: Saturday, February 26, 2011 02:23 PM
**To**: [redacted]. (SMO); [redacted] (USAEO)
**Cc**: [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject**: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be

reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted]. (SMO) <[redacted]>
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From**: [redacted] (USAFLS)
**Sent**: Saturday, February 26, 2011 02:23 PM
**To**: [redacted]. (SMO); [redacted] (USAEO)
**Cc**: [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject**: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted] filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his

state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted] one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Saturday, February 26, 2011 4:08 PM
**To:** [redacted] (OLP) (JMD); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted],

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted] (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 02:23 PM
**To:** [redacted] (SMO); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found

there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted] [redacted] [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted] [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow

them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

------------

**From:** [redacted] (FBI) <[redacted]>
**Sent:** Monday, February 28, 2011 11:27 AM
**To:** [redacted]. (USAFLS)
**Subject:** Fw: Customs POC

---

**From**: [redacted]
**To**: [redacted].
**Sent**: Mon Feb 28 11:16:59 2011
**Subject**: Fw: Customs POC

I talked to [redacted] on Fri, they sent Subpoenas to the pilots. Not through FAA

---

**From**: [redacted]. (USAFLS) <[redacted]>
**To**: [redacted]
**Cc**: [redacted].
**Sent**: Thu Feb 24 13:03:22 2011
**Subject**: RE: Customs POC

Hi Luz – I have reached out to [redacted]. Can you talk with [redacted] about how we got the flight plans/flight manifests for Epstein's planes in that case? I think that was done through the FAA.

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (FBI)
**Sent:** Wednesday, February 23, 2011 4:19 PM
**To:** [redacted]. (USAFLS)
**Subject:** Customs POC

[redacted],

The Point of Contact we have in our Miami office is:

[redacted]

[redacted]

Investigative Operations Analyst

FBI

Palm Beach County RA

---

**From:** [redacted]. (USAFLS) [[redacted]]
**Sent:** Tuesday, February 22, 2011 4:54 PM
**To:** [redacted].
**Cc:** [redacted]; [redacted].; [redacted].; [redacted]; [redacted].; [redacted]; [redacted]; [redacted]; [redacted]; [redacted]; [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Sledgehammer Meeting Reminder

Hi everyone – Just a quick reminder that we have our Master Meeting tomorrow at 2:00.

The meeting will be in the 4th Floor Conference Room at the U.S. Attorney's Office, [redacted].

See you all there!

Thank you,

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

[redacted]

Fax [redacted]

---

**From:** [redacted]. (SMO) <[redacted]>
**Sent:** Monday, February 28, 2011 9:07 AM
**To:** [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Can you set up a call? I have a 10:00 meeting (30 minutes), and an as yet unscheduled obligation to assist in briefing the AG for his testimony on the Hill tomorrow. Sometime between noon and 1 is likely to be best for me. [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 04:08 PM
**To:** [redacted]. (SMO); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 [redacted]. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted],

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted] (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 02:23 PM
**To:** [redacted] (SMO); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth

Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted] [redacted] [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted] [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to

happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (USAEO) <[redacted]>
**Sent:** Monday, February 28, 2011 9:08 AM
**To:** [redacted]. (OLP) (JMD); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

If you mean can I get a conference call line, yes, I can.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 9:07 AM
**To:** [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Can you set up a call? I have a 10:00 meeting (30 minutes), and an as yet unscheduled obligation to assist in briefing the AG for his testimony on the Hill tomorrow. Sometime between noon and 1 is likely to be best for me. [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)

**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 04:08 PM
**To:** [redacted]. (SMO); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted],

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)

**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From**: [redacted] (USAFLS)
**Sent**: Saturday, February 26, 2011 02:23 PM
**To**: [redacted]. (SMO); [redacted] (USAEO)
**Cc**: [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject**: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell

using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, March 07, 2011 5:28 PM
**To:** [redacted] (USAFLS)
**Subject:** FW: Jeffrey Epstein

See below. Is this your case? Obviously we will make no comment.

**From:** [redacted] (SMO)
**Sent:** Monday, March 07, 2011 5:25 PM
**To:** [redacted] (USAFLS)
**Subject:** FW: Jeffrey Epstein

I believe [redacted] is out. See below.

---

**From:** [redacted] (SMO)
**Sent:** Monday, March 07, 2011 5:18 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** Jeffrey Epstein

[redacted], Is your office handling this matter? A WSJ reporter is trying to get more information.

**The Justice Department is investigating Jeffrey Epstein for child trafficking, The Daily Beast has learned—and has widened the scope of its probe to include a famous modeling agency.**

Hedge-fund manager Jeffrey Epstein completed his sentence for soliciting prostitution with a minor last week. But it appears his problems may not be over. Now The Daily Beast has learned that:

**• Federal investigators continue to investigate Epstein's activities, to see whether there is evidence of child trafficking—a far more serious charge than the two in his non-prosecution agreement, the arrangement between Epstein and the Department of Justice allowing him to plead guilty to lower-level state crimes. Trafficking can carry a 20-year sentence.**

**• The FBI is also investigating Epstein's friend Jean Luc Brunel, whose MC2 modeling agency appears to have been a source of girls from overseas who ended up on Epstein's private jets.**

Under the concept of double jeopardy, Epstein can no longer be prosecuted for any of the charges covered by his non-prosecution agreement, in which he agreed to serve a short term of incarceration, fund the civil suits of named victims, and register as a sex offender. The victims who accepted cash settlements in these civil suits agreed not to testify against him or speak publicly about the case. However, new evidence developed by the Department of Justice on other offenses not covered by the agreement, including allegations by additional victims who come forward, could lead to new charges. There is no statute of limitations in the federal sex-trafficking law, which was also enacted by the state of Florida in 2002. Because his predatory habits stretch back many years and involved dozens of young-looking girls, there may well be more evidence to uncover. (Several young women who claim to be Epstein victims have recently contacted a Ft. Lauderdale lawyer, but to date no new civil complaints have been filed.)

These new developments come one week after the publication of two articles in The Daily Beast about Epstein's pattern of sexual contact with underage girls, which Palm Beach police began investigating in 2005 and the U.S. Attorney's office then settled in a 2007 plea deal. The first article quoted a deposition by then-Palm Beach Chief of Police Michael Reiter, in which he stated that Epstein, a billionaire with many powerful friends, had received special treatment in both his plea deal and the terms of his incarceration. Although federal investigators at one point produced a draft 53-page indictment against Epstein, he was eventually allowed to plead guilty to only two relatively minor state charges and receive a short term of incarceration: 13 months in the county jail, during which he went to the office every day, and one year of community control, during which he traveled frequently to New York and his private island in the Virgin Islands.

The Daily Beast has now discovered another instance in which Epstein apparently received special consideration: As a convicted sex offender, he is required by law to undergo an impartial psychological evaluation prior to sentencing and to receive psychiatric treatment during and after incarceration. This is because child molesters tend to be repeat offenders with high rates of recidivism. According to a source in law enforcement, however, Epstein was allowed to submit a report by his private psychologist, Dr. Stephen Alexander of Palm Beach, Florida, whose phone has since been disconnected with no forwarding information.

The Daily Beast's second article provided details about Epstein's systematic abuse of underage girls at his Palm Beach mansion, where members of his staff allegedly recruited and paid a parade of teenagers, most of them 16 or younger, to perform daily massages that devolved into masturbation, groping, and sometimes full-blown sexual contact. It also revealed a monetary relationship between Epstein and Jean Luc Brunel, a frequent visitor to whom he gave $1 million around the same time that Brunel was starting his MC2 modeling agency. Some of the young girls MC2 recruited from overseas —often from Eastern Europe and South America—are known to have been passengers on Epstein's private jets.

The U.S. Attorney General's Office in Florida says that it is against policy to confirm or deny the existence of an investigation. Jeffrey Epstein's lawyer, Jack Goldberger, says he has no knowledge of an ongoing probe, and he told The Daily Beast, "Jeffrey Epstein has fully complied with all state and

federal requirements that arise from the prior proceedings in Palm Beach. There are no pending civil lawsuits. There are not and should not be any pending criminal investigations, given Mr. Epstein's complete fulfillment of all the terms of his non-prosecution agreement with the federal government."

Read more: http://www.businessinsider.com/hedge-funder-joseph-epstein-investigated-for-child-trafficking-2010-7#ixzz1FxAJrdFa

------------

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, March 07, 2011 11:55 AM
**To:** Jon Swaine
**Cc:** [redacted].(USAFLS)
**Subject:** RE: Daily Telegraph of London

Thanks for the email.

Unfortunately, the USAO has no comment. Thanks for checking with us.

Take care,

[redacted]

**From:** Jon Swaine [mailto:[redacted]]
**Sent:** Monday, March 07, 2011 11:50 AM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** Re: Daily Telegraph of London

I'm looking at the case of Jeffrey Epstein, who was imprisoned for two sex offence felonies in 2008, after coming to a plea deal with the US Attorney.

I'd like to know whether any representations were made to the US Attorney's office by associates of Mr Epstein - not including his lawyers.

I'm particularly keen to know whether any contact was made by Prince [redacted] of Britain, former President Clinton or former Governor of Mexico Bill Richardson.

Thanks and best wishes

Jon

On 7 March 2011 11:36, [redacted], [redacted] (USAFLS) <[redacted]> wrote:

Hi Jon.

What do you need? Not at my desk.

Thanks

**From:** Jon Swaine [mailto:[redacted]]
**Sent:** Monday, March 07, 2011 11:36 AM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** Daily Telegraph of London

Dear [redacted],

Please could I speak to you about an urgent media inquiry?

Many thanks

Jon Swaine

--
The Daily Telegraph of London
[redacted]

Mobile: (+1) [redacted]
Office: (+1) [redacted]

--
The Daily Telegraph of London
[redacted]

Mobile: (+1) [redacted]

Office: (+1) [redacted]

---

**From:** Paul Cassell <[redacted]>
**Sent:** Monday, March 07, 2011 5:33 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** Brad Edwards
**Subject:** Motion to Make Our Pleading Available to the Public - Government Position

Dear [redacted] and [redacted],

We are writing to inquire about the government's position on a motion that we will be filing on March 18 along with our "summary judgment" motion. As you know, the summary judgment motion will contain quotations from e-mails that are under the magistrate judge's order requiring prior notice to the court before they are disclosed. Accordingly, on March 18, we will be filing a full, unredacted summary judgment motion under seal with Judge Marra and, for the public PACER file, a summary judgment motion with quotations from the e-mails redacted.

We will be filing simultaneously a motion for with the court for unsealing of the unredacted motion. We will provide (at least) three ground for unsealing. First, the confidentiality order was only based on an agreement to give advance notice to Epstein before using materials. Once advance notice has been given, there is no basis for confidentiality. Second, there is truly world-wide interest in the handling of the Epstein prosecution, and so our pleading should not remain under seal – instead the public should have access to it so that they can assess how this case was handled. Third, keeping the pleading under seal complicates the ability of Jane Does' attorneys to consult with victims' rights specialist about how best to proceed in the case.

We are writing to determine the Government's position on our motion to unseal the redacted pleading so that we can include that position in our motion. We hope that you will not oppose the motion, which might produce the need for further litigation. As you know, Judge Marra has promptly unsealed other pleadings in this matter when the Government tried to object.

Sincerely,

Paul Cassell

Co-Counsel for Jane Doe #1 and Jane Doe #2

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

------------

**From:** [redacted]. (FBI) <[redacted]>
**Sent:** Friday, March 04, 2011 4:44 PM
**To:** [redacted]. (USAFLS)
**Subject:** Re: Jeffrey Epstein/[redacted]

Call my cell. [redacted]

----- Original Message -----
From: [redacted]. (USAFLS) <[redacted]>
To: [redacted].
Sent: Fri Mar 04 16:04:55 2011
Subject: FW: Jeffrey Epstein/[redacted]

Can you please call me about this? I am at my desk.

[redacted]
Assistant U.S. Attorney
[redacted]
Fax [redacted]

-----Original Message-----
From: [redacted], [redacted] (USAFLS)
Sent: Friday, March 04, 2011 3:56 PM
To: [redacted]

Cc: [redacted] (USAFLS)
Subject: RE: Jeffrey Epstein/[redacted]

HI Nick.
Thank you for your email. This is always the best way to get me. I am hardly ever at my desk, but always have my blackberry on me.

As to your question, I will not be able to help you. We cannot comment, confirm or deny the existence of any investigation or on our intention to open or close a matter.
Sorry
Thanks
[redacted] .

-----Original Message-----
From: [redacted] [mailto:[redacted]]
Sent: Friday, March 04, 2011 3:16 PM
To: [redacted], [redacted] (USAFLS)
Subject: Jeffrey Epstein/[redacted]

Dear [redacted],

I work for the Mail on Sunday newspaper in London, England. The Mail on Sunday last week published an interview with [redacted] about her time working for Jeffrey Epstein. We plan to publish more revelations this week.

I have been led to believe that the FBI is interested in pursuing the allegations published in the Mail on Sunday - and that Epstein may have committed offences not covered by the non prosecution agreement.

Can you give me any guidance as to whether my information is correct?

You may contact me by email or on [redacted].

Regards,

Nick Pryer
Assistant Features Editor
Mail on Sunday

This e-mail and any attached files are intended for the named addressee only. It contains information which may be confidential and legally privileged and also protected by copyright. Unless you are the named addressee (or authorised to receive for the addressee) you may not copy or use it, or disclose it to anyone else. If you received it in error please notify the sender immediately and then delete it from your system. Please be advised that the views and opinions expressed in this e-mail may not reflect the views and opinions of Associated Newspapers Limited or any of its subsidiary companies. We make every effort to keep our network free from viruses. However, you do need to check this e-mail and any attachments to it for viruses as we can take no responsibility for any computer virus which may be transferred by way of this e-mail. Use of this or any other e-mail facility signifies consent to any interception we might lawfully carry out to prevent abuse of these facilities.
Associated Newspapers Ltd. Registered Office: [redacted].

---

This e-mail and any attached files are intended for the named addressee only. It contains information, which may be confidential and legally privileged and also protected by copyright. Unless you are the named addressee (or authorised to

receive for the addressee) you may not copy or use it, or disclose it to anyone else. If you received it in error please notify the sender immediately and then delete it from your system. Please be advised that the views and opinions expressed in this e-mail may not reflect the views and opinions of Associated Newspapers Limited or any of its subsidiary companies. We make every effort to keep our network free from viruses. However, you do need to check this e-mail and any attachments to it for viruses as we can take no responsibility for any computer virus which may be transferred by way of this e-mail. Use of this or any other e-mail facility signifies consent to any interception we might lawfully carry out to prevent abuse of these facilit!
ies.
Associated Newspapers Ltd. Registered Office: [redacted].

------------
**From:** [redacted]. (FBI) <[redacted]>
**Sent:** Monday, March 07, 2011 9:42 AM
**To:** [redacted]. (USAFLS); [redacted]. (FBI)
**Subject:** Fw: FYI

I'm sure u have heard!

---

**From**: [redacted]
**To**: [redacted].
**Cc**: Longa, Waldo
**Sent**: Mon Mar 07 02:56:29 2011
**Subject**: FYI

[redacted] - This is front page stuff today just wanted to let you know FYI. The Guardian, a London paper, is running articles and alluding to FBI reopening its case.

# Prince [redacted] big mistake: Humiliated Duke of York vows to end friendship with billionaire paedophile

- Duke now said to recognise friendship was 'unwise'
- Former Scotland Yard royalty protection chief: 'Prince [redacted] is bringing the royal family into disrepute'

Mistake: The duke has cut ties with the disgraced billionaire

Mistake: The duke has cut ties with the disgraced billionaire

Prince [redacted] has promised to sever his controversial links with child sex offender Jeffrey Epstein.

The Duke of York has finally admitted that meeting the disgraced billionaire recently was 'unwise' and has ruled out further visits to the Florida mansion where Epstein sexually exploited underage girls.

In a warning that may have come from the Queen, the duke's aides have advised him that his continued association with the paedophile risked damaging the reputation of the monarchy.

Now the humiliated duke, the fourth in line to the throne, has backed down and cut ties with Epstein, 58, in the hope that he can draw a line under the sordid association.

An impeccably-placed source said yesterday: 'The duke recognises now that the meeting in December 2010, after Epstein's conviction, was unwise.'

It was not clear last night if [redacted], a UK trade envoy, has acted before fresh revelations about the friendship are made public.

Earlier this week, in a rare move, his conduct was raised on the floor of the House of Commons.

But, whatever the motivation, his decision to sever ties with an old friend is a tacit admission that he has got it wrong with his choice of friends.

---

**From:** [redacted] (FBI) <[redacted]>
**Sent:** Sunday, March 06, 2011 6:37 PM
**To:** [redacted] (USAFLS)
**Subject:** Re: Jeffrey Epstein/[redacted]

Just what was in the email below. Nothing else.

----- Original Message -----
From: [redacted] (USAFLS) <[redacted]>
To: [redacted].
Sent: Fri Mar 04 16:04:55 2011
Subject: FW: Jeffrey Epstein/[redacted]

Can you please call me about this? I am at my desk.

[redacted]
Assistant U.S. Attorney
[redacted]
Fax [redacted]

-----Original Message-----
From: [redacted], [redacted] (USAFLS)
Sent: Friday, March 04, 2011 3:56 PM
To: [redacted]
Cc: [redacted] (USAFLS)
Subject: RE: Jeffrey Epstein/[redacted]

HI Nick,

Thank you for your email. This is always the best way to get me. I am hardly ever at my desk, but always have my blackberry on me.

As to your question, I will not be able to help you. We cannot comment, confirm or deny the existence of any investigation or on our intention to open or close a matter.
Sorry
Thanks
[redacted].

-----Original Message-----
From: [redacted] [mailto:[redacted]]
Sent: Friday, March 04, 2011 3:16 PM
To: [redacted], [redacted] (USAFLS)
Subject: Jeffrey Epstein/[redacted]

Dear [redacted],

I work for the Mail on Sunday newspaper in London, England. The Mail on Sunday last week published an interview with [redacted] about her time working for Jeffrey Epstein. We plan to publish more revelations this week.

I have been led to believe that the FBI is interested in pursuing the allegations published in the Mail on Sunday - and that Epstein may have committed offences not covered by the non prosecution agreement.

Can you give me any guidance as to whether my information is correct?

You may contact me by email or on [redacted].

Regards,

Nick Pryer
Assistant Features Editor
Mail on Sunday

This e-mail and any attached files are intended for the named addressee only. It contains information which may be confidential and legally privileged and also protected by copyright. Unless you are the named addressee (or authorised to receive for the addressee) you may not copy or use it, or disclose it to anyone else. If you received it in error please notify the sender immediately and then delete it from your system. Please be advised that the views and opinions expressed in this e-mail may not reflect the views and opinions of Associated Newspapers Limited or any of its subsidiary companies. We make every effort to keep our network free from viruses. However, you do need to check this e-mail and any attachments to it for viruses as we can take no responsibility for any computer virus which may be transferred by way of this e-mail. Use of this or any other e-mail facility signifies consent to any interception we might lawfully carry out to prevent abuse of these facilities.
Associated Newspapers Ltd. Registered Office: [redacted].

---

This e-mail and any attached files are intended for the named addressee only. It contains information, which may be confidential and legally privileged and also protected by copyright. Unless you are the named addressee (or authorised to receive for the addressee) you may not copy or use it, or disclose it to anyone else. If you received it in error please notify the sender immediately and then delete it from your system. Please be advised that the views and opinions expressed in this e-mail may not reflect the views and opinions of Associated Newspapers Limited or any of its subsidiary companies. We make every effort to keep our network free from viruses. However, you do need to check this e-mail and any

attachments to it for viruses as we can take no responsibility for any computer virus which may be transferred by way of this e-mail. Use of this or any other e-mail facility signifies consent to any interception we might lawfully carry out to prevent abuse of these facilit!
ies.
Associated Newspapers Ltd. Registered Office: [redacted].

------------
**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 10, 2011 8:04 AM
**To:** [redacted]. (USAFLS)
**Subject:** Re: Epstein/Conf. Call

[redacted]:

If you get a chance, could you send me a copy of the agreement before today's meeting?

Thanks,

[redacted]

**From**: [redacted]. (USAFLS)
**Sent**: Tuesday, March 08, 2011 02:08 PM
**To**: [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc**: [redacted] (USAFLS)
**Subject**: RE: Epstein/Conf. Call

I have a change of plea at 9:30 and then the Health Care Fraud Task Force meeting at 10:00.

Could we start at 11:30?

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

-----Original Appointment-----
**From:** [redacted] (USAFLS) **On Behalf Of** [redacted]. (USAFLS)
**Sent:** Tuesday, March 08, 2011 8:56 AM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Epstein/Conf. Call

**When:** Thursday, March 10, 2011 10:00 AM-10:30 AM (GMT-05:00) Eastern Time (US & Canada).
**Where:** [redacted] Ofc./[redacted]

**From:** [redacted] (USAFLS)

**Sent:** Monday, March 07, 2011 6:53 PM

**To:** [redacted] (USAFLS)

Can you please set up a meeting/conference call re: Epstein for Thursday morning with me, [redacted], [redacted], [redacted], and [redacted]? Thanks.

---

**From:** Ann [redacted] <[redacted]>
**Sent:** Monday, March 14, 2011 12:29 AM
**To:** [redacted], (USAFLS)
**Subject:** Cassell or Edwards commenting to press re Jane Doe suit
**Attachments:** Duke of York to face fresh questions as Epstein case takes new twist - Telegraph.pdf.zip

Thought you should see this and we should discuss.

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Tuesday, March 15, 2011 11:54 AM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted], [redacted] (USAFLS)
**Subject:** Latest Draft of Letter to Paul Cassel
**Attachments:** Cassell Response Letter - rev5.wpd

[redacted] and [redacted]:

Attached is the latest draft of the letter that [redacted] intends to send to Mr. Cassel. Could you please review the draft and let us know if you have any comments or concerns concerning this draft? [redacted] would like to send the letter out today.

Thanks,

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, March 07, 2011 5:55 PM

**To:** [redacted]. (USAFLS); [redacted], [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein

Today Show just called. No joke. They are doing a story how the case was reopened. I won't confirm anything.

[redacted]

**From:** [redacted]. (USAFLS)
**Sent:** Monday, March 07, 2011 5:38 PM
**To:** [redacted].(USAFLS)
**Subject:** RE: Jeffrey Epstein

How many more incorrect statements can be printed????? It is like one feeds off another that feeds off another. That woman at the Daily Beast is just making things up at this point.

What is SMO, by the way?

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted].(USAFLS)
**Sent:** Monday, March 07, 2011 5:28 PM
**To:** [redacted]. (USAFLS)
**Subject:** FW: Jeffrey Epstein

See below. Is this your case? Obviously we will make no comment.

**From:** [redacted] (SMO)
**Sent:** Monday, March 07, 2011 5:25 PM
**To:** [redacted].(USAFLS)
**Subject:** FW: Jeffrey Epstein

I believe [redacted] is out. See below.

---

**From:** [redacted] (SMO)
**Sent:** Monday, March 07, 2011 5:18 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** Jeffrey Epstein

[redacted], Is your office handling this matter? A WSJ reporter is trying to get more information.

**The Justice Department is investigating Jeffrey Epstein for child trafficking, The Daily Beast has learned—and has widened the scope of its probe to include a famous modeling agency.**

Hedge-fund manager Jeffrey Epstein completed his sentence for soliciting prostitution with a minor last week. But it appears his problems may not be over. Now The Daily Beast has learned that:

**• Federal investigators continue to investigate Epstein's activities, to see whether there is evidence of child trafficking—a far more serious charge than the two in his non-prosecution agreement, the arrangement between Epstein and the Department of Justice allowing him to plead guilty to lower-level state crimes. Trafficking can carry a 20-year sentence.**

**• The FBI is also investigating Epstein's friend Jean Luc Brunel, whose MC2 modeling agency appears to have been a source of girls from overseas who ended up on Epstein's private jets.**

Under the concept of double jeopardy, Epstein can no longer be prosecuted for any of the charges covered by his non-prosecution agreement, in which he agreed to serve a short term of incarceration, fund the civil suits of named victims, and register as a sex offender. The victims who accepted cash settlements in these civil suits agreed not to testify against him or speak publicly about the case. However, new evidence developed by the Department of Justice on other offenses not covered by the agreement, including allegations by additional victims who come forward, could lead to new charges. There is no statute of limitations in the federal sex-trafficking law, which was also enacted by the state of Florida in 2002. Because his predatory habits stretch back many years and involved dozens of young-looking girls, there may well be more evidence to uncover. (Several young women who claim to be Epstein victims have recently contacted a Ft. Lauderdale lawyer, but to date no new civil complaints have been filed.)

These new developments come one week after the publication of two articles in The Daily Beast about Epstein's pattern of sexual contact with underage girls, which Palm Beach police began investigating in 2005 and the U.S. Attorney's office then settled in a 2007 plea deal. The first article quoted a

deposition by then-Palm Beach Chief of Police Michael Reiter, in which he stated that Epstein, a billionaire with many powerful friends, had received special treatment in both his plea deal and the terms of his incarceration. Although federal investigators at one point produced a draft 53-page indictment against Epstein, he was eventually allowed to plead guilty to only two relatively minor state charges and receive a short term of incarceration: 13 months in the county jail, during which he went to the office every day, and one year of community control, during which he traveled frequently to New York and his private island in the Virgin Islands.

The Daily Beast has now discovered another instance in which Epstein apparently received special consideration: As a convicted sex offender, he is required by law to undergo an impartial psychological evaluation prior to sentencing and to receive psychiatric treatment during and after incarceration. This is because child molesters tend to be repeat offenders with high rates of recidivism. According to a source in law enforcement, however, Epstein was allowed to submit a report by his private psychologist, Dr. Stephen Alexander of Palm Beach, Florida, whose phone has since been disconnected with no forwarding information.

The Daily Beast's second article provided details about Epstein's systematic abuse of underage girls at his Palm Beach mansion, where members of his staff allegedly recruited and paid a parade of teenagers, most of them 16 or younger, to perform daily massages that devolved into masturbation, groping, and sometimes full-blown sexual contact. It also revealed a monetary relationship between Epstein and Jean Luc Brunel, a frequent visitor to whom he gave $1 million around the same time that Brunel was starting his MC2 modeling agency. Some of the young girls MC2 recruited from overseas —often from Eastern Europe and South America—are known to have been passengers on Epstein's private jets.

The U.S. Attorney General's Office in Florida says that it is against policy to confirm or deny the existence of an investigation. Jeffrey Epstein's lawyer, Jack Goldberger, says he has no knowledge of an ongoing probe, and he told The Daily Beast, "Jeffrey Epstein has fully complied with all state and federal requirements that arise from the prior proceedings in Palm Beach. There are no pending civil lawsuits. There are not and should not be any pending criminal investigations, given Mr. Epstein's complete fulfillment of all the terms of his non-prosecution agreement with the federal government."

Read more: http://www.businessinsider.com/hedge-funder-joseph-epstein-investigated-for-child-trafficking-2010-7#ixzz1FxAJrdFa

------------

| | |
|---|---|
| **From:** | [redacted]. (USAFLS) <[redacted]> |
| **Sent:** | Monday, March 14, 2011 11:27 AM |
| **To:** | [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS) |
| **Subject:** | FW: Cassell or Edwards commenting to press re Jane Doe suit |
| **Attachments:** | Duke of York to face fresh questions as Epstein case takes new twist - Telegraph.pdf.zip |

Thought you should see this. Don't know if we need to file anything with the court about disclosing matters before the court to the press? Or whether it appears that Edwards may be trying to use the new criminal investigation to assist him in his defense of Epstein's civil suit against him (or in Edwards' counterclaim for defamation)?

The agents fly to Australia today to interview the witness.

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Tuesday, March 15, 2011 6:51 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted], [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Epstein

Hi [redacted],

I think you mentioned last week that you were preparing a memo addressing some of the legal and strategic issues relating to a potential new investigation into Epstein and/or other targets. Once you've done that, we should probably set aside some time to chat about the case generally. Also, [redacted] reached out to [redacted] and me last week and raised some issues that we can discuss as well. Thanks.

---

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Friday, March 04, 2011 3:47 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** FW: Jeffrey Epstein/[redacted]

Here is his inquiry -- he wants me to confirm whether FBI is interested in this info. I will not.

-----Original Message-----
From: [redacted] [mailto:[redacted]]
Sent: Friday, March 04, 2011 3:16 PM
To: [redacted], [redacted] (USAFLS)
Subject: Jeffrey Epstein/[redacted]

Dear [redacted],

I work for the Mail on Sunday newspaper in London, England. The Mail on Sunday last week published an interview with [redacted] about her time working for Jeffrey Epstein. We plan to publish more revelations this week.

I have been led to believe that the FBI is interested in pursuing the allegations published in the Mail on Sunday - and that Epstein may have committed offences not covered by the non prosecution agreement.

Can you give me any guidance as to whether my information is correct?

You may contact me by email or on [redacted].

Regards,

Nick Pryer
Assistant Features Editor
Mail on Sunday

This e-mail and any attached files are intended for the named addressee only. It contains information which may be confidential and legally privileged and also protected by copyright. Unless you are the named addressee (or authorised to receive for the addressee) you may not copy or use it, or disclose it to anyone else. If you received it in error please notify the sender immediately and then delete it from your system. Please be advised that the views and opinions expressed in this e-mail may not reflect the views and opinions of Associated Newspapers Limited or any of its subsidiary companies. We make every effort to keep our network free from viruses. However, you do need to check this e-mail and any attachments to it for viruses as we can take no responsibility for any computer virus which may be transferred by way of this e-mail. Use of this or any other e-mail facility signifies consent to any interception we might lawfully carry out to prevent abuse of these facilities.
Associated Newspapers Ltd. Registered Office: [redacted].

---

This e-mail and any attached files are intended for the named addressee only. It contains information, which may be confidential and legally privileged and also protected by copyright. Unless you are the named addressee (or authorised to receive for the addressee) you may not copy or use it, or disclose it to anyone else. If you received it in error please notify the sender immediately and then delete it from your system. Please be advised that the views and opinions expressed in this e-mail may not reflect the views and opinions of Associated Newspapers Limited or any of its subsidiary companies. We make every effort to keep our network free from viruses. However, you do need to check this e-mail and any attachments to it for viruses as we can take no responsibility for any computer virus which may be transferred by way of this e-mail. Use of this or any other e-mail facility signifies consent to any interception we might lawfully carry out to prevent abuse of these facilit!

ies.
Associated Newspapers Ltd. Registered Office: [redacted].

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Tuesday, March 01, 2011 4:51 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Janes Does 1 and 2 v. United States - March 1, 2011 Conference Call with Cassell

[redacted] and [redacted],

At 11:30 a.m. today, [redacted], [redacted], and I spoke with Paul Cassell and Brad Edwards on a conference call regarding the posture of the case. [redacted] told them we had spoken with officials at the DOJ, and the government was not going to stand by the sidelines and allow the victims to litigate the impropriety of negotiating the non-prosecution agreement without consulting the victims. We told Cassell we were going to defend the government's actions. At this point, Cassell said they only wanted us to stand by the sidelines if the court determined that rights attached in the absence of a charging document.

This was not my recollection of what was discussed on February 10. In any event, I told him the government believed the court was without authority to set aside the non-prosecution agreement, even if it found a violation of the CVRA. Cassell said our position was that the right to consult was a right without a remedy. I said yes, in our situation involving a non-prosecution agreement. He argued that in In Re Dean, the Fifth Circuit found that the plea agreement could be set aside. I told Cassell that a plea agreement comes before the court for approval, but a non-prosecution agreement is not subject to judicial pre-approval.

We then began talking about information the victims wanted from the government. Cassell tried to analogize the victims as criminal defendants, entitled to information helpful to their cases, just like a defendant is entitled to exculpatory and impeachment information. I disagreed. The right of a criminal defendant to obtain exculpatory and impeachment information is based on the due process clause, which does not apply to our civil litigation.

Cassell then suggested we should try to cooperate, and provide helpful information in our possession. When we told him we were not obligated to do that, Edwards asked if it would be alright to address their inquiries directly to the United States Attorney. I told him they were free to do so, as the United States Attorney was a public official. I expect you will be receiving a letter soon seeking access and disclosure of information pertaining to C.W. and T.M.

Edwards said he would be sending us a draft statement of facts and their legal memorandum in the next few days. Cassell again mentioned the letters written by [redacted] and others, expressing the view that the CVRA applied to the victims. I told them that such factual admissions did not create a legal duty, where one does not otherwise exist. If we had written a hundred letters stating no duty existed without a charging document, I don't think the victims would be voluntarily dismissing their case.

While Cassell denied they were seeking to make our office look bad, he also said he believed it relevant that the court know about what was going on between the U.S. Attorney's Office and Epstein's attorneys, as well as the correspondence between the FBI and this Office, telling the victims of their rights under the CVRA. In previous phone conferences, he has suggested this office engaged in duplicity by telling victims they had rights under the CVRA, but negotiating the non-prosecution agreement without consulting with them.

[redacted]

---------

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Tuesday, March 01, 2011 4:08 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** FW: hypothetical question

Nasty, huh?
-----Original Message-----
From: csarnoff [mailto:[redacted]]
Sent: Tuesday, March 01, 2011 4:02 PM
To: [redacted], [redacted] (USAFLS)
Subject: Re: hypothetical question

Yes [redacted], this is a great inconvenience. Odd too that a practising lawyer cannot comment on a hypothetical case.

Forgive me, I thought moot court was exactly this- to learn the law through simulated court proceedings.

In the meantime, do you know a prosecutor in Fla who would speak to me who has nothing to do with Epstein case- since this is obviously your concern- who would answer this hypothetical question?

Thank you,
Conchita
------Original Message------
From: [redacted]
To: [redacted]
Cc: [redacted] (USAFLS)

Subject: RE: hypothetical question
Sent: 1 Mar 2011 15:19

Hi Conchita.
I received your voicemail and [redacted] explained your conversation with her to me. Unfortunately, I cannot help you either. My answer is the same as hers: As prosecutors, we cannot give you a legal opinion on whether a hypothetical set of facts might or might not constitute a federal crime.
Sorry for the inconvenience.
Take care,
[redacted]

-----Original Message-----
From: csarnoff [mailto:[redacted]]
Sent: Tuesday, March 01, 2011 2:09 PM
To: [redacted], [redacted] (USAFLS)
Subject:

Hello [redacted],

Left message on your VB. Spoke to [redacted] this morning who said she would have you call me.

Have a legal question re prosecution of adult sex offenders in Fla.

If adult (pimp) pays a minor, to have sex with another adult (say transaction was negotiated in Fla or other state in the US), and minor has sex with another adult (not pimp) outside the US, is that considered a crime in Fla and the US?

Secondly, can "pimp" be prosecuted in fla or other US state for paying minor to have sex with other adult outside US?

Thank you,
[redacted]
Sent from my Verizon Wireless BlackBerry

Sent from my Verizon Wireless BlackBerry

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Tuesday, March 01, 2011 3:43 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** RE: hypothetical question

Wouldn't all of this have been easier if we had just prosecuted Epstein in the first place?

[redacted]
Assistant U.S. Attorney
[redacted]
Fax [redacted]

-----Original Message-----
From: [redacted], [redacted] (USAFLS)

Sent: Tuesday, March 01, 2011 3:19 PM
To: [redacted]
Cc: [redacted] (USAFLS)
Subject: RE: hypothetical question

Hi Conchita.
I received your voicemail and [redacted] explained your conversation with her to me. Unfortunately, I cannot help you either. My answer is the same as hers: As prosecutors, we cannot give you a legal opinion on whether a hypothetical set of facts might or might not constitute a federal crime. Sorry for the inconvenience.

Take care,
[redacted]

-----Original Message-----
From: csarnoff [mailto:[redacted]]
Sent: Tuesday, March 01, 2011 2:09 PM
To: [redacted], [redacted] (USAFLS)
Subject:

Hello [redacted],

Left message on your VB. Spoke to [redacted] this morning who said she would have you call me.

Have a legal question re prosecution of adult sex offenders in Fla.

If adult (pimp) pays a minor, to have sex with another adult (say transaction was negotiated in Fla or other state in the US), and minor has sex with another adult (not pimp) outside the US, is that considered a crime in Fla and the US?

Secondly, can "pimp" be prosecuted in fla or other US state for paying minor to have sex with other adult outside US?

Thank you,
[redacted]
Sent from my Verizon Wireless BlackBerry

------------

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Tuesday, March 01, 2011 10:02 AM
**To:** [redacted], [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Press Inquiries re Jeffrey Epstein Case
**Attachments:** jeffrey-epstein-introduc.pdf; Daily Mail Article.pdf

Hi [redacted] and Annette – I just left [redacted] a long involved voicemail because I received two calls from [redacted] also about this story, asking for my opinion about what was reported in the Daily Mail story. I told Conchita that I cannot answer her questions and that she should be posing those questions to the attorney for her newspaper, not to me. I told Conchita that you would call her. Her number is [redacted].

Anyhow, here is a copy of the Daily Mail story and a copy of a story that appeared in today's Palm Beach Daily News that just reiterates the Daily Mail story.

In terms of what you can say, I would run it past [redacted] and [redacted], but just that the prior administration decided to defer prosecution in favor of prosecution by the State, which had originally opened the case. One important point of fact, which probably cannot be disclosed, is that [redacted] refused to cooperate with the FBI investigation at the time, although in the article she states that she told everything to the FBI.

Thank you.

<<jeffrey-epstein-introduc.pdf>> <<Daily Mail Article.pdf>>

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted], [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 5:21 PM
**To:** [redacted]. (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** RE: Press Inquiries re Jeffrey Epstein Case

He just did and left massage. Can we speak to him, and what would we say? I suggest we pass, unless he just basic info about the charges. What do you think?

---

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 3:56 PM
**To:** [redacted], [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Press Inquiries re Jeffrey Epstein Case

Hi [redacted] – I just got a call from a reporter for the Daily Mail, one of the Britain's main newspapers, about Epstein. There is a lot of hubbub over there about Epstein right now because he was recently photographed with Prince Andrew.

I gave him your name and number and told him to call you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

------------

**From:** [redacted], [redacted] (USAFLS) <[redacted]>

**Sent:** Friday, March 04, 2011 3:56 PM
**To:** [redacted]
**Cc:** [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein/[redacted]

HI Nick.
Thank you for your email. This is always the best way to get me. I am hardly ever at my desk, but always have my blackberry on me.

As to your question, I will not be able to help you. We cannot comment. confirm or deny the existence of any investigation or on our intention to open or close a matter.

Sorry
Thanks
[redacted].

-----Original Message-----
From: [redacted] [mailto:[redacted]]
Sent: Friday, March 04, 2011 3:16 PM
To: [redacted], [redacted] (USAFLS)
Subject: Jeffrey Epstein/[redacted]

Dear [redacted],

I work for the Mail on Sunday newspaper in London, England. The Mail on Sunday last week published an interview with [redacted] about her time working for Jeffrey Epstein. We plan to publish more revelations this week.

I have been led to believe that the FBI is interested in pursuing the allegations published in the Mail on Sunday - and that Epstein may have committed offences not covered by the non prosecution agreement.

Can you give me any guidance as to whether my information is correct?

You may contact me by email or on [redacted].

Regards,

Nick Pryer
Assistant Features Editor
Mail on Sunday

This e-mail and any attached files are intended for the named addressee only. It contains information which may be confidential and legally privileged and also protected by copyright. Unless you are the named addressee (or authorised to receive for the addressee) you may not copy or use it, or disclose it to anyone else. If you received it in error please notify the sender immediately and then delete it from your system. Please be advised that the views and opinions expressed in this e-mail may not reflect the views and opinions of Associated Newspapers Limited or any of its subsidiary companies. We make every effort to keep our network free from viruses. However, you do need to check this e-mail and any attachments to it for viruses as we can take no responsibility for any computer virus which may be transferred by way of this e-mail. Use of this or any other e-mail facility signifies consent to any interception we might lawfully carry out to prevent abuse of these facilities.

Associated Newspapers Ltd. Registered Office: [redacted].

This e-mail and any attached files are intended for the named addressee only. It contains information, which may be confidential and legally privileged and also protected by copyright. Unless you are the named addressee (or authorised to receive for the addressee) you may not copy or use it, or disclose it to anyone else. If you received it in error please notify the sender immediately and then delete it from your system. Please be advised that the views and opinions expressed in this e-mail may not reflect the views and opinions of Associated Newspapers Limited or any of its subsidiary companies. We make every effort to keep our network free from viruses. However, you do need to check this e-mail and any attachments to it for viruses as we can take no responsibility for any computer virus which may be transferred by way of this e-mail. Use of this or any other e-mail facility signifies consent to any interception we might lawfully carry out to prevent abuse of these facilit!

ies.
Associated Newspapers Ltd. Registered Office: [redacted].

---

**From:** [redacted], (USAFLS) <[redacted]>
**Sent:** Friday, March 04, 2011 3:52 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** Re: Jeffrey Epstein/[redacted]

Let me call you before you respond

----- Original Message -----
From: [redacted], [redacted] (USAFLS)
Sent: Friday, March 04, 2011 03:47 PM
To: [redacted]. (USAFLS)
Cc: [redacted] (USAFLS)
Subject: FW: Jeffrey Epstein/[redacted]

Here is his inquiry -- he wants me to confirm whether FBI is interested in this info. I will not.

-----Original Message-----
From: [redacted] [mailto:[redacted]]
Sent: Friday, March 04, 2011 3:16 PM
To: [redacted], [redacted] (USAFLS)
Subject: Jeffrey Epstein/[redacted]

Dear [redacted],

I work for the Mail on Sunday newspaper in London, England. The Mail on Sunday last week published an interview with [redacted] about her time working for Jeffrey Epstein. We plan to publish more revelations this week.

I have been led to believe that the FBI is interested in pursuing the allegations published in the Mail on Sunday - and that Epstein may have committed offences not covered by the non prosecution agreement.

Can you give me any guidance as to whether my information is correct?

You may contact me by email or on [redacted].

Regards,

Nick Pryer
Assistant Features Editor
Mail on Sunday

This e-mail and any attached files are intended for the named addressee only. It contains information which may be confidential and legally privileged and also protected by copyright. Unless you are the named addressee (or authorised to receive for the addressee) you may not copy or use it, or disclose it to anyone else. If you received it in error please notify the sender immediately and then delete it from your system. Please be advised that the views and opinions expressed in this e-mail may not reflect the views and opinions of Associated Newspapers Limited or any of its subsidiary companies. We make every effort to keep our network free from viruses. However, you do need to check this e-mail and any attachments to it for viruses as we can take no responsibility for any computer virus which may be transferred by way of this e-mail. Use of this or any other e-mail facility signifies consent to any interception we might lawfully carry out to prevent abuse of these facilities.
Associated Newspapers Ltd. Registered Office: [redacted].

---

This e-mail and any attached files are intended for the named addressee only. It contains information, which may be confidential and legally privileged and also protected by copyright. Unless you are the named addressee (or authorised to receive for the addressee) you may not copy or use it, or disclose it to anyone else. If you received it in error please notify the sender immediately and then delete it from your system. Please be advised that the views and opinions expressed in this e-mail may not reflect the views and opinions of Associated Newspapers Limited or any of its subsidiary companies. We make every effort to keep our network free from viruses. However, you do need to check this e-mail and any attachments to it for viruses as we can take no responsibility for any computer virus which may be transferred by way of this e-mail. Use of this or any other e-mail facility signifies consent to any interception we might lawfully carry out to prevent abuse of these facilit!

ies.
Associated Newspapers Ltd. Registered Office: [redacted].

---

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Wednesday, March 09, 2011 4:33 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS); [redacted], [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted]. (FBI)
**Subject:** Highly Confidential -- Preliminary Investigation of Additional Crimes of Jeffrey Epstein and Others

**Importance:** High

As all of you know, there has been much in the press lately about revelations by [redacted] regarding her relationship with Jeffrey Epstein and his introduction of her to a number of highly placed world and business leaders. Ms. [redacted] was one of the victims identified in our initial investigation of Jeffrey Epstein, although at the time we were only able to speak to her briefly on the telephone, and the agency and the office were unwilling to spend the funds to fly a group to Australia to interview her without an assurance that she would provide complete information.

Through speaking with the press, Ms. [redacted] made contact with Brad Edwards and his investigator, [redacted] Fisten, who in turn, reached out to me, and I to Special Agent [redacted], regarding these new allegations. (They

are not allegations that we had heard from Ms. [redacted] during the initial investigation.) Special Agent [redacted] and I spoke briefly with Ms. [redacted] on Monday to arrange with her to do a formal interview, with FBI LegAt and Australian National Police involvement, at the American embassy in Sydney. We are trying to set up that interview for Monday or Tuesday.

Today, Special Agent [redacted] and I met with Brad Edwards, [redacted] Fisten, and one of Brad Edwards' law partners, Steve Jaffe, regarding Ms. [redacted]' allegations and other potential crimes uncovered during the course of Edwards' and Fisten's lengthy investigation of Epstein during their prosecution of several civil suits against him. I mean to provide you all with a lengthy legal memo discussing the potential charges against Epstein and the effect of the Non-Prosecution Agreement on any prosecution, but the things we learned today were of such significance, that I did not want to wait any longer.

[redacted] Fisten provided us with the following information regarding [redacted]. Ms. [redacted] has reported that she was flown all over the United States and Europe to have sex with a number of prominent men and one woman. All of the trips were on Epstein's private plane and after each encounter she was paid by Epstein. Ms. [redacted] also reports that the encounters were videotaped by Epstein and, at the end of each encounter, Epstein would "debrief" Ms. [redacted] and take notes. These allegations are consistent with information received during our investigation that Epstein made his millions by "getting dirt" on important people and blackmailing them. Ms. [redacted] also reported that Epstein gave her Xanax to keep her emotionally malleable.

The important people who were listed are: Governor Bill Richardson; Prince Andrew; Alan Dershowitz (oral sex when Ms. [redacted] was 16); Senator George Mitchell; (former) Israeli Prime Minister Ehud Barak; Les Wexner (CEO of The Limited Group/Victorias Secret); Ghislaine Maxwell; Glenn Dubin (founder of Highbridge Capital); and a Nobel Prize winning scientist from Harvard. Ms. [redacted] has allegedly seen some of the videos and she may have pictures or other documentation, but we will need to get that from her. She also said that there were a lot of other people that she was forced to have sex with, but she would need to see pictures to identify them. Ms. [redacted] also reported that President Bill Clinton came to Epstein's house several times and received "erotic massages," although not from her, and at least one of these happened while he was still president. Some of these encounters occurred in Palm Beach, some in New Mexico, some in the U.S. Virgin Islands, and some in Europe (all at Epstein's residences or on his plane). [Please note that the newspapers say "there is no allegation that there was any sexual contact with Prince Andrew" due to the libel laws in England that don't allow the un-corroborated statements to be published, but she did report having sex with all of the above-listed men to the reporter, according to Fister.]

Ms. [redacted] identified at least two other girls who were prostituted by Epstein to this high-profile men.

In addition to these crimes, Brad Edwards and [redacted] Fisten provided a lot of information regarding their own investigation of Epstein that relate to obstruction of justice, including: Epstein's perjury during a deposition in one of the civil cases that led the court reporter to approach Edwards and say "that is the clearest case of perjury I have ever seen and I will be happy to testify about it for you;" evidence of Epstein and his probation officer falsifying records showing that Epstein was at home while Epstein was in South Beach or outside the state; and Epstein sending a lawyer to see a victim who had been subpoenaed and telling her that the government was going to take away her baby if she cooperated.

And, last but certainly not least, there was a long discussion of Epstein's involvement with a modeling agency based in New York and Miami that was used as a front to bring in underage girls to service Epstein and his friends. There are a number of potential targets related to these allegations but, in short, the agency would submit fraudulent visa applications saying that the girls were here to model, but they were really brought in to prostitute – a classic human trafficking case. Epstein's partner has previously been discredited in connection with a former modeling agency he owned where he used promises of modeling contracts to sexually abuse young girls.

Edwards and Fister also have been in contact with a "source" who Epstein has contacted to discuss developing a new "system" to obtain large amounts of girls. They are going to provide Wende's card to this "source" to see if

he is willing to cooperate.

As mentioned, I will write up a formal memo with analysis and a proposed course of conduct

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, February 28, 2011 1:35 PM
**To:** [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Sure – who is [redacted] by the way?

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:29 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Maybe after we finish with DOJ, the four of us (you two and [redacted] and I) can stay on and discuss a bit further? After my discussion with the person at Appellate and some case law research, I have some ideas.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:25 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Absolutely. I agree with you. Thanks.

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:24 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted].

I really don't think we can do what Cassell asks, to stand by and do nothing. Can I represent that as our office's position?

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:21 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** FW: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I'm going to call in but really only to listen. Thanks.

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 1:12 PM
**To:** [redacted] (USAEO); [redacted]. (SMO); [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

The call in number for 1:30 is [redacted], pass code [redacted].

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:29 PM
**To:** [redacted] (SMO); [redacted] (USAFLS); [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Let's say 1:30. We will get a call in #. Thanks.

**From:** [redacted] (SMO)
**Sent:** Monday, February 28, 2011 12:27 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO); [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Me too.

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted] (USAEO); [redacted] (USAEO); [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Either of those times works for me. Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:25 PM

**To:** [redacted] (USAFLS); [redacted] (USAEO); [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I apologize, but we didn't schedule since we hadn't heard regarding everyone's availability. Does 1:00 or 1:30 work?

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 11:54 AM
**To:** [redacted] (USAEO); [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Are we speaking at noon? What is the call-in number?

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 9:08 AM
**To:** [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

If you mean can I get a conference call line, yes, I can.

**From:** [redacted] (SMO)
**Sent:** Monday, February 28, 2011 9:07 AM
**To:** [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Can you set up a call? I have a 10:00 meeting (30 minutes), and an as yet unscheduled obligation to assist in briefing the AG for his testimony on the Hill tomorrow. Sometime between noon and 1 is likely to be best for me. [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted] (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted] (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 04:08 PM
**To:** [redacted] (SMO); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted],

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is

most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted] (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 02:23 PM
**To:** [redacted] (SMO); [redacted] (USAEO)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months.

Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, February 28, 2011 1:29 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Maybe after we finish with DOJ, the four of us (you two and [redacted] and I) can stay on and discuss a bit further? After my discussion with the person at Appellate and some case law research, I have some ideas.

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

Fax [redacted]

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:25 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Absolutely. I agree with you. Thanks.

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:24 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted],

I really don't think we can do what Cassell asks, to stand by and do nothing. Can I represent that as our office's position?

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:21 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** FW: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I'm going to call in but really only to listen. Thanks.

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 1:12 PM
**To:** [redacted] (USAEO); [redacted]. (SMO); [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

The call in number for 1:30 is [redacted], pass code [redacted].

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:29 PM
**To:** [redacted]. (SMO); [redacted]. (USAFLS); [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Let's say 1:30. We will get a call in #. Thanks.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 12:27 PM
**To:** [redacted]. (USAFLS); [redacted] (USAEO); [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Me too.

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted] (USAEO); [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Either of those times works for me. Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted]. (USAFLS); [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I apologize, but we didn't schedule since we hadn't heard regarding everyone's availability. Does 1:00 or 1:30 work?

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 11:54 AM
**To:** [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Are we speaking at noon? What is the call-in number?

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 9:08 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

If you mean can I get a conference call line, yes, I can.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 9:07 AM
**To:** [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Can you set up a call? I have a 10:00 meeting (30 minutes), and an as yet unscheduled obligation to assist in briefing the AG for his testimony on the Hill tomorrow. Sometime between noon and 1 is likely to be best for me. [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 04:08 PM
**To:** [redacted]. (SMO); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted].

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From**: [redacted] (USAFLS)
**Sent**: Saturday, February 26, 2011 02:23 PM
**To**: [redacted]. (SMO); [redacted] (USAEO)
**Cc**: [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject**: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and

U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted] [redacted] [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have

since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, February 28, 2011 1:55 PM
**To:** [redacted], (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Probably a conference call is just as easy

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 1:54 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Should we call the number again? Or should I just do a conf call?

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:35 PM
**To:** [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Sure – who is [redacted] [redacted] by the way?

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 1:29 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

Maybe after we finish with DOJ, the four of us (you two and [redacted] and I) can stay on and discuss a bit further? After my discussion with the person at Appellate and some case law research, I have some ideas.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:25 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Absolutely. I agree with you. Thanks.

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:24 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted],

I really don't think we can do what Cassell asks, to stand by and do nothing. Can I represent that as our office's position?

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:21 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** FW: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I'm going to call in but really only to listen. Thanks.

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 1:12 PM
**To:** [redacted] (USAEO); [redacted]. (SMO); [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

The call in number for 1:30 is [redacted], pass code [redacted].

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:29 PM
**To:** [redacted]. (SMO); [redacted], (USAFLS); [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Let's say 1:30. We will get a call in #. Thanks.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 12:27 PM
**To:** [redacted]. (USAFLS); [redacted] (USAEO); [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 [redacted]. United States - CVRA Lawsuit (S.D.Fla.)

Me too.

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted] (USAEO); [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Either of those times works for me. Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted]. (USAFLS); [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I apologize, but we didn't schedule since we hadn't heard regarding everyone's availability. Does 1:00 or 1:30 work?

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 11:54 AM
**To:** [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 [redacted] United States - CVRA Lawsuit (S.D.Fla.)

Are we speaking at noon? What is the call-in number?

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 9:08 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

If you mean can I get a conference call line, yes, I can.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 9:07 AM
**To:** [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Can you set up a call? I have a 10:00 meeting (30 minutes), and an as yet unscheduled obligation to assist in briefing the AG for his testimony on the Hill tomorrow. Sometime between noon and 1 is likely to be best for me. [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 04:08 PM
**To:** [redacted]. (SMO); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted],

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 02:23 PM
**To:** [redacted]. (SMO); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, February 28, 2011 1:54 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Should we call the number again? Or should I just do a conf call?

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

Fax [redacted]

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:35 PM
**To:** [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Sure – who is [redacted] [redacted] by the way?

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 1:29 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Maybe after we finish with DOJ, the four of us (you two and [redacted] and I) can stay on and discuss a bit further? After my discussion with the person at Appellate and some case law research, I have some ideas.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:25 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Absolutely. I agree with you. Thanks.

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:24 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted],

I really don't think we can do what Cassell asks, to stand by and do nothing. Can I represent that as our office's position?

[redacted]

**From:** [redacted] (USAFLS)
**Sent:** Monday, February 28, 2011 1:21 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** FW: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I'm going to call in but really only to listen. Thanks.

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 1:12 PM
**To:** [redacted] (USAEO); [redacted]. (SMO); [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

The call in number for 1:30 is [redacted], pass code [redacted].

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:29 PM
**To:** [redacted]. (SMO); [redacted]. (USAFLS); [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Let's say 1:30. We will get a call in #. Thanks.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 12:27 PM
**To:** [redacted]. (USAFLS); [redacted] (USAEO); [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Me too.

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted] (USAEO); [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Either of those times works for me. Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 12:25 PM
**To:** [redacted]. (USAFLS); [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I apologize, but we didn't schedule since we hadn't heard regarding everyone's availability. Does 1:00 or 1:30 work?

**From**: [redacted]. (USAFLS)
**Sent**: Monday, February 28, 2011 11:54 AM
**To**: [redacted] (USAEO); [redacted]. (SMO); [redacted] (USAFLS)
**Cc**: [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject**: RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Are we speaking at noon? What is the call-in number?

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 9:08 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

If you mean can I get a conference call line, yes, I can.

**From:** [redacted]. (SMO)
**Sent:** Monday, February 28, 2011 9:07 AM
**To:** [redacted] (USAEO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Can you set up a call? I have a 10:00 meeting (30 minutes), and an as yet unscheduled obligation to assist in briefing the AG for his testimony on the Hill tomorrow. Sometime between noon and 1 is likely to be best for me. [redacted]

**From:** [redacted] (USAEO)
**Sent:** Monday, February 28, 2011 8:43 AM
**To:** [redacted]. (SMO); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAEO)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree, as well. I am available anytime between noon and 3:00 today.

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 4:19 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

I agree completely. Let's try and talk Monday, with [redacted] on the phone if possible.

**From:** [redacted] (USAFLS)
**Sent:** Saturday, February 26, 2011 04:08 PM
**To:** [redacted]. (SMO); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Mr. [redacted],

I'm looking for the appropriate officials in the Department with programmatic responsibility for the CVRA, so that we may obtain guidance on our litigating position. What Cassell wants the government to do is abdicate its role in defending its actions. If the DOJ's position is that no rights attach until a charging instrument is filed, then we should vigorously defend that position. Our office is most reluctant to do what Cassell asks, since negotiating the non-prosecution agreement was clearly within the prerogatives granted to the Executive Branch. Whether the bargain struck with Epstein was wise or not should not be the issue.

I will be in the office all day Monday. Thanks for your assistance.

[redacted]

**From:** [redacted]. (SMO)
**Sent:** Saturday, February 26, 2011 3:40 PM
**To:** [redacted] (USAFLS); [redacted] (USAEO)
**Cc:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

[redacted]: Thanks. Perhaps we should try and find a time to talk on Monday. This scenario raises a variety of policy issues that extend well beyond the question of "when do the rights attach." Frankly, I don't think the court should even reach that question given the posture of the case as you describe it.

[redacted]

**From**: [redacted] (USAFLS)
**Sent**: Saturday, February 26, 2011 02:23 PM
**To**: [redacted]. (SMO); [redacted] (USAEO)
**Cc**: [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject**: Jane Does 1 and 2 v. United States - CVRA Lawsuit (S.D.Fla.)

Ms. [redacted] and Mr. [redacted],

Our office is currently litigating a Crime Victims Rights Act (CVRA) lawsuit filed by Jane Does 1 and 2, who were victims of sexual abuse by Jeffrey Epstein, a multi-millionaire investor living in Palm Beach, Florida. Jane Does 1 and 2 v. United States, Case No. 08-80736-CIV-MARRA (S.D.Fla.). We are seeking your advice and guidance on a proposal from the victims' attorneys, that the government take no position on whether the CVRA granted rights to the victims, when the U.S. Attorney's Office negotiated a non-prosecution agreement with Epstein.

In 2006, the Palm Beach Police Department began investigating allegations that Jeffrey Epstein was enticing underage girls into prostitution. Epstein was alleged to have paid underage girls to provide him with massages, while the young girls were unclothed. The case was referred to the FBI and U.S. Attorney's Office, and the FBI began its own investigation. Epstein hired a number of highly-paid attorneys, including Alan Dershowitz and Kenneth Starr, to attempt to stave off criminal charges.

Ultimately, in 2007, Epstein was charged in state court with soliciting minors for prostitution. In September 2007, the U.S. Attorney's Office entered into a Non-Prosecution Agreement with Epstein, in which he agreed to plead guilty to the state criminal charge, and serve a sentence of 18 months. Epstein also agreed that, in any civil action under 18 U.S.C. 2255 by the underage victims, he would not raise the lack of a federal sex offense as a defense. In July 2008, Epstein plead guilty, and was sentenced to serve six months at the Palm Beach County Detention Facility, followed by 12 months in home detention.

In July 2008, after the Non-Prosecution Agreement had been executed, two victims, [redacted] and [redacted], filed an action under the CVRA, 18 U.S.C. 3771. They claimed that the government was obligated, under 18 U.S.C. 3771(a)(5), to speak with the victims prior to the execution of the Non-Prosecution Agreement. An emergency hearing was held on July 11, 2008, before U.S. District Judge Kenneth

Marra. Since Epstein had entered his state court plea and been sentenced already, the court found there was no emergency. He directed the parties to meet and determine if there were any factual disputes and whether an evidentiary hearing would be necessary.

Attorney Brad Edwards initially represented the victims. Soon, he was joined by Paul Cassell, a University of Utah law professor, and former federal judge who served in the District of Utah from 2002-2007. Cassell is a victims' rights advocate who has appeared in many cases throughout the United States. The victims' rights suit was inactive for the next two years, with Edwards and Cassell using the civil suit as a means to attempt to gain access to information helpful in their civil actions for damages against Epstein. They were able to obtain a copy of the Non-Prosecution Agreement through the civil litigation.

In August 2010, the district court, noting that the last civil suit had been settled, entered an order closing the case. Edwards and Cassell immediately filed documents with the court, advising that the case should not be closed or dismissed, and they wanted to pursue final action by the court. Since September 2010, AUSA [redacted] and I have been dealing with Cassell and Edwards on how to resolve the case. They claim the victims had a right to be consulted prior to the execution of the Non-Prosecution Agreement, and that we violated the CVRA by not consulting them. The remedy they seek is a set aside by the court of the Non-Prosecution Agreement, and a prosecution of Epstein.

On December 10, 2010, United States Attorney Wifredo A. [redacted], [redacted] [redacted] [redacted], [redacted], and I, met with Cassell, Edwards, and [redacted], one of the victims. We discussed the posture of the case, and [redacted] told us her views of what occurred and her desire to see Epstein receive justice for what he did. Cassell presented U.S. Attorney [redacted] a four-page letter, requesting an investigation of the Jeffrey Epstein prosecution. He claims there may have been improper influence exercising by Epstein, noting that Epstein is a "politically-connected billionaire." Cassell cites to an alleged tip off to Epstein that a search warrant on his residence was to be executed; that a former AUSA, [redacted], left the West Palm Beach office and soon began appearing on behalf of individuals aligned with Epstein; and an unprecedented level of secrecy between the FBI and the U.S. Attorney's Office, where the FBI was purportedly kept in the dark about the impending Non-Prosecution Agreement. He also claims that the victims were deceived regarding the existence of the Non-Prosecution Agreement.

Cassell's request for an investigation was referred to DOJ OPR on December 16, 2010. [redacted] has requested various documents from our office, presumably to determine whether an investigation should be opened. Cassell and Edwards had planned to file a motion for summary judgment on December 17, 2010. Due to concerns that the U.S. Attorney's Office might have to be recused, due to the allegations of misconduct, Cassell agreed to defer filing their motion. We have since been advised by EOUSA General Counsel's Office that there is no need for our office to recuse itself, since we are only litigating the legal issue of whether rights under the CVRA attached.

After the new year began, Cassell inquired about the status of the OPR complaint and the recusal issue.

On Thursday, February 10, 2011, Deputy Chief [redacted], AUSA [redacted], and I spoke with Cassell and Edwards regarding the status of the case. I told them Cassell's letter request for an investigation of the Non-Prosecution Agreement had been referred to OPR, and OPR had requested various documents from our office. I also told them the EOUSA General Counsel's office advised that our office could go ahead and represent the United States in the CVRA lawsuit. I suggested that the parties were ready to move forward with filing documents with the court so it could resolve this case.

I asked whether it might be useful to engage in mediation in an attempt to resolve the case. Cassell told us they wanted the Non-Prosecution Agreement to be set aside. I told him that was not likely to

happen. Cassell then suggested that the United States Government should step aside and allow them to "go after" Epstein to get the agreement set aside. I asked him how he expected that would be done, since the only parties to the Non-Prosecution Agreement were Epstein and the Government. Cassell said they would file their summary judgment motion, and the government would take no position on their motion. Presumably, Epstein would either intervene, or be brought in as a necessary party, and defend the Non-Prosecution Agreement. I told them this would have to be approved by the U.S. Attorney and Main Justice.

I have serious misgivings about not defending the Executive Branch's prerogative to engage in a Non-Prosecution Agreement, free from supervision or oversight by the judiciary. If we stand by the sidelines, Cassell will be arguing the Government was obligated to consult with the victims, and because we failed to do so, the agreement is a nullity. Whatever we may think of the Agreement, it was the prerogative of the U.S. Attorney's Office to enter into it with Epstein, and we should be willing to defend what we did. The DOJ's position is that the rights in the CVRA do not attach until there is a federal court proceeding. Since Epstein was never charged in federal court, we were not obligated to consult with the victims before entering into the Non-Prosecution Agreement.

We wanted to seek your views on Cassell's suggestion before we responded to him. We are currently scheduled to have a conference call with Cassell and Edwards on Tuesday, March 1. I can be reached at [redacted]. Thanks.

[redacted]

---

**From:** Paul Cassell <[redacted]>
**Sent:** Monday, February 28, 2011 3:14 PM
**To:** [redacted], (USAFLS); Brad Edwards
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jane Does v. United States - latest draft of statement of acts
**Attachments:** motion-finding-violation-22411.doc

Hi [redacted],

FYI: Here is the latest draft of our "summary judgment" motion and statement of facts. Hoping that we can begin narrowing down any differences on this as well. Paul

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

**From:** [redacted]. (USAFLS) [mailto:[redacted]]
**Sent:** Monday, February 28, 2011 12:42 PM
**To:** Brad Edwards; Paul Cassell
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Jane Does [redacted]. United States

Dear Brad and Paul:

Please let us know what time you are available to meet tomorrow or Wednesday to discuss the matter. I will set up a conference call.

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

------------
**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, February 28, 2011 4:40 PM
**To:** [redacted]. (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Press Inquiries re Jeffrey Epstein Case

Hob nobbing with royalty. Lucky us!

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 3:56 PM
**To:** [redacted], [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Press Inquiries re Jeffrey Epstein Case

Hi [redacted] – I just got a call from a reporter for the Daily Mail, one of the Britain's main newspapers, about Epstein. There is a lot of hubbub over there about Epstein right now because he was recently photographed with Prince Andrew.

I gave him your name and number and told him to call you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

------------

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, February 28, 2011 6:24 PM
**To:** [redacted]. (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** Re: Press Inquiries re Jeffrey Epstein Case

Freudian slip--message not massage. LOL

**From**: [redacted], [redacted] (USAFLS)
**Sent**: Monday, February 28, 2011 05:21 PM
**To**: [redacted]. (USAFLS)
**Cc**: [redacted] (USAFLS)
**Subject**: RE: Press Inquiries re Jeffrey Epstein Case

He just did and left massage. Can we speak to him, and what would we say? I suggest we pass, unless he just basic info about the charges. What do you think?

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 3:56 PM
**To:** [redacted], [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Press Inquiries re Jeffrey Epstein Case

Hi [redacted] – I just got a call from a reporter for the Daily Mail, one of the Britain's main newspapers, about Epstein. There is a lot of hubbub over there about Epstein right now because he was recently photographed with Prince [redacted].

I gave him your name and number and told him to call you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

------------

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, February 28, 2011 5:21 PM
**To:** [redacted]. (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** RE: Press Inquiries re Jeffrey Epstein Case

He just did and left massage. Can we speak to him, and what would we say? I suggest we pass, unless he just basic info about the charges. What do you think?

---

**From:** [redacted]. (USAFLS)
**Sent:** Monday, February 28, 2011 3:56 PM
**To:** [redacted], [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Press Inquiries re Jeffrey Epstein Case

Hi [redacted] – I just got a call from a reporter for the Daily Mail, one of the Britain's main newspapers, about Epstein. There is a lot of hubbub over there about Epstein right now because he was recently photographed with Prince Andrew.

I gave him your name and number and told him to call you.

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

Fax [redacted]

**Subject:** Epstein/Conf. Call
**Location:** [redacted] Ofc./[redacted]

**Start:** Thu 3/10/2011 3:00 PM
**End:** Thu 3/10/2011 3:30 PM
**Show Time As:** Tentative

**Recurrence:** (none)

**Organizer:** [redacted] (USAFLS)
**Required Attendees:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)

**From:** [redacted] (USAFLS)

**Sent:** Monday, March 07, 2011 6:53 PM

**To:** [redacted] (USAFLS)

Can you please set up a meeting/conference call re: Epstein for Thursday morning with me, [redacted], [redacted], and [redacted]? Thanks.

**Subject:** Epstein/Conf. Call
**Location:** [redacted] Ofc./[redacted]

**Start:** Thu 3/10/2011 10:00 AM
**End:** Thu 3/10/2011 10:30 AM
**Show Time As:** Tentative

**Recurrence:** (none)

**Meeting Status:** Not yet responded

**Organizer:** [redacted] (USAFLS)
**Required Attendees:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)

When: Thursday, March 10, 2011 10:00 AM-10:30 AM (GMT-05:00) Eastern Time (US & Canada).

Where: [redacted] Ofc./[redacted]

Note: The GMT offset above does not reflect daylight saving time adjustments.

*~*~*~*~*~*~*~*~*~*

**From:** [redacted] (USAFLS)

**Sent:** Monday, March 07, 2011 6:53 PM

**To:** [redacted] (USAFLS)

Can you please set up a meeting/conference call re: Epstein for Thursday morning with me, [redacted], [redacted] [redacted], and [redacted]? Thanks.

---

**Subject:** Epstein/Conf. Call
**Location:** [redacted] Ofc./[redacted]

**Start:** Thu 3/10/2011 3:00 PM
**End:** Thu 3/10/2011 3:30 PM

**Recurrence:** (none)

**Meeting Status:** Meeting organizer

**Organizer:** [redacted]. (USAFLS)
**Required Attendees:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)

**From:** [redacted] (USAFLS)

**Sent:** Monday, March 07, 2011 6:53 PM

**To:** [redacted] (USAFLS)

Can you please set up a meeting/conference call re: Epstein for Thursday morning with me, [redacted], [redacted] [redacted], and [redacted]? Thanks.

---

**From:** [redacted].(USAFLS) <[redacted]>
**Sent:** Monday, March 07, 2011 6:03 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted], [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein

Just spoke to the producer. I told her it was against our policy to confirm or deny the existence of an investigation.

**From:** [redacted] (USAFLS)
**Sent:** Monday, March 07, 2011 6:02 PM
**To:** [redacted].(USAFLS); [redacted]. (USAFLS); [redacted], [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein

Thanks. Please make sure [redacted] is looped in on these e-mails as he is handling a civil matter with Epstein. Thanks.

**From:** [redacted] (USAFLS)
**Sent:** Monday, March 07, 2011 5:55 PM
**To:** [redacted]. (USAFLS); [redacted], [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein

Today Show just called. No joke. They are doing a story how the case was reopened. I won't confirm anything.

[redacted]

**From:** [redacted]. (USAFLS)
**Sent:** Monday, March 07, 2011 5:38 PM
**To:** [redacted].(USAFLS)
**Subject:** RE: Jeffrey Epstein

How many more incorrect statements can be printed????? It is like one feeds off another that feeds off another. That woman at the Daily Beast is just making things up at this point.

What is SMO, by the way?

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted].(USAFLS)
**Sent:** Monday, March 07, 2011 5:28 PM
**To:** [redacted]. (USAFLS)
**Subject:** FW: Jeffrey Epstein

See below. Is this your case? Obviously we will make no comment.

**From:** [redacted] (SMO)
**Sent:** Monday, March 07, 2011 5:25 PM
**To:** [redacted].(USAFLS)
**Subject:** FW: Jeffrey Epstein

I believe [redacted] is out. See below.

---

**From:** [redacted] (SMO)
**Sent:** Monday, March 07, 2011 5:18 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** Jeffrey Epstein

[redacted], Is your office handling this matter? A WSJ reporter is trying to get more information.

**The Justice Department is investigating Jeffrey Epstein for child trafficking, The Daily Beast has learned—and has widened the scope of its probe to include a famous modeling agency.**

Hedge-fund manager Jeffrey Epstein completed his sentence for soliciting prostitution with a minor last week. But it appears his problems may not be over. Now The Daily Beast has learned that:

**• Federal investigators continue to investigate Epstein's activities, to see whether there is evidence of child trafficking—a far more serious charge than the two in his non-prosecution agreement, the arrangement between Epstein and the Department of Justice allowing him to plead guilty to lower-level state crimes. Trafficking can carry a 20-year sentence.**

**• The FBI is also investigating Epstein's friend Jean Luc Brunel, whose MC2 modeling agency appears to have been a source of girls from overseas who ended up on Epstein's private jets.**

Under the concept of double jeopardy, Epstein can no longer be prosecuted for any of the charges covered by his non-prosecution agreement, in which he agreed to serve a short term of incarceration, fund the civil suits of named victims, and register as a sex offender. The victims who accepted cash settlements in these civil suits agreed not to testify against him or speak publicly about the case.

However, new evidence developed by the Department of Justice on other offenses not covered by the agreement, including allegations by additional victims who come forward, could lead to new charges. There is no statute of limitations in the federal sex-trafficking law, which was also enacted by the state of Florida in 2002. Because his predatory habits stretch back many years and involved dozens of young-looking girls, there may well be more evidence to uncover. (Several young women who claim to be Epstein victims have recently contacted a Ft. Lauderdale lawyer, but to date no new civil complaints have been filed.)

These new developments come one week after the publication of two articles in The Daily Beast about Epstein's pattern of sexual contact with underage girls, which Palm Beach police began investigating in 2005 and the U.S. Attorney's office then settled in a 2007 plea deal. The first article quoted a deposition by then-Palm Beach Chief of Police Michael Reiter, in which he stated that Epstein, a billionaire with many powerful friends, had received special treatment in both his plea deal and the terms of his incarceration. Although federal investigators at one point produced a draft 53-page indictment against Epstein, he was eventually allowed to plead guilty to only two relatively minor state charges and receive a short term of incarceration: 13 months in the county jail, during which he went to the office every day, and one year of community control, during which he traveled frequently to New York and his private island in the Virgin Islands.

The Daily Beast has now discovered another instance in which Epstein apparently received special consideration: As a convicted sex offender, he is required by law to undergo an impartial psychological evaluation prior to sentencing and to receive psychiatric treatment during and after incarceration. This is because child molesters tend to be repeat offenders with high rates of recidivism. According to a source in law enforcement, however, Epstein was allowed to submit a report by his private psychologist, Dr. Stephen Alexander of Palm Beach, Florida, whose phone has since been disconnected with no forwarding information.

The Daily Beast's second article provided details about Epstein's systematic abuse of underage girls at his Palm Beach mansion, where members of his staff allegedly recruited and paid a parade of teenagers, most of them 16 or younger, to perform daily massages that devolved into masturbation, groping, and sometimes full-blown sexual contact. It also revealed a monetary relationship between Epstein and Jean Luc Brunel, a frequent visitor to whom he gave $1 million around the same time that Brunel was starting his MC2 modeling agency. Some of the young girls MC2 recruited from overseas —often from Eastern Europe and South America—are known to have been passengers on Epstein's private jets.

The U.S. Attorney General's Office in Florida says that it is against policy to confirm or deny the existence of an investigation. Jeffrey Epstein's lawyer, Jack Goldberger, says he has no knowledge of an ongoing probe, and he told The Daily Beast, "Jeffrey Epstein has fully complied with all state and federal requirements that arise from the prior proceedings in Palm Beach. There are no pending civil lawsuits. There are not and should not be any pending criminal investigations, given Mr. Epstein's complete fulfillment of all the terms of his non-prosecution agreement with the federal government."

Read more: http://www.businessinsider.com/hedge-funder-joseph-epstein-investigated-for-child-trafficking-2010-7#ixzz1FxAJrdFa

------------

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Monday, March 07, 2011 6:34 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** FW: Motion to Make Our Pleading Available to the Public - Government Position

FYI – Maybe we can discuss tomorrow?

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** Paul Cassell [mailto:[redacted]]
**Sent:** Monday, March 07, 2011 5:33 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Cc:** Brad Edwards
**Subject:** Motion to Make Our Pleading Available to the Public - Government Position

Dear [redacted] and [redacted],

We are writing to inquire about the government's position on a motion that we will be filing on March 18 along with our "summary judgment" motion. As you know, the summary judgment motion will contain quotations from e-mails that are under the magistrate judge's order requiring prior notice to the court before they are disclosed. Accordingly, on March 18, we will be filing a full, unredacted summary judgment motion under seal with Judge Marra and, for the public PACER file, a summary judgment motion with quotations from the e-mails redacted.

We will be filing simultaneously a motion for with the court for unsealing of the unredacted motion. We will provide (at least) three ground for unsealing. First, the confidentiality order was only based on an agreement to give advance notice to Epstein before using materials. Once advance notice has been given, there is no basis for confidentiality. Second, there is truly world-wide interest in the handling of the Epstein prosecution, and so our pleading should not remain under seal – instead the public should have access to it so that they can assess how this case was handled. Third, keeping the pleading under seal complicates the ability of Jane Does' attorneys to consult with victims' rights specialist about how best to proceed in the case.

We are writing to determine the Government's position on our motion to unseal the redacted pleading so that we can include that position in our motion. We hope that you will not oppose the motion, which might produce the need for further litigation. As you know, Judge Marra has promptly unsealed other pleadings in this matter when the Government tried to object.

Sincerely,

Paul Cassell

Co-Counsel for Jane Doe #1 and Jane Doe #2

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

------------

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Tuesday, March 08, 2011 12:44 PM
**To:** Owen Bowcott

**Cc:** [redacted] (USAFLS)
**Subject:** RE: request for information

Hello,

Thanks for your email. That is always the best way to contact me.

It is against DOJ policy for us to either confirm or deny the existence of any investigation.

Thanks for checking with us.

[redacted]

**From:** Owen Bowcott [mailto:owen.bowcott@guardian.co.uk]
**Sent:** Tuesday, March 08, 2011 12:23 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** request for information

Good Morning,

I'm afraid I have been unable to reach you directly by telephone but I understand that you are the public affairs official for the United States Attorney, southern district of Florida. I was referred to you by the FBI regional office.

I am a journalist on The Guardian newspaper in London and am trying to establish whether a fresh investigation has been authorised or launched into allegations involving Jeffrey Epstein. He was convicted in 2008 of procuring young girls for prostitution.

If you could confirm that, as has been reported, the FBI has launched an inquiry into the affair, I would be very grateful.

Many Thanks,

Owen Bowcott,

Senior Reporter,
The Guardian,
[redacted]

Please consider the environment before printing this email.
------------------------------------------------------------------
Visit guardian.co.uk - newspaper website of the year
www.guardian.co.uk www.observer.co.uk

To save up to 30% when you subscribe to the Guardian and the Observer
visit http://www.guardian.co.uk/subscriber

---------------------------------------------------------------------

This e-mail and all attachments are confidential and may also
be privileged. If you are not the named recipient, please notify
the sender and delete the e-mail and all attachments immediately.
Do not disclose the contents to another person. You may not use
the information for any purpose, or store, or copy, it in any way.

Guardian News & Media Limited is not liable for any computer
viruses or other material transmitted with or as part of this
e-mail. You should employ virus checking software.

Guardian News & Media Limited

A member of Guardian Media Group plc
Registered Office
[redacted]

Registered in England Number 908396

------------

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Tuesday, March 08, 2011 2:08 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** RE: Epstein/Conf. Call

I have a change of plea at 9:30 and then the Health Care Fraud Task Force meeting at 10:00.

Could we start at 11:30?

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

-----Original Appointment-----
**From:** [redacted] (USAFLS) **On Behalf Of** [redacted]. (USAFLS)
**Sent:** Tuesday, March 08, 2011 8:56 AM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Epstein/Conf. Call
**When:** Thursday, March 10, 2011 10:00 AM-10:30 AM (GMT-05:00) Eastern Time (US & Canada).
**Where:** [redacted] Ofc./[redacted]

**From:** [redacted] (USAFLS)

**Sent:** Monday, March 07, 2011 6:53 PM

**To:** [redacted] (USAFLS)

Can you please set up a meeting/conference call re: Epstein for Thursday morning with me, [redacted], [redacted], [redacted], and [redacted]? Thanks.

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 8:21 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Fw: Call from Newsweek

Sorry. Let me try this again.

Can [redacted] and I have some of your time tomorrow? Preferably in the morning. I think we need to address this.

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 07:54 PM
To: [redacted] (USAFLS); [redacted] (USAFLS)
Subject: Fw: Call from Newsweek

Sorry it keeps getting misdirected

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 07:52 PM
To: [redacted] (USAFLS); [redacted] <[redacted]>; 'eis@miamidade.gov' <eis@miamidade.gov>; [redacted] (USAFLS)

Cc: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

Can [redacted] and I have some of your time tomorrow? Preferably in the morning. I think we need to address this.

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:32 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

I am wading through some of it now.

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:31 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

No

----- Original Message -----
From: [redacted] (USAFLS)

Sent: Thursday, March 17, 2011 06:30 PM
To: [redacted]. (USAFLS)
Subject: RE: Call from Newsweek

BTW, do we know exactly which e-mails/correspondence Cassel obtained from Epstein's counsel in the civil litigation?

-----Original Message-----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 6:17 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

Thx. Sending from bberry

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:15 PM
To: [redacted]. (USAFLS)
Subject: RE: Call from Newsweek

Thanks - BTW I forwarded to [redacted] and [redacted] - I think you used the old e-mail addresses.

-----Original Message-----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 6:14 PM
To: [redacted], [redacted] (USAFLS)
Cc: [redacted] (USAFLS); [redacted]; [redacted] (USAFLS); [redacted] (USAFLS); 'eis@miamidade.gov'

Subject: Call from Newsweek

Hi [redacted]. Received a voicemail from Newsweek (which now includes [redacted]) while I was at the doctor's office from Lee Akin (sp?) And Sarnoff saying they wanted comment from me on a letter they received on the Epstein prosecution. My guess is it is either Cassell's letter or [redacted] response thereto. They are going to print tomorrow.

[redacted]

---

**From:** Paul Cassell <[redacted]>
**Sent:** Thursday, March 17, 2011 8:41 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); Brad Edwards
**Subject:** RE: Government's Position on Page Limits

Dear [redacted]

1. Thank you for the information sent today.

2. What is the Government's position on the page limits applicable to our "summary judgment" pleading – do you believe we are under the civil rules? Or under the criminal rules? Do you believe that we need to file a separate motion for a roughly 35 page pleading with roughly 19 pages of facts? If so, what is your position on such a motion?

Thank you in advance for your position. Paul Cassell, Co-Counsel for Jane Doe #1 and Jane Doe #2

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

**From:** [redacted] (USAFLS) [mailto:[redacted]]
**Sent:** Thursday, March 17, 2011 10:56 AM
**To:** Paul Cassell
**Cc:** [redacted]. (USAFLS); Brad Edwards
**Subject:** RE: Government's Position on Several Pending Issues? Still Waiting for Answer

Paul,

1. Yesterday, I provided you with the name and phone number for [redacted], OPR Acting Associate Counsel, who received your December 10, 2010 letter to Mr. [redacted], asking for an investigation of the Jeffrey Epstein prosecution.

2. The government will not be making initial disclosures to plaintiffs, because we do not believe Fed.R.Civ.P. 26 applies to this matter.

3. The CVRA applies to the criminal case which has been filed in district court, where an individual is deemed to be a "victim," not any civil litigation which may be initiated to enforce those claimed rights. We do not believe there is any right to discovery in this case. Moreover, we do not believe that whatever Kenneth Starr or Lilly Ann [redacted] may have said to this office, or what this office said to Kenneth Starr or Lilly Ann [redacted], has any bearing on whether a duty existed under 18 U.S.C. 3771(a) to consult with plaintiffs prior to entering into a non-prosecution agreement, where no charges were filed in the district court. We will respond to your motion seeking access to this information.

4. As I understand the Magistrate Judge's order in Jane Doe No. 2 v. Jeffrey Epstein (D.E. 226), you must give notice to Epstein, prior to making certain correspondence public by either filing the correspondence in a court file, attaching it to a deposition, releasing it to the media, or publically disseminating it in any other fashion. D.E. 226 at 4. Presumably, Epstein will raise any objections he believes are appropriate, and the court will resolve the matter.

The U.S. Attorney's Office has no independent objection to the filing of "an unsealed, unredacted pleading reciting the U.S. Attorney's correspondence." In stating that the U.S. Attorney's Office has no independent objections, we wish to make clear that we are not, and cannot, relieve the plaintiffs of their obligation to comply with the Magistrate Judge's order by giving the appropriate notice to Epstein (D.E. 226). Thank you.

[redacted]

**From:** Paul Cassell [mailto:[redacted]]
**Sent:** Tuesday, March 15, 2011 7:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); Brad Edwards
**Subject:** RE: Government's Position on Several Pending Issues? Still Waiting for Answer

Dear [redacted],

Brad and I have received Mr. [redacted] letter of today. We are deeply disappointed. We will file our court pleadings on Friday.

Mr. [redacted] letter still leaves unanswered a number of questions, which I am writing to raise with you -- again.

1. You still have not provided, as you promised you would, the name of the person coordinating the OPR investigation. As a result we have not been able to obtain any information about the status of the

investigation. Just to be clear, we intend to include in our filing information that OPR has begun an investigation and to include the information that we currently have about [redacted] – we assume that making that information public will not compromise OPR's work.

2. We will be making initial disclosures to you under the Federal Rules of Civil Procedure shortly. We have not heard back from you on whether you will be making parallel disclosures. Accordingly, we understand your position to be that you are not obligated to provide to us any documents under Rule 26.

3. We understand your position to be that, despite the "best efforts" clause in the CVRA and your obligation to treat victims with fairness, you can withhold evidence from the victims that will help them prove CVRA violations. For example, we understand you to take the position that you can withhold the other half of the U.S. Attorney's correspondence, correspondence between the Department and Ken Starr and Lillian [redacted] on behalf of Epstein, and information about [redacted] role in the Epstein case. In short, we understand you to be asserting a blanket position that you can withhold information that will help prove the victims' CVRA case. If this is incorrect, please advise us promptly. If we have misunderstood you and you are willing to provide us relevant information, we will promptly provide you with a list of such information. If we have understood you correctly, we will be filing a motion with the Court shortly to block the Justice Department from suppressing such highly relevant information.

4. You still have not given us your position on the victims' motion to file an unsealed, unredacted pleading reciting the U.S. Attorney's correspondence. What is your position on that motion: We have been asking for your position on this motion for some time now. If we have not heard back from you by c.o.b. Wednesday, March 16, 2011, we will include in our pleadings the following statement: "The Justice Department attorneys handling this case have been contacted several times for their position on this issue but have refused to respond to give their position."

Thanks you in advance for your assistance. Sincerely, Paul Cassell, Co-Counsel for Jane Doe

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

---

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 7:54 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** Fw: Call from Newsweek

Sorry it keeps getting misdirected

----- Original Message -----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 07:52 PM
To: [redacted] (USAFLS); [redacted] <[redacted]>; 'eis@miamidade.gov' <eis@miamidade.gov>; [redacted] (USAFLS)

Cc: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

Can [redacted] and I have some of your time tomorrow? Preferably in the morning. I think we need to address this.

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:32 PM
To: [redacted]. (USAFLS)
Subject: Re: Call from Newsweek

I am wading through some of it now.

----- Original Message -----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 06:31 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

No

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:30 PM
To: [redacted]. (USAFLS)
Subject: RE: Call from Newsweek

BTW, do we know exactly which e-mails/correspondence Cassel obtained from Epstein's counsel in the civil litigation?

-----Original Message-----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 6:17 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

Thx. Sending from bberry

----- Original Message -----
From: [redacted] (USAFLS)

Sent: Thursday, March 17, 2011 06:15 PM
To: [redacted]. (USAFLS)
Subject: RE: Call from Newsweek

Thanks - BTW I forwarded to [redacted] and [redacted] - I think you used the old e-mail addresses.

-----Original Message-----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 6:14 PM
To: [redacted], [redacted] (USAFLS)
Cc: [redacted] (USAFLS); [redacted]; [redacted] (USAFLS); [redacted] (USAFLS); 'eis@miamidade.gov'

Subject: Call from Newsweek

Hi [redacted]. Received a voicemail from Newsweek (which now includes [redacted]) while I was at the doctor's office from [redacted] Akin (sp?) And Sarnoff saying they wanted comment from me on a letter they received on the Epstein prosecution. My guess is it is either Cassell's letter or [redacted] response thereto. They are going to print tomorrow.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 6:33 PM
**To:** [redacted]. (USAFLS)
**Subject:** Re: Call from Newsweek

I am wading through some of it now

----- Original Message -----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 06:31 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

No

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:30 PM
To: [redacted]. (USAFLS)
Subject: RE: Call from Newsweek

BTW, do we know exactly which e-mails/correspondence Cassel obtained from Epstein's counsel in the civil litigation?

-----Original Message-----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 6:17 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

Thx. Sending from bberry

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:15 PM
To: [redacted]. (USAFLS)
Subject: RE: Call from Newsweek

Thanks - BTW I forwarded to [redacted] and [redacted] - I think you used the old e-mail addresses.

-----Original Message-----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 6:14 PM
To: [redacted], [redacted] (USAFLS)
Cc: [redacted] (USAFLS); [redacted]; [redacted] (USAFLS); [redacted] (USAFLS); 'eis@miamidade.gov'

Subject: Call from Newsweek

Hi [redacted]. Received a voicemail from Newsweek (which now includes Conchita Sarnoff) while I was at the doctor's office from [redacted] Akin (sp?) And Sarnoff saying they wanted comment from me on a letter they received on the Epstein prosecution. My guess is it is either Cassell's letter or [redacted] response thereto. They are going to print tomorrow.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 6:32 PM
**To:** [redacted] (USAFLS)
**Subject:** Re: Call from Newsweek

No

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:30 PM
To: [redacted] (USAFLS)
Subject: RE: Call from Newsweek

BTW, do we know exactly which e-mails/correspondence Cassel obtained from Epstein's counsel in the civil litigation?

-----Original Message-----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 6:17 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

Thx. Sending from bberry

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:15 PM
To: [redacted] (USAFLS)
Subject: RE: Call from Newsweek

Thanks - BTW I forwarded to [redacted] and [redacted] - I think you used the old e-mail addresses.

-----Original Message-----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 6:14 PM
To: [redacted], [redacted] (USAFLS)
Cc: [redacted] (USAFLS); [redacted]; [redacted] (USAFLS); [redacted] (USAFLS); 'eis@miamidade.gov'

Subject: Call from Newsweek

Hi [redacted]. Received a voicemail from Newsweek (which now includes Conchita Sarnoff) while I was at the doctor's office from Lee Akin (sp?) And Sarnoff saying they wanted comment from me on a letter they received on the Epstein prosecution. My guess is it is either Cassell's letter or [redacted] response thereto. They are going to print tomorrow.

[redacted]

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 7:53 PM
**To:** [redacted] (USAFLS); [redacted]; eis@miamidade.gov; [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** Re: Call from Newsweek

Can [redacted] and I have some of your time tomorrow? Preferably in the morning. I think we need to address this.

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:32 PM
To: [redacted]. (USAFLS)
Subject: Re: Call from Newsweek

I am wading through some of it now

----- Original Message -----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 06:31 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

No

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:30 PM
To: [redacted]. (USAFLS)
Subject: RE: Call from Newsweek

BTW, do we know exactly which e-mails/correspondence Cassel obtained from Epstein's counsel in the civil litigation?

-----Original Message-----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 6:17 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

Thx. Sending from bberry

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:15 PM
To: [redacted]. (USAFLS)
Subject: RE: Call from Newsweek

Thanks - BTW I forwarded to [redacted] and [redacted] - I think you used the old e-mail addresses.

-----Original Message-----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 6:14 PM
To: [redacted], [redacted] (USAFLS)
Cc: [redacted] (USAFLS); [redacted]; [redacted] (USAFLS); [redacted] (USAFLS); 'eis@miamidade.gov'

Subject: Call from Newsweek

Hi [redacted]. Received a voicemail from Newsweek (which now includes Conchita Sarnoff) while I was at the doctor's office from Lee Akin (sp?) And Sarnoff saying they wanted comment from me on a letter they received on the Epstein prosecution. My guess is it is either Cassell's letter or [redacted] response thereto. They are going to print tomorrow.

[redacted]

---

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 6:34 PM
**To:** [redacted] (USAFLS)
**Subject:** Re: Call from Newsweek

I am trying to convince edwards not to file tomorrow

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:32 PM
To: [redacted]. (USAFLS)
Subject: Re: Call from Newsweek

I am wading through some of it now.

----- Original Message -----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 06:31 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

No

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:30 PM
To: [redacted]. (USAFLS)
Subject: RE: Call from Newsweek

BTW, do we know exactly which e-mails/correspondence Cassel obtained from Epstein's counsel in the civil litigation?

-----Original Message-----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 6:17 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

Thx. Sending from bberry

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:15 PM
To: [redacted]. (USAFLS)
Subject: RE: Call from Newsweek

Thanks - BTW I forwarded to [redacted] and [redacted] - I think you used the old e-mail addresses.

-----Original Message-----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 6:14 PM
To: [redacted], [redacted] (USAFLS)

Cc: [redacted] (USAFLS); [redacted]'; [redacted] (USAFLS); [redacted] (USAFLS); 'eis@miamidade.gov'

Subject: Call from Newsweek

Hi [redacted]. Received a voicemail from Newsweek (which now includes Conchita Sarnoff) while I was at the doctor's office from [redacted] Akin (sp?) And Sarnoff saying they wanted comment from me on a letter they received on the Epstein prosecution. My guess is it is either Cassell's letter or [redacted] response thereto. They are going to print tomorrow.

[redacted]

------------

**From:** Paul Cassell <[redacted]>
**Sent:** Friday, March 18, 2011 5:28 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Cc:** Brad Edwards
**Subject:** Courtesy Copy
**Attachments:** motion-finding-violation-courtesy31811.doc

Dear [redacted] and [redacted],

As you know, while we strenuously disagree with your position on the CVRA, we have always tried to keep in close contact with you. In that spirit, attached is a courtesy copy of one of the pleadings we plan to file on Monday.

Paul Cassell

Co-Counsel for Jane Doe #1 and Jane Doe #2

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

------------
**Subject:** Epstein
**Location:** [redacted] ofc/[redacted] call in

**Start:** Fri 3/18/2011 10:30 AM
**End:** Fri 3/18/2011 11:00 AM
**Show Time As:** Tentative

**Recurrence:** (none)

**Meeting Status:** Not yet responded

**Organizer:** [redacted] (USAFLS)
**Required Attendees:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted], [redacted] (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)

When: Friday, March 18, 2011 10:30 AM-11:00 AM (GMT-05:00) Eastern Time (US & Canada).

Where: [redacted] ofc/[redacted] call in

Note: The GMT offset above does not reflect daylight saving time adjustments.

*~*~*~*~*~*~*~*~*~*

**From:** [redacted] (USAFLS)

**Sent:** Friday, March 18, 2011 9:06 AM

**To:** [redacted] (USAFLS)

Hola. Can you please set a conference call for 10:30 this morning in [redacted] office re: Epstein with [redacted], [redacted], [redacted], [redacted], [redacted], [redacted], and [redacted] and ask for a number we should call in WPB? Thanks.

------------
**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Monday, March 21, 2011 10:36 AM
**To:** [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Planned response to tomorrow's filing by Cassell

I guess my question is, then, are we going to contest the factual misstatements in his statement of undisputed facts? Which will necessarily have to include filing affidavits and opening myself and the case agents up for depositions?

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Monday, March 21, 2011 9:57 AM
**To:** [redacted]. (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Planned response to tomorrow's filing by Cassell

[redacted],

At the conclusion of the emergency hearing in July 2008, the court asked the parties to meet and decide whether there were any disputed facts, so the court could schedule a hearing. We told Edwards the only relevant fact was whether any charges had been filed against Epstein in federal court, and it was not disputed the answer was "no." Edwards disagreed and attempted to include other "facts" which he believed to be relevant to the resolution of the legal question of whether the government had a duty to consult with the victims under 18 U.S.C. 3771(a)(5).

I don't believe the filing of the motion you suggest will achieve the result of preemptively striking Cassell's motion to enforce. The court will have to decide whether the resolution of any disputed facts is required, in order to resolve the legal issue. The government says no; the victims say yes. The court is not likely to resolve this question without looking at the factual issues the victims contend are relevant, and considering the arguments of each side as to why those issues are, or are not, relevant to the resolution of the dispute.

If we file the motion you suggest, the victims will oppose it and argue the facts alleged in their motion to enforce are indeed relevant, and should be considered. We will argue the victims' factual issues are not material and/or relevant, and the court should only consider that no federal charges were ever filed against Epstein. This is what is going to happen when the government responds to the victims' motion to enforce.

We have a number of arguments that victims are not entitled to full-blown discovery, as a party would be entitled to in a true civil action. It's more than a little ironic that Cassell told us he had done these cases all over the country, and he had never had to file a complaint. Now he claims the Federal Rules of Civil Procedure, to say nothing of Brady and Giglio, also apply.

[redacted]

---

**From:** [redacted]. (USAFLS)
**Sent:** Sunday, March 20, 2011 2:40 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Planned response to tomorrow's filing by Cassell

Hi [redacted] – What would you think about this plan for a response to tomorrow's filing by Cassell? Rather than wait our two weeks to file a response to his onslaught, we simply file something tomorrow (after Cassell's is filed) or Tuesday that is entitled: Request for Ruling on Emergency Petition. We can state that the petition was fully-briefed back in 2008 and that, as you stated in DE17, the only relevant fact is that Epstein entered a guilty plea in state court. Their motion for summary judgment is an attempt to enlarge their "emergency petition" into a full fledged cause of action and 18 USC 3771(d)(6) specifically states that there is no separate cause of action for a violation, so they cannot file a Complaint. They also cannot reopen a plea or sentence under 3771(d)(5).

You may have already seen this, but take a look at US v. Hunter, 548 F3d 1308 (10th Cir 2008), where Cassell tried to override the limitation on victims' rights to appeal sentences. Cassell represented the victims, and the 10th Circuit has a good discussion on how victims cannot override prosecutorial discretion, quoting from 18 USC 3771(d)(6).

Cassell has, however, been successful in the 11th, in In re Stewart, 552 F.3d 1285 (11th Cir. 2008), where Cassell filed a writ of mandamus to have the Middle District of Florida recognize home purchasers as victims in a guilty plea to an Information by a bank executive. The executive was pleading guilty to money laundering where the underlying criminal activity involved charging fraudulent loan origination fees to the victims.

With regard to the issue of discovery, I think that the language in 18 USC 3771(d)(6) that there cannot be a separate cause of action is helpful. That means that this is not truly a civil case – it should have been filed annexed to a civil case, where civil discovery rules would not apply. Since there is not criminal case, the Clerk's Office filed it with a civil case number, but the Court has the discretion to decide that discovery is not appropriate. See Alphin v. United States, 809 F.2d 236 (4th Cir.), cert. denied 480 U.S. 935 (1987) (district court may suspend or limit application of civil rules in summary proceedings).

[redacted]

Assistant U.S. Attorney

------------
**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 10:11 PM
**To:** [redacted]. (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Re: Call from Newsweek

I should be available. [redacted]

----- Original Message -----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 08:20 PM
To: [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)

Subject: Fw: Call from Newsweek

Sorry. Let me try this again.

Can [redacted] and I have some of your time tomorrow? Preferably in the morning. I think we need to address this.

----- Original Message -----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 07:54 PM

To: [redacted] (USAFLS); [redacted] (USAFLS)
Subject: Fw: Call from Newsweek

Sorry it keeps getting misdirected

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 07:52 PM
To: [redacted] (USAFLS); [redacted] <[redacted]>; 'eis@miamidade.gov' <eis@miamidade.gov>; [redacted] (USAFLS)

Cc: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

Can [redacted] and I have some of your time tomorrow? Preferably in the morning. I think we need to address this.

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:32 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

I am wading through some of it now

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:31 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

No

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:30 PM
To: [redacted] (USAFLS)
Subject: RE: Call from Newsweek

BTW, do we know exactly which e-mails/correspondence Cassel obtained from Epstein's counsel in the civil litigation?

-----Original Message-----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 6:17 PM
To: [redacted] (USAFLS)
Subject: Re: Call from Newsweek

Thx. Sending from bberry

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:15 PM
To: [redacted] (USAFLS)
Subject: RE: Call from Newsweek

Thanks - BTW I forwarded to [redacted] and [redacted] - I think you used the old e-mail addresses.

-----Original Message-----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 6:14 PM
To: [redacted] (USAFLS)
Cc: [redacted] (USAFLS); [redacted]; [redacted] (USAFLS); [redacted] (USAFLS); 'eis@miamidade.gov'

Subject: Call from Newsweek

Hi [redacted]. Received a voicemail from Newsweek (which now includes [redacted]) while I was at the doctor's office from [redacted] Akin (sp?) And Sarnoff saying they wanted comment from me on a letter they received on the Epstein prosecution. My guess is it is either Cassell's letter or [redacted] response thereto. They are going to print tomorrow.

[redacted]

------------

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, March 21, 2011 9:57 AM
**To:** [redacted]. (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Planned response to tomorrow's filing by Cassell

[redacted],

At the conclusion of the emergency hearing in July 2008, the court asked the parties to meet and decide whether there were any disputed facts, so the court could schedule a hearing. We told Edwards the only relevant fact was whether any charges had been filed against Epstein in federal court, and it was not disputed the answer was "no." Edwards disagreed and attempted to include other "facts" which he believed to be relevant to the resolution of the legal question of whether the government had a duty to consult with the victims under 18 U.S.C. 3771(a)(5).

I don't believe the filing of the motion you suggest will achieve the result of preemptively striking Cassell's motion to enforce. The court will have to decide whether the resolution of any disputed facts is required, in order to resolve the legal issue. The government says no; the victims say yes. The court is not likely to resolve this question without looking at the factual issues the victims contend are relevant, and considering the arguments of each side as to why those issues are, or are not, relevant to the resolution of the dispute.

If we file the motion you suggest, the victims will oppose it and argue the facts alleged in their motion to enforce are indeed relevant, and should be considered. We will argue the victims' factual issues are not material and/or relevant, and the court should only consider that no federal charges were ever filed against Epstein. This is what is going to happen when the government responds to the victims' motion to enforce.

We have a number of arguments that victims are not entitled to full-blown discovery, as a party would be entitled to in a true civil action. It's more than a little ironic that Cassell told us he had done these cases all over the country, and he had never had to file a complaint. Now he claims the Federal Rules of Civil Procedure, to say nothing of Brady and Giglio, also apply.

[redacted]

---

**From:** [redacted]. (USAFLS)
**Sent:** Sunday, March 20, 2011 2:40 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Planned response to tomorrow's filing by Cassell

Hi [redacted] – What would you think about this plan for a response to tomorrow's filing by Cassell? Rather than wait our two weeks to file a response to his onslaught, we simply file something tomorrow (after Cassell's is

filed) or Tuesday that is entitled: Request for Ruling on Emergency Petition. We can state that the petition was fully-briefed back in 2008 and that, as you stated in DE17, the only relevant fact is that Epstein entered a guilty plea in state court. Their motion for summary judgment is an attempt to enlarge their "emergency petition" into a full fledged cause of action and 18 USC 3771(d)(6) specifically states that there is no separate cause of action for a violation, so they cannot file a Complaint. They also cannot reopen a plea or sentence under 3771(d)(5).

You may have already seen this, but take a look at US v. Hunter, 548 F3d 1308 (10th Cir 2008), where Cassell tried to override the limitation on victims' rights to appeal sentences. Cassell represented the victims, and the 10th Circuit has a good discussion on how victims cannot override prosecutorial discretion, quoting from 18 USC 3771(d)(6).

Cassell has, however, been successful in the 11th, in In re Stewart, 552 F.3d 1285 (11th Cir. 2008), where Cassell filed a writ of mandamus to have the Middle District of Florida recognize home purchasers as victims in a guilty plea to an Information by a bank executive. The executive was pleading guilty to money laundering where the underlying criminal activity involved charging fraudulent loan origination fees to the victims.

With regard to the issue of discovery, I think that the language in 18 USC 3771(d)(6) that there cannot be a separate cause of action is helpful. That means that this is not truly a civil case – it should have been filed annexed to a civil case, where civil discovery rules would not apply. Since there is not criminal case, the Clerk's Office filed it with a civil case number, but the Court has the discretion to decide that discovery is not appropriate. See Alphin v. United States, 809 F.2d 236 (4th Cir.), cert. denied 480 U.S. 935 (1987) (district court may suspend or limit application of civil rules in summary proceedings).

[redacted]

Assistant U.S. Attorney

------------

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, March 21, 2011 4:11 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** FW: Epstein

Conchita Sarnoff is now calling DC – see emails below.

Her first question (separate email) was based on her "understanding' that the appellate Chief in DC had approved all actions in that case (that was not the case)

**From:** [redacted], [redacted] (USAFLS)
**Sent:** Monday, March 21, 2011 4:09 PM
**To:** [redacted] (SMO)
**Cc:** [redacted]. (SMO); [redacted] (USAFLS)
**Subject:** RE: Epstein

She has not called me ***at all*** on this.

**From:** [redacted] (SMO)
**Sent:** Monday, March 21, 2011 4:01 PM
**To:** [redacted], [redacted] (USAFLS)
**Cc:** [redacted]. (SMO)
**Subject:** RE: Epstein

Thanks – she doesn't appear to know this letter exists, as her two questions to me were:

1) Who was Acosta's boss in 2007

2) Why was the defense team allowed to negotiate with Main Justice

Are you guys talking to her at all on this?

**From:** [redacted], [redacted] (USAFLS)
**Sent:** Monday, March 21, 2011 3:22 PM
**To:** [redacted] (SMO)
**Subject:** Epstein

Attached letter from John Roth to Epstein attorneys.

According to the prosecutor, the non-pros deal was already offered, but the defense wanted an independent review of the facts anyway.

---

**From:** [redacted]. (USAFLS)
**Sent:** Monday, March 21, 2011 3:18 PM
**To:** [redacted], [redacted] (USAFLS)

<<080623 DAG Ltr to Lefkowitz and Starr.pdf>>

---

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 6:17 PM
**To:** [redacted] (USAFLS)
**Subject:** Re: Call from Newsweek

Thx. Sending from bberry

----- Original Message -----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:15 PM
To: [redacted]. (USAFLS)
Subject: RE: Call from Newsweek

Thanks - BTW I forwarded to [redacted] and [redacted] - I think you used the old e-mail addresses.

-----Original Message-----
From: [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 6:14 PM
To: [redacted] (USAFLS)
Cc: [redacted] (USAFLS); 'WAF@miamidade.gov'; [redacted] (USAFLS); [redacted] (USAFLS); 'eis@miamidade.gov'

Subject: Call from Newsweek

Hi [redacted]. Received a voicemail from Newsweek (which now includes Conchita Sarnoff) while I was at the doctor's office from [redacted] Akin (sp?) And Sarnoff saying they wanted comment from me on a letter they received on the Epstein prosecution. My guess is it is either Cassell's letter or [redacted] response thereto. They are going to print tomorrow.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 6:14 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]; [redacted] (USAFLS); [redacted] (USAFLS); eis@miamidade.gov
**Subject:** Call from Newsweek

Hi [redacted]. Received a voicemail from Newsweek (which now includes Conchita Sarnoff) while I was at the doctor's office from [redacted] Akin (sp?) And Sarnoff saying they wanted comment from me on a letter they received on the Epstein prosecution. My guess is it is either Cassell's letter or [redacted] response thereto. They are going to print tomorrow.

[redacted]

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 12:56 PM
**To:** Paul Cassell
**Cc:** [redacted] (USAFLS); Brad Edwards
**Subject:** RE: Government's Position on Several Pending Issues? Still Waiting for Answer

Paul,

1. Yesterday, I provided you with the name and phone number for [redacted], OPR Acting Associate Counsel, who received your December 10, 2010 letter to Mr. [redacted], asking for an investigation of the Jeffrey Epstein prosecution.

2. The government will not be making initial disclosures to plaintiffs, because we do not believe Fed.R.Civ.P. 26 applies to this matter.

3. The CVRA applies to the criminal case which has been filed in district court, where an individual is deemed to be a "victim," not any civil litigation which may be initiated to enforce those claimed rights. We do not believe there is any right to discovery in this case. Moreover, we do not believe that whatever Kenneth Starr or Lilly Ann [redacted] may have said to this office, or what this office said to Kenneth Starr or Lilly Ann [redacted], has any bearing on whether a duty existed under 18 U.S.C. 3771(a) to consult with plaintiffs prior to entering into a non-prosecution agreement, where no charges were filed in the district court. We will respond to your motion seeking access to this information.

4. As I understand the Magistrate Judge's order in Jane Doe No. 2 v. Jeffrey Epstein (D.E. 226), you must give notice to Epstein, prior to making certain correspondence public by either filing the correspondence in a court file, attaching it to a deposition, releasing it to the media, or publically disseminating it in any other fashion. D.E. 226 at 4. Presumably, Epstein will raise any objections he believes are appropriate, and the court will resolve the matter.

The U.S. Attorney's Office has no independent objection to the filing of "an unsealed, unredacted pleading reciting the U.S. Attorney's correspondence." In stating that the U.S. Attorney's Office has no independent objections, we wish to make clear that we are not, and cannot, relieve the plaintiffs of their obligation to comply with the Magistrate Judge's order by giving the appropriate notice to Epstein (D.E. 226). Thank you.

[redacted]

**From:** Paul Cassell [mailto:[redacted]]
**Sent:** Tuesday, March 15, 2011 7:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); Brad Edwards
**Subject:** RE: Government's Position on Several Pending Issues? Still Waiting for Answer

Dear [redacted],

Brad and I have received Mr. [redacted] letter of today. We are deeply disappointed. We will file our court pleadings on Friday.

Mr. [redacted] letter still leaves unanswered a number of questions, which I am writing to raise with you -- again.

1. You still have not provided, as you promised you would, the name of the person coordinating the OPR investigation. As a result we have not been able to obtain any information about the status of the

investigation. Just to be clear, we intend to include in our filing information that OPR has begun an investigation and to include the information that we currently have about [redacted] – we assume that making that information public will not compromise OPR's work.

2. We will be making initial disclosures to you under the Federal Rules of Civil Procedure shortly. We have not heard back from you on whether you will be making parallel disclosures. Accordingly, we understand your position to be that you are not obligated to provide to us any documents under Rule 26.

3. We understand your position to be that, despite the "best efforts" clause in the CVRA and your obligation to treat victims with fairness, you can withhold evidence from the victims that will help them prove CVRA violations. For example, we understand you to take the position that you can withhold the other half of the U.S. Attorney's correspondence, correspondence between the Department and Ken Starr and Lillian [redacted] on behalf of Epstein, and information about [redacted] role in the Epstein case. In short, we understand you to be asserting a blanket position that you can withhold information that will help prove the victims' CVRA case. If this is incorrect, please advise us promptly. If we have misunderstood you and you are willing to provide us relevant information, we will promptly provide you with a list of such information. If we have understood you correctly, we will be filing a motion with the Court shortly to block the Justice Department from suppressing such highly relevant information.

4. You still have not given us your position on the victims' motion to file an unsealed, unredacted pleading reciting the U.S. Attorney's correspondence. What is your position on that motion: We have been asking for your position on this motion for some time now. If we have not heard back from you by c.o.b. Wednesday, March 16, 2011, we will include in our pleadings the following statement: "The Justice Department attorneys handling this case have been contacted several times for their position on this issue but have refused to respond to give their position."

Thanks you in advance for your assistance. Sincerely, Paul Cassell, Co-Counsel for Jane Doe

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

------------

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 12:43 PM
**To:** [redacted]. (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Contact from Vanity Fair re Epstein related to Conflict of Interest

Thank you.

---

**From:** [redacted]. (USAFLS)
**Sent:** Thursday, March 17, 2011 12:42 PM
**To:** [redacted], [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Contact from Vanity Fair re Epstein related to Conflict of Interest

Hi [redacted] – I received the following voicemail from Vanity Fair magazine this morning. As per usual, I will leave it to you to respond.

This is a transcription so if it reads strangely, that is why:

Yes, Assistant U.S. Attorney [redacted]. This is John Connelly from Vanity Fair Magazine. I think I tried to talk to you a couple years ago about a guy named Jeffrey Epstein. Anyway, ummm I need to speak to you or maybe somebody if you are uncomfortable speaking to me totally on background your public information office because something has come to me which is a bit troubling about the U.S. Attorney's decision to not prosecute Jerry Jeffrey Epstein as long as he took that plea where he was allowed out of his cell 16 hours a day 6 days a week not a bad deal umm but is has to do with the relationship of your former AG and Mr. ummm Epstein's lawyer. It seems as though there was certainly a possible conflict and I need somebody to talk to about that whether it is you or anybody else I don't care. John Connelly. Vanity Fair Magazine. [redacted]. I really appreciate your call and off the record I heard you did great work on that case. Thank you so much.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

------------

**From:** DocketDelivery@CourtLink.LexisNexis.com

**Sent:** Friday, March 18, 2011 3:31 PM
**To:** [redacted]. (USAFLS)
**Subject:** Your CourtLink dockets have arrived
**Attachments:** CourtLink_Dockets_728652_3.18.2011_153050541.zip

---

Attached is information ordered from CourtLink by ANN [redacted] on 3/18/2011.

This information is in PDF format, which you can open with Adobe Acrobat.

If you do not have Adobe Acrobat, you may download Adobe Acrobat Reader from http://www.adobe.com/products/acrobat/readstep2.html. Contact LexisNexis Customer Support or your own IT Department for assistance.

This file is currently zipped and must be unzipped before you will be able to open it. You can use PKUnzip or WinZip to unzip the file. If you do not have either program, you may download Winzip from http://www.winzip.com. Contact LexisNexis Customer Support or your own IT Department for assistance.

If you have difficulty opening or using this file, please contact LexisNexis Customer Support at 1-888-311-1966 or go to http://support.lexisnexis.com/courtlinkemail.

If you would like to monitor additional cases, you can set up a TRACK to notify you of unfolding activity in existing cases. Please visit https://CourtLink.LexisNexis.com/Track/TrackSetup.aspx.

PLEASE NOTE: If there is no file attached to this email, the attachment may have been blocked by your firm's email system for security reasons. Please contact your email system administrator, IT Department, or LexisNexis Customer Support for further assistance.

---

This is a send only email. Please do not reply to this email.

If you are experiencing any issues in using the LexisNexis(r) CourtLink(r) service, please feel free to Contact LexisNexis Customer Support.
CourtLink(r) 888-311-1966
CourtLink Classic(r) 877-430-2990

Customer Support team is available 24 hours a day, 7 days a week to assist you.
For a web mail form for Customer Support please go to the following page:
http://support.lexisnexis.com/courtlinkemail/default.asp?vcForm=Courtlink_Email_Form1&B1=Continue

LexisNexis is a trademark and CourtLink and CourtLink Classic are registered trademarks of LexisNexis.

---

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 6:24 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** Re: Call from Newsweek

I don't have it. She left a voicemail

----- Original Message -----
From: [redacted], [redacted] (USAFLS)
Sent: Thursday, March 17, 2011 06:22 PM
To: [redacted]. (USAFLS)
Subject: Re: Call from Newsweek

Can u send me conchita"s email?

----- Original Message -----
From: [redacted]. (USAFLS)
Sent: Thursday, March 17, 2011 06:13 PM
To: [redacted], [redacted] (USAFLS)
Cc: [redacted] (USAFLS); [redacted]' <[redacted]>; [redacted] (USAFLS); [redacted] (USAFLS); 'eis@miamidade.gov' <eis@miamidade.gov>

Subject: Call from Newsweek

Hi [redacted]. Received a voicemail from Newsweek (which now includes Conchita Sarnoff) while I was at the doctor's office from [redacted] Akin (sp?) And Sarnoff saying they wanted comment from me on a letter they received on the Epstein prosecution. My guess is it is either Cassell's letter or [redacted] response thereto. They are going to print tomorrow.

[redacted]

---

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Friday, March 18, 2011 4:45 PM
**To:** [redacted], [redacted] (ODAG) (JMD)
**Subject:** RE: Can you call me? It is urgent.

I will wait for you. There may be a Newsweek story tomorrow about Alex's relationship with Starr and Lefkowitz and the special treatment for Epstein.

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

[redacted]

Fax [redacted]

**From:** [redacted], [redacted] (ODAG) (SMO)
**Sent:** Friday, March 18, 2011 4:43 PM
**To:** [redacted]. (USAFLS)
**Subject:** Re: Can you call me? It is urgent

In meetings with the DAG (and others) until 5:30. Can it wait until then or should I step out?

**From:** [redacted]. (USAFLS)
**Sent:** Friday, March 18, 2011 04:26 PM
**To:** [redacted], [redacted] (ODAG)

**Subject**: Can you call me? It is urgent

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

------------

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Tuesday, March 15, 2011 7:37 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted], [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Epstein

Agreed. Agents will be conducting the interview in Australia tomorrow night our time (Thursday Australia time). After that, I will know what we are really working with and will finish it up as quickly as I can. There is a lot to digest and unfortunately I have a lot of other pressing matters, too, but I am working as fast as I can.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, March 15, 2011 6:51 PM
**To:** [redacted]. (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted], [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Epstein

Hi [redacted],

I think you mentioned last week that you were preparing a memo addressing some of the legal and strategic issues relating to a potential new investigation into Epstein and/or other targets. Once you've done that, we

should probably set aside some time to chat about the case generally. Also, [redacted] reached out to [redacted] and me last week and raised some issues that we can discuss as well. Thanks.

---

**From:** Paul Cassell <[redacted]>
**Sent:** Tuesday, March 15, 2011 7:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); Brad Edwards
**Subject:** RE: Government's Position on Several Pending Issues? Still Waiting for Answer

Dear [redacted]

Brad and I have received Mr. [redacted] letter of today. We are deeply disappointed. We will file our court pleadings on Friday.

Mr. [redacted] letter still leaves unanswered a number of questions, which I am writing to raise with you -- again.

1. You still have not provided, as you promised you would, the name of the person coordinating the OPR investigation. As a result we have not been able to obtain any information about the status of the investigation. Just to be clear, we intend to include in our filing information that OPR has begun an investigation and to include the information that we currently have about [redacted] – we assume that making that information public will not compromise OPR's work.

2. We will be making initial disclosures to you under the Federal Rules of Civil Procedure shortly. We have not heard back from you on whether you will be making parallel disclosures. Accordingly, we understand your position to be that you are not obligated to provide to us any documents under Rule 26.

3. We understand your position to be that, despite the "best efforts" clause in the CVRA and your obligation to treat victims with fairness, you can withhold evidence from the victims that will help them prove CVRA violations. For example, we understand you to take the position that you can withhold the other half of the U.S. Attorney's correspondence, correspondence between the Department and Ken Starr and Lillian [redacted] on behalf of Epstein, and information about [redacted] role in the Epstein case. In short, we understand you to be asserting a blanket position that you can withhold information that will help prove the victims' CVRA case. If this is incorrect, please advise us promptly. If we have misunderstood you and you are willing to provide us relevant information, we will promptly provide you with a list of such information. If we have understood you correctly, we will be filing a motion with the Court shortly to block the Justice Department from suppressing such highly relevant information.

4. You still have not given us your position on the victims' motion to file an unsealed, unredacted pleading reciting the U.S. Attorney's correspondence. What is your position on that motion: We have been asking for your position on this motion for some time now. If we have not heard back from you by c.o.b. Wednesday, March 16, 2011, we will include in our pleadings the following statement: "The Justice Department attorneys handling this case have been contacted several times for their position on this issue but have refused to respond to give their position."

Thanks you in advance for your assistance. Sincerely, Paul Cassell, Co-Counsel for Jane Doe

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

------------

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Tuesday, March 15, 2011 7:40 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** FW: Government's Position on Several Pending Issues? Still Waiting for Answer

[redacted] and [redacted],

Here is Cassell's response to our letter. On March 1, 2010, I sent an e-mail to [redacted] at OPR, to whom I had referred Cassell's letter asking for an inquiry. I asked [redacted] if OPR had a policy about complainants having direct contact with investigating attorneys, since I was reluctant to provide [redacted] name in the absence of consent. [redacted] has not responded to my e-mail. I intend to provide the general phone number for OPR to Cassell.

[redacted]

**From:** Paul Cassell [mailto:[redacted]]
**Sent:** Tuesday, March 15, 2011 7:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); Brad Edwards
**Subject:** RE: Government's Position on Several Pending Issues? Still Waiting for Answer

Dear [redacted]

Brad and I have received Mr. [redacted] letter of today. We are deeply disappointed. We will file our court pleadings on Friday.

Mr. [redacted] letter still leaves unanswered a number of questions, which I am writing to raise with you -- again.

1. You still have not provided, as you promised you would, the name of the person coordinating the OPR investigation. As a result we have not been able to obtain any information about the status of the investigation. Just to be clear, we intend to include in our filing information that OPR has begun an investigation and to include the information that we currently have about [redacted] – we assume that making that information public will not compromise OPR's work.

2. We will be making initial disclosures to you under the Federal Rules of Civil Procedure shortly. We have not heard back from you on whether you will be making parallel disclosures. Accordingly, we understand your position to be that you are not obligated to provide to us any documents under Rule 26.

3. We understand your position to be that, despite the "best efforts" clause in the CVRA and your obligation to treat victims with fairness, you can withhold evidence from the victims that will help them prove CVRA violations. For example, we understand you to take the position that you can withhold the other half of the U.S. Attorney's correspondence, correspondence between the Department and Ken Starr and Lillian [redacted] on behalf of Epstein, and information about [redacted] role in the Epstein case. In short, we understand you to be asserting a blanket position that you can withhold information that will help prove the victims' CVRA case. If this is incorrect, please advise us promptly. If we have misunderstood you and you are willing to provide us relevant information, we will promptly provide you with a list of such information. If we have understood you correctly, we will be filing a motion with the Court shortly to block the Justice Department from suppressing such highly relevant information.

4. You still have not given us your position on the victims' motion to file an unsealed, unredacted pleading reciting the U.S. Attorney's correspondence. What is your position on that motion: We have been asking for your position on this motion for some time now. If we have not heard back from you by c.o.b. Wednesday, March 16, 2011, we will include in our pleadings the following statement: "The Justice Department attorneys handling this case have been contacted several times for their position on this issue but have refused to respond to give their position."

Thanks you in advance for your assistance. Sincerely, Paul Cassell, Co-Counsel for Jane Doe

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

------------

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Tuesday, March 15, 2011 8:49 PM
**To:** [redacted]. (USAFLS)
**Subject:** Re: Epstein

Thanks - I know you are swamped. No rush, I just figured we should all talk since this case has so many moving parts.

**From**: [redacted]. (USAFLS)
**Sent**: Tuesday, March 15, 2011 07:37 PM
**To**: [redacted] (USAFLS)
**Cc**: [redacted] (USAFLS); [redacted] (USAFLS); [redacted], [redacted] (USAFLS); [redacted] (USAFLS)
**Subject**: RE: Epstein

Agreed. Agents will be conducting the interview in Australia tomorrow night our time (Thursday Australia time). After that, I will know what we are really working with and will finish it up as quickly as I can. There is a lot to digest and unfortunately I have a lot of other pressing matters, too, but I am working as fast as I can.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, March 15, 2011 6:51 PM
**To:** [redacted]. (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted], [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Epstein

Hi [redacted],

I think you mentioned last week that you were preparing a memo addressing some of the legal and strategic issues relating to a potential new investigation into Epstein and/or other targets. Once you've done that, we should probably set aside some time to chat about the case generally. Also, [redacted] reached out to [redacted] and me last week and raised some issues that we can discuss as well. Thanks.

------------

| | |
|---|---|
| **From:** | [redacted] (USAFLS) <[redacted]> |
| **Sent:** | Tuesday, March 15, 2011 8:40 PM |
| **To:** | [redacted] (USAFLS); [redacted]. (USAFLS) |
| **Cc:** | [redacted] (USAFLS); [redacted]. (USAFLS) |
| **Subject:** | Re: Government's Position on Several Pending Issues? Still Waiting for Answer |

At the risk of stating the obvious, Cassell's approach seems to be to ratchet up the attacks against the office whenever he doesn't get exactly what he wants. Most of his e-mail deals with his efforts to embarrass the Office rather than the legal issue before Judge Marra.

That being said, his statement that OPR "has begun an investigation" is not only irrelevant, but possibly incorrect. Since there is pending litigation, my guess is that OPR has not yet begun an investigation. My understanding based on another experience as well as on comments from OPR at the NAC is that they specifically do not begin investigations while there is pending litigation on the same subject matter as the referral. The fact that Cassell is the one who wrote the letter that we forwarded to OPR matters here as well. Cassell simply made an accusation and he is now trying to use the fact of an OPR investigation to give the illusion that there must be some merit to the allegation. I could be mistaken and it may just be semantics, but he seems wrong on this.

**From**: [redacted] (USAFLS)
**Sent**: Tuesday, March 15, 2011 07:39 PM

**To:** [redacted], (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted], (USAFLS)
**Subject:** FW: Government's Position on Several Pending Issues? Still Waiting for Answer

[redacted] and [redacted],

Here is Cassell's response to our letter. On March 1, 2010, I sent an e-mail to [redacted] at OPR, to whom I had referred Cassell's letter asking for an inquiry. I asked [redacted] if OPR had a policy about complainants having direct contact with investigating attorneys, since I was reluctant to provide [redacted] name in the absence of consent. [redacted] has not responded to my e-mail. I intend to provide the general phone number for OPR to Cassell.

[redacted]

**From:** Paul Cassell [mailto:[redacted]]
**Sent:** Tuesday, March 15, 2011 7:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted], (USAFLS); Brad Edwards
**Subject:** RE: Government's Position on Several Pending Issues? Still Waiting for Answer

Dear [redacted],

Brad and I have received Mr. [redacted] letter of today. We are deeply disappointed. We will file our court pleadings on Friday.

Mr. [redacted] letter still leaves unanswered a number of questions, which I am writing to raise with you -- again.

1. You still have not provided, as you promised you would, the name of the person coordinating the OPR investigation. As a result we have not been able to obtain any information about the status of the investigation. Just to be clear, we intend to include in our filing information that OPR has begun an investigation and to include the information that we currently have about [redacted] – we assume that making that information public will not compromise OPR's work.

2. We will be making initial disclosures to you under the Federal Rules of Civil Procedure shortly. We have not heard back from you on whether you will be making parallel disclosures. Accordingly, we understand your position to be that you are not obligated to provide to us any documents under Rule 26.

3. We understand your position to be that, despite the "best efforts" clause in the CVRA and your obligation to treat victims with fairness, you can withhold evidence from the victims that will help them prove CVRA violations. For example, we understand you to take the position that you can withhold the other half of the U.S. Attorney's correspondence, correspondence between the Department and Ken Starr and Lillian [redacted] on behalf of Epstein, and information about [redacted] role in the Epstein case. In short, we understand you to be asserting a blanket position that you can withhold information that will help prove the victims' CVRA case. If this is incorrect, please advise us promptly. If we have misunderstood you and you are willing to provide us relevant information, we will promptly provide you with a list of such information. If we have understood you correctly, we will be filing a motion with the Court shortly to block the Justice Department from suppressing such highly relevant information.

4. You still have not given us your position on the victims' motion to file an unsealed, unredacted pleading reciting the U.S. Attorney's correspondence. What is your position on that motion: We have been asking for your position on this motion for some time now. If we have not heard back from you by c.o.b. Wednesday, March 16, 2011, we will include in our pleadings the following statement: "The Justice Department attorneys handling this case have been contacted several times for their position on this issue but have refused to respond to give their position."

Thanks you in advance for your assistance. Sincerely, Paul Cassell, Co-Counsel for Jane Doe

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

------------

**From:** [redacted], (USAFLS) <WFerrer@usa.doj.gov>
**Sent:** Wednesday, March 16, 2011 10:15 AM
**To:** [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Government's Position on Several Pending Issues? Still Waiting for Answer

Excellent point. Please make OPR aware of this situation so that we can provide guidance. We need to clarify this point with Cassell before he files his motion on Friday. [redacted] is right: this is a classic smear campaign in order to distract the court from the legal/statutory issue before it.

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, March 15, 2011 8:40 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** Re: Government's Position on Several Pending Issues? Still Waiting for Answer

At the risk of stating the obvious, Cassell's approach seems to be to ratchet up the attacks against the office whenever he doesn't get exactly what he wants. Most of his e-mail deals with his efforts to embarrass the Office rather than the legal issue before Judge Marra.

That being said, his statement that OPR "has begun an investigation" is not only irrelevant, but possibly incorrect. Since there is pending litigation, my guess is that OPR has not yet begun an investigation. My understanding based on another experience as well as on comments from OPR at the NAC is that they specifically do not begin investigations while there is pending litigation on the same subject matter as the referral. The fact that Cassell is the one who wrote the letter that we forwarded to OPR matters here as well. Cassell simply made an accusation and he is now trying to use the fact of an OPR investigation to give the illusion that there must be some merit to the allegation I could be mistaken and it may just be semantics, but he seems wrong on this.

**From:** [redacted] (USAFLS)
**Sent:** Tuesday, March 15, 2011 07:39 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** FW: Government's Position on Several Pending Issues? Still Waiting for Answer

[redacted] and [redacted],

Here is Cassell's response to our letter. On March 1, 2010, I sent an e-mail to [redacted] at OPR, to whom I had referred Cassell's letter asking for an inquiry. I asked [redacted] if OPR had a policy about complainants having direct contact with investigating attorneys, since I was reluctant to provide [redacted] name in the absence of consent. [redacted] has not responded to my e-mail. I intend to provide the general phone number for OPR to Cassell.

[redacted]

**From:** Paul Cassell [mailto:[redacted]]
**Sent:** Tuesday, March 15, 2011 7:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); Brad Edwards
**Subject:** RE: Government's Position on Several Pending Issues? Still Waiting for Answer

Dear [redacted]

Brad and I have received Mr. [redacted] letter of today. We are deeply disappointed. We will file our court pleadings on Friday.

Mr. [redacted] letter still leaves unanswered a number of questions, which I am writing to raise with you -- again.

1. You still have not provided, as you promised you would, the name of the person coordinating the OPR investigation. As a result we have not been able to obtain any information about the status of the investigation. Just to be clear, we intend to include in our filing information that OPR has begun an investigation and to include the information that we currently have about [redacted] – we assume that making that information public will not compromise OPR's work.

2. We will be making initial disclosures to you under the Federal Rules of Civil Procedure shortly. We have not heard back from you on whether you will be making parallel disclosures. Accordingly, we understand your position to be that you are not obligated to provide to us any documents under Rule 26.

3. We understand your position to be that, despite the "best efforts" clause in the CVRA and your obligation to treat victims with fairness, you can withhold evidence from the victims that will help them prove CVRA violations. For example, we understand you to take the position that you can withhold the other half of the U.S. Attorney's correspondence, correspondence between the Department and Ken Starr and Lillian [redacted] on behalf of Epstein, and information about [redacted] role in the Epstein case. In short, we understand you to be asserting a blanket position that you can withhold information that will help prove the victims' CVRA case. If this is incorrect, please advise us promptly. If we have misunderstood you and you are willing to provide us relevant information, we will promptly provide you with a list of such information. If we have understood you correctly, we will be filing a motion with the Court shortly to block the Justice Department from suppressing such highly relevant information.

4. You still have not given us your position on the victims' motion to file an unsealed, unredacted pleading reciting the U.S. Attorney's correspondence. What is your position on that motion: We have been asking for your position on this motion for some time now. If we have not heard back from you by c.o.b. Wednesday, March 16, 2011, we will include in our pleadings the following statement: "The Justice Department attorneys handling this case have been contacted several times for their position on this issue but have refused to respond to give their position."

Thanks you in advance for your assistance. Sincerely, Paul Cassell, Co-Counsel for Jane Doe

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

------------

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 12:17 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** RE: Government's Position on Several Pending Issues? Still Waiting for Answer

Hi [redacted] – I think that some of these positions may conflict with other positions taken by the Department. In particular I believe that the Department's position is that the Federal Rules of Civil Procedure do not apply because this is not a civil action.

As to point number 4, I would recommend that we make clear that the matter should be filed under seal in accordance with Judge Marra's order, however, if the plaintiffs abide by the terms of that order (in terms of providing notice and the opportunity to be heard) and make a motion to unseal, we will not oppose the motion to unseal.

Thank you.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAFLS)
**Sent:** Thursday, March 17, 2011 11:20 AM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** FW: Government's Position on Several Pending Issues? Still Waiting for Answer

[redacted] and [redacted],

I would like to respond to Cassell's requests today. As to paragraph 1, I provided him a phone number and contact person yesterday, March 16.

As to paragraph 2, I would like to tell Cassell we won't be making initial disclosures, because we don't believe Fed.R.Civ.P. 26 applies in this hybrid civil matter.

As to paragraph 3, I would like to tell Cassell that the CVRA applies to the criminal case which has been filed in district court, where an individual is deemed to be a "victim," not any civil litigation which may be initiated to enforce those rights. Any rights to discovery in an action to enforce the CVRA would emanate from the Federal Rules of Civil Procedure, if at all. Moreover, I would like to tell him that whatever Ken Starr said to our office, and what our office said to Ken Starr, has no bearing on whether a legal duty to consult, in the absence of any charge filed in the district court, existed. We will respond to any motion he files, claiming he has a right of access to these materials.

As to paragraph 4, I discern no privilege attaching to e-mail and mail correspondence our office had with Epstein's attorneys. These could be considered plea discussions, but normally, one of the parties to the negotiation is complaining about the other side using information gleaned from such discussions improperly in the merits of the case. We could argue that disclosure to third parties could

assert a chilling effect, but that seems to be a stretch. In any event, I think we should advise Cassell the U.S. Attorney's Office has no independent objection to the release of this correspondence between our office and Epstein's attorneys. It will be the victims' burden to notify Epstein, and respond to whatever objections he lodges.

Thanks,

[redacted]

**From:** Paul Cassell [mailto:[redacted]]
**Sent:** Tuesday, March 15, 2011 7:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); Brad Edwards
**Subject:** RE: Government's Position on Several Pending Issues? Still Waiting for Answer

Dear [redacted],

Brad and I have received Mr. [redacted] letter of today. We are deeply disappointed. We will file our court pleadings on Friday.

Mr. [redacted] letter still leaves unanswered a number of questions, which I am writing to raise with you -- again.

1. You still have not provided, as you promised you would, the name of the person coordinating the OPR investigation. As a result we have not been able to obtain any information about the status of the investigation. Just to be clear, we intend to include in our filing information that OPR has begun an investigation and to include the information that we currently have about [redacted] – we assume that making that information public will not compromise OPR's work.

2. We will be making initial disclosures to you under the Federal Rules of Civil Procedure shortly. We have not heard back from you on whether you will be making parallel disclosures. Accordingly, we understand your position to be that you are not obligated to provide to us any documents under Rule 26.

3. We understand your position to be that, despite the "best efforts" clause in the CVRA and your obligation to treat victims with fairness, you can withhold evidence from the victims that will help them prove CVRA violations. For example, we understand you to take the position that you can withhold the other half of the U.S. Attorney's correspondence, correspondence between the Department and Ken Starr and Lillian [redacted] on behalf of Epstein, and information about [redacted] role in the Epstein case. In short, we understand you to be asserting a blanket position that you can withhold

information that will help prove the victims' CVRA case. If this is incorrect, please advise us promptly. If we have misunderstood you and you are willing to provide us relevant information, we will promptly provide you with a list of such information. If we have understood you correctly, we will be filing a motion with the Court shortly to block the Justice Department from suppressing such highly relevant information.

4. You still have not given us your position on the victims' motion to file an unsealed, unredacted pleading reciting the U.S. Attorney's correspondence. What is your position on that motion: We have been asking for your position on this motion for some time now. If we have not heard back from you by c.o.b. Wednesday, March 16, 2011, we will include in our pleadings the following statement: "The Justice Department attorneys handling this case have been contacted several times for their position on this issue but have refused to respond to give their position."

Thanks you in advance for your assistance. Sincerely, Paul Cassell, Co-Counsel for Jane Doe

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

------------

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 17, 2011 11:20 AM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** FW: Government's Position on Several Pending Issues? Still Waiting for Answer

[redacted] and [redacted],

I would like to respond to Cassell's requests today. As to paragraph 1, I provided him a phone number and contact person yesterday, March 16.

As to paragraph 2, I would like to tell Cassell we won't be making initial disclosures, because we don't believe Fed.R.Civ.P. 26 applies in this hybrid civil matter.

As to paragraph 3, I would like to tell Cassell that the CVRA applies to the criminal case which has been filed in district court, where an individual is deemed to be a "victim," not any civil litigation which may be initiated to enforce those rights. Any rights to discovery in an action to enforce the CVRA would emanate from the Federal Rules of Civil Procedure, if at all. Moreover, I would like to tell him that whatever Ken Starr said to our office, and what our office said to Ken Starr, has no bearing on whether a legal duty to consult, in the absence of any charge filed in the district court, existed. We will respond to any motion he files, claiming he has a right of access to these materials.

As to paragraph 4, I discern no privilege attaching to e-mail and mail correspondence our office had with Epstein's attorneys. These could be considered plea discussions, but normally, one of the parties to the negotiation is complaining about the other side using information gleaned from such discussions improperly in the merits of the case. We could argue that disclosure to third parties could assert a chilling effect, but that seems to be a stretch. In any event, I think we should advise Cassell the U.S. Attorney's Office has no independent objection to the release of this correspondence between our office and Epstein's attorneys. It will be the victims' burden to notify Epstein, and respond to whatever objections he lodges.

Thanks,

[redacted]

**From:** Paul Cassell [mailto:[redacted]]
**Sent:** Tuesday, March 15, 2011 7:21 PM
**To:** [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS); Brad Edwards
**Subject:** RE: Government's Position on Several Pending Issues? Still Waiting for Answer

Dear [redacted]

Brad and I have received Mr. [redacted] letter of today. We are deeply disappointed. We will file our court pleadings on Friday.

Mr. [redacted] letter still leaves unanswered a number of questions, which I am writing to raise with you -- again.

1. You still have not provided, as you promised you would, the name of the person coordinating the OPR investigation. As a result we have not been able to obtain any information about the status of the investigation. Just to be clear, we intend to include in our filing information that OPR has begun an investigation and to include the information that we currently have about [redacted] – we assume that making that information public will not compromise OPR's work.

2. We will be making initial disclosures to you under the Federal Rules of Civil Procedure shortly. We have not heard back from you on whether you will be making parallel disclosures. Accordingly, we understand your position to be that you are not obligated to provide to us any documents under Rule 26.

3. We understand your position to be that, despite the "best efforts" clause in the CVRA and your obligation to treat victims with fairness, you can withhold evidence from the victims that will help them prove CVRA violations. For example, we understand you to take the position that you can withhold the other half of the U.S. Attorney's correspondence, correspondence between the Department and Ken Starr and Lillian [redacted] on behalf of Epstein, and information about [redacted] role in the Epstein case. In short, we understand you to be asserting a blanket position that you can withhold information that will help prove the victims' CVRA case. If this is incorrect, please advise us promptly. If we have misunderstood you and you are willing to provide us relevant information, we will promptly provide you with a list of such information. If we have understood you correctly, we will be filing a motion with the Court shortly to block the Justice Department from suppressing such highly relevant information.

4. You still have not given us your position on the victims' motion to file an unsealed, unredacted pleading reciting the U.S. Attorney's correspondence. What is your position on that motion: We have been asking for your position on this motion for some time now. If we have not heard back from you by c.o.b. Wednesday, March 16, 2011, we will include in our pleadings the following statement: "The Justice Department attorneys handling this case have been contacted several times for their position on this issue but have refused to respond to give their position."

Thanks you in advance for your assistance. Sincerely, Paul Cassell, Co-Counsel for Jane Doe

Paul G. Cassell

Ronald N. Boyce Presidential Professor of Criminal Law

S.J. Quinney College of Law at the University of Utah

[redacted]

[redacted]

Voice: [redacted]

Fax: [redacted]

Email: [redacted]

http://www.law.utah.edu/profiles/default.asp?PersonID=57&name=Cassell,Paul

CONFIDENTIAL: This electronic message - along with any/all attachments - is confidential. This message is intended only for the use of the addressee. If you are not the intended recipient, the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication. If you have received this message in error, please immediately notify the sender by reply electronic mail and delete the original message. Thank you.

------------

**Subject:** Epstein
**Location:** [redacted] ofc/[redacted] call in

**Start:** Fri 3/18/2011 10:30 AM
**End:** Fri 3/18/2011 11:00 AM

**Recurrence:** (none)

**Organizer:** [redacted]. (USAFLS)
**Required Attendees:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted], [redacted] (USAFLS); [redacted] [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)

When: Friday, March 18, 2011 10:30 AM-11:00 AM (GMT-05:00) Eastern Time (US & Canada).
Where: [redacted] ofc/[redacted] call in

Note: The GMT offset above does not reflect daylight saving time adjustments.

*~*~*~*~*~*~*~*~*~*

From: [redacted] (USAFLS)
Sent: Friday, March 18, 2011 9:06 AM
To: [redacted] (USAFLS)

Hola. Can you please set a conference call for 10:30 this morning in [redacted] office re: Epstein with [redacted], [redacted], [redacted], [redacted], [redacted], [redacted], and [redacted] and ask for a number we should call in WPB? Thanks.

------------

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Friday, March 18, 2011 11:44 AM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** Emailing: 081124 [redacted] Ltr to Black final.wpd

**Attachments:** 081124 [redacted] Ltr to Black final.wpd

<<081124 [redacted] Ltr to Black final.wpd>> This was the letter that was sent.

The message is ready to be sent with the following file or link attachments:

081124 [redacted] Ltr to Black final.wpd

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments. Check your e-mail security settings to determine how attachments are handled.

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, March 21, 2011 5:07 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Filings from Cassell
**Attachments:** DE51_20110321_Motion to use correspondence and unseal.pdf; DE49_20110321_Motion to Have Facts Accepted as True.pdf; DE50_20110321_Motn for Brady-type evidence.pdf; DE50-1_20110321_Exhibit Edwards Letter.pdf; DE50-2_20110321_Proposed Order.pdf; DE48-[redacted] 302.pdf; DE48-[redacted] Victim notification ltr.pdf; DE48-[redacted] victim notification ltr.pdf; DE48-5_20110321_NPA.pdf; DE48-6_20110321_Twiler ltr to [redacted]; DE48-7_20110321_Twiler ltr to Jim Eisenberg for [redacted]; DE48-8_20110321_302 of [redacted] from Jan 2008.pdf; DE48-9_20110321_Twiler ltr to [redacted]; DE48_20110321_Motn for finding a violation of CVRA.pdf

Here they all are

<<DE51_20110321_Motion to use correspondence and unseal.pdf>> <<DE49_20110321_Motion to Have Facts Accepted as True.pdf>> <<DE50_20110321_Motn for Brady-type evidence.pdf>> <<DE50-1_20110321_Exhibit Edwards Letter.pdf>> <<DE50-2_20110321_Proposed Order.pdf>> <<DE48-[redacted] 302.pdf>> <<DE48-[redacted] Victim notification ltr.pdf>> <<DE48-[redacted] victim notification ltr.pdf>> <<DE48-5_20110321_NPA.pdf>> <<DE48-6_20110321_Twiler ltr to [redacted]>> <<DE48-7_20110321_Twiler ltr to Jim Eisenberg for [redacted]>> <<DE48-8_20110321_302 of [redacted] from Jan 2008.pdf>> <<DE48-9_20110321_Twiler ltr to [redacted]>> <<DE48_20110321_Motn for finding a violation of CVRA.pdf>>

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

[redacted]

Fax [redacted]

---

**Subject:** Epstein
**Location:** [redacted] ofc/[redacted] call in

**Start:** Fri 3/18/2011 10:30 AM
**End:** Fri 3/18/2011 11:00 AM

**Recurrence:** (none)

**Organizer:** [redacted] (USAFLS)
**Required Attendees:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted], [redacted] (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)

When: Friday, March 18, 2011 10:30 AM-11:00 AM (GMT-05:00) Eastern Time (US & Canada).
Where: [redacted] ofc/[redacted] call in

Note: The GMT offset above does not reflect daylight saving time adjustments.

*~*~*~*~*~*~*~*~*~*

From: [redacted] (USAFLS)
Sent: Friday, March 18, 2011 9:06 AM
To: [redacted] (USAFLS)

Hola. Can you please set a conference call for 10:30 this morning in [redacted] office re: Epstein with [redacted], [redacted], [redacted], [redacted], [redacted], [redacted], and [redacted] and ask for a number we should call in WPB? Thanks.

---

**Subject:** Epstein
**Location:** [redacted] ofc/[redacted] call in

**Start:** Fri 3/18/2011 10:30 AM
**End:** Fri 3/18/2011 11:00 AM

**Recurrence:** (none)

**Organizer:** [redacted] (USAFLS)
**Required Attendees:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted], [redacted] (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)

When: Friday, March 18, 2011 10:30 AM-11:00 AM (GMT-05:00) Eastern Time (US & Canada).
Where: [redacted] ofc/[redacted] call in

Note: The GMT offset above does not reflect daylight saving time adjustments.

*~*~*~*~*~*~*~*~*~*

From: [redacted] (USAFLS)
Sent: Friday, March 18, 2011 9:06 AM
To: [redacted] (USAFLS)

Hola. Can you please set a conference call for 10:30 this morning in [redacted] office re: Epstein with [redacted], [redacted], [redacted], [redacted], [redacted], [redacted], and [redacted] and ask for a number we should call in WPB? Thanks.

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Friday, March 18, 2011 2:50 PM
**To:** [redacted], [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** RE: From: John Connolly Vanity Fair magazine Please confirm receipt:

Just a thought, but my letter to [redacted] should be accessible via a public records request to PBSO. It certainly would show that, at the very least, I did not know that JE would be allowed on work release and that serious concerns were raised to PBSO and a request was made for judicial intervention. It addresses a number of his questions regarding the legitimacy of the "foundation."

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted] (USAFLS)
**Sent:** Friday, March 18, 2011 2:30 PM
**To:** [redacted], [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** RE: From: John Connolly Vanity Fair magazine Please confirm receipt.

Okay, continuing on. Please see below.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted]. (USAFLS)
**Sent:** Friday, March 18, 2011 1:16 PM
**To:** [redacted], [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** RE: From: John Connolly Vanity Fair magazine Please confirm receipt.

See my comments below. Also, when I was looking for the notice of breach letter regarding the work release, I found a letter that I had written to [redacted] at PBSO regarding FBI's and my investigation into Epstein's sham charity work. I have attached that. That, also, should have formed the basis of a breach of the NPA, but we couldn't breach because of AA's side dealings.

I have to run to court. I will answer the rest of the questions when I get back.

[redacted]

Assistant U.S. Attorney

[redacted]

[redacted]

[redacted]

Fax [redacted]

**From:** [redacted], [redacted] (USAFLS)
**Sent:** Friday, March 18, 2011 1:09 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS)
**Subject:** Fw: From: John Connolly Vanity Fair magazine Please confirm receipt.

Hi all. Here are the is from Vanity Fair. I would appreciate your input.
Thanks all

**From**: john1885c [mailto:[redacted]]
**Sent**: Friday, March 18, 2011 01:50 PM
**To**: [redacted], [redacted] (USAFLS)
**Subject**: From: John Connolly Vanity Fair magazine Please confirm receipt.

AUSA [redacted],

It was a pleasure speaking with you this morning. As per your request here are questions I would like to have answered for a piece I am researching on Jeffrey Epstein. As life would have it I am going to be on a busman's holiday this coming week on Singer Island, FL. I would like to meet you and whomever else you think I should speak with. If not, I understand perfectly.

Let me preface these questions by saying that AUSA [redacted] who was in charge of the investigation of Jeffrey Epstein has a remarkably record as a prosecutor. I also know that an AUSA does not have the authority to grant a potential defendant a non -prosecution agreement without the permission of higher ups in the Justice Department.

Not quite three years ago, the US Attorney for the Southern District of Florida, granted Jeffrey Epstein a non-prosecution agreement in return for his accepting a FL State plea deal for his illegal acts regarding sex with minor females. The state case was handled by the West Palm Beach State Prosecutor who has since left office.

Was your office aware of the extraordinary sweet deal that Mr. Epstein was granted by that state prosecutor? YES. BUT FOR OUR INSISTENCE, THE SAO WAS ACTUALLY GOING TO DO PRETRIAL DIVERSION WITH EPSTEIN ON A MISDEMEANOR CHARGE OF SOLICITATION OF ADULT PROSTITUTION.

Was your office at the time of the agreement aware that Mr. Epstein would not be sent to a state prison facility as almost all defendants who are sentenced to more that a year in prison are required to do? DURING A MEETING ATTENDED BY [redacted], [redacted], STATE ATTORNEY BARRY KRISCHER, ASA LANNA BELOLAVEK AND MYSELF, IT WAS AGREED THAT JE WOULD STAY IN SOLITARY CONFINEMENT AT THE PALM BEACH COUNTY JAIL.

Was your office aware that Mr. Epstein would serve his sentence in the local WPB jail? AT THE PALM BEACH COUNTY JAIL, NOT AT THE STOCKADE.

Was your office aware that Mr. Epstein would be allowed, what most FL law enforcement officials describe as "beyond a sweetheart deal", in that six days a week at 7:00 AM Mr. Epstein would leave the the WPB jail with a corrections officer he was personally paying for, and be escorted to the office of attorney Jack Goldberger where he would be allowed to stay until 11:00 PM and then be returned to jail for the evening? Ostensibly this was so that Mr. Epstein could work on a new charity he had formed. This despite the fact that just prior to beginning his jail sentence, Mr. Epstein liquidated his charity and gave $18 million to a charity run by the wife of his former patron.

Does the US Attorney believe that Mr. Epstein was working on a charity? AS MENTIONED DURING OUR PHONE CALL, DURING THE PLEA NEGOTIATIONS, WORK RELEASE WAS NEVER

CONTEMPLATED AND IS NOT MENTIONED IN THE NON PROSECUTION AGREEMENT. AFTER THE "APPEAL" TO MAIN JUSTICE, WHEN IT CAME BACK DOWN TO OUR OFFICE, [redacted], [redacted], AND I TOOK A MUCH HARDER LINE, AND [redacted] ALSO BECAME INVOLVED, AND HE ALSO TOOK A MUCH HARDER LINE. THE FBI AND I HEARD THROUGH THE GRAPEVINE THAT JE WAS SNIFFING AROUND ABOUT WORK RELEASE, SO [redacted] AND I HAD A SPECIFIC SERIES OF CONVERSATIONS WITH ROY BLACK AND JACK GOLDBERGER ABOUT JE SERVING HIS TIME INCARCERATED 24 HOURS PER DAY. PURSUANT TO THE NPA, OUR OFFICE WAS ENTITLED TO REVIEW THE STATE PLEA AGREEMENT BEFORE IT WAS SIGNED. THE STATE PLEA AGREEMENT DID NOT CONFORM TO THE NPA AND WE OBJECTED BECAUSE IT DID NOT REQUIRE INCARCERATION. EVEN AFTER ALL OF THAT, JE APPLIED FOR AND WAS APPROVED FOR WORK RELEASE. WE SENT A NOTICE OF BREACH LETTER, AND THAT WAS WHEN I RECEIVED THE CALL FROM JAY LEFKOWITZ SAYING THAT JAY AND ALAN DERSHOWITZ HAD GOTTEN APPROVAL FROM ALEX FOR JE TO GO OUT ON WORK RELEASE. AS FOR WHETHER JE WAS REALLY WORKING ON A CHARITY, SEE MY EARLIER LETTER.

Was Mr. Epstein doing work as a Confidential Informer for the federal government as he has in the past?
Mr. Eptein was Victim # 1 in the federal indictment of two Bear Stears executives on fraud charges stemming from a mortgage backed fund that went under. Mr. Epstein lost almost $70 million in that fund.
Was Mr. Epstein working on the government case while working on "His Charity"? WE BELIEVE THAT ALL OF THIS IS URBAN MYTH. THE FBI AND I LOOKED INTO THIS AND DO NOT BELIEVE THAT ANY OF IT IS TRUE.

Has your office ever agreed to any allow any other prisoner the same or similar sweet deal? NO AUSA I HAVE EVER TALKED TO HAS HEARD OF ONE.

Was your office aware that in return for Mr. Goldberger's help, Mr. Epstein purchased for him a top of the line black BMW? (Sadly for Goldberger he was in an accident and totaled the vehicle three weeks later.) THIS WAS REPORTED IN THE PALM BEACH POST AND I HAVE SEEN HIM DRIVING THE CAR. (EPSTEIN BOUGHT HIM A REPLACEMENT AFTER HE TOTALED THE FIRST ONE.)

It has come to my attention that the R. Alexander Acos ta former Attorney General for the Southern District of Florida during the investigation and non-prosecution agreement with Mr. Epstein had been a law partner and friend of two Mr. Epstein's lawyers. Both Ken Star and Jay Lefkowitz had been partners with Mr. Acosta at the law firm of Kirkland & Ellis prior to his being appointed by President Bush.

I have been told by sources that Mr. Acosta was the person responsible for the decision not to prosecute Mr. Epstein.

I have also been told that during Mr. Starr's trip to FL to speak with federal prosecutors he complained to Mr. Acosta that the press coverage of his trips to FL on Mr. Epstein's private jets were being leaked by FBI agents. ( I can assure you that was not true.)

Did Mr. Acosta recuse himself from any discussions about the Epstein case so as to avoid even the appearance of impropriety?

Was the possibility of his removing himself from the case ever discussed by officials in the Justice Department?

Are there any memos regarding that?

Is there currently an Office of Professional Responsibility investigation into the facts surrounding the handling of this case and Mr. Acosta actions in it?

EPSTEIN'S M.O. WAS TO HIRE ATTORNEYS WHO COULD GET HIM ACCESS. FOR THE SAO, THE FIRST ASA WAS MAKING REAL HEADWAY, SO HE FIRED HIS FIRST ATTORNEY (GUY FRONSTIN) AND REPLACED HIM WITH JACK GOLDBERGER, WHO IS PARTNERS WITH THE FIRST ASA'S HUSBAND, AND IS GOOD FRIENDS WITH THE THEN STATE ATTORNEY, BARRY KRISHER. THAT ENDED THE SAO CASE.

WHEN THE CASE CAME TO OUR OFFICE, HE HIRED GUY LEWIS, THE USA WHO HIRED ME. GUY STARTED CALLING ME INCESSENTLY (5 OR MORE TIMES A DAY). WHEN I WOULDN'T RETURN HIS CALLS AND REFUSED TO MEET WITH HIM, JE HIRED LILLY ANN, WHO ALSO TRIED ME. WHEN I REFUSED TO MEET HER, SHE IMMEDIATELY CALLED [redacted], WHO GRANTED MEETINGS. WHEN IT WENT ABOVE [redacted] AND [redacted] LEVEL, JE HIRED LEFKOWITZ AND STARR, WHO HAD CONNECTIONS TO ACOSTA. WHEN THE CASE WENT TO CEOS, JE HIRED A FORMER CEOS ATTORNEY.

Thanks so much for your help, John Connolly

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Friday, March 18, 2011 1:09 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** Fw: From: John Connolly Vanity Fair magazine Please confirm receipt

Hi all. Here are the is from Vanity Fair. I would appreciate your input.
Thanks all

**From**: john1885c [mailto:[redacted]]
**Sent**: Friday, March 18, 2011 01:50 PM
**To**: [redacted], [redacted] (USAFLS)
**Subject**: From: John Connolly Vanity Fair magazine Please confirm receipt

AUSA [redacted],
It was a pleasure speaking with you this morning. As per your request here are questions I would like to have answered for a piece I am researching on Jeffrey Epstein. As life would have it I am going to be on a busman's holiday this coming week on Singer Island, FL. I would like to meet you and whomever else you think I should speak with. If not, I understand perfectly.

Let me preface these questions by saying that AUSA [redacted] who was in charge of the investigation of Jeffrey Epstein has a remarkably record as a prosecutor. I also know that an AUSA does not have the authority to grant a potential defendant a non -prosecution agreement without the permission of higher ups in the Justice Department.

Not quite three years ago, the US Attorney for the Southern District of Florida, granted Jeffrey Epstein a non-prosecution agreement in return for his accepting a FL State plea deal for his illegal acts regarding sex with minor females. The state case was handled by the West Palm Beach State Prosecutor who has since left office.

Was your office aware of the extraordinary sweet deal that Mr. Epstein was granted by that state prosecutor?

Was your office at the time of the agreement aware that Mr. Epstein would not be sent to a state prison facility as almost all defendants who are sentenced to more that a year in prison are required to do? Was your office aware that Mr. Epstein would serve his sentence in the local WPB jail?
Was your office aware that Mr. Epstein would be allowed, what most FL law enforcement officials describe as "beyond a sweetheart deal", in that six days a week at 7:00 AM Mr. Epstein would leave the the WPB jail with a corrections officer he was personally paying for, and be escorted to the office of attorney Jack Goldberger where he would be allowed to stay until 11:00 PM and then be returned to jail for the evening?
Ostensibly this was so that Mr. Epstein could work on a new charity he had formed. This despite the fact that just prior to beginning his jail sentence, Mr. Epstein liquidated his charity and gave $18 million to a charity run by the wife of his former patron.
Does the US Attorney believ e that Mr. Epstein was working on a charity?
Was Mr. Epstein doing work as a Confidential Informer for the federal government as he has in the past?
Mr. Eptein was Victim # 1 in the federal indictment of two Bear Stears executives on fraud charges stemming from a mortgage backed fund that went under. Mr. Epstein lost almost $70 million in that fund.
Was Mr. Epstein working on the government case while working on "His Charity"?

Has your office ever agreed to any allow any other prisoner the same or similar sweet deal?

Was your office aware that in return for Mr. Goldberger's help, Mr. Epstein purchased for him a top of the line black BMW? (Sadly for Goldberger he was in an accident and totaled the vehicle three weeks later.)

It has come to my attention that the R. Alexander Acos ta former Attorney General for the Southern District of Florida during the investigation and non-prosecution agreement with Mr. Epstein had been a law partner and friend of two Mr. Epstein's lawyers. Both Ken Star and Jay Lefkowitz had been

partners with Mr. Acosta at the law firm of Kirkland & Ellis prior to his being appointed by President Bush.

I have been told by sources that Mr. Acosta was the person responsible for the decision not to prosecute Mr. Epstein.
I have also been told that during Mr. Starr's trip to FL to speak with federal prosecutors he complained to Mr. Acosta that the press coverage of his trips to FL on Mr. Epstein's private jets were being leaked by FBI agents. ( I can assure you that was not true.)

Did Mr. Acosta recuse himself from any discussions about the Epstein case so as to avoid even the appearance of impropriety?

Was the possibility of his removing himself from the case ever discussed by officials in the Justice Department?
Are there any memos regarding that?

Is there currently an Office of Professional Responsibility investigation into the facts surrounding the handling of this case and Mr. Acosta actions in it?

Thanks so much for your help, John Connolly

---

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Friday, March 18, 2011 1:16 PM
**To:** [redacted], [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** RE: From: John Connolly Vanity Fair magazine Please confirm receipt
**Attachments:** 081211 [redacted] Ltr Final.wpd

See my comments below. Also, when I was looking for the notice of breach letter regarding the work release, I found a letter that I had written to [redacted] at PBSO regarding FBI's and my investigation into Epstein's sham charity work. I have attached that. That, also, should have formed the basis of a breach of the NPA, but we couldn't breach because of AA's side dealings.

I have to run to court. I will answer the rest of the questions when I get back.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted], [redacted] (USAFLS)
**Sent:** Friday, March 18, 2011 1:09 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted]. (USAFLS)
**Subject:** Fw: From: John Connolly Vanity Fair magazine Please confirm receipt.

Hi all. Here are the is from Vanity Fair. I would appreciate your input.
Thanks all

**From**: john1885c [mailto:[redacted]]
**Sent**: Friday, March 18, 2011 01:50 PM
**To**: [redacted], [redacted] (USAFLS)
**Subject**: From: John Connolly Vanity Fair magazine Please confirm receipt.

AUSA [redacted] [redacted],

It was a pleasure speaking with you this morning. As per your request here are questions I would like to have answered for a piece I am researching on Jeffrey Epstein. As life would have it I am going to be on a busman's holiday this coming week on Singer Island, FL. I would like to meet you and whomever else you think I should speak with. If not, I understand perfectly.

Let me preface these questions by saying that AUSA [redacted] who was in charge of the investigation of Jeffrey Epstein has a remarkably record as a prosecutor. I also know that an AUSA does not have the authority to grant a potential defendant a non -prosecution agreement without the permission of higher ups in the Justice Department.

Not quite three years ago, the US Attorney for the Southern District of Florida, granted Jeffrey Epstein a non-prosecution agreement in return for his accepting a FL State plea deal for his illegal acts regarding sex with minor females. The state case was handled by the West Palm Beach State Prosecutor who has since left office.

Was your office aware of the extraordinary sweet deal that Mr. Epstein was granted by that state prosecutor? YES. BUT FOR OUR INSISTENCE, THE SAO WAS ACTUALLY GOING TO DO PRETRIAL DIVERSION WITH EPSTEIN ON A MISDEMEANOR CHARGE OF SOLICITATION OF ADULT PROSTITUTION.

Was your office at the time of the agreement aware that Mr. Epstein would not be sent to a state prison facility as almost all defendants who are sentenced to more that a year in prison are required to do? DURING A MEETING ATTENDED BY [redacted] [redacted], [redacted] [redacted], STATE ATTORNEY

BARRY KRISCHER, ASA LANNA BELOLAVEK AND MYSELF, IT WAS AGREED THAT JE WOULD STAY IN SOLITARY CONFINEMENT AT THE PALM BEACH COUNTY JAIL.

Was your office aware that Mr. Epstein would serve his sentence in the local WPB jail?

Was your office aware that Mr. Epstein would be allowed, what most FL law enforcement officials describe as "beyond a sweetheart deal", in that six days a week at 7:00 AM Mr. Epstein would leave the the WPB jail with a corrections officer he was personally paying for, and be escorted to the office of attorney Jack Goldberger where he would be allowed to stay until 11:00 PM and then be returned to jail for the evening?

Ostensibly this was so that Mr. Epstein could work on a new charity he had formed. This despite the fact that just prior to beginning his jail sentence, Mr. Epstein liquidated his charity and gave $18 million to a charity run by the wife of his former patron.

Does the US Attorney believ e that Mr. Epstein was working on a charity?
Was Mr. Epstein doing work as a Confidential Informer for the federal government as he has in the past?
Mr. Eptein was Victim # 1 in the federal indictment of two Bear Stears executives on fraud charges stemming from a mortgage backed fund that went under. Mr. Epstein lost almost $70 million in that fund.
Was Mr. Epstein working on the government case while working on "His Charity"?

Has your office ever agreed to any allow any other prisoner the same or similar sweet deal?

Was your office aware that in return for Mr. Goldberger's help, Mr. Epstein purchased for him a top of the line black BMW? (Sadly for Goldberger he was in an accident and totaled the vehicle three weeks later.)

It has come to my attention that the R. Alexander Acos ta former Attorney General for the Southern District of Florida during the investigation and non-prosecution agreement with Mr. Epstein had been a law partner and friend of two Mr. Epstein's lawyers. Both Ken Star and Jay Lefkowitz had been partners with Mr. Acosta at the law firm of Kirkland & Ellis prior to his being appointed by President Bush.

I have been told by sources that Mr. Acosta was the person responsible for the decision not to prosecute Mr. Epstein.

I have also been told that during Mr. Starr's trip to FL to speak with federal prosecutors he complained to Mr. Acosta that the press coverage of his trips to FL on Mr. Epstein's private jets were being leaked by FBI agents. ( I can assure you that was not true.)

Did Mr. Acosta recuse himself from any discussions about the Epstein case so as to avoid even the appearance of impropriety?

Was the possibility of his removing himself from the case ever discussed by officials in the Justice Department?

Are there any memos regarding that?

Is there currently an Office of Professional Responsibility investigation into the facts surrounding the handling of this case and Mr. Acosta actions in it?

Thanks so much for your help, John Connolly

------------

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Tuesday, March 22, 2011 1:22 PM
**To:** [redacted]. (USAFLS)
**Subject:** Re: Telephone call

I got it. I am sending him the statement we drafted yesterday.

**From**: [redacted]. (USAFLS)
**Sent**: Tuesday, March 22, 2011 01:20 PM
**To**: [redacted], [redacted] (USAFLS)
**Subject**: FW: Telephone call

FYI. See below.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** Fernandez, Aida I. (USAFLS)
**Sent:** Tuesday, March 22, 2011 12:59 PM
**To:** [redacted]. (USAFLS)
**Subject:** Telephone call

Telephone call fm John Pasanti, Daily Business Review [redacted] re: Epstein filing of 3/21/2011. I referred him to [redacted].

------------

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Tuesday, March 22, 2011 1:27 PM
**To:** [redacted] (FBI); [redacted], [redacted] R. (MM)(FBI)
**Subject:** Epstein suit in the news

Just FYI – The victims' rights suit is back in the news. [redacted] or I may be reaching out to you re affidavits or hearing dates.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, March 21, 2011 5:35 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- pleading is pubic -- PLEASE REVIEW URGENT

Suggest deleting first sentence (since we are kind of responding)

The U.S. Attorney's Office will file its response to the instant motion in court. However, as we stated more than two years ago in July 2008 in our response to the plaintiffs' then emergency petition for enforcement of the Crime Victim Rights Act (CVRA), the CVRA was not violated since no federal charges were ever filed in the Southern District of Florida.

**From:** Michele Dargan [mailto:[redacted]]
**Sent:** Monday, March 21, 2011 4:52 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** Jeffrey Epstein

Hi [redacted],

There's been a new court filing in West Palm Beach federal court regarding Jeffrey Epstein. In case # 08-CV-80736, attorneys for Jane Doe #1 and #2 are challenging the validity of the federal NPA, worked out between the USAO and Jeffrey Epstein's criminal attorneys before he pled guilty to his state charges.

Basically, the attorneys for Doe 1 and 2 are saying the USAO did not notify the victims before signing the NPA, which violates the Crime Victims Rights Act. They are saying that the NPA should be invalidated because of it. They also allege in the motion that the USAO agreed to keeping the NPA secret (it was originally sealed) because of pressure from Epstein's attorneys and higher ups in the Justice Dept.

I'm reaching out to you for a response to the court filing. I am on deadline with the story.

Thanks,
Michele

Michele Dargan
Staff Writer

Palm Beach Daily News
[redacted]
voice: [redacted]
fax: [redacted]
Toll-free: [redacted]
[redacted]
http://www.palmbeachdailynews.com

Cox Conserves.
Please consider the environment before printing this e-mail.

Contents of this e-mail may be confidential and proprietary.
Use discretion when forwarding.

---

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 24, 2011 5:39 PM
**To:** [redacted], (USAFLS)
**Subject:** FW: Epstein -- DOJ letter to defense

I am waiting to hear back.

Will let you know.

**From:** [redacted] (SMO)
**Sent:** Thursday, March 24, 2011 5:34 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** RE: Epstein -- DOJ letter to defense

I think this is going to be a [redacted] call, but let me check.

**From:** [redacted], [redacted] (USAFLS)
**Sent:** Thursday, March 24, 2011 5:31 PM
**To:** [redacted] (SMO); [redacted] (SMO); [redacted]
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Epstein -- DOJ letter to defense

Here is what we propose to say, but wanted to run this past you:

*As you know from your communications with the DOJ's Office of Public Affairs,* the defense in this case asked for an independent DOJ review of *all facts, circumstances and allegations surrounding this prosecution.* The Office of the Deputy Attorney General did in fact review the case, which is not uncommon, and determined that *no misconduct occurred* and that prosecutorial discretion in the case appropriately rested with the U.S. Attorney's Office.

The italicized wording is new but 100% accurate.

Please advise ASAP – time is of the essence.

Thanks – [redacted]

**From:** [redacted] (SMO)
**Sent:** Thursday, March 24, 2011 4:49 PM
**To:** [redacted], [redacted] (USAFLS); [redacted] (SMO); [redacted]. (SMO)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Epstein -- DOJ letter to defense

Adding Tracy and Jess. I think you are correct.

Here is what I sent to her (per your previous email)

Thanks for your patience. I checked into your two questions on who was the USA's boss and why the "defense was allowed to negotiate with Main Justice", as you put it. Here's what I have for you – The Office of the Deputy Attorney General did review the case, which is not uncommon, and determined that prosecutorial discretion in the case appropriately rested with the U.S. Attorney's Office. (Off the record, note "review" would be the appropriate word, not "negotiate".) In terms of a boss, the U.S. Attorneys' Offices report through the Office of the Deputy Attorney General (at the time, Mark Filip was the DAG.)

Best,

[redacted]

**From:** [redacted], [redacted] (USAFLS)
**Sent:** Thursday, March 24, 2011 4:45 PM
**To:** [redacted] (SMO)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Epstein -- DOJ letter to defense

Can we make this letter public? **I don't think so, but wanted to check with you**.

This would put to rest some of her questions.

<<080623 DAG Ltr to Lefkowitz and Starr.pdf>>

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, March 21, 2011 5:52 PM
**To:** [redacted], [redacted] (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jeffrey Epstein -- pleading is pubic -- PLEASE REVIEW URGENT

Should there be a final sentence such as the following?

Because the matter remains pending in court, it would be inappropriate at this time to provide additional comment on the merits of the motion.

Just a thought.

**From:** [redacted], [redacted] (USAFLS)
**Sent:** Monday, March 21, 2011 5:35 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jeffrey Epstein -- pleading is pubic -- PLEASE REVIEW URGENT

Suggest deleting first sentence (since we are kind of responding)

The U.S. Attorney's Office will file its response to the instant motion in court. However, as we stated more than two years ago in July 2008 in our response to the plaintiffs' then emergency petition for enforcement of the Crime Victim Rights Act (CVRA), the CVRA was not violated since no federal charges were ever filed in the Southern District of Florida.

**From:** Michele Dargan [mailto:[redacted]]
**Sent:** Monday, March 21, 2011 4:52 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** Jeffrey Epstein

Hi [redacted],

There's been a new court filing in West Palm Beach federal court regarding Jeffrey Epstein. In case # 08-CV-80736, attorneys for Jane Doe #1 and #2 are challenging the validity of the federal NPA, worked out between the USAO and Jeffrey Epstein's criminal attorneys before he pled guilty to his state charges.

Basically, the attorneys for Doe 1 and 2 are saying the USAO did not notify the victims before signing the NPA, which violates the Crime Victims Rights Act. They are saying that the NPA should be invalidated because of it. They also allege in the motion that the USAO agreed to keeping the NPA secret (it was originally sealed) because of pressure from Epstein's attorneys and higher ups in the Justice Dept.

I'm reaching out to you for a response to the court filing. I am on deadline with the story.

Thanks,
Michele

Michele Dargan
Staff Writer

Palm Beach Daily News
[redacted]
voice: [redacted]
fax: [redacted]
Toll-free: [redacted]
[redacted]
http://www.palmbeachdailynews.com

Cox Conserves.
Please consider the environment before printing this e-mail.

Contents of this e-mail may be confidential and proprietary.
Use discretion when forwarding.

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, March 21, 2011 5:36 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- pleading is pubic -- PLEASE REVIEW URGENT

I agree with the revised.

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

**From:** [redacted], [redacted] (USAFLS)
**Sent:** Monday, March 21, 2011 5:33 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jeffrey Epstein -- pleading is pubic -- PLEASE REVIEW URGENT

Revised response:

It would be inappropriate to comment on the merits of this motion, as the case is pending in court. The U.S. Attorney's Office will file its response to the instant motion in court. However, as we stated more than two years ago in July 2008 in our response to the plaintiffs' then emergency petition for enforcement of the Crime Victim Rights Act (CVRA), the CVRA was not violated since no federal charges were ever filed in the Southern District of Florida.

**From:** Michele Dargan [mailto:[redacted]]
**Sent:** Monday, March 21, 2011 4:52 PM

**To:** [redacted], [redacted] (USAFLS)
**Subject:** Jeffrey Epstein

Hi [redacted],

There's been a new court filing in West Palm Beach federal court regarding Jeffrey Epstein. In case # 08-CV-80736, attorneys for Jane Doe #1 and #2 are challenging the validity of the federal NPA, worked out between the USAO and Jeffrey Epstein's criminal attorneys before he pled guilty to his state charges.

Basically, the attorneys for Doe 1 and 2 are saying the USAO did not notify the victims before signing the NPA, which violates the Crime Victims Rights Act. They are saying that the NPA should be invalidated because of it. They also allege in the motion that the USAO agreed to keeping the NPA secret (it was originally sealed) because of pressure from Epstein's attorneys and higher ups in the Justice Dept.

I'm reaching out to you for a response to the court filing. I am on deadline with the story.

Thanks,
Michele

Michele Dargan
Staff Writer

Palm Beach Daily News
[redacted]
voice: [redacted]
fax: [redacted]
Toll-free: [redacted]
[redacted]
http://www.palmbeachdailynews.com

Cox Conserves.
Please consider the environment before printing this e-mail.

Contents of this e-mail may be confidential and proprietary.
Use discretion when forwarding.

---

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 24, 2011 5:19 PM
**To:** [redacted], (USAFLS); [redacted], (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS)
**Subject:** RE: jeffrey epstein prosecution -CONTACT FROM NEWSWEEK

I asked DOJ that questions already – tentative answer is no working on it

-----Original Message-----
From: [redacted], (USAFLS)

Sent: Thursday, March 24, 2011 5:13 PM
To: [redacted], [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
Cc: [redacted] (USAFLS)
Subject: RE: jeffrey epstein prosecution -CONTACT FROM NEWSWEEK

How about giving them the letter???

[redacted]
Assistant U.S. Attorney
[redacted]
Fax [redacted]

-----Original Message-----
From: [redacted], [redacted] (USAFLS)
Sent: Thursday, March 24, 2011 5:09 PM
To: [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)

Cc: [redacted] (USAFLS)
Subject: RE: jeffrey epstein prosecution -CONTACT FROM NEWSWEEK

I understand why you want that, and I would love to include it, but that is beyond the response DOJ gave to Conchita. I will have to run this by them.

Any other thoughts before I send this to DOJ??

-----Original Message-----
From: [redacted] (USAFLS)
Sent: Thursday, March 24, 2011 5:07 PM
To: [redacted], [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
Cc: [redacted] (USAFLS)
Subject: RE: jeffrey epstein prosecution -CONTACT FROM NEWSWEEK

Please add the capitalized language (below).

I am trying to find [redacted] letter to them.

[redacted]
Assistant U.S. Attorney
[redacted]
Fax [redacted]

-----Original Message-----
From: [redacted], [redacted] (USAFLS)
Sent: Thursday, March 24, 2011 4:57 PM
To: [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
Cc: [redacted] (USAFLS); [redacted] (USAFLS)
Subject: RE: jeffrey epstein prosecution -CONTACT FROM NEWSWEEK

Proposed SDFL (non)response:

As you know from your communications with the DOJ's Office of Public Affairs, the defense in this case asked for an independent DOJ review of all facts, circumstances and allegations surrounding this prosecution. The Office of the Deputy Attorney General did in fact review the case, which is not uncommon, and determined that NO MISCONDUCT OCCURRED AND THAT prosecutorial discretion in the case appropriately rested with the U.S. Attorney's Office.

If you agree, I need to run this by DOJ. DOJ already provided the following comment -- but ours is slightly different (ergo, the need to run it by them) DOJ response: The Office of the Deputy Attorney General did review the case, which is not uncommon, and determined that prosecutorial discretion in the case appropriately rested with the U.S. Attorney's Office. (Off the record, note "review" would be the appropriate word, not "negotiate".) In terms of a boss, the U.S. Attorneys' Offices report through the Office of the Deputy Attorney General (at the time, Mark Filip was the DAG.)

-----Original Message-----
From: [redacted] (USAFLS)
Sent: Thursday, March 24, 2011 4:12 PM
To: [redacted], [redacted] (USAFLS)
Cc: [redacted] (USAFLS); [redacted] (USAFLS)
Subject: FW: jeffrey epstein prosecution -CONTACT FROM NEWSWEEK
Importance: High

[redacted] -- This just arrived. Why do they always wait until 2 minutes before their deadline to contact us????? I did not fail to call her back, I referred the matter to you. Can you please handle this. Making clear that all allegations raised by Epstein's team were investigated by DOJ and found to be completely meritless. You might also add that Epstein had previously made false allegations against the Palm Beach Police Chief.

I would love to know how they got the letter, but they probably will not tell you their source.

[redacted]
Assistant U.S. Attorney
[redacted]
Fax [redacted]

-----Original Message-----
From: Aitken, Lee [mailto:[redacted]]
Sent: Thursday, March 24, 2011 4:07 PM
To: [redacted] (USAFLS)
Subject: jeffrey epstein prosecution

Dear Ms. [redacted] --

I am an editor at both Newsweek and the Daily Beast website. I left a phone message last week but have not received a call back. Now we are facing a deadline for posting on the Daily Beast tonight, so I'd like to give you another chance to respond to our query. We have obtained a five-page letter you wrote to attorney Jay Lefkowitz on December 13, 2007 protesting charges of misconduct on your part and laying out several details about your interactions with Jeffrey Epstein's legal team. Your co-signer, Alex Accosta, has already acknowledged the validity of this letter, but I would also like you to confirm that it came from your office. If you have any further comment to make about it or facts to add about this case I would love to hear back from you right away. We plan to post a story about the negotiations behind the Non-Prosecution agreement at 8 pm this evening.

Thank you for your time and prompt attention, Lee Aitken

---

**From:** [redacted] (USAFLS) <WFerrer@usa.doj.gov>
**Sent:** Monday, March 21, 2011 5:53 PM
**To:** [redacted] (USAFLS); [redacted], [redacted] (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Jeffrey Epstein -- pleading is pubic -- PLEASE REVIEW URGENT

That's fine with me.

**From:** [redacted] (USAFLS)
**Sent:** Monday, March 21, 2011 5:52 PM
**To:** [redacted], [redacted] (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jeffrey Epstein – pleading is pubic -- PLEASE REVIEW URGENT

Should there be a final sentence such as the following?

Because the matter remains pending in court, it would be inappropriate at this time to provide additional comment on the merits of the motion.

Just a thought.

**From:** [redacted], [redacted] (USAFLS)
**Sent:** Monday, March 21, 2011 5:35 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jeffrey Epstein – pleading is pubic -- PLEASE REVIEW URGENT

Suggest deleting first sentence (since we are kind of responding)

The U.S. Attorney's Office will file its response to the instant motion in court. However, as we stated more than two years ago in July 2008 in our response to the plaintiffs' then emergency petition for enforcement of the Crime Victim Rights Act (CVRA), the CVRA was not violated since no federal charges were ever filed in the Southern District of Florida.

**From:** Michele Dargan [mailto:[redacted]]
**Sent:** Monday, March 21, 2011 4:52 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** Jeffrey Epstein

Hi [redacted],

There's been a new court filing in West Palm Beach federal court regarding Jeffrey Epstein. In case # 08-CV-80736, attorneys for Jane Doe #1 and #2 are challenging the validity of the federal NPA, worked out between the USAO and Jeffrey Epstein's criminal attorneys before he pled guilty to his

state charges.

Basically, the attorneys for Doe 1 and 2 are saying the USAO did not notify the victims before signing the NPA, which violates the Crime Victims Rights Act. They are saying that the NPA should be invalidated because of it. They also allege in the motion that the USAO agreed to keeping the NPA secret (it was originally sealed) because of pressure from Epstein's attorneys and higher ups in the Justice Dept.

I'm reaching out to you for a response to the court filing. I am on deadline with the story.

Thanks,
Michele

Michele Dargan
Staff Writer

Palm Beach Daily News
[redacted]
voice: [redacted]
fax: [redacted]
Toll-free: [redacted]
[redacted]
http://www.palmbeachdailynews.com

Cox Conserves.
Please consider the environment before printing this e-mail.

Contents of this e-mail may be confidential and proprietary.
Use discretion when forwarding.

---

**From:** [redacted]. (USAFLS) <[redacted]>
**Sent:** Thursday, March 24, 2011 7:02 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** RE: jeffrey epstein prosecution

Have you heard anything?

[redacted]
Assistant U.S. Attorney
[redacted]
Fax [redacted]

-----Original Message-----
From: [redacted], [redacted] (USAFLS)
Sent: Thursday, March 24, 2011 5:41 PM
To: [redacted]
Subject: RE: jeffrey epstein prosecution

Hi [redacted] --
[redacted] forwarded your email to me. I handle all media inquiries for the Office, and have been in touch with Conchita.

I will get back to you as soon as I can.
Thanks,
[redacted]

-----Original Message-----
From: Aitken, Lee [mailto:[redacted]]
Sent: Thursday, March 24, 2011 4:07 PM
To: [redacted]. (USAFLS)
Subject: jeffrey epstein prosecution

Dear Ms. [redacted] --
I am an editor at both Newsweek and the Daily Beast website. I left a phone message last week but have not received a call back. Now we are facing a deadline for posting on the Daily Beast tonight, so I'd like to give you another chance to respond to our query. We have obtained a five-page letter you wrote to attorney Jay Lefkowitz on December 13, 2007 protesting charges of misconduct on your part and laying out several details about your interactions with Jeffrey Epstein's legal team. Your co-signer, Alex Accosta, has already acknowledged the validity of this letter, but I would also like you to confirm that it came from your office. If you have any further comment to make about it or facts to add about this case I would love to hear back from you right away. We plan to post a story about the negotiations behind the Non-Prosecution agreement at 8 pm this evening.

Thank you for your time and prompt attention, Lee Aitken

---

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Monday, March 21, 2011 5:53 PM
**To:** [redacted] (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jeffrey Epstein -- pleading is pubic -- PLEASE REVIEW URGENT

Sure. I will add and send out.

Ok with everyone?

**From:** [redacted] (USAFLS)
**Sent:** Monday, March 21, 2011 5:52 PM
**To:** [redacted], [redacted] (USAFLS); [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jeffrey Epstein -- pleading is pubic -- PLEASE REVIEW URGENT

Should there be a final sentence such as the following?

Because the matter remains pending in court, it would be inappropriate at this time to provide additional comment on the merits of the motion.

Just a thought.

**From:** [redacted], [redacted] (USAFLS)
**Sent:** Monday, March 21, 2011 5:35 PM
**To:** [redacted] (USAFLS); [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted]. (USAFLS)
**Subject:** RE: Jeffrey Epstein -- pleading is pubic -- PLEASE REVIEW URGENT

Suggest deleting first sentence (since we are kind of responding)

The U.S. Attorney's Office will file its response to the instant motion in court. However, as we stated more than two years ago in July 2008 in our response to the plaintiffs' then emergency petition for enforcement of the Crime Victim Rights Act (CVRA), the CVRA was not violated since no federal charges were ever filed in the Southern District of Florida.

**From:** Michele Dargan [mailto:[redacted]]
**Sent:** Monday, March 21, 2011 4:52 PM
**To:** [redacted], [redacted] (USAFLS)
**Subject:** Jeffrey Epstein

Hi [redacted],

There's been a new court filing in West Palm Beach federal court regarding Jeffrey Epstein. In case # 08-CV-80736, attorneys for Jane Doe #1 and #2 are challenging the validity of the federal NPA, worked out between the USAO and Jeffrey Epstein's criminal attorneys before he pled guilty to his state charges.

Basically, the attorneys for Doe 1 and 2 are saying the USAO did not notify the victims before signing the NPA, which violates the Crime Victims Rights Act. They are saying that the NPA should be invalidated because of it. They also allege in the motion that the USAO agreed to keeping the NPA secret (it was originally sealed) because of pressure from Epstein's attorneys and higher ups in the Justice Dept.

I'm reaching out to you for a response to the court filing. I am on deadline with the story.

Thanks,
Michele

Michele Dargan
Staff Writer

Palm Beach Daily News
[redacted]
voice: [redacted]
fax: [redacted]
Toll-free: [redacted]
[redacted]
http://www.palmbeachdailynews.com

Cox Conserves.
Please consider the environment before printing this e-mail.

Contents of this e-mail may be confidential and proprietary.
Use discretion when forwarding.

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Tuesday, March 22, 2011 9:09 AM
**To:** [redacted]); [redacted]. (USAFLS)
**Subject:** Fw: Filings from Cassell
**Attachments:** DE51_20110321_Motion to use correspondence and unseal.pdf; DE49_20110321_Motion to Have Facts Accepted as True.pdf; DE50_20110321_Motn for Brady-type evidence.pdf; DE50-1_20110321_Exhibit Edwards Letter.pdf; DE50-2_20110321_Proposed Order.pdf; DE48-[redacted] 302.pdf; DE48-[redacted] Victim notification ltr.pdf; DE48-[redacted] victim notification ltr.pdf; DE48-5_20110321_NPA.pdf; DE48-6_20110321_Twiler ltr to [redacted]; DE48-7_20110321_Twiler ltr to Jim Eisenberg for [redacted]; DE48-8_20110321_302 of [redacted] from Jan 2008.pdf; DE48-9_20110321_Twiler ltr to [redacted]; DE48_20110321_Motn for finding a violation of CVRA.pdf

Mr. Rolker,
This is what Cassell filed yesterday.
[redacted]

**From:** [redacted]. (USAFLS)
**Sent:** Monday, March 21, 2011 05:06 PM
**To:** [redacted]. (USAFLS); [redacted] (USAFLS); [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** Filings from Cassell

Here they all are

<<DE51_20110321_Motion to use correspondence and unseal.pdf>> <<DE49_20110321_Motion to Have Facts Accepted as True.pdf>> <<DE50_20110321_Motn for Brady-type evidence.pdf>> <<DE50-1_20110321_Exhibit Edwards Letter.pdf>> <<DE50-2_20110321_Proposed Order.pdf>> <<DE48-[redacted] 302.pdf>> <<DE48-[redacted] Victim notification ltr.pdf>> <<DE48-[redacted] victim notification ltr.pdf>> <<DE48-5_20110321_NPA.pdf>> <<DE48-6_20110321_Twiler ltr to [redacted]>> <<DE48-7_20110321_Twiler ltr to Jim Eisenberg for [redacted]>> <<DE48-8_20110321_302 of [redacted] from Jan 2008.pdf>> <<DE48-9_20110321_Twiler ltr to [redacted]>> <<DE48_20110321_Motn for finding a violation of CVRA.pdf>>

[redacted]

Assistant U.S. Attorney

[redacted]

Fax [redacted]

---

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 24, 2011 7:51 PM
**To:** [redacted], (USAFLS)
**Subject:** Fw: Statement re Epstein

Sorry. Here it is

----- Original Message -----
From: csarnoff [mailto:[redacted]]
Sent: Thursday, March 24, 2011 06:56 PM
To: [redacted], [redacted] (USAFLS); Janet Aitken <[redacted]>
Subject: Re: Statement re Epstein

Thank you [redacted].
Best,
Conchita
------Original Message------
From: [redacted] [redacted]
To: Janet Aitken
Cc: [redacted]
Subject: Statement re Epstein
Sent: 24 Mar 2011 18:40

After reviewing the U.S. Attorneyâ€™s handling of this matter, including allegations of misconduct, the office of the deputy attorney general determined there was no basis to intervene in the matter. We will not be making additional comments. Thanks for checking with us.

[redacted]
Special Counsel to the US Attorney

Sent from my Verizon Wireless BlackBerry

---

**From:** [redacted], [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 24, 2011 7:02 PM
**To:** [redacted], (USAFLS)
**Subject:** Automatic reply: jeffrey epstein prosecution

I will be out of the office on Friday, March 25, 2011.
For press matters, please contact AUSA [redacted] by e-mail at [redacted] or by phone at [redacted].

Thank you,
[redacted]

Estare fuera de la oficina el viernes 25 de marzo. Si se trata de un asunto de prensa, favor de comunicarse con el fiscal anotado anteriormente. Gracias y que tenga muy buen dia.

---

**From:** [redacted] (USAFLS) <[redacted]>
**Sent:** Thursday, March 24, 2011 7:57 PM
**To:** [redacted], [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Statement re Epstein

And it has already been filed with the court!

[redacted]
Assistant U.S. Attorney
[redacted]
Fax [redacted]

-----Original Message-----
From: [redacted], [redacted] (USAFLS)
Sent: Thursday, March 24, 2011 7:51 PM
To: [redacted] (USAFLS)
Subject: Fw: Statement re Epstein

Sorry. Here it is

----- Original Message -----
From: csarnoff [mailto:[redacted]]
Sent: Thursday, March 24, 2011 06:56 PM
To: [redacted], [redacted] (USAFLS); Janet Aitken <[redacted]>
Subject: Re: Statement re Epstein

Thank you [redacted].
Best,
Conchita
------Original Message------
From: [redacted]
To: Janet Aitken
Cc: [redacted]
Subject: Statement re Epstein
Sent: 24 Mar 2011 18:40

After reviewing the U.S. Attorneyâ€™s handling of this matter, including allegations of misconduct, the office of the deputy attorney general determined there was no basis to intervene in the matter. We will not be making additional comments. Thanks for checking with us.

[redacted]
Special Counsel to the US Attorney

Sent from my Verizon Wireless BlackBerry

---

**From:** [redacted] (USAFLS) <[redacted]>

**Sent:** Thursday, March 24, 2011 7:57 PM
**To:** [redacted], [redacted] (USAFLS)
**Cc:** [redacted] (USAFLS); [redacted] (USAFLS)
**Subject:** RE: Statement re Epstein

Why do you make it so hard for the good guys to follow the rules? Just release the letter. It isn't a privileged communication. It was sent to opposing counsel.

[redacted]
Assistant U.S. Attorney
[redacted]
Fax [redacted]

-----Original Message-----
From: [redacted], [redacted] (USAFLS)
Sent: Thursday, March 24, 2011 7:51 PM
To: [redacted] (USAFLS)
Subject: Fw: Statement re Epstein

Sorry. Here it is

----- Original Message -----
From: csarnoff [mailto:[redacted]]
Sent: Thursday, March 24, 2011 06:56 PM
To: [redacted], [redacted] (USAFLS); Janet Aitken <[redacted]>
Subject: Re: Statement re Epstein

Thank you [redacted].
Best,
Conchita
------Original Message------
From: [redacted] [redacted]
To: Janet Aitken
Cc: [redacted]
Subject: Statement re Epstein
Sent: 24 Mar 2011 18:40

After reviewing the U.S. Attorneyâ€™s handling of this matter, including allegations of misconduct, the office of the deputy attorney general determined there was no basis to intervene in the matter. We will not be making additional comments. Thanks for checking with us.

[redacted] [redacted]
Special Counsel to the US Attorney

Sent from my Verizon Wireless BlackBerry

---

**From:** Aitken, Lee <[redacted]>
**Sent:** Thursday, March 24, 2011 4:07 PM
**To:** [redacted], (USAFLS)
**Subject:** jeffrey epstein prosecution

Dear Ms. [redacted] --
I am an editor at both Newsweek and the Daily Beast website. I left a phone message last week but have not received a call back. Now we are facing a deadline for posting on the Daily Beast tonight, so I'd like to give you another chance to respond to our query. We have obtained a five-page letter you wrote to attorney Jay Lefkowitz on December 13, 2007